**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GAMES WORKSHOP LIMITED,<br><br>                                   Plaintiff,<br><br>      v.<br><br>CHAPTERHOUSE STUDIOS LLC and JON PAULSON d/b/a PAULSON GAMES<br><br>                                   Defendants. | Civil Action No. 1:10-cv-8103<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT, TRADEMARK INFRINGEMENT, TRADEMARK DILUTION, UNFAIR AND DECEPTIVE TRADE PRACTICES, AND UNFAIR COMPETITION**

Games Workshop Limited, by its attorneys, FOLEY & LARDNER LLP, for its Complaint against Chapterhouse Studios LLC and Jon Paulson (collectively "Defendants"), alleges as follows:

**PARTIES AND JURISDICTION**

1. Games Workshop Limited is a United Kingdom corporation and a subsidiary of Games Workshop Group, plc, which has numerous store locations in and around Chicago, Illinois, which is its single largest selling market in the United States.

2. Upon information and belief, Chapterhouse Studios LLC is a Texas limited liability company with offices at 3930 Glade Road, Suite 108 #174, Colleyville, Texas, 76034.

3. Upon information and belief, Jon Paulson is an individual and the principal owner of Paulson Games, having an address at 2232 College Road, Downers Grove, Illinois, 60516.

4.  This is an action for copyright infringement under 17 U.S.C. § 101 *et seq.*; trademark infringement under 15 U.S.C. § 1114(1) and Illinois common law; for use of false designations of origin under 15 U.S.C. § 1125(a); for dilution under 15 U.S.C. § 1125(c) and 765 ILCS 1036/65; for violation of the Illinois Deceptive Trade Practices Act under 815 ILCS 510/1 *et seq.*; for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act under 815 ILCS 505/2 *et seq.*; and for unfair competition under Illinois common law.

5.  This Court has subject matter jurisdiction over the claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction over the claims arising under the statutory and common law of the State of Illinois pursuant to 28 U.S.C. §1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy.

6.  The Court has personal jurisdiction over Defendants because, upon information and belief, each of the Defendants sells and offers to sell infringing products within this jurisdiction; because Defendant Chapterhouse maintains an interactive commercial website through which Illinois residents are able to make purchases of the subject infringing goods; because Defendant Paulson has his principal place of business in this jurisdiction; and because, at all times material to this action, each of the Defendants was the agent, servant, employee, partner, alter ego, subsidiary, and/or joint venturer of each of the other Defendant; certain of the material acts of the Defendants were performed in the scope of such relationship; in doing the acts complained of herein, each of the Defendants acted with the knowledge, permission, and/or consent of the other Defendant.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because the Defendants reside in this District and because a substantial part of the events giving rise to the claims occurred in this District.

**FACTS COMMON TO ALL COUNTS**

**A. Games Workshop's Copyrighted WARHAMMER and WARHAMMER 40,000 Games and WARHAMMER and WARHAMMER 40,000 Trademarks**

8. Games Workshop is the largest and most successful tabletop fantasy wargames company in the world, with a following of millions of gamers and hobbyists devoted to collecting, creating, painting, and building armies for use in Games Workshop's popular WARHAMMER and WARHAMMER 40,000 war games.

9. Games Workshop's WARHAMMER and WARHAMMER 40,000 war games are played, not on a board with defined game places, but in an open-ended world defined only by the underlying literary works and rules that define and depict the characters and armies of the games.

10. The game WARHAMMER, for instance, takes place in a fantasy world of dark magic and powerful gods, populated by mighty heroes and foul monsters, in which armies of humans stand shoulder to shoulder with noble elves and grim dwarves battling unending attacks from enemies such as rat-like Skaven that crawl beneath cities, restless dead who stir in their graves, and daemons who lead mutated hordes of the Chaos Gods into war.

11. The game WARHAMMER 40,000 similarly takes place in a fantasy universe, but one set in a dark and forbidding world of the 41st millennium, a place ravaged by thousands of years of conflict in which gothic armies of the universe do battle and in which the foremost defenders of humanity are Space Marines; genetically engineered super-warriors armed with the most inventive weapons imaginable, supported by vast armies of the Emperor and tanks of the

3

Imperial Guard who confront foes such as the alien armies of the Tau; the savage Orks; enigmatic Eldar; and unfathomable Tyranids, while lurking in the background are once-loyal Space Marines, turned traitorous supporters of the unspeakable Daemon Lords of Chaos.

