**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GAMES WORKSHOP LIMITED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:10-cv-08103 |
| v. | ) |
| | ) |
| CHAPTERHOUSE STUDIOS LLC and JON | ) |
| PAULSON d/b/a PAULSON GAMES, | ) |
| | ) Judge Matthew F. Kennelly |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CHAPTERHOUSE
STUDIOS' RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COPYRIGHT
CLAIMS OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT**

SF:304449.2

TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................................1

II. PLAINTIFF FAILS TO ALLEGE THE BASIC ELEMENTS OF A COPYRIGHT INFRINGEMENT CAUSE OF ACTION, AND ITS COPYRIGHT CLAIM SHOULD BE DISMISSED. ......................................................................................................................2

    A. Legal Standard ................................................................................................2

    B. Plaintiff's Copyright Claims Should Be Dismissed Because the Complaint Fails to Adequately Identify the Allegedly Infringed Works. ...............................3

        1. The Complaint Fails to Properly Specify the Works at Issue. ......................3

        2. The Familiar, General Themes Plaintiff Claims to "Own" are Unprotectable as a Matter of Law. ..............................................................6

    C. The Complaint Also Fails to Adequately State a Claim for Infringement of Any of the Exclusive Rights of a Copyright Owner. ...........................................8

III. IN THE ALTERNATIVE, PLAINTIFF SHOULD BE REQUIRED TO PROVIDE A MORE DEFINITE STATEMENT OF ITS COPYRIGHT CLAIM. .................................11

IV. CONCLUSION ..................................................................................................................12

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Ashcroft v. Iqbal*,
  556 U.S. ___, 129 S.Ct. 1937 (2009) .................................................................................. 2, 3

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................................ 2, 10

*Bryant v. Gordon*,
  483 F. Supp. 2d 605 (N.D. Ill. 2007) (Kennelly, J.) ........................................................... 11, 12

*Car Carriers, Inc. v. Ford Motor Co.*,
  745 F. 2d 1101 (7th Cir. 1984) ............................................................................................ 3

*Cole v. Allen*,
  3 F.R.D 236 (S.D.N.Y. 1942) ............................................................................................... 4, 11

*EEOC v. Concentra Health Servs., Inc.*,
  496 F.3d 773 (7th Cir. 2007) ................................................................................................ 11

*FASA Corp. v. Playmate Toys, Inc.*,
  869 F. Supp. 1334 (N.D. Ill. 1994) ....................................................................................... 6, 7

*Flynn v. Health Advocate, Inc.*,
  No. Civ. A. 03-3764, 2004 WL 51929 (E.D. Pa. Jan 13, 2004) ........................................... 4

*Gee v. CBS, Inc.*,
  471 F. Supp. 600 (E.D. Pa. 1979), *aff'd* 612 F.2d 572 (3d Cir. 1979) ................................. 3, 8

*Harris Custom Builders, Inc. v. Hoffmeyer*,
  92 F.3d 517 (7th Cir. 1996) .................................................................................................. 9

*Hartman v. Hallmark Cards, Inc.*,
  639 F. Supp. 816 (W.D. Mo. 1986), *aff'd*, 833 F.2d 117 (8th Cir. 1987) ............................. 8

*Houlihan v. McCourt*,
  No. 00 C 3390, 2002 WL 1769822 (N.D. Ill. July 29, 2002) ............................................... 9

*Kelly v. L.L. Cool J*,
  145 F.R.D. 32 (S.D.N.Y. 1992) ............................................................................................ 11

*Mid America Title Co. v. Kirk*,
  991 F.2d 417 (7th Cir. 1993) ................................................................................................ 2

*Reinke & Associates Architects Inc. v. Cluxton*,
  No. 02 C 0725, 2002 WL 31817982 (N.D. Ill. Dec. 16, 2002) ............................................ 3

*Ryan v. Mary Immaculate Queen Center*,
   188 F.3d 857 (7th Cir. 1999) ................................................................................12

*Sharp v. Patterson*,
   No. 03 Civ. 8772, 2004 WL 2480426 (S.D.N.Y. Nov. 3, 2004) ...........................4, 5

