IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAMES WORKSHOP LIMITED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:10-cv-08103 |
| v. ) | |
| ) | |
| CHAPTERHOUSE STUDIOS LLC and JON ) | |
| PAULSON d/b/a PAULSON GAMES, ) | |
| ) | Judge Matthew F. Kennelly |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CHAPTERHOUSE STUDIOS' RENEWED RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COPYRIGHT CLAIMS**

TABLE OF CONTENTS

Page

I.   INTRODUCTION ..................................................................................................1

    A.   Procedural History. ...................................................................................1

    B.   Background. ..............................................................................................2

II.  PLAINTIFF AGAIN FAILS TO ALLEGE THE BASIC ELEMENTS OF A
     COPYRIGHT INFRINGEMENT CAUSE OF ACTION, AND ITS COPYRIGHT
     CLAIM SHOULD BE DISMISSED. ....................................................................3

    A.   Legal Standard. .........................................................................................3

    B.   The Copyright Claims Should Be Dismissed Because Plaintiff Again Fails to
         Adequately Identify the Allegedly Infringed Works. ...............................4

         1.   Plaintiff Again Fails to Properly Specify the Works at Issue. ......4

         2.   Plaintiff Concedes It Cannot Meet Its Burden of Identifying the Works
              Allegedly Infringed. .......................................................................8

         3.   The Familiar, General Themes Plaintiff Claims to "Own" are
              Unprotectable as a Matter of Law. .................................................9

    C.   Plaintiff Again Fails to Adequately State a Claim for Infringement of Any of the
         Exclusive Rights of a Copyright Owner. ................................................11

III. CONCLUSION ..................................................................................................13

SF:306173.1

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
 556 U.S. ___, 129 S.Ct. 1937 (2009) ................................................................................4

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544 (2007) ..........................................................................................................4

*Car Carriers, Inc. v. Ford Motor Co.*,
 745 F. 2d 1101 (7th Cir. 1984) .........................................................................................4

*Cole v. Allen*,
 3 F.R.D 236 (S.D.N.Y. 1942) .......................................................................................5, 6

*FASA Corp. v. Playmate Toys, Inc.*,
 869 F. Supp. 1334 (N.D. Ill. 1994) ..............................................................................9, 10

*Flynn v. Health Advocate, Inc.*,
 No. Civ. A. 03-3764, 2004 WL 51929 (E.D. Pa. Jan 13, 2004) .......................................5

*Gaiman v. McFarlane*,
 360 F.3d 644 (7th Cir. 2004) .............................................................................................7

*Gee v. CBS, Inc.*,
 471 F. Supp. 600 (E.D. Pa. 1979), *aff'd* 612 F.2d 572 (3d Cir. 1979) .......................5, 12

*Harris Custom Builders, Inc. v. Hoffmeyer*,
 92 F.3d 517 (7th Cir. 1996) .............................................................................................12

*Hartman v. Hallmark Cards, Inc.*,
 639 F. Supp. 816 (W.D. Mo. 1986), *aff'd*, 833 F.2d 117 (8th Cir. 1987) ..................11, 12

*Houlihan v. McCourt*,
 No. 00 C 3390, 2002 WL 1769822 (N.D. Ill. July 29, 2002) .........................................12

*Mid America Title Co. v. Kirk*,
 991 F.2d 417 (7th Cir. 1993) .............................................................................................3

*Peters v. West*,
 No. 10-CV-3951, Slip Copy, 2011 WL 831137 (N.D. Ill. Mar. 3, 2011) ..................10, 11

*Reinke & Associates Architects Inc. v. Cluxton*,
 No. 02 C 0725, 2002 WL 31817982 (N.D. Ill. Dec. 16, 2002) .........................................4

*Sharp v. Patterson*,
 No. 03 Civ. 8772, 2004 WL 2480426 (S.D.N.Y. Nov. 3, 2004) ...................................5, 6

