IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAMES WORKSHOP LIMITED,<br><br>           Plaintiff,<br><br>   v.<br><br>CHAPTERHOUSE STUDIOS LLC and JON PAULSON d/b/a PAULSON GAMES<br><br>           Defendants. | Civil Action No. 1:10-cv-8103<br><br>Hon. Matthew F. Kennelly<br>Hon. Jeffrey T. Gilbert |

**PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES**

Plaintiff Games Workshop Limited ("Games Workshop"), by and through its undersigned counsel, respectfully submits this Motion to Compel Answers to Interrogatories (the "Motion") against Defendant Chapterhouse Studios LLC ("Chapterhouse"). For the reasons discussed below, the Court should grant the Motion and order Chapterhouse to respond to Interrogatory Nos. 1-2. In support of its Motion, Games Workshop states as follows:

**INTRODUCTION**

1. Chapterhouse's refusal to comply with its obligations under the Federal Rules of Civil Procedure leads to the current Motion. Games Workshop served Interrogatory Nos. 1-2 on March 25, 2011, at which time Chapterhouse was seeking leave to move to dismiss on grounds that the Complaint purportedly did not contain sufficient information regarding the works Chapterhouse is alleged to have infringed. Because Chapterhouse's entire business is devoted to trading on the success of Games Workshop's extensive portfolio of copyrighted works devoted

to its popular WARHAMMER and WARHAMMER 40,000 games, Games Workshop believed it was most efficient as an alternative to possible motion practice simply to determine at the outset which Games Workshop copyrighted works defendant had in its possession and whether it even purported to claim as inspiration for its accused products any other works of any third parties. Although the Court did not permit Chapterhouse to proceed with the motion, Games Workshop's initial limited discovery requests remain highly relevant to the basic issues in this action.

      2.      Specifically, Interrogatory No. 1 calls for an identification of Games Workshop's works in Chapterhouse's possession, custody or control so that Games Workshop can determine which of its specific works served as the inspiration for Chapterhouse's copying:

> Identify each Games Workshop publication, including (without limitation) copies of any of the works identified in paragraphs 12-14 of the Amended Complaint and/or any Games Workshop newsletter, and/or any Games Workshop miniatures and/or gaming accessories, that has ever been in Chapterhouse's possession, custody or control.

Exhibit A.

      3.      Similarly, Interrogatory No. 2 calls for an identification of all sources that Chapterhouse consulted, used, reviewed or relied on in deriving its infringing products:

> Identify any and all sources consulted, used, reviewed or relied on by Chapterhouse in creating each of the Accused Works.

Exhibit A.

      4.      Chapterhouse's answers to these interrogatories will help Games Workshop be able to focus its contentions on plaintiff's specific works in Chapterhouse's possession, custody or control that it consulted, used, reviewed or relied on in deriving its infringing products. Moreover, Chapterhouse has asserted as an affirmative defense that it "independently created" the accused works at issue in this action. Although Chapterhouse has at least agreed in principle

to produce documents responsive to Interrogatory No. 1, to date it has refused to answer Interrogatory No. 2 beyond its objections, as follows:

> In addition to its General Objections, Chapterhouse objects to this interrogatory as vague and ambiguous. Chapterhouse further objects to this interrogatory as unduly burdensome, oppressive, and seeking information outside the scope of discovery. Chapterhouse further objects specifically to the word "sources" as vague and ambiguous, and overbroad and unduly burdensome. Chapterhouse further objects to the string of participles "consulted, used, reviewed, or relied on" as vague and ambiguous, and overbroad and unduly burdensome.

Exhibit A.

5. The information sought by Interrogatory No. 2 is directly relevant to the claims and defenses of the parties and is reasonably calculated to lead to the discovery of admissible evidence.

## ARGUMENT

6. Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Chapterhouse's answers to Interrogatory Nos. 1-2 were due on or before **April 28, 2011**. *See* Fed. R. Civ. P. 33(b)(2).

7. As a good faith accommodation, Games Workshop has attempted to work with Chapterhouse to obtain answers to Interrogatory No. 2. Specifically, Games Workshop has attempted to engage Chapterhouse, both through letters and a meet and confer, in an effort to determine why Chapterhouse has refused and continues to refuse to answer the interrogatory, as further described in Paragraphs 9-12, *infra*.

8. To the extent that Chapterhouse continues to refuse to identify the sources it relied upon in creating the accused works, it should be precluded from using any of the information that should have been provided in its interrogatory answer as evidence to meet any of its burdens of proof in this case, including in support of its defense of independent creation.

