# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GAMES WORKSHOP LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:10-cv-08103 |
| v. | ) | |
| | ) | |
| CHAPTERHOUSE STUDIOS LLC and JON | ) | |
| PAULSON d/b/a PAULSON GAMES, | ) | |
| | ) | Judge Matthew F. Kennelly |
| Defendants. | ) | |

**DEFENDANT CHAPTERHOUSE STUDIOS LLC'S RESPONSE TO GAMES
WORKSHOP LTD.'S FIRST SET OF INTERROGATORIES
TO CHAPTERHOUSE STUDIOS LLC (NOS. 1-2)**

PROPOUNDING PARTY:      PLAINTIFF GAMES WORKSHOP LIMITED

RESPONDING PARTY:      DEFENDANT CHAPTERHOUSE STUDIOS LLC

SET:      ONE

Pursuant to Federal Rule of Civil Procedure 33, Defendant Chapterhouse Studios LLC ("Chapterhouse") hereby responds to the first set of Interrogatories from Plaintiff Games Workshop Limited ("Games Workshop"), as follows:

## GENERAL OBJECTIONS:

Chapterhouse incorporates the following General Objections as if set forth fully in response to each interrogatory in Games Workshop's First Set of Interrogatories.

1.      These responses are made solely for the purposes of this litigation. Chapterhouse has not completed its investigation into the facts of this case. The responses are based solely on the documents and information presently available and specifically known to Chapterhouse. Chapterhouse therefore responds without prejudice to its right to supplement its responses.

2.      Chapterhouse objects to each interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other doctrine. Any inadvertent disclosure of such information will not be deemed a waiver of the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity.

3.      Chapterhouse objects to each interrogatory to the extent that it purports to require Chapterhouse to disclose highly sensitive, confidential, or trade secret information of competitive and strategic significance.

4.      Chapterhouse objects to Games Workshop's First Set of Interrogatories in their entirety as overbroad, burdensome, oppressive, and vague.

5.      Chapterhouse objects to each interrogatory to the extent that it seeks information not reasonably related to the claims or defenses in this matter.

6.      Chapterhouse objects to each interrogatory to the extent that it purports to impose any requirement or discovery obligation on Chapterhouse other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court.

7.      Chapterhouse objects to the definition of "Chapterhouse" as overbroad to the extent it seeks information that is outside of Chapterhouse's possession, custody or control.

8.      Chapterhouse objects to the definition of "Defendants" as overbroad to the extent it seeks information from other entities that is outside of Chapterhouse's possession, custody or control.

9.      Chapterhouse objects to the definition of "Amended Complaint" as overbroad and impermissibly vague to the extent it purports to incorporate amendments Games Workshop has not yet filed.

10.    Chapterhouse objects to the definition of "Accused Works" as vague and ambiguous and overbroad and unduly burdensome the to the extent that it purports to encompass claims Games Workshop has not yet brought.

11.    Chapterhouse objects to the definition of "Identify" as overbroad and unduly burdensome and to the extent that it seeks information outside of Chapterhouse's possession, custody or control. Chapterhouse further objects to the definition of "Identify" as vague and ambiguous to the extent it purports to require a "description" of things.

12.    Chapterhouse specifically objects to paragraph 7 of Games Workshop's definitions and instructions as overbroad and oppressive to the extent it purports to impose any requirement or discovery obligation on Chapterhouse other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court.

## RESPONSES:

### INTERROGATORY REQUEST NO. 1:

Identify each Games Workshop publication, including (without limitation) copies of any of the works identified in paragraphs 12-14 of the Amended Complaint[1] and/or any Games Workshop newsletter, and/or any Games Workshop miniatures and/or gaming accessories, that has ever been in Chapterhouse's possession, custody or control.

### RESPONSE TO INTERROGATORY NO. 1:

In addition to its General Objections, Chapterhouse objects to this interrogatory as vague and ambiguous. Chapterhouse further objects to this interrogatory as overbroad, unduly

---

[1] These include: Warhammer 40,000 rule book (first through fifth editions); the Space Marine Collectors' Guide, (first or second edition); Warhammer 40,000 Tyranids (first through fourth editions); Warhammer 40,000 Space Marines (first through fourth editions); Warhammer 40,000 Dark Angels (first through third editions); Warhammer 40,000 Chaos Space Marines (first through fourth editions); Index Astartes II, January 2002; Index Astartes III, February 2004; Index Astartes IV, June 2005; The Horus Heresy Collected Visions, June 2007; The Art of Warhammer 40,000, January 2006; White Dwarf Magazine 249, September 2000; How to Paint Space Marines, April 2005; Soul Drinkers, September 2002; Games Workshop Complete Catalog & Hobby Reference 2006-2007.

burdensome, and seeking information outside the scope of permissible discovery. Chapterhouse further objects to this interrogatory insofar as it would purport to require Chapterhouse to determine what is a Games Workshop publication. Chapterhouse further objects to this interrogatory on the grounds and to the extent that it is duplicative of Games Workshop's Request for Production No. 1.

