**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GAMES WORKSHOP LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:10-cv-08103 |
| v. | ) | |
| | ) | |
| CHAPTERHOUSE STUDIOS LLC and | ) | |
| JON PAULSON d/b/a PAULSON GAMES, | ) | Judge Matthew F. Kennelly |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CHAPTERHOUSE STUDIOS LLC'S MOTION TO
COMPEL ANSWERS TO INTERROGATORIES 1 AND 2 AND
DOCUMENT REQUEST NO. 1**

## I.      Introduction

Plaintiff did not identify the specific works it claims have been infringed by

Defendant Chapterhouse Studios LLC's products in its Complaint or First Amended

Complaint.  Instead, it simply made a blanket allegation that all of Chapterhouse's

products infringed its entire made-up "universe," and provided a few examples.[1]

Defendant served early discovery seeking identification of the allegedly infringed works

and exemplars of the works for inspection.   Although Plaintiff responded to that

discovery with a chart identifying its claimed infringed works, it refuses to produce the

exemplars, instead only agreeing to produce documents "identifying the materials

identified" in its interrogatory responses.  The parties met and conferred by telephone on

June 8 and June 29, 2011 regarding the discovery at issue in this motion.  Plaintiff

refused to produce the requested exemplars or to supplement its interrogatory responses

with the requested information.

---

[1] FAC at ¶ 11.

The information Chapterhouse seeks is basic to this case. It is entitled to exemplars of each of the works Plaintiff claims are infringed so that it can compare them to Defendant's products. As soon as Defendant receives the exemplars, it intends to file a dispositive motion limited to the issue that there are no substantial similarities between Defendant's products and Plaintiff's alleged works. While Defendant thinks it will prevail on that motion in its entirety, even if the Court only grants the motion as to half of Defendant's 106 products at issue in this case, it would dramatically narrow the scope of discovery and the corresponding burden on both parties.[2]

Plaintiff also refuses to provide basic information requested about its claimed works, such as the author and creation date. This information is necessary to test Plaintiff's alleged ownership of the works and for other reasons.

## II.   Plaintiff Should Produce Exemplars of the Works at Issue

Chapterhouse served its First Request for Production of Documents (the "Document Request") on May 19, 2011.[3] Document Request Number One requested that Plaintiff provide examples of each work it had identified as infringed by any of Chapterhouse's products:

**REQUEST FOR PRODUCTION 1.**

For each of Chapterhouse's works identified in Exhibit A to your Responses to Chapterhouse Studios' First Set of Interrogatories, one exemplar of each of your works identified in the corresponding table entry of Exhibit A, produced in the same order in which they are listed in Exhibit A. If one page of a multi-page publication is identified in Exhibit A, produce the entire publication.

---

[2] Defendant Chapterhouse is a small business with very limited resources, whose sole proprietor runs the business out of his home.
[3] Defendant Chapterhouse Studios LLC's Request for Production of Documents to Games Workshop Limited Set One (attached hereto as Exhibit 1).

Plaintiff's response to the Document Request was non-responsive. Rather than agree to produce samples of the works as requested, Plaintiff stated that it would "produce documents identifying the materials identified" in its interrogatory responses.[4]

Chapterhouse must have examples of the things it is accused of infringing so that it can defend itself. A determination of substantial similarity—without which there is, and can be, no copyright infringement—requires a side-by-side comparison of the protectable elements of the works. *Bryant v. Gordon*, 483 F. Supp. 2d 605, 617 (N.D. Ill. 2007) (Kennelly, J.) (citing *Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 506 n.1, 510 (7th Cir. 1994)). This is impossible without actual examples of the works themselves. Chapterhouse believes that most of Plaintiff's copyright claims can be disposed of on summary judgment or a motion for judgment on the pleadings solely on the issue of substantial similarity, but in order to bring such a motion it must have copies of Plaintiff's allegedly infringed works. Plaintiff has refused to provide them, and so Chapterhouse asks the Court to intervene. During meet and confers on this issue, Plaintiff indicated that Defendant should just wait and see what Plaintiff chose to produce, and then decide if it was good enough. This is not sufficient. Defendant is entitled to exemplars of the alleged works, not merely "documents identifying the materials" Plaintiff has already identified. In any event, to date Plaintiff has produced nothing despite the fact that its responses were due June 21, 2011. A date certain for production should also be ordered.

---

[4] Plaintiff Games Workshop Studios LLC's [sic] Response to Request for Production of Documents to Games Workshop Limited Set One, at 2 (attached hereto as Exhibit 2). Plaintiff objected on only three grounds: 1) the work product doctrine; 2) that Plaintiff did not maintain the documents or things in the format requested; 3) that the term "exemplar" was vague and ambiguous. Plaintiff has thus waived all other objections.

