# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

GAMES WORKSHOP LIMITED, )
)
   Plaintiff, )
)  Case No. 1:10-cv-08103
v. )
)
CHAPTERHOUSE STUDIOS LLC and JON )
PAULSON d/b/a PAULSON GAMES, )
)  Judge Matthew F. Kennelly
   Defendants. )

**DEFENDANT CHAPTERHOUSE STUDIOS LLC'S FIRST SUPPLEMENTAL
RESPONSE TO GAMES WORKSHOP LTD.'S FIRST SET OF INTERROGATORIES
TO CHAPTERHOUSE STUDIOS LLC (NOS. 1-2)**

PROPOUNDING PARTY:   PLAINTIFF GAMES WORKSHOP LIMITED

RESPONDING PARTY:   DEFENDANT CHAPTERHOUSE STUDIOS LLC

SET:       ONE

   Pursuant to Federal Rule of Civil Procedure 33, Defendant Chapterhouse Studios LLC

("Chapterhouse") hereby supplements its response to the first set of Interrogatories from Plaintiff

Games Workshop Limited ("Games Workshop"), as follows:

**<u>GENERAL OBJECTIONS:</u>**

   Chapterhouse incorporates the following General Objections as if set forth fully in

response to each interrogatory in Games Workshop's First Set of Interrogatories.

   1.  These responses are made solely for the purposes of this litigation. Chapterhouse

has not completed its investigation into the facts of this case. The responses are based solely on

the documents and information presently available and specifically known to Chapterhouse.

Chapterhouse therefore responds without prejudice to its right to supplement its responses.

2. Chapterhouse objects to each interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other doctrine. Any inadvertent disclosure of such information will not be deemed a waiver of the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity.

3. Chapterhouse objects to each interrogatory to the extent that it purports to require Chapterhouse to disclose highly sensitive, confidential, or trade secret information of competitive and strategic significance.

4. Chapterhouse objects to Games Workshop's First Set of Interrogatories in their entirety as overbroad, burdensome, oppressive, and vague.

5. Chapterhouse objects to each interrogatory to the extent that it seeks information not reasonably related to the claims or defenses in this matter.

6. Chapterhouse objects to each interrogatory to the extent that it purports to impose any requirement or discovery obligation on Chapterhouse other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court.

7. Chapterhouse objects to the definition of "Chapterhouse" as overbroad to the extent it seeks information that is outside of Chapterhouse's possession, custody or control.

8. Chapterhouse objects to the definition of "Defendants" as overbroad to the extent it seeks information from other entities that is outside of Chapterhouse's possession, custody or control.

9. Chapterhouse objects to the definition of "Amended Complaint" as overbroad and impermissibly vague to the extent it purports to incorporate amendments Games Workshop has not yet filed.

10.     Chapterhouse objects to the definition of "Accused Works" as vague and ambiguous and overbroad and unduly burdensome the to the extent that it purports to encompass claims Games Workshop has not yet brought.

11.     Chapterhouse objects to the definition of "Identify" as overbroad and unduly burdensome and to the extent that it seeks information outside of Chapterhouse's possession, custody or control. Chapterhouse further objects to the definition of "Identify" as vague and ambiguous to the extent it purports to require a "description" of things.

12.     Chapterhouse specifically objects to paragraph 7 of Games Workshop's definitions and instructions as overbroad and oppressive to the extent it purports to impose any requirement or discovery obligation on Chapterhouse other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court.

## RESPONSES

### INTERROGATORY REQUEST NO. 1:

Identify each Games Workshop publication, including (without limitation) copies of any of the works identified in paragraphs 12-14 of the Amended Complaint[1] and/or any Games Workshop newsletter, and/or any Games Workshop miniatures and/or gaming accessories, that has ever been in Chapterhouse's possession, custody or control.

