IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAMES WORKSHOP LIMITED,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>CHAPTERHOUSE STUDIOS LLC and JON PAULSON d/b/a PAULSON GAMES<br><br>　　　　　　　　　　　　Defendants. | Civil Action No. 1:10-cv-8103<br><br>Hon. Matthew F. Kennelly<br>Hon. Jeffrey T. Gilbert |

**PLAINTIFF'S MOTION FOR 3O-DAY EXTENSION OF TIME TO AMEND PLEADINGS**

　　　　Plaintiff Games Workshop Limited ("Games Workshop") moves this Court for an Order extending the deadline to amend pleadings by 30 days, or August 31, 2011. In support of its motion, Games Workshop states as follows:

　　　　1.　　Pursuant to this Court's scheduling order dated February 28, 2011 (Dkt. No. 23), the deadline for amending pleadings is August 1, 2011.

　　　　2.　　Despite having commenced discovery more than four months ago, to date Games Workshop has yet to receive *any* substantive responses to its first or second sets of interrogatories and document requests (served March 25, 2011 and May 27, 2011, respectively), notwithstanding the Court's Order directing Defendant Chapterhouse Studios LLC ("Chapterhouse") to respond. (Dkt. No. 66.) Rather, Games Workshop only has received objections to the interrogatories and unfulfilled promises to produce documents.

1

3.      Games Workshop has identified 97 products of Chapterhouse that it believes to be infringing based on the similarities of the products to original sources, Chapterhouse's admissions of access and copying, and the exclusive focus of Chapterhouse's business on trading on Games Workshop's original works.  However, Games Workshop is aware of additional new products of Chapterhouse that may need to be brought into this lawsuit, and before making any final accusations of copying, Games Workshop had expected to have received at least some discovery from Chapterhouse, including any evidence of independent creation (if there is any). In fact, Games Workshop has received none.

4.      Chapterhouse's discovery failures also have raised the question of whether additional parties will need to be named.  For instance, Chapterhouse's Answer denies that the address Chapterhouse lists on its website is its actual address.  Despite asserting to the Court that it would be too burdensome to move the items responsive to Games Workshop's first set of discovery requests that it was ordered to produce, Chapterhouse has now stated that it would finally make available for inspection the at a neutral third-party site in Dallas, not its actual office, evidently seeking to conceal its actual place of business.  Given these new questions about Chapterhouse's corporate form, Games Workshop questions whether it will need to add as parties the individual owners and managers of Chapterhouse, but their identities are still not known because Chapterhouse refused to identify the names in response to Games Workshop's interrogatories pending entry of a protective order, and has continued to withhold this critical information even though the Court entered a protective order on July 12, 2011.  Games Workshop also may need to add third-party suppliers and distributors, but their identities likewise remain unknown because Chapterhouse has refused to identify them on the same confidentiality grounds.

5.  The Court has set an in chambers status conference for August 9, 2011, in which to discuss outstanding discovery disputes, including Games Workshop's motions to compel discovery (Dkt. Nos. 56 & 63) that were granted on July 6, 2011 (Dkt. No. 66). Accordingly, Games Workshop hopes that soon it will be receiving the critical discovery that it needs to begin moving this case forward.

6.  Therefore, Games Workshop requests that the Court extend the deadline for amending pleadings by 30 days, or until August 31, 2011.

7.  Counsel for Games Workshop notified counsel for Chapterhouse of its intent to seek such an extension of time, and counsel for Chapterhouse declined to join the motion and reserved its right to oppose the motion.

**WHEREFORE**, Games Workshop respectfully requests that this Honorable Court extend the deadline to amend pleadings by 30 days, or until August 31, 2011.

Dated: July 29, 2011 Respectfully submitted,

/s/ Scott R. Kaspar

Scott R. Kaspar (Ill. Bar No. 6284921)
Aaron J. Weinzierl (Ill. Bar No. 6294055)
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: 312.832.4500
Facsimile: 312.832.4700
Email: skaspar@foley.com;
aweinzierl@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

*Attorneys for Plaintiff*
*Games Workshop Limited*

4

CHIC_5467759.1

**CERTIFICATE OF SERVICE**

       I, Scott R. Kaspar, an attorney, hereby certify that on July 29, 2011, I caused to be filed electronically PLAINTIFF'S MOTION FOR 30-DAY EXTENSION OF TIME TO AMEND PLEADINGS and NOTICE OF MOTION with the Clerk of the Court using the CM/ECF system, which will send an electronic copy of the foregoing to counsel of record and constitutes service under Federal Rule of Civil Procedure 5(b)(2)(D) pursuant to Local Rule 5.9 of the Northern District of Illinois.

       /s/  Scott R. Kaspar