IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAMES WORKSHOP LIMITED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:10-cv-08103 |
| v. ) | |
| ) | |
| CHAPTERHOUSE STUDIOS LLC and ) | |
| JON PAULSON d/b/a PAULSON GAMES, ) | Judge Matthew F. Kennelly |
| ) | |
| Defendants. ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR 30-DAY EXTENSION OF TIME TO AMEND PLEADINGS**

Plaintiff requests a 30-day extension of time to amend pleadings, but fails to show good cause for modifying the Court's Scheduling Order, as Rule 16 requires. In fact, Plaintiff fails to offer *any* legitimate reason for the requested extension. Instead, Plaintiff offers falsehoods and unfounded speculation to argue that the Court's deadline for amending the pleadings should be extended, merely because Plaintiff "may" wish to amend its complaint in the future. Nothing would prevent Plaintiff from seeking leave to amend in the future, *if it can show good cause to do so*. Plaintiff is unlikely to meet this standard, and it is apparent that its only reason for seeking an extension now is so that it can seek leave to amend its complaint under the more lenient standard of Rule 15, without the need to show good cause. Plaintiff cannot show good cause for its request. Its motion should be denied.

**I.     Plaintiff's Motion Is an Attempt to Evade the Proper Legal Standard for Amending the Pleadings.**

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "To amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party must show 'good cause.'" *Trustmark Ins. Co. v. General & Cologne Life Re of America*, 424 F.3d 542, 553 (7th Cir. 2005) (citing Rule 16(b));

1

*Alioto v. Town of Lisbon*, --- F.3d ----, 2011 WL 2642369, *3 (7th Cir. 2011) (upholding district court's application of Rule 16(b)(4) good-cause standard to plaintiff's motion to amend pleadings filed after scheduling order deadline).

The Court's scheduling order set an August 1, 2011 deadline to amend the pleadings. Feb. 28, 2011 Minute Order, Docket No. 23. Plaintiff must show good cause to modify that schedule. Fed. R. Civ. P. 16(b)(4). As explained below, Plaintiff's reasons for seeking an extension fall far short of good cause.

## II. Plaintiff Cannot Show Good Cause for Its Requested Extension.

Plaintiff makes two weak arguments why the deadline should be extended. First, Plaintiff asserts that it "may need" to bring additional copyright claims, but that it can only decide whether to bring those claims *after* it determines whether Chapterhouse has a defense to them. Second, Plaintiff misrepresents the record and feigns confusion about where Chapterhouse is located, in an attempt to manufacture "questions about Chapterhouse's corporate form." Neither of these arguments shows good cause for extending the deadline to amend.

### A. Plaintiff Does Not Need More Discovery to Determine Whether to Bring Additional Copyright Claims.

First, Plaintiff claims that its copyright claims are based on "Chapterhouse's admissions of access and copying." Motion for Extension ¶ 3, p.2. Chapterhouse has made no such admissions.[1] Plaintiff also represents falsely that it "has yet to receive *any* substantive responses to its first or second sets of interrogatories and document requests. . . . Games Workshop only has received objections to the interrogatories and unfulfilled promises to produce documents." Motion for Extension ¶ 2 (emphasis in original). Not only has Chapterhouse provided requested discovery on an ongoing basis, but Chapterhouse has also complied with the Court's July 7, 2011 Discovery Order by again supplementing its responses to Games Workshop's Interrogatories,

---

[1] In fact, it is *Plaintiff* that makes a significant admission, by conceding that it can identify only 97 Chapterhouse products as allegedly infringing, out of the 106 it claimed in its First Amended Complaint. Motion for Extension ¶ 3. It thus appears that from the outset a significant number of Plaintiff's copyright claims lacked the "evidentiary support" required by Rule 11.

*and* making available documents and things responsive to Games Workshop's document request.[2]

Plaintiff claims vaguely to be "aware of additional new products of Chapterhouse that may need to be brought into this lawsuit." *Id.* Tellingly, Plaintiff does not seek leave to amend its complaint to include such products. Instead, Plaintiff says that it is reluctant to make "final accusations" and bring additional copyright claims until it has "evidence of independent creation." Motion for Extension ¶ 3. That is, Plaintiff is reluctant to bring any additional copyright claims *until Chapterhouse has defended itself against those unspecified claims*. This makes no sense. Plaintiff's explanation for its hesitancy to bring additional copyright claims is not good cause for extending the Court's deadline.

### B. Plaintiff's "New Questions" about Chapterhouse Are Unfounded.

Plaintiff's second argument for an extension of time is similarly based on a mix of misrepresentations of the record and unfounded speculation. Plaintiff also feigns confusion about the difference between a post office box and an office.

