IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAMES WORKSHOP LIMITED,<br><br>                                Plaintiff,<br><br>              v.<br><br>CHAPTERHOUSE STUDIOS LLC and JON PAULSON d/b/a PAULSON GAMES<br><br><br>                               Defendants. | Civil Action No. 1:10-cv-8103<br><br>Hon. Matthew F. Kennelly<br>Hon. Jeffrey T. Gilbert |

**DECLARATION OF JONATHAN MOSKIN IN OPPOSITION TO
DEFENDANT'S MOTION FOR SANCTIONS AND IN SUPPORT OF
<u>PLAINTIFF'S CROSS-MOTION TO STRIKE</u>**

I, Jonathan Moskin, hereby declare:

1. I am a partner with the firm, Foley & Lardner LLP, attorneys for Plaintiff Games Workshop Limited, and am admitted *pro hac vice* in this matter. I have personal knowledge of the matters set forth below.

2. Attached hereto as Exhibits 1 and 2 are Games Workshop's June 15 Supplemental response to Plaintiff's Interrogatory No. 1 and my June 15 letter to opposing counsel. These exhibits were preceded by discussions with counsel previously described to the Court in plaintiff's opposition to Chapterhouse's prior motion to compel, including a telephonic meet and confer on June 8. It had been my understanding that the meet and confer resolved Chapterhouse's questions at the time regarding production of the documents at issue in the present motion. We have received no subsequent inquiries and have had no subsequent discussions with counsel for Chapterhouse on the subject of this response following the June 8 meet and confer and none prior to the present motion.

3. Based on the parties discussions and correspondence between June 8 and July 15, Games Workshop, produced 2,297 pages of documents, comprising all of the complete works it had been able to locate in response to Document Request 1 (which on its face insisted on

complete copies of each publication identified in response to Interrogatory No. 1). I have been advised by my client that it has been unable to locate duplicate or digital copies of the remaining five publications. However, after receipt of the present motion, made without any prior inquiry by Chapterhouse as to the status of production of the remaining publications, Games Workshop in the interim delivered to Chapterhouse at least the specific pages referenced in its initial draft claim chart (Exhibit 3 hereto). Although we had not previously understood that Chapterhouse also expected copies of the plastic miniatures referenced in the initial draft claim chart (points demonstrated by my June 15 letter and June 15 Supplemental Response to Interrogatory No. 1), on August 12 Games Workshop also provided photographic specimens of all of the miniatures.

4. On July 27, because we had heard nothing from counsel for Chapterhouse regarding its intended compliance with the Court's July 6 order, I initiated the email exchange with counsel for Chapterhouse attached hereto as Exhibit 4 to determine how they intended to produce the documents. Only after I threatened to raise the matter with the Court did counsel agree to make the materials available – albeit not on July 29. (I note that we alerted Chapterhouse *prior* to the deadline precisely to avoid motion practice and did not seek to file a motion despite the late production by Chapterhouse. I also dispute the statement in the July 28 email (at 8:56 pm) of Chapterhouse's counsel that she had repeatedly offered to make the works available for inspection. I am not aware of any such offer after June and indeed received no correspondence or communication *at all* from Chapterhouse following the July 6 hearing.)

5. On August 1, I arranged with a private investigator to go to the law office in Dallas where Chapterhouse had shipped the documents and things comprising the original Games Workshop materials it had its possession. From my visual inspection of the photographs and a video taken by the investigator, there appear to be hundreds if not thousands of Games Workshop game pieces and books and magazines, which were delivered in about 15-20 boxes and carrying cases before they were unpacked and photographed. A small sample of photographs of the materials is attached hereto as Exhibit 5.

6. Attached hereto as Exhibits 6 and 7 are copies of my July 28 and August 5 letters to opposing counsel. I have yet to receive any response, despite innumerable requests (noted below) for a substantive response *before* proceeding (as need be) to a telephonic meet and confer.

7. Attached hereto as Exhibit 8 is a copy of my August 5 letter to opposing counsel answering certain questions Chapterhouse raised regarding Games Workshop's responses to Chapterhouse's second set of discovery requests. Although Chapterhouse's counsel has suggested it may have additional questions, I have repeatedly asked them to identify such questions *before* proceeding (as need be) to a telephonic meet and confer. I have yet to receive any response to my many requests.

8. On August 1, I sent an email to opposing counsel following up on my objections noted in my July 28 letter (Exhibit 6) concerning improper designation of materials under the protective order (including entirely public information concerning the venues where Chapterhouse advertises and sells its accused products). Although Chapterhouse offered to discuss the same after speaking with its client, I have repeatedly asked first to know its substantive position. It has refused to respond to these requests. (The August 1 email and counsel's August 2 response are attached as Exhibit 9.)

9. Before Chapterhouse made its present unannounced motion on August 9, but based only on veiled threats of future objections contained in Chapterhouse's opposition to Games Workshop's motion to extend the deadline to amend pleadings, I cautioned opposing counsel that we had no idea about what it was objecting and urging them to stop "hiding the ball." A copy of my August 8 email (at 12:18 pm) in the context of the entire string of messages is attached as Exhibit 10.

10. Chapterhouse did place in the regular mail on August 9, a disk purportedly containing some production documents, it has refused to say what is on the disk, and after the disk arrived on August 11 in unreadable format, it refused even to say in what format the documents were produced. Attached hereto as Exhibit 11 is a copy of my exchange of emails with opposing counsel attempting to resolve this and other pending discovery disputes, all of which Chapterhouse refuses to answer.

11. The reason Games Workshop has requested substantive responses to its letters *before* scheduling further telephone conferences with Chapterhouse are as follows. First, Chapterhouse dishonored its agreement by telephone on June 8 resolving at least some of the parties discovery disputes (including the initial expression of the dispute here at issue). Further, when the Court previously directed the parties to engage in discussions on managing discovery and to submit a joint status report, Chapterhouse first refused to engage in any such discussions

or provide any comments to the draft joint report Games Workshop prepared and circulated, and then made the surprise announcement during the call we scheduled (notwithstanding the lack of any response), that it refused to participate in discovery at all until after it was able to proceed with a proposed summary judgment motion. Both for the sake of efficiency (to narrow issues before proceeding with further calls) and given concerns raised by these two incidents of apparent lack of good faith, we feel compelled regrettably to insist on at least some substantive responses in writing.

    I hereby declare under penalty of perjury this 15th day of August 2011 that the foregoing is true and correct.

                                                /s/ Jonathan E. Moskin
                                                 Jonathan E. Moskin

## CERTIFICATE OF SERVICE

      I, Scott R. Kaspar, an attorney, hereby certify that on August 15, 2011, I caused to be filed electronically the foregoing DECLARATION OF JONATHAN MOSKIN with the Clerk of the Court using the CM/ECF system, which will send an electronic copy of the foregoing to counsel of record and constitutes service under Federal Rule of Civil Procedure 5(b)(2)(D) pursuant to Local Rule 5.9 of the Northern District of Illinois.

                                              /s/ Scott R. Kaspar

NYC_1208857.1