**EXHIBIT 6**



**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW

90 PARK AVENUE
NEW YORK, NY 10016-1314
212.682.7474 TEL
212.687.2329 FAX
foley.com

WRITER'S DIRECT LINE
212.338.3572
jmoskin@foley.com EMAIL

CLIENT/MATTER NUMBER
099251-0101

July 28, 2011

VIA E-MAIL

Jennifer A. Golinveaux, Esq.
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

      Re:   <u>Games Workshop Group PLC</u>

Dear Jennifer:

     This letter is further to my July 5, 2011 email concerning Chapterhouse's evasive responses to Games Workshop's second set of discovery requests. Together with Chapterhouse's complete refusal to respond to Games Workshop's first set of discovery requests (served March 25), and its failure to date to produce any documents or any information in response to the second set of discovery requests (served May 27), the fact is we have received zero information from your client.

     Although entry of the parties agreed protective order was stated as the only substantive reason for Chapterhouse's refusal to answer Interrogatories 3, 4, 6, 9 and 10, that order was approved on July 12. We hope you can promptly confirm that complete answers will now be provided. Moreover, despite boilerplate objections, Chapterhouse promised to produce documents in response to Document Requests 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, 17, 18, 19, 22, 23, 24, 26 and 28, but we have received nothing. Nor have we received a privilege log to the extent Chapterhouse contends any documents are privileged. Please confirm when these documents will be delivered.

     Assuming we will soon receive complete responses to the above interrogatories and document requests, the following details the principal deficiencies in the remaining responses. However, if for any reason Chapterhouse no longer intends to provide complete responses to Interrogatories 3, 4, 6, 9 and 10 and Document Requests 5 - 14, 16 - 19, 22 - 24, 26 and 28, we trust you will let us know immediately and provide an appropriate explanation.

     <u>Interrogatory No. 5</u>. The interrogatory sought an explanation of how Chapterhouse selects new products for development, including an identification of the persons involved. Its response simply denies that it has a formal procedure, which is not responsive. Nor has Chapterhouse identified the persons involved in the process. Anyone looking at Chapterhouse's website can see its entire business is devoted to trading on Games Workshop's highly popular WARHAMMER 40,000 game. What we expect your client needs to explain in response to this interrogatory is how it selects items from the WARHAMMER universe on which to develop its

BOSTON     JACKSONVILLE     MILWAUKEE     SAN DIEGO     SILICON VALLEY
BRUSSELS     LOS ANGELES     NEW YORK     SAN DIEGO/DEL MAR     TALLAHASSEE
CHICAGO     MADISON     ORLANDO     SAN FRANCISCO     TAMPA
DETROIT     MIAMI     SACRAMENTO     SHANGHAI     TOKYO
     WASHINGTON, D.C.

NYC_1184288.1



FOLEY & LARDNER LLP

Jennifer A. Golinveaux, Esq.
July 28, 2011
Page 2

products. Understandably it is reluctant to admit that its method consists of little or nothing more than deliberate copying, but that is the very heart of the case. If Chapterhouse has any other method of product development, it can explain that as well.

Interrogatory No. 7. Chapterhouse has completely failed to answer this interrogatory, which seeks an identification of the works actually relied on by Chapterhouse in developing the accused works. Chapterhouse's website makes clear that it targets Games Workshop and only Games Workshop as its basis for inspiration. As you know, we have prepared for this case an extensive fifteen-page analysis of the sources we assume are most likely among those your client relied upon in developing the accused works. Chapterhouse's response does not deny that these are indeed the principal (or only) sources of inspiration, and it identifies no others. Your client also defends the case on grounds of independent creation, yet it is unable to identify so much as a single work other than Games Workshop's copyrighted works on which it relies. You are correct that this interrogatory calls for a comprehensive list of sources relied upon, just as we prepared for you a comprehensive list of the works from which we assume your client copied. However, only your client can directly answer the question whether it simply copied or indeed relied on some independent sources.

Interrogatory No. 8. The interrogatory seeks very simply the intended meaning and inspiration of the name Chapterhouse. The evasive answer provides neither, but instead offers an abstract definition without any indication that anyone at Chapterhouse intended to invoke the OED definition of "chapter house" (two words) as a monastic meeting house, much less to reference Frank Herbert's "Dune" novel, neither of which has anything to do with the subject website or business. I believe the dictionary also defines "chapter house" (again, two words) as a place where a college fraternity or sorority meets, but that clearly has as little to do with the actual meaning and derivation of the name (one word) used by your client as either source cited in this answer.

Interrogatory No. 11. Chapterhouse has simply failed to answer this interrogatory seeking an identification of the derivations of the product names and designations used for each of the accused works. We fail to understand any of the boilerplate objections raised.

Interrogatory No. 12. Chapterhouse promised to produce documents in response to this interrogatory concerning instances in which customers have referred to Games Workshop or its WARHAMMER games (including instances of possible confusion), yet we have received nothing.

Interrogatory No. 13. This interrogatory sought an identification of the facts, if any, on which Chapterhouse relied in asserting its 23 boilerplate affirmative defenses. Contrary to your assertion, it is not a contention interrogatory. It does not seek all facts supporting these defenses or contentions and does not preclude identification of other facts or theories later in discovery if that is when you learn such facts. Rather, it seeks more narrowly to understand if Chapterhouse

**:FOLEY**

FOLEY & LARDNER LLP

Jennifer A. Golinveaux, Esq.
July 28, 2011
Page 3

in fact had <u>any</u> basis for asserting any of its affirmative defenses, such as lack of standing, an unexplained Constitutional defense, independent creation, preemption, or failure to mitigate damages, to name but a few of the apparently meaningless defenses set forth without any factual context.

