IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAMES WORKSHOP LIMITED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:10-cv-08103 |
| v. | ) |
| | ) |
| CHAPTERHOUSE STUDIOS LLC and | ) |
| JON PAULSON d/b/a PAULSON GAMES, | ) Judge Matthew F. Kennelly |
| | ) |
| Defendants. | ) |

**DEFENDANT CHAPTERHOUSE STUDIOS LLC'S
MOTION TO MAINTAIN HIGHLY CONFIDENTIAL DESIGNATION**

Pursuant to Paragraph 3.f of the Agreed Protective Order for this case entered on July 12, 2011, Defendant Chapterhouse Studios LLC ("Chapterhouse") moves this court for an order to maintain the Highly Confidential designation of its responses to Interrogatories 3, 4, 6, 9, and 10.

**I. INTRODUCTION**

On July 29, 2011 Chapterhouse supplemented its answers to Plaintiff's Second Set of Interrogatories, and identified the names and contact information of those involved in the design and manufacture of Chapterhouse's products, as well as the specific businesses through which those products are sold or advertised. Chapterhouse designated these responses as "Highly Confidential" for two reasons. First, one of Chapterhouse's key competitive advantages is its ability to seek out and recruit excellent modelers and manufacturers, and to work with independent game sellers and internet sites. As a fan-run small business, Chapterhouse has a unique ability to connect with others in the gaming community and to identify and secure vital talent. Second, Games Workshop has a history of pressuring smaller competitors, and Chapterhouse's contractors fear possible retribution from Plaintiff if their contact information is revealed to it. There is no legitimate reason Plaintiff – as opposed to its outside counsel – needs this information.

1

Because counsel for Plaintiff has demanded that this information be de-designated or that the designation be changed, Chapterhouse now moves the Court for an order maintaining the Highly Confidential designation, as required by the Agreed Protective Order.

## II. BACKGROUND

On May 27, 2011, Plaintiff propounded its Second Set of Interrogatories on Chapterhouse. Recognizing the sensitivity and competitive importance of this information, Chapterhouse timely responded that it could not provide the information sought until a protective order had been entered. This Court entered the Agreed Protective Order on July 12, 2011 (Docket Entry #71) ("Protective Order"), and Chapterhouse supplemented its interrogatory responses. Because of the sensitive competitive nature of the information called for by some of the requests, Chapterhouse designated its answers to the following interrogatories as Highly Confidential under the Protective Order. Those interrogatories are:

> **INTERROGATORY REQUEST NO. 3:**
> Identify by name and last known address (including email address and phone) all natural or corporate persons who have worked with or for Chapterhouse in creating or designing any of the Accused Works; set forth the works for which each such person was involved in the design process, set forth the role played by each such person and state the period of time each such person worked with or for Chapterhouse.
>
> **INTERROGATORY REQUEST NO. 4:**
> Identify by name and last known address (including email address and phone) all natural or corporate persons who have worked with or for Chapterhouse in producing or manufacturing any of the Accused Works; set forth the works for which each such person was involved in the design process, set forth the role played by each such person and state the period of time each such person worked with or for Chapterhouse.
>
> **INTERROGATORY REQUEST NO. 6:**
> Identify by name, last known address (including email address and phone), title and responsibilities all current or past employees, agents or independent contractors who have worked for Chapterhouse.
>
> **INTERROGATORY REQUEST NO. 9:**
> Identify any and all websites or other businesses or venues (including trade shows) where any of the Accused Works has ever been offered for sale or sold.

**INTERROGATORY REQUEST NO. 10:**
Identify any and all websites, publications or other businesses or venues (including trade shows) where any of the Accused Works has ever been advertised or promoted.

The Protective Order provides that, after a party has challenged a Producing Party's designation of material as Confidential or Highly Confidential, the Producing Party must file a motion within fourteen days after the challenge, or automatically forfeit the designation. Protective Order, ¶ 3.f.

On August 1, 2011, Plaintiff's counsel sent an email demanding that this information be redesignated as simply "Confidential" so that he could provide the names to his client. Declaration of Thomas Kearney ("Kearney Decl.") ¶ 2. Counsel for Defendant scheduled a call with Plaintiff's counsel for August 8, 2011 to discuss this and other pending discovery issues. *Id.* ¶¶ 3-4. Plaintiff's counsel refused to take the call or to reschedule, despite repeated requests. *Id.* ¶¶ 5-7.

**III. The Identities of Chapterhouse's Artists, Manufacturers, and Advertising and Sales Channels Are Properly Designated Highly Confidential.**

    **A. The Agreed Protective Order Defines Sensitive, Strategic, and Trade Secret Information as "Highly Confidential."**

The Protective Order defines both Confidential and Highly Confidential information:

> "Confidential" information is information concerning a Person's business operations, processes, and technical and development information within the scope of Rule 26(c)(1)(G), the disclosure of which is likely to harm that Person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third Person or to a Court.

> "Highly Confidential" information is information within the scope of Rule 26(c)(1)(G) that is current or future business or technical trade secrets and plans more sensitive or strategic than Confidential information, the disclosure of which is likely to significantly harm that Person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third Person or to a Court.

Protective Order, ¶ 2(b), (c). Chapterhouse's lists of contributing artists and manufacturers, and its lists of places where the products have been sold or marketed are classic "trade secrets" the disclosure of which is likely to significantly harm Chapterhouse's competitive position.

3

Furthermore, these artists and manufacturers wish to protect their identities, fearing reprisal from Plaintiff. Declaration of Nicholas Villacci ("Villacci Decl.") ¶¶ 9-10. The lists of identities and contact information are therefore properly designated as "Highly Confidential."

