# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAMES WORKSHOP LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>CHAPTERHOUSE STUDIOS LLC and JON PAULSON d/b/a PAULSON GAMES<br><br>Defendants. | Civil Action No. 1:10-cv-8103<br><br>Hon. Matthew F. Kennelly<br>Hon. Jeffrey T. Gilbert |

## GAMES WORKSHOP LTD.'S SECOND SET OF INTERROGATORIES TO CHAPTERHOUSE STUDIOS LLC (NOS. 3-13)

Plaintiff Games Workshop Limited ("Games Workshop"), by and through its counsel Foley & Lardner LLP, submits the following Interrogatories to be answered by Chapterhouse Studios LLC ("Chapterhouse"). Chapterhouse shall serve upon Games Workshop at the Chicago office of Foley & Lardner LLP sworn answers to the Interrogatories set forth below within thirty (30) days after the service hereof.

### DEFINITIONS AND INSTRUCTIONS

The Definitions and Instructions from Games Workshop's First Set of Document Requests are incorporated by reference herein. However, Games Workshop wishes to clarify that the definition of Chapterhouse, including its employees and agents, includes independent contractors and any documents or information in the possession of such individuals or entities.

### INTERROGATORIES

**INTERROGATORY NO. 3:**

Identify by name and last known address (including email address and phone) all

natural or corporate persons who have worked with or for Chapterhouse in creating or designing any of the Accused Works; set forth the works for which each such person was involved in the design process, set forth the role played by each such person and state the period of time each such person worked with or for Chapterhouse.

**INTERROGATORY NO. 4:**

Identify by name and last known address (including email address and phone) all natural or corporate persons who have worked with or for Chapterhouse in producing or manufacturing any of the Accused Works; set forth the works for which each such person was involved in the design process, set forth the role played by each such person and state the period of time each such person worked with or for Chapterhouse.

**INTERROGATORY NO. 5:**

Set forth the methods, processes or business plans employed by Chapterhouse in selecting new products for development or inclusion in its product lines, including without limitation the persons involved in such process and their respective responsibilities.

**INTERROGATORY NO. 6:**

Identify by name, last known address (including email address and phone), title and responsibilities all current or past employees, agents or independent contractors who have worked for Chapterhouse.

**INTERROGATORY NO. 7:**

Separately for each of the Accused Works, identify any sources consulted, used, reviewed or relied on by Chapterhouse other than works of Games Workshop in creating each of the said Accused Works.

NYC_1133923.1

**INTERROGATORY NO. 8:**

Set forth the meaning and derivation of the name "Chapterhouse" and identify all sources consulted, used, reviewed or relied on by Chapterhouse in selecting the name.

**INTERROGATORY NO. 9:**

Identify any and all websites or other businesses or venues (including trade shows) where any of the Accused Works has ever been offered for sale or sold.

**INTERROGATORY NO. 10:**

Identify any and all websites, publications or other businesses or venues (including trade shows) where any of the Accused Works has ever been advertised or promoted.

**INTERROGATORY NO. 11:**

Set forth all sources in which Chapterhouse relied in connection with the selection of each of the product names, designations or identifying information for each of the Accused Works offered for sale by defendant.

**INTERROGATORY NO. 12:**

Identify any instances in which any consumer or potential consumer of any of Chapterhouse's products has mentioned or referred to Games Workshop, WARHAMMER or WARHAMMER 40,000 or expressed any confusion or question as to the association or affiliation between Chapterhouse or its products and Games Workshop and its products, including, without limitation by specifying the persons involved, date and substance of anything said.

**INTERROGATORY NO. 13:**

Set forth all facts or other grounds, if any, on which Chapterhouse relied for each of the affirmative defenses asserted in its Answer to the Amended Complaint herein.

