Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | Jeffrey Gilbert |
|---|---|---|---|
| **CASE NUMBER** | 10 C 8103 | **DATE** | 8/23/2011 |
| **CASE TITLE** | Games Workshop Limited vs. Chapterhouse Studios LLC et al | | |

**DOCKET ENTRY TEXT**

Status and motion hearing held. Defendant Chapterhouse Studios LLC's Motion to Maintain Highly Confidential Designations [84] is granted, without prejudice to Plaintiff Games Workshop Limited's ability to raise the Highly Confidential designation issue for these documents in the future under different circumstances, for the reasons stated in open court and in the minute order statement below. Pre-settlement conference discussions were held off the record with counsel for Plaintiff Games Workshop Limited and Defendant Chapterhouse Studios LLC. Counsel are directed to confer with their respective clients and the lead lawyers in their respective law firms with respect to at least the following matters before the next status hearing: (a) what is necessary to put this case in a posture for a productive settlement conference; (b) what information or documents should be exchanged by the parties before the settlement conference to increase the chances that the settlement conference will be productive; (c) what pre-settlement conference submissions (i.e., see the Standing Order for Settlement Conferences on Magistrate Judge Gilbert's website www.ilnd.uscourts.gov) should be required of the parties.

Status hearing set for 9/1/11 at 10:15 a.m. for the purpose of discussing the steps that need to be taken to put the parties and the Court in a position to have a productive settlement conference and to set a date for a settlement conference, preferably in late September or early October. Counsel shall be prepared at the next status hearing to set a date for a settlement conference consistent with their and their clients' respective schedules. Before the next status hearing, out of town counsel with lead responsibility for this case shall provide a telephone contact number to the Court's courtroom deputy and be prepared to participate in the next status hearing by telephone, unless they wish (at their option) to be present in person. To be clear, telephone participation is fine with the Court. If the 9/1/11 date presents a problem for anyone that needs to participate, however, then counsel shall contact the Court's courtroom deputy about rescheduling the status hearing.

■ [ For further details see text below.]

Notices mailed by Judicial staff.

01:30

---

## STATEMENT

Defendant Chapterhouse Studios LLC's Motion to Maintain Highly Confidential Designations [84] is granted, without prejudice, as stated above, for the following reasons:

   1. Both parties have utterly failed to comply with Local Rule 37.2 and Federal Rule of Civil Procedure 37 with respect to their mandatory obligations to meet-and-confer concerning the substance of a discovery-related motion before such a motion is presented to or heard by the Court. Indeed, the Protective Order under which the parties are operating specifically says, "[t]he Party and the Producer shall then meet and confer to attempt to resolve the dispute without involvement of the Court." No meet-and-confer occurred here.

## STATEMENT

Indeed, the motion papers make clear that Plaintiff sent Defendant an email on August 1, 2011, questioning the basis for the Highly Confidential designation for the identify of certain website and the names and addresses of Defendant's designers, Defendant's counsel suggested a telephone call to discuss this and other discovery matters, but that call did not take place nor did any other discussion of Defendant's motion until this morning's hearing. Accordingly, the status quo will be maintained, and that means the Highly Confidential designation will be maintained without prejudice to this issue being brought before the Court in the future properly and under different circumstances.

    2.  Even if the parties had fulfilled their meet-and-confer obligations, there is no basis on this record to disturb the Highly Confidential designation for the particular discovery materials identified by Plaintiff. Defendant has made a threshold showing that the materials it has designated as Highly Confidential have been properly designated as such under the parties' Protective Order. The declaration of Defendant's founder, Mr. Villacci, establishes that the information is maintained as confidential on his business computer locked with a password, that the information does not exist in public in the form in which it was produced to Plaintiff with the Highly Confidential designation, and that he and the designers with whom Defendant works have a fear of serious harm if the information is disclosed to Plaintiff as opposed to its attorneys only. For its part, Plaintiff has not shown that it is being materially harmed today by the Highly Confidential designation utilized by Defendant which prevents Plaintiff's attorneys from sharing with Plaintiff the designated information. Plaintiff has not articulated any reason that it needs to know the information that has been designated as Highly Confidential other than that it may need this information to identify third parties it may want to add as named defendants in this case. But, assuredly, that is not a proper reason for discovery. A party to a lawsuit is not entitled to conduct discovery for the purpose of gathering information to sue others. *See Well-Made Toy Mfg. Corp. v. Lotus Onda Industrial Co., Ltd.*, 2002 WL 72930 (S.D.N.Y. Jan. 17, 2002).

    Accordingly, for all of these reasons, the challenged Highly Confidential designations will be maintained, at least for the present time.