IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAMES WORKSHOP LIMITED,<br><br>            Plaintiff,<br><br>    v.<br><br>CHAPTERHOUSE STUDIOS LLC and JON PAULSON d/b/a PAULSON GAMES<br><br>            Defendants. | Civil Action No. 1:10-cv-8103<br><br>Hon. Matthew F. Kennelly<br>Hon. Jeffrey T. Gilbert |

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO AMEND PLEADINGS**

  Plaintiff Games Workshop Limited ("Games Workshop") moves this Court for an Order extending the deadline to amend pleadings through and until December 1, 2011. In support of its motion, Games Workshop states as follows:

  1.  Pursuant to this Court's order dated September 6, 2011 (Dkt. No. 98), the deadline for amending pleadings is November 1, 2011.

  2.  Despite having commenced discovery more than seven months ago, to date Games Workshop has received very limited responses to its discovery requests (including requests served on Defendant Chapterhouse Studios LLC ("Chapterhouse") on March 25, 2011 and May 27, 2011, respectively which were the subject of the Court's Order (Dkt. No. 66)) Games Workshop has since been seeking to resolve disputes regarding Chapterhouse regarding these and other requests directly with counsel, without having to trouble the Court with motion practice. Hence, for essentially the same reasons set forth in Games Workshop's prior motion

1

(Dkt. No. 95 filed August 30, 2011), plaintiff must request again that the deadline to amend pleadings be extended by one month.

3. Games Workshop has identified 97 products of Chapterhouse that it believes to be infringing based on the similarities of the products to original sources, and Games Workshop contends that, as a result, Chapterhouse's entire website (focused exclusively on trading on Games Workshop's popular WARHAMMER books and games) is an infringement. Chapterhouse's admits access and copying, and its entire business exists to trade on Games Workshop's original works. However, Games Workshop is aware of additional new products of Chapterhouse that may need to be brought into this lawsuit, and before making any final accusations of copying, Games Workshop had expected to have received at least some meaningful discovery from Chapterhouse. In fact, Games Workshop has received virtually none despite the Court's prior instructions.

4. Chapterhouse's discovery failures also have raised the question of whether additional parties will need to be named. Games Workshop questions whether it will need to add as parties the individual designers and manufacturers of Chapterhouse's accused products, but because Chapterhouse has designated such information as "Confidential Attorneys-Eyes-Only", the undersigned counsel has been unable to confer even with in-house attorneys at Games Workshop as to the roles of these third parties. Chapterhouse recently produced a portion of its correspondence with these designers, suppliers and distributors, but at this time, without substantive interrogatory responses, it is difficult for Games Workshop to understand the roles of these third parties.

5. The Court has remanded the case for proceedings before Magistrate Judge Gilbert to resolve discovery disputes and assess whether the parties can engage in any meaningful

settlement discussions, and, since September 1, 2011, Magistrate Judge Gilbert has largely stayed completion of discovery pending a settlement and discovery conference in court. That conference is now scheduled for November 7. Accordingly, although Games Workshop hopes that the scope of the case will be narrowed substantially at the upcoming settlement and discovery conference, and that, to the extent it is not resolved, Games Workshop will be receiving soon the critical discovery that it needs to begin moving this case forward it does not wish to be prejudiced in the interim. The claims against defendant Mr. Paulson have all essentially been resolved (but-for one non-substantive issue) and Games Workshop does not expect it will require any further discovery from Mr. Paulson.

6. Further, this Court has set the next status hearing for November 21, 2011, during which time the parties will report to the Court the status of discovery and proceedings before Magistrate Judge Gilbert.

7. Therefore, Games Workshop requests that the Court extend the deadline for amending pleadings by one month, or through December 1, 2011.

8. Counsel for Games Workshop notified counsel for Chapterhouse and Mr. Paulson of its intent to seek such an extension of time. Counsel for Chapterhouse indicated that it opposes the motion.

**WHEREFORE**, Games Workshop respectfully requests that this Honorable Court extend the deadline to amend pleadings through and until December 1, 2011.

Dated: October 31, 2011                             Respectfully submitted,

/s/ Scott R. Kaspar

Scott R. Kaspar (Ill. Bar No. 6284921)
Aaron J. Weinzierl (Ill. Bar No. 6294055)
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: 312.832.4500
Facsimile: 312.832.4700
Email: skaspar@foley.com;
aweinzierl@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

*Attorneys for Plaintiff*
*Games Workshop Limited*

CHIC_5569900.1

**CERTIFICATE OF SERVICE**

I, Scott R. Kaspar, an attorney, hereby certify that on October 31, 2011, I caused to be filed electronically PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO AMEND PLEADINGS and NOTICE OF MOTION with the Clerk of the Court using the CM/ECF system, which will send an electronic copy of the foregoing to counsel of record and constitutes service under Federal Rule of Civil Procedure 5(b)(2)(D) pursuant to Local Rule 5.9 of the Northern District of Illinois.

      /s/ Scott R. Kaspar