# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAMES WORKSHOP LIMITED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:10-cv-08103 |
| v. ) | |
| ) | |
| CHAPTERHOUSE STUDIOS LLC and JON ) | |
| PAULSON d/b/a PAULSON GAMES, ) | |
| ) | Judge Matthew F. Kennelly |
| Defendants. ) | |

**DEFENDANT CHAPTERHOUSE STUDIOS LLC'S SECOND SUPPLEMENTAL RESPONSE TO GAMES WORKSHOP LTD.'S FIRST SET OF INTERROGATORIES TO CHAPTERHOUSE STUDIOS LLC (NOS. 1-2)**

PROPOUNDING PARTY:   PLAINTIFF GAMES WORKSHOP LIMITED

RESPONDING PARTY:    DEFENDANT CHAPTERHOUSE STUDIOS LLC

SET:                 ONE

Pursuant to Federal Rule of Civil Procedure 33, Defendant Chapterhouse Studios LLC ("Chapterhouse") hereby supplements its response to the first set of Interrogatories from Plaintiff Games Workshop Limited ("Games Workshop"), as follows:

**GENERAL OBJECTIONS:**

Chapterhouse incorporates the following General Objections as if set forth fully in response to each interrogatory in Games Workshop's First Set of Interrogatories.

1. These responses are made solely for the purposes of this litigation. Chapterhouse has not completed its investigation into the facts of this case. The responses are based solely on the documents and information presently available and specifically known to Chapterhouse. Chapterhouse therefore responds without prejudice to its right to supplement its responses.

2. Chapterhouse objects to each interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other doctrine. Any inadvertent disclosure of such information will not be deemed a waiver of the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity.

3. Chapterhouse objects to each interrogatory to the extent that it purports to require Chapterhouse to disclose highly sensitive, confidential, or trade secret information of competitive and strategic significance.

4. Chapterhouse objects to Games Workshop's First Set of Interrogatories in their entirety as overbroad, burdensome, oppressive, and vague.

5. Chapterhouse objects to each interrogatory to the extent that it seeks information not reasonably related to the claims or defenses in this matter.

6. Chapterhouse objects to each interrogatory to the extent that it purports to impose any requirement or discovery obligation on Chapterhouse other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court.

7. Chapterhouse objects to the definition of "Chapterhouse" as overbroad to the extent it seeks information that is outside of Chapterhouse's possession, custody or control.

8. Chapterhouse objects to the definition of "Defendants" as overbroad to the extent it seeks information from other entities that is outside of Chapterhouse's possession, custody or control.

9. Chapterhouse objects to the definition of "Amended Complaint" as overbroad and impermissibly vague to the extent it purports to incorporate amendments Games Workshop has not yet filed.

10. Chapterhouse objects to the definition of "Accused Works" as vague and ambiguous and overbroad and unduly burdensome the to the extent that it purports to encompass claims Games Workshop has not yet brought.

11. Chapterhouse objects to the definition of "Identify" as overbroad and unduly burdensome and to the extent that it seeks information outside of Chapterhouse's possession, custody or control. Chapterhouse further objects to the definition of "Identify" as vague and ambiguous to the extent it purports to require a "description" of things.

12. Chapterhouse specifically objects to paragraph 7 of Games Workshop's definitions and instructions as overbroad and oppressive to the extent it purports to impose any requirement or discovery obligation on Chapterhouse other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court.

## RESPONSES

**INTERROGATORY REQUEST NO. 1:**

Identify each Games Workshop publication, including (without limitation) copies of any of the works identified in paragraphs 12-14 of the Amended Complaint[1] and/or any Games Workshop newsletter, and/or any Games Workshop miniatures and/or gaming accessories, that has ever been in Chapterhouse's possession, custody or control.

**RESPONSE TO INTERROGATORY NO. 1:**

In addition to its General Objections, Chapterhouse objects to this interrogatory as vague and ambiguous. Chapterhouse further objects to this interrogatory as overbroad, unduly

---

[1] These include: Warhammer 40,000 rule book (first through fifth editions); the Space Marine Collectors' Guide, (first or second edition); Warhammer 40,000 Tyranids (first through fourth editions); Warhammer 40,000 Space Marines (first through fourth editions); Warhammer 40,000 Dark Angels (first through third editions); Warhammer 40,000 Chaos Space Marines (first through fourth editions); Index Astartes II, January 2002; Index Astartes III, February 2004; Index Astartes IV, June 2005; The Horus Heresy Collected Visions, June 2007; The Art of Warhammer 40,000, January 2006; White Dwarf Magazine 249, September 2000; How to Paint Space Marines, April 2005; Soul Drinkers, September 2002; Games Workshop Complete Catalog & Hobby Reference 2006-2007.

