# EXHIBIT H

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| GAMES WORKSHOP LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:10-cv-08103 |
| | ) | |
| v. | ) | |
| | ) | |
| CHAPTERHOUSE STUDIOS LLC and | ) | Judge Matthew F. Kennelly |
| JON PAULSON d/b/a PAULSON GAMES, | ) | Judge Jeffrey T. Gilbert |
| | ) | |
| Defendants. | ) | |

## DEFENDANT CHAPTERHOUSE STUDIOS LLC'S RESPONSE TO GAMES WORKSHOP LTD.'S FIRST SET OF REQUESTS FOR ADMISSION (NOS. 1-190)

PROPOUNDING PARTY:   PLAINTIFF GAMES WORKSHOP LIMITED

RESPONDING PARTY:   DEFENDANT CHAPTERHOUSE STUDIOS LLC

SET NUMBER:   ONE

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendant Chapterhouse Studios, LLC ("Chapterhouse") hereby submits its objections and responses to the first set of Requests for Admission of Plaintiff Games Workshop Limited ("Games Workshop" or "Plaintiff").

## PRELIMINARY STATEMENT

Chapterhouse responds to the Requests subject to the accompanying general and specific objections. Chapterhouse has not fully completed its investigation of the facts of this case, has not completed its discovery in this action, and has not completed its preparation for trial. All the answers contained in these responses are based upon only that information and those documents

1

presently available and specifically known to Chapterhouse. Further discovery, independent investigation, legal research, and analysis may supply additional facts, add meaning to the known facts, or establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from these responses.

The following responses are given without prejudice to Chapterhouse's right to produce evidence of any subsequently discovered facts or refreshed recollections. Chapterhouse accordingly reserves the right to change any or all of these responses as additional facts are ascertained, analyses are done, legal research is completed, and connections are made. These responses are made in good faith, but should in no way prejudice Chapterhouse in relation to further investigation, discovery, research, or analysis.

Chapterhouse submits these responses subject to:

a. Any objections as to the competency, relevance, materiality, privilege, or admissibility of any of the responses.

b. The right to object to other discovery procedures involving or relating to the subject matter of the responses given and the documents identified in these responses.

c. The right to revise, correct, supplement, or clarify any of these responses at any time, including at trial.

## GENERAL OBJECTIONS

Chapterhouse incorporates the following general objections into each and every one of its responses.

1. Chapterhouse objects to these Requests and Plaintiff's instructions insofar as they impose obligations on Chapterhouse greater than those imposed by the Federal Rules of Civil Procedure, the local rules, or any other applicable laws or rules.

2.      Chapterhouse objects to these Requests and Plaintiff's instructions insofar as they impose an obligation on Chapterhouse to provide a response for or on behalf of any other person or entity and/or seeks documents or information not in Chapterhouse's possession, custody, or control.

3.      Chapterhouse objects to these Requests insofar as they seek information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine or any other privilege or right of privacy.

4.      Chapterhouse objects to these Requests insofar as they assume facts not supported by any evidence and/or the existence of additional responsive information other than what Chapterhouse has produced.  By responding and/or objecting to the Requests, Chapterhouse does not admit the facts assumed and/or the existence of additional responsive information.

5.      Chapterhouse objects to these Requests insofar as they seek an admission by Chapterhouse to the relevancy or admissibility at hearing of any information or communications that Chapterhouse may describe or discuss in these responses.

6.      Chapterhouse objects to these Requests insofar as they seek information that is unreasonably cumulative, already in the possession of Plaintiff, or obtainable from some other source that is more convenient or less burdensome or expensive.

7.      Chapterhouse objects to the definition of "You", "Your", and "Chapterhouse" as overbroad to the extent it seeks information that is outside of Chapterhouse's possession, custody or control.

8.      Chapterhouse objects to the definition of "Defendants" as overbroad to the extent it seeks information from other entities that is outside of Chapterhouse's possession, custody or control.

3

9. Chapterhouse objects to the use of the verb "relied" as vague and ambiguous and as calling for irrelevant information unlikely to lead to the discovery of admissible evidence.

10. Chapterhouse objects to the use of the noun "work" as vague and ambiguous and as calling for irrelevant information unlikely to lead to the discovery of admissible evidence. Chapterhouse further objects to use of the "work" as potentially calling for a legal conclusion.

## RESPONSES TO REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1:

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Eagle Thunder Hammer for Space Marine.

