# EXHIBIT 1

**DEFENDANT CHAPTERHOUSE STUDIOS LLC'S FIRST SET OF INTERROGATORIES TO GAMES WORKSHOP LTD.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GAMES WORKSHOP LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:10-cv-08103 |
| v. | ) | |
| | ) | |
| CHAPTERHOUSE STUDIOS LLC and JON | ) | |
| PAULSON d/b/a PAULSON GAMES, | ) | |
| | ) | Judge Matthew F. Kennelly |
| Defendants. | ) | |

**DEFENDANT CHAPTERHOUSE STUDIOS LLC'S REQUEST FOR**
**INTERROGATORIES TO GAMES WORKSHOP LIMITED SET ONE**

PROPOUNDING PARTY:        DEFENDANT CHAPTERHOUSE STUDIOS LLC

RESPONDING PARTY:        PLAINTIFF GAMES WORKSHOP LIMITED

SET:        ONE

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Chapterhouse Studios LLC ("Chapterhouse") requests that Plaintiff Games Workshop Limited respond to the interrogatories below, within thirty (30) days of the date of service.

## INSTRUCTIONS

1.        In answering these interrogatories, furnish all information, including information contained in or on any document, that is known or available to you, including all information in the possession of your attorneys or other persons acting on your behalf or under your attorney's employment or direction.

2.        For any information that is withheld on claim of privilege or other legal protection, state the basis for the claim, and without revealing information itself privileged or protected, describe the nature of the information sufficiently to enable Chapterhouse to assess the applicability of the claim. Include the identity of each person whom you believe has knowledge of such information.

3.      If you cannot answer the interrogatory fully and completely after exercising due diligence to make inquiries and secure information necessary to do so, so state, and answer the interrogatory to the full extent you deem possible, specify the portion of the interrogatory that you claim you are unable to answer fully and completely; and state what knowledge, information and belief you have concerning the unanswered portion of the interrogatory.

4.      The obligation to respond to this interrogatory is continuing and requires further answer and amendment from now until the time of hearing or trial, as provided by Federal Rule of Civil Procedure 26(e).

## DEFINITIONS

1.      The terms "you" or "your" refer to Plaintiff Games Workshop Limited and includes any persons controlled by or acting on behalf of that entity.

2.      The terms "your work" or "your works" refer to literary, pictorial, graphic, sculptural, or other works, as well as characters, in which Games Workshop Limited claims copyright.

3.      The term "Chapterhouse" refers to Defendant Chapterhouse Studios LLC as well as its officers, directors, employees, and authorized representatives.

4.      The words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of the interrogatory.

5.      As used herein, the term "identify" requires the following information:

      (a)     With respect to a natural person, provide:  full name; any aliases; present or last known business address, telephone number, and email address; occupation and business position or title held; present or last known U.S. residence address, telephone number, and email address (or, if not a U.S. resident, present foreign residence address, telephone number, and email address and last known U.S. residence address).

(b)     With respect to an entity (corporation, company, partnership, joint venture or other entity which is not a natural person), provide: full name; place of incorporation or organization (if any); street address of principal place of business; and principal telephone number.

(c)     With respect to a "copyright," identify the work and specify whether it is literary, pictorial, graphic, sculptural, a character, or other (and if "other" what type of work); the author; the date of creation; the current owner; any current exclusive licensee; the U.S. copyright registration or application number if any; and in the case of multi-page works, the specific page and textual passage or passages, if any, of the work alleged to be infringed.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each infringement of your copyrights for which you claim Chapterhouse is liable, by identifying (a) the copyright infringed; (b) the allegedly infringing product or products; (c) the exclusive right or rights of the copyright owner, as set forth in 17 U.S.C. section 106, that you claim has been infringed; and (d) the specific conduct that constitutes the infringement.

### INTERROGATORY NO. 2:

For each of the one hundred and six Chapterhouse products that you allege infringes your copyrights, identify (a) each of your copyrights that you allege the product infringes; (b) the exclusive right or rights of the copyright owner, as set forth in 17 U.S.C. section 106, that you claim has been infringed; and (c) the specific conduct that constitutes the infringement.

Dated: April 1, 2011                    Respectfully submitted,

                                        CHAPTERHOUSE STUDIOS LLC

                                        By:     _____
                                                Jennifer Golinveaux (CA Bar No. 203056)
                                                J. Caleb Donaldson (CA Bar No. 257271)
                                                Thomas J. Kearney (CA Bar No. 267087)
                                                WINSTON & STRAWN LLP
                                                101 California Street
                                                San Francisco, CA 94111-5802
                                                Phone: (415) 591-1000
                                                Fax: (415) 591-1400
                                                jgolinveaux@winston.com
                                                jcdonaldson@winston.com
                                                tkearney@winston.com

                                                Eric Mersmann (IL Bar No. 6286859)
                                                Catherine B. Diggins (IL Bar No. 6296237)
                                                WINSTON & STRAWN LLP
                                                35 West Wacker Drive
                                                Chicago, IL 60601-1695
                                                Phone: (312) 558-5600
                                                Fax: (312) 558-5700
                                                emersmann@winston.com
                                                cdiggins@winston.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2011, I provided service to the person or persons listed below by

the following means: First Class Mail.

Scott R. Kaspar
Aaron J. Weinzierl
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: 312.832.4500
Facsimile: 312.832.4700
Email: skaspar@foley.com;
aweinzierl@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com


Signature: _____     Date:  April 1, 2011
Name          Carleen Chea


SF:306656.1

5

# EXHIBIT 2

**GAMES WORKSHOP LTD.'S AMENDED RESPONSES TO
CHAPTERHOUSE STUDIOS LLC'S FIRST SET OF INTERROGATORIES**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAMES WORKSHOP LIMITED,<br><br>                    Plaintiff,<br><br>      v.<br><br>CHAPTERHOUSE STUDIOS LLC and JON<br>PAULSON d/b/a PAULSON GAMES<br><br><br>               Defendants. | Civil Action No. 1:10-cv-8103 |

**PLAINTIFF'S AMENDED RESPONSES TO CHAPTERHOUSE STUDIOS'**
**FIRST SET OF INTERROGATORIES**

        Pursuant to Fed. R. Civ. P. Rule 26 (a)(1), , Pursuant to Fed.R.Civ.P. Rule 33,

plaintiff, Games Workshop Limited ("Games Workshop") responds as follows to the First Set of

Interrogatories of Defendant Chapterhouse Studios LLC ("Chapterhouse"), served by email on

April 1, 2011.

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

        Identify each infringement of your copyrights for which you claim Chapterhouse is

liable, by identifying (a) the copyright infringed; (b) the allegedly infringing product or products;

(c) the exclusive right or rights of the copyright owner, as set forth in 17 U.S.C. Section 106, that

you claim has been infringed; and (d) the specific conduct that constitutes the infringement.

**RESPONSE**

        Games Workshop objects that this interrogatory is a premature contention request and

that, as set forth in the complaint herein, calls for production of information in the possession of

NYC_1119884

defendant. Games Workshops' characters and story-lines for its Warhammer and Warhammer 40,000 series of works are present in a vast number of works authored by Games Workshop, and only defendant knows which of the foregoing works (including the twenty works identified in the complaint) defendant accessed and consulted as inspiration for his 106 works in issue.

Without prejudice to or waiver of the foregoing objections, (a) Games Workshop has identified the following as works to which it believes Chapterhouse likely had access: Warhammer 40,000 rule book (editions one through five); Space Marine Collectors' Guide (editions one and two); Warhammer 40,000 Tyranids (editions one through five); Warhammer 40,000 Space Marines (editions one through four); Warhammer 40,000 Dark Angels (editions one through three); Warhammer 40,000 Chaos Space Marines (editions one through four); Index Astartes II, January 2002; Index Astartes III, February 2004; Index Astartes IV, June 2005; The Horus Heresy Collected Visions, June 2007; The Art of Warhammer 40,000, January 2006; White Dwarf Magazine 249, September 2000; How to Paint Space Marines, April 2005; Soul Drinkers, September 2002; Games Workshop Complete Catalog & Hobby Reference 2006-2007; (b) Games Workshop believes all 106 of Chapterhouse's products incorporate and its entire website collecting and presenting the same incorporate elements copied from Games Workshop's copyrighted works; (c) Games Workshop contends that Chapterhouse has, without limitation, reproduced copies of the copyrighted works, has prepare derivative works based upon the copyrighted works and has distribute copies thereof to the public by sale or other transfer of ownership; and (d) Games Workshop contends that Chapterhouse has infringed its copyright by copying, producing, manufacturing and selling the subject goods.

Pursuant to Fed. R. Civ. P. Rule 33(d), Games Workshop will produce documents responsive to this request identifying the authors and dates of first publication of the foregoing

works, as well as Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007". Games Workshop further confirms that it is the sole owner of each of the foregoing works, none of which is licensed for use by third parties in the United States.

Attached hereto as Exhibit A is a summary of Games Workshop's current understanding of at least some of the likely sources of Chapterhouse's works in issue.

**INTERROGATORY NO. 2:**

For each of the one hundred and six Chapterhouse products that you allege infringes your copyrights, identify (a) each of your copyrights that you allege the product infringes; (b) the exclusive right or rights of the copyright owner, as set forth in 17 U.S.C. Section 106, that you claim has been infringed; and (c) the specific conduct that constitutes the infringement.

**RESPONSE**

Games Workshop objects that this interrogatory is needlessly cumulative and repetitive of Interrogatory 1.

Without prejudice to or waiver of the foregoing objections, Games Workshop incorporates by reference herein its responses to the foregoing Interrogatory No. 1.

Dated:      June 15, 2011                    Respectfully submitted,

By:   _____
      Scott R. Kaspar

      Scott R. Kaspar  (IL Bar No. 6284921)
      Aaron J. Weinzierl (IL Bar No. 6294055)
      FOLEY & LARDNER LLP
      321 North Clark Street, Suite 2800
      Chicago, Illinois 60654
      Telephone:  (312) 832-4500
      Facsimile:  (312) 832-4700
      Email:  skaspar@foley.com; aweinzierl@foley.com

3

Jonathan E. Moskin (*pro hac vice*)
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

*Attorneys for Plaintiff Games Workshop Limited*

4

## CERTIFICATE OF SERVICE

I, Scott R. Kaspar, an attorney, hereby certify that on June 15, 2011, I caused a copy of the foregoing **PLAINTIFF'S AMENDED RESPONSES TO CHAPTERHOUSE STUDIOS' FIRST SET OF INTERROGATORIES** to be served on the interested parties by causing copies of this document to be served *via* United States Mail in a sealed envelope with the postage prepaid to the following:

>Jennifer A. Golinveaux, Esq.
>Thomas J. Kearney, Esq.
>J. Caleb Donaldson, Esq.
>WINSTON & STRAWN LLP
>101 California Street
>San Francisco, CA 94111
>jgolinveaux@winston.com
>tkearney@winston.com
>jcdonaldson@winston.com

>Catherine B. Diggins, Esq.
>Eric J. Mersmann, Esq.
>WINSTON & STRAWN LLP
>35 West Wacker Drive
>Chicago, IL 60601
>cdiggins@winston.com
>emersmann@winston.com

>Ronald H. Spuhler
>Ronald A. DiCerbo
>Thomas J. Campbell Jr.
>MCANDREWS, HELD & MALLOY LTD.
>500 W. Madison Street – 34th Floor
>Chicago, IL 60061

_____

Scott R. Kaspar

NYC_1119884

# EXHIBIT 3

**DEFENDANT CHAPTERHOUSE STUDIOS LLC'S SECOND SET OF
INTERROGATORIES TO GAMES WORKSHOP LTD.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GAMES WORKSHOP LIMITED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:10-cv-08103 |
| v. | ) |
| | ) |
| CHAPTERHOUSE STUDIOS LLC and JON | ) |
| PAULSON d/b/a PAULSON GAMES, | ) |
| | ) Judge Matthew F. Kennelly |
| Defendants. | ) |

**DEFENDANT CHAPTERHOUSE STUDIOS LLC'S
INTERROGATORIES TO GAMES WORKSHOP LIMITED SET TWO**

PROPOUNDING PARTY:      DEFENDANT CHAPTERHOUSE STUDIOS LLC

RESPONDING PARTY:      PLAINTIFF GAMES WORKSHOP LIMITED

SET:      TWO

      Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant

Chapterhouse Studios LLC requests that Plaintiff Games Workshop Limited respond to the

interrogatories below, within thirty (30) days of the date of service.

**INSTRUCTIONS**

      1.    In answering these interrogatories, furnish all information, including information

contained in or on any document, that is known or available to you, including all information in

the possession of your attorneys or other persons acting on your behalf or under your attorneys'

employment or direction.

      2.    For any information that is withheld on claim of privilege or other legal

protection, state the basis for the claim, and without revealing information itself privileged or

protected, describe the nature of the information sufficiently to enable Chapterhouse to assess the

applicability of the claim. Include the identity of each person whom you believe has knowledge

of such information.

3.     If you cannot answer the interrogatory fully and completely after exercising due diligence to make inquiries and secure information necessary to do so, so state, and answer the interrogatory to the full extent you deem possible, specify the portion of the interrogatory that you claim you are unable to answer fully and completely; and state what knowledge, information and belief you have concerning the unanswered portion of the interrogatory.

4.     The obligation to respond to this interrogatory is continuing and requires further answer and amendment from now until the time of hearing or trial, as provided by Federal Rule of Civil Procedure 26(e).

## DEFINITIONS

1.     The terms "YOU" or "YOUR" refer to Plaintiff Games Workshop Limited and includes any persons controlled by or acting on behalf of that entity, including without limitation all past and present officers, directors, agents, employees, contractors, agents, licensees, attorneys, predecessors, subsidiaries, parent companies (including without limitation Games Workshop Group PLC), sister companies, or affiliated companies, persons or entities acting in joint venture or partnership relationships with YOU and any others acting on their behalf and/or pursuant to their authority or control.

