# EXHIBIT 17

# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| BEIJING | 101 CALIFORNIA STREET | MOSCOW |
| CHARLOTTE | SAN FRANCISCO, CALIFORNIA 94111 | NEW YORK |
| CHICAGO | | NEWARK |
| GENEVA | +1 (415) 591-1000 | PARIS |
| HONG KONG | | SAN FRANCISCO |
| HOUSTON | FACSIMILE +1 (415) 591-1400 | SHANGHAI |
| LONDON | www.winston.com | WASHINGTON, D.C. |
| LOS ANGELES | | |

July 29, 2011

**THOMAS KEARNEY**
(415) 591-1000
tkearney@winston.com

<u>**VIA E-MAIL**</u>

Jonathan E. Moskin
Foley & Lardner LLP
90 Park Ave.
New York, NY 10016

Scott R. Kaspar
Foley & Lardner LLP
321 N. Clark St. #2800
Chicago IL 60654

Re: Games Workshop v. Chapterhouse Studios
    Plaintiff's Responses to Defendant's Second Set of Discovery

Dear Counsel:

I write regarding Plaintiff's responses to Chapterhouse's second set of discovery requests. As we indicated in previous communications, plaintiff's responses are evasive and unacceptable. I summarize the issues below so that we can have a meaningful discussion about the inadequacies of the responses, and make every effort to resolve our concerns without court intervention.

Preliminarily, many of Games Workshop's objections to Chapterhouse's Second Set of Interrogatories and Second Set of Requests for Production of Documents appear to be founded in misstatements of fact, and misunderstandings of Games Workshop's burden with respect to its claims and the substantive law that governs this case. A number of the "objections" raised also appear not to be proper objections at all, but rather conclusory and often erroneous statements of purported fact. For example:

- The repeated claim that "Games Workshop is the owner of each of the copyrighted works at issue in the case" is at best unproven, inasmuch as Games Workshop has yet to carry its burden of demonstrating this threshold requirement for even bringing its copyright claims, and is not a proper basis for refusing to provide the requested discovery.

WINSTON & STRAWN ʟʟᴘ

July 29, 2011
Page 2

- The repeated statement that "no issue has been raised" as to required elements of Games Workshop's claims and key elements of Chapterhouse's defenses is false and not a proper basis for refusing to provide the requested discovery. Games Workshop itself raised the issues, because they relate to required elements of its copyright and trademark claims, on which Games Workshop bears the burden of proof. Furthermore, Chapterhouse has raised these issues, including in its answer, in its defenses, and by propounding the very discovery requests that Games Workshop refuses to answer. Games Workshop cannot evade its burden of proof or its obligation to respond to discovery merely by stating falsely that "there is no issue."

- The notion that Games Workshop is the creator of the copyrighted works at issue appears to be a legal impossibility, as there is no basis in UK copyright law on which a corporate entity such as Games Workshop can claim to have "creat[ed]" a copyrighted work. This, and the fact that Games Workshop apparently does not possess any documents comprising chain of title for any of the copyrights is claims, belies your claim that there is "no issue" as to the ownership or creation of the works at issue.

- Games Workshop's repeated reliance on Chapterhouse's purported "admission" that Games Workshop owns all of the marks in issue lacks any basis and is an improper objection.

Plaintiff's responses and objections to the following interrogatories and document requests are improper for the above-stated reasons. In addition to these overarching problems, I address some of the many deficiencies with Games Workshop's responses below.

## Inadequacies of Games Workshop's Interrogatory Responses

Plaintiff's responses to Chapterhouse's second set of interrogatories are also inadequate for the following additional reasons.

Interrogatory No. 3. Games Workshop's persistent refusal to be specific about alleged infringements of its copyrights and trademarks gives Chapterhouse inadequate notice about what it is alleged to have done and how it is improper. The allegations also appear to be inaccurate. For example, Games Workshop claims that Chapterhouse has used Games Workshop's word marks "on" its products, but does not identify which marks supposedly appear on which products. This vague, blanket response is inadequate.

Interrogatory No. 4. Plaintiff has only agreed to produce documents pursuant to Rule 33(d). Defendant is also entitled to an identification of any oral instances, or any other instance not reflected in documents.

Interrogatory No. 5. It is black letter law that a plaintiff bears the burden of affirmatively proving its ownership of each of its claimed copyrights. Games Workshop's claim that it need not answer this question because "there is no issue" is false and without basis. In addition, Plaintiff's claim that this interrogatory is repetitive of Interrogatory No. 1 is false. Interrogatory No. 1 sought identification of Games Workshop's alleged copyrighted works; this interrogatory seeks specific information about their authors. Because under governing law the person who creates a work is presumptively the first owner of any copyright in the work, it is particularly important in this case that Games Workshop identify the author of each work if it is to prove its conclusory allegations that it owns the copyrights. So far, these allegations lack any evidentiary support.

Interrogatory No. 6. Games Workshop's objections to this interrogatory are improper and do not provide a basis for Games Workshop's refusal to answer. For example, neither the length of time since Games Workshop purportedly "adopted" the marks, nor the marks' originality or lack thereof, provides a basis for a proper objection. Games Workshop's claims that there is "no issue" and that Chapterhouse has admitted Games Workshop's ownership of the supposed marks are false. This information is relevant to, among other things, the protectability, scope of protection, and scope of use of Games Workshop's marks.

Interrogatory No. 7. Plaintiff claims that Defendant infringes numerous alleged works, including publications, but identifies only one individual in response to this interrogatory, who based on his title is in charge of miniatures, not publications. Plaintiff must identify the person or persons most knowledgeable for each alleged work.

Interrogatory No. 9. This interrogatory is directly relevant to the scope of Games Workshop's alleged copyrights. It appears that Games Workshop falsely claims copyright in many works, including common heraldic designs and military insignia, that are in the public domain, are the works of third parties, or have been only slightly modified from public domain or third party originals. For such works, Games Workshop cannot claim copyright at all or can claim only very narrow copyright protection. Games Workshop's claim that this interrogatory is needlessly repetitive of Interrogatories 5 and 7 is false.

Interrogatories Nos. 10, 14. These interrogatories seek not merely documents "summarizing" sales, but all of the information requested. Such information is relevant to the extent (if any) of Games Workshop's alleged harm, as well as Games Workshop's failure to mitigate its damages and other issues. In addition, information about the distribution channels used to distribute Games Workshop's works is relevant to the place of first publication of each of the works. Simultaneous publication of a work in the United States and elsewhere means that the work is a United States work for purposes of the Copyright Act; if Games Workshop has not registered such works with the Copyright Office it lacks standing to bring its copyright claims.

Interrogatory No. 13. The extent of Games Workshop's alleged damages is not a contention interrogatory and Games Workshop's unfounded claim that it is "best deferred" is not

a proper basis for an objection. Such information is relevant to the extent (if any) of consumer confusion, Games Workshop's alleged harm, as well as Games Workshop's failure to mitigate its damages and other issues. In addition, Games Workshop's suggestion that it will condition its response on its receipt of discovery from Chapterhouse is improper.

### Inadequacies of Games Workshop's Responses to Document Requests

Games Workshop's refusal to produce the following categories of documents is also improper for the following additional reasons.

Request for Production No. 3. Games Workshop so far has produced *no* evidence of its ownership of *any* relevant copyrights. It is black letter law that ownership of copyrights is a threshold requirement for bringing a copyright claim, and that a plaintiff bears the burden of proving ownership. Games Workshop cannot avoid its burden merely by making the conclusory and counterfactual statement that "there is no issue." In fact, not only is there an "issue" about Games Workshop's "ownership or creation" of the works, but under UK law (which determines ownership of Games Workshop's purported British copyrights), Games Workshop *cannot* be the creator of a work. Also, because Plaintiff says it is "unaware" of any documents constituting chain of title, it appears that Games Workshop is unable to prove ownership by chain of title for *any* of the works. Thus, under governing law, Games Workshop can only meet its burden of showing that it owns the copyrights in question by proving that each creator of each of the works at issue was a Games Workshop employee during the relevant times.

Request for Production No. 4. This request seeks without limitation any assignments, work for hire agreements, registration certificates, or other documents constituting the chain of title for all copyrights Games Workshop claims in this action. Plaintiff claims it is "unaware" of any responsive documents. Please confirm that no such documents exist.

Request for Production No. 10. The response to this request is incomprehensible. It is not clear what "documents responsive to this request demonstrating consumer communications responsive to this request" means, but our best guess is that Games Workshop seeks to provide only documents relating narrowly to "consumer communications" instead of "communications." This (apparent) narrowing is unacceptable. Games Workshop itself has put consumer confusion at the center of this lawsuit, and Chapterhouse is entitled to know what, if any, evidence it has to support those claims. In addition, Games Workshop's unfounded and undefined private estimate of the "needs of the case" is not the proper basis of an objection.

Request for Production No. 11. Among the essential elements of Games Workshop's trademark claims are that each of the marks must have been in use in commerce during the relevant times, in the relevant geographical areas. Information about such use is relevant to that element. Games Workshop's objection that priority of use is irrelevant is not only false, but beside the point. The documents requested are relevant to numerous issues, including without limitation whether Games Workshop has used the marks at all, and whether Games Workshop

has abandoned the marks. Furthermore, the repeated allegation that Chapterhouse has admitted Games Workshop's ownership of the marks is wrong. Chapterhouse has made no such admission.

Request for Production No. 12, 13. Third party use of Games Workshop's marks goes to, among other things, the scope of Games Workshop's trademark rights and the extent of its efforts to police its marks. Games Workshop claims ownership of a host of terms that appear to be in the public domain and/or widely used by third parties, such as "Eldar," "Chaos," "Space Marine," "Legion of the Damned," "Exorcist," and "Star Fox." It is likely that many of Games Workshop's claimed trademarks are not owned by Games Workshop. And, as you know, the use of Games Workshop's marks by third parties to identify Games Workshop's products is a nominative fair use. Documents reflecting third party use of the marks is relevant to each of those issues.

Request for Production No. 16. Games Workshop's distributor agreements are relevant to the intellectual property rights claimed by Games Workshop in this case, and the scope of any such rights. For example, such agreements may contain terms of use of claimed intellectual property, which is probative of what rights Plaintiff in fact claims, and the scope of such rights.

Request for Production Nos. 18-19, 28-29, 30. Games Workshop's vague objections that information relating to its ownership of copyrights and trademarks is "not pertinent" are misplaced for the reasons stated in this first half of this letter. Because under governing law a corporate entity cannot be the creator of a work, Games Workshop can only own the copyrights it claims through third parties, namely the actual creators of the works. Furthermore, Games Workshop appears to claim ownership of at least one fan-created work and mark, namely the Star Fox army. Information about Games Workshop alleging rights in intellectual property is directly relevant to determining the proper scope of its alleged rights. In addition to the Star Fox mark, Chapterhouse believes there are other marks, as well as copyrighted works claimed by Games Workshop, that originated with third parties or in the public domain, and for which Games Workshop either does not own copyrights or trademarks, or can claim only limited rights.

Request for Production No. 20. Games Workshop's policies regarding use of its copyrights and trademarks are relevant to several issues, including license, implied license, and Games Workshop's abandonment or non-ownership of trademarks. The request for production seeks *all* documents reflecting such policies, not the narrow subset of documents the response appears to contemplate.

Request for Production No. 21. To the extent Games Workshop is refusing to produce comprehensive information about its corporate organization, this response is unacceptable. Chapterhouse seeks not a "representative" chart, whatever that means, but comprehensive and accurate information about Games Workshop's corporate organization covering all relevant times. This information is particularly critical given Games Workshop's inability to provide any chain of title showing its ownership of the copyrighted works at issue.

WINSTON & STRAWN L.L.P.

July 29, 2011
Page 6

Request for Production No. 23.  Since a protective order is now in place, any objection on grounds of confidentiality is moot.  The objection on the basis of relevance cannot stand, in light of Games Workshop's claim that Chapterhouse somehow "preempts" Games Workshop's ability to develop and sell works of its own.  What (if any) plans has Games Workshop had, and how (if at all) have they been disrupted?

