**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GAMES WORKSHOP LIMITED,<br><br>          Plaintiff,<br><br>  v.<br><br>CHAPTERHOUSE STUDIOS LLC and JON PAULSON d/b/a PAULSON GAMES<br><br>          Defendants. | Civil Action No. 1:10-cv-8103<br><br>Hon. Matthew F. Kennelly<br>Hon. Jeffrey T. Gilbert |

**DECLARATION OF JONATHAN MOSKIN IN OPPOSITION
TO DEFENDANT'S MOTION TO COMPEL**

I, Jonathan Moskin, hereby declare:

1. I am a partner with the firm, Foley & Lardner LLP, attorneys for Plaintiff Games Workshop Limited, and am admitted *pro hac vice* in this matter. I have personal knowledge of the matters set forth below.

2. On July 29, 2011, counsel for Chapterhouse wrote a letter to me (the day after I had sent opposing counsel a deficiency letter on behalf of Games Workshop) itemizing alleged deficiencies in Games Workshop's discovery responses. Chapterhouse's July 29 letter is attached as Exhibit 17 to Defendant's motion.

3. I responded by letter on August 5, a true and correct copy of which is attached as Exhibit A hereto.

4. Chapterhouse never to responded to my August 5 letter on behalf of Games Workshop's until it sent the letter dated November 17, a copy of which is attached as Exhibit 19 to Defendant's motion.

1

4837-1468-6222.2

5. I responded to the November 17 letter from Chapterhouse's counsel by letter dated November 23, a true and correct copy of which is attached as Exhibit B.

6. In the parties' November 16 status report, Games Workshop urged that the parties first meet and confer before the filing of any motions, but Chapterhouse insisted it be allowed to make its discovery motion without any prior meet and confer efforts.

7. Consistent with Games Workshop's stated goal of narrowing the issues amicably rather than by motion practice, on November 22, Games Workshop sought to revive the meet and confer process. A true copy of my email is attached as Exhibit C.

8. Chapterhouse again refused to respond in writing to narrow the issues (leading to the needless back and forth shown in the emails attached as Ex 20 to its motion). However, Chapterhouse has omitted my November 29 email bluntly stating why Games Workshop had insisted on some written clarification, but nonetheless urging that the parties confer before making needless motions. (A similarly blunt summary appears in my August 16 email attached as part of defendant's exhibit 18. Chapterhouse has not responded to or disputed that summary.) As set forth and summarized in my November 29 email to Chapterhouse's attorneys (to which Chapterhouse likewise has not responded), Chapterhouse's conduct in this litigation has been marked by a perceived refusal to communicate or cooperate and efforts instead to vilify Games Workshop rather than resolve simple disagreements. Attached as Exhibit D is a true and correct copy of Games Workshop's November 29 email.

9. In response to my November 29 email, the parties did conduct extensive meet and confer teleconferences that day totalling well over two hours in length. Following the November 29 meet and confer, Chapterhouse sent an email that evening to Games Workshop purporting to

2

summarize the parties' discussions. Attached as Exhibit E is a true and correct copy of Chapterhouse's November 29 email.

10. Because Chapterhouse's November 29 summary email was inaccurate in many respects, I responded on November 30 with an email clarifying the issues we had addressed. Attached as Exhibit F is a true and correct copy of my November 30 email to Chapterhouse.

I hereby declare under penalty of perjury this 7th day of December 2011 that the foregoing is true and correct.

/s/ Jonathan E. Moskin  
Jonathan E. Moskin

## CERTIFICATE OF SERVICE

       I, Scott R. Kaspar, an attorney, hereby certify that on December 7, 2011, I caused to be filed electronically the foregoing DECLARATION OF JONATHAN MOSKIN IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL with the Clerk of the Court using the CM/ECF system, which will send an electronic copy of the foregoing to counsel of record and constitutes service under Federal Rule of Civil Procedure 5(b)(2)(D) pursuant to Local Rule 5.9 of the Northern District of Illinois.

                                                          /s/ Scott R. Kaspar