**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GAMES WORKSHOP LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:10-cv-08103 |
| v. | ) | |
| | ) | |
| CHAPTERHOUSE STUDIOS LLC and | ) | |
| JON PAULSON d/b/a PAULSON GAMES, | ) | Judge Matthew F. Kennelly |
| | ) | |
| Defendants. | ) | |

**DECLARATION OF J. CALEB DONALDSON IN SUPPORT OF
DEFENDANT CHAPTERHOUSE STUDIOS LLC'S OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL OR FOR SANCTIONS**

I, J. Caleb Donaldson, declare as follows:

1.      I am an associate attorney with the law firm of Winston & Strawn LLP.  I am a member in good standing of the Bar of the State of California, and have been admitted *pro hac vice* to the bar of this Court for purposes of this action.  I have personal knowledge of the facts set forth herein.

**Responses to Games Workshops Letters about Discovery**

2.      Exhibit 1 is a true and correct copy of an email from me to Plaintiff's counsel Jonathan Moskin, dated September 1, 2011, addressing the issues raised in his letter of August 5, 2011.

3.      Exhibit 2 is a true and correct copy of a letter from me to Jonathan Moskin, dated November 17, 2011, further responding to his letter of August 5, 2011.

**Chapterhouse's Repeated Efforts to Meet and Confer**

4.      The parties agreed to meet and confer by telephone on August 8, 2011 regarding the issues raised in Plaintiff's August 5, 2011 letter.  Plaintiff's counsel did not call in to the conference call, and was not available when we tried to reach him at his office thereafter.

5.      Exhibit 3 is a true and correct copy of an email from me to Plaintiff's counsel Jonathan Moskin dated August 8, 2011. At the bottom of the first page of the email, Mr. Moskin himself refers to the time for the call, which I confirm in the top part. At no time before the call did Mr. Moskin indicate that no one representing Plaintiff would attend the call.

6.      Exhibit 4 is a true and correct copy of an email from Jennifer Golinveaux of my firm to Jonathan Moskin dated August 8, 2011.  The email reflects that, without explanation, Games Workshop entirely failed to attend the call or respond to telephone calls afterwards.

7.      Counsel for Chapterhouse continued to try to schedule a time to meet and confer.

8.      Exhibit 5 is a true and correct copy of an email from me to Jonathan Moskin dated August 11, 2011, attempting to reschedule the meet and confer.

9.      Exhibit 6 is a true and correct copy of an email from me to Jonathan Moskin dated November 11, 2011, attempting to reschedule the meet and confer.

10.      Exhibit 7 is a true and correct copy of an email Jennifer Golinveaux sent to Jonthan Moskin on November 22, 2011, indicating that she had left messages trying to schedule a meet-and-confer.

11.      The parties did schedule a call about discovery issues for November 28. Plaintiff suggested the time, but then, without explanation, failed to attend the call.

12.      Exhibit 8 is a true and correct copy of an email from Jennifer Golinveaux to Jonathan Moskin dated November 28, 2011, referring to the meet-and-confer scheduled for that day.  Page 3 of the email string shows that it was Plaintiff's counsel, Scott Kaspar, who suggested the time for the meet-and-confer.

13.      Exhibit 9 is a true and correct copy of an email from Jennifer Golinveaux to Jonathan Moskin, dated November 28, 2011.

14.      Exhibit 10 is a true and correct copy of an email from Tom Kearney to Jonathan Moskin dated November 28, 2011.  Mr. Kearney sent this email while I was in his office, waiting on the phone for Plaintiff to attend the scheduled meet-and-confer.

15.     On the day before the Court-ordered deadline to file motions related to outstanding discovery, Chapterhouse once again tried to schedule a call to meet and confer.

16.     Exhibit 11 is a true and correct copy of an email from Jennifer Golinveaux to Jonathan Moskin dated November 29, 2011, reflecting Chapterhouse's effort to reschedule the call.

**Plaintiff's Failure to Meet and Confer about Chapterhouse's Confidentiality Designations**

17.     On August 1, 2011, Jonathan Moskin sent an email questioning the confidentiality of some of Chapterhouse's Supplemental Responses to Games Workshop's Second Set of Interrogatories.  I responded the next day, seeking a time to meet and confer about this issue, as required by the Protective Order.  Exhibit 12 is a true and correct copy of that email from me to Jonathan Moskin dated August 2, 2011.

18.     Mr. Moskin never responded with a time to meet and confer. Under the terms of the Protective Order, Chapterhouse was thereby forced to file a motion to preserve its confidentiality designations.

19.     On August 23, 2011, Magistrate Judge Gilbert cited failure to meet and confer as one basis for upholding Chapterhouse's confidentiality designations. *See* Docket No. 94.

**Collection, Review, and Production of Documents**

20.     Counsel for Chapterhouse has collected tens of thousands of emails and other electronic documents from Chapterhouse.

21.     To date, Chapterhouse has produced more than one thousand documents, comprising more than two thousand pages.

**The November 29, 2011 Meet and Confer**

22.     The parties did meet and confer by telephone on November 29, 2011.

23.     As explained below, the call was broken into two parts.

24.     During the first part, Plaintiff refused to go through any specific remaining issues with Chapterhouse's discovery responses, asking only if Chapterhouse had changed its position on anything in Plaintiff's letters.

25.     Mr. Moskin had allowed only an hour for the call and he suggested we reconvene later in the afternoon.

26.     However, when we did reconvene, Mr. Moskin was unable to attend.

27.     His associate, Scott Kaspar, continued the call, and did address several specific issues that Plaintiff had with Chapterhouse's discovery responses.

28.     However, in a followup email the next morning (the day on which motions to compel were due), Mr. Moskin repudiated the substance of that conversation.  Exhibit 13 is a true and correct copy of that email, from Jonathan Moskin to me, dated November 30, 2011.

**The Timing of Chapterhouse's Responses to Plaintiff's Requests for Admission**

29.     At no time before it filed its motion did Plaintiff mention that it considered Chapterhouse's responses to Plaintiff's Requests for Admission to have been filed late.


I declare under the penalty of perjury that the foregoing is true and accurate.


Dated: December 7, 2011                    By:     /s/ J. Caleb Donaldson