# EXHIBIT 1

**Donaldson, J. Caleb**

| | |
|---|---|
| **From:** | Donaldson, J. Caleb |
| **Sent:** | Thursday, September 01, 2011 4:51 PM |
| **To:** | Moskin, Jonathan; Golinveaux, Jennifer A.; RSPUHLER@mcandrews-ip.com |
| **Cc:** | Mersmann, Eric J.; Kaspar, Scott R.; Weinzierl, Aaron J.; tcampbell@mcandrews-ip.com; Kearney, Tom J. |
| **Subject:** | RE: Games Workshop Limited v. Chapterhouse Studios LLC |

Jonathan,

Thanks for the response.

Regarding your first and third points, we are happy to discuss a timeline this month for both sides to produce emails and privilege logs ("and other remaining items" Plaintiff has not produced you mention in item three) responsive to discovery the parties have agreed to provide.  Are you saying that the only responsive emails Plaintiff has are the few emails purportedly relevant to confusion?

Regarding your second point, Defendant reserves its right to supplement discovery as appropriate under the rules.  If you wish to discuss a broader stipulation regarding finality of both sides' discovery responses for purposes of early summary judgment motions, we are happy to explore that with you further.

Regarding point four, you misstate Defendant's request. Chapterhouse seeks information relating to the works Games Workshop alleges are infringed in this lawsuit.

Regarding point five, I specifically offered to send you a replacement disc if you were having trouble with the one that was produced and you did not respond to that offer.  I also specifically told you what program was used. Please refer to my August 11 email.  If you would like a replacement, please let me know and send us the original, so that we can determine what the problem is and ensure you can open future discs.

Regarding points six and seven, we may have more fruitful discussions face-to-face or on the telephone, as we have requested.

Regarding point six, your July 28, 2011 letter closes with a request for a telephonic meet-and-confer which you then refused to schedule without a substantive written response to which you are not entitled. On specific points:

- Regarding Plaintiff's Interrogatory 5, it asked about "methods, processes, or business plans."  Chapterhouse responded that there are no formal methods, processes or business plans. If Games Workshop seeks a narrative description of how each of Chapterhouse's products came to be produced, that request is vague and answering it would be unduly burdensome.
- Regarding Plaintiff's Interrogatory 7, it is duplicative of Interrogatory 2, as the objections state. Your letters have not addressed that objection.
- Regarding Plaintiff's Interrogatory 8, it asked for the meaning of Chapterhouse and the sources Chapterhouse used in selecting this name. Chapterhouse provided both.  It is unclear what else Plaintiff seeks and why.
- Regarding Plaintiff's Interrogatory 11, Chapterhouse stands on its objections.

- Regarding Plaintiff's Interrogatory 12, Chapterhouse will produce documents under Rule 33(d) as indicated.
- Regarding Plaintiff's Interrogatory 13, Chapterhouse stands on its objections.
- Regarding Plaintiff's Document Requests 3 & 4, it is unclear what relevant documents these requests seek that are not covered by the other Requests and you have not clarified.
- Regarding Plaintiff's Document Request 15, Chapterhouse has provided its sales figures. Other sellers' activity in the secondary market is not relevant. Chapterhouse has agreed to produce any documents evidencing confusion as detailed in response to Document Request 26.
- Regarding Plaintiff's Document Request 20, Chapterhouse stands on its objections, including those addressed in your letters and those unaddressed.
- Regarding Plaintiff's Document Request 21, Plaintiff has not explained the relevance.
- Regarding Plaintiff's Document Request 25, Plaintiff again gives no response to the bulk of Chapterhouse's objections to this Request.
- Regarding Plaintiff's Document Request 27, Chapterhouse will produce non-privileged documents.

Regarding your point seven, as Tom has indicated in email correspondence, your August 5 letter did not resolve any of the issues raised in his July 29, 2011 letter, and did not agree to provide the requested discovery, which is why we have repeatedly requested a meet-and-confer discussion. Rather, you largely simply relied upon Plaintiff's position that a disclaimer on the Chapterhouse website absolves Plaintiff of any obligation to produce documents regarding ownership or protectability of the works (or marks) alleged to be infringed. Defendant understands Plaintiff's position, but disagrees with it, as explained during today's call with the Court and in earlier correspondence. On specific points:

- Regarding Defendant's Interrogatory 3, contrary to the assertion in your letter, Defendant has not conceded validity and Plaintiff has not fully responded to the interrogatory. Is Plaintiff claiming all references to these terms are infringing?
- You have also refused to provide the requested information for Interrogatories 10 and 14, and instead insisted on "tabling" that discussion until we receive sales summaries that you promised four weeks ago, and still have not been produced. In any event, Defendant is entitled to the information requested, not merely the sales summary.
- Regarding Defendant's Interrogatory 13 and Document Requests 24 through 27, those requests do not ask Games Workshop to elect damages but merely to respond to discovery to which Defendant is entitled. Your vague statement that it is "too early in the case" does not relieve Plaintiff from its discovery obligations.
- Plaintiff has not fully responded to Document Request 20, which requested all Games Workshop's policies regarding use of its trademarks and copyrights, not merely the narrow subset that appear on Games Workshop's website. If, as your August 5 letter implies (but does not state), the documents Plaintiff has actually produced are the only documents responsive to Defendant's Document Request No. 20, please amend or supplement Plaintiff's discovery response to so state.
- Plaintiff's response to Document Request 21 is similarly incomplete: Defendant is entitled to the documents it has requested and not merely a subset of supposedly "representative" documents.
- Regarding Defendant's Document Request 23, the documents requested are relevant for the reasons previously explained, as well as going to the extent of Plaintiff's damages if any, and as previously noted any objection on the basis of confidentiality is moot since a protective order is now in place.

We have repeatedly requested to meet and confer in an effort to resolve these issues, and you have repeatedly refused.

Regarding your proposal about how to present the discovery issues to Judge Gilbert, we think he made clear during the hearing today that he did not want to only receive the letters themselves, but also needed any additional relevant context. We propose the following: each party writes a five-page letter to Judge Gilbert outlining the current disputes and what the party needs, and then each party writes a five-page response to the other party's letter. We can submit that, plus the requests and responses at issue, and relevant background correspondence, to Judge Gilbert, and get on his calendar in late September to move the discovery disputes forward. Are there any dates the week of September 19 or 26 that work for you?

We will wait to hear from you as to whether you wish to take the noticed 30(b)(6) deposition on the dates we have proposed. This confirms our understanding from our correspondence that Plaintiff will not go forward with the deposition on the date you initially noticed (i.e. Sept. 8), and that Plaintiff agrees to take the deposition in Dallas so we need not bother the Court with a protective order at this time. If Plaintiff does intend to proceed now, please note that Defendant would object to any additional 30(b)(6) depositions of Defendant absent a stipulation or court order.

Caleb

---

**From:** Moskin, Jonathan [mailto:JMoskin@foley.com]
**Sent:** Thursday, September 01, 2011 11:10 AM
**To:** Golinveaux, Jennifer A.; Donaldson, J. Caleb; RSPUHLER@mcandrews-ip.com
**Cc:** Mersmann, Eric J.; Kaspar, Scott R.; Weinzierl, Aaron J.; tcampbell@mcandrews-ip.com; Kearney, Tom J.
**Subject:** RE: Games Workshop Limited v. Chapterhouse Studios LLC

Thank you for the proposed dates. I will confirm in light of your responses to the following questions, which my help limit the need for the deposition. Indeed, perhaps, if you will help us resolve issues 1, 2, 4, 5 and 6, we can hold off on the deposition, but not if the current state of affairs continues.

At any rate, following up on the conference with the court, here is a list of things that would greatly help in moving the case forward:

1. You said you would produce the email correspondence between Chapterhouse and the independent designers and suppliers, etc. Please let us know when we can expect receipt.

2. You stated that Chapterhouse has provided a detailed amended answer in response to Games Workshop's Interrogatory No. 2. If that is the full extent of Chapterhouse's answer, please confirm the same. We will, of course, accept your answer but need to know that it is indeed defendant's actual and final answer. We also need the documents referred to in the answer (such as the specific Dungeons and Dragons hammers referenced, the lion/fish photograph; the HR Giger images and so forth.) I can frame the issue this way: because, if the case can not be settled, we anticipate moving for at least partial summary judgment you should understand that we intend to treat defendant's response as confirmation of the completeness of the answer for such purposes. If anything needs to be added, it should be added now.

3. As I specifically told you in my August 5 letter, Games Workshop will get you the few emails reflecting consumer confusion. We are also assembling the other remaining items and had hoped to produce them all together but have delayed briefly by vacation schedules in England and the fact that I was away last week - not to mention the need to respond to what we consider needless motion practice in this case and time spent on other needless disputes.

4. As I have also previously advised you and as I told the Court, Games Workshop will answer reasonable specific questions as to the genesis of specific products, but you thus far have refused to articulate any such questions; instead demanding unreasonably that we detail the genesis of every product, and for no apparent reason.

5. You referred to the apparently defective disk of discovery documents you previously provided, yet you did not tell the Court that for a month now you have refused to tell me even in what format or program the materials were stored on the disk, and despite knowing that the disk is useless to us, have not provided a new disk. Please let me know if you will answer the question in what format the disk was created, and, if we are unable to open it with that information, whether and when you will provide a new disk.

6. Please let me know when I can expect responses to my July 28 and August 5 letters regarding the deficiencies of defendants' production. Following receipt of your responses, we are happy to speak directly to resolve any differences.

7. Please let me know if, despite my August 5 letter responding to defendant's July 29 letter, there are indeed any remaining issues. Once again, following receipt of your response, we are happy to speak directly to resolve any differences.

Finally, if we can not resolve the existing discovery issues amongst ourselves, our proposal is simply to submit to the court the existing correspondence (the parties July 28 and 29 letters and my two August 5 letters) and indicate in a separate document which of the issues have been resolved.

Jonathan

---

**From:** Golinveaux, Jennifer A. [mailto:JGolinveaux@winston.com]
**Sent:** Thursday, September 01, 2011 1:54 PM
**To:** Moskin, Jonathan; Donaldson, J. Caleb; RSPUHLER@mcandrews-ip.com
**Cc:** Mersmann, Eric J.; Kaspar, Scott R.; Weinzierl, Aaron J.; tcampbell@mcandrews-ip.com; Kearney, Tom J.
**Subject:** RE: Games Workshop Limited v. Chapterhouse Studios LLC

Jonathan,

The witness can be available on September 13 or 14 in Dallas. Please let us know whether either of those dates work for you and, if so, which you prefer.

Regards,
Jennifer

**Jennifer Golinveaux**
D: +1 (415) 591-1506
www.winston.com

WINSTON
& STRAWN
LLP

---

**From:** Moskin, Jonathan [mailto:JMoskin@foley.com]
**Sent:** Wednesday, August 31, 2011 6:00 PM
**To:** Donaldson, J. Caleb; RSPUHLER@mcandrews-ip.com; Golinveaux, Jennifer A.
**Cc:** Mersmann, Eric J.; Kaspar, Scott R.; Weinzierl, Aaron J.; tcampbell@mcandrews-ip.com; Kearney, Tom J.
**Subject:** Re: Games Workshop Limited v. Chapterhouse Studios LLC

I wonder if it's possible for you to make an inquiry in a civil tone?

If the 8th is not convenient, please identify a time within the ensuing three or four days when the witness can be available. If need be, we will do the deposition in Dallas, but if we can't agree, the court can resolve the issue tomorrow.

Jonathan

---

**From**: Donaldson, J. Caleb [mailto:JCDonaldson@winston.com]
**Sent**: Wednesday, August 31, 2011 08:06 PM
**To**: Moskin, Jonathan; RSPUHLER@mcandrews-ip.com <RSPUHLER@mcandrews-ip.com>; Golinveaux, Jennifer A. <JGolinveaux@winston.com>
**Cc**: Mersmann, Eric J. <EMersmann@winston.com>; Kaspar, Scott R.; Weinzierl, Aaron J.; tcampbell@mcandrews-ip.com <tcampbell@mcandrews-ip.com>; Kearney, Tom J. <TKearney@winston.com>
**Subject**: RE: Games Workshop Limited v. Chapterhouse Studios LLC

Jonathan,

This afternoon, with no prior attempt to coordinate with us, you noticed a 30(b)(6) deposition of Chapterhouse Studios for next Thursday, September 8, 2011, in Chicago. We are unable to schedule this deposition on such short notice, particularly in light of the holiday weekend. Furthermore, Chapterhouse Studios should be deposed in Dallas, Texas.

