# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 8103 | **DATE** | 12/23/2011 |
| **CASE TITLE** | Games Workshop Ltd. vs. Chapterhouse Studios LLC | | |

**DOCKET ENTRY TEXT**

The Court grants in part and denies in part plaintiff's motion to compel [# 117] and defendant's motion to compel [# 121] as stated in open court on 12/19/11 and as memorialized below. The Court also grants plaintiff's motion to seal [# 119]. The case is set for a status hearing on 2/8/11 at 9:30 a.m.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

The Court herein memorializes the rulings it made at the motion hearing on 12/19/11. If anything in this order is contrary to one or more of the Court's oral rulings, the oral ruling governs.

Plaintiff's motion to compel:

(1) The Court was unable to address in full interrogatory 2 and document requests 7, 9, and 10 because defense counsel was unaware of what documents are in the process of being produced. (2) Defendant is not obligated to produce documents in the hands of its independent contractors / designers. (3) Defendant is to comply in full with document request 9. (4) Document request 4 is overly broad as currently worded. (5) The Court finds that defendant's responses to the requests to admit were timely. Defendant must answer interrogatory 15. (6) Defendant has failed to show that its list of outside contractors / designers is appropriately designated as "attorney's eyes only" under the protective order. (7) The Court declines to enforce interrogatory 12. (8) The Court declines to enforce interrogatory 5. (9) The Court declines to order a further response to document requests 14 and 17 based on defendant's representation that it has responded in full to these requests. (10) The Court directs defendant to produce documents pursuant to document request 15 as narrowed in plaintiff's motion to compel. (11) Documents responsive to document requests 16, 18 and 19 are to be produced by 12/28/11. (12) Request 20 is overly broad as currently worded and must be narrowed by plaintiff, as described at the hearing, to be enforceable. (13) Regarding document request 21, defendant is to conduct further due diligence to determine whether it has responsive documents, and if so it must produce them. (14) The Court declines to enforce document request 25.

Defendant's motion to compel:

(1) Plaintiff must produce the best available exemplar of the works in question. (2) Plaintiff is to respond in

**STATEMENT**

full to interrogatory 9 and document request 2. The Court declines to enforce document request 36. (3) Plaintiff is to respond in full to interrogatory 16 to the extent its current response is less than complete. (4) Plaintiff is to respond in full to document requests 8 and 11. The Court declines to enforce interrogatories 6 and 7 and document request 12. (5) Plaintiff has agreed to produce the documents referenced in paragraph 15 of its response and prelitigation correspondence with Jon Paulson as referenced in paragraph 16. Plaintiff is directed to produce for *in camera* inspection by 12/29/11 its settlement correspondence and settlement agreement with Paulson. Plaintiff is directed to respond in full to document request 28 now that the Court has removed the attorney's eyes only designation regarding the identities of defendant's independent designers.

The parties are to establish a prompt and certain date for production of privilege logs. The case is set for a further status hearing on 2/8/12 at 9:00 a.m.