**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GAMES WORKSHOP LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:10-cv-08103 |
| v. | ) | |
| | ) | |
| CHAPTERHOUSE STUDIOS LLC and | ) | |
| JON PAULSON d/b/a PAULSON GAMES, | ) | Judge Matthew F. Kennelly |
| | ) | |
| Defendants. | ) | |

**DECLARATION OF THOMAS J. KEARNEY IN SUPPORT OF
DEFENDANT CHAPTERHOUSE STUDIOS LLC'S MOTION TO COMPEL
DISCOVERY RESPONSES AND PRIVILEGE LOG BY A PROMPT DATE CERTAIN**

I, Thomas J. Kearney, declare as follows:

1.      I am an associate attorney with the law firm of Winston & Strawn LLP. I am a member in good standing of the Bar of the State of California, and have been admitted *pro hac vice* to the bar of this Court for this action. I have personal knowledge of the facts set forth herein.

**Plaintiff's Organization Charts**

2.      On July 29, 2011, in apparent response to Chapterhouse's document request no. 21 seeking "[a]ll documents constituting organization charts of Games Workshop Limited, including without limitation its officers, directors, employees, subsidiaries, parent companies (including without limitation Games Workshop Group PLC), sister companies, and affiliated companies," Plaintiff produced nine documents (the "GW Group Charts"), each bearing the title "Games Workshop Group Structure."

3.      According to Plaintiff's Corporate Disclosure Statement (Dkt. No. 7), Games Workshop Group PLC is Plaintiff's parent company.

4.      None of the GW Group Charts bears a date, although several appear to be time-and-date stamped with the time they were printed.

1

5.      None of the GW Group Charts shows any officers, directors, employees, departments, divisions, or other internal organization of Plaintiff.

6.      On January 9, 2012, I performed a corporation search for Games Workshop America, Inc. by visiting the Maryland Department of State website at http://www.secstates.com/MD_Maryland_Secretary_of_State_Corporation_Search/, clicking the "Maryland Secretary of State" link, and entering the search term "Games Workshop America Inc." in the Name Search window.  I clicked on the "Amendments" button and then selected "Articles of Merger."  Exhibit A is a true and correct copy of the "Articles of Merger" document.

7.      On January 9, 2012, I performed a corporation search for GW USA Manufacturing LLC by visiting the Maryland Department of State website at http://www.secstates.com/MD_Maryland_Secretary_of_State_Corporation_Search/, clicking the "Maryland Secretary of State" link, and entering the search term "GW USA Manufacturing LLC" in the Name Search window. I clicked on the "Amendments" link and then selected "Articles of Dissolution."  Exhibit B is a true and correct copy of the "Articles of Dissolution" document.

8.      The organization charts Plaintiff produced appear to be out of date because they do not reflect these significant corporate reorganizations.

**Communications with Plaintiff Regarding Organization Charts and Copyright Application and Registration**

9.      On December 22, 2011, I emailed Plaintiff's attorneys, informing them that the corporate organization charts that Plaintiff had produced in response to Chapterhouse's document request no. 21 appeared outdated and inaccurate.  I asked whether current organization charts existed, and requested they let us know when Plaintiff would provide responsive, current charts. Exhibit C is a true and correct copy of that email.

10.     I received no response to that email.

11.     On December 29, 2011, I sent a follow-up email to Plaintiff's counsel, informing them that the organization charts Plaintiff had produced were not only inadequate, but had been outdated and inaccurate at the time they were produced.  I also notified them that Plaintiff had failed to produce any certificates of copyright registration, despite having promised to produce them more than half a year ago.  I asked that they let me know when Chapterhouse could expect to receive responsive documents, or else provide a time on January 3, 2012 to meet and confer.  Exhibit D is a true and correct copy of that email.

12.     On December 30, 2011, Plaintiff's counsel Jonathan Moskin replied to my December 29 email, and stated simply that Plaintiff "had complied with both of these requests."  Exhibit E is a true and correct copy of that email.

13.     I have reviewed Plaintiff's document production to date.  Plaintiff has not produced any copyright registrations, copyright applications, or correspondence with the Copyright Office.

