**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GAMES WORKSHOP LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:10-cv-08103 |
| v. | ) | |
| | ) | |
| CHAPTERHOUSE STUDIOS LLC and | ) | |
| JON PAULSON d/b/a PAULSON GAMES, | ) | Judge Matthew F. Kennelly |
| | ) | |
| Defendants. | ) | |

**DECLARATION OF JENNIFER A. GOLINVEAUX IN SUPPORT OF
DEFENDANT CHAPTERHOUSE STUDIOS LLC'S MOTION TO COMPEL
DISCOVERY RESPONSES AND PRIVILEGE LOG BY A PROMPT DATE CERTAIN**

I, Jennifer A. Golinveaux, declare as follows:

1.  I am a partner with the law firm of Winston & Strawn LLP and a member in good standing of the Bar of this Court.  I have personal knowledge of the facts set forth herein.

2.  On December 23, 2011, I sent an email to Plaintiff's counsel asking when Plaintiff would produce its Court-ordered discovery, and proposing that the parties agree on a date for exchange of privilege logs.  I proposed January 9, 2012 for the exchange of privilege logs.  Exhibit A is a true and correct copy of that email.

3.  Plaintiff's counsel did not respond to my December 23 email.

4.  On December 29, 2011, my associate Thomas Kearney sent an email to Plaintiff's counsel, with a copy to me, stating that Plaintiff had failed to produce accurate and up-to-date organization charts in response to Chapterhouse's document request no. 21, and that Plaintiff had not produced any copyright registrations despite having agreed to do so more than six months previously.  Exhibit B is a true and correct copy of that email.

5.  Mr. Moskin replied to Mr. Kearney by return email on December 30, 2011, with a copy to me.  Mr. Moskin's email did not address Chapterhouse's discovery issues, but merely

stated that Plaintiff had complied with the requests. Exhibit C is a true and correct copy of that email.

6.     I replied to Mr. Moskin's email on December 30, 2011, and Mr. Moskin and I exchanged several more emails over the course of that day. Exhibit D is a true and correct copy of the final email in that conversation thread, which contains copies of the previous emails in the thread. For the Court's convenience, the "Date and Time" line of each individual email in the thread is highlighted, and the pages are numbered.

7.     In my emails, I repeatedly attempted to address Chapterhouse's discovery issues by, among other things, (a) asking Plaintiff to confirm whether more current, accurate and responsive organization charts of Plaintiff existed than had been produced; (b) explaining that Plaintiff had not produced any copyright registrations, copyright applications, or related correspondence, as it had agreed to do; (c) asking Plaintiff to agree to a date for the parties to exchange privilege logs, or to propose alternative dates; and (d) asking Plaintiff to set a date for the production of agreed and Court-ordered discovery. *See* Exhibit D.

8.     Mr. Moskin's reply emails failed to address any of those issues. *See* Exhibit D.

9.     In response to my request that the parties agree to a date to exchange privilege logs, Mr. Moskin stated that he "was not aware of any attorney-client privileged documents Games Workshop has withheld." *See* Exhibit D at 1 (included email from J.Moskin of Dec. 30, 2011 at 5:27 pm).

10.     Mr. Moskin did not respond to my final email of that exchange, in which I summarized Chapterhouse's discovery issues and again asked Mr. Moskin to address them. *See* Exhibit D at 1 (email from J.Golinveaux of Dec. 30, 2011 at 5:52 pm).

11.     On December 29, 2011, in an email on which I was copied, my associate Thomas Kearney asked Plaintiff's counsel for a time on January 3 to meet an confer about these issues. Plaintiff's counsel did not respond. *See* Exhibit B (Dec. 29, 2011 email from Thomas Kearney).

2

12.     On January 4, 2012, I called Mr. Moskin at his office to attempt to meet and confer to resolve these issues.  Mr. Moskin did not answer his phone.

13.     I left a voice mail for Mr. Moskin asking him to call me so that we could meet and confer.

14.     Mr. Moskin has not returned my call.

15.     On January 5, 2012, I sent a letter to Plaintiff summarizing Chapterhouse's outstanding discovery issues, asking Plaintiff to set a date for production of its agreed and Court-ordered discovery, and proposing a date for the exchange of privilege logs.  Exhibit E is a true and correct copy of that letter.

