Case: 1:10-cv-08103 Document #: 143-2  Filed: 01/13/12 Page 1 of 10 PageID #:1504

# EXHIBIT A

**Kaspar, Scott R.**

| | |
|---|---|
| **From:** | Moskin, Jonathan |
| **Sent:** | Friday, December 16, 2011 8:22 PM |
| **To:** | 'jgolinveaux@winston.com'; 'TKearney@winston.com'; Kaspar, Scott R. |
| **Cc:** | 'JCDonaldson@winston.com'; 'EMersmann@winston.com' |
| **Subject:** | Re: Games Workshop v. Chapterhouse Studios |

This makes no sense whatsoever. Although I confess that at this moment, on a Friday evening at 9:30 pm sitting in my kitchen, I have no recollection what is in your email of December 1, what I do know is that for four months Chapterhouse made no effort to link the separate notices served by the two parties and had repeatedly promised to produce its document custodian for a short telephone deposition. There is no reason I can think of now to link the two (you certainly mention none) other than as an excuse to delay producing its document custodian.

We are also trying to cooperate with you to comply with the actual notice Chapterhouse served, but instead you won't even do that.

At any rate, I suppose we have at least clarified that Chapterhouse's new position is indeed to refuse to produce a document custodian. That's not very useful, but at least you have made it clear.

Jonathan

---

**From**: Golinveaux, Jennifer A. [mailto:JGolinveaux@winston.com]
**Sent**: Friday, December 16, 2011 07:29 PM
**To**: Moskin, Jonathan; Kearney, Tom J. <TKearney@winston.com>; Kaspar, Scott R.
**Cc**: Donaldson, J. Caleb <JCDonaldson@winston.com>; Mersmann, Eric J. <EMersmann@winston.com>
**Subject**: RE: Games Workshop v. Chapterhouse Studios

Did you not see my email of December 1, or did you simply choose to ignore it?

In fact, you had refused to put up witnesses in response to Chapterhouse's 30(b)(6) deposition for months, on the ironic grounds that Chapterhouse had not yet received documents Plaintiff had refused to provide.

The parties can either stipulate to <u>mutual</u> custodial depositions, and we are open to negotiating the terms of those depositions, with subsequent full 30(b)(6) depositions, or both sides can proceed with full 30(b)(6) depositions, and we can discuss dates in January.

Jennifer

**Jennifer Golinveaux**
D: +1 (415) 591-1506
www.winston.com

**WINSTON & STRAWN LLP**

---

**From:** Moskin, Jonathan [mailto:JMoskin@foley.com]
**Sent:** Friday, December 16, 2011 4:21 PM
**To:** Golinveaux, Jennifer A.; Kearney, Tom J.; Kaspar, Scott R.
**Cc:** Donaldson, J. Caleb; Mersmann, Eric J.
**Subject:** Re: Games Workshop v. Chapterhouse Studios

We can confer again on Monday, but since Chapterhouse had only served one notice, and had been pressing for a single date before we were sidetracked by the pending motions, I had assumed you wanted to take the depositions altogether. This is a major shift.

Further, you have refused to confirm that Chapterhouse will honor its prior agreement to produce a custodial witness for what I said would likely be an hourlong deposition by telephone. We never agreed to any linkage and there is nothing mutual here as your client still has produced essentially no documents other than its website, a materially incomplete sales report, and multiple copies of a string of 4 or 5 emails. I conclude therefore that you are now refusing to produce the witness and reneging on our prior agreement.

Jonathan

---

**From**: Golinveaux, Jennifer A. [mailto:JGolinveaux@winston.com]
**Sent**: Friday, December 16, 2011 07:09 PM
**To**: Moskin, Jonathan; Kearney, Tom J. <TKearney@winston.com>; Kaspar, Scott R.
**Cc**: Donaldson, J. Caleb <JCDonaldson@winston.com>; Mersmann, Eric J. <EMersmann@winston.com>
**Subject**: RE: Games Workshop v. Chapterhouse Studios

Jonathan,

No one is refusing to produce witnesses and this is not the first time we have raised the issue of mutual custodial depositions. The fact that you chose to simply ignore my email from more than two weeks ago on the subject, and took a week to respond to my follow-up email, does not mean it wasn't raised.

We will wait to hear back from you Monday about dates for the custodial depositions after you have a chance to speak with your client. We are not comfortable with a telephone deposition of Plaintiff in light of the significant issues that need to be addressed, but offered to take this deposition in New York, which you have indicated would be more convenient for you and your client.

