# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAMES WORKSHOP LIMITED, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHAPTERHOUSE STUDIOS LLC and JON ) <br> PAULSON d/b/a PAULSON GAMES, ) <br> ) <br> Defendants. ) | Case No. 1:10-cv-08103 <br><br> Judge Matthew F. Kennelly |

### DEFENDANT CHAPTERHOUSE STUDIOS LLC'S RESPONSE TO GAMES WORKSHOP LTD.'S FOURTH SET OF DOCUMENT REQUESTS TO CHAPTERHOUSE STUDIOS LLC (NO. 30)

PROPOUNDING PARTY:     PLAINTIFF GAMES WORKSHOP LIMITED

RESPONDING PARTY:     DEFENDANT CHAPTERHOUSE STUDIOS LLC

SET:     FOURTH

Pursuant to Federal Rule of Civil Procedure 34, Defendant Chapterhouse Studios LLC ("Chapterhouse") hereby responds to the fourth set of Requests for Production of Documents from Plaintiff Games Workshop Limited ("Games Workshop"), as follows:

### OBJECTIONS

Chapterhouse incorporates the following General Objections as if set forth fully in response to each request for production of documents in Games Workshop's fourth Set of Requests for Production of Documents.

1. This response is made solely for the purposes of this litigation. Chapterhouse has not completed its investigation into the facts of this case. The responses are based solely on the documents that are presently available and specifically known to Chapterhouse. Chapterhouse

therefore responds without prejudice to its right to produce any documents subsequently discovered, and Chapterhouse specifically reserves the right to supplement its responses.

2. Chapterhouse objects to this request to the extent that it purports to impose any requirement or discovery obligation on Chapterhouse other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court.

3. Chapterhouse objects to the definition of "Chapterhouse" as overbroad to the extent it seeks information or documents from other entities that is outside of Chapterhouse's possession, custody or control.

4. Chapterhouse objects to the definition of "Defendants" in Games Workshop's first set of Requests for Production, and incorporated by reference into Games Workshop's fourth set of Requests for Production, as overbroad to the extent it seeks information or documents from other entities that is outside of Chapterhouse's possession, custody or control.

5. Chapterhouse specifically objects to paragraph 8 of Games Workshop's definitions in Games Workshop's first set of Requests for Production, and incorporated by reference into Games Workshop's fourth set of Requests for Production, as overbroad and oppressive to the extent it purports to impose any requirement or discovery obligation on Chapterhouse other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court.

6. Chapterhouse specifically objects to paragraph 9 of Games Workshop's definitions in Games Workshop's first set of Requests for Production, and incorporated by reference into Games Workshop's fourth set of Requests for Production, as overbroad and oppressive to the extent it purports to impose any requirement or discovery obligation on

Chapterhouse other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court.

## RESPONSES

**DOCUMENT REQUEST NO. 29:**

Any and all documents setting forth or referring to the terms of the relationship between and/or among Chapterhouse or its principals and any if [sic] its independent designers or manufacturers, including (without limitation) responsibilities between and among the same, and division of revenues and costs between and among the same.

**RESPONSE TO DOC. REQUEST NO. 30:**

In addition to its general objections, Chapterhouse objects to this request as unintelligible, vague, ambiguous, overbroad and unduly burdensome. Chapterhouse further objects to this request as seeking documents and things outside the scope of permissible discovery because it seeks documents and things that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to discovery of admissible evidence. Chapterhouse further objects to this request to the extent it seeks documents and things protected by the attorney-client privilege, the work-product doctrine and/or any other applicable doctrine.

Dated: December 15, 2011

Respectfully submitted,

CHAPTERHOUSE STUDIOS LLC

By: _____
Jennifer Golinveaux (CA Bar No. 203056)
J. Caleb Donaldson (CA Bar No. 257271)
Thomas J. Kearney (CA Bar No. 267087)
WINSTON & STRAWN LLP
101 California Street

3

San Francisco, CA 94111-5802
Phone: (415) 591-1000
Fax: (415) 591-1400
jgolinveaux@winston.com
jcdonaldson@winston.com
tkearney@winston.com

Eric Mersmann (IL Bar No. 6286859)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-1695
Phone: (312) 558-5600
Fax: (312) 558-5700
emersmann@winston.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2011, I provided service to the person or persons listed below by the following means: First Class Mail.

Scott R. Kaspar
Aaron J. Weinzierl
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: 312.832.4500
Facsimile: 312.832.4700
Email: skaspar@foley.com
aweinzierl@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

Signature: _____
Name         Carleen Chea

Date: December 15, 2011

SF:324672.2

5