**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GAMES WORKSHOP LIMITED,<br><br>                                          Plaintiff,<br><br>              v.<br><br>CHAPTERHOUSE STUDIOS LLC and JON<br>PAULSON d/b/a PAULSON GAMES<br><br>                                          Defendants. | Civil Action No. 1:10-cv-8103<br><br>Hon. Matthew F. Kennelly<br>Hon. Jeffrey T. Gilbert |

## PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS

Plaintiff Games Workshop Limited ("Games Workshop"), by and through its undersigned counsel, respectfully submits this Memorandum in support of its Motion to Compel and for Sanctions against Defendant Chapterhouse Studios LLC ("Chapterhouse").

## INTRODUCTION

1.    Although Chapterhouse has initiated three discovery motions in this case without complying with, whereas Games Workshop[1] has consistently tried instead to resolve matters without motion practice, now that discovery is drawing to a close and Chapterhouse has refused since December 2011 to respond to discovery – including responses compelled by the Court in its December 23 Order – and has refused to answer any of Games Workshop's numerous inquiries by letter and by telephone, Games Workshop has no alternative but to seek the Court's assistance in completing discovery.

---

[1] Games Workshop initiated only one such motion, on July 5, when Chapterhouse announced during a meet and confer conference call that it was refusing *entirely* to participate in discovery until it could move for summary judgment on its supposed defense of independent creation. Since then, not only has Chapterhouse made no such motion, but, as shown below, it has failed to produce any documents or other evidence that so much as any one of its 121 accused works was created other than by directly consulting and relying on Games Workshop's original content.

2.      On December 23, in an effort to resolve months'-old discovery disputes and finally move this case forward, the Court entered an Order compelling Chapterhouse to produce documents responsive to Requests 9, 15 (as narrowed), 16, 18, 19, 20 (as narrowed), and 21[2] and to supplement Interrogatory 15[3].  (Dkt. 139).  (The Court was unable to resolve Games Workshop's concerns regarding Interrogatory 2 and Document Requests 7, 9 and 10 regarding the creation of the accused works because defendant's counsel did not know what documents were being produced; however, defendant had promised plaintiff it would produce documents responsive to these requests during the parties November 29 meet and confer and indeed as early as September 1[4].)  However, since December 23, defendant has failed to produce documents responsive to Requests 9, 15 (as narrowed), 16, 18, 19, and 20 (as narrowed), and although it says it produced documents responsive to Requests 16, 18, and 19, Games Workshop is aware of no such documents and Chapterhouse has refused repeated requests that it simply identify the Bates numbers for these documents if they exist.

3.      Although Chapterhouse did (belatedly) produce emails regarding the design of 15 products in response to Document Request 10 (despite having promised to produce the same during the parties' November 29 meet and confer and indeed even earlier, in September), since December 23, Chapterhouse's entire production has consisted of a single, one-page document (CHS00014354) received on February 7 listing some website metrics presumably responsive to

---

[2] As set forth in Plaintiff's November 30 motion to compel (Dkt. 117), Request 9 seeks documents concerning independent creation and third-party sources; Request 15 seeks sales volumes from eBay and Barterhouse; Request 16 seeks advertising; Request 18 seeks documents relating to the Chapterhouse website disclaimer; Request 19 seeks documents relating to the Chapterhouse website banner; Request 20 seeks documents relating to changes to the banner and disclaimer of the Chapterhouse website; and Request 21 seeks metrics relating to the Chapterhouse website.

[3] As set forth in Plaintiff's November 30 motion to compel (Dkt. 117), Interrogatory 15 relates to Games Workshop's admission requests and requests that, for any request that Chapterhouse denies, the identity of each third party work on which Chapterhouse relies in support thereof.

[4] In open court on September 1, 2011, counsel for Chapterhouse indicated that it was prepared to produce Chapterhouse's correspondence with its third-party designers.  Although there were more, at least one subsequent reminder to Chapterhouse of its promise (on October 20) is attached hereto.  (Kaspar Decl., Ex. K.)

Request 21, which it previously told the Court on December 19 that it could *not* access. After weeks of demands by Games Workshop, it also modestly supplemented its answer to Interrogatory 15 (and two or three others not here at issue) on February 7, but its answer is still materially incomplete.

