# EXHIBIT A

# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| BEIJING | 101 CALIFORNIA STREET | MOSCOW |
| CHARLOTTE | SAN FRANCISCO, CALIFORNIA 94111 | NEW YORK |
| CHICAGO | | NEWARK |
| GENEVA | +1 (415) 591-1000 | PARIS |
| HONG KONG | | SAN FRANCISCO |
| HOUSTON | FACSIMILE +1 (415) 591-1400 | SHANGHAI |
| LONDON | | WASHINGTON, D.C. |
| LOS ANGELES | www.winston.com | |

January 27, 2012

**VIA E-MAIL**

THOMAS KEARNEY
+1 (415) 591-6894
tkearney@winston.com

Scott Kaspar
Foley & Lardner LLP
90 Park Avenue
New York, NY 10016

     Re:  **Games Workshop v. Chapterhouse Studios**

Dear Scott:

I write in response to your letter dated January 24, 2012, and in follow-up to our many attempts to reach agreement on outstanding discovery issues in light of upcoming depositions.

Unfortunately, your letter largely ignores the issues we have raised.

First, as you know, the Court instructed the parties to agree on a date certain to exchange Court-ordered discovery. In the five weeks since the Court's December 23, 2011 Order, we have received almost none of the discovery the Court has ordered Plaintiff to produce. In fact, we have received only a copy of Plaintiff's settlement agreement with Paulson; a copy of Plaintiff's December 22, 2010 letter to Chapterhouse (with exhibits reproduced in black and white instead of in color); fifteen pages of black-and-white scans of what is evidently full-color artwork (with parts of several of the pages apparently cut off in scanning, and at least one duplicate); and a copy of Plaintiff's sole copyright registration. When will Plaintiff produce its outstanding discovery? Your claim in your letter that "[w]e expect to make additional documents available within days" is vague. Does Plaintiff intend to produce its outstanding discovery by next week?

If that is the case, we propose to conduct the Rule 30(b)(6) depositions of both Plaintiff and Defendant the week of February 13. Chapterhouse will be available in Dallas, Texas and will depose Plaintiff at our offices in Chicago. As we have explained in the past, we do not intend to make Chapterhouse available for more than one 30(b)(6) deposition in light of your refusal to agree to mutual custodian depositions despite multiple requests.

WINSTON & STRAWN LLP

January 27, 2012<br>Page 2

We propose taking remaining party depositions the weeks of February 20 and 27.  We currently intend to depose at least the following employees of Plaintiff (also in Chicago):

> John Blanche
> Dave Gallagher
> Jes Goodwin
> Neal Hodgson
> Andy Jones
> Alan Merrett
> Ed Spettigue

We will supplement this list as appropriate in order to provide you and your client with as much notice as practicable.

As a reminder, the following production issues, among others, are still unresolved from the Court's December 23, 2011 Order and Ms. Golinveaux's letter to you of January 5, 2012:

- The Court ordered Plaintiff to produce the "best available exemplar" of each of the works at issue.  In addition to the printed and sculptural works it originally alleged but has never produced, Plaintiff has now identified a large number of new printed and sculptural works in its Second Amended Complaint and revised Exhibit A. Chapterhouse has requested and is entitled to exemplars of Plaintiff's sculptural works as well as full-color copies of Plaintiff's printed works.

- The Court ordered Plaintiff to respond in full to Chapterhouse's interrogatory no. 9 seeking "any and all sources consulted, used, reviewed, or relied on" in creating the works at issue. We still await a response.

- The Court ordered Plaintiff to respond in full to Chapterhouse's document request no. 2 seeking "[a]ll documents concerning the design, creation, or authorship of the copyrighted works You claim in this action."  We still await a response.

- Document request 22 seeks documents linking Paulson, Chapterhouse, and the "Super-heavy Assault Walker" product.  We strongly disagree with Plaintiff's unfounded unilateral assessment that responsive documents are irrelevant. At any rate, Plaintiff made no such objection when it agreed more than half a year ago to produce responsive documents.  Plaintiff must produce the requested documents.

- Plaintiff still has not provided the organization charts Chapterhouse requested more than half a year ago. As we have repeatedly told you, Chapterhouse's document request seeks "[a]ll documents constituting" such organization charts. And, as I informed you back in July 2011 and have emphasized repeatedly since then, Plaintiff's offer to produce instead

WINSTON & STRAWN L.L.P.

