# EXHIBIT H

# ▪FOLEY

**FOLEY & LARDNER LLP**

ATTORNETS AT LAW

321 N. CLARK STREET, SUITE 2800
CHICAGO, IL 60654
312.832.4500 TEL
312.832.4700 FAX
foley.com

CLIENT/MATTER NUMBER
099251-0101

January 24, 2012

<span style="text-decoration: underline">Vɪᴀ E-Mᴀɪʟ</span>

Jennifer A. Golinveaux, Esq.
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

    Re:  <u>Games Workshop Limited v. Chapterhouse Studios LLC</u>

Dear Jennifer:

   Following up on our prior correspondence regarding Games Workshop's Rule 30(b)(6) deposition notice to Chapterhouse served August 31, we renew our request for dates in the next two weeks in which we can take a brief (and likely telephonic) deposition of Chapterhouse's document custodian. Please advise of Chapterhouse's availability for such a deposition.

   We also wish to remind you of Chapterhouse's Court-ordered obligations to supplement Interrogatory 15 and Document Requests 16, 18, and 19. Chapterhouse's supplementation is now weeks overdue. Further, we wish to remind you of Chapterhouse's promise to supplement Interrogatories 5 and 13 and Document Request 27. Please let us know at once when Chapterhouse intends to complete its supplementation. If you contend Chapterhouse has responded to any of these requests, please let us know what are the Bates ranges for any such documents.

   As raised in our January 13, 2012 cross-motion, please also advise when Games Workshop can expect to receive the following supplementation:

- Supplementation to Interrogatory 2 and Document Requests 9 and 10 (*See* Dkt. 143 at Para. 23) to address the 15 or so products to which no responsive documents have been produced;

- Supplementation to Interrogatory 3 (*Id.* at Para. 26);

- Documents responsive to Document Request 20 as narrowed per prior correspondence (*Id.* at Para. 29); and

- Chapterhouse's privilege log (*Id.* at Para. 31), which has yet to be served.

   In addition, we requested on December 30 that Chapterhouse de-designate its creation documents produced December 15 responsive to Document Request 10. We renewed that request in the cross-motion itself. (Dkt. 143 at Para. 28). Under the terms of the Agreed

BOSTON
BRUSSELS
CHICAGO
DETROIT

JACKSONVILLE
LOS ANGELES
MADISON
MIAMI

MILWAUKEE
NEW YORK
ORLANDO
SACRAMENTO

SAN DIEGO
SAN DIEGO/DEL MAR
SAN FRANCISCO
SHANGHAI

SILICON VALLEY
TALLAHASSEE
TAMPA
TOKYO
WASHINGTON, D.C.

4827-7905-0510.1



FOLEY & LARDNER LLP

Jennifer A. Golinveaux, Esq.
January 24, 2012
Page 2


Protective Order, we believe Chapterhouse has now conceded the documents can be deemed confidential only.  However, we would of course prefer that you expressly confirm as much.

Finally, now that Games Workshop has produced an amended claim chart, Chapterhouse must supplement all of its prior responses to address the additional products – not to mention the need to supplement its prior production to address the more than 15 or so products to which no documents have been produced responsive to Document Requests 9 and 10.

We hope that we can resolve these issues before the end of the week so as not to have to further involve the Court's intervention.  As you know, Games Workshop has begun producing documents that were the subject of Chapterhouse's January 10 motion, and we have also confirmed where Games Workshop's searches have not identified any responsive documents. We expect to make additional documents available within days.  With time drawing down to complete discovery, we need your cooperation to get this done.

Sincerely,

Scott R. Kaspar


cc.:    Jonathan E. Moskin



**FOLEY & LARDNER LLP**

ATTORNETS AT LAW

321 N. CLARK STREET, SUITE 2800
CHICAGO, IL 60654
312.832.4500 TEL
312.832.4700 FAX
foley.com

CLIENT/MATTER NUMBER
099251-0101

January 27, 2012

**VIA E-MAIL**

Jennifer A. Golinveaux, Esq.
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

Re:    Games Workshop Limited v. Chapterhouse Studios LLC

Dear Jennifer:

This is further to my letter of January 24, to which we have received no response.

We are, of course, still awaiting word when we will be able to take an initial deposition of Chapterhouse's document custodian, which we have been seeking since last August; when Chapterhouse intends to comply with its Court-ordered obligations to supplement Interrogatory 15 and Document Requests 16, 18, and 19; to fulfil its promise to supplement Interrogatories 5 and 13 and Document Request 27; and the requirement that it supplement its responses to Interrogatory 2 and Document Requests 9 and 10 to address all of the products beyond the 15 or so for which some documents have been produced; Interrogatory 3; Document Request 20; and to provide Chapterhouse's privilege log.

Moreover, now that it is clear you are representing Mr. Lawler in response to the subpoena, please let us know when we can expect receipt of the documents requested from him.

