# EXHIBIT I

**≡FOLEY**

FOLEY & LARDNER LLP

ATTORNEYS AT LAW
90 PARK AVENUE
NEW YORK, NY 10016-1314
212.682.7474 TEL
212.687.2329 FAX
foley.com

WRITER'S DIRECT LINE
212.338.3572
jmoskin@foley.com EMAIL

CLIENT/MATTER NUMBER
099251-0101

February 8, 2012

VIA E-MAIL

Joon Oh, Esq.
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

Re: <u>Games Workshop Limited v. Chapterhouse Studios LLC</u>

Dear Joon:

This will respond to your letter, which arrived at 11:41 last night. Perhaps because you are new to the case, your letter appears to be based on numerous misunderstandings and inaccuracies.

First, the protective order in the case is quite explicit that it is the party claiming confidentiality that bears the burden of defending that contention. We put you on notice months ago that the attorneys-eyes-only designation of documents regarding the creation of the accused works was improper. Neither you (in your midnight letter) nor any of your colleagues, have ever sought to explain or defend the designation, which is not surprising because there is nothing highly sensitive in the documents. Highly embarrassing perhaps, but not commercially sensitive. Judge Kennelly rejected the previous efforts to claim attorney-eyes-only confidentiality, and the transparent effort to interfere with Games Workshop's preparation of its case without any willingness to defend or explain the position has gone on too long. Nor has there ever been any question that all of the documents needed to be de-designated. I refer you, for example, to my December 30 email to your colleagues: "Please also confirm that you will de-designate the email correspondence between Chapterhouse and the supposedly independent designers, *all of which* were improperly designated attorneys eyes only." What about the statement "all of which", is not clear? We have bent over backwards to allow Chapterhouse time to take action, or even explain its position, but instead it only makes empty threats.

Regarding a 30(b)(6) deposition of Chapterhouse's document custodian, Chapterhouse itself previously agreed (twice) to schedule the deposition and Chapterhouse itself requested that Games Workshop produce a document custodian. It's new contention that Rule 30 does not permit such depositions is without basis and is contrary to its own stated position for the duration of this case that such depositions are entirely proper. Moreover, had you or your colleagues ever answered the questions we have been posing for the past several months why no documents have been produced in response to Requests 16, 18, 19, 20, 21 and 27, or to Document Requests 2, 9 and 10 to address the accused products beyond the mere 15 or so for which some documents have been produced (including a failure to produce so much as a single document showing

BOSTON  JACKSONVILLE  MILWAUKEE  SAN DIEGO  SILICON VALLEY
BRUSSELS  LOS ANGELES  NEW YORK  SAN DIEGO/DEL MAR  TALLAHASSEE
CHICAGO  MADISON  ORLANDO  SAN FRANCISCO  TAMPA
DETROIT  MIAMI  SACRAMENTO  SHANGHAI  TOKYO
                                         WASHINGTON, D.C.

4834-7583-5918.1


**FOLEY & LARDNER LLP**

Joon Oh, Esq.
February 8, 2012
Page 2

independent creation) it might not be necessary to proceed with such a deposition. Chapterhouse's continuing evasive response to Interrogatory 15 underscores the scope of its failures to provide discovery. Similarly, Chapterhouse has refused to explain why it can not produce documents from its employees and an owner of the company or any other supposedly "independent" designers. Your letter continues to be somewhat evasive as to when, in your capacity as counsel for Mr. Nagy, Mr. Lawler or Mr. Traina, you will produce the documents called for by the subpoenas that we were no doubt needlessly required to serve.

Once again, please confirm that Chapterhouse's document custodian will appear next week. If there is a date and time other than February 14 at 10 a.m., please advise. We will schedule a full 30(b)(6) deposition as soon as we have some answers to the questions we have been asking since discovery began regarding the missing documents.

