# EXHIBIT 1

**Kaspar, Scott R.**

| | |
|---|---|
| From: | Moskin, Jonathan |
| Sent: | Monday, February 27, 2012 6:34 PM |
| To: | 'jgolinveaux@winston.com' |
| Subject: | Re: Games Workshop v. Chapterhouse Studios |

Only under duress, we will agree to take the document custodian deposition on Wednesday. However, please be under no illusions. It is still your client's burden to identify the documents it produced.

We also reject outright the rest of your proposal, which is a transparent effort to interfere with our own ability to prepare for depositions pursuant to the notices we have served for the following week. You are not even trying to accommodate our witnesses or plaintiff's right to complete discovery and have simply ignored everything I have told you about the scope of the witnesses' knowledge or the settled law that you have no right to depose Games Workshop's counsel. By your proposal, plaintiff would simply be precluded from taking all discovery. If need be, will simply let the court decide.

Jonathan

**From:** Golinveaux, Jennifer A. [mailto:JGolinveaux@winston.com]
**Sent:** Monday, February 27, 2012 05:54 PM
**To:** Moskin, Jonathan
**Subject:** FW: Games Workshop v. Chapterhouse Studios

Jonathan,

Plaintiff noticed Chapterhouse's custodial deposition for this Wednesday, 2/29, not 2/28. You asked for the first time to move it up a day to Tuesday late in the day this past Thursday. I told you that Tuesday was not available and that the witness would be available on 2/29, the noticed date. The witness will not appear for deposition tomorrow. He will appear on Wednesday, 2/29 at 1pm CST, **but only if I receive confirmation by 5pm PST today that you intend to proceed on Wednesday so that travel accommodations can be made.** If I do not receive that confirmation, we can discuss another day for the deposition.

Regarding your questions for the witness below, as you know Chapterhouse has produced thousands of emails in this case. If you wish to ask the witness about specific emails you are entitled to do so. Otherwise your first question below is impractical in light of the fact that you have sued Defendant over more than a hundred products and Chapterhouse objects. Regarding your other two questions, Chapterhouse has prepared a supplemental production that we intend to send out tomorrow. It is notable that Chapterhouse will have supplemented its email production while we still await a single internal email to be produced by Plaintiff.

Regarding the depositions of Plaintiff's witness, Defendant is entitled to seven hours with each witness and you are not entitled to unilaterally rewrite the Federal Rules and allow for only half a day each. Based upon the availability you have confirmed, we will proceed with the following depositions:

> **Monday, March 5: Neil Hodgson in Chicago**
> **Tuesday, March 6: Dave Gallagher in Chicago**
> **Wednesday, March 7: Allan Merret in Chicago**
> **Thursday, March 8: Jes Goodwin in Chicago**
> **Friday, March 9: Gill Stevenson in Chicago**
> **Monday, March 12: John Blanche telephonically**
> **Monday, March 12: Andy Jones in Chicago**

If Plaintiff prefers to put Mr. Jones up on Saturday, March 10, as I have said, we are willing to do that to accommodate Plaintiff's schedule. If we are able to complete Ms. Stevenson's deposition with enough time in the day remaining to depose Mr. Jones, we are also willing to do that, with the caveat that Defendant reserves its right to the full seven hours with each witness as necessary. If Plaintiff refuses to make the witnesses available for the seven hours of testimony to which Defendant is entitled we will have no choice but to move to compel their testimony. If Plaintiff improperly limits our deposition of Ms. Stevenson, we will move to compel her testimony. Your statement about the scope of her prior declarations is inaccurate. If Plaintiff fails to make available a witness to testify on topics 35-37, we will move to compel that testimony.

Jennifer

**Jennifer Golinveaux**
D: +1 (415) 591-1506
www.winston.com
**WINSTON & STRAWN LLP**

**From:** Moskin, Jonathan [mailto:JMoskin@foley.com]
**Sent:** Monday, February 27, 2012 12:50 PM
**To:** Golinveaux, Jennifer A.
**Subject:** RE: Games Workshop v. Chapterhouse Studios

Because you have offered no explanation for Chapterhouse's refusal to produce its document custodian in a reasonable manner - despite two orders from the Court, we will be proceeding tomorrow as planned. You previously agreed to produce the witness in September and October but then needlessly put us to the burden of repeatedly seeking a court order on the point. The court has twice ordered defendant to produce its witness. When we insisted on Tuesday, you then proposed Wednesday (even while failing to explain why he could not appear tomorrow). We have no confidence that you will even keep your word Friday, but even if he were to appear, it leaves us no opportunity to prepare for the substantive depositions of Chapterhouse on March 12 -14 because the entire following week is taken up with depositions of Games Workshop, which we assume is the actual reason you are declining to produce him tomorrow. Unfortunately, I suppose if you are not explain to us why the witness does not want to be available tomorrow, you can explain to the court your client's refusal to appear. The court reporter will be there at 1:00 tomorrow ready to begin.

