IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAMES WORKSHOP LIMITED, | ) |
| Plaintiff, | ) |
| | ) Case No. 1:10-cv-08103 |
| v. | ) |
| CHAPTERHOUSE STUDIOS LLC and | ) |
| JON PAULSON d/b/a PAULSON GAMES, | ) Judge Matthew F. Kennelly |
| Defendants. | ) |

**DEFENDANT'S RESPONSE TO
PLAINTIFF'S REQUEST FOR STATUS CONFERENCE**

Defendant provides this response to Plaintiff's Request For Status Conference filed March 1, 2012.

**I.    Plaintiff's Claims About Defendant's Production Are Unfounded**

Plaintiff raises three purported issues regarding Defendant's document production, none of which have merit.

**First,** Plaintiff claims that Defendant has failed to produce documents from its designers or from Tomas Fiertek. But the Court has ruled that Defendant is required only to produce documents from the designers with whom it claims privileged communications.[1] (Defendant has also already produced all of its responsive email communications with all of the designers, including thousands of emails and numerous instant message logs.) Defendant only claims privilege as to communications with designers Fiertek, Traina, and Nagy and has either produced their documents or will do so by tomorrow as outlined in Defendant's Certification Re: Document Production filed

---

[1] *See* February 14, 2012 Minute Entry, Docket No. 168.

-1-

March 2, 2012. Plaintiff has also served document subpoenas on several of the designers, each of whom has promptly produced documents.

Plaintiff also argues that because the twelve independent contractors who do work for Chapterhouse sign a form confidentiality and non-disclosure agreement, Chapterhouse must collect and produce documents from each of the designers. But Plaintiff neglects to mention that the agreement only provides Chapterhouse with a right of return as to "Confidential Information", which is defined as material *furnished to them by Chapterhouse*, and selectively quotes the agreement to omit this definition of Confidential Information.[2] Chapterhouse has already produced any responsive documents that it furnished to the contractors. Plaintiff cites the *Wilson v. Sunstrand* case as support for its position that the confidentiality agreement should somehow be read as giving Chapterhouse a contractual right of access of *any* documents in the possession of the designers, but *Wilson* involved a former division of a corporation where the corporation maintained a far broader contractual right to access the records of its former division, and it was those records that were the subject of the discovery dispute. *Wilson v. Sunstrand Corp.,* 2003 WL 21961359, **7-9 (N.D. Ill Aug. 18, 2003). Plaintiff also tries to read something nefarious into the fact that it claims to have received copies of the confidentiality agreements only in response to its subpoenas to the designers and not Chapterhouse, but that is simply because they were not identified as responsive to the more narrow category of documents Chapterhouse agreed to produce, a point that could have been promptly addressed had Plaintiff's counsel simply raised the issue with Defendant's counsel.

---

[2] *See* Exh. 3 to Plaintiff's Request for Status Conference, ¶ 1.

Regarding Mr. Fiertek, Defendant was only ordered to produce documents from this witness (who resides in Sweden) two weeks ago and filed its certification with the Court explaining what was collected and being reviewed and that documents had been produced and production would be complete by March 6, 2012, a week before Plaintiff takes its substantive depositions in this case. At page 3 of its Request For Status Conference, Plaintiff makes the highly misleading claim that "Chapterhouse has *not even contacted him* yet to seek any of the records…(emphasis in original)." But that is simply because counsel contacted Mr. Fiertek to collect his documents, not Chapterhouse. Plaintiff also claims that Chapterhouse "misrepresented" that Mr. Fiertek was not a "member" of Chapterhouse Studios LLC, but Mr. Fiertek is not a member of Chapterhouse Studios LLC.[3]

**Second**, Plaintiff complains that Defendant "has no explanation" why it has not produced communications with its designers post-January 26, 2011, but Defendant's counsel explained to Plaintiff's counsel that it did a supplemental document collection and review both for communications since its last collection from Defendant, and in order to produce documents responsive to Plaintiff's Second Amended Complaint that Plaintiff only filed on January 19, 2012. Plaintiff says that Chapterhouse "admits *it has done no searches whatsoever of its three email accounts,*" but that is simply because counsel made copies of Chapterhouse's email for searching and review for production. Plaintiff

---

[3] Plaintiff has also noticed the deposition of Mr. Fiertek— a resident of Sweden—to take place in Dallas, Texas, and refuses to respond to Defendant's counsel when it has explained that under established law Plaintiff must either seek to depose Mr. Fiertek in Sweden or discuss whether the parties can reach an agreement whereby Plaintiff covers expenses to bring Mr. Fiertek to the U.S. for deposition. Defendant, by contrast, has agreed to depose a key witness, Mr. Blanche, in the United Kingdom in light of representations Plaintiff's counsel has made regarding Mr. Blanche's inability to travel to the U.S.

raises similar issues regarding production of instant messages, but Chapterhouse produced copies of responsive instant message logs last week.[4] Plaintiff also complains that images from a third party photo sharing service were not produced, but as stated in Defendant's Certification Re: Production, those documents were produced on March 2, 2012.[5] This is all in stark contrast to Plaintiff's production, which to this date does not include a single internal email (and fewer than two dozen emails with third parties, which Chapterhouse might have independently discovered), and not a single instant message log. This despite the fact the Court has ordered Plaintiff to produce documents concerning the design of the works at issue. It has become increasingly clear that unlike Defendant, Plaintiff's counsel did not collect emails for review at all. Plaintiff's earlier explanation to the Court claiming that it did not produce email because its designers do not use computers is demonstrably false, an issue that will have to be explored in depositions.

