# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

## INDEX OF EXHIBITS

| **Exhibit** | **Description** |
|---|---|
| **1** | Defendant Chapterhouse Studios LLC's Certification re Document Production dated March 2, 2012 |
| **2** | Transcript of Proceedings Before the Honorable Matthew F. Kennelly dated February 23, 2012 |
| **3** | GamesWorkshops Ltd.'s Supplemental Response to Chapterhouse Studios LLC's Interrogatories (Set Three) and Games Workshops Ltd.'s Supplemental Response to Chapterhouse Studios LLC's Interrogatories (Set Four) dated March 2, 2012 |
| **4** | Plaintiff's Certification dated March 2, 2012 |

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GAMES WORKSHOP LIMITED,<br><br>       Plaintiff,<br><br>v.<br><br>CHAPTERHOUSE STUDIOS LLC and JON<br>PAULSON d/b/a PAULSON GAMES,<br><br>       Defendants. | )<br>)<br>)<br>)  Case No. 1:10-cv-08103<br>)<br>)<br>)<br>)<br>)  Judge Matthew F. Kennelly<br>)<br>) |

**DEFENDANT CHAPTERHOUSE STUDIOS LLC'S
CERTIFICATION RE DOCUMENT PRODUCTION**

Pursuant to this Court's order at the February 23, 2012 hearing on Chapterhouse's cross-motion to compel discovery, Chapterhouse submits the following certification to the Court:

Following the Court's February 23, 2012 order, Chapterhouse undertook significant investigations and efforts to review its production to ensure its completeness.

On January 19, 2012, Plaintiff filed a Second Amended Complaint in this action, alleging infringement of approximately two dozen new works. In order to produce documents responsive to the newly alleged products, and in connection with its ongoing duty to supplement disclosures and discovery responses pursuant to Federal Rule of Civil Procedure 26(e), Chapterhouse recently supplemented its production of email and other documents. Weeks before the February 23, 2012 hearing, Chapterhouse initiated this supplemental collection and production, which involved the re-review of several thousand previously-reviewed emails in addition to the review of more than a thousand new emails generated during the course of this litigation. Chapterhouse sent its supplemental production to Plaintiff by mail on February 28, 2012. Redacted copies of

privileged documents were produced by mail today. Chapterhouse is also supplementing its production with responsive "instant message" communications as part of today's production.

In addition, pursuant to this Court's order on February 14, 2012 (Docket No. 168), Chapterhouse is to produce documents from Tomas Fiertek who resides in Sweden. Chapterhouse has collected documents from Mr. Fiertek and is in the process of reviewing them for production. Mr. Fiertek's documents fall into two general categories: (1) emails; and (2) design documents and photographs. Since Chapterhouse has already reviewed and produced its responsive email communications with Mr. Fiertek, it is reviewing potentially responsive emails Mr. Fiertek had with anyone other than Chapterhouse for production, as well as his design documents and photographs, including photographs Mr. Fiertek maintained on a third party service "Photobucket." Chapterhouse is producing responsive documents contained in Mr. Fiertek's Photobucket account today. Counsel for Chapterhouse has been working diligently to complete the rest of this review and additional responsive documents will be produced by March 6, 2012. Documents were also produced from designers Wyatt Traina on February 10, 2012 and Jeffrey Nagy on February 17, 2012.[1]

Upon Plaintiff's receipt of Chapterhouse's February 28 and March 2 and 6, 2012 supplemental productions, under a fair reading of the requests for production as to which Chapterhouse has agreed to produce documents or been ordered to produce documents, and to the best of Chapterhouse's knowledge and reasonable capability, Chapterhouse hereby certifies that its production is complete. Chapterhouse is aware of its continuing discovery obligations and to the extent Chapterhouse discovers additional responsive documents, it will promptly produce any such documents.

---

[1] Third party designers Michael Lawler and Michio Okamura have also produced documents in response to subpoenas from Plaintiff.

