Exhibit 34

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

GAMES WORKSHOP LIMITED,

         Plaintiff,

   v.

CHAPTERHOUSE STUDIOS LLC and JON
PAULSON d/b/a PAULSON GAMES

         Defendants.

Civil Action No. 1:10-cv-8103

Hon. Matthew F. Kennelly
Hon. Jeffrey T. Gilbert

## OBJECTIONS TO TESTIMONIAL SUBPOENA TO
## GAMES WORKSHOP RETAIL, INC.

### GENERAL OBJECTIONS

1.  Games Workshop Retail, Inc., whose place of business is in Memphis Tennessee, objects that, Games Workshop Retail has no witnesses in this jurisdiction or within 100 miles of this jurisdiction with any knowledge responsive to this subpoena.

2.  Games Workshop Retail, Inc. further objects that these requests are rendered vague and ambiguous because they are consistently addressed to the wrong party, as Games Workshop Retail lacks knowledge or information concerning the creation of or enforcement of rights in the subject works, including concerning this action.

3.  For the above reasons and for those reasons set forth below, the subpoena imposes an undue burden and expense on Games Workshop Retail, contrary to Rule 45(c)(1).

### RESPONSES

1.  Contracts, agreements, licenses, permissions, rights, and/or releases between YOU and any other party, including without limitation Plaintiff, to use Plaintiff's intellectual property or to develop works based upon Plaintiff's Intellectual Property, including records or correspondence maintained by you that would reflect this information.

4819-9701-0702.1

**RESPONSE:**

Games Workshop Retail objects that this category is vague and ambiguous. Games

Workshop Retail has no license or other similar agreement with Games Workshop Limited and is

not involved in the development of its intellectual property. To the extent this category is meant

to include routine commercial transactions that happen to involve products incorporating Games

Workshop Limited's intellectual property, which is not clear on the face of the request, this

category is overbroad and encompasses matters that are irrelevant and not likely to lead to the

discovery of admissible evidence. Such information is also confidential.

2.      The design, creation, or authorship of any of Plaintiff's works, including without limitation any documents concerning chain of title of such works; any design guidelines, concept art or reference given to any artist, designer, writer, model painter, sculptor or other author or creator for use in creating works relating to Warhammer or Warhammer 40,000; and the nature of such documents.

**RESPONSE:**

Games Workshop Retail objects that it does not possess information responsive to this

request. *See* General Objections 1 - 3.

3.      The publication (as publication is defined under United States copyright law at 17 U.S.C. § 101), release schedule, and printer or manufacturer of any of the graphical, printed or sculptural works Plaintiff claims in this Action, including without limitation the works identified in the Second Amended Complaint and Plaintiff's Exhibit A, and the following works:

- Necroumunda Rulebook 1995
- Warhammer 40,000 Eldar 2006
- Warhammer 40,000 Tau Empire, 2001
- Warhammer 40,000 Tau Empire, 2005
- Warhammer 40,000 Space Wolves, 2000
- Warhammer 40,000 Space Wolves, 2009
- Warhammer 40,000 rule book (editions 1 through 5);
- Space Marine Collectors' Guide (editions 1 and 2);
- Warhammer 40,000 Tyranids (editions 1 through 5);
- Warhammer 40,000 Space Marines (editions 1 through 4);
- Warhammer 40,000 Dark Angels (editions 1 through 3);
- Warhammer 40,000 Chaos Space Marines (editions 1 through 4);

- Warhammer Orks, 1994
- Imperial Guard Collectors Guide 2003
- Warhammer 40,000 Wargear, 2005
- Warhammer 40,000 Apocalypse 2007
- Index Astartes;
- Index Astartes II;
- Index Astartes III;
- Index Astartes IV;
- The Horus Heresy Collected Visions;
- The Art of Warhammer 40,000;
- White Dwarf Magazine 249;
- How to Paint Space Marines;
- Soul Drinker;
- The Soul Drinkers Omnibus;
- Brothers of the Snake;
- Games Workshop Complete Catalog & Hobby Reference 2006-2007.

and including records of correspondence maintained by YOU that would reflect this information.

## RESPONSE:

Games Workshop Retail objects that this request is vague and ambiguous, as Games Workshop retail is not responsible for the publication of the subject works within the meaning of 17 U.S.C. § 101 or for formulating release schedules. Games Workshop Retail further objects that the names of printers or manufacturers are not relevant, and although the place of printing is typically disclosed on the works themselves, Games Workshop Retail would not, at any rate, have reason to know the names of the printers or manufacturers. Games Workshop Retail is not involved in the manufacturing or printing process; nor is there any issue in this case concerning in the manufacturing or printing process, including without limitation for the "Games Workshop Complete Catalog & Hobby Reference 2006- 2007" or possible local content in White Dwarf Magazine 249, the only publications in which it had any role. *See* General Objections 1 - 3.

