# Exhibit 40

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GAMES WORKSHOP LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:10-cv-08103 |
| v. | ) | |
| | ) | |
| CHAPTERHOUSE STUDIOS LLC and JON | ) | |
| PAULSON d/b/a PAULSON GAMES, | ) | |
| | ) | Judge Matthew F. Kennelly |
| Defendants. | ) | |

**DEFENDANT CHAPTERHOUSE STUDIOS LLC'S
INTERROGATORIES TO GAMES WORKSHOP LIMITED SET FOUR**

PROPOUNDING PARTY:     DEFENDANT CHAPTERHOUSE STUDIOS LLC

RESPONDING PARTY:     PLAINTIFF GAMES WORKSHOP LIMITED

SET:     FOUR

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Chapterhouse Studios LLC requests that Plaintiff Games Workshop Limited respond to the interrogatories below, within thirty (30) days of the date of service.

## INSTRUCTIONS

1.     In answering these interrogatories, furnish all information, including information contained in or on any document, that is known or available to you, including all information in the possession of your attorneys or other persons acting on your behalf or under your attorneys' employment or direction.

2.     For any information that is withheld on claim of privilege or other legal protection, state the basis for the claim, and without revealing information itself privileged or protected, describe the nature of the information sufficiently to enable Chapterhouse to assess the applicability of the claim. Include the identity of each person whom you believe has knowledge of such information.

3.      If you cannot answer the interrogatory fully and completely after exercising due diligence to make inquiries and secure information necessary to do so, so state, and answer the interrogatory to the full extent you deem possible, specify the portion of the interrogatory that you claim you are unable to answer fully and completely; and state what knowledge, information and belief you have concerning the unanswered portion of the interrogatory.

4.      The obligation to respond to this interrogatory is continuing and requires further answer and amendment from now until the time of hearing or trial, as provided by Federal Rule of Civil Procedure 26(e).

## DEFINITIONS

1.      The terms "YOU" or "YOUR" refer to Plaintiff Games Workshop Limited and includes any persons controlled by or acting on behalf of that entity, including without limitation all past and present officers, directors, agents, employees, contractors, agents, licensees, attorneys, predecessors, subsidiaries, parent companies (including without limitation Games Workshop Group PLC), sister companies, or affiliated companies, persons or entities acting in joint venture or partnership relationships with YOU and any others acting on their behalf and/or pursuant to their authority or control.

2.      The terms "YOUR WORK" or "YOUR WORKS" refer to literary, pictorial, graphic, sculptural, or other works, as well as characters, in which YOU claim copyright.

3.      The term "Chapterhouse" refers to Defendant Chapterhouse Studios LLC as well as any officers, directors, employees, and authorized representatives.

4.      The words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of the interrogatory.

5.      The words "any," "all," and "each," shall be construed to include any, all, and each.

6.      The term "First Amended Complaint" means the First Amended Complaint filed by YOU in this action.

2

7.    As used herein, the term "identify" requires the following information:

    (a)    With respect to a natural person, provide:  full name; any aliases; present or last known business address, telephone number, and email address; occupation and business position or title held; present or last known U.S. residence address, telephone number, and email address (or, if not a U.S. resident, present foreign residence address, telephone number, and email address and last known U.S. residence address).

    (b)    With respect to an entity (corporation, company, partnership, joint venture or other entity which is not a natural person), provide: full name; place of incorporation or organization (if any); street address of principal place of business; and principal telephone number.

    (c)    With respect to a copyright, identify the work and specify whether it is textual, graphical, sculptural, a character or other; the author; the date of creation; the current owner; any current exclusive licensee; the U.S. copyright registration or application number if any; and if the work is multi-pages, the specific page of the work alleged to be infringed.

    (d)    With respect to a trademark, specify the mark and any United States state or federal application or registration; provide the date of its first use in commerce in the United States and abroad; state the description of the goods or services over which YOU claim rights to the mark; and provide the Bates-number range of an example of the use of the mark in commerce as called for in Chapterhouse's Request for Production No. 7.

    (e)    With respect to a litigation, identify the full case name; the case number; all parties to the litigation; the country, court, state, and district in which the case was filed; whether the case is pending or concluded, and if concluded, how it was concluded (e.g. settlement, pretrial motion, trial).'

3

(f)    With respect to a location, identify the street address if any; the city; the state, if any; and the country.

**(g)**    With respect to an advertising medium, identify the medium, including without limitation whether such distribution channel is a retail store or stores, a magazine or other publication, a catalogue, a mailing, email, or the Internet; the name; and the business address.  If the advertising medium is a print publication, identify the name and business address of the publisher.  If the advertising medium is a website or other Internet publication, state the URL or other unique identifying information of such website or Internet publication.

## INTERROGATORIES

**INTERROGATORY NO. 18:**

Separately for each mark YOU allege in this action, provide the date of first "use in commerce" of the mark (as that term is defined in 15 U.S.C. § 1127) by you in the U.S., and the nature of such use.

**INTERROGATORY NO. 19:**

Separately for each mark YOU allege in this action that YOU claim is famous, identify all facts on which you base such claim.

**INTERROGATORY NO. 20:**

Separately for each mark YOU allege in this action that YOU claim is famous, identify the total volume of sales and gross revenue for each product or service offered under the mark.

**INTERROGATORY NO. 21:**

Separately for each document YOU produced within the Bates range GW0000001 – GW0002506, identify (a) the Bates range that comprises the entire document; (b) the name or title of the entire document; (c) the work or works YOU identified in YOUR response to Defendant's Interrogatories Nos. 1 and 2, for which YOU claim the document is an exemplar; and (d) all Chapterhouse products that YOU allege infringe any work for which the document is an

exemplar.

**INTERROGATORY NO. 22:**

For each person who authored any portion of the copyrighted material YOU claim

Chapterhouse has infringed, provide that person's (a) dates of employment by Plaintiff; (b) job

title or titles during any time YOU employed the person; and (c) most recent contact information

if the person is no longer employed by Plaintiff.


Dated:  January 6, 2012                     Respectfully submitted,
                                            CHAPTERHOUSE STUDIOS LLC

                                    By:     _____
                                            Jennifer Golinveaux (CA Bar No. 203056)
                                            Dean A. Morehous (CA Bar No. 111841)
                                            J. Caleb Donaldson (CA Bar No. 257271)
                                            Thomas J. Kearney (CA Bar No. 267087)
                                            WINSTON & STRAWN LLP
                                            101 California Street
                                            San Francisco, CA  94111-5802
                                            Phone: (415) 591-1000
                                            Fax: (415) 591-1400
                                            jgolinveaux@winston.com
                                            amorehous@winston.com
                                            jcdonaldson@winston.com
                                            tkearney@winston.com

                                            Eric Mersmann (IL Bar No. 6286859)
                                            WINSTON & STRAWN LLP
                                            35 West Wacker Drive
                                            Chicago, IL 60601-1695
                                            Phone: (312) 558-5600
                                            Fax: (312) 558-5700
                                            emersmann@winston.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2012, I provided service of

DEFENDANT CHAPTERHOUSE STUDIOS LLC'S INTERROGATORIES TO

GAMES WORKSHOP LIMITED SET FOUR

to the person or persons listed below by the following means: Personal service.

Scott R. Kaspar
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: 312.832.4500
Facsimile: 312.832.4700

Email: skaspar@foley.com

Signature: _____     Date:  January ___, 2012

Name        _____

SF:325766.3

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2012 I provided service of

DEFENDANT CHAPTERHOUSE STUDIOS LLC'S INTERROGATORIES TO GAMES

WORKSHOP LIMITED SET FOUR

to the person or persons listed below by the following means: U.S. Mail.

Scott R. Kaspar
Aaron J. Weinzierl
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: 312.832.4500
Facsimile: 312.832.4700
Email: skaspar@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Telephone: 212.682.7474
Facsimile: 212.687-2329
Email: jmoskin@foley.com

Signature: _____        Date:   January 6, 2012
Name:        LISA SCHUH

# Exhibit 41

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GAMES WORKSHOP LIMITED, | |
| Plaintiff, | Civil Action No. 1:10-cv-8103 |
| v. | Hon. Matthew F. Kennelly |
| CHAPTERHOUSE STUDIOS LLC and JON PAULSON d/b/a PAULSON GAMES | Hon. Jeffrey T. Gilbert |
| Defendants. | |

**PLAINTIFF GAMES WORKSHOP LIMITED'S SUPPLEMENTAL RESPONSE TO DEFENDANT CHAPTERHOUSE STUDIOS LLC'S INTERROGATORIES SET FOUR**

Pursuant to Fed.R.Civ.P. Rules 26 and 33, Games Workshop responds as follows to the Fourth Set Interrogatories of Defendant Chapterhouse Studios LLC.

**GENERAL OBJECTIONS**

1. Games Workshop will produce electronically stored information in a format mutually agreed upon among counsel, or as otherwise appropriate.

2. Games Workshop objects that the definition of the term "identify" is overbroad and unduly burdensome and entails the multiplication of numerous individual interrogatories into multiple separate sub-parts.

**INTERROGATORIES**

**INTERROGATORY NO. 18:**

Separately for each mark YOU allege in this action, provide the date of first "use in commerce" of the mark (as that term is defined in 15 U.S.C. § 1127) by you in the U.S., and the nature of such use.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not

likely to lead to the discovery of admissible evidence insofar as Chapterhouse does not purport to claim priority of use over Games Workshop with respect to any of its marks in issue. As a result the request is also overbroad and unduly burdensome.

Without prejudice to or waiver of the foregoing objections, pursuant to Fed. R. Civ. P. Rule 33(d), Games Workshop has produced and/or will produce documents responsive to this request, ***including the actual packaging of the sculptural works bearing copyright dates of first publication and has produced copies of its literary works bearing the dates of first publication and sale. Moreover, Games Workshop has produced records from the United States Trademark Office for all of its registered marks in issue demonstrating the dates of first use or constructive first use and the accompanying deposit materials.***

## INTERROGATORY NO. 19:

Separately for each mark YOU allege in this action that YOU claim is famous, identify all facts on which you base such claim.

## RESPONSE:

Games Workshop objects that this is a contention request best deferred until the conclusion of discovery.

Without prejudice to or waiver of the foregoing objections, Games Workshop is the largest and most successful tabletop fantasy wargames company in the world, with a following of millions of gamers and hobbyists devoted to collecting, creating, painting, and building armies for use in Games Workshop's popular WARHAMMER and WARHAMMER 40,000 war games. The various characters, armies and accessories in the WARHAMMER 40,000 universe have distinct names, colors, symbols, and other characteristics by which the game is known and by which it is immediately recognized by the many fans and followers of the game  Games

Workshop has very substantial annual sales of products bearing its WARHAMMER and

WARHAMMER 40,000 marks, with annual sales in this country alone of approximately $40

million, and Games Workshop invests considerable sums each year in marketing and promoting

these brands and in developing new products under these brand names. Games Workshop has

thereby built up substantial goodwill and reputation in the marks WARHAMMER,

WARHAMMER 40,000 marks, which it uses in connection with its tabletop games and

miniatures and accessories for such games Deliberate copying of these symbols by parties such

as Chapterhouse also confirms that the subject marks are immediately recognizable – even when

slightly modified such as by replacing the specific blood raven symbol with a more generic raven

symbol used in the context of the game.

## INTERROGATORY NO. 20:

Separately for each mark YOU allege in this action that YOU claim is famous, identify the total
volume of sales and gross revenue for each product or service offered under the mark.

## RESPONSE:

Pursuant to Fed. R.Civ.P. Rule 33(d), Games Workshop has produced documents

responsive to this request.

## INTERROGATORY NO. 21:

Separately for each document YOU produced within the Bates range GW0000001 -
GW0002506, identify (a) the Bates range that comprises the entire document; (b) the name or
title of the entire document; (c) the work or works YOU identified in YOUR response to
Defendant's Interrogatories Nos. 1 and 2, for which YOU claim the document is an exemplar;
and (d) all Chapterhouse products that YOU allege infringe any work for which the document is
an exemplar.

## RESPONSE:

Games Workshop objects that this request is overbroad and unduly burdensome and

seeks information beyond that contemplated by the Federal Rules. Games Workshop further

objects that this request is needlessly cumulative and repetitive of Interrogatories 1 and 2.

Games Workshop refers Chapterhouse to its responses thereto.

**INTERROGATORY NO. 22:**

For each person who authored any portion of the copyrighted material YOU claim Chapterhouse has infringed, provide that person's (a) dates of employment by Plaintiff; (b) job title or titles during any time YOU employed the person; and (c) most recent contact information if the person is no longer employed by Plaintiff.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome and

seeks beyond that contemplated by the Federal Rules. The request also seeks personal

information that is confidential. Games Workshop further objects that this request is needlessly

cumulative and repetitive of prior discovery requests. Games Workshop refers Chapterhouse to

its responses thereto.


Dated: March 2, 2012                    Respectfully submitted,


                                        By:    /s/ Jonathan E. Moskin
                                               Jonathan E. Moskin

                                        Scott R. Kaspar (Ill. Bar No. 6284921)
                                        Aaron J. Weinzierl (Ill. Bar No. 6294055)
                                        FOLEY & LARDNER LLP
                                        321 North Clark Street, Suite 2800
                                        Chicago, IL 60654
                                        Telephone: (312) 832-4500
                                        Facsimile: (312) 832-4700
                                        Email: skaspar@foley.com; aweinzierl@foley.com

                                        Jonathan E. Moskin
                                        FOLEY & LARDNER LLP
                                        90 Park Avenue
                                        New York, NY 10016
                                        Telephone: (212) 682-7474
                                        Facsimile: (212) 687-3229
                                        Email: jmoskin@foley.com

*Attorneys for Games Workshop Limited*

## CERTIFICATE OF SERVICE

I, Scott R. Kaspar, an attorney, hereby certify that on March 2, 2012, I caused a

copy of the foregoing GAMES WORKSHOP LIMITED'S SUPPLEMENTAL RESPONSE TO

INTERROGATORIES SET FOUR to be served on the interested parties by causing copies of

this document to be served on the following *via* U.S. Mail in a sealed envelope with the postage

prepaid to the following:

> Jennifer A. Golinveaux, Esq.
> Thomas J. Kearney, Esq.
> WINSTON & STRAWN LLP
> 101 California Street
> San Francisco, CA 94111
> jgolinveaux@winston.com
> tkearney@winston.com
> jcdonaldson@winston.com
>
> Eric J. Mersmann, Esq.
> WINSTON & STRAWN LLP
> 35 West Wacker Drive
> Chicago, IL 60601
> cdiggins@winston.com
> emersmann@winston.com

　　　　　　　　　　　　　 /s/ Scott R. Kaspar

# Exhibit 42

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

GAMES WORKSHOP LIMITED,

            Plaintiff,

        v.

CHAPTERHOUSE STUDIOS LLC and JON
PAULSON d/b/a PAULSON GAMES

            Defendants.

Civil Action No. 1:10-cv-8103

Hon. Matthew F. Kennelly
Hon. Jeffrey T. Gilbert

**PLAINTIFF GAMES WORKSHOP LIMITED'S SECOND SUPPLEMENTAL RESPONSE
TO DEFENDANT CHAPTERHOUSE STUDIOS LLC'S INTERROGATORIES SET FOUR**

    Pursuant to Fed.R.Civ.P. Rules 26 and 33, Games Workshop responds as follows to the

Fourth Set Interrogatories of Defendant Chapterhouse Studios LLC.

**GENERAL OBJECTIONS**

    1. Games Workshop incorporates by reference the general objections in Games

Workshop Limited's Response and Supplemental Response to Defendant Chapterhouse Studios

LLC's Interrogatories Set Four.

**INTERROGATORIES**

**INTERROGATORY NO. 18:**

    Separately for each mark YOU allege in this action, provide the date of first "use in
commerce" of the mark (as that term is defined in 15 U.S.C. § 1127) by you in the U.S., and the
nature of such use.

**RESPONSE:**

    Games Workshop objects that this request seeks information that is irrelevant and not

likely to lead to the discovery of admissible evidence insofar as Chapterhouse does not purport to

claim priority of use over Games Workshop with respect to any of its marks in issue.  As a result

the request is also overbroad and unduly burdensome.

Without prejudice to or waiver of the foregoing objections, Games Workshop states that the following marks were used by Games Workshop to identify itself and its Warhammer 40K line of books, magazines, miniatures, boxed sets, and other similar merchandise. The nature of such use involved the use in commerce of the Mark in the United States through the sale of a book, magazine, miniature, boxed set, or other similar merchandise at least as early as the date specified.

| Mark | Date of first "use in commerce" in the U.S. at least as early as |
|------|------|
| Warhammer | 1983 |
| Warhammer 40K | 1987 |
| 40K | 1987 |
| 40,000 | 1987 |
| Games Workshop | 1981 |
| GW | 1981 |
| Space Marine | 1986 |
| Eldar | 1988 |
| Dark Angels | 1987 |
| Tau | 2001 |
| Aquila | 1987 |
| Adeptus Mechanicus | 1987 |
| Assault Alpha Legion | 1987 |
| Black Templars | 1993 |
| Blood Angels | 1997 |
| Blood Ravens | 2004 |
| Cadian | 1995 |
| Carnifex | 1993 |
| Chaos Space Marines | 1989 |
| Chaplain | 1987 |

| | |
|---|---|
| Chimera | 1995 |
| Crimson Fists | 1987 |
| Dark Angel | 1987 |
| Deathwatch | 2001 |
| Devestator | 1989 |
| Dreadnought | 1987 |
| Drop Pod | 1990 |
| Eldar | 1987 |
| Eldar Farseer | 1990 |
| Eldar Jet Bike | 1988 |
| Eldar Warlock | 1990 |
| Eldar Seer Council | 2000 |
| Empire | 1986 |
| Exorcist | 1989 |
| Flesh Tearers | 1987 |
| Gene Stealer | 1987 |
| Grenade Launcher | 1987 |
| Halberd | 1987 |
| Heavy Bolter | 1987 |
| Heresy Armour | 1991 |
| Hellhound | 1995 |
| High Elf | 1992 |
| Hive Tyrant | 1987 |
| Horus Heresy | 1988 |
| Howling Banshee | 1991 |
| Imperial Fist | 1991 |
| Imperial Guard | 1989 |
| Inquisition | 1987 |
| Iron Hands | 1987 |
| Jetbike | 1987 |
| Jump Pack | 1987 |

| | |
|---|---|
| Land Raider | 1987 |
| Land Speeder | 1987 |
| Legion of the Damned | 1988 |
| Librarian | 1989 |
| Lightning Claw | 1989 |
| Melta | 1987 |
| Mk II Armour | 1991 |
| Mk V Armour | 1991 |
| Plasma | 1987 |
| Predator | 1989 |
| Rhino | 1988 |
| Salamander | 1989 |
| Scorpion | 1991 |
| Soul Drinker | 2002 |
| Space Wolves | 1987 |
| Stormraven | 2009 |
| Storm Shield | 1989 |
| Tactical | 1989 |
| Techmarine | 1989 |
| Termagants | 1993 |
| Terminator | 1989 |
| Thousand Sons | 1988 |
| Thunder Hammer | 1989 |
| Tyrant | 1987 |
| Tyranid Warrior | 1987 |
| Skulls | 1987 |
| Wings (eagle wings, angel wings) | 1987 |
| Lions | 1993 |
| Griffon | 1989 |
| Triptychs | 2006 |
| Broadswords | 1987 |

| | |
|---|---|
| Skull with horns | 1989 |
| Storm bolter (gun) | 1989 |
| Sawblade with blood-drop | 1987 |
| Clenched first in a gauntlet | 1987 |
| Snakes | 2002 |
| Flaming skulls | 2007 |
| Flaming chalice | 1987 |
| Salamander | 1989 |
| Dragon/salamander scales pattern | 1989 |
| Tau Symbol | 2001 |
| Tau – Oval vents | 2001 |
| Tau – X marking on power/ammo packs | 2001 |
| Tau – circle with a diagonal line through it | 2001 |
| Tau – geometric groves | 2001 |
| Roman numerals (combined with) arrows | 1991 |
| X crosses and inverted V | 1995 |
| Cog | 1995 |
| Iron hands icon – gauntleted left hand shown palm downwards | 1987 |
| Overlapping/banded armour | 1991 |
| Wolf fur | 1989 |
| Wolf skulls | 1989 |
| Wolf tails | 1989 |
| Raven wings with blood drop in center | 1987 |

5

| I symbol (for Inquisition) | 1987 |
|---|---|
| Scarab beetles | 2004 |
| Spirit stones | 1991 |
| Eldar iconography/symbols (seer icons, etc.) | 1991 |
| Eldar – Spirit Stones | 1991 |
| Eldar – decorative gems on weapons | 1991 |

Dated: March 9, 2012           Respectfully submitted,

By:   /s/ Jonathan E. Moskin                              
        Jonathan E. Moskin

     Aaron J. Weinzierl (Ill. Bar No. 6294055)
     FOLEY & LARDNER LLP
     321 North Clark Street, Suite 2800
     Chicago, IL 60654
     Telephone:  (312) 832-4500
     Facsimile:  (312) 832-4700
     Email:  aweinzierl@foley.com

     Jonathan E. Moskin
     FOLEY & LARDNER LLP
     90 Park Avenue
     New York, NY 10016
     Telephone:  (212) 682-7474
     Facsimile:  (212) 687-3229
     Email:  jmoskin@foley.com

     *Attorneys for Games Workshop Limited*

## <u>CERTIFICATE OF SERVICE</u>

I, Jason J. Keener, an attorney, hereby certify that on March 9, 2012, I caused a

copy of the foregoing GAMES WORKSHOP LIMITED'S SECOND SUPPLEMENTAL

RESPONSE TO INTERROGATORIES SET FOUR to be served on the interested parties by

causing copies of this document to be served on the following *via* email to the following:

Jennifer A. Golinveaux, Esq.
Thomas J. Kearney, Esq.
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
jgolinveaux@winston.com
tkearney@winston.com
jcdonaldson@winston.com

Eric J. Mersmann, Esq.
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
cdiggins@winston.com
emersmann@winston.com

/s/ Jason J. Keener
Jason J. Keener

# Exhibit 43

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GAMES WORKSHOP LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>CHAPTERHOUSE STUDIOS LLC and JON<br>PAULSON d/b/a PAULSON GAMES<br><br>Defendants. | Civil Action No. 1:10-cv-8103<br><br>Hon. Matthew F. Kennelly<br>Hon. Jeffrey T. Gilbert |

**PLAINTIFF GAMES WORKSHOP LIMITED'S RESPONSE TO DEFENDANT**
**CHAPTERHOUSE STUDIOS LLC'S INTERROGATORIES SETS FIVE AND SIX**

Pursuant to Fed.R.Civ.P. Rules 26 and 33, Games Workshop responds as follows to the

Fourth Set Interrogatories of Defendant Chapterhouse Studios LLC.