12. Games Workshop produces and sells army figures for its games and a wide range of accessories for those armies and games, including weapons, vehicles, equipment, and other accessories for its armies; the features and appearances of which derive from and are complemented by underlying and highly detailed background publications, including the Warhammer 40,000 rule book (now in its fifth edition); the Space Marine Collectors' Guide, (Second Edition, July 2003) and the following listed volumes (including all of the earlier editions of each of these works):

<u>Codexes (which contain, for a particular army, specific game rules and guides to collecting and painting)</u>
Warhammer 40,000 Tyranids, Fourth Edition, January 2010
Warhammer 40,000 Space Marines, Fourth Edition, October 2008
Warhammer 40,000 Dark Angels, Third Edition, February 2007
Warhammer 40,000 Chaos Space Marines, Fourth Edition, September 2007

<u>Background Work</u>
Index Astartes II, January 2002
Index Astartes III, February 2004
Index Astartes IV, June 2005

<u>Art Book/Background work</u>
The Horus Heresy Collected Visions, June 2007
The Art of Warhammer 40,000, January 2006

<u>Magazine</u>
White Dwarf Magazine 249, September 2000

<u>How to Book</u>
How to Paint Space Marines, April 2005

<u>Novel</u>
Soul Drinkers, September 2002

4

Each of the foregoing have been created by or for Games Workshop in England and are protected by copyright belonging exclusively to Games Workshop.

13. The underlying stories, myths, fictional histories, overall appearances, and unique characteristics of the many armies used in Games Workshop's games, such as their language, culture, major worlds, weapons, methods of waging war, heraldry and iconography, and how they look, behave, and function are all derived from detailed books and other publications (which are supplemented by other written materials, such as specific game rules, novels, licensed products, hobby guides, and datasheets separately) all of which are created by Games Workshop and are protected by copyright, including those literary works referenced above.

14. None of the foregoing copyrighted works are United States works for which registration is required under 17 U.S.C. § 411(a); however, Games Workshop does own numerous registrations in the United States Copyright Office for its works, including Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein.

15. Since at least as early as 1984, Games Workshop has sold in the United States games, models, parts and equipment therefore, and related items and services under the name and trademark WARHAMMER (and related names and marks described more fully herein), and, since long prior to the acts of Defendants complained of herein, the WARHAMMER trademark and other trademarks associated with the WARHAMMER game have come to identify Plaintiff's goods and services and to distinguish them from the goods and services of others.

16. Since at least as early as 1987, Games Workshop has sold in the United States games, models, parts and equipment therefore, and related items and services under the name and trademark WARHAMMER 40,000 (and related names and marks described more fully

5

herein), and, since long prior to the acts of Defendants complained of herein, the WARHAMMER 40,000 trademark and other trademarks associated with the WARHAMMER 40,000 game have come to identify Plaintiff's goods and services and to distinguish them from the goods and services of others.

17. Games Workshop's "Forge World" division has for eleven years been selling conversion kits, replacement doors, and additional products for its customers made to fit existing WARHAMMER and WARHAMMER 40,000 products to use to decorate and modify their models for use in connection with the WARHAMMER and WARHAMMER 40,000 games.

18. Plaintiff's WARHAMMER and WARHAMMER 40,000 games have achieved enormous success, and for many years has been among the best known and most popular table top hobby war games in this country.

19. Plaintiff owns numerous registrations for its trademarks on the Principal Register in the United States Trademark Office, including the following registrations:

| Trade Mark | Country | Registration Number |
|---|---|---|
| WARHAMMER | USA | 2718741 |
| WARHAMMER 40,000 | USA | 3707457 |
| 40K | USA | 3768909 |
| 40,000 | USA | 3751267 |
| SPACE MARINE | USA | 1922180 |
| ELDAR | USA | 1944847 |
| DARK ANGELS | USA | 1913474 |
| TAU | USA | 2820748 |

20. Plaintiff's foregoing WARHAMMER trademarks (collectively, the "WARHAMMER Registered Marks") are valid, subsisting, unrevoked, and uncancelled, and Registration Nos. 2,718,741, 2,820,748, 2,070,887, 2,820,748, 2,100,767, 1,944,847, and 1,913,474 are now incontestable under the provisions of 15 U.S.C. § 1065.