*Swierkiewicz v. Sorema N. A.*,
   534 U.S. 506 (2002) ................................................................................................6

*Twin Peaks Prods., Inc. v. Publications Intern., Ltd.*,
   996 F.2d 1366 (2d Cir. 1993) ................................................................................10

*Ty, Inc. v. Publications Intern. Ltd.*,
   292 F.3d 512 (7th Cir. 2002) ..................................................................................9

*Warner Bros. Ent. Inc. v. RDR Books*,
   575 F. Supp. 2d 513 (S.D.N.Y 2008) ..................................................................9, 10

*Wildlife Express Corp. v. Carol Wright Sales*,
   18 F.3d 502 (7th Cir. 1994) ...................................................................................11

**STATUTES**

17 U.S.C. § 101 ................................................................................................................9

17 U.S.C. § 102(b) ...........................................................................................................7

**OTHER AUTHORITIES**

6 Patry on Copyright § 19:6 n. 3 (2010) .........................................................................4

Fed. R. Civ. P. 8 .......................................................................................................4, 8, 9

Fed. R. Civ. P. 8(a) ..........................................................................................................2

Fed. R. Civ. P. 8(a)(2) ..................................................................................................2, 3

Fed. R. Civ. P. 9(b) ........................................................................................................11

Fed. R. Civ. P. 12(b)(6) ................................................................................................2, 4

Fed. R. Civ. P. 12(e) ......................................................................................................11

SF:304449.2

**I.  INTRODUCTION**

Plaintiff Games Workshop is an international company that is in the business of tabletop fantasy war games. It produces rule books, guides and catalogs related to its Warhammer war games. Defendant Chapterhouse Studios is a small company located in Colleyville, Texas that makes a variety of products players may use when engaging in fantasy war play. Plaintiff alleges that all 106 products sold by Chapterhouse Studios infringe Plaintiff's copyrights, but *which* copyrights or *how* is anyone's guess.[1] Early on, the Complaint simply alleges ownership of a list of fifteen (in some cases) extremely lengthy publications including rule guides, background works, magazines, and novels. The Complaint later alleges that:

> "all of the items produced, marketed, and sold by Chapterhouse (including the 'Super-Heavy Assault Walker' [. . .]) have been copied from (and infringe upon) *Games Workshop's copyrighted characters and stories and sculptural works*."

Complaint, ¶31 (emphasis added).

Because the Complaint fails to identify any specific copyrighted characters or sculptural works, and fails to allege how Defendant's products are supposed to infringe its alleged publications, it is unclear what copyrights Plaintiff claims are infringed, and whether it can even state a colorable claim of infringement. For example, the only Chapterhouse Studios product specifically mentioned in the Complaint is the Super-Heavy Assault Walker. Which of Plaintiff's alleged works is this product alleged to have infringed? How? Must Defendant take discovery concerning the entire universe of Plaintiff's copyrights?

This is precisely the kind of vague and unspecified pleading that courts have either

---

[1] The Complaint also alleges trademark infringement and related causes of action because Defendant refers to Plaintiff on its website. Although those causes of action are not at issue in this motion, Defendant uses prominent disclaimers taken from language approved by Plaintiff, and is confident that it will prevail on those causes of action as well.

dismissed or required Plaintiff to further define in copyright infringement cases. Having failed to allege the basic elements of a copyright infringement claim, Plaintiff's copyright infringement cause of action should be dismissed. In the alternative, it should have to be more definite about its copyright claim to allow Defendant and the Court to better evaluate it at the pleading stage, and to properly delineate the boundaries of this case.

## II. PLAINTIFF FAILS TO ALLEGE THE BASIC ELEMENTS OF A COPYRIGHT INFRINGEMENT CAUSE OF ACTION, AND ITS COPYRIGHT CLAIM SHOULD BE DISMISSED.