*Swierkiewicz v. Sorema N. A.*,
    534 U.S. 506 (2002)......................................................................................................................8

*Twin Peaks Prods., Inc. v. Publications Intern., Ltd.*,
    996 F.2d 1366 (2d Cir. 1993)........................................................................................13

*Ty, Inc. v. Publications Intern. Ltd.*,
    292 F.3d 512 (7th Cir. 2002) .......................................................................................13

*Warner Bros. Ent. Inc. v. RDR Books*,
    575 F. Supp. 2d 513 (S.D.N.Y 2008)....................................................................12, 13

**STATUTES**

17 U.S.C. § 101.................................................................................................................12

17 U.S.C. § 102(b) ............................................................................................................10

**OTHER AUTHORITIES**

6 Patry on Copyright § 19:6 n. 3 (2010) ............................................................................5

Fed. R. Civ. P. 8.................................................................................................5, 6, 11, 12

Fed. R. Civ. P. 8(a) ............................................................................................................3

Fed. R. Civ. P. 8(a)(2)........................................................................................................4

Fed. R. Civ. P. 12(b)(6)...........................................................................................1, 3, 5, 10

Oxford English Dictionary (2d ed. 1989) (online version)................................................6

**I.      INTRODUCTION**

   **A.      Procedural History.**

On March 3, 2011, Defendant Chapterhouse Studios moved to dismiss Plaintiff Games Workshop's copyright claims because Plaintiff's Complaint failed to state a *prima facie* case of copyright infringement and failed to give Chapterhouse Studios adequate notice of the claims against it, and in the alternative moved for a more definite statement. At the March 10, 2011 presentment hearing on the motion, the Court advised Plaintiff that it should, at a minimum, identify the particular works it claimed were infringed by Chapterhouse Studios's products. Games Workshop has failed to do so.

Instead, Games Workshop filed a First Amended Complaint (the "FAC"), which contains the *identical* impermissibly vague allegations and adds a few new allegations that are equally vague and are largely focused on trademark claims rather than copyright.[1] Surprisingly, Plaintiff responded to this Court's recommendation to specify the allegedly infringed works, by referring to vague, unspecified elements like "studs, arrow, and cross-arrow designs, inverted 'V' and Roman numeral icons. . ." as well as other unspecified "icons." FAC ¶30.c. Perhaps not surprisingly given the likely unprotectable nature of such common elements, the FAC fails to identify or depict any specific design or icon that it claims has been infringed. Having failed to adequately identify the alleged infringed works, the FAC should be dismissed.

Because Plaintiff has again failed to allege a *prima facie* case of copyright infringement, despite being afforded that opportunity by the Court, Chapterhouse Studios respectfully renews its motion to dismiss the copyright claims pursuant to Rule 12(b)(6).

---

[1] For the Court's convenience, a redline reflecting changes made in the FAC from the original Complaint is attached as Exhibit A to the accompanying Declaration of Thomas Kearney.

## B. Background.

Plaintiff Games Workshop is an international company that is in the business of tabletop fantasy war games. FAC ¶ 8. It produces rule books, guides and catalogs related to its Warhammer war games. Defendant Chapterhouse Studios is a small company located in Colleyville, Texas that makes a variety of products players may use when engaging in fantasy war play. Plaintiff alleges that all 106 products sold by Chapterhouse Studios infringe Plaintiff's copyrights, but *which* copyrights or *how* is anyone's guess.[2] The FAC, repeating verbatim the original Complaint, again simply alleges ownership of a list of fifteen (in some cases) extremely lengthy publications including rule guides, background works, magazines, and novels.[3] The FAC later alleges that:

> "all of the items produced, marketed, and sold by Chapterhouse (including the 'Super-Heavy Assault Walker' [. . .]) have copied elements from (and infringe upon) *Games Workshop's copyrighted characters and stories and sculptural works. . . .*"

FAC ¶ 35 (emphasis added).