*Holiday Inns, Inc. v. Robertshaw Controls, Co.*, 560 F.2d 856 (7th Cir. 1977) (ruling that the exclusion of evidence requested in the interrogatories not in error).

### STATEMENT UNDER L.R. 37.2

9. On May 4, 2011, counsel for Games Workshop directed a deficiency letter to Chapterhouse outlining the deficiencies and requesting that Chapterhouse immediately answer its interrogatories. Exhibit B.

10. On June 6, 2011, counsel for Games Workshop followed up on its May 4, 2011 letter to Chapterhouse by sending a second letter further outlining the deficiencies and requesting a meet and confer on these unresolved issues. Exhibit C.

11. The parties held a meet and confer on June 8, 2011, at 3:30 p.m. CDT. During the meet and confer, counsel for Chapterhouse agreed to provide substantive information in response to Interrogatory No. 2 and to do so within a business day.

12. Despite Chapterhouse's promises to provide the requested information within a day of the June 8, 2011 meet and confer, Chapterhouse still has not served any answer or additional information on Games Workshop. On June 9, 2011, when Chapterhouse still had not provided any additional information, Games Workshop renewed its request and Chapterhouse again assured Games Workshop the information would be forthcoming. On June 13, 2011, Games Workshop sent another letter to Chapterhouse following up on the agreements it thought the parties had reached at the June 8, 2011 meet and confer. Exhibit D. The letter requested that Chapterhouse provide its interrogatory answer or otherwise respond before the close of business on June 14, 2011. Chapterhouse has failed to provide any response to Games Workshops' letters and outstanding discovery requests.

13. Accordingly, as set forth above in detail in paragraphs 9-12 of this Motion, and as shown by attached Exhibits B-D, Games Workshop has in good faith conferred with

Chapterhouse in an effort to obtain answers to Interrogatory No. 2 without Court action, as required by Fed. R. Civ. P. 37(a)(1) and Local Rule 37.2. However, despite these efforts, Chapterhouse has refused to provide an answer, leading Games Workshop to seek an order directing Chapterhouse to respond.

## CONCLUSION

14. Accordingly, Games Workshop respectfully requests that the Court grant this Motion and direct Chapterhouse to respond to Interrogatory No. 2. Chapterhouse should not be permitted to use its boilerplate objections to prevent Games Workshop from obtaining the information it needs to prosecute this case. Alternatively, Games Workshop requests that the Court enter an order precluding Chapterhouse from relying upon any information called for by Interrogatory No. 2, including in support of its defense of independent creation. Stated differently, Chapterhouse should be precluded from contending it relied on any sources other than Games Workshop's copyrighted works. In addition, pursuant to Federal Rule of Civil Procedure 37(a)(4), the Court may apportion the reasonable expenses incurred in relation to a motion to compel among the parties in a just manner. Accordingly, should the Court determine that Chapterhouse's general objections are unfounded and its refusal to answer the interrogatories improper, Games Workshop should be reimbursed for at least one half of its reasonable expenses, including attorneys' fees, incurred in relation to this motion. *Nat'l Business Sys., Inc. v. AM Intern, Inc.*, 109 F.R.D. 172 (N.D. Ill. 1986).

**WHEREFORE**, Games Workshop respectfully requests that the Court enter an order (1) granting the Motion, (2) ordering Chapterhouse to respond to Interrogatory No. 2 or, alternatively, precluding Chapterhouse from relying upon any information called for by Interrogatory No. 2 as evidence to meet any of its burdens of proof, (3) ordering that Games Workshop be reimbursed for at least one half of its reasonable expenses, including attorneys'

fees, incurred in relation to this Motion, and (4) granting any such further relief as the Court deems appropriate and just.

Dated:  June 15, 2011                                         Respectfully submitted,

/s/  Scott R. Kaspar

Scott R. Kaspar (Ill. Bar No. 6284921)
Aaron J. Weinzierl (Ill. Bar No. 6294055)
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone:  312.832.4500
Facsimile:  312.832.4700
Email:  skaspar@foley.com;
aweinzierl@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Telephone:  (212) 682-7474
Facsimile:  (212) 687-3229
Email:  jmoskin@foley.com

*Attorneys for Plaintiff*
*Games Workshop Limited*

**CERTIFICATE OF SERVICE**

       I, Scott R. Kaspar, an attorney, hereby certify that on June 15, 2011, I caused to be filed electronically the foregoing PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES with the Clerk of the Court using the CM/ECF system, which will send an electronic copy of the foregoing to counsel of record and constitutes service under Federal Rule of Civil Procedure 5(b)(2)(D) pursuant to Local Rule 5.9 of the Northern District of Illinois.

                                                       /s/ Scott R. Kaspar