Notwithstanding and subject to its General and specific objections, Chapterhouse responds that it will make available for inspection documents and things responsive to Games Workshop's Request for Production No. 1.

**INTERROGATORY REQUEST NO. 2:**

Identify any and all sources consulted, used, reviewed or relied on by Chapterhouse in creating each of the Accused Works.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to its General Objections, Chapterhouse objects to this interrogatory as vague and ambiguous. Chapterhouse further objects to this interrogatory as unduly burdensome, oppressive, and seeking information outside the scope of discovery. Chapterhouse further objects specifically to the word "sources" as vague and ambiguous, and overbroad and unduly burdensome. Chapterhouse further objects to the string of participles "consulted, used, reviewed, or relied on" as vague and ambiguous, and overbroad and unduly burdensome.

Dated: April 28, 2011                Respectfully submitted,

                                     CHAPTERHOUSE STUDIOS LLC

                                     By: _____
                                         Jennifer Golinveaux (CA Bar No. 203056)
                                         J. Caleb Donaldson (CA Bar No. 257271)
                                         Thomas J. Kearney (CA Bar No. 267087)

4

WINSTON & STRAWN LLP
101 California Street
San Francisco, CA  94111-5802
Phone: (415) 591-1000
Fax: (415) 591-1400
jgolinveaux@winston.com
jcdonaldson@winston.com
tkearney@winston.com

Eric Mersmann (IL Bar No. 6286859)
Catherine B. Diggins (IL Bar No. 6296237)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-1695
Phone: (312) 558-5600
Fax: (312) 558-5700
emersmann@winston.com
cdiggins@winston.com

## VERIFICATION

I, Nicholas Villacci, declare:

I am authorized to make this verification for and on behalf of Defendant Chapterhouse Studio LLC, and I make this verification for that reason. I have read the foregoing DEFENDANT CHAPTERHOUSE STUDIOS LLC'S RESPONSE TO GAMES WORKSHOP LTD.'S FIRST SET OF INTERROGATORIES TO CHAPTERHOUSE STUDIOS LLC (NOS. 1-2) and know the contents thereof. On information and belief, the matters herein are true.

I declare under penalty of perjury that the foregoing is true and correct.

April 28, 2011

Nicholas Villacci

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2011, I provided service to the person or persons listed below

by the following means: First Class Mail.

Scott R. Kaspar
Aaron J. Weinzierl
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: 312.832.4500
Facsimile: 312.832.4700
Email: skaspar@foley.com;
aweinzierl@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

Jon Paulson
2232 College Rd
Downers Grove, IL 60516

Signature: _____        Date: April 28, 2011
Name            Carleen Chea

SF:306882.3

6

# EXHIBIT B



# FOLEY

**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW

90 PARK AVENUE
NEW YORK, NY 10016-1314
212.682.7474 TEL
212.687.2329 FAX
foley.com

WRITER'S DIRECT LINE
212.338.3572
jmoskin@foley.com EMAIL

CLIENT/MATTER NUMBER
099251-0101

May 4, 2011

<u>**VIA E-MAIL**</u>

Jennifer A. Golinveaux, Esq.
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

        Re:   <u>Games Workshop Group PLC</u>

Dear Jennifer:

      We have reviewed Chapterhouse's responses to Games Workshop's initial (limited) discovery requests. Regarding those Games Workshop original copyrighted materials in your client's possession (Interrogatory 1 and Document Request 1), please let us know when we can expect receipt of the same. Although we take issue with the objections raised to these requests, it is most important that we received promptly the responsive documents. Regarding Chapterhouse's refusal to identify or produce documents concerning the sources on which it relied in developing the accused works (Interrogatory 2), we consider the refusal to cooperate inexplicable. Perhaps you can explain your client's refusal to provide such basic information going to the heart of the case. Similarly, we fail to understand defendant's refusal to produce any of the materials reviewed in preparing responses to these requests (Document Request 2). It simply creates the appearance no documents were in fact reviewed.

      As a speaker at the Fordham IP Conference last week, I received an attendee list that suggested you were there. I had thought perhaps we might meet then to discuss these issues but that never happened. If we can not resolve the matter before the status conference next week, we will raise the issue with Judge Kennelly.

      In the meantime, I enclose Games Workshop's response to Chapterhouse's initial interrogatories.

                          Very truly yours,

                           Jonathan E. Moskin

JEM:se
Enclosures

cc.:   Scott Kaspar, Esq.
       Aaron Weinzierl, Esq.

BOSTON      JACKSONVILLE     MILWAUKEE     SAN DIEGO     SILICON VALLEY
BRUSSELS    LOS ANGELES     NEW YORK      SAN DIEGO/DEL MAR  TALLAHASSEE
CHICAGO     MADISON       ORLANDO       SAN FRANCISCO    TAMPA
DETROIT     MIAMI         SACRAMENTO   SHANGHAI      TOKYO
                                                      WASHINGTON, D.C.