### III.   Plaintiff Should Provide Basic Information About Its Claimed Works
### (Interrogatories 1and 2)

At the Court's suggestion, Chapterhouse served contention interrogatories on

Plaintiff on April 1, 2011 in order to determine what Plaintiff's copyright claims were

based on. Interrogatory No. 1 requested that Plaintiff identify its works it claims have

been infringed:

> **INTERROGATORY NO. 1:**
>
> Identify each infringement of your copyrights for which you claim
> Chapterhouse is liable, by identifying (a) the copyright infringed; (b) the
> allegedly infringing product or products; (c) the exclusive right or rights of
> the copyright owner, as set forth in 17 U.S.C. section 106, that you claim
> has been infringed; and (d) the specific conduct that constitutes the
> infringement.[5]

To ensure that Plaintiff also identified the specific works that it claimed each of

Chapterhouse's products had infringed, Chapterhouse also propounded Interrogatory

No. 2, which requested that Plaintiff match each of Chapterhouse's products to the

Plaintiff's works it allegedly infringed:

> **INTERROGATORY NO. 2:**
>
> For each of the one hundred and six Chapterhouse products that you allege
> infringes your copyrights, identify (a) each of your copyrights that you
> allege the product infringes; (b) the exclusive right or rights of the
> copyright owner, as set forth in 17 U.S.C. section 106, that you claim has
> been infringed; and (c) the specific conduct that constitutes the
> infringement.[6]

The interrogatories defined how to "identify" a "copyright" as follows:

> [I]dentify the work and specify whether it is literary, pictorial, graphic,
> sculptural, a character, or other (and if "other" what type of work); the
> author; the date of creation; the current owner; any current exclusive
> licensee; the U.S. copyright registration or application number if any; and

---

[5] Defendant Chapterhouse Studios LLC's Request for Interrogatories to Games
Workshop Limited Set One (attached hereto as Exhibit 3).
[6] *Id.*

4

in the case of multi-page works, the specific page and textual passage or passages, if any, of the work alleged to be infringed.[7]

Plaintiff provided the following vague, blanket response to both interrogatories, which did not provide the requested information:

> Games Workshops' characters and story-lines for its Warhammer and Warhammer 40,000 series of works are present in a vast number of works authored by Games Workshop, and only defendant knows which of the foregoing works (including the twenty works identified in the complaint) defendant accessed and consulted as inspiration for his 106 works in issue….[8]

Plaintiff also attached an Exhibit A, which listed "Games Workshop's . . . understanding" of the sources of Chapterhouse's works.[9]

Following meet and confer, Plaintiff served an amended response to Chapterhouse's First Set of Interrogatories (the "Amended Response"), which differed from Plaintiff's original response only in that it included the following:

> Pursuant to Fed. R. Civ. P. Rule 33(d), Games Workshop will produce documents responsive to this request identifying the authors and dates of first publication of the foregoing works, as well as Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007". Games Workshop further confirms that it is the sole owner of each of the foregoing works, none of which is licensed for use by third parties in the United States.[10]

The Amended Response did not indicate any changes to Plaintiff's Exhibit A.

The information Defendant has requested about the copyrights, namely author, date of creation, exclusive licensees if any, and U.S. copyright registrations if any, is directly relevant to at least the following fundamental issues:

---

[7] *Id.* at 3 (Definition 5(c)).

[8] Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories (attached hereto as Exhibit 4). Plaintiff also objected on two grounds: (1) that the interrogatories were premature, and (2) that they called for information in Chapterhouse's possession. Plaintiff has thus waived any other objections to Interrogatories Nos. 1 and 2. *Id.* at 1-2.

[9] Ex. 4 at 2, and Exhibit A thereto.

[10] Plaintiff's Amended Responses to Chapterhouse Studios' First Set of Interrogatories, at 2-3 (attached hereto as Exhibit 5).

- **Ownership.** Plaintiff bears the burden of establishing ownership of its copyrights. [11] *JCW Investments, Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007) ("To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.") (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991)). Information regarding the author and date of creation of each of Plaintiff's works is directly relevant to the question of ownership, because under relevant law the person who creates the work is its author, and is presumed to own the copyright in the work. Whether the author of a given work was employed by Plaintiff during the relevant times will also be relevant to determining ownership of the work.

- **Scope of Plaintiff's Copyrights.** Much of Plaintiff's claimed "universe" is drawn from the vast reservoir of science fiction and fantasy ideas that came before it, to say nothing of public domain elements taken from mythology, heraldry, and religious iconography. Use of such common elements cannot, as a matter of law, infringe Plaintiff's alleged copyrights, which protect only Plaintiff's limited original contributions to these pre-existing works. *See FASA Corp. v. Playmates Toys, Inc.*, 869 F. Supp. 1334, 1348 (N.D. Ill. 1994) ("copyright protection . . . is not extended to the preexisting material employed in the work"). Information about the authors and the dates of creation is necessary to allow Defendant to depose those individuals as to what sources they themselves relied upon, which will allow Chapterhouse to challenge the scope of Plaintiff's copyrights because elements derived from the public domain or other sources are unprotectable.