### RESPONSE TO INTERROGATORY NO. 1:

In addition to its General Objections, Chapterhouse objects to this interrogatory as vague and ambiguous. Chapterhouse further objects to this interrogatory as overbroad, unduly

---

[1] These include: Warhammer 40,000 rule book (first through fifth editions); the Space Marine Collectors' Guide, (first or second edition); Warhammer 40,000 Tyranids (first through fourth editions); Warhammer 40,000 Space Marines (first through fourth editions); Warhammer 40,000 Dark Angels (first through third editions); Warhammer 40,000 Chaos Space Marines (first through fourth editions); Index Astartes II, January 2002; Index Astartes III, February 2004; Index Astartes IV, June 2005; The Horus Heresy Collected Visions, June 2007; The Art of Warhammer 40,000, January 2006; White Dwarf Magazine 249, September 2000; How to Paint Space Marines, April 2005; Soul Drinkers, September 2002; Games Workshop Complete Catalog & Hobby Reference 2006-2007.

burdensome, and seeking information outside the scope of permissible discovery. Chapterhouse further objects to this interrogatory insofar as it would purport to require Chapterhouse to determine what is a Games Workshop publication. Chapterhouse further objects to this interrogatory on the grounds and to the extent that it is duplicative of Games Workshop's Request for Production No. 1.

Notwithstanding and subject to its General and specific objections, Chapterhouse responds that it will make available for inspection documents and things responsive to Games Workshop's Request for Production No. 1.

**INTERROGATORY REQUEST NO. 2:**

Identify any and all sources consulted, used, reviewed or relied on by Chapterhouse in creating each of the Accused Works.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to its General Objections, Chapterhouse objects to this interrogatory as vague and ambiguous. Chapterhouse further objects to this interrogatory as unduly burdensome, oppressive, and seeking information outside the scope of discovery. Chapterhouse further objects specifically to the word "sources" as vague and ambiguous, and overbroad and unduly burdensome. Chapterhouse further objects to the string of participles "consulted, used, reviewed, or relied on" as vague and ambiguous, and overbroad and unduly burdensome.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

In addition to its General Objections, Chapterhouse objects to this interrogatory as vague and ambiguous. Chapterhouse further objects to this interrogatory as unduly burdensome, oppressive, and seeking information outside the scope of discovery. Chapterhouse further objects specifically to the word "sources" as vague and ambiguous, and overbroad and unduly burdensome. Chapterhouse further objects to the string of participles "consulted, used, reviewed,

or relied on" as vague and ambiguous, and overbroad and unduly burdensome. This interrogatory appears to call for a comprehensive list of Chapterhouse's influences, but creative inspiration is not amenable to easy dissection.

Without waiving, and subject to, its General and specific objections, Chapterhouse responds that, regarding the works Chapterhouse creates, Chapterhouse draws inspiration in carrying degrees from many different disciplines and sources, including, but not limited to mythology, military history, fiction, film, videogames, physics, biology, gaming, and many other disciplines and areas of study and cultural expression. Chapterhouse notes that the Internet provides a wealth of informational and inspirational material for all creative endeavors, and that Chapterhouse performs Internet and other research when creating its products.

Dated: June 17, 2011

Respectfully submitted,

CHAPTERHOUSE STUDIOS LLC

By: _____

Jennifer Golinveaux (CA Bar No. 203056)
J. Caleb Donaldson (CA Bar No. 257271)
Thomas J. Kearney (CA Bar No. 267087)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA  94111-5802
Phone: (415) 591-1000
Fax: (415) 591-1400
jgolinveaux@winston.com
jcdonaldson@winston.com
tkearney@winston.com

Eric Mersmann (IL Bar No. 6286859)
Catherine B. Diggins (IL Bar No. 6296237)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-1695
Phone: (312) 558-5600

Fax: (312) 558-5700
emersmann@winston.com
cdiggins@winston.com

## VERIFICATION

I, Nicholas Villacci, declare:

I am authorized to make this verification for and on behalf of Defendant Chapterhouse Studio LLC, and I make this verification for that reason. I have read the foregoing DEFENDANT CHAPTERHOUSE STUDIOS LLC'S FIRST SUPPLEMENTAL RESPONSE TO GAMES WORKSHOP LTD.'S FIRST SET OF INTERROGATORIES TO CHAPTERHOUSE STUDIOS LLC (NOS. 1-2) and know the contents thereof. On information and belief, the matters herein are true.

I declare under penalty of perjury that the foregoing is true and correct.

June 17, 2011

_____
Nicholas Villacci

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2011, I provided service to the person or persons listed below by

the following means: First Class Mail.