Plaintiff misrepresents the record by stating that Chapterhouse has "denie[d] that the address Chapterhouse lists on its website is its actual address." Motion for Extension ¶ 4. That is a misstatement. Plaintiff's First Amended Complaint alleged that "Chapterhouse Studios LLC is a Texas limited liability company with offices at 3930 Glade Road, Suite 108 #174, Colleyville, Texas, 76034." FAC ¶ 2. In its Answer, Chapterhouse admitted that it was a Texas limited liability company, and denied the remainder of the allegations, for the simple reason that the address given is *a post office box* and is Chapterhouse's mailing address, not its offices. Ironically, Chapterhouse was initially served with Plaintiff's summons and complaint by an individual whose business address (which is not, presumably, her office) is virtually the same as

---

[2] In contrast, Plaintiff failed to comply with the Court's July 7 Discovery Order, which Chapterhouse will address with the Court.

3

Chapterhouse's: 3930 Glade Road, Suite 108-256, in Colleyville, Texas.[3] *See* Executed Summons, Docket No. 8, at 2. Plaintiff cannot plausibly feign confusion about the difference between "offices" and a post office box, and the fact that Chapterhouse's mailing address is not an office does not constitute good cause for an extension.

Plaintiff next falsely claims that Chapterhouse told the Court it would be "too burdensome to move . . . items responsive to Games Workshop's first set of discovery requests." That is also incorrect. Chapterhouse informed Plaintiff and the Court that the discovery Plaintiff sought comprised hundreds of hand-painted miniatures that were too fragile to be shipped to the offices of Plaintiff's counsel. Plaintiff also claims it is suspicious that Chapterhouse "made available for inspection the [items] *at a neutral third-party site*." Motion for Extension ¶ 4 (emphasis added). Nick Villacci, Chapterhouse's principal, operates his small business out of his home, where he lives with his wife and young daughter. It would have been inappropriate to allow Plaintiff's agent to inspect the materials in Mr. Villacci's home. Defendant's counsel picked the materials for inspection, which Defendant had prepared in protective travelling containers, up from Defendant's house and personally drove them to the inspection site. The choice of a neutral site for document inspection also does not constitute good cause for an extension.

Plaintiff uses these purported issues about Chapterhouse's location to accuse Chapterhouse of "seeking to conceal its actual place of business," and claims to have raised "new questions about Chapterhouse's corporate form." *Id.* Plaintiff speculates that it "may" need to add additional parties on this basis. These weak attempts to manufacture an argument for an extension of time are far removed from good cause.

---

[3] Plaintiff's process server was able to locate and serve Chapterhouse at Mr. Villacci's home within a few days, and the Executed Summons states the address where service was effected. Executed Summons, Docket No. 8, at 3.

4

### III. Conclusion.

Plaintiff fails to show good cause for modifying the Court's Scheduling Order, as Rule 16 requires. It is clear that this motion is really an effort by Plaintiff to avoid having to show good cause to amend its Complaint. It should be denied.

Dated: August 8, 2011

Respectfully submitted,

CHAPTERHOUSE STUDIOS LLC

By: /s/ Thomas J. Kearney
Jennifer Golinveaux (CA Bar No. 203056)
J. Caleb Donaldson (CA Bar No. 257271)
Thomas J. Kearney (CA Bar No. 267087)
    WINSTON & STRAWN LLP
    101 California Street
    San Francisco, CA 94111-5802
    Phone: (415) 591-1000
    Fax: (415) 591-1400
    jgolinveaux@winston.com
    jcdonaldson@winston.com
    tkearney@winston.com

Eric Mersmann (IL Bar No. 6286859)
Catherine B. Diggins (IL Bar No. 6296237)
    WINSTON & STRAWN LLP
    35 West Wacker Drive
    Chicago, IL 60601-1695
    Phone: (312) 558-5600
    Fax: (312) 558-5700
    emersmann@winston.com
    cdiggins@winston.com

*Attorneys for defendant Chapterhouse Studios LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2011, I electronically filed the foregoing DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR 30-DAY EXTENSION OF TIME TO AMEND PLEADINGS with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following and constitutes service under Federal Rule of Civil Procedure 5(b)(2)(D), pursuant to Local Rule 5.9:

| | |
|---|---|
| Scott R. Kaspar<br>Aaron J. Weinzierl<br>FOLEY & LARDNER LLP<br>321 North Clark Street, Suite 2800<br>Chicago, IL 60654-5313<br>Telephone: 312.832.4500<br>Facsimile: 312.832.4700<br>Email: skaspar@foley.com<br>aweinzierl@foley.com | Jonathan E. Moskin<br>FOLEY & LARDNER LLP<br>90 Park Avenue<br>New York, New York 10016<br>Telephone: (212) 682-7474<br>Facsimile: (212) 687-3229<br>Email: jmoskin@foley.com |

Ronald H. Spuhler
Ronald A. DiCerbo
Thomas J. Campbell Jr.
MCANDREWS, HELD & MALLOY LTD.
500 W. Madison Street – 34th Floor
Chicago, IL 60061
Telephone: (312) 775-8000
Facsimile: (312) 775-8100
Email: rspuhler@mhmlaw.com
rdicerbo@mhmlaw.com
tcampbell@mcandrews-ip.com

Date: August 8, 2011        /s/ Thomas J. Kearney
                            Thomas Kearney
                            One of the attorneys for Chapterhouse Studios LLC

SF:316239.1