Document Requests 3, 4. We fail to understand how the request for documents concerning Games Workshop, WARHAMMER or WARHAMMER 40,000 are outside the scope of permissible discovery, as your client has objected. That is the very subject matter of the case. And even if <u>some</u> such documents are outside the scope of permissible discovery (although you will need to explain why), that does not excuse the complete failure to produce any documents at all. Please also let us know when we can expect to receive the log of documents withheld on grounds of privilege.

Document Request 15. The request seeks documents in defendant's possession custody and control concerning sales of Chapterhouse's products on eBay or in any other secondary market. Conceding that there are such documents, Chapterhouse objects that producing such materials would be unduly burdensome. Yet, it also offers incomprehensible objections that the information sought is attorney-client privileged or not relevant. Where and how the products are sold can not possibly be privileged, and such information is directly relevant to Games Workshop's trademark and unfair competition claims.

Document Request 20. Your client made various changes to its website in response to its receipt on December 22, 2010 of notice of the complaint (before it engaged any counsel). Yet Chapterhouse has refused to produce any documents concerning the changes – including materials simply documenting the public revisions – on grounds of attorney client privilege. If any such changes indeed were made on advice of counsel, we expect you will identify any documents in which Chapterhouse in fact claims privilege on a privilege log. Because no such privilege log has been produced, it is difficult to credit the objection that the changes were on advice of counsel.

Document Request 21. Chapterhouse's response to this request concedes that it does have metrics reports concerning visits to its website, but refuses to produce such information on puzzling grounds of relevance and attorney-client privilege. We fail to understand either objection and expect the reports will be produced.

Document Request 25. This request seeks documents concerning consumer perceptions of Chapterhouse or its products. Obviously, many businesses conduct research or maintain records concerning consumer comments. Please confirm whether Chapterhouse has such documents and, if so, confirm that they will be produced promptly.

Document Request 27. As noted above regarding Interrogatory 13, Chapterhouse has asserted 23 boilerplate affirmative defenses, none of which appear to be based on any facts.



FOLEY & LARDNER LLP

Jennifer A. Golinveaux, Esq.
July 28, 2011
Page 4

Chapterhouse's response to this request does not dispute that it does have documents on which it relied in framing its affirmative defenses but objects on grounds of relevance and privilege. Having raised the affirmative defenses in its answer, it cannot meaningfully object on grounds of relevance. Although the objection is consistent with our impression that most of these defenses have nothing to do with the case, if so, the defenses should never have been asserted and should be withdrawn promptly now. If there are any privileged documents, they must be identified on a privilege log.

Please let us know if you are available tomorrow or Monday to confer by telephone to try to resolve the above issues. We are increasingly frustrated by Chapterhouse's apparently complete refusal to cooperate in discovery. Although we would greatly prefer not to have to move again to compel answers and production, we will do so promptly if we can not resolve these issues.

Very truly yours,

Jonathan E. Moskin

JEM:se

cc.:    Scott Kaspar, Esq.
        Aaron Weinzierl, Esq.

# EXHIBIT 7



**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW

90 PARK AVENUE
NEW YORK, NY 10016-1314
212.682.7474 TEL
212.687.2329 FAX
foley.com

WRITER'S DIRECT LINE
212.338.3572
jmoskin@foley.com EMAIL

CLIENT/MATTER NUMBER
099251-0101

August 5, 2011

Via E-Mail

Jennifer A. Golinveaux, Esq.
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

Re:     <u>Games Workshop Limited v. Chapterhouse Studios LLC</u>

Dear Jennifer:

Further to my letter of July 28, I have now reviewed defendant's Supplemental Responses to Games Workshop's Interrogatories 2, 3, 4, 6, 9 and 10.

Regarding the supplemental responses to Interrogatories 2 and 7, and related Document Request 2 (as well as Request 9), Chapterhouse has produced no documents identifying so much as a single alleged third-party work relied on by Chapterhouse in creating any of the accused works and no means for us even to assess to what Chapterhouse is even referring. As with Chapterhouse's response to Interrogatory No. 8, referring to an abstract OED definition of "chapter house" or Frank Herbert's "Dune" novel, without any indication that either had any <u>actual</u> role in defendant's selection of the name Chapterhouse, the supplemental responses to Interrogatories 2 and 7 are evasive and essentially meaningless.

Moreover, although Chapterhouse belatedly made available for our initial inspection a vast quantity of original Games Workshop materials in Chapterhouse's possession, it is essential that Chapterhouse now identify which of those documents or things it relied upon as inspiration for the accused works and that it actually produce copies of the same – all as required by Interrogatory 2 and Document Request 9.

Moreover, now that it is clear (based on Chapterhouse's supplemental responses to Interrogatories 3, 4, 6) that Chapterhouse has as many as nine independent designers, four independent manufacturers and twenty-two independent contractors involved in creating the accused works, most of whom are located at places remote from Chapterhouse's Texas headquarters, it is particularly imperative that Chapterhouse produce the communications (by email or otherwise), agreements and other documents between or among Chapterhouse and these third parties as called for by Document Requests 6, 7 and 12.