### B. Chapterhouse's Lists of Designers, Manufacturers, and Advertising and Sales Channels Are Classic Trade Secrets.

Illinois' Trade Secret Act provides this definition of "trade secret," which explicitly includes compilations of information, and customer and supplier lists:

> (d) "Trade secret" means information, including but not limited to, technical or non-technical data, a formula, pattern, compilation, program, device, method, technique, drawing, process, financial data, **or list of actual or potential customers or suppliers**, that:
> (1) is sufficiently secret to derive economic value, actual or potential, from not being generally known to other persons who can obtain economic value from its disclosure or use; and
> (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy or confidentiality.

765 ILCS 1065/2(d) (emphasis added). Based on this language, courts routinely uphold "highly confidential" or "attorneys' eyes only" designations in cases involving customer lists. *See Autotech Tech. Ltd. P'ship v. Automationdirect.com, Inc.*, 235 F.R.D. 435, 445-46 (N.D. Ill. 2006) (collecting cases). Supplier lists, especially where the "suppliers" are so important to the success of the business, should receive the same protection. *See, e.g., Fire 'em Up Inc. v. Technocarb (2004) Ltd.*, ___ F. Supp. 2d ___, 2011 WL 2582396 (N.D. Ill. June 27, 2011) (denying motion to dismiss trade secret claim based on supplier lists, among other things); *Zep, Inc. v. First Aid Corp.*, No. 09-cv-1973, 2010 WL 1195094 at *10 (N.D. Ill. March 19, 2010) (denying motion to dismiss trade secret claim based on supplier lists). Chapterhouse's designers and manufacturers are analogous to suppliers in the statute, although they are, if anything, even more crucial to Chapterhouse's success than typical suppliers. The two key things that set Chapterhouse apart are the creative visions of its sculptors and the high quality of its manufactured product. The designers and manufacturers are thus the core of Chapterhouse's business. So too the lists of

Chapterhouse's retail outlets and advertisers are sensitive competitive information analogous to "customer lists" in the statute.

> "Some factors to be considered in determining whether given information is one's trade secret are: (1) the extent to which the information is known outside of his business; (2) the extent to which it is known by employees and others involved in his business; (3) the extent of measures taken by him to guard the secrecy of the information; (4) the value of the information to him and to his competitors; (5) the amount of effort or money expended by him in developing the information; (6) the ease or difficulty with which the information could be properly acquired or duplicated by others."

*ILG Industries, Inc. v. Scott*, 273 N.E.2d 393, 396 (Ill. 1971) (quoting Restatement of Torts § 757, comment b, p. 6).

The names of Chapterhouse's designers, manufacturers, and distributors are maintained as confidential by Chapterhouse[1]. Villacci Decl. ¶¶ 12, 15. Chapterhouse has no employees, and only one individual knows all the information provided in the Interrogatory responses at issue, Chapterhouse's principal Nicholas Villaci. Chapterhouse does not make this information available publicly, and it is kept on only one computer, which is locked with a password. Villacci Decl. ¶ 12, 15.

Moreover, should another company interfere with Chapterhouse's designer and manufacturer relationships, Chapterhouse would be hobbled. Villacci Decl. ¶ 14. A competitor who could co-opt or scare off these key partners would significantly damage Chapterhouse. Chapterhouse does not make this information public, and indeed, the information has never been compiled anywhere comprehensively before this litigation. Villacci Decl. ¶ 16. Chapterhouse's complete marketing and retail distribution strategy is likewise a valuable asset of the company, and one that would lose value if it were generally known. Chapterhouse's lists of suppliers, manufacturers, and retail and advertising outlets are trade secrets, and this vital competitive information should remain protected. Moreover, Chapterhouse's designers, manufacturers, and

---

[1] One sculptor, Zac Soden, asked to be credited for his work, which Chapterhouse has done. Chapterhouse will lower his contact information to a "Confidential" designation.

advertisers have expressed concern that being identified with Chapterhouse could lead to retribution by Plaintiff in light of the current litigation. Villacci Decl. ¶¶ 9-10.

## IV.  CONCLUSION

Games Workshop's outside counsel has the information it requested. There is no legitimate reason to share that information with Games Workshop's employees. The information at issue is classic trade secret material. Chapterhouse respectfully requests that the Court order that the Highly Confidential designation for Chapterhouse's response to Interrogatories 3, 4, 6, 9, and 10 be maintained.

Dated: August 15, 2011

Respectfully submitted,

CHAPTERHOUSE STUDIOS LLC

By:   /s/ Thomas J. Kearney
Jennifer Golinveaux (CA Bar No. 203056)
J. Caleb Donaldson (CA Bar No. 257271)
Thomas J. Kearney (CA Bar No. 267087)
  WINSTON & STRAWN LLP
  101 California Street
  San Francisco, CA 94111-5802
  Phone: (415) 591-1000
  Fax: (415) 591-1400
  jgolinveaux@winston.com
  jcdonaldson@winston.com
  tkearney@winston.com

Eric Mersmann (IL Bar No. 6286859)
Catherine B. Diggins (IL Bar No. 6296237)
Jonathon C. Raffensperger (IL Bar No. 6302802)
  WINSTON & STRAWN LLP
  35 West Wacker Drive
  Chicago, IL 60601-1695
  Phone: (312) 558-5600
  Fax: (312) 558-5700
  emersmann@winston.com
  cdiggins@winston.com
  jraffensperger@winston.com

*Attorneys for defendant Chapterhouse Studios LLC*

SF:316637