NYC_1133923.1

Dated: May 27, 2011

Respectfully submitted,

By: _____
    Jonathan E. Moskin

Scott R. Kaspar (Ill. Bar No. 6284921)
Aaron J. Weinzierl (Ill. Bar No. 6294055)
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654
Telephone: (312) 832-4500
Facsimile: (312) 832-4700
Email: skaspar@foley.com; aweinzierl@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

*Attorneys for Plaintiff Games Workshop Limited*

## CERTIFICATE OF SERVICE

I, Jonathan E. Moskin, an attorney, hereby certify that on May 27, 2011, I caused a copy of the foregoing GAMES WORKSHOP LTD.'S SECOND SET OF INTERROGATORIES TO CHAPTERHOUSE STUDIOS LLC (NOS. 3-13) to be served on the interested parties by causing copies of this document to be served on the following *via* United States Mail in a sealed envelope with the postage prepaid and *via* electronic mail to the following:

> Jennifer A. Golinveaux, Esq.
> Thomas J. Kearney, Esq.
> J. Caleb Donaldson, Esq.
> WINSTON & STRAWN LLP
> 101 California Street
> San Francisco, CA 94111
> jgolinveaux@winston.com
> tkearney@winston.com
> jcdonaldson@winston.com
>
> Catherine B. Diggins, Esq.
> Eric J. Mersmann, Esq.
> WINSTON & STRAWN LLP
> 35 West Wacker Drive
> Chicago, IL 60601
> cdiggins@winston.com
> emersmann@winston.com
>
> and
>
> Ronald H. Spuhler
> Ronald A. DiCerbo
> Thomas J. Campbell Jr.
> MCANDREWS, HELD & MALLOY LTD.
> 500 W. Madison Street – 34th Floor
> Chicago, IL 60061

Jonathan E. Moskin

5

NYC_1133923.1

# EXHIBIT 2

## Kaspar, Scott R.

| | |
|---|---|
| **From:** | Moskin, Jonathan |
| **Sent:** | Monday, August 01, 2011 4:42 PM |
| **To:** | Golinveaux, Jennifer A.; Kearney, Tom J. |
| **Cc:** | Donaldson, J. Caleb; Mersmann, Eric J.; Chea, Carleen K.; Kaspar, Scott R. |
| **Subject:** | RE: Discovery Responses re Games Workshop Limited v. Chapterhouse Studios LLC |

I have just now reviewed Chapterhouse's supplemental responses to Games Workshops Second Set of Interrogatories (Nos. 3, 4, 6 and 9 and 10). The names of people who have performed services for Chapterhouse in designing or producing the accused works (Nos. 3, 4 and 6), the public websites and other venues where its products are sold or advertised (Nos. 9 and 10) are not confidential under the meaning of the parties protective order. Even more clearly, this information is not highly confidential.

The protective order includes the following definition:

"'Confidential' information is information concerning a Person's business operations, processes, and technical and development information within the scope of Rule 26(c)(1)(G), the disclosure of which is likely to harm that Person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third Person or to a Court."

Highly confidential information is limited to:

"current or future business or technical trade secrets and plans more sensitive or strategic than Confidential information, the disclosure of which is likely to significantly harm that Person's competitive position."

Minimally and most obviously, the public websites and other venues where defendants' products are sold or advertised are not confidential by virtue of having been "disclosed in a printed publication" under Paragraph 2(d) of the Order. And none of the information you have designated Confidential has any bearing on the parties' competitive positions. It does not entail the disclosure of any business plans or information of competitive interest to merit confidential treatment. Far more simply, it does not include any "technical trade secrets and plans" to warrant highly confidential treatment, and nothing about disclosing such information will harm Chapterhouse's competitive position. Nor have you suggested there are confidentiality obligations to these third parties. Rather, the designation simply frustrates our ability as counsel to share such information with our client and hence prosecute the case.

Please confirm that you will redesignate the information promptly. At the very least, please confirm that the information can be treated as simply "Confidential" rather than "Highly Confidential" so that we can share it with in-house counsel at Games Workshop.