3

burdensome, and seeking information outside the scope of permissible discovery. Chapterhouse further objects to this interrogatory insofar as it would purport to require Chapterhouse to determine what is a Games Workshop publication. Chapterhouse further objects to this interrogatory on the grounds and to the extent that it is duplicative of Games Workshop's Request for Production No. 1.

Notwithstanding and subject to its General and specific objections, Chapterhouse responds that it will make available for inspection documents and things responsive to Games Workshop's Request for Production No. 1.

**INTERROGATORY REQUEST NO. 2:**

Identify any and all sources consulted, used, reviewed or relied on by Chapterhouse in creating each of the Accused Works.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to its General Objections, Chapterhouse objects to this interrogatory as vague and ambiguous. Chapterhouse further objects to this interrogatory as unduly burdensome, oppressive, and seeking information outside the scope of discovery. Chapterhouse further objects specifically to the word "sources" as vague and ambiguous, and overbroad and unduly burdensome. Chapterhouse further objects to the string of participles "consulted, used, reviewed, or relied on" as vague and ambiguous, and overbroad and unduly burdensome.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

In addition to its General Objections, Chapterhouse objects to this interrogatory as vague and ambiguous. Chapterhouse further objects to this interrogatory as unduly burdensome, oppressive, and seeking information outside the scope of discovery. Chapterhouse further objects specifically to the word "sources" as vague and ambiguous, and overbroad and unduly burdensome. Chapterhouse further objects to the string of participles "consulted, used, reviewed,

4

or relied on" as vague and ambiguous, and overbroad and unduly burdensome. This interrogatory appears to call for a comprehensive list of Chapterhouse's influences, but creative inspiration is not amenable to easy dissection.

Without waiving, and subject to, its General and specific objections, Chapterhouse responds that, regarding the works Chapterhouse creates, Chapterhouse draws inspiration in carrying degrees from many different disciplines and sources, including, but not limited to mythology, military history, fiction, film, videogames, physics, biology, gaming, and many other disciplines and areas of study and cultural expression. Chapterhouse notes that the Internet provides a wealth of informational and inspirational material for all creative endeavors, and that Chapterhouse performs Internet and other research when creating its products.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

In addition to its General Objections, Chapterhouse objects to this interrogatory as vague and ambiguous. Chapterhouse further objects to this interrogatory as unduly burdensome, oppressive, and seeking information outside the scope of discovery. Chapterhouse further objects specifically to the word "sources" as vague and ambiguous, and overbroad and unduly burdensome. Chapterhouse further objects to the string of participles "consulted, used, reviewed, or relied on" as vague and ambiguous, and overbroad and unduly burdensome. This interrogatory appears to call for a comprehensive list of Chapterhouse's influences, but creative inspiration is not amenable to easy dissection.

Without waiving, and subject to, its General and specific objections, Chapterhouse responds that, regarding the works Chapterhouse creates, Chapterhouse draws inspiration in carrying degrees from many different disciplines and sources, including, but not limited to mythology, military history, fiction, film, videogames, physics, biology, gaming, and many other

5

disciplines and areas of study and cultural expression. Chapterhouse notes that the Internet provides a wealth of informational and inspirational material for all creative endeavors, and that Chapterhouse performs Internet and other research when creating its products.

Specifically, Chapterhouse responds that the Dungeons and Dragons hammer weapons provided inspiration for Chapterhouse's war hammers. The designs for the Celestial Lions were inspired by photographs submitted by a customer, one of a public sculpture with the head of a lion and the body of a fish, and the other of a lion in silhouette. Chapterhouse's products that look like circular-saw blades were based on actual circular saw blades. The snake on some of the Chapterhouse products was based on an image of classical Greek art. The Star Fox logo on some of Chapterhouse's products is based on a fan-created design. The lashwhips, boneswords, and the mycetic spore took inspiration from the art of HR Giger, in particular the art direction for the Alien movies. Chapterhouse consulted the tyranid codex for the Tervigon Conversion Kit. Chapterhouse's sculptor on the project also consulted Games Workshop's Carnifex model while developing the Tervigon conversion kit, to ensure proper fit and alignment of the kit with the Carnifex model. The dragon/salamander images Chapterhouse used came from Google Images searches on words like "dragon." Chapterhouse asked a concept artist to draw sketches of its wolf's head icon, and to adorn the icon with Nordic-style runes. The designs for the scarab and starburst shoulder pads were inspired by Egyptian art. Chapterhouse's mantis products began as a commission from a customer – the customer provided a photograph of a particular species of mantis, along with line drawings based on tracings from the photograph. Defendant reserves the right to further supplement this response as additional sources are recollected.