### RESPONSE TO REQUEST FOR ADMISSION NO. 1:

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

### REQUEST FOR ADMISSION NO. 2:

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Eagle Thunder Hammer for Space Marine.

### RESPONSE TO REQUEST FOR ADMISSION NO. 2:

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already

responded.  Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 3:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Shoulder Pad w/ Shield & Studs for Space Marine – Tactical.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded.  Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 4:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Shoulder Pad w/ Shield & Studs for Space Marine – Tactical.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded.  Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 5:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Skull or Chaplain Head Bit for Space Marines.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 6:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Skull or Chaplain Head Bit for Space Marines.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 7:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Shoulder Pads for Blood Eagle – Tactical.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 8:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Shoulder Pads for Blood Eagle – Tactical.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 9:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Shoulder Pads for Blood Eagle – Terminator.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 10:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Shoulder Pads for Blood Eagle – Terminator.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 11:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Celestial Lions Left Arm Shoulder Pad Bit – Tactical.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 12:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Celestial Lions Left Arm Shoulder Pad Bit – Tactical.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 13:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Celestial Lions Right Arm Shoulder Pad Bit – Tactical.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 14:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Celestial Lions Right Arm Shoulder Pad Bit – Tactical.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already

responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 15:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Shoulder Pads for Deathwatch or Dark Angels – Tactical.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 16:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Shoulder Pads for Deathwatch or Dark Angels – Tactical.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 17:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Shoulder Pads for Deathwatch or Dark Angels – Terminator.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 18:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Shoulder Pads for Deathwatch or Dark Angels – Terminator.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 19:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Power Armour Pad for Exorcist.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 20:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Power Armour Pad for Exorcist.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 21:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Terminator pad for Exorcist Space Marine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 22:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Exorcist Space Marine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 23:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Sawblade Shoulder Pad & Jewel.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 24:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Sawblade Shoulder Pad & Jewel.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 25:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Terminator Shoulder Pad for Flesh Tearers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 26:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Terminator Shoulder Pad for Flesh Tearers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already

14

responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST FOR ADMISSION NO. 27:

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Howling Griffon Shoulder Pads for Space Marines.

## RESPONSE TO REQUEST FOR ADMISSION NO. 27:

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST FOR ADMISSION NO. 28:

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Howling Griffon Shoulder Pads for Space Marines.

## RESPONSE TO REQUEST FOR ADMISSION NO. 28:

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST FOR ADMISSION NO. 29:

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Shoulder Pads for Imperial Fist – Tactical Marines.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 30:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Shoulder Pads for Imperial Fist – Tactical Marines.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 31:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Shoulder Pad for Imperial Fist – Terminator Marine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

16

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST FOR ADMISSION NO. 32:

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Imperial Fist – Terminator Marine.

## RESPONSE TO REQUEST FOR ADMISSION NO. 32:

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST FOR ADMISSION NO. 33:

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Shoulder Pads for Serpent or Iron Snakes – Tactical.

## RESPONSE TO REQUEST FOR ADMISSION NO. 33:

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 34:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Shoulder Pads for Serpent or Iron Snakes – Tactical.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 35:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Shoulder Pads for Serpent or Iron Snakes – Terminator.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 36:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Shoulder Pads for Serpent or Iron Snakes – Terminator.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 37:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Shoulder Pad w/ Studs and Skull for Space Marine – Tactical.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 38:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Shoulder Pad w/ Studs and Skull for Space Marine – Tactical.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already

responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 39:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Shoulder Pad w/ Skull and Flames for Space Marines – Tactical.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 40:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Shoulder Pad w/ Skull and Flames for Space Marines – Tactical.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 41:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Shoulder Pad Star Fox / Luna Wolves Tactical.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 42:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Shoulder Pad Star Fox / Luna Wolves Tactical.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 43:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Shoulder Pad Star Fox / Luna Wolves Terminator.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

21

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST FOR ADMISSION NO. 44:

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Shoulder Pad Star Fox / Luna Wolves Terminator.

## RESPONSE TO REQUEST FOR ADMISSION NO. 44:

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST FOR ADMISSION NO. 45:

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Shoulder Pads for Chalice or Soul Drinker – Tactical.

## RESPONSE TO REQUEST FOR ADMISSION NO. 45:

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

22

**REQUEST FOR ADMISSION NO. 46:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Shoulder Pads for Chalice or Soul Drinker – Tactical.

**RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 47:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Shoulder Pads for Chalice or Soul Drinker – Terminator.

**RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 48:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Shoulder Pads for Chalice or Soul Drinker – Terminator.

**RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded.  Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 49:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Dragon or Salamander Icon Shoulder Pad Bit – Tactical.

**RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded.  Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 50:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Dragon or Salamander Icon Shoulder Pad Bit – Tactical.

**RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already

responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 51:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Dragon or Salamander Icon Shoulder Pad – Terminator.

**RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 52:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Dragon or Salamander Icon Shoulder Pad – Terminator.

**RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 53:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Dragon or Salamander Power Fist.

**RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 54:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Dragon or Salamander Power Fist.

**RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 55:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Dragon or Salamander Storm Shield Diamond Scales.

**RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

26

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 56:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Dragon or Salamander Storm Shield Diamond Scales.

**RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 57:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Dragon or Salamander Storm Shield - Smooth no skull.

**RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 58:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Dragon or Salamander Storm Shield - Smooth no skull.

**RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 59:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Dragon or Salamander Storm Shield - Smooth w/ skull.

**RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 60:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Dragon or Salamander Storm Shield - Smooth w/ skull.

**RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 61:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Dragon or Salamander Thunder Hammer.

**RESPONSE TO REQUEST FOR ADMISSION NO. 61:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 62:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Dragon or Salamander Thunder Hammer.

**RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already

responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 63:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Salamander, Alpha Legion or Dragon Conversion Kit for Land Raider.

**RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 64:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Salamander, Alpha Legion or Dragon Conversion Kit for Land Raider.

**RESPONSE TO REQUEST FOR ADMISSION NO. 64:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 65:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Vehicle Icons for Flesh Tearers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 65:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 66:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Vehicle Icons for Flesh Tearers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 66:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 67:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Combi Weapon Magnetic Kit.

**RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

31

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 68:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Combi Weapon Magnetic Kit.

**RESPONSE TO REQUEST FOR ADMISSION NO. 68:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 69:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Farseer Jetbike Seer Council Kit.

**RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 70:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Farseer Jetbike Seer Council Kit.

**RESPONSE TO REQUEST FOR ADMISSION NO. 70:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 71:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Warlock Jetbike Seer Council Kit.

**RESPONSE TO REQUEST FOR ADMISSION NO. 71:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 72:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Warlock Jetbike Seer Council Kit.

**RESPONSE TO REQUEST FOR ADMISSION NO. 72:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 73:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Conversion kit for Tyranid Tervigon.

**RESPONSE TO REQUEST FOR ADMISSION NO. 73:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 74:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Conversion kit for Tyranid Tervigon.

**RESPONSE TO REQUEST FOR ADMISSION NO. 74:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already

responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 75:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Lashwhips - Tyrant Size.

**RESPONSE TO REQUEST FOR ADMISSION NO. 75:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 76:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (tha t is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Lashwhips - Tyrant Size.

**RESPONSE TO REQUEST FOR ADMISSION NO. 76:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 77:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Lashwhips - Warrior Size.

**RESPONSE TO REQUEST FOR ADMISSION NO. 77:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 78:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Lashwhips - Warrior Size.

**RESPONSE TO REQUEST FOR ADMISSION NO. 78:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 79:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Tyrant Bonesword Arms for Tyranids.

**RESPONSE TO REQUEST FOR ADMISSION NO. 79:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 80:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Tyrant Bonesword Arms for Tyranids.

**RESPONSE TO REQUEST FOR ADMISSION NO. 80:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 81:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Warrior Bonesword Arms for Tyranids.

**RESPONSE TO REQUEST FOR ADMISSION NO. 81:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

37

**REQUEST FOR ADMISSION NO. 82:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Warrior Bonesword Arms for Tyranids.

**RESPONSE TO REQUEST FOR ADMISSION NO. 82:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 83:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Ymgarl Heads for Tyranid Genestealers – Set.

**RESPONSE TO REQUEST FOR ADMISSION NO. 83:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 84:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Ymgarl Heads for Tyranid Genestealers – Set.

**RESPONSE TO REQUEST FOR ADMISSION NO. 84:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 85:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, SXV-141 Super-Heavy Assault Walker SAW.

**RESPONSE TO REQUEST FOR ADMISSION NO. 85:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 86:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, _____.