2.     The terms "YOUR WORK" or "YOUR WORKS" refer to literary, pictorial, graphic, sculptural, or other works, as well as characters, in which YOU claim copyright.

3.     The term "Chapterhouse" refers to Defendant Chapterhouse Studios LLC as well as any officers, directors, employees, and authorized representatives.

4.     The words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of the interrogatory.

5.     The words "any," "all," and "each," shall be construed to include any, all, and each.

6.     As used herein, the term "identify" requires the following information:

2

(a)     With respect to a natural person, provide:  full name; any aliases; present or last known business address, telephone number, and email address; occupation and business position or title held; present or last known U.S. residence address, telephone number, and email address (or, if not a U.S. resident, present foreign residence address, telephone number, and email address and last known U.S. residence address).

(b)     With respect to an entity (corporation, company, partnership, joint venture or other entity which is not a natural person), provide: full name; place of incorporation or organization (if any); street address of principal place of business; and principal telephone number.

(c)     With respect to a "copyright," identify the work and specify whether it is textual, graphical, sculptural, a character or other; the author; the date of creation; the current owner; any current exclusive licensee; the U.S. copyright registration or application number if any; and if the work is multi-pages, the specific page of the work alleged to be infringed.

(d)     With respect to a trademark, specify the mark and any United States state or federal application or registration; provide the date of its first use in commerce in the United States and abroad; state the description of the goods or services over which YOU claim rights to the mark; and provide the Bates-number range of an example of the use of the mark in commerce as called for in Chapterhouse's Request for Production No. 7.

(e)     With respect to a "litigation," identify the full case name; the case number; all parties to the litigation; the country, court, state, and district in which the case was filed; whether the case is pending or concluded, and if concluded, how it was concluded (e.g. settlement, pretrial motion, trial).

## INTERROGATORIES

**INTERROGATORY NO. 3:**

Identify each trademark YOU claim Chapterhouse infringes and specify the nature of each alleged infringement, including without limitation where and how Chapterhouse infringes each mark.

**INTERROGATORY NO. 4:**

Identify each and every instance in which anyone has expressed any confusion or question as to the association or affiliation between Chapterhouse Studios or its products and Games Workshop or its products, including without limitation by identifying the persons involved, the date, and the substance of anything communicated.

**INTERROGATORY NO. 5:**

Separately for each copyright that YOU claim Chapterhouse infringes, identify (a) each natural or corporate person who is the author, creator, or designer, or who contributed to the authorship, creation, or design, of the work for which YOU claim copyright protection; (b) the nature of each such person's contribution to the work for which YOU claim copyright, including without limitation whether such person was the author or a joint author of the work; (c) the period of time during which each such person was engaged in such authorship, creation, or design; and (d) the place or places where such authorship, creation, or design was undertaken. If the author of any work for which YOU claim copyright protection is unknown, so state.

**INTERROGATORY NO. 6:**

Set forth all sources on which YOU relied in connection with the selection of each of the marks, product names, designations or identifying information for each of YOUR WORKS that YOU claim Chapterhouse infringes.

**INTERROGATORY NO. 7:**

Identify the persons most knowledgeable concerning the facts and circumstances relating to the creation, sources of information, or development, for each of YOUR WORKS that YOU claim Chapterhouse infringes, specifying the nature of their knowledge.

4

**INTERROGATORY NO. 8:**

Identify the persons most knowledgeable concerning the facts and circumstances relating to the publication, marketing, advertising, and/or sale, for each of YOUR WORKS that YOU claim Chapterhouse infringes, specifying the nature of their knowledge.

**INTERROGATORY NO. 9:**

Separately for each copyright that YOU claim Chapterhouse infringes, identify any and all sources consulted, used, reviewed or relied on by YOU or YOUR agents in creating such works.

**INTERROGATORY NO. 10:**

Identify all distributors and all channels of distribution used by YOU to market or sell any and all products whose copyright YOU claim Chapterhouse infringes. If such channels of distribution include retail stores, identify all such retail stores by name, location, and state the quantity of each such product sold at each such retail store on an annual basis for each of the last ten years; if such channels include direct sales to the public, identify the type of channel (including without limitation if it is a website or a catalogue or sale at a convention or tournament) and state the quantity of each such product sold directly to the public.

**INTERROGATORY NO. 12:**

Describe in detail each instance in which any person has questioned or disputed YOUR rights, ownership, co-ownership, or control of any of YOUR WORKS that YOU claim Chapterhouse infringes.

**INTERROGATORY NO. 13:**

Describe in detail, including a quantification, all actual damages YOU claim to have suffered as a result of the infringement YOU allege in this case.

**INTERROGATORY NO. 14:**

Separately for each work that YOU claim Chapterhouse infringes, state on an annual basis for the past ten (10) years (a) YOUR gross revenues generated from sales of the work; and

(b) YOUR gross and net profit generated from sales of the work and how such profit was calculated.

## INTERROGATORY NO. 15:

Identify each person who participated in any way in the preparation of the responses to these interrogatories and state specifically with reference to interrogatory numbers the area or areas of participation of each such person.

Dated:  June 3, 2011

Respectfully submitted,

CHAPTERHOUSE STUDIOS LLC

By: _____

Jennifer Golinveaux (CA Bar No. 203056)
J. Caleb Donaldson (CA Bar No. 257271)
Thomas J. Kearney (CA Bar No. 267087)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA  94111-5802
Phone: (415) 591-1000
Fax: (415) 591-1400
jgolinveaux@winston.com
jcdonaldson@winston.com
tkearney@winston.com

Eric Mersmann (IL Bar No. 6286859)
Catherine B. Diggins (IL Bar No. 6296237)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-1695
Phone: (312) 558-5600
Fax: (312) 558-5700
emersmann@winston.com
cdiggins@winston.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2011, I provided service of

DEFENDANT CHAPTERHOUSE STUDIOS LLC'S INTERROGATORIES TO

GAMES WORKSHOP LIMITED SET TWO

to the person or persons listed below by the following means: Hand Delivery and Email.

Scott R. Kaspar
Aaron J. Weinzierl
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: 312.832.4500
Facsimile: 312.832.4700
Email: skaspar@foley.com;
aweinzierl@foley.com

Jonathan E. Moskin (VIA U.S. MAIL)
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

Signature: _____       Date:  June 3, 2011

Name     Catherine Diggins

# EXHIBIT 4

**GAMES WORKSHOP LTD.'S RESPONSES TO CHAPTERHOUSE
STUDIOS LLC'S SECOND SET OF INTERROGATORIES**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GAMES WORKSHOP LIMITED,

Plaintiff,

v.

CHAPTERHOUSE STUDIOS LLC and JON
PAULSON d/b/a PAULSON GAMES

Defendants.

Civil Action No. 1:10-cv-08103

Hon. Matthew F. Kennelly
Hon. Jeffrey T. Gilbert

## PLAINTIFF GAMES WORKSHOP STUDIOS LLC'S RESPONSE TO INTERROGATORIES TO GAMES WORKSHOP LIMITED SET TWO

Pursuant to Fed.R.Civ.P. Rules 26 and 34, Games Workshop responds as follows to the First Request For Production of Documents of Defendant Chapterhouse Studios LLC.

## GENERAL OBJECTIONS

1.      Games Workshop will produce electronically stored information in a format mutually agreed upon among counsel, or as otherwise appropriate.

2.      Games Workshop objects that the definition of the term "identify" is overbroad and unduly burdensome and entails the multiplication of numerous individual interrogatories into multiple separate sub-parts.

## INTERROGATORIES

## INTERROGATORY NO. 3:

Identify each trademark YOU claim Chapterhouse infringes and specify the nature of

each alleged infringement, including without limitation where and how Chapterhouse infringes each mark.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the terms "nature of each alleged infringement".

Without prejudice to or waiver of the foregoing objections, Games Workshop identifies the following marks: "GAMES WORKSHOP", "GW", "WARHAMMER", "WARHAMMER 40,000", "40K", "40,000", "SPACE MARINE", "ELDAR", "ELDAR JETBIKE", "ELDAR WARLOCK", "ELDAR SEER COUNCIL", "DARK ANGELS", "TAU", "TYRANID", "CHAOS", "ADEPTUS MECHANICUS", "ALPHA LEGION", "SOUL DRINKERS", "IRON SNAKES", "IRON HANDS", "LUNA WOLVES", "IMPERIAL FIST", "DEATH WATCH", "TERVIGON", "BLOOD RAVENS", "BLACK TEMPLARS", "LEGION OF THE DAMNED", "SALAMANDERS", "MELTA GUN", "CARNIFEX", "CRIMSON FISTS", "FLESH TEARERS", "BLOOD ANGELS", "DEATH WATCH", "CELESTIAL LIONS", "ELDAR FARSEER", "THOUSAND SONS", "HORUS HERESY", "TERMAGANTS", "GENESTEALER" "ASSAULT MARINES", "DEVASTATOR MARINES", "TACTICAL MARINES", "NECRON", "DROP POD", "CHAPLAIN", "EMPIRE", "FORGEWORLD", "EXORCIST", "HIGH ELF", "HIVE TYRANT", "HEAVY BOLTER", "INQUISITION", "RHINO", "LAND SPEEDER", "MK II ARMOUR", "MK V ARMOUR", "LAND RAIDER", "SPACE WOLVES", "STORM SHIELD", LIGHTNING CLAW" and "Aquila Design".

Chapterhouse infringes the above marks by making unauthorized use of the same without authorization or consent of Games Workshop on and in connection with its products and its

website.

## INTERROGATORY NO. 4:

Identify each and every instance in which anyone has expressed any confusion or question as to the association or affiliation between Chapterhouse Studios or its products and Games Workshop or its products, including without limitation by identifying the persons involved, the date, and the substance of anything communicated.

## RESPONSE:

Games Workshop will produce documents responsive to this request pursuant to Fed.R.Civ.P. Rule 33(d).

## INTERROGATORY NO. 5:

Separately for each copyright that YOU claim Chapterhouse infringes, identify (a) each• natural or corporate person who is the author, creator, or designer, or who contributed to the authorship, creation, or design, of the work for which YOU claim copyright protection; (b) the nature of each such person's contribution to the work for which YOU claim copyright, including without limitation whether such person was the author or a joint author of the work; (c) the period .of time during which each such person was engaged in such authorship, creation, or design; and (d) the place or places where such authorship, creation, or design was undertaken. If the author of any work for which YOU claim copyright protection is unknown, so state.

## RESPONSE:

Games Workshop objects that this request is overbroad and unduly burdensome given the needs of the case, given that Games Workshop is the owner of each of the copyrighted works at issue in the case and no issue has been raised as to its ownership or creation of any given work. Games Workshop also objects that this request is needlessly cumulative and repetitive of

Chapterhouse's Interrogatory No. 1.

## INTERROGATORY NO. 6:

Set forth all sources on which YOU relied in connection with the selection of each of the marks, product names, designations or identifying information for each of YOUR WORKS that YOU claim Chapterhouse infringes.

## RESPONSE:

Games Workshop objects that this request is overbroad and unduly burdensome given the needs of the case, and given the length of time since Games Workshop adopted the subject marks, and appears to be based on a mistake of law that originality is relevant to trademark ownership. Games Workshop further objects that there no issue has been raised in this action that Games Workshop has infringed any rights of Chapterhouse in selecting the names and trademarks in issue, and Chapterhouse admits Games Workshop owns all of the subject marks. Nor is there any issue in this action that Games Workshop has infringed any rights of any third parties in selecting such names, and any such defense would be an impermissible *jus tertii* defense.

## INTERROGATORY NO. 7:

Identify the persons most knowledgeable concerning the facts and circumstances relating to the creation, sources of information, or development, for each of YOUR WORKS that YOU claim Chapterhouse infringes, specifying the nature of their knowledge.

## RESPONSE:

Games Workshop objects that this request is overbroad and unduly burdensome given the needs of the case, given that Games Workshop is the owner of each of the copyrighted works at

issue in the case and no issue has been raised as to its ownership or creation of any given work.

Without prejudice to or waiver of the foregoing objections, Games Workshop identifies Jeremy Goodwin, Creative Lead for Miniatures.

**INTERROGATORY NO. 8:**

Identify the persons most knowledgeable concerning the facts and circumstances relating to the publication, marketing, advertising, and/or sale, for each of YOUR WORKS that YOU claim Chapterhouse infringes, specifying the nature of their knowledge.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the nature of the information concerning publication, marketing, advertising, and/or sale at issue and the geographic territory in issue.

Without prejudice to or waiver of the foregoing objections, Games Workshop identifies Ed Spettigue, Head of Sales Support.

**INTERROGATORY NO. 9:**

Separately for each copyright that YOU claim Chapterhouse infringes, identify any and all sources consulted, used, reviewed or relied on by YOU or YOUR agents in creating such works.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome given the needs of the case, given that Games Workshop is the owner of each of the copyrighted works at issue in the case and no issue has been raised as to its ownership or creation of any given work. This request is also needlessly cumulative and repetitive of Interrogatories 5 and 7.

**INTERROGATORY NO. 10:**

Identify all distributors and all channels of distribution used by YOU to market or sell any and all products whose copyright YOU claim Chapterhouse infringes. If such channels of distribution include retail stores, identify all such retail stores by name, location, and state the quantity of each such product sold at each such retail store on an annual basis for each of the last ten years; if such channels include direct sales to the public, identify the type of channel (including without limitation if it is a website or a catalogue or sale at a convention or tournament) and state the quantity of each such product sold directly to the public.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous, overbroad and unduly burdensome given the needs of the case. The request also seeks information that is confidential.