Request for Production No. 24-27.  Evidence of the harm allegedly suffered by Games Workshop is not a request for "contentions," but a request for information relevant to whether Games Workshop has in fact suffered harm, and the extent of such harm if any.  Regardless of whether or when Games Workshop elects any particular remedy, the amount of Games Workshop's actual damages will be relevant to the amount and availability of that remedy. Games Workshop has no basis for withholding such information now.

Please let me know a convenient time to meet and confer about these issues on Monday or Tuesday of next week.

Sincerely,

Thomas J. Kearney

cc:     Jennifer A. Golinveaux
        J. Caleb Donaldson
        Eric Mersmann

SF:313783.5

# EXHIBIT 18

**From:**        Moskin, Jonathan [JMoskin@foley.com]
**Sent:**        Tuesday, August 16, 2011 10:44 AM
**To:**        Golinveaux, Jennifer A.; Donaldson, J. Caleb; Kearney, Tom J.
**Cc:**        Mersmann, Eric J.; Kaspar, Scott R.; Weinzierl, Aaron J.
**Subject:**        RE: Games Workshop Limited v. Chapterhouse Studios LLC et al, USDC Northern District of Illinois, Case No. 1:10-cv-08103

Indeed, you have refused.  I had simply thought the Court's actions today might have prompted a somewhat more cooperative spirit, but I won't ask again.  Given your own refusal to adhere to agreements reached at one meet and confer (on June 8); your refusal to abide the Court's instructions to engage in a meet and confer on the joint status report on and leading up to June 29, and your continuing refusal to respond to my letters or disclose any issues you wish to raise, we will let you know if we think a telephone call would be useful under the circumstances.

With regrets,

Jonathan

---

**From:** Golinveaux, Jennifer A. [mailto:JGolinveaux@winston.com]
**Sent:** Tuesday, August 16, 2011 1:31 PM
**To:** Moskin, Jonathan; Donaldson, J. Caleb; Kearney, Tom J.
**Cc:** Mersmann, Eric J.; Kaspar, Scott R.; Weinzierl, Aaron J.
**Subject:** RE: Games Workshop Limited v. Chapterhouse Studios LLC et al, USDC Northern District of Illinois, Case No. 1:10-cv-08103

We have.

Best,
Jennifer

**Jennifer Golinveaux**
D: +1 (415) 591-1506
www.winston.com



**From:** Moskin, Jonathan [mailto:JMoskin@foley.com]
**Sent:** Tuesday, August 16, 2011 10:26 AM
**To:** Golinveaux, Jennifer A.; Donaldson, J. Caleb; Kearney, Tom J.
**Cc:** Mersmann, Eric J.; Kaspar, Scott R.; Weinzierl, Aaron J.
**Subject:** RE: Games Workshop Limited v. Chapterhouse Studios LLC et al, USDC Northern District of Illinois, Case No. 1:10-cv-08103

So, in other words, you are still refusing to answer my letters or identify any issues regarding Games Workshop's discovery responses.

Jonathan

---

**From:** Golinveaux, Jennifer A. [mailto:JGolinveaux@winston.com]
**Sent:** Tuesday, August 16, 2011 1:20 PM
**To:** Moskin, Jonathan; Donaldson, J. Caleb; Kearney, Tom J.
**Cc:** Mersmann, Eric J.; Kaspar, Scott R.; Weinzierl, Aaron J.

**Subject:** RE: Games Workshop Limited v. Chapterhouse Studios LLC et al, USDC Northern District of Illinois, Case No. 1:10-cv-08103

Jonathan,

I am available to discuss the outstanding discovery issues with you before the August 18 hearing.  I propose tomorrow at either 11 or 2 PST.  Both sides have explained their positions in writing and we have repeatedly asked for a time to meet and confer in an effort to narrow the issues, which you have refused. If you refuse to schedule a call before Thursday, we will have no choice but to raise the issue with Judge Gilbert.

Alternatively, if you think it will be more fruitful to discuss the outstanding issues in person, perhaps we can schedule a time for Scott and Eric to meet.

I trust we can work together to move things forward.

Sincerely,

Jennifer

**Jennifer Golinveaux**
D: +1 (415) 591-1506
www.winston.com

WINSTON
&STRAWN
LLP

---

**From:** Moskin, Jonathan [mailto:JMoskin@foley.com]
**Sent:** Tuesday, August 16, 2011 10:12 AM
**To:** Donaldson, J. Caleb; Kearney, Tom J.
**Cc:** Golinveaux, Jennifer A.; Mersmann, Eric J.; Kaspar, Scott R.; Weinzierl, Aaron J.
**Subject:** RE: Games Workshop Limited v. Chapterhouse Studios LLC et al, USDC Northern District of Illinois, Case No. 1:10-cv-08103

This messages follows on the hearing today in which the court denied Chapterhouse's motion, which we continue to believe was a needless waste of time and effort that could have been resolved if you had just asked. For many of the reasons set forth in Games Workshop's opposition to the motion, we hope Chapterhouse will at long last begin to honor its discovery obligations and cease running up costs and delaying progress in the case with needless motion practice.  We also hope Chapterhouse will cease its ongoing refusal to communicate.

Towards that end, and in anticipation of the hearing now scheduled for August 18 before Magistrate Judge Gilbert, we would like to know if Chapterhouse will at last respond to my July 28 and August 5 letters.  I have all-but given up hope that you will answer those letters, but if you are courteous enough to do so now and thus narrow the issues, that would be very helpful before the next hearing.  Similarly, it should not be too difficult for you to tell us if there is indeed anything you wish to discuss regarding Games Workshop's discovery responses, which you have adamantly refused to do following my second August 5 letter.   Unless and until your are willing to identify any actual issues, we truly do not believe there is anything to discuss on that score.

Jonathan

---

**From:** Moskin, Jonathan
**Sent:** Thursday, August 11, 2011 9:16 PM
**To:** 'JCDonaldson@winston.com'; 'TKearney@winston.com'

**Cc:** 'jgolinveaux@winston.com'; 'EMersmann@winston.com'; Kaspar, Scott R.; Weinzierl, Aaron J.
**Subject:** Re: Games Workshop Limited v. Chapterhouse Studios LLC et al, USDC Northern District of Illinois, Case No. 1:10-cv-08103

I trust you are aware you have confirmed everything I just said. I trust you are also aware that you leave me little alternative but to report this entire exchange to the Court.

Have a pleasant evening.

Jonathan

---

**From:** Donaldson, J. Caleb [mailto:JCDonaldson@winston.com]
**Sent:** Thursday, August 11, 2011 09:06 PM
**To:** Moskin, Jonathan; Kearney, Tom J. <TKearney@winston.com>
**Cc:** Golinveaux, Jennifer A. <JGolinveaux@winston.com>; Mersmann, Eric J. <EMersmann@winston.com>; Kaspar, Scott R.; Weinzierl, Aaron J.
**Subject:** RE: Games Workshop Limited v. Chapterhouse Studios LLC et al, USDC Northern District of Illinois, Case No. 1:10-cv-08103

Jonathan,

FedEx does not take a week, although we have now missed the deadline for overnight delivery to the East Coast. Let me know if you would like a replacement disc. My litigation support team tells me they used PTPublisher to make this DVD. The DVD contains documents responsive to Plaintiff's discovery requests as my cover letter stated.

Clearly there are issues to discuss.  This endless email chain is not productive, and we do not intend to continue with it.  Let's get on the phone and try to make progress. What time works for you?

Regards,
Caleb

---

**From:** Moskin, Jonathan [mailto:JMoskin@foley.com]
**Sent:** Thursday, August 11, 2011 5:33 PM
**To:** Donaldson, J. Caleb; Kearney, Tom J.
**Cc:** Golinveaux, Jennifer A.; Mersmann, Eric J.; Kaspar, Scott R.; Weinzierl, Aaron J.
**Subject:** Re: Games Workshop Limited v. Chapterhouse Studios LLC et al, USDC Northern District of Illinois, Case No. 1:10-cv-08103

It is astonishing to me that you won't answer my simple questions (1) in what program it was created or (2) what is on the disk itself. Evidently you would rather have us wait a week to receive a new disk with the same problems. Please start by answering these two questions.

Similarly, if there are indeed outstanding discovery issues remaining to discuss from Tom Kearney letter of July 29, as you say, he did not set forth any in his August 5 email and you have set forth none since despite my repeated inquiries. Therefore, as far as I can tell, there is nothing for us to discuss about Games Workshop's discovery responses.

Further, you also refuse to answer my July 28 and August 5 letters. You do not even mention them, but pretend I haven't asked (although you know I have innumerable times). I don't know whom you think you are fooling with this complete refusal to communicate.

The only thing you are actually communicating from this complete lack of cooperation is your own awareness that your client has an awful lot to hide. Once again, I ask if you will show the basic courtesy of answering the questions I have put to you.

Jonathan

---

**From**: Donaldson, J. Caleb [mailto:JCDonaldson@winston.com]
**Sent**: Thursday, August 11, 2011 07:30 PM
**To**: Moskin, Jonathan; Kearney, Tom J. <TKearney@winston.com>
**Cc**: Golinveaux, Jennifer A. <JGolinveaux@winston.com>; Mersmann, Eric J. <EMersmann@winston.com>; Kaspar, Scott R.; Weinzierl, Aaron J.
**Subject**: RE: Games Workshop Limited v. Chapterhouse Studios LLC et al, USDC Northern District of Illinois, Case No. 1:10-cv-08103

Jonathan,

I believe that disc opened fine when it left us. I have opened our file copy and it seems to have no problems. If you would like a new copy I can FedEx you one.

Tom Kearney explained to you by email on August 5 that there are indeed outstanding discovery issues remaining to discuss from his letter of July 29. In fact, we had scheduled a call on Monday, August 8, to discuss those and your issues regarding Chapterhouse's discovery responses, but you were not available at the appointed time.

Caleb

---

**From:** Moskin, Jonathan [mailto:JMoskin@foley.com]
**Sent:** Thursday, August 11, 2011 3:47 PM
**To:** Donaldson, J. Caleb; Kearney, Tom J.
**Cc:** Golinveaux, Jennifer A.; Mersmann, Eric J.; Kaspar, Scott R.; Weinzierl, Aaron J.
**Subject:** RE: Games Workshop Limited v. Chapterhouse Studios LLC et al, USDC Northern District of Illinois, Case No. 1:10-cv-08103

I can assure you, our tech department is well familiar with DVD's.  It does not open other than a few random images of bits and pieces from the Chapterhouse website.  Is there some reason you can't tell me what's on it?  (My sense it is for the same reason you have refused to answer my July 28 and August 5 letters, but I would be delighted for you to prove me wrong.)

I have also read and responded to Mr. Kearney's July 29 letter, addressing all of the questions raised.  Based on the subsequent emails, I am aware of no further issues.  If you want to enlighten, please do so, but I am increasingly tiring of the game you are playing of refusing to communicate.

Jonathan

---

**From:** Donaldson, J. Caleb [mailto:JCDonaldson@winston.com]
**Sent:** Thursday, August 11, 2011 6:14 PM
**To:** Moskin, Jonathan; Kearney, Tom J.
**Cc:** Golinveaux, Jennifer A.; Mersmann, Eric J.; Kaspar, Scott R.; Weinzierl, Aaron J.

**Subject:** RE: Games Workshop Limited v. Chapterhouse Studios LLC et al, USDC Northern District of Illinois, Case No. 1:10-cv-08103

Jonathan,

The DVD we sent you should open in any DVD-ROM drive. It contains standard load files and images for a production. In light of this information, please let us know if you continue to have issues.

With respect to the issues we have with Plaintiff's production, please refer to Tom Kearney's letter of July 29, 2011 and his subsequent email correspondence with you.

Thank you.

Caleb

---

**From:** Moskin, Jonathan [mailto:JMoskin@foley.com]
**Sent:** Thursday, August 11, 2011 12:31 PM
**To:** Kearney, Tom J.
**Cc:** Golinveaux, Jennifer A.; Mersmann, Eric J.; Kaspar, Scott R.; Weinzierl, Aaron J.; Donaldson, J. Caleb
**Subject:** RE: Games Workshop Limited v. Chapterhouse Studios LLC et al, USDC Northern District of Illinois, Case No. 1:10-cv-08103

I must also let you know that we received today the disk you sent but, even working with our tech center, we find it is not in a format that we can open. Please advise in what program it was created.  It may also be that we need to have it resent in a different format.