Please suggest an alternate time after next week to take this deposition in Dallas. If you cannot, please let me know what time you are available for a call to try to resolve this issue.

Given the last-minute nature of your request, we must speak with you tomorrow or we will have to move the Court for a protective order. I suggest we speak after the pre-settlement conference.

Best,

Caleb

---

**From:** Moskin, Jonathan [mailto:JMoskin@foley.com]
**Sent:** Wednesday, August 31, 2011 12:42 PM
**To:** Donaldson, J. Caleb; RSPUHLER@mcandrews-ip.com; Golinveaux, Jennifer A.
**Cc:** Mersmann, Eric J.; Kaspar, Scott R.; Weinzierl, Aaron J.; tcampbell@mcandrews-ip.com; Kearney, Tom J.
**Subject:** Games Workshop Limited v. Chapterhouse Studios LLC

Please see the attached deposition notice.

Best regards,

Jonathan

The preceding email message may be confidential or protected by the attorney-client

privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not

6

intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

# EXHIBIT 2

# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| BEIJING | 101 CALIFORNIA STREET | MOSCOW |
| CHARLOTTE | SAN FRANCISCO, CALIFORNIA 94111 | NEW YORK |
| CHICAGO | | NEWARK |
| GENEVA | +1 (415) 591-1000 | PARIS |
| HONG KONG | | SAN FRANCISCO |
| HOUSTON | FACSIMILE +1 (415) 591-1400 | SHANGHAI |
| LONDON | www.winston.com | WASHINGTON, D.C. |
| LOS ANGELES | | |

November 17, 2011

**J. CALEB DONALDSON**
+1 (415) 591-1574
jcdonaldson@winston.com

<u>**VIA E-MAIL**</u>

Scott Kaspar
Jonathan E. Moskin
Foley & Lardner LLP
90 Park Avenue
New York, NY 10016

      **Re:**    **Games Workshop v. Chapterhouse Studios:**
               **Summary of Outstanding Issues Concerning Plaintiff's Responses to**
               **Discovery**

Dear Counsel:

      With discovery moving forward again in earnest we would like to make every effort to move past the earlier issues the parties had in communicating about discovery issues.

      As you know, Chapterhouse has a number of concerns with Games Workshop's discovery responses. When we have raised those issues in the past, Jonathan has expressed concern that he did not fully understand the issues we were raising and was, therefore, reluctant to meet and confer either on the phone or in person about those issues because he felt it would be premature.

      In an effort to move things forward constructively, we take this opportunity to summarize the outstanding issues with Plaintiff's discovery responses. The discovery sought addresses core issues in this litigation, and we are hopeful that the parties can work together to resolve, or at least significantly narrow any issues that need be brought to the Court.

      In light of the schedule proposed jointly by the parties, we need to resolve these issues promptly. Once you have had a chance to review this letter, please propose a time to meet and confer in an effort to work through these issues. We can be available for an in-person meeting at our offices in Chicago or a telephone conference at your convenience on Monday or Tuesday of next week (keeping in mind the time difference if you prefer to do the meeting by phone). In light of our past difficulty scheduling such a meeting, we ask that you confirm a time by close of business on Friday, November 18.

WINSTON & STRAWN ᴸᴸᴾ

Here is a summary of outstanding issues we need to discuss:

**I.      Issues Remaining from Kearney Letter of July 29, 2011**

I enclose a copy of Tom Kearney's letter of July 29, 2011, which summarizes the bulk of outstanding issues. As we've explained in written responses to Jonathan's August 5 letter we disagree with your position that defendant has conceded the validity and ownership of the trademarks and copyrights at issue, and that therefore the bulk of this discovery is irrelevant. Chapterhouse has made no such admission, and validity and ownership are part of Plaintiff's *prima facie* case of infringement. All of the issues in the July 29 letter are still outstanding and need to be resolved, with the possible exception of two items that Jonathan's August 5 response may have clarified:

1.      We understand from your August 5, 2011 response that Games Workshop believes it has completed its production of <u>all</u> documents responsive to Document Request 10 despite its qualified response. Please confirm in writing. If that is the case, Chapterhouse has no further issue with Games Workshop's response to that request. Plaintiff must also supplement its response to Interrogatory 4 to state that it is unaware of any other instances.

2.      We likewise understand that Games Workshop has identified Jeremy Goodwin as the person at Games Workshop most knowledgeable concerning the facts and circumstances relating to the creation, sources of information, or development for each separate work that Games Workshop claims Chapterhouse has infringed. Please confirm. It is surprising that one employee would be the appropriate designee for the broad spectrum of different works at issue in this case. Nonetheless, if that is your position, and reserving its rights to test and challenge the validity of that response, Chapterhouse has no further issue with the completeness of Games Workshop's response to Interrogatory 7 at this time.

In addition, Jonathan's August 5 response indicates that Games Workshop will produce a "sales summary" in partial response to Interrogatory 10. Please let us know when we can expect that sales summary.

**II.     Document Requests in Response to Which Games Workshop Claims it Is Not Aware of Any Responsive Documents (Requests 4, 9, 14, 15, 17, 18, 19, 28, 29, 43, and 44)**

In response to Request 37, Games Workshop indicates it is "not aware of any further documents in its possession," but agrees to produce any responsive documents that exist. Yet for many other document requests, Games Workshop asserts objections and then adds that it is not aware of any responsive documents without agreeing to produce any that do exist. To avoid needless motion practice on document requests about categories for which there are no documents, please confirm whether Games Workshop will supplement its responses to Requests

4, 9, 14, 15, 17, 18, 19, 28, 29, 43, and 44 to indicate that it will produce any responsive documents as it did in response to Request 37.

### III. Documents Relating to Games Workshop's Inspection of Documents and Things (Request 34)

Request 34 seeks "all audio, video, and photographic recordings" made during the August 1, 2011 inspection of documents and things, as well as written transcripts, descriptions, or summaries of such recordings or of the inspection in general. Games Workshop objects that these materials are in Chapterhouse's possession, and also that Games Workshop is not required to "assemble and produce documents for the other [party]." As you know, Chapterhouse does not have copies of the audio and video recordings and images Games Workshop's agent made at the inspection, and we do not understand the objection to the contrary. Second, the objection that "it is not one party's burden to assemble and produce documents for the other" is puzzling, for that is precisely what the Federal Rules of Civil Procedure require. Each party must assemble and produce relevant, responsive documents for the other party. Records of the inspection are plainly relevant to the case, and in any case Games Workshop did not object on relevance grounds. Chapterhouse is entitled to copies of these documents.

### IV. Documents Concerning Direction Given to Games Workshop's Creatives (Request 36)

Request 36 seeks "All documents concerning instructions, manuals, procedures, how-to guides, FAQs, style sheets, specifications or other guidelines or advice given to any artist, designer, writer, model painter, sculptor, or other author or creator for use in creating works relating to Warhammer 40,000." Games Workshop objects on relevance and burden grounds. Simply put, one of the central issues in this case is what portions of Games Workshop's works are protectable by United States copyright law as original, creative expression. For each and every work or element that Games Workshop alleges Chapterhouse infringed, these documents are relevant to show whether or not the work or element is based on public-domain works or the works of third parties.

### V. Correspondence with Chapterhouse's designers, manufacturers, contractors, employees, officers or Directors (Request 38)

Request 38 seeks Games Workshop's correspondence with any Chapterhouse designer, manufacturer, contractor, employee, officer, or director. Games Workshop objects only that it cannot search for such documents because the names of the individuals have been designated Highly Confidential under the Protective Order (Docket Entry 71). Games Workshop's counsel, however, has access to those names, and can therefore manage the collection and search of relevant communications.

Additionally, Games Workshop's response posits that "Chapterhouse is not seeking additional copies of correspondence with Chapterhouse itself." That is incorrect. Games Workshop's copies of any correspondence with Chapterhouse are directly relevant to this request, and to the case. Such documents may show who at Games Workshop was communicating with Chapterhouse, who was bcc'd on such communications, and to whom they may have been forwarded, among other things. Thus, Games Workshop's copies of correspondence with Chapterhouse are not only relevant, admissible evidence, but likely to lead to the discovery of other relevant, admissible evidence, and must be produced.

## VI. Documents Concerning Paulson (Request 42)

Request 42 seeks "documents concerning Paulson or any works or products created, marketed, or sold by Paulson." Games Workshop agreed to produce documents concerning Paulson prior to this litigation. Documents concerning Paulson after the commencement of this litigation are equally relevant and responsive and must be produced.

## VII. Information Relating to Games Workshops Allegedly Infringed Works (Interrogatories 16 and 17)

These Interrogatories seek relevant information that is also required as part of Games Workshop's *prima facie* case of ownership of valid copyrights of which it alleges infringement.

Interrogatory 16:

> Separately for each of YOUR WORKS that YOU claim Chapterhouse infringes, identify where the work was first published by providing: (a) the date on which YOUR WORK was first offered to distributors, retailers, or resellers; (b) the date on which YOUR WORK was first sold or offered for sale to the public; (b) the advertising medium and publication, if any, through which YOUR WORK was first sold or offered for sale to the public; and (d) the geographical location or locations at which YOUR WORK was first sold or offered for sale to the public.

Interrogatory 17:

> Identify each copyright that YOU claim Chapterhouse infringes by providing the following information for each work: (a) the title of the work; (b) whether the work is literary, pictorial, graphic, sculptural, a character, or other (and if "other" what type of work); (c) the natural person(s) who created the work; (d) the date of creation of the work; (e) the current owners; (f) any current exclusive licensee; (g) any copyright registrations or application numbers; (h) in the case of multi-page works, the specific page and textual passage or passages, if any, of the work that are alleged to be infringed; and (i) if the work is a character, the specific textual passages, pictorial illustrations, and sculptural works that define the character.

WINSTON & STRAWN LLP

Games Workshop objects to each of these interrogatories that they are duplicative of earlier interrogatories. In fact, these interrogatories are necessary precisely because Chapterhouse has not received crucial information in response to its other discovery requests. Games Workshop has not provided information about first publication for the works it has identified. Nor has it produced, for example, any information about authorship and dates of creation of the works it alleges Chapterhouse infringes. This basic information is directly relevant to Games Workshop's claims of copyright infringement and should be produced.

We look forward to talking with you and working through these issues.

Sincerely,

J. Caleb Donaldson

# EXHIBIT 3

**Donaldson, J. Caleb**

---

| | |
|---|---|
| **From:** | Donaldson, J. Caleb |
| **Sent:** | Monday, August 08, 2011 12:39 PM |
| **To:** | Moskin, Jonathan; Kearney, Tom J. |
| **Cc:** | Kaspar, Scott R.; Mersmann, Eric J.; Golinveaux, Jennifer A.; Witnov, Shane B. |
| **Subject:** | RE: Games Workshop Ltd. v. Chapterhouse Studios LLC et al. |
| **Attachments:** | image001.jpg |

Jonathan,

We will be prepared to discuss the issues raised in your July 28 and August 5 letters as well as the discovery issues Defendant has raised on our call at 1:30 Pacific.

Talk to you then. Please call us at (415) 591-1506.

Regards,

Caleb

---

**From:** Moskin, Jonathan [mailto:JMoskin@foley.com]
**Sent:** Monday, August 08, 2011 12:18 PM
**To:** Kearney, Tom J.
**Cc:** Donaldson, J. Caleb; Kaspar, Scott R.; Mersmann, Eric J.; Golinveaux, Jennifer A.; Witnov, Shane B.
**Subject:** RE: Games Workshop Ltd. v. Chapterhouse Studios LLC et al.