14.     Plaintiff's document production to date contains a number of redacted documents.

15.     On December 30, 2011, I sent Mr. Moskin an email in which I raised the issue of Plaintiff's failure to produce documents responsive to Chapterhouse's document requests nos. 8, 22, 31, 32, 33, and 37, despite having agreed to do so.  I requested that Plaintiff provide a date for their production, or confirm that no such documents exist, by January 3, 2012.  Exhibit F is a true and correct copy of that email.

16.     Mr. Moskin replied to that email on January 3, 2012.  Mr. Moskin did not provide a date for production as requested or confirm the existence of responsive documents, but merely stated that "plaintiff's in-house counsel is aware of the court's order and is taking appropriate steps to comply promptly."  Exhibit G is a true and correct copy of that email.

17.     Plaintiff has not provided a time to meet and confer, as I requested in my December 29, 2011 email (Exhibit D).

I declare under penalty of perjury that the foregoing is true and accurate.

Dated: January 10, 2012                    By:     /s/ Thomas J. Kearney

SF 325881v4

**EXHIBITS**
to
**DECLARATION OF THOMAS J. KEARNEY**

| Exhibit | Description |
|---------|-------------|
| A | Games Workshop America Inc. - Articles of Merger |
| B | GW USA Manufacturing LLC - Articles of Dissolution |
| C | Kearney 12-22-2011 email to Plaintiff |
| D | Kearney 12-29-2011 email to Plaintiff |
| E | 12-30-2011 email from Plaintiff |
| F | Kearney 12-30-2011 email to Plaintiff |
| G | 01-03-2012 email from Plaintiff |

# EXHIBIT A

# CORPORATE CHARTER APPROVAL SHEET
## **EXPEDITED SERVICE**        ** KEEP WITH DOCUMENT **

DOCUMENT CODE _11_        BUSINESS CODE _____

\# _____

Close _____        Stock _____        Nonstock _____

P.A. _____        Religious _____

Merging (Transferor) *Games*
*Workshop America, Inc.*
1) 06785737
_____

Surviving (Transferee) *Games*
*Workshop Retail, Inc*
D 04731519

```
ID # D04731519 ACK # 1000362001787680
PAGES: 0004
GAMES WORKSHOP RETAIL, INC.


05/25/2011  AT 11:41 A WO # 0003811226
```

New Name _____

_____

_____

|  | FEES REMITTED |  |
|---|---|---|
| Base Fee: | 100 |  |
| Org. & Cap. Fee: | 50 |  |
| Expedite Fee: |  |  |
| Penalty: |  |  |
| State Recordation Tax: |  |  |
| State Transfer Tax: |  |  |
| Certified Copies |  |  |
| Copy Fee: |  |  |
| Certificates |  |  |
| Certificate of Status Fee: |  |  |
| Personal Property Filings: |  |  |
| Mail Processing Fee: |  |  |
| Other: | 150 |  |
| TOTAL FEES: | 150 |  |

_____ Change of Name
_____ Change of Principal Office
_____ Change of Resident Agent
_____ Change of Resident Agent Address
_____ Resignation of Resident Agent
_____ Designation of Resident Agent
        and Resident Agent's Address
_____ Change of Business Code

_____ Adoption of Assumed Name
_____
_____

_____ Other Change(s)
_____
_____
_____

Code  045
PLEASE include name on acknowledgement
Attention: _J. Balog_

Mail: Name and Address

_____
_____
_____
_____

Credit Card ____/____        Check _____        Cash _____

_____ Documents on _____ Checks

Approved By _____

Keyed By _____  W.I

COMMENT(S):

*i Effective Date*
*5/30/11 at*
*12:01 aM*

Stamp Work Order and Customer Number HERE

```
CUST ID:0002594646
WORK ORDER:0003811226
DATE:05-25-2011 11:41 AM
AMT. PAID:$150.00
```

*Effective Date*
*5/30/11*
*12:01 a.M.*

# ARTICLES OF MERGER

## MERGING

## GAMES WORKSHOP AMERICA, INC.
### (a Maryland corporation)

## WITH AND INTO

## GAMES WORKSHOP RETAIL, INC.
### (a Maryland close corporation)

THESE ARTICLES OF MERGER (the "Articles") are made and entered into as of the 23rd day of May 2011 by and between Games Workshop America, Inc., a Maryland corporation (the "Merging Corporation"), and Games Workshop Retail, Inc., a Maryland close corporation (the "Surviving Corporation"), each of which certifies as follows:

FIRST: Each of the Merging Corporation and the Surviving Corporation agrees that, at the Effective Time (as defined below), the Merging Corporation shall be merged with and into the Surviving Corporation (the "Merger") in accordance with the terms and conditions set forth in the Plan and Agreement of Merger, dated as of May 23, 2011 (the "Merger Agreement"), by and between the Merging Corporation and the Surviving Corporation.

SECOND: Each of the Surviving Corporation and the Merging Corporation is incorporated under the laws of the State of Maryland.

THIRD: The Surviving Corporation and the Merging Corporation agree to merge in the manner set forth herein (the "Merger").

FOURTH: The principal office of the Merging Corporation in the State of Maryland is located in Baltimore County. The principal office of the Surviving Corporation in the State of Maryland is located in Baltimore County.

FIFTH: The Merging Corporation does not own any interest in land in the State of Maryland.

SIXTH: Prior to the Effective Time:

    A. The total number of shares of stock which the Merging Corporation has authority to issue is 100,000 shares of which 99,800 shares are Common Stock, par value $1.00 per share, and 200 shares are Preferred Stock, par value $100,000.00 per share. The aggregate par value of all the shares of stock of the Merging Corporation is $20,099,800.00.

    B. The total number of shares of stock which the Surviving Corporation has authority to issue is 5,000 shares, all of which are shares of Common Stock, without par value.

SEVENTH: The Merging Corporation shall merge with and into the Surviving Corporation. When the Merger becomes effective, the separate existence of the Merging Corporation shall cease and the Surviving Corporation shall possess any and all purposes and powers of the Merging Corporation, and all leases, licenses, property, rights, privileges and powers of the Merging Corporation shall be transferred to, vested in and devolved upon the Surviving Corporation, without further act or deed, subject to all of the debts and obligations of the Merging Corporation.

EIGHTH: The manner and basis of converting or exchanging issued stock of the Merging Corporation and the Surviving Corporation into different stock of another corporation or other consideration and the treatment of any issued stock not to be converted or exchanged shall be as follows:

A.     Each issued and outstanding share of capital stock of the Merging Corporation shall be automatically cancelled and in exchange one share of the capital stock of the Surviving Corporation shall be newly issued; and

B.     Each issued and outstanding share of capital stock of the Surviving Corporation owned by the Merging Corporation shall be cancelled and retired and shall cease to exist.

NINTH:  The charter of the Surviving Corporation shall be amended as follows:

The Articles of Incorporation of the Surviving Corporation are hereby amended by deleting Article Seventh in its entirety and inserting in its place a new Article Seventh as follows:

"SEVENTH:  The number of directors of the Corporation shall be three until changed as provided in the bylaws of the Corporation."

TENTH: The terms and conditions of the Merger set forth in these Articles were advised, authorized and approved by the Merging Corporation and the Surviving Corporation in the manner and by the vote required by the laws of the State of Maryland and by their respective charters as follows:

A.     The directors of the Merging Corporation by unanimous written consent declared that the Merger was advisable and directed that the Merger be submitted to the sole stockholder of the Merging Corporation for approval.  The sole stockholder of the Merging Corporation, approved the Merger by written consent.

B.     The sole stockholder of the Surviving Corporation (a Maryland close corporation which elected not to have a board of directors) approved the Merger by unanimous written consent.

ELEVENTH: The Merger shall be deemed effective as of 12:01 a.m. on May 30, 2011 (the "Effective Time").

4851-9162-8553

IN WITNESS WHEREOF, the Merging Corporation and the Surviving Corporation have caused these Articles to be signed in their respective names. Each undersigned officer acknowledges these Articles to be the act of the respective party on whose behalf he or she has signed, and that to the best of his or her knowledge, information and belief, and under the penalties for perjury, all matter and facts contained in these Articles are true in all material respects.