16.     Plaintiff has not responded to my January 5, 2012 letter.


I declare under the penalty of perjury that the foregoing is true and accurate.

Dated: January 10, 2012                          By:     /s/ Jennifer A. Golinveaux

**EXHIBITS**
to
**DECLARATION OF JENNIFER GOLINVEAUX**

| Exhibit | Description |
|---------|-------------|
| A | Golinveaux 12-23-2011 Email to Plaintiff |
| B | Kearney 12-29-2011 Email to Plaintiff |
| C | 12-30-2011 Email from Plaintiff |
| D | Golinveaux 12-30-2011 Email Thread with Plaintiff |
| E | 1-5-2012 Letter from J. Golinveaux to Plaintiff |

# EXHIBIT A

| | |
|---|---|
| **From:** | Golinveaux, Jennifer A. |
| **To:** | jmoskin@foley.com; skaspar@foley.com |
| **Cc:** | Mersmann, Eric J.; Donaldson, J. Caleb; Kearney, Tom J.; Witnov, Shane B. |
| **Subject:** | Fwd: Activity in Case 1:10-cv-08103 Games Workshop Limited v. Chapterhouse Studios LLC et al order on motion to compel |
| **Date:** | Friday, December 23, 2011 1:09:27 PM |

Jonathan and Scott:

Please let us know when Plaintiff intends to provide the discovery ordered by the Court this week so that we can nail down the 30(b)(6) deposition dates.

Let's also agree to a date to exchange privilege logs. We propose January 9, 2012.

Best regards and happy holidays,
Jennifer

Begin forwarded message:

> **From:** <usdc_ecf_ilnd@ilnd.uscourts.gov>
> **Date:** December 23, 2011 9:48:49 AM PST
> **To:** <ecfmail_ilnd@ilnd.uscourts.gov>
> **Cc:** "ECF_CH@winston.com" <ECF_CH@winston.com>
> **Subject: Activity in Case 1:10-cv-08103 Games Workshop Limited v. Chapterhouse Studios LLC et al order on motion to compel**
>
> **This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
> ***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.
>
> ### United States District Court
>
> ### Northern District of Illinois - CM/ECF LIVE, Ver 4.2
>
> ### Notice of Electronic Filing
>
> The following transaction was entered on 12/23/2011 at 11:48 AM CST and filed on 12/23/2011
>
> **Case Name:** Games Workshop Limited v. Chapterhouse Studios

|                      | LLC et al        |
|----------------------|------------------|
| **Case Number:**     | 1:10-cv-08103    |
| **Filer:**           |                  |
| **Document Number:** | 139              |

**Docket Text:**

**The Court grants in part and denies in part plaintiff's motion to compel [# 117] and defendant's motion to compel [# 121] as stated in open court on 12/19/11 and as memorialized below. The Court also grants plaintiff's motion to seal [# 119]. The case is set for a status hearing on 2/8/11 at 9:30 a.m. (mk)**

**1:10-cv-08103 Notice has been electronically mailed to:**

Aaron J. Weinzierl      aweinzierl@foley.com, msteele@foley.com

Catherine B. Diggins      cdiggins@winston.com, ECF_CH@winston.com

Dean Allen Morehous , Jr      dmorehous@winston.com

Eric Jonathan Mersmann      emersmann@winston.com

Jennifer A. Golinveaux      jgolinveaux@winston.com, aberg@winston.com, cchea@winston.com, ECF_CH@winston.com, mabutler@winston.com

John Caleb Donaldson      jcdonaldson@winston.com, cchea@winston.com

Jonathan E. Moskin      jmoskin@foley.com

Jonathon Charles Raffensperger      jraffensperger@winston.com

Ronald A DiCerbo      rdicerbo@mhmlaw.com

Ronald H. Spuhler      rspuhler@mhmlaw.com, hmack@mcandrews-ip.com

Scott Richard Kaspar      skaspar@foley.com

Thomas James Campbell, Jr.      tcampbell@mcandrews-ip.com

Thomas James Kearney      tkearney@winston.com

**1:10-cv-08103 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a

**Electronic document Stamp:**

[STAMP dcecfStamp_ID=1040059490 [Date=12/23/2011]
[FileNumber=9571415-
0]
[698daf57edb4d596c78b7daec97b1e53f440d8c19e44fd6b35de7e6155422df70e

c5750f4165f083b1a614c63b95917fd9ad1f7b17e8388cf44fbe3c3385d1f4]]