Have a good weekend.

Jennifer

**Jennifer Golinveaux**
D: +1 (415) 591-1506
www.winston.com



**From:** Moskin, Jonathan [mailto:JMoskin@foley.com]
**Sent:** Friday, December 16, 2011 3:33 PM
**To:** Golinveaux, Jennifer A.; Kearney, Tom J.; Kaspar, Scott R.
**Cc:** Donaldson, J. Caleb; Mersmann, Eric J.
**Subject:** Re: Games Workshop v. Chapterhouse Studios

You previously agreed to produce your witness for what I said would likely be an hourlong deposition by telephone. I won't repeat my request for a fifth time. Unless you expressly confirm otherwise, I will take it you are now refusing to produce the witness and reneging on our prior agreement.

You also have declined to respond to my proposed dates for producing Games Workshop's witnesses in January. Although we never agreed on a separate custodial deposition at all, indeed never even discussed it until today, I will speak with my client Monday. Once again I ask if you will agree to a telephone deposition. And, given the rather vast differences between the parties; their respective histories, and the scope of Chapterhouse's discovery requests (not to mention my view that GW has already responded to all of Chapterhouse's discovery requests except a small number of absurdly overbroad requests that you refuse to narrow) we will need some clarification what you are seeking.

Jonathan

---

**From:** Golinveaux, Jennifer A. [mailto:JGolinveaux@winston.com]
**Sent:** Friday, December 16, 2011 05:47 PM
**To:** Moskin, Jonathan; Kearney, Tom J. <TKearney@winston.com>; Kaspar, Scott R.
**Cc:** Donaldson, J. Caleb <JCDonaldson@winston.com>; Mersmann, Eric J. <EMersmann@winston.com>
**Subject:** RE: Games Workshop v. Chapterhouse Studios

Jonathan,

That is verbatim how plaintiff framed its custodial topic. Do you intend to limit or further explain Plaintiff's topic? Since it is apparent you have not read the specific deposition topics from the notice I cite below, here they are:

28) YOUR communications with or about Defendants and records or correspondence maintained by YOU that would reflect this information.

29) YOUR policies regarding retention, storage, filing, and destruction of documents and things.

30) YOUR policies and practices regarding storage or archiving of paper documents and tangible things.

31) YOUR computer network architecture, including without limitation 1) the name, identity, and contents of any file servers, shared hard drives, or other file storage; and 2) file-naming and storage conventions, including disk or tape labeling conventions.

32) YOUR email system, including without limitation the software and hardware that YOU use for email and any centralized storage or administration of email.

33) YOUR policies relating to employee use of company computers, data, and other technology.

34) YOUR actions to identify, preserve and collect documents and things relevant to this action or responsive to discovery requests in this action.

As I said two weeks ago, we are willing to take this deposition in New York rather than Chicago to accommodate your earlier request.

Regards,
Jennifer

**Jennifer Golinveaux**
D: +1 (415) 591-1506
www.winston.com
WINSTON &STRAWN LLP

---

**From:** Moskin, Jonathan [mailto:JMoskin@foley.com]
**Sent:** Friday, December 16, 2011 2:32 PM
**To:** Golinveaux, Jennifer A.; Kearney, Tom J.; Kaspar, Scott R.
**Cc:** Donaldson, J. Caleb; Mersmann, Eric J.
**Subject:** RE: Games Workshop v. Chapterhouse Studios

You now have explained that you want a witness to talk about maintenance of documents in plaintiff's possession, custody or control responsive to all of

Chapterhouse's discovery requests. I have little idea what specifically you mean by this given the vast number of discovery requests Chapterhouse has served and the fact that GW has been creating and selling Warhammer 40K books and products etc for about 35 years. You also have not answered whether you have in mind a simple telephone deposition, as I have been trying to obtain for four months now. If you can clarify, I can answer your questions.

And for the fourth time today, please confirm that Chapterhouse's document custodian can be available December 21 or 22, or December 28, 29 or 30.

Jonathan

---

**From:** Golinveaux, Jennifer A. [mailto:JGolinveaux@winston.com]
**Sent:** Friday, December 16, 2011 5:14 PM
**To:** Moskin, Jonathan; Kearney, Tom J.; Kaspar, Scott R.
**Cc:** Donaldson, J. Caleb; Mersmann, Eric J.
**Subject:** RE: Games Workshop v. Chapterhouse Studios

What part of my email is confusing to you? What we proposed back on December 1 is mutual depositions limited to custodial topics and agreement on the other issues stated in my email. We need agreement on these issues before Defendant agrees to multiple 30(b)(6) depositions.