4.     Similarly, before the parties filed their December cross-motions Chapterhouse promised Games Workshop that it would provide an answer to Interrogatory 13[5] and produce documents responsive to Request 27[6] (*see* Ex. F to Plaintiff's December 7, 2011 Response, Dkt. 130-2 at 15), seeking an explanation of the basis for its 23 affirmative defenses and any documents relied upon to support those affirmative defenses. However, it has thus far produced not a single document showing independent creation of any of its products (its principal purported defense and the basis on which, in late June 2011, it stated its refusal to participate at all in discovery, promising instead a motion for summary judgment and leading Games Workshop for the only prior time in this case to initiate a discovery motion, which it filed on July 5).

5.     For weeks following the Court's December 23 Order, Chapterhouse's excuse for refusing to produce any documents or supplemental interrogatory answers, even where ordered by the Court, was by stating it had no duty to do so until Games Workshop had completed its compliance with the Court's Order. (Kaspar Decl., Ex. A.) The Court's December 23 Order and the Federal Rules of Civil Procedure do not authorize Chapterhouse to abstain from the discovery process. Moreover, as set forth in Games Workshop's January 13 opposition brief and in separate correspondence with Chapterhouse, Games Workshop was providing responses to the outstanding requests on a rolling basis and producing documents from its review of 25 years of

---

[5] Interrogatory 13 calls for the facts on which Chapterhouse relied in asserting its 23 affirmative defenses, including independent creation.
[6] Request 27 seeks all documents consulted or relied upon in support of Chapterhouse's 23 affirmative defenses.

archival material.  In response to Games Workshop's January 27 letter (Kaspar Decl., Ex. H) Chapterhouse has abandoned this excuse.  However, other than the one document noted above, it has produced nothing and responded to none of Games Workshop's inquiries.

6.  Although the Court's December 23 Order declined to order Chapterhouse to produce documents from its alleged third-party designers, that decision was based on Chapterhouse's representation it had no control over the designers and its citation to certain case law regarding the relations between parent and subsidiary companies.  However, Chapterhouse had concealed from the Court that at the same time the motion was pending, it had also served a response to Games Workshop's Document Request 29 in which it refused to disclose facts or documents concerning its *actual* relationship with the designers, and Games Workshop was given no opportunity to present facts or law in response to Chapterhouse's arguments.  On January 17, the Court indicated a willingness to reconsider that order based on additional precedents cited by Games Workshop (noted again below, ¶ 12).  Moreover, although Chapterhouse has still failed to respond to Document Request 29, Games Workshop has since learned that at least one of these designers holds himself out as a *co-owner* of Chapterhouse and another as an employee, and Chapterhouse's own website says it has as many as 4 employees (which are understood to be these very same designers). (Kaspar Decl., Ex. E.)  Indeed, when Chapterhouse belatedly produced its privilege log on February 7, it revealed that it claims privilege in an unspecified number of communications with this same co-owner of the company, Tomas Fiertek, over whom it says it has insufficient control to produce any documents. (Kaspar Decl., Ex. F.) Clearly, it can not have it both ways – sharing privileged advice with a non-lawyer yet also claiming that it has so little a relationship with the same non-lawyer as to be unable to obtain so much as a single document from him.  Chapterhouse has refused to answer Games

Workshop's repeated inquiries why, as a practical matter, it can not obtain the creation documents from all of these individuals, and, despite initially agreeing in September and October, in response to Games Workshop's August 31, 2011 deposition notice, to produce a document custodian (who might, among other things, reveal to what Chapterhouse does and does not have access)[7], now refuses to do so. Further complicating the problem for Games Workshop, six of the twelve designers (including Mr. Fiertek) reside outside the United States. (Kaspar Decl., Ex. J at 7-9.)

7. Moreover, even for those documents concerning creation of the 15 or so products that Chapterhouse did produce in December, it has designated them "attorneys-eyes-only". Although under the parties' protective order it was Chapterhouse's burden to seek an order preserving the highly confidential designation within ten days of Games Workshop's December 30 request that it de-designate *all* such documents, Chapterhouse has not done so but, rather, has only made threats against Games Workshop if it makes these documents available to its in-house counsel (as it should be permitted to do under the order) and, more recently, contended it did not understand how many documents Games Workshop contends must be de-designated despite the statement in Games Workshop's December 30 email requesting: "Please also confirm that you will de-designate the email correspondence between Chapterhouse and the supposedly independent designers, *all of which* were improperly designated attorneys eyes only."