January 27, 2012
Page 3

a supposedly "representative" chart, whatever that means, is insufficient. In addition, as we have also explained many times, the handful of virtually identical charts Plaintiff has produced are not only inadequate but were apparently outdated and inaccurate even at the time they were produced. Furthermore, public records indicate that Games Workshop's corporate structure has changed again recently. Plaintiff must supplement its production with responsive, accurate, up-to-date organization charts, or confirm unequivocally that no such documents exist.

- Plaintiff must produce specimens of first use in commerce of its alleged marks responsive to document request no. 11, as well as documents concerning trademark availability research, investigation, and searches responsive to document request no. 8.

- Plaintiff must respond in full to Chapterhouse's interrogatory no. 16, identifying where and when each alleged work (including both printed works and sculptural works) was first published.

Your contention that Chapterhouse's responses are "weeks overdue" is of course baseless. With respect to Plaintiff's Interrogatory 15, as noted above, the court ordered the parties on December 23, 2011 to agree to a date to exchange discovery, including discovery Plaintiff was ordered to produce and had agreed to produce. Since then, Chapterhouse has repeatedly asked Plaintiff for a date, but Plaintiff has refused. With respect to Plaintiff's Document Requests 16, 18, and 19, at the December 19, 2011 hearing the Court instructed Chapterhouse to produce documents responsive to those requests by December 28, 2011, and Chapterhouse did so.

We are discussing the confidentiality issue you raise in your letter with our client, and will let you have our response in the next few days. Until then you are not authorized to share those documents with your client, your letter of late this afternoon notwithstanding. Doing so would violate the Agreed Protective Order, and Defendant reserves all rights to pursue any appropriate remedy for such breach.

We look forward to working with you cooperatively to complete remaining discovery in this case in the most efficient manner possible.

Sincerely,

Thomas J. Kearney

TJK:lsh

SF:327270.1

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FOLEY & LARDNER LLP

DEC 20 10: 25 A 2011

| | | |
|---|---|---|
| GAMES WORKSHOP LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:10-cv-08103 |
| v. | ) | |
| | ) | |
| CHAPTERHOUSE STUDIOS LLC and JON | ) | |
| PAULSON d/b/a PAULSON GAMES, | ) | Judge Matthew F. Kennelly |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CHAPTERHOUSE STUDIOS LLC'S RESPONSE TO GAMES
WORKSHOP LTD.'S FOURTH SET OF DOCUMENT REQUESTS
TO CHAPTERHOUSE STUDIOS LLC (NO. 30)**

PROPOUNDING PARTY:        PLAINTIFF GAMES WORKSHOP LIMITED

RESPONDING PARTY:        DEFENDANT CHAPTERHOUSE STUDIOS LLC

SET:                FOURTH

Pursuant to Federal Rule of Civil Procedure 34, Defendant Chapterhouse Studios LLC

("Chapterhouse") hereby responds to the fourth set of Requests for Production of Documents

from Plaintiff Games Workshop Limited ("Games Workshop"), as follows:

**OBJECTIONS**

Chapterhouse incorporates the following General Objections as if set forth fully in

response to each request for production of documents in Games Workshop's fourth Set of

Requests for Production of Documents.

1.        This response is made solely for the purposes of this litigation. Chapterhouse has

not completed its investigation into the facts of this case.  The responses are based solely on the

documents that are presently available and specifically known to Chapterhouse. Chapterhouse

therefore responds without prejudice to its right to produce any documents subsequently discovered, and Chapterhouse specifically reserves the right to supplement its responses.

2. Chapterhouse objects to this request to the extent that it purports to impose any requirement or discovery obligation on Chapterhouse other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court.

3. Chapterhouse objects to the definition of "Chapterhouse" as overbroad to the extent it seeks information or documents from other entities that is outside of Chapterhouse's possession, custody or control.

4. Chapterhouse objects to the definition of "Defendants" in Games Workshop's first set of Requests for Production, and incorporated by reference into Games Workshop's fourth set of Requests for Production, as overbroad to the extent it seeks information or documents from other entities that is outside of Chapterhouse's possession, custody or control.

5. Chapterhouse specifically objects to paragraph 8 of Games Workshop's definitions in Games Workshop's first set of Requests for Production, and incorporated by reference into Games Workshop's fourth set of Requests for Production, as overbroad and oppressive to the extent it purports to impose any requirement or discovery obligation on Chapterhouse other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court.

6. Chapterhouse specifically objects to paragraph 9 of Games Workshop's definitions in Games Workshop's first set of Requests for Production, and incorporated by reference into Games Workshop's fourth set of Requests for Production, as overbroad and oppressive to the extent it purports to impose any requirement or discovery obligation on

Chapterhouse other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court.