Finally, having heard nothing in response to our various requests that Chapterhouse de-designate its "creation documents" produced in response to Document Request 10, in view of the terms of the Agreed Protective Order, the Court's prior ruling on the issue of de-designation and the absence of any highly sensitive commercial information in the documents, we intend to share these documents with in-house counsel for Games Workshop on Monday morning.

Sincerely,

Scott R. Kaspar

cc.:    Jonathan E. Moskin

BOSTON          JACKSONVILLE       MILWAUKEE       SAN DIEGO           SILICON VALLEY
BRUSSELS        LOS ANGELES        NEW YORK        SAN DIEGO/DEL MAR   TALLAHASSEE
CHICAGO         MADISON            ORLANDO         SAN FRANCISCO       TAMPA
DETROIT         MIAMI              SACRAMENTO      SHANGHAI            TOKYO
                                                                      WASHINGTON, D.C.

4840-2508-8526.1

# WINSTON & STRAWN LLP

BEIJING

CHARLOTTE

CHICAGO

GENEVA

HONG KONG

HOUSTON

LONDON

LOS ANGELES

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111

+1 (415) 591-1000

FACSIMILE +1 (415) 591-1400

www.winston.com

MOSCOW

NEW YORK

NEWARK

PARIS

SAN FRANCISCO

SHANGHAI

WASHINGTON, D.C.

January 27, 2012

**VIA E-MAIL**

Scott Kaspar
Foley & Lardner LLP
90 Park Avenue
New York, NY 10016

**THOMAS KEARNEY**
+1 (415) 591-6894
tkearney@winston.com

Re:     **Games Workshop v. Chapterhouse Studios**

Dear Scott:

I write in response to your letter dated January 24, 2012, and in follow-up to our many attempts to reach agreement on outstanding discovery issues in light of upcoming depositions.

Unfortunately, your letter largely ignores the issues we have raised.

First, as you know, the Court instructed the parties to agree on a date certain to exchange Court-ordered discovery. In the five weeks since the Court's December 23, 2011 Order, we have received almost none of the discovery the Court has ordered Plaintiff to produce. In fact, we have received only a copy of Plaintiff's settlement agreement with Paulson; a copy of Plaintiff's December 22, 2010 letter to Chapterhouse (with exhibits reproduced in black and white instead of in color); fifteen pages of black-and-white scans of what is evidently full-color artwork (with parts of several of the pages apparently cut off in scanning, and at least one duplicate); and a copy of Plaintiff's sole copyright registration. When will Plaintiff produce its outstanding discovery? Your claim in your letter that "[w]e expect to make additional documents available within days" is vague. Does Plaintiff intend to produce its outstanding discovery by next week?

If that is the case, we propose to conduct the Rule 30(b)(6) depositions of both Plaintiff and Defendant the week of February 13. Chapterhouse will be available in Dallas, Texas and will depose Plaintiff at our offices in Chicago. As we have explained in the past, we do not intend to make Chapterhouse available for more than one 30(b)(6) deposition in light of your refusal to agree to mutual custodian depositions despite multiple requests.

WINSTON & STRAWN L.L.P.

January 27, 2012
Page 2

We propose taking remaining party depositions the weeks of February 20 and 27. We currently intend to depose at least the following employees of Plaintiff (also in Chicago):

> John Blanche
> Dave Gallagher
> Jes Goodwin
> Neal Hodgson
> Andy Jones
> Alan Merrett
> Ed Spettigue

We will supplement this list as appropriate in order to provide you and your client with as much notice as practicable.

As a reminder, the following production issues, among others, are still unresolved from the Court's December 23, 2011 Order and Ms. Golinveaux's letter to you of January 5, 2012:

- The Court ordered Plaintiff to produce the "best available exemplar" of each of the works at issue. In addition to the printed and sculptural works it originally alleged but has never produced, Plaintiff has now identified a large number of new printed and sculptural works in its Second Amended Complaint and revised Exhibit A. Chapterhouse has requested and is entitled to exemplars of Plaintiff's sculptural works as well as full-color copies of Plaintiff's printed works.

- The Court ordered Plaintiff to respond in full to Chapterhouse's interrogatory no. 9 seeking "any and all sources consulted, used, reviewed, or relied on" in creating the works at issue. We still await a response.

- The Court ordered Plaintiff to respond in full to Chapterhouse's document request no. 2 seeking "[a]ll documents concerning the design, creation, or authorship of the copyrighted works You claim in this action." We still await a response.

- Document request 22 seeks documents linking Paulson, Chapterhouse, and the "Super-heavy Assault Walker" product. We strongly disagree with Plaintiff's unfounded unilateral assessment that responsive documents are irrelevant. At any rate, Plaintiff made no such objection when it agreed more than half a year ago to produce responsive documents. Plaintiff must produce the requested documents.