Regarding depositions of Games Workshop, you first served deposition notices at midnight last night and only raised made an informal inquiry one week ago about the availability of seven individuals. Your contention that Games Workshop is failing to cooperate is offensive and misplaced. My understanding is that two of those individuals are not now employed by Games Workshop and that one is seriously debilitated and unable to travel. We can disclose further details on a confidential basis. However, I have asked my client if, notwithstanding their current employment status, the two non-employees might be able to attend anyway. Regarding Games Workshop Retail, we have not refused to produce a witness but, rather, have advised that we are trying to find anyone able to respond to the testimonial subpoena. In the meantime, I invite you to let us know what investigations lead you to believe there *is* information the company can provide. Indeed, perhaps by clarifying what it is you want to know (more specifically than the vaguely worded categories of the subpoena) we can help you resolve the problem.

Finally, you still have not explained why you care about the incidental redactions to two emails (to remove personal names) and one contract (to remove commercial terms that are irrelevant to this litigation). Because you have never explained why either item matters or disputed our explanations why it does not, we view this as simply one more diversion to distract from Chapterhouse's sweeping failures to comply with its discovery obligations as outlined above. Please also identify any documents where you believe GW has, inconsistently, disclosed information contrary to the Data Protection Act. We are aware of none.



**FOLEY & LARDNER LLP**

Joon Oh, Esq.
February 8, 2012
Page 3

    We are happy to talk later today to try to resolve the above, but it will have to be later in the afternoon. Please let me know if you are available at approximately 3:30 (Eastern).

                              Very truly yours,

                              Jonathan E. Moskin

cc.:    Jennifer Golinveau, Esq.
        Thomas J. Kearney, Esq.
        Scott Kaspar, Esq.

## Kaspar, Scott R.

| | |
|---|---|
| **From:** | Moskin, Jonathan |
| **Sent:** | Wednesday, February 08, 2012 3:00 PM |
| **To:** | 'Oh, Joon' |
| **Cc:** | Kaspar, Scott R. |
| **Subject:** | RE: Games Workshop v. Chapterhouse Studios |

Following up on our call, and at the risk of needlessly repeating myself, although we look forward to getting your letter later today, I can't overemphasize that with time running down to complete discovery, particularly given the many, many times we have repeated the same questions over and over for the past several weeks (if not months), we really need answers to those questions immediately. Thanks.

Jonathan

---

**From:** Moskin, Jonathan
**Sent:** Wednesday, February 08, 2012 1:16 PM
**To:** Kearney, Tom J.
**Cc:** Kaspar, Scott R.; Golinveaux, Jennifer A.; Oh, Joon; Mersmann, Eric J.
**Subject:** RE: Games Workshop v. Chapterhouse Studios

Please see the attached.

Jonathan

---

**From:** Kearney, Tom J. [mailto:TKearney@winston.com]
**Sent:** Tuesday, February 07, 2012 11:41 PM
**To:** Moskin, Jonathan
**Cc:** Kaspar, Scott R.; Golinveaux, Jennifer A.; Oh, Joon; Mersmann, Eric J.; Kearney, Tom J.
**Subject:** Games Workshop v. Chapterhouse Studios

Jonathan –

Please see the attached correspondence and accompanying documents.

**Thomas J. Kearney**
D: +1 (415) 591-6894
www.winston.com



The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
************************************************************************* Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| BEIJING | 101 CALIFORNIA STREET | MOSCOW |
| CHARLOTTE | SAN FRANCISCO, CALIFORNIA 94111 | NEW YORK |
| CHICAGO | | NEWARK |
| GENEVA | +1 (415) 591-1000 | PARIS |
| HONG KONG | FACSIMILE +1 (415) 591-1400 | SAN FRANCISCO |
| HOUSTON | | SHANGHAI |
| LONDON | www.winston.com | WASHINGTON, D.C. |
| LOS ANGELES | | |

February 8, 2012

**VIA EMAIL**

K. JOON OH
Attorney
415.591.1564
koh@winston.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016

Re:   **Games Workshop v. Chapterhouse Studios**

Dear Mr. Moskin:

I am writing in response to your February 8, 2012 letter from earlier today. With all due respect, if any letter was "based on numerous misunderstandings and inaccuracies" as you claim, it is your own.