==To streamline that deposition, let me alert you now that the witness should be prepared to answer the following (among other) questions: (1) identify any documents produced by Chapterhouse (including emails or other communications) concerning the development of any products other than the following 15 items: Wheeled conversion kit for Chimera; Doors for wheeled conversion kits; Power Fist; Hive Tyrant Bonesword Arm; Jet Bike for Eldars; Eldar bits (including Scorpion Warrior Priestess); Lion shoulderpads; Raven shoulderpads; Resin Base; Death Angel Shield; Space Marine heads; Space Marine jump packs; Tyranid Lashwhip weapon; Winged sword; Tervigon conversion kit for Carnifex: (2) identify any emails or other communications between Chapterhouse and its designers or manufacturers dated after January 26, 2011 (CH0002535), and (3) identify the last email or other communication between Chapterhouse and its designers.==

Regarding the depositions of GW's witnesses, I remind you that we offered to make the witnesses available in January, but you declined to accept. You simply can't monopolize the limited time left now. We have previously raised the possibility of requesting the court for leave to complete remaining discovery (including for instance John Blanche's deposition under special guidance given his health issues). However, because I can not be in two places at once, we must complete all depositions no later than Thursday March 8. (And, of course, that includes completing the court-ordered custodial deposition so we have some time to prepare for a full deposition.) Ms. Stevenson offered declarations only on subjects within the scope the topics for which she is being designated. You do not dispute that the law does not permit generally deposing attorneys.

Subject to your possible willingness to moderate your position, the witness schedule we proposed will stand.

    Thursday, March 1: Games Workshop Retail, Inc in Memphis, TN

    Monday, March 5: Neil Hodgson (who is simply an illustrator) and Gill Stevenson in Chicago (limited to the designated subjects in defendant's 30(b)(6) notice)

    Tuesday, March 6: Dave Gallagher (who is not named as an individual author for any works) and Andy Jones (as corporate designee) in Chicago

    Wednesday, March 7: Alan Merrett and Jes Goodwin in Chicago.

The witnesses are traveling a long way and some respect for their needs is called for. Subject to GW's previously stated objections, GW will as need be identify a witness for categories 36 and 37 before the depositions. As noted, conceivably we could make a witness available on March 8 if there were a genuine need, but rather than offer any accommodation, you simply continue to extend the deadlines further out to interfere with Games Workshop's ability to conduct depositions the following week.

Jonathan

3/1/2012

# EXHIBIT 5

**Kaspar, Scott R.**

| | |
|---|---|
| **From:** | Moskin, Jonathan |
| **Sent:** | Wednesday, February 29, 2012 11:49 AM |
| **To:** | 'Golinveaux, Jennifer A.' |
| **Cc:** | Kaspar, Scott R.; 'Witnov, Shane B.'; 'Oh, Joon'; 'Kearney, Tom J.' |
| **Subject:** | RE: Games Workshop v. Chapterhouse Studios, Civil Action No. 1:10-cv-8103 |

Your sarcasm is noted. As is your refusal to tell me what is on the disk

Thank you.

Jonathan

-----Original Message-----
From: Golinveaux, Jennifer A. [mailto:JGolinveaux@winston.com]
Sent: Wednesday, February 29, 2012 12:48 PM
To: Moskin, Jonathan
Cc: Kaspar, Scott R.; Witnov, Shane B.; Oh, Joon; Kearney, Tom J.
Subject: Re: Games Workshop v. Chapterhouse Studios, Civil Action No. 1:10-cv-8103

Then you should read my emails.

It is largely emails and additional design documents.

On Feb 29, 2012, at 9:44 AM, "Moskin, Jonathan" <JMoskin@foley.com<mailto:JMoskin@foley.com>> wrote:

I don't recall your email. To the contrary, I am only aware that we have told you and told the Court repeatedly that Chapterhouse has produced documents concerning only 15 products, no emails after January 26, 2011, no instant messages and so forth and you have never responded - to me or the Court - to address our concerns. Once again, you are not answering my question, which is simply: what is it that we will find in the 1200 pages of new documents.

Jonathan
_____
From: Golinveaux, Jennifer A. [mailto:JGolinveaux@winston.com]
Sent: Wednesday, February 29, 2012 10:25 AM
To: Moskin, Jonathan; Kaspar, Scott R.
Cc: Witnov, Shane B.; Oh, Joon; Kearney, Tom J.
Subject: RE: Games Workshop v. Chapterhouse Studios, Civil Action No. 1:10-cv-8103

Jonathan,

You are aware that Plaintiff recently filed an amended complaint naming a number of new products, and you also knew that Defendant would be supplementing its document production, a point I specifically discussed with you in email earlier this week.