**Third**, Plaintiff continues to claim that Defendant has produced no documents regarding the development of 106 of its 121 products at issue and no documents regarding independent creation. This claim is inaccurate and without basis. Defendant has produced thousands of emails regarding the development of its products, along with photographs and design documents. Equally without basis is Plaintiff's claim that the documents that have been produced contain "open admissions of direct copying." Plaintiff's Request for Status Conference at 6. Concerning documents regarding

---

[4] Defendant's Certification Re: Document Production at 2, attached to the accompanying Declaration of Jennifer A. Golinveaux ("Golinveaux Decl.") as Exh. 1.
[5] *Id.*

independent creation, Defendant has produced responsive documents, as Plaintiff acknowledges. *Id.* at 6.

## II. Plaintiff Violated This Court's February 23, 2012 Order And Continues to Withhold Key Discovery

On February 23, 2012, the Court ordered Plaintiff to supplement its response to interrogatories in order to provide (1) the dates of employment of the authors of the works alleged in this case, and current contact information for them if they no longer work for Plaintiff, as called for by Interrogatories 17 and 22, and (2) the dates of first use in U.S. commerce for each alleged trademark. The Court specifically said that "the plaintiff needs to provide an answer to those interrogatories and not a 33(d), or whatever it is now, a 33(d) incorporation of documents."[6] After the close of business on Friday, March 2, 2012 (the Friday evening before the Monday Defendant is scheduled to start taking Plaintiff's deposition), and only after further prompting from Defendant, Plaintiff served the supplemental responses. It did not provide any substantive response, however, and in violation of the Court's order, merely referred Defendant to documents it has produced pursuant to Fed. R. Civ. Proc. 33(d).[7] Moreover, the documents which Plaintiff references as responsive, do not provide the requested information. Plaintiff should be required to immediately provide the responses that were ordered, and Plaintiff's relevant witnesses may well need to be called back for further deposition regarding the tardy responses. The supplemental interrogatory responses were also not verified by Games Workshop, as required by Fed. R. Civ. Proc. 33(b).

---

[6] Transcript of February 23, 2012 hearing at 5, attached to the Golinveaux Declaration as Exh. 2.
[7] Plaintiff's supplemental interrogatory responses are attached to the Golinveaux Declaration as Exh. 3.

During the February 23, 2012 hearing, the Court also ordered both parties to provide "a sworn verification" that they had conducted "a reasonably thorough search in response to these document requests and we have produced everything we have." Plaintiff, however, filed a statement that is not a sworn verification as ordered by the Court, and rather than certifying that it has conducted a reasonably thorough search and has produced all documents responsive to Defendant's discovery requests, simply states that "**to the best of its knowledge and information, that it is not aware of any additional relevant documents that it has not produced responsive to said requests.**"[8] Contrary to the Court's order, Plaintiff's statement makes no representation at all regarding the thoroughness of Plaintiff's search for or production of documents—only that it is "not aware" of additional relevant documents, which could be the case if counsel did not make adequate inquiry in the first place. Plaintiff further qualifies its certification by saying that it is not aware of additional "relevant" documents responsive to Defendant's requests, which in effect renders the certification meaningless as Plaintiff has taken the position that none of Defendant's requests seek relevant information, and Defendant has had to engage in motion practice to obtain nearly all of the substantive discovery it has yet received in this case.

Finally, Plaintiff has taken the unsupportable position that Defendant should be limited to half a day of deposition with each of Plaintiff's witnesses rather than the seven hours permitted by the Federal Rules of Civil Procedure. Defendant begins its depositions of Plaintiff's witnesses today and will contact the Court if Plaintiff makes good on its threat to cut the depositions in half.

---

[8] Plaintiff's Certificate Pursuant to the Court's February 23, 2012 Instructions is attached to the Golinveaux Declaration as Exh. 4.

Dated: March 5, 2012 　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　By: 　/s/ Jennifer A. Golinveaux
　　　　　　　　　　　　　　　　　　　　　Jennifer A. Golinveaux (CA Bar No. 203056)
　　　　　　　　　　　　　　　　　　　　　WINSTON & STRAWN LLP
　　　　　　　　　　　　　　　　　　　　　101 California Street
　　　　　　　　　　　　　　　　　　　　　San Francisco, CA 94111-5802
　　　　　　　　　　　　　　　　　　　　　Phone: (415) 591-1000
　　　　　　　　　　　　　　　　　　　　　Fax: (415) 591-1400

*Counsel for defendant Chapterhouse Studios LLC*