Chapterhouse also notes that Plaintiff has recently propounded new discovery including a Third Set of Requests for Admission propounded February 6, 2012 (due March 7, 2012); a Sixth Set of Requests for Production served February 13, 2012 (due March 14, 2012); and an untimely Request for Inspection of Chapterhouse's Premises served February 27, 2012.  Responses and objections to this new discovery are not yet due and have not yet been served.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 2, 2012

Respectfully submitted,

CHAPTERHOUSE STUDIOS LLC

By:        /s/ Jennifer A. Golinveaux
Jennifer Golinveaux (CA Bar No. 203056)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA  94111-5802
Phone: (415) 591-1000
Fax: (415) 591-1400
jgolinveaux@winston.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2012, I electronically filed the foregoing

**DEFENDANT CHAPTERHOUSE STUDIOS LLC'S CERTIFICATION
RE DOCUMENT PRODUCTION**

with the clerk of the court by using the CM/ECF system, which will send a notice of electronic

filing to the following and constitutes service under Federal Rule of Civil Procedure 5(b)(2)(D),

pursuant to Local Rule 5.9:

Scott R. Kaspar
Aaron J. Weinzierl
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: 312.832.4500
Facsimile: 312.832.4700
Email: skaspar@foley.com
aweinzierl@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

Date: March 2, 2012

Kathleen Lu

SF:329301.1

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


GAMES WORKSHOP LIMITED,          )
                                 )
                Plaintiff,       )    Docket No. 10 C 8103
                                 )
        vs.                      )
                                 )
CHAPTERHOUSE STUDIOS, LLC,       )    Chicago, Illinois
et al.,                          )    February 23, 2012
                                 )    10:30 a.m.
                Defendants.      )


TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE MATTHEW F. KENNELLY

APPEARANCES:


For the Plaintiff:      FOLEY & LARDNER, LLP
                        BY:   MR. SCOTT R. KASPAR
                        321 North Clark Street, Suite 2800
                        Chicago, Illinois   60610


For the Defendant:      WINSTON & STRAWN, LLP
                        BY:   MR. JONATHON C. RAFFENSPERGER
                        35 West Wacker Drive
                        Chicago, Illinois   60601

LAURA M. BRENNAN - Official Court Reporter
219 South Dearborn Street - Room 2102
Chicago, Illinois   60604
(312) 435-5785

1        (The following proceedings were had in open court:)

2        THE CLERK:  10 C 8103, Games Workshop v.

3   Chapterhouse.

4        THE COURT:  So you're another group that are on my

5   "once a week whether I really want to or not" schedule.  How

6   are you doing today?  Give your names.

7        MR. KASPAR:  Good morning, your Honor; Scott Kaspar

8   for plaintiff Games Workshop.

9        MR. RAFFENSPERGER:  Good morning, your Honor; John

10  Raffensperger on behalf of Chapterhouse Studios.

11       THE COURT:  Okay.  So I've looked at all of this

12  stuff, and so I'm going to sort of hold onto my chair and say:

13  Is there anything that anybody wants to tell me that you

14  haven't already said in writing?

15       MR. RAFFENSPERGER:  I don't believe so.

16       THE COURT:  Okay.  So one of the problems with -- one

17  of the problems in this case -- and it's not exclusive to this

18  case; it happens in cases where there are lots of discovery

19  disputes -- is you get a motion and it's got sort of a defined

20  finite set of issues, and then as it gets briefed, other

21  issues come in.  And I will just say this is not helpful.

22       In the motion there were, depending upon how you

23  subdivided it -- this is the defendants' crossmotion to

24  compel -- there were four issues raised, the first being

25  interrogatory 17 which sought employment and contact

1   information for each author of the alleged works.

2          The second issue had to do with -- it was sort of a

3   generalized issue that there wasn't any or wasn't sufficient,

4   apparently sufficient, production of internal e-mails and

5   communications.

6          The third issue had to do with the withholding or

7   redaction of documents pursuant to something called the

8   European Data Protection Act because the plaintiff is a

9   British -- is a U.K. company.

10         And the fourth was interrogatory 18, which had to do

11  with the dates of the first use in U.S. commerce.

12         And so on each one of those, the response by the

13  plaintiff is basically we did this already or we did it

14  shortly after the motion got filed and it was already in the

15  pipeline before the motion got filed.

16         So I need to ask a couple of questions.  So the

17  e-mails on what I've identified as issue three that were

18  redacted initially, have the unredacted versions of those now

19  been produced?

20         MR. RAFFENSPERGER:  Yes.

21         THE COURT:  Okay, so issue three is off the table.

22         So interrogatories 17 and 18, 17 being the one that

23  asks for employment and contact information for the authors,

24  and 18 being the interrogatory that asks for dates of first

25  use in commerce, the way I get what's been done here is that

1  the plaintiff has said we're responding to those by producing

2  documents, you can get all these answers from documents.