4.      The development, design, and creation of works relating to Warhammer or Warhammer 40,000, including without limitation the identity of any natural persons involved in such development, design and creation, whether they are currently YOUR employees or were YOUR employees at the time of creation of the work, and the records of correspondence

maintained by you that would reflect this information.

**RESPONSE:**

Games Workshop Retail objects that it is not involved in the development, design, and creation of works relating to Warhammer or Warhammer 40,000 and thus is unable to identify a witness to testify concerning the subject.

5. The employment, contractual or other relationship between you and any natural person involved in the development, design, and creation of works relating to Warhammer or Warhammer 40,000, and the records of correspondence maintained by you that would reflect this information.

**RESPONSE:**

Games Workshop Retail objects that it is not involved in the development, design, and creation of works relating to Warhammer or Warhammer 40,000 and thus is unable to identify a witness to testify concerning the subject.

6. The employment, contractual or other relationship between you and any natural person involved in the development, design, and creation of Plaintiff's, and the records of correspondence maintained by you that would reflect this information.

**RESPONSE:**

Games Workshop Retail objects that it is not involved in the development, design, and creation of works relating to Plaintiff's works and thus is unable to identify a witness to testify concerning the subject.

7. The sources of works manufactured, sold or distributed by you, including but not limited to submission, acceptance, and publication process for works created or authored in whole or in part by Games Workshop employees, any contractual agreements regarding copyrights with parties providing or submitting such material, and the records of correspondence maintained by you that would reflect this information.

**RESPONSE:**

Games Workshop Retail objects that it is not involved in the development, design, and creation of works relating to Warhammer or Warhammer 40,000 and thus is unable to

identify a witness to testify concerning the subject. As Games Workshop Limited previously has advised, because Games Workshop does not use any submissions in creating its works, there are no contractual or other arrangements with parties who make submissions to White Dwarf of photographs or the like of their individual painted miniatures.

8.　　How Plaintiff's trademarks are used, licensed and enforced by you and when each was first used in commerce both in the United States.

**RESPONSE:**

Games Workshop Retail objects that this request is vague and ambiguous as it does not know what is meant by how Plaintiff's trademarks are "used" and Games Workshop is not involved in the process of determining how the subject trademarks are used. Games Workshop Retail further objects that it is not involved in licensing or enforcement of Plaintiff's trademarks and that the final clause is incomplete, thus rendering it impossible to know what is meant by "use in commerce *both* in the United States".

9.　　The corporate formation, corporate organization, directors, officers, staff, employees, personnel and consultants, of YOU, Plaintiff, or any of YOUR affiliates, parents or related companies, and any documents relating to such information.

**RESPONSE:**

Games Workshop Retail objects that its incorporation and the names of all of its officers, directors, employees, consultants, etc. are irrelevant, particularly as none of these individuals is responsible for creating the subject works or any other matters at issue in this action. *See* General Objection 3.

10.　　YOUR total gross revenues, expenses and annual profits from Plaintiff's Intellectual Property and each of the works Plaintiff claims in this Action for the past 5 years and the records that would reflect this information.

**RESPONSE:**

Games Workshop Retail objects that it does not maintain sales records in this format, other than gross revenues. As a result this request is vague and ambiguous. The request also seeks confidential information *See* General Objections 1 - 3.

      11     Your communications with or concerning Nick Villacci, Defendant, Defendant's products, Defendant's designers, or this Action and records or correspondence maintained by YOU that would reflect this information.

**RESPONSE:**

Games Workshop Retail objects that it has no information concerning this subject matter thus is unable to identify a witness to testify concerning the subject. *See* General Objections 1 - 3.

      12.     YOUR current and past relationship to Sabertooth Games, including without limitation any ownership interest, executive position, or board membership in Sabertooth Games held by YOU or YOUR officers, directors, employees or agents; YOUR ownership or licensing of any copyrights, trademarks or other intellectual property owned by or developed for Sabertooth Games; and all records of correspondence maintained by you that would reflect this information.

**RESPONSE:**

Games Workshop Retail objects that it has no information concerning this subject matter thus is unable to identify a witness to testify concerning the subject. *See* General Objections 1 - 3.

      13.     YOUR policies regarding storage or archiving of paper documents and tangible things.

**RESPONSE:**

Games Workshop Retail objects that, given the fact that it has virtually no records even colorably within the scope of this subpoena or the document subpoena served on December 28, 2011, this request concerns subject matter that is irrelevant and is needlessly burdensome. The request also seeks confidential information. *See* General Objections 1 - 3.