**GENERAL OBJECTIONS**

1. Games Workshop will produce electronically stored information in a format mutually

agreed upon among counsel, or as otherwise appropriate.

2. Games Workshop objects that the definition of the term "identify" is overbroad and

unduly burdensome and entails the multiplication of numerous individual interrogatories into

multiple separate sub-parts.

3. Games Workshop objects that these interrogatories are in violation of Fed.R.Civ.P.

Rule 33(a)(1).

**INTERROGATORIES**

**INTERROGATORY NO. 11**

Separately for each of the ALLEGEDLY INFRINGED WORKS, including each such
work in EXHIBIT A, identify (a) the name or title of each of the ALLEGEDLY INFRINGED
WORKS; (b) the Bates number of each and every document YOU have produced or will produce

in the course of discovery in this action depicting that work; and (c) the Bates number of the best EXEMPLAR of that work.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome and is

needlessly cumulative and repetitive of prior requests, including Interrogatory No. 1. Pursuant to

Rule 33(d), Games Workshop has produced documents responsive to this request.

**INTERROGATORY NO. 24:**

Describe the nature of each employment agreement with the individual/s who created any part of each of the ALLEGEDLY INFRINGED WORKS, including without limitation, the identities of all parties to the agreement; the terms and conditions of the agreement; execution date; effective date and duration; allocation of any intellectual property rights; payment terms, including without limitation commissions, royalties, and payment schedules; payment of taxes; obligations, duties, and responsibilities for taxes; manner of execution; nature of memorialization, and the Bates numbers for each employment agreement.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome, seeks

information that is irrelevant and not likely to lead to the discovery of admissible evidence and is

needlessly cumulative and repetitive of prior requests. Without regard to relevance, the request

also seeks information that is confidential.

**INTERROGATORY NO. 25:**

For each of the ALLEGEDLY INFRINGED WORKS, identify the earliest recorded date that each such work was sold (a) in the United Kingdom and (b) in the United States; offered for sale (c) in the United Kingdom and (d) in the United States; and for each ALLEGEDLY INFRINGED WORK, identify the Bates Numbers for the documents YOU rely upon for those dates.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome, seeks

information that is irrelevant and not likely to lead to the discovery of admissible evidence and is

needlessly cumulative and repetitive of prior requests. Pursuant to Rule 33(d), Games Workshop

has produced documents responsive to this request.

## INTERROGATORY NO. 26:

For each natural person who created any part of the ALLEGEDLY INFRINGED WORKS, Jes Goodwin, Ed Spettigue, and Dave Thomas identify (a) for which individuals YOU paid payroll taxes, (b) which years YOU paid payroll taxes for those individuals, and (c) the Bates Numbers for the documents YOU relied upon to respond to this interrogatory.

## RESPONSE:

Games Workshop objects that this request is overbroad and unduly burdensome, seeks

information that is irrelevant and not likely to lead to the discovery of admissible evidence and is

needlessly cumulative and repetitive of prior requests. Without regard to relevance, the request

also seeks information that is confidential.

Dated: March 12, 2012                    Respectfully submitted,


By: ___/s/ Jonathan E. Moskin_____
        Jonathan E. Moskin

Scott R. Kaspar (Ill. Bar No. 6284921)
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654
Telephone: (312) 832-4500
Facsimile: (312) 832-4700
Email: skaspar@foley.com; aweinzierl@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

*Attorneys for Games Workshop Limited*

<u>**CERTIFICATE OF SERVICE**</u>

I, Jonathan E. Moskin, an attorney, hereby certify that on March 12, 2012, I

caused a copy of the foregoing GAMES WORKSHOP LIMITED'S RESPONSE TO

INTERROGATORIES SET FOUR to be served on the interested parties by causing copies of

this document to be served on the following *via* U.S. Mail in a sealed envelope with the postage

prepaid to the following:

>
> Jennifer A. Golinveaux, Esq.
> Thomas J. Kearney, Esq.
> J. Caleb Donaldson, Esq.
> WINSTON & STRAWN LLP
> 101 California Street
> San Francisco, CA 94111
> jgolinveaux@winston.com
> tkearney@winston.com
> jcdonaldson@winston.com
>
> Catherine B. Diggins, Esq.
> Eric J. Mersmann, Esq.
> WINSTON & STRAWN LLP
> 35 West Wacker Drive
> Chicago, IL 60601
> cdiggins@winston.com
> emersmann@winston.com
>
> and
>
> Ronald H. Spuhler
> Ronald A. DiCerbo
> Thomas J. Campbell Jr.
> MCANDREWS, HELD & MALLOY LTD.
> 500 W. Madison Street – 34th Floor
> Chicago, IL 60061

>
>                     ___/s/ Jonathan E. Moskin_____
>                          Jonathan E. Moskin

Exhibit 44

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| |
|---|
| GAMES WORKSHOP LIMITED, |
| |
| Plaintiff, |
| |
| v. |
| |
| CHAPTERHOUSE STUDIOS LLC and JON PAULSON d/b/a PAULSON GAMES |
| |
| Defendants. |

Civil Action No. 1:10-cv-8103

Hon. Matthew F. Kennelly
Hon. Jeffrey T. Gilbert

**PLAINTIFF GAMES WORKSHOP LIMITED'S SUPPLEMENTAL RESPONSE TO
DEFENDANT CHAPTERHOUSE STUDIOS LLC'S INTERROGATORY 22**

Pursuant to Fed.R.Civ.P. Rules 26 and 33, Games Workshop responds as follows to the

Fourth Set Interrogatories of Defendant Chapterhouse Studios LLC.

**GENERAL OBJECTIONS**

1. Games Workshop will produce electronically stored information in a format mutually

agreed upon among counsel, or as otherwise appropriate.

2. Games Workshop objects that the definition of the term "identify" is overbroad and

unduly burdensome and entails the multiplication of numerous individual interrogatories into

multiple separate sub-parts.

**INTERROGATORIES**

**INTERROGATORY NO. 22:**

For each person who authored any portion of the copyrighted material YOU claim
Chapterhouse has infringed, provide that person's (a) dates of employment by Plaintiff; (b) job
title or titles during any time YOU employed the person; and (c) most recent contact information
if the person is no longer employed by Plaintiff.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome and seeks beyond that contemplated by the Federal Rules. The request is also vague and ambiguous. The request further seeks personal information that is confidential. Games Workshop further objects that this request is needlessly cumulative and repetitive of prior discovery requests. Games Workshop refers Chapterhouse to its responses thereto.

Without prejudice to or waiver of the foregoing objections, Games Workshop identifies the following**:**

| Name | Dates of Employment | Job Title | Ex employee only – current contact details |
|------|---------------------|-----------|--------------------------------------------|
| Jes Goodwin | 01/05/1986 - present | Lead Miniatures Designer | n/a |
| Martin Footit | 02/09/1996 - present | Miniatures Designer | n/a |
| Dave Thomas | 23/09/2002 – present | Miniatures Designer | n/a |
| Will Hayes | 04/08/2003 – present | Model Designer | n/a |
| Phil Stutcinkas | 26/03/2007 – present | Model Designer | n/a |
| Juan Diaz Ramos | 01/08/1997 – present | Miniatures Designer | n/a |
| Simon Egan | 01/06/2004 – present | Model Designer | n/a |
| Mark Harrison | 01/06/1999 – present | Miniatures Designer | n/a |
| Tom *Watton (*Walton) | 27/06/2005 – present | Miniatures Designer | n/a |
| Bob Naismith | **Ex employee -no information** | | |
| Brian Nelson | 06/11/1995 - present | Miniatures Designer | n/a |
| Dave Andrews | 16/08/1984 - present | Lead Hobby Designer | n/a |
| Mike McVey | **Ex employee - no information** | | |
| Adrian Wild | **Ex employee - no information** | | |
| Dale Stringer | 03/09/2001 – present | Miniatures Designer | n/a |
| Mark Bedford | 10/03/1997 – present | Model Designer Supervisor | n/a |
| Neil Hodgson | 01/10/1991 - present | Established Graphic Artist | n/a |
| Paul Rudge | 13/09/2005 – present | Supervisor Layout / Graphics | n/a |
| Dave Gallagher | 12/12/1988 - present | Senior Illustrator | n/a |
| Karl Kopinski | 01/06/1999 – | Illustrator | **None** |

| | 08/02/2006 | | |
|---|---|---|---|
| Alex Boyd | 04/08/1997 – present | Established Illustrator | n/a |
| Paul Dainton | 06/12/1999 – present | Established Illustrator | n/a |
| Rachel (Nuala) Kinrade | 04/08/1997 – Present | Assistant Illustrator | n/a |
| Gary Chalk | **Ex employee – no information** | | |
| Adrian Smith | 01/12/2008 – 11/09/2009 | Established Illustrator | 07896067313 / Home: 01592562008 (however, these are the details that he gave to us when he started so they might be out of date) |
| John Blanche | 06/01/1984 - present | Creative Director | n/a |
| Alan Merrett | 09/01/1981 - present | Creative Director | n/a |
| Rick Priestley | 12/01/1982 – 10/29/2010 | Creative Director | Home: 01159 9831254 |
| Tim Adcock | Start date 02/02/1994 **Ex employee – no other information** | | |
| Wayne England | **Ex employee – no information** | | |

Dated: March 13, 2012         Respectfully submitted,


By:    /s/ Jonathan E. Moskin
       Jonathan E. Moskin

Scott R. Kaspar (Ill. Bar No. 6284921)
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654
Telephone:  (312) 832-4500
Facsimile:  (312) 832-4700
Email:  skaspar@foley.com; aweinzierl@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
Telephone:  (212) 682-7474
Facsimile:  (212) 687-3229
Email:  jmoskin@foley.com

*Attorneys for Games Workshop Limited*

## VERIFICATION

I, JACQUELINE DENNISON, declare:

On behalf of Games Workshop Ltd. I declare that I have read the foregoing

SUPPLEMENTAL RESPONSE TO CHAPTERHOUSE STUDIOS' INTERROGATORY NO.

22, and to the best of my knowledge and information the contents thereof are true.

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct to the best of my knowledge and information.

13 March, 2012

**CERTIFICATE OF SERVICE**

   I, Jason J. Keener, an attorney, hereby certify that on March 13, 2012, I caused a

copy of the foregoing GAMES WORKSHOP LIMITED'S SUPPLEMENTAL RESPONSE TO

INTERROGATORY NUMBER 22 to be served on the interested parties by causing copies of

this document to be served on the following *via* e-mail:

   Jennifer A. Golinveaux, Esq.
   Thomas J. Kearney, Esq.
   WINSTON & STRAWN LLP
   101 California Street
   San Francisco, CA 94111
   jgolinveaux@winston.com
   tkearney@winston.com
   jcdonaldson@winston.com

   Eric J. Mersmann, Esq.
   WINSTON & STRAWN LLP
   35 West Wacker Drive
   Chicago, IL 60601
   cdiggins@winston.com
   emersmann@winston.com

        /s/ Jason J. Keener
        Jason J. Keener

# Exhibit 45

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| |
|---|
| GAMES WORKSHOP LIMITED, |
| Plaintiff, |
| v. |
| CHAPTERHOUSE STUDIOS LLC and JON PAULSON d/b/a PAULSON GAMES |
| Defendants. |

Civil Action No. 1:10-cv-8103

Hon. Matthew F. Kennelly
Hon. Jeffrey T. Gilbert

## PLAINTIFF GAMES WORKSHOP LIMITED'S FURTHER SUPPLEMENTAL RESPONSE TO DEFENDANT CHAPTERHOUSE STUDIOS LLC'S INTERROGATORY 22

Pursuant to Fed.R.Civ.P. Rules 26 and 33, Games Workshop responds as follows to the Fourth Set Interrogatories of Defendant Chapterhouse Studios LLC.

### GENERAL OBJECTIONS

1. Games Workshop will produce electronically stored information in a format mutually agreed upon among counsel, or as otherwise appropriate.

2. Games Workshop objects that the definition of the term "identify" is overbroad and unduly burdensome and entails the multiplication of numerous individual interrogatories into multiple separate sub-parts.

### INTERROGATORIES

### INTERROGATORY NO. 22:

For each person who authored any portion of the copyrighted material YOU claim Chapterhouse has infringed, provide that person's (a) dates of employment by Plaintiff; (b) job title or titles during any time YOU employed the person; and (c) most recent contact information if the person is no longer employed by Plaintiff.

**RESPONSE**:

Games Workshop objects that this request is overbroad and unduly burdensome and seeks beyond that contemplated by the Federal Rules. The request is also vague and ambiguous. The request further seeks personal information that is confidential. Games Workshop further objects that this request is needlessly cumulative and repetitive of prior discovery requests. Games Workshop refers Chapterhouse to its responses thereto.

Without prejudice to or waiver of the foregoing objections, Games Workshop identifies the following:

| Name | Dates of Employment | Job Title | Ex employee only – current/last known contact details |
|------|---------------------|-----------|-------------------------------------------------------|
| Jes Goodwin | 01/05/1986 - present | Lead Miniatures Designer | n/a |
| Martin Footit | 02/09/1996 - present | Miniatures Designer | n/a |
| Dave Thomas | 23/09/2002 – present | Miniatures Designer | n/a |
| Will Hayes | 04/08/2003 – present | Model Designer | n/a |
| Phil Stutcinkas | 26/03/2007 – present | Model Designer | n/a |
| Juan Diaz Ramos | 01/08/1997 – present | Miniatures Designer | n/a |
| Simon Egan | 01/06/2004 – present | Model Designer | n/a |
| Mark Harrison | 01/06/1999 – present | Miniatures Designer | n/a |
| Tom *Watton (*Walton) | 27/06/2005 – present | Miniatures Designer | n/a |
| Bob Naismith | Ex employee -no information | Miniatures Designer | |
| Brian Nelson | 06/11/1995 - present | Miniatures Designer | n/a |
| Dave Andrews | 16/08/1984 - present | Lead Hobby Designer | n/a |
| Mike McVey | Ex employee - no information | Figure Painter | |
| Adrian Wild | Ex employee - no information | Illustrator | |
| Dale Stringer | 03/09/2001 – present | Miniatures Designer | n/a |
| Mark Bedford | 10/03/1997 – present | Model Designer Supervisor | n/a |
| Neil Hodgson | 01/10/1991 - present | Established Graphic Artist | n/a |
| Paul Rudge | 13/09/2005 – present | Supervisor Layout / Graphics | n/a |

| Dave Gallagher | 12/12/1988 - present | Senior Illustrator | n/a |
|---|---|---|---|
| Karl Kopinski | 01/06/1999 – 08/02/2006 | Illustrator | |
| Alex Boyd | 04/08/1997 – present | Established Illustrator | n/a |
| Paul Dainton | 06/12/1999 – present | Established Illustrator | n/a |
| Rachel (Nuala) Kinrade | 04/08/1997 – Present | Assistant Illustrator | n/a |
| Gary Chalk | Ex employee – no information | Illustrator | |
| Adrian Smith | 01/12/2008 – 11/09/2009 | Established Illustrator | 07896067313 / Home: 01592562008 |
| John Blanche | 06/01/1984 – present | Creative Director | n/a |
| Alan Merrett | 09/01/1981 – present | Creative Director | n/a |
| Rick Priestley | 12/01/1982 – 29/10/2010 | Creative Director | Home: 01159 9831254 |
| Tim Adcock | Start date 02/02/1994 Ex employee – no other information | Miniatures Designer | 158 Warmwells Lane, Mairehay, Ripley, Derbys. DE5 8JE |
| Wayne England | Ex employee – no information | Illustrator | |
| Adam Clark | 11/5/2001 – 12/13/2003 | Trainer; Miniatures Designer | 28A Forest Road West, Nottingham, NG7 4EQ |
| Alistair Morrison | 10/10/1983 – present | Senior Miniatures Designer | n/a |
| Des Hanley | Ex employee – no information | Illustrator | |

Dated: May 3, 2012               Respectfully submitted,

By:   /s/ Jonathan E. Moskin
            Jonathan E. Moskin

Scott R. Kaspar (Ill. Bar No. 6284921)
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654
Telephone:  (312) 832-4500
Facsimile:  (312) 832-4700
Email:  skaspar@foley.com; aweinzierl@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
Telephone:  (212) 682-7474
Facsimile:  (212) 687-3229
Email:  jmoskin@foley.com

*Attorneys for Games Workshop Limited*

## VERIFICATION

I, Jacqueline Dennison, declare:

On behalf of Games Workshop Ltd. I declare that I have read the foregoing

SUPPLEMENTAL RESPONSE TO CHAPTERHOUSE STUDIOS' INTERROGATORY NO.

22, and to the best of my knowledge and information the contents thereof are true.

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct to the best of my knowledge and information.

3 May, 2012

**CERTIFICATE OF SERVICE**

        I, Jason J. Keener, an attorney, hereby certify that on May 3, 2012, I caused a

copy of the foregoing GAMES WORKSHOP LIMITED'S SUPPLEMENTAL RESPONSE TO

INTERROGATORY NUMBER 22 to be served on the interested parties by causing copies of

this document to be served on the following *via* e-mail:

        Jennifer A. Golinveaux, Esq.
        Thomas J. Kearney, Esq.
        WINSTON & STRAWN LLP
        101 California Street
        San Francisco, CA 94111
        jgolinveaux@winston.com
        tkearney@winston.com
        jcdonaldson@winston.com

        Eric J. Mersmann, Esq.
        WINSTON & STRAWN LLP
        35 West Wacker Drive
        Chicago, IL 60601
        cdiggins@winston.com
        emersmann@winston.com

                              /s/ Jason J. Keener
                              Jason J. Keener

# Exhibit 46

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GAMES WORKSHOP LIMITED, | |
| Plaintiff, | |
| v. | Civil Action No. 1:10-cv-8103 |
| | Hon. Matthew F. Kennelly |
| CHAPTERHOUSE STUDIOS LLC and JON PAULSON d/b/a PAULSON GAMES | Hon. Jeffrey T. Gilbert |
| Defendants. | |

## GAMES WORKSHOP LTD.'S SEVENTH SET OF DOCUMENT REQUESTS TO CHAPTERHOUSE STUDIOS LLC (NOS. 33-35)

Plaintiff Games Workshop Limited ("Games Workshop"), by and through its counsel Foley & Lardner LLP, submits the following Requests for Production to be answered by Chapterhouse Studios LLC ("Chapterhouse"). Chapterhouse shall serve upon Games Workshop at the Chicago office of Foley & Lardner LLP sworn answers to the Requests for Production within thirty (30) days after the service hereof.

## DEFINITIONS AND INSTRUCTIONS

The Definitions and Instructions from Games Workshop's First Set of Document Requests are incorporated by reference herein. However, Games Workshop wishes to clarify that the definition of Chapterhouse, including its employees and agents, includes independent contractors and any documents or information in the possession of such individuals or entities.

1

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 33:**

All documents related to any compensation being provided to William F.M. Brewster or Gary K. Wolfe for the expert's study or testimony.

**REQUEST FOR PRODUCTION NO. 34:**

All documents that identify or contain any facts or data that were provided to William F.M. Brewster or Gary K. Wolfe and were considered by that expert in forming the opinions to be expressed.

**REQUEST FOR PRODUCTION NO. 35:**

All documents that contain or identify any assumptions that were provided to William F.M. Brewster or Gary K. Wolfe and were relied upon by the expert in forming the opinions to be expressed.

Dated: May 16, 2012    Respectfully submitted,

By:    /s/ Jason J. Keener

Jason J. Keener (Ill. Bar No. 6280337)
Aaron J. Weinzierl (Ill. Bar No. 6294055)
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone:  312.832.4500
Facsimile:  312.832.4700
Email:  jkeener@foley.com; aweinzierl@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Telephone:  (212) 682-7474
Facsimile:  (212) 687-3229
Email:  jmoskin@foley.com

*Attorneys for Plaintiff Games Workshop Limited*

4823-5332-1999.1

## <u>CERTIFICATE OF SERVICE</u>

I, Jason J. Keener, an attorney, hereby certify that on May 16, 2012, I caused a copy of

the foregoing **GAMES WORKSHOP LTD.'S SEVENTH SET OF DOCUMENT**

**REQUESTS TO CHAPTERHOUSE STUDIOS LLC (NOS. 33-35)** to be served on the

interested parties by causing copies of this document to be personally served on the following *via*

email on the following:

> Jennifer A. Golinveaux, Esq.
> Thomas J. Kearney, Esq.
> Winston & Strawn LLP
> 101 California Street
> San Francisco, CA 94111
> jgolinveaux@winston.com
> tkearney@winston.com

　_/s/ Jason J. Keener_____
　Jason J. Keener

4823-5332-1999.1

# Exhibit 47

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GAMES WORKSHOP LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:10-cv-08103 |
| v. | ) | |
| | ) | |
| CHAPTERHOUSE STUDIOS LLC and JON | ) | |
| PAULSON d/b/a PAULSON GAMES, | ) | |
| | ) | Judge Matthew F. Kennelly |
| Defendants. | ) | |

**DEFENDANT CHAPTERHOUSE STUDIOS LLC'S REQUEST FOR
PRODUCTION OF DOCUMENTS TO GAMES WORKSHOP LIMITED SET TWO**

PROPOUNDING PARTY:      DEFENDANT CHAPTERHOUSE STUDIOS LLC

RESPONDING PARTY:      PLAINTIFF GAMES WORKSHOP LIMITED

SET:      TWO

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Chapterhouse Studios

LLC requests that you produce for inspection and copying the documents and things listed below

thirty days from service of this request to the offices of Winston & Strawn LLP, 101 California

Street, Suite 3900, San Francisco, CA 94111-5894, or at another location mutually agreed upon

by both parties.