21. Games Workshop has very substantial annual sales of products bearing its WARHAMMER, WARHAMMER 40,000, 40K, DARK ANGELS, ELDAR, TYRANID, CHAOS, TAU, and SPACE MARINE brand names, with annual sales in this country alone of approximately $40 million, and Games Workshop invests considerable sums each year in marketing and promoting these brands and in developing new products under these brand names. Games Workshop has thereby built up substantial goodwill and reputation in the marks WARHAMMER, WARHAMMER 40,000, 40k, DARK ANGELS, ELDAR, TYRANID, CHAOS, TAU, and SPACE MARINE (collectively, the "WARHAMMER Marks"), which it uses in connection with its tabletop games and miniatures and accessories for such games.

22. The area in and around Chicago, Illinois is one of the most active for Games Workshop, being part of the single largest selling market in the United States; being home to the AdeptiCon, the largest independent convention for miniature wargaming hobbyists in the country (at which the WARHAMMER and WARHAMMER 40,000 games are featured), and the site selected by Games Workshop for its 2011 Games Day Convention (which is expected to attract 3,000 or more fans of the WARHAMMER and WARHAMMER 40,000 games at the Donald E. Stephens Convention Center).

23. As a result of the great success of Games Workshop's WARHAMMER and WARHAMMER 40,000 games, since long prior to the acts of Defendants complained of herein, the name and trademarks WARHAMMER, WARHAMMER 40,000, 40k, DARK ANGELS, ELDAR, TYRANID, CHAOS, TAU and SPACE MARINE have come to represent substantial and highly valuable goodwill belonging exclusively to Plaintiff.

24. The foregoing WARHAMMER Marks are now, and since long prior to the acts of Defendants complained of herein have been, widely recognized throughout the United States and at all relevant times have been famous marks within the meaning of 15 U.S.C. § 1125(c).

25. Games Workshop also has a large number of well-known unregistered trade marks (including names of armies, Chapters, and other products) including without limitation: "Adeptus Mechanicus", "Alpha Legion", "Soul Drinkers", "Iron Snakes", "Luna Wolves", "Imperial Fist", "Death Watch", "Tervigon", "Blood Ravens", "Black Templars", "Legion of the Damned", "Salamanders", "melta gun", "Carnifex", "Crimson Fists", "Blood Angels", "Death Watch", "Celestial Lions", "Eldar Farseer", "Thousand Sons", "Horus Heresy", "Genestealer" "Assault Marines", "Devastator Marines", and "Tactical Marines".

26. The foregoing unregistered WARHAMMER marks are also very well known among the hobbying and gaming communities. Games Workshop's annual sales of products bearing these marks is likewise significant, and it invests great sums each year in marketing and promoting these brands and in developing new products under these brand names. As a result, Games Workshop has built up substantial goodwill and reputation in these unregistered trade marks in the U.S. and around the world

   **B.  Defendants' Infringing Conduct**

27. Upon information and belief, after having initiated some modest sales on eBay in 2008, sometime in or about May 2009**,** Chapterhouse began manufacturing and selling gaming miniatures and accessories at its website located at www.chapterhousestudios.com ("the Website").

28. Among the products sold by Chapterhouse are "Super Heavy Assault Walker" products designed and licensed for Chapterhouse by Defendant Paulson Games.

29. Upon information and belief, many consumers of Plaintiff's original WARHAMMER and WARHAMMER 40,000 books and other products and services are users of and make purchases from Defendants', including many such individuals and users in the State of Illinois.

30. All of the 106 products that Chapterhouse currently markets and sells (including the "Super-Heavy Assault Walker" designed at least in part by Paulson Games) are derived from and bear the unique characteristics and expressions of Games Workshop's copyrighted works, including unique expressions created and set forth in great detail in Games Workshop's background published works described above.

31. Upon information and belief, all of the items produced, marketed, and sold by Chapterhouse (including the "Super-Heavy Assault Walker" designed at least in part by Paulson Games) have been copied from (and infringe upon) Games Workshop's copyrighted characters and stories and sculptural works.

32. Similarly, at least 14 of the 15 items produced, marketed, and sold by Paulson Games have been copied from (and infringe upon) Games Workshop's copyrighted characters and stories and sculptural works.

33. On information and belief, Paulson entered his agreement with Chapterhouse for the "Super-Heavy Assault Walker" because of an inability to satisfy great consumer demand for the product, which Chapterhouse now sells at retail for $285.