The Complaint fails to state a *prima facie* case of copyright infringement because it neither specifies the works it claims are infringed, nor adequately alleges the manner in which Defendant's works infringe those works. To state a *prima facie* case of copyright infringement, a plaintiff must allege both ownership of certain works protected by copyright, and that defendant has infringed its copyright by violating one of the exclusive rights granted to a copyright owner. *Mid America Title Co. v. Kirk*, 991 F.2d 417, 421 n.8 (7th Cir. 1993). Here Plaintiff fails to adequately allege either. First, Plaintiff fails to adequately identify the allegedly infringed works. Second, the Complaint fails to adequately allege how Chapterhouse Studios infringes those non-specified works.

### A. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a complaint must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). A complaint cannot merely state in conclusory fashion that there is a legal violation. *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. "In practice, a complaint … must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F. 2d 1101, 1106 (7th Cir. 1984) (internal quotation marks omitted; emphasis and omission in original). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950 (citing Fed. R. Civ. P. 8(a)(2); second alteration in original).

### B. Plaintiff's Copyright Claims Should Be Dismissed Because the Complaint Fails to Adequately Identify the Allegedly Infringed Works.

A properly pleaded claim for copyright infringement must give defendant notice of the claims against it, by stating what works defendant is alleged to have infringed. Here the Complaint fails to adequately specify the works at issue. And to the extent the Complaint alleges violation of general, unprotectable themes, that it insufficient to cure the defect.

#### 1. The Complaint Fails to Properly Specify the Works at Issue.

A copyright claim must, at a minimum, identify the works at issue. *Reinke & Associates Architects Inc. v. Cluxton*, No. 02 C 0725, 2002 WL 31817982, at *2 (N.D. Ill. Dec. 16, 2002) (dismissing complaint because plaintiff failed to identify the work at issue); *Gee v. CBS, Inc.*, 471 F. Supp. 600, 643 (E.D. Pa. 1979), *aff'd* 612 F.2d 572 (3d Cir. 1979) (holding a complaint must state, *inter alia*, "which specific original work is the subject of the copyright claim . . . and by what acts and during what time defendant has infringed the copyright"). The requirement to plead ownership of particular works limits the universe of possible infringed works, without which a defendant cannot be certain what it is alleged to have done. Thus, "merely alleging that

-3-

[plaintiff] own[s] certain copyrights and that Defendants have infringed on such copyrights is insufficient to meet the Rule 8 requirement" of providing notice. *Flynn v. Health Advocate, Inc.*, No. Civ. A. 03-3764, 2004 WL 51929, at *12 (E.D. Pa. Jan 13, 2004) (dismissing copyright claim under Rule 12(b)(6) because allegations that plaintiff owned "a federal copyright in a collection of works" did not give notice of "what *specific* original work or works are the subject of Plaintiffs' copyright claim.") (emphasis in original); *see* 6 Patry on Copyright § 19:6 n.3 (2010) (decrying "blunderbuss complaints . . . used as leverage to obtain settlements," and stating that, for example, "if plaintiffs know 669 sound recordings have been infringed, they owe a duty of fair notice to specify each one.")

Moreover, a defendant is "entitled to know what particular portions of the copyrighted work [it is] charged with having infringed." *Cole v. Allen*, 3 F.R.D 236, 237 (S.D.N.Y. 1942); *Sharp v. Patterson*, No. 03 Civ. 8772, 2004 WL 2480426 (S.D.N.Y. Nov. 3, 2004). This is especially true when a plaintiff makes sweeping claims of ownership of large numbers of works, without giving details as to what has been infringed: such claims do not provide adequate notice to a defendant. In *Cole*, plaintiff alleged that a radio performance arranged and broadcast by defendants infringed a character named Charlie Chan and "other literary material, incidents, episodes, similarities and publicity values involved in, incidental to, and included within" six copyrighted books. *Cole*, 3 F.R.D. at 237. The court, presuming that "it [was] not plaintiff's intention to charge that each and every episode, character and dialogue in such books was used by the defendants in the broadcast," ordered plaintiff to supply information about what particular portions of the works were supposedly infringed, in order to "enable [defendants] properly to prepare their answers." *Id*. "[I]n light of . . . the principle enshrined in Rule 8—namely, to provide defendants fair notice of the claims against them—a plaintiff suing for copyright

-4-

infringement may not rest on bare-bones allegations that infringement occurred. Rather, [plaintiff] must identify the specific original work that is the subject of the claim as well as by what acts the defendant infringed the copyright." *Sharp*, 2004 WL 2480426, at *14 (holding that "[t]he obligation to identify the infringing and infringed works in a pleading is not satisfied by alleging a mass infringement of 69 different copyrighted letters by five different novels.")