Games Workshop again fails to adequately identify any specific copyrighted characters or sculptural works, and again fails to allege how Defendant's products are supposed to infringe its alleged publications. The FAC now mentions three Chapterhouse Studios products[4]—out of 106—but still fails to identify which of Plaintiff's works they allegedly infringe, or how. Must Defendant take discovery concerning the entire universe of Plaintiff's copyrights? Plaintiff's

---

[2] The FAC also alleges trademark infringement and related causes of action because Defendant refers to Plaintiff on its website. Although those causes of action are not at issue in this motion, Defendant uses prominent disclaimers taken from language approved by Plaintiff, and is confident that it will prevail on those causes of action as well.

[3] In addition, the FAC now alleges that at least one Chapterhouse Studios product "may" have infringed three earlier editions of one of its publications, in addition to unspecified "other" publications. FAC ¶30.a.

[4] The original Complaint mentioned only one, the "Super Heavy Assault Walker" [sic]. Compl. ¶ 28.

answer appears to be "Yes."

The FAC remains precisely the kind of vague and unspecified pleading that courts have either dismissed or required Plaintiff to further define in copyright infringement cases. Although the cases cited in Chapterhouse Studios's original motion to dismiss provide virtual step-by-step instructions for a well-pleaded copyright complaint, Games Workshop has chosen to ignore precedent, clear statutory language, and the advice of this Court. Instead, Games Workshop has recycled its original vague allegations—flaws intact—sprinkling in a few new equally vague allegations.

Games Workshop has twice failed to allege the basic elements of a copyright infringement claim, and its copyright infringement cause of action should be dismissed.

## II. PLAINTIFF AGAIN FAILS TO ALLEGE THE BASIC ELEMENTS OF A COPYRIGHT INFRINGEMENT CAUSE OF ACTION, AND ITS COPYRIGHT CLAIM SHOULD BE DISMISSED.

The FAC, like the original Complaint, fails to state a *prima facie* case of copyright infringement because it neither specifies the works it claims are infringed, nor adequately alleges the manner in which Defendant's works infringe those works. To state a *prima facie* case of copyright infringement, a plaintiff must allege both ownership of certain works protected by copyright, and that defendant has infringed its copyright by violating one of the exclusive rights granted to a copyright owner. *Mid America Title Co. v. Kirk*, 991 F.2d 417, 421 n.8 (7th Cir. 1993). Here Plaintiff fails for a second time to adequately allege either. First, it fails to adequately identify the allegedly infringed works. Second, it fails to adequately allege how Chapterhouse Studios infringes those unspecified works.

### A. Legal Standard.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must comply with Rule 8(a) by

providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). A complaint cannot merely state in conclusory fashion that there is a legal violation. *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937 (2009); *Twombly*, 550 U.S. 544. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. "In practice, a complaint … must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F. 2d 1101, 1106 (7th Cir. 1984) (internal quotation marks omitted; emphasis and omission in original). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950 (citing Fed. R. Civ. P. 8(a)(2); second alteration in original).

### B. The Copyright Claims Should Be Dismissed Because Plaintiff Again Fails to Adequately Identify the Allegedly Infringed Works.

A properly pleaded claim for copyright infringement must give defendant notice of the claims against it, by stating what works defendant is alleged to have infringed. The FAC, like the original Complaint, fails to adequately specify the works at issue. Indeed, Plaintiff now appears to concede that it *cannot*, even in principal, identify such works. And to the extent the FAC continues to allege Games Workshop's "ownership" of general, unprotectable themes, that it insufficient to cure the defect.