NYC_1128620.1

# EXHIBIT C



**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW

90 PARK AVENUE
NEW YORK, NY 10016-1314
212.682.7474 TEL
212.687.2329 FAX
foley.com

WRITER'S DIRECT LINE
212.338.3572
jmoskin@foley.com EMAIL

CLIENT/MATTER NUMBER
099251-0101

June 6, 2011

<u>Via E-Mail</u>

Jennifer A. Golinveaux, Esq.
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

       Re:    <u>Games Workshop Group PLC</u>

Dear Jennifer:

      This letter is further to my letter of May 4, 2011 and your May 10 response. We remain at a loss to understand Chapterhouse's refusal to identify the sources on which it relied in developing the accused works (or produce documents concerning the same) as requested in Interrogatory 2 (or Document Request 2). Indeed, the position is directly contrary to Chapterhouse's affirmative defense of independent creation. If Chapterhouse in fact relied on no sources other than Games Workshop's copyrighted works in developing its own accused products, it must simply confirm the same. If not, it must identify those sources actually relied upon. Your client now has had over two months to do so.

      Similarly, your May 10 letter fails to explain defendant's refusal to produce any of the materials reviewed in preparing responses to Games Workshop's first requests (Document Request 2). It simply creates the appearance no documents were in fact reviewed, or perhaps more specifically, that Chapterhouse has no records to review to support its defense of independent creation.

      Please let us know if you are available tomorrow or Wednesday (or perhaps some other time this week) to confer by telephone regarding the same. We can also discuss options for both parties to produce their responsive documents.

                 Very truly yours,

                 Jonathan E. Moskin

JEM:se

cc.:   Scott Kaspar, Esq.
      Aaron Weinzierl, Esq.

BOSTON
BRUSSELS
CHICAGO
DETROIT

JACKSONVILLE
LOS ANGELES
MADISON
MIAMI

MILWAUKEE
NEW YORK
ORLANDO
SACRAMENTO

SAN DIEGO
SAN DIEGO/DEL MAR
SAN FRANCISCO
SHANGHAI

SILICON VALLEY
TALLAHASSEE
TAMPA
TOKYO
WASHINGTON, D.C.

NYC_1149554.1

# EXHIBIT D



# ▮FOLEY

**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW

90 PARK AVENUE
NEW YORK, NY 10016-1314
212.682.7474 TEL
212.687.2329 FAX
foley.com

WRITER'S DIRECT LINE
212.338.3572
jmoskin@foley.com EMAIL

CLIENT/MATTER NUMBER
099251-0101

June 13, 2011

**Via E-Mail**

J. Caleb Donaldson, Esq.
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

Re: Games Workshop Group PLC

Dear Caleb:

This letter is further to my letter of May 4, 2011 and our discussion last Wednesday. When we spoke, you said you would confer with your client and get back to me the next day regarding the requested identification by Chapterhouse of the sources on which it relied in developing the accused works as requested in Interrogatory 2 (or Document Request 2). I understand you were traveling part of one day, but despite the fact that your June 10 letter indicated you have spoken with your client since our call, we still do not know when we will receive any further information or what information we will receive.

You also told me when we spoke that your client had no existing catalog of its molds or sculpts reflecting the design process. However, what I had asked you to do was give us some further information about the nature of the physical objects at issue. I submit it would be considerably more burdensome for my client (or for us as counsel) to go to Texas to review what might be irrelevant materials than it would be for your client to provide some basic information. Thus, I ask you again to provide some indication what physical objects are in issue.

Please let us know, therefore, by no later than the close of business tomorrow what your client told you about his sources and provide some meaningful indication what are the physical things your client wants us to go to Texas to review. Finally, please let us know when we can expect to receive the supplemental response you contemplate to Interrogatory 2.

The balance of your letter raises some new issues that we did not discuss. We did discuss the authorship of individual works identified in Games Workshops' discovery responses. As I told you, the authors are identified in each of the printed publications. I suspect all of the information you request will also be identified in each of the publications (or simply does not exist – for instance, I do not believe there are any relevant licensees for most if not all of the works). However, I will want to confirm that with my client. I was not in the office today, but

BOSTON          JACKSONVILLE     MILWAUKEE       SAN DIEGO            SILICON VALLEY
BRUSSELS        LOS ANGELES      NEW YORK        SAN DIEGO/DEL MAR    TALLAHASSEE
CHICAGO         MADISON          ORLANDO         SAN FRANCISCO        TAMPA
DETROIT         MIAMI            SACRAMENTO      SHANGHAI             TOKYO
                                                                     WASHINGTON, D.C.

NYC_1164494.1


FOLEY & LARDNER LLP

Jon Paulson
Paulson Games
June 13, 2011
Page 2

do not envision having any problem confirming that tomorrow so that, as need be, we can also
confirm under Rule 33(d) that you will have the information soon.

Very truly yours,

Jonathan E. Moskin

JEM:se

cc.:  Jennifer A. Golinveaux, Esq.
      Scott Kaspar, Esq.
      Aaron Weinzierl, Esq.