---

[11] United States copyright registrations create a rebuttable presumption of ownership, *JCW Investments*, 482 F.3d at 913 (citing 17 U.S.C. 401(c)), but Plaintiff has alleged registration of only one work, and has not identified that work as infringed by any of Chapterhouse's products.

- **Damages.**  Statutory damages are only available for copyrights registered with the United States Copyright Office prior to the alleged infringement. 17 U.S.C. § 412; *see also Elsevier B.V. v. UnitedHealth Group, Inc.*, No. 09 Civ. 2124(WHP),  2010 WL 150167, *4 (S.D.N.Y. Jan. 14, 2010) (foreign works not exempt from registration as prerequisite for seeking statutory damages). Plaintiff seeks statutory damages in this case, but has so far identified only one U.S. copyright registration, and that is for a work which it does not identify as infringed.  Information about copyright registrations and applications is directly relevant to the types of damages available in this case. If this discovery reveals that Plaintiff either does not own the works it claims, or has no registrations for such works, as Defendant expects, those issues would be ripe for summary judgment.

During meet and confer, Plaintiff said that Defendant would have to examine the works and find author information within the works themselves.  This is not adequate because many of the works are multi-page volumes with text, illustrations, and photographs, and are credited to multiple authors without any indication of which author created which part of the work; many are sculptural works, which are unlikely to have author information on the work; and many appear only to credit Plaintiff as the copyright owner, which does not suffice to identify the author of those works.  It is also unlikely the works will contain the other information requested in the Interrogatories.  For example, even if the works turn out to have a copyright date on them, Defendant requested information about the dates of creation, not the dates of copyright.[12]

---

[12] Many of the works identified by Plaintiff appear to be in books that have compiled artwork from various sources without attribution of either the works' ultimate sources or their dates of creation.

For all of these reasons, Plaintiff should be required to provide the requested information, namely the author; the date of creation; any exclusive licensee; and the U.S copyright registration or application number if any, for each of the works identified.

## IV.     CONCLUSION

Defendant is entitled to copies of the works Plaintiff claims in this case, to compare against its own products.  Merely receiving "documents identifying" those works is insufficient.  Defendant is also entitled to basic information about the copyrights Plaintiff claims, such as the author, the date of creation, and registration information. Defendant must have this information in order to investigate basic issues such as Plaintiff's ownership of copyrights, the scope of those copyrights, and damages. Plaintiff's response, that Defendant must instead study the works produced to glean this information for itself, is insufficient for the reasons stated above.

For these reasons, Defendant respectfully requests that the Court order Plaintiff to produce exemplars of the works claimed, in response to Defendant's Request for Production No. 1, and to provide the information requested about the copyrights claimed, in response to Interrogatories Nos. 1 and 2.


Dated: June 30, 2011                                Respectfully submitted,

                                                    CHAPTERHOUSE STUDIOS LLC

                                                    By:     /s/  Thomas J. Kearney
                                                    Jennifer Golinveaux (CA Bar No. 203056)
                                                    J. Caleb Donaldson (CA Bar No. 257271)
                                                    Thomas J. Kearney (CA Bar No. 267087)
                                                        WINSTON & STRAWN LLP
                                                        101 California Street
                                                        San Francisco, CA 94111-5802
                                                        Phone: (415) 591-1000
                                                        Fax: (415) 591-1400
                                                        jgolinveaux@winston.com
                                                        jcdonaldson@winston.com
                                                        tkearney@winston.com

9

Eric Mersmann (IL Bar No. 6286859)
Catherine B. Diggins (IL Bar No. 6296237)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-1695
Phone: (312) 558-5600
Fax: (312) 558-5700
emersmann@winston.com
cdiggins@winston.com

*Attorneys for defendant Chapterhouse Studios LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2011, I electronically filed the foregoing with the clerk of the

court by using the CM/ECF system, which will send a notice of electronic filing to the following

and constitutes service under Federal Rule of Civil Procedure 5(b)(2)(D), pursuant to Local

Rule 5.9:


Scott R. Kaspar
Aaron J. Weinzierl
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: 312.832.4500
Facsimile: 312.832.4700
Email: skaspar@foley.com
aweinzierl@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com


Ronald H. Spuhler
Ronald A. DiCerbo
Thomas J. Campbell Jr.
MCANDREWS, HELD & MALLOY LTD.
500 W. Madison Street – 34th Floor
Chicago, IL  60061
Telephone:  (312) 775-8000
Facsimile:  (312) 775-8100
Email:  rspuhler@mhmlaw.com
rdicerbo@mhmlaw.com
tcampbell@mcandrews-ip.com


Date: June 30, 2011                    __/s/ Thomas J. Kearney
                                       Thomas Kearney
                                       One of the attorneys for Chapterhouse Studios LLC

SF:313599.1