Scott R. Kaspar
Aaron J. Weinzierl
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: 312.832.4500
Facsimile: 312.832.4700
Email: skaspar@foley.com
aweinzierl@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

Ronald H. Spuhler
Ronald A. DiCerbo
Thomas J. Campbell Jr.
MCANDREWS, HELD & MALLOY LTD.
500 W. Madison Street – 34th Floor
Chicago, IL  60061
Telephone:  (312) 775-8000
Facsimile:  (312) 775-8100
Email:  rspuhler@mhmlaw.com
rdicerbo@mhmlaw.com
tcampbell@mcandrews-ip.com

Signature: _____          Date:  June 17, 2011
Name          Carleen Chea

8

SF:.2

# EXHIBIT B



**FOLEY**

FOLEY & LARDNER LLP

ATTORNEYS AT LAW

90 PARK AVENUE
NEW YORK, NY  10016-1314
212.682.7474 TEL
212.687.2329 FAX
foley.com

WRITER'S DIRECT LINE
212.338.3572
jmoskin@foley.com EMAIL

CLIENT/MATTER NUMBER
099251-0101

May 4, 2011

<u>VIA E-MAIL</u>

Jennifer A. Golinveaux, Esq.
Winston & Strawn LLP
101 California Street
San Francisco, CA  94111-5802

Re:    <u>Games Workshop Group PLC</u>

Dear Jennifer:

We have reviewed Chapterhouse's responses to Games Workshop's initial (limited) discovery requests.  Regarding those Games Workshop original copyrighted materials in your client's possession (Interrogatory 1 and Document Request 1), please let us know when we can expect receipt of the same.  Although we take issue with the objections raised to these requests, it is most important that we received promptly the responsive documents.  Regarding Chapterhouse's refusal to identify or produce documents concerning the sources on which it relied in developing the accused works (Interrogatory 2), we consider the refusal to cooperate inexplicable.  Perhaps you can explain your client's refusal to provide such basic information going to the heart of the case.  Similarly, we fail to understand defendant's refusal to produce any of the materials reviewed in preparing responses to these requests (Document Request 2).  It simply creates the appearance no documents were in fact reviewed.

As a speaker at the Fordham IP Conference last week, I received an attendee list that suggested you were there.  I had thought perhaps we might meet then to discuss these issues but that never happened.  If we can not resolve the matter before the status conference next week, we will raise the issue with Judge Kennelly.

In the meantime, I enclose Games Workshop's response to Chapterhouse's initial interrogatories.

Very truly yours,

Jonathan E. Moskin

JEM:se
Enclosures

cc.:   Scott Kaspar, Esq.
       Aaron Weinzierl, Esq.

BOSTON          JACKSONVILLE     MILWAUKEE     SAN DIEGO          SILICON VALLEY
BRUSSELS        LOS ANGELES      NEW YORK      SAN DIEGO/DEL MAR  TALLAHASSEE
CHICAGO         MADISON          ORLANDO       SAN FRANCISCO      TAMPA
DETROIT         MIAMI            SACRAMENTO    SHANGHAI           TOKYO
                                                                 WASHINGTON, D.C.

# EXHIBIT C



**FOLEY & LARDNER LLP**

**ATTORNEYS AT LAW**

90 PARK AVENUE
NEW YORK, NY  10016-1314
212.682.7474 TEL
212.687.2329 FAX
foley.com

WRITER'S DIRECT LINE
212.338.3572
jmoskin@foley.com EMAIL

CLIENT/MATTER NUMBER
099251-0101

June 6, 2011

<u>Via E-Mail</u>

Jennifer A. Golinveaux, Esq.
Winston & Strawn LLP
101 California Street
San Francisco, CA  94111-5802

   Re: <u>Games Workshop Group PLC</u>

Dear Jennifer:

  This letter is further to my letter of May 4, 2011 and your May 10 response.  We remain at a loss to understand Chapterhouse's refusal to identify the sources on which it relied in developing the accused works (or produce documents concerning the same) as requested in Interrogatory 2 (or Document Request 2).  Indeed, the position is directly contrary to Chapterhouse's affirmative defense of independent creation.  If Chapterhouse in fact relied on no sources other than Games Workshop's copyrighted works in developing its own accused products, it must simply confirm the same.  If not, it must identify those sources actually relied upon.  Your client now has had over two months to do so.

  Similarly, your May 10 letter fails to explain defendant's refusal to produce any of the materials reviewed in preparing responses to Games Workshop's first requests (Document Request 2).  It simply creates the appearance no documents were in fact reviewed, or perhaps more specifically, that Chapterhouse has no records to review to support its defense of independent creation.

  Please let us know if you are available tomorrow or Wednesday (or perhaps some other time this week) to confer by telephone regarding the same.  We can also discuss options for both parties to produce their responsive documents.