Similarly, now that Chapterhouse has identified the places where its products are sold, it only underscores the failure to produce any sales figures or actual advertising.

| BOSTON | JACKSONVILLE | MILWAUKEE | SAN DIEGO | SILICON VALLEY |
| BRUSSELS | LOS ANGELES | NEW YORK | SAN DIEGO/DEL MAR | TALLAHASSEE |
| CHICAGO | MADISON | ORLANDO | SAN FRANCISCO | TAMPA |
| DETROIT | MIAMI | SACRAMENTO | SHANGHAI | TOKYO |
| | | | | WASHINGTON, D.C. |

NYC_1194842.1



**FOLEY**

FOLEY & LARDNER LLP

Jennifer A. Golinveaux, Esq.
August 5, 2011
Page 2

You have not responded at all to my July 28 letter, either answering any of the questions raised or agreeing to a time to confer to try to resolve these issues. Please let us know if you are available later today or Monday to confer by telephone.

As you are now or soon will be aware, we have sent a separate response to Mr. Kearney's letter of July 29.

Very truly yours,

Jonathan E. Moskin

JEM:se

cc.:    Scott Kaspar, Esq.

**EXHIBIT 8**



**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW

90 PARK AVENUE
NEW YORK, NY 10016-1314
212.682.7474 TEL
212.687.2329 FAX
foley.com

WRITER'S DIRECT LINE
212.338.3572
jmoskin@foley.com EMAIL

CLIENT/MATTER NUMBER
099251-0101

August 5, 2011

VIA E-MAIL

Thomas J. Kearney, Esq.
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

Re:  Games Workshop Limited v. Chapterhouse Studios LLC

Dear Thomas:

This will respond to your letter of July 29. As a general matter, your letter and Chapterhouse's discovery requests appear to us overall to be consistent with a pattern of raising factual and procedural issues having little evident connection with the circumstances of the case but having a direct effect of obstructing access to the facts and running up costs. As part of this pattern, Chapterhouse began this case by seeking to dismiss based on the impossible pretense that it did not know on what original sources it relied in creating its own accused works. It later undermined this implausible theory by admitting access to all of Games Workshop's works. Since then, it has refused to provide discovery and now needlessly frustrates Games Workshop's ability to pursue the case by asserting confidentiality in non-confidential information. As detailed in my July 28 letter and the follow-up deficiency letter today, its production of documents and information is still woefully lacking.[1]

In keeping with these stratagems, Chapterhouse has served discovery purporting to raise issues that your client has already conceded are not disputed, evidently doing so for no purpose other than to raise costs for Games Workshop. As explained below, we believe we have adequately answered the discovery requests, addressing matters genuinely in dispute (or will soon complete production of documents or information). However, we remain deeply troubled by the nature and scope of discovery sought … and received.

---

[1] After four months of stonewalling and refusing to produce the original works of Games Workshop in its possession (including based on the premise the materials were to fragile to be moved) it nonetheless did move them (albeit to a law firm in Dallas and only after threat of sanctions) but produced them in completely disorganized fashion. Unfortunately, while the production of vast quantities of Games Workshop works confirms your client's single-minded focus on the WARHAMMER and WARHAMMER 40,000 games, which is evident from the company website itself, your client will also have to explain which of these many works were its actual sources of inspiration for the specific accused products in issue, rather than simply dumping on us vast quantities of disorganized materials and claiming inspiration as well from entirely unspecified third-party sources.

| BOSTON | JACKSONVILLE | MILWAUKEE | SAN DIEGO | SILICON VALLEY |
|---|---|---|---|---|
| BRUSSELS | LOS ANGELES | NEW YORK | SAN DIEGO/DEL MAR | TALLAHASSEE |
| CHICAGO | MADISON | ORLANDO | SAN FRANCISCO | TAMPA |
| DETROIT | MIAMI | SACRAMENTO | SHANGHAI | TOKYO |
| | | | | WASHINGTON, D.C. |

NYC_1197733.1

# ▞FOLEY

FOLEY & LARDNER LLP

Thomas J. Kearney, Esq.
August 5, 2011
Page 2

Interrogatory 3. Games Workshop has identified the Games Workshop trademarks (the validity of which your client concedes) that Chapterhouse uses on its website to identify its own products. We do not know what else this request seeks.

Interrogatory 4/Document Request 10. I expect to have to you within a day or two the documents responsive to this request demonstrating communications reflecting instances of confusion. Even without your reminder, we understand the need to identify any other instances where confusion was expressed orally only.

Interrogatory 5/Document Requests 3, 4, 12, 13, 18-19, 28-29, 30. Your client very publicly admits the following:

Adeptus Astartes, Battlefleet Gothic, Black Flame, Black Library, the Black Library logo, BL Publishing, Blood Angels, Bloodquest, Blood Bowl, the Blood Bowl logo, The Blood Bowl Spike Device, Cadian, Catachan, the Chaos device, Cityfight, the Chaos logo, Citadel, Citadel Device, City of the Damned, Codex, Daemonhunters, Dark Angels, Dark Eldar, Dark Future, the Double-Headed/Imperial Eagle device, 'Eavy Metal, Eldar, Eldar symbol devices, Epic, Eye of Terror, Fanatic, the Fanatic logo, the Fanatic II logo, Fire Warrior, Forge World, Games Workshop, Games Workshop logo, Genestealer, Golden Demon, Gorkamorka, Great Unclean One, the Hammer of Sigmar logo, Horned Rat logo, Inferno, Inquisitor, the Inquisitor logo, the Inquisitor device, Inquisitor:Conspiracies, Keeper of Secrets, Khemri, Khorne, Kroot, Lord of Change, Marauder, Mordheim, the Mordheim logo, Necromunda, Necromunda stencil logo, Necromunda Plate logo, Necron, Nurgle, Ork, Ork skull devices, Sisters of Battle, Skaven, the Skaven symbol devices, Slaanesh, Space Hulk, Space Marine, Space Marine chapters, Space Marine chapter logos, Talisman, Tau, the Tau caste designations, Tomb Kings, Trio of Warriors, Twin Tailed Comet Logo, Tyranid, Tyrannid, Tzeentch, Ultramarines, Warhammer, Warhammer Historical, Warhammer Online, Warhammer 40k Device, Warhammer World logo, Warmaster, White Dwarf, the White Dwarf logo, and all associated marks, names, races, race insignia, characters, vehicles, locations, units, illustrations and images from the Blood Bowl game, the Warhammer world, the Talisaman world, and the Warhammer 40,000 universe are either ®, TM and/or © Copyright Games Workshop Ltd 2000-2010, variably registered in the UK and other countries around the world. … No challenge to their status intended. All Rights Reserved to their respective owners.

We are not aware of any copyrighted materials at issue in this case the ownership of which your client questions (including on possible grounds that some part of some work may, hypothetically, have been created for Games Workshop by an independent contractor).

# ⊞FOLEY

FOLEY & LARDNER LLP

Thomas J. Kearney, Esq.
August 5, 2011
Page 3

Naturally, as need be, we intend to offer testimony explaining the genesis and originality of the works in issue. However, it strikes us as needlessly wasteful and burdensome to require a recitation of the full history of creation of the entire WARHAMMER and WARHAMMER 40,000 series when your client admits the validity of the copyrights and when only a narrow part of this entire universe is at issue. Indeed, it is particularly wasteful when your client has been concealing since the outset of the case the specific Games Workshop materials from which he knows he derived his works.

Similarly, notwithstanding your client's admission that Games Workshop owns all of its trademarks, if there are third-party uses you consider relevant, please let us know. If you will refer to the actual answer to Interrogatory 3, you will see that Games Workshop does not claim ownership of the name "Star Fox". Nor does it claim copyright.

Interrogatory 6. In view of your client's admission that Games Workshop owns all of the rights in the trademarks at issue in this case, we do not understand why your client is also now interested in the sources of inspiration for any of these names, most of which were adopted so long ago that Games Workshop no longer has records pertaining to their adoption. Moreover, trademark rights do not depend on originality, so there is little if any relevance that we can see to justify the burden.

Interrogatory 7. We have identified the person most knowledgeable regarding the creation of the works we believe have been infringed. Should it be necessary to identify other people (particularly after your client has clarified on what specific works it relied in creating its accused works), we will do so, but do you have some specific reason to doubt the designation?

Interrogatory 9. Given your client's admission that Games Workshop owns copyright in all of the works in issue, and given its refusal for four months to identify the specific Games Workshop works on which it relied in creating the accused works, we fail to understand the basis for demanding that Games Workshop identify every third-party source that influenced every one of its works. Given Chapterhouse's express admission of access to all of the Games Workshop works, the only logical way for this case to proceed is for your own client to identify the actual works on which it relied in creating the accused works. If Chapterhouse then has some basis to challenge Games Workshop's rights in such works, it can raise the challenge in that context.

Interrogatories 10, 14. Games Workshop does not maintain sales records based on the individual characters and materials that have been copied. Nonetheless, we will have for you within a day or two a sales summary. Without meaning to limit Chapterhouse's right to reasonable discovery, I think it makes most sense to table this discussion for a few days until we can get you that information. Regarding specific stores that sell books or products, we do not understand what relevance that has to the defense of the copyright claims. This is particularly true given Chapterhouse's admission of access to all of the works. Given this admission, what



**FOLEY**

FOLEY & LARDNER LLP

Thomas J. Kearney, Esq.
August 5, 2011
Page 4

difference does it make if specific works are sold in specific stores in Texas or Illinois or New York or elsewhere?

Interrogatory 13/Document Requests 24-27.  Without prejudicing Games Workshop's right to seek monetary relief after some meaningful discovery is received from your client, I expect that Games Workshop will be seeking Chapterhouse's profits, not its own losses.  But it is simply too early in the case to address this issue given that we have received essentially no substantive discovery from your client.  This is not a contract action, so I simply don't know what you mean by failure to mitigate.  (As noted in my July 28 letter, Chapterhouse has also refused to explain in response to Games Workshop's discovery requests what it means by this or any of its boilerplate affirmative defenses.)

Document Request 11  I have in hand documents demonstrating use in commerce of the trademarks in issue.  They are being bates-stamped and will be produced momentarily

Document Request 20  We have produced Games Workshop's policies regarding use of its copyrights and trademarks by third parties.

Document Request 21  Games Workshop is not refusing to produce documents, and to the contrary has produced documents responsive to this request.  However, it is not required to create documents for purposes of the litigation.