Thank you

Jonathan

---

**From:** Schuh, Lisa [mailto:LSchuh@winston.com]
**Sent:** Friday, July 29, 2011 7:16 PM
**To:** Kaspar, Scott R.; 'aweinzierl@foley.com.'; Moskin, Jonathan
**Cc:** Golinveaux, Jennifer A.; Donaldson, J. Caleb; Kearney, Tom J.; Mersmann, Eric J.; Chea, Carleen K.
**Subject:** Discovery Responses re Games Workshop Limited v. Chapterhouse Studios LLC

Dear Counsel,

Attached please find the following discovery documents which are being sent to you

today via U.S. Mail:

1. DEFENDANT CHAPTERHOUSE STUDIOS LLC'S SECOND SUPPLEMENTAL RESPONSE TO GAMES WORKSHOP LTD.'S FIRST SET OF INTERROGATORIES TO CHAPTERHOUSE STUDIOS LLC (NOS. 1-2); and
2. DEFENDANT CHAPTERHOUSE STUDIOS LLC'S FIRST SUPPLEMENTAL RESPONSE TO GAMES WORKSHOP LTD.'S SECOND SET OF INTERROGATORIES TO CHAPTERHOUSE STUDIOS LLC (NOS. 3-13)

Thank you.

**Lisa Schuh**
**Legal Secretary to Thomas Kearney**
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802
T: +1 (415) 591-1000
D: +1 (415) 591-6854
F: +1 (415) 591-1400
Email | www.winston.com

WINSTON & STRAWN LLP

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
****************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

8/16/2011

# EXHIBIT 3



**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW
90 PARK AVENUE
NEW YORK, NY 10016-1314
212.682.7474 TEL
212.687.2329 FAX
foley.com

WRITER'S DIRECT LINE
212.338.3572
jmoskin@foley.com EMAIL

CLIENT/MATTER NUMBER
099251-0101

August 5, 2011

VIA E-MAIL

Jennifer A. Golinveaux, Esq.
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

Re: Games Workshop Limited v. Chapterhouse Studios LLC

Dear Jennifer:

Further to my letter of July 28, I have now reviewed defendant's Supplemental Responses to Games Workshop's Interrogatories 2, 3, 4, 6, 9 and 10.

Regarding the supplemental responses to Interrogatories 2 and 7, and related Document Request 2 (as well as Request 9), Chapterhouse has produced no documents identifying so much as a single alleged third-party work relied on by Chapterhouse in creating any of the accused works and no means for us even to assess to what Chapterhouse is even referring. As with Chapterhouse's response to Interrogatory No. 8, referring to an abstract OED definition of "chapter house" or Frank Herbert's "Dune" novel, without any indication that either had any actual role in defendant's selection of the name Chapterhouse, the supplemental responses to Interrogatories 2 and 7 are evasive and essentially meaningless.

Moreover, although Chapterhouse belatedly made available for our initial inspection a vast quantity of original Games Workshop materials in Chapterhouse's possession, it is essential that Chapterhouse now identify which of those documents or things it relied upon as inspiration for the accused works and that it actually produce copies of the same – all as required by Interrogatory 2 and Document Request 9.

Moreover, now that it is clear (based on Chapterhouse's supplemental responses to Interrogatories 3, 4, 6) that Chapterhouse has as many as nine independent designers, four independent manufacturers and twenty-two independent contractors involved in creating the accused works, most of whom are located at places remote from Chapterhouse's Texas headquarters, it is particularly imperative that Chapterhouse produce the communications (by email or otherwise), agreements and other documents between or among Chapterhouse and these third parties as called for by Document Requests 6, 7 and 12.

Similarly, now that Chapterhouse has identified the places where its products are sold, it only underscores the failure to produce any sales figures or actual advertising.

BOSTON   JACKSONVILLE   MILWAUKEE   SAN DIEGO   SILICON VALLEY
BRUSSELS   LOS ANGELES   NEW YORK   SAN DIEGO/DEL MAR   TALLAHASSEE
CHICAGO   MADISON   ORLANDO   SAN FRANCISCO   TAMPA
DETROIT   MIAMI   SACRAMENTO   SHANGHAI   TOKYO
                                          WASHINGTON, D.C.

NYC_1194842.1


FOLEY & LARDNER LLP

Jennifer A. Golinveaux, Esq.
August 5, 2011
Page 2

    You have not responded at all to my July 28 letter, either answering any of the questions raised or agreeing to a time to confer to try to resolve these issues. Please let us know if you are available later today or Monday to confer by telephone.

    As you are now or soon will be aware, we have sent a separate response to Mr. Kearney's letter of July 29.

                                     Very truly yours,

                                     Jonathan E. Moskin

JEM:se

cc.:    Scott Kaspar, Esq.