Dated: July 29, 2011            Respectfully submitted,

CHAPTERHOUSE STUDIOS LLC

By: _/s/ Thomas J. Kearney_
Jennifer Golinveaux (CA Bar No. 203056)
J. Caleb Donaldson (CA Bar No. 257271)
Thomas J. Kearney (CA Bar No. 267087)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5802
Phone: (415) 591-1000
Fax: (415) 591-1400
jgolinveaux@winston.com
jcdonaldson@winston.com
tkearney@winston.com

Eric Mersmann (IL Bar No. 6286859)
Catherine B. Diggins (IL Bar No. 6296237)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-1695
Phone: (312) 558-5600
Fax: (312) 558-5700
emersmann@winston.com
cdiggins@winston.com

## VERIFICATION

I, Nicholas Villacci, declare:

I am authorized to make this verification for and on behalf of Defendant Chapterhouse Studio LLC, and I make this verification for that reason. I have read the foregoing DEFENDANT CHAPTERHOUSE STUDIOS LLC'S FIRST SUPPLEMENTAL RESPONSE TO GAMES WORKSHOP LTD.'S FIRST SET OF INTERROGATORIES TO CHAPTERHOUSE STUDIOS LLC (NOS. 1-2) and know the contents thereof. On information and belief, the matters herein are true.

I declare under penalty of perjury that the foregoing is true and correct.

July 29, 2011

_____
Nicholas Villacci

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2011, I provided service to the person or persons listed below by the following means: First Class Mail.

Scott R. Kaspar
Aaron J. Weinzierl
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: 312.832.4500
Facsimile: 312.832.4700
Email: skaspar@foley.com
aweinzierl@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

Signature: _____     Date: July 29, 2011
Name          Lisa Schuh

9

SF:315227.3

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAMES WORKSHOP LIMITED, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHAPTERHOUSE STUDIOS LLC and JON ) <br> PAULSON d/b/a PAULSON GAMES, ) <br> ) <br> Defendants. ) | Case No. 1:10-cv-08103 <br><br> Judge Matthew F. Kennelly |

## DEFENDANT CHAPTERHOUSE STUDIOS LLC'S RESPONSE TO GAMES WORKSHOP LTD.'S FIRST SET OF DOCUMENT REQUESTS TO CHAPTERHOUSE STUDIOS LLC (NOS. 1-2)

PROPOUNDING PARTY:     PLAINTIFF GAMES WORKSHOP LIMITED

RESPONDING PARTY:     DEFENDANT CHAPTERHOUSE STUDIOS LLC

SET:     ONE

Pursuant to Federal Rule of Civil Procedure 34, Defendant Chapterhouse Studios LLC ("Chapterhouse") hereby responds to the first set of Requests for Production of Documents from Plaintiff Games Workshop Limited ("Games Workshop"), as follows:

### RESPONSES

Chapterhouse incorporates the following General Objections as if set forth fully in response to each request for production of documents in Games Workshop's First Set of Requests for Production of Documents.

1. These responses are made solely for the purposes of this litigation. Chapterhouse has not completed its investigation into the facts of this case. The responses are based solely on the documents that are presently available and specifically known to Chapterhouse. Chapterhouse therefore responds without prejudice to its right to produce any documents

subsequently discovered, and Chapterhouse specifically reserves the right to supplement its responses.

2. Chapterhouse objects to each request to the extent that it seeks documents that are protected by the attorney-client privilege, the work-product doctrine, and/or any other doctrine. Any inadvertent disclosure of such documents will not be deemed a waiver of the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity.

3. Chapterhouse objects to each request to the extent that it purports to require Chapterhouse to disclose highly sensitive, confidential, or trade secret information of competitive and strategic significance.

4. Chapterhouse objects to Games Workshop's First Set of Requests for Production in their entirety as overbroad, burdensome, oppressive, and vague.

5. Chapterhouse objects to each request to the extent that it seeks information or documents not reasonably related to the claims or defenses in this matter.

6. Chapterhouse objects to objects to each request to the extent that it purports to impose any requirement or discovery obligation on Chapterhouse other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court.

7. Chapterhouse objects to the definition of "Chapterhouse" as overbroad to the extent it seeks information or documents from other entities that is outside of Chapterhouse's possession, custody or control.