**RESPONSE TO REQUEST FOR ADMISSION NO. 86:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 87:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Assault Shoulder Pad for Space Marine with number 7.

**RESPONSE TO REQUEST FOR ADMISSION NO. 87:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 88:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Assault Shoulder Pad for Space Marine with number 7.

**RESPONSE TO REQUEST FOR ADMISSION NO. 88:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 89:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Assault Shoulder Pad for Space Marine with number 8.

**RESPONSE TO REQUEST FOR ADMISSION NO. 89:**

40

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 90:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Assault Shoulder Pad for Space Marine with number 8.

**RESPONSE TO REQUEST FOR ADMISSION NO. 90:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 91:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Assault Squad Shoulder Pad for Space Marine – Plain.

**RESPONSE TO REQUEST FOR ADMISSION NO. 91:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 92:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Assault Squad Shoulder Pad for Space Marine – Plain.

**RESPONSE TO REQUEST FOR ADMISSION NO. 92:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 93:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Crested Pad for Space Marine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 93:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 94:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Crested Pad for Space Marine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 94:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 95:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Devastator Shoulder Pad for Space Marine – Plain.

**RESPONSE TO REQUEST FOR ADMISSION NO. 95:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 96:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Devastator Shoulder Pad for Space Marine – Plain.

**RESPONSE TO REQUEST FOR ADMISSION NO. 96:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already

responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 97:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Devastator Shoulder Pad for Space Marine with number 9.

**RESPONSE TO REQUEST FOR ADMISSION NO. 97:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 98:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Devastator Shoulder Pad for Space Marine with number 9.

**RESPONSE TO REQUEST FOR ADMISSION NO. 98:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 99:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Devastator Shoulder Pad for Space Marine with number 10.

**RESPONSE TO REQUEST FOR ADMISSION NO. 99:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 100:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Devastator Shoulder Pad for Space Marine with number 10.

**RESPONSE TO REQUEST FOR ADMISSION NO. 100:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 101:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, First Squad or I Shoulder Pads – tactical.

**RESPONSE TO REQUEST FOR ADMISSION NO. 101:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 102:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, First Squad or I Shoulder Pads – tactical.

**RESPONSE TO REQUEST FOR ADMISSION NO. 102:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 103:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Generic Power Armour Shoulder Pad for Space Marine – Plain.

**RESPONSE TO REQUEST FOR ADMISSION NO. 103:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 104:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Generic Power Armour Shoulder Pad for Space Marine – Plain.

**RESPONSE TO REQUEST FOR ADMISSION NO. 104:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 105:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Smooth Shoulder Pad for Space Marine - no raised areas.

**RESPONSE TO REQUEST FOR ADMISSION NO. 105:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 106:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Smooth Shoulder Pad for Space Marine - no raised areas.

**RESPONSE TO REQUEST FOR ADMISSION NO. 106:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 107:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Tactical Shoulder Pad for Space Marine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 107:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 108:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Tactical Shoulder Pad for Space Marine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 108:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already

responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 109:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Tactical Shoulder Pad for Space Marine with number 1.

**RESPONSE TO REQUEST FOR ADMISSION NO. 109:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 110:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Tactical Shoulder Pad for Space Marine with number 1.

**RESPONSE TO REQUEST FOR ADMISSION NO. 110:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 111:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Tactical Shoulder Pad for Space Marine with number 2.

**RESPONSE TO REQUEST FOR ADMISSION NO. 111:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 112:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Tactical Shoulder Pad for Space Marine with number 2.

**RESPONSE TO REQUEST FOR ADMISSION NO. 112:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 113:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Tactical Shoulder Pad for Space Marine with Number 3.

**RESPONSE TO REQUEST FOR ADMISSION NO. 113:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST FOR ADMISSION NO. 114:

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Tactical Shoulder Pad for Space Marine with Number 3.

## RESPONSE TO REQUEST FOR ADMISSION NO. 114:

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST FOR ADMISSION NO. 115:

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Tactical Shoulder Pad for Space Marine with Number 4.

## RESPONSE TO REQUEST FOR ADMISSION NO. 115:

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 116:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Tactical Shoulder Pad for Space Marine with Number 4.

**RESPONSE TO REQUEST FOR ADMISSION NO. 116:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 117:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Tactical Shoulder Pad for Space Marine with number 5.