Without prejudice to or waiver of the foregoing objections, Games Workshop sells copyrighted products at issue on the Internet, at special events and in retail stores. Subject to entry of a protective order, Games Workshop, pursuant to Fed.R.Civ.P. Rule 33(d), Games Workshop will produce a document summarizing sales.

**INTERROGATORY NO. 12:**

Describe in detail each instance in which any person has questioned or disputed YOUR rights, ownership, co-ownership, or control of any of YOUR WORKS that YOU claim Chapterhouse infringes.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop is not aware of any such claims.

**INTERROGATORY NO. 13:**

Describe in detail, including a quantification, all actual damages YOU claim to have suffered as a result of the infringement YOU allege in this case.

**RESPONSE:**

Games Workshop objects that this request is a contention interrogatory best deferred to the close of discovery, including receipt of discovery from Chapterhouse regarding its sales.

**INTERROGATORY NO. 14:**

Separately for each work that YOU claim Chapterhouse infringes, state on an annual basis for the past ten (10) years (a) YOUR gross revenues generated from sales of the work; and (b) YOUR gross and net profit generated from sales of the work and how such profit was calculated.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous, overbroad and unduly burdensome given the needs of the case. The request also seeks information that is confidential. Games Workshop further objects that this request is needlessly cumulative and repetitive of Interrogatory 10.

Without prejudice to or waiver of the foregoing objections, subject to entry of a protective order, Games Workshop, pursuant to Fed.R.Civ.P. Rule 33(d), Games Workshop will produce a document summarizing sales.

**INTERROGATORY NO. 15:**

Identify each person who participated in any way in the preparation of the responses to these interrogatories and state specifically with reference to interrogatory numbers the area or areas of participation of each such person.

**RESPONSE**:

Games Workshop objects that, without regard to relevance, this request seeks information protected by the attorney-client privilege and work-product immunity.

Dated: July 5, 2011

Respectfully submitted,

By: _____
          Jonathan E. Moskin

Scott R. Kaspar (Ill. Bar No. 6284921)
Aaron J. Weinzierl (Ill. Bar No. 6294055)
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654
Telephone: (312) 832-4500
Facsimile: (312) 832-4700
Email: skaspar@foley.com; aweinzierl@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

*Attorneys for Plaintiff Games Workshop Limited*

## CERTIFICATE OF SERVICE

I, Jonathan E. Moskin, an attorney, hereby certify that on July 5, 2011, I caused a copy of the foregoing **PLAINTIFF GAMES WORKSHOP STUDIOS LLC'S RESPONSE TO INTERROGATORIES TO GAMES WORKSHOP LIMITED SET TWO** to be served on the interested parties by causing copies of this document to be served on the following *via* United States Mail in a sealed envelope with the postage prepaid and *via* electronic mail to the following:

> Jennifer A. Golinveaux, Esq.
> Thomas J. Kearney, Esq.
> J. Caleb Donaldson, Esq.
> WINSTON & STRAWN LLP
> 101 California Street
> San Francisco, CA 94111
> jgolinveaux@winston.com
> tkearney@winston.com
> jcdonaldson@winston.com
>
> Catherine B. Diggins, Esq.
> Eric J. Mersmann, Esq.
> WINSTON & STRAWN LLP
> 35 West Wacker Drive
> Chicago, IL 60601
> cdiggins@winston.com
> emersmann@winston.com
>
> and
>
> Ronald H. Spuhler
> Ronald A. DiCerbo
> Thomas J. Campbell Jr.
> MCANDREWS, HELD & MALLOY LTD.
> 500 W. Madison Street – 34th Floor
> Chicago, IL 60061

_____
Jonathan E. Moskin

# EXHIBIT 5

**DEFENDANT CHAPTERHOUSE STUDIOS LLC'S THIRD SET OF INTERROGATORIES TO GAMES WORKSHOP LTD.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GAMES WORKSHOP LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:10-cv-08103 |
| v. | ) | |
| | ) | |
| CHAPTERHOUSE STUDIOS LLC and JON | ) | |
| PAULSON d/b/a PAULSON GAMES, | ) | |
| | ) | Judge Matthew F. Kennelly |
| Defendants. | ) | |

**DEFENDANT CHAPTERHOUSE STUDIOS LLC'S**
**INTERROGATORIES TO GAMES WORKSHOP LIMITED SET THREE**

PROPOUNDING PARTY:        DEFENDANT CHAPTERHOUSE STUDIOS LLC

RESPONDING PARTY:        PLAINTIFF GAMES WORKSHOP LIMITED

SET:        THREE

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant

Chapterhouse Studios LLC requests that Plaintiff Games Workshop Limited respond to the

interrogatories below, within thirty (30) days of the date of service.

**INSTRUCTIONS**

1.        In answering these interrogatories, furnish all information, including information

contained in or on any document, that is known or available to you, including all information in

the possession of your attorneys or other persons acting on your behalf or under your attorneys'

employment or direction.

2.        For any information that is withheld on claim of privilege or other legal

protection, state the basis for the claim, and without revealing information itself privileged or

protected, describe the nature of the information sufficiently to enable Chapterhouse to assess the

applicability of the claim. Include the identity of each person whom you believe has knowledge

of such information.

3.      If you cannot answer the interrogatory fully and completely after exercising due diligence to make inquiries and secure information necessary to do so, so state, and answer the interrogatory to the full extent you deem possible, specify the portion of the interrogatory that you claim you are unable to answer fully and completely; and state what knowledge, information and belief you have concerning the unanswered portion of the interrogatory.

4.      The obligation to respond to this interrogatory is continuing and requires further answer and amendment from now until the time of hearing or trial, as provided by Federal Rule of Civil Procedure 26(e).

## DEFINITIONS

1.      The terms "YOU" or "YOUR" refer to Plaintiff Games Workshop Limited and includes any persons controlled by or acting on behalf of that entity, including without limitation all past and present officers, directors, agents, employees, contractors, agents, licensees, attorneys, predecessors, subsidiaries, parent companies (including without limitation Games Workshop Group PLC), sister companies, or affiliated companies, persons or entities acting in joint venture or partnership relationships with YOU and any others acting on their behalf and/or pursuant to their authority or control.

2.      The terms "YOUR WORK" or "YOUR WORKS" refer to literary, pictorial, graphic, sculptural, or other works, as well as characters, in which YOU claim copyright.

3.      The term "Chapterhouse" refers to Defendant Chapterhouse Studios LLC as well as any officers, directors, employees, and authorized representatives.

4.      The words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of the interrogatory.

5.      The words "any," "all," and "each," shall be construed to include any, all, and each.

6.      The term "First Amended Complaint" means the First Amended Complaint filed by YOU in this action.

2

7.       As used herein, the term "identify" requires the following information:

(a)      With respect to a natural person, provide: full name; any aliases; present or last known business address, telephone number, and email address; occupation and business position or title held; present or last known U.S. residence address, telephone number, and email address (or, if not a U.S. resident, present foreign residence address, telephone number, and email address and last known U.S. residence address).

(b)      With respect to an entity (corporation, company, partnership, joint venture or other entity which is not a natural person), provide: full name; place of incorporation or organization (if any); street address of principal place of business; and principal telephone number.

(c)      With respect to a copyright, identify the work and specify whether it is textual, graphical, sculptural, a character or other; the author; the date of creation; the current owner; any current exclusive licensee; the U.S. copyright registration or application number if any; and if the work is multi-pages, the specific page of the work alleged to be infringed.

(d)      With respect to a trademark, specify the mark and any United States state or federal application or registration; provide the date of its first use in commerce in the United States and abroad; state the description of the goods or services over which YOU claim rights to the mark; and provide the Bates-number range of an example of the use of the mark in commerce as called for in Chapterhouse's Request for Production No. 7.

(e)      With respect to a litigation, identify the full case name; the case number; all parties to the litigation; the country, court, state, and district in which the case was filed; whether the case is pending or concluded, and if concluded, how it was concluded (e.g. settlement, pretrial motion, trial).'

3

(f)     With respect to a location, identify the street address if any; the city; the state, if any; and the country.

**(g)**     With respect to an advertising medium, identify the medium, including without limitation whether such distribution channel is a retail store or stores, a magazine or other publication, a catalogue, a mailing, email, or the Internet; the name; and the business address. If the advertising medium is a print publication, identify the name and business address of the publisher. If the advertising medium is a website or other Internet publication, state the URL or other unique identifying information of such website or Internet publication.

## INTERROGATORIES

**INTERROGATORY NO. 16:**

Separately for each of YOUR WORKS that YOU claim Chapterhouse infringes, identify where the work was first published by providing: (a) the date on which YOUR WORK was first offered to distributors, retailers, or resellers; (b) the date on which YOUR WORK was first sold or offered for sale to the public; (b) the advertising medium and publication, if any, through which YOUR WORK was first sold or offered for sale to the public; and (d) the geographical location or locations at which YOUR WORK was first sold or offered for sale to the public.

**INTERROGATORY NO. 17:**

Identify each copyright that YOU claim Chapterhouse infringes by providing the following information for each work: (a) the title of the work; (b) whether the work is literary, pictorial, graphic, sculptural, a character, or other (and if "other" what type of work); (c) the natural person(s) who created the work; (d) the date of creation of the work; (e) the current owners; (f) any current exclusive licensee; (g) any copyright registrations or application numbers; (h) in the case of multi-page works, the specific page and textual passage or passages, if any, of the work that are alleged to be infringed; and (i) if the work is a character, the specific textual passages, pictorial illustrations, and sculptural works that define the character.

4

Dated: September 9, 2011

Respectfully submitted,
CHAPTERHOUSE STUDIOS LLC

By:

Jennifer Golinveaux (CA Bar No. 203056)
J. Caleb Donaldson (CA Bar No. 257271)
Thomas J. Kearney (CA Bar No. 267087)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5802
Phone: (415) 591-1000
Fax: (415) 591-1400
jgolinveaux@winston.com
jcdonaldson@winston.com
tkearney@winston.com

Eric Mersmann (IL Bar No. 6286859)
Catherine B. Diggins (IL Bar No. 6296237)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-1695
Phone: (312) 558-5600
Fax: (312) 558-5700
emersmann@winston.com
cdiggins@winston.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2011, I provided service of

DEFENDANT CHAPTERHOUSE STUDIOS LLC'S INTERROGATORIES TO

GAMES WORKSHOP LIMITED SET THREE

to the person or persons listed below by the following means: U.S. Mail.

Scott R. Kaspar
Aaron J. Weinzierl
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: 312.832.4500
Facsimile: 312.832.4700
Email: skaspar@foley.com;
aweinzierl@foley.com

Jonathan E. Moskin (VIA U.S. MAIL)
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

Signature: _____       Date: September 9, 2011

Name _____

# EXHIBIT 6

**GAMES WORKSHOP LTD.'S**
**RESPONSES TO CHAPTERHOUSE STUDIOS LLC'S**
**THIRD SET OF INTERROGATORIES**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GAMES WORKSHOP LIMITED,<br><br>        Plaintiff,<br><br>        v.<br><br>CHAPTERHOUSE STUDIOS LLC and JON<br>PAULSON d/b/a PAULSON GAMES<br><br>        Defendants. | Civil Action No. 1:10-cv-8103<br><br>Hon. Matthew F. Kennelly<br>Hon. Jeffrey T. Gilbert |

**GAMES WORKSHOP LTD.'S RESPONSE TO
CHAPTERHOUSE STUDIOS LLC'S INTERROGATORIES SET THREE**

Pursuant to Fed.R.Civ.P. Rules 26 and 33, Games Workshop responds as follows to the Third Set of Interrogatories of Defendant Chapterhouse Studios LLC.

## GENERAL OBJECTIONS

1.      Games Workshop will produce electronically stored information in a format mutually agreed upon among counsel, or as otherwise appropriate.

2.      Games Workshop objects that the definition of the term "identify" is overbroad and unduly burdensome and entails the multiplication of numerous individual interrogatories into multiple separate sub-parts.

## INTERROGATORIES

### INTERROGATORY NO. 16:

Separately for each of YOUR WORKS that YOU claim Chapterhouse infringes, identify where the work was first published by providing: (a) the date on which YOUR WORK was first offered to distributors, retailers, or resellers; (b) the date on which YOUR WORK was first sold

or offered for sale to the public; (b) the advertising medium and publication, if any, through which YOUR WORK was first sold or offered for sale to the public; and (d) the geographical location or locations at which YOUR WORK was first sold or offered for sale to the public.

**RESPONSE TO INTERROGATORY NO. 16:**

Games Workshop objects that this request is merely cumulative and repetitive of prior requests and information previously provided by Games Workshop, including without limitation Interrogatory Nos. 1, 2, 8 and 10. The request otherwise seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is needlessly overbroad and unduly burdensome. Games Workshop further objects that this request is vague and ambiguous.

Without prejudice to or waiver of the foregoing objections, Games Workshop has produced documents responsive to this request pursuant to Fed.R.Civ.P. Rule 33(d)

**INTERROGATORY NO. 17:**

Identify each copyright that YOU claim Chapterhouse infringes by providing the following information for each work: (a) the title of the work; (b) whether the work is literary, pictorial, graphic, sculptural, a character, or other (and if "other" what type of work); (c) the natural person(s) who created the work; (d) the date of creation of the work; (e) the current owners; (f) any current exclusive licensee; (g) any copyright registrations or application numbers; (h) in the case of multi-page works, the specific page and textual passage or passages, if any, of the work that are alleged to be infringed; and (i) if the work is a character, the specific textual passages, pictorial illustrations, and sculptural works that define the character.

**RESPONSE TO INTERROGATORY NO. 17:**

Games Workshop objects that this request is needlessly cumulative and repetitive of Chapterhouse's prior discovery requests, including Interrogatory No. 1. Games Workshop

further objects that this request is overbroad and unduly burdensome and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Pursuant to Fed. R. Civ. P. Rule 33(d), Games Workshop has produced documents responsive to this request, including Exhibit A to its prior responses summarizing its current understanding of at least some of the likely sources of Chapterhouse's works in issue.