In the meantime, in the name of simple civility, will you please tell us what is on the disk.

Thank you

Jonathan

---

**From:** Moskin, Jonathan
**Sent:** Thursday, August 11, 2011 3:07 PM
**To:** Kearney, Tom J.
**Cc:** Golinveaux, Jennifer A.; Mersmann, Eric J.; Kaspar, Scott R.; Weinzierl, Aaron J.; Donaldson, J. Caleb
**Subject:** RE: Games Workshop Limited v. Chapterhouse Studios LLC et al, USDC Northern District of Illinois, Case No. 1:10-cv-08103

If you have issue with my letter, please tell me now what they are.  I do not intend to play again with you the game in which you hide the ball so as to sand-bag us with unspecified issues.  Nor is it too much to ask for a response to my letters so that we needn't waste time on matters where nothing is in issue.

Jonathan

---

**From:** Kearney, Tom J. [mailto:TKearney@winston.com]
**Sent:** Thursday, August 11, 2011 2:49 PM

**To:** Moskin, Jonathan
**Cc:** Golinveaux, Jennifer A.; Mersmann, Eric J.; Kaspar, Scott R.; Weinzierl,
Aaron J.; Donaldson, J. Caleb
**Subject:** RE: Games Workshop Limited v. Chapterhouse Studios LLC et al, USDC
Northern District of Illinois, Case No. 1:10-cv-08103

Jonathan,

We are available tomorrow at 10:30 Pacific or Monday at the same
time for a call to discuss the outstanding discovery matters,
including your two letters. We do indeed have outstanding issues
with Games Workshop's discovery responses, as detailed in our
recent correspondence.

Best,

Tom

**Thomas J. Kearney**
D: +1 (415) 591-6894
www.winston.com



---

**From:** Moskin, Jonathan [mailto:JMoskin@foley.com]
**Sent:** Wednesday, August 10, 2011 3:57 PM
**To:** Donaldson, J. Caleb
**Cc:** Golinveaux, Jennifer A.; Kearney, Tom J.; Mersmann, Eric J.; Kaspar,
Scott R.; Weinzierl, Aaron J.
**Subject:** RE: Games Workshop Limited v. Chapterhouse Studios LLC et
al, USDC Northern District of Illinois, Case No. 1:10-cv-08103

Would it be too much to ask you to tell us what is on this disk?
Specifically, we would like to know if you will tell us in response to my
two letters of July 28 and August 5 what documents Chapterhouse is
now producing, rather than continuing to frustrate the progress of
discovery by requiring us simply to await delivery of the disk. If you tell
us now and cease this refusal to communicate, we will be able to
schedule a call tomorrow or Friday.

Although we are astounded that you once again violated local rules by
filing a second motion without any attempt to meet and confer (to the
contrary doing so only after deliberately refusing to answer any of our
questions or give any inkling you had any concerns with Games
Workshop's production) perhaps a willingness to communicate will also
persuade you to withdraw the motion.

Again, we await your response to my two letters regarding the
deficiencies in Chapterhouse's discovery responses, and, in the
meantime, trust you have no further questions regarding Games
Workshop's responses.

Jonathan

**From:** Chea, Carleen K. [mailto:CChea@winston.com]
**Sent:** Tuesday, August 09, 2011 2:01 PM
**To:** Moskin, Jonathan; Kaspar, Scott R.; Weinzierl, Aaron J.
**Cc:** Golinveaux, Jennifer A.; Donaldson, J. Caleb; Kearney, Tom J.;
Mersmann, Eric J.
**Subject:** Games Workshop Limited v. Chapterhouse Studios LLC et al,
USDC Northern District of Illinois, Case No. 1:10-cv-08103

Counsel:

      Please see attached correspondence that went out via U.S.
mail yesterday.  Thank you.

**Carleen K. Chea**
**Legal Secretary**
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802
T: +1 (415) 591-1000
D: +1 (415) 591-1535
F: +1 (415) 591-1400
Email | www.winston.com



The contents of this message may be privileged and confidential. Therefore
been received in error, please delete it without reading it. Your receipt of th
intended to waive any applicable privilege. Please do not disseminate this n
permission of the author.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Any tax advice contained in this email was not intended to be used, and ca
(or any other taxpayer) to avoid penalties under the Internal Revenue Code

The preceding email message may be confidential or protected by
the attorney-client privilege. It is not intended for transmission to,
or receipt by, any unauthorized persons. If you have received this
message in error, please (i) do not read it, (ii) reply to the sender
that you received the message in error, and (iii) erase or destroy the
message. Legal advice contained in the preceding message is
solely for the benefit of the Foley & Lardner LLP client(s)
represented by the Firm in the particular matter that is the subject
of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of
written advice include a disclaimer. To the extent the preceding
message contains advice relating to a Federal tax issue, unless
expressly stated otherwise the advice is not intended or written to
be used, and it cannot be used by the recipient or any other
taxpayer, for the purpose of avoiding Federal tax penalties, and

was not written to support the promotion or marketing of any transaction or matter discussed herein.

The contents of this message may be privileged and confidential. Therefore, if this been received in error, please delete it without reading it. Your receipt of this mess intended to waive any applicable privilege. Please do not disseminate this message permission of the author.
***********************************************************
Any tax advice contained in this email was not intended to be used, and cannot be (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

The contents of this message may be privileged and confidential. Therefore, if this messag been received in error, please delete it without reading it. Your receipt of this message is n intended to waive any applicable privilege. Please do not disseminate this message withou permission of the author.
***********************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as am

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice

include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
*********************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
*********************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue,

unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
*************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
*************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

# EXHIBIT 19

# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| BEIJING | 101 CALIFORNIA STREET | MOSCOW |
| CHARLOTTE | SAN FRANCISCO, CALIFORNIA 94111 | NEW YORK |
| CHICAGO | | NEWARK |
| GENEVA | +1 (415) 591-1000 | PARIS |
| HONG KONG | | SAN FRANCISCO |
| HOUSTON | FACSIMILE +1 (415) 591-1400 | SHANGHAI |
| LONDON | www.winston.com | WASHINGTON, D.C. |
| LOS ANGELES | | |

November 17, 2011

**VIA E-MAIL**

**J. CALEB DONALDSON**
+1 (415) 591-1574
jcdonaldson@winston.com

Scott Kaspar
Jonathan E. Moskin
Foley & Lardner LLP
90 Park Avenue
New York, NY 10016

> Re: **Games Workshop v. Chapterhouse Studios:**
> **Summary of Outstanding Issues Concerning Plaintiff's Responses to**
> **Discovery**

Dear Counsel:

With discovery moving forward again in earnest we would like to make every effort to move past the earlier issues the parties had in communicating about discovery issues.

As you know, Chapterhouse has a number of concerns with Games Workshop's discovery responses. When we have raised those issues in the past, Jonathan has expressed concern that he did not fully understand the issues we were raising and was, therefore, reluctant to meet and confer either on the phone or in person about those issues because he felt it would be premature.

In an effort to move things forward constructively, we take this opportunity to summarize the outstanding issues with Plaintiff's discovery responses. The discovery sought addresses core issues in this litigation, and we are hopeful that the parties can work together to resolve, or at least significantly narrow any issues that need be brought to the Court.

In light of the schedule proposed jointly by the parties, we need to resolve these issues promptly. Once you have had a chance to review this letter, please propose a time to meet and confer in an effort to work through these issues. We can be available for an in-person meeting at our offices in Chicago or a telephone conference at your convenience on Monday or Tuesday of next week (keeping in mind the time difference if you prefer to do the meeting by phone). In light of our past difficulty scheduling such a meeting, we ask that you confirm a time by close of business on Friday, November 18.

Here is a summary of outstanding issues we need to discuss:

## I. Issues Remaining from Kearney Letter of July 29, 2011

I enclose a copy of Tom Kearney's letter of July 29, 2011, which summarizes the bulk of outstanding issues. As we've explained in written responses to Jonathan's August 5 letter we disagree with your position that defendant has conceded the validity and ownership of the trademarks and copyrights at issue, and that therefore the bulk of this discovery is irrelevant. Chapterhouse has made no such admission, and validity and ownership are part of Plaintiff's *prima facie* case of infringement. All of the issues in the July 29 letter are still outstanding and need to be resolved, with the possible exception of two items that Jonathan's August 5 response may have clarified:

1.  We understand from your August 5, 2011 response that Games Workshop believes it has completed its production of <u>all</u> documents responsive to Document Request 10 despite its qualified response. Please confirm in writing. If that is the case, Chapterhouse has no further issue with Games Workshop's response to that request. Plaintiff must also supplement its response to Interrogatory 4 to state that it is unaware of any other instances.

2.  We likewise understand that Games Workshop has identified Jeremy Goodwin as the person at Games Workshop most knowledgeable concerning the facts and circumstances relating to the creation, sources of information, or development for each separate work that Games Workshop claims Chapterhouse has infringed. Please confirm. It is surprising that one employee would be the appropriate designee for the broad spectrum of different works at issue in this case. Nonetheless, if that is your position, and reserving its rights to test and challenge the validity of that response, Chapterhouse has no further issue with the completeness of Games Workshop's response to Interrogatory 7 at this time.

In addition, Jonathan's August 5 response indicates that Games Workshop will produce a "sales summary" in partial response to Interrogatory 10. Please let us know when we can expect that sales summary.

## II. Document Requests in Response to Which Games Workshop Claims it Is Not Aware of Any Responsive Documents (Requests 4, 9, 14, 15, 17, 18, 19, 28, 29, 43, and 44)

In response to Request 37, Games Workshop indicates it is "not aware of any further documents in its possession," but agrees to produce any responsive documents that exist. Yet for many other document requests, Games Workshop asserts objections and then adds that it is not aware of any responsive documents without agreeing to produce any that do exist. To avoid needless motion practice on document requests about categories for which there are no documents, please confirm whether Games Workshop will supplement its responses to Requests

4, 9, 14, 15, 17, 18, 19, 28, 29, 43, and 44 to indicate that it will produce any responsive documents as it did in response to Request 37.

### III. Documents Relating to Games Workshop's Inspection of Documents and Things (Request 34)

Request 34 seeks "all audio, video, and photographic recordings" made during the August 1, 2011 inspection of documents and things, as well as written transcripts, descriptions, or summaries of such recordings or of the inspection in general. Games Workshop objects that these materials are in Chapterhouse's possession, and also that Games Workshop is not required to "assemble and produce documents for the other [party]." As you know, Chapterhouse does not have copies of the audio and video recordings and images Games Workshop's agent made at the inspection, and we do not understand the objection to the contrary. Second, the objection that "it is not one party's burden to assemble and produce documents for the other" is puzzling, for that is precisely what the Federal Rules of Civil Procedure require. Each party must assemble and produce relevant, responsive documents for the other party. Records of the inspection are plainly relevant to the case, and in any case Games Workshop did not object on relevance grounds. Chapterhouse is entitled to copies of these documents.

### IV. Documents Concerning Direction Given to Games Workshop's Creatives (Request 36)

Request 36 seeks "All documents concerning instructions, manuals, procedures, how-to guides, FAQs, style sheets, specifications or other guidelines or advice given to any artist, designer, writer, model painter, sculptor, or other author or creator for use in creating works relating to Warhammer 40,000." Games Workshop objects on relevance and burden grounds. Simply put, one of the central issues in this case is what portions of Games Workshop's works are protectable by United States copyright law as original, creative expression. For each and every work or element that Games Workshop alleges Chapterhouse infringed, these documents are relevant to show whether or not the work or element is based on public-domain works or the works of third parties.

### V. Correspondence with Chapterhouse's designers, manufacturers, contractors, employees, officers or Directors (Request 38)

Request 38 seeks Games Workshop's correspondence with any Chapterhouse designer, manufacturer, contractor, employee, officer, or director. Games Workshop objects only that it cannot search for such documents because the names of the individuals have been designated Highly Confidential under the Protective Order (Docket Entry 71). Games Workshop's counsel, however, has access to those names, and can therefore manage the collection and search of relevant communications.