Please let us know when we can expect a response to my letters of July 28 and August 5. As noted, before beginning a meet and confer, we think it's only fair to know where we stand and that there won't be a repeat of the game-playing that occurred on June 29 when, after days of refusing to respond to our repeated requests for court-ordered contributions to the joint status report (which you had known for over a week was due), you instead "sandbagged" us with an announced refusal to cooperate when we got on the phone with you. Having just read your opposition to plaintiff's motion to extend the deadline to amend pleadings (which mischaracterizes our arguments and furthers the impression you will oppose any and every reasonable effort to streamline processes), it is also clear that you plan to make fresh accusations of supposed failures by Games Workshop to respond to discovery, yet you seem not to feel any duty to alert us first. We have openly and freely told you where things stand from plaintiff's perspective. Yet, you continue to hide the ball.

Thanks,

Jonathan

---

**From:** Moskin, Jonathan
**Sent:** Friday, August 05, 2011 8:07 PM
**To:** 'TKearney@winston.com'
**Cc:** 'JCDonaldson@winston.com'; Kaspar, Scott R.; 'EMersmann@winston.com'; 'jgolinveaux@winston.com'; 'SWitnov@winston.com'
**Subject:** Re: Games Workshop Ltd. v. Chapterhouse Studios LLC et al.

This sort of angry response is completely unhelpful. I hope we have a substantive response from you before we proceed with a proposed call on Monday at 1:30 Pacific/4:30 NY/3:30 Central. I don't want a repeat of the stunt you pulled last month in refusing to respond to our repeated requests for your contribution to the court-ordered status report, only to "sandbag" us with an announced refusal to

cooperate when we got on the phone with you.

When do you plan to get us that response? You've already had 8 days at least to narrow the issues. So far, you've told us nothing.

Jonathan

---

**From**: Kearney, Tom J. [mailto:TKearney@winston.com]
**Sent**: Friday, August 05, 2011 07:11 PM
**To**: Moskin, Jonathan
**Cc**: Donaldson, J. Caleb <JCDonaldson@winston.com>; Kaspar, Scott R.; Mersmann, Eric J. <EMersmann@winston.com>; Golinveaux, Jennifer A. <JGolinveaux@winston.com>; Witnov, Shane B. <SWitnov@winston.com>
**Subject**: RE: Games Workshop Ltd. v. Chapterhouse Studios LLC et al.

Jonathan:

Suffice it to say we disagree with just about everything you say in your two letters of this morning. Defendant has not admitted the validity and ownership of Plaintiff's claimed works in this case, and you have ignored most of the points from my letter of last Friday. We have been asking you for a time to meet and confer about the pending discovery issues for a week now. We can be available Monday at 1:30 Pacific. Please confirm your availability then for a call.

Tom


**Thomas J. Kearney**
D: +1 (415) 591-6894
www.winston.com




-----Original Message-----
From: Moskin, Jonathan [mailto:JMoskin@foley.com]
Sent: Friday, August 05, 2011 10:29 AM
To: Golinveaux, Jennifer A.; Kearney, Tom J.
Cc: Donaldson, J. Caleb; Kaspar, Scott R.; Mersmann, Eric J.
Subject: Games Workshop Ltd. v. Chapterhouse Studios LLC et al.

Please see the attached two letters.

Best,

Jonathan

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s)

represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.


The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
*********************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.


The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

# EXHIBIT 4

**Donaldson, J. Caleb**

---

| | |
|---|---|
| **From:** | Golinveaux, Jennifer A. |
| **Sent:** | Monday, August 08, 2011 1:46 PM |
| **To:** | Donaldson, J. Caleb; Moskin, Jonathan; Kearney, Tom J. |
| **Cc:** | Kaspar, Scott R.; Mersmann, Eric J.; Witnov, Shane B. |
| **Subject:** | RE: Games Workshop Ltd. v. Chapterhouse Studios LLC et al. |

Jonathan:

We just tried to reach you in your office because we never heard from you for our 1:30 call, but I got your voice message. As I said in my voice message, we need to discuss the outstanding discovery issues. We sent you a letter detailing deficiencies in Plaintiff's latest discovery responses more than a week ago. Please provide times by close of business tomorrow that you are available for a call.

Regards,

Jennifer

**Jennifer Golinveaux**
D: +1 (415) 591-1506
www.winston.com



---

**From:** Donaldson, J. Caleb
**Sent:** Monday, August 08, 2011 12:39 PM
**To:** Moskin, Jonathan; Kearney, Tom J.
**Cc:** Kaspar, Scott R.; Mersmann, Eric J.; Golinveaux, Jennifer A.; Witnov, Shane B.
**Subject:** RE: Games Workshop Ltd. v. Chapterhouse Studios LLC et al.

Jonathan,

We will be prepared to discuss the issues raised in your July 28 and August 5 letters as well as the discovery issues Defendant has raised on our call at 1:30 Pacific.

Talk to you then. Please call us at (415) 591-1506.

Regards,

Caleb

---

**From:** Moskin, Jonathan [mailto:JMoskin@foley.com]
**Sent:** Monday, August 08, 2011 12:18 PM
**To:** Kearney, Tom J.
**Cc:** Donaldson, J. Caleb; Kaspar, Scott R.; Mersmann, Eric J.; Golinveaux, Jennifer A.; Witnov, Shane B.
**Subject:** RE: Games Workshop Ltd. v. Chapterhouse Studios LLC et al.

Please let us know when we can expect a response to my letters of July 28 and August 5. As noted, before beginning a meet and confer, we think it's only fair to know where we stand and that there won't be a repeat of the game-playing that occurred on June 29 when, after days of refusing to respond to our

1

repeated requests for court-ordered contributions to the joint status report (which you had known for over a week was due), you instead "sandbagged" us with an announced refusal to cooperate when we got on the phone with you. Having just read your opposition to plaintiff's motion to extend the deadline to amend pleadings (which mischaracterizes our arguments and furthers the impression you will oppose any and every reasonable effort to streamline processes), it is also clear that you plan to make fresh accusations of supposed failures by Games Workshop to respond to discovery, yet you seem not to feel any duty to alert us first. We have openly and freely told you where things stand from plaintiff's perspective. Yet, you continue to hide the ball.

Thanks,

Jonathan

---

**From:** Moskin, Jonathan
**Sent:** Friday, August 05, 2011 8:07 PM
**To:** 'TKearney@winston.com'
**Cc:** 'JCDonaldson@winston.com'; Kaspar, Scott R.; 'EMersmann@winston.com'; 'jgolinveaux@winston.com'; 'SWitnov@winston.com'
**Subject:** Re: Games Workshop Ltd. v. Chapterhouse Studios LLC et al.

This sort of angry response is completely unhelpful. I hope we have a substantive response from you before we proceed with a proposed call on Monday at 1:30 Pacific/4:30 NY/3:30 Central. I don't want a repeat of the stunt you pulled last month in refusing to respond to our repeated requests for your contribution to the court-ordered status report, only to "sandbag" us with an announced refusal to cooperate when we got on the phone with you.

When do you plan to get us that response? You've already had 8 days at least to narrow the issues. So far, you've told us nothing.

Jonathan

---

**From**: Kearney, Tom J. [mailto:TKearney@winston.com]
**Sent:** Friday, August 05, 2011 07:11 PM
**To**: Moskin, Jonathan
**Cc:** Donaldson, J. Caleb <JCDonaldson@winston.com>; Kaspar, Scott R.; Mersmann, Eric J. <EMersmann@winston.com>; Golinveaux, Jennifer A. <JGolinveaux@winston.com>; Witnov, Shane B. <SWitnov@winston.com>
**Subject**: RE: Games Workshop Ltd. v. Chapterhouse Studios LLC et al.

Jonathan:

Suffice it to say we disagree with just about everything you say in your two letters of this morning. Defendant has not admitted the validity and ownership of Plaintiff's claimed works in this case, and you have ignored most of the points from my letter of last Friday. We have been asking you for a time to meet and confer about the pending discovery issues for a week now. We can be available Monday at 1:30 Pacific. Please confirm your availability then for a call.

Tom

**Thomas J. Kearney**
D: +1 (415) 591-6894


www.winston.com

-----Original Message-----
From: Moskin, Jonathan [mailto:JMoskin@foley.com]
Sent: Friday, August 05, 2011 10:29 AM
To: Golinveaux, Jennifer A.; Kearney, Tom J.
Cc: Donaldson, J. Caleb; Kaspar, Scott R.; Mersmann, Eric J.
Subject: Games Workshop Ltd. v. Chapterhouse Studios LLC et al.

Please see the attached two letters.

Best,

Jonathan

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.


The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
*****************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.


The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other

party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

# EXHIBIT 5

**Donaldson, J. Caleb**

---

| | |
|---|---|
| **From:** | Donaldson, J. Caleb |
| **Sent:** | Thursday, August 11, 2011 6:06 PM |
| **To:** | Moskin, Jonathan; Kearney, Tom J. |
| **Cc:** | Golinveaux, Jennifer A.; Mersmann, Eric J.; Kaspar, Scott R.; Weinzierl, Aaron J. |
| **Subject:** | RE: Games Workshop Limited v. Chapterhouse Studios LLC et al, USDC Northern District of Illinois, Case No. 1:10-cv-08103 |
| **Attachments:** | image001.jpg |

Jonathan,

FedEx does not take a week, although we have now missed the deadline for overnight delivery to the East Coast. Let me know if you would like a replacement disc. My litigation support team tells me they used PTPublisher to make this DVD. The DVD contains documents responsive to Plaintiff's discovery requests as my cover letter stated.

Clearly there are issues to discuss. This endless email chain is not productive, and we do not intend to continue with it. Let's get on the phone and try to make progress. What time works for you?

Regards,
Caleb

---

**From:** Moskin, Jonathan [mailto:JMoskin@foley.com]
**Sent:** Thursday, August 11, 2011 5:33 PM
**To:** Donaldson, J. Caleb; Kearney, Tom J.
**Cc:** Golinveaux, Jennifer A.; Mersmann, Eric J.; Kaspar, Scott R.; Weinzierl, Aaron J.
**Subject:** Re: Games Workshop Limited v. Chapterhouse Studios LLC et al, USDC Northern District of Illinois, Case No. 1:10-cv-08103

It is astonishing to me that you won't answer my simple questions (1) in what program it was created or (2) what is on the disk itself. Evidently you would rather have us wait a week to receive a new disk with the same problems. Please start by answering these two questions.

Similarly, if there are indeed outstanding discovery issues remaining to discuss from Tom Kearney letter of July 29, as you say, he did not set forth any in his August 5 email and you have set forth none since despite my repeated inquiries. Therefore, as far as I can tell, there is nothing for us to discuss about Games Workshop's discovery responses.

Further, you also refuse to answer my July 28 and August 5 letters. You do not even mention them, but pretend I haven't asked (although you know I have innumerable times). I don't know whom you think you are fooling with this complete refusal to communicate.

The only thing you are actually communicating from this complete lack of cooperation is your own awareness that your client has an awful lot to hide. Once again, I ask if you will show the basic courtesy of answering the questions I have put to you.

Jonathan

---

**From**: Donaldson, J. Caleb [mailto:JCDonaldson@winston.com]
**Sent**: Thursday, August 11, 2011 07:30 PM

**To**: Moskin, Jonathan; Kearney, Tom J. <TKearney@winston.com>
**Cc**: Golinveaux, Jennifer A. <JGolinveaux@winston.com>; Mersmann, Eric J. <EMersmann@winston.com>;
Kaspar, Scott R.; Weinzierl, Aaron J.
**Subject**: RE: Games Workshop Limited v. Chapterhouse Studios LLC et al, USDC Northern District of Illinois,
Case No. 1:10-cv-08103

Jonathan,

I believe that disc opened fine when it left us. I have opened our file copy and it seems to have
no problems. If you would like a new copy I can FedEx you one.

Tom Kearney explained to you by email on August 5 that there are indeed outstanding
discovery issues remaining to discuss from his letter of July 29. In fact, we had scheduled a
call on Monday, August 8, to discuss those and your issues regarding Chapterhouse's
discovery responses, but you were not available at the appointed time.

Caleb

---

**From:** Moskin, Jonathan [mailto:JMoskin@foley.com]
**Sent:** Thursday, August 11, 2011 3:47 PM
**To:** Donaldson, J. Caleb; Kearney, Tom J.
**Cc:** Golinveaux, Jennifer A.; Mersmann, Eric J.; Kaspar, Scott R.; Weinzierl, Aaron J.
**Subject:** RE: Games Workshop Limited v. Chapterhouse Studios LLC et al, USDC Northern District of
Illinois, Case No. 1:10-cv-08103

I can assure you, our tech department is well familiar with DVD's. It does not open other than a few
random images of bits and pieces from the Chapterhouse website. Is there some reason you can't tell
me what's on it? (My sense it is for the same reason you have refused to answer my July 28 and August
5 letters, but I would be delighted for you to prove me wrong.)