ATTEST:                                         GAMES WORKSHOP AMERICA, INC.

_____                _____
Sandra Casey                                    Tom Kirby
Assistant Secretary                             President


ATTEST:                                         GAMES WORKSHOP RETAIL, INC.

_____                _____
Sandra Casey                                    Tom Kirby
Assistant Secretary                             President

```
CUST ID:0002594646
WORK ORDER:0003811226
DATE:05-25-2011 11:41 AM
AMT. PAID:$150.00
```

4851-9162-8553

3

# EXHIBIT B

# CORPORATE CHARTER APPROVAL SHEET
## **EXPEDITED SERVICE**         ** KEEP WITH DOCUMENT **

DOCUMENT CODE _460_        BUSINESS CODE _____

# _W06785711_

Close _____        Stock _____        Nonstock _____

P.A. _____        Religious _____

Merging (Transferor) _____

_____

_____

Surviving (Transferee) _____

_____

_____

Affix Barcode Label Here

||||||||||||||||||||||||||||

1000362001801960

Affix Barcode Label Here

```
ID # W06785711 ACK # 1000362001801960
PAGES: 0002
GW USA MANUFACTURING, LLC
```

```
05/31/2011  AT 11:51 A  WO # 0003812709
```

New Name _____

_____

_____

### FEES REMITTED

|                              |      |
|------------------------------|------|
| Base Fee:                    | _100_ |
| Org. & Cap. Fee:             | _50_ |
| Expedite Fee:                |      |
| Penalty:                     |      |
| State Recordation Tax:       |      |
| State Transfer Tax:          |      |
| Certified Copies             |      |
| Copy Fee:                    |      |
| Certificates                 |      |
| Certificate of Status Fee:   |      |
| Personal Property Filings:   |      |
| Mail Processing Fee:         |      |
| Other:                       | _150_ |

TOTAL FEES:        _150_

Credit Card _____        Check _X_        Cash _____

_____ Documents on _____ Checks

Approved By: _____

Keyed By: _____

COMMENT(S):

_____ Change of Name
_____ Change of Principal Office
_____ Change of Resident Agent
_____ Change of Resident Agent Address
_____ Resignation of Resident Agent
_____ Designation of Resident Agent
        and Resident Agent's Address
_____ Change of Business Code

_____ Adoption of Assumed Name

_____ Other Change(s)

_____

_____

Code 045  Jason E. Balog, Esq.
PLEASE include name on acknowledgement
Attention: _____

Mail: Name and Address

_____

_____

_____

_____

Stamp Work Order and Customer Number HERE

```
CUST ID:0002596129
WORK ORDER:0003812709
DATE:05-31-2011 11:51 AM
AMT. PAID:$150.00
```

## ARTICLES OF DISSOLUTION

## OF

## GW USA MANUFACTURING, LLC

GW USA Manufacturing, LLC, a Maryland limited liability company, hereby certifies to the State Department of Assessments and Taxation of the State of Maryland ("SDAT") that:

FIRST: The name of the limited liability company is GW USA Manufacturing LLC (the "Company").

SECOND: The Articles of Organization of the Company were filed on May 1, 2002.

THIRD: The date of dissolution of the Company shall be May 30, 2011.

IN WITNESS WHEREOF, the Company has caused these Articles of Dissolution to be signed in its name and on its behalf on this 30th day of May 2011 by the undersigned authorized person representing the sole member, who acknowledges that these Articles are the act of the Company and that to the best of his knowledge, information, and belief and under penalties for perjury, all matters and facts contained in these Articles are true in all material respects.

GAMES WORKSHOP RETAIL, INC.