# EXHIBIT B

| From: | Kearney, Tom J. |
|---|---|
| To: | "Moskin, Jonathan"; Kaspar, Scott R. |
| Cc: | Golinveaux, Jennifer A.; Donaldson, J. Caleb; Mersmann, Eric J. |
| Subject: | Games Workshop v. Chapterhouse Studios |
| Date: | Thursday, December 29, 2011 6:40:00 PM |

Counsel –

I have had no response to my email last week regarding Chapterhouse's document production request no. 21. That request seeks "[a]ll documents constituting organization charts of Games Workshop Limited, including without limitation its officers, directors, employees," and related companies. The handful of documents Plaintiff has produced in apparent response are inadequate, and we now find that they were also outdated and inaccurate at the time Plaintiff produced them.

Plaintiff has also failed to produce any documents responsive to Chapterhouse's document request no. 5, which seeks "[a]ll certificates of copyright registration for copyrighted works You claim in this action," despite its agreement to do so.

It has been more than half a year since Chapterhouse requested these documents. Please let us know by close of business tomorrow when we can expect to receive them, or provide a time on Tuesday, January 3 to meet and confer regarding Plaintiff's failure to produce them.

Thank you,

**Thomas J. Kearney**

D: +1 (415) 591-6894

www.winston.com

WINSTON
&STRAWN
LLP

**From:** Kearney, Tom J.
**Sent:** Thursday, December 22, 2011 5:57 PM
**To:** Kaspar, Scott R.
**Cc:** 'Moskin, Jonathan'; Golinveaux, Jennifer A.; Donaldson, J. Caleb; Mersmann, Eric J.
**Subject:** Games Workshop v. Chapterhouse Studios

Scott –

I write regarding Chapterhouse's document production request no. 21, seeking organization charts of Games Workshop Limited, its officers, directors, employees, subsidiaries, parent companies, sister companies, and affiliated companies. In response to this request, Games Workshop produced nine documents (Bates labeled GW0000769 - GW0000777), each reflecting the corporate structure of only GW's parent. However, it appears those documents were outdated and inaccurate. Please confirm whether current organization charts exist, and let us know when Games Workshop will produce responsive, current organization charts reflecting its officers, directors, and employees, as well as organization charts for its subsidiaries, sister

companies, and affiliated companies.

Best,

Tom

**Thomas J. Kearney**
D: +1 (415) 591-6894
www.winston.com



# EXHIBIT C

| From: | Moskin, Jonathan |
|---|---|
| To: | Kearney, Tom J.; Kaspar, Scott R. |
| Cc: | Golinveaux, Jennifer A.; Donaldson, J. Caleb; Mersmann, Eric J. |
| Subject: | RE: Games Workshop v. Chapterhouse Studios |
| Date: | Friday, December 30, 2011 12:24:13 PM |

It has been 5 months since I told you GW had produced the responsive organizational charts, and we assured you again during the meet and confer that GW had complied with both of these requests. Instead of raising false issues, why don't you complete production of the documents and provision of the interrogatory answers you promised to provide on November 28 and which the court instructed Chapterhouse to produce in its order last week. Chapterhouse is still woefully delinquent

Please also confirm that you will de-designate the email correspondence between Chapterhouse and the supposedly independent designers, all of which were improperly designated attorneys eyes only. Further, please confirm you will produce the documents requested in Games Workshop's fourth request for documents (Request 30). It is astonishing to me that Chapterhouse would argue to the court that it has no control over its independent designers and yet refuse to produce the documents setting forth the terms of its relationship with those designers.

Thank you
Jonathan

---

**From:** Kearney, Tom J. [mailto:TKearney@winston.com]
**Sent:** Thursday, December 29, 2011 9:40 PM
**To:** Moskin, Jonathan; Kaspar, Scott R.
**Cc:** Golinveaux, Jennifer A.; Donaldson, J. Caleb; Mersmann, Eric J.
**Subject:** Games Workshop v. Chapterhouse Studios

Counsel –

I have had no response to my email last week regarding Chapterhouse's document production request no. 21. That request seeks "[a]ll documents constituting organization charts of Games Workshop Limited, including without limitation its officers, directors, employees," and related companies. The handful of documents Plaintiff has produced in apparent response are inadequate, and we now find that they were also outdated and inaccurate at the time Plaintiff produced them.