Will your client make itself available for a custodial deposition the week of December 26? The topic is maintenance of documents in plaintiff's possession, custody or control responsive to Chapterhouse's discovery requests, including the specific custodial topics set forth in Chapterhouse's 30(b)(6) notice (topics 28-34) served well over two months ago.

Jennifer

**Jennifer Golinveaux**
D: +1 (415) 591-1506
www.winston.com

**WINSTON & STRAWN LLP**

---

**From:** Moskin, Jonathan [mailto:JMoskin@foley.com]
**Sent:** Friday, December 16, 2011 1:35 PM
**To:** Golinveaux, Jennifer A.; Kearney, Tom J.; Kaspar, Scott R.
**Cc:** Donaldson, J. Caleb; Mersmann, Eric J.
**Subject:** RE: Games Workshop v. Chapterhouse Studios

I still don't understand what you are proposing. If it is to allow Chapterhouse a further delay in producing its document custodian, that's not acceptable. For the third time today, please confirm that Chapterhouse's document custodian can be available December 21 or 22, or December 28, 29 or 30.

If you similarly want to take a telephone deposition of someone at Games Workshop then let us know on what subjects. Otherwise, and again for the third time today, please let me know whether the dates we proposed in January are acceptable

Jonathan

---

**From:** Golinveaux, Jennifer A. [mailto:JGolinveaux@winston.com]
**Sent:** Friday, December 16, 2011 4:29 PM
**To:** Moskin, Jonathan; Kearney, Tom J.; Kaspar, Scott R.
**Cc:** Donaldson, J. Caleb; Mersmann, Eric J.
**Subject:** RE: Games Workshop v. Chapterhouse Studios

Jonathan,

My email (from two weeks ago) is clear. Here it is again:

> Jonathan,
>
> I write to follow-up about deposition scheduling. What we propose is that both sides take custodial depositions the week of December 12. Chapterhouse will serve a new notice limited to custodial topics. Please let us know what dates that week work best for the deposition of Games Workshop. To accommodate your earlier request, we can agree to take your client's custodial deposition at Winston's offices either in New York City or Chicago. Chapterhouse will be available in Dallas. Both sides would agree to a subsequent full 30(b)(6) deposition in January. Please let us know what dates work best for your client and we can prepare a draft stipulation.
>
> Jennifer

What part do you not understand? Your claim of delay is striking in light of the fact that we offered mutual custodial depositions <u>last week</u> and you never bothered to respond. Is GW available for a custodial deposition the week of December 26? We need to promptly reach agreement on dates, locations, and the other issue raised in my December 1 email copied above (i.e. agreement to subsequent full 30(b)(6) depositions). Please respond and we will prepare an appropriate stipulation.

Regards,
Jennifer

**Jennifer Golinveaux**
D: +1 (415) 591-1506
www.winston.com



**From:** Moskin, Jonathan [mailto:JMoskin@foley.com]
**Sent:** Friday, December 16, 2011 1:16 PM
**To:** Golinveaux, Jennifer A.; Kearney, Tom J.; Kaspar, Scott R.
**Cc:** Donaldson, J. Caleb; Mersmann, Eric J.
**Subject:** RE: Games Workshop v. Chapterhouse Studios

I'm afraid I don't understand what you are proposing and am concerned that you are now contemplating further delaying the custodial deposition of Chapterhouse that GW noticed in August by linking it to some other deposition Chapterhouse may now wish to take. Perhaps I am not understanding you correctly, but we find this rather distressing as there is no reason to link the two or delay the deposition of Chapterhouse's document custodian.

Regarding depositions of GW, Chapterhouse has served one 30(b)(6) notice, which included a document custodian request. I am not aware of any other request and had understood GW would be producing all of its witnesses together in Chicago on a date certain. Perhaps you can clarify or simply let me know which of the dates I proposed are best.

In the meantime, please confirm that Chapterhouse's document custodian can be available December 21 or 22, or December 28, 29 or 30.

Jonathan

**From:** Golinveaux, Jennifer A. [mailto:JGolinveaux@winston.com]
**Sent:** Friday, December 16, 2011 12:55 PM
**To:** Moskin, Jonathan; Kearney, Tom J.; Kaspar, Scott R.
**Cc:** Donaldson, J. Caleb; Mersmann, Eric J.
**Subject:** RE: Games Workshop v. Chapterhouse Studios

Jonathan,

It is not clear that you read my email below. As I said, we propose mutual custodial depositions pending Judge Kennelly's decision on the motions. Please provide a date Plaintiff will be available.