8. Accordingly, Games Workshop requests that the Court compel Chapterhouse to fully respond to Requests 9, 10, 16, 18, 19, 20, and 27 and Interrogatory 15 by February 17, 2012

---

[7] By emails dated September 1 and October 4, Chapterhouse's counsel offered to make the defendant's document custodian available for deposition in Dallas – a deposition Games Workshop said it would do by telephone. However, because Magistrate Judge Gilbert directed the parties to focus instead on settlement, Games Workshop agreed to put off the depositions (particularly given Chapterhouse's promises to produce its independent creation documents). After settlement discussions failed (and Chapterhouse failed to produce the documents as expected) it ceased cooperation in scheduling the deposition.

(or other date certain), or else be precluded from relying upon any information not disclosed or produced prior to the filing of this Motion, and to produce for a deposition a document custodian capable of explaining the gaps in production identified herein in response to Games Workshop's August 31 notice. Moreover, although the Court's December 23 Order did not address Chapterhouse's refusal to answer any of Games Workshop Admission Requests, particularly given Chapterhouse's failure to answer Interrogatory 15 with any particularity, and its failure to produce any documents at all concerning the creation of products other 15 of 121 now in issue, Games Workshop renews its November 30 motion to compel with respect to its Admission Requests.

## ARGUMENT

9.     The Court instructed Chapterhouse in its December 23 Order to produce documents responsive to Requests 9, 15 (as narrowed), 16, 18, 19, 20 (as narrowed), and 21 and to answer Interrogatory 15. (Dkt. 139). Similarly, before the parties filed their December cross-motions Chapterhouse promised Games Workshop that it would provide an answer to Interrogatory 13 and produce documents responsive to Request 27 (*see* Ex. F to Plaintiff's December 7, 2011 Response, Dkt. 130-2 at 15). To date, Chapterhouse has failed to comply with the December 23 Order.

10.     Independent Creation Documents (Requests 9 and 27).  Among the 23 boilerplate defenses Chapterhouse has asserted is its primary defense of "independent creation" on the basis of which Chapterhouse previously refused to participate in discovery until after it could move for summary judgment. Although Chapterhouse has produced some documents relating to 15 or so products (including several emails in which it acknowledged that it was trying to come as close as the law would allow to Games Workshop's original copyrighted works (*See*, *e.g.*, Kaspar Decl., Ex. B at 9; Ex. C at 3 & 9)) it has yet to show that any one of its products was conceived

*independently* of Games Workshop. To the contrary, the documents are the very antithesis of independent creation. Nor are there any documents even purporting to show independent sources of *inspiration*. Rather, the only outside "inspiration" shown in any of the documents are requests from Warhammer 40,000 fans seeking variations on products already created by Games Workshop. (*See*, *e.g.*, Kaspar Decl., Ex. B at 11) This is consistent with the statement on Chapterhouse's website that it "specialize[s] in ideas submitted by our customers and creating pewter and resin bits to fit their armies".[8] Of course, every product it sells is marketed under the names of Games Workshop's characters and/or the names of Games Workshop's corresponding products. Not a single product is sold on its own independent merit. However, after nearly eleven months since Games Workshop commenced discovery, and after the Court instructed Chapterhouse as early as July 6 to produce its independent creation documents, Chapterhouse cannot be permitted to evade such basic discovery obligations to explain the basis for its primary defense (or should be precluded from offering any further evidence).

11. As the Court noted in its December 23 Order, Chapterhouse's counsel was unable at the December 19 hearing to explain the discrepancies among its responses to Interrogatory 2 (listing the alleged independent sources for its accused works) and Requests 9 and 10 (seeking the actual source documents on which Chapterhouse relied in designing the accused products). Indeed, despite its purported reliance on various outside sources as referenced in its answer to Interrogatory No. 2, it has not produced documents reflecting any such reliance for most of these outside sources. The discrepancies remain unanswered. Once again, Games Workshop believes Chapterhouse should be required to produce the documents upon which it bases its defense of independent creation, or else be precluded from relying on independent creation as a defense. It cannot have it both ways.

---

[8] *See* http://chapterhousestudios.com/index.php?route=information/about.