**RESPONSES**

**DOCUMENT REQUEST NO. 29:**

Any and all documents setting forth or referring to the terms of the relationship between and/or among Chapterhouse or its principals and any if [sic] its independent designers or manufacturers, including (without limitation) responsibilities between and among the same, and division of revenues and costs between and among the same.

**RESPONSE TO DOC. REQUEST NO. 30:**

In addition to its general objections, Chapterhouse objects to this request as unintelligible, vague, ambiguous, overbroad and unduly burdensome. Chapterhouse further objects to this request as seeking documents and things outside the scope of permissible discovery because it seeks documents and things that are not relevant to any claim or defense in this action and are not reasonably calculated to lead to discovery of admissible evidence. Chapterhouse further objects to this request to the extent it seeks documents and things protected by the attorney-client privilege, the work-product doctrine and/or any other applicable doctrine.

Dated: December 15, 2011

Respectfully submitted,

CHAPTERHOUSE STUDIOS LLC

By: _____

Jennifer Golinveaux (CA Bar No. 203056)
J. Caleb Donaldson (CA Bar No. 257271)
Thomas J. Kearney (CA Bar No. 267087)
WINSTON & STRAWN LLP
101 California Street

3

San Francisco, CA 94111-5802
Phone: (415) 591-1000
Fax: (415) 591-1400
jgolinveaux@winston.com
jcdonaldson@winston.com
tkearney@winston.com

Eric Mersmann (IL Bar No. 6286859)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-1695
Phone: (312) 558-5600
Fax: (312) 558-5700
emersmann@winston.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2011, I provided service to the person or persons listed

below by the following means: First Class Mail.

| | |
|---|---|
| Scott R. Kaspar | Jonathan E. Moskin |
| Aaron J. Weinzierl | FOLEY & LARDNER LLP |
| FOLEY & LARDNER LLP | 90 Park Avenue |
| 321 North Clark Street, Suite 2800 | New York, New York 10016 |
| Chicago, IL 60654-5313 | Telephone: (212) 682-7474 |
| Telephone: 312.832.4500 | Facsimile: (212) 687-3229 |
| Facsimile: 312.832.4700 | Email: jmoskin@foley.com |
| Email: skaspar@foley.com | |
| aweinzierl@foley.com | |

Signature: _____    Date: December 15, 2011

Name        Carleen Chea

SF:324672.2

5

# EXHIBIT E



# Michael Lawler

Concept Artist at Chapter House Studios

Greater San Diego Area | Design

| | |
|---|---|
| Current | **Illustrator and Generalist at Freelance Artist** |
| Past | Concept Artist/Sculptor at Chapter House Studios |
| | Instructor at ESI, ITT Technical Institute |
| | Senior Content Engineer at Censecfor |
| | see all |
| Education | Animation Mentor |
| | ITT Technical Institute |
| | ITT Technical Institute |
| Connections | **17** connections |
| Websites | Portfolio |
| | Blog |

## Michael Lawler's Experience

**Illustrator and Generalist**
**Freelance Artist**
November 2009 – Present (2 years 4 months)

Seeking work in 3d modeling, Illustration, animation, and conceptual work.

**Concept Artist/Sculptor**
**Chapter House Studios**
February 2011 – March 2011 (2 months)

**Instructor**
**ESI, ITT Technical Institute**
Public Company; 5001-10,000 employees; ESI; Education Management industry
October 2008 – November 2009 (1 year 2 months)

**Senior Content Engineer**
**Censecfor**
June 2007 – March 2009 (1 year 10 months)

**Graphic Artist 3**
**L3 Communications**
Public Company; 10,001+ employees; LLL; Defense & Space industry
March 2006 – June 2007 (1 year 4 months)

**Multimedia Specialist**
**VSD, LLC**
Privately Held; 51-200 employees; Defense & Space industry
2004 – 2006 (2 years)

## Michael Lawler's Education

**Animation Mentor**
Certificate, Advanced Studies in Character Animation
2009 – 2009
Online School
Completed two terms and a workshop while attending Animation Mentor.

**ITT Technical Institute**
BS, Digital Entertainment/ Game Design
2002 – 2008
*Activities and Societies:* Autodesk User Group International, National Technical Honor Society

**ITT Technical Institute**
AS, Multimedia
2002 – 2004

## Michael Lawler's Additional Information

| | |
|---|---|
| Websites: | • Portfolio |
| | • Blog |
| Interests: | |

Education                                                                                            Lin

**Groups and Associations:**
Member of many online communities dealing with 3d and animation as well as 2d art and general design.