- Plaintiff still has not provided the organization charts Chapterhouse requested more than half a year ago. As we have repeatedly told you, Chapterhouse's document request seeks "[a]ll documents constituting" such organization charts. And, as I informed you back in July 2011 and have emphasized repeatedly since then, Plaintiff's offer to produce instead

WINSTON & STRAWN LLP

January 27, 2012
Page 3

a supposedly "representative" chart, whatever that means, is insufficient. In addition, as we have also explained many times, the handful of virtually identical charts Plaintiff has produced are not only inadequate but were apparently outdated and inaccurate even at the time they were produced. Furthermore, public records indicate that Games Workshop's corporate structure has changed again recently. Plaintiff must supplement its production with responsive, accurate, up-to-date organization charts, or confirm unequivocally that no such documents exist.

- Plaintiff must produce specimens of first use in commerce of its alleged marks responsive to document request no. 11, as well as documents concerning trademark availability research, investigation, and searches responsive to document request no. 8.

- Plaintiff must respond in full to Chapterhouse's interrogatory no. 16, identifying where and when each alleged work (including both printed works and sculptural works) was first published.

Your contention that Chapterhouse's responses are "weeks overdue" is of course baseless. With respect to Plaintiff's Interrogatory 15, as noted above, the court ordered the parties on December 23, 2011 to agree to a date to exchange discovery, including discovery Plaintiff was ordered to produce and had agreed to produce. Since then, Chapterhouse has repeatedly asked Plaintiff for a date, but Plaintiff has refused. With respect to Plaintiff's Document Requests 16, 18, and 19, at the December 19, 2011 hearing the Court instructed Chapterhouse to produce documents responsive to those requests by December 28, 2011, and Chapterhouse did so.

We are discussing the confidentiality issue you raise in your letter with our client, and will let you have our response in the next few days. Until then you are not authorized to share those documents with your client, your letter of late this afternoon notwithstanding. Doing so would violate the Agreed Protective Order, and Defendant reserves all rights to pursue any appropriate remedy for such breach.

We look forward to working with you cooperatively to complete remaining discovery in this case in the most efficient manner possible.

Sincerely,

Thomas J. Kearney

TJK:lsh

SF:327270.1

**≡FOLEY**

FOLEY & LARDNER LLP

ATTORNEYS AT LAW

90 PARK AVENUE
NEW YORK, NY 10016-1314
212.682.7474 TEL
212.687.2329 FAX
foley.com

WRITER'S DIRECT LINE
212.338.3572
jmoskin@foley.com EMAIL

CLIENT/MATTER NUMBER
099251-0101

January 31, 2012

<u>VIA E-MAIL</u>

Thomas J. Kearney, Esq.
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

        Re:    <u>Games Workshop Limited v. Chapterhouse Studios LLC</u>

Dear Tom:

     This will respond to your January 27, 2012 letter regarding Chapterhouse's outstanding discovery. While Judge Kennelly urged the parties at the January 17, 2012 motion call to meet and confer to resolve their differences, he did not excuse Chapterhouse from providing any discovery absent a meet and confer or require that the parties exchange discovery on the same date. Indeed, the closest the Court came to any sort of mutuality was in the December 23 Order, which expressly directed the parties to set a date certain for production of privilege logs. Thus far, while Games Workshop complied on January 13, 2012, Chapterhouse has yet to do even this. If you think the Court authorized Chapterhouse to refuse to produce any discovery by purporting to link the timing of its production to the completion by Games Workshop of all of its production, please point us to where any such direction was given.

     As we plainly stated in response to Chapterhouse's January 10 motion, which the Court denied, Games Workshop has been diligently working to fully comply with the Court's December 23 Order. Although Games Workshop has been reviewing its more than 25 years' of files, it has provided responses to most of the outstanding requests, and has identified responsive documents and produced them on a rolling basis. We expect to complete such production this week. Moreover, simply to deflect attention from Chapterhouse's complete failure to produce documents in response to the Court's December 23 order (or July 6 order, as it has yet to produce a single document showing independent creation) you continue to raise extraneous issues such as a document regarding Mr. Paulson's relationship with Mr. Villacci that we told you was deleted from the Internet (and hence was never a Games Workshop document anyway, and is now wholly irrelevant following the settlement with Paulson) and organizational charts. Simply to put an end to such diversions (although not because it is Games Workshop's duty), we conducted an internet search and will produce the results this week. Likewise, although Games Workshop had already produced its organizational charts responsive to Chapterhouse's requests, and demonstrated the falsity of your contention otherwise by attaching them to its recent opposition to Chapterhouse's January 10 motion, there is a new 2012 organizational chart that did not previously exist. It will be produced this week too. And we remind you yet again that the duty to supplement works both ways: Chapterhouse must supplement its prior responses. Finally, we

BOSTON
BRUSSELS
CHICAGO
DETROIT

JACKSONVILLE
LOS ANGELES
MADISON
MIAMI

MILWAUKEE
NEW YORK
ORLANDO
SACRAMENTO

SAN DIEGO
SAN DIEGO/DEL MAR
SAN FRANCISCO
SHANGHAI

SILICON VALLEY
TALLAHASSEE
TAMPA
TOKYO
WASHINGTON, D.C.

4818-7675-3166.1



FOLEY & LARDNER LLP

Thomas J. Kearney, Esq.
January 31, 2012
Page 2


have also already told you repeatedly that all of Games Workshop's works (with the exception of Dawn of War) were first published in the United Kingdom.