Contrary to your assertion, Chapterhouse has repeatedly made clear its position that Games Workshop is entitled to a single 30(b)(6) deposition. Although months ago Chapterhouse suggested that the parties stipulate to separate custodian-of-records deposition, you did not respond to those suggestions. *See* J. Golinveaux email to J. Moskin, December 16, 2011 2:14 pm ("We need agreement on these issues before Defendant agrees to multiple 30(b)(6) depositions"); J. Golinveaux email to J. Moskin, December 16, 2011 4:30 pm ("The parties can either stipulate to mutual custodial depositions, and we are open to negotiating the terms of those depositions, with subsequent full 30(b)(6) depositions, or both sides can proceed with full 30(b)(6) depositions") (emphasis in original); T. Kearney letter to J. Moskin, January 27, 2012 ("**As we have explained in the past, we do not intend to make Chapterhouse available for more than one 30(b)(6) deposition in light of your refusal to agree to mutual custodian depositions despite multiple requests**")(emphasis added); T. Kearney letter to J. Moskin, February 2, 2012 ("**To be clear, I reiterate that we do not intend to stipulate to more than one 30(b)(6) deposition of Chapterhouse.**")(emphasis added). Your claim that this is a "new contention" is inaccurate.

Accordingly, Games Workshop is entitled to one 30(b)(6) deposition, not a 30(b)(6) deposition and a separate custodian-of-records deposition. As I said in my last letter, the currently available dates are either February 21 or 22, 2012, which we will reserve until this Friday, 12 pm Pacific time.

WINSTON & STRAWN LLP

February 8, 2012
Page 2

With regard to your intention to disclose Highly Confidential-AEO documents in violation of the Agreed Protective Order, I will not take the time to correct the many inaccuracies in your letter. In an effort to resolve the issue, Chapterhouse is willing to discuss a stipulation where Chapterhouse would grant you permission to disclose certain AEO emails between Chapterhouse and its independent contractor designers *with your client's in-house counsel only*, as long as you return Exhibit A pursuant to the Agreed Protective Order from the in-house counsel before any disclosure. Please note that this arrangement would extend only to AEO emails and *only* involving individuals identified in Chapterhouse's Second Supplemental Response to Plaintiff's Interrogatory No. 3. As you know, the Court left undisturbed Chapterhouse's HIGHLY CONFIDENTIAL designation of its lists of manufacturers (which Chapterhouse identified in response to Plaintiff's Interrogatory No. 4) and employees (which Chapterhouse identified in response to Plaintiff's Interrogatory No. 6), in addition to other information Chapterhouse has designated HIGHLY CONFIDENTIAL or CONFIDENTIAL.

With respect to your ongoing refusal to produce the unredacted documents as requested, your professed ignorance about the relevance of that material is surprising. You redacted the names of relevant witnesses who received the only apparent communications that Games Workshop claims demonstrate confusion in the marketplace. Putting aside the merit of that claim, those are relevant witnesses. Also, you did not even attempt to explain why you only redacted the names of Games Workshop employees and not the identities of the senders of the communications. The terms of the THQ contract are directly relevant to the rights that Games Workshop has or does not have in this action. Unless Games Workshop is willing to stipulate that it will not use any of these documents in the case for any purpose and that Games Workshop bases none of its claims, including copyright and trademark infringement claims, on any work related to the THQ contract, Plaintiff must produce unredacted versions immediately.

Your letter also notably failed to identify the employment status and contact information of the identified authors or to respond to this important issue. In fact you failed even to identify which individuals no longer work for Games Workshop or which current employees may not be available to travel. I trust you will clarify your position on this issue and provide the requested information for those individuals we have noticed when we speak shortly. To be clear, until we receive information confirming which individuals are no longer employees, we intend to proceed with all the depositions be have noticed.

Please call my office once you have reviewed this letter. Note that I am unavailable from 1 to 2 pm Pacific time.

Sincerely,

K. Joon Oh

cc: Scott Kaspar