Jennifer

Jennifer Golinveaux

D: +1 (415) 591-1506

www.winston.com<http://www.winston.com>

<image001.jpg>
From: Moskin, Jonathan [mailto:JMoskin@foley.com]
Sent: Tuesday, February 28, 2012 5:39 PM
To: Chea, Carleen K.; Kaspar, Scott R.
Cc: Witnov, Shane B.; Golinveaux, Jennifer A.
Subject: Re: Games Workshop v. Chapterhouse Studios, Civil Action No. 1:10-cv-8103

1

After months of telling us and the court that Chapterhouse had no more documents, it is more than a little surprising to be told the night before the long-delayed deposition of the company's document custodian that defendant is mailing out 1200 pages of new materials.

Please provide an immediate accounting of what is on the disk, including a breakdown of the Bates ranges in response to which specific requests the documents are being produced and from which document custodian.

Jonathan

From: Chea, Carleen K. [mailto:CChea@winston.com]
Sent: Tuesday, February 28, 2012 07:49 PM
To: Moskin, Jonathan; Kaspar, Scott R.
Cc: Witnov, Shane B. <SWitnov@winston.com<mailto:SWitnov@winston.com>>; Golinveaux, Jennifer A. <JGolinveaux@winston.com<mailto:JGolinveaux@winston.com>>
Subject: Games Workshop v. Chapterhouse Studios, Civil Action No. 1:10-cv-8103

Please see attached correspondence from Shane Witnov.  Thank you.


Carleen K. Chea

Legal Secretary

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

T: +1 (415) 591-1000

D: +1 (415) 591-1535

F: +1 (415) 591-1400

Email<mailto:cchea@winston.com> | www.winston.com<http://www.winston.com>

<image001.jpg>

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
****************************************************************************** Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.


The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of

avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
************************************************************************ Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.


The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.
The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
************************************************************************ Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

# EXHIBIT 6

# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| BEIJING | 101 CALIFORNIA STREET | MOSCOW |
| CHARLOTTE | SAN FRANCISCO, CALIFORNIA 94111 | NEW YORK |
| CHICAGO | | NEWARK |
| GENEVA | +1 (415) 591-1000 | PARIS |
| HONG KONG | FACSIMILE +1 (415) 591-1400 | SAN FRANCISCO |
| HOUSTON | | SHANGHAI |
| LONDON | www.winston.com | WASHINGTON, D.C. |
| LOS ANGELES | | |

February 28, 2012

**K. JOON OH**
Attorney
415.591-1564
koh@winston.com

<u>**VIA U.S. MAIL AND EMAIL**</u>

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
JMoskin@foley.com

Re:   **Games Workshop v. Chapterhouse Studios**

Dear Mr. Moskin:

We have recently determined that privileged communications were inadvertently produced and appear in the following documents:

- CHS00003639-3643
- CHS00003644-3648
- CHS00003649-3652
- CHS00003653-3655
- CHS00006421-6424
- CHS00006425-6427
- CHS00006428-6430
- CHS00006434-6436
- WT00000071-75
- WT00000076-80
- WT00000081-84
- WT00000085-87
- WT00000088-89

Pursuant to the Protective Order signed by Judge Kennelly and Federal Rules of Evidence 502, please destroy or return all copies of these documents, including the original load disk and any paper or electronic copies of those documents. We will provide you with load disks with replacement images. Please confirm in writing within 5 days of this letter that Games

**WINSTON & STRAWN** LLP

February 28, 2012
Page 2

Workshop, Ltd., including without limitation its in house and outside counsel and any experts, have not retained any copies of the documents.

Sincerely,

K. Joon Oh

cc: Scott Kaspar, SKaspar@foley.com

## Kaspar, Scott R.

**From:** Moskin, Jonathan
**Sent:** Tuesday, February 28, 2012 8:55 PM
**To:** 'VEbert@winston.com'
**Cc:** Kaspar, Scott R.; 'KOh@winston.com'
**Subject:** Re: Games Workshop v. Chapterhouse Studios

So that we can better understand this request, can you please explain to us on what basis Chapterhouse contends these documents are privileged? More specifically, what was it in Chapterhouse's relationship with Mr. Traina at the time Chapterhouse exchanged these messages that it contends makes them privileged?

Thank you.

Jonathan

**From**: Ebert, Ginny [mailto:VEbert@winston.com]
**Sent**: Tuesday, February 28, 2012 02:30 PM
**To**: Moskin, Jonathan
**Cc**: Kaspar, Scott R.; Oh, Joon <KOh@winston.com>
**Subject**: Games Workshop v. Chapterhouse Studios

Please see attached correspondence.

**Ginny Hirsch Ebert**
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

T: +1 (415) 591-1000
D: +1 (415) 591-7201
F: +1 (415) 591-1400
Email | www.winston.com



Please consider the environment before printing this e-mail.

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
************************************************************************* Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

3/1/2012