3          Is that basically right?

4          MR. KASPAR:  Generally, yes.

5          THE COURT:  Okay.  And what I'm getting from the

6  defendant is, wait a second, we can't figure it out from the

7  documents, or it's incomplete.  Maybe we can figure out some

8  of it but not all of it.

9          Is that basically right, too?

10          MR. RAFFENSPERGER:  That's basically correct.

11          THE COURT:  And I don't have the documents.  That's

12  not a request to give me the documents, just to be clear.  So

13  it's difficult for me to say whether the production of

14  documents is sufficient to provide the information.  It's just

15  difficult for me to say, you know, one way or the other.

16          And I guess my view of this is that if the

17  plaintiff's position is that the information is in the

18  documents, then it shouldn't be all that difficult for the

19  plaintiff to provide an answer to the interrogatories that

20  says, okay, for this work, you know, this is our date of use

21  in commerce.  In other words, it's easier for you to pull it

22  off the documents than it is for the defendants to do.  And as

23  far as the identifying information on the authors are

24  concerned, I think the same thing.

25          So what I'm going to direct is that the plaintiff

1    needs to provide an answer to those interrogatories and not a

2    33(d), or whatever it is now, a 33(d) incorporation of

3    documents.

4           All right.  And then that leaves us with this issue

5    regarding e-mails getting produced or how much of a search has

6    been done and whatnot.  And what I'm about to say now is going

7    to apply to both sides.  So I don't recall as I sit here -- I

8    guess I could look it up --  what our deadline is for the

9    completion of fact discovery.  Is it the end of March or the

10   end of April, or what is it?

11          MR. KASPAR:  I believe it's like March 22nd or 23rd.

12          THE COURT:  All right, it's toward the end of March.

13          I think, because there's been issues on both sides in

14   this case raised at least about the completeness of the other

15   side's production, the thoroughness of the searches and things

16   like that, it seems to me that the, maybe not the only way,

17   but the best way to deal with those issues is to say by a date

18   certain, which I'm going to ask you for your input on and I'm

19   going to set it, that each side has to provide a sworn

20   verification from the person that I referred to at the last

21   hearing as the top dog, in other words, the lead trial

22   counsel, saying, you know, we have done, whatever the lingo

23   is, a reasonably thorough search in response to these document

24   requests and we have produced everything we have.

25          And the reason, just so -- and, I mean, if it wasn't

1    clear the last time -- and I looked back at the transcript.

2    If it's not clear why it is that I am sort of putting all of

3    this at the person at the top of the chain is that it's not a

4    slight on anybody else.  It just gives me an added level of

5    assurance that that person is going to make sure that a

6    thorough job is done before he or she -- I guess in one case

7    it's he, in one case it's she -- signs the declaration under

8    the pains and penalties of perjury that the document

9    production is complete.  So I think that needs to be done on

10   both sides in this case.

11          I don't know -- I'm not saying that the plaintiff has

12   not done a thorough search and hasn't produced e-mails.  It's

13   pretty clear that some e-mails have been produced.  But I just

14   think on both sides there needs to be some sort of certainty

15   at a finite period of time that document production is done.

16          And then the other issue which was raised in the

17   response has to do with the 30(b)(6) deposition.  Okay.  So I

18   just want to talk this through with you and, first of all,

19   make sure I have a handle on it.  So what was discussed at the

20   last court hearing, which was February the 14th, something

21   like that, towards the end, was that the defendant basically

22   said, look, it's one person, one person is going to be

23   designated as the person to speak on all of the 30(b)(6)

24   topics.  We did not -- at least as I read the transcript, we

25   didn't separately -- although it was raised -- we didn't

1    separately discuss this issue of the record custodian aspect

2    of it.

3            So as I'm getting what the plaintiff is saying in the

4    response to the crossmotion here, the plaintiff is saying,

5    look, what we don't want -- and you may not be saying it quite

6    this way.  But what we don't want to have happen is we don't

7    want to go down there for one big, old 30(b)(6) deposition and

8    do the record custodian part and then find out at that

9    deposition that something less than a complete search has been

10   done or they haven't done this or the person doesn't know and

11   then we can't really do the rest of the 30(b)(6) deposition

12   and we have to go back and do it again.