      14.     YOUR computer network architecture, including without limitation 1) the

name, identity, and contents of any file servers, shared hard drives, or other file storage; and 20 file-naming and storage conventions, including disk or tape labeling conventions.

**RESPONSE:**

Games Workshop Retail objects that, given the fact that it has virtually no records even colorably within the scope of this subpoena or the document subpoena served on December 28, 2011, this request concerns subject matter that is irrelevant and is needlessly burdensome. The request also seeks confidential information. *See* General Objections 1 - 3.

16.      YOUR email system, including without limitation the software and hardware that YOU use for email and any centralized storage or administration of email.

**RESPONSE:**

Games Workshop Retail objects that, given the fact that it has virtually no records even colorably within the scope of this subpoena or the document subpoena served on December 28, 2011, this request concerns subject matter that is irrelevant and is needlessly burdensome. The request also seeks confidential information. *See* General Objections 1 - 3.

17.      YOUR policies relating to employee use of company computers, data and other technology.

**RESPONSE:**

Games Workshop Retail objects that, given the fact that it has virtually no records even colorably within the scope of this subpoena or the document subpoena served on December 28, 2011, this request concerns subject matter that is irrelevant and is needlessly burdensome. The request also seeks confidential information. *See* General Objections 1 - 3.

18.      YOUR actions to identify, preserve and collect documents and things relevant to this Action, or responsive to the subpoena served on you dated December 27, 2011 or to discovery requests in this Action.

**RESPONSE:**

Games Workshop Retail objects that, given the fact that it has virtually no records even

colorably within the scope of this subpoena or the document subpoena served on December 28, 2011, this request concerns subject matter that is irrelevant and is needlessly burdensome. The request also seeks confidential information. *See* General Objections 1 - 3.

Dated: January 31, 2012         Respectfully submitted,

By:     /s/ Jonathan E. Moskin             

Scott R. Kaspar (Ill. Bar No. 6284921)
Aaron J. Weinzierl (Ill. Bar No. 6294055)
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654
Telephone: (312) 832-4500
Facsimile: (312) 832-4700
Email: skaspar@foley.com; aweinzierl@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

*Attorneys for Games Workshop Retail, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I, Scott R. Kaspar, an attorney, hereby certify that on January 31, 2012, I caused a

copy of the foregoing GAMES WORKSHOP RETAIL INC.'S RESPONSE TO SUBPOENA to

be served on the interested parties by causing copies of this document to be served on the

following *via* U.S. Mail in a sealed envelope with the postage prepaid to the following:

Jennifer A. Golinveaux, Esq.
Thomas J. Kearney, Esq.
J. Caleb Donaldson, Esq.
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
jgolinveaux@winston.com
tkearney@winston.com
jcdonaldson@winston.com

Catherine B. Diggins, Esq.
Eric J. Mersmann, Esq.
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
cdiggins@winston.com
emersmann@winston.com

/s/ Scott R. Kaspar

# Exhibit 35

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| GAMES WORKSHOP LIMITED,<br><br>                    Plaintiff,<br><br>      v.<br><br>CHAPTERHOUSE STUDIOS LLC and JON<br>PAULSON d/b/a PAULSON GAMES<br><br>                    Defendants. | Civil Action No. 1:10-cv-8103 |

## PLAINTIFF'S AMENDED RESPONSES TO CHAPTERHOUSE STUDIOS'
## FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. Rule 26 (a)(1), , Pursuant to Fed.R.Civ.P. Rule 33, plaintiff, Games Workshop Limited ("Games Workshop") responds as follows to the First Set of Interrogatories of Defendant Chapterhouse Studios LLC ("Chapterhouse"), served by email on April 1, 2011.

### INTERROGATORIES

#### INTERROGATORY NO. 1:

Identify each infringement of your copyrights for which you claim Chapterhouse is liable, by identifying (a) the copyright infringed; (b) the allegedly infringing product or products; (c) the exclusive right or rights of the copyright owner, as set forth in 17 U.S.C. Section 106, that you claim has been infringed; and (d) the specific conduct that constitutes the infringement.

#### RESPONSE

Games Workshop objects that this interrogatory is a premature contention request and that, as set forth in the complaint herein, calls for production of information in the possession of

1

defendant. Games Workshops' characters and story-lines for its Warhammer and Warhammer 40,000 series of works are present in a vast number of works authored by Games Workshop, and only defendant knows which of the foregoing works (including the twenty works identified in the complaint) defendant accessed and consulted as inspiration for his 106 works in issue.