For the purpose of this request for production of documents and things, the following

instructions shall apply and the following terms will have the meaning indicated:

**INSTRUCTIONS**

1.      If you contend that any information, document, or thing otherwise called for by

any request is excluded from production or discovery, answer so much of the discovery request

as is not subject to the claimed objection and, for each document or thing:

    a.      State whether the item shall not be produced because:

        1)      It is claimed to be privileged; or

        2)      It once existed but can no longer be located; or

        3)      It has been lost; or

        4)      It has been destroyed; and

    b.      For any information that is withheld on claim of privilege or other legal protection, state the basis for the claim, and without revealing information itself privileged or protected, describe the nature of the information sufficiently to enable Chapterhouse to assess the applicability of the claim. Include the identity of each person whom you believe has knowledge of such information.

2.      In producing these documents and things, identify and produce for inspection and copying not only those documents and things in your custody, but all documents and things in the custody of your attorneys, consultants, agents, other representatives, and other persons or entities subject to your control.

3.      Complete production is to be made on the date and at the time indicated above. The inspection and copying will begin at that time and will continue from day to day thereafter until completed.

4.      Produce the original and all copies of each requested document and thing, as well as the file in which they are kept, including all copies which bear any additional file stamps, marginal notes, or other additional markings or writings that do not appear on the original.

5.      Produce electronically stored information in TIFF format, with a load file indicating document breaks and document families such as emails and their attachments, and with metadata. Metadata here includes original filename, filetype, name of author, date created,

and date last modified, for all documents for which such data is available. In addition, for email files, metadata includes the date and time of sending and/or receiving, the subject line of the email, the names of the author and all recipients in the to, from, cc, and bcc fields, to the extent known, and indications of the filenames and file-sizes of any attachments. When TIFF format would not be reasonably usable to Chapterhouse, Chapterhouse may insist on production of native form.

6.     Affix a Bates number to each thing produced and to each document page produced, whether the page is in paper, TIFF, or other format.

7.     You have a duty to supplement your response from now until the time of hearing or trial, as provided by Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

1.     The terms "You" or "Your" refer to Plaintiff Games Workshop Limited and include any persons controlled by or acting on behalf of that entity, including without limitation all past and present officers, directors, agents, employees, contractors, agents, licensees, attorneys, predecessors, subsidiaries, parent companies (including without limitation Games Workshop Group PLC), sister companies, or affiliated companies, persons or entities acting in joint venture or partnership relationships with You and any others acting on their behalf and/or pursuant to their authority or control.

2.     The term "Chapterhouse" refers to Defendant Chapterhouse Studios LLC as well as any officers, directors, employees, and authorized representatives.

3.     The term "document" is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34 and its interpretation by the courts, including originals, copies, drafts or other productions of any written, graphic or otherwise recorded

3

matter, however produced or reproduced, whether inscribed by hand, by computer or by mechanical, electronic, or photographic means.

4.      The term "concerning" means relating to, referring to, describing, reflecting, evidencing, constituting, or comprising.

5.      The terms "any," "all," and "each" shall be construed to include any, all, and each.

6.      The term "and" shall be construed to include "or" and vice versa and shall be the logical equivalent of "and/or."

7.      The use of the singular form of any word also includes the plural and vice versa.

8.      The term "First Amended Complaint" refers to the First Amended Complaint You filed in this action on March 21, 2011.

## REQUESTS FOR PRODUCTION

2.      All documents concerning the design, creation, or authorship of the copyrighted works You claim in this action.

3.      For each person identified in Your response to Interrogatory No. 5, all documents constituting, evidencing, or relating to any employment agreement, contract, memorandum of understanding, or other statement of terms and conditions, for all periods of time during which such person was engaged in the authorship, creation, or design of any work for which You claim copyright protection.

4.      All documents constituting the chain of title for all copyrights You claim in this action.

5.      All certificates of copyright registration for copyrighted works You claim in this action.

4

6. All documents concerning Chapterhouse or its products.

7. One exemplar of the use in commerce in the United States of each of the marks You claim in this action.

8. All documents concerning trademark availability research, investigation, and searches relating to trademarks You claim in this action.

9. All surveys, studies, or other documents relating to market (or prospective market) impressions of, reactions to, or attitude by a consumer or consumers towards the trademarks You claim in this action.

10. All documents reflecting or relating to communications concerning confusion about the source of Chapterhouse's products, or between You or any of Your products and Chapterhouse or any of its products.

11. Specimens of first use in U.S. commerce for each of the marks You claim in this action.

12. All documents concerning the use by others of any of the marks You claim in this action.

13. All documents concerning measures You have taken to enforce trademark rights in any of the trademarks You claim in this action, including, without limitation, all communications with third parties regarding those rights.

14. All documents concerning claims that any of the works in which You claim copyright in this action infringes third party rights.

15. All documents constituting, comprising, evidencing, or referring to assignments, licenses, the "purchasing of rights," or other transfers of copyrights or trademarks You claim in this action.

16.     All documents evidencing or constituting the terms of Your agreements with distributors of Your products.

17.     All documents concerning Your assertion of any of the copyrights You claim in this action, against any party that designs, authors, manufactures, sells, or distributes material (such as gaming miniatures, models, add-on parts or accessories for same, as well as written matter such as rulebooks or codexes) for use with Your Warhammer 40,000 game.

18.     All documents concerning allegations that You have falsely claimed copyright rights or exclusivity of copyright rights.

19.     All documents concerning allegations that You have falsely claimed trademark rights or exclusivity of trademark rights.

20.     All documents concerning Your rules or policies, including but not limited to legal policies appearing on Your websites, regarding use of Your copyrights or trademarks by third parties.

21.     All documents constituting organization charts of Games Workshop Limited, including without limitation its officers, directors, employees, subsidiaries, parent companies (including without limitation Games Workshop Group PLC), sister companies, and affiliated companies.

22.     All documents supporting Your allegations in the First Amended Complaint that the product You refer to as "Super Heavy Assault Walker," "Super-Heavy Assault Walker," and "TAU Super-Heavy Assault Walker," was "designed and licensed for Chapterhouse by Paulson Games" (First Amended Complaint ¶ 28), or that it was "designed at least in part by Paulson Games" (First Amended Complaint ¶¶ 30, 31)

23. All documents concerning Your plans to market copyrighted works claimed by You in this action, including without limitation any and all products that are derivative works of such copyrighted works, whether such products are currently existing or planned for the future.

24. All documents that evidence, refer to, or discuss any damages or harm, including without limitation monetary damage, You claim to have suffered, or to be likely to suffer, as a result of Chapterhouse's alleged infringements and violations as set forth in Your First Amended Complaint.

25. Documents sufficient to identify Your total annual profits, related to each copyrighted work claimed by You in this action, for each of the past ten (10) years.

26. Documents sufficient to identify Your total annual revenues related to each copyrighted work claimed by You in this action, for each of the past ten (10) years.

27. Documents sufficient to identify Your total annual expenses related to each copyrighted work claimed by You in this action, for each of the past ten (10) years.

28. All documents concerning allegations of copyright infringement asserted against You.

29. All documents concerning allegations of trademark infringement asserted against You.

30. All documents concerning the Star Fox Space Marine Chapter referenced in Exhibit A to Your Response to Chapterhouse's Interrogatory No. 1.

31. All documents evidencing, referring or relating to any and all statements by Chapterhouse that are allegedly false and misleading, as set forth in paragraphs 78 through 80 of the First Amended Complaint.

32.     All documents evidencing, referring or relating to any and all business practices

of Chapterhouse that are allegedly unfair and deceptive, as set forth in paragraphs 86 through 89

of the First Amended Complaint.

33.     All documents evidencing, referring or relating to any and all representations of

material fact by Chapterhouse that are allegedly false and deceptive, as set forth in paragraphs 87

through 89 of the First Amended Complaint.


Dated: June 3, 2011                              Respectfully submitted,

                                                 CHAPTERHOUSE STUDIOS LLC

                                        By:      _____
                                                 Jennifer Golinveaux (CA Bar No. 203056)
                                                 J. Caleb Donaldson (CA Bar No. 257271)
                                                 Thomas J. Kearney (CA Bar No. 267087)
                                                 WINSTON & STRAWN LLP
                                                 101 California Street
                                                 San Francisco, CA 94111-5802
                                                 Phone: (415) 591-1000
                                                 Fax: (415) 591-1400
                                                 Email: jgolinveaux@winston.com
                                                 jcdonaldson@winston.com
                                                 tkearney@winston.com

                                                 Eric Mersmann (IL Bar No. 6286859)
                                                 Catherine B. Diggins (IL Bar No. 6296237)
                                                 WINSTON & STRAWN LLP
                                                 35 West Wacker Drive
                                                 Chicago, IL 60601-1695
                                                 Phone: (312) 558-5600
                                                 Fax: (312) 558-5700
                                                 Email: emersmann@winston.com
                                                 cdiggins@winston.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2011, I provided service of

DEFENDANT CHAPTERHOUSE STUDIOS LLC'S REQUEST FOR
PRODUCTION OF DOCUMENTS TO GAMES WORKSHOP LIMITED
SET TWO

to the person or persons listed below by the following means: Hand Delivery and Email.

Scott R. Kaspar
Aaron J. Weinzierl
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: 312.832.4500
Facsimile: 312.832.4700
Email: skaspar@foley.com;
aweinzierl@foley.com

Jonathan E. Moskin (VIA U.S. MAIL)
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

Signature: _Catherine Diggins_                    Date: June 3, 2011

Name _Catherine Diggins_

# Exhibit 48

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

GAMES WORKSHOP LIMITED,

        Plaintiff,

      v.

CHAPTERHOUSE STUDIOS LLC and JON
PAULSON d/b/a PAULSON GAMES

        Defendants.

Civil Action No. 1:10-cv-8103

Hon. Matthew F. Kennelly
Hon. Jeffrey T. Gilbert

## GAMES WORKSHOP LTD.'S RESPONSE TO
## CHAPTERHOUSE STUDIOS LLC FIRST SET OF REQUESTS FOR ADMISSIONS

Pursuant to Fed.R.Civ.P. Rules 26 and 36, Games Workshop responds as follows to the First Request For Admissions of Defendant Chapterhouse Studios LLC.

### RESPONSES TO REQUESTS FOR ADMISSION

1.      On YOUR Website located at www.games-workshop.com YOU instruct members of the public to "Include an appropriate disclaimer on your web site from the list on the following webpage."

**RESPONSE:**

Games Workshop objects that this request takes out of context a single term of use on the Games Workshop website intended for customers, hobbyists and non-commercial users and hence is irrelevant here and not likely to lead to the discovery of admissible evidence. Games Workshop further denies that Chapterhouse complies with the general terms of use on the Games Workshop website and denies that Chapterhouse's infringement of Games Workshop's intellectual property rights is excused by its use of a disclaimer.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the statement appears on its own website for customers, hobbyists and non-commercial users and otherwise denies this request.

2.      Before YOU filed this lawsuit, the Chapterhouse Website located at www.chapterhousestudios.com included a disclaimer stating that Chapterhouse Studios was not affiliated with Games Workshop.

**RESPONSE:**

Games Workshop objects that this request takes out of context a single term of use of the Games Workshop website. Games Workshop further objects that this request implies a legal conclusion based on a false premise. Games Workshop further denies that Chapterhouse complies with the general terms of use on the Games Workshop website and denies that Chapterhouse's infringement of Games Workshop's intellectual property rights is excused by its use of a disclaimer.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that a disclaimer appeared on the Chapterhouse website, and otherwise denies this request.

3.      The disclaimer that appears on the Chapterhouse Website located at www.chapterhousestudios.com is the same as the "General" disclaimer that appears on YOUR Website located at www.games-workshop.com.

**RESPONSE:**

Games Workshop objects that this request takes out of context a single term of use of the Games Workshop website intended for customers, hobbyists and non-commercial users and otherwise denies this request. Games Workshop further objects that this request implies a legal conclusion based on a false premise. Games Workshop further denies that Chapterhouse complies with the general terms of use on the Games Workshop website and denies that

Chapterhouse's infringement of Games Workshop's intellectual property rights is excused by its use of a disclaimer.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that even though Chapterhouse is not a hobbyist or non-commercial user, but rather a for-profit business trading on Games Workshop's intellectual property, the Chapterhouse website includes the following admissions that Games Workshop indeed owns all copyright and trademark rights in the works in issue in this litigation:

> This web site is completely unofficial and in no way endorsed by Games Workshop Limited.
> Adeptus Astartes, Battlefleet Gothic, Black Flame, Black Library, the Black Library logo, BL Publishing, Blood Angels, Bloodquest, Blood Bowl, the Blood Bowl logo, The Blood Bowl Spike Device, Cadian, Catachan, the Chaos device, Cityfight, the Chaos logo, Citadel, Citadel Device, City of the Damned, Codex, Daemonhunters, Dark Angels, Dark Eldar, Dark Future, the Double-Headed/Imperial Eagle device, 'Eavy Metal, Eldar, Eldar symbol devices, Epic, Eye of Terror, Fanatic, the Fanatic logo, the Fanatic II logo, Fire Warrior, Forge World, Games Workshop, Games Workshop logo, Genestealer, Golden Demon, Gorkamorka, Great Unclean One, the Hammer of Sigmar logo, Horned Rat logo, Inferno, Inquisitor, the Inquisitor logo, the Inquisitor device, Inquisitor:Conspiracies, Keeper of Secrets, Khemri, Khorne, Kroot, Lord of Change, Marauder, Mordheim, the Mordheim logo, Necromunda, Necromunda stencil logo, Necromunda Plate logo, Necron, Nurgle, Ork, Ork skull devices, Sisters of Battle, Skaven, the Skaven symbol devices, Slaanesh, Space Hulk, Space Marine, Space Marine chapters, Space Marine chapter logos, Talisman, Tau, the Tau caste designations, Tomb Kings, Trio of Warriors, Twin Tailed Comet Logo, Tyranid, Tyrannid, Tzeentch, Ultramarines, Warhammer, Warhammer Historical, Warhammer Online, Warhammer 40k Device, Warhammer World logo, Warmaster, White Dwarf, the White Dwarf logo, and all associated marks, names, races, race insignia, characters, vehicles, locations, units, illustrations and images from the Blood Bowl game, the Warhammer world, the Talisaman world, and the Warhammer 40,000 universe are either ®, TM and/or © Copyright Games Workshop Ltd 2000-2010, variably registered in the UK and other countries around the world. Used without permission. No challenge to their status intended. All Rights Reserved to their respective owners..

Games Workshop otherwise denies this request.

4. The Chapterhouse Website located at www.chapterhousestudios.com uses the term "Warhammer 40,000" to refer to YOUR games.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous, in part because the request does not specify which of multiple uses of the name is referenced.

Without prejudice to or waiver of the foregoing objections, Games Workshop avers that Chapterhouse uses the term WARHAMMER 40,000 prominently to identify Chapterhouse's own products and services and Games Workshop therefore denies this request.

5.      The Chapterhouse Website located at www.chapterhousestudios.com uses the term "40K" to refer to YOUR games.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous, in part because the request does not specify which of uses of the name is referenced.

Without prejudice to or waiver of the foregoing objections, Games Workshop avers that Chapterhouse uses the term 40K as part of the identification of Chapterhouse's own products and services and Games Workshop therefore denies this request."]

6.      The Chapterhouse Website located at www.chapterhousestudios.com uses the terms "Space Marine" and "Space Marines" to refer to YOUR Space Marine products.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous, in part because the request does not specify which of uses of the name is referenced.

Without prejudice to or waiver of the foregoing objections, Games Workshop avers that Chapterhouse uses the terms "Space Marine" and "Space Marines" to identify its own products and Games Workshop therefore denies this request.

7.      The Chapterhouse Website located at www.chapterhousestudios.com uses the term "Tau" to refer to YOUR Tau Empire products.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous, in part because the request does not specify which of uses of the name is referenced.

Without prejudice to or waiver of the foregoing objections, Games Workshop avers that Chapterhouse uses the term "Tau" to identify its own products, and Games Workshop therefore denies this request.]

       8.    The Chapterhouse Website located at www.chapterhousestudios.com uses the term "Eldar" to refer to YOUR Eldar products.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous, in part because the request does not specify which of uses of the name is referenced.

Without prejudice to or waiver of the foregoing objections, Games Workshop avers that Chapterhouse uses the term "Eldar" to identify its own products, and Games Workshop therefore denies this request.

       9.    The Chapterhouse Website located at www.chapterhousestudios.com uses the term "Dark Angels" to refer to YOUR Dark Angels products.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous, in part because the request does not specify which of uses of the name is referenced.

Without prejudice to or waiver of the foregoing objections, Games Workshop avers that Chapterhouse uses the terms "Dark Angels" to identify its own products, and Games Workshop therefore denies this request.

      10.    The Chapterhouse Website located at www.chapterhousestudios.com uses the term "Tyranids" to refer to YOUR Tyranids products.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous, in part because the request does not specify which of uses of the name is referenced.

Without prejudice to or waiver of the foregoing objections, Games Workshop avers that Chapterhouse uses the terms "Tyranids" to identify its own products, and Games Workshop therefore denies this request..

11.    YOU do not own any U.S. Copyright Registrations for any of the works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein.

12.    YOU do not own any U.S. Copyright Registrations for the work "Warhammer 40,000 rule book," referred to in Plaintiff's Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thus far identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein.

13.     YOU do not own any U.S. Copyright Registrations for the work "Space Marine Collectors' Guide," referred to in Plaintiff's Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thus far identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein.

14.     YOU do not own any U.S. Copyright Registrations for the work "Warhammer 40,000 Tyranids," referred to in Plaintiff's Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is

Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein.

15.     YOU do not own any U.S. Copyright Registrations for the work "Warhammer 40,000 Space Marines," referred to in Plaintiff's Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein.

16.     YOU do not own any U.S. Copyright Registrations for the work "Warhammer 40,000 Dark Angels," referred to in Plaintiff's Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein.

17.     YOU do not own any U.S. Copyright Registrations for the work "Warhammer 40,000 Chaos Space Marines," referred to in Plaintiff s Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein.

18.     YOU do not own any U.S. Copyright Registrations for the work "Index Astartes II," referred to in Plaintiff's Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein.

19.     YOU do not own any U.S. Copyright Registrations for the work "Index Astartes

III," referred to in Plaintiff's Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein.

20.     YOU do not own any U.S. Copyright Registrations for the work "Index Astartes IV," referred to in Plaintiff's Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein.

21.     YOU do not own any U.S. Copyright Registrations for the work "The Horus Heresy Collected Visions," referred to in Plaintiff's Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein.

22. YOU do not own any U.S. Copyright Registrations for the work "The Art of Warhammer 40,000," referred to in Plaintiff's Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein.

23. YOU do not own any U.S. Copyright Registrations for the work "White Dwarf Magazine 249," referred to in Plaintiff's Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter

of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein.

24.     YOU do not own any U.S. Copyright Registrations for the work "How to Paint Space Marines," referred to in Plaintiff s Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein.

25.     YOU do not own any U.S. Copyright Registrations for the work "Soul Drinkers," referred to in Plaintiff s Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of

Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein.

26.    YOU do not own any U.S. Copyright Registrations for the work "Index Astartes I," referred to in Exhibit A to Plaintiff's Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein.

27.    YOU do not own any U.S. Copyright Registrations for the work "Warhammer 40,000 Space Marine Land Speeder 1998" referred to in Exhibit A to Plaintiff's Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein, including the subject model, and therefore denies this request.

28.     YOU do not own any U.S. Copyright Registrations for the work "Space Marine Chaplain with skull helmet" referred to in Exhibit A to Plaintiff's Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein, including the subject model, and therefore denies this request..

29.     YOU do not own any U.S. Copyright Registrations for the work "Dawn of War computer game" referred to in Exhibit A to Plaintiff's Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States

works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein.

30.    YOU do not own any U.S. Copyright Registrations for the work "Blood Raven decal/transfer sheet" referred to in Exhibit A to Plaintiff's Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein.

31.    YOU do not own any U.S. Copyright Registrations for "Space Marines in Terminator armour" referred to in Exhibit A to Plaintiff s Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States

works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein, including the subject model, and therefore denies this request..

32.     YOU do not own any U.S. Copyright Registrations for "Flesh Tearers shoulder pads" referred to in Exhibit A to Plaintiff's Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein, including the subject model, and therefore denies this request..

33.     YOU do not own any U.S. Copyright Registrations for "Imperial Fists shoulder pads" referred to in Exhibit A to Plaintiff's Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States

works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein, including the subject model, and therefore denies this request..

34.     YOU do not own any U.S. Copyright Registrations for the work "Crimson Fists shoulder pads" referred to in Exhibit A to Plaintiff's Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein, including the design for the subject model, and therefore denies this request..

35.     YOU do not own any U.S. Copyright Registrations for the Games Workshop Black Library novels referred to in Exhibit A to Plaintiff's Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein.

36.     YOU do not own any U.S. Copyright Registrations for the work "Mk. V. Heresy armour" referred to in Exhibit A to Plaintiff's Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein, including the design of the subject model, and therefore denies this request..

37.     YOU do not own any U.S. Copyright Registrations for "Legion of the Damned models" referred to in Exhibit A to Plaintiff s Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter

of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States

works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of

Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that

the only work thusfar identified by it in this action that is registered in the United States is

Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference

2006-2007", containing many of the individual works at issue herein, including the design of the

subject model, and therefore denies this request..

38.    YOU do not own any U.S. Copyright Registrations for a "power fist" referred to

in Exhibit A to Plaintiff s Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter

of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States

works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of

Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that

the only work thusfar identified by it in this action that is registered in the United States is

Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference

2006-2007", containing many of the individual works at issue herein, including the design of the

subject model, and therefore denies this request..

39.    YOU do not own any U.S. Copyright Registrations for a "lightning claw" referred

to in Exhibit A to Plaintiff s Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter

of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein, including the design of the subject model, and therefore denies this request..

40.     YOU do not own any U.S. Copyright Registrations for "storm shields" referred to in Exhibit A to Plaintiff's Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein, including the design of the subject model, and therefore denies this request..

41.     YOU do not own any U.S. Copyright Registrations for a "Land Raider" referred to in Exhibit A to Plaintiff's Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter

of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein, including the design of the subject model, and therefore denies this request.