34. Chapterhouse makes no secret of the fact that its products are derived from, inspired by, and copied from Games Workshop's copyrighted works and, indeed, the banner at the top of each page of the Website describes its business as "Specializing in Custom Sculpts and Bits for Warhammer 40,000 and Fantasy".

35. Defendants' development, production, marketing, and sale of their derivative works based on Games Workshop's proprietary works is without authorization or approval of Games Workshop.

36. Defendants' development, production, marketing, and sale of their derivative works based on Games Workshop's proprietary works preempts Games Workshop's ability to develop and sell its own such derivative works and compete directly with Games Workshop's "Forge World" products.

37. Beyond the copying of protected original elements of Games Workshop's copyrighted works, Chapterhouse makes extensive unauthorized use of Games Workshop's trademarks.

38. Chapterhouse makes pervasive references to Games Workshop's trademarks to identify its products (and adopts a distinctly British phrasing by use of the term "bits" to underscore the connection), including without limitation: "Vehicle Accessory Kits for Space Marines", "Imperial Guard Conversion Bits", "Assault Shoulder Pad for Space Marine with Number 7", "Soul Drinker Bits", "Salamander Bits", and "Xenomorph Head Bits for Tyranid Gaunts".

39. The very title of Chapterhouse's Website "Specializing in Custom Sculpts and Bits for Warhammer 40,000 and Fantasy" indicates prominently - and falsely - that Chapterhouse is literally acting "for" Games Workshop in creating, marketing, and selling such "bits" for the WARHAMMER 40,000 game when it has not been authorized by Games Workshop to use its brand or product names in any way.

40. Upon information and belief, such references create an association in the minds of customers between Defendants' products and those of Games Workshop and give the false

10

impression that Chapterhouse's products are licensed by or endorsed by Games Workshop or are otherwise associated with Plaintiff.

41. As a result of the foregoing, Games Workshop has received many customer complaints and inquiries about Chapterhouse's products, indicating that customers are confused and will continue to be confused as to the origin and sponsorship of Chapterhouse's products, including whether Games Workshop has licensed Chapterhouse or otherwise given it authority to produce the products being sold through the Website.

42. Upon information and belief, products produced and sold by Chapterhouse copied from Games Workshop's copyrighted originals and bearing trademarks and other indicia of origin with Games Workshop are also sold in substantial quantities in the secondary market (such as on eBay and other similar platforms), where purchasers are likely to be confused as to the origin of those products.

43. Exacerbating the injury to Games Workshop's reputation, the quality of many of Defendants' products is materially inferior to the quality of Games Workshop's originals, which will cause injury to Games Workshop's reputation among purchasers of Defendants' products in the original or secondary markets.

44. Chapterhouse's use of the Games Workshops trademarks, including without limitation the marks WARHAMMER, WARHAMMER 40,000, 40K, SPACE MARINE, CHAOS SPACE MARINES, ELDAR, ELDAR FARSEER, ELDAR JETBIKE, ELDAR WARLOCK, ELDAR SEER COUNCIL, TYRANID, ADEPTUS MECHANICUS, BLOOD ANGELS, DARK ANGELS, BLOOD RAVENS MARINES, IMPERIAL GUARD, BLACK TEMPLARS, ALPHA LEGION, BONESWORD, CARNIFLEX, CRIMSON FISTS, FLESH TEARERS, GENESTEALER, GAUNT, HERESY ARMOUR, HORUS HERESY, HOWLING

11

GRIFFONS, IRON HANDS, IMPERIAL FISTS, LASHWHIP, LEGION OF THE DAMNED, LIGHTNING CLAW, LIONS RAMPANT, LUNA WOLVES, MANTIS WARRIORS, MK ARMOUR, MYCETIC SPORE, RHINO, SALAMANDER, SONS OF RUSS, SOUL DRINKER, SPACE WOLVES, STAR FOX, SWARMLORD, TECHMARINES, TAU, THUNDER ARMOUR, THUNDER HAMMER, TERMAGANTS, TERVIGON, and YMGARL (among others) are likely to cause confusion, to cause mistake, or to deceive.

45. The WARHAMMER Marks and WARHAMMER Registered Marks were famous at the time Defendants began using these marks.

46. Defendants' use of the Games Workshops trademarks has been without Plaintiff's authorization or consent.

47. Upon information and belief, Defendants' acts complained of herein have been willful and malicious, and intended to trade upon the reputation of Plaintiff and its products and services sold under its WARHAMMER Marks and thereby cause harm to Plaintiff.