Here Games Workshop fails even to identify many of the works it apparently claims have been infringed. For example, although it alleges that *all* of Chapterhouse Studios's products infringe its "sculptural works" (Compl. ¶ 31), it does not identify *even a single sculptural work* in which it claims a copyright. Instead, Plaintiff simply alleges that it produces "army figures . . . and a wide range of accessories," which are purportedly protected by copyright. Compl. ¶ 12. Similarly, though Plaintiff claims that *all* of Chapterhouse Studios's products infringe its "copyrighted characters" (Compl. ¶ 31), it does not identify a single infringed character. In fact, nowhere in the Complaint does Plaintiff allege that it owns *any* copyrights in *any* characters. Plaintiff does identify a list of literary works, but it does not limit its allegations to those works: it implies that there are myriad other such works, that it fails to identify, that are infringed by Chapterhouse Studios's products. Compl. ¶ 12.

Even for the publications it does identify, Plaintiff fails to identify what portion of any work is allegedly infringed. Instead, the Complaint simply alleges that each of Chapterhouse Studios's 106 products is "derived from . . . Games Workshop's copyrighted works" (Compl. ¶ 30), and that each has been "copied from . . . Games Workshop's copyrighted characters and stories and sculptural works." Compl. ¶ 31. But even the limited number of books and magazines actually specified in the Complaint comprise hundreds, perhaps thousands, of pages. Like the complaint in *Cole,* Games Workshop's Complaint fails to notify Chapterhouse Studios

-5-

of what parts of the voluminous publications it has pleaded are allegedly infringed. Are there unspecified characters described in Plaintiff's publications that are allegedly infringed by certain unnamed products offered by Chapterhouse Studios? Plaintiff's copyright allegations leave one to guess at the nature of its claims.

By failing to identify which works or which parts of voluminous publications are allegedly infringed, the Complaint fails to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (citation omitted). Plaintiff's copyright claims should therefore be dismissed. In the alternative, Plaintiff should provide a more definite statement by specifying the works at issue, and in the case of voluminous publications, the portions of those works that are allegedly infringed.[2]

        **2.    The Familiar, General Themes Plaintiff Claims to "Own" are Unprotectable as a Matter of Law.**

Identifying only familiar, general themes as purportedly infringed "works" is fatal to a copyright claim. In *FASA Corp. v. Playmate Toys, Inc.*, 869 F. Supp. 1334 (N.D. Ill. 1994), the Court addressed strikingly similar copyright allegations by a gaming company against a rival. Plaintiff's Battletech battle-simulation game was set in a futuristic world where giant machines controlled by humans did the bulk of the fighting. (The game was similar to Plaintiff's Warhammer 40,000 game at issue in this case, in that it was set in a large open-ended universe, in which players conducted battles according to game rules that established the history and culture of that universe.) Players moved models on a board representing the terrain. Defendant had created a line of toys called Exosquad: war machines inhabiting a fictional universe where

---

[2] Even if the Court limits the copyright claims to the fifteen works identified in the Complaint, Plaintiff should be required to provide a more definite statement to provide Defendant adequate notice of the nature of the alleged infringement.

much of the fighting was carried out by these large, vaguely humanoid machines that fit the soldiers like exoskeletons. *Id.* at 1338-39. Plaintiff brought copyright claims, but did not identify "concrete details pertaining to the [imagined] universe." *Id*. at 1351. In ruling on the scope of the copyright claims, the Court recognized that these "familiar general themes" were unprotectable: "insofar as FASA's copyright infringement claim is predicated on the assertion that '[t]he Exosquad lives in a futuristic, interstellar, battle dominated environment significantly resembling the futuristic, interstellar, battle dominated BATTLETECH universe,' that aspect of the claim must fail because it rests on familiar general themes which are unprotectible elements." *Id.* at 1352; *see* 17 U.S.C. § 102(b) ("In no case does copyright protection for an original work of authorship extend to any *idea*, procedure, process, system, method of operation, *concept*, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work.") (emphases added).