#### 1. Plaintiff Again Fails to Properly Specify the Works at Issue.

A copyright claim must, at a minimum, identify the works at issue. *Reinke & Associates Architects Inc. v. Cluxton*, No. 02 C 0725, 2002 WL 31817982, at *2 (N.D. Ill. Dec. 16, 2002)

-4-

(dismissing complaint because plaintiff failed to identify the work at issue); *Gee v. CBS, Inc.*, 471 F. Supp. 600, 643 (E.D. Pa. 1979), *aff'd* 612 F.2d 572 (3d Cir. 1979) (holding a complaint must state, *inter alia*, "which specific original work is the subject of the copyright claim . . . and by what acts and during what time defendant has infringed the copyright"). The requirement to plead ownership of particular works limits the universe of possible infringed works, without which a defendant cannot be certain what it is alleged to have done. Thus, "merely alleging that [plaintiff] own[s] certain copyrights and that Defendants have infringed on such copyrights is insufficient to meet the Rule 8 requirement" of providing notice. *Flynn v. Health Advocate, Inc.*, No. Civ. A. 03-3764, 2004 WL 51929, at *12 (E.D. Pa. Jan. 13, 2004) (dismissing copyright claim under Rule 12(b)(6) because allegations that plaintiff owned "a federal copyright in a collection of works" did not give notice of "what *specific* original work or works are the subject of Plaintiffs' copyright claim.") (emphasis in original); *see* 6 Patry on Copyright § 19:6 n.3 (2010) (decrying "blunderbuss complaints . . . used as leverage to obtain settlements," and stating that, for example, "if plaintiffs know 669 sound recordings have been infringed, they owe a duty of fair notice to specify each one.")

Moreover, a defendant is "entitled to know what particular portions of the copyrighted work [it is] charged with having infringed." *Cole v. Allen*, 3 F.R.D 236, 237 (S.D.N.Y. 1942); *Sharp v. Patterson*, No. 03 Civ. 8772, 2004 WL 2480426 (S.D.N.Y. Nov. 3, 2004). This is especially true when a plaintiff makes sweeping claims of ownership of large numbers of works, without giving details as to what has been infringed: such claims do not provide adequate notice to a defendant. In *Cole*, plaintiff alleged that a radio performance arranged and broadcast by defendants infringed a character named Charlie Chan and "other literary material, incidents, episodes, similarities and publicity values involved in, incidental to, and included within" six

copyrighted books. *Cole*, 3 F.R.D. at 237. The court, presuming that "it [was] not plaintiff's intention to charge that each and every episode, character and dialogue in such books was used by the defendants in the broadcast," ordered plaintiff to supply information about what particular portions of the works were supposedly infringed, in order to "enable [defendants] properly to prepare their answers." *Id*. "[I]n light of . . . the principle enshrined in Rule 8—namely, to provide defendants fair notice of the claims against them—a plaintiff suing for copyright infringement may not rest on bare-bones allegations that infringement occurred. Rather, [plaintiff] must identify the specific original work that is the subject of the claim as well as by what acts the defendant infringed the copyright." *Sharp*, 2004 WL 2480426, at *14 (holding that "[t]he obligation to identify the infringing and infringed works in a pleading is not satisfied by alleging a mass infringement of 69 different copyrighted letters by five different novels.")

Although Games Workshop continues to allege that *all* of Chapterhouse Studios's products infringe its "sculptural works" (FAC ¶ 35), it still does not identify *even a single sculptural work* in which it claims a copyright.[5] Instead, Plaintiff simply repeats the unsupported allegation that it produces "army figures . . . and a wide range of accessories," which are purportedly protected by copyright. FAC ¶ 12. Similarly, though Plaintiff continues to claim that *all* of Chapterhouse Studios's products infringe its "copyrighted characters" (FAC ¶ 35), it

---

[5] The FAC does refer to a "Carnifex" gaming figure. FAC ¶ 30.a. However, rather than explicitly allege ownership of the Carnifex as a sculptural work, Games Workshop merely claims that the term "Carnifex" is "original and proprietary to Games Workshop." *Id.* Games Workshop's confidence in its originality is misplaced. In fact, the word *carnifex* means "executioner" and originally referred to the public executioner in ancient Rome. Oxford English Dictionary (2d ed. 1989); online version at http://www.oed.com:80/Entry/28096 (March 2011) (last visited Mar. 24, 2011). Moreover, Games Workshop does not allege that the Carnifex is infringed by any Chapterhouse Studios product.