       Very truly yours,

       Jonathan E. Moskin

JEM:se

cc.: Scott Kaspar, Esq.
  Aaron Weinzierl, Esq.

BOSTON JACKSONVILLE MILWAUKEE SAN DIEGO SILICON VALLEY
BRUSSELS LOS ANGELES NEW YORK SAN DIEGO/DEL MAR TALLAHASSEE
CHICAGO MADISON ORLANDO SAN FRANCISCO TAMPA
DETROIT MIAMI SACRAMENTO SHANGHAI TOKYO
    WASHINGTON, D.C.

NYC_1149554.1

# EXHIBIT D



**FOLEY**

**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW

90 PARK AVENUE
NEW YORK, NY 10016-1314
212.682.7474 TEL
212.687.2329 FAX
foley.com

WRITER'S DIRECT LINE
212.338.3572
jmoskin@foley.com EMAIL

CLIENT/MATTER NUMBER
099251-0101

June 13, 2011

<u>VIA E-MAIL</u>

J. Caleb Donaldson, Esq.
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

      Re:    <u>Games Workshop Group PLC</u>

Dear Caleb:

      This letter is further to my letter of May 4, 2011 and our discussion last Wednesday. When we spoke, you said you would confer with your client and get back to me the next day regarding the requested identification by Chapterhouse of the sources on which it relied in developing the accused works as requested in Interrogatory 2 (or Document Request 2). I understand you were traveling part of one day, but despite the fact that your June 10 letter indicated you have spoken with your client since our call, we still do not know when we will receive any further information or what information we will receive.

      You also told me when we spoke that your client had no existing catalog of its molds or sculpts reflecting the design process. However, what I had asked you to do was give us some further information about the nature of the physical objects at issue. I submit it would be considerably more burdensome for my client (or for us as counsel) to go to Texas to review what might be irrelevant materials than it would be for your client to provide some basic information. Thus, I ask you again to provide some indication what physical objects are in issue.

      Please let us know, therefore, by no later than the close of business tomorrow what your client told you about his sources and provide some meaningful indication what are the physical things your client wants us to go to Texas to review. Finally, please let us know when we can expect to receive the supplemental response you contemplate to Interrogatory 2.

      The balance of your letter raises some new issues that we did not discuss. We did discuss the authorship of individual works identified in Games Workshops' discovery responses. As I told you, the authors are identified in each of the printed publications. I suspect all of the information you request will also be identified in each of the publications (or simply does not exist – for instance, I do not believe there are any relevant licensees for most if not all of the works). However, I will want to confirm that with my client. I was not in the office today, but

BOSTON
BRUSSELS
CHICAGO
DETROIT

JACKSONVILLE
LOS ANGELES
MADISON
MIAMI

MILWAUKEE
NEW YORK
ORLANDO
SACRAMENTO

SAN DIEGO
SAN DIEGO/DEL MAR
SAN FRANCISCO
SHANGHAI

SILICON VALLEY
TALLAHASSEE
TAMPA
TOKYO
WASHINGTON, D.C.

NYC_1164494.1



**FOLEY & LARDNER LLP**

Jon Paulson
Paulson Games
June 13, 2011
Page 2

do not envision having any problem confirming that tomorrow so that, as need be, we can also confirm under Rule 33(d) that you will have the information soon.

Very truly yours,

Jonathan E. Moskin

JEM:se

cc.:   Jennifer A. Golinveaux, Esq.
       Scott Kaspar, Esq.
       Aaron Weinzierl, Esq.

# EXHIBIT E

## Kaspar, Scott R.

| | |
|---|---|
| **From:** | Moskin, Jonathan |
| **Sent:** | Friday, June 24, 2011 11:04 AM |
| **To:** | Kearney, Tom J. |
| **Cc:** | Golinveaux, Jennifer A.; Donaldson, J. Caleb; Mersmann, Eric J.; Raffensperger, Jon; Kaspar, Scott R. |
| **Subject:** | RE: Correspondence -- Games Workshop Limited v. Chapterhouse Studios, LLC |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Red |

I was a little surprised the needlessly confrontational tone of your letter. I hesitate to accuse Chapterhouse of seeking to manufacture some "tit-for-tat" discovery dispute, but rather than engage in wasteful semantic speculation, if you had any uncertainty what Games Workshop meant by its answer to Chapterhouse's document request, why didn't you just ask? In fact, we attached no technical significance to the generic term "materials". Those "works" or "materials" or whatever you wish to call them are being assembled and readied for production, which is a little bit of a burden given their volume and format. If you have any questions after receipt, there will be time enough to discuss such questions then.