Document Request 23  Laying aside that we still do not know which Games Workshop works are actually in issue because your client has refused to identify the specific works on which it relied for inspiration, please explain why it is relevant how Games Workshop plans to use those works in the future?  Your letter instead appears to ask an entirely different and admittedly narrower question whether Games Workshop had or has plans to sell specific products for which Chapterhouse has created derivative works without authorization.  The claim of unlawful copying stands with or without such specific plans, but please confirm that that is what you wish to know.

I hope this answers your questions.  I am sure you will let us know if any relevant questions remain.

Very truly yours,

Jonathan E. Moskin

JEM:se

cc.:   Scott Kaspar, Esq.

**EXHIBIT 9**

## Moskin, Jonathan

| | |
|---|---|
| **From:** | Donaldson, J. Caleb [JCDonaldson@winston.com] |
| **Sent:** | Tuesday, August 02, 2011 1:10 PM |
| **To:** | Moskin, Jonathan; Golinveaux, Jennifer A.; Kearney, Tom J. |
| **Cc:** | Mersmann, Eric J.; Chea, Carleen K.; Kaspar, Scott R. |

**Subject:** RE: Discovery Responses re Games Workshop Limited v. Chapterhouse Studios LLC

Jonathan,

We will discuss with our client the confidential designation of the interrogatory responses you object to below.

Please suggest a time to meet and confer about this issue and about the issues raised in Tom Kearney's July 29, 2011 letter.

Thank you.

Caleb

---

**From:** Moskin, Jonathan [mailto:JMoskin@foley.com]
**Sent:** Monday, August 01, 2011 2:42 PM
**To:** Golinveaux, Jennifer A.; Kearney, Tom J.
**Cc:** Donaldson, J. Caleb; Mersmann, Eric J.; Chea, Carleen K.; Kaspar, Scott R.
**Subject:** RE: Discovery Responses re Games Workshop Limited v. Chapterhouse Studios LLC

I have just now reviewed Chapterhouse's supplemental responses to Games Workshops Second Set of Interrogatories (Nos. 3, 4, 6 and 9 and 10). The names of people who have performed services for Chapterhouse in designing or producing the accused works (Nos. 3, 4 and 6), the public websites and other venues where its products are sold or advertised (Nos. 9 and 10) are not confidential under the meaning of the parties protective order. Even more clearly, this information is not highly confidential.

The protective order includes the following definition:

"'Confidential' information is information concerning a Person's business operations, processes, and technical and development information within the scope of Rule 26(c)(1)(G), the disclosure of which is likely to harm that Person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third Person or to a Court."

Highly confidential information is limited to:

"current or future business or technical trade secrets and plans more sensitive or strategic than Confidential information, the disclosure of which is likely to significantly harm that Person's competitive position."

Minimally and most obviously, the public websites and other venues where defendants' products are sold or advertised are not confidential by virtue of having been "disclosed in a printed publication" under Paragraph 2(d) of the Order. And none of the information you have designated Confidential has any bearing on the parties' competitive positions. It does not entail the disclosure of any business plans or information of competitive interest to merit confidential treatment. Far more simply, it does not include any "technical trade secrets and plans" to warrant highly confidential treatment, and nothing about disclosing such information will harm Chapterhouse's competitive position. Nor have you suggested there are confidentiality obligations to these third parties. Rather, the designation simply frustrates our ability as counsel to share such information with our client and hence prosecute the case.

Please confirm that you will redesignate the information promptly. At the very least, please

confirm that the information can be treated as simply "Confidential" rather than "Highly Confidential" so that we can share it with in-house counsel at Games Workshop.

Thank you

Jonathan

---

**From:** Schuh, Lisa [mailto:LSchuh@winston.com]
**Sent:** Friday, July 29, 2011 7:16 PM
**To:** Kaspar, Scott R.; 'aweinzierl@foley.com.'; Moskin, Jonathan
**Cc:** Golinveaux, Jennifer A.; Donaldson, J. Caleb; Kearney, Tom J.; Mersmann, Eric J.; Chea, Carleen K.
**Subject:** Discovery Responses re Games Workshop Limited v. Chapterhouse Studios LLC

Dear Counsel,

Attached please find the following discovery documents which are being sent to you today via U.S. Mail:

   1.    DEFENDANT CHAPTERHOUSE STUDIOS LLC'S SECOND SUPPLEMENTAL
         RESPONSE TO GAMES WORKSHOP LTD.'S FIRST SET OF
         INTERROGATORIES TO CHAPTERHOUSE STUDIOS LLC (NOS. 1-2); and
   2.    DEFENDANT CHAPTERHOUSE STUDIOS LLC'S FIRST SUPPLEMENTAL
         RESPONSE TO GAMES WORKSHOP LTD.'S SECOND SET OF
         INTERROGATORIES TO CHAPTERHOUSE STUDIOS LLC (NOS. 3-13)

Thank you.


**Lisa Schuh**
**Legal Secretary to Thomas Kearney**
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802
T: +1 (415) 591-1000
D: +1 (415) 591-6854
F: +1 (415) 591-1400
Email | www.winston.com

WINSTON
&STRAWN
LLP


The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
******************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.