8. Chapterhouse objects to the definition of "Defendants" as overbroad to the extent it seeks information or documents from other entities that is outside of Chapterhouse's possession, custody or control.

9. Chapterhouse objects to the definition of "Games Workshop's Interrogatories" as overbroad and impermissibly vague to the extent it purports to incorporate interrogatories Games Workshop has not yet served.

10. Chapterhouse objects to the definition of "Amended Complaint" as overbroad and impermissibly vague to the extent it purports to incorporate amendments Games Workshop has not yet filed.

11. Chapterhouse specifically objects to paragraph 8 of Games Workshop's definitions as overbroad and oppressive to the extent it purports to impose any requirement or discovery obligation on Chapterhouse other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court.

12. Chapterhouse specifically objects to paragraph 9 of Games Workshop's definitions as overbroad and oppressive to the extent it purports to impose any requirement or discovery obligation on Chapterhouse other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court.

## RESPONSES

**DOCUMENT REQUEST NO. 1:**

Any and all documents or things in Chapterhouse's possession, custody or control, including (without limitation) copies of any of the works identified in paragraphs 12-14 of the Amended Complaint[1], any Games Workshop newsletter, and/or any Games Workshop

---

[1] These include: Warhammer 40,000 rule book (first through fifth editions); the Space Marine Collectors' Guide, (first or second edition); Warhammer 40,000 Tyranids (first through fourth editions); Warhammer 40,000 Space Marines (first through fourth editions); Warhammer 40,000 Dark Angels (first through third editions); Warhammer 40,000 Chaos Space Marines (first through fourth editions); Index Astartes II, January 2002; Index Astartes III, February 2004; Index Astartes IV, June 2005; The Horus Heresy Collected Visions, June 2007; The Art of Warhammer 40,000, January 2006; White Dwarf Magazine 249, September 2000; How to Paint Space Marines, April 2005; Soul Drinkers, September 2002; Games Workshop Complete Catalog & Hobby Reference 2006-2007.

3

miniatures and/or gaming accessories, constituting or including works of authorship created or published by Games Workshop.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overbroad and unduly burdensome. Chapterhouse further objects to this request as vague and ambiguous by calling on Chapterhouse to determine whether a document or thing is a "work[] of authorship created or published by" Games Workshop. Chapterhouse further objects to this request as seeking documents and things outside the scope of permissible discovery because it seeks information, documents, and things that are not relevant to the subject matter of this action and are not reasonably calculated to lead to discovery of admissible evidence.

Notwithstanding, and without waiving, its General Objections or its specific objections to this request, Chapterhouse will make available for inspection and copying responsive documents and things.

**DOCUMENT REQUEST NO. 2:**

Any and all documents and things identified, reviewed, or considered by Chapterhouse in preparing responses to each of Games Workshop's First Set of Interrogatories or that support or form any part of the bases of Chapterhouse's responses to each and every interrogatory contained in Games Workshop's First Set of Interrogatories.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overbroad and unduly burdensome. Chapterhouse specifically objects that "identified, reviewed, or considered" is vague, ambiguous and potentially overbroad. Chapterhouse further objects to this request as seeking documents and things outside the scope of permissible discovery because it seeks information, documents, and things that are not relevant

to the subject matter of this action and are not reasonably calculated to lead to discovery of admissible evidence.

Dated: April 28, 2011

Respectfully submitted,

CHAPTERHOUSE STUDIOS LLC

By: _____
Jennifer Golinveaux (CA Bar No. 203056)
J. Caleb Donaldson (CA Bar No. 257271)
Thomas J. Kearney (CA Bar No. 267087)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5802
Phone: (415) 591-1000
Fax: (415) 591-1400
jgolinveaux@winston.com
jcdonaldson@winston.com
tkearney@winston.com

Eric Mersmann (IL Bar No. 6286859)
Catherine B. Diggins (IL Bar No. 6296237)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-1695
Phone: (312) 558-5600
Fax: (312) 558-5700
emersmann@winston.com
cdiggins@winston.com

5

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2011, I provided service to the person or persons listed below by the following means: First Class Mail.

Scott R. Kaspar
Aaron J. Weinzierl
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: 312.832.4500
Facsimile: 312.832.4700
Email: skaspar@foley.com;
aweinzierl@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

Jon Paulson
2232 College Rd
Downers Grove, IL 60516

Signature: _____
Name      Carleen Chea

Date: April 28, 2011

SF:306882.3

6