**RESPONSE TO REQUEST FOR ADMISSION NO. 117:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 118:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Tactical Shoulder Pad for Space Marine with number 5.

**RESPONSE TO REQUEST FOR ADMISSION NO. 118:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 119:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Tactical Shoulder Pad for Space Marine with number 6.

**RESPONSE TO REQUEST FOR ADMISSION NO. 119:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 120:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Tactical Shoulder Pad for Space Marine with number 6.

**RESPONSE TO REQUEST FOR ADMISSION NO. 120:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already

responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 121:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Salamanders or Dragon Drop Pod Armor or door panel.

**RESPONSE TO REQUEST FOR ADMISSION NO. 121:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 122:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Salamanders or Dragon Drop Pod Armor or door panel.

**RESPONSE TO REQUEST FOR ADMISSION NO. 122:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 123:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Salamander Dragon Skull Shoulder Pad Bit –Tactical.

**RESPONSE TO REQUEST FOR ADMISSION NO. 123:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 124:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Salamander Dragon Skull Shoulder Pad Bit –Tactical.

**RESPONSE TO REQUEST FOR ADMISSION NO. 124:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 125:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Salamander Dragon Skull Shoulder Pad – Terminator.

**RESPONSE TO REQUEST FOR ADMISSION NO. 125:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 126:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Salamander Dragon Skull Shoulder Pad – Terminator.

**RESPONSE TO REQUEST FOR ADMISSION NO. 126:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 127:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Salamander Dragon Thunder Hammer – Smooth.

**RESPONSE TO REQUEST FOR ADMISSION NO. 127:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 128:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Salamander Dragon Thunder Hammer – Smooth.

**RESPONSE TO REQUEST FOR ADMISSION NO. 128:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 129:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Dragon Salamander Head Bit Space Marine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 129:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 130:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Dragon Salamander Head Bit Space Marine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 130:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 131:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Cog Shoulder Pad - Power Armor.

**RESPONSE TO REQUEST FOR ADMISSION NO. 131:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 132:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Cog Shoulder Pad - Power Armor.

**RESPONSE TO REQUEST FOR ADMISSION NO. 132:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already

responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 133:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Shield for Iron Hands.

**RESPONSE TO REQUEST FOR ADMISSION NO. 133:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 134:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Shield for Iron Hands.

**RESPONSE TO REQUEST FOR ADMISSION NO. 134:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 135:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Shoulder Pad for Iron Hands Power Armor.

**RESPONSE TO REQUEST FOR ADMISSION NO. 135:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 136:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Shoulder Pad for Iron Hands Power Armor.

**RESPONSE TO REQUEST FOR ADMISSION NO. 136:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 137:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Shoulder Pad for Iron Hands Terminator armor.

**RESPONSE TO REQUEST FOR ADMISSION NO. 137:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 138:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Shoulder Pad for Iron Hands Terminator armor.

**RESPONSE TO REQUEST FOR ADMISSION NO. 138:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 139:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Banded Armor Terminator Pad.

**RESPONSE TO REQUEST FOR ADMISSION NO. 139:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 140:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Banded Armor Terminator Pad.

**RESPONSE TO REQUEST FOR ADMISSION NO. 140:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 141:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Banded Power Armour Shoulder Pads.

**RESPONSE TO REQUEST FOR ADMISSION NO. 141:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 142:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Banded Power Armour Shoulder Pads.

**RESPONSE TO REQUEST FOR ADMISSION NO. 142:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 143:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Studded Rimmed Shoulder Pad MKV.

**RESPONSE TO REQUEST FOR ADMISSION NO. 143:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 144:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Studded Rimmed Shoulder Pad MKV.

**RESPONSE TO REQUEST FOR ADMISSION NO. 144:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already

responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 145:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Five (5) Heresy Era Jump Packs for Space Marines.

**RESPONSE TO REQUEST FOR ADMISSION NO. 145:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 146:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Five (5) Heresy Era Jump Packs for Space Marines.

**RESPONSE TO REQUEST FOR ADMISSION NO. 146:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 147:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Masked Heresy Heads for Space Marines – 4.

**RESPONSE TO REQUEST FOR ADMISSION NO. 147:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 148:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Masked Heresy Heads for Space Marines – 4.

**RESPONSE TO REQUEST FOR ADMISSION NO. 148:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 149:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, MK I Heresy Era for Space Marine "Thunder Armor" Shoulder Pad.