Dated: October 19, 2011                    Respectfully submitted,

By: _____
                                           Jonathan E. Moskin

Scott R. Kaspar (Ill. Bar No. 6284921)
Aaron J. Weinzierl (Ill. Bar No. 6294055)
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654
Telephone: (312) 832-4500
Facsimile: (312) 832-4700
Email: skaspar@foley.com; aweinzierl@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

*Attorneys for Plaintiff Games Workshop Limited*

## CERTIFICATE OF SERVICE

I, Jonathan E. Moskin, an attorney, hereby certify that on October 19, 2011, I

caused a copy of the foregoing GAMES WORKSHOP LTD.'S RESPONSE TO

CHAPTERHOUSE STUDIOS LLC'S INTERROGATORIES SET THREE to be served on the

interested parties by causing copies of this document to be served on the following *via* United

States Mail in a sealed envelope with the postage prepaid and *via* electronic mail to the

following:

        Jennifer A. Golinveaux, Esq.
        Thomas J. Kearney, Esq.
        J. Caleb Donaldson, Esq.
        WINSTON & STRAWN LLP
        101 California Street
        San Francisco, CA 94111
        jgolinveaux@winston.com
        tkearney@winston.com
        jcdonaldson@winston.com

        Catherine B. Diggins, Esq.
        Eric J. Mersmann, Esq.
        WINSTON & STRAWN LLP
        35 West Wacker Drive
        Chicago, IL 60601
        cdiggins@winston.com
        emersmann@winston.com

        and

        Ronald H. Spuhler
        Ronald A. DiCerbo
        Thomas J. Campbell Jr.
        MCANDREWS, HELD & MALLOY LTD.
        500 W. Madison Street – 34th Floor
        Chicago, IL 60061

                                           _____
                                            Jonathan E. Moskin

# EXHIBIT 7

**DEFENDANT CHAPTERHOUSE STUDIOS LLC'S REQUEST FOR PRODUCTION OF DOCUMENTS TO GAMES WORKSHOP LTD. SET ONE**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GAMES WORKSHOP LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:10-cv-08103 |
| v. | ) | |
| | ) | |
| CHAPTERHOUSE STUDIOS LLC and JON | ) | Judge Matthew F. Kennelly |
| PAULSON d/b/a PAULSON GAMES, | ) | Mag. J. Jeffrey T. Gilbert |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CHAPTERHOUSE STUDIOS LLC'S REQUEST FOR
PRODUCTION OF DOCUMENTS TO GAMES WORKSHOP LIMITED SET ONE**

PROPOUNDING PARTY:      DEFENDANT CHAPTERHOUSE STUDIOS LLC

RESPONDING PARTY:      PLAINTIFF GAMES WORKSHOP LIMITED

SET:      ONE

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Chapterhouse Studios

LLC ("Chapterhouse") requests that you produce for inspection and copying the documents and

things listed below thirty days from service of this request to the offices of Winston & Strawn

LLP, 101 California Street, Suite 3900, San Francisco, CA 94111-5894, or at another location

mutually agreed upon by both parties.

For the purpose of this request for production of documents and things, the following

instructions shall apply and the following terms will have the meaning indicated:

**INSTRUCTIONS**

1.     If you contend that any information, document, or thing otherwise called for by

any request is excluded from production or discovery, answer so much of the discovery request

as is not subject to the claimed objection and, for each document or thing:

a.    State whether the item shall not be produced because:

1)    It is claimed to be privileged; or

2)    It once existed but can no longer be located; or

3)    It has been lost; or

4)    It has been destroyed; and

b.    For any information that is withheld on claim of privilege or other legal protection, state the basis for the claim, and without revealing information itself privileged or protected, describe the nature of the information sufficiently to enable Chapterhouse to assess the applicability of the claim. Include the identity of each person whom you believe has knowledge of such information.

2.    In producing these documents and things, identify and produce for inspection and copying not only those documents and things in your custody, but all documents and things in the custody of your attorneys, consultants, agents, other representatives, and other persons or entities subject to your control.

3.    Complete production is to be made on the date and at the time indicated above. The inspection and copying will begin at that time and will continue from day to day thereafter until completed.

4.    Produce the original and all copies of each requested document and thing, as well as the file in which they are kept, including all copies which bear any additional file stamps, marginal notes, or other additional markings or writings that do not appear on the original.

5.    Produce electronically stored information in TIFF format, with a load file indicating document breaks and document families such as emails and their attachments, and with metadata. Metadata here includes original filename, filetype, name of author, date created,

and date last modified, for all documents for which such data is available. In addition, for email files, metadata includes the date and time of sending and/or receiving, the subject line of the email, the names of the author and all recipients in the to, from, cc, and bcc fields, to the extent known, and indications of the filenames and file-sizes of any attachments. When TIFF format would not be reasonably usable to Chapterhouse, Chapterhouse may insist on production of native form.

6.      Affix a Bates number to each thing produced and to each document page produced, whether the page is in paper, TIFF, or other format.

7.      You have a duty to supplement your response from now until the time of hearing or trial, as provided by Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

1.      The terms "you" or "your" refer to Plaintiff Games Workshop Limited and includes any persons controlled by or acting on behalf of that entity.

2.      The term "document" is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34 and its interpretation by the courts, including originals, copies, drafts or other productions of any written, graphic or otherwise recorded matter, however produced or reproduced, whether inscribed by hand, by computer or by mechanical, electronic, or photographic means.

3.      The term "concerning" means relating to, referring to, describing, reflecting, evidencing, constituting, or comprising.

4.      The terms "all" and "each" shall be construed to include all and each.

5.      The term "and" shall be construed to include "or" and vice versa and shall be the logical equivalent of "and/or."

3

6.     The use of the singular form of any word also includes the plural and vice versa.

## REQUEST FOR PRODUCTION

1.     For each of Chapterhouse's works identified in Exhibit A to your Responses to Chapterhouse Studios' First Set of Interrogatories, one exemplar of each of your works identified in the corresponding table entry of Exhibit A, produced in the same order in which they are listed in Exhibit A. If one page of a multi-page publication is identified in Exhibit A, produce the entire publication.

Dated: May 19, 2011

Respectfully submitted,

CHAPTERHOUSE STUDIOS LLC

By: _____

Jennifer Golinveaux (CA Bar No. 203056)
J. Caleb Donaldson (CA Bar No. 257271)
Thomas J. Kearney (CA Bar No. 267087)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5802
Phone: (415) 591-1000
Fax: (415) 591-1400
Email: jgolinveaux@winston.com
jcdonaldson@winston.com
tkearney@winston.com

Eric Mersmann (IL Bar No. 6286859)
Catherine B. Diggins (IL Bar No. 6296237)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-1695
Phone: (312) 558-5600
Fax: (312) 558-5700
emersmann@winston.com
cdiggins@winston.com

4

SF:309995.2

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2011, I provided service of

**DEFENDANT CHAPTERHOUSE STUDIOS LLC'S REQUEST FOR**

**PRODUCTION OF DOCUMENTS TO GAMES WORKSHOP LIMITED SET**

**ONE**

to the person or persons listed below by the following means: First Class Mail.

Scott R. Kaspar
Aaron J. Weinzierl
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: 312.832.4500
Facsimile: 312.832.4700
Email: skaspar@foley.com;
aweinzierl@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 19, 2011

Signature: _____
Name:          Lisa Schuh

# EXHIBIT 8

**PLAINTIFF GAMES WORKSHOP STUDIOS LLC'S RESPONSE TO
REQUEST FOR PRODUCTION OF DOCUMENTS TO GAMES
WORKSHOP LIMITED SET ONE**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GAMES WORKSHOP LIMITED, | |
| Plaintiff, | Civil Action No. 1:10-cv-08103 |
| v. | Hon. Matthew F. Kennelly |
| CHAPTERHOUSE STUDIOS LLC and JON PAULSON d/b/a PAULSON GAMES | Hon. Jeffrey T. Gilbert |
| Defendants. | |

## PLAINTIFF GAMES WORKSHOP STUDIOS LLC'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS TO GAMES WORKSHOP LIMITED SET ONE

Pursuant to Fed.R.Civ.P. Rules 26 and 34, Games Workshop responds as follows to the First Request For Production of Documents of Defendant Chapterhouse Studios LLC.

### GENERAL OBJECTIONS

1.     Games Workshop will produce electronically stored information in a format mutually agreed upon among counsel, or as otherwise appropriate.

### REQUESTS FOR PRODUCTION

**REQUEST 1** For each of Chapterhouse's works identified in Exhibit A to your Responses to Chapterhouse's First Set of Interrogatories, one exemplar of each of your works identified in the corresponding table entry of Exhibit A, produced in the same order in which they are listed in Exhibit A. If one page of a multipage publication is identified in Exhibit A, produce the entire publication.

**RESPONSE:**

Games Workshop objects to the extent the request seeks documents or information protected by the work product immunity or requires Games Workshop to produce documents or things in a format not actually maintained by Games Workshop. Games Workshop further objects that, as used in this request, the term "exemplar" is vague and ambiguous.

Without prejudice to or waiver of the foregoing objections, Games Workshop will produce documents identifying the materials identified in Exhibit A to its response to Chapterhouse's First Set of Interrogatories.

Dated: June 21, 2011

Respectfully submitted,

By: _____
Scott R. Kaspar

Scott R. Kaspar (Ill. Bar No. 6284921)
Aaron J. Weinzierl (Ill. Bar No. 6294055)
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654
Telephone: (312) 832-4500
Facsimile: (312) 832-4700
Email: skaspar@foley.com; aweinzierl@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

*Attorneys for Plaintiff Games Workshop Limited*

## CERTIFICATE OF SERVICE

I, Scott R. Kaspar, an attorney, hereby certify that on June 21, 2011, I caused a copy of the foregoing **PLAINTIFF GAMES WORKSHOP STUDIOS LLC'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS TO GAMES WORKSHOP LIMITED SET ONE** to be served on the interested parties by causing copies of this document to be served on the following *via* United States Mail in a sealed envelope with the postage prepaid and *via* electronic mail to the following:

> Jennifer A. Golinveaux, Esq.
> Thomas J. Kearney, Esq.
> J. Caleb Donaldson, Esq.
> WINSTON & STRAWN LLP
> 101 California Street
> San Francisco, CA 94111
> jgolinveaux@winston.com
> tkearney@winston.com
> jcdonaldson@winston.com
>
> Catherine B. Diggins, Esq.
> Eric J. Mersmann, Esq.
> WINSTON & STRAWN LLP
> 35 West Wacker Drive
> Chicago, IL 60601
> cdiggins@winston.com
> emersmann@winston.com
>
> and
>
> Ronald H. Spuhler
> Ronald A. DiCerbo
> Thomas J. Campbell Jr.
> MCANDREWS, HELD & MALLOY LTD.
> 500 W. Madison Street – 34th Floor
> Chicago, IL 60061

Scott R. Kaspar

# EXHIBIT 9

**DEFENDANT CHAPTERHOUSE STUDIOS LLC'S REQUEST FOR
PRODUCTION OF DOCUMENTS TO GAMES WORKSHOP LTD.
SET TWO**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GAMES WORKSHOP LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:10-cv-08103 |
| v. | ) | |
| | ) | |
| CHAPTERHOUSE STUDIOS LLC and JON | ) | |
| PAULSON d/b/a PAULSON GAMES, | ) | |
| | ) | Judge Matthew F. Kennelly |
| Defendants. | ) | |

**DEFENDANT CHAPTERHOUSE STUDIOS LLC'S REQUEST FOR
PRODUCTION OF DOCUMENTS TO GAMES WORKSHOP LIMITED SET TWO**

PROPOUNDING PARTY:     DEFENDANT CHAPTERHOUSE STUDIOS LLC

RESPONDING PARTY:     PLAINTIFF GAMES WORKSHOP LIMITED

SET:     TWO

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Chapterhouse Studios LLC requests that you produce for inspection and copying the documents and things listed below thirty days from service of this request to the offices of Winston & Strawn LLP, 101 California Street, Suite 3900, San Francisco, CA 94111-5894, or at another location mutually agreed upon by both parties.

For the purpose of this request for production of documents and things, the following instructions shall apply and the following terms will have the meaning indicated:

**INSTRUCTIONS**

1.    If you contend that any information, document, or thing otherwise called for by any request is excluded from production or discovery, answer so much of the discovery request as is not subject to the claimed objection and, for each document or thing:

    a.      State whether the item shall not be produced because:

        1)      It is claimed to be privileged; or

        2)      It once existed but can no longer be located; or

        3)      It has been lost; or

        4)      It has been destroyed; and

    b.      For any information that is withheld on claim of privilege or other legal protection, state the basis for the claim, and without revealing information itself privileged or protected, describe the nature of the information sufficiently to enable Chapterhouse to assess the applicability of the claim. Include the identity of each person whom you believe has knowledge of such information.

2.      In producing these documents and things, identify and produce for inspection and copying not only those documents and things in your custody, but all documents and things in the custody of your attorneys, consultants, agents, other representatives, and other persons or entities subject to your control.

3.      Complete production is to be made on the date and at the time indicated above. The inspection and copying will begin at that time and will continue from day to day thereafter until completed.

4.      Produce the original and all copies of each requested document and thing, as well as the file in which they are kept, including all copies which bear any additional file stamps, marginal notes, or other additional markings or writings that do not appear on the original.

5.      Produce electronically stored information in TIFF format, with a load file indicating document breaks and document families such as emails and their attachments, and with metadata. Metadata here includes original filename, filetype, name of author, date created,

and date last modified, for all documents for which such data is available. In addition, for email

files, metadata includes the date and time of sending and/or receiving, the subject line of the

email, the names of the author and all recipients in the to, from, cc, and bcc fields, to the extent

known, and indications of the filenames and file-sizes of any attachments. When TIFF format

would not be reasonably usable to Chapterhouse, Chapterhouse may insist on production of

native form.