WINSTON & STRAWN LLP

November 17, 2011
Page 4

Additionally, Games Workshop's response posits that "Chapterhouse is not seeking additional copies of correspondence with Chapterhouse itself." That is incorrect. Games Workshop's copies of any correspondence with Chapterhouse are directly relevant to this request, and to the case. Such documents may show who at Games Workshop was communicating with Chapterhouse, who was bcc'd on such communications, and to whom they may have been forwarded, among other things. Thus, Games Workshop's copies of correspondence with Chapterhouse are not only relevant, admissible evidence, but likely to lead to the discovery of other relevant, admissible evidence, and must be produced.

## VI.    Documents Concerning Paulson (Request 42)

Request 42 seeks "documents concerning Paulson or any works or products created, marketed, or sold by Paulson." Games Workshop agreed to produce documents concerning Paulson prior to this litigation. Documents concerning Paulson after the commencement of this litigation are equally relevant and responsive and must be produced.

## VII.   Information Relating to Games Workshops Allegedly Infringed Works (Interrogatories 16 and 17)

These Interrogatories seek relevant information that is also required as part of Games Workshop's *prima facie* case of ownership of valid copyrights of which it alleges infringement.

Interrogatory 16:

> Separately for each of YOUR WORKS that YOU claim Chapterhouse infringes, identify where the work was first published by providing: (a) the date on which YOUR WORK was first offered to distributors, retailers, or resellers; (b) the date on which YOUR WORK was first sold or offered for sale to the public; (b) the advertising medium and publication, if any, through which YOUR WORK was first sold or offered for sale to the public; and (d) the geographical location or locations at which YOUR WORK was first sold or offered for sale to the public.

Interrogatory 17:

> Identify each copyright that YOU claim Chapterhouse infringes by providing the following information for each work: (a) the title of the work; (b) whether the work is literary, pictorial, graphic, sculptural, a character, or other (and if "other" what type of work); (c) the natural person(s) who created the work; (d) the date of creation of the work; (e) the current owners; (f) any current exclusive licensee; (g) any copyright registrations or application numbers; (h) in the case of multi-page works, the specific page and textual passage or passages, if any, of the work that are alleged to be infringed; and (i) if the work is a character, the specific textual passages, pictorial illustrations, and sculptural works that define the character.

WINSTON & STRAWN LLP

Games Workshop objects to each of these interrogatories that they are duplicative of earlier interrogatories. In fact, these interrogatories are necessary precisely because Chapterhouse has not received crucial information in response to its other discovery requests. Games Workshop has not provided information about first publication for the works it has identified. Nor has it produced, for example, any information about authorship and dates of creation of the works it alleges Chapterhouse infringes. This basic information is directly relevant to Games Workshop's claims of copyright infringement and should be produced.

We look forward to talking with you and working through these issues.

Sincerely,

J. Caleb Donaldson

# EXHIBIT 20

| | |
|---|---|
| **From:** | Moskin, Jonathan [JMoskin@foley.com] |
| **Sent:** | Monday, November 28, 2011 2:44 PM |
| **To:** | Kearney, Tom J.; Kaspar, Scott R.; Golinveaux, Jennifer A. |
| **Cc:** | Donaldson, J. Caleb; Mersmann, Eric J. |
| **Subject:** | RE: RE: RE: RE: |

Why are you going through this charade of pretending to have a call and
pretending to have cooperated in this process?  Although we would love
for you to change your tune, you have agreed to nothing.  To the
contrary, you have conceded you haven't responded to our four deficiency
letters (of July 28, August 5, September 9 and November 23) and have
refused to answer our questions what, if any, issues remain after my own
letters to you on August 5 and November 23.

Please confirm you will be available for a call tomorrow and that you
will answer our questions before the call.

Jonathan

-----Original Message-----
From: Kearney, Tom J. [mailto:TKearney@winston.com]
Sent: Monday, November 28, 2011 5:34 PM
To: Kaspar, Scott R.; Golinveaux, Jennifer A.
Cc: Donaldson, J. Caleb; Mersmann, Eric J.; Moskin, Jonathan
Subject: RE: RE: RE: RE:

We are available to discuss all the issues, as we had previously agreed.

Thomas J.  Kearney
D: +1 (415) 591-6894
http://www.winston.com


-----Original Message-----
From: Kaspar, Scott R. [mailto:SKaspar@foley.com]
Sent: Monday, November 28, 2011 2:29 PM
To: Golinveaux, Jennifer A.
Cc: Kearney, Tom J.; Donaldson, J. Caleb; Mersmann, Eric J.; Moskin,
Jonathan
Subject: RE: RE: RE: RE:

Counsel,

Please confirm that you are available to discuss all of these issues
tomorrow at 12 noon CST?  We think a partial call today only about some
issues does not make sense.

Regards,
Scott

-----Original Message-----
From: Golinveaux, Jennifer A. [mailto:JGolinveaux@winston.com]
Sent: Monday, November 28, 2011 4:09 PM
To: Moskin, Jonathan
Cc: Kaspar, Scott R.; Kearney, Tom J.; Donaldson, J. Caleb; Mersmann,
Eric J.
Subject: Re: RE: RE: RE:

I have. Repeatedly. Caleb's letter of week before last, for example. All
if those issues remain. If you prefer to only discuss those issues
today, that is fine. It is your choice.

On Nov 28, 2011, at 2:03 PM, "Moskin, Jonathan" <JMoskin@foley.com>
wrote:

> Where have you identified the issues?  Point to a letter?  Point to
> something?
>
> -----Original Message-----
> From: Golinveaux, Jennifer A. [mailto:JGolinveaux@winston.com]
> Sent: Monday, November 28, 2011 5:00 PM
> To: Moskin, Jonathan
> Cc: Kaspar, Scott R.; Kearney, Tom J.; Donaldson, J. Caleb; Mersmann,
> Eric J.
> Subject: Re: RE: RE:
>
> Jonathan,
>
> This is the last time I will repeat myself. We have identified the
> outstanding issues and will look forward to speaking with you shortly
in
> an effort to resolve our differences.
>
> Jennifer
>
> On Nov 28, 2011, at 1:39 PM, "Moskin, Jonathan"
> <JMoskin@foley.com<mailto:JMoskin@foley.com>> wrote:
>
> In other words, you are still simply refusing to tell us what issues
> Chapterhouse has.  No matter how many times we have advised you how
> counterproductive that is, you refuse to communicate.
>
> Yet again, we would like to know what is in issue and don't see why
you
> can't tell us before we talk.  Nor do we understand why you feel no
> obligation to answer our deficiency letters.  If you put your
positions
> in writing, as we have done, it saves everyone a lot of time and
> prevents misunderstandings what was said or agreed.
>

> If you genuinely wanted to limit the issues, you would simply tell us
> what are the issues.  It simply is not useful or productive or fair
for
> us to have addressed all of your questions in advance yet for you to
> answer none.
>
> Jonathan
>
> _____
> From: Golinveaux, Jennifer A. [mailto:JGolinveaux@winston.com]
> Sent: Monday, November 28, 2011 4:05 PM
> To: Moskin, Jonathan; Kaspar, Scott R.
> Cc: Kearney, Tom J.; Donaldson, J. Caleb; Mersmann, Eric J.
> Subject: RE: RE:
>
> As I said, I believe we have and can make any required clarifications
> during the call this afternoon.
>
> Jennifer Golinveaux
>
> D: +1 (415) 591-1506
>
> www.winston.com<http://www.winston.com>
>
> <image001.jpg>
> From: Moskin, Jonathan [mailto:JMoskin@foley.com]
> Sent: Monday, November 28, 2011 1:02 PM
> To: Golinveaux, Jennifer A.; Kaspar, Scott R.
> Cc: Kearney, Tom J.; Donaldson, J. Caleb; Mersmann, Eric J.
> Subject: RE: RE:
>
> You are completely missing the point that this exchange began
precisely
> because the last message from Tom Kearney on Wednesday revealed, to
our
> surprise, that your November 17 letter simply disregarded our August 5
> letter answering all of your prior questions.  Once again, we would
like
> to know what is in issue and don't see why you can't tell us before
the
> call.  Nor do we understand why you feel no obligation to answer our
> deficiency letters.
>
> You previously "sandbagged" us by refusing to participate in preparing
a
> joint status report in late June, and then, without any meet and
confer,
> made a motion to compel that disregarded prior agreements made in
early
> June.  This seems to be part and parcel of Chapterhouse's strategy.
>
> Jonathan

> 
> _____
> From: Golinveaux, Jennifer A. [mailto:JGolinveaux@winston.com]
> Sent: Monday, November 28, 2011 3:51 PM
> To: Moskin, Jonathan; Kaspar, Scott R.
> Cc: Kearney, Tom J.; Donaldson, J. Caleb; Mersmann, Eric J.
> Subject: RE: RE:
> Jonathan,
> 
> Tell you what? We have already summarized the issues again for you in
> writing in Caleb's recent letter and will be fully prepared to discuss
> them with you shortly. The fact that you keep responding and saying
that
> you don't think they are issues does not resolve the matter. Perhaps a
> live conversation will help. Let's make every effort to resolve these
> issues today to the extent possible.
> 
> Jennifer
> 
> Jennifer Golinveaux
> 
> D: +1 (415) 591-1506
> 
> www.winston.com<http://www.winston.com>
> 
> <image001.jpg>
> From: Moskin, Jonathan [mailto:JMoskin@foley.com]
> Sent: Monday, November 28, 2011 12:42 PM
> To: Golinveaux, Jennifer A.; Kaspar, Scott R.
> Cc: Kearney, Tom J.; Donaldson, J. Caleb; Mersmann, Eric J.
> Subject: RE: RE:
> 
> Why can't you tell us now, before we talk?  I really have no idea what
> is the purpose of this call when you insist on making what appears to
us
> to be a game of refusing to tell us what you contend is in issue.  I
> find it incredibly rude that you can't reciprocate the simple
courtesies
> we have extended to you.
> 
> Jonathan
> 
> _____
> From: Golinveaux, Jennifer A. [mailto:JGolinveaux@winston.com]
> Sent: Monday, November 28, 2011 3:39 PM
> To: Moskin, Jonathan; Kaspar, Scott R.
> Cc: Kearney, Tom J.; Donaldson, J. Caleb; Mersmann, Eric J.
> Subject: RE: RE:
> If you have any questions regarding the remaining issues summarized in
> our letter of the week before last (not the end of last week) we will
> make every effort to clarify them for you during the call this
> afternoon, and we are hopeful that we can make progress towards

> resolving at least some of them. As you know, you and I have also spent
> hours discussing many of these issues with Judge Gilbert.
>
> Jennifer
>
> Jennifer Golinveaux
>
> D: +1 (415) 591-1506
>
> www.winston.com<http://www.winston.com>
>
> <image001.jpg>
> From: Moskin, Jonathan [mailto:JMoskin@foley.com]
> Sent: Monday, November 28, 2011 12:34 PM
> To: Golinveaux, Jennifer A.; Kaspar, Scott R.
> Cc: Kearney, Tom J.; Donaldson, J. Caleb; Mersmann, Eric J.
> Subject: RE: RE:
>
> I don't know how you can say that Chapterhouse has responded to our
> correspondence.  We have written you three detailed deficiency letters
> to which you have not responded.  Moreover, we have responded in detail
> to the two letters you wrote ...only to learn at the end of last week
> that although we thought we had resolved all questions raised in your
> July 29 letter (since you never responded to our August 5 response), we
> now learn that ere are undisclosed issues remaining.  It would be very
> useful now to know what issues you think remain.
>
> And you were not present at the settlement/discovery conference, so I
> don't know to what comments of Judge Gilbert you are referring.
>
> Jonathan
>
> _____
>
> From: Golinveaux, Jennifer A. [mailto:JGolinveaux@winston.com]
> Sent: Monday, November 28, 2011 1:04 PM
> To: Kaspar, Scott R.
> Cc: Kearney, Tom J.; Donaldson, J. Caleb; Mersmann, Eric J.; Moskin, Jonathan
> Subject: RE: RE:
> Tom will circulate a call-in for today's call.
>
> We of course have not ignored your correspondence but rather have spent
> months discussing the outstanding discovery issues with you and your
> colleague, both in the context of lengthy discussions with Judge Gilbert
> in which he repeatedly told you why he considers Defendant's discovery
> relevant, and dismissed Jonathan's arguments to the contrary, and in
> email and letter correspondence. If you think there are outstanding