I have also read and responded to Mr. Kearney's July 29 letter, addressing all of the questions raised.
Based on the subsequent emails, I am aware of no further issues. If you want to enlighten, please do so,
but I am increasingly tiring of the game you are playing of refusing to communicate.

Jonathan

---

**From:** Donaldson, J. Caleb [mailto:JCDonaldson@winston.com]
**Sent:** Thursday, August 11, 2011 6:14 PM
**To:** Moskin, Jonathan; Kearney, Tom J.
**Cc:** Golinveaux, Jennifer A.; Mersmann, Eric J.; Kaspar, Scott R.; Weinzierl, Aaron J.
**Subject:** RE: Games Workshop Limited v. Chapterhouse Studios LLC et al, USDC Northern District of
Illinois, Case No. 1:10-cv-08103

Jonathan,

The DVD we sent you should open in any DVD-ROM drive. It contains standard load
files and images for a production. In light of this information, please let us know if you
continue to have issues.

With respect to the issues we have with Plaintiff's production, please refer to Tom
Kearney's letter of July 29, 2011 and his subsequent email correspondence with you.

Thank you.

Caleb

---

**From:** Moskin, Jonathan [mailto:JMoskin@foley.com]
**Sent:** Thursday, August 11, 2011 12:31 PM
**To:** Kearney, Tom J.
**Cc:** Golinveaux, Jennifer A.; Mersmann, Eric J.; Kaspar, Scott R.; Weinzierl, Aaron J.; Donaldson, J. Caleb
**Subject:** RE: Games Workshop Limited v. Chapterhouse Studios LLC et al, USDC Northern District of Illinois, Case No. 1:10-cv-08103

I must also let you know that we received today the disk you sent but, even working with our tech center, we find it is not in a format that we can open. Please advise in what program it was created. It may also be that we need to have it resent in a different format.

In the meantime, in the name of simple civility, will you please tell us what is on the disk.

Thank you

Jonathan

---

**From:** Moskin, Jonathan
**Sent:** Thursday, August 11, 2011 3:07 PM
**To:** Kearney, Tom J.
**Cc:** Golinveaux, Jennifer A.; Mersmann, Eric J.; Kaspar, Scott R.; Weinzierl, Aaron J.; Donaldson, J. Caleb
**Subject:** RE: Games Workshop Limited v. Chapterhouse Studios LLC et al, USDC Northern District of Illinois, Case No. 1:10-cv-08103

If you have issue with my letter, please tell me now what they are. I do not intend to play again with you the game in which you hide the ball so as to sand-bag us with unspecified issues. Nor is it too much to ask for a response to my letters so that we needn't waste time on matters where nothing is in issue.

Jonathan

---

**From:** Kearney, Tom J. [mailto:TKearney@winston.com]
**Sent:** Thursday, August 11, 2011 2:49 PM
**To:** Moskin, Jonathan
**Cc:** Golinveaux, Jennifer A.; Mersmann, Eric J.; Kaspar, Scott R.; Weinzierl, Aaron J.; Donaldson, J. Caleb
**Subject:** RE: Games Workshop Limited v. Chapterhouse Studios LLC et al, USDC Northern District of Illinois, Case No. 1:10-cv-08103

Jonathan,

We are available tomorrow at 10:30 Pacific or Monday at the same time for a call to discuss the outstanding discovery matters, including your two letters. We do indeed have outstanding issues with Games Workshop's discovery responses, as detailed in our recent correspondence.

Best,

Tom

**Thomas J. Kearney**
D: +1 (415) 591-6894
www.winston.com

WINSTON
& STRAWN
LLP

---

**From:** Moskin, Jonathan [mailto:JMoskin@foley.com]
**Sent:** Wednesday, August 10, 2011 3:57 PM
**To:** Donaldson, J. Caleb
**Cc:** Golinveaux, Jennifer A.; Kearney, Tom J.; Mersmann, Eric J.; Kaspar, Scott R.; Weinzierl, Aaron J.
**Subject:** RE: Games Workshop Limited v. Chapterhouse Studios LLC et al, USDC Northern District of Illinois, Case No. 1:10-cv-08103

Would it be too much to ask you to tell us what is on this disk?  Specifically, we would like to know if you will tell us in response to my two letters of July 28 and August 5 what documents Chapterhouse is now producing, rather than continuing to frustrate the progress of discovery by requiring us simply to await delivery of the disk.  If you tell us now and cease this refusal to communicate, we will be able to schedule a call tomorrow or Friday.

Although we are astounded that you once again violated local rules by filing a second motion without any attempt to meet and confer (to the contrary doing so only after deliberately refusing to answer any of our questions or give any inkling you had any concerns with Games Workshop's production) perhaps a willingness to communicate will also persuade you to withdraw the motion.

Again, we await your response to my two letters regarding the deficiencies in Chapterhouse's discovery responses, and, in the meantime, trust you have no further questions regarding Games Workshop's responses.

Jonathan

---

**From:** Chea, Carleen K. [mailto:CChea@winston.com]
**Sent:** Tuesday, August 09, 2011 2:01 PM
**To:** Moskin, Jonathan; Kaspar, Scott R.; Weinzierl, Aaron J.
**Cc:** Golinveaux, Jennifer A.; Donaldson, J. Caleb; Kearney, Tom J.; Mersmann, Eric J.
**Subject:** Games Workshop Limited v. Chapterhouse Studios LLC et al, USDC Northern District of Illinois, Case No. 1:10-cv-08103

Counsel:

Please see attached correspondence that went out via U.S. mail yesterday.  Thank you.

**Carleen K. Chea**
**Legal Secretary**
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802
T: +1 (415) 591-1000

D: +1 (415) 591-1535
F: +1 (415) 591-1400
Email | www.winston.com

WINSTON
& STRAWN
LLP

The contents of this message may be privileged and confidential. Therefore, if this messag
been received in error, please delete it without reading it. Your receipt of this message is n
intended to waive any applicable privilege. Please do not disseminate this message withou
permission of the author.
*********************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by
(or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as am

The preceding email message may be confidential or protected by the attorney-
client privilege. It is not intended for transmission to, or receipt by, any
unauthorized persons. If you have received this message in error, please (i) do not
read it, (ii) reply to the sender that you received the message in error, and (iii)
erase or destroy the message. Legal advice contained in the preceding message is
solely for the benefit of the Foley & Lardner LLP client(s) represented by the
Firm in the particular matter that is the subject of this message, and may not be
relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice
include a disclaimer. To the extent the preceding message contains advice relating
to a Federal tax issue, unless expressly stated otherwise the advice is not intended
or written to be used, and it cannot be used by the recipient or any other taxpayer,
for the purpose of avoiding Federal tax penalties, and was not written to support
the promotion or marketing of any transaction or matter discussed herein.

The contents of this message may be privileged and confidential. Therefore, if this message has
been received in error, please delete it without reading it. Your receipt of this message is not
intended to waive any applicable privilege. Please do not disseminate this message without the
permission of the author.
*********************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you
(or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

The preceding email message may be confidential or protected by the attorney-client
privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If
you have received this message in error, please (i) do not read it, (ii) reply to the sender
that you received the message in error, and (iii) erase or destroy the message. Legal
advice contained in the preceding message is solely for the benefit of the Foley &
Lardner LLP client(s) represented by the Firm in the particular matter that is the subject

of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
*************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
*************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

# EXHIBIT 6

**Donaldson, J. Caleb**

| | |
|---|---|
| **From:** | Donaldson, J. Caleb |
| **Sent:** | Friday, November 11, 2011 2:06 PM |
| **To:** | 'Moskin, Jonathan'; Kaspar, Scott R. |
| **Cc:** | Weinzierl, Aaron J.; Golinveaux, Jennifer A.; Mersmann, Eric J.; Kearney, Tom J. |
| **Subject:** | RE: Deposition |

Jonathan,

Without waiving Defendant's right to take the deposition on Wednesday, we will entertain alternative dates if you include them along with your designees in your proposed schedule on Monday.

Neither you nor Scott has responded to our requests for a time to meet and confer on outstanding discovery issues. Please let us know when we can have a call, or if you prefer to have that meeting in person.

Caleb

**From:** Moskin, Jonathan [mailto:JMoskin@foley.com]
**Sent:** Friday, November 11, 2011 1:50 PM
**To:** Donaldson, J. Caleb; Kaspar, Scott R.
**Cc:** Weinzierl, Aaron J.; Golinveaux, Jennifer A.; Mersmann, Eric J.; Kearney, Tom J.
**Subject:** RE: Deposition

Responding to this as well as your message earlier, we will be sending you a proposed schedule for completion of discovery on Monday (after we have had a chance to confer with our client).  We can discuss next week the schedule for the deposition as well.  We also would like to know when you plan to make available the document custodian for Chapterhouse, whose deposition was noticed long before you served your own far broader notice.

Jonathan

**From:** Donaldson, J. Caleb [mailto:JCDonaldson@winston.com]
**Sent:** Friday, November 11, 2011 4:41 PM
**To:** Kaspar, Scott R.
**Cc:** Moskin, Jonathan; Weinzierl, Aaron J.; Golinveaux, Jennifer A.; Mersmann, Eric J.; Kearney, Tom J.
**Subject:** Deposition

Scott,

We haven't heard back from your side regarding Defendant's notice of deposition of Games Workshop.  Please identify the designees for the noticed topics of the deposition next Wednesday, November 16 at our Chicago office. We need also a rough headcount to reserve an appropriate room.

Thank you.

Caleb

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to

waive any applicable privilege. Please do not disseminate this message without the permission of the author.
*********************************************************************************** Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.


The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

# EXHIBIT 7

## Donaldson, J. Caleb

| | |
|---|---|
| **From:** | Golinveaux, Jennifer A. |
| **Sent:** | Tuesday, November 22, 2011 8:06 PM |
| **To:** | 'Moskin, Jonathan'; Donaldson, J. Caleb; Kearney, Tom J.; Mersmann, Eric J. |
| **Cc:** | Kaspar, Scott R. |
| **Subject:** | RE: Games Workshop v. Chapterhouse Studios |

Jonathan,

Thanks for your email. I tried to reach both you and Scott by phone today to discuss the outstanding discovery issues and left you voice messages but did not receive a call back. In light of the November 30 date to file motions to compel, please propose a time no later than this coming Monday, November 28 to discuss the outstanding discovery issues summarized in Caleb's letter of last week. I believe we have responded to the issues raised in your correspondence reference below, but please let us know if there are additional issues you would like to address in advance of the call.

We will depose Plaintiff's 30(b)(6) designees at Winston's Chicago office. Please propose dates for those depositions for discussion in advance of our call. When do you propose to take Chapterhouse's 30(b)(6) deposition?

Best regards,
Jennifer

---

**From:** Moskin, Jonathan [mailto:JMoskin@foley.com]
**Sent:** Tuesday, November 22, 2011 11:23 AM
**To:** Golinveaux, Jennifer A.; Donaldson, J. Caleb; Kearney, Tom J.; Mersmann, Eric J.
**Cc:** Kaspar, Scott R.
**Subject:** Games Workshop v. Chapterhouse Studios

Attached is Games Workshop's response to the 30(b)(6) deposition notice served by Chapterhouse during the period discovery was effectively stayed. Now that we are back on, we will need to select a time and place for Games Workshop to bring to the US its witnesses (unless you would prefer to take the depositions in England). We also will be producing some additional documents today.

We also believe it would be useful to try to narrow the discovery issues before the deadline next week to serve motions. We would love to get responses to our letters (dated July 28, August 5 and September 9) as well as a date to depose Chapterhouse's document custodian. We also will get you a response to your recent letter, after which we think it might be useful to confer to see what genuinely is in dispute.