By: _____
  Tom Kirby
  President

CUST ID:0002596129
WORK ORDER:0003812709
DATE:05-31-2011 11:51 AM
AMT. PAID:$150.00

4817-9168-6665

# EXHIBIT C

| | |
|---|---|
| **From:** | Kearney, Tom J. |
| **To:** | Kaspar, Scott R. |
| **Cc:** | "Moskin, Jonathan"; Golinveaux, Jennifer A.; Donaldson, J. Caleb; Mersmann, Eric J. |
| **Subject:** | Games Workshop v. Chapterhouse Studios |
| **Date:** | Thursday, December 22, 2011 5:57:00 PM |

Scott –

I write regarding Chapterhouse's document production request no. 21, seeking organization charts of Games Workshop Limited, its officers, directors, employees, subsidiaries, parent companies, sister companies, and affiliated companies. In response to this request, Games Workshop produced nine documents (Bates labeled GW0000769 - GW0000777), each reflecting the corporate structure of only GW's parent. However, it appears those documents were outdated and inaccurate. Please confirm whether current organization charts exist, and let us know when Games Workshop will produce responsive, current organization charts reflecting its officers, directors, and employees, as well as organization charts for its subsidiaries, sister companies, and affiliated companies.

Best,

Tom


**Thomas J. Kearney**
D: +1 (415) 591-6894
www.winston.com
WINSTON
&STRAWN
LLP

# EXHIBIT D

| From: | Kearney, Tom J. |
| To: | "Moskin, Jonathan"; Kaspar, Scott R. |
| Cc: | Golinveaux, Jennifer A.; Donaldson, J. Caleb; Mersmann, Eric J. |
| Subject: | Games Workshop v. Chapterhouse Studios |
| Date: | Thursday, December 29, 2011 6:40:00 PM |

Counsel –

I have had no response to my email last week regarding Chapterhouse's document production request no. 21. That request seeks "[a]ll documents constituting organization charts of Games Workshop Limited, including without limitation its officers, directors, employees," and related companies. The handful of documents Plaintiff has produced in apparent response are inadequate, and we now find that they were also outdated and inaccurate at the time Plaintiff produced them.

Plaintiff has also failed to produce any documents responsive to Chapterhouse's document request no. 5, which seeks "[a]ll certificates of copyright registration for copyrighted works You claim in this action," despite its agreement to do so.

It has been more than half a year since Chapterhouse requested these documents. Please let us know by close of business tomorrow when we can expect to receive them, or provide a time on Tuesday, January 3 to meet and confer regarding Plaintiff's failure to produce them.

Thank you,

**Thomas J. Kearney**
D: +1 (415) 591-6894
www.winston.com

WINSTON
&STRAWN
LLP

**From:** Kearney, Tom J.
**Sent:** Thursday, December 22, 2011 5:57 PM
**To:** Kaspar, Scott R.
**Cc:** 'Moskin, Jonathan'; Golinveaux, Jennifer A.; Donaldson, J. Caleb; Mersmann, Eric J.
**Subject:** Games Workshop v. Chapterhouse Studios

Scott –

I write regarding Chapterhouse's document production request no. 21, seeking organization charts of Games Workshop Limited, its officers, directors, employees, subsidiaries, parent companies, sister companies, and affiliated companies. In response to this request, Games Workshop produced nine documents (Bates labeled GW0000769 - GW0000777), each reflecting the corporate structure of only GW's parent. However, it appears those documents were outdated and inaccurate. Please confirm whether current organization charts exist, and let us know when Games Workshop will produce responsive, current organization charts reflecting its officers, directors, and employees, as well as organization charts for its subsidiaries, sister

companies, and affiliated companies.

Best,

Tom

**Thomas J. Kearney**
D: +1 (415) 591-6894
www.winston.com
WINSTON
&STRAWN
LLP

# EXHIBIT E

| From: | Moskin, Jonathan |
|---|---|
| To: | Kearney, Tom J.; Kaspar, Scott R. |
| Cc: | Golinveaux, Jennifer A.; Donaldson, J. Caleb; Mersmann, Eric J. |
| Subject: | RE: Games Workshop v. Chapterhouse Studios |
| Date: | Friday, December 30, 2011 12:24:13 PM |

It has been 5 months since I told you GW had produced the responsive organizational charts, and we assured you again during the meet and confer that GW had complied with both of these requests. Instead of raising false issues, why don't you complete production of the documents and provision of the interrogatory answers you promised to provide on November 28 and which the court instructed Chapterhouse to produce in its order last week. Chapterhouse is still woefully delinquent

Please also confirm that you will de-designate the email correspondence between Chapterhouse and the supposedly independent designers, all of which were improperly designated attorneys eyes only. Further, please confirm you will produce the documents requested in Games Workshop's fourth request for documents (Request 30). It is astonishing to me that Chapterhouse would argue to the court that it has no control over its independent designers and yet refuse to produce the documents setting forth the terms of its relationship with those designers.