Plaintiff has also failed to produce any documents responsive to Chapterhouse's document request no. 5, which seeks "[a]ll certificates of copyright registration for copyrighted works You claim in this action," despite its agreement to do so.

It has been more than half a year since Chapterhouse requested these documents. Please let us know by close of business tomorrow when we can expect to receive them, or provide a time on Tuesday, January 3 to meet and confer regarding Plaintiff's failure to produce them.

Thank you,

**Thomas J. Kearney**
D: +1 (415) 591-6894
www.winston.com
WINSTON
&STRAWN
LLP

---

**From:** Kearney, Tom J.
**Sent:** Thursday, December 22, 2011 5:57 PM
**To:** Kaspar, Scott R.
**Cc:** 'Moskin, Jonathan'; Golinveaux, Jennifer A.; Donaldson, J. Caleb; Mersmann, Eric J.

**Subject:** Games Workshop v. Chapterhouse Studios

Scott –

I write regarding Chapterhouse's document production request no. 21, seeking organization charts of Games Workshop Limited, its officers, directors, employees, subsidiaries, parent companies, sister companies, and affiliated companies.  In response to this request, Games Workshop produced nine documents (Bates labeled GW0000769 - GW0000777), each reflecting the corporate structure of only GW's parent.  However, it appears those documents were outdated and inaccurate.  Please confirm whether current organization charts exist, and let us know when Games Workshop will produce responsive, current organization charts reflecting its officers, directors, and employees, as well as organization charts for its subsidiaries, sister companies, and affiliated companies.

Best,

Tom

**Thomas J. Kearney**
D: +1 (415) 591-6894

www.winston.com

WINSTON
&STRAWN
LLP

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.


The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

# EXHIBIT D

| | |
|---|---|
| **From:** | Golinveaux, Jennifer A. |
| **To:** | "Moskin, Jonathan" |
| **Cc:** | Kearney, Tom J.; Kaspar, Scott R.; Donaldson, J. Caleb; Mersmann, Eric J. |
| **Subject:** | RE: Games Workshop v. Chapterhouse Studios |
| **Date:** | Friday, December 30, 2011 5:51:37 PM |

Do you claim that Plaintiff has no more complete or current org charts?

Do you claim you have produced copies of the relevant copyright registration and application?

Are you really claiming Plaintiff has withheld no documents from production based upon privilege? Plaintiff has specifically objected to a number of requests based upon privilege and redacted a number of documents it has produced, all of which must be reflected on a privilege log.

By when will Plaintiff produce the documents ordered by the Court? The Court ordered the parties to agree on dates.

These are simple questions. Please answer them.


-----Original Message-----
From: Moskin, Jonathan [mailto:JMoskin@foley.com]
Sent: Friday, December 30, 2011 5:27 PM
To: Golinveaux, Jennifer A.
Cc: Kearney, Tom J.; Kaspar, Scott R.; Donaldson, J. Caleb; Mersmann, Eric J.
Subject: RE: Games Workshop v. Chapterhouse Studios

Neither Scott nor I have any idea what you are talking about - either regarding the supposed conversation about copyright registrations nor your assumptions what organizational charts you evidently presume GW should have.  Likewise, I don't recall this was even mentioned in your self-serving summary of the parties' November 28 meet and confer. Perhaps you can clarify.

In the meantime, given our complete puzzlement by your messages, I might well borrow from you to say that this entire exchange has been concocted by you to distract from the fact that Chapterhouse still has failed to produce the documents and supplement its interrogatory responses as promised on November 28 or as directed by the court. The fact that you have sought once again to link the timing on Chapterhouse's deadlines to seemingly fictional duties created for Games Workshop might further incline me towards such a conclusion.  You might nonetheless say that such an accusation is not helpful, so I will simply note that I resent your own unfounded accusations against me and my client. I could cite many similar examples, but it is now 8:30 in NY and I can think of many better ways to spend my evening.