Jennifer

**Jennifer Golinveaux**
D: +1 (415) 591-1506
www.winston.com

**From:** Moskin, Jonathan [mailto:JMoskin@foley.com]
**Sent:** Friday, December 16, 2011 9:34 AM
**To:** Golinveaux, Jennifer A.; Kearney, Tom J.; Kaspar, Scott R.
**Cc:** Donaldson, J. Caleb; Mersmann, Eric J.
**Subject:** RE: Games Workshop v. Chapterhouse Studios

Because of the breadth and scope of Chapterhouse's deposition notice, it has been very difficult to find times when all the witnesses can travel to the United States. Obviously, we are also now in the midst of the holiday season. However, we believe it may be possible for Games Workshop to have its witnesses in Chicago on January 12 or 13. The week of the 16th is open for all witnesses except one, and the week of the 23d is also possible. Please let me know which of these dates are best.

As for the initial deposition of Chapterhouse's document custodian, depending on what is resolved with the court next week, we propose either December 21 or 22, or the following week, December 28, 29 or 30. As repeatedly noted, we do not expect it will be a length deposition.

Jonathan

**From:** Golinveaux, Jennifer A. [mailto:JGolinveaux@winston.com]
**Sent:** Monday, December 12, 2011 1:19 PM
**To:** Moskin, Jonathan; Kearney, Tom J.; Kaspar, Scott R.
**Cc:** Donaldson, J. Caleb; Mersmann, Eric J.
**Subject:** RE: Games Workshop v. Chapterhouse Studios

Jonathan,

We never received a response to my email below about deposition scheduling. We have been trying to schedule depositions for some time now. We need a confirmed date for Games Workshop by this Friday or will need to raise the issue with the Court. As I said below, Chapterhouse will be available in Dallas, and has some flexibility. Please let us know your preference on date for the Chapterhouse custodial deposition and we will make every effort to accommodate it.

Regards,

Jennifer

**Jennifer Golinveaux**
D: +1 (415) 591-1506
www.winston.com

**From:** Golinveaux, Jennifer A.

**Sent:** Thursday, December 01, 2011 3:01 PM
**To:** 'Moskin, Jonathan'; Kearney, Tom J.; Kaspar, Scott R.
**Cc:** Donaldson, J. Caleb; Mersmann, Eric J.
**Subject:** RE: Games Workshop v. Chapterhouse Studios

Jonathan,

I write to follow-up about deposition scheduling. What we propose is that both sides take custodial depositions the week of December 12. Chapterhouse will serve a new notice limited to custodial topics. Please let us know what dates that week work best for the deposition of Games Workshop. To accommodate your earlier request, we can agree to take your client's custodial deposition at Winston's offices either in New York City or Chicago. Chapterhouse will be available in Dallas. Both sides would agree to a subsequent full 30(b)(6) deposition in January. Please let us know what dates work best for your client and we can prepare a draft stipulation.

Jennifer

**Jennifer Golinveaux**
D: +1 (415) 591-1506
www.winston.com
**WINSTON & STRAWN LLP**

---

**From:** Moskin, Jonathan [mailto:JMoskin@foley.com]
**Sent:** Wednesday, November 30, 2011 8:54 AM
**To:** Kearney, Tom J.; Kaspar, Scott R.
**Cc:** Golinveaux, Jennifer A.; Donaldson, J. Caleb; Mersmann, Eric J.
**Subject:** RE: Games Workshop v. Chapterhouse Studios

Confirming why we had been insisting on written responses to the many unanswered deficiency letters we have sent since July, your email yesterday is inaccurate in many respects, and appears designed to create a false impression that Games Workshop has been in some way uncooperative, while at the same time trying to create an incorrect appearance that we resolved most of the issues we had raised with you for months regarding the deficiencies in Chapterhouse's discovery responses. Therefore, let me clarify a few things.

You are correct that defendant has asked us to confirm dates the week of December 12-16 for Plaintiff's 30(b)(6) deposition in Chicago, which we noted might well be difficult given the need to bring two or more witnesses from England to testify on all of the sustentative issues raised by Chapterhouse. (From my discussion this morning with my client, it appears likely this will be at least three witnesses.) By contrast, all Games Workshop has initially requested is a date for Chapterhouse's document custodian pursuant to a notice we first served in August. As we have told you repeatedly, that should take no more than an hour or so. A full 30(b)(6) deposition of Chapterhouse must await receipt of documents.