12.    Moreover, although the Court did not compel Chapterhouse to produce documents from its allegedly independent third-party designers, Chapterhouse concealed from the Court prior to the December 19 hearing that only 3 days earlier, it had served by mail the attached response to Games Workshop's Document Request 29 (Kaspar Decl., Ex. D), refusing to produce  documents showing the actual relationship between Chapterhouse and these designers. By mailing the responses rather than serving by email, Chapterhouse prevented Games Workshop from alerting the Court at that time that defendant had refused to provide the information bearing on its contention it has no control over the designers.   Moreover, Chapterhouse's legal argument, never before raised (and to which Games Workshop never had an opportunity to respond) incorrectly cited cases concerning the relationship between parent and subsidiary corporations.   That plainly is not the relationship between Chapterhouse and its designers, yet Chapterhouse refuses to produce the documents that would show the actual relationship.   Indeed, had Chapterhouse disclosed its theory (and made known its refusal to produce the relevant facts), Games Workshop would have been able to clarify that a party's duty to produce documents from third parties is entirely fact-specific, and based on the *practical* ability to obtain such information, not bare abstract legal theories.   *Mercy Catholic Med. Ctr. v. Thompson*, 380 F.3d 142, 160-61 (3d Cir. 2004) ("Under these circumstances, we find the documents were plainly within the control of the 'prime contractor' (in this case, the Intermediary).  In the context of Fed. R. Civ. P. 34(a), so long as the party has the legal right *or ability* to obtain the documents from another source upon demand, that party is deemed to have control."(emphasis added)); *Anderson v. Cryovac, Inc.*, 862 F.2d 910, 928-29 (1st Cir. 1988) ("This cooperation pact put [third party's] information — including the Report — at [appellee's] disposal and, constructively, in its possession. Accordingly, appellee had a duty to make inquiry

of [third party] before answering the interrogatories and responding to the requests for production."); *In re NTL, Inc. Sec. Litig.*, 244 F.R.D. 179; 195, 2007 U.S. Dist. LEXIS 6198 (S.D.N.Y. 2007) ("Under Rule 34, 'control' does not require that the party have legal ownership or actual physical possession of the documents at issue; rather, documents are considered to be under a party's control when that party has the right, authority, or *practical ability* to obtain the documents from a non-party to the action." (emphasis added)).  As the court further explained in *In re NTL*:

> Moreover, defendant NTL Europe's CEO demonstrated that NTL Europe had the simple "practical ability" to obtain the relevant documents from New NTL; he testified that "[w]henever there was a document that we needed [from New NTL] . . ., we would call [New NTL] and ask if they had it, and if they had it, they'd send it."

*Id.* at 195-96.  The actual legal standard confirms why Chapterhouse should be compelled to respond to Document Request 29 to disclose the actual terms of its relationships with the designers …and to produce the documents from the designers.  (Based on the documents produced to date (*see*, *e.g.*, Kaspar Decl., Exs. B & C), Games Workshop suspects the real reason for Chapterhouse's refusal to produce the documents is that they will further demonstrate deliberate copying.)

13.    As further evidence that Chapterhouse has control over at least some of its designers, at least two of Chapterhouse's designers publicly identify themselves as being employees or owners of Chapterhouse.  For instance, Tomas Fiertek lists himself as being an owner of Chapterhouse on his LinkedIn profile, and Michael Lawler lists himself as being a Chapterhouse employee on his LinkedIn profile.  (Kaspar Decl., Ex. E.)  Chapterhouse's own website indicates that there are four employees at Chapterhouse[9], and Messrs. Lawler and Fiertek are understood to be two of them.  Importantly, Chapterhouse must consider Mr. Fiertek to be an

---

[9] *See* http://chapterhousestudios.com/index.php?route=information/about.

owner or an employee, because it has listed him on Chapterhouse's Privilege Log as having received privileged information from Nick Villacci. (Kaspar Decl., Ex. F.) Either Mr. Fiertek is an employee—and therefore Chapterhouse has control over him for purposes of producing responsive documents in his possession—or Chapterhouse has waived its privilege. Chapterhouse cannot have it both ways. Moreover, as shown in its answer to Interrogatory 3, six of the twelve designers reside outside the United States (including Mr. Fiertek); one United States resident (Simon Summers) has no given address, and a second United States resident (Sam Terry) evidently does not reside at the stated address in West Virginia, as Games Workshop's efforts to serve him with a subpoena since early January have been unsuccessful. (Kaspar Decl., Ex. J.) Thus, Chapterhouse should be directed to produce the design documents from these individual or be deemed to have conceded copying.

14. Alternatively, if Chapterhouse has no control over its designers, it should likely be precluded from relying on any evidence in the possession of the designers to prove independent creation. Indeed, unless Chapterhouse has a right to control the design process and to know the documents and sources on which the designers rely, it simply cannot contend that any of the designs were independently created. (Moreover, if Chapterhouse has so little control over its designers, then it has also presumably waived attorney-client privilege by disclosing attorney advice to the designers (*see, e.g.*, Kaspar Decl., Ex. C at 6).