Art and Creative professionals

CGHUB

CONCEPT ARTIST

Characters Engage

Concept Art

CreativeHeads.net Digital Entertainment Career Network

Deviant Art

FOR ALL YOUR 3D ANIMATION, VFX, GRAPHICS & 3D GAME ART REQUIREMENTS

Freelance Artists and Designers

JOBS IN GAMES ( Ltd ) - Contract

The Illustrator's Guild

**Honors and Awards:**  Graduated with Honors with my Bachelor's Degree.

Contact Michael for:

- career opportunities
- expertise requests
- reference requests
- job inquiries
- business deals
- getting back in touch

View Michael Lawler's full profile to...

- See who you and **Michael Lawler** know in common
- Get introduced to **Michael Lawler**
- Contact **Michael Lawler** directly

**View Full Profile**

Not the Michael Lawler you were looking for? View more »

LinkedIn Corporation © 2011

**We Need More Attorneys - If you are an attorney who needs more cases, apply today for membership.**  From:  LegalMatch

# Tomas F

Owner, Chapterhouse studios
Gothenburg, Sweden | Arts and Crafts

| | |
|---|---|
| Current | **Owner** at **Chapterhouse studios** |
| Connections | **1** connection |
| Public Profile | http://se.linkedin.com/pub/tomas-f/2b/a14/44 |

---

Contact Tomas for:

- career opportunities
- new ventures
- expertise requests
- reference requests

- consulting offers
- job inquiries
- business deals
- getting back in touch

**Send a message to Tomas F**
   **Send InMail**

# EXHIBIT F

Games Workshop Ltd. v. Chapterhouse Studios LLC
U.S.D.C. (Northern Dist. of IL) Case No. 1:10-cv-08103

CHAPTERHOUSE STUDIOS PRIVILEGE LOG

| Privilege Log Document No. / Category | Document Date | Doc Type | Description | Author | Recipient(s) | Basis for Withholding |
|---|---|---|---|---|---|---|
| 1 | 7/13/2009 | Email | Confidential email reflecting request for and provision of legal advice | Nick Villacci | Corby Bell, Esq. | AC Privilege and Work Product |
| 2 | 7/13/2009 | Email | Confidential email reflecting request for and provision of legal advice | Nick Villacci | Corby Bell, Esq. | AC Privilege and Work Product |
| 3 | 6/14/2009 | Email | Confidential email reflecting request for and provision of legal advice | Corby Bell, Esq. | Nick Villacci | AC Privilege and Work Product |
| 4 | | Communications between N. Villacci and Winston & Strawn LLP | Confidential communications containing or seeking legal advice related to this litigation | | | AC Privilege and Work Product |
| 5 | | Communications between N. Villacci and T. Fientek | Confidential communications containing or seeking legal advice re product design | | | AC Privilege and Work Product |

# EXHIBIT G

**Kaspar, Scott R.**

| | |
|---|---|
| **From:** | Moskin, Jonathan |
| **Sent:** | Friday, December 30, 2011 7:27 PM |
| **To:** | 'Golinveaux, Jennifer A.' |
| **Cc:** | Kearney, Tom J.; Kaspar, Scott R.; Donaldson, J. Caleb; Mersmann, Eric J. |
| **Subject:** | RE: Games Workshop v. Chapterhouse Studios |

Neither Scott nor I have any idea what you are talking about - either regarding the supposed conversation about copyright registrations nor your assumptions what organizational charts you evidently presume GW should have.  Likewise, I don't recall this was even mentioned in your self-serving summary of the parties' November 28 meet and confer.  Perhaps you can clarify.

In the meantime, given your complete puzzlement by your messages, I might well borrow from you to say that this entire exchange has been concocted by you to distract from the fact that Chapterhouse still has failed to produce the documents and supplement its interrogatory responses as promised on November 28 or as directed by the court. The fact that you have sought once again to link the timing on Chapterhouse's deadlines to seemingly fictional duties created for Games Workshop might further incline me towards such a conclusion.  You might nonetheless say that such an accusation is not helpful, so I will simply note that I resent your own unfounded accusations against me and my client. I could cite many similar examples, but it is now 8:30 in NY and I can think of many better ways to spend my evening.