Since the Court's December 23 order, Chapterhouse has provided no meaningful discovery (other than documents responsive to Request 10, which were promised in September and again when the parties met and conferred in late November) and we are still awaiting word when we will be able to take an initial deposition of Chapterhouse's document custodian, which we have been seeking since last August; when Chapterhouse intends to comply with its Court-ordered obligations to supplement Interrogatory 15 and Document Requests 16, 18, and 19; to fulfil its promise to supplement Interrogatories 5 and 13 and Document Request 27; and the requirement that it supplement its responses to Interrogatory 2 and Document Requests 9 and 10 to address all of the products beyond the meagre 15 or so for which some documents have been produced; Interrogatory 3; Document Request 20; and to provide Chapterhouse's privilege log. Although we reject outright the notion that the Court authorized Chapterhouse to delay responding to discovery until Games Workshop had completed its responses, we have confirmed above what we previously told you as to when Games Workshop intends to complete production. When can we expect to receive the documents and supplemental interrogatory answers that Chapterhouse has been ordered to produce and had promised to produce when the parties met and conferred on November 29, as summarized here and in our prior two letters?

Because Winston & Strawn is also now representing the designers, Mr. Lawler and Mr. Traina, when can we expect receipt of those documents? Please also confirm if you are representing Mr. Nagy and when we can expect his documents. You also have never explained why Chapterhouse can't simply request these documents from its own designers, some of whom purport to be employed by the company. What is the answer?

Regarding the AEO designation that Chapterhouse placed on its "creation documents," we will remind you again that we requested de-designation on December 30 and made our position very clear in our January 13 opposition and cross-motion. The terms of the Agreed Protective Order are clear: Chapterhouse had 10 days to remove the designation or else seek a protective order from the Court. That time has long passed. We also invited you twice last week to propose an alternative arrangement, but you have not responded. Games Workshop will treat these documents as "Confidential". As we demonstrated to the Court (Ex. D to Kaspar Decl.), it would appear the only reason Chapterhouse wishes to suppress access to the documents is because they openly show direct copying.

Finally, we agree we will need to talk soon about scheduling depositions. Given the gaping holes in Chapterhouse's production, we continue to insist that it must produce a document custodian for a telephonic deposition before we are put to the expense of going to Texas to begin substantive questioning. We will even give you a list of the basic questions we intend to ask. You previously agreed to do so. Please confirm a new date and time. Although we do not agree that there are remotely similar defects in Games Workshop's production (rather,



**FOLEY**

FOLEY & LARDNER LLP

Thomas J. Kearney, Esq.
January 31, 2012
Page 3

just an issue of timing given the need to review 25 years of archives, which could have been resolved far more easily had you ever answered our questions in the months preceding December 23 to identify specific products for which you sought such background materials), as we have told you in the past, we will happily consider a similar telephonic deposition. We can also discuss in that call what you wish to do about Games Workshop Retail. You have not responded to our January 26 letter. If you do wish to proceed with a deposition, you will have to let us know so that we can make arrangements. In the meantime, understanding there will be no deposition this Thursday in Washington DC, we enclose formal objections to the testimonial subpoena.

Very truly yours,

Jonathan E. Moskin

cc.:    Jennifer Golinveau, Esq.
        Scott Kaspar, Esq.

# WINSTON & STRAWN LLP

BEIJING

CHARLOTTE

CHICAGO

GENEVA

HONG KONG

HOUSTON

LONDON

LOS ANGELES

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111

+1 (415) 591-1000

FACSIMILE +1 (415) 591-1400

www.winston.com

MOSCOW

NEW YORK

NEWARK

PARIS

SAN FRANCISCO

SHANGHAI

WASHINGTON, D.C.

February 1, 2012

**THOMAS J. KEARNEY**
Attorney
415.591-6894
TKearney@winston.com

**VIA EMAIL**

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016

Re:     **Games Workshop v. Chapterhouse Studios**
        **Subpoena -- Games Workshop Retail Inc.**

Dear Jonathan:

I write in response to your letter of yesterday, January 31, 2012.

Thank you for confirming that Plaintiff expects to complete its document production and responses to discovery this week. If that changes please let us know right away. As I explained in my January 27 letter, Chapterhouse has already produced documents responsive to Plaintiff's document requests nos. 16, 18, and 19 in accordance with the Court's December 23, 2011 Order. Chapterhouse also expects to supplement its responses to Court-ordered and agreed production, including supplemental responses to interrogatories 5, 13, and 15 and document requests 20, 21, and 27, and serve a privilege log this week.

While you claim that Plaintiff has complied with the Court Order to provide its privilege log, that log identifies exactly two documents. Plaintiff's apparent position that it has had no internal correspondence or correspondence with counsel about Defendant or this litigation seems highly improbable, and is an issue we intend to take up at the appropriate time. Furthermore, Plaintiff has produced a number of other documents in redacted form, which are not reflected in its privilege log. This includes at least documents Bates numbered GW0002507-2511 (Plaintiff's purported "confusion" emails) and GW0002594-2631 (Plaintiff's license with THQ). There appears to be no legitimate grounds for claiming any of the redacted material as privileged and none of the redactions appear on Plaintiff's privilege log. Accordingly, please confirm that you will also provide unredacted versions of these documents by the end of the week.