13           Basically right?

14           MR. KASPAR:  Correct.

15           THE COURT:  Yes.  That doesn't seem to me to be a

16   particularly illegitimate concern given some of the

17   difficulties that there have been on all sides in the document

18   production in this case.  And, you know, time counts on these

19   things, and the time should count on that as well, but I don't

20   think it's a bad idea to have a brief phone -- which is what

21   is being proposed -- phone deposition of this person

22   exclusively for the record custodian aspect of the deposition

23   before you do the rest of it.  I don't think that that really

24   imposes any undue burden on the person involved or on the

25   defendant in the case because it's time that is going to get

1    carved out of the rest of it.  It's time that would be spent

2    anyway, and I do think there's a legitimate reason for doing

3    it first because otherwise, I think, given the history in the

4    case, that there is a reasonably good chance that what will

5    happen is that you would go down there, do the whole 30(b)(6)

6    deposition, you would find out that there's stuff missing, and

7    somebody would be back in front of me screaming bloody murder

8    and saying, no, we have got to do all this stuff over again.

9    And I don't want to have that happen, and so that's what I am

10   going to direct.

11        So you're going to need to make arrangements to do a

12   brief, and I will leave it to you to define what brief is, you

13   know, record custodian deposition which comes out of the time

14   for the 30(b)(6), you know, before you go down to Texas or

15   wherever it is to do the rest of it, okay.

16        So I think I've dealt with everything in all the

17   papers that are in front of me.  Does anybody think there is

18   anything I haven't dealt with?

19             MR. KASPAR:  Your Honor, for the certification and --

20             THE COURT:  Oh, we need to set a date.

21             MR. KASPAR:  -- time frame.

22             THE COURT:  Give me a suggestion.  What should it be?

23   I mean, it's in everybody's interest to get that done at some

24   point before -- decently before the close of fact discovery.

25             MR. RAFFENSPERGER:  Well, your Honor, we're planning

1   to take depositions of Games Workshop witnesses starting a

2   week from Monday.

3           THE COURT:  A week from Monday?  So would it be

4   unreasonable to tell people that by the end of next week,

5   you've got to provide your verification of completeness?

6           MR. RAFFENSPERGER:  I don't think that would be

7   unreasonable.

8           THE COURT:  Do you think it would be unreasonable?

9           MR. KASPAR:  My only concern, your Honor -- I mean,

10  it's not unreasonable for the plaintiff, but my only concern

11  is we're just now getting a lot of third party discovery in,

12  and it seems to be raising more issues of gaps in the

13  defendants' production.

14          THE COURT:  Yes, but that's their problem.  I mean,

15  that's their verification.  That's not yours.  So from your

16  standpoint, in terms of your document production, is it

17  unreasonable to say that you're going to need to provide

18  written verification of completeness by then?  I mean, hey, if

19  they provide a sworn verification of completeness from --

20          It's Ms. Golinveaux, right?

21          MR. KASPAR:  Yes.

22          THE COURT:  -- and it turns out to be wrong, then I'm

23  going to get to see her, and she's actually going to be

24  sitting at a 90-degree angle to me, having raised her right

25  hand, and explaining why she gave me an incorrect declaration

1    under oath.  So that's an issue for another day.

2            Can you get your --

3            MR. KASPAR:  Yes.

4            THE COURT:  Okay.  So the order for today is going to

5    say the crossmotion to compel is granted in part and denied in

6    part as stated in open court.

7            The plaintiff is to answer interrogatories 17 and 18

8    by -- I think the end of next week is a reasonable time for

9    that, too, so by the 2nd of March.

10            Both sides are to provide sworn verifications of the

11    completeness of document production by that same date,

12    March 2nd.  I'm not going to put it in the order, but I'm

13    telling you that needs to come from lead trial counsel.

14            And plaintiff may take a -- we'll call it a

15    preliminary 30(b)(6) deposition regarding record custodian

16    issues.  That's shorthand for what we talked about.

17            Okay.  Do we have another status in the case?

18            MR. KASPAR:  We do not right now.

19            THE COURT:  We don't, okay.  So let's make it for

20    early April, Augie, so, in other words, after the close of

21    fact discovery.

22            MR. KASPAR:  I take that back, your Honor.  There is

23    one for March.

24            THE COURT:  You know what, we have got one on

25    March 15th.

1     MR. KASPAR:  March 15th?

2     THE COURT:  I don't need to see you then.  Let's make

3  it early April.  The March 15th status is vacated and it's

4  reset to --

5     THE CLERK:  April 4th.

6     THE COURT:  -- April 4th at 9:30.

7     Actually, let's do it this way so I don't -- because

8  I do want to have -- let me just check something.  I think I'm

9  going to make it 9:00 o'clock and do it by phone.  Yes, we're

10  going to make it 9:00 o'clock on April 4th and it will be by

11  telephone.  So what I'm going to need you to do is one side

12  get the other side on the phone and then call in.