Without prejudice to or waiver of the foregoing objections, (a) Games Workshop has identified the following as works to which it believes Chapterhouse likely had access: Warhammer 40,000 rule book (editions one through five); Space Marine Collectors' Guide (editions one and two); Warhammer 40,000 Tyranids (editions one through five); Warhammer 40,000 Space Marines (editions one through four); Warhammer 40,000 Dark Angels (editions one through three); Warhammer 40,000 Chaos Space Marines (editions one through four); Index Astartes II, January 2002; Index Astartes III, February 2004; Index Astartes IV, June 2005; The Horus Heresy Collected Visions, June 2007; The Art of Warhammer 40,000, January 2006; White Dwarf Magazine 249, September 2000; How to Paint Space Marines, April 2005; Soul Drinkers, September 2002; Games Workshop Complete Catalog & Hobby Reference 2006-2007; (b) Games Workshop believes all 106 of Chapterhouse's products incorporate and its entire website collecting and presenting the same incorporate elements copied from Games Workshop's copyrighted works; (c) Games Workshop contends that Chapterhouse has, without limitation, reproduced copies of the copyrighted works, has prepare derivative works based upon the copyrighted works and has distribute copies thereof to the public by sale or other transfer of ownership; and (d) Games Workshop contends that Chapterhouse has infringed its copyright by copying, producing, manufacturing and selling the subject goods.

Pursuant to Fed. R. Civ. P. Rule 33(d), Games Workshop will produce documents responsive to this request identifying the authors and dates of first publication of the foregoing

NYC_1119884

works, as well as Registration No. TX0006541286, "Games Workshop Complete Catalog &

Hobby Reference 2006-2007". Games Workshop further confirms that it is the sole owner of

each of the foregoing works, none of which is licensed for use by third parties in the United

States.

Attached hereto as Exhibit A is a summary of Games Workshop's current understanding

of at least some of the likely sources of Chapterhouse's works in issue.

## INTERROGATORY NO. 2:

For each of the one hundred and six Chapterhouse products that you allege infringes your

copyrights, identify (a) each of your copyrights that you allege the product infringes; (b) the

exclusive right or rights of the copyright owner, as set forth in 17 U.S.C. Section 106, that you

claim has been infringed; and (c) the specific conduct that constitutes the infringement.

## RESPONSE

Games Workshop objects that this interrogatory is needlessly cumulative and repetitive

of Interrogatory 1.

Without prejudice to or waiver of the foregoing objections, Games Workshop

incorporates by reference herein its responses to the foregoing Interrogatory No. 1.

Dated:     June 15, 2011                    Respectfully submitted,

By: _____
                                           Scott R. Kaspar

                                           Scott R. Kaspar  (IL Bar No. 6284921)
                                           Aaron J. Weinzierl (IL Bar No. 6294055)
                                           FOLEY & LARDNER LLP
                                           321 North Clark Street, Suite 2800
                                           Chicago, Illinois 60654
                                           Telephone:  (312) 832-4500
                                           Facsimile:  (312) 832-4700
                                           Email:  skaspar@foley.com; aweinzierl@foley.com

3                                                    NYC_1119884

Jonathan E. Moskin (*pro hac vice*)
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

*Attorneys for Plaintiff Games Workshop Limited*

4

NYC_1119884

## CERTIFICATE OF SERVICE

I, Scott R. Kaspar, an attorney, hereby certify that on June 15, 2011, I caused a copy of the foregoing **PLAINTIFF'S AMENDED RESPONSES TO CHAPTERHOUSE STUDIOS' FIRST SET OF INTERROGATORIES** to be served on the interested parties by causing copies of this document to be served *via* United States Mail in a sealed envelope with the postage prepaid to the following:

Jennifer A. Golinveaux, Esq.
Thomas J. Kearney, Esq.
J. Caleb Donaldson, Esq.
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
jgolinveaux@winston.com
tkearney@winston.com
jcdonaldson@winston.com

Catherine B. Diggins, Esq.
Eric J. Mersmann, Esq.
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
cdiggins@winston.com
emersmann@winston.com

Ronald H. Spuhler
Ronald A. DiCerbo
Thomas J. Campbell Jr.
MCANDREWS, HELD & MALLOY LTD.
500 W. Madison Street – 34th Floor
Chicago, IL 60061

_____
Scott R. Kaspar

NYC_1119884

# Exhibit 36

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GAMES WORKSHOP LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:10-cv-08103 |
| v. | ) | |
| | ) | |
| CHAPTERHOUSE STUDIOS LLC and JON | ) | |
| PAULSON d/b/a PAULSON GAMES, | ) | |
| | ) | Judge Matthew F. Kennelly |
| Defendants. | ) | |

**DEFENDANT CHAPTERHOUSE STUDIOS LLC'S**
**INTERROGATORIES TO GAMES WORKSHOP LIMITED SET TWO**

PROPOUNDING PARTY:      DEFENDANT CHAPTERHOUSE STUDIOS LLC

RESPONDING PARTY:       PLAINTIFF GAMES WORKSHOP LIMITED

SET:                    TWO

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Chapterhouse Studios LLC requests that Plaintiff Games Workshop Limited respond to the interrogatories below, within thirty (30) days of the date of service.