42.     YOU do not own any U.S. Copyright Registrations for an "Alpha Legion Land Raider conversion kit" referred to in Exhibit A to Plaintiff s Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein, including the design of the subject model, and therefore denies this request..

43.     YOU do not own any U.S. Copyright Registrations for a "Dreadnought" referred to in Exhibit A to Plaintiff s Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein, including the design of the subject model, and therefore denies this request..

44.     YOU do not own any U.S. Copyright Registrations for a "drop pod" referred to in Exhibit A to Plaintiff s Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein.

45.     YOU do not own any U.S. Copyright Registrations for a "Rhino" referred to in Exhibit A to Plaintiff's Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter

of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein, including the design of the subject model, and therefore denies this request.

46.     YOU do not own any U.S. Copyright Registrations for a "combi weapon" referred to in Exhibit A to Plaintiff's Response to Chapterhouse's Interrogatory No 1.

**RESPONSE**:

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein, including the design of the subject model, and therefore denies this request..

47.     YOU do not own any U.S. Copyright Registrations for a "melta gun" referred to in Exhibit A to Plaintiff's Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE**:

Games Workshop objects that this request seeks information that is irrelevant as a matter

of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein, including the design of the subject model, and therefore denies this request..

48.    YOU do not own any U.S. Copyright Registrations for an "Eldar Farseer" referred to in Exhibit A to Plaintiff's Response to Chapterhouse's Interrogatory No 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein, including the design of the subject model, and therefore denies this request..

49.    YOU do not own any U.S. Copyright Registrations for an "Eldar jetbike " referred to in Exhibit A to Plaintiff s Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter

of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein, including the design of the subject model, and therefore denies this request.

50.      YOU do not own any U.S. Copyright Registrations for a "Tervigon" referred to in Exhibit A to Plaintiff s Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein.

51.      YOU do not own any U.S. Copyright Registrations for a "Tyrant" referred to in Exhibit A to Plaintiff s Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States

works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein.

52.      YOU do not own any U.S. Copyright Registrations for a "Swarmlord" referred to in Exhibit A to Plaintiff's Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein.

53.      YOU do not own any U.S. Copyright Registrations for a "Tyranid Warrior" referred to in Exhibit A to Plaintiff s Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein, including designs of the subject model, and therefore denies this request..

54.     YOU do not own any U.S. Copyright Registrations for a "Tyranid Genestealer" referred to in Exhibit A to Plaintiff s Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein, including designs of the subject model, and therefore denies this request..

55.     YOU do not own any U.S. Copyright Registrations for a "Ymgarl head component" referred to in Exhibit A to Plaintiff's Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of

Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein, including the basic design of the subject model, and therefore denies this request..

56.     YOU do not own any U.S. Copyright Registrations for a "rail gun" referred to in Exhibit A to Plaintiff s Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein, including the design of the subject model, and therefore denies this request..

57.     YOU do not own any U.S. Copyright Registrations for the work "Tau Empire decal sheet 2001" referred to in Exhibit A to Plaintiff's Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States

works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein, including the design of the subject model, and therefore denies this request..

58.     YOU do not own any U.S. Copyright Registrations for the work "Tau Empire symbol" referred to in Exhibit A to Plaintiff's Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein, including the design of the subject model, and therefore denies this request.

59.     YOU do not own any U.S. Copyright Registrations for an "Imperial Titan" referred to in Exhibit A to Plaintiff's Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States

works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein, including designs of the subject model, and therefore denies this request..

60.     YOU do not own any U.S. Copyright Registrations for the work "assault squad shoulder pads" referred to in Exhibit A to Plaintiff's Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein , including the design of the subject model, and therefore denies this request..

61.     YOU do not own any U.S. Copyright Registrations for the work "Salamander icon" referred to in Exhibit A to Plaintiff's Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter

of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein, including essentially the same design of the subject model, and therefore denies this request..

62.     YOU do not own any U.S. Copyright Registrations for the work "Tyranid Genestealer boxed set" referred to in Exhibit A to Plaintiff s Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein, including the design of the subject model, and therefore denies this request..

63.     YOU do not own any U.S. Copyright Registrations for the work "Space Marine Captain" referred to in Exhibit A to Plaintiff s Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein, including the design of the subject model, and therefore denies this request.

64.     YOU do not own any U.S. Copyright Registrations for the work "Sci-Fi Shoulder pad" referred to in Exhibit A to Plaintiff's Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein.

65.     YOU do not own any U.S. Copyright Registrations for the work "Tactical shoulder pads" referred to in Exhibit A to Plaintiff's Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein, including the design of the subject model, and therefore denies this request..

66.     YOU do not own any U.S. Copyright Registrations for the work "Salamanders chapter icon" referred to in Exhibit A to Plaintiff's Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein, including the design of the subject model, and therefore denies this request..

67.     YOU do not own any U.S. Copyright Registrations for the work "Mk1 Space Marine Armour" referred to in Exhibit A to Plaintiff's Response to Chapterhouse's Interrogatory

No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein, including the design of the subject model, and therefore denies this request..

68.      YOU do not own any U.S. Copyright Registrations for the work "Thunder armour" referred to in Exhibit A to Plaintiff's Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant as a matter of law, insofar as it is undisputed that none of the foregoing copyrighted works are United States works identified in Exhibit A to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories are works for which registration is required under the Copyright Act.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that the only work thusfar identified by it in this action that is registered in the United States is Registration No. TX0006541286, "Games Workshop Complete Catalog & Hobby Reference 2006-2007", containing many of the individual works at issue herein, including the design of the subject model, and therefore denies this request.

69.      Depictions of skulls were used in heraldry or iconography before their use by

YOU.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of skulls as such. As a result of the foregoing, Games Workshop is unable to admit or deny this request.

70. Depictions of skulls are common in gaming.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of skulls as such. As a result of the foregoing, Games Workshop is unable to admit or deny this request.

71. The shape of a human skull is in the public domain under U.S. copyright law.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of skulls as such. The request also calls for a legal conclusion. As a result of the foregoing, Games Workshop is unable to admit or deny this request.

72. YOU do not own a copyright for the idea of using depictions of skulls in heraldry or iconography.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games

Workshop claims rights in particular works, not depictions of skulls as such. As a result of the foregoing, Games Workshop is unable to admit or deny this request.

73. Depictions of piles of skulls were used in heraldry or iconography before their use by YOU.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of skulls or "piles of skulls" as such. As a result of the foregoing, Games Workshop is unable to admit or deny this request.

74. Depictions of piles of skulls are common in gaming.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of skulls or "piles of skulls" as such. As a result of the foregoing, Games Workshop is unable to admit or deny this request.

75. YOU do not own a copyright for the idea of using a pile of skulls to decorate products.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of skulls or "piles of skulls" as such. As a result of the foregoing, Games Workshop is unable to admit or deny this request.

76. Depictions of blood drops were used in heraldry or iconography before their use by YOU.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of blood drops as such. As a result of the foregoing, Games Workshop is unable to admit or deny this request.

77.    Depictions of blood drops are common in gaming.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of blood drops as such. As a result of the foregoing, Games Workshop is unable to admit or deny this request.

78.    YOU do not own a copyright for the idea of using depictions of blood drops in heraldry or iconography.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of blood drops as such. As a result of the foregoing, Games Workshop is unable to admit or deny this request.

79.    The shape of a blood drop is in the public domain under U.S. copyright law.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of blood drops as such. The request also calls for a legal conclusion. As a result of the foregoing, Games Workshop is unable to

admit or deny this request.

80.     The shape of the blood drop on YOUR Blood Ravens products identified in Exhibit A to YOUR responses to Chapterhouse's Interrogatory No. 1, Entry 4, is in the public domain.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of blood drops as such. The request also calls for a legal conclusion. As a result of the foregoing, Games Workshop is unable to admit or deny this request. Games Workshop further denies that the Blood Raven design referenced in Entry 4 to said Exhibit A is in the public domain.

81.     The shape of the blood drop on Chapterhouse's "Shoulder Pads for Blood Eagle - Tactical" product identified in Exhibit A to YOUR responses to Chapterhouse's Interrogatory No. 1, Entry 4, is in the public domain under U.S. copyright law.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of blood drops as such. The request also calls for a legal conclusion. As a result of the foregoing, Games Workshop is unable to admit or deny this request. Games Workshop further denies that the design of the Shoulder Pads for Blood Eagle – Tactical referenced in Entry 4 to said Exhibit A is in the public domain.

82.     Crosses were used in heraldry or iconography before their use by YOU.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous and seeks information

that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of crosses as such. As a result of the foregoing, Games Workshop is unable to admit or deny this request.

83.     Crosses are in the public domain under U.S. copyright law.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of crosses as such. The request also calls for a legal conclusion. As a result of the foregoing, Games Workshop is unable to admit or deny this request.

84.     YOU do not own a copyright for the idea of using depictions of crosses in heraldry or iconography.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of crosses as such. As a result of the foregoing, Games Workshop is unable to admit or deny this request.

Dated: October 19, 2011          Respectfully submitted,

                                 By: _____
                                      Jonathan E. Moskin

                                 Scott R. Kaspar (Ill. Bar No. 6284921)
                                 Aaron J. Weinzierl (Ill. Bar No. 6294055)
                                 FOLEY & LARDNER LLP
                                 321 North Clark Street, Suite 2800
                                 Chicago, IL 60654
                                 Telephone: (312) 832-4500
                                 Facsimile: (312) 832-4700
                                 Email: skaspar@foley.com; aweinzierl@foley.com

                                 Jonathan E. Moskin
                                 FOLEY & LARDNER LLP
                                 90 Park Avenue
                                 New York, NY 10016
                                 Telephone: (212) 682-7474
                                 Facsimile: (212) 687-3229
                                 Email: jmoskin@foley.com

                                 *Attorneys for Plaintiff Games Workshop Limited*

## CERTIFICATE OF SERVICE

I, Jonathan E. Moskin, an attorney, hereby certify that on October 19, 2011, I caused a copy of the foregoing GAMES WORKSHOP LTD.'S RESPONSE TO CHAPTERHOUSE STUDIOS LLC FIRST SET OF REQUESTS FOR ADMISSION to be served on the interested parties by causing copies of this document to be served on the following *via* United States Mail in a sealed envelope with the postage prepaid and *via* electronic mail to the following:

>
Jennifer A. Golinveaux, Esq.
Thomas J. Kearney, Esq.
J. Caleb Donaldson, Esq.
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
jgolinveaux@winston.com
tkearney@winston.com
jcdonaldson@winston.com

Catherine B. Diggins, Esq.
Eric J. Mersmann, Esq.
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
cdiggins@winston.com
emersmann@winston.com

and

Ronald H. Spuhler
Ronald A. DiCerbo
Thomas J. Campbell Jr.
MCANDREWS, HELD & MALLOY LTD.
500 W. Madison Street – 34th Floor
Chicago, IL 60061

_____
Jonathan E. Moskin

# Exhibit 49

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

GAMES WORKSHOP LIMITED,

        Plaintiff,

    v.

CHAPTERHOUSE STUDIOS LLC and JON
PAULSON d/b/a PAULSON GAMES

        Defendants.

Civil Action No. 1:10-cv-8103

Hon. Matthew F. Kennelly
Hon. Jeffrey T. Gilbert

**GAMES WORKSHOP LTD.'S RESPONSE TO CHAPTERHOUSE
STUDIOS LLC'S FOURTH SET OF REQUESTS FOR ADMISSION**

Pursuant to Fed.R.Civ.P. Rules 26 and 36, Games Workshop responds as follows to the

Second Request For Admissions of Defendant Chapterhouse Studios LLC.

**GENERAL OBJECTIONS**

1.     Games Workshop objects that, individually and cumulatively, these requests are

extraordinarily overbroad and unduly burdensome given the needs of the case.  Games

Workshop further objects that service 734 admission requests is abusive, and that the requests

seek information that is irrelevant or has already been provided.

2.     Games Workshop further objects that Chapterhouse's own answers to discovery,

even under Court order, confirm these requests are irrelevant and not likely to lead to the

discovery of admissible evidence.

3.     Games Workshop further objects that these requests are irrelevant and not likely

to lead to the discovery of admissible evidence insofar as it is undisputed that all of Games

Workshop's works in issue are the property of Games Workshop insofar as they were all created

by Games Workshop's employees or are derivative works based on works created by Games Workshop's employees.

4.     These requests are further rendered irrelevant, vague and ambiguous, and needlessly burdensome and vexatious in failing to be limited to works actually in issue in the litigation or to any delineated or relevant time period, and in referring equivocally to the relevant time periods during which individuals may have performed services for Games Workshop.

5.     Games Workshop is unable to respond to certain of these requests pending completion of discovery from Chapterhouse and given Chapterhouse's failure to respond to numerous Games Workshop discovery requests.

## REQUESTS FOR ADMISSION

468.     You contend that Chapterhouse infringed YOUR copyrights for each of YOUR WORKS in YOUR Exhibit A.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous.  See General objections 1 - 5.

469.     Exhibit A indentifies each and every one of YOUR WORKS that you contend that Chapterhouse infringed.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous.  See General objections 1 – 5.

470.     For each of the ALLEGEDLY INFRINGED WORKS, EXHIBIT A identifies each and every natural person who created that work.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See also General Objections 1-5 above.

471.    The RFA NO. 337 PRODUCT is Dawn of War from entry no. 4 to EXHIBIT A.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

472.    The RFA NO. 337 PRODUCT is *Soul Drinker* from entry no. 23 to EXHIBIT A.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

473.    The RFA NO. 337 PRODUCT is *Brothers of the Snake.*

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

474.    YOU have records, including without limitation employment records, payroll records, and tax records, demonstrating that each and every natural person who created each of the ALLEGEDLY INFRINGED WORKS, except for the RFA NO. 337 PRODUCT, was YOUR employee at the time when that ALLEGEDLY INFRINGED WORK was created.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous, overbroad and unduly burdensome. See General objections 1 – 5.

475.    Excluding the RFA NO. 337 PRODUCT, YOU have records sufficient to identify each and every natural person who created each of the ALLEGEDLY INFRINGED WORKS.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 5.

476. For each and every natural person who created the ALLEGEDLY INFRINGED WORKS, YOU have produced all documents constituting, evidencing, or relating to any written or oral contract, memorandum of understanding, employment agreement, work-for-hire agreement, or other statement of terms and conditions regarding the authorship, creation, or design of such work, for all periods of time which such person was engaged in the authorship, creation, or design of such work.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 5.

477. For each of the ALLEGEDLY INFRINGED WORKS, excluding the RFA NO. 337 PRODUCT, each and every natural person who created the ALLEGEDLY INFRINGED WORK was YOUR employee at the time that such work was created.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 5.

478. YOU have employment agreements with each and every natural person who created each of the ALLEGEDLY INFRINGED WORKS, excluding the creators of the RFA NO. 337 PRODUCT.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General

objections 1 – 5.

479.    With respect to documents in YOUR possession, custody, or control YOU have produced all employment agreements.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous.  See General objections 1 – 5.

480.    YOUR employees use email to communicate at work.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous, overbroad and unduly burdensome.  See General objections 1 – 4.

481.    YOU have used email to communicate with natural persons who created the ALLEGEDLY INFRINGED WORKS.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous.  See General objections 1 – 5.

482.    YOU have used email to communicate with natural persons who created the ALLEGEDLY INFRINGED WORKS about the nature of their employment agreement.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous.  See General objections 1 – 5.

483.    YOU do not contend that YOUR employees include any freelancer.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous.  See General

objections 1 – 4.

484.    YOU do not contend that YOUR employees include any independent contractor.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous.  See General objections 1 – 4.

485.    YOU do not contend that YOUR employees include any commissioned artist or author.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous.  See General objections 1 – 4.

486.    YOU have records concerning the dates of employments for each and every natural person who created each ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous.  See General objections 1 – 5.

487.    "[A]ll of Games Workshop's works (with the exception of Dawn of War) were first published in the United Kingdom."

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous.  See General objections 1 – 5.

488.    None of the ALLEGEDLY INFRINGED WORKS (with the exception of Dawn of War) was published in the U.S. within 30 days of its first publication in the United Kingdom.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous.  See General objections 1 – 5.

489.    None of the ALLEGEDLY INFRINGED WORKS (with the exception of Dawn of War) was published in the U.S. within 30 days of its first publication.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous.  See General objections 1 – 5.

490.    None of the ALLEGEDLY INFRINGED WORKS (with the exception of Dawn of War) was published simultaneously in the U.S. and the United Kingdom.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous.  See General objections 1 – 5.

491.    None of the ALLEGEDLY INFRINGED WORKS (with the exception of Dawn of War) was published simultaneously in the U.S. and another country.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous.  See General objections 1 – 5.

492.    YOU do not contend that YOUR ALLEGEDLY INFRINGED WORKS infringe copyrights to Judge Dredd.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous.  See General objections 1 – 5.

493.     YOU do not contend that YOUR ALLEGEDLY INFRINGED WORKS are subject to licenses concerning Judge Dredd.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous.  See General objections 1 – 5.

494.     Ralph Horsley created an ALLEGEDLY INFRINGED WORK with an eight-sided pointed stars.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous.  See General objections 1 – 5.

495.     Ralph Horsley had no access to Michael Moorcock's novel "Stormbringer" before creating an ALLEGEDLY INFRINGED WORK with an eight-sided pointed stars.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous.  See General objections 1 – 5.

496.     Ralph Horsley had no access to Michael Moorcock's novel "Stormbringer" while creating an ALLEGEDLY INFRINGED WORK with an eight-sided pointed stars.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous.  See General objections 1 – 5.

497.     YOU do not own a copyright to Michael Moorcock's novel "Stormbringer".

**RESPONSE:**

Games Workshop admits this statement.

498.    YOU do not contend that YOUR WORKS infringe copyrights concerning Michael Moorcock's novel "Stormbringer".

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous.

499.    All of the illustrations that appear in the works YOU identify in the Second Amended Complaint at Paragraph 13 were created in the United Kingdom.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

500.    All of the illustrations that appear in the works YOU identify in the Second Amended Complaint at Paragraph 13 were first published in United Kingdom.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

501.    For all the ALLEGEDLY INFRINGED WORKS, "these are all made by employees of Games Workshop."

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 5.

502.    YOU pay payroll taxes with respect to YOUR employees.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

503.  YOU do not require any of YOUR employees to pay their own payroll taxes.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous.  See General objections 1 – 4.

504.  YOU pay payroll taxes with respect to all YOUR employees.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous.  See General objections 1 – 4.

505.  YOU pay payroll taxes with respect to Jes Goodwin.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous.  See General objections 1 – 4.

506.  Jes Goodwin has provided services for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous.  See General objections 1 – 4.

507.  Jes Goodwin has created copyrightable materials for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous.  See General objections 1 – 4.

508.  For every year during which Jes Goodwin created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Jes

Goodwin.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

509.    YOU have an employment agreement with Jes Goodwin.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

510.    YOU pay payroll taxes with respect to Dave Thomas.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

511.    Dave Thomas has provided services for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

512.    Dave Thomas has created copyrightable materials for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

513.    For every year during which Dave Thomas created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with

respect to Dave Thomas.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

514. YOU have an employment agreement with Dave Thomas.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

515. YOU pay payroll taxes with respect to Ed Spettigue.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

516. Ed Spettigue has provided services for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

517. Ed Spettigue has created copyrightable materials for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

518. For every year during which Ed Spettigue created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Ed

Spettigue.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General

objections 1 – 4.

519.   YOU have an employment agreement with Ed Spettigue.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General

objections 1 – 4.

520.   YOU pay payroll taxes with respect to Tim Adcock.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General

objections 1 – 4.

521.   Tim Adcock has provided services for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General

objections 1 – 4.

522.   Tim Adcock has created copyrightable materials for YOU only as YOUR

employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General

objections 1 – 4.