**FIRST CAUSE OF ACTION**

**[Copyright Infringement by Chapterhouse and Paulson Under 17 U.S.C. § 101 et seq.]**

48. Plaintiff realleges and incorporates by reference Paragraphs 1 through 47 as though fully set forth herein.

49. Defendants' conduct as aforesaid constitutes infringement of Games Workshop's copyright in and to its literary and sculptural works.

50. For those of the infringing works produced by Paulson Games for Chapterhouse, Defendants share liability jointly and severally for said infringing conduct.

51. Defendants' conduct as aforesaid has caused great and irreparable injury to Plaintiff, and unless such conduct is enjoined, it will continue and Plaintiff will continue to suffer great and irreparable injury.

52. Plaintiff has no adequate remedy at law.

## SECOND CAUSE OF ACTION

### [Trademark Infringement by Chapterhouse Under 15 U.S.C. § 1114(1)]

53. Plaintiff realleges and incorporates by reference Paragraphs 1 through 52 as though fully set forth herein.

54. Chapterhouse's use in commerce of the WARHAMMER Registered Marks is likely to cause confusion, or to cause mistake, or to deceive.

55. The foregoing conduct of Chapterhouse constitutes trademark infringement in violation of 15 U.S.C. §1114(1).

56. Chapterhouse's conduct as aforesaid has caused great and irreparable injury to Plaintiff, and unless such conduct is enjoined, it will continue and Plaintiff will continue to suffer great and irreparable injury.

57. Plaintiff has no adequate remedy at law.

## THIRD CAUSE OF ACTION

### [False Designations of Origin by Chapterhouse Under 15 U.S.C. § 1125(a)]

58. Plaintiff realleges and incorporates by reference Paragraphs 1 through 57 as though fully set forth herein.

59. Chapterhouse's conduct as aforesaid is likely to cause confusion, to cause mistake, or to deceive the relevant public that Chapterhouse, its products and services are authorized by or are affiliated with Games Workshop.

60. The above-described conduct of Chapterhouse constitutes use of false designations of origin and false and misleading descriptions or representations that are likely to cause confusion, to cause mistake, or to mislead as to the affiliation, connection, or association of Chapterhouse or its goods or services, with Plaintiff and its goods and services in violation of 15 U.S.C. §1125(a).

61. Chapterhouse's conduct as aforesaid has caused great and irreparable injury to Plaintiff, and unless such conduct is enjoined, it will continue and Plaintiff will continue to suffer great and irreparable injury.

62. Plaintiff has no adequate remedy at law.

## FOURTH CAUSE OF ACTION

**[Dilution and Tarnishment by Chapterhouse Under 15 U.S.C. § 1125(c)]**

63. Plaintiff realleges and incorporates by reference Paragraphs 1 through 62 as though fully set forth herein.

64. The WARHAMMER Registered Marks are now and at all relevant times have been famous within the meaning of 15 U.S.C. § 1125(c)(2).

65. Chapterhouse's use in commerce of the WARHAMMER Marks is likely to create associations that will impair the distinctiveness of and tarnish Plaintiff's WARHAMMER Marks.

66. Chapterhouse's conduct as aforesaid has caused great and irreparable injury to Plaintiff, and unless such conduct is enjoined, it will continue and Plaintiff will continue to suffer great and irreparable injury.

67. Plaintiff has no adequate remedy at law.

14

## FIFTH CAUSE OF ACTION

**[Violation by Chapterhouse of the Illinois Anti-Dilution Statute, 765 ILCS 1036/65]**

68. Plaintiff realleges and incorporates by reference Paragraphs 1 through 67 as though fully set forth herein.

69. The WARHAMMER Registered Marks are now and at all relevant times have been famous within the meaning of 765 ILCS 1036/65.

70. Chapterhouse's use in commerce of the WARHAMMER Marks causes dilution of the distinctive quality of Plaintiff's WARHAMMER Marks.

71. Chapterhouse's conduct as aforesaid has caused great and irreparable injury to Plaintiff, and unless such conduct is enjoined, it will continue and Plaintiff will continue to suffer great and irreparable injury.