Although the nature of the alleged copyright infringement is unclear, as discussed in Section II.B.1 above, the Complaint does allege that all of Chapterhouse Studios's products "are derived from and bear the unique characteristics and expressions of Games Workshop's copyrighted works, including unique expressions created and set forth in great detail in Games Workshop's background published works described above." Compl. ¶ 30. But Games Workshop concedes its games are "not [played] . . . with defined game places [sic], but in an open-ended world. . . ." Compl. ¶ 9. This "open-ended world" is described in terms both vague and familiar. Plaintiff alleges that it owns copyrights describing a "fantasy universe" that is "dark and forbidding," "ravaged by . . . conflict" and populated by "gothic armies . . . [and] genetically engineered super-warriors" as well as the armies of various inimical "alien," "enigmatic," and "unfathomable" creatures. Compl. ¶ 11; *compare FASA*, 869 F. Supp. at 1341-

-7-

42, 1351 (describing plaintiff's "futuristic, interstellar, battle dominated . . . universe," populated by, among others, warriors in "robot-like battle machines" and "genetically manipulated warriors"). Like the plaintiff in *FASA*, Games Workshop fails to identify concrete details that would render its fantasy universe protectable. To the extent that Plaintiff's claims are based on these general, unprotectable themes (Compl. ¶¶ 28, 30-31), they should be dismissed.

      **C.    The Complaint Also Fails to Adequately State a Claim for Infringement of Any of the Exclusive Rights of a Copyright Owner.**

Not only is it unclear which of Plaintiff's alleged works are infringed, it is also unclear how Chapterhouse Studios's products allegedly infringe those unspecified works. Because the Complaint fails to allege specific acts of cognizable infringement, it fails to give Defendant adequate notice of the claims against it. The copyright infringement cause of action should be dismissed for this additional reason.

A complaint must give notice of *how* a defendant's works allegedly infringe. A "broad, sweeping allegation of infringement" does not comply with Rule 8; instead, "specific mention of those acts which infringe [is] necessary in order to assert a cause of action and [is] required so that the defendant can adequately respond." *Hartman v. Hallmark Cards, Inc.*, 639 F. Supp. 816, 820 (W.D. Mo. 1986), *aff'd*, 833 F.2d 117 (8th Cir. 1987). The plaintiff in *Hartman* had alleged that her copyrighted works were infringed not only by particular products, but also by "all other animated productions, paper products, dolls, toys, and any other merchandising and licensing products" manufactured by defendant. *Id*. In ruling on defendant's motion for summary judgment, the court noted that "it does not appear that plaintiff has conformed to the requirements of Rule 8." *Id.* at 821. (The court granted summary judgment for defendants on the alternative ground that no reasonable jury could have found substantial similarity between the works. *Id.*) *See Gee v. CBS*, 471 F. Supp. at 643 (holding a complaint must state, *inter alia*,

-8-

"by what acts . . . defendant has infringed the copyright").

Here Plaintiff makes just such sweeping allegations of infringement, claiming that *all* of Chapterhouse Studio's 106 products infringe *all* of Plaintiff's copyrighted works. Compl. ¶¶ 30-31. Such vague allegations do not comply with Rule 8, which requires that the statement of a claim be not only short, but plain. Because the copyright claims fail to give the notice required by Rule 8, they should be dismissed.