-6-

still does not identify a single infringed character.[6] In fact, just like the original Complaint, the FAC does not even allege that Plaintiff owns *any* copyrights in *any* characters. Plaintiff does identify a list of literary works, but it does not limit its allegations to those works: it implies that there are myriad other such works, that it fails to identify, that are infringed by Chapterhouse Studios's products. FAC ¶¶ 12, 30.a.

Even for the few publications it does list, Plaintiff once again fails to identify what portion of any work is allegedly infringed. Instead, the FAC continues simply to allege that each of Chapterhouse Studios's 106 products is "derived from . . . Games Workshop's copyrighted works" (FAC ¶ 34), and that each has been "copied from . . . Games Workshop's copyrighted characters and stories and sculptural works." FAC ¶ 35. But even the limited number of books and magazines actually specified in the FAC comprise thousands of pages. Like the complaint in *Cole*, Games Workshop's FAC fails to notify Chapterhouse Studios of which parts of the voluminous works it does plead are at issue. Are there unspecified characters described in Plaintiff's publications that are allegedly infringed by certain unnamed products offered by Chapterhouse Studios? Plaintiff's copyright allegations leave one to guess at the nature of its claims.

Plaintiff still refuses to foreclose the possibility that each of Chapterhouse Studios's products infringes nothing less than its entire "fantasy universe," as set forth in—potentially— each and every book, magazine, novel, piece of artwork, army figure, accessory, rulebook, hobby guide, or datasheet Games Workshop or its employees has ever produced, as well as "licensed products" presumably created by unidentified third parties. FAC ¶¶ 12-13. By failing to identify

---

[6] The FAC now alludes vaguely to "proprietary Space Marines characters," FAC ¶ 29, but still fails to specifically identify any character it alleges has been infringed. A group is not a character. *Gaiman v. McFarlane*, 360 F.3d 644, 660 (7th Cir. 2004) (character must have "a specific name and a specific appearance").

which works or which parts of voluminous publications are allegedly infringed, the FAC once again fails to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (citation omitted). Plaintiff's copyright claims should therefore be dismissed.

### 2. Plaintiff Concedes It Cannot Meet Its Burden of Identifying the Works Allegedly Infringed.

Astonishingly, Games Workshop concedes that it cannot identify *its own works* that have supposedly been infringed by Chapterhouse Studios's products. FAC ¶ 30 ("*only defendants know* for certain which . . . books and other publications they accessed and relied upon in creating [their] works") (emphasis added). But if Games Workshop cannot identify any works it believes have been infringed, it cannot possibly show substantial similarity, the *sine qua non* of infringement.[7] Tellingly, although the FAC now purports to "exemplify some of the ways in which Chapterhouse infringes Games Workshop's copyrighted works," it still fails to specifically identify which works are supposedly infringed. Instead, the handful of new allegations in the FAC repeat the flaws for which the Court faulted the original Complaint, by alluding vaguely to "other . . . publications" (FAC ¶ 30.a), "many . . . background works" (FAC ¶ 30.b), "a number of . . . Space Marine unit types" (FAC ¶ 30.c), and "vehicles and miniatures" (FAC ¶ 30.d). For example, Plaintiff now alleges that one of Chapterhouse Studios's products (a conversion kit) infringes an unidentified description and "representation" of a "Tervigon" in one of Games Workshop's publications—but also insists that "Chapterhouse may also have referred to and relied upon other Games Workshop publications. . . ." FAC ¶ 30.a. Even if alluding vaguely to a "representation" in a multi-page volume as the supposedly infringed source of a single

---

[7] At a minimum, Games Workshop is attempting impermissibly to shift the burden of identifying *its own works* to defendants.