In the meantime, because Chapterhouse evidently has an understanding of Judge Kennelly's instructions to produce an amended response to Interrogatory No 2 that is different from ours, can you tell us when we can expect to receive it? Certainly, I would think you would want us to have it in hand before we prepare our status report next week so that we can assess its completeness before reporting to the judge. (For our part, we would expect the amended response to be similar in format to the chart we prepared, itemizing for each accused work the sources (if any) on which Chapterhouse purports to have relied, just as Games Workshop attempted to itemize the Games Workshop works it believes your client used as his sources.) Please also let me know whether you are still willing to provide a summary of some sort of the materials (or works) your client is holding responsive to Interrogatory No. 1 as I thought was promised on June 8.

Best regards,

Jonathan

---

**From:** Schuh, Lisa [mailto:LSchuh@winston.com]
**Sent:** Thursday, June 23, 2011 7:41 PM
**To:** Kaspar, Scott R.; Moskin, Jonathan
**Cc:** Golinveaux, Jennifer A.; Donaldson, J. Caleb; Mersmann, Eric J.; Kearney, Tom J.; Raffensperger, Jon
**Subject:** Correspondence -- Games Workshop Limited v. Chapterhouse Studios, LLC

Dear Counsel:

Attached find correspondence from Thomas Kearney, Esq. regarding *Games Workshop v. Chapterhouse Studios.* Thank you.

Lisa Schuh on behalf of
Thomas J. Kearney, Esq.
**Legal Secretary**
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802
T: +1 (415) 591-1000
D: +1 (415) 591-6854

F: +1 (415) 591-1400

Email | www.winston.com



The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
*******************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

**Kaspar, Scott R.**

| | |
|---|---|
| **From:** | Moskin, Jonathan |
| **Sent:** | Monday, June 27, 2011 10:21 AM |
| **To:** | Kearney, Tom J. |
| **Cc:** | Kaspar, Scott R.; Golinveaux, Jennifer A.; Donaldson, J. Caleb; Mersmann, Eric J.; Raffensperger, Jon |
| **Subject:** | RE: Correspondence -- Games Workshop Limited v. Chapterhouse Studios, LLC |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Red |

I was out of the office Friday afternoon, but will respond to your June 24 letter.

I believe your June 23 letter speaks for itself. I had thought I had answered the concerns you raised in that letter regarding Games Workshop's discovery responses and forthcoming document production. However, although we have repeatedly explained this in the past, where you seem to be trying to fit a round peg into a square hole is by use of the word "exemplar", as not every characterization or story line that Games Workshop alleges has been copied or used as source material and inspiration by Chapterhouse in creating its derivative works exists as a discrete item. Although we believe your client knows perfectly well which Games Workshop works he relied on in creating the accused works, if you have any lingering questions, I continue to believe you would be best served by reviewing the actual materials we are assembling, consisting of the actual works identified in Games Workshop's interrogatory answers.

What your letter did not address were the questions in my email earlier Friday morning, namely (i) if you will tell us when we can expect to receive Chapterhouse's response to Interrogatory No 2, and (ii) whether you are still willing to provide a summary of the materials (or works) your client is holding responsive to Interrogatory No. 1, as promised on June 8?

Best regards,

Jonathan

---

**From:** Schuh, Lisa [mailto:LSchuh@winston.com]
**Sent:** Friday, June 24, 2011 2:46 PM
**To:** Moskin, Jonathan
**Cc:** Kaspar, Scott R.; Golinveaux, Jennifer A.; Donaldson, J. Caleb; Mersmann, Eric J.; Kearney, Tom J.; Raffensperger, Jon
**Subject:** Correspondence -- Games Workshop Limited v. Chapterhouse Studios, LLC

Dear Counsel:

Attached find correspondence from Thomas Kearney regarding *Games Workshop v. Chapterhouse Studios.* Thank you.

**Lisa Schuh** on behalf of
Thomas Kearney
**Legal Secretary**
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802
T: +1 (415) 591-1000

6/30/2011

D: +1 (415) 591-6854
F: +1 (415) 591-1400
Email | www.winston.com

WINSTON
&STRAWN
LLP

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

6/30/2011