The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii)

**EXHIBIT 10**

## Moskin, Jonathan

| | |
|---|---|
| **From:** | Moskin, Jonathan |
| **Sent:** | Monday, August 08, 2011 3:52 PM |
| **To:** | 'JCDonaldson@winston.com'; 'TKearney@winston.com' |
| **Cc:** | Kaspar, Scott R.; 'EMersmann@winston.com'; 'jgolinveaux@winston.com'; 'SWitnov@winston.com' |
| **Subject:** | Re: Games Workshop Ltd. v. Chapterhouse Studios LLC et al. |

I just left my desk to go into a meeting, but I take it you are refusing to provide any response to our letters or to explain what supposed default you intend to raise with the court. Is it really too much to ask to get a response to a letter in 11 days?

Jonathan

---

**From:** Donaldson, J. Caleb [mailto:JCDonaldson@winston.com]
**Sent:** Monday, August 08, 2011 03:38 PM
**To:** Moskin, Jonathan; Kearney, Tom J. <TKearney@winston.com>
**Cc:** Kaspar, Scott R.; Mersmann, Eric J. <EMersmann@winston.com>; Golinveaux, Jennifer A. <JGolinveaux@winston.com>; Witnov, Shane B. <SWitnov@winston.com>
**Subject:** RE: Games Workshop Ltd. v. Chapterhouse Studios LLC et al.

Jonathan,

We will be prepared to discuss the issues raised in your July 28 and August 5 letters as well as the discovery issues Defendant has raised on our call at 1:30 Pacific.

Talk to you then. Please call us at (415) 591-1506.

Regards,

Caleb

---

**From:** Moskin, Jonathan [mailto:JMoskin@foley.com]
**Sent:** Monday, August 08, 2011 12:18 PM
**To:** Kearney, Tom J.
**Cc:** Donaldson, J. Caleb; Kaspar, Scott R.; Mersmann, Eric J.; Golinveaux, Jennifer A.; Witnov, Shane B.
**Subject:** RE: Games Workshop Ltd. v. Chapterhouse Studios LLC et al.

Please let us know when we can expect a response to my letters of July 28 and August 5. As noted, before beginning a meet and confer, we think it's only fair to know where we stand and that there won't be a repeat of the game-playing that occurred on June 29 when, after days of refusing to respond to our repeated requests for court-ordered contributions to the joint status report (which you had known for over a week was due), you instead "sandbagged" us with an announced refusal to cooperate when we got on the phone with you. Having just read your opposition to plaintiff's motion to extend the deadline to amend pleadings (which mischaracterizes our arguments and furthers the impression you will oppose any and every reasonable effort to streamline processes), it is also clear that you plan to make fresh accusations of supposed failures by Games Workshop to respond to discovery, yet you seem not to feel any duty to alert us first. We have openly and freely told you where things stand from plaintiff's perspective. Yet, you continue to hide the ball.

Thanks,

Jonathan

---

**From:** Moskin, Jonathan
**Sent:** Friday, August 05, 2011 8:07 PM
**To:** 'TKearney@winston.com'
**Cc:** 'JCDonaldson@winston.com'; Kaspar, Scott R.; 'EMersmann@winston.com'; 'jgolinveaux@winston.com'; 'SWitnov@winston.com'
**Subject:** Re: Games Workshop Ltd. v. Chapterhouse Studios LLC et al.

This sort of angry response is completely unhelpful. I hope we have a substantive response from you before we proceed with a proposed call on Monday at 1:30 Pacific/4:30 NY/3:30 Central. I don't want a repeat of the stunt you pulled last month in refusing to respond to our repeated requests for your contribution to the court-ordered status report, only to "sandbag" us with an announced refusal to
cooperate when we got on the phone with you.

When do you plan to get us that response? You've already had 8 days at least to narrow the issues. So far, you've told us nothing.


Jonathan

---

**From:** Kearney, Tom J. [mailto:TKearney@winston.com]
**Sent:** Friday, August 05, 2011 07:11 PM
**To:** Moskin, Jonathan
**Cc:** Donaldson, J. Caleb <JCDonaldson@winston.com>; Kaspar, Scott R.; Mersmann, Eric J. <EMersmann@winston.com>; Golinveaux, Jennifer A. <JGolinveaux@winston.com>; Witnov, Shane B. <SWitnov@winston.com>
**Subject:** RE: Games Workshop Ltd. v. Chapterhouse Studios LLC et al.

Jonathan:

Suffice it to say we disagree with just about everything you say in your two letters of this morning.  Defendant has not admitted the validity and ownership of Plaintiff's claimed works in this case, and you have ignored most of the points from my letter of last Friday.  We have been asking you for a time to meet and confer about the pending discovery issues for a week now. We can be available Monday at 1:30 Pacific. Please confirm your availability then for a call.

Tom


**Thomas J. Kearney**
D: +1 (415) 591-6894
www.winston.com
WINSTON
&STRAWN
LLP


-----Original Message-----
From: Moskin, Jonathan [mailto:JMoskin@foley.com]
Sent: Friday, August 05, 2011 10:29 AM
To: Golinveaux, Jennifer A.; Kearney, Tom J.
Cc: Donaldson, J. Caleb; Kaspar, Scott R.; Mersmann, Eric J.
Subject: Games Workshop Ltd. v. Chapterhouse Studios LLC et al.

Please see the attached two letters.