**RESPONSE TO REQUEST FOR ADMISSION NO. 149:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 150:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, MK I Heresy Era for Space Marine "Thunder Armor" Shoulder Pad.

**RESPONSE TO REQUEST FOR ADMISSION NO. 150:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 151:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Spikey Heresy Heads for Space Marines.

**RESPONSE TO REQUEST FOR ADMISSION NO. 151:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 152:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Spikey Heresy Heads for Space Marines.

**RESPONSE TO REQUEST FOR ADMISSION NO. 152:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 153:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Studded Power Armor Pad for MK 5.

**RESPONSE TO REQUEST FOR ADMISSION NO. 153:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 154:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Studded Power Armor Pad for MK 5.

**RESPONSE TO REQUEST FOR ADMISSION NO. 154:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 155:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Rhino Conversion Kit for Space Wolves.

**RESPONSE TO REQUEST FOR ADMISSION NO. 155:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 156:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Rhino Conversion Kit for Space Wolves.

**RESPONSE TO REQUEST FOR ADMISSION NO. 156:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already

responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 157:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Storm Combat Space Tech Shield for Wolves.

**RESPONSE TO REQUEST FOR ADMISSION NO. 157:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 158:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Storm Combat Space Tech Shield for Wolves.

**RESPONSE TO REQUEST FOR ADMISSION NO. 158:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 159:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Generic Hammer 2.

**RESPONSE TO REQUEST FOR ADMISSION NO. 159:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 160:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Generic Hammer 2.

**RESPONSE TO REQUEST FOR ADMISSION NO. 160:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 161:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Imperial or Eagle Storm Shield.

**RESPONSE TO REQUEST FOR ADMISSION NO. 161:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 162:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Imperial or Eagle Storm Shield.

**RESPONSE TO REQUEST FOR ADMISSION NO. 162:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 163:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, "Heresy" Armoured Drop Pod Door.

**RESPONSE TO REQUEST FOR ADMISSION NO. 163:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

71

**REQUEST FOR ADMISSION NO. 164:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, "Heresy" Armoured Drop Pod Door.

**RESPONSE TO REQUEST FOR ADMISSION NO. 164:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 165:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Armoured Rhino for Space Marine Tank Door & Armor Kit.

**RESPONSE TO REQUEST FOR ADMISSION NO. 165:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 166:**

*(request left blank)*

**REQUEST FOR ADMISSION NO. 167:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Rhino Tank Conversion Kit for Space Marine Dragon or Salamander.

**RESPONSE TO REQUEST FOR ADMISSION NO. 167:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 168:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Rhino Tank Conversion Kit for Space Marine Dragon or Salamander.

**RESPONSE TO REQUEST FOR ADMISSION NO. 168:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 169:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Mycetic Spore for Tyranids.

**RESPONSE TO REQUEST FOR ADMISSION NO. 169:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 170:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Mycetic Spore for Tyranids.

**RESPONSE TO REQUEST FOR ADMISSION NO. 170:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 171:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Pre-Heresy Scarab Shoulder Pads for Thousand Sons Marines – Term.

**RESPONSE TO REQUEST FOR ADMISSION NO. 171:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 172:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Pre-Heresy Scarab Shoulder Pads for Thousand Sons Marines – Term.

**RESPONSE TO REQUEST FOR ADMISSION NO. 172:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 173:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Scarab Shoulder Pad for Thousand Sons - Power Armor.

**RESPONSE TO REQUEST FOR ADMISSION NO. 173:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 174:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Scarab Shoulder Pad for Thousand Sons - Power Armor.

**RESPONSE TO REQUEST FOR ADMISSION NO. 174:**

In addition to its General objections, Chapterhouse objects to this request as vague and
ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome,
particularly in light of other requests seeking this information to which Chapterhouse has already
responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to
lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 175:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is,
works created by parties other than Plaintiff) on which it relied in developing the accused
product, Starburst Shoulder Pad for Thousand Sons Marines - Power Armor.

**RESPONSE TO REQUEST FOR ADMISSION NO. 175:**

In addition to its General objections, Chapterhouse objects to this request as vague and
ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome,
particularly in light of other requests seeking this information to which Chapterhouse has already
responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to
lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 176:**

Admit that Chapterhouse does not currently have in its possession (so as to make
available for discovery and inspection) any specific third-party works (that is, works created by
parties other than Plaintiff) on which it relied in developing the accused product, Starburst
Shoulder Pad for Thousand Sons Marines - Power Armor.