      6.     Affix a Bates number to each thing produced and to each document page

produced, whether the page is in paper, TIFF, or other format.

      7.     You have a duty to supplement your response from now until the time of hearing

or trial, as provided by Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

      1.     The terms "You" or "Your" refer to Plaintiff Games Workshop Limited and

include any persons controlled by or acting on behalf of that entity, including without limitation

all past and present officers, directors, agents, employees, contractors, agents, licensees,

attorneys, predecessors, subsidiaries, parent companies (including without limitation Games

Workshop Group PLC), sister companies, or affiliated companies, persons or entities acting in

joint venture or partnership relationships with You and any others acting on their behalf and/or

pursuant to their authority or control.

      2.     The term "Chapterhouse" refers to Defendant Chapterhouse Studios LLC as well

as any officers, directors, employees, and authorized representatives.

      3.     The term "document" is synonymous in meaning and equal in scope to the usage

of this term in Federal Rule of Civil Procedure 34 and its interpretation by the courts, including

originals, copies, drafts or other productions of any written, graphic or otherwise recorded

3

matter, however produced or reproduced, whether inscribed by hand, by computer or by mechanical, electronic, or photographic means.

4.    The term "concerning" means relating to, referring to, describing, reflecting, evidencing, constituting, or comprising.

5.    The terms "any," "all," and "each" shall be construed to include any, all, and each.

6.    The term "and" shall be construed to include "or" and vice versa and shall be the logical equivalent of "and/or."

7.    The use of the singular form of any word also includes the plural and vice versa.

8.    The term "First Amended Complaint" refers to the First Amended Complaint You filed in this action on March 21, 2011.

## REQUESTS FOR PRODUCTION

2.    All documents concerning the design, creation, or authorship of the copyrighted works You claim in this action.

3.    For each person identified in Your response to Interrogatory No. 5, all documents constituting, evidencing, or relating to any employment agreement, contract, memorandum of understanding, or other statement of terms and conditions, for all periods of time during which such person was engaged in the authorship, creation, or design of any work for which You claim copyright protection.

4.    All documents constituting the chain of title for all copyrights You claim in this action.

5.    All certificates of copyright registration for copyrighted works You claim in this action.

4

6. All documents concerning Chapterhouse or its products.

7. One exemplar of the use in commerce in the United States of each of the marks You claim in this action.

8. All documents concerning trademark availability research, investigation, and searches relating to trademarks You claim in this action.

9. All surveys, studies, or other documents relating to market (or prospective market) impressions of, reactions to, or attitude by a consumer or consumers towards the trademarks You claim in this action.

10. All documents reflecting or relating to communications concerning confusion about the source of Chapterhouse's products, or between You or any of Your products and Chapterhouse or any of its products.

11. Specimens of first use in U.S. commerce for each of the marks You claim in this action.

12. All documents concerning the use by others of any of the marks You claim in this action.

13. All documents concerning measures You have taken to enforce trademark rights in any of the trademarks You claim in this action, including, without limitation, all communications with third parties regarding those rights.

14. All documents concerning claims that any of the works in which You claim copyright in this action infringes third party rights.

15. All documents constituting, comprising, evidencing, or referring to assignments, licenses, the "purchasing of rights," or other transfers of copyrights or trademarks You claim in this action.

16.     All documents evidencing or constituting the terms of Your agreements with distributors of Your products.

17.     All documents concerning Your assertion of any of the copyrights You claim in this action, against any party that designs, authors, manufactures, sells, or distributes material (such as gaming miniatures, models, add-on parts or accessories for same, as well as written matter such as rulebooks or codexes) for use with Your Warhammer 40,000 game.

18.     All documents concerning allegations that You have falsely claimed copyright rights or exclusivity of copyright rights.

19.     All documents concerning allegations that You have falsely claimed trademark rights or exclusivity of trademark rights.

20.     All documents concerning Your rules or policies, including but not limited to legal policies appearing on Your websites, regarding use of Your copyrights or trademarks by third parties.

21.     All documents constituting organization charts of Games Workshop Limited, including without limitation its officers, directors, employees, subsidiaries, parent companies (including without limitation Games Workshop Group PLC), sister companies, and affiliated companies.

22.     All documents supporting Your allegations in the First Amended Complaint that the product You refer to as "Super Heavy Assault Walker," "Super-Heavy Assault Walker," and "TAU Super-Heavy Assault Walker," was "designed and licensed for Chapterhouse by Paulson Games" (First Amended Complaint ¶ 28), or that it was "designed at least in part by Paulson Games" (First Amended Complaint ¶¶ 30, 31)

23.    All documents concerning Your plans to market copyrighted works claimed by You in this action, including without limitation any and all products that are derivative works of such copyrighted works, whether such products are currently existing or planned for the future.

24.    All documents that evidence, refer to, or discuss any damages or harm, including without limitation monetary damage, You claim to have suffered, or to be likely to suffer, as a result of Chapterhouse's alleged infringements and violations as set forth in Your First Amended Complaint.

25.    Documents sufficient to identify Your total annual profits, related to each copyrighted work claimed by You in this action, for each of the past ten (10) years.

26.    Documents sufficient to identify Your total annual revenues related to each copyrighted work claimed by You in this action, for each of the past ten (10) years.

27.    Documents sufficient to identify Your total annual expenses related to each copyrighted work claimed by You in this action, for each of the past ten (10) years.

28.    All documents concerning allegations of copyright infringement asserted against You.

29.    All documents concerning allegations of trademark infringement asserted against You.

30.    All documents concerning the Star Fox Space Marine Chapter referenced in Exhibit A to Your Response to Chapterhouse's Interrogatory No. 1.

31.    All documents evidencing, referring or relating to any and all statements by Chapterhouse that are allegedly false and misleading, as set forth in paragraphs 78 through 80 of the First Amended Complaint.

32. All documents evidencing, referring or relating to any and all business practices of Chapterhouse that are allegedly unfair and deceptive, as set forth in paragraphs 86 through 89 of the First Amended Complaint.

33. All documents evidencing, referring or relating to any and all representations of material fact by Chapterhouse that are allegedly false and deceptive, as set forth in paragraphs 87 through 89 of the First Amended Complaint.

Dated: June 3, 2011

Respectfully submitted,

CHAPTERHOUSE STUDIOS LLC

By:

Jennifer Golinveaux (CA Bar No. 203056)
J. Caleb Donaldson (CA Bar No. 257271)
Thomas J. Kearney (CA Bar No. 267087)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5802
Phone: (415) 591-1000
Fax: (415) 591-1400
Email: jgolinveaux@winston.com
jcdonaldson@winston.com
tkearney@winston.com

Eric Mersmann (IL Bar No. 6286859)
Catherine B. Diggins (IL Bar No. 6296237)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-1695
Phone: (312) 558-5600
Fax: (312) 558-5700
Email: emersmann@winston.com
cdiggins@winston.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2011, I provided service of

DEFENDANT CHAPTERHOUSE STUDIOS LLC'S REQUEST FOR
PRODUCTION OF DOCUMENTS TO GAMES WORKSHOP LIMITED
SET TWO

to the person or persons listed below by the following means: Hand Delivery and Email.

Scott R. Kaspar
Aaron J. Weinzierl
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: 312.832.4500
Facsimile: 312.832.4700
Email: skaspar@foley.com;
aweinzierl@foley.com

Jonathan E. Moskin (VIA U.S. MAIL)
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com


Signature: _Catherine Diggins_                    Date: June 3, 2011

Name _Catherine Diggins_

# EXHIBIT 10

**PLAINTIFF GAMES WORKSHOP STUDIOS LLC'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS TO GAMES WORKSHOP LIMITED - SET TWO**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAMES WORKSHOP LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>CHAPTERHOUSE STUDIOS LLC and JON PAULSON d/b/a PAULSON GAMES<br><br>Defendants. | Civil Action No. 1:10-cv-08103<br><br>Hon. Matthew F. Kennelly<br>Hon. Jeffrey T. Gilbert |

## PLAINTIFF GAMES WORKSHOP STUDIOS LLC'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS TO GAMES WORKSHOP LIMITED SET TWO

Pursuant to Fed.R.Civ.P. Rules 26 and 34, Games Workshop responds as follows to the First Request For Production of Documents of Defendant Chapterhouse Studios LLC.

### GENERAL OBJECTIONS

Games Workshop will produce electronically stored information in a format mutually agreed upon among counsel, or as otherwise appropriate.

### REQUESTS FOR PRODUCTION

2.      All documents concerning the design, creation, or authorship of the copyrighted works You claim in this action.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome given the needs of the case, given that Games Workshop is the owner of each of the copyrighted works at issue in the case and no issue has been raised as to its ownership or creation of any given work.

3.      For each person identified in Your response to Interrogatory No. 5, all documents constituting, evidencing, or relating to any employment agreement, contract, memorandum of understanding, or other statement of terms and conditions, for all periods of time during which such person was engaged in the authorship, creation, or design of any work for which You claim copyright protection.

**RESPONSE**:

Games Workshop incorporates by reference its objections to Interrogatory No. 5 that this request is overbroad and unduly burdensome given the needs of the case, given that Games Workshop is the owner of each of the copyrighted works at issue in the case and no issue has been raised as to its ownership or creation of any given work.

4.      All documents constituting the chain of title for all copyrights You claim in this action.

**RESPONSE**:

Games Workshop objects that this request vague and ambiguous, given that Games Workshop is the owner of each of the copyrighted works at issue in the case and no issue has been raised as to its ownership or creation of any given work.

Without prejudice to or waiver of the foregoing objections, Games Workshop is not aware of any documents responsive to this request.

5.      All certificates of copyright registration for copyrighted works You claim in this action.

**RESPONSE:**

Games Workshop will produce documents responsive to this request.

6.     All documents concerning Chapterhouse or its products.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous, overbroad and unduly burdensome given the needs of the case, and, without regard to relevance, seeks documents protected by the attorney-client privilege and work-product immunity.

Without prejudice to or waiver of the foregoing objections, Games Workshop will produce non-privileged non-work-product documents responsive to this request.

7.     One exemplar of the use in commerce in the United States of each of the marks You claim in this action.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome given the needs of the case, including Chapterhouse's admission that Games Workshop owns all of the marks in issue.

Without prejudice to or waiver of the foregoing objections, Games Workshop will produce documents responsive to this request.

8.     All documents concerning trademark availability research, investigation, and searches relating to trademarks You claim in this action.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome given the needs of the case, including Chapterhouse's admission that Games Workshop owns all of the

marks in issue and the length of time Games Workshop has been using the subject marks.

Without prejudice to or waiver of the foregoing objections, Games Workshop will produce documents, if any, responsive to this request.

9.    All surveys, studies, or other documents relating to market (or prospective market) impressions of, reactions to, or attitude by a consumer or consumers towards the trademarks You claim in this action.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous, overbroad and unduly burdensome given the needs of the case, insofar as it seeks "other documents" relating to market impressions, reactions, or attitudes.

Without prejudice to or waiver of the foregoing objections, Games Workshop is not aware of any documents responsive to this request.

10.    All documents reflecting or relating to communications concerning confusion about the source of Chapterhouse's products, or between You or any of Your products and Chapterhouse or any of its products.

**RESPONSE:**

Games Workshop objects that the phrase "communications concerning confusion" is vague and ambiguous, and that this request is overbroad and unduly burdensome given the needs of the case, and, without regard to relevance, seeks documents protected by the attorney-client privilege and work-product immunity.

Without prejudice to or waiver of the foregoing objections, Games Workshop will produce non-privileged non-work-product documents responsive to this request demonstrating consumer communications responsive to this request.

11.     Specimens of first use in U.S. commerce for each of the marks You claim in this action.

**RESPONSE**:

Games Workshop objects that this request is overbroad and unduly burdensome, given the needs of the case, including the length of time Games Workshop has been using the subject marks, and seeks information that is not relevant and not likely to lead to the discovery of admissible evidence insofar as there is no issue in this case concerning Chapterhouse's alleged priority of use of any of the subject trademarks and given Chapterhouse's admission that Games Workshop owns all of the marks in issue.

12.     All documents concerning the use by others of any of the marks You claim in this action.

**RESPONSE**:

Games Workshop objects that this request is overbroad and unduly burdensome, given the needs of the case, and seeks information that is not relevant and not likely to lead to the discovery of admissible evidence insofar as Chapterhouse does not claim any rights in or to any of the subject trademarks by or through any third parties and given Chapterhouse's admission that Games Workshop owns all of the marks in issue.  The request is also vague and ambiguous insofar as the term "use" is not specified and would encompass all references to Games Workshop's products by third parties.

13.     All documents concerning measures You have taken to enforce trademark rights in any of the trademarks You claim in this action, including, without limitation, all communications with third parties regarding those rights.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome, given the needs of the case, and seeks information that is not relevant and not likely to lead to the discovery of admissible evidence insofar as Chapterhouse does not claim any rights in or to any of the subject trademarks by or through any third parties and given Chapterhouse's admission that Games Workshop owns all of the marks in issue.

14.     All documents concerning claims that any of the works in which You claim copyright in this action infringes third party rights.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome, given the needs of the case, and seeks information that is not relevant and not likely to lead to the discovery of admissible evidence insofar as Chapterhouse does not claim any rights in or to any of the subject works by or through any third parties.

Without prejudice to or waiver of the foregoing objections, Games Workshop is not aware of any documents responsive to this request.

15.     All documents constituting, comprising, evidencing, or referring to assignments, licenses, the "purchasing of rights," or other transfers of copyrights or trademarks You claim in this action.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome given the needs of the case, given that Games Workshop is the owner of each of the copyrighted works at issue in the case and the trademarks used in connection therewith and no issue has been raised as

to its ownership or creation of any given work or title to any of the subject trademarks. The request is also needlessly cumulative and repetitive of Request 4 above.