> issues that need to be discussed, that is the purpose of today's call.
>
> In light of this history, your email below is surprising indeed since
> you were part of the discussions with Judge Gilbert and have been copied
> on the relevant correspondence.
>
> Jennifer
>
> Jennifer Golinveaux
>
> D: +1 (415) 591-1506
>
> www.winston.com<http://www.winston.com>
>
> <image001.jpg>
> From: Kaspar, Scott R. [mailto:SKaspar@foley.com]
> Sent: Monday, November 28, 2011 9:57 AM
> To: Golinveaux, Jennifer A.
> Cc: Kearney, Tom J.; Donaldson, J. Caleb; Mersmann, Eric J.; Moskin,
> Jonathan
> Subject: Re: RE:
>
> As far as I am aware, 5:30 pm EST today<x-apple-data-detectors://0> is
> acceptable. However, we are very disappointed that you have simply
> ignored all of our correspondence, making it very difficult for us to
> know what is the purpose of the call.
>
>
> On Nov 28, 2011, at 11:43 AM, "Golinveaux, Jennifer A."
> <JGolinveaux@winston.com<mailto:JGolinveaux@winston.com>> wrote:
> Hi Scott,
>
> I have a conflict at 4pm EST and had shuffled my schedule to make our
> call at 11AM PST today since we did not hear back from you or Jonathan
> about any issue with that time. Caleb and Tom can do the call at 5:30 pm
> EST today. Please confirm ASAP what time you prefer.
>
> Regards,
> Jennifer
>
> Jennifer Golinveaux
>
> D: +1 (415) 591-1506
>
> www.winston.com<http://www.winston.com>
>
> <image001.jpg>
> From: Kaspar, Scott R. [mailto:SKaspar@foley.com]
> Sent: Monday, November 28, 2011 9:38 AM
> To: Kearney, Tom J.

> Cc: Golinveaux, Jennifer A.; Donaldson, J. Caleb; Mersmann, Eric J.;
> Moskin, Jonathan
> Subject: RE:
>
>
[http://mm1.lettermark.net/foleylaw/card/EYGF_3.gif]<http://mm1.letterma
> rk.net/foleylaw/card/EYGF_3.map>
>
> Tom,
>
> 11 am PST does not work for us, but we propose today at 4 pm EST (1 pm
> PST).  Please confirm your availability.
>
> Thanks,
> Scott
>
> _____
> From: Kearney, Tom J. [mailto:TKearney@winston.com]
> Sent: Wednesday, November 23, 2011 3:42 PM
> To: Moskin, Jonathan; Kaspar, Scott R.
> Cc: Golinveaux, Jennifer A.; Donaldson, J. Caleb; Mersmann, Eric J.
> Subject:
> Jonathan -
>
> Thank you for your email and letters. It appears you misunderstood our
> November 17 letter. To clarify, ALL of the issues from our July 29,
2011
> letter remain outstanding. Attached is a copy of that letter for your
> reference. We also continue to have issues with each of Games
Workshop's
> discovery responses identified in our November 17 letter.
>
> Let's plan to discuss the outstanding issues on Monday, November 28,
at
> 11 a.m. PST. If you would prefer another time on Monday, or on Tuesday
> before noon PST, let me know when.
>
> Best,
>
> Tom
>
> Thomas J. Kearney
>
> D: +1 (415) 591-6894
>
> www.winston.com<http://www.winston.com>
>
> <image001.jpg>
>
> The contents of this message may be privileged and confidential.
> Therefore, if this message has been received in error, please delete
it

> without reading it. Your receipt of this message is not intended to
> waive any applicable privilege. Please do not disseminate this message
> without the permission of the author.
>
> ************************************************************************
> ****** Any tax advice contained in this email was not intended to be
> used, and cannot be used, by you (or any other taxpayer) to avoid
> penalties under the Internal Revenue Code of 1986, as amended.
>
[http://mm1.lettermark.net/help/images/lminfo1.gif]<http://www.lettermar
> k.net/emailhelp.asp?id=Foley%20&%20Lardner%20LLP>
>
>
> The preceding email message may be confidential or protected by the
> attorney-client privilege. It is not intended for transmission to, or
> receipt by, any unauthorized persons. If you have received this
message
> in error, please (i) do not read it, (ii) reply to the sender that you
> received the message in error, and (iii) erase or destroy the message.
> Legal advice contained in the preceding message is solely for the
> benefit of the Foley & Lardner LLP client(s) represented by the Firm
in
> the particular matter that is the subject of this message, and may not
> be relied upon by any other party.
>
> Internal Revenue Service regulations require that certain types of
> written advice include a disclaimer. To the extent the preceding
message
> contains advice relating to a Federal tax issue, unless expressly
stated
> otherwise the advice is not intended or written to be used, and it
> cannot be used by the recipient or any other taxpayer, for the purpose
> of avoiding Federal tax penalties, and was not written to support the
> promotion or marketing of any transaction or matter discussed herein.
>
> The contents of this message may be privileged and confidential.
> Therefore, if this message has been received in error, please delete
it
> without reading it. Your receipt of this message is not intended to
> waive any applicable privilege. Please do not disseminate this message
> without the permission of the author.
>
> ************************************************************************
> ****** Any tax advice contained in this email was not intended to be
> used, and cannot be used, by you (or any other taxpayer) to avoid
> penalties under the Internal Revenue Code of 1986, as amended.
>
>
> The preceding email message may be confidential or protected by the
> attorney-client privilege. It is not intended for transmission to, or
> receipt by, any unauthorized persons. If you have received this
message

> in error, please (i) do not read it, (ii) reply to the sender that you
> received the message in error, and (iii) erase or destroy the message.
> Legal advice contained in the preceding message is solely for the
> benefit of the Foley & Lardner LLP client(s) represented by the Firm
in
> the particular matter that is the subject of this message, and may not
> be relied upon by any other party.
>
> Internal Revenue Service regulations require that certain types of
> written advice include a disclaimer. To the extent the preceding
message
> contains advice relating to a Federal tax issue, unless expressly
stated
> otherwise the advice is not intended or written to be used, and it
> cannot be used by the recipient or any other taxpayer, for the purpose
> of avoiding Federal tax penalties, and was not written to support the
> promotion or marketing of any transaction or matter discussed herein.
>
> The contents of this message may be privileged and confidential.
> Therefore, if this message has been received in error, please delete
it
> without reading it. Your receipt of this message is not intended to
> waive any applicable privilege. Please do not disseminate this message
> without the permission of the author.
>
> *************************************************************************
> ****** Any tax advice contained in this email was not intended to be
> used, and cannot be used, by you (or any other taxpayer) to avoid
> penalties under the Internal Revenue Code of 1986, as amended.
>
>
> The preceding email message may be confidential or protected by the
> attorney-client privilege. It is not intended for transmission to, or
> receipt by, any unauthorized persons. If you have received this
message
> in error, please (i) do not read it, (ii) reply to the sender that you
> received the message in error, and (iii) erase or destroy the message.
> Legal advice contained in the preceding message is solely for the
> benefit of the Foley & Lardner LLP client(s) represented by the Firm
in
> the particular matter that is the subject of this message, and may not
> be relied upon by any other party.
>
> Internal Revenue Service regulations require that certain types of
> written advice include a disclaimer. To the extent the preceding
message
> contains advice relating to a Federal tax issue, unless expressly
stated
> otherwise the advice is not intended or written to be used, and it
> cannot be used by the recipient or any other taxpayer, for the purpose
> of avoiding Federal tax penalties, and was not written to support the
> promotion or marketing of any transaction or matter discussed herein.

>
> The contents of this message may be privileged and confidential.
> Therefore, if this message has been received in error, please delete
it
> without reading it. Your receipt of this message is not intended to
> waive any applicable privilege. Please do not disseminate this message
> without the permission of the author.
>
> **********************************************************************
> ****** Any tax advice contained in this email was not intended to be
> used, and cannot be used, by you (or any other taxpayer) to avoid
> penalties under the Internal Revenue Code of 1986, as amended.
>
>
> The preceding email message may be confidential or protected by the
> attorney-client privilege. It is not intended for transmission to, or
> receipt by, any unauthorized persons. If you have received this
message
> in error, please (i) do not read it, (ii) reply to the sender that you
> received the message in error, and (iii) erase or destroy the message.
> Legal advice contained in the preceding message is solely for the
> benefit of the Foley & Lardner LLP client(s) represented by the Firm
in
> the particular matter that is the subject of this message, and may not
> be relied upon by any other party.
>
> Internal Revenue Service regulations require that certain types of
> written advice include a disclaimer. To the extent the preceding
message
> contains advice relating to a Federal tax issue, unless expressly
stated
> otherwise the advice is not intended or written to be used, and it
> cannot be used by the recipient or any other taxpayer, for the purpose
> of avoiding Federal tax penalties, and was not written to support the
> promotion or marketing of any transaction or matter discussed herein.
>
> The contents of this message may be privileged and confidential.
> Therefore, if this message has been received in error, please delete
it
> without reading it. Your receipt of this message is not intended to
> waive any applicable privilege. Please do not disseminate this message
> without the permission of the author.
>
> **********************************************************************
> ****** Any tax advice contained in this email was not intended to be
> used, and cannot be used, by you (or any other taxpayer) to avoid
> penalties under the Internal Revenue Code of 1986, as amended.
>
>
> The preceding email message may be confidential or protected by the
> attorney-client privilege. It is not intended for transmission to, or
> receipt by, any unauthorized persons. If you have received this

message
> in error, please (i) do not read it, (ii) reply to the sender that you
> received the message in error, and (iii) erase or destroy the message.
> Legal advice contained in the preceding message is solely for the
> benefit of the Foley & Lardner LLP client(s) represented by the Firm
in
> the particular matter that is the subject of this message, and may not
> be relied upon by any other party.
>
> Internal Revenue Service regulations require that certain types of
> written advice include a disclaimer. To the extent the preceding
message
> contains advice relating to a Federal tax issue, unless expressly
stated
> otherwise the advice is not intended or written to be used, and it
> cannot be used by the recipient or any other taxpayer, for the purpose
> of avoiding Federal tax penalties, and was not written to support the
> promotion or marketing of any transaction or matter discussed herein.
>
> The contents of this message may be privileged and confidential.
> Therefore, if this message has been received in error, please delete
it
> without reading it. Your receipt of this message is not intended to
> waive any applicable privilege. Please do not disseminate this message
> without the permission of the author.
>
> ************************************************************************
> ****** Any tax advice contained in this email was not intended to be
> used, and cannot be used, by you (or any other taxpayer) to avoid
> penalties under the Internal Revenue Code of 1986, as amended.
>
>
> The preceding email message may be confidential or protected by the
> attorney-client privilege. It is not intended for transmission to, or
> receipt by, any unauthorized persons. If you have received this
message
> in error, please (i) do not read it, (ii) reply to the sender that you
> received the message in error, and (iii) erase or destroy the message.
> Legal advice contained in the preceding message is solely for the
> benefit of the Foley & Lardner LLP client(s) represented by the Firm
in
> the particular matter that is the subject of this message, and may not
> be relied upon by any other party.
>
> Internal Revenue Service regulations require that certain types of
> written advice include a disclaimer. To the extent the preceding
message
> contains advice relating to a Federal tax issue, unless expressly
stated
> otherwise the advice is not intended or written to be used, and it
> cannot be used by the recipient or any other taxpayer, for the purpose
> of avoiding Federal tax penalties, and was not written to support the

> promotion or marketing of any transaction or matter discussed herein.
> The contents of this message may be privileged and confidential.
> Therefore, if this message has been received in error, please delete
it
> without reading it. Your receipt of this message is not intended to
> waive any applicable privilege. Please do not disseminate this message
> without the permission of the author.
>
> **********************************************************************
> ****** Any tax advice contained in this email was not intended to be
> used, and cannot be used, by you (or any other taxpayer) to avoid
> penalties under the Internal Revenue Code of 1986, as amended.
>
> The preceding email message may be confidential or protected by the
attorney-client privilege. It is not intended for transmission to, or
receipt by, any unauthorized persons.  If you have received this message
in error, please (i) do not read it, (ii) reply to the sender that you
received the message in error, and (iii) erase or destroy the message.
Legal advice contained in the preceding message is solely for the
benefit of the Foley & Lardner LLP client(s) represented by the Firm in
the particular matter that is the subject of this message, and may not
be relied upon by any other party.
>
> Internal Revenue Service regulations require that certain types of
written advice include a disclaimer. To the extent the preceding message
contains advice relating to a Federal tax issue, unless expressly stated
otherwise the advice is not intended or written to be used, and it
cannot be used by the recipient or any other taxpayer, for the purpose
of avoiding Federal tax penalties, and was not written to support the
promotion or marketing of any transaction or matter discussed herein.
>
The contents of this message may be privileged and confidential.
Therefore, if this message has been received in error, please delete it
without reading it. Your receipt of this message is not intended to
waive any applicable privilege. Please do not disseminate this message
without the permission of the author.
**********************************************************************
****** Any tax advice contained in this email was not intended to be
used, and cannot be used, by you (or any other taxpayer) to avoid
penalties under the Internal Revenue Code of 1986, as amended.