Best,

Jonathan

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any

other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

# EXHIBIT 8

**Donaldson, J. Caleb**

| | |
|---|---|
| **From:** | Golinveaux, Jennifer A. |
| **Sent:** | Monday, November 28, 2011 12:51 PM |
| **To:** | 'Moskin, Jonathan'; Kaspar, Scott R. |
| **Cc:** | Kearney, Tom J.; Donaldson, J. Caleb; Mersmann, Eric J. |
| **Subject:** | RE: RE: |

Jonathan,

Tell you what? We have already summarized the issues again for you in writing in Caleb's recent letter and will be fully prepared to discuss them with you shortly. The fact that you keep responding and saying that you don't think they are issues does not resolve the matter. Perhaps a live conversation will help. Let's make every effort to resolve these issues today to the extent possible.

Jennifer

**Jennifer Golinveaux**
D: +1 (415) 591-1506
www.winston.com

WINSTON
&STRAWN
LLP

> **From:** Moskin, Jonathan [mailto:JMoskin@foley.com]
> **Sent:** Monday, November 28, 2011 12:42 PM
> **To:** Golinveaux, Jennifer A.; Kaspar, Scott R.
> **Cc:** Kearney, Tom J.; Donaldson, J. Caleb; Mersmann, Eric J.
> **Subject:** RE: RE:
>
> Why can't you tell us now, before we talk? I really have no idea what is the purpose of this call when you insist on making what appears to us to be a game of refusing to tell us what you contend is in issue. I find it incredibly rude that you can't reciprocate the simple courtesies we have extended to you.
>
> Jonathan

> **From:** Golinveaux, Jennifer A. [mailto:JGolinveaux@winston.com]
> **Sent:** Monday, November 28, 2011 3:39 PM
> **To:** Moskin, Jonathan; Kaspar, Scott R.
> **Cc:** Kearney, Tom J.; Donaldson, J. Caleb; Mersmann, Eric J.
> **Subject:** RE: RE:
>
> If you have any questions regarding the remaining issues summarized in our letter of the week before last (not the end of last week) we will make every effort to clarify them for you during the call this afternoon, and we are hopeful that we can make progress towards resolving at least some of them. As you know, you and I have also spent hours discussing many of these issues with Judge Gilbert.
>
> Jennifer
>
> **Jennifer Golinveaux**
> D: +1 (415) 591-1506



www.winston.com

**From:** Moskin, Jonathan [mailto:JMoskin@foley.com]
**Sent:** Monday, November 28, 2011 12:34 PM
**To:** Golinveaux, Jennifer A.; Kaspar, Scott R.
**Cc:** Kearney, Tom J.; Donaldson, J. Caleb; Mersmann, Eric J.
**Subject:** RE: RE:

I don't know how you can say that Chapterhouse has responded to our correspondence. We have written you three detailed deficiency letters to which you have not responded. Moreover, we have responded in detail to the two letters you wrote ...only to learn at the end of last week that although we thought we had resolved all questions raised in your July 29 letter (since you never responded to our August 5 response), we now learn that ere are undisclosed issues remaining. It would be very useful now to know what issues you think remain.

And you were not present at the settlement/discovery conference, so I don't know to what comments of Judge Gilbert you are referring.

Jonathan

---

**From:** Golinveaux, Jennifer A. [mailto:JGolinveaux@winston.com]
**Sent:** Monday, November 28, 2011 1:04 PM
**To:** Kaspar, Scott R.
**Cc:** Kearney, Tom J.; Donaldson, J. Caleb; Mersmann, Eric J.; Moskin, Jonathan
**Subject:** RE: RE:

Tom will circulate a call-in for today's call.

We of course have not ignored your correspondence but rather have spent months discussing the outstanding discovery issues with you and your colleague, both in the context of lengthy discussions with Judge Gilbert in which he repeatedly told you why he considers Defendant's discovery relevant, and dismissed Jonathan's arguments to the contrary, and in email and letter correspondence. If you think there are outstanding issues that need to be discussed, that is the purpose of today's call.

In light of this history, your email below is surprising indeed since you were part of the discussions with Judge Gilbert and have been copied on the relevant correspondence.

Jennifer

**Jennifer Golinveaux**
D: +1 (415) 591-1506
www.winston.com

WINSTON
& STRAWN
LLP

---

**From:** Kaspar, Scott R. [mailto:SKaspar@foley.com]
**Sent:** Monday, November 28, 2011 9:57 AM
**To:** Golinveaux, Jennifer A.
**Cc:** Kearney, Tom J.; Donaldson, J. Caleb; Mersmann, Eric J.; Moskin, Jonathan
**Subject:** Re: RE:

As far as I am aware, 5:30 pm EST today is acceptable. However, we are very disappointed that you have simply ignored all of our correspondence, making it very difficult for us to know what is the purpose of the call.

On Nov 28, 2011, at 11:43 AM, "Golinveaux, Jennifer A." <JGolinveaux@winston.com> wrote:

> Hi Scott,
>
> I have a conflict at 4pm EST and had shuffled my schedule to make our call at 11AM PST today since we did not hear back from you or Jonathan about any issue with that time. Caleb and Tom can do the call at 5:30 pm EST today. Please confirm ASAP what time you prefer.
>
> Regards,
> Jennifer
>
> **Jennifer Golinveaux**
> D: +1 (415) 591-1506
> www.winston.com
> <image001.jpg>

**From:** Kaspar, Scott R. [mailto:SKaspar@foley.com]
**Sent:** Monday, November 28, 2011 9:38 AM
**To:** Kearney, Tom J.
**Cc:** Golinveaux, Jennifer A.; Donaldson, J. Caleb; Mersmann, Eric J.; Moskin, Jonathan
**Subject:** RE:

**From the Desk of: Scott R. Kaspar**

My Location       My V-card       My Bio

Tom,

11 am PST does not work for us, but we propose today at 4 pm EST (1 pm PST). Please confirm your availability.

Thanks,
Scott

**From:** Kearney, Tom J. [mailto:TKearney@winston.com]
**Sent:** Wednesday, November 23, 2011 3:42 PM
**To:** Moskin, Jonathan; Kaspar, Scott R.
**Cc:** Golinveaux, Jennifer A.; Donaldson, J. Caleb; Mersmann, Eric J.
**Subject:**

Jonathan –

Thank you for your email and letters. It appears you misunderstood our November 17 letter. To clarify, ALL of the issues from our July 29, 2011 letter remain outstanding. Attached is a copy of that letter for your reference. We also continue to have issues with each of Games Workshop's discovery responses identified in our November 17 letter.

Let's plan to discuss the outstanding issues on Monday, November 28, at 11 a.m. PST. If you would prefer another time on Monday, or on Tuesday before noon PST, let me know when.

Best,

Tom


**Thomas J. Kearney**
D: +1 (415) 591-6894
www.winston.com
<image001.jpg>

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
****************************************************
************************** Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.




The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to

be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot

be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
**************************************************************************** Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.


The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

# EXHIBIT 9

**Donaldson, J. Caleb**

| | |
|---|---|
| **From:** | Golinveaux, Jennifer A. |
| **Sent:** | Monday, November 28, 2011 2:09 PM |
| **To:** | Moskin, Jonathan |
| **Cc:** | Kaspar, Scott R.; Kearney, Tom J.; Donaldson, J. Caleb; Mersmann, Eric J. |
| **Subject:** | Re: RE: RE: RE: |

I have. Repeatedly. Caleb's letter of week before last, for example. All if those issues remain. If you prefer to only discuss those issues today, that is fine. It is your choice.

On Nov 28, 2011, at 2:03 PM, "Moskin, Jonathan" <JMoskin@foley.com> wrote:

> Where have you identified the issues?  Point to a letter?  Point to
> something?
>
> -----Original Message-----
> From: Golinveaux, Jennifer A. [mailto:JGolinveaux@winston.com]
> Sent: Monday, November 28, 2011 5:00 PM
> To: Moskin, Jonathan
> Cc: Kaspar, Scott R.; Kearney, Tom J.; Donaldson, J. Caleb; Mersmann,
> Eric J.
> Subject: Re: RE: RE:
>
> Jonathan,
>
> This is the last time I will repeat myself. We have identified the
> outstanding issues and will look forward to speaking with you shortly in
> an effort to resolve our differences.
>
> Jennifer
>
> On Nov 28, 2011, at 1:39 PM, "Moskin, Jonathan"
> <JMoskin@foley.com<mailto:JMoskin@foley.com>> wrote:
>
> In other words, you are still simply refusing to tell us what issues
> Chapterhouse has.  No matter how many times we have advised you how
> counterproductive that is, you refuse to communicate.
>
> Yet again, we would like to know what is in issue and don't see why you
> can't tell us before we talk.  Nor do we understand why you feel no
> obligation to answer our deficiency letters.  If you put your positions
> in writing, as we have done, it saves everyone a lot of time and
> prevents misunderstandings what was said or agreed.
>
> If you genuinely wanted to limit the issues, you would simply tell us
> what are the issues.  It simply is not useful or productive or fair for
> us to have addressed all of your questions in advance yet for you to
> answer none.
>
> Jonathan

> \
> _____\
> From: Golinveaux, Jennifer A. [mailto:JGolinveaux@winston.com]\
> Sent: Monday, November 28, 2011 4:05 PM\
> To: Moskin, Jonathan; Kaspar, Scott R.\
> Cc: Kearney, Tom J.; Donaldson, J. Caleb; Mersmann, Eric J.\
> Subject: RE: RE:\
> \
> As I said, I believe we have and can make any required clarifications\
> during the call this afternoon.\
> \
> Jennifer Golinveaux\
> \
> D: +1 (415) 591-1506\
> \
> www.winston.com<http://www.winston.com>\
> \
> <image001.jpg>\
> From: Moskin, Jonathan [mailto:JMoskin@foley.com]\
> Sent: Monday, November 28, 2011 1:02 PM\
> To: Golinveaux, Jennifer A.; Kaspar, Scott R.\
> Cc: Kearney, Tom J.; Donaldson, J. Caleb; Mersmann, Eric J.\
> Subject: RE: RE:\
> \
> You are completely missing the point that this exchange began precisely\
> because the last message from Tom Kearney on Wednesday revealed, to our\
> surprise, that your November 17 letter simply disregarded our August 5\
> letter answering all of your prior questions.  Once again, we would like\
> to know what is in issue and don't see why you can't tell us before the\
> call.  Nor do we understand why you feel no obligation to answer our\
> deficiency letters.\
> \
> You previously "sandbagged" us by refusing to participate in preparing a\
> joint status report in late June, and then, without any meet and confer,\
> made a motion to compel that disregarded prior agreements made in early\
> June.  This seems to be part and parcel of Chapterhouse's strategy.\
> \
> Jonathan\
> \
> _____\
> From: Golinveaux, Jennifer A. [mailto:JGolinveaux@winston.com]\
> Sent: Monday, November 28, 2011 3:51 PM\
> To: Moskin, Jonathan; Kaspar, Scott R.\
> Cc: Kearney, Tom J.; Donaldson, J. Caleb; Mersmann, Eric J.\
> Subject: RE: RE:\
> Jonathan,\
> \
> Tell you what? We have already summarized the issues again for you in\
> writing in Caleb's recent letter and will be fully prepared to discuss\
> them with you shortly. The fact that you keep responding and saying that\
> you don't think they are issues does not resolve the matter. Perhaps a

> live conversation will help. Let's make every effort to resolve these
> issues today to the extent possible.
>
> Jennifer
>
> Jennifer Golinveaux
>
> D: +1 (415) 591-1506
>
> www.winston.com<http://www.winston.com>
>
> <image001.jpg>
> From: Moskin, Jonathan [mailto:JMoskin@foley.com]
> Sent: Monday, November 28, 2011 12:42 PM
> To: Golinveaux, Jennifer A.; Kaspar, Scott R.
> Cc: Kearney, Tom J.; Donaldson, J. Caleb; Mersmann, Eric J.
> Subject: RE: RE:
>
> Why can't you tell us now, before we talk?  I really have no idea what
> is the purpose of this call when you insist on making what appears to us
> to be a game of refusing to tell us what you contend is in issue.  I
> find it incredibly rude that you can't reciprocate the simple courtesies
> we have extended to you.
>
> Jonathan
>
> _____
> From: Golinveaux, Jennifer A. [mailto:JGolinveaux@winston.com]
> Sent: Monday, November 28, 2011 3:39 PM
> To: Moskin, Jonathan; Kaspar, Scott R.
> Cc: Kearney, Tom J.; Donaldson, J. Caleb; Mersmann, Eric J.
> Subject: RE: RE:
> If you have any questions regarding the remaining issues summarized in
> our letter of the week before last (not the end of last week) we will
> make every effort to clarify them for you during the call this
> afternoon, and we are hopeful that we can make progress towards
> resolving at least some of them. As you know, you and I have also spent
> hours discussing many of these issues with Judge Gilbert.
>
> Jennifer
>
> Jennifer Golinveaux
>
> D: +1 (415) 591-1506
>
> www.winston.com<http://www.winston.com>
>
> <image001.jpg>
> From: Moskin, Jonathan [mailto:JMoskin@foley.com]
> Sent: Monday, November 28, 2011 12:34 PM
> To: Golinveaux, Jennifer A.; Kaspar, Scott R.