Thank you
Jonathan

---

**From:** Kearney, Tom J. [mailto:TKearney@winston.com]
**Sent:** Thursday, December 29, 2011 9:40 PM
**To:** Moskin, Jonathan; Kaspar, Scott R.
**Cc:** Golinveaux, Jennifer A.; Donaldson, J. Caleb; Mersmann, Eric J.
**Subject:** Games Workshop v. Chapterhouse Studios

Counsel --

I have had no response to my email last week regarding Chapterhouse's document production request no. 21. That request seeks "[a]ll documents constituting organization charts of Games Workshop Limited, including without limitation its officers, directors, employees," and related companies. The handful of documents Plaintiff has produced in apparent response are inadequate, and we now find that they were also outdated and inaccurate at the time Plaintiff produced them.

Plaintiff has also failed to produce any documents responsive to Chapterhouse's document request no. 5, which seeks "[a]ll certificates of copyright registration for copyrighted works You claim in this action," despite its agreement to do so.

It has been more than half a year since Chapterhouse requested these documents. Please let us know by close of business tomorrow when we can expect to receive them, or provide a time on Tuesday, January 3 to meet and confer regarding Plaintiff's failure to produce them.

Thank you,

**Thomas J. Kearney**
D: +1 (415) 591-6894
www.winston.com

WINSTON
&STRAWN
LLP

---

**From:** Kearney, Tom J.
**Sent:** Thursday, December 22, 2011 5:57 PM
**To:** Kaspar, Scott R.
**Cc:** 'Moskin, Jonathan'; Golinveaux, Jennifer A.; Donaldson, J. Caleb; Mersmann, Eric J.

**Subject:** Games Workshop v. Chapterhouse Studios

Scott —

I write regarding Chapterhouse's document production request no. 21, seeking organization charts of Games Workshop Limited, its officers, directors, employees, subsidiaries, parent companies, sister companies, and affiliated companies. In response to this request, Games Workshop produced nine documents (Bates labeled GW0000769 - GW0000777), each reflecting the corporate structure of only GW's parent. However, it appears those documents were outdated and inaccurate. Please confirm whether current organization charts exist, and let us know when Games Workshop will produce responsive, current organization charts reflecting its officers, directors, and employees, as well as organization charts for its subsidiaries, sister companies, and affiliated companies.

Best,

Tom

**Thomas J. Kearney**
D: +1 (415) 591-6894
www.winston.com

WINSTON
&STRAWN
LLP

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
*****************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.


The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

# EXHIBIT F

| From: | Kearney, Tom J. |
|---|---|
| To: | Moskin, Jonathan; Kaspar, Scott R. |
| Cc: | Golinveaux, Jennifer A.; Donaldson, J. Caleb; Mersmann, Eric J. |
| Subject: | Games Workshop v. Chapterhouse Studios |
| Date: | Friday, December 30, 2011 5:53:00 PM |

Jonathan,

Following up Jennifer's email of this afternoon, in addition to document requests 5 and 21, Plaintiff has agreed to produce documents responsive to the following requests:

- RFP 8, seeking "[a]ll documents concerning trademark availability research, investigation, and searches relating to trademarks You claim in this action."

- RFP 22, seeking "[a]ll documents supporting Your allegations in the First Amended Complaint that the product You refer to as "Super Heavy Assault Walker," "Super-Heavy Assault Walker," and "TAU Super-Heavy Assault Walker," was "designed and licensed for Chapterhouse by Paulson Games" (First Amended Complaint 28), or that it was "designed at least in part by Paulson Games" (First Amended Complaint TR 30,31)."

- RFP 31, seeking "[a]ll documents evidencing, referring or relating to any and all statements by Chapterhouse that are allegedly false and misleading, as set forth in paragraphs 78 through 80 of the First Amended Complaint."

- RFP 32, seeking "[a]ll documents evidencing, referring or relating to any and all business practices of Chapterhouse that are allegedly unfair and deceptive, as set forth in paragraphs 86 through 89 of the First Amended Complaint.