At any rate, I agree that Chapterhouse should produce its privilege log as it has repeatedly referred in its discovery responses and on-line to opinions of counsel.  However, I am not aware of any attorney-client privileged documents Games Workshop has withheld.  If you believe there have been any such references, please let me know

Happy New Year

Jonathan

-----Original Message-----

From: Golinveaux, Jennifer A. [mailto:JGolinveaux@winston.com]
Sent: Friday, December 30, 2011 7:52 PM
To: Moskin, Jonathan
Cc: Kearney, Tom J.; Kaspar, Scott R.; Donaldson, J. Caleb; Mersmann,
Eric J.
Subject: RE: Games Workshop v. Chapterhouse Studios

Jonathan,

The lengths you will go to avoid a substantive response are impressive
if pointless.

If you did indeed speak with Scott, I assume you know he told us that it
was his understanding that the relevant copyright registration was still
being "collected" despite Plaintiff's agreement to produce it months
ago. Now you apparently claim you have produced it. That is false. The
documents have not been produced. If you claim they have, provide the
Bates numbers. Plaintiff has also failed to have comply with a number
of other requests despite representations to the contrary, which Tom
will write to you about shortly.

Since you have still not responded, I will repeat myself here:

Plaintiff had failed to produce current or complete organizational
charts or the copyright registration. Confirm by Tuesday that no more
complete or current organizational charts exist and explain why the sole
copyright registration (and the corresponding application, which
Plaintiff also agreed to produce but has not) have not been produced
despite your representations.

These are not complicated or confusing points. Stop wasting everyone's
time and simply respond.

You have also ignored my email requesting that we agree on a date to
exchange privilege logs. I proposed Jan. 9. Confirm whether this is
acceptable or propose a timely alternative by Tuesday. We also need to
agree on a date to exchange the additional documents the Court ordered
both sides to produce. We propose Jan. 9. Confirm whether this is
acceptable or propose a timely alternative by Tuesday. We need dates
certain so that we can schedule all of the depositions that will need to
occur by the middle of March.

The Court has set a firm date for the close of fact discovery. We will
not indulge your efforts to further delay Plaintiff's discovery
obligations.

Jennifer

-----Original Message-----
From: Moskin, Jonathan [mailto:JMoskin@foley.com]
Sent: Friday, December 30, 2011 3:11 PM
To: Golinveaux, Jennifer A.
Cc: Kearney, Tom J.; Kaspar, Scott R.; Donaldson, J. Caleb; Mersmann,
Eric J.
Subject: RE: Games Workshop v. Chapterhouse Studios


First, I can assure you Scott and I did confer before I sent my message.
More important, if you have a question about the completeness of a
discovery response, I don't understand why you would simply ignore what

you were told (in which I provided an explanation of the various times in which we already had aswered the same question); nor do I understand on what basis you would then simply threaten to refuse to carry through with your own discovery obligations.  However, it has long become clear to me that you will do what you will.

Have a nice weekend.

Jonathan

-----Original Message-----
From: Golinveaux, Jennifer A. [mailto:JGolinveaux@winston.com]
Sent: Friday, December 30, 2011 4:35 PM
To: Moskin, Jonathan
Cc: Kearney, Tom J.; Kaspar, Scott R.; Donaldson, J. Caleb; Mersmann, Eric J.
Subject: Re: Games Workshop v. Chapterhouse Studios

And you should check with your associate before making representations about what has been produced because you appear to be out of the loop.

On Dec 30, 2011, at 1:24 PM, "Moskin, Jonathan" <JMoskin@foley.com> wrote:

> I can only say that your temerity evidently knows no bounds.
>
> Jonathan
>
> -----Original Message-----
> From: Golinveaux, Jennifer A. [mailto:JGolinveaux@winston.com]
> Sent: Friday, December 30, 2011 4:19 PM
> To: Moskin, Jonathan
> Cc: Kearney, Tom J.; Kaspar, Scott R.; Donaldson, J. Caleb; Mersmann,
> Eric J.
> Subject: Re: Games Workshop v. Chapterhouse Studios
>
> Jonathan,
>
> Rather than being unprofessional and evasive why don't you try to
> respond to the substance of Tom's email. Plaintiff had failed to
> produce
> current or complete organizational charts or the copyright
> registration.
> Confirm by Tuesday that no more complete or current organizational
> charts exist and explain why the sole copyright registration (and the
> corresponding application, which Plaintiff also agreed to produce but
> has not) have not been produced despite your representations, or you
> can
> explain it to the Court.
>
> We will respond to the remainder of your email once we receive a
> substantive response.
>
> Jennifer
>
> On Dec 30, 2011, at 12:24 PM, "Moskin, Jonathan"
> <JMoskin@foley.com<mailto:JMoskin@foley.com>> wrote:
>
> It has been 5 months since I told you GW had produced the responsive
> organizational charts, and we assured you again during the meet and