Regarding the issues raised by Games Workshop, Chapterhouse has stated it has produced all documents responsive to document request 9 and promises now to produce all documents responsive to Request 10 (although it has not said when). It has also said it will produce communications with third party designers, etc. responsive to Requests 6, 7, 8 and 12; that it has no business plans responsive to Request 11 and that it would provide the bates ranges for the documents it says it has produced in response to Request 16 (advertising by Chapterhouse). We are not aware of any such documents it has produced. Please confirm we are correct in the above and let us know when you expect to produce these items.

As you now note, Chapterhouse has also agreed to supplement its responses to Interrogatories 5 and 13 and Request 27. However please confirm that you will provide complete responses explaining the bases for all of Chapterhouse's 23 affirmative defenses and explain all methods used by Chapterhouse for selecting new products to fit within the Warhammer 40,000 game. Again, when do you expect we will receive these items?

We also asked you if Chapterhouse had changed its position regarding the other issues raised in our prior correspondence (dated July 28, August 5, September 9 and November 23) and you said no. Thus, although you are correct that all issues were raised, many remain unresolved.

Regarding the issues identified in your message as to Games Workshop's responses, you have misstated the issue regarding Response 1. Chapterhouse refuses to identify the specific works from which it has copied, but it does admit it has access to all of the works. We have produced exemplars of the works we believe show the most direct evidence of copying, and as such, it seems a needless burden for Games Workshop to produce additional exemplars. This is particularly so given the fact that it is undisputed Chapterhouse already has all of these items. If you will be more forthcoming what works Chapterhouse actually consulted, we can produce additional exemplars. However, just as it would not be necessary for Walt Disney to produce every single Mickey Mouse work to prove infringement of the character, it should not be necessary for Games Workshop to produce exemplars of all of its works when there is no dispute as to access or copying.

With respect to all responses, wherever you have asked us to confirm whether documents exist, we have directly answered whether we have been able to find documents (although that is not technically required). As I confirmed yesterday, to the extent Games Workshop finds documents responsive to requests 4, 9, 14, 15, 17, 18, 19, 28, 29, 43, and 44 they will be produced. The same holds true regarding Requests 5, 6, 7, 8, 11, 20, and 21, 31, 32, or 33 and 37. We trust this resolves all such issues.

Regarding Requests 34 and 42, we did not say we would simply reconsider our position. Rather, I told you in writing last week that Games Workshop would produce the documents that it obtained from your client (at the needless expense to which you put us by refusing to produce the same) and would also produce its correspondence with Mr Paulson.

Although we did not discuss Request 24, we will produce documents if they become available. We have already produced documents responsive to Requests 25, 26, and 27.

We have told you so many times in writing and on the record that Games Workshop does not claim rights in Star Fox that we can scarcely believe you insist on further confirmation. One more time, here it is: Games Workshop does not claim rights in Star Fox.

With respect to Request 3, we have repeatedly told you that if Chapterhouse questions the originality of any given works or if it believes any given author was not acting within the scope of his or her employment agreement, we

would produce documents. However, instead you are insisting on more than 30 years of employment agreements without identifying any reason for such a demand. If you can articulate a reason, please let us know. This also ties in with Request 4, and you are correct that we will produce the one chain of title document of which we are aware. Again, this calls to mind the analogy to a claim by Disney for infringement of Mickey Mouse noted above.

We already have produced documents in response to Requests 1 and 2, yet you have declined our repeated invitations to identify specific works for which you have any remaining questions. If you can identify any such questions, we will be happy to comply.

Regarding Request 13, I told you there was at least one enforcement matter which, although irrelevant, we would produce documents. We have also agreed to produce documents regarding Request 22 (even though it is no longer relevant) Otherwise regarding requests 12, 13, 16, 22, 23, we are hopeful you will provide clarification and a narrowing of the requests (as you agreed to do regarding Request 36) to make the demands more intelligible. However, you declined our request yesterday to explain why you needed the information in the form and scope requested

Regarding Request 38, we have explained repeatedly that unless we can advise our client who are Chapterhouse's third party designers, etc. it is impossible for us to respond. We again ask you to allow our client's in-house counsel to see the amended responses to Games Workshop's interrogatories.