15. A further consequence of Chapterhouse's concealment (until its December 7 brief) of its contention that it had no control over the designers is that, for months, Games Workshop expected it ultimately would receive all "creation" documents from Chapterhouse without a need to subpoena the third-party designers. (Nor could Games Workshop's litigation counsel even

*discuss* any issues concerning the designers with its client given Chapterhouse's improper confidentiality designation, which the Court rejected in its December 23 Order.)

16.  Now that the confidentiality designation has been removed and Chapterhouse has disclosed its position that it has no control over the designers, Games Workshop has subpoenaed several of the designers.  Three of the designers—Wyatt Traina, Jeffery Nagy, and Michael Lawler—now are being represented by Chapterhouse's counsel at Winston & Strawn.  Although one of the subpoenas was served as early as January 9, and the others soon after, to date, Chapterhouse's (and the designers') counsel has not produced responsive documents and has declined to tell Games Workshop precisely when it will respond to the subpoenas.

17.  <u>Highly Confidential Designation</u>.  On December 15, Chapterhouse served 2,800 documents purporting to respond to two requests: Document Request 10 (concerning the creation of the accused works) and Request 5 (constituting its correspondence with the independent designers).  Attached as Exhibit C (filed under seal) are representative samples of the documents. Although these documents do demonstrate deliberate copying (or, minimally, an intent to come as close to the line as the law will allow), there are no trade secrets or other confidential materials in these or any of the documents.  Accordingly, on December 30 and again on January 3, Games Workshop requested that Chapterhouse de-designate all of the materials so they can be shared with Games Workshop's in-house counsel.  (Kaspar Decl., Ex. G.)  Games Workshop has repeated its request several times since then, including in letters dated January 24, 27, and 31 and February 3 and 7, but Chapterhouse has refused to de-designate the documents and, without stating any basis for the designation, has instructed Games Workshop not to share the documents with its in-house counsel.  (Kaspar Decl., Ex. H.)  Just as Chapterhouse's original attorneys-eyes-only designation of all information about the designers stalled discovery about the designers

for many months, the inability to share such documents with Games Workshop's in-house counsel continues to delay progress of discovery. Pursuant to the Agreed Protective Order (Dkt. 71), Chapterhouse's time to seek a protective order passed on January 9. Accordingly, Games Workshop requests that the Court instruct Chapterhouse to de-designate its third-party correspondence that it has improperly designated as Highly Confidential.

18. <u>Requests 16, 18, and 19</u>. Although Chapterhouse has stated (in a January 6 email) that it has produced documents as ordered by the Court on December 23 in response to Requests 16 (advertising), 18 (creation of the disclaimer on its website) and 19 (creation of the banner citing Warhammer 40,000 on its website), Games Workshop is aware of no such documents. It would have been a very simple thing for Chapterhouse to identify the Bates number of the documents (as it agreed to do before the December motion with respect to the advertising) but notwithstanding repeated requests from Games Workshop (on January 24, 27, 31 and February 3 and 7) it never did. Accordingly, Chapterhouse should be required to produce (or, minimally, identify) its documents responsive to Requests 16, 18, and 19, or confirm that none exist.

19. <u>Request 20</u>. The Court's December 23 order specified that Chapterhouse should respond to Games Workshop's Request 20 concerning specific changes to its website. In its January 3 email (Kaspar Decl., Ex. G), Games Workshop specified that the request could be limited to changes to the disclaimer shortly after this lawsuit was filed, and the recent decision to change the overall look and feel of the site, including the decision to delete the banner about "Custom Sculpts and Bits for Warhammer 40,000" and changes to the descriptions of the products. To date, no response has been forthcoming. Chapterhouse thus should be ordered to comply with the request as narrowed by Games Workshop.

## STATEMENT UNDER L.R. 37.2

20.    On January 13, 2012, Games Workshop filed an opposition and cross-motion (Dkt. 143) in response to Chapterhouse's motion to compel (Dkt. 141), which motion (like Chapterhouse's two prior motions) was filed by Chapterhouse without compliance with Local Rule 37.2.   Nearly all of the issues raised in the present Motion were included in Games Workshop's prior cross-motion.