At any rate, I agree that Chapterhouse should produce its privilege log as it has repeatedly referred in its discovery responses and on-line to opinions of counsel. However, I am not aware of any attorney-client privileged documents Games Workshop has withheld.  If you believe there have been any such references, please let me know

Happy New Year

Jonathan

-----Original Message-----
From: Golinveaux, Jennifer A. [mailto:JGolinveaux@winston.com]
Sent: Friday, December 30, 2011 7:52 PM
To: Moskin, Jonathan
Cc: Kearney, Tom J.; Kaspar, Scott R.; Donaldson, J. Caleb; Mersmann, Eric J.
Subject: RE: Games Workshop v. Chapterhouse Studios

Jonathan,

The lengths you will go to avoid a substantive response are impressive if pointless.

If you did indeed speak with Scott, I assume you know he told us that it was his understanding that the relevant copyright registration was still being "collected" despite Plaintiff's agreement to produce it months ago. Now you apparently claim you have produced it. That is false. The documents have not been produced. If you claim they have, provide the Bates numbers.  Plaintiff has also failed to have comply with a number of other requests despite representations to the contrary, which Tom will write to you about shortly.

Since you have still not responded, I will repeat myself here:

Plaintiff had failed to produce current or complete organizational charts or the copyright registration. Confirm by Tuesday that no more complete or current organizational charts exist and explain why the sole copyright registration (and the corresponding application, which Plaintiff also agreed to produce but has not) have not been produced despite your representations.

These are not complicated or confusing points. Stop wasting everyone's time and simply respond.

You have also ignored my email requesting that we agree on a date to exchange privilege logs. I proposed Jan. 9. Confirm whether this is acceptable or propose a timely alternative by Tuesday. We also need to agree on a date to exchange the additional documents the Court ordered both sides to produce. We propose Jan. 9. Confirm whether this is acceptable or propose a timely alternative by Tuesday. We need dates certain so that we can schedule all of the depositions that will need to occur by the middle of March.

The Court has set a firm date for the close of fact discovery. We will not indulge your efforts to further delay Plaintiff's discovery obligations.

Jennifer

-----Original Message-----
From: Moskin, Jonathan [mailto:JMoskin@foley.com]
Sent: Friday, December 30, 2011 3:11 PM
To: Golinveaux, Jennifer A.
Cc: Kearney, Tom J.; Kaspar, Scott R.; Donaldson, J. Caleb; Mersmann, Eric J.
Subject: RE: Games Workshop v. Chapterhouse Studios

First, I can assure you Scott and I did confer before I sent my message. More important, if you have a question about the completeness of a discovery response, I don't understand why you would simply ignore what you were told (in which I provided an explanation of the various times in which we already had aswered the same question); nor do I understand on what basis you would then simply threaten to refuse to carry through with your own discovery obligations.  However, it has long become clear to me that you will do what you will.

Have a nice weekend.

Jonathan

-----Original Message-----
From: Golinveaux, Jennifer A. [mailto:JGolinveaux@winston.com]
Sent: Friday, December 30, 2011 4:35 PM
To: Moskin, Jonathan
Cc: Kearney, Tom J.; Kaspar, Scott R.; Donaldson, J. Caleb; Mersmann, Eric J.
Subject: Re: Games Workshop v. Chapterhouse Studios

And you should check with your associate before making representations about what has been produced because you appear to be out of the loop.

On Dec 30, 2011, at 1:24 PM, "Moskin, Jonathan" <JMoskin@foley.com> wrote:

> I can only say that your temerity evidently knows no bounds.
>
> Jonathan
>
> -----Original Message-----
> From: Golinveaux, Jennifer A. [mailto:JGolinveaux@winston.com]
> Sent: Friday, December 30, 2011 4:19 PM
> To: Moskin, Jonathan
> Cc: Kearney, Tom J.; Kaspar, Scott R.; Donaldson, J. Caleb; Mersmann, Eric J.
> Subject: Re: Games Workshop v. Chapterhouse Studios
>
> Jonathan,
>
> Rather than being unprofessional and evasive why don't you try to
> respond to the substance of Tom's email. Plaintiff had failed to produce
> current or complete organizational charts or the copyright