WINSTON & STRAWN LLP

February 1, 2012
Page 2

Regarding the document you reference concerning Mr. Villacci's alleged relationship with Mr. Paulson, are you claiming that Plaintiff did not make or retain a copy of the Internet document you reference?

You ask why Chapterhouse does not produce documents from its independent contractors / designers. I refer you to the Court Order stating that "Defendant is not obligated to produce documents in the hands of its independent contractors / designers." Dec. 23, 2011 Order at 1. We do now represent Mr. Nagy and Mr. Lawler for purposes of responding to Plaintiff's third-party subpoenas to them and are in the process of reviewing those subpoenas. We expect to produce certain documents responsive to the subpoena to Mr. Traina next week.

Regarding depositions, you did not respond to my proposed dates. You also repeat your request for a date for Chapterhouse's 30(b)(6) deposition, but I suggested dates in my last letter. Please respond to the dates I proposed for depositions. To be clear, I reiterate that we do not intend to stipulate to more than one 30(b)(6) deposition of Chapterhouse.

Chapterhouse will agree to take the deposition of Games Workshop Retail, Inc. in Chicago at your request, the week of February 13. Please provide dates that week for the depositions of Plaintiff and GWRI, and we will serve revised notices. Chapterhouse does not agree to limit the scope of its 30(b)(6) depositions, and intends to proceed on the noticed topics. If GWRI fails to produce a properly prepared designee to testify on the noticed topics, Chapterhouse will take that matter up as appropriate. If, as you say, GWRI does not have information about certain of the noticed topics, then I am sure that will be made clear at the deposition.

Finally, regarding your renewed request to share Chapterhouse's Highly Confidential documents with your client, the terms of the Agreed Protective Order are clear. Among other things, the party disputing the designation of documents must identify in writing the specific documents in dispute; propose a new designation; and meet and confer with the other party. Plaintiff has done none of these. Until we resolve this issue you are not authorized to share the documents with your client. Once again, Chapterhouse reserves its right to pursue appropriate remedies should you breach the Order.

Sincerely,

Thomas Kearney
TK:lsh

cc: Scott Kaspar

**▪FOLEY**

FOLEY & LARDNER LLP

ATTORNEYS AT LAW

90 PARK AVENUE
NEW YORK, NY 10016-1314
212.682.7474 TEL
212.687.2329 FAX
foley.com

WRITER'S DIRECT LINE
212.338.3572
jmoskin@foley.com EMAIL

CLIENT/MATTER NUMBER
099251-0101

February 3, 2012

Via E-Mail

Thomas J. Kearney, Esq.
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

Re:   Games Workshop Limited v. Chapterhouse Studios LLC

Dear Tom:

This will respond to your February 1, 2012 letter regarding Chapterhouse's outstanding discovery.

First, evidently you agree that Judge Kennelly never authorized Chapterhouse to delay production of documents or information awaiting receipt of discovery responses from Games Workshop. However, we still need the documents, and the failure to make production has needlessly stalled progress in discovery.

We have repeatedly asked you to confirm the Bates numbers of documents, if any, responsive to Requests 16, 18 and 19. It would be very simple for you to confirm, but because you have refused every such request, we see no other conclusion but that no such documents have been produced. Why won't you simply answer the question? Not only are we awaiting responses to Interrogatories 5, 13 and 15 and Requests 20, 21 and 27, some of which you promised to provide when we had our November meet and confer (such that we did not include them in the December motion to compel) and others of which Chapterhouse was ordered to produce on December 23, we are still awaiting word when we will be able to take an initial deposition of Chapterhouse's document custodian, which we have been seeking since last August. And when will Chapterhouse supplement its responses to Interrogatory 2 and Document Requests 9 and 10 to address all of the products beyond the meagre 15 or so for which some documents have been produced. You have not even attempted to challenge the fact that no documents have been produced as to the creation of virtually any of the products in issue, but likewise have not attempted to explain the lacunae or provide the missing documents. When will they be produced? We have also repeatedly reminded you that Chapterhouse's response to Interrogatory 3 is plainly incomplete and inaccurate. Moreover, as we have repeatedly noted, and you do not disagree, Chapterhouse has yet to produce *any* documents showing independent creation.

Please also confirm *when* Mr. Nagy's and Mr. Lawler's documents will be produced and when ALL of Mr. Traina's documents will be produced. We are well aware what that the Court initially accepted Chapterhouse's contention (which we were never permitted to rebut) that the

BOSTON           JACKSONVILLE      MILWAUKEE        SAN DIEGO           SILICON VALLEY
BRUSSELS          LOS ANGELES       NEW YORK         SAN DIEGO/DEL MAR   TALLAHASSEE
CHICAGO           MADISON           ORLANDO          SAN FRANCISCO       TAMPA
DETROIT           MIAMI             SACRAMENTO       SHANGHAI            TOKYO
                                                                        WASHINGTON, D.C.