13     Now, the lead person rule applies to that.  You can

14  have as many other people on the phone as you want.  You can

15  broadcast it, you know, from State and Madison, for all I

16  care, but I need to have the lead people on the phone just to

17  talk about the status of the case.  It's going to be a phone

18  call.  It's before my call starts, so it won't be on the

19  record, and so nobody can be expecting that you're going to be

20  able to bring up contested issues then.  Okay.

21     So what we're going to talk about is did you get the

22  discovery done, how are things coming.  And I'm also going to

23  raise again with you at that point the issue of settlement

24  because you will be done presumably with fact discovery by

25  then.

1        Okay, I will talk to you then.  Thanks.

2        MR. KASPAR:  Thank you, your Honor.

3        MR. RAFFENSPERGER:  Thank you, your Honor.

4

5    (Which were all the proceedings had in the above-entitled

6    cause on the day and date aforesaid.)

7                    C E R T I F I C A T E

8

9        I hereby certify that the foregoing is a true and

10   correct transcript of the above-entitled matter.

11

12

13   */s/ Laura M. Brennan*                    February 29, 2012

14

15   _____          _____

     Laura M. Brennan
16   Official Court Reporter                        Date
     Northern District of Illinois
17

18

19

20

21

22

23

24

25

# EXHIBIT 3



**From:** Kaspar, Scott R. [mailto:SKaspar@foley.com]
**Sent:** Friday, March 02, 2012 7:35 PM
**To:** Kearney, Tom J.; Moskin, Jonathan
**Cc:** Golinveaux, Jennifer A.; Oh, Joon; Witnov, Shane B.; Mersmann, Eric J.; Raffensperger, Jon
**Subject:** RE: Games Workshop v. Chapterhouse Studios

Tom,

As a courtesy, please see the attached. In addition, we served on your Chicago office this afternoon a production disc containing U.S. copyright applications, as described in Jonathan Moskin's email previously sent today.

Regards,
Scott Kaspar

---

**From:** Kearney, Tom J. [mailto:TKearney@winston.com]
**Sent:** Friday, March 02, 2012 6:31 PM
**To:** Moskin, Jonathan
**Cc:** Kaspar, Scott R.; Golinveaux, Jennifer A.; Oh, Joon; Witnov, Shane B.; Mersmann, Eric J.; Raffensperger, Jon
**Subject:** Games Workshop v. Chapterhouse Studios

Jonathan –

Where are the answers to Chapterhouse's interrogatories that the Court ordered Plaintiff to provide today? We have not yet received them. In light of the depositions going forward Monday, please provide them by email immediately.

Sincerely,

Tom

**Thomas J. Kearney**
D: +1 (415) 591-6894
www.winston.com
WINSTON
& STRAWN
LLP

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
*************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.


The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| GAMES WORKSHOP LIMITED,<br><br>                        Plaintiff,<br><br>      v.<br><br>CHAPTERHOUSE STUDIOS LLC and JON<br>PAULSON d/b/a PAULSON GAMES<br><br>                     Defendants. | Civil Action No. 1:10-cv-8103<br><br>Hon. Matthew F. Kennelly<br>Hon. Jeffrey T. Gilbert |

**GAMES WORKSHOP LTD.'S SUPPLEMENTAL RESPONSE TO
CHAPTERHOUSE STUDIOS LLC'S INTERROGATORIES SET THREE**

Pursuant to Fed.R.Civ.P. Rules 26 and 33, Games Workshop responds as follows to the

Third Set of Interrogatories of Defendant Chapterhouse Studios LLC.

**GENERAL OBJECTIONS**

1.      Games Workshop will produce electronically stored information in a format

mutually agreed upon among counsel, or as otherwise appropriate.

2.      Games Workshop objects that the definition of the term "identify" is overbroad

and unduly burdensome and entails the multiplication of numerous individual interrogatories into

multiple separate sub-parts.