**INSTRUCTIONS**

1.      In answering these interrogatories, furnish all information, including information contained in or on any document, that is known or available to you, including all information in the possession of your attorneys or other persons acting on your behalf or under your attorneys' employment or direction.

2.      For any information that is withheld on claim of privilege or other legal protection, state the basis for the claim, and without revealing information itself privileged or protected, describe the nature of the information sufficiently to enable Chapterhouse to assess the applicability of the claim. Include the identity of each person whom you believe has knowledge of such information.

3.      If you cannot answer the interrogatory fully and completely after exercising due diligence to make inquiries and secure information necessary to do so, so state, and answer the interrogatory to the full extent you deem possible, specify the portion of the interrogatory that you claim you are unable to answer fully and completely; and state what knowledge, information and belief you have concerning the unanswered portion of the interrogatory.

4.      The obligation to respond to this interrogatory is continuing and requires further answer and amendment from now until the time of hearing or trial, as provided by Federal Rule of Civil Procedure 26(e).

## **DEFINITIONS**

1.      The terms "YOU" or "YOUR" refer to Plaintiff Games Workshop Limited and includes any persons controlled by or acting on behalf of that entity, including without limitation all past and present officers, directors, agents, employees, contractors, agents, licensees, attorneys, predecessors, subsidiaries, parent companies (including without limitation Games Workshop Group PLC), sister companies, or affiliated companies, persons or entities acting in joint venture or partnership relationships with YOU and any others acting on their behalf and/or pursuant to their authority or control.

2.      The terms "YOUR WORK" or "YOUR WORKS" refer to literary, pictorial, graphic, sculptural, or other works, as well as characters, in which YOU claim copyright.

3.      The term "Chapterhouse" refers to Defendant Chapterhouse Studios LLC as well as any officers, directors, employees, and authorized representatives.

4.      The words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of the interrogatory.

5.      The words "any," "all," and "each," shall be construed to include any, all, and each.

6.      As used herein, the term "identify" requires the following information:

2

(a)     With respect to a natural person, provide: full name; any aliases; present or last known business address, telephone number, and email address; occupation and business position or title held; present or last known U.S. residence address, telephone number, and email address (or, if not a U.S. resident, present foreign residence address, telephone number, and email address and last known U.S. residence address).

(b)     With respect to an entity (corporation, company, partnership, joint venture or other entity which is not a natural person), provide: full name; place of incorporation or organization (if any); street address of principal place of business; and principal telephone number.

(c)     With respect to a "copyright," identify the work and specify whether it is textual, graphical, sculptural, a character or other; the author; the date of creation; the current owner; any current exclusive licensee; the U.S. copyright registration or application number if any; and if the work is multi-pages, the specific page of the work alleged to be infringed.

(d)     With respect to a trademark, specify the mark and any United States state or federal application or registration; provide the date of its first use in commerce in the United States and abroad; state the description of the goods or services over which YOU claim rights to the mark; and provide the Bates-number range of an example of the use of the mark in commerce as called for in Chapterhouse's Request for Production No. 7.

(e)     With respect to a "litigation," identify the full case name; the case number; all parties to the litigation; the country, court, state, and district in which the case was filed; whether the case is pending or concluded, and if concluded, how it was concluded (e.g. settlement, pretrial motion, trial).

## INTERROGATORIES

**INTERROGATORY NO. 3:**

Identify each trademark YOU claim Chapterhouse infringes and specify the nature of each alleged infringement, including without limitation where and how Chapterhouse infringes each mark.

**INTERROGATORY NO. 4:**

Identify each and every instance in which anyone has expressed any confusion or question as to the association or affiliation between Chapterhouse Studios or its products and Games Workshop or its products, including without limitation by identifying the persons involved, the date, and the substance of anything communicated.

**INTERROGATORY NO. 5:**

Separately for each copyright that YOU claim Chapterhouse infringes, identify (a) each natural or corporate person who is the author, creator, or designer, or who contributed to the authorship, creation, or design, of the work for which YOU claim copyright protection; (b) the nature of each such person's contribution to the work for which YOU claim copyright, including without limitation whether such person was the author or a joint author of the work; (c) the period of time during which each such person was engaged in such authorship, creation, or design; and (d) the place or places where such authorship, creation, or design was undertaken. If the author of any work for which YOU claim copyright protection is unknown, so state.

**INTERROGATORY NO. 6:**

Set forth all sources on which YOU relied in connection with the selection of each of the marks, product names, designations or identifying information for each of YOUR WORKS that YOU claim Chapterhouse infringes.