523.   For every year during which Tim Adcock created an ALLEGEDLY INFRINGED

WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Tim

Adcock.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

524.    YOU have an employment agreement with Tim Adcock.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4..

525.    YOU pay payroll taxes with respect to Dave Andrews.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

526.    Dave Andrews has provided services for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

527.    Dave Andrews has created copyrightable materials for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

528.    For every year during which Dave Andrews created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with

respect to Dave Andrews.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

529.    YOU have an employment agreement with Dave Andrews.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

530.    YOU pay payroll taxes with respect to Mark Bedford.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

531.    Mark Bedford has provided services for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

532.    Mark Bedford has created copyrightable materials for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

533.    For every year during which Mark Bedford created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with

respect to Mark Bedford.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

534.   YOU have an employment agreement with Mark Bedford.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

535.   YOU pay payroll taxes with respect to Alex Boyd.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

536.   Alex Boyd has provided services for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

537.   Alex Boyd has created copyrightable materials for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

538.   For every year during which Alex Boyd created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Alex

Boyd.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

539. YOU have an employment agreement with Alex Boyd.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

540. YOU pay payroll taxes with respect to James Brady.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

541. James Brady has provided services for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

542. James Brady has created copyrightable materials for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

543. For every year during which James Brady created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to James

Brady.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

544.    YOU have an employment agreement with James Brady.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

545.    YOU pay payroll taxes with respect to Gary Chalk.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

546.    Gary Chalk has provided services for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

547.    Gary Chalk has created copyrightable materials for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

548.    For every year during which Gary Chalk created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Gary

Chalk.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

549.   YOU have an employment agreement with Gary Chalk.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

550.   YOU pay payroll taxes with respect to Adam Clarke.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

551.   Adam Clarke has provided services for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

552.   Adam Clarke has created copyrightable materials for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

553.   For every year during which Adam Clarke created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with

respect to Adam Clarke.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

554. YOU have an employment agreement with Adam Clarke.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

555. YOU pay payroll taxes with respect to Paul Dainton.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

556. Paul Dainton has provided services for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

557. Paul Dainton has created copyrightable materials for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

558. For every year during which Paul Dainton created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Paul

Dainton.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

559.    YOU have an employment agreement with Paul Dainton.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

560.    YOU pay payroll taxes with respect to Simon Egan.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

561.    Simon Egan has provided services for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

562.    Simon Egan has created copyrightable materials for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

563.    For every year during which Simon Egan created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Simon

Egan.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

564. YOU have an employment agreement with Simon Egan.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

565. YOU pay payroll taxes with respect to Wayne England.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

566. Wayne England has provided services for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

567. Wayne England has created copyrightable materials for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

568. For every year during which Wayne England created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with

respect to Wayne England.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

569.    YOU have an employment agreement with Wayne England.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

570.    YOU pay payroll taxes with respect to Tomas Fiertek.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

571.    Tomas Fiertek has provided services for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

572.    Tomas Fiertek has created copyrightable materials for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

573.    For every year during which Tomas Fiertek created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with

respect to Tomas Fiertek.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

574. YOU have an employment agreement with Tomas Fiertek.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

575. YOU pay payroll taxes with respect to Martin Footit.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

576. Martin Footit has provided services for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

577. Martin Footit has created copyrightable materials for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

578. For every year during which Martin Footit created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with

respect to Martin Footit.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

579.    YOU have an employment agreement with Martin Footit.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

580.    YOU pay payroll taxes with respect to Dave Gallagher.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

581.    Dave Gallagher has provided services for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

582.    Dave Gallagher has created copyrightable materials for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

583.    For every year during which Dave Gallagher created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with

respect to Dave Gallagher.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

584. YOU have an employment agreement with Dave Gallagher.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

585. YOU pay payroll taxes with respect to Des Hanley.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

586. Des Hanley has provided services for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

587. Des Hanley has created copyrightable materials for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

588. For every year during which Des Hanley created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Des

Hanley.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

589.    YOU have an employment agreement with Des Hanley.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

590.    YOU pay payroll taxes with respect to Mark Harrison.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

591.    Mark Harrison has provided services for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

592.    Mark Harrison has created copyrightable materials for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

593.    For every year during which Mark Harrison created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with

respect to Mark Harrison.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

594. YOU have an employment agreement with Mark Harrison.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

595. YOU pay payroll taxes with respect to Will Hayes.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

596. Will Hayes has provided services for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

597. Will Hayes has created copyrightable materials for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

598. For every year during which Will Hayes created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Will

Hayes.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

599. YOU have an employment agreement with Will Hayes.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

600. YOU pay payroll taxes with respect to Neil Hodgson.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

601. Neil Hodgson has provided services for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

602. Neil Hodgson has created copyrightable materials for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

603. For every year during which Neil Hodgson created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with

respect to Neil Hodgson.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

604.    YOU have an employment agreement with Neil Hodgson.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

605.    YOU pay payroll taxes with respect to Ralph Horsley.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

606.    Ralph Horsley has provided services for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

607.    Ralph Horsley has created copyrightable materials for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

608.    For every year during which Ralph Horsley created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with

respect to Ralph Horsley.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

609. YOU have an employment agreement with Ralph Horsley.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

610. YOU pay payroll taxes with respect to Nuala Kinrade.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

611. Nuala Kinrade has provided services for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

612. Nuala Kinrade has created copyrightable materials for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

613. For every year during which Nuala Kinrade created an ALLEGEDLY INFRINGED WOMC, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with

respect to Nuala Kinrade.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

614. YOU have an employment agreement with Nuala Kinrade.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

615. YOU pay payroll taxes with respect to Karl Kopinski.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

616. Karl Kopinski has provided services for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

617. Karl Kopinski has created copyrightable materials for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

618. For every year during which Karl Kopinski created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with

respect to Karl Kopinski.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

619. YOU have an employment agreement with Karl Kopinski.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

620. YOU pay payroll taxes with respect to Clint Langley.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

621. Clint Langley has provided services for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

622. Clint Langley has created copyrightable materials for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

623. For every year during which Clint Langley created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with

respect to Clint Langley.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

624.    YOU have an employment agreement with Clint Langley.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

625.    YOU pay payroll taxes with respect to Kenson Low.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

626.    Kenson Low has provided services for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

627.    Kenson Low has created copyrightable materials for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

628.    For every year during which Kenson Low created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to

Kenson Low.

**RESPONSE**:

Games Workshop objects that this request is vague and ambiguous. See General

objections 1 – 4.

629. YOU have an employment agreement with Kenson Low.

**RESPONSE**:

Games Workshop objects that this request is vague and ambiguous. See General

objections 1 – 4.

630. YOU pay payroll taxes with respect to Mike McVey.

**RESPONSE**:

Games Workshop objects that this request is vague and ambiguous. See General

objections 1 – 4.

631. Mike McVey has provided services for YOU only as YOUR employee.

**RESPONSE**:

Games Workshop objects that this request is vague and ambiguous. See General

objections 1 – 4.

632. Mike McVey has created copyrightable materials for YOU only as YOUR

employee.

**RESPONSE**:

Games Workshop objects that this request is vague and ambiguous. See General

objections 1 – 4.

633. For every year during which Mike McVey created an ALLEGEDLY

INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with

respect to Mike McVey.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

634. YOU have an 'employment agreement with Mike McVey.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

635. YOU pay payroll taxes with respect to Aly Morrison.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

636. Aly Morrison has provided services for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

637. Aly Morrison has created copyrightable materials for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

638. For every year during which Aly Morrison created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with

respect to Aly Morrison.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

639. YOU have an employment agreement with Aly Morrison.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

640. YOU pay payroll taxes with respect to Bob Naismith.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

641. Bob Naismith has provided services for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

642. Bob Naismith has created copyrightable materials for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

643. For every year during which Bob Naismith created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with

respect to Bob Naismith.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

644.    YOU have an employment agreement with Bob Naismith.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

645.    YOU pay payroll taxes with respect to Brian Nelson.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

646.    Brian Nelson has provided services for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

647.    Brian Nelson has created copyrightable materials for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

648.    For every year during which Brian Nelson created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Brian

Nelson.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

649. YOU have an employment agreement with Brian Nelson.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

650. YOU pay payroll taxes with respect to Justin Norman.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

651. Justin Norman has provided services for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

652. Justin Norman has created copyrightable materials for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

653. For every year during which Justin Norman created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with

respect to Justin Norman.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

654. YOU have an employment agreement with Justin Norman.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

655. YOU pay payroll taxes with respect to Juan Diaz Ramos.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

656. Juan Diaz Ramos has provided services for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

657. Juan Diaz Ramos has created copyrightable materials for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

658. For every year during which Juan Diaz Ramos created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with

respect to Juan Diaz Ramos.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

659.    YOU have an employment agreement with Juan Diaz Ramos.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

660.    YOU pay payroll taxes with respect to Eric Ren.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

661.    Eric Ren has provided services for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

662.    Eric Ren has created copyrightable materials for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

663.    For every year during which Eric Ren created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Eric Ren.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

664. YOU have an employment agreement with Eric Ren.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

665. YOU pay payroll taxes with respect to Adrian Smith.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

666. Adrian Smith has provided services for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

667. Adrian Smith has created copyrightable materials for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

668. For every year during which Adrian Smith created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Adrian Smith.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

669. YOU have an employment agreement with Adrian Smith.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

670. YOU pay payroll taxes with respect to Dale Stringer.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

671. Dale Stringer has provided services for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

672. Dale Stringer has created copyrightable materials for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

673. For every year during which Dale Stringer created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Dale Stringer.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

674.    YOU have an employment agreement with Dale Stringer.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

675.    YOU pay payroll taxes with respect to Phil Stutcinskas.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

676.    Phil Stutcinskas has provided services for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

677.    Phil Stutcinskas has created copyrightable materials for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

678.    For every year during which Phil Stutcinskas created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Phil Stutcinskas.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous.  See General

objections 1 – 4.

679.    YOU have an employment agreement with Phil Stutcinskas.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous.  See General

objections 1 – 4.

680.    YOU pay payroll taxes with respect to Chris Trevas.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous.  See General

objections 1 – 4.

681.    Chris Trevas has provided services for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous.  See General

objections 1 – 4.

682.    Chris Trevas has created copyrightable materials for YOU only as YOUR

employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous.  See General

objections 1 – 4.

683.    For every year during which Chris Trevas created an ALLEGEDLY INFRINGED

WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Chris

Trevas.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

684. YOU have an employment agreement with Chris Trevas.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

685. YOU pay payroll taxes with respect to Tom Watton.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

686. Tom Watton has provided services for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

687. Tom Watton has created copyrightable materials for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

688. For every year during which Tom Watton created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Tom Watton.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

689.    YOU have an employment agreement with Tom Watton.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

690.    YOU pay payroll taxes with respect to Adrian Wild.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

691.    Adrian Wild has provided services for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

692.    Adrian Wild has created copyrightable materials for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

693.    For every year during which Adrian Wild created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Adrian Wild.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

694.    YOU have an employment agreement with Adrian Wild.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

695.    YOU pay payroll taxes with respect to Sam Wood.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

696.    Sam Wood has provided services for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

697.    Sam Wood has created copyrightable materials for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

698.    For every year during which Sam Wood created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Sam Wood.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

699.    YOU have an employment agreement with Sam Wood.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

700.    YOU pay payroll taxes with respect to Franz Vohwinkel.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

701.    Franz Vohwinkel has provided services for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

702.    Franz Vohwinkel has created copyrightable materials for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

703.    For every year during which Franz Vohwinkel created an ALLEGEDLY INFRINGED WORK, excluding the IIFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Franz Vohwinkel.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General

objections 1 – 4.

704.    YOU have an employment agreement with Franz Vohwinkel.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General

objections 1 – 4.

705.    YOU pay payroll taxes with respect to John Blanche.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General

objections 1 – 4.

706.    John Blanche has provided services for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General

objections 1 – 4.

707.    John Blanche has created copyrightable materials for YOU only as YOUR

employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General

objections 1 – 4.

708.    For every year during which John Blanche created an ALLEGEDLY

INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with

respect to John Blanche.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

709. YOU have an employment agreement with John Blanche.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

710. YOU pay payroll taxes with respect to Andy Chambers.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

711. Andy Chambers has provided services for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

712. Andy Chambers has created copyrightable materials for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

713. For every year during which Andy Chambers created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Andy Chambers.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General

objections 1 – 4.

714. YOU have an employment agreement with Andy Chambers.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General

objections 1 – 4.

715. YOU pay payroll taxes with respect to Roberto Cirillo.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General

objections 1 – 4.

716. Roberto Cirillo has provided services for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General

objections 1 – 4.

717. Roberto Cirillo has created copyrightable materials for YOU only as YOUR

employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General

objections 1 – 4.

718. For every year during which Roberto Cirillo created an ALLEGEDLY

INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with

respect to Roberto Cirillo.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

719. YOU have an employment agreement with Roberto Cirillo.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

720. YOU pay payroll taxes with respect to Alan Merrett.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

721. Alan Merrett has provided services for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

722. Alan Merrett has created copyrightable materials for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

723. For every year during which Alan Merrett created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Alan Merrett.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

724.    YOU have an employment agreement with Alan Merrett.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

725.    YOU pay payroll taxes with respect to Rick Priestley.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

726.    Rick Priestley has provided services for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

727.    Rick Priestley has created copyrightable materials for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

728.    For every year during which Rick Priestley created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Rick Priestley.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

729. YOU have an employment agreement with Rick Priestley.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

730. YOU pay payroll taxes with respect to John Sibbick.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

731. John Sibbick has provided services for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

732. John Sibbick has created copyrightable materials for YOU only as YOUR employee.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. See General objections 1 – 4.

733. For every year during which John Sibbick created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to John Sibbick.

**RESPONSE**:

    Games Workshop objects that this request is vague and ambiguous. See General

objections 1 – 4.

    734.   YOU have an employment agreement with John Sibbick.

**RESPONSE**:

    Games Workshop objects that this request is vague and ambiguous. See General

objections 1 – 4.

Dated: March 12, 2012         Respectfully submitted,


By:   /s/ Jonathan E. Moskin
         Jonathan E. Moskin

      Scott R. Kaspar (Ill. Bar No. 6284921)
      FOLEY & LARDNER LLP
      321 North Clark Street, Suite 2800
      Chicago, IL 60654
      Telephone: (312) 832-4500
      Facsimile: (312) 832-4700
      Email: skaspar@foley.com; aweinzierl@foley.com

      Jonathan E. Moskin
      FOLEY & LARDNER LLP
      90 Park Avenue
      New York, NY 10016
      Telephone: (212) 682-7474
      Facsimile: (212) 687-3229
      Email: jmoskin@foley.com


      *Attorneys for Plaintiff Games Workshop Limited*

## CERTIFICATE OF SERVICE

I, Jonathan E. Moskin, an attorney, hereby certify that on March 12, 2012, I caused a copy of the foregoing **GAMES WORKSHOP LTD.'S RESPONSE TO CHAPTERHOUSE STUDIOS LLC'S FOURTH SET OF REQUESTS FOR ADMISSION** to be served on the interested parties by causing copies of this document to be served on the following *via* United States Mail in a sealed envelope with the postage prepaid and *via* electronic mail to the following:

> Jennifer A. Golinveaux, Esq.
> Thomas J. Kearney, Esq.
> J. Caleb Donaldson, Esq.
> WINSTON & STRAWN LLP
> 101 California Street
> San Francisco, CA 94111
> jgolinveaux@winston.com
> tkearney@winston.com
> jcdonaldson@winston.com
>
> Catherine B. Diggins, Esq.
> Eric J. Mersmann, Esq.
> WINSTON & STRAWN LLP
> 35 West Wacker Drive
> Chicago, IL 60601
> cdiggins@winston.com
> emersmann@winston.com
>
> and
>
> Ronald H. Spuhler
> Ronald A. DiCerbo
> Thomas J. Campbell Jr.
> MCANDREWS, HELD & MALLOY LTD.
> 500 W. Madison Street – 34th Floor
> Chicago, IL 60061

> ___/s/ Jonathan E. Moskin_____
> Jonathan E. Moskin

# Exhibit 50

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| GAMES WORKSHOP LIMITED,<br><br>          Plaintiff,<br><br>      v.<br><br>CHAPTERHOUSE STUDIOS LLC and JON<br>PAULSON d/b/a PAULSON GAMES<br><br>          Defendants. | Civil Action No. 1:10-cv-8103<br><br>Hon. Matthew F. Kennelly<br>Hon. Jeffrey T. Gilbert |

**GAMES WORKSHOP LTD.'S RESPONSE TO CHAPTERHOUSE
STUDIOS LLC'S SECOND SET OF REQUESTS FOR ADMISSION**

Pursuant to Fed.R.Civ.P. Rules 26 and 36, Games Workshop responds as follows to the Second Request For Admissions of Defendant Chapterhouse Studios LLC.

**GENERAL OBJECTIONS**

1.      Games Workshop objects that, cumulatively, these requests are extraordinarily overbroad and unduly burdensome given the needs of the case. Games Workshop further objects that service of such requests while the Court has instructed the parties to minimize discovery burdens pending completion of a settlement conference is abusive, and that Chapterhouse's reliance on such general instructions in refusing to produce documents requested by Games Workshop as many as seven months ago is similarly abusive.

2.      Games Workshop objects that these requests rest on incorrect assumptions as to the meaning of what is "original" and what constitutes unlawful copying, thus adding to the needless burden imposed on Games Workshop.

1

## REQUESTS FOR ADMISSION

85.     The so-called "X symbol" referred to in entry 44 of Exhibit A to YOUR

response to Chapterhouse's Interrogatory No. 1, is the same shape as the cross symbol on the

Hungarian Arrow Cross flag depicted in Exhibit 1 hereto.

**RESPONSE:**

Games Workshop objects that this request is without foundation, and thus seeks

information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop denies

this request.

86.     YOU were familiar with the Hungarian Arrow Cross before YOU designed

the so-called "X symbol" referred to in entry 44 of Exhibit A to YOUR response to

Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request is without foundation, and thus seeks

information that is irrelevant and not likely to lead to the discovery of admissible evidence.

The request is also vague and ambiguous.

Without prejudice to or waiver of the foregoing objections, Games Workshop denies

this request.

87.     YOU do not own a copyright for the Hungarian Arrow Cross flag.

**RESPONSE:**

Games Workshop objects that this request is without foundation, is vague and

ambiguous and seeks information that is irrelevant and not likely to lead to the discovery of

admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that it does not claim to own copyright in the Hungarian flag.

88.    The so-called "X symbol" referred to in entry 44 of Exhibit A to YOUR response to Chapterhouse's Interrogatory No. 1, is the type of cross known as a "croix-barbee" or "barbee cross."

**RESPONSE**:

Games Workshop objects that this request is without foundation, is vague and ambiguous and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop denies this request.

89.    YOU do not own a copyright for the "croix-barbee" or "barbee cross" symbol.

**RESPONSE**:

Games Workshop objects that this request is vague and ambiguous as to the specific image(s) or iconography referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of crosses as such.  As a result of the foregoing, Games Workshop is unable to admit or deny this request.

90.    YOU were familiar with the "croix-barbee" or "barbee cross" symbol before YOU designed the so-called "X symbol" referred to in entry 44 of Exhibit A to YOUR response to Chapterhouse's Interrogatory No. 1.

**RESPONSE**:

Games Workshop objects that this request is without foundation, and thus seeks

3

information that is irrelevant and not likely to lead to the discovery of admissible evidence. The request is also vague and ambiguous.

Without prejudice to or waiver of the foregoing objections, Games Workshop denies this request.

91.     The "croix-barbee" or "barbee cross" symbol is in the public domain under U.S. copyright law.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific image(s) or iconography referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of crosses as such.  The request also calls for a legal conclusion.

Without prejudice to or waiver of the foregoing objections, after reasonable inquiry, Games Workshop is unable to admit or deny this request and therefore denies the same.

92.     The cross symbol of the "Black Templars" Space Marines chapter, referred to in entry 2 of Exhibit A to YOUR response to Chapterhouse's Interrogatory No. 1, is a Maltese cross.

**RESPONSE:**

Games Workshop objects that this request is without foundation, is vague and ambiguous and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop denies this request.

93.     YOU do not own a copyright for the Maltese cross symbol.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific image(s) or iconography referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of crosses as such. As a result of the foregoing, Games Workshop is unable to admit or deny this request.

94. YOU were familiar with the Maltese cross symbol before YOU designed the cross symbol of the "Black Templars" Space Marines chapter.

**RESPONSE:**

Games Workshop objects that this request is without foundation, and thus seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence. The request is also vague and ambiguous.

Without prejudice to or waiver of the foregoing objections, Games Workshop denies this request.

95. The Maltese cross symbol is in the public domain under U.S. copyright law.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific image(s) or iconography referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of crosses as such. The request also calls for a legal conclusion.

Without prejudice to or waiver of the foregoing objections, after reasonable inquiry, Games Workshop is unable to admit or deny this request and therefore denies the same.

96.     Chapterhouse's "Shoulder Pad w/ Shield & Studs for Space Marine - Tactical" product, referred to in entry 2 of Exhibit A to YOUR response to Chapterhouse's Interrogatory No. 1, is not decorated with a Maltese cross.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific image(s) or iconography referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of crosses as such.  This request also seeks information in the possession of Chapterhouse as to its sources relied on for the images of crosses it may have used.

Without prejudice to or waiver of the foregoing objections, after reasonable inquiry, Games Workshop is unable to admit or deny this request and therefore denies the same.

97.     Chapterhouse's "Shoulder Pad w/ Shield & Studs for Space Marine - Tactical" product, referred to in entry 2 of Exhibit A to YOUR response to Chapterhouse's Interrogatory No. 1, is not decorated with a black cross with a skull at its center.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is vague and ambiguous insofar as Games Workshop claims rights in particular works, not depictions of crosses or skulls as such.

Without prejudice to or waiver of the foregoing objections, admits that the Shoulder Pad w/ Shield & Studs for Space Marine - Tactical" product of which it is aware, as referred to in entry 2 of Exhibit A Games Workshop's response to Chapterhouse's Interrogatory No. 1, is not decorated with a black cross with a skull at its center.

98.     YOU have no evidence that Chapterhouse's "Shoulder Pad w/ Shield & Studs for

Space Marine — Tactical" product, referred to in entry 2 of Exhibit A to YOUR response to Chapterhouse's Interrogatory No. 1, is decorated with a black cross with a skull at its center.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and, to the extent it is not merely duplicative of request 97, is vague and ambiguous insofar as Games Workshop claims rights in particular works, not depictions of crosses or skulls as such.

Without prejudice to or waiver of the foregoing objections, except as admitted in response to request 97 above, Games Workshop is unable to admit or deny this request.

99.     Depictions of mailed fists were used in heraldry or iconography predating their use by YOU.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific image(s) or iconography referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of mailed fists as such.  The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request

100.     YOU do not own a copyright for the idea of using depictions of mailed fists in heraldry or iconography.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific image(s) or iconography referred to and seeks information that is irrelevant and not likely to lead

to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of mailed fists as such.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request.

101.    Depictions of mailed fists were used in heraldry or iconography predating their use by YOU.

**RESPONSE**:

Games Workshop objects that this request is vague and ambiguous as to the specific image(s) or iconography referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of mailed fists as such.  The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request.

102.    Depictions of gauntlets were used in heraldry or iconography before their use by YOU.

**RESPONSE**:

Games Workshop objects that this request is vague and ambiguous as to the specific image(s) or iconography referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of gauntlets as such.  The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request.

103.    YOU do not own a copyright for the idea of using depictions of gauntlets in

heraldry or iconography.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific image(s) or iconography referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of gauntlets as such. The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request.

104. Depictions of eagles were used in heraldry or iconography before their use by YOU.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific image(s) or iconography referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of eagles as such. The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request.

105. YOU do not own a copyright for the idea of using depictions of eagles in heraldry or iconography.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific image(s) or iconography referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular

works, not depictions of eagles as such.  The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request.

106.    Depictions of ravens were used in heraldry or iconography before their use by YOU.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific image(s) or iconography referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of ravens as such.  The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request..

107.    YOU do not own a copyright for the idea of using depictions of ravens in heraldry or iconography.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific image(s) or iconography referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of ravens as such.  The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request.

108.    Depictions of lions were used in heraldry or iconography before their use by YOU.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific image(s) or iconography referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of lions as such. The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request.

109. YOU do not own a copyright for the idea of using depictions of lions in heraldry or iconography.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific image(s) or iconography referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of lions as such. The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request.

110. Depictions of griffons were used in heraldry or iconography before their use by YOU.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific image(s) or iconography referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of griffons as such. The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request.