72. Plaintiff has no adequate remedy at law.

## SIXTH CAUSE OF ACTION

**[Violation by Chapterhouse of the Illinois Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq*.]**

73. Plaintiff realleges and incorporates by reference Paragraphs 1 through 72 as though fully set forth herein.

74. This is a claim for deceptive trade practices under the Illinois Deceptive Trade Practices Act. 815 ILCS 510/1 *et seq*.

75. Upon information and belief, Chapterhouse have/has knowingly made false and misleading representations as to the source of its goods and services, and knowingly made false representations as to its affiliation with Plaintiff.

76. Chapterhouse has caused a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods and services by making false and misleading representations of fact.

77. Chapterhouse has caused a likelihood of confusion or misunderstanding as to the affiliation, connection, or association with or certification by Plaintiff by making false and misleading representations of fact.

78. The conduct complained of herein constitutes unfair and deceptive trade practices, in violation of 815 ILCS 510/1 *et seq*.

79. Chapterhouse's conduct as aforesaid has caused great and irreparable injury to Plaintiff, and unless such conduct is enjoined, it will continue and Plaintiff will continue to suffer great and irreparable injury.

80. Plaintiff has no adequate remedy at law.

## SEVENTH CAUSE OF ACTION

**[Violation by Chapterhouse of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 510/1 *et seq*.]**

81. Plaintiff realleges and incorporates by reference Paragraphs 1 through 80 as though fully set forth herein.

82. This is a claim for unfair and deceptive trade practices under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505, Section 2.

83. Chapterhouse's business practices directed at Plaintiff and Plaintiff's customers constitutes an unfair and deceptive business practice as defined and prohibited by Illinois law.

84. Chapterhouse has made false and deceptive representations of material fact to Plaintiff's customers with the intent that Plaintiff's customers rely on the misrepresentations.

85. Chapterhouse has made false and deceptive representations of material fact relating to the source, sponsorship, approval, or certification of its goods and services with the intent that Plaintiff's customers rely on the misrepresentations.

86. Chapterhouse has made false and deceptive representations of material fact relating to its affiliation, connection, or association with Plaintiff or certification by Plaintiff with the intent that Plaintiff's customers rely on the misrepresentations.

87. Chapterhouse's conduct as aforesaid has caused great and irreparable injury to Plaintiff, and unless such conduct is enjoined, it will continue and Plaintiff will continue to suffer great and irreparable injury.

88. Plaintiff has no adequate remedy at law.

## EIGHTH CAUSE OF ACTION

**[Common Law Unfair Competition–Trademark Infringement by Chapterhouse]**

89. Plaintiff realleges and incorporates by reference Paragraphs 1 through 88 as though fully set forth herein.

90. Chapterhouse's conduct as aforesaid is likely to confuse and deceive consumers about the origin of Defendants' goods and services.

91. The foregoing conduct of Chapterhouse constitutes infringement and misappropriation of Plaintiff's common law rights in its trademarks in violation of the common law of the State of Illinois.

92. Chapterhouse's conduct as aforesaid has caused great and irreparable injury to Plaintiff, and unless such conduct is enjoined, it will continue and Plaintiff will continue to suffer great and irreparable injury.

93. Plaintiff has no adequate remedy at law.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury as to all issues so triable in this action.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

1. Preliminarily and permanently enjoining Defendants, their agents, representatives, employees, assigns, and suppliers, and all persons acting in concert or privity with them, from infringing Plaintiff's copyrighted works or using any of Plaintiff's names or marks in a manner that is likely to cause confusion, to cause mistake, or from otherwise infringing, diluting, or tarnishing Plaintiff's trademarks, or from competing unfairly with Plaintiff;

2. Directing the destruction of all infringing merchandise and molds and means of producing the same;

3. Awarding Plaintiff its damages and Defendants' profits derived by reason of the unlawful acts complained of herein and/or statutory damages as provided by law;

4. Awarding Plaintiff treble damages as provided by law; and

5. Awarding Plaintiff its reasonable attorney fees, prejudgment interest, and costs of this action as provided by law.

Dated: December 21, 2010            Respectfully submitted,

By: /s/ Heidi L. Belongia
Heidi L. Belongia (IL Bar No. 6277111)
Aaron J. Weinzierl (IL Bar No. 6294055)
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: 312.832.4500
Facsimile: 312.832.4700
Email: hbelongia@foley.com; aweinzierl@foley.com

*Of Counsel:*
Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

*Attorneys for Plaintiff Games Workshop Limited*