To the extent that Plaintiff is attempting to plead that Chapterhouse Studios infringes its right to prepare derivative works,[3] it has failed to adequately plead such a claim. A "derivative work" is "a work based upon one or more preexisting works, such as a translation, musical arrangement, dramatization, fictionalization, motion picture version, sound recording, art reproduction, abridgment, condensation, or any other form in which a work may be recast, transformed, or adapted." 17 U.S.C. § 101. But "[a] work is not derivative . . . simply because it is 'based upon' . . . preexisting works." *Warner Bros. Ent. Inc. v. RDR Books*, 575 F. Supp. 2d 513, 538 (S.D.N.Y 2008). Indeed, "[a] work is not derivative unless it has been substantially copied from the prior copyrighted work." *Houlihan v. McCourt*, No. 00 C 3390, 2002 WL 1769822, at *7 (N.D. Ill. July 29, 2002); *Harris Custom Builders, Inc. v. Hoffmeyer*, 92 F.3d 517 (7th Cir. 1996). Furthermore, the statute requires that a derivative work must be among the examples listed in the definition, or must "recast, transform, or adapt" another work. *Ty, Inc. v. Publications Intern. Ltd.*, 292 F.3d 512, 520 (7th Cir. 2002) (holding collector's guide not a derivative work, because "[t]he textual portions of a collectors' guide to copyrighted works are not among the examples of derivative works listed in the statute, and guides don't recast,

---

[3] *See* Compl. ¶¶ 30 [alleging Chapterhouse products are "derived from . . . Games Workshop's copyrighted works"], 34 [alleging Chapterhouse products "are derived from [and] inspired by . . . Games Workshop's copyrighted works"], 35-36 [alleging Chapterhouse's products are "derivative works based on Games Workshop's proprietary works"]).

-9-

transform, or adapt the things to which they are guides"); *RDR Books*, 575 F. Supp. 2d at 539 (finding no derivative work where "the material [was] not merely 'transformed from one medium to another' ") (quoting *Twin Peaks Prods., Inc. v. Publications Intern., Ltd.*, 996 F.2d 1366, 1373 (2d Cir. 1993))).

Tellingly, Plaintiff avoids reference to the statutory definition of a derivative work. Instead, Plaintiff merely alleges that Chapterhouse Studios's products are "derived from" and "inspired by" Plaintiff's works. Compl. ¶¶ 30, 34. That is not the definition of a derivative work for purposes of copyright law. To the extent Plaintiff relies on a theory that any work having *anything whatsoever* to do with another is *ipso facto* a derivative work, its allegations fail at the pleading stage. This "but-for" interpretation of the derivative works right has no basis. Even if it were assumed, for the sake of argument, that Chapterhouse Studios's products were "inspired by" Plaintiff's alleged works, inspiration is not infringement.

Any derivative works claim is simply implausible on its face. Plaintiff has pleaded ownership of only literary works; for example, a novel entitled "Soul Drinkers." Compl. ¶ 12. All of Chapterhouse Studios's products at issue are sculptural works. Compl. ¶ 27. To the extent that Plaintiff claims that its novel is somehow infringed by Chapterhouse Studios's gaming miniatures and accessories, Compl. ¶ 30, that claim is implausible. Sculptural works are not among the examples of derivative works listed in the statute, and it not plausible that a sculptural work could recast, transform, or adapt a novel. Plaintiff fails to plead facts that would raise its claim to the level of plausibility, as required by *Twombly*. *Twombly*, 550 U.S. at 570.

Plaintiff fails to identify any direct copying and fails to adequately plead infringement of its right to prepare derivative works, and has, therefore, failed to adequately plead infringement by Chapterhouse Studios.

-10-

### III. IN THE ALTERNATIVE, PLAINTIFF SHOULD BE REQUIRED TO PROVIDE A MORE DEFINITE STATEMENT OF ITS COPYRIGHT CLAIM.

If the Court declines to dismiss the copyright claim, Chapterhouse Studios respectfully requests that Plaintiff be required to provide a more definite statement of its claims in accordance with Fed. R. Civ. P. 12(e). Courts have applied Rule 12(e) where a complaint fails to properly allege one or more elements of a copyright claim. *See, e.g., Kelly v. L.L. Cool J*, 145 F.R.D. 32 (S.D.N.Y. 1992) (inadequate allegations of ownership of copyrights); *Cole v. Allen*, 3 F.R.D. at 237 (failure to state which particular work was the subject of a copyright claim).