-8-

Chapterhouse Studios product did give adequate notice as to that product—and it does not—Plaintiff's resolute refusal to limit the works it claims have been infringed by that product means that Chapterhouse Studios does not have adequate notice of Plaintiff's actual or potential claims.[8]

### 3. The Familiar, General Themes Plaintiff Claims to "Own" are Unprotectable as a Matter of Law.

Identifying only familiar, general themes and public domain elements as purportedly infringed "works" is fatal to a copyright claim. In *FASA Corp. v. Playmate Toys, Inc.*, 869 F. Supp. 1334 (N.D. Ill. 1994), the Court addressed strikingly similar copyright allegations by a gaming company against a rival. Plaintiff's Battletech battle-simulation game was set in a futuristic world where giant machines controlled by humans did the bulk of the fighting. (The game was similar to Plaintiff's Warhammer 40,000 game at issue in this case, in that it was set in a large open-ended universe, in which players conducted battles according to game rules that established the history and culture of that universe.) Players moved models on a board representing the terrain. Defendant had created a line of toys called Exosquad: war machines inhabiting a fictional universe where much of the fighting was carried out by these large, vaguely humanoid machines that fit the soldiers like exoskeletons. *Id.* at 1338-39. Plaintiff brought copyright claims, but did not identify "concrete details pertaining to the [imagined] universe." *Id*. at 1351. In ruling on the scope of the copyright claims, the Court recognized that these "familiar general themes" were unprotectable: "insofar as FASA's copyright infringement claim is predicated on the assertion that '[t]he Exosquad lives in a futuristic, interstellar, battle dominated environment significantly resembling the futuristic, interstellar, battle dominated

---

[8] If the Court disagrees and finds that paragraph 30.a of the FAC does give Chapterhouse Studios adequate notice of the basis for that particular alleged infringement, despite the vague and unspecified manner in which it is pleaded, it should either dismiss that claim as non-actionable on its face or Plaintiff's copyright claim should be limited to that alleged infringement.

BATTLETECH universe,' that aspect of the claim must fail because it rests on familiar general themes which are unprotectible elements." *Id.* at 1352; *see* 17 U.S.C. § 102(b) ("In no case does copyright protection for an original work of authorship extend to any *idea*, procedure, process, system, method of operation, *concept*, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work.") (emphases added).

Similarly, the court in *Peters v. West*, No. 10-CV-3951, Slip Copy, 2011 WL 831137 (N.D. Ill. Mar. 3, 2011) (Kendall, J.) recently dismissed a copyright claim under Rule 12(b)(6) because the similarities alleged were based on common and public-domain elements unprotected by copyright law. In that case, a rapper brought a copyright claim against a rival; in ruling on whether plaintiff had shown substantial similarity of the works sufficient to make out a *prima facie* case of infringement, the court first filtered out the elements of plaintiff's work "lack[ing] the requisite originality to warrant protection," such as elements that "enjoy[ed] a robust existence in the public domain long before being employed" by plaintiff. *Id.* at *4. Because the only elements plaintiff could point to as evidence of infringement were unprotectable, the court dismissed the complaint. *Id.* at *6.

Games Workshop concedes its games are "not [played] . . . with defined game places [sic], but in an open-ended world. . . ." FAC ¶ 9. This "open-ended world" is described in terms both vague and familiar. Plaintiff alleges it owns copyrights describing a "fantasy universe" that is "dark and forbidding," "ravaged by . . . conflict" and populated by "gothic armies . . . [and] genetically engineered super-warriors" as well as the armies of various inimical "alien," "enigmatic," and "unfathomable" creatures. FAC ¶ 11; *compare FASA*, 869 F. Supp. at 1341-42, 1351 (describing plaintiff's "futuristic, interstellar, battle dominated . . . universe," populated by, among others, warriors in "robot-like battle machines" and "genetically manipulated warriors").