Best,

Jonathan

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
*****************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
*****************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

8/15/2011

**EXHIBIT 11**

**Moskin, Jonathan**

| | |
|---|---|
| **From:** | Moskin, Jonathan |
| **Sent:** | Thursday, August 11, 2011 9:16 PM |
| **To:** | 'JCDonaldson@winston.com'; 'TKearney@winston.com' |
| **Cc:** | 'jgolinveaux@winston.com'; 'EMersmann@winston.com'; Kaspar, Scott R.; Weinzierl, Aaron J. |
| **Subject:** | Re: Games Workshop Limited v. Chapterhouse Studios LLC et al, USDC Northern District of Illinois, Case No. 1:10-cv-08103 |

I trust you are aware you have confirmed everything I just said. I trust you are also aware that you leave me little alternative but to report this entire exchange to the Court.

Have a pleasant evening.

Jonathan

---

**From:** Donaldson, J. Caleb [mailto:JCDonaldson@winston.com]
**Sent:** Thursday, August 11, 2011 09:06 PM
**To:** Moskin, Jonathan; Kearney, Tom J. <TKearney@winston.com>
**Cc:** Golinveaux, Jennifer A. <JGolinveaux@winston.com>; Mersmann, Eric J. <EMersmann@winston.com>; Kaspar, Scott R.; Weinzierl, Aaron J.
**Subject:** RE: Games Workshop Limited v. Chapterhouse Studios LLC et al, USDC Northern District of Illinois, Case No. 1:10-cv-08103

Jonathan,

FedEx does not take a week, although we have now missed the deadline for overnight delivery to the East Coast. Let me know if you would like a replacement disc. My litigation support team tells me they used PTPublisher to make this DVD. The DVD contains documents responsive to Plaintiff's discovery requests as my cover letter stated.

Clearly there are issues to discuss.  This endless email chain is not productive, and we do not intend to continue with it.  Let's get on the phone and try to make progress. What time works for you?

Regards,
Caleb

---

**From:** Moskin, Jonathan [mailto:JMoskin@foley.com]
**Sent:** Thursday, August 11, 2011 5:33 PM
**To:** Donaldson, J. Caleb; Kearney, Tom J.
**Cc:** Golinveaux, Jennifer A.; Mersmann, Eric J.; Kaspar, Scott R.; Weinzierl, Aaron J.
**Subject:** Re: Games Workshop Limited v. Chapterhouse Studios LLC et al, USDC Northern District of Illinois, Case No. 1:10-cv-08103

It is astonishing to me that you won't answer my simple questions (1) in what program it was created or (2) what is on the disk itself. Evidently you would rather have us wait a week to receive a new disk with the same problems. Please start by answering these two questions.

Similarly, if there are indeed outstanding discovery issues remaining to discuss from Tom Kearney letter of July 29, as you say, he did not set forth any in his August 5 email and you have set forth none since despite my repeated inquiries. Therefore, as far as I can tell, there is nothing for us to discuss about Games Workshop's discovery responses.

Further, you also refuse to answer my July 28 and August 5 letters. You do not even mention them, but pretend I haven't asked (although you know I have innumerable times). I don't know whom you think you are fooling with this complete refusal to communicate.

The only thing you are actually communicating from this complete lack of cooperation is your own awareness that your client has an awful lot to hide. Once again, I ask if you will show the basic courtesy of answering the questions I have put to you.

Jonathan

---

**From:** Donaldson, J. Caleb [mailto:JCDonaldson@winston.com]

**Sent:** Thursday, August 11, 2011 07:30 PM
**To:** Moskin, Jonathan; Kearney, Tom J. <TKearney@winston.com>
**Cc:** Golinveaux, Jennifer A. <JGolinveaux@winston.com>; Mersmann, Eric J. <EMersmann@winston.com>; Kaspar, Scott R.; Weinzierl, Aaron J.
**Subject:** RE: Games Workshop Limited v. Chapterhouse Studios LLC et al, USDC Northern District of Illinois, Case No. 1:10-cv-08103

Jonathan,

I believe that disc opened fine when it left us. I have opened our file copy and it seems to have no problems. If you would like a new copy I can FedEx you one.

Tom Kearney explained to you by email on August 5 that there are indeed outstanding discovery issues remaining to discuss from his letter of July 29. In fact, we had scheduled a call on Monday, August 8, to discuss those and your issues regarding Chapterhouse's discovery responses, but you were not available at the appointed time.

Caleb

---

**From:** Moskin, Jonathan [mailto:JMoskin@foley.com]
**Sent:** Thursday, August 11, 2011 3:47 PM
**To:** Donaldson, J. Caleb; Kearney, Tom J.
**Cc:** Golinveaux, Jennifer A.; Mersmann, Eric J.; Kaspar, Scott R.; Weinzierl, Aaron J.
**Subject:** RE: Games Workshop Limited v. Chapterhouse Studios LLC et al, USDC Northern District of Illinois, Case No. 1:10-cv-08103

I can assure you, our tech department is well familiar with DVD's. It does not open other than a few random images of bits and pieces from the Chapterhouse website. Is there some reason you can't tell me what's on it? (My sense it is for the same reason you have refused to answer my July 28 and August 5 letters, but I would be delighted for you to prove me wrong.)

I have also read and responded to Mr. Kearney's July 29 letter, addressing all of the questions raised. Based on the subsequent emails, I am aware of no further issues. If you want to enlighten, please do so, but I am increasingly tiring of the game you are playing of refusing to communicate.