**RESPONSE TO REQUEST FOR ADMISSION NO. 176:**

In addition to its General objections, Chapterhouse objects to this request as vague and
ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome,
particularly in light of other requests seeking this information to which Chapterhouse has already

responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 177:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Shoulder Pad for Mantis Warriors Marines - Power Armor (1).

**RESPONSE TO REQUEST FOR ADMISSION NO. 177:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 178:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Shoulder Pad for Mantis Warriors Marines - Power Armor (1).

**RESPONSE TO REQUEST FOR ADMISSION NO. 178:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 179:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Shoulder Pad for Blood Ravens Marines – Terminator.

**RESPONSE TO REQUEST FOR ADMISSION NO. 179:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 180:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Shoulder Pad for Blood Ravens Marines – Terminator.

**RESPONSE TO REQUEST FOR ADMISSION NO. 180:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 181:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Shoulder Pad for Blood Ravens Marines - Power Armor.

**RESPONSE TO REQUEST FOR ADMISSION NO. 181:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 182:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Shoulder Pad for Blood Ravens Marines - Power Armor.

**RESPONSE TO REQUEST FOR ADMISSION NO. 182:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 183:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Dragon or Salamander Variant Rhino Door Kit.

**RESPONSE TO REQUEST FOR ADMISSION NO. 183:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 184:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Dragon or Salamander Variant Rhino Door Kit.

**RESPONSE TO REQUEST FOR ADMISSION NO. 184:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 185:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Rhino Conversion #2 kit For Space Wolves.

**RESPONSE TO REQUEST FOR ADMISSION NO. 185:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 186:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Rhino Conversion #2 kit For Space Wolves.

**RESPONSE TO REQUEST FOR ADMISSION NO. 186:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 187:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Tactical Rhino Doors with Skulls Kit.

**RESPONSE TO REQUEST FOR ADMISSION NO. 187:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 188:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Tactical Rhino Doors with Skulls Kit.

**RESPONSE TO REQUEST FOR ADMISSION NO. 188:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already

responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 189:**

Admit that Chapterhouse is unable to identify any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Rhino Tank Conversion Kit for Iron Snakes.

**RESPONSE TO REQUEST FOR ADMISSION NO. 189:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 190:**

Admit that Chapterhouse does not currently have in its possession (so as to make available for discovery and inspection) any specific third-party works (that is, works created by parties other than Plaintiff) on which it relied in developing the accused product, Rhino Tank Conversion Kit for Iron Snakes

**RESPONSE TO REQUEST FOR ADMISSION NO. 190:**

In addition to its General objections, Chapterhouse objects to this request as vague and ambiguous. Chapterhouse objects to this request as overbroad and unduly burdensome, particularly in light of other requests seeking this information to which Chapterhouse has already responded. Chapterhouse objects that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Dated: September 22, 2011

Respectfully submitted,

CHAPTERHOUSE STUDIOS LLC

By:

Jennifer Golinveaux (CA Bar No. 203056)
J. Caleb Donaldson (CA Bar No. 257271)
Thomas J. Kearney (CA Bar No. 267087)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5802
Phone: (415) 591-1000
Fax: (415) 591-1400
jgolinveaux@winston.com
jcdonaldson@winston.com
tkearney@winston.com

Eric Mersmann (IL Bar No. 6286859)
Catherine B. Diggins (IL Bar No. 6296237)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-1695
Phone: (312) 558-5600
Fax: (312) 558-5700
emersmann@winston.com
cdiggins@winston.com

SF:319218.3

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2011, I provided service to the person or persons listed below by the following means: First Class Mail.

Scott R. Kaspar
Aaron J. Weinzierl
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: 312.832.4500
Facsimile: 312.832.4700
Email: skaspar@foley.com
aweinzierl@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

Ronald H. Spuhler
Ronald A. DiCerbo
Thomas J. Campbell Jr.
MCANDREWS, HELD & MALLOY LTD.
500 W. Madison Street – 34th Floor
Chicago, IL 60061
Telephone: (312) 775-8000
Facsimile: (312) 775-8100
Email: RSPUHLER@mcandrews-ip.com
rdicerbo@mhmlaw.com
tcampbell@mcandrews-ip.com

Signature: _____

Name           Carleen Chea

Date: September 22, 2011

SF:319352.2

5