Without prejudice to or waiver of the foregoing objections, Games Workshop is not aware of any documents responsive to this request.

16.    All documents evidencing or constituting the terms of Your agreements with distributors of Your products.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome, given the needs of the case, and seeks information that is not relevant and not likely to lead to the discovery of admissible evidence.

17.    All documents concerning Your assertion of any of the copyrights You claim in this action, against any party that designs, authors, manufactures, sells, or distributes material (such as gaming miniatures, models, add-on parts or accessories for same, as well as written matter such as rulebooks or codexes) for use with Your Warhammer 40,000 game.

**RESPONSE:**

Games Workshop objects that this request seeks information that is not relevant and not likely to lead to the discovery of admissible evidence insofar as Chapterhouse does not claim any rights in or to any of the subject copyrights by or through any third parties. Games Workshop further objects that the term "assertion of rights" is vague and ambiguous.

Without prejudice to or waiver of the foregoing objections, Games Workshop is not aware of any documents responsive to this request.

18.    All documents concerning allegations that You have falsely claimed copyright rights or exclusivity of copyright rights.

**RESPONSE:**

Games Workshop objects that this request seeks information that is not relevant and not likely to lead to the discovery of admissible evidence insofar as Chapterhouse does not claim any rights in or to any of the subject copyrights by or through any third parties, and because bare allegations, if there had been any, are not pertinent.

Without prejudice to or waiver of the foregoing objections, Games Workshop is not aware of any documents responsive to this request.

19.     All documents concerning allegations that You have falsely claimed trademark rights or exclusivity of trademark rights.

**RESPONSE:**

Games Workshop objects that this request seeks information that is not relevant and not likely to lead to the discovery of admissible evidence insofar as Chapterhouse does not claim any rights in or to any of the subject trademarks by or through any third parties, and because bare allegations, if there had been any, are not pertinent.

Without prejudice to or waiver of the foregoing objections, Games Workshop is not aware of any documents responsive to this request.

20.     All documents concerning Your rules or policies, including but not limited to legal policies appearing on Your websites, regarding use of Your copyrights or trademarks by third parties.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous, overbroad and unduly burdensome given the needs of the case, and, without regard to relevance, seeks documents protected by the attorney-client privilege and work-product immunity.

Without prejudice to or waiver of the foregoing objections, Games Workshop will produce copies of any such policies appearing on its website.

21.     All documents constituting organization charts of Games Workshop Limited, including without limitation its officers, directors, employees, subsidiaries, parent companies (including without limitation Games Workshop Group PLC), sister companies, and affiliated companies.

**RESPONSE**:

Games Workshop objects that this request is overbroad and unduly burdensome, given the needs of the case, and seeks information that is not relevant and not likely to lead to the discovery of admissible evidence

Without prejudice to or waiver of the foregoing objections, Games Workshop will produce a representative organizational chart, if any.

22.     All documents supporting Your allegations in the First Amended Complaint that the product You refer to as "Super Heavy Assault Walker," "Super-Heavy Assault Walker," and "TAU Super-Heavy Assault Walker," was "designed and licensed for Chapterhouse by Paulson Games" (First Amended Complaint 28), or that it was "designed at least in part by Paulson Games" (First Amended Complaint TR 30, 31)

**RESPONSE**:

Games Workshop objects that this is a contention request, best deferred until the close of discovery and calls for documents in the possession of third parties, including Chapterhouse and defendant Paulson.

Without prejudice to or waiver of the foregoing objections, Games Workshop will produce documents responsive to this request.

23.     All documents concerning Your plans to market copyrighted works claimed by You in this action, including without limitation any and all products that are derivative works of such copyrighted works, whether such products are currently existing or planned for the future.

**RESPONSE:**

Games Workshop objects that this request seeks confidential information that is irrelevant and not likely to lead to the discovery of admissible evidence.

24.     All documents that evidence, refer to, or discuss any damages or harm, including without limitation monetary damage, You claim to have suffered, or to be likely to suffer, as a result of Chapterhouse's alleged infringements and violations as set forth in Your First Amended Complaint.

**RESPONSE:**

Games Workshop objects that this is a contention request best deferred to the close of discovery, including receipt of discovery from Chapterhouse regarding its sales.

25.     Documents sufficient to identify Your total annual profits, related to each copyrighted work claimed by You in this action, for each of the past ten (10) years.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous, overbroad and unduly burdensome given the needs of the case. The request also seeks information that is confidential. The request is also a contention request best deferred until Games Workshop elects whether or not to pursue lost profits in this case.

Without prejudice to or waiver of the foregoing objections, subject to entry of a protective order, Games Workshop, will produce documents responsive to this request to support a claim of

lost profits to the extent it elects to pursue a claim for such lost profits.

26.     Documents sufficient to identify Your total annual revenues related to each copyrighted work claimed by You in this action, for each of the past ten (10) years.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous, overbroad and unduly burdensome given the needs of the case. The request also seeks information that is confidential. The request is also a contention request best deferred until Games Workshop elects whether or not to pursue lost profits in this case.

Without prejudice to or waiver of the foregoing objections, subject to entry of a protective order, Games Workshop, will produce documents responsive to this request to support a claim of lost profits to the extent it elects to pursue a claim for such lost profits.

27.     Documents sufficient to identify Your total annual expenses related to each copyrighted work claimed by You in this action, for each of the past ten (10) years.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous, overbroad and unduly burdensome given the needs of the case. The request also seeks information that is confidential. The request is also a contention request best deferred until Games Workshop elects whether or not to pursue lost profits in this case.

Without prejudice to or waiver of the foregoing objections, subject to entry of a protective order, Games Workshop, will produce documents responsive to this request to support a claim of lost profits to the extent it elects to pursue a claim for such lost profits.

28.     All documents concerning allegations of copyright infringement asserted against You.

**RESPONSE**:

Games Workshop objects that this request is overbroad, given the needs of the case, and seeks information that is not relevant and not likely to lead to the discovery of admissible evidence insofar as Chapterhouse does not claim any rights in or to any of the subject copyrights by or through any third parties.

Without prejudice to or waiver of the foregoing objections, Games Workshop is not aware of any documents responsive to this request.

29.  All documents concerning allegations of trademark infringement asserted against You.

**RESPONSE**:

Games Workshop objects that this request is overbroad, given the needs of the case, and seeks information that is not relevant and not likely to lead to the discovery of admissible evidence insofar as Chapterhouse does not claim any rights in or to any of the subject trademarks by or through any third parties.

Without prejudice to or waiver of the foregoing objections, Games Workshop is not aware of any documents responsive to this request.

30.  All documents concerning the Star Fox Space Marine Chapter referenced in Exhibit A to Your Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE**:

Games Workshop objects that this request is vague and ambiguous and seeks documents that are not relevant and not likely to lead to the discovery of admissible evidence.

31.  All documents evidencing, referring or relating to any and all statements by Chapterhouse that are allegedly false and misleading, as set forth in paragraphs 78 through 80 of

the First Amended Complaint.

**RESPONSE:**

Games Workshop objects that this is a contention request, best deferred until the close of discovery and calls for documents in the possession of third parties, including Chapterhouse itself.

Without prejudice to or waiver of the foregoing objections, Games Workshop will produce documents responsive to this request.

32.     All documents evidencing, referring or relating to any and all business practices of Chapterhouse that are allegedly unfair and deceptive, as set forth in paragraphs 86 through 89 of the First Amended Complaint.

**RESPONSE:**

Games Workshop objects that this is a contention request, best deferred until the close of discovery and calls for documents in the possession of third parties, including Chapterhouse itself.

Without prejudice to or waiver of the foregoing objections, Games Workshop will produce documents responsive to this request.

33.     All documents evidencing, referring or relating to any and all representations of material fact by Chapterhouse that are allegedly false and deceptive, as set forth in paragraphs 87 through 89 of the First Amended Complaint.

**RESPONSE:**

Games Workshop objects that this is a contention request, best deferred until the close of discovery and calls for documents in the possession of third parties, including Chapterhouse itself.

Without prejudice to or waiver of the foregoing objections, Games Workshop will produce documents responsive to this request.

Dated: July 5, 2011

Respectfully submitted,

By: _____
      Jonathan E. Moskin

Scott R. Kaspar (Ill. Bar No. 6284921)
Aaron J. Weinzierl (Ill. Bar No. 6294055)
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654
Telephone: (312) 832-4500
Facsimile: (312) 832-4700
Email: skaspar@foley.com; aweinzierl@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

*Attorneys for Plaintiff Games Workshop Limited*

## CERTIFICATE OF SERVICE

I, Jonathan E. Moskin, an attorney, hereby certify that on July 5, 2011, I caused a copy of the foregoing **PLAINTIFF GAMES WORKSHOP STUDIOS LLC'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS TO GAMES WORKSHOP LIMITED SET TWO** to be served on the interested parties by causing copies of this document to be served on the following *via* United States Mail in a sealed envelope with the postage prepaid and *via* electronic mail to the following:

Jennifer A. Golinveaux, Esq.
Thomas J. Kearney, Esq.
J. Caleb Donaldson, Esq.
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
jgolinveaux@winston.com
tkearney@winston.com
jcdonaldson@winston.com

Catherine B. Diggins, Esq.
Eric J. Mersmann, Esq.
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
cdiggins@winston.com
emersmann@winston.com

and

Ronald H. Spuhler
Ronald A. DiCerbo
Thomas J. Campbell Jr.
MCANDREWS, HELD & MALLOY LTD.
500 W. Madison Street – 34th Floor
Chicago, IL 60061

_____
Jonathan E. Moskin

# EXHIBIT 11

**DEFENDANT CHAPTERHOUSE STUDIOS LLC'S REQUEST FOR
PRODUCTION OF DOCUMENTS TO GAMES WORKSHOP LTD.
SET THREE**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GAMES WORKSHOP LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:10-cv-08103 |
| v. | ) | |
| | ) | |
| CHAPTERHOUSE STUDIOS LLC and JON | ) | |
| PAULSON d/b/a PAULSON GAMES, | ) | |
| | ) | Judge Matthew F. Kennelly |
| Defendants. | ) | |

**DEFENDANT CHAPTERHOUSE STUDIOS LLC'S REQUEST FOR**
**PRODUCTION OF DOCUMENTS TO GAMES WORKSHOP LIMITED SET THREE**

PROPOUNDING PARTY:      DEFENDANT CHAPTERHOUSE STUDIOS LLC

RESPONDING PARTY:      PLAINTIFF GAMES WORKSHOP LIMITED

SET:      THREE

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Chapterhouse Studios LLC requests that you produce for inspection and copying the documents and things listed below thirty days from service of this request to the offices of Winston & Strawn LLP, 101 California Street, Suite 3900, San Francisco, CA 94111-5894, or at another location mutually agreed upon by both parties.

For the purpose of this request for production of documents and things, the following instructions shall apply and the following terms will have the meaning indicated:

**INSTRUCTIONS**

1.      If you contend that any information, document, or thing otherwise called for by any request is excluded from production or discovery, answer so much of the discovery request as is not subject to the claimed objection and, for each document or thing:

    a.    State whether the item shall not be produced because:

        1)    It is claimed to be privileged; or

        2)    It once existed but can no longer be located; or

        3)    It has been lost; or

        4)    It has been destroyed; and

    b.    For any information that is withheld on claim of privilege or other legal protection, state the basis for the claim, and without revealing information itself privileged or protected, describe the nature of the information sufficiently to enable Chapterhouse to assess the applicability of the claim. Include the identity of each person whom you believe has knowledge of such information.

2. In producing these documents and things, identify and produce for inspection and copying not only those documents and things in your custody, but all documents and things in the custody of your attorneys, consultants, agents, other representatives, and other persons or entities subject to your control.

3. Complete production is to be made on the date and at the time indicated above. The inspection and copying will begin at that time and will continue from day to day thereafter until completed.

4. Produce the original and all copies of each requested document and thing, as well as the file in which they are kept, including all copies which bear any additional file stamps, marginal notes, or other additional markings or writings that do not appear on the original.

5. Produce electronically stored information in TIFF format, with a load file indicating document breaks and document families such as emails and their attachments, and with metadata. Metadata here includes original filename, filetype, name of author, date created,

and date last modified, for all documents for which such data is available. In addition, for email files, metadata includes the date and time of sending and/or receiving, the subject line of the email, the names of the author and all recipients in the to, from, cc, and bcc fields, to the extent known, and indications of the filenames and file-sizes of any attachments. When TIFF format would not be reasonably usable to Chapterhouse, Chapterhouse may insist on production of native form.

6.      Affix a Bates number to each thing produced and to each document page produced, whether the page is in paper, TIFF, or other format.

7.      You have a duty to supplement your response from now until the time of hearing or trial, as provided by Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

1.      The terms "You" or "Your" refer to Plaintiff Games Workshop Limited and include any persons controlled by or acting on behalf of that entity, including without limitation all past and present officers, directors, agents, employees, contractors, agents, licensees, attorneys, predecessors, subsidiaries, parent companies (including without limitation Games Workshop Group PLC), sister companies, or affiliated companies, persons or entities acting in joint venture or partnership relationships with You and any others acting on their behalf and/or pursuant to their authority or control.

2.      The term "Chapterhouse" refers to Defendant Chapterhouse Studios LLC as well as any officers, directors, employees, and authorized representatives.

3.      The term "document" is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34 and its interpretation by the courts, including originals, copies, drafts or other productions of any written, graphic or otherwise recorded

3

matter, however produced or reproduced, whether inscribed by hand, by computer or by mechanical, electronic, or photographic means.