The preceding email message may be confidential or protected by the
attorney-client privilege. It is not intended for transmission to, or
receipt by, any unauthorized persons.  If you have received this message
in error, please (i) do not read it, (ii) reply to the sender that you
received the message in error, and (iii) erase or destroy the message.
Legal advice contained in the preceding message is solely for the
benefit of the Foley & Lardner LLP client(s) represented by the Firm in
the particular matter that is the subject of this message, and may not
be relied upon by any other party.

Internal Revenue Service regulations require that certain types of

written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
***************************************************************************
****** Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons.  If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message.  Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

# EXHIBIT 21

| | |
|---|---|
| **From:** | Golinveaux, Jennifer A. |
| **Sent:** | Tuesday, November 29, 2011 9:14 AM |
| **To:** | 'Moskin, Jonathan'; Kearney, Tom J.; Kaspar, Scott R. |
| **Cc:** | Donaldson, J. Caleb; Mersmann, Eric J. |
| **Subject:** | RE: Games Workshop v Chapterhouse |

Jonathan:

Your most recent excuse for refusing to meet and confer about outstanding discovery issues is your repeated claim that Defendant provided no response to your July 28 and August 5 correspondence about discovery. Despite the fact that there is no requirement that Defendant engage with you in extended back and forth written correspondence in order for you to participate in the required meet and confer (a point Judge Gilbert made clear to you), I refer you to Caleb's September 1, 2011 email, which contains a detailed responses to your earlier correspondence about Plaintiff's discovery requests. In an effort to move things forward, on November 17 Caleb also sent you a detailed letter summarizing the issues with Plaintiff's discovery responses, all of which remain outstanding in light of the fact that your written response did not resolve any of the issues.

You have now refused to meet and confer with us on discovery issues until the last day before the time to file a motion to compel, in an apparent misguided effort to forestall providing any meaningful discovery in this case. The Court fully expects the parties to be able to resolve routine discovery matters. We have made every effort to do so. In one last effort to conduct a meaningful meet and confer telephone conference, our side will be available at 10AM PST this morning, the time suggested by your associate, and prepared to discuss all outstanding issues. Please use the dial in number Tom circulated yesterday.

Regards,
Jennifer

-----Original Message-----
From: Moskin, Jonathan [mailto:JMoskin@foley.com]
Sent: Tuesday, November 29, 2011 6:15 AM
To: Kearney, Tom J.; Kaspar, Scott R.; Golinveaux, Jennifer A.
Cc: Donaldson, J. Caleb; Mersmann, Eric J.
Subject: Games Workshop v Chapterhouse

On further reflection following the unproductive exchange of messages
yesterday trying to limit the discovery issues, what most frustrates me
is that even though you refuse to respond in writing to the deficiency
letters we have sent or confirm in writing what issues, if any, you
think remain regarding Games Workshop's discovery responses following
our letters to you responding to all known objections is that you will
need to put those positions in writing in the next several days. We
fail to understand, therefore, why you won't put them in writing now so
that we have certainty what is in issue and can point the court to a
clear record.

I hate to be so blunt, but quite frankly Chapterhouse's defense of this
case has eroded our trust that defendant will abide by what you say. I

initiated a meet and confer in early June, yet despite apparent
agreement resolving then-outstanding issues, Chapterhouse proceeded to
file two later discovery motions in disregard of the agreements reached
in June (and did so without any prior meet and confer).  In September
and October, leading up to the settlement and discovery conference, you
twice promised in telephone conferences with Magistrate Judge Gilbert to
produce the independent creation documents we have been demanding since
the outset of discovery, yet in the end Chapterhouse produced only four
or five email strings and conceded at the conference itself that no
attempt had even been made to produce documents such as sketches,
mock-ups and so-forth that might show actual independent creation.
Similarly, when we tried to negotiate a joint status conference with you
in late June, you refused to participate and then "sandbagged" us by
saying that because Chapterhouse intended to move for summary judgment
it didn't need to cooperate.  That in turn led to a series of emails
after our telephone calls with each side disputing what the other said.
We do not wish for a repeat of that event, so, rather than a series of
such emails now, why won't you just put in writing your positions on
discovery issues.  It might save us all a lot of effort.

Thank you

Jonathan


The preceding email message may be confidential or protected by the attorney-client privilege. It is
not intended for transmission to, or receipt by, any unauthorized persons.  If you have received this
message in error, please (i) do not read it, (ii) reply to the sender that you received the message in
error, and (iii) erase or destroy the message.  Legal advice contained in the preceding message is
solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular
matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer.
To the extent the preceding message contains advice relating to a Federal tax issue, unless
expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by
the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not
written to support the promotion or marketing of any transaction or matter discussed herein.

# EXHIBIT 22

**From:**     Kearney, Tom J.
**Sent:**     Tuesday, November 29, 2011 6:41 PM
**To:**       Moskin, Jonathan; Kaspar, Scott R.
**Cc:**       Golinveaux, Jennifer A.; Donaldson, J. Caleb; Mersmann, Eric J.; Kearney, Tom J.
**Subject:**  Games Workshop v. Chapterhouse Studios

Counsel –

I write to summarize our telephonic meet and confer of today. As we explained on the phone, given the Court's November 30 filing deadline, we must have your written response to the issues noted below before 9:00 a.m. PST tomorrow or we will have no alternative but to move the Court to compel production on all issues.

Defendant has asked Plaintiff to confirm dates the week of December 12-16 for Plaintiff's 30(b)(6) deposition in Chicago. Plaintiff has requested possible dates for its 30(b)(6) deposition of Chapterhouse at or near the same time.

The parties discussed Games Workshop's outstanding discovery issues, which Chapterhouse now believes (and Scott confirmed) have been fully addressed. Chapterhouse agreed to supplement its responses to Interrogatories 5 and 13 and RFP 27. Chapterhouse's document production, which will be forthcoming this week or next, should address the remainder of Plaintiff's outstanding discovery requests.

With respect to Chapterhouse's outstanding discovery issues:

- With respect to RFP 1 you will let us know whether Games Workshop's sculptural works are relevant to Plaintiff's claims or not. Defendant explained that Plaintiff either considers the works relevant, in which case exemplars must be produced, or it does not consider them relevant, in which case Defendant will move to exclude them from consideration later in the case.

- With respect to RFPs 4, 9, 14, 15, 17, 18, 19, 28, 29, 43, and 44, Plaintiff's responses indicate that it is "not aware" of responsive documents. You confirmed that Plaintiff will nonetheless produce responsive documents to the extent they exist.

- You stated that you would reconsider your response to RFP 34. Please confirm whether you will produce responsive documents. You also stated you would reconsider your responses to RFPs 24, 25, 26, and 27. Please confirm whether you will produce responsive documents, and if so by when.

- With respect to RFP 30, please confirm that Plaintiff is abandoning all claims relating to the "Star Fox" name, mark, and design.

- You stated that you have produced (or "may have produced") all documents responsive to RFPs 6, 8, 20, and 21. Please confirm whether all such documents have been produced.

- In light of your claim to have produced all documents concerning Chapterhouse or its products, please confirm that there are no additional documents in Plaintiff's possession, custody, or control responsive to RFP 31, 32, or 33.

- In its written responses to RFP 7 and 11, Plaintiff refused to produce documents, but you now state that Plaintiff has already produced responsive documents. Please confirm that Plaintiff has produced all responsive documents in Plaintiff's possession, custody, or control, and that Plaintiff will rely only on its document production to date as evidence of first use in U.S. commerce. Please also confirm that Plaintiff will supplement its written responses to these Requests to indicate that it has produced all responsive, non-

privileged documents. Defendant will move to exclude non-produced or late-produced documents that Plaintiff attempts to use as evidence of use in commerce, including first use in commerce, in the United States.

- With respect to RFP 3, Plaintiff stands on its objections and refuses to produce responsive documents, but you also state that Plaintiff may be able to produce some unspecified responsive documents. That is an insufficient response: unless you confirm in writing that Plaintiff will agree to produce all responsive documents, Defendant will move to compel.

- With respect to RFP 4, you stated that Plaintiff is now aware of and will produce at least one responsive document. With respect to RFPs 5 and 37, you stated that responsive documents are being collected. With respect to RFP 35, Plaintiff has agreed to produce responsive documents but to date we have received none. Please confirm when those documents will be produced.

- You refused to supplement or amend Plaintiff's responses to RFPs 1, 2, 12, 13, 16, 22, 23, 38, and 42.

- Chapterhouse agreed to narrow RFP 36.

- With respect to Defendant's Interrogatories, we have raised issues with respect to 1-2, 3-7, 9, 10, 13-14, and 16-17. You agreed to supplement your response to Interrogatory 16 in accordance with the interrogatory instructions, to explicitly address the portions of the interrogatory Plaintiff was unable to answer. Because you have not agreed to otherwise supplement the responses, Defendant will move the Court to compel.


As noted above, given the Court's filing deadline for Defendant's motion to compel, we must have Plaintiff's responses to the above by 9:00 a.m. PST, November 30.

Sincerely,

Thomas Kearney


**Thomas J. Kearney**
D: +1 (415) 591-6894
www.winston.com

WINSTON
&STRAWN
LLP

# EXHIBIT 23

| | |
|---|---|
| **From:** | Moskin, Jonathan |
| **To:** | Kearney, Tom J.; Kaspar, Scott R. |
| **Cc:** | Golinveaux, Jennifer A.; Donaldson, J. Caleb; Mersmann, Eric J. |
| **Subject:** | RE: Games Workshop v. Chapterhouse Studios |
| **Date:** | Wednesday, November 30, 2011 8:54:24 AM |

Confirming why we had been insisting on written responses to the many unanswered deficiency letters we have sent since July, your email yesterday is inaccurate in many respects, and appears designed to create a false impression that Games Workshop has been in some way uncooperative, while at the same time trying to create an incorrect appearance that we resolved most of the issues we had raised with you for months regarding the deficiencies in Chapterhouse's discovery responses. Therefore, let me clarify a few things.

You are correct that defendant has asked us to confirm dates the week of December 12-16 for Plaintiff's 30(b)(6) deposition in Chicago, which we noted might well be difficult given the need to bring two or more witnesses from England to testify on all of the sustentative issues raised by Chapterhouse. (From my discussion this morning with my client, it appears likely this will be at least three witnesses.) By contrast, all Games Workshop has initially requested is a date for Chapterhouse's document custodian pursuant to a notice we first served in August. As we have told you repeatedly, that should take no more than an hour or so. A full 30(b)(6) deposition of Chapterhouse must await receipt of documents.

Regarding the issues raised by Games Workshop, Chapterhouse has stated it has produced all documents responsive to document request 9 and promises now to produce all documents responsive to Request 10 (although it has not said when). It has also said it will produce communications with third party designers, etc. responsive to Requests 6, 7, 8 and 12; that it has no business plans responsive to Request 11 and that it would provide the bates ranges for the documents it says it has produced in response to Request 16 (advertising by Chapterhouse). We are not aware of any such documents it has produced. Please confirm we are correct in the above and let us know when you expect to produce these items.