> Cc: Kearney, Tom J.; Donaldson, J. Caleb; Mersmann, Eric J.
> Subject: RE: RE:
>
> I don't know how you can say that Chapterhouse has responded to our
> correspondence. We have written you three detailed deficiency letters
> to which you have not responded. Moreover, we have responded in detail
> to the two letters you wrote ...only to learn at the end of last week
> that although we thought we had resolved all questions raised in your
> July 29 letter (since you never responded to our August 5 response), we
> now learn that ere are undisclosed issues remaining. It would be very
> useful now to know what issues you think remain.
>
> And you were not present at the settlement/discovery conference, so I
> don't know to what comments of Judge Gilbert you are referring.
>
> Jonathan
>
> _____
> From: Golinveaux, Jennifer A. [mailto:JGolinveaux@winston.com]
> Sent: Monday, November 28, 2011 1:04 PM
> To: Kaspar, Scott R.
> Cc: Kearney, Tom J.; Donaldson, J. Caleb; Mersmann, Eric J.; Moskin,
> Jonathan
> Subject: RE: RE:
> Tom will circulate a call-in for today's call.
>
> We of course have not ignored your correspondence but rather have spent
> months discussing the outstanding discovery issues with you and your
> colleague, both in the context of lengthy discussions with Judge Gilbert
> in which he repeatedly told you why he considers Defendant's discovery
> relevant, and dismissed Jonathan's arguments to the contrary, and in
> email and letter correspondence. If you think there are outstanding
> issues that need to be discussed, that is the purpose of today's call.
>
> In light of this history, your email below is surprising indeed since
> you were part of the discussions with Judge Gilbert and have been copied
> on the relevant correspondence.
>
> Jennifer
>
> Jennifer Golinveaux
>
> D: +1 (415) 591-1506
>
> www.winston.com<http://www.winston.com>
>
> <image001.jpg>
> From: Kaspar, Scott R. [mailto:SKaspar@foley.com]
> Sent: Monday, November 28, 2011 9:57 AM
> To: Golinveaux, Jennifer A.
> Cc: Kearney, Tom J.; Donaldson, J. Caleb; Mersmann, Eric J.; Moskin,

> Jonathan
> Subject: Re: RE:
>
> As far as I am aware, 5:30 pm EST today<x-apple-data-detectors://0> is
> acceptable. However, we are very disappointed that you have simply
> ignored all of our correspondence, making it very difficult for us to
> know what is the purpose of the call.
>
>
> On Nov 28, 2011, at 11:43 AM, "Golinveaux, Jennifer A."
> <JGolinveaux@winston.com<mailto:JGolinveaux@winston.com>> wrote:
> Hi Scott,
>
> I have a conflict at 4pm EST and had shuffled my schedule to make our
> call at 11AM PST today since we did not hear back from you or Jonathan
> about any issue with that time. Caleb and Tom can do the call at 5:30 pm
> EST today. Please confirm ASAP what time you prefer.
>
> Regards,
> Jennifer
>
> Jennifer Golinveaux
>
> D: +1 (415) 591-1506
>
> www.winston.com<http://www.winston.com>
>
> <image001.jpg>
> From: Kaspar, Scott R. [mailto:SKaspar@foley.com]
> Sent: Monday, November 28, 2011 9:38 AM
> To: Kearney, Tom J.
> Cc: Golinveaux, Jennifer A.; Donaldson, J. Caleb; Mersmann, Eric J.;
> Moskin, Jonathan
> Subject: RE:
>
> [http://mm1.lettermark.net/foleylaw/card/EYGF_3.gif]<http://mm1.letterma
> rk.net/foleylaw/card/EYGF_3.map>
>
> Tom,
>
> 11 am PST does not work for us, but we propose today at 4 pm EST (1 pm
> PST).  Please confirm your availability.
>
> Thanks,
> Scott
>
> _____
> From: Kearney, Tom J. [mailto:TKearney@winston.com]
> Sent: Wednesday, November 23, 2011 3:42 PM
> To: Moskin, Jonathan; Kaspar, Scott R.
> Cc: Golinveaux, Jennifer A.; Donaldson, J. Caleb; Mersmann, Eric J.

> Subject:
> Jonathan -
>
> Thank you for your email and letters. It appears you misunderstood our
> November 17 letter. To clarify, ALL of the issues from our July 29, 2011
> letter remain outstanding. Attached is a copy of that letter for your
> reference. We also continue to have issues with each of Games Workshop's
> discovery responses identified in our November 17 letter.
>
> Let's plan to discuss the outstanding issues on Monday, November 28, at
> 11 a.m. PST. If you would prefer another time on Monday, or on Tuesday
> before noon PST, let me know when.
>
> Best,
>
> Tom
>
> Thomas J. Kearney
>
> D: +1 (415) 591-6894
>
> www.winston.com<http://www.winston.com>
>
> <image001.jpg>
>
> The contents of this message may be privileged and confidential.
> Therefore, if this message has been received in error, please delete it
> without reading it. Your receipt of this message is not intended to
> waive any applicable privilege. Please do not disseminate this message
> without the permission of the author.
> **********************************************************************
> ****** Any tax advice contained in this email was not intended to be
> used, and cannot be used, by you (or any other taxpayer) to avoid
> penalties under the Internal Revenue Code of 1986, as amended.
> [http://mm1.lettermark.net/help/images/lminfo1.gif]<http://www.lettermar
> k.net/emailhelp.asp?id=Foley%20&%20Lardner%20LLP>
>
>
> The preceding email message may be confidential or protected by the
> attorney-client privilege. It is not intended for transmission to, or
> receipt by, any unauthorized persons. If you have received this message
> in error, please (i) do not read it, (ii) reply to the sender that you
> received the message in error, and (iii) erase or destroy the message.
> Legal advice contained in the preceding message is solely for the
> benefit of the Foley & Lardner LLP client(s) represented by the Firm in
> the particular matter that is the subject of this message, and may not
> be relied upon by any other party.
>
> Internal Revenue Service regulations require that certain types of
> written advice include a disclaimer. To the extent the preceding message
> contains advice relating to a Federal tax issue, unless expressly stated

> otherwise the advice is not intended or written to be used, and it
> cannot be used by the recipient or any other taxpayer, for the purpose
> of avoiding Federal tax penalties, and was not written to support the
> promotion or marketing of any transaction or matter discussed herein.
>
> The contents of this message may be privileged and confidential.
> Therefore, if this message has been received in error, please delete it
> without reading it. Your receipt of this message is not intended to
> waive any applicable privilege. Please do not disseminate this message
> without the permission of the author.
> ***************************************************************************
> ****** Any tax advice contained in this email was not intended to be
> used, and cannot be used, by you (or any other taxpayer) to avoid
> penalties under the Internal Revenue Code of 1986, as amended.
>
>
> The preceding email message may be confidential or protected by the
> attorney-client privilege. It is not intended for transmission to, or
> receipt by, any unauthorized persons. If you have received this message
> in error, please (i) do not read it, (ii) reply to the sender that you
> received the message in error, and (iii) erase or destroy the message.
> Legal advice contained in the preceding message is solely for the
> benefit of the Foley & Lardner LLP client(s) represented by the Firm in
> the particular matter that is the subject of this message, and may not
> be relied upon by any other party.
>
> Internal Revenue Service regulations require that certain types of
> written advice include a disclaimer. To the extent the preceding message
> contains advice relating to a Federal tax issue, unless expressly stated
> otherwise the advice is not intended or written to be used, and it
> cannot be used by the recipient or any other taxpayer, for the purpose
> of avoiding Federal tax penalties, and was not written to support the
> promotion or marketing of any transaction or matter discussed herein.
>
> The contents of this message may be privileged and confidential.
> Therefore, if this message has been received in error, please delete it
> without reading it. Your receipt of this message is not intended to
> waive any applicable privilege. Please do not disseminate this message
> without the permission of the author.
> ***************************************************************************
> ****** Any tax advice contained in this email was not intended to be
> used, and cannot be used, by you (or any other taxpayer) to avoid
> penalties under the Internal Revenue Code of 1986, as amended.
>
>
> The preceding email message may be confidential or protected by the
> attorney-client privilege. It is not intended for transmission to, or
> receipt by, any unauthorized persons. If you have received this message
> in error, please (i) do not read it, (ii) reply to the sender that you
> received the message in error, and (iii) erase or destroy the message.
> Legal advice contained in the preceding message is solely for the

7

> benefit of the Foley & Lardner LLP client(s) represented by the Firm in
> the particular matter that is the subject of this message, and may not
> be relied upon by any other party.
>
> Internal Revenue Service regulations require that certain types of
> written advice include a disclaimer. To the extent the preceding message
> contains advice relating to a Federal tax issue, unless expressly stated
> otherwise the advice is not intended or written to be used, and it
> cannot be used by the recipient or any other taxpayer, for the purpose
> of avoiding Federal tax penalties, and was not written to support the
> promotion or marketing of any transaction or matter discussed herein.
>
> The contents of this message may be privileged and confidential.
> Therefore, if this message has been received in error, please delete it
> without reading it. Your receipt of this message is not intended to
> waive any applicable privilege. Please do not disseminate this message
> without the permission of the author.
> ********************************************************************
> ****** Any tax advice contained in this email was not intended to be
> used, and cannot be used, by you (or any other taxpayer) to avoid
> penalties under the Internal Revenue Code of 1986, as amended.
>
>
> The preceding email message may be confidential or protected by the
> attorney-client privilege. It is not intended for transmission to, or
> receipt by, any unauthorized persons. If you have received this message
> in error, please (i) do not read it, (ii) reply to the sender that you
> received the message in error, and (iii) erase or destroy the message.
> Legal advice contained in the preceding message is solely for the
> benefit of the Foley & Lardner LLP client(s) represented by the Firm in
> the particular matter that is the subject of this message, and may not
> be relied upon by any other party.
>
> Internal Revenue Service regulations require that certain types of
> written advice include a disclaimer. To the extent the preceding message
> contains advice relating to a Federal tax issue, unless expressly stated
> otherwise the advice is not intended or written to be used, and it
> cannot be used by the recipient or any other taxpayer, for the purpose
> of avoiding Federal tax penalties, and was not written to support the
> promotion or marketing of any transaction or matter discussed herein.
>
> The contents of this message may be privileged and confidential.
> Therefore, if this message has been received in error, please delete it
> without reading it. Your receipt of this message is not intended to
> waive any applicable privilege. Please do not disseminate this message
> without the permission of the author.
> ********************************************************************
> ****** Any tax advice contained in this email was not intended to be
> used, and cannot be used, by you (or any other taxpayer) to avoid
> penalties under the Internal Revenue Code of 1986, as amended.
>