- RFP 33, seeking "[a]ll documents evidencing, referring or relating to any and all representations of material fact by Chapterhouse that are allegedly false and deceptive, as set forth in paragraphs 87 through 89 of the First Amended Complaint."

- RFP 37, seeking "[f]or any work claimed by you in this action, all correspondence with any government agency or private copyright registration service concerning that work, including without limitation any deposit material provided to such government agency or private copyright registration service. If the work claimed is a part of or contained within another work, produce all such correspondence for the other work."

Contrary to Plaintiff's contention in its response to RFP 37, it has failed to produce any documents responsive to that request. And to date, despite Plaintiff's agreement to produce them nearly six months ago, we appear to have received no documents responsive to any of the other requests either. Provide a date certain when they will be produced, or confirm that no such documents exist, by Tuesday, January 3.

Also, although Plaintiff has now produced a single document responsive to RFPs 13 and 17 – a complaint Foley & Lardner filed on Plaintiff's behalf against Curse, Inc., et al. – Plaintiff has produced no other documents concerning that lawsuit, nor any other responsive documents.  Chapterhouse's document request no. 13 seeks "[a]ll documents concerning measures You have taken to enforce trademark rights in any of the trademarks You claim in this action, including, without limitation, all communications with third parties regarding those rights," and Chapterhouse's document request no. 17 seeks "[a]ll documents concerning Your assertion of any of the copyrights You claim in this action, against any party that designs, authors, manufactures, sells, or distributes material (such as gaming miniatures, models, add-on parts or accessories for same, as well as written matter such as rulebooks or codexes) for use with Your Warhammer 40,000 game."  As you have recognized, documents concerning the *Curse* lawsuit are responsive to Chapterhouse's requests.  In addition, it is evident that Plaintiff has filed several other lawsuits and sent numerous cease-and-desist letters to third parties in attempts to enforce its copyrights and trademarks. Documents concerning such attempts are also responsive to Chapterhouse's document requests. Provide a date certain when they will be produced by Tuesday, Jan. 3.

Regards,

Tom

**Thomas J. Kearney**
D: +1 (415) 591-6894
www.winston.com
WINSTON
& STRAWN
LLP

# EXHIBIT G

| From: | Moskin, Jonathan |
|---|---|
| To: | Kearney, Tom J.; Kaspar, Scott R. |
| Cc: | Golinveaux, Jennifer A.; Donaldson, J. Caleb; Mersmann, Eric J. |
| Subject: | RE: Games Workshop v. Chapterhouse Studios |
| Date: | Tuesday, January 03, 2012 12:13:01 PM |

In response to your message, which was delivered shortly before 9 p.m. on Friday, December 30, I can confirm that although Games Workshop's offices were closed last week, plaintiff's in-house counsel is aware of the court's order and is taking appropriate steps to comply promptly. In the meantime, let me remind you of Chapterhouse's obligations under the Court's order as well as pursuant to your agreements during the parties' November 29 meet and confer (on the basis of which we did not include in the motion certain requests).

We are still waiting documents the court ordered to be produced by December 28 in response to Requests 16, 18 and 19. We are also awaiting responses to Request 21 and Interrogatory 15.

Regarding GW's Request 20 (changes to the website) what, the main areas of interest are changes to the disclaimer when the case began and the decision to change the overall look and feel of the site during the pendency of the action, including the decision to delete the banner about "Custom Sculpts and Bits for Warhammer 40,000".

In addition, Chapterhouse provided assurances prior to the motion that it would produce communications with third party designers, etc. responsive to Requests 6, 7, 8 and 12. Although Chapterhouse has now produced some documents responsive to Requests 7 and 12, we have yet to receive any agreements or contracts with the persons (including independent designers) working for Chapterhouse, or any documents relating to any quality control standards in response to Requests 6 and 8.

Please also confirm that Chapterhouse agrees to remove the "attorneys'-eyes-only" designation from the correspondence with designers. We will agree to keep it confidential but need to share this information with in-house counsel for Games Workshop.