> confer that GW had complied with both of these requests.  Instead of
> raising false issues, why don't you complete production of the
documents
> and provision of the interrogatory answers you promised to provide on
> November 28 and which the court instructed Chapterhouse to produce in
> its order last week.  Chapterhouse is still woefully delinquent
>
> Please also confirm that you will de-designate the email
correspondence
> between Chapterhouse and the supposedly independent designers, all of
> which were improperly designated attorneys eyes only.  Further, please
> confirm you will produce the documents requested in Games Workshop's
> fourth request for documents (Request 30).  It is astonishing to me
that
> Chapterhouse would argue to the court that it has no control over its
> independent designers and yet refuse to produce the documents setting
> forth the terms of its relationship with those designers.
>
> Thank you
> Jonathan
>
> _____
> From: Kearney, Tom J. [mailto:TKearney@winston.com]
> Sent: Thursday, December 29, 2011 9:40 PM
> To: Moskin, Jonathan; Kaspar, Scott R.
> Cc: Golinveaux, Jennifer A.; Donaldson, J. Caleb; Mersmann, Eric J.
> Subject: Games Workshop v. Chapterhouse Studios
>
> Counsel -
>
> I have had no response to my email last week regarding Chapterhouse's
> document production request no. 21. That request seeks "[a]ll
documents
> constituting organization charts of Games Workshop Limited, including
> without limitation its officers, directors, employees," and related
> companies. The handful of documents Plaintiff has produced in apparent
> response are inadequate, and we now find that they were also outdated
> and inaccurate at the time Plaintiff produced them.
>
> Plaintiff has also failed to produce any documents responsive to
> Chapterhouse's document request no. 5, which seeks "[a]ll certificates
> of copyright registration for copyrighted works You claim in this
> action," despite its agreement to do so.
>
> It has been more than half a year since Chapterhouse requested these
> documents. Please let us know by close of business tomorrow when we
can
> expect to receive them, or provide a time on Tuesday, January 3 to
meet
> and confer regarding Plaintiff's failure to produce them.
>
> Thank you,
>
> Thomas J. Kearney
>
> D: +1 (415) 591-6894
>
> www.winston.com<http://www.winston.com>
>
> <image001.jpg>

Exhibit D - 4

> From: Kearney, Tom J.
> Sent: Thursday, December 22, 2011 5:57 PM
> To: Kaspar, Scott R.
> Cc: 'Moskin, Jonathan'; Golinveaux, Jennifer A.; Donaldson, J. Caleb;
> Mersmann, Eric J.
> Subject: Games Workshop v. Chapterhouse Studios
>
> Scott -
>
> I write regarding Chapterhouse's document production request no. 21,
> seeking organization charts of Games Workshop Limited, its officers,
> directors, employees, subsidiaries, parent companies, sister
companies,
> and affiliated companies.  In response to this request, Games Workshop
> produced nine documents (Bates labeled GW0000769 - GW0000777), each
> reflecting the corporate structure of only GW's parent.  However, it
> appears those documents were outdated and inaccurate.  Please confirm
> whether current organization charts exist, and let us know when Games
> Workshop will produce responsive, current organization charts
reflecting
> its officers, directors, and employees, as well as organization charts
> for its subsidiaries, sister companies, and affiliated companies.
>
> Best,
>
> Tom
>
>
> Thomas J. Kearney
>
> D: +1 (415) 591-6894
>
> www.winston.com<http://www.winston.com>
>
> <image001.jpg>
>
> The contents of this message may be privileged and confidential.
> Therefore, if this message has been received in error, please delete
it
> without reading it. Your receipt of this message is not intended to
> waive any applicable privilege. Please do not disseminate this message
> without the permission of the author.
>
*************************************************************************
> ****** Any tax advice contained in this email was not intended to be
> used, and cannot be used, by you (or any other taxpayer) to avoid
> penalties under the Internal Revenue Code of 1986, as amended.
>
>
> The preceding email message may be confidential or protected by the
> attorney-client privilege. It is not intended for transmission to, or
> receipt by, any unauthorized persons. If you have received this
message
> in error, please (i) do not read it, (ii) reply to the sender that you
> received the message in error, and (iii) erase or destroy the message.
> Legal advice contained in the preceding message is solely for the
> benefit of the Foley & Lardner LLP client(s) represented by the Firm
in
> the particular matter that is the subject of this message, and may not
> be relied upon by any other party.