Jonathan

---

**From:** Kearney, Tom J. [mailto:TKearney@winston.com]
**Sent:** Tuesday, November 29, 2011 9:41 PM
**To:** Moskin, Jonathan; Kaspar, Scott R.
**Cc:** Golinveaux, Jennifer A.; Donaldson, J. Caleb; Mersmann, Eric J.; Kearney, Tom J.
**Subject:** Games Workshop v. Chapterhouse Studios

Counsel –

I write to summarize our telephonic meet and confer of today. As we explained on the phone, given the Court's November 30 filing deadline, we must have your written response to the issues noted below before 9:00 a.m. PST tomorrow or we will have no alternative but to move the Court to compel production on all issues.

Defendant has asked Plaintiff to confirm dates the week of December 12-16 for Plaintiff's 30(b)(6) deposition in Chicago. Plaintiff has requested possible dates for its 30(b)(6) deposition of Chapterhouse at or near the same time.

The parties discussed Games Workshop's outstanding discovery issues, which Chapterhouse now believes (and Scott confirmed) have been fully addressed. Chapterhouse agreed to supplement its responses to Interrogatories 5 and 13 and RFP 27. Chapterhouse's document production, which will be forthcoming this week or next, should address the remainder of Plaintiff's outstanding discovery requests.

With respect to Chapterhouse's outstanding discovery issues:

- With respect to RFP 1 you will let us know whether Games Workshop's sculptural works are relevant to Plaintiff's claims or not. Defendant explained that Plaintiff either considers the works relevant, in which case exemplars must be produced, or it does not consider them relevant, in which case Defendant will move to exclude them from consideration later in the case.

- With respect to RFPs 4, 9, 14, 15, 17, 18, 19, 28, 29, 43, and 44, Plaintiff's responses indicate that it is "not aware" of responsive documents. You confirmed that Plaintiff will nonetheless produce responsive documents to the extent they exist.

- You stated that you would reconsider your response to RFP 34. Please confirm whether you will produce responsive documents. You also stated you would reconsider your responses to RFPs 24, 25, 26, and 27. Please confirm whether you will produce responsive documents, and if so by when.

- With respect to RFP 30, please confirm that Plaintiff is abandoning all claims relating to the "Star Fox" name, mark, and design.

- You stated that you have produced (or "may have produced") all documents responsive to RFPs 6, 8, 20, and 21. Please confirm whether all such documents have been produced.

- In light of your claim to have produced all documents concerning Chapterhouse or its products, please confirm that there are no additional documents in Plaintiff's possession, custody, or control responsive to RFP 31, 32, or 33.

- In its written responses to RFP 7 and 11, Plaintiff refused to produce documents, but you now state that Plaintiff has already produced responsive documents. Please confirm that Plaintiff has produced all responsive documents in Plaintiff's possession, custody, or control, and that Plaintiff will rely only on its document production to date as evidence of first use in U.S. commerce. Please also confirm that Plaintiff will supplement its written responses to these Requests to indicate that it has produced all responsive, non-privileged documents. Defendant will move to exclude non-produced or late-produced documents that Plaintiff attempts to use as evidence of use in commerce, including first use in commerce, in the United States.

- With respect to RFP 3, Plaintiff stands on its objections and refuses to produce responsive documents, but you also state that Plaintiff may be able to produce some unspecified responsive documents. That is an insufficient response: unless you confirm in writing that Plaintiff will agree to produce all responsive documents, Defendant will move to compel.

- With respect to RFP 4, you stated that Plaintiff is now aware of and will produce at least one

- responsive document. With respect to RFPs 5 and 37, you stated that responsive documents are being collected. With respect to RFP 35, Plaintiff has agreed to produce responsive documents but to date we have received none. Please confirm when those documents will be produced.

- You refused to supplement or amend Plaintiff's responses to RFPs 1, 2, 12, 13, 16, 22, 23, 38, and 42.

- Chapterhouse agreed to narrow RFP 36.

- With respect to Defendant's Interrogatories, we have raised issues with respect to 1-2, 3-7, 9, 10, 13-14, and 16-17. You agreed to supplement your response to Interrogatory 16 in accordance with the interrogatory instructions, to explicitly address the portions of the interrogatory Plaintiff was unable to answer. Because you have not agreed to otherwise supplement the responses, Defendant will move the Court to compel.

As noted above, given the Court's filing deadline for Defendant's motion to compel, we must have Plaintiff's responses to the above by 9:00 a.m. PST, November 30.

Sincerely,

Thomas Kearney

**Thomas J. Kearney**
D: +1 (415) 591-6894
www.winston.com

WINSTON
&STRAWN
LLP

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
****************************************************************************** Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
****************************************************************************** Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
****************************************************************************** Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission

to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.