21.    Since Games Workshop filed its January 13, 2012 cross-motion, nothing has changed except that Chapterhouse has served an incomplete answer to Interrogatory 15 and has produced only a single, one-page document (Bates No. CHS00014354) listing some website metrics presumably responsive to Request 21, which it previously told the Court on December 19 that it could not access.

22.    Games Workshop has attempted to resolve the ongoing discovery disputes by letter and telephone calls, including sending letters on January 24, 27, and 31 and February 3 and 7 (Kaspar Decl., Ex. H.) and a follow-up, pre-arranged meet and confer call on February 8. Chapterhouse has refused to engage in discovery, first stating that it was linking the timing of its compliance with the Court's December 23 Order until such time that it believed Games Workshop was in sufficient compliance with its arbitrary demands (Kaspar Decl., Ex. A), but then abandoning that excuse after Games Workshop completed its production.   The Court's December 23 Order and the Federal Rules of Civil Procedure do not authorize Chapterhouse to abstain from the discovery process.

23.    On February 8, the parties participated in a telephonic meet and confer to discuss the issues presented in this Motion.   In attendance for Games Workshop were Jonathan Moskin and Scott Kaspar, and Joon Oh attended on behalf of Chapterhouse.   Although Games Workshop

repeatedly emphasized that it needed answers that day (repeated in a confirmatory email shortly after the call), Mr. Oh insisted the issues would be clarified by his letter dated February 8, which in fact was silent on essentially all of the issues that counsel for Games Workshop raised with him (other than to confirm its refusal to produce a document custodian or confirm that its deadline to maintain the "highly confidential" designation on its creation documents had passed)[10]. (Kaspar Decl., Ex. I.)

24. Accordingly, as set forth above, Games Workshop has in good faith conferred with Chapterhouse in an effort to resolve these disputes without Court action, as required by Fed. R. Civ. P. 37(a)(1) and L.R. 37.2. However, despite these efforts, the parties have been unable to resolve these disputes.

## <u>CONCLUSION</u>

**WHEREFORE**, Games Workshop respectfully requests that the Court enter an Order (1) granting its Motion; (2) ordering Chapterhouse to respond to Requests 2, 7, 9, 10, 15, 16, 18, 19, 20, and 27 and Interrogatory 15 by February 17, 2012 (or other date certain sufficiently in advance of the close of discovery) or, alternatively, precluding Chapterhouse from relying upon any information not disclosed or produced prior to the filing of this Motion; (3) directing Chapterhouse to produce a document custodian for a telephonic deposition; (4) directing Chapterhouse to respond in full to Games Workshop's admission requests; (5) ordering that Games Workshop be reimbursed for at least one half of its reasonable expenses, including attorneys' fees, incurred in relation to this Motion, and (6) granting any such further relief as the Court deems appropriate and just.

---

[10] The letter also raised two other issues regarding two documents Games Workshop had produced in redacted form and the scheduling of depositions, issues Games Workshop believes it has largely resolved by subsequent letter.

Dated:  February 9, 2012                                    Respectfully submitted,


                                                            /s/  Scott R. Kaspar

                                                                 Scott R. Kaspar (Ill. Bar No. 6284921)
                                                                 Aaron J. Weinzierl (Ill. Bar No. 6294055)
                                                                 FOLEY & LARDNER LLP
                                                                 321 North Clark Street, Suite 2800
                                                                 Chicago, IL 60654-5313
                                                                 Telephone:  312.832.4500
                                                                 Facsimile:  312.832.4700
                                                                 Email:  skaspar@foley.com;
                                                                 aweinzierl@foley.com

                                                                 Jonathan E. Moskin
                                                                 FOLEY & LARDNER LLP
                                                                 90 Park Avenue
                                                                 New York, New York 10016
                                                                 Telephone:  (212) 682-7474
                                                                 Facsimile:  (212) 687-3229
                                                                 Email:  jmoskin@foley.com

                                                                 *Attorneys for Plaintiff*
                                                                 *Games Workshop Limited*

## <u>CERTIFICATE OF SERVICE</u>

I, Scott R. Kaspar, an attorney, hereby certify that on February 9, 2012, I caused

to be filed electronically the foregoing PLAINTIFF'S MOTION TO COMPEL AND FOR

SANCTIONS with the Clerk of the Court using the CM/ECF system, which will send an

electronic copy of the foregoing to counsel of record and constitutes service under Federal Rule

of Civil Procedure 5(b)(2)(D) pursuant to Local Rule 5.9 of the Northern District of Illinois.


/s/  Scott R. Kaspar