2

registration.
> Confirm by Tuesday that no more complete or current organizational
> charts exist and explain why the sole copyright registration (and the
> corresponding application, which Plaintiff also agreed to produce but
> has not) have not been produced despite your representations, or you
can
> explain it to the Court.
>
> We will respond to the remainder of your email once we receive a
> substantive response.
>
> Jennifer
>
> On Dec 30, 2011, at 12:24 PM, "Moskin, Jonathan"
> <JMoskin@foley.com<mailto:JMoskin@foley.com>> wrote:
>
> It has been 5 months since I told you GW had produced the responsive
> organizational charts, and we assured you again during the meet and
> confer that GW had complied with both of these requests.  Instead of
> raising false issues, why don't you complete production of the
documents
> and provision of the interrogatory answers you promised to provide on
> November 28 and which the court instructed Chapterhouse to produce in
> its order last week.  Chapterhouse is still woefully delinquent
>
> Please also confirm that you will de-designate the email
correspondence
> between Chapterhouse and the supposedly independent designers, all of
> which were improperly designated attorneys eyes only.  Further, please
> confirm you will produce the documents requested in Games Workshop's
> fourth request for documents (Request 30).  It is astonishing to me
that
> Chapterhouse would argue to the court that it has no control over its
> independent designers and yet refuse to produce the documents setting
> forth the terms of its relationship with those designers.
>
> Thank you
> Jonathan
>
> _____
> From: Kearney, Tom J. [mailto:TKearney@winston.com]
> Sent: Thursday, December 29, 2011 9:40 PM
> To: Moskin, Jonathan; Kaspar, Scott R.
> Cc: Golinveaux, Jennifer A.; Donaldson, J. Caleb; Mersmann, Eric J.
> Subject: Games Workshop v. Chapterhouse Studios
>
> Counsel -
>
> I have had no response to my email last week regarding Chapterhouse's
> document production request no. 21. That request seeks "[a]ll
documents
> constituting organization charts of Games Workshop Limited, including
> without limitation its officers, directors, employees," and related
> companies. The handful of documents Plaintiff has produced in apparent
> response are inadequate, and we now find that they were also outdated
> and inaccurate at the time Plaintiff produced them.
>
> Plaintiff has also failed to produce any documents responsive to
> Chapterhouse's document request no. 5, which seeks "[a]ll certificates
> of copyright registration for copyrighted works You claim in this
> action," despite its agreement to do so.
>
> It has been more than half a year since Chapterhouse requested these
> documents. Please let us know by close of business tomorrow when we
can
> expect to receive them, or provide a time on Tuesday, January 3 to

3

meet
> and confer regarding Plaintiff's failure to produce them.
>
> Thank you,
>
> Thomas J. Kearney
>
> D: +1 (415) 591-6894
>
> www.winston.com<http://www.winston.com>
>
> <image001.jpg>
> From: Kearney, Tom J.
> Sent: Thursday, December 22, 2011 5:57 PM
> To: Kaspar, Scott R.
> Cc: 'Moskin, Jonathan'; Golinveaux, Jennifer A.; Donaldson, J. Caleb;
> Mersmann, Eric J.
> Subject: Games Workshop v. Chapterhouse Studios
>
> Scott -
>
> I write regarding Chapterhouse's document production request no. 21,
> seeking organization charts of Games Workshop Limited, its officers,
> directors, employees, subsidiaries, parent companies, sister
companies,
> and affiliated companies.  In response to this request, Games Workshop
> produced nine documents (Bates labeled GW0000769 - GW0000777), each
> reflecting the corporate structure of only GW's parent.  However, it
> appears those documents were outdated and inaccurate.  Please confirm
> whether current organization charts exist, and let us know when Games
> Workshop will produce responsive, current organization charts
reflecting
> its officers, directors, and employees, as well as organization charts
> for its subsidiaries, sister companies, and affiliated companies.
>
> Best,
>
> Tom
>
>
> Thomas J. Kearney
>
> D: +1 (415) 591-6894
>
> www.winston.com<http://www.winston.com>
>
> <image001.jpg>
>
> The contents of this message may be privileged and confidential.
> Therefore, if this message has been received in error, please delete
it
> without reading it. Your receipt of this message is not intended to
> waive any applicable privilege. Please do not disseminate this message
> without the permission of the author.
>
**********************************************************************
> ****** Any tax advice contained in this email was not intended to be
> used, and cannot be used, by you (or any other taxpayer) to avoid
> penalties under the Internal Revenue Code of 1986, as amended.
>
>
> The preceding email message may be confidential or protected by the
> attorney-client privilege. It is not intended for transmission to, or
> receipt by, any unauthorized persons. If you have received this
message
> in error, please (i) do not read it, (ii) reply to the sender that you