4812-5698-1262.1



FOLEY & LARDNER LLP

Thomas J. Kearney, Esq.
February 3, 2012
Page 2

designers are independent contractors. However, my question to you about the designers was simply a *practical* inquiry why Chapterhouse can't easily request all of the design/creation documents from its own designers, some of whom purport to be employed by the company and at least one of whom publicly states that he is an owner of Chapterhouse. We are well aware what the Court initially said, but Judge Kennelly also made plain he is willing to revisit the issue when we recently explained to the Court that: "Under Rule 34, 'control' does not require that the party have legal ownership or actual physical possession of the documents at issue; rather, documents are considered to be under a party's control when that party has the right, authority, or *practical ability* to obtain the documents from a non-party to the action." *In re NTL, Inc. Sec. Litig.*, 244 F.R.D. 179; 195, 2007 U.S. Dist. LEXIS 6198 (S.D.N.Y. 2007) (Emphasis added). Chapterhouse has never disputed it has the practical ability to get any and all of the documents in issue from its designers if it so desires, and contrary to Chapterhouse's prior arguments to the Court, this has nothing to do with the parent-subsidiary relationship between corporations. Please tell us, therefore, why Chapterhouse can not itself produce the documents from its own designers?

Regarding the AEO designation that Chapterhouse placed on its "creation documents," there has never been any question of our view that none of the documents merit highly confidential treatment, and you have never previously expressed any uncertainty that all of the documents must be de-designated. We are beyond arguing the point with you, but simply confirming again that you have waived any right to claim attorneys-eyes-only treatment. We also note that, once again, you have failed to offer any reason for the initial highly confidential designation.

I am checking to see if Games Workshop Retail can produce a witness in Chicago during the week of February 13. However, when will Chapterhouse follow through on its prior agreement to produce a document custodian for a telephonic deposition?

Finally, Regarding Games Workshop's privilege log, the redactions from documents Bates Nos. 2507-2511 were made, not on account of attorney privilege, but to preserve the confidentiality of the identities of the individuals and because the redacted sensitive information is also irrelevant. Similarly, the redactions to the THQ license were made for reasons of confidentiality and relevance - none of which explains or excuses Chapterhouse's failure to produce any privilege log at all.

Very truly yours,

Jonathan E. Moskin

cc.:  Jennifer Golinveau, Esq.
      Scott Kaspar, Esq.

# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| BEIJING | 101 CALIFORNIA STREET | MOSCOW |
| CHARLOTTE | SAN FRANCISCO, CALIFORNIA 94111 | NEW YORK |
| CHICAGO | | NEWARK |
| GENEVA | +1 (415) 591-1000 | PARIS |
| HONG KONG | | SAN FRANCISCO |
| HOUSTON | FACSIMILE +1 (415) 591-1400 | SHANGHAI |
| LONDON | | WASHINGTON, D.C. |
| LOS ANGELES | www.winston.com | |

February 3, 2012

**THOMAS J. KEARNEY**
415.591-6894
tkearney@winston.com

**VIA E-MAIL (W/OUT ENCLS.) AND U.S. MAIL**

Jonathan E. Moskin
Foley & Lardner LLP
90 Park Avenue
New York, New York  10016
jmoskin@foley.com

Re:    **Games Workshop v. Chapterhouse Studios**
        **Civil Action No. 1:10-cv-8103**

Dear Jonathan:

I enclose a disc containing documents in response to Plaintiff's Requests for Production.  This production includes a document with Bates label CHS00014354.  Please note that this document is designated CONFIDENTIAL pursuant to the Agreed Protective Order.  Also enclosed is Chapterhouse's privilege log.

You still have not responded to my letters dated January 27, 2012 and February 1, 2012 regarding deposition scheduling of Plaintiff and its employees.  Your letter of this afternoon mentions that you are "checking to see" if Games Workshop Retail is available for deposition the week of February 13, but you have not responded to our proposed dates for depositions of Plaintiff and Plaintiff's employees we have identified.  While we are making every effort to coordinate deposition scheduling, we cannot allow you to continue to delay this process.  Please confirm dates for GWR, Plaintiff, and Plaintiff's employees we have identified by the close of business on Monday, February 6, or we will have no choice but to notice the depositions during the weeks we have proposed.

As I have said repeatedly, Chapterhouse can be available for deposition in Dallas during the weeks of February 13 or February 20.  Please let us know which week you prefer.