**INTERROGATORIES**

**INTERROGATORY NO. 16:**

Separately for each of YOUR WORKS that YOU claim Chapterhouse infringes, identify

where the work was first published by providing: (a) the date on which YOUR WORK was first

offered to distributors, retailers, or resellers; (b) the date on which YOUR WORK was first sold

or offered for sale to the public; (b) the advertising medium and publication, if any, through

which YOUR WORK was first sold or offered for sale to the public; and (d) the geographical

location or locations at which YOUR WORK was first sold or offered for sale to the public.

**RESPONSE TO INTERROGATORY NO. 16:**

Games Workshop objects that this request is merely cumulative and repetitive of prior

requests and information previously provided by Games Workshop, including without limitation

Interrogatory Nos. 1, 2, 8 and 10. The request otherwise seeks information that is irrelevant and

not likely to lead to the discovery of admissible evidence and is needlessly overbroad and unduly

burdensome. Games Workshop further objects that this request is vague and ambiguous.

Without prejudice to or waiver of the foregoing objections, Games Workshop has

produced documents responsive to this request pursuant to Fed.R.Civ.P. Rule 33(d)

**INTERROGATORY NO. 17:**

Identify each copyright that YOU claim Chapterhouse infringes by providing the

following information for each work: (a) the title of the work; (b) whether the work is literary,

pictorial, graphic, sculptural, a character, or other (and if "other" what type of work); (c) the

natural person(s) who created the work; (d) the date of creation of the work; (e) the current

owners; (f) any current exclusive licensee; (g) any copyright registrations or application

numbers; (h) in the case of multi-page works, the specific page and textual passage or passages,

if any, of the work that are alleged to be infringed; and (i) if the work is a character, the specific

textual passages, pictorial illustrations, and sculptural works that define the character.

**RESPONSE TO INTERROGATORY NO. 17:**

Games Workshop objects that this request is needlessly cumulative and repetitive of

Chapterhouse's prior discovery requests, including Interrogatory No. 1. Games Workshop

further objects that this request is overbroad and unduly burdensome and seeks information that

is irrelevant and not likely to lead to the discovery of admissible evidence.

*Games Workshop refers to the 46-page reference guide provided as Exhibit A in response to Interrogatory 1, which identifies its understanding of the likely sources of Chapterhouse's copying in creating the works in issue (in a direct side-by-side comparison with the corresponding accused Chapterhouse work) as well as all of the known individual contributors to Games Workshop's sculptural works. Pursuant to Fed. R. Civ. P. Rule 33(d), Games Workshop has produced documents responsive to this request, including the actual packaging of the sculptural works bearing copyright dates of first publication and has produced copies of its literary works bearing the dates of first publication and sale. Games Workshop has also produced all existing copyright registrations and applications for its subject works.*

*Games Workshop further notes that the 2008 notice to individual authors to reclaim their physical artwork (located by Chapterhouse in a search of the Internet Archive) did not relate specifically to works at issue in this litigation or even to Warhammer 40,000 (as distinct from other Games Workshop properties such as Warhammer and Lord of the Rings), much less to issues of copyright ownership, but rather was simply an effort to clear space in its storage facilities.*

Dated: March 2, 2012                     Respectfully submitted,


By:    /s/ Jonathan E. Moskin
              Jonathan E. Moskin

          Scott R. Kaspar (Ill. Bar No. 6284921)
          Aaron J. Weinzierl (Ill. Bar No. 6294055)

3

FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654
Telephone: (312) 832-4500
Facsimile: (312) 832-4700
Email: skaspar@foley.com; aweinzierl@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

*Attorneys for Plaintiff Games Workshop Limited*

4

## <u>CERTIFICATE OF SERVICE</u>

I, Scott R. Kaspar, an attorney, hereby certify that on March 2, 2012, I caused a copy of the foregoing GAMES WORKSHOP LTD.'S SUPPLEMENTAL RESPONSE TO CHAPTERHOUSE STUDIOS LLC'S INTERROGATORIES SET THREE to be served on the interested parties by causing copies of this document to be served on the following *via* United States Mail in a sealed envelope with the postage prepaid to the following:

> Jennifer A. Golinveaux, Esq.
> Thomas J. Kearney, Esq.
> WINSTON & STRAWN LLP
> 101 California Street
> San Francisco, CA 94111
> jgolinveaux@winston.com
> tkearney@winston.com
>
> Eric J. Mersmann, Esq.
> WINSTON & STRAWN LLP
> 35 West Wacker Drive
> Chicago, IL 60601
> emersmann@winston.com