**INTERROGATORY NO. 7:**

Identify the persons most knowledgeable concerning the facts and circumstances relating to the creation, sources of information, or development, for each of YOUR WORKS that YOU claim Chapterhouse infringes, specifying the nature of their knowledge.

**INTERROGATORY NO. 8:**

Identify the persons most knowledgeable concerning the facts and circumstances relating to the publication, marketing, advertising, and/or sale, for each of YOUR WORKS that YOU claim Chapterhouse infringes, specifying the nature of their knowledge.

**INTERROGATORY NO. 9:**

Separately for each copyright that YOU claim Chapterhouse infringes, identify any and all sources consulted, used, reviewed or relied on by YOU or YOUR agents in creating such works.

**INTERROGATORY NO. 10:**

Identify all distributors and all channels of distribution used by YOU to market or sell any and all products whose copyright YOU claim Chapterhouse infringes. If such channels of distribution include retail stores, identify all such retail stores by name, location, and state the quantity of each such product sold at each such retail store on an annual basis for each of the last ten years; if such channels include direct sales to the public, identify the type of channel (including without limitation if it is a website or a catalogue or sale at a convention or tournament) and state the quantity of each such product sold directly to the public.

**INTERROGATORY NO. 12:**

Describe in detail each instance in which any person has questioned or disputed YOUR rights, ownership, co-ownership, or control of any of YOUR WORKS that YOU claim Chapterhouse infringes.

**INTERROGATORY NO. 13:**

Describe in detail, including a quantification, all actual damages YOU claim to have suffered as a result of the infringement YOU allege in this case.

**INTERROGATORY NO. 14:**

Separately for each work that YOU claim Chapterhouse infringes, state on an annual basis for the past ten (10) years (a) YOUR gross revenues generated from sales of the work; and

(b) YOUR gross and net profit generated from sales of the work and how such profit was calculated.

**INTERROGATORY NO. 15:**

Identify each person who participated in any way in the preparation of the responses to these interrogatories and state specifically with reference to interrogatory numbers the area or areas of participation of each such person.

Dated:  June 3, 2011

Respectfully submitted,

CHAPTERHOUSE STUDIOS LLC

By:   _____

Jennifer Golinveaux (CA Bar No. 203056)
J. Caleb Donaldson (CA Bar No. 257271)
Thomas J. Kearney (CA Bar No. 267087)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA  94111-5802
Phone: (415) 591-1000
Fax: (415) 591-1400
jgolinveaux@winston.com
jcdonaldson@winston.com
tkearney@winston.com

Eric Mersmann (IL Bar No. 6286859)
Catherine B. Diggins (IL Bar No. 6296237)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-1695
Phone: (312) 558-5600
Fax: (312) 558-5700
emersmann@winston.com
cdiggins@winston.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2011, I provided service of

DEFENDANT CHAPTERHOUSE STUDIOS LLC'S INTERROGATORIES TO

GAMES WORKSHOP LIMITED SET TWO

to the person or persons listed below by the following means: Hand Delivery and Email.

Scott R. Kaspar
Aaron J. Weinzierl
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: 312.832.4500
Facsimile: 312.832.4700
Email: skaspar@foley.com;
aweinzierl@foley.com

Jonathan E. Moskin (VIA U.S. MAIL)
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com


Signature: _Catherine Diggins_                    Date: June 3, 2011

Name _Catherine Diggins_

# Exhibit 37

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GAMES WORKSHOP LIMITED,<br><br>     Plaintiff,<br><br>     v.<br><br>CHAPTERHOUSE STUDIOS LLC and JON<br>PAULSON d/b/a PAULSON GAMES<br><br>     Defendants. | Civil Action No. 1:10-cv-08103<br><br>Hon. Matthew F. Kennelly<br>Hon. Jeffrey T. Gilbert |

## PLAINTIFF GAMES WORKSHOP STUDIOS LLC'S RESPONSE TO INTERROGATORIES TO GAMES WORKSHOP LIMITED SET TWO

Pursuant to Fed.R.Civ.P. Rules 26 and 34, Games Workshop responds as follows to the First

Request For Production of Documents of Defendant Chapterhouse Studios LLC.

### GENERAL OBJECTIONS

1.  Games Workshop will produce electronically stored information in a format

mutually agreed upon among counsel, or as otherwise appropriate.

2.  Games Workshop objects that the definition of the term "identify" is overbroad

and unduly burdensome and entails the multiplication of numerous individual interrogatories

into multiple separate sub-parts.

### INTERROGATORIES

### INTERROGATORY NO. 3:

Identify each trademark YOU claim Chapterhouse infringes and specify the nature of

each alleged infringement, including without limitation where and how Chapterhouse infringes each mark.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the terms "nature of each alleged infringement".