111.    YOU do not own a copyright for the idea of using depictions of griffons in heraldry or iconography.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific image(s) or iconography referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of griffons as such.  The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request..

112.    Depictions of dragons were used in heraldry or iconography before their use by YOU.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific image(s) or iconography referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of dragons as such.  The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request.

113.    YOU do not own a copyright for the idea of using depictions of dragons in heraldry or iconography.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific image(s) or iconography referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of dragons as such. The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request.

114.    Depictions of salamanders were used in heraldry or iconography before their use by YOU.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific image(s) or iconography referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of salamanders as such. The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request.

115.    YOU do not own a copyright for the idea of using depictions of salamanders in heraldry or iconography.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific image(s) or iconography referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of salamanders as such. The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing

objections Games Workshop is unable to admit or deny this request.

116.     Depictions of snakes were used in heraldry or iconography before their use by YOU.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific image(s) or iconography referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of snakes as such.  The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request..

117.     YOU do not own a copyright for the idea of using depictions of snakes in heraldry or iconography.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific image(s) or iconography referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of snakes as such.  The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request.

118.     Depictions of snakes with mouth open and body arched were used in heraldry or iconography before their use by YOU.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific

image(s) or iconography referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of snakes with mouth open and body arched as such. The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request.

119.    YOU do not own a copyright for the idea of using depictions of snakes with mouth open and body arched in heraldry or iconography.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific image(s) or iconography referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of snakes with mouth open and body arched as such. The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request.

120.    Depictions of foxes were used in heraldry or iconography before their use by YOU.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific image(s) or iconography referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of foxes as such. The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request.

121.    YOU do not own a copyright for the idea of using depictions of foxes in heraldry or iconography.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific image(s) or iconography referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of foxes as such.  The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request.

122.    Depictions of wolves were used in heraldry or iconography before their use by YOU.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific image(s) or iconography referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of wolves as such.  The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request.

123.    YOU do not own a copyright for the idea of using depictions of foxes in heraldry or iconography.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific image(s) or iconography referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of foxes as such. The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request.

124.     Depictions of chalices and cups were used in heraldry or iconography before their use by YOU.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific image(s) or iconography referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of chalices and cups as such. The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request..

125.     YOU do not own a copyright for the idea of using depictions of chalices or cups in heraldry or iconography.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific image(s) or iconography referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of chalices and cups as such. The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing

objections Games Workshop is unable to admit or deny this request.

126.    The depiction of a circular sawblade in Chapterhouse's "Sawblade Shoulder Pad & Jewel" product is shaped like a real circular sawblade.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific image(s) or iconography of a "real circular sawblade" referred to and insofar as Chapterhouse's "Sawblade Shoulder Pad & Jewel" is specifically referenced on the Chapterhouse website with the statement that "[t]his looks great as an evil sun or if you use the jewel drop, looks spectacular for 'Fleshtearer' space marine® shoulder pads."

Without prejudice to or waiver of the foregoing objections, Games Workshop denies this request.

127.    The depiction of a circular sawblade in the icon of YOUR "Flesh Tearers" Space Marine chapter is shaped like a real circular sawblade.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific image(s) or iconography of a "real circular sawblade" referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of sawblades as such.  The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request.

128.    The shape of the circular sawblade in the icon of YOUR "Flesh Tearers" Space Marine chapter is in the public domain under U.S. copyright law.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific image(s) or iconography of a "real circular sawblade" referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of sawblades as such. The request also seeks a legal conclusion. The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request.

129.    YOU do not own a copyright for the idea of using depictions of circular sawblades in heraldry or iconography.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific image(s) or iconography of a "circular sawblade" referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of sawblades as such. The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request..

130.    The shape of the drop of blood used in Chapterhouse's "Sawblade Shoulder Pad & Jewel" product is in the public domain under U.S. copyright law.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific allegedly public domain image(s) or iconography of a "drop of blood" referred to and seeks

information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of drops of blood as such. This request also seeks information in the possession of Chapterhouse as to its sources relied on for the images of drops of blood it may have used. The request also calls for a legal conclusion. The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request.

131. The shapes of Roman numerals are in the public domain under U.S. copyright law.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific allegedly public domain image(s) or iconography of a "Roman numerals" referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of Roman numerals as such. The request also calls for a legal conclusion. The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request.

132. Roman numerals are commonly used in military insignia.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific military insignia bearing image(s) or iconography of a "Roman numerals" referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence

insofar as Games Workshop claims rights in particular works, not depictions of Roman numerals as such. The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request.

133.    YOU do not own a copyright for the idea of using Roman numerals in heraldry or iconography.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific ideas, image(s) or iconography of a "Roman numerals" referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of Roman numerals as such. The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request.

134.    Arrow shapes are in the public domain under U.S. copyright law.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific allegedly public domain image(s) or iconography of a "arrows" referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of arrows as such. The request also calls for a legal conclusion. The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request.

135.    Arrows are commonly used in military insignia.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific

military insignia bearing image(s) or iconography of a "arrows" referred to and seeks

information that is irrelevant and not likely to lead to the discovery of admissible evidence

insofar as Games Workshop claims rights in particular works, not depictions of arrows as such.

The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing

objections Games Workshop is unable to admit or deny this request.

136.    YOU do not own a copyright for the idea of using depictions of arrows in

heraldry or iconography.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific

ideas, image(s) or iconography of a "arrows" referred to and seeks information that is irrelevant

and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims

rights in particular works, not depictions of arrows as such.  The request also lacks a proper

foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing

objections Games Workshop is unable to admit or deny this request.

137.    Triangles are in the public domain under U.S. copyright law.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific

allegedly public domain image(s) or iconography of a "triangles" referred to and seeks

information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of triangles as such. The request also calls for a legal conclusion. The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request.

138.    YOU do not own a copyright for the idea of using triangles in heraldry or iconography.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific ideas, image(s) or iconography of a "triangles" referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of triangles as such. The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request.

139.    The letter V is in the public domain under U.S. copyright law.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific allegedly public domain image(s) or iconography of the letter "V" referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of letters as such. The request also calls for a legal conclusion. The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing

objections Games Workshop is unable to admit or deny this request.

140.    The inverted V symbol used on YOUR "Devastator squad" shoulder pads, identified in Exhibit A to your response to Chapterhouse's Interrogatory No. 1, Entry 48, is in the public domain under U.S. copyright law.

**RESPONSE:**

Games Workshop objects that this request is without foundation, is vague and ambiguous and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence. The request also calls for a legal conclusion.  The request also lacks a proper foundation.

Without prejudice to or waiver of the foregoing objections, Games Workshop denies this request.

141.    YOU do not own a copyright on any letters of the alphabet.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific allegedly public domain image(s) or iconography of letters referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of letters as such.  The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request.

142.    The depictions of gears and cogs used in Chapterhouse's products are shaped like real gears and cogs.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific image(s) or iconography of a "gears and cogs" referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of gears and cogs as such. This request also seeks information in the possession of Chapterhouse as to its sources relied on for the images of gears and cogs it may have used. The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request.

143.    The shapes of the depictions of gears and cogs used in Chapterhouse's products are in the public domain under U.S. copyright law.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific image(s) or iconography of a "gears and cogs" referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of gears and cogs as such. This request also seeks information in the possession of Chapterhouse as to its sources relied on for the images of gears and cogs it may have used. The request also calls for a legal conclusion. The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request.

144.    The depictions of gears and cogs used in YOUR products are shaped like real gears and cogs.

**RESPONSE:**

25

Games Workshop objects that this request is vague and ambiguous as to the specific image(s) or iconography of a "gears and cogs" referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of gears and cogs as such. The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request.

145.    The shapes of the depictions of gears and cogs used in YOUR products are in the public domain under U.S. copyright law.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific image(s) or iconography of a "gears and cogs" referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of gears and cogs as such.  The request also calls for a legal conclusion.  The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request.

146.    YOU do not own a copyright for the idea of using depictions of gears or cogs in heraldry or iconography.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific ideas, image(s) or iconography of a "gears and cogs" referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games

26

Workshop claims rights in particular works, not depictions of gears and cogs as such. The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request.

147.    The shape of a mantis head is in the public domain under U.S. copyright law.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific image(s) or iconography of a "mantis head" referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of mantis heads as such. The request also calls for a legal conclusion. The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request.

148.    Depictions of mantis heads were used in heraldry or iconography before their use by YOU.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific image(s) or iconography of a "mantis head" referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of mantis heads as such. The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request.

149.     YOU do not own a copyright for the idea of using depictions of mantis heads in heraldry or iconography.

**RESPONSE**:

Games Workshop objects that this request is vague and ambiguous as to the specific image(s) or iconography of a "mantis head" referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of mantis heads as such.  The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request.

150.     Depictions of scarab beetles were used in heraldry or iconography before their use by YOU.

**RESPONSE**:

Games Workshop objects that this request is vague and ambiguous as to the specific image(s) or iconography of a "scarab beetle" referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of scarab beetles as such.  The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request.

151.     The shape of a scarab beetle is in the public domain under U.S. copyright law.

**RESPONSE**:

Games Workshop objects that this request is vague and ambiguous as to the specific

image(s) or iconography of a "scarab beetle" referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of scarab beetles heads as such. The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request.

152.    YOU do not own a copyright for the idea of using depictions of scarab beetles in heraldry or iconography.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific image(s) or iconography of a "scarab beetle" referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of scarab beetles as such. The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request.

153.    Depictions of sunbursts were used in heraldry or iconography before their use by YOU.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific image(s) or iconography of a "sunburst" referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of sunbursts as such. The request also lacks a proper

foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request.

154. The shape of a sunburst is in the public domain under U.S. copyright law.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific image(s) or iconography of a "mantis head" referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of mantis heads as such. The request also calls for a legal conclusion. The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request.

155. YOU do not own a copyright for the idea of using sunburst designs in heraldry or iconography.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to the specific ideas, image(s) or iconography of a "sunburst" referred to and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of sunbursts as such. The request also lacks a proper foundation.

As a result of the foregoing, and without prejudice to or waiver of the foregoing objections Games Workshop is unable to admit or deny this request.

156. Michael Moorcock wrote novels published before Warhammer 40,000 that

used an eight-pointed star as the symbol of Chaos.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of stars as such.  Games Workshop further objects that the term used is vague and ambiguous.  Nor is Games Workshop aware of any eight-pointed stars "used" by Mr. Moorcock alleged to resemble those incorporated by Games Workshop in its original designs.  As a result of the foregoing, and without prejudice to or waiver of the foregoing objections, Games Workshop is unable to admit or deny this request, and therefore denies the same, except that Games Workshop admits Mr. Moorcock has described a different eight-pointed star before the publication of Warhammer 40,000.

157.    Michael Moorcock's novel "Stormbringer" describes the sign of chaos as eight arrows radiating from a central hub.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of stars as such.  Nor is Games Workshop aware of any eight-pointed stars "used" by Mr. Moorcock alleged to resemble those incorporated by Games Workshop in its original designs.  As a result of the foregoing, and without prejudice to or waiver of the foregoing objections, Games Workshop is unable to admit or deny this request, except that Games Workshop admits Mr. Moorcock has described a different eight-pointed star before the publication of Warhammer 40,000.

158.    Stormbringer was published before Warhammer 40,000 was published.

31

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of stars as such. Nor is Games Workshop aware of any eight-pointed stars "used" by Mr. Moorcock alleged to resemble those incorporated by Games Workshop in its original designs. Without prejudice to or waiver of the foregoing objections, Games Workshop admits that Stormbringer was published before Warhammer 40,000.

159.    YOUR use of an eight-pointed star to symbolize Chaos is derived from the novels of Michael Moorcock.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of stars as such. Nor is Games Workshop aware of any eight-pointed stars "used" by Mr. Moorcock alleged to resemble those incorporated by Games Workshop in its original designs.

Without prejudice to or waiver of the foregoing objections, Games Workshop denies this request.

160.    One or more editions of the book "Advanced Dungeons and Dragons: Deities and Demigods" depict the sign of chaos as eight arrows radiating from a central hub.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of stars as such. Games Workshop further objects that the

term used is vague and ambiguous.  Nor is Games Workshop aware of any eight-pointed stars in Advanced Dungeons and Dragons: Deities and Demigods alleged to resemble those incorporated by Games Workshop in its original designs.  As a result of the foregoing, and without prejudice to or waiver of the foregoing objections, Games Workshop is unable to admit or deny this request, and therefore denies the same, except that Games Workshop admits Advanced Dungeons and Dragons: Deities and Demigods describes a different eight-pointed star as a symbol of chaos.

161.    The book "Advanced Dungeons and Dragons: Deities and Demigods" was published before Warhammer 40,000 was published.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of stars as such.  Games Workshop further objects that the term used is vague and ambiguous.  Nor is Games Workshop aware of any eight-pointed stars in Advanced Dungeons and Dragons: Deities and Demigods alleged to resemble those incorporated by Games Workshop in its original designs.  As a result of the foregoing, and without prejudice to or waiver of the foregoing objections, Games Workshop is unable to admit or deny this request, and therefore denies the same, except that Games Workshop admits Advanced Dungeons and Dragons: Deities and Demigods was published before Warhammer 40,000.

162.    YOUR use of an eight-pointed star to symbolize Chaos is derived from the book "Advanced Dungeons and Dragons: Deities and Demigods."

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of stars as such. Nor is Games Workshop aware of any eight-pointed stars in "Advanced Dungeons and Dragons: Deities and Demigods" alleged to resemble those incorporated by Games Workshop in its original designs.

Without prejudice to or waiver of the foregoing objections, Games Workshop denies this request.

163.    YOUR use of an eight-pointed star to symbolize Chaos is derived from the "Dungeons and Dragons" game.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims rights in particular works, not depictions of stars as such. Nor is Games Workshop aware of any eight-pointed stars in "Dungeons and Dragons" alleged to resemble those incorporated by Games Workshop in its original designs.

Without prejudice to or waiver of the foregoing objections, Games Workshop denies this request.

164.    YOU have no evidence that defendant Jon Paulson or Paulson Games designed the Super-Heavy Assault Walker.

**RESPONSE:**

Games Workshops objects that this request is vague and ambiguous. Without prejudice to or waiver of these objections, Games Workshop denies this request.

165.     The Space Marine chapter "Star Fox" is a fan-created chapter.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop has already acknowledged it claims no rights in "Star Fox". The request is also vague and ambiguous and calls for a legal conclusion.

Without prejudice to or waiver of the foregoing objections, Games Workshop avers that Star Fox is a derivative work and therefore denies this request except to admit that it was a fan that created the derivative work.

166.     YOU do not own a trademark for the fan-created Space Marine chapter "Star Fox."

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop has already acknowledged it claims no rights in "Star Fox". Without prejudice to or waiver of the foregoing objections, Games Workshop admits this request.

167.     "Lions Rampant" is a fan-created Space Marine chapter.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as Lions Rampant is a derivative work based on Games Workshop works, and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Games Workshop claims no rights in this action in "Lions Rampant".

Without prejudice to or waiver of the foregoing objections, Games Workshop avers that

35

Star Fox is a derivative work and therefore denies this request except to admit that it was a fan that created the derivative work.

168.    YOU do not own a trademark for the Space Marine chapter "Lions Rampant."

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits this request.

169.    YOUR Tyranids works identified in YOUR First Amended Complaint and responses to Chapterhouse's First Set of Interrogatories were based in part on one or more of the movies *Alien, Aliens, Alien 3, Alien Resurrection, Aliens vs. Predator, and Aliens vs. Predator - Requiem.*

**RESPONSE:**

Games Workshops objects that the term "based upon" as used in this request is vague and ambiguous.

Without prejudice to or waiver of these objections, Games Workshop admits that it was aware of at least some of the works before creating Tyranids works but otherwise denies this request.

170.    YOUR Tyranids works identified in YOUR First Amended Complaint and responses to Chapterhouse's First Set of Interrogatories were influenced by the movie *Alien*.

**RESPONSE:**

Games Workshops objects that the term "influenced" as used in this request is vague and ambiguous.

36

Without prejudice to or waiver of these objections, Games Workshop admits that it was aware of the movie "Alien" before creating Tyranids works but otherwise denies this request.

171.    YOU consulted the movie *Alien* in designing YOUR Tyranid works.

**RESPONSE:**

Games Workshops objects that the term "consulted" as used in this request is vague and ambiguous.

Without prejudice to or waiver of these objections, Games Workshop denies this request.

172.    YOU do not have a license to use material from the movie *Alien*.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence. Without prejudice to or waiver of these objections, Games Workshop admits this request.

173.    YOUR Tyranids works identified in YOUR First Amended Complaint and responses to Chapterhouse's First Set of Interrogatories were influenced by the movie *Aliens*.

**RESPONSE:**

Games Workshops objects that the term "influenced" as used in this request is vague and ambiguous.

Without prejudice to or waiver of these objections, denies this request.

174.    YOU consulted the movie *Aliens* in designing YOUR Tyranid works.

**RESPONSE:**

Games Workshops objects that the term "consulted" as used in this request is vague

and ambiguous.

Without prejudice to or waiver of these objections, denies this request.

175.    YOU do not have a license to use material from the movie *Aliens*.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence. Without prejudice to or waiver of these objections, Games Workshop admits this request.

176.    YOUR Tyranids works identified in YOUR First Amended Complaint and responses to Chapterhouse's First Set of Interrogatories were influenced by the movie *Alien 3*.

**RESPONSE:**

Games Workshops objects that the term "influenced" as used in this request is vague and ambiguous.

Without prejudice to or waiver of these objections, Games Workshop denies this request.

177.    YOU consulted the movie *Alien 3* in designing YOUR Tyranid works.

**RESPONSE:**

Games Workshops objects that the term "consulted" as used in this request is vague and ambiguous.

Without prejudice to or waiver of these objections, Games Workshop denies this request.

178.    YOU do not have a license to use material from the movie *Alien 3*.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence. Without prejudice to or waiver of these objections, Games Workshop admits this request.

179.     YOUR Tyranids works identified in YOUR First Amended Complaint and responses to Chapterhouse's First Set of Interrogatories were influenced by the movie *Alien Resurrection*.

**RESPONSE:**

Games Workshops objects that the term "influenced" as used in this request is vague and ambiguous.

Without prejudice to or waiver of these objections, Games Workshop denies this request.

180.     YOU consulted the movie *Alien Resurrection* in designing YOUR Tyranid works.

**RESPONSE:**

Games Workshops objects that the term "consulted" as used in this request is vague and ambiguous.

Without prejudice to or waiver of these objections, Games Workshop denies this request.

181.     YOU do not have a license to use material from the movie *Alien Resurrection*.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence. Without prejudice to or waiver of these objections, Games Workshop admits this request.

182.    YOUR Tyranids works identified in YOUR First Amended Complaint and responses to Chapterhouse's First Set of Interrogatories were influenced by the movie *Aliens vs. Predator.*

**RESPONSE:**

Games Workshops objects that the term "influenced" as used in this request is vague and ambiguous.

Without prejudice to or waiver of these objections, Games Workshop denies this request.

183.    YOU consulted the movie *Aliens vs. Predator* in designing YOUR Tyranid works.

**RESPONSE:**

Games Workshops objects that the term "consulted" as used in this request is vague and ambiguous.

Without prejudice to or waiver of these objections, Games Workshop denies this request.

184.    YOU do not have a license to use material from the movie *Aliens vs. Predator.*

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.  Without prejudice to or waiver of these objections, Games Workshop admits this request.

185.    YOUR Tyranids works identified in YOUR First Amended Complaint and responses to Chapterhouse's First Set of Interrogatories were influenced by the movie *Aliens*

*vs. Predator - Requiem.*

**RESPONSE:**

Games Workshops objects that the term "influenced" as used in this request is vague and ambiguous.

Without prejudice to or waiver of these objections, Games Workshop denies this request.

186.    YOU consulted the movie *Aliens vs. Predator - Requiem* in designing YOUR Tyranid works.

**RESPONSE:**

Games Workshops objects that the term "consulted" as used in this request is vague and ambiguous.

Without prejudice to or waiver of these objections, Games Workshop denies this request.

187.    YOU do not have a license to use material from the movie *Aliens vs. Predator - Requiem.*

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence. Without prejudice to or waiver of these objections, Games Workshop admits this request.

188.    YOU consulted issues of the *Aliens versus Predator* comic book series in designing YOUR Tyranid works.

**RESPONSE:**

Games Workshops objects that the term "consulted" as used in this request is vague

and ambiguous. Games workshop further objects that there is no foundation for this request.

Without prejudice to or waiver of these objections, Games Workshop denies this request.

189. YOUR Tyranids works identified in YOUR First Amended Complaint and responses to Chapterhouse's First Set of Interrogatories were influenced by the art of H.R. Giger.

**RESPONSE:**

Games Workshops objects that the term "influenced" as used in this request is vague and ambiguous. Games workshop further objects that there is no foundation for this request.

Without prejudice to or waiver of these objections, Games Workshop admits that it was aware of certain art of H.R. Giger before creating Tyranids works but otherwise denies this request.

190. YOU consulted the works of H.R. Giger in designing YOUR Tyranid works.

**RESPONSE:**

Games Workshops objects that the term "consulted" as used in this request is vague and ambiguous.

Without prejudice to or waiver of these objections, Games Workshop denies this request.

191. YOU do not have a license to use any of the works of H.R. Giger.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence. Without prejudice to or waiver of these objections, Games Workshop admits this request.

192.    YOUR Tyranids works identified in YOUR First Amended Complaint and responses to Chapterhouse's First Set of Interrogatories were based in part on the art of H.R. Giger.

**RESPONSE:**

Games Workshops objects that the term "based in part" as used in this request is vague and ambiguous.

Without prejudice to or waiver of these objections, Games Workshop denies this request.

193.    YOU do not own a copyright for the Judge Dredd character as depicted in Exhibit 2 hereto.

**RESPONSE:**

Games Workshops objects that this request is vague and ambiguous.  Without prejudice to or waiver of these objections, Games Workshop admits that is does not own a copyright in the Judge Dredd character.

194.    The design of YOUR Space Marine shoulder pads was influenced by drawings of the Judge Dredd character.

**RESPONSE:**

Games Workshop denies this request.