At best, the vagueness of Plaintiff's allegations begs for unnecessary, time-wasting discovery, for example into the nature and protectability of every one of Plaintiff's works, rather than specific works alleged to be infringed. The information that would clarify the Complaint—insofar as such information exists—is uniquely in Plaintiff's possession and knowledge; Plaintiff should not be permitted to hide the ball and force Defendant to undertake expensive and time-consuming discovery into a potentially limitless cache of information, merely to reveal that the subject matter of the case is what plaintiff already knows it to be. *See EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 780 (7th Cir. 2007) ("to require a more detailed complaint in the present case is neither to adopt fact pleading nor to impose the heightened pleading required in some instances by Rule 9(b); it is only to insist upon easily provided, clearly important facts").

Chapterhouse Studios also believes that Plaintiff's copyright claims, if properly defined, may well be susceptible to early determination. The Seventh Circuit uses the "ordinary observer" test to determine infringement, and requires a side-by-side comparison of the works at issue. *Wildlife Express Corp. v. Carol Wright Sales*, 18 F.3d 502, 511 (7th Cir. 1994); *Bryant v. Gordon*, 483 F. Supp. 2d 605, 617 (N.D. Ill. 2007) (Kennelly, J.). While comparison is ordinarily a matter for a jury, in certain cases the determination may be made by the Court.

-11-

*Bryant*, 483 F. Supp. 2d at 617-18 (determining, for summary judgment purposes, "whether, as a matter of law, a reasonable jury could find . . . that the two works are substantially similar"). Clarifying the works at issue and the nature of the alleged infringement will enable the parties and the Court to separate the wheat from the chaff, conserving time, money, and judicial resources. *See Ryan v. Mary Immaculate Queen Center*, 188 F.3d 857, 860 (7th Cir. 1999) (emphasizing importance of "allow[ing] the court to determine at the outset of the litigation, before costly discovery is undertaken, whether the plaintiff has any tenable theory or basis of suit, so that if he does not the case can be got rid of immediately without clogging the court's docket and imposing needless expense on the defendant").

## IV. CONCLUSION

The Complaint fails to adequately plead copyright infringement by Chapterhouse Studios because it fails to adequately specify the allegedly infringed works, and its allegations of copyright infringement are so vague and indefinite that they are implausible and fail to give Chapterhouse Studios adequate notice of the claims against it. Plaintiff's copyright claim against Chapterhouse Studios should be dismissed.

In the alternative, Plaintiff should be required to give a more definite statement of its copyright claims by alleging (a) the specific works Plaintiff alleges are infringed, and in the case of publications, the portion of those works infringed; and (b) which of Chapterhouse Studios's products infringe the specified works and what right they infringe. Without this easily-provided information, which is uniquely in Plaintiff's possession, Chapterhouse Studios cannot meaningfully respond to the allegations against it. Requiring a more definite statement will properly limit unnecessary discovery, and conserve the time, money, and resources of the parties and the Court.

-13-

Dated: March 3, 2011  Respectfully submitted,

CHAPTERHOUSE STUDIOS LLC

By: /s/ Jennifer Golinveaux
Jennifer Golinveaux (CA Bar No. 203056)
J. Caleb Donaldson (CA Bar No. 257271)
Thomas J. Kearney (CA Bar No. 267087)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5802
Phone: (415) 591-1000
Fax: (415) 591-1400
Email: jgolinveaux@winston.com,
jcdonaldson@winston.com,
tkearney@winston.com.

# CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2011, I served a true and correct copy of the following documents:

    DEFENDANT CHAPTERHOUSE STUDIOS' RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COPYRIGHT CLAIMS OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT

    MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CHAPTERHOUSE STUDIOS' RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COPYRIGHT CLAIMS OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT

    NOTICE OF MOTION

upon Defendant Jon Paulson d/b/a Paulson Games by mailing it to his last known address at

    2232 College Road
    Downers Grove Illinois 60516

    /s/ Thomas J. Kearney
    One of the attorneys for Chapterhouse Studios LLC