Like the plaintiff in *FASA*, Games Workshop fails to identify concrete details that would render its fantasy universe protectable.

The FAC also now claims copyright protection for unspecified and commonplace elements such "an arrow," "Roman Numerals," and various unspecified "studs, arrow and cross arrow designs, inverted 'V' and Roman numeral icons." FAC ¶30.b, c. But all of those elements "enjoyed a robust existence in the public domain long before being employed" by Games Workshop, and as such are not protected by copyright. *Peters*, 2011 WL 831137 at *4. To the extent that Plaintiff's claims are based on such general, unprotectable themes and public-domain elements, they should be dismissed.

### C. Plaintiff Again Fails to Adequately State a Claim for Infringement of Any of the Exclusive Rights of a Copyright Owner.

Not only is it still unclear which of Plaintiff's alleged works are infringed, it also remains unclear how Chapterhouse Studios's products allegedly infringe those unspecified works. Because the FAC fails to allege specific acts of cognizable infringement, it fails to give Defendant adequate notice of the claims against it. The copyright infringement cause of action should be dismissed for this additional reason.

A complaint must give notice of *how* a defendant's works allegedly infringe. A "broad, sweeping allegation of infringement" does not comply with Rule 8; instead, "specific mention of those acts which infringe [is] necessary in order to assert a cause of action and [is] required so that the defendant can adequately respond." *Hartman v. Hallmark Cards, Inc.*, 639 F. Supp. 816, 820 (W.D. Mo. 1986), *aff'd*, 833 F.2d 117 (8th Cir. 1987). The plaintiff in *Hartman* had alleged that her copyrighted works were infringed not only by particular products, but also by "all other animated productions, paper products, dolls, toys, and any other merchandising and licensing products" manufactured by defendant. *Id*. In ruling on defendant's motion for summary

-11-

judgment, the court noted that "it does not appear that plaintiff has conformed to the requirements of Rule 8." *Id.* at 821. (The court granted summary judgment for defendants on the alternative ground that no reasonable jury could have found substantial similarity between the works. *Id.*) *See Gee v. CBS*, 471 F. Supp. at 643 (holding a complaint must state, *inter alia*, "by what acts . . . defendant has infringed the copyright").

Here Plaintiff makes just such sweeping allegations of infringement, claiming that *all* of Chapterhouse Studios's 106 products infringe *all* of Plaintiff's copyrighted works. FAC ¶¶ 34-35. Such vague allegations do not comply with Rule 8, which requires that the statement of a claim be not only short, but plain. Because the copyright claims fail to give the notice required by Rule 8, they should be dismissed.

To the extent that Plaintiff is attempting to plead that Chapterhouse Studios infringes its right to prepare derivative works,[9] it has failed to adequately plead such a claim. A "derivative work" is "a work based upon one or more preexisting works, such as a translation, musical arrangement, dramatization, fictionalization, motion picture version, sound recording, art reproduction, abridgment, condensation, or any other form in which a work may be recast, transformed, or adapted." 17 U.S.C. § 101. But "[a] work is not derivative . . . simply because it is 'based upon' . . . preexisting works." *Warner Bros. Entm't. Inc. v. RDR Books*, 575 F. Supp. 2d 513, 538 (S.D.N.Y 2008). Indeed, "[a] work is not derivative unless it has been substantially copied from the prior copyrighted work." *Houlihan v. McCourt*, No. 00 C 3390, 2002 WL 1769822, at *7 (N.D. Ill. July 29, 2002); *Harris Custom Builders, Inc. v. Hoffmeyer*, 92 F.3d 517 (7th Cir. 1996). Furthermore, the statute requires that a derivative work must be among the

---

[9] *See* FAC ¶¶ 28 [alleging Chapterhouse products "are derived from [and] inspired by . . . Games Workshop's copyrighted works"], 34 [alleging Chapterhouse products are "derived from . . . Games Workshop's copyrighted works"], 38-39 [alleging Chapterhouse's products are "derivative works based on Games Workshop's proprietary works"]).