Jonathan

---

**From:** Donaldson, J. Caleb [mailto:JCDonaldson@winston.com]
**Sent:** Thursday, August 11, 2011 6:14 PM
**To:** Moskin, Jonathan; Kearney, Tom J.
**Cc:** Golinveaux, Jennifer A.; Mersmann, Eric J.; Kaspar, Scott R.; Weinzierl, Aaron J.
**Subject:** RE: Games Workshop Limited v. Chapterhouse Studios LLC et al, USDC Northern District of Illinois, Case No. 1:10-cv-08103

Jonathan,

The DVD we sent you should open in any DVD-ROM drive. It contains standard load files and images for a production. In light of this information, please let us know if you continue to have issues.

With respect to the issues we have with Plaintiff's production, please refer to Tom Kearney's letter of July 29, 2011 and his subsequent email correspondence with you.

Thank you.

Caleb

---

**From:** Moskin, Jonathan [mailto:JMoskin@foley.com]
**Sent:** Thursday, August 11, 2011 12:31 PM
**To:** Kearney, Tom J.
**Cc:** Golinveaux, Jennifer A.; Mersmann, Eric J.; Kaspar, Scott R.; Weinzierl, Aaron J.; Donaldson, J. Caleb
**Subject:** RE: Games Workshop Limited v. Chapterhouse Studios LLC et al, USDC Northern District of Illinois, Case No. 1:10-cv-08103

I must also let you know that we received today the disk you sent but, even working with our tech center, we find it is not in a format that we can open. Please advise in what program it was created. It may also be that we need to have it resent in a different format.

In the meantime, in the name of simple civility, will you please tell us what is on the disk.

Thank you

Jonathan

---

**From:** Moskin, Jonathan
**Sent:** Thursday, August 11, 2011 3:07 PM
**To:** Kearney, Tom J.
**Cc:** Golinveaux, Jennifer A.; Mersmann, Eric J.; Kaspar, Scott R.; Weinzierl, Aaron J.; Donaldson, J. Caleb
**Subject:** RE: Games Workshop Limited v. Chapterhouse Studios LLC et al, USDC Northern District of Illinois, Case No. 1:10-cv-08103

If you have issue with my letter, please tell me now what they are.  I do not intend to play again with you the game in which you hide the ball so as to sand-bag us with unspecified issues.  Nor is it too much to ask for a response to my letters so that we needn't waste time on matters where nothing is in issue.

Jonathan

---

**From:** Kearney, Tom J. [mailto:TKearney@winston.com]
**Sent:** Thursday, August 11, 2011 2:49 PM
**To:** Moskin, Jonathan
**Cc:** Golinveaux, Jennifer A.; Mersmann, Eric J.; Kaspar, Scott R.; Weinzierl, Aaron J.; Donaldson, J. Caleb
**Subject:** RE: Games Workshop Limited v. Chapterhouse Studios LLC et al, USDC Northern District of Illinois, Case No. 1:10-cv-08103

Jonathan,

We are available tomorrow at 10:30 Pacific or Monday at the same time for a call to discuss the outstanding discovery matters, including your two letters.  We do indeed have outstanding issues with Games Workshop's discovery responses, as detailed in our recent correspondence.

Best,

Tom

**Thomas J. Kearney**
D: +1 (415) 591-6894
www.winston.com
WINSTON
&STRAWN
LLP

---

**From:** Moskin, Jonathan [mailto:JMoskin@foley.com]
**Sent:** Wednesday, August 10, 2011 3:57 PM
**To:** Donaldson, J. Caleb
**Cc:** Golinveaux, Jennifer A.; Kearney, Tom J.; Mersmann, Eric J.; Kaspar, Scott R.; Weinzierl, Aaron J.
**Subject:** RE: Games Workshop Limited v. Chapterhouse Studios LLC et al, USDC Northern District of Illinois, Case No. 1:10-cv-08103

Would it be too much to ask you to tell us what is on this disk?  Specifically, we would like to know if you will tell us in response to my two letters of July 28 and August 5 what documents Chapterhouse is now producing, rather than continuing to frustrate the progress of discovery by requiring us simply to await delivery of the disk.  If you tell us now and cease this refusal to communicate, we will be able to schedule a call tomorrow or Friday.

Although we are astounded that you once again violated local rules by filing a second motion without any attempt to meet and confer (to the contrary doing so only after deliberately refusing to answer any of our questions or give any inkling you had any concerns with Games Workshop's production) perhaps a willingness to communicate will also persuade you to withdraw the motion.

Again, we await your response to my two letters regarding the deficiencies in Chapterhouse's discovery responses, and, in the meantime, trust you have no further questions regarding Games Workshop's responses.

Jonathan

---

**From:** Chea, Carleen K. [mailto:CChea@winston.com]
**Sent:** Tuesday, August 09, 2011 2:01 PM
**To:** Moskin, Jonathan; Kaspar, Scott R.; Weinzierl, Aaron J.
**Cc:** Golinveaux, Jennifer A.; Donaldson, J. Caleb; Kearney, Tom J.; Mersmann, Eric J.
**Subject:** Games Workshop Limited v. Chapterhouse Studios LLC et al, USDC Northern District of Illinois, Case No. 1:10-cv-08103

Counsel:

Please see attached correspondence that went out via U.S. mail yesterday.  Thank you.

**Carleen K. Chea**
**Legal Secretary**
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802
T: +1 (415) 591-1000
D: +1 (415) 591-1535
F: +1 (415) 591-1400
Email | www.winston.com

WINSTON
&STRAWN
LLP

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

The contents of this message may be privileged and confidential. Therefore, if this message has