    4.      The term "concerning" means relating to, referring to, describing, reflecting, evidencing, constituting, or comprising.

    5.      The terms "any," "all," and "each" shall be construed to include any, all, and each.

    6.      The term "and" shall be construed to include "or" and vice versa and shall be the logical equivalent of "and/or."

    7.      The use of the singular form of any word also includes the plural and vice versa.

    8.      The term "First Amended Complaint" refers to the First Amended Complaint You filed in this action on March 21, 2011.

## REQUEST FOR PRODUCTION

    34.      All audio, video, and photographic recordings made pursuant to Your August 1, 2011 inspection of documents and tangible things in this case at the Dallas, Texas office of McKool Smith, as well as any written transcriptions, descriptions, or summaries of such recordings or of the inspection in general.

Dated: August 2, 2011                Respectfully submitted,

                        CHAPTERHOUSE STUDIOS LLC

                        By:

                        Jennifer Golinveaux (CA Bar No. 203056)
                        J. Caleb Donaldson (CA Bar No. 257271)
                        Thomas J. Kearney (CA Bar No. 267087)
                        WINSTON & STRAWN LLP
                        101 California Street

San Francisco, CA 94111-5802
Phone: (415) 591-1000
Fax: (415) 591-1400
jgolinveaux@winston.com
jcdonaldson@winston.com
tkearney@winston.com

Eric Mersmann (IL Bar No. 6286859)
Catherine B. Diggins (IL Bar No. 6296237)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-1695
Phone: (312) 558-5600
Fax: (312) 558-5700
emersmann@winston.com
cdiggins@winston.com

5

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2011, I provided service of

- **DEFENDANT CHAPTERHOUSE STUDIOS LLC'S REQUEST FOR PRODUCTION OF DOCUMENTS TO GAMES WORKSHOP LIMITED SET THREE**

to the person or persons listed below by the following means:. FIRST CLASS MAIL

Scott R. Kaspar
Aaron J. Weinzierl
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: 312.832.4500
Facsimile: 312.832.4700
Email: skaspar@foley.com;
aweinzierl@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

Signature: _____        Date: August 2, 2011

Name    CARLEEN CHEA

# EXHIBIT 12

**GAMES WORKSHOP STUDIOS LLC'S RESPONSE TO
GAMES WORKSHOP LIMITED REQUEST FOR PRODUCTION OF
DOCUMENTS SET THREE**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

GAMES WORKSHOP LIMITED,

        Plaintiff,

        v.

CHAPTERHOUSE STUDIOS LLC and JON
PAULSON d/b/a PAULSON GAMES

        Defendants.

Civil Action No. 1:10-cv-08103

Hon. Matthew F. Kennelly
Hon. Jeffrey T. Gilbert

## PLAINTIFF GAMES WORKSHOP STUDIOS LLC'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS TO GAMES WORKSHOP LIMITED SET THREE

Pursuant to Fed.R.Civ.P. Rules 26 and 34, Games Workshop responds as follows to the

Third Request For Production of Documents of Defendant Chapterhouse Studios LLC.

## GENERAL OBJECTIONS

1.    Games Workshop will produce electronically stored information in a format

mutually agreed upon among counsel, or as otherwise appropriate.

## REQUESTS FOR PRODUCTION

## REQUEST 34

All audio, video, and photographic recordings made pursuant to Your August 1, 2011

inspection of documents and tangible things in this case at the Dallas, Texas office of McKool

Smith, as well as any written transcriptions, descriptions, or summaries of such recordings or of

the inspection in general.

NYC_1212586.1

**RESPONSE:**

Games Workshop objects that this request is needlessly burdensome insofar as it simply

asks plaintiff, at needless expense, to make copies of materials already in defendant's possession

and indeed that should have been produced by defendant. Plaintiff further objects that the

needlessness of the burden is compounded by the fact that these are materials that defendant in

bad faith has refused to produce, thus requiring plaintiff, for no reason and at needless expense,

to generate photographic copies of items that should be produced and catalogued by defendant.

Games Workshop does not believe that it is one party's burden to assemble and produce

documents for the other.

Dated: September 2, 2011

Respectfully submitted,

By: _____
        Jonathan E. Moskin

Scott R. Kaspar (Ill. Bar No. 6284921)
Aaron J. Weinzierl (Ill. Bar No. 6294055)
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654
Telephone: (312) 832-4500
Facsimile: (312) 832-4700
Email: skaspar@foley.com; aweinzierl@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

*Attorneys for Plaintiff Games Workshop Limited*

## CERTIFICATE OF SERVICE

I, Jonathan E. Moskin, an attorney, hereby certify that on September 2, 2011, I caused a copy of the foregoing **PLAINTIFF GAMES WORKSHOP STUDIOS LLC'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS TO GAMES WORKSHOP LIMITED SET THREE** to be served on the interested parties by causing copies of this document to be served on the following *via* United States Mail in a sealed envelope with the postage prepaid and *via* electronic mail to the following:

> Jennifer A. Golinveaux, Esq.
> Thomas J. Kearney, Esq.
> J. Caleb Donaldson, Esq.
> WINSTON & STRAWN LLP
> 101 California Street
> San Francisco, CA 94111
> jgolinveaux@winston.com
> tkearney@winston.com
> jcdonaldson@winston.com
>
> Catherine B. Diggins, Esq.
> Eric J. Mersmann, Esq.
> WINSTON & STRAWN LLP
> 35 West Wacker Drive
> Chicago, IL 60601
> cdiggins@winston.com
> emersmann@winston.com
>
> and
>
> Ronald H. Spuhler
> Ronald A. DiCerbo
> Thomas J. Campbell Jr.
> MCANDREWS, HELD & MALLOY LTD.
> 500 W. Madison Street – 34th Floor
> Chicago, IL 60061

Jonathan E. Moskin

# EXHIBIT 13

**DEFENDANT CHAPTERHOUSE STUDIOS LLC'S REQUEST FOR
PRODUCTION OF DOCUMENTS TO GAMES WORKSHOP LTD.
SET FOUR**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GAMES WORKSHOP LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:10-cv-08103 |
| v. | ) | |
| | ) | |
| CHAPTERHOUSE STUDIOS LLC and JON | ) | |
| PAULSON d/b/a PAULSON GAMES, | ) | |
| | ) | Judge Matthew F. Kennelly |
| Defendants. | ) | |

**DEFENDANT CHAPTERHOUSE STUDIOS LLC'S REQUEST FOR
PRODUCTION OF DOCUMENTS TO GAMES WORKSHOP LIMITED SET FOUR**

PROPOUNDING PARTY:        DEFENDANT CHAPTERHOUSE STUDIOS LLC

RESPONDING PARTY:        PLAINTIFF GAMES WORKSHOP LIMITED

SET:        FOUR

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Chapterhouse Studios

LLC requests that you produce for inspection and copying the documents and things listed below

thirty days from service of this request to the offices of Winston & Strawn LLP, 101 California

Street, Suite 3900, San Francisco, CA 94111-5894, or at another location mutually agreed upon

by both parties.

For the purpose of this request for production of documents and things, the following

instructions shall apply and the following terms will have the meaning indicated:

**INSTRUCTIONS**

1.        If you contend that any information, document, or thing otherwise called for by

any request is excluded from production or discovery, answer so much of the discovery request

as is not subject to the claimed objection and, for each document or thing:

a.    State whether the item shall not be produced because:

    1)    It is claimed to be privileged; or

    2)    It once existed but can no longer be located; or

    3)    It has been lost; or

    4)    It has been destroyed; and

b.    For any information that is withheld on claim of privilege or other legal protection, state the basis for the claim, and without revealing information itself privileged or protected, describe the nature of the information sufficiently to enable Chapterhouse to assess the applicability of the claim. Include the identity of each person whom you believe has knowledge of such information.

2.    In producing these documents and things, identify and produce for inspection and copying not only those documents and things in your custody, but all documents and things in the custody of your attorneys, consultants, agents, other representatives, and other persons or entities subject to your control.

3.    Complete production is to be made on the date and at the time indicated above. The inspection and copying will begin at that time and will continue from day to day thereafter until completed.

4.    Produce the original and all copies of each requested document and thing, as well as the file in which they are kept, including all copies which bear any additional file stamps, marginal notes, or other additional markings or writings that do not appear on the original.

5.    Produce electronically stored information in TIFF format, with a load file indicating document breaks and document families such as emails and their attachments, and with metadata. Metadata here includes original filename, filetype, name of author, date created,

and date last modified, for all documents for which such data is available. In addition, for email files, metadata includes the date and time of sending and/or receiving, the subject line of the email, the names of the author and all recipients in the to, from, cc, and bcc fields, to the extent known, and indications of the filenames and file-sizes of any attachments. When TIFF format would not be reasonably usable to Chapterhouse, Chapterhouse may insist on production of native form.

6.     Affix a Bates number to each thing produced and to each document page produced, whether the page is in paper, TIFF, or other format.

7.     You have a duty to supplement your response from now until the time of hearing or trial, as provided by Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

1.     The terms "You" or "Your" refer to Plaintiff Games Workshop Limited and include any persons controlled by or acting on behalf of that entity, including without limitation all past and present officers, directors, agents, employees, contractors, agents, licensees, attorneys, predecessors, subsidiaries, parent companies (including without limitation Games Workshop Group PLC), sister companies, or affiliated companies, persons or entities acting in joint venture or partnership relationships with You and any others acting on their behalf and/or pursuant to their authority or control.

2.     The term "Chapterhouse" refers to Defendant Chapterhouse Studios LLC as well as any officers, directors, employees, and authorized representatives.

3.     The term "copyright registration" means, without limitation, a U.S. copyright registration, foreign copyright registration, or other registration or proof of deposit with any private registry that purports to provide evidence of copyright status.

3

4.      The term "document" is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34 and its interpretation by the courts, including originals, copies, drafts or other productions of any written, graphic or otherwise recorded matter, however produced or reproduced, whether inscribed by hand, by computer or by mechanical, electronic, or photographic means.

5.      The term "concerning" means relating to, referring to, describing, reflecting, evidencing, constituting, or comprising.

6.      The terms "any," "all," and "each" shall be construed to include any, all, and each.

7.      The term "and" shall be construed to include "or" and vice versa and shall be the logical equivalent of "and/or."

8.      The use of the singular form of any word also includes the plural and vice versa.

9.      The term "First Amended Complaint" refers to the First Amended Complaint You filed in this action on March 21, 2011.

## REQUEST FOR PRODUCTION

35.      All documents concerning any sale, assignment, exclusive license, non-exclusive license, or other transfer of title of any of the copyrights YOU claim in this action, from any natural person who created or co-created any of the works subject to such copyrights to YOU.

36.      All documents concerning instructions, manuals, procedures, how-to guides, FAQs, style sheets, specifications, or other guidelines or advice given to any artist, designer, writer, model painter, sculptor, or other author or creator for use in creating works relating to Warhammer 40,000.

37.     For any work claimed by you in this action, all correspondence with any government agency or private copyright registration service concerning that work, including without limitation any deposit material provided to such government agency or private copyright registration service. If the work claimed is a part of or contained within another work, produce all such correspondence for the other work.

38.     All correspondence with Chapterhouse's designers, manufacturers, contractors, employees, officers, or directors.

Dated: September 9, 2011                    Respectfully submitted,

                                            CHAPTERHOUSE STUDIOS LLC

                                    By:     _____
                                            Jennifer Golinveaux (CA Bar No. 203056)
                                            J. Caleb Donaldson (CA Bar No. 257271)
                                            Thomas J. Kearney (CA Bar No. 267087)
                                            WINSTON & STRAWN LLP
                                            101 California Street
                                            San Francisco, CA 94111-5802
                                            Phone: (415) 591-1000
                                            Fax: (415) 591-1400
                                            jgolinveaux@winston.com
                                            jcdonaldson@winston.com
                                            tkearney@winston.com

                                            Eric Mersmann (IL Bar No. 6286859)
                                            Catherine B. Diggins (IL Bar No. 6296237)
                                            WINSTON & STRAWN LLP
                                            35 West Wacker Drive
                                            Chicago, IL 60601-1695
                                            Phone: (312) 558-5600
                                            Fax: (312) 558-5700
                                            emersmann@winston.com
                                            cdiggins@winston.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2011, I provided service of

- **DEFENDANT CHAPTERHOUSE STUDIOS LLC'S REQUEST FOR PRODUCTION OF DOCUMENTS TO GAMES WORKSHOP LIMITED SET FOUR**

to the person or persons listed below by the following means: FIRST CLASS MAIL

Scott R. Kaspar
Aaron J. Weinzierl
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: 312.832.4500
Facsimile: 312.832.4700
Email: skaspar@foley.com;
aweinzierl@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

Signature: _____          Date: September 9, 2011

Name    _____Lisa Schuh_____

6

# EXHIBIT 14

**GAMES WORKSHOP LTD.'S RESPONSE TO CHAPTERHOUSE
STUDIOS LLC'S REQUEST FOR PRODUCTION OF DOCUMENTS
SET FOUR**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

GAMES WORKSHOP LIMITED,

               Plaintiff,

      v.

CHAPTERHOUSE STUDIOS LLC and JON
PAULSON d/b/a PAULSON GAMES

               Defendants.

Civil Action No. 1:10-cv-8103

Hon. Matthew F. Kennelly
Hon. Jeffrey T. Gilbert

## GAMES WORKSHOP LTD.'S RESPONSE TO CHAPTERHOUSE STUDIOS LLC'S REQUEST FOR PRODUCTION OF DOCUMENTS SET FOUR

Pursuant to Fed.R.Civ.P. Rules 26 and 33, Games Workshop responds as follows to the

Third Set of Interrogatories of Defendant Chapterhouse Studios LLC.

### GENERAL OBJECTIONS

1.      Games Workshop will produce electronically stored information in a format

mutually agreed upon among counsel, or as otherwise appropriate.