As you now note, Chapterhouse has also agreed to supplement its responses to Interrogatories 5 and 13 and Request 27. However please confirm that you will provide complete responses explaining the bases for all of Chapterhouse's 23 affirmative defenses and explain all methods used by Chapterhouse for selecting new products to fit within the Warhammer 40,000 game. Again, when do you expect we will receive these items?

We also asked you if Chapterhouse had changed its position regarding the other issues raised in our prior correspondence (dated July 28, August 5, September 9 and November 23) and you said no. Thus, although you are correct that all issues were raised, many remain unresolved.

Regarding the issues identified in your message as to Games Workshop's responses, you have misstated the issue regarding Response 1. Chapterhouse refuses to identify the specific works from which it had copied, but it does admit it has access to all of the works. We have produced exemplars of the works we believe show the most direct evidence of copying, and as such, it seems a needless burden for Games Workshop to produce additional exemplars. This is particularly so given the fact that it is undisputed Chapterhouse already has all of these items. If you will be more forthcoming what works Chapterhouse actually consulted, we can produce additional exemplars. However, just as it would not be necessary for Walt Disney to produce every single Mickey Mouse work to prove infringement of the character, it should not be necessary for Games Workshop to produce exemplars of all of its works when there is no dispute as to access or copying.

With respect to all responses, wherever you have asked us to confirm whether documents exist, we have directly answered whether we have been able to find documents (although that is not technically required). As I confirmed yesterday, to the extent Games Workshop finds documents responsive to requests 4, 9, 14, 15, 17, 18, 19, 28, 29, 43, and 44 they will be produced. The same holds true regarding Requests 5, 6, 7, 8, 11, 20, and 21, 31, 32, or 33 and 37. We trust this resolves all such issues.

Regarding Requests 34 and 42, we did not say we would simply reconsider our position. Rather, I told you in writing last week that Games Workshop would produce the documents that it obtained from your client (at the needless expense to which you put us by refusing to produce the same) and would also produce its correspondence with Mr Paulson.

Although we did not discuss Request 24, we will produce documents if they become available. We have already produced documents responsive to Requests 25, 26, and 27.

We have told you so many times in writing and on the record that Games Workshop does not claim rights in Star Fox that we can scarcely believe you insist on further confirmation. One more time, here it is: Games Workshop does not claim rights in Star Fox.

With respect to Request 3, we have repeatedly told you that if Chapterhouse questions the originality of any given works or if it believes any given author was not acting within the scope of his or her employment agreement, we would produce documents. However, instead you are insisting on more than 30 years of employment agreements without identifying any reason for such a demand. If you can articulate a reason, please let us know. This also ties in with Request 4, and you are correct that we will produce the one chain of title document of which we are aware. Again, this calls to mind the analogy to a claim by Disney for infringement of Mickey Mouse noted above.

We already have produced documents in response to Requests 1 and 2, yet you have declined our repeated invitations to identify specific works for which you have any remaining questions. If you can identify any such questions, we will be happy to comply.

Regarding Request 13, I told you there was at least one enforcement matter which, although irrelevant, we would produce documents. We have also agreed to produce documents regarding Request 22 (even though it is no longer relevant) Otherwise regarding requests 12, 13, 16, 22, 23, we are hopeful you will provide clarification and a narrowing of the requests (as you agreed to do regarding Request 36) to make the demands more intelligible. However, you declined our request yesterday to explain why you needed the information in the form and scope requested

Regarding Request 38, we have explained repeatedly that unless we can advise our client who are Chapterhouse's third party designers, etc. it is impossible for us to respond. We again ask you to allow our client's in-house counsel to see the amended responses to Games Workshop's interrogatories.

Jonathan

---

**From:** Kearney, Tom J. [mailto:TKearney@winston.com]
**Sent:** Tuesday, November 29, 2011 9:41 PM
**To:** Moskin, Jonathan; Kaspar, Scott R.
**Cc:** Golinveaux, Jennifer A.; Donaldson, J. Caleb; Mersmann, Eric J.; Kearney, Tom J.
**Subject:** Games Workshop v. Chapterhouse Studios

Counsel –

I write to summarize our telephonic meet and confer of today. As we explained on the phone, given the Court's November 30 filing deadline, we must have your written response to the issues noted below before 9:00 a.m. PST tomorrow or we will have no alternative but to move the Court to compel production on all issues.

Defendant has asked Plaintiff to confirm dates the week of December 12-16 for Plaintiff's 30(b)(6) deposition in Chicago. Plaintiff has requested possible dates for its 30(b)(6) deposition of Chapterhouse at or near the same time.

The parties discussed Games Workshop's outstanding discovery issues, which Chapterhouse now believes (and Scott confirmed) have been fully discussed. Chapterhouse agreed to supplement its responses to Interrogatories 5 and 13 and RFP 27. Chapterhouse's document production, which will be forthcoming this week or next, should address the remainder of Plaintiff's outstanding discovery requests.

With respect to Chapterhouse's outstanding discovery issues:

· With respect to RFP 1 you will let us know whether Games Workshop's sculptural works are relevant to Plaintiff's claims or not. Defendant explained that Plaintiff either considers the works relevant, in which case exemplars must be produced, or it does not consider them relevant, in

which case Defendant will move to exclude them from consideration later in the case.

·   With respect to RFPs 4, 9, 14, 15, 17, 18, 19, 28, 29, 43, and 44, Plaintiff's responses indicate that it is "not aware" of responsive documents. You confirmed that Plaintiff will nonetheless produce responsive documents to the extent they exist.

·   You stated that you would reconsider your response to RFP 34. Please confirm whether you will produce responsive documents. You also stated you would reconsider your responses to RFPs 24, 25, 26, and 27. Please confirm whether you will produce responsive documents, and if so by when.

·   With respect to RFP 30, please confirm that Plaintiff is abandoning all claims relating to the "Star Fox" name, mark, and design.

·   You stated that you have produced (or "may have produced") all documents responsive to RFPs 6, 8, 20, and 21. Please confirm whether all such documents have been produced.

·   In light of your claim to have produced all documents concerning Chapterhouse or its products, please confirm that there are no additional documents in Plaintiff's possession, custody, or control responsive to RFP 31, 32, or 33.

·   In its written responses to RFP 7 and 11, Plaintiff refused to produce documents, but you now state that Plaintiff has already produced responsive documents. Please confirm that Plaintiff has produced all responsive documents in Plaintiff's possession, custody, or control, and that Plaintiff will rely only on its document production to date as evidence of first use in U.S. commerce. Please also confirm that Plaintiff will supplement its written responses to these Requests to indicate that it has produced all responsive, non-privileged documents. Defendant will move to exclude non-produced or late-produced documents that Plaintiff attempts to use as evidence of use in commerce, including first use in commerce, in the United States.

·   With respect to RFP 3, Plaintiff stands on its objections and refuses to produce responsive documents, but you also state that Plaintiff may be able to produce some unspecified responsive documents. That is an insufficient response: unless you confirm in writing that Plaintiff will agree to produce all responsive documents, Defendant will move to compel.

·   With respect to RFP 4, you stated that Plaintiff is now aware of and will produce at least one responsive document. With respect to RFPs 5 and 37, you stated that responsive documents are being collected. With respect to RFP 35, Plaintiff has agreed to produce responsive documents but to date we have received none. Please confirm when those documents will be produced.

·   You refused to supplement or amend Plaintiff's responses to RFPs 1, 2, 12, 13, 16, 22, 23, 38, and 42.

·   Chapterhouse agreed to narrow RFP 36.

·   With respect to Defendant's Interrogatories, we have raised issues with respect to 1-2, 3-7, 9, 10, 13-14, and 16-17. You agreed to supplement your response to Interrogatory 16 in accordance with the interrogatory instructions, to explicitly address the portions of the interrogatory Plaintiff was unable to answer. Because you have not agreed to otherwise supplement the responses, Defendant will move the Court to compel.

As noted above, given the Court's filing deadline for Defendant's motion to compel, we must have Plaintiff's responses to the above by 9:00 a.m. PST, November 30.

Sincerely,

Thomas Kearney

**Thomas J. Kearney**
D: +1 (415) 591-6894
www.winston.com

WINSTON
&STRAWN
LLP

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

# EXHIBIT 24



# CONTENTS

2   Chapters of the Adeptus Astartes

9   Components list: HQ

21  Components list: Orders Militant

25  Components list: Elites

35  Components list: Troops

51  Components list: Fast Attack

59  Components list: Heavy Support

73  Components list: Collectors' models

80  Showcase

86  Conversions

90  Dioramas

92  Special Edition

94  Golden Demon

96  Showcase

CREDITS

Project Planning  Glen Robinson, John Carter, Peter Gosling, Chris Colston and Caroline Law

Layout : Pete Grady

Design and Production : Pete Grady, Peter Gosling, Andy Sharman, Chris Frosin and Tim Vincent

Editorial :

...Rudziak, Keith Robertson and the 'Eavy Metal team, The 'Eavy Dwarf team,
...oodwin, Alison Lister, Chris Helsby ... hobbyists who
...ted models for this catalogue.

DOUG B.

"LAST STAND"
3rd COMPANY
CRIMSON FISTS

LAST STAND
by Bryan Shaw

1

SHOP ON-LINE: www.games-workshop.com

## WARHAMMER 40,000

| | |
|---|---|
| WARHAMMER 40,000 BOXED GAME | £50.00 |
| WARHAMMER 40,000 RULEBOOK | £25.00 |
| CODEX ARMAGEDDON | £4.00 |
| CODEX CRAFTWORLD ELDAR | £4.00 |
| CODEX SPACE WOLVES | £4.00 |
| CODEX CATACHAN | £4.00 |
| CODEX IMPERIAL GUARD | £8.00 |
| CODEX ELDAR | £8.00 |
| CODEX ORKS | £8.00 |
| CODEX CHAOS SPACE MARINES | £8.00 |
| CODEX SPACE MARINES | £8.00 |
| CODEX BLOOD ANGELS | £4.00 |
| CODEX DARK ANGELS | £4.00 |
| CODEX DARK ELDAR | £8.00 |
| IMPERIAL GUARD COMMISSAR YARRICK | £6.00 |
| NEW! IMPERIAL GUARD STEEL LEGION COMMISSAR | £4.00 |
| NEW! IMPERIAL GUARD STEEL LEGION LIEUTENANTS | £4.00 each |
| NEW! IMPERIAL GUARD STEEL LEGION SERGEANTS & SPECIAL WEAPONS | £5.00 for 2 |
| NEW! IMPERIAL GUARD STEEL LEGION HEAVY WEAPON TEAMS | £6.00 each |
| IMPERIAL GUARD STEEL LEGION GUARDSMEN | £5.00 for 3 |
| IMPERIAL GUARD STEEL LEGION SQUAD BOXED SET inc. 7 Guardsmen, 1 assault weapon Guardsman, Heavy Weapon team & Sergeant | £18.00 |
| IMPERIAL GUARD STORM TROOPER SERGEANT | £3.00 each |
| IMPERIAL GUARD STORM TROOPER ASSAULT WEAPONS | £5.00 for 2 |
| IMPERIAL GUARD STORM TROOPERS | £5.00 for 3 |
| NEW! IMPERIAL GUARD STEEL LEGION SENTINEL BOXED SET | £10.00 |
| IMPERIAL GUARD SENTINEL BOXED SET inc. 1 Sentinel Plastic kit | £10.00 |
| IMPERIAL GUARD LEMAN RUSS BOXED SET | £18.00 |
| IMPERIAL GUARD CHIMERA BOXED SET | £18.00 |
| IMPERIAL GUARD HELLHOUND BOXED SET | £20.00 |
| IMPERIAL GUARD BASILISK BOXED SET | £18.00 |
| ORK WARLORD GHAZGHKULL THRAKA | £12.00 |
| ORK WARBOSS WITH ATTACK SGUIG | £8.00 |
| NEW! ORK MAD DOK GROTSNIK | £12.00 |
| NEW! ORK BIG GUNZ inc 1 Big gun & 2 Grot loaders | £6.00 each |
| ORK TANKBUSTAS | £5.00 for 2 |
| ORK NOBZ BOXED SET inc 5 Ork Nobz | £15.00 |
| ORK STORMBOYZ BOXED SET inc 8 Stormboyz | £18.00 |
| ORK DREADNOUGHT BOXED SET | £25.00 |
| NEW! SALAMANDER CHAPLAIN XAVIER | £6.00 |
| SPACE MARINE LAND RAIDER | £30.00 |
| SPACE MARINE LAND RAIDER CRUSADER | £35.00 |
| SPACE MARINE RAZORBACK BOXED SET | £18.00 |
| SPACE MARINE VINDICATOR BOXED SET | £20.00 |
| SPACE MARINE PREDATOR ANNIHILATOR BOXED SET | £20.00 |
| NEW! SPACE MARINE SCOUT BIKE SQUAD BOXED SET | £18.00 |
| SPACE MARINE BIKE BOXED SET | £5.00 |
| SPACE MARINE ATTACK BIKE BOXED SET | £10.00 |
| SPACE MARINE COMMAND SQUAD BOXED SET inc 4 HQ Marines & Commander | £15.00 |
| SPACE MARINE TACTICAL SQUAD BOXED SET inc 10 Space Marines | £12.00 |
| SALAMANDERS TACTICAL SQUAD BOXED SET inc 10 Space Marines | £12.00 |
| BLACK TEMPLARS SQUAD BOXED SET inc 10 Space Marines & 3 Scouts | £12.00 |
| SPACE MARINE ASSAULT SQUAD BOXED SET inc 5 Assault Marines | £12.00 |
| SPACE MARINE DEVASTATOR SQUAD BOXED SET inc 5 Devastator Marines | £15.00 |
| SPACE MARINE TERMINATOR SQUAD BOXED SET inc 5 Terminators | £15.00 |
| SPACE MARINE SCOUTS BOXED SET inc 1 Scout Sergeant & 4 Scouts | £12.00 |
| SPACE MARINE DREADNOUGHT BOXED SET | £25.00 |