>
> The preceding email message may be confidential or protected by the
> attorney-client privilege. It is not intended for transmission to, or
> receipt by, any unauthorized persons. If you have received this message
> in error, please (i) do not read it, (ii) reply to the sender that you
> received the message in error, and (iii) erase or destroy the message.
> Legal advice contained in the preceding message is solely for the
> benefit of the Foley & Lardner LLP client(s) represented by the Firm in
> the particular matter that is the subject of this message, and may not
> be relied upon by any other party.
>
> Internal Revenue Service regulations require that certain types of
> written advice include a disclaimer. To the extent the preceding message
> contains advice relating to a Federal tax issue, unless expressly stated
> otherwise the advice is not intended or written to be used, and it
> cannot be used by the recipient or any other taxpayer, for the purpose
> of avoiding Federal tax penalties, and was not written to support the
> promotion or marketing of any transaction or matter discussed herein.
>
> The contents of this message may be privileged and confidential.
> Therefore, if this message has been received in error, please delete it
> without reading it. Your receipt of this message is not intended to
> waive any applicable privilege. Please do not disseminate this message
> without the permission of the author.
> ************************************************************************
> ****** Any tax advice contained in this email was not intended to be
> used, and cannot be used, by you (or any other taxpayer) to avoid
> penalties under the Internal Revenue Code of 1986, as amended.
>
>
> The preceding email message may be confidential or protected by the
> attorney-client privilege. It is not intended for transmission to, or
> receipt by, any unauthorized persons. If you have received this message
> in error, please (i) do not read it, (ii) reply to the sender that you
> received the message in error, and (iii) erase or destroy the message.
> Legal advice contained in the preceding message is solely for the
> benefit of the Foley & Lardner LLP client(s) represented by the Firm in
> the particular matter that is the subject of this message, and may not
> be relied upon by any other party.
>
> Internal Revenue Service regulations require that certain types of
> written advice include a disclaimer. To the extent the preceding message
> contains advice relating to a Federal tax issue, unless expressly stated
> otherwise the advice is not intended or written to be used, and it
> cannot be used by the recipient or any other taxpayer, for the purpose
> of avoiding Federal tax penalties, and was not written to support the
> promotion or marketing of any transaction or matter discussed herein.
> The contents of this message may be privileged and confidential.
> Therefore, if this message has been received in error, please delete it
> without reading it. Your receipt of this message is not intended to
> waive any applicable privilege. Please do not disseminate this message

9

> without the permission of the author.
> ****************************************************************************
> ****** Any tax advice contained in this email was not intended to be
> used, and cannot be used, by you (or any other taxpayer) to avoid
> penalties under the Internal Revenue Code of 1986, as amended.
>
> The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons.  If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message.  Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.
>
> Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.
>

# EXHIBIT 10

**Donaldson, J. Caleb**

| | |
|---|---|
| **From:** | Kearney, Tom J. |
| **Sent:** | Monday, November 28, 2011 2:41 PM |
| **To:** | Kaspar, Scott R.; Moskin, Jonathan |
| **Cc:** | Golinveaux, Jennifer A.; Donaldson, J. Caleb; Mersmann, Eric J. |
| **Subject:** | Today's scheduled meet and confer |

Counsel –

We will wait on the line another five minutes for you to call in as agreed.  We remain ready to discuss all discovery issues outstanding.

Tom

**Thomas J. Kearney**
D: +1 (415) 591-6894
www.winston.com



# EXHIBIT 11

**Donaldson, J. Caleb**

| | |
|---|---|
| **From:** | Golinveaux, Jennifer A. |
| **Sent:** | Tuesday, November 29, 2011 9:14 AM |
| **To:** | 'Moskin, Jonathan'; Kearney, Tom J.; Kaspar, Scott R. |
| **Cc:** | Donaldson, J. Caleb; Mersmann, Eric J. |
| **Subject:** | RE: Games Workshop v Chapterhouse |

Jonathan:

Your most recent excuse for refusing to meet and confer about outstanding discovery issues is your repeated claim that Defendant provided no response to your July 28 and August 5 correspondence about discovery. Despite the fact that there is no requirement that Defendant engage with you in extended back and forth written correspondence in order for you to participate in the required meet and confer (a point Judge Gilbert made clear to you), I refer you to Caleb's September 1, 2011 email, which contains a detailed responses to your earlier correspondence about Plaintiff's discovery requests. In an effort to move things forward, on November 17 Caleb also sent you a detailed letter summarizing the issues with Plaintiff's discovery responses, all of which remain outstanding in light of the fact that your written response did not resolve any of the issues.

You have now refused to meet and confer with us on discovery issues until the last day before the time to file a motion to compel, in an apparent misguided effort to forestall providing any meaningful discovery in this case. The Court fully expects the parties to be able to resolve routine discovery matters. We have made every effort to do so. In one last effort to conduct a meaningful meet and confer telephone conference, our side will be available at 10AM PST this morning, the time suggested by your associate, and prepared to discuss all outstanding issues. Please use the dial in number Tom circulated yesterday.

Regards,
Jennifer

-----Original Message-----
From: Moskin, Jonathan [mailto:JMoskin@foley.com]
Sent: Tuesday, November 29, 2011 6:15 AM
To: Kearney, Tom J.; Kaspar, Scott R.; Golinveaux, Jennifer A.
Cc: Donaldson, J. Caleb; Mersmann, Eric J.
Subject: Games Workshop v Chapterhouse

On further reflection following the unproductive exchange of messages
yesterday trying to limit the discovery issues, what most frustrates me
is that even though you refuse to respond in writing to the deficiency
letters we have sent or confirm in writing what issues, if any, you
think remain regarding Games Workshop's discovery responses following
our letters to you responding to all known objections is that you will
need to put those positions in writing in the next several days. We
fail to understand, therefore, why you won't put them in writing now so
that we have certainty what is in issue and can point the court to a
clear record.

I hate to be so blunt, but quite frankly Chapterhouse's defense of this
case has eroded our trust that defendant will abide by what you say. I

initiated a meet and confer in early June, yet despite apparent
agreement resolving then-outstanding issues, Chapterhouse proceeded to
file two later discovery motions in disregard of the agreements reached
in June (and did so without any prior meet and confer).  In September
and October, leading up to the settlement and discovery conference, you
twice promised in telephone conferences with Magistrate Judge Gilbert to
produce the independent creation documents we have been demanding since
the outset of discovery, yet in the end Chapterhouse produced only four
or five email strings and conceded at the conference itself that no
attempt had even been made to produce documents such as sketches,
mock-ups and so-forth that might show actual independent creation.
Similarly, when we tried to negotiate a joint status conference with you
in late June, you refused to participate and then "sandbagged" us by
saying that because Chapterhouse intended to move for summary judgment
it didn't need to cooperate.  That in turn led to a series of emails
after our telephone calls with each side disputing what the other said.
We do not wish for a repeat of that event, so, rather than a series of
such emails now, why won't you just put in writing your positions on
discovery issues.  It might save us all a lot of effort.

Thank you

Jonathan


The preceding email message may be confidential or protected by the attorney-client privilege. It is
not intended for transmission to, or receipt by, any unauthorized persons.  If you have received this
message in error, please (i) do not read it, (ii) reply to the sender that you received the message in
error, and (iii) erase or destroy the message.  Legal advice contained in the preceding message is
solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular
matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer.
To the extent the preceding message contains advice relating to a Federal tax issue, unless
expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by
the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not
written to support the promotion or marketing of any transaction or matter discussed herein.

# EXHIBIT 12

**Donaldson, J. Caleb**

| | |
|---|---|
| **From:** | Donaldson, J. Caleb |
| **Sent:** | Tuesday, August 02, 2011 10:10 AM |
| **To:** | Moskin, Jonathan; Golinveaux, Jennifer A.; Kearney, Tom J. |
| **Cc:** | Mersmann, Eric J.; Chea, Carleen K.; Kaspar, Scott R. |
| **Subject:** | RE: Discovery Responses re Games Workshop Limited v. Chapterhouse Studios LLC |
| **Attachments:** | image001.jpg |

Jonathan,

We will discuss with our client the confidential designation of the interrogatory responses you object to below.

Please suggest a time to meet and confer about this issue and about the issues raised in Tom Kearney's July 29, 2011 letter.

Thank you.

Caleb

---

**From:** Moskin, Jonathan [mailto:JMoskin@foley.com]
**Sent:** Monday, August 01, 2011 2:42 PM
**To:** Golinveaux, Jennifer A.; Kearney, Tom J.
**Cc:** Donaldson, J. Caleb; Mersmann, Eric J.; Chea, Carleen K.; Kaspar, Scott R.
**Subject:** RE: Discovery Responses re Games Workshop Limited v. Chapterhouse Studios LLC

I have just now reviewed Chapterhouse's supplemental responses to Games Workshops Second Set of Interrogatories (Nos. 3, 4, 6 and 9 and 10). The names of people who have performed services for Chapterhouse in designing or producing the accused works (Nos. 3, 4 and 6), the public websites and other venues where its products are sold or advertised (Nos. 9 and 10) are not confidential under the meaning of the parties protective order. Even more clearly, this information is not highly confidential.

The protective order includes the following definition:

"'Confidential' information is information concerning a Person's business operations, processes, and technical and development information within the scope of Rule 26(c)(1)(G), the disclosure of which is likely to harm that Person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third Person or to a Court."

Highly confidential information is limited to:

"current or future business or technical trade secrets and plans more sensitive or strategic than Confidential information, the disclosure of which is likely to significantly harm that Person's competitive position."

Minimally and most obviously, the public websites and other venues where defendants' products are sold or advertised are not confidential by virtue of having been "disclosed in a printed publication" under Paragraph 2(d) of the Order. And none of the information you have designated Confidential has any bearing on the parties' competitive positions. It does not entail the disclosure of any business plans or information of competitive interest to merit confidential treatment. Far more simply, it does not include any "technical trade secrets and plans" to warrant highly confidential treatment, and nothing about disclosing such information will harm Chapterhouse's competitive position. Nor have you suggested there are confidentiality obligations to these third parties. Rather, the designation simply frustrates our ability as counsel to share such information with our client and hence prosecute the case.

1

Please confirm that you will redesignate the information promptly. At the very least, please confirm that the information can be treated as simply "Confidential" rather than "Highly Confidential" so that we can share it with in-house counsel at Games Workshop.

Thank you

Jonathan

---

**From:** Schuh, Lisa [mailto:LSchuh@winston.com]
**Sent:** Friday, July 29, 2011 7:16 PM
**To:** Kaspar, Scott R.; 'aweinzierl@foley.com.'; Moskin, Jonathan
**Cc:** Golinveaux, Jennifer A.; Donaldson, J. Caleb; Kearney, Tom J.; Mersmann, Eric J.; Chea, Carleen K.
**Subject:** Discovery Responses re Games Workshop Limited v. Chapterhouse Studios LLC

Dear Counsel,

Attached please find the following discovery documents which are being sent to you today via U.S. Mail:

1. DEFENDANT CHAPTERHOUSE STUDIOS LLC'S SECOND SUPPLEMENTAL RESPONSE TO GAMES WORKSHOP LTD.'S FIRST SET OF INTERROGATORIES TO CHAPTERHOUSE STUDIOS LLC (NOS. 1-2); and

2. DEFENDANT CHAPTERHOUSE STUDIOS LLC'S FIRST SUPPLEMENTAL RESPONSE TO GAMES WORKSHOP LTD.'S SECOND SET OF INTERROGATORIES TO CHAPTERHOUSE STUDIOS LLC (NOS. 3-13)

Thank you.


**Lisa Schuh**
**Legal Secretary to Thomas Kearney**
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802
T: +1 (415) 591-1000
D: +1 (415) 591-6854
F: +1 (415) 591-1400
Email | www.winston.com




The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
*******************************************************************************

Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.


The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

# EXHIBIT 13

**Donaldson, J. Caleb**

| | |
|---|---|
| **From:** | Moskin, Jonathan [JMoskin@foley.com] |
| **Sent:** | Wednesday, November 30, 2011 1:16 PM |
| **To:** | Donaldson, J. Caleb; Kearney, Tom J.; Kaspar, Scott R. |
| **Cc:** | Golinveaux, Jennifer A.; Mersmann, Eric J. |
| **Subject:** | RE: Games Workshop v. Chapterhouse Studios |

I'm not sure what is the basis of the misunderstanding, but I can at least confirm that Scott and I jointly authored the message I sent (as well as this message). Regarding the specific points you raise we note the following:

We do not think Chapterhouse's response to Interrogatory 8 responds at all to the actual question presented (as we have repeatedly told you in the past). Indeed, it nowhere affirmatively states why defendant picked its name and nowhere affirmatively says that either the dictionary definition of the word or the Dune novel had anything to do with the selection of the name.
Regarding Request 21, our impression based on the call yesterday is that Chapterhouse can generate such metrics reports but contends it simply has not done so. That does not make any less relevant GW's request for the information or relieve Chapterhouse of its duty to produce it - much like generating sales reports.
Request 25 is not limited to surveys. It does not even mention surveys. It concerns consumer impressions.
Request 15 seeks sales information on third-party sites such as eBay or Barterhouse. As you know, it was on these sites where Games Workshop first noticed Chapterhouse selling its products under Games Workshop's trademarks. The request encompasses sales data and communications with the sites or showing how the products were promoted on such sites. This might also include customer feedback or interaction arising from such marketing.