Chapterhouse has also promised to supplement its responses to Interrogatories 5 and 13 and Request 27, concerning the bases for Chapterhouse's 23 affirmative defenses and the methods used by Chapterhouse for selecting new products to fit within the Warhammer 40,000 game. Notably, as far as we are aware, Chapterhouse has not yet produced a single document concerning independent creation, since every one of the documents produced in response to document requests 9 and 10 show direct reliance on Games Workshop's original creations and Chapterhouse has not produced documents corresponding to its answer to Interrogatory 2.

Jonathan

---

**From:** Kearney, Tom J. [mailto:TKearney@winston.com]
**Sent:** Friday, December 30, 2011 8:54 PM
**To:** Moskin, Jonathan; Kaspar, Scott R.
**Cc:** Golinveaux, Jennifer A.; Donaldson, J. Caleb; Mersmann, Eric J.
**Subject:** Games Workshop v. Chapterhouse Studios

Jonathan,

Following up Jennifer's email of this afternoon, in addition to document requests 5 and 21, Plaintiff has agreed to produce documents responsive to the following requests:

- RFP 8, seeking "[a]ll documents concerning trademark availability research, investigation, and searches relating to trademarks You claim in this action."

- RFP 22, seeking "[a]ll documents supporting Your allegations in the First Amended Complaint that the product You refer to as "Super Heavy Assault Walker," "Super-Heavy Assault Walker," and "TAU Super-Heavy Assault Walker," was "designed and licensed for Chapterhouse by Paulson Games" (First Amended Complaint 28), or that it was "designed at least in part by Paulson Games" (First Amended Complaint TR

30,31)."

· RFP 31, seeking "[a]ll documents evidencing, referring or relating to any and all statements by Chapterhouse that are allegedly false and misleading, as set forth in paragraphs 78 through 80 of the First Amended Complaint."

· RFP 32, seeking "[a]ll documents evidencing, referring or relating to any and all business practices of Chapterhouse that are allegedly unfair and deceptive, as set forth in paragraphs 86 through 89 of the First Amended Complaint."

· RFP 33, seeking "[a]ll documents evidencing, referring or relating to any and all representations of material fact by Chapterhouse that are allegedly false and deceptive, as set forth in paragraphs 87 through 89 of the First Amended Complaint."

· RFP 37, seeking "[f]or any work claimed by you in this action, all correspondence with any government agency or private copyright registration service concerning that work, including without limitation any deposit material provided to such government agency or private copyright registration service. If the work claimed is a part of or contained within another work, produce all such correspondence for the other work."

Contrary to Plaintiff's contention in its response to RFP 37, it has failed to produce any documents responsive to that request. And to date, despite Plaintiff's agreement to produce them nearly six months ago, we appear to have received no documents responsive to any of the other requests either. Provide a date certain when they will be produced, or confirm that no such documents exist, by Tuesday, January 3.

Also, although Plaintiff has now produced a single document responsive to RFPs 13 and 17 – a complaint Foley & Lardner filed on Plaintiff's behalf against Curse, Inc., et al. – Plaintiff has produced no other documents concerning that lawsuit, nor any other responsive documents. Chapterhouse's document request no. 13 seeks "[a]ll documents concerning measures You have taken to enforce trademark rights in any of the trademarks You claim in this action, including, without limitation, all communications with third parties regarding those rights," and Chapterhouse's document request no. 17 seeks "[a]ll documents concerning Your assertion of any of the copyrights You claim in this action, against any party that designs, authors, manufactures, sells, or distributes material (such as gaming miniatures, models, add-on parts or accessories for same, as well as written matter such as rulebooks or codexes) for use with Your Warhammer 40,000 game." As you have recognized, documents concerning the *Curse* lawsuit are responsive to Chapterhouse's requests. In addition, it is evident that Plaintiff has filed several other lawsuits and sent numerous cease-and-desist letters to third parties in attempts to enforce its copyrights and trademarks. Documents concerning such attempts are also responsive to Chapterhouse's document requests. Provide a date certain when they will be produced by Tuesday, Jan. 3.

Regards,

Tom

**Thomas J. Kearney**
D: +1 (415) 591-6894
www.winston.com



The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
*************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.


The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.