>
> Internal Revenue Service regulations require that certain types of
> written advice include a disclaimer. To the extent the preceding
message
> contains advice relating to a Federal tax issue, unless expressly
stated
> otherwise the advice is not intended or written to be used, and it
> cannot be used by the recipient or any other taxpayer, for the purpose
> of avoiding Federal tax penalties, and was not written to support the
> promotion or marketing of any transaction or matter discussed herein.
> The contents of this message may be privileged and confidential.
> Therefore, if this message has been received in error, please delete
it
> without reading it. Your receipt of this message is not intended to
> waive any applicable privilege. Please do not disseminate this message
> without the permission of the author.
>
************************************************************************
> ****** Any tax advice contained in this email was not intended to be
> used, and cannot be used, by you (or any other taxpayer) to avoid
> penalties under the Internal Revenue Code of 1986, as amended.
>
> The preceding email message may be confidential or protected by the
attorney-client privilege. It is not intended for transmission to, or
receipt by, any unauthorized persons.  If you have received this message
in error, please (i) do not read it, (ii) reply to the sender that you
received the message in error, and (iii) erase or destroy the message.
Legal advice contained in the preceding message is solely for the
benefit of the Foley & Lardner LLP client(s) represented by the Firm in
the particular matter that is the subject of this message, and may not
be relied upon by any other party.
>
> Internal Revenue Service regulations require that certain types of
written advice include a disclaimer. To the extent the preceding message
contains advice relating to a Federal tax issue, unless expressly stated
otherwise the advice is not intended or written to be used, and it
cannot be used by the recipient or any other taxpayer, for the purpose
of avoiding Federal tax penalties, and was not written to support the
promotion or marketing of any transaction or matter discussed herein.
>
The contents of this message may be privileged and confidential.
Therefore, if this message has been received in error, please delete it
without reading it. Your receipt of this message is not intended to
waive any applicable privilege. Please do not disseminate this message
without the permission of the author.
************************************************************************
****** Any tax advice contained in this email was not intended to be
used, and cannot be used, by you (or any other taxpayer) to avoid
penalties under the Internal Revenue Code of 1986, as amended.

The preceding email message may be confidential or protected by the
attorney-client privilege. It is not intended for transmission to, or
receipt by, any unauthorized persons.  If you have received this message
in error, please (i) do not read it, (ii) reply to the sender that you
received the message in error, and (iii) erase or destroy the message.
Legal advice contained in the preceding message is solely for the
benefit of the Foley & Lardner LLP client(s) represented by the Firm in
the particular matter that is the subject of this message, and may not
be relied upon by any other party.

Internal Revenue Service regulations require that certain types of
written advice include a disclaimer. To the extent the preceding message
contains advice relating to a Federal tax issue, unless expressly stated
otherwise the advice is not intended or written to be used, and it
cannot be used by the recipient or any other taxpayer, for the purpose
of avoiding Federal tax penalties, and was not written to support the
promotion or marketing of any transaction or matter discussed herein.


The contents of this message may be privileged and confidential.
Therefore, if this message has been received in error, please delete it
without reading it. Your receipt of this message is not intended to
waive any applicable privilege. Please do not disseminate this message
without the permission of the author.
*************************************************************************
****** Any tax advice contained in this email was not intended to be
used, and cannot be used, by you (or any other taxpayer) to avoid
penalties under the Internal Revenue Code of 1986, as amended.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not
intended for transmission to, or receipt by, any unauthorized persons.  If you have received this
message in error, please (i) do not read it, (ii) reply to the sender that you received the message in
error, and (iii) erase or destroy the message.  Legal advice contained in the preceding message is solely
for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that
is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To
the extent the preceding message contains advice relating to a Federal tax issue, unless expressly
stated otherwise the advice is not intended or written to be used, and it cannot be used by the
recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written
to support the promotion or marketing of any transaction or matter discussed herein.