4

> received the message in error, and (iii) erase or destroy the message.
> Legal advice contained in the preceding message is solely for the
> benefit of the Foley & Lardner LLP client(s) represented by the Firm
in
> the particular matter that is the subject of this message, and may not
> be relied upon by any other party.
>
> Internal Revenue Service regulations require that certain types of
> written advice include a disclaimer. To the extent the preceding
message
> contains advice relating to a Federal tax issue, unless expressly
stated
> otherwise the advice is not intended or written to be used, and it
> cannot be used by the recipient or any other taxpayer, for the purpose
> of avoiding Federal tax penalties, and was not written to support the
> promotion or marketing of any transaction or matter discussed herein.
> The contents of this message may be privileged and confidential.
> Therefore, if this message has been received in error, please delete
it
> without reading it. Your receipt of this message is not intended to
> waive any applicable privilege. Please do not disseminate this message
> without the permission of the author.
>
> **********************************************************************
> ****** Any tax advice contained in this email was not intended to be
> used, and cannot be used, by you (or any other taxpayer) to avoid
> penalties under the Internal Revenue Code of 1986, as amended.
>
> The preceding email message may be confidential or protected by the
attorney-client privilege. It is not intended for transmission to, or
receipt by, any unauthorized persons.  If you have received this message
in error, please (i) do not read it, (ii) reply to the sender that you
received the message in error, and (iii) erase or destroy the message.
Legal advice contained in the preceding message is solely for the
benefit of the Foley & Lardner LLP client(s) represented by the Firm in
the particular matter that is the subject of this message, and may not
be relied upon by any other party.
>
> Internal Revenue Service regulations require that certain types of
written advice include a disclaimer. To the extent the preceding message
contains advice relating to a Federal tax issue, unless expressly stated
otherwise the advice is not intended or written to be used, and it
cannot be used by the recipient or any other taxpayer, for the purpose
of avoiding Federal tax penalties, and was not written to support the
promotion or marketing of any transaction or matter discussed herein.
>
The contents of this message may be privileged and confidential.
Therefore, if this message has been received in error, please delete it
without reading it. Your receipt of this message is not intended to
waive any applicable privilege. Please do not disseminate this message
without the permission of the author.
**********************************************************************
****** Any tax advice contained in this email was not intended to be
used, and cannot be used, by you (or any other taxpayer) to avoid
penalties under the Internal Revenue Code of 1986, as amended.

The preceding email message may be confidential or protected by the attorney-client
privilege. It is not intended for transmission to, or receipt by, any unauthorized
persons.  If you have received this message in error, please (i) do not read it, (ii)
reply to the sender that you received the message in error, and (iii) erase or destroy the
message. Legal advice contained in the preceding message is solely for the benefit of the
Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the
subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include
a disclaimer. To the extent the preceding message contains advice relating to a Federal

tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.


The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
*************************************************************************** Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

**Kaspar, Scott R.**

| | |
|---|---|
| **From:** | Moskin, Jonathan |
| **Sent:** | Tuesday, January 03, 2012 2:13 PM |
| **To:** | Kearney, Tom J.; Kaspar, Scott R. |
| **Cc:** | Golinveaux, Jennifer A.; Donaldson, J. Caleb; Mersmann, Eric J. |
| **Subject:** | RE: Games Workshop v. Chapterhouse Studios |

In response to your message, which was delivered shortly before 9 p.m. on Friday, December 30, I can confirm that although Games Workshop's offices were closed last week, plaintiff's in-house counsel is aware of the court's order and is taking appropriate steps to comply promptly. In the meantime, let me remind you of Chapterhouse's obligations under the Court's order as well as pursuant to your agreements during the parties' November 29 meet and confer (on the basis of which we did not include in the motion certain requests).

We are still waiting documents the court ordered to be produced by December 28 in response to Requests 16, 18 and 19, We are also awaiting responses to Request 21 and Interrogatory 15.

Regarding GW's Request 20 (changes to the website) what, the main areas of interest are changes to the disclaimer when the case began and the decision to change the overall look and feel of the site during the pendency of the action, including the decision to delete the banner about "Custom Sculpts and Bits for Warhammer 40,000".

In addition, Chapterhouse provided assurances prior to the motion that it would produce communications with third party designers, etc. responsive to Requests 6, 7, 8 and 12. Although Chapterhouse has now produced some documents responsive to Requests 7 and 12, we have yet to receive any agreements or contracts with the persons (including independent designers) working for Chapterhouse, or any documents relating to any quality control standards in response to Requests 6 and 8.