WINSTON & STRAWN LLP

February 3, 2012
Page 2

Finally, it is now clear from your letter of today that Plaintiff had no proper basis to redact GW0002507-2511 and GW0002594-2631. Indeed, given that Plaintiff has acknowledged that the documents in the Bates range GW0002507-2511 are the only documents it has purportedly relating to consumer confusion, the identities of individuals named in those emails is highly relevant, and your effort to conceal that information is improper. The terms of the THQ license agreement will likely be relevant to Plaintiff's claims of ownership of copyright and trademark rights and to damages, among other things. Moreover, redaction is improper as a means of preserving confidentiality. The Agreed Protective Order provides the proper mechanism for preserving the confidentiality of documents. As you have confirmed that Plaintiff's documents in the Bates ranges GW0002507-2511 and GW0002594-2631 were not redacted based on attorney-client privilege, please immediately produce unredacted versions of those documents.

Sincerely,

Thomas Kearney

cc: Scott Kaspar (without enclosures)

Encls.

SF:327651



**::FOLEY**

FOLEY & LARDNER LLP

ATTORNEYS AT LAW

90 PARK AVENUE
NEW YORK, NY 10016-1314
212.682.7474 TEL
212.687.2329 FAX
foley.com

WRITER'S DIRECT LINE
212.338.3572
jmoskin@foley.com EMAIL

CLIENT/MATTER NUMBER
099251-0101

February 7, 2012

<u>VIA E-MAIL</u>

Thomas J. Kearney, Esq.
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

        Re:    <u>Games Workshop Limited v. Chapterhouse Studios LLC</u>

Dear Tom:

        This will respond to your letter of Friday, February 3, 2012 regarding Chapterhouse's outstanding discovery.

        As far as we know from your letter, Chapterhouse is now producing at least one document (No. CH 14354), which we have yet to receive. (We also have yet to receive the promised privilege log and fail to see why you could not have sent it by email.) However, you continue to refuse to confirm the Bates numbers of documents, if any, responsive to Requests 16, 18 and 19. Evidently there are no such documents, as we have long contended. (Certainly we can find none.) Chapterhouse also continues to refuse to respond to Interrogatories 5, 13 and 15. It likewise continues to refuse to supplement its responses to Interrogatory 2, or to Interrogatory 3 (which you do not dispute is plainly incomplete and inaccurate). We can only guess if the new disk includes any documents responsive to Requests 20, 21 and 27, or to Document Requests 9 and 10 to address the accused products beyond the mere 15 or so for which some documents have been produced; or any documents showing independent creation, regarding which you concede Chapterhouse has to date produced nothing. Nor have you told us *when* Mr. Nagy's, Mr. Lawler's or Mr. Traina's documents will be produced or attempted to answer the question why Chapterhouse should not be compelled to produce creation documents from all of its "independent" designers, some of whom are employees or owners of the company.

        However, we accept your willingness to produce Chapterhouse's document custodian next week. We can proceed on February 14 at 10 a.m. We will schedule a full 30(b)(6) deposition as soon as we have some answers to the questions we have been asking since discovery began regarding the missing documents.

        Since you no longer argue that there was a basis for the AEO designation that Chapterhouse placed on its "creation documents," we will proceed tomorrow with production on a confidential basis to our client. Regarding Games Workshop's privilege log, the redactions from documents Bates Nos. 2507-2511, which were made to preserve the confidentiality of the individuals named, raise issues under the European Data Protection Act (not merely simple confidentiality). Nor have you even suggested that anything remotely relevant was redacted

BOSTON        JACKSONVILLE      MILWAUKEE      SAN DIEGO          SILICON VALLEY
BRUSSELS      LOS ANGELES       NEW YORK       SAN DIEGO/DEL MAR  TALLAHASSEE
CHICAGO       MADISON           ORLANDO        SAN FRANCISCO      TAMPA
DETROIT       MIAMI             SACRAMENTO     SHANGHAI           TOKYO
                                                                 WASHINGTON, D.C.



**FOLEY & LARDNER LLP**

Thomas J. Kearney, Esq.
February 7, 2012
Page 2

from the THQ license – certainly nothing regarding ownership of copyright or trademark or regarding damages (as we believe is evident from the agreement itself). If you do have any questions, we would be happy to answer them.

Finally, now that Games Workshop has completed it responses to the latest overbroad and burdensome discovery requests from Chapterhouse, plaintiff's in-house counsel is resuming her efforts to determine if Games Workshop Retail can identify a witness to make available in Chicago during the week of February 13. However, thus far, Games Workshop has been unable to identify any witness who knows anything about even the one or two topics about which the company might conceivably have some knowledge. The problem is that it is merely a service company with no substantive role regarding the questions raised. We might suggest as an alternative, that you hold the questions for the depositions of Games Workshop Limited. Regarding the seven individuals at Games Workshop Limited that Chapterhouse has said it wishes to depose, some are in failing health or no longer work for Game Workshop; however, Games Workshop is confirming the schedules of the remaining individuals.

Very truly yours,

Jonathan E. Moskin

cc.:   Jennifer Golinveau, Esq.
       Scott Kaspar, Esq.

# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| BEIJING | 101 CALIFORNIA STREET | MOSCOW |
| CHARLOTTE | SAN FRANCISCO, CALIFORNIA 94111 | NEW YORK |
| CHICAGO | | NEWARK |
| GENEVA | +1 (415) 591-1000 | PARIS |
| HONG KONG | | SAN FRANCISCO |
| HOUSTON | FACSIMILE +1 (415) 591-1400 | SHANGHAI |
| LONDON | www.winston.com | WASHINGTON, D.C. |
| LOS ANGELES | | |

February 7, 2012

**K. JOON OH**
Attorney
415.591-1564
koh@winston.com

**VIA EMAIL**

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016

**Re:** **Games Workshop v. Chapterhouse Studios**

Dear Mr. Moskin:

My name is Joon Oh, and I am an attorney representing Chapterhouse Studios in this matter. I write to you on a very important matter.

I have just reviewed the letter that you sent earlier today, February 7, 2012, to my colleague Tom Kearney. Chapterhouse is deeply disturbed by you reiterating your intention to disclose Highly Confidential-Attorney's Eyes Only ("AEO") information to the Plaintiff in deliberate violation of the Agreed Protective Order in this case (ECF No. 71). You previously stated your intention to improperly disclose AEO information to Plaintiff in your February 1, 2012 letter to Mr. Kearney. Neither your February 1 letter nor your February 7 letter identified the specific documents in dispute; because you have never identified the Bates numbers for the documents that you seek to disclose, you have failed to make a reasonable first attempt to seek the proper permission from Chapterhouse. Without Chapterhouse's permission, which you do not have because you have not made a reasonable first attempt to seek permission, you are not authorized to disclose AEO information to the Plaintiff.

As Mr. Kearney reminded you in his February 3, 2012 letter to you, the Agreed Protective Order contains detailed procedures for you to properly disclose confidential information to your client. You are obligated to follow those procedures. Chapterhouse reserves the right to seek all appropriate remedies and sanctions if you disclose the unspecified set of documents that you call "creation documents," which must be assumed to be a euphemism for any and all AEO-designated documents, including financial and sales documents, since you have failed to identify the Bates numbers for the documents in dispute.

WINSTON & STRAWN ʟʟᴘ

Chapterhouse is also deeply concerned about your admission that several potential witnesses for depositions are no longer employed by Games Workshop. Your disclosure is especially troublesome in light of Games Workshop's long delay in providing author information and its ongoing failure to provide the employment status of such individuals. Please immediately provide me with the current employment status of each of the alleged authors and artists identified in Plaintiff's supplemented Exhibit A provided to Chapterhouse on January 19, 2012, and the most recent contact information available for each of the alleged authors and artists who are no longer employed by Plaintiff, including their current place of employment, email addresses, mailing addresses, and telephone numbers. Regarding John Blanche, Dave Gallagher, Jes Goodwin, Neil Hodgson, Andy Jones, Alan Merrett, and Ed Spettigue, not only have you failed to provide dates for those individuals, you fail even to identify which of the individuals are unavailable for deposition due to failing health or no longer work for Games Workshop. As Games Workshop has delayed working with us to schedule mutually convenient dates for these individuals and the Rule 30(b)(6) depositions of Plaintiff and Games Workshop Retail, we are left with no choice but to proceed with noticing the depositions. Your claim that Games Workshop Retail is merely a "service" company is vague and meaningless, and belied by our investigation, so we intend to proceed with that deposition. If you wish to clarify your statement, you are free to do so. Please confirm that you are authorized to accept service of a new deposition subpoena to Games Workshop Retail.

As for scheduling a date for you to take the 30(b)(6) deposition of Chapterhouse, currently either February 21 or 22, 2012 is the next available date. (Last month, Mr. Kearney proposed possible dates for Chapterhouse's deposition, but Games Workshop did not respond promptly, and the available dates have since changed). As we have repeatedly made clear, pursuant to the Federal Rules of Civil Procedures, Games Workshop is entitled to <u>one</u> 30(b)(6) deposition, not a 30(b)(6) deposition and a separate custodian-of-records deposition as you implied in your letter, and Chapterhouse will object to more than one such deposition.

Regarding the third-party subpoenas to Messrs. Traina, Lawler, and Nagy, we expect to be able to produce documents by the end of this week, or early next week at the latest.

As you likely know, Chapterhouse served supplemental discovery responses last Friday, February 3, 2012, which should address the questions regarding discovery responses you raised in your letter.

I will call you tomorrow, February 8, 2012, at 2 pm (Eastern time), to meet and confer about Plaintiff's ongoing failure to provide employment status information and contact information for non-employees, and about Bates Nos. 2507-2511 and the THQ license. Your explanation for failing to produce unredacted versions of those documents is unavailing. In particular, raising the European Data Protection Act as a basis for withholding the identities of *Games Workshop's agents* in Bates Nos. 2507-2511 is not proper, especially in light of Games Workshop's ongoing practice of disclosing the identification information of third parties in those very same documents, and your ongoing claims to us and the Court about the importance of those documents to Plaintiff's case. Also, Games Workshop can protect the confidentiality associated

WINSTON & STRAWN LLP

with those documents and the THQ license without redactions by using confidentiality designations.

Sincerely,

K. Joon Oh

cc:  Scott Kaspar