_/s/ Scott R. Kaspar_____

4846-9167-0286.1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| GAMES WORKSHOP LIMITED,<br><br>             Plaintiff,<br><br>      v.<br><br>CHAPTERHOUSE STUDIOS LLC and JON<br>PAULSON d/b/a PAULSON GAMES<br><br>             Defendants. | Civil Action No. 1:10-cv-8103<br><br>Hon. Matthew F. Kennelly<br>Hon. Jeffrey T. Gilbert |

**PLAINTIFF GAMES WORKSHOP LIMITED'S SUPPLEMENTAL RESPONSE TO
DEFENDANT CHAPTERHOUSE STUDIOS LLC'S INTERROGATORIES SET FOUR**

Pursuant to Fed.R.Civ.P. Rules 26 and 33, Games Workshop responds as follows to the

Fourth Set Interrogatories of Defendant Chapterhouse Studios LLC.

**GENERAL OBJECTIONS**

1. Games Workshop will produce electronically stored information in a format mutually

agreed upon among counsel, or as otherwise appropriate.

2. Games Workshop objects that the definition of the term "identify" is overbroad and

unduly burdensome and entails the multiplication of numerous individual interrogatories into

multiple separate sub-parts.

**INTERROGATORIES**

**INTERROGATORY NO. 18:**

Separately for each mark YOU allege in this action, provide the date of first "use in
commerce" of the mark (as that term is defined in 15 U.S.C. § 1127) by you in the U.S., and the
nature of such use.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not

likely to lead to the discovery of admissible evidence insofar as Chapterhouse does not purport to claim priority of use over Games Workshop with respect to any of its marks in issue. As a result the request is also overbroad and unduly burdensome.

Without prejudice to or waiver of the foregoing objections, pursuant to Fed. R. Civ. P. Rule 33(d), Games Workshop has produced and/or will produce documents responsive to this request, ***including the actual packaging of the sculptural works bearing copyright dates of first publication and has produced copies of its literary works bearing the dates of first publication and sale. Moreover, Games Workshop has produced records from the United States Trademark Office for all of its registered marks in issue demonstrating the dates of first use or constructive first use and the accompanying deposit materials.***

## INTERROGATORY NO. 19:

Separately for each mark YOU allege in this action that YOU claim is famous, identify all facts on which you base such claim.

## RESPONSE:

Games Workshop objects that this is a contention request best deferred until the conclusion of discovery.

Without prejudice to or waiver of the foregoing objections, Games Workshop is the largest and most successful tabletop fantasy wargames company in the world, with a following of millions of gamers and hobbyists devoted to collecting, creating, painting, and building armies for use in Games Workshop's popular WARHAMMER and WARHAMMER 40,000 war games. The various characters, armies and accessories in the WARHAMMER 40,000 universe have distinct names, colors, symbols, and other characteristics by which the game is known and by which it is immediately recognized by the many fans and followers of the game  Games

Workshop has very substantial annual sales of products bearing its WARHAMMER and WARHAMMER 40,000 marks, with annual sales in this country alone of approximately $40 million, and Games Workshop invests considerable sums each year in marketing and promoting these brands and in developing new products under these brand names.  Games Workshop has thereby built up substantial goodwill and reputation in the marks WARHAMMER, WARHAMMER 40,000 marks, which it uses in connection with its tabletop games and miniatures and accessories for such games  Deliberate copying of these symbols by parties such as Chapterhouse also confirms that the subject marks are immediately recognizable – even when slightly modified such as by replacing the specific blood raven symbol with a more generic raven symbol used in the context of the game.

### INTERROGATORY NO. 20:

Separately for each mark YOU allege in this action that YOU claim is famous, identify the total volume of sales and gross revenue for each product or service offered under the mark.

### RESPONSE:

Pursuant to Fed. R.Civ.P. Rule 33(d), Games Workshop has produced documents responsive to this request.

### INTERROGATORY NO. 21:

Separately for each document YOU produced within the Bates range GW0000001 - GW0002506, identify (a) the Bates range that comprises the entire document; (b) the name or title of the entire document; (c) the work or works YOU identified in YOUR response to Defendant's Interrogatories Nos. 1 and 2, for which YOU claim the document is an exemplar; and (d) all Chapterhouse products that YOU allege infringe any work for which the document is an exemplar.

### RESPONSE:

Games Workshop objects that this request is overbroad and unduly burdensome and seeks information beyond that contemplated by the Federal Rules.  Games Workshop further

objects that this request is needlessly cumulative and repetitive of Interrogatories 1 and 2.