Without prejudice to or waiver of the foregoing objections, Games Workshop identifies the following marks: "GAMES WORKSHOP", "GW", "WARHAMMER", "WARHAMMER 40,000", "40K", "40,000", "SPACE MARINE", "ELDAR", "ELDAR JETBIKE", "ELDAR WARLOCK", "ELDAR SEER COUNCIL", "DARK ANGELS", "TAU", "TYRANID", "CHAOS", "ADEPTUS MECHANICUS", "ALPHA LEGION", "SOUL DRINKERS", "IRON SNAKES", "IRON HANDS", "LUNA WOLVES", "IMPERIAL FIST", "DEATH WATCH", "TERVIGON", "BLOOD RAVENS", "BLACK TEMPLARS", "LEGION OF THE DAMNED", "SALAMANDERS", "MELTA GUN", "CARNIFEX", "CRIMSON FISTS", "FLESH TEARERS", "BLOOD ANGELS", "DEATH WATCH", "CELESTIAL LIONS", "ELDAR FARSEER", "THOUSAND SONS", "HORUS HERESY", "TERMAGANTS", "GENESTEALER" "ASSAULT MARINES", "DEVASTATOR MARINES", "TACTICAL MARINES", "NECRON", "DROP POD", "CHAPLAIN", "EMPIRE", "FORGEWORLD", "EXORCIST", "HIGH ELF", "HIVE TYRANT", "HEAVY BOLTER", "INQUISITION", "RHINO", "LAND SPEEDER", "MK II ARMOUR", "MK V ARMOUR", "LAND RAIDER", "SPACE WOLVES", "STORM SHIELD", LIGHTNING CLAW" and "Aquila Design".

Chapterhouse infringes the above marks by making unauthorized use of the same without authorization or consent of Games Workshop on and in connection with its products and its

website.

**INTERROGATORY NO. 4:**

Identify each and every instance in which anyone has expressed any confusion or question as to the association or affiliation between Chapterhouse Studios or its products and Games Workshop or its products, including without limitation by identifying the persons involved, the date, and the substance of anything communicated.

**RESPONSE:**

Games Workshop will produce documents responsive to this request pursuant to Fed.R.Civ.P. Rule 33(d).

**INTERROGATORY NO. 5:**

Separately for each copyright that YOU claim Chapterhouse infringes, identify (a) each natural or corporate person who is the author, creator, or designer, or who contributed to the authorship, creation, or design, of the work for which YOU claim copyright protection; (b) the nature of each such person's contribution to the work for which YOU claim copyright, including without limitation whether such person was the author or a joint author of the work; (c) the period of time during which each such person was engaged in such authorship, creation, or design; and (d) the place or places where such authorship, creation, or design was undertaken. If the author of any work for which YOU claim copyright protection is unknown, so state.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome given the needs of the case, given that Games Workshop is the owner of each of the copyrighted works at issue in the case and no issue has been raised as to its ownership or creation of any given work. Games Workshop also objects that this request is needlessly cumulative and repetitive of

Chapterhouse's Interrogatory No. 1.

## INTERROGATORY NO. 6:

Set forth all sources on which YOU relied in connection with the selection of each of the marks, product names, designations or identifying information for each of YOUR WORKS that YOU claim Chapterhouse infringes.

## RESPONSE:

Games Workshop objects that this request is overbroad and unduly burdensome given the needs of the case, and given the length of time since Games Workshop adopted the subject marks, and appears to be based on a mistake of law that originality is relevant to trademark ownership. Games Workshop further objects that there no issue has been raised in this action that Games Workshop has infringed any rights of Chapterhouse in selecting the names and trademarks in issue, and Chapterhouse admits Games Workshop owns all of the subject marks. Nor is there any issue in this action that Games Workshop has infringed any rights of any third parties in selecting such names, and any such defense would be an impermissible *jus tertii* defense.

## INTERROGATORY NO. 7:

Identify the persons most knowledgeable concerning the facts and circumstances relating to the creation, sources of information, or development, for each of YOUR WORKS that YOU claim Chapterhouse infringes, specifying the nature of their knowledge.

## RESPONSE:

Games Workshop objects that this request is overbroad and unduly burdensome given the needs of the case, given that Games Workshop is the owner of each of the copyrighted works at

issue in the case and no issue has been raised as to its ownership or creation of any given work.

Without prejudice to or waiver of the foregoing objections, Games Workshop identifies Jeremy Goodwin, Creative Lead for Miniatures.

**INTERROGATORY NO. 8:**

Identify the persons most knowledgeable concerning the facts and circumstances relating to the publication, marketing, advertising, and/or sale, for each of YOUR WORKS that YOU claim Chapterhouse infringes, specifying the nature of their knowledge.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the nature of the information concerning publication, marketing, advertising, and/or sale at issue and the geographic territory in issue.