195.    The design of YOUR Space Marine shoulder pads was based on drawings of the Judge Dredd character.

**RESPONSE:**

Games Workshop denies this request.

196.    YOU were familiar with the Judge Dredd character before YOUR Space

Marine shoulder pads were designed.

**RESPONSE:**

Games Workshops objects that the term "familiar" as used in this request is vague and ambiguous.

Without prejudice to or waiver of these objections, Games Workshop admits that it was aware of the Judge Dredd character before it created the Space Marine shoulder pads and otherwise denies this request..

197.    YOU are not currently a licensee of the Judge Dredd character.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence. Without prejudice to or waiver of these objections, Games Workshop is unable to admit or deny this request

198.    YOU are not an exclusive licensee of the Judge Dredd character.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence. Without prejudice to or waiver of these objections, Games Workshop admits this request.

199.    The Tau race was inspired by the Klingon race.

**RESPONSE:**

Games Workshop denies this request.

200.    The Tau race was copied from the Klingon race.

**RESPONSE:**

Games Workshop denies this request.

201.    The Tau race was inspired by the look of Japanese Manga.

**RESPONSE:**

Games Workshop denies this request.

202.    The Tau race was copied from the look of Japanese Manga.

**RESPONSE:**

Games Workshop denies this request.

203.    Rick Priestly is a former Creative Director at Games Workshop.

**RESPONSE:**

Games Workshop admits this request.

204.    In a podcast on June 15, 2011, available at http://www.40kradio.com/podpress trac/web/1433/0/Show2lx.mp3, Rick Priestly stated that the Tau race was a combination of the Klingon race and Japanese Manga.

**RESPONSE:**

An attempt by Games Workshop to access this file at the stated internet address produces the notice "Page Note Found".  However, Games Workshop objects that this request is without foundation as Mr. Priestley was not involved in any relevant respect in creating the Tau Race.  Without prejudice to or waiver of the foregoing objections, after reasonable inquiry, Games Workshop is thus unable to admit or deny this request and therefore denies the same.

205.    Warhammer 40,000 was created in 1987.

**RESPONSE:**

Games Workshop denies this request

206.    YOU published the first edition of Warhammer 40,000 in 1987.

**RESPONSE:**

Games Workshop admits this request.

207.    YOU published the first edition of "Rogue Trader" in 1987.

**RESPONSE:**

Games Workshop admits this request.

208.    "Rogue Trader" was the first edition of Warhammer 40,000.

**RESPONSE:**

Games Workshop admits this request

209.    The Space Marine chapters were based on the Roman legions.

**RESPONSE:**

Games Workshop denies this request.

210.    The only works YOU sell in the United States under the name "Soul Drinker" or "Soul Drinkers" are the novels referred to in Entry No. 23 of Exhibit A to Games Workshop's Response to Chapterhouse's First Interrogatory.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous. Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits this request.

211.    YOU do not manufacture or sell a product in the United States called a "doomseer."

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits this request.

212.     YOU did not originate the name "doomseer."

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits this request.

213.     The name "doomseer" is a fan-created name.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, after reasonable inquiry, Games Workshop is unable to admit or deny this request and therefore denies the same.

214.     In the Warhammer 40,000 fantasy universe, a space marine is a type of warrior.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits this request.

215.     "Space Marine" is not the name of a single unique character.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to what is meant by a unique character as used in reference to "a 'Space Marine.'" Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence. As a result of the foregoing, Games Workshop is unable to admit or deny this request.

216.     There can be more than one space marine in a Warhammer 40,000 army.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits this request.

217.     A "Space Marine" is not a character.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as to what is meant by "a" character as used in reference to "a 'Space Marine.'" Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence. As a result of the foregoing, Games Workshop is unable to admit or deny this request.

218.     In the Warhammer 40,000 fantasy universe, "tervigon" is the name of a type of Tyranid.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits this request.

219.    "Tervigon" is not the name of a single unique character.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.  Games Workshop objects that this request is vague and ambiguous as to what is meant by a unique character.  As a result of the foregoing, Games Workshop is unable to admit or deny this request.

220.    There can be more than one tervigon in a Warhammer 40,000 Tyranid army.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits this request.

221.    A "tervigon" is not a character.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.  Games Workshop objects that this request is vague and ambiguous as to what is meant by "a character" as used in reference to "a 'Tervigon.'"  As a result of the foregoing, Games Workshop is unable to admit or deny this request.

222.     YOU did not invent the word "carnifex."

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery admissible evidence.  Games Workshop admits that there existed a prior foreign usage of the word "carnifex" but not as applied as the name of a Tyranid monster in the Warhammer 40k universe and to this extent denies this request.

223.     Carnifex is a Latin word meaning "executioner."

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery admissible evidence.  Games Workshop admits that there existed a prior Latin usage of the word "carnifex", but not as applied as the name of a Tyranid monster in the Warhammer 40k universe and to this extent denies this request.

224.     Carnifex is a medieval Latin word meaning "butcher."

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery admissible evidence.  Games Workshop admits that there existed a prior foreign usage of the word "carnifex" but not as applied as the name of a Tyranid monster in the Warhammer 40k universe and to this extent denies this request.

225.     In the Warhammer 40,000 fantasy universe, "carnifex" is the name of a type of Tyranid.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits this request.

226.    "Carnifex" is not the name of a single unique character.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.  Games Workshop objects that this request is vague and ambiguous as to what is meant by a unique character.  As a result of the foregoing, Games Workshop is unable to admit or deny this request.

227.    There can be more than one carnifex in a Warhammer 40,000 Tyranid army.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits this request.

228.    A "carnifex" is not a character.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.  Games Workshop objects that this request is vague and ambiguous as to what is meant by "a" character as used in reference to "a 'Carnifex.'"  As a result of the foregoing, Games Workshop is unable to admit or deny this request.

229.    In order to use Chapterhouse's "Conversion kit for Tyranid Tervigon" product, a customer must own or purchase a Games Workshop "carnifex" miniature.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence. Games Workshop objects that this request is vague and ambiguous.

Without prejudice to or waiver of the foregoing objections, after reasonable inquiry, Games Workshop is unable to admit or deny this request and therefore denies the same.

230. Sales of YOUR "carnifex" products did not decrease after Chapterhouse began selling the "Conversion kit for Tyranid Tervigon" product.

**RESPONSE:**

Games Workshop objects that this request is without any foundation. Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, after reasonable inquiry, Games Workshop is unable to admit or deny this request and therefore denies the same.

231. Sales of YOUR "carnifex" products increased after Chapterhouse began selling the "Conversion kit for Tyranid Tervigon" product.

**RESPONSE:**

Games Workshop objects that this request is without any foundation. Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, after reasonable inquiry, Games Workshop is unable to admit or deny this request and therefore denies the same.

232. YOU do not manufacture or sell a tervigon figure.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits this request.

233.    YOU do not manufacture or sell a tervigon conversion kit.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits this request.

234.    "Ymgarl" is a type of Tyranid creature.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence. Games Workshop objects that this request is vague and ambiguous.

Without prejudice to or waiver of the foregoing objections, Games Workshop denies this request.

235.    "Ymgarl" is not the name of a single unique character.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.  Games Workshop objects that this request is vague and ambiguous.

Without prejudice to or waiver of the foregoing objections, Games Workshop denies

this request.

236.    There can be more than one ymgarl in a Warhammer 40,000 Tyranid army.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.  Games Workshop objects that this request is vague and ambiguous.

Without prejudice to or waiver of the foregoing objections, Games Workshop denies this request

237.    A "ymgarl" is not a character.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence. Games Workshop objects that this request is vague and ambiguous.

Without prejudice to or waiver of the foregoing objections, Games Workshop denies this request.

238.    "Ymgarl genestealer" is a type of Tyranid creature.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence. Games Workshop objects that this request is vague and ambiguous.

Without prejudice to or waiver of the foregoing objections, Games Workshop denies this request.

239.    "Ymgarl genestealer" is not the name of a single unique character.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence. Games Workshop objects that this request is vague and ambiguous.

Without prejudice to or waiver of the foregoing objections, Games Workshop denies this request.

240.    There can be more than one ymgarl genestealer in a Warhammer 40,000 Tyranid army.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence. Games Workshop objects that this request is vague and ambiguous.

Without prejudice to or waiver of the foregoing objections, Games Workshop denies this request.

241.    A "ymgarl genestealer" is not a character.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence. Games Workshop objects that this request is vague and ambiguous.

Without prejudice to or waiver of the foregoing objections, Games Workshop denies this request.

242.    A railgun is a real type of weapon. YOUR railgun miniatures or bits that you sell with or as accessories for YOUR Tau miniatures are modeled on real railguns.

**<u>RESPONSE</u>:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.  Games Workshop objects that this request is vague and ambiguous and compound.

Without prejudice to or waiver of the foregoing objections, Games Workshop denies this request.

243.     YOU do not manufacture or sell a four-legged "walker" vehicle for the Tau army.

**<u>RESPONSE</u>:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits this request.

244.     YOUR Imperial Titan figures, referred to in Exhibit A to YOUR response to Chapterhouse's First Set of Interrogatories, are two-legged walking weapons platforms.

**<u>RESPONSE</u>:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.  Games Workshop further objects that the term "walking weapons platforms" is vague and ambiguous.

As a result of the foregoing and without prejudice to or waiver of the foregoing objections, Games Workshop is unable to admit or deny this request.

245.     YOU do not sell a four-legged walker vehicle for the Tau army.

**<u>RESPONSE</u>:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits this request.

246.     YOU do not sell a four-legged walker vehicle for Warhammer 40,000.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop denies this request.

247.     YOU have never published rules for a four-legged "walker" vehicle for Warhammer 40,000.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop denies this request.

248.     YOU purchased one of Chapterhouse's "Super-Heavy Assault Walker" products.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits

this request.

249.    The "Super-Heavy Assault Walker" product YOU purchased was not decorated with the Tau Empire symbol referred to in YOUR responses to Chapterhouse's First Set of Interrogatories.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous and compound.

Without prejudice to or waiver of the foregoing objections, Games Workshop denies this request.

250.    The copyright law of the United Kingdom does not have a "work made for hire" provision that would create the legal fiction that an employer is the "author" of a work created by its employee.

**RESPONSE:**

Games Workshop objects that this request seeks a legal conclusion.

Without prejudice to or waiver of the foregoing objections, Games Workshop denies this request.

251.    YOU do not use the marks CHAPTERHOUSE or CHAPTER HOUSE or CHAPTER-HOUSE in connection with any of YOUR products.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits this request.

252.    YOU encourage the public to convert YOUR products without having a

formal license from YOU.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous and takes out of context Games Workshop's stated policies intended for customers, hobbyists and non-commercial users and hence is irrelevant here and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that it encourages non-commercial use of its products and otherwise denies this request.

253.    YOU encourage the public to create miniatures for your games without having a formal license from YOU.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous and seeks information that is irrelevant here and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop denies this request.

254.    YOU have published articles that instruct people in how to create miniatures for use in YOUR games.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous and seeks information that is irrelevant here and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop denies this request.

255.    "Kitbashing" means combining pieces from different miniatures to create a

new miniature figure.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant here and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits this request.

256. YOU have published articles that instruct people in kitbashing.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous and seeks information that is irrelevant here and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that it has published statements encouraging combining of genuine Games Workshop products, and otherwise denies this request.

257. The term "bits" is commonly used in the gaming industry and by garners to refer to parts or accessories that fit on pre-existing miniatures, models, and/or figures.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous and seeks information in the possession of third parties.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits it has sought to popularize the use of the term "bits", alone and in combination with other elements, to refer to its own products, but after reasonable inquiry is otherwise unable to admit or deny this request and therefore denies the same.

258. The term "bits" is used by United States miniature manufacturers and sellers

to refer to parts or accessories that fit on pre-existing miniatures, models, and/or figures.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous and seeks information in the possession of third parties.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits it has sought to popularize the use of the term "bits", alone and in combination with other elements, to refer to its own products, but after reasonable inquiry is otherwise unable to admit or deny this request and therefore denies the same.

259.     Chapterhouse's miniatures and accessories can be used to play tabletop wargames other than Warhammer and Warhammer 40,000.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous and seeks information in the possession of third parties.

Without prejudice to or waiver of the foregoing objections, after reasonable inquiry Games Workshop is unable to admit or deny this request and therefore denies the same.

260.     Chapterhouse's bits and accessories are compatible with miniatures other than YOUR products.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous and seeks information in the possession of third parties.

Without prejudice to or waiver of the foregoing objections, after reasonable inquiry Games Workshop is unable to admit or deny this request and therefore denies the same.

261.     Chapterhouse's products can be used for fan-created Space Marine chapters or

armies.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous and seeks information that is irrelevant here and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that Chapterhouse has created infringing derivative works that can be used with certain genuine Games Workshop products.

262.    YOU permit people to create new Space Marine chapters or armies.

**RESPONSE:**

Games Workshop objects that this request, including the word "permit" is vague and ambiguous and takes out of context Games Workshop's policies intended for customers, hobbyists and non-commercial users and hence is irrelevant here and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop denies this request.

263.    YOU encourage people to create new Space Marine chapters or armies.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous.

Without prejudice to or waiver of the foregoing objections, Games Workshop denies this request.

264.    The adjective "custom" designates "articles made to measure or to order."

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous, lacks a proper

foundation and seeks information in the possession of third parties.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that part of its contention in this case is that Chapterhouse's promotion of its products and services as being custom made for Warhammer 40,000 is false and misleading in implying that its articles made to measure or to order" on behalf of Games Workshop, but is otherwise unable to admit or deny this request.

265.    YOU do not make products to measure or to order for YOUR customers.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant here and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits this request.

266.    YOU encourage hobbyists to invent game rules for Warhammer 40,000.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous and takes out of context Games Workshop's stated policies intended for customers, hobbyists and non-commercial users and hence is irrelevant here and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that it encourages hobbyists to invent rules for limited purposes and solely for their personal, non-commercial, non-public use, and otherwise denies this request.

267.    YOUR Warhammer 40,000 rule book identified in the First Amended Complaint was first sold simultaneously in the United States and the United Kingdom.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, admits that the Warhammer 40,000 rule book identified in the First Amended Complaint is now sold simultaneously in the United States and the United Kingdom, but after reasonable inquiry is otherwise unable to admit or deny this request and therefore denies the same.

268.    YOUR Warhammer 40,000 rule book identified in the First Amended Complaint was first offered for sale simultaneously in the United States and the United Kingdom.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, admits that the Warhammer 40,000 rule book identified in the First Amended Complaint is now sold simultaneously in the United States and the United Kingdom, but after reasonable inquiry is otherwise unable to admit or deny this request and therefore denies the same.

269.    YOUR Warhammer 40,000 rule book identified in the First Amended Complaint was first offered for sale over the Internet.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, admits that Warhammer

40,000 rule book identified in the First Amended Complaint is now sold on the internet, but after reasonable inquiry is otherwise unable to admit or deny this request and therefore denies the same.

270.     YOUR Space Marine Collectors' Guide identified in the First Amended Complaint was first sold simultaneously in the United States and the United Kingdom.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, admits that the Space Marine Collectors' Guide identified in the First Amended Complaint is now sold simultaneously in the United States and the United Kingdom, but after reasonable inquiry is otherwise unable to admit or deny this request and therefore denies the same.

271.     YOUR Space Marine Collectors' Guide identified in the First Amended Complaint was first offered for sale simultaneously in the United States and the United Kingdom.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, admits that the Space Marine Collectors' Guide identified in the First Amended Complaint is now sold simultaneously in the United States and the United Kingdom, but after reasonable inquiry is otherwise unable to admit or deny this request and therefore denies the same.

272.     YOUR Space Marine Collectors' Guide identified in the First Amended

Complaint was first offered for sale over the Internet.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, admits that the Space Marine Collectors' Guide identified in the First Amended Complaint is now sold on the internet, but after reasonable inquiry is otherwise unable to admit or deny this request and therefore denies the same.

273.    YOUR Warhammer 40,000 Tyranids codex identified in the First Amended Complaint was first sold simultaneously in the United States and the United Kingdom.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, admits that the Tyranids codex identified in the First Amended Complaint is now sold simultaneously in the United States and the United Kingdom, but after reasonable inquiry is otherwise unable to admit or deny this request and therefore denies the same.

274.    YOUR Warhammer 40,000 Tyranids codex identified in the First Amended Complaint was first offered for sale simultaneously in the United States and the United Kingdom.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, admits that the Tyranids codex identified in the First Amended Complaint is now sold simultaneously in the United States and the United Kingdom, but after reasonable inquiry is otherwise unable to admit or deny this request and therefore denies the same.

275.    YOUR Warhammer 40,000 Tyranids codex identified in the First Amended Complaint was first offered for sale over the Internet.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, admits that the Tyranids codex identified in the First Amended Complaint is now sold on the internet, but after reasonable inquiry is otherwise unable to admit or deny this request and therefore denies the same.

276.    YOUR Warhammer 40,000 Space Marines codex identified in the First Amended Complaint was first sold simultaneously in the United States and the United Kingdom.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, admits that the Warhammer 40,000 Space Marines codex identified in the First Amended Complaint is now sold simultaneously in the United States and the United Kingdom, but after reasonable inquiry is otherwise unable to admit or deny this request and therefore denies the same.

277.     YOUR Warhammer 40,000 Space Marines codex identified in the First Amended Complaint was first offered for sale simultaneously in the United States and the United Kingdom.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, admits that the Warhammer 40,000 Space Marines codex identified in the First Amended Complaint is now sold simultaneously in the United States and the United Kingdom, but after reasonable inquiry is otherwise unable to admit or deny this request and therefore denies the same.

278.     YOUR Warhammer 40,000 Space Marines codex identified in the First Amended Complaint was first offered for sale over the Internet.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, admits that the Warhammer 40,000 Space Marines codex identified in the First Amended Complaint is now sold on the internet, but after reasonable inquiry is otherwise unable to admit or deny this request and therefore denies the same.

279.     YOUR Warhammer 40,000 Dark Angels codex identified in the First Amended Complaint was first sold simultaneously in the United States and the United Kingdom.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, admits that the Warhammer 40,000 Dark Angels codex identified in the First Amended Complaint is now sold simultaneously in the United States and the United Kingdom, but after reasonable inquiry is otherwise unable to admit or deny this request and therefore denies the same.

280.    YOUR Warhammer 40,000 Dark Angels codex identified in the First Amended Complaint was first offered for sale simultaneously in the United States and the United Kingdom.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, admits that the Warhammer 40,000 Dark Angels codex identified in the First Amended Complaint is now sold simultaneously in the United States and the United Kingdom, but after reasonable inquiry is otherwise unable to admit or deny this request and therefore denies the same.

281.    YOUR Warhammer 40,000 Dark Angels codex identified in the First Amended Complaint was first offered for sale over the Internet.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, admits that the Warhammer

40,000 Dark Angels codex identified in the First Amended Complaint is now sold on the internet, but after reasonable inquiry is otherwise unable to admit or deny this request and therefore denies the same.

282.    YOUR Index Astartes II work identified in the First Amended Complaint was first sold simultaneously in the United States and the United Kingdom.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, admits that the Index Astartes II work identified in the First Amended Complaint is now sold simultaneously in the United States and the United Kingdom, but after reasonable inquiry is otherwise unable to admit or deny this request and therefore denies the same.

283.    YOUR Index Astartes II work identified in the First Amended Complaint was first offered for sale simultaneously in the United States and the United Kingdom.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, admits that the Index Astartes II work identified in the First Amended Complaint is now sold simultaneously in the United States and the United Kingdom, but after reasonable inquiry is otherwise unable to admit or deny this request and therefore denies the same.

284.    YOUR Index Astartes II work identified in the First Amended Complaint was first offered for sale over the Internet.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, admits that the Index Astartes II work identified in the First Amended Complaint is now sold on the internet, but after reasonable inquiry is otherwise unable to admit or deny this request and therefore denies the same.

285.     YOUR Index Astartes III work identified in the First Amended Complaint was first sold simultaneously in the United States and the United Kingdom.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, admits that the Index Astartes III work identified in the First Amended Complaint is now sold simultaneously in the United States and the United Kingdom, but after reasonable inquiry is otherwise unable to admit or deny this request and therefore denies the same.

286.     YOUR Index Astartes III work identified in the First Amended Complaint was first offered for sale simultaneously in the United States and the United Kingdom.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, admits that the Index Astartes III work identified in the First Amended Complaint is now sold simultaneously in

the United States and the United Kingdom, but after reasonable inquiry is otherwise unable to admit or deny this request and therefore denies the same.

287.    YOUR Index Astartes III work identified in the First Amended Complaint was first offered for sale over the Internet.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, admits that the work Index Astartes III identified in the First Amended Complaint is now sold on the internet, but after reasonable inquiry is otherwise unable to admit or deny this request and therefore denies the same.

288.    YOUR Index Astartes IV work identified in the First Amended Complaint was first sold simultaneously in the United States and the United Kingdom.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, admits that the work Index Astartes IV identified in the First Amended Complaint is now sold simultaneously in the United States and the United Kingdom, but after reasonable inquiry is otherwise unable to admit or deny this request and therefore denies the same.

289.    YOUR Index Astartes IV work identified in the First Amended Complaint was first offered for sale simultaneously in the United States and the United Kingdom.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, admits that the work Index Astartes IV identified in the First Amended Complaint is now sold simultaneously in the United States and the United Kingdom, but after reasonable inquiry is otherwise unable to admit or deny this request and therefore denies the same.

290.    YOUR Index Astartes IV work identified in the First Amended Complaint was first offered for sale over the Internet.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, admits that the Index Astartes IV work identified in the First Amended Complaint is now sold on the internet, but after reasonable inquiry is otherwise unable to admit or deny this request and therefore denies the same.

291.    YOUR work "The Horus Heresy Collected Visions" identified in the First Amended Complaint was first sold simultaneously in the United States and the United Kingdom.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, admits that the work The Horus Heresy Collected Visions identified in the First Amended Complaint is now sold

simultaneously in the United States and the United Kingdom, but after reasonable inquiry is otherwise unable to admit or deny this request and therefore denies the same.