-12-

SF:306173.1

examples listed in the definition, or must "recast, transform, or adapt" another work. *Ty, Inc. v. Publications Int'l, Ltd.*, 292 F.3d 512, 520 (7th Cir. 2002) (holding collector's guide not a derivative work, because "[t]he textual portions of a collectors' guide to copyrighted works are not among the examples of derivative works listed in the statute, and guides don't recast, transform, or adapt the things to which they are guides"); *RDR Books*, 575 F. Supp. 2d at 539 (finding no derivative work where "the material [was] not merely 'transformed from one medium to another' ") (quoting *Twin Peaks Prods., Inc. v. Publications Int'l, Ltd.*, 996 F.2d 1366, 1373 (2d Cir. 1993)).

Tellingly, Plaintiff continues to avoid any reference to the statutory definition of a derivative work. Instead, Plaintiff merely alleges that Chapterhouse Studios's products are "derived from" and "inspired by" Plaintiff's works. FAC ¶¶ 28, 34. That is not the definition of a derivative work for purposes of copyright law. To the extent Plaintiff relies on a theory that any work having *anything whatsoever* to do with another is *ipso facto* a derivative work, its allegations fail at the pleading stage. This "but-for" interpretation of the derivative works right has no basis. Even if it were assumed, for the sake of argument, that Chapterhouse Studios's products were "inspired by" Plaintiff's alleged works, inspiration is not infringement.

Because Games Workshop once again fails to identify any direct copying and fails to adequately plead infringement of its right to prepare derivative works, it has failed to adequately plead infringement by Chapterhouse Studios. The FAC should therefore be dismissed.

## III. CONCLUSION

Plaintiff has had ample opportunity to identify the works at issue and the nature of the alleged infringement. Instead, it has chosen to cut and paste its original, inadequate complaint, and add a handful of new, equally flawed allegations. The FAC, like the original Complaint,

-13-

fails to adequately plead copyright infringement by Chapterhouse Studios because it fails to adequately specify the allegedly infringed works and fails to identify copying of protectable elements, and because its allegations of copyright infringement are so vague and indefinite that they fail to give Chapterhouse Studios adequate notice of the claims against it. Plaintiff's copyright claim against Chapterhouse Studios should be dismissed.

Dated: March 28, 2011

Respectfully submitted,

CHAPTERHOUSE STUDIOS LLC

By: /s/ Jennifer Golinveaux
Jennifer Golinveaux (CA Bar No. 203056)
J. Caleb Donaldson (CA Bar No. 257271)
Thomas J. Kearney (CA Bar No. 267087)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5802
Phone: (415) 591-1000
Fax: (415) 591-1400
Email: jgolinveaux@winston.com,
jcdonaldson@winston.com,
tkearney@winston.com.

Catherine B. Diggins (IL Bar No. 6296237)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-1695
Phone: (312) 558-5600
Fax: (312) 558-5700
cdiggins@winston.com

*Attorneys for defendant Chapterhouse Studios LLC*

# **CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2011, I served true and correct copies of the following documents:

      DEFENDANT CHAPTERHOUSE STUDIOS' RENEWED RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COPYRIGHT CLAIMS

      MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CHAPTERHOUSE STUDIOS' RENEWED RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COPYRIGHT CLAIMS

      NOTICE OF MOTION

      DECLARATION OF THOMAS J. KEARNEY IN SUPPORT OF DEFENDANT CHAPTERHOUSE STUDIOS' RENEWED RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COPYRIGHT CLAIMS

upon Defendant Jon Paulson d/b/a Paulson Games by mailing it to his last known address at

      2232 College Road
      Downers Grove Illinois 60516

      /s/ Thomas J. Kearney
      One of the attorneys for Chapterhouse Studios LLC