### REQUEST FOR PRODUCTION

35.      All documents concerning any sale, assignment, exclusive license, non-exclusive

license, or other transfer of title of any of the copyrights YOU claim in this action, from any

natural person who created or co-created any of the works subject to such copyrights to YOU.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to scope, and

potentially overbroad and unduly burdensome. Games Workshop further objects that the request

seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence,

among other reasons because of Chapterhouse's voluntary admission that Games Workshop

owns copyright in all of the works in issue.

Without prejudice to or waiver of the foregoing objections, Games Workshop will produce documents, if any, responsive to this request for specific works in issue.

36.    All documents concerning instructions, manuals, procedures, how-to guides, FAQs, style sheets, specifications, or other guidelines or advice given to any artist, designer, writer, model painter, sculptor, or other author or creator for use in creating works relating to Warhammer 40,000.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous, overbroad and unduly burdensome given the needs of the case and seeks documents that are irrelevant and not likely to lead to discovery of admissible evidence.

37.    For any work claimed by you in this action, all correspondence with any government agency or private copyright registration service concerning that work, including without limitation any deposit material provided to such government agency or private copyright registration service. If the work claimed is a part of or contained within another work, produce all such correspondence for the other work.

**RESPONSE:**

Games Workshop has produced documents responsive to this request and although not aware of any further documents in its possession, will produce documents, if any, responsive to this request.

38.    All correspondence with Chapterhouse's designers, manufacturers, contractors, employees, officers, or directors.

**RESPONSE:**

Games Workshop objects that it is unable to answer this request insofar as Chapterhouse

has designated as "Confidential – Attorneys' Eyes Only" the information identifying its

designers, manufacturers, and contractors, and has not identified any employees, officers, or

directors or than the employee, Nick Villacci. As Games Workshop understands this request,

Chapterhouse is not seeking additional copies of correspondence with Chapterhouse itself.


Dated: October 19, 2011

Respectfully submitted,

By: _____
      Jonathan E. Moskin

Scott R. Kaspar (Ill. Bar No. 6284921)
Aaron J. Weinzierl (Ill. Bar No. 6294055)
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654
Telephone: (312) 832-4500
Facsimile: (312) 832-4700
Email: skaspar@foley.com; aweinzierl@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

*Attorneys for Plaintiff Games Workshop Limited*

**CERTIFICATE OF SERVICE**

I, Jonathan E. Moskin, an attorney, hereby certify that on October 19, 2011, I caused a copy of the foregoing GAMES WORKSHOP LTD.'S RESPONSE TO CHAPTERHOUSE STUDIOS LLC'S REQUEST FOR PRODUCTION OF DOCUMENTS SET FOUR to be served on the interested parties by causing copies of this document to be served on the following *via* United States Mail in a sealed envelope with the postage prepaid and *via* electronic mail to the following:

Jennifer A. Golinveaux, Esq.
Thomas J. Kearney, Esq.
J. Caleb Donaldson, Esq.
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
jgolinveaux@winston.com
tkearney@winston.com
jcdonaldson@winston.com

Catherine B. Diggins, Esq.
Eric J. Mersmann, Esq.
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
cdiggins@winston.com
emersmann@winston.com

and

Ronald H. Spuhler
Ronald A. DiCerbo
Thomas J. Campbell Jr.
MCANDREWS, HELD & MALLOY LTD.
500 W. Madison Street – 34th Floor
Chicago, IL 60061

Jonathan E. Moskin

# EXHIBIT 15

**DEFENDANT CHAPTERHOUSE STUDIOS LLC'S REQUEST FOR
PRODUCTION OF DOCUMENTS TO GAMES WORKSHOP LTD.
SET FIVE**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GAMES WORKSHOP LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:10-cv-08103 |
| v. | ) | |
| | ) | |
| CHAPTERHOUSE STUDIOS LLC and JON | ) | |
| PAULSON d/b/a PAULSON GAMES, | ) | |
| | ) | Judge Matthew F. Kennelly |
| Defendants. | ) | |

**DEFENDANT CHAPTERHOUSE STUDIOS LLC'S REQUEST FOR
PRODUCTION OF DOCUMENTS TO GAMES WORKSHOP LIMITED SET FIVE**

PROPOUNDING PARTY:      DEFENDANT CHAPTERHOUSE STUDIOS LLC

RESPONDING PARTY:      PLAINTIFF GAMES WORKSHOP LIMITED

SET:      FIVE

      Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Chapterhouse Studios

LLC requests that you produce for inspection and copying the documents and things listed below

thirty days from service of this request to the offices of Winston & Strawn LLP, 101 California

Street, Suite 3900, San Francisco, CA 94111-5894, or at another location mutually agreed upon

by both parties.

      For the purpose of this request for production of documents and things, the following

instructions shall apply and the following terms will have the meaning indicated:

**INSTRUCTIONS**

      1.      If you contend that any information, document, or thing otherwise called for by

any request is excluded from production or discovery, answer so much of the discovery request

as is not subject to the claimed objection and, for each document or thing:

    a.      State whether the item shall not be produced because:

        1)      It is claimed to be privileged; or

        2)      It once existed but can no longer be located; or

        3)      It has been lost; or

        4)      It has been destroyed; and

    b.      For any information that is withheld on claim of privilege or other legal protection, state the basis for the claim, and without revealing information itself privileged or protected, describe the nature of the information sufficiently to enable Chapterhouse to assess the applicability of the claim.  Include the identity of each person whom you believe has knowledge of such information.

2.     In producing these documents and things, identify and produce for inspection and copying not only those documents and things in your custody, but all documents and things in the custody of your attorneys, consultants, agents, other representatives, and other persons or entities subject to your control.

3.     Complete production is to be made on the date and at the time indicated above. The inspection and copying will begin at that time and will continue from day to day thereafter until completed.

4.     Produce the original and all copies of each requested document and thing, as well as the file in which they are kept, including all copies which bear any additional file stamps, marginal notes, or other additional markings or writings that do not appear on the original.

5.     Produce electronically stored information in TIFF format, with a load file indicating document breaks and document families such as emails and their attachments, and with metadata.  Metadata here includes original filename, filetype, name of author, date created,

and date last modified, for all documents for which such data is available. In addition, for email files, metadata includes the date and time of sending and/or receiving, the subject line of the email, the names of the author and all recipients in the to, from, cc, and bcc fields, to the extent known, and indications of the filenames and file-sizes of any attachments. When TIFF format would not be reasonably usable to Chapterhouse, Chapterhouse may insist on production of native form.

6.      Affix a Bates number to each thing produced and to each document page produced, whether the page is in paper, TIFF, or other format.

7.      You have a duty to supplement your response from now until the time of hearing or trial, as provided by Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

35.      The terms "YOU" or "YOUR" refer to Plaintiff Games Workshop Limited and include any persons controlled by or acting on behalf of that entity, including without limitation all past and present officers, directors, agents, employees, contractors, agents, licensees, attorneys, predecessors, subsidiaries, parent companies (including without limitation Games Workshop Group PLC), sister companies, or affiliated companies, persons or entities acting in joint venture or partnership relationships with You and any others acting on their behalf and/or pursuant to their authority or control.

36.      The term "Chapterhouse" refers to Defendant Chapterhouse Studios LLC as well as any officers, directors, employees, and authorized representatives.

37.      The term "Paulson" refers to Defendant Jon Paulson, Paulson Games, and/or any officers, directors, employees, and authorized representatives of Paulson or Paulson Games.

3

38.     The term "copyright registration" means, without limitation, a U.S. copyright registration, foreign copyright registration, or other registration or proof of deposit with any private registry that purports to provide evidence of copyright status.

39.     The term "document" is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34 and its interpretation by the courts, including originals, copies, drafts or other productions of any written, graphic or otherwise recorded matter, however produced or reproduced, whether inscribed by hand, by computer or by mechanical, electronic, or photographic means.

40.     The term "concerning" means relating to, referring to, describing, reflecting, evidencing, constituting, or comprising.

41.     The terms "any," "all," and "each" shall be construed to include any, all, and each.

42.     The term "and" shall be construed to include "or" and vice versa and shall be the logical equivalent of "and/or."

43.     The use of the singular form of any word also includes the plural and vice versa.

44.     The term "First Amended Complaint" refers to the First Amended Complaint YOU filed in this action on March 21, 2011.

## REQUEST FOR PRODUCTION

39.     All documents concerning any submission to YOU by third parties of any of the works, or portions of the works, YOU claim in this action.

40.     All documents concerning any policies, rules, procedures, or guidelines concerning submissions to YOU of any materials or works, including without limitation

4

illustrations, artwork, sculptural works, sketches, preliminary drawings, photographs, works of fiction, articles, or written outlines or proposals for works of fiction or articles.

41.     All correspondence between YOU and any author, co-author, creator, or co-creator of any of the works YOU claim in this action concerning such works.

42.     All documents concerning Paulson or any works or products created, marketed, or sold by Paulson.

43.     All documents produced to YOU by Paulson.

44.     All communications between YOU and Paulson.

Dated: September 28, 2011                    Respectfully submitted,

                                            CHAPTERHOUSE STUDIOS LLC

                                            By:

                                            Jennifer Golinveaux (CA Bar No. 203056)
                                            J. Caleb Donaldson (CA Bar No. 257271)
                                            Thomas J. Kearney (CA Bar No. 267087)
                                            WINSTON & STRAWN LLP
                                            101 California Street
                                            San Francisco, CA  94111-5802
                                            Phone: (415) 591-1000
                                            Fax: (415) 591-1400
                                            jgolinveaux@winston.com
                                            jcdonaldson@winston.com
                                            tkearney@winston.com

                                            Eric Mersmann (IL Bar No. 6286859)
                                            Catherine B. Diggins (IL Bar No. 6296237)
                                            WINSTON & STRAWN LLP
                                            35 West Wacker Drive
                                            Chicago, IL 60601-1695
                                            Phone: (312) 558-5600
                                            Fax: (312) 558-5700
                                            emersmann@winston.com
                                            cdiggins@winston.com

# EXHIBIT 16

**GAMES WORKSHOP LTD.'S RESPONSE TO CHAPTERHOUSE STUDIOS LLC'S REQUEST FOR PRODUCTION OF DOCUMENTS SET FIVE**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GAMES WORKSHOP LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>CHAPTERHOUSE STUDIOS LLC and JON<br>PAULSON d/b/a PAULSON GAMES<br><br>Defendants. | Civil Action No. 1:10-cv-8103<br><br><br><br>Hon. Matthew F. Kennelly |

**PLAINTIFF GAMES WORKSHOP LIMITED RESPONSE TO CHAPTERHOUSE
STUDIOS LLC'S REQUEST FOR PRODUCTION OF DOCUMENTS TO SET FIVE**

.

**REQUEST FOR PRODUCTION**

39.     All documents concerning any submission to YOU by third parties of any of the works, or portions of the works, YOU claim in this action.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous, overbroad and unduly burdensome and seeks documents that are irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop will produce documents, if any, responsive to this request.

40.     All documents concerning any policies, rules, procedures, or guidelines concerning submissions to YOU of any materials or works, including without limitation illustrations, artwork, sculptural works, sketches, preliminary drawings, photographs, works of fiction, articles, or written outlines or proposals for works of fiction or articles.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous.

Without prejudice to or waiver of the foregoing objections, Games Workshop will produce documents, if any, responsive to this request.

41.     All correspondence between YOU and any author, co-author, creator, or co-creator of any of the works YOU claim in this action concerning such works.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous, overbroad and unduly burdensome and seeks documents that are irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop will produce documents, if any, responsive to this request.

42.     All documents concerning Paulson or any works or products created, marketed, or sold by Paulson.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous, overbroad and unduly burdensome and seeks documents that are irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop will produce documents, if any, concerning Paulson prior to this litigation.

43.     All documents produced to YOU by Paulson.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous, overbroad and unduly burdensome and seeks documents that are irrelevant and not likely to lead to the

discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop is not aware of any documents responsive to this request.

44.     All communications between YOU and Paulson.

**RESPONSE**:

Without prejudice to or waiver of the foregoing objections, Games Workshop is not aware of any documents responsive to this request.

Dated:  November 7, 2011

Respectfully submitted,

By:     /s/ Scott R. Kaspar

Scott R. Kaspar (Ill. Bar No. 6284921)
Aaron J. Weinzierl (Ill. Bar No. 6294055)
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654
Telephone:  (312) 832-4500
Facsimile:  (312) 832-4700
Email:  skaspar@foley.com; aweinzierl@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
Telephone:  (212) 682-7474
Facsimile:  (212) 687-3229
Email:  jmoskin@foley.com

*Attorneys for Plaintiff Games Workshop Limited*

## CERTIFICATE OF SERVICE

I, Scott R. Kaspar, an attorney, hereby certify that on November 7, 2011, I caused a copy of the foregoing PLAINTIFF GAMES WORKSHOP LIMITED'S RESPONSE TO CHAPTERHOUSE STUDIOS LLC'S REQUEST FOR PRODUCTION OF DOCUMENTS SET FIVE to be served on the interested parties by causing copies of this document to be served on the following *via* United States Mail in a sealed envelope with the postage prepaid and *via* electronic mail to the following:

Jennifer A. Golinveaux, Esq.
Thomas J. Kearney, Esq.
J. Caleb Donaldson, Esq.
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
jgolinveaux@winston.com
tkearney@winston.com
jcdonaldson@winston.com

Catherine B. Diggins, Esq.
Eric J. Mersmann, Esq.
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
cdiggins@winston.com
emersmann@winston.com

and

Ronald H. Spuhler
Ronald A. DiCerbo
Thomas J. Campbell Jr.
MCANDREWS, HELD & MALLOY LTD.
500 W. Madison Street – 34th Floor
Chicago, IL 60061

/s/  Scott R. Kaspar