### WARHAMMER 40,000 BATTLE SQUADS

| | |
|---|---|
| ELDAR DIRE AVENGERS inc 7 Dire Avengers & 1 Exarch | £12.00 |
| CATACHAN JUNGLE FIGHTERS BATTLE SQUAD inc 20 Guardsmen | £12.00 |
| ELDAR GUARDIAN BATTLE SQUAD inc 16 Eldar Guardians | £12.00 |
| ORK STIKK BOMMAS BATTLE SQUAD inc 12 Ork Boyz & 'ardcoat summoned' | £12.00 |
| ORK BOYZ BATTLE SQUAD inc 16 Ork Boyz | £12.00 |
| DARK ELDAR WARRIORS BATTLE SQUAD inc 16 Dark Eldar Warriors | £12.00 |
| KHORNE BERZERKERS BATTLE SQUAD inc 12 Khorne Berzerkers | £12.00 |

### WARHAMMER 40,000 BATTLE FORCES

| | |
|---|---|
| SPACE WOLVES BATTLE FORCE | £40.00 |
| IMPERIAL GUARD BATTLE FORCE | £40.00 |
| CHAOS BATTLE FORCE | £40.00 |
| ORK BATTLE FORCE | £40.00 |
| ELDAR BATTLE FORCE | £40.00 |
| DARK ELDAR BATTLE FORCE | £40.00 |
| SPACE MARINE BATTLE FORCE | £40.00 |

## WARMASTER

| | |
|---|---|
| WARMASTER RULEBOOK | £20.00 |

## WARHAMMER

| | |
|---|---|
| WARHAMMER BOXED GAME | ADVANCED ORDER ONLY |

### WARHAMMER REGIMENT BOXED SETS

| | |
|---|---|
| ORC WARRIORS includes 16 Orcs | £12.00 |
| SKAVEN CLANRATS includes 20 Clanrats | £12.00 |
| NIGHT GOBLINS includes 20 Night Goblins | £12.00 |
| EMPIRE CROSSBOWMEN includes 16 Crossbowmen | £12.00 |
| EMPIRE HANDGUNNERS includes 16 Handgunners | £12.00 |
| SOLDIERS OF THE EMPIRE includes 16 Empire soldiers | £12.00 |
| SKELETON WARRIORS includes 20 Skeleton warriors | £12.00 |
| ZOMBIES includes 20 Zombies | £12.00 |
| CHAOS WARRIORS includes 12 Chaos Warriors | £12.00 |
| CHAOS KNIGHTS includes 5 Chaos Knights | £12.00 |

## CITADEL

| | |
|---|---|
| CITADEL MINIATURE ANNUAL 2000 | £6.00 |
| WARHAMMER 40,000 STARTER PAINT SET inc 9 Paints, Brush & 5 Space Marines | £12.00 |
| CITADEL COLOUR PAINTS | £1.50 each |
| CITADEL PAINTBRUSH SET inc detail, standard & small drybrush | £6.00 |
| CITADEL PVA GLUE | £3.00 |
| CITADEL SUPER GLUE | £3.00 |
| TERRAIN CUTTER inc hotwire cutter and spare wires | £10.30 |
| PIN VICE inc pin vice and drill set | £5.00 |
| CURVED PLIERS | £5.00 |
| MODEL FILES inc selection of files | £4.00 |
| TWEEZERS | £4.00 |
| SCULPTING TOOL | £3.00 |
| MODEL SAW inc adjustable saw and pack of 18 blades | £10.00 |
| PAINT STATION – self assembly modelling area | £15.00 |
| CLIPPERS | £4.00 |
| TAPE MEASURE | £4.00 |
| GREEN STUFF | £3.00 |
| FIGURE CASE | £25.00 |
| PLASTIC JUNGLE TREES | £3.00 per bag |
| GOTHIC RUINS | £5.00 per bag |
| CITADEL FLOCK/SAND/STATIC GRASS | £3.00 per bag |

## BLACK LIBRARY

| | |
|---|---|
| NEW! WARHAMMER MONTHLY Comic #34 | £2.20 |
| NEW! INFERNO! #20 – Tales of fantasy & adventure! | £5.00 |
| STATUS DEADZONE! Necromunda Anthology | £5.99 |
| NEW! OBVIOUS TACTICS GRAPHIC NOVEL | £4.99 |
| INQUIS-EXTERMINATUS Warhammer 40,000 Art Compilation | £20.00 |
| NEW! NECROMUNDA MAGAZINE | £3.50 |
| NEW! TOWN CRYER #10 | £3.50 |
| CITADEL JOURNAL #38 | £4.00 |

CORRESPONDENCE We welcome comments about White Dwarf, Games Workshop games and Citadel Miniatures. All letters except subscriptions and Mail Order should be addressed to: The White Dwarf, Games Workshop, Willow Road, Lenton, Nottingham NG7 2WS.

Please mark your envelope clearly with the name of the game you are writing to us about. If you want a reply you must enclose a self-addressed stamped envelope (overseas readers should include IRCs). We receive an enormous amount of mail. We do read every letter but it may take a little time for us to reply to you, so please be patient!

You can find Games Workshop on the World Wide Web at the following Internet address: http://www.games-workshop.co.uk

SUBMISSIONS All material submitted to us for publication is only accepted on the assumption that the copyright in it is, by the very act of submission, unconditionally assigned by the author as beneficial owner and with full title guaranteed to Games Workshop Limited. We also retain the right to edit and/or amend all material as we see fit. So, if you do not wish to assign copyright in this way, please do not send us your submission. We're afraid we cannot work in any other way!

REGISTERED TRADEMARKS The following are all registered trademarks of Games Workshop Ltd. Armageddon, Blood Bowl, Chivalry, Citadel, the Citadel logo, Codex, Dark Angels, Dark Future, Deathwing, Dungeonquest, 'Eavy Metal, Eldar, Eldar Attack, Epic, the Games Workshop logo, Games Workshop, the GW logo, The GW Flame logo, Genestealer, Necron, Skullataxe, SpaceFleet, Space Hulk, Space Marine, Talisman, Tyranid, Warhammer and Warmaster. Marauder is a registered trademark of Marauder Miniatures Ltd. Used with permission.

TRADEMARKS The following are all trademarks of Games Workshop Ltd. Adeptus Sororitas, Adeptus Astartes, Adeptus Mechanicus, Aekold Helbrass, Amon Chakai, Arbaal, Archaon, Archon, Ascharket Vect, Aspect Warrior, Avatar, Azazel, Battlefleet Gothic, Black Library, Blood Angels, Blood Dragon, Bloodletter, Bloodthirster, Cadian, Catachan, Celestian, Culexus, Daemonette, Dark Eldar, Dark Reaper, Darksoul, Death Zone, Dechala, Diggo, Digganob, Drachon, Dregmek Blitzkart, Eganim van Horstmann, Eversor, Exarch, Eye of Terror, Falcon, Farseer, Fire Dragon, Fire Prism, Flesh Hound, Fureous, Gargant, Gobbo, Golden Demon, Gorkamorka, Gorthor, Great Unclean One, Gretchin, Grey Knight, Grot, Haemonculus, Hellion, Hunter Slayer, Immolator, incubi, Inferno, Journal, Keeper of Secrets, Khazrak the One Eye, Khorne, Knights of the White Wolf, Knights Panther, Legion of the Damned, Leman Russ, Lichemaster, Lord of Change, Madboy, Mandrake, Man O' War, Marauder, Mekboy, Mekhon, Morthiem, Mordian, Necromunda, Necrarch, Nob, Nurgle, Nurgling, Obliterator, Ogryn, Old Word, Ork, Painboy, Plaguebearer, Plague Fleet, Possessed, Predator, Psyker, Raider, Raptor, Ratling, Ravager, Ravenwing, Red Gobbo, Scourge, Scyla, Sea of Blood, Sentinel, Servitor, Skaven, Slaanesh, Slann, Snot, Snotling, Space Wolves, Spanner, Squat, Squig, Striking Scorpion, Succubus, Swooping Hawk, Sybarite, Talisman, Tears of Isha, Terminator, Trol Slayer, Tzeentch, Ultramarines, Valhalla, Valhal the Reaper, Viper, Warach, Warhammer Quest, Warpboy, White Dwarf, the White Dwarf figure, World Eaters, Wraithlord, Wych, Yoof and Zoanthrope. The Citadel paint pot is UK registered design No. 2073130. Scatter dice are UK registered design No. 2017484.

COPYRIGHTS All subject matter in White Dwarf is © Copyright Games Workshop Ltd, 2000. All artwork in all Games Workshop products, and all images contained therein have been produced either in-house or as work for hire. The exclusive copyright in the artwork and the images it depicts is the property of Games Workshop Ltd. © Copyright Games Workshop Ltd 2000. All rights reserved.

GW0001581

# EXHIBIT 25



Select your currency

$ US dollars

New Titles    Coming Soon    Warhammer 40,000    Horus Heresy    Warhammer    Time of Legends    Exclusives    eBooks    Audio    France

Blog    Events    Newsletter    Getting Started    Authors    eBundles - Treat yourself for Christmas

Home • Authors • Ben Counter

## BEN COUNTER

Author of the Souldrinkers and Grey Knights series, freelance writer Ben Counter is one of Black Library's most popular SF authors, and has written RPG supplements and comics books as well as novels. He is a fanatical painter of miniatures, a pursuit which has won him his most prized possession: a prestigious Golden Demon award. He lives in Portsmouth, England, where he can sometimes be seen indulging his enthusiasm for amateur dramatics on the local stage.



Black Library is a division of Games Workshop. Frequently Asked Questions. To contact us either send an email to contact@blacklibrary.com or call +44 (0) 115 9004069.

© Copyright Games Workshop Limited 2011. Games Workshop, BL Publishing, Black Library, Warhammer, Warhammer 40,000, the foregoing marks' respective logos and all associated marks, logos, places, names, creatures, races and race insignia/devices/logos/symbols, vehicles, locations, weapons, units, characters, products, illustrations and images from the Warhammer world and Warhammer 40,000 universe are either ®, ™ and/or © Games Workshop Ltd 2000-2011, variably registered in the UK and other countries around the world. For further information read the Games Workshop IP Policy.

Games Workshop Ltd, Willow Road, Lenton, Nottingham, NG7 2WS. Registered in England and Wales - Company No. 01467092. VAT No. GB 580853421