I hope this helps clarify our position.

Jonathan

---

**From:** Donaldson, J. Caleb [mailto:JCDonaldson@winston.com]
**Sent:** Wednesday, November 30, 2011 1:39 PM
**To:** Moskin, Jonathan; Kearney, Tom J.; Kaspar, Scott R.
**Cc:** Golinveaux, Jennifer A.; Mersmann, Eric J.
**Subject:** RE: Games Workshop v. Chapterhouse Studios

Jonathan,

I should correct the record about several points you raise, which do not take into account further discussions we had with your colleague yesterday afternoon. As you know, we broke the meet and confer conference call into two parts yesterday to accommodate you because you had only allowed an hour in your schedule to get through the issues. Despite this, only Scott Kaspar was available when we reconvened.

During that second part of the meet-and-confer yesterday, we addressed several of Plaintiff's specific issues, including the following:

- Chapterhouse's response to Interrogatory 8 speaks for itself, as Scott acknowledged on the phone.
- Chapterhouse does not have reports of website metrics. Scott confirmed he would inform us what else Plaintiff sought by its Request 21.
- Chapterhouse does not have a customer survey or anything like a formal report of customer perceptions of Chapterhouse. Chapterhouse objected to Request 25 as too broad, but offered

1

to consider a narrower request if Plaintiff could explain what it wanted and what the relevance was. Scott confirmed he would inform us what else Plaintiff sought by its Request 25.
- We reiterated our objections to Plaintiff's Request 15, and Scott confirmed he would tell us whether Games Workshop would consider narrowing this request.


I hope this helps to narrow any outstanding issues.


Caleb

---

**From:** Moskin, Jonathan [mailto:JMoskin@foley.com]
**Sent:** Wednesday, November 30, 2011 8:54 AM
**To:** Kearney, Tom J.; Kaspar, Scott R.
**Cc:** Golinveaux, Jennifer A.; Donaldson, J. Caleb; Mersmann, Eric J.
**Subject:** RE: Games Workshop v. Chapterhouse Studios

Confirming why we had been insisting on written responses to the many unanswered deficiency letters we have sent since July, your email yesterday is inaccurate in many respects, and appears designed to create a false impression that Games Workshop has been in some way uncooperative, while at the same time trying to create an incorrect appearance that we resolved most of the issues we had raised with you for months regarding the deficiencies in Chapterhouse's discovery responses.  Therefore, let me clarify a few things.

You are correct that defendant has asked us to confirm dates the week of December 12-16 for Plaintiff's 30(b)(6) deposition in Chicago, which we noted might well be difficult given the need to bring two or more witnesses from England to testify on all of the sustentative issues raised by Chapterhouse.   (From my discussion this morning with my client, it appears likely this will be at least three witnesses.)  By contrast, all Games Workshop has initially requested is a date for Chapterhouse's document custodian pursuant to a notice we first served in August.  As we have told you repeatedly, that should take no more than an hour or so.  A full 30(b)(6) deposition of Chapterhouse must await receipt of documents.

Regarding the issues raised by Games Workshop, Chapterhouse has stated it has produced all documents responsive to document request 9 and promises now to produce all documents responsive to Request 10 (although it has not said when).  It has also said it will produce communications with third party designers, etc. responsive to Requests 6, 7, 8 and 12; that it has no business plans responsive to Request 11 and that it would provide the bates ranges for the documents it says it has produced in response to Request 16 (advertising by Chapterhouse).  We are not aware of any such documents it has produced.  Please confirm we are correct in the above and let us know when you expect to produce these items.

As you now note, Chapterhouse has also agreed to supplement its responses to Interrogatories 5 and 13 and Request 27.  However please confirm that you will provide complete responses explaining the bases for all of Chapterhouse's 23 affirmative defenses and explain all methods used by Chapterhouse for selecting new products to fit within the Warhammer 40,000 game.   Again, when do you expect we will receive these items?

We also asked you if Chapterhouse had changed its position regarding the other issues raised in our prior correspondence (dated July 28, August 5, September 9 and November 23) and you said no.  Thus, although you are correct that all issues were raised, many remain unresolved.

Regarding the issues identified in your message as to Games Workshop's responses, you have misstated the issue regarding Response 1.  Chapterhouse refuses to identify the specific works from which it has copied, but it does admit it has access to all of the works.  We have produced exemplars of the works we believe show the most direct evidence of copying, and as such, it seems a needless burden for Games Workshop to produce additional exemplars.  This is particularly so given the fact that it is undisputed Chapterhouse already has all of these items.  If you will be more forthcoming what works Chapterhouse actually consulted, we can produce additional exemplars.  However, just as it would not be necessary for Walt Disney to produce every single Mickey Mouse work to prove infringement of the character, it should not be necessary for Games Workshop to produce exemplars of all of its works when there is no dispute as to access or copying.

With respect to all responses, wherever you have asked us to confirm whether documents exist, we have directly answered whether we have been able to find documents (although that is not technically required). As I confirmed yesterday, to the extent Games Workshop finds documents responsive to requests 4, 9, 14, 15, 17, 18, 19, 28, 29, 43, and 44 they will be produced. The same holds true regarding Requests 5, 6, 7, 8, 11, 20, and 21, 31, 32, or 33 and 37. We trust this resolves all such issues.

Regarding Requests 34 and 42, we did not say we would simply reconsider our position. Rather, I told you in writing last week that Games Workshop would produce the documents that it obtained from your client (at the needless expense to which you put us by refusing to produce the same) and would also produce its correspondence with Mr Paulson.

Although we did not discuss Request 24, we will produce documents if they become available. We have already produced documents responsive to Requests 25, 26, and 27.

We have told you so many times in writing and on the record that Games Workshop does not claim rights in Star Fox that we can scarcely believe you insist on further confirmation. One more time, here it is: Games Workshop does not claim rights in Star Fox.

With respect to Request 3, we have repeatedly told you that if Chapterhouse questions the originality of any given works or if it believes any given author was not acting within the scope of his or her employment agreement, we would produce documents. However, instead you are insisting on more than 30 years of employment agreements without identifying any reason for such a demand. If you can articulate a reason, please let us know. This also ties in with Request 4, and you are correct that we will produce the one chain of title document of which we are aware. Again, this calls to mind the analogy to a claim by Disney for infringement of Mickey Mouse noted above.

We already have produced documents in response to Requests 1 and 2, yet you have declined our repeated invitations to identify specific works for which you have any remaining questions. If you can identify any such questions, we will be happy to comply.

Regarding Request 13, I told you there was at least one enforcement matter which, although irrelevant, we would produce documents. We have also agreed to produce documents regarding Request 22 (even though it is no longer relevant) Otherwise regarding requests 12, 13, 16, 22, 23, we are hopeful you will provide clarification and a narrowing of the requests (as you agreed to do regarding Request 36) to make the demands more intelligible. However, you declined our request yesterday to explain why you needed the information in the form and scope requested

Regarding Request 38, we have explained repeatedly that unless we can advise our client who are Chapterhouse's third party designers, etc. it is impossible for us to respond. We again ask you to allow our client's in-house counsel to see the amended responses to Games Workshop's interrogatories.

Jonathan

---

**From:** Kearney, Tom J. [mailto:TKearney@winston.com]
**Sent:** Tuesday, November 29, 2011 9:41 PM
**To:** Moskin, Jonathan; Kaspar, Scott R.
**Cc:** Golinveaux, Jennifer A.; Donaldson, J. Caleb; Mersmann, Eric J.; Kearney, Tom J.
**Subject:** Games Workshop v. Chapterhouse Studios

Counsel –

I write to summarize our telephonic meet and confer of today. As we explained on the phone, given the Court's November 30 filing deadline, we must have your written response to the issues noted below before 9:00 a.m. PST tomorrow or we will have no alternative but to move the Court to compel production on all issues.

Defendant has asked Plaintiff to confirm dates the week of December 12-16 for Plaintiff's 30(b)(6) deposition in Chicago. Plaintiff has requested possible dates for its 30(b)(6) deposition of Chapterhouse at or near the same time.

The parties discussed Games Workshop's outstanding discovery issues, which Chapterhouse now believes (and Scott confirmed) have been fully addressed. Chapterhouse agreed to supplement its responses to Interrogatories 5 and 13 and RFP 27. Chapterhouse's document production, which will be forthcoming this week or next, should address the remainder of Plaintiff's outstanding discovery requests.

With respect to Chapterhouse's outstanding discovery issues:

- With respect to RFP 1 you will let us know whether Games Workshop's sculptural works are relevant to Plaintiff's claims or not. Defendant explained that Plaintiff either considers the works relevant, in which case exemplars must be produced, or it does not consider them relevant, in which case Defendant will move to exclude them from consideration later in the case.

- With respect to RFPs 4, 9, 14, 15, 17, 18, 19, 28, 29, 43, and 44, Plaintiff's responses indicate that it is "not aware" of responsive documents. You confirmed that Plaintiff will nonetheless produce responsive documents to the extent they exist.

- You stated that you would reconsider your response to RFP 34. Please confirm whether you will produce responsive documents. You also stated you would reconsider your responses to RFPs 24, 25, 26, and 27. Please confirm whether you will produce responsive documents, and if so by when.

- With respect to RFP 30, please confirm that Plaintiff is abandoning all claims relating to the "Star Fox" name, mark, and design.

- You stated that you have produced (or "may have produced") all documents responsive to RFPs 6, 8, 20, and 21. Please confirm whether all such documents have been produced.

- In light of your claim to have produced all documents concerning Chapterhouse or its products, please confirm that there are no additional documents in Plaintiff's possession, custody, or control responsive to RFP 31, 32, or 33.

- In its written responses to RFP 7 and 11, Plaintiff refused to produce documents, but you now state that Plaintiff has already produced responsive documents. Please confirm that Plaintiff has produced all responsive documents in Plaintiff's possession, custody, or control, and that Plaintiff will rely only on its document production to date as evidence of first use in U.S. commerce. Please also confirm that Plaintiff will supplement its written responses to these Requests to indicate that it has produced all responsive, non-privileged documents. Defendant will move to exclude non-produced or late-produced documents that Plaintiff attempts to use as evidence of use in commerce, including first use in commerce, in the United States.

- With respect to RFP 3, Plaintiff stands on its objections and refuses to produce responsive documents, but you also state that Plaintiff may be able to produce some unspecified responsive documents. That is an insufficient response: unless you confirm in writing that Plaintiff will agree to produce all responsive documents, Defendant will move to compel.

- With respect to RFP 4, you stated that Plaintiff is now aware of and will produce at least one responsive document. With respect to RFPs 5 and 37, you stated that responsive documents are being collected. With respect to RFP 35, Plaintiff has agreed to produce responsive documents but to date we have received none. Please confirm when those documents will be produced.

4

- You refused to supplement or amend Plaintiff's responses to RFPs 1, 2, 12, 13, 16, 22, 23, 38, and 42.

- Chapterhouse agreed to narrow RFP 36.

- With respect to Defendant's Interrogatories, we have raised issues with respect to 1-2, 3-7, 9, 10, 13-14, and 16-17. You agreed to supplement your response to Interrogatory 16 in accordance with the interrogatory instructions, to explicitly address the portions of the interrogatory Plaintiff was unable to answer. Because you have not agreed to otherwise supplement the responses, Defendant will move the Court to compel.

As noted above, given the Court's filing deadline for Defendant's motion to compel, we must have Plaintiff's responses to the above by 9:00 a.m. PST, November 30.

Sincerely,

Thomas Kearney

**Thomas J. Kearney**
D: +1 (415) 591-6894
www.winston.com



The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
**************************************************************************** Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. ************************************************************************** Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.


The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.