# EXHIBIT E

# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| BEIJING | 101 CALIFORNIA STREET | MOSCOW |
| CHARLOTTE | SAN FRANCISCO, CALIFORNIA 94111-5802 | NEW YORK |
| CHICAGO | | NEWARK |
| GENEVA | +1 (415) 591-1000 | PARIS |
| HONG KONG | FACSIMILE +1 (415) 591-1400 | SAN FRANCISCO |
| LONDON | | SHANGHAI |
| LOS ANGELES | www.winston.com | WASHINGTON, D.C. |

January 5, 2012

**JENNIFER A. GOLINVEAUX**
+1 (415) 591-1506
jgolinveaux@winston.com

**VIA E-MAIL: jmoskin@foley.com**

Jonathan E. Moskin
Foley & Lardner LLP
90 Park Avenue
New York, NY 10016

### Re: Games Workshop Limited v. Chapterhouse Studios LLC et al

Dear Jonathan:

I hope you had a good holiday weekend and your new year is off to a good start.

I write to follow-up our email correspondence of last week since we still have not heard back from you substantively. In the interest of moving things forward, let me recap the outstanding issues from our side:

1. **Date certain to exchange discovery ordered to be produced in Dec. 23, 2011 Order.** We need to agree on a reasonable but prompt date certain for both sides to exchange documents ordered by the Court as summarized in the December 23, 2011 Order. While I appreciate your reassurance that your client is "aware" of the Order, we need agreement on a date for production in light of the approaching close of fact discovery so that we can schedule all of the depositions that will need to occur before then. The Court contemplated that the parties would jointly agree to a date and there is no reason we cannot do so. We proposed January 9, 2012. Please respond.

2. **Prompt and certain date for production of privilege logs.** You claim that you are "not aware of any attorney-client privileged documents Games Workshop has withheld." With all due respect, that claim is not credible, particularly in light of the fact that Plaintiff has not produced a single piece of correspondence, either internal or between it and counsel, about Defendant or this litigation. Are you truly claiming that no such documents exist? Plaintiff has specifically objected to a number of requests based upon privilege and redacted a number of documents it has produced, all of which must be reflected on a privilege log.

3. **Date certain for Plaintiff to produce documents it has agreed to produce.** On December 30, 2011 Tom Kearney sent you a summary of categories of documents

WINSTON & STRAWN LLP

January 5, 2012
Page 2

Plaintiff agreed to produce months ago but has not. Provide a date certain when they will be produced, or confirm that no such documents exist.

4. **Organizational Charts.** Document request no. 21 sought organization charts of Games Workshop Limited, its officers, directors, employees, subsidiaries, parent companies, sister companies, and affiliated companies. In response Games Workshop produced documents reflecting the corporate structure of only Plaintiff's parent, and even those documents appear outdated and inaccurate based on public corporate records filed with the Maryland and Tennessee Departments of State. Based on those records, it is evident that the documents Games Workshop produced were out of date at the time they were produced. We have repeatedly asked you simply to confirm whether more current organization charts exist, and whether Plaintiff will produce responsive, current organization charts reflecting its officers, directors, and employees, as well as organization charts for its subsidiaries, sister companies, and affiliated companies. Please do so.

5. **Copyright registration and application for only registration claimed in this case.** You repeatedly claim that Plaintiff has "complied" with document requests nos. 5 and 37 seeking copies of "[a]ll certificates of copyright registration for copyrighted works You claim in this action," and "all correspondence with any government agency or private copyright registration service" concerning such works, but Plaintiff has not even produced a copy of the only copyright registration it claims in this case or the associated application and correspondence. Plaintiff agreed to produce its copyright registrations six months ago. In November, your associate Scott Kaspar said it was his understanding such documents were still being collected. These documents must be produced immediately.

We have been trying to get answers to these basic questions for weeks now. You have refused to either answer them or to schedule a call to discuss. There is absolutely no reason the parties should not be able to resolve these issues. Please respond.

I will respond separately to your emails this week about miscellaneous other issues.

Sincerely,

Jennifer A. Golinveaux

JAG/cc

SF:325915.1