Please also confirm that Chapterhouse agrees to remove the "attorneys'-eyes-only" designation from the correspondence with designers. We will agree to keep it confidential but need to share this information with in-house counsel for Games Workshop.

Chapterhouse has also promised to supplement its responses to Interrogatories 5 and 13 and Request 27, concerning the bases for Chapterhouse's 23 affirmative defenses and the methods used by Chapterhouse for selecting new products to fit within the Warhammer 40,000 game. Notably, as far as we are aware, Chapterhouse has not yet produced a single document concerning independent creation, since every one of the documents produced in response to document requests 9 and 10 show direct reliance on Games Workshop's original creations and Chapterhouse has not produced documents corresponding to its answer to Interrogatory 2.

Jonathan

---

**From:** Kearney, Tom J. [mailto:TKearney@winston.com]
**Sent:** Friday, December 30, 2011 8:54 PM
**To:** Moskin, Jonathan; Kaspar, Scott R.
**Cc:** Golinveaux, Jennifer A.; Donaldson, J. Caleb; Mersmann, Eric J.
**Subject:** Games Workshop v. Chapterhouse Studios

Jonathan,

Following up Jennifer's email of this afternoon, in addition to document requests 5 and 21, Plaintiff has agreed to produce documents responsive to the following requests:

- RFP 8, seeking "[a]ll documents concerning trademark availability research,

2/8/2012

investigation, and searches relating to trademarks You claim in this action."

- RFP 22, seeking "[a]ll documents supporting Your allegations in the First Amended Complaint that the product You refer to as "Super Heavy Assault Walker," "Super-Heavy Assault Walker," and "TAU Super-Heavy Assault Walker," was "designed and licensed for Chapterhouse by Paulson Games" (First Amended Complaint 28), or that it was "designed at least in part by Paulson Games" (First Amended Complaint TR 30,31)."

- RFP 31, seeking "[a]ll documents evidencing, referring or relating to any and all statements by Chapterhouse that are allegedly false and misleading, as set forth in paragraphs 78 through 80 of the First Amended Complaint."

- RFP 32, seeking "[a]ll documents evidencing, referring or relating to any and all business practices of Chapterhouse that are allegedly unfair and deceptive, as set forth in paragraphs 86 through 89 of the First Amended Complaint.

- RFP 33, seeking "[a]ll documents evidencing, referring or relating to any and all representations of material fact by Chapterhouse that are allegedly false and deceptive, as set forth in paragraphs 87 through 89 of the First Amended Complaint."

- RFP 37, seeking "[f]or any work claimed by you in this action, all correspondence with any government agency or private copyright registration service concerning that work, including without limitation any deposit material provided to such government agency or private copyright registration service. If the work claimed is a part of or contained within another work, produce all such correspondence for the other work."

Contrary to Plaintiff's contention in its response to RFP 37, it has failed to produce any documents responsive to that request. And to date, despite Plaintiff's agreement to produce them nearly six months ago, we appear to have received no documents responsive to any of the other requests either. Provide a date certain when they will be produced, or confirm that no such documents exist, by Tuesday, January 3.

Also, although Plaintiff has now produced a single document responsive to RFPs 13 and 17 – a complaint Foley & Lardner filed on Plaintiff's behalf against Curse, Inc., et al. – Plaintiff has produced no other documents concerning that lawsuit, nor any other responsive documents. Chapterhouse's document request no. 13 seeks "[a]ll documents concerning measures You have taken to enforce trademark rights in any of the trademarks You claim in this action, including, without limitation, all communications with third parties regarding those rights," and Chapterhouse's document request no. 17 seeks "[a]ll documents concerning Your assertion of any of the copyrights You claim in this action, against any party that designs, authors, manufactures, sells, or distributes material (such as gaming miniatures, models, add-on parts or accessories for same, as well as written matter such as rulebooks or codexes) for use with Your Warhammer 40,000 game." As you have recognized, documents concerning the *Curse* lawsuit are responsive to Chapterhouse's requests. In addition, it is evident that Plaintiff has filed several other lawsuits and sent numerous cease-and-desist letters to third parties in attempts to enforce its copyrights and trademarks. Documents concerning such attempts are also responsive to Chapterhouse's document requests. Provide a date certain when they will be produced by Tuesday, Jan. 3.

2/8/2012

Regards,

Tom

**Thomas J. Kearney**
D: +1 (415) 591-6894
www.winston.com

WINSTON
&STRAWN
LLP

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.

************************************************************************* Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

2/8/2012