Games Workshop refers Chapterhouse to its responses thereto.

## INTERROGATORY NO. 22:

For each person who authored any portion of the copyrighted material YOU claim Chapterhouse has infringed, provide that person's (a) dates of employment by Plaintiff; (b) job title or titles during any time YOU employed the person; and (c) most recent contact information if the person is no longer employed by Plaintiff.

## RESPONSE:

Games Workshop objects that this request is overbroad and unduly burdensome and

seeks beyond that contemplated by the Federal Rules. The request also seeks personal

information that is confidential. Games Workshop further objects that this request is needlessly

cumulative and repetitive of prior discovery requests. Games Workshop refers Chapterhouse to

its responses thereto.


Dated: March 2, 2012            Respectfully submitted,


By:    /s/ Jonathan E. Moskin
          Jonathan E. Moskin

        Scott R. Kaspar (Ill. Bar No. 6284921)
        Aaron J. Weinzierl (Ill. Bar No. 6294055)
        FOLEY & LARDNER LLP
        321 North Clark Street, Suite 2800
        Chicago, IL 60654
        Telephone: (312) 832-4500
        Facsimile: (312) 832-4700
        Email: skaspar@foley.com; aweinzierl@foley.com

        Jonathan E. Moskin
        FOLEY & LARDNER LLP
        90 Park Avenue
        New York, NY 10016
        Telephone: (212) 682-7474
        Facsimile: (212) 687-3229
        Email: jmoskin@foley.com

*Attorneys for Games Workshop Limited*

## <u>CERTIFICATE OF SERVICE</u>

I, Scott R. Kaspar, an attorney, hereby certify that on March 2, 2012, I caused a copy of the foregoing GAMES WORKSHOP LIMITED'S SUPPLEMENTAL RESPONSE TO INTERROGATORIES SET FOUR to be served on the interested parties by causing copies of this document to be served on the following *via* U.S. Mail in a sealed envelope with the postage prepaid to the following:

> Jennifer A. Golinveaux, Esq.
> Thomas J. Kearney, Esq.
> WINSTON & STRAWN LLP
> 101 California Street
> San Francisco, CA 94111
> jgolinveaux@winston.com
> tkearney@winston.com
> jcdonaldson@winston.com
>
> Eric J. Mersmann, Esq.
> WINSTON & STRAWN LLP
> 35 West Wacker Drive
> Chicago, IL 60601
> cdiggins@winston.com
> emersmann@winston.com

                                            /s/ Scott R. Kaspar

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAMES WORKSHOP LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>CHAPTERHOUSE STUDIOS LLC and JON<br>PAULSON d/b/a PAULSON GAMES<br><br>Defendants. | Civil Action No. 1:10-cv-08103<br><br>Hon. Matthew F. Kennelly<br>Hon. Jeffrey T. Gilbert |

## CERTIFICATION

Pursuant to the Court's instructions entered at the February 23, 2012 hearing, as Plaintiff Games Workshop Ltd. understands Defendant Chapterhouse Studios LLC's Requests for Production, Sets 1-6, to which it has responded and agreed to produce documents, Games Workshop hereby certifies, to the best of its knowledge and information, that it is not aware of any additional relevant documents that it has not produced responsive to said requests. Games Workshop is aware of its continuing discovery obligations (including a duty to respond to additional discovery requests recently served by Defendant) and to the extent Games Workshop discovers additional responsive documents, it will promptly produce any such documents.

Dated: March 2, 2012               Respectfully submitted,


By:   /s/  Jonathan E. Moskin        

Scott R. Kaspar (Ill. Bar No. 6284921)
Aaron J. Weinzierl (Ill. Bar No. 6294055)
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654
Telephone: (312) 832-4500
Facsimile: (312) 832-4700
Email: skaspar@foley.com;
aweinzierl@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

*Attorneys for Plaintiff Games Workshop Limited*

## <u>CERTIFICATE OF SERVICE</u>

I, Scott R. Kaspar, an attorney, hereby certify that on March 2, 2012, I caused to be filed electronically the foregoing CERTIFICATION with the Clerk of the Court using the CM/ECF system, which will send an electronic copy of the foregoing to counsel of record and constitutes service under Federal Rule of Civil Procedure 5(b)(2)(D) pursuant to Local Rule 5.9 of the Northern District of Illinois.

/s/ Scott R. Kaspar

4834-0113-6142.1