Without prejudice to or waiver of the foregoing objections, Games Workshop identifies Ed Spettigue, Head of Sales Support.

**INTERROGATORY NO. 9:**

Separately for each copyright that YOU claim Chapterhouse infringes, identify any and all sources consulted, used, reviewed or relied on by YOU or YOUR agents in creating such works.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome given the needs of the case, given that Games Workshop is the owner of each of the copyrighted works at issue in the case and no issue has been raised as to its ownership or creation of any given work. This request is also needlessly cumulative and repetitive of Interrogatories 5 and 7.

**INTERROGATORY NO. 10:**

Identify all distributors and all channels of distribution used by YOU to market or sell any and all products whose copyright YOU claim Chapterhouse infringes. If such channels of distribution include retail stores, identify all such retail stores by name, location, and state the quantity of each such product sold at each such retail store on an annual basis for each of the last ten years; if such channels include direct sales to the public, identify the type of channel (including without limitation if it is a website or a catalogue or sale at a convention or tournament) and state the quantity of each such product sold directly to the public.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous, overbroad and unduly burdensome given the needs of the case. The request also seeks information that is confidential.

Without prejudice to or waiver of the foregoing objections, Games Workshop sells copyrighted products at issue on the Internet, at special events and in retail stores. Subject to entry of a protective order, Games Workshop, pursuant to Fed.R.Civ.P. Rule 33(d), Games Workshop will produce a document summarizing sales.

**INTERROGATORY NO. 12:**

Describe in detail each instance in which any person has questioned or disputed YOUR rights, ownership, co-ownership, or control of any of YOUR WORKS that YOU claim Chapterhouse infringes.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop is not aware of any such claims.

**INTERROGATORY NO. 13:**

Describe in detail, including a quantification, all actual damages YOU claim to have suffered as a result of the infringement YOU allege in this case.

**RESPONSE:**

Games Workshop objects that this request is a contention interrogatory best deferred to the close of discovery, including receipt of discovery from Chapterhouse regarding its sales.

**INTERROGATORY NO. 14:**

Separately for each work that YOU claim Chapterhouse infringes, state on an annual basis for the past ten (10) years (a) YOUR gross revenues generated from sales of the work; and (b) YOUR gross and net profit generated from sales of the work and how such profit was calculated.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous, overbroad and unduly burdensome given the needs of the case. The request also seeks information that is confidential. Games Workshop further objects that this request is needlessly cumulative and repetitive of Interrogatory 10.

Without prejudice to or waiver of the foregoing objections, subject to entry of a protective order, Games Workshop, pursuant to Fed.R.Civ.P. Rule 33(d), Games Workshop will produce a document summarizing sales.

**INTERROGATORY NO. 15:**

Identify each person who participated in any way in the preparation of the responses to these interrogatories and state specifically with reference to interrogatory numbers the area or areas of participation of each such person.

**RESPONSE**:

Games Workshop objects that, without regard to relevance, this request seeks information protected by the attorney-client privilege and work-product immunity.

Dated: July 5, 2011

Respectfully submitted,

By: _____
    Jonathan E. Moskin

Scott R. Kaspar (Ill. Bar No. 6284921)
Aaron J. Weinzierl (Ill. Bar No. 6294055)
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654
Telephone: (312) 832-4500
Facsimile: (312) 832-4700
Email: skaspar@foley.com; aweinzierl@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

*Attorneys for Plaintiff Games Workshop Limited*

## CERTIFICATE OF SERVICE

I, Jonathan E. Moskin, an attorney, hereby certify that on July 5, 2011, I caused a

copy of the foregoing **PLAINTIFF GAMES WORKSHOP STUDIOS LLC'S RESPONSE**

**TO INTERROGATORIES TO GAMES WORKSHOP LIMITED SET TWO** to be served

on the interested parties by causing copies of this document to be served on the following *via*

United States Mail in a sealed envelope with the postage prepaid and *via* electronic mail to the

following:

Jennifer A. Golinveaux, Esq.
Thomas J. Kearney, Esq.
J. Caleb Donaldson, Esq.
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
jgolinveaux@winston.com
tkearney@winston.com
jcdonaldson@winston.com

Catherine B. Diggins, Esq.
Eric J. Mersmann, Esq.
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
cdiggins@winston.com
emersmann@winston.com

     and

Ronald H. Spuhler
Ronald A. DiCerbo
Thomas J. Campbell Jr.
MCANDREWS, HELD & MALLOY LTD.
500 W. Madison Street – 34th Floor
Chicago, IL 60061

_____
Jonathan E. Moskin