292.    YOUR work "The Horus Heresy Collected Visions" identified in the First Amended Complaint was first offered for sale simultaneously in the United States and the United Kingdom.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, admits that the work The Horus Heresy Collected Visions identified in the First Amended Complaint is now sold simultaneously in the United States and the United Kingdom, but after reasonable inquiry is otherwise unable to admit or deny this request and therefore denies the same.

293.    YOUR work "The Horus Heresy Collected Visions" identified in the First Amended Complaint was first offered for sale over the Internet.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, admits that the work The Horus Heresy Collected Visions identified in the First Amended Complaint is now sold on the internet, but after reasonable inquiry is otherwise unable to admit or deny this request and therefore denies the same.

294.    YOUR work "The Art of Warhammer 40,000" identified in the First Amended Complaint was first sold simultaneously in the United States and the United Kingdom.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, admits that the work The Art of Warhammer 40,000 identified in the First Amended Complaint is now sold simultaneously in the United States and the United Kingdom, but after reasonable inquiry is otherwise unable to admit or deny this request and therefore denies the same.

295.    YOUR work "The Art of Warhammer 40,000" identified in the First Amended Complaint was first offered for sale simultaneously in the United States and the United Kingdom.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, admits that the work The Art of Warhammer 40,000 identified in the First Amended Complaint is now sold simultaneously in the United States and the United Kingdom, but after reasonable inquiry is otherwise unable to admit or deny this request and therefore denies the same.

296.    YOUR work "The Art of Warhammer 40,000" identified in the First Amended Complaint was first offered for sale over the Internet.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, admits that the work The Art

of Warhammer 40,000 identified in the First Amended Complaint is now sold on the internet, but after reasonable inquiry is otherwise unable to admit or deny this request and therefore denies the same.

297.    YOUR work "White Dwarf Magazine 249" identified in the First Amended Complaint was first sold simultaneously in the United States and the United Kingdom.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, admits that the work White Dwarf Magazine 249 identified in the First Amended Complaint is now sold simultaneously in the United States and the United Kingdom, but after reasonable inquiry is otherwise unable to admit or deny this request and therefore denies the same.

298.    YOUR work "White Dwarf Magazine 249" identified in the First Amended Complaint was first offered for sale simultaneously in the United States and the United Kingdom.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, admits that the work White Dwarf Magazine 249 identified in the First Amended Complaint is now sold simultaneously in the United States and the United Kingdom, but after reasonable inquiry is otherwise unable to admit or deny this request and therefore denies the same.

299.    YOUR work "White Dwarf Magazine 249" identified in the First Amended

Complaint was first offered for sale over the Internet.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, admits that the work White Dwarf Magazine 249 identified in the First Amended Complaint is now sold on the internet, but after reasonable inquiry is otherwise unable to admit or deny this request and therefore denies the same.

300. YOUR work "How to Paint Space Marines" identified in the First Amended Complaint was first sold simultaneously in the United States and the United Kingdom.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, admits that the work How to Paint Space Marines identified in the First Amended Complaint is now sold simultaneously in the United States and the United Kingdom, but after reasonable inquiry is otherwise unable to admit or deny this request and therefore denies the same.

301. YOUR work "How to Paint Space Marines" identified in the First Amended Complaint was first offered for sale simultaneously in the United States and the United Kingdom.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, admits that the work How to Paint Space Marines identified in the First Amended Complaint is now sold simultaneously in the United States and the United Kingdom, but after reasonable inquiry is otherwise unable to admit or deny this request and therefore denies the same.

302.    YOUR work "How to Paint Space Marines" identified in the First Amended Complaint was first offered for sale over the Internet.

**RESPONSE**:

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, admits that the work How to Paint Space Marines identified in the First Amended Complaint is now sold on the internet, but after reasonable inquiry is otherwise unable to admit or deny this request and therefore denies the same.

303.    YOUR work "Soul Drinkers" identified in the First Amended Complaint was first sold simultaneously in the United States and the United Kingdom.

**RESPONSE**:

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, admits that the work Soul Drinkers identified in the First Amended Complaint is now sold simultaneously in the United States and the United Kingdom, but after reasonable inquiry is otherwise unable to admit or deny this request and therefore denies the same.

304.    YOUR work "Soul Drinkers" identified in the First Amended Complaint was first

offered for sale simultaneously in the United States and the United Kingdom.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, admits that the work Soul Drinkers identified in the First Amended Complaint is now sold simultaneously in the United States and the United Kingdom, but after reasonable inquiry is otherwise unable to admit or deny this request and therefore denies the same.

305.     YOUR work "Soul Drinkers" identified in the First Amended Complaint was first offered for sale over the Internet.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, admits that the work Soul Drinkers identified in the First Amended Complaint is now sold on the internet, but after reasonable inquiry is otherwise unable to admit or deny this request and therefore denies the same.

306.     YOUR work "White Dwarf Magazine 101" identified in YOUR response to Chapterhouse's Interrogatory No. 1 was first sold simultaneously in the United States and the United Kingdom.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, admits that the work White Dwarf Magazine 101 identified in the First Amended Complaint is now sold simultaneously in the United States and the United Kingdom, but after reasonable inquiry is otherwise unable to admit or deny this request and therefore denies the same.

307.    YOUR work "White Dwarf Magazine 101" identified in YOUR response to Chapterhouse's Interrogatory No. 1 was first offered for sale simultaneously in the United States and the United Kingdom.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, admits that the work White Dwarf Magazine 101 identified in the First Amended Complaint is now sold simultaneously in the United States and the United Kingdom, but after reasonable inquiry is otherwise unable to admit or deny this request and therefore denies the same.

308.    YOUR work "White Dwarf Magazine 101" identified in YOUR response to Chapterhouse's Interrogatory No. 1 was first offered for sale over the Internet.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, admits that the work White Dwarf Magazine 101 identified in the First Amended Complaint is now sold on the internet, but after reasonable inquiry is otherwise unable to admit or deny this request and therefore denies the same.

309.    YOUR advertising for Warhammer 40,000 is not aimed at a mass market.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous.  Games Workshop further objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that its advertising is aimed at potential purchasers of its products but is otherwise unable to admit or deny this request.

310.    YOUR advertising for Warhammer 40,000 in the United States is not aimed at a mass market.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous.  Games Workshop further objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that its advertising is aimed at potential purchasers of its products but is otherwise unable to admit or deny this request.

311.    YOUR advertising for Warhammer 40,000 in Illinois is not aimed at a mass market.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous.  Games Workshop further objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that its advertising is aimed at potential purchasers of its products but is otherwise unable to admit or deny this request.

312.    YOUR advertising for Warhammer 40,000 is aimed primarily at men.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous.  Games Workshop further objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that its advertising is aimed at potential purchasers of its products but is otherwise unable to admit or deny this request.

313.    YOUR advertising for Warhammer 40,000 in the United States is aimed primarily at men.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous.  Games Workshop further objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that its advertising is aimed at potential purchasers of its products but is otherwise unable to admit or deny this request.

314.    YOUR advertising for Warhammer 40,000 in Illinois is aimed primarily at men.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous.  Games Workshop further objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits that its advertising is aimed at potential purchasers of its products but is otherwise unable to admit or deny this request.

315.    There are no distinguishing characteristics that make a miniature hammer a "thunder hammer."

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop denies this request.

316.    There is no way to determine by visual inspection whether a given miniature hammer is a "thunder hammer."

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop denies this request.

317.    There are no distinguishing characteristics that make a miniature gauntlet or glove a "power fist."

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop denies this request.

318.    There is no way to determine by visual inspection whether a given miniature gauntlet or glove is a "power fist."

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop denies this request.

319.    There are no distinguishing characteristics that make a miniature gauntlet or glove a "lightning claw."

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop denies this request.

320.    There is no way to determine by visual inspection whether a given miniature gauntlet or glove is a "lightning claw."

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous and seeks

information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop denies this request.

321.    There are no distinguishing characteristics that make a miniature shield a "storm shield."

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop denies this request.

322.    There is no way to determine by visual inspection whether a given miniature shield is a "storm shield."

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop denies this request.

323.    YOU did not design the iconography for the Lions Rampant Space Marines chapter.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous given that the Lions Rampant Space Marines chapter is a derivative work based on original Games Workshop materials.  The request thus calls for a legal conclusion.  The request further

seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop denies this request.

324.    YOU do not own a copyright for the iconography for the Lions Rampant Space Marines chapter.

**RESPONSE**:

Games Workshop objects that this request is vague and ambiguous given that the Lions Rampant Space Marines chapter is a derivative work based on original Games Workshop materials.  The request thus calls for a legal conclusion.  The request further seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop denies this request.

325.    YOU did not design the symbol that appears on Chapterhouse's "Shoulder Pad Star Fox / Luna Wolves Tactical" product referred to in Exhibit A to YOUR response to Chapterhouse's Interrogatory No. 1.

**RESPONSE**:

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits this request.

326.    YOU do not own a copyright for the symbol that appears on Chapterhouse's

"Shoulder Pad Star Fox / Luna Wolves Tactical" product referred to in Exhibit A to YOUR response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous given that the Star Fox / Luna Wolves Tactical product is a derivative work based on original Games Workshop materials. The request thus calls for a legal conclusion. The request further seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop denies this request.

327. YOU did not design the symbol that appears on Chapterhouse's "Shoulder Pad Star Fox / Luna Wolves Terminator" product referred to in Exhibit A to YOUR response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits this request.

328. YOU do not own a copyright for the symbol that appears on Chapterhouse's "Shoulder Pad Star Fox / Luna Wolves Terminator" product referred to in Exhibit A to YOUR response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous given that the

Star Fox / Luna Wolves Terminator product is a derivative work based on original Games Workshop materials. The request thus calls for a legal conclusion. The request further seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop denies this request

329.    Triptychs were used in heraldry or iconography before their use by YOU.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits this request.

330.    YOUR works show Tyranids holding lashwhip weapons in their hands.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is vague and ambiguous in failing to specify any particular product.

Without prejudice to or waiver of the foregoing objections, and as a result of the foregoing Games Workshop is unable to admit or deny this request.

331.    YOUR works show Tyranids holding bonesword weapons in their hands.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is vague and ambiguous in failing

to specify any particular product.

Without prejudice to or waiver of the foregoing objections, and as a result of the foregoing Games Workshop is unable to admit or deny this request.

332.    YOU have no evidence that Chapterhouse's products infringe the copyright in your Games Workshop Complete Catalog & Hobby Reference 2006-2007.

**RESPONSE:**

Games Workshop denies this request.

333.    YOU manufactured or sold models under the name SLOCOMBE'S WARBOTS.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.  The request is also overbroad and needlessly burdensome.

Without prejudice to or waiver of the foregoing objections, Games Workshop denies that the subject products had any bearing on Warhammer or Warhammer 40,000 but otherwise admits this request.

334.    FASA Corporation threatened YOU with legal action for copyright infringement for manufacturing or selling SLOCOMBE'S WARBOTS models.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.  The request is also overbroad and needlessly burdensome.

Without prejudice to or waiver of the foregoing objections, after reasonable inquiry,

Games Workshop is unable to admit or deny this request and therefore denies the same.

335.    FASA Corporation threatened YOU with legal action for copyright infringement for manufacturing or selling models or miniatures.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.  The request is also overbroad and needlessly burdensome.

Without prejudice to or waiver of the foregoing objections, after reasonable inquiry, Games Workshop is unable to admit or deny this request and therefore denies the same.

336.    YOU stopped selling SLOCOMBE'S WARBOTS models after FASA Corporation threatened YOU with legal action.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.  The request is also overbroad and needlessly burdensome.

Without prejudice to or waiver of the foregoing objections, after reasonable inquiry, Games Workshop is unable to admit or deny this request and therefore denies the same.

337.    Not all the works for which YOU claim copyrights in this action were created by Games Workshop employees.

**RESPONSE:**

Games Workshop admits that one product at issue in this litigation was created under contract by a third party but otherwise denies this request.

338.    YOU do not have written assignments of copyright from all of the natural

90

persons who created the works for which YOU claim copyrights in this action.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous, overbroad and unduly burdensome and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence. The request also lacks a proper foundation under applicable law.

Without prejudice to or waiver of the foregoing objections, after reasonable inquiry, Games Workshop is unaware of any natural person from whom it would have been required to obtain a written assignment and therefore denies this request.

339. YOUR WORKS include artwork created by hobbyists.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous, as many of Games Workshop's employees are also hobbyists.

Without prejudice to or waiver of the foregoing objections, Games Workshop denies this request.

340. YOUR WORKS include artwork created by fans.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous, as many of Games Workshop's employees are also fans.

Without prejudice to or waiver of the foregoing objections, Games Workshop denies this request.

341. YOUR WORKS include artwork created by third parties who are not YOUR employees.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous, overbroad and unduly burdensome, as Games Workshop, no more nor less than any copyright owner, can not possibly claim to have created every element in its works.

Without prejudice to or waiver of the foregoing objections, Games Workshop is unable to admit or deny this request.

342.    YOU do not have written assignments of copyright from all of the natural persons who created works for which YOU claim copyrights in this action and who were not Games Workshop employees at the time they created such works.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous, overbroad and unduly burdensome and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.  The request also lacks a proper foundation under applicable law.

Without prejudice to or waiver of the foregoing objections, after reasonable inquiry, Games Workshop is unaware of any natural person from whom it would have been required to obtain a written assignment outside the scope of their employment agreements and therefore denies this request.

343.    Wayne England created or co-created one or more of the works for which YOU claim copyright in this action.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as Mr. England is a former employee of Games Workshop and seeks information that is irrelevant and not

likely to lead to the discovery of admissible evidence. The request also lacks a proper foundation under applicable law.

Without prejudice to or waiver of the foregoing objections, as a result of the foregoing, and after reasonable inquiry, Games Workshop is unable to admit or deny this request and therefore denies the same.

344.    Wayne England is not currently an employee of YOU.

**RESPONSE:**

Games Workshop objects that this request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop admits this request.

345.    Wayne England has never been an employee of YOU.

**RESPONSE:**

Games Workshop denies this request.

346.    YOU do not have an employment contract with Wayne England.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop denies this request.

347.    YOU do not have a written assignment of copyright from Wayne England for any of the works YOU claim in this action.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous, overbroad and unduly burdensome and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence. The request also lacks a proper foundation under applicable law.

Without prejudice to or waiver of the foregoing objections, after reasonable inquiry, Games Workshop is unaware of any works for which it would have been required to obtain a written assignment outside the scope of his employment agreement and therefore denies this request.

348. Neil Hodgson created or co-created one or more of the works for which YOU claim copyright in this action.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as Mr. Hodgson is an employee of Games Workshop and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence. The request also lacks a proper foundation.

Without prejudice to or waiver of the foregoing objections, as a result of the foregoing, and after reasonable inquiry, Games Workshop is unable to admit or deny this request and therefore denies the same.

349. Neil Hodgson is not currently an employee of YOU.

**RESPONSE:**

Games Workshop denies this request.

350. Neil Hodgson has never been an employee of YOU.

**RESPONSE:**

94

Games Workshop denies this request.

351.    YOU do not have an employment contract with Neil Hodgson.

**RESPONSE:**

Games Workshop denies this request.

352.    YOU do not have a written assignment of copyright from Neil Hodgson for any of the works YOU claim in this action.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous, overbroad and unduly burdensome and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.  The request also lacks a proper foundation under applicable law.

Without prejudice to or waiver of the foregoing objections, after reasonable inquiry, Games Workshop is unaware of any works for which it would have been required to obtain a written assignment outside the scope of his employment agreement and therefore denies this request.

353.    Mark Gibbons created or co-created one or more of the works for which YOU claim copyright in this action.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as Mr. Gibbons is a former employee of Games Workshop and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.  The request also lacks a proper foundation.

Without prejudice to or waiver of the foregoing objections, as a result of the

foregoing, and after reasonable inquiry, Games Workshop is unable to admit or deny this request and therefore denies the same.

354.    Mark Gibbons is not currently an employee of YOU.

**RESPONSE:**

Games Workshop admits this request.

355.    Mark Gibbons has never been an employee of YOU.

**RESPONSE:**

Games Workshop denies this request.

356.    YOU do not have an employment contract with Mark Gibbons.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop denies this request.

357.    YOU do not have a written assignment of copyright from Mark Gibbons for any of the works YOU claim in this action.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous, overbroad and unduly burdensome and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.  The request also lacks a proper foundation under applicable law.

Without prejudice to or waiver of the foregoing objections, after reasonable inquiry, Games Workshop is unaware of any works for which it would have been required to obtain

a written assignment outside the scope of his employment agreement and therefore denies this request.

358.    Rob Carey created or co-created one or more of the works for which YOU claim copyright in this action.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous and lacks a proper foundation.

Without prejudice to or waiver of the foregoing objections, as a result of the foregoing, and after reasonable inquiry, Games Workshop is unable to admit or deny this request and therefore denies the same.

359.    Rob Carey is not currently an employee of YOU.

**RESPONSE:**

Games Workshop admits this request.

360.    Rob Carey has never been an employee of YOU.

**RESPONSE:**

Games Workshop denies this request.

361.    YOU do not have an employment contract with Rob Carey.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Without prejudice to or waiver of the foregoing objections, Games Workshop denies this request.

362.    YOU do not have a written assignment of copyright from Rob Carey for any

of the works YOU claim in this action.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous and lacks a proper foundation.

Without prejudice to or waiver of the foregoing objections, after reasonable inquiry, Games Workshop is unaware of any works for which it would have been required to obtain a written assignment outside the scope of his employment agreement and therefore denies this request.

363. John Sibbick created or co-created one or more of the works for which YOU claim copyright in this action.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous, overbroad and unduly burdensome and lacks a proper foundation.

Without prejudice to or waiver of the foregoing objections, as a result of the foregoing, and after reasonable inquiry, Games Workshop is unable to admit or deny this request and therefore denies the same.

364. John Sibbick is not currently an employee of YOU.

**RESPONSE:**

Games Workshop admits this request.

365. John Sibbick has never been an employee of YOU.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous, overbroad and unduly burdensome and lacks a proper foundation.

Without prejudice to or waiver of the foregoing objections, as a result of the foregoing, and after reasonable inquiry, Games Workshop is unable to admit or deny this request and therefore denies the same.

366.    YOU do not have an employment contract with John Sibbick.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous, overbroad and unduly burdensome and lacks a proper foundation.

Without prejudice to or waiver of the foregoing objections, as a result of the foregoing, and after reasonable inquiry, Games Workshop is unable to admit or deny this request and therefore denies the same.

367.    YOU do not have a written assignment of copyright from John Sibbick for any of the works YOU claim in this action.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous.

Without prejudice to or waiver of the foregoing objections, after reasonable inquiry, Games Workshop is unable to admit or deny this request and therefore denies the same.

368.    Bob Naismith created or co-created one or more of the works for which YOU claim copyright in this action.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous as Mr. Naismith is a former employee of Games Workshop and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.  The request also lacks a proper foundation.

Without prejudice to or waiver of the foregoing objections, as a result of the foregoing, and after reasonable inquiry, Games Workshop is unable to admit or deny this request and therefore denies the same.

369.    Bob Naismith designed the original Space Marines model.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous.

Without prejudice to or waiver of the foregoing objections, Games Workshop denies this request.

370.    Bob Naismith is not currently an employee of YOU.

**RESPONSE:**

Games Workshop admits this request.

371.    Bob Naismith has never been an employee of YOU.

**RESPONSE:**

Games Workshop denies this request.

372.    YOU do not have an employment contract with Bob Naismith.

**RESPONSE:**

Games Workshop denies this request.

373.    YOU do not have a written assignment of copyright from Bob Naismith for any of the works YOU claim in this action.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous, overbroad and unduly burdensome and seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.  The request also lacks a proper foundation under

applicable law.

Without prejudice to or waiver of the foregoing objections, after reasonable inquiry, Games Workshop is unaware of any works for which it would have been required to obtain a written assignment outside the scope of his employment agreement and therefore denies this request.

374.    The name "Terminator armor" is not original to YOU.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous.

Without prejudice to or waiver of the foregoing objections, after reasonable inquiry, Games Workshop is unable to admit or deny this request and therefore denies the same.

Dated: November 1, 2011                Respectfully submitted,


By:    /s/  Jonathan E. Moskin
          Jonathan E. Moskin

          Scott R. Kaspar (Ill. Bar No. 6284921)
          Aaron J. Weinzierl (Ill. Bar No. 6294055)
          FOLEY & LARDNER LLP
          321 North Clark Street, Suite 2800
          Chicago, IL 60654
          Telephone:  (312) 832-4500
          Facsimile:  (312) 832-4700
          Email:  skaspar@foley.com; aweinzierl@foley.com

          Jonathan E. Moskin
          FOLEY & LARDNER LLP
          90 Park Avenue
          New York, NY 10016
          Telephone:  (212) 682-7474
          Facsimile:  (212) 687-3229
          Email:  jmoskin@foley.com


          *Attorneys for Plaintiff Games Workshop Limited*

## <u>CERTIFICATE OF SERVICE</u>

I, Scott R. Kaspar, an attorney, hereby certify that on November 1, 2011, I caused

a copy of the foregoing **GAMES WORKSHOP LTD.'S RESPONSE TO CHAPTERHOUSE**

**STUDIOS LLC'S SECOND SET OF REQUESTS FOR ADMISSION** to be served on the

interested parties by causing copies of this document to be served on the following *via* United

States Mail in a sealed envelope with the postage prepaid and *via* electronic mail to the

following:

> Jennifer A. Golinveaux, Esq.
> Thomas J. Kearney, Esq.
> J. Caleb Donaldson, Esq.
> WINSTON & STRAWN LLP
> 101 California Street
> San Francisco, CA 94111
> jgolinveaux@winston.com
> tkearney@winston.com
> jcdonaldson@winston.com
>
> Catherine B. Diggins, Esq.
> Eric J. Mersmann, Esq.
> WINSTON & STRAWN LLP
> 35 West Wacker Drive
> Chicago, IL 60601
> cdiggins@winston.com
> emersmann@winston.com
>
> and
>
> Ronald H. Spuhler
> Ronald A. DiCerbo
> Thomas J. Campbell Jr.
> MCANDREWS, HELD & MALLOY LTD.
> 500 W. Madison Street – 34th Floor
> Chicago, IL 60061

> /s/  Scott R. Kaspar
> Scott R. Kaspar