# Exhibit 66

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

GAMES WORKSHOP LIMITED,

                Plaintiff,

        v.

CHAPTERHOUSE STUDIOS LLC and JON
PAULSON d/b/a PAULSON GAMES

                Defendants.

Civil Action No. 1:10-cv-8103

Hon. Matthew F. Kennelly
Hon. Jeffrey T. Gilbert

## PLAINTIFF GAMES WORKSHOP LIMITED'S SECOND SUPPLEMENTAL RESPONSE TO DEFENDANT CHAPTERHOUSE STUDIOS LLC'S INTERROGATORIES SET FOUR

Pursuant to Fed.R.Civ.P. Rules 26 and 33, Games Workshop responds as follows to the

Fourth Set Interrogatories of Defendant Chapterhouse Studios LLC.

### GENERAL OBJECTIONS

1. Games Workshop incorporates by reference the general objections in Games

Workshop Limited's Response and Supplemental Response to Defendant Chapterhouse Studios

LLC's Interrogatories Set Four.

### INTERROGATORIES

### INTERROGATORY NO. 18:

Separately for each mark YOU allege in this action, provide the date of first "use in
commerce" of the mark (as that term is defined in 15 U.S.C. § 1127) by you in the U.S., and the
nature of such use.

### RESPONSE:

Games Workshop objects that this request seeks information that is irrelevant and not

likely to lead to the discovery of admissible evidence insofar as Chapterhouse does not purport to

claim priority of use over Games Workshop with respect to any of its marks in issue.  As a result



EXHIBIT
114
4.3.12   AW

the request is also overbroad and unduly burdensome.

Without prejudice to or waiver of the foregoing objections, Games Workshop states that the following marks were used by Games Workshop to identify itself and its Warhammer 40K line of books, magazines, miniatures, boxed sets, and other similar merchandise. The nature of such use involved the use in commerce of the Mark in the United States through the sale of a book, magazine, miniature, boxed set, or other similar merchandise at least as early as the date specified.

| Mark | Date of first "use in commerce" in the U.S. at least as early as |
|------|------|
| Warhammer | 1983 |
| Warhammer 40K | 1987 |
| 40K | 1987 |
| 40,000 | 1987 |
| Games Workshop | 1981 |
| GW | 1981 |
| Space Marine | 1986 |
| Eldar | 1988 |
| Dark Angels | 1987 |
| Tau | 2001 |
| Aquila | 1987 |
| Adeptus Mechanicus | 1987 |
| Assault Alpha Legion | 1987 |
| Black Templars | 1993 |
| Blood Angels | 1997 |
| Blood Ravens | 2004 |
| Cadian | 1995 |
| Carnifex | 1993 |
| Chaos Space Marines | 1989 |
| Chaplain | 1987 |

| | |
|---|---|
| Chimera | 1995 |
| Crimson Fists | 1987 |
| Dark Angel | 1987 |
| Deathwatch | 2001 |
| Devestator | 1989 |
| Dreadnought | 1987 |
| Drop Pod | 1990 |
| Eldar | 1987 |
| Eldar Farseer | 1990 |
| Eldar Jet Bike | 1988 |
| Eldar Warlock | 1990 |
| Eldar Seer Council | 2000 |
| Empire | 1986 |
| Exorcist | 1989 |
| Flesh Tearers | 1987 |
| Gene Stealer | 1987 |
| Grenade Launcher | 1987 |
| Halberd | 1987 |
| Heavy Bolter | 1987 |
| Heresy Armour | 1991 |
| Hellhound | 1995 |
| High Elf | 1992 |
| Hive Tyrant | 1987 |
| Horus Heresy | 1988 |
| Howling Banshee | 1991 |
| Imperial Fist | 1991 |
| Imperial Guard | 1989 |
| Inquisition | 1987 |
| Iron Hands | 1987 |
| Jetbike | 1987 |
| Jump Pack | 1987 |

DEVASTATOR

\*
↓

| | |
|---|---|
| Land Raider | 1987 |
| Land Speeder | 1987 |
| Legion of the Damned | 1988 |
| Librarian | 1989 |
| Lightning Claw | 1989 |
| Melta | 1987 |
| Mk II Armour | 1991 |
| Mk V Armour | 1991 |
| Plasma | 1987 |
| Predator | 1989 |
| Rhino | 1988 |
| Salamander | 1989 |
| Scorpion | 1991 |
| Soul Drinker | 2002 |
| Space Wolves | 1987 |
| Stormraven | 2009 |
| Storm Shield | 1989 |
| Tactical | 1989 |
| Techmarine | 1989 |
| Termagants | 1993 |
| Terminator | 1989 |
| Thousand Sons | 1988 |
| Thunder Hammer | 1989 |
| Tyrant | 1987 |
| Tyranid Warrior | 1987 |
| Skulls | 1987 |
| Wings (eagle wings, angel wings) | 1987 |
| Lions | 1993 |
| Griffon | 1989 |
| Triptychs | 2006 |
| Broadswords | 1987 |

| | |
|---|---|
| Skull with horns | 1989 |
| Storm bolter (gun) | 1989 |
| Sawblade with blood-drop | 1987 |
| Clenched first in a gauntlet | 1987 |
| Snakes | 2002 |
| Flaming skulls | 2007 |
| Flaming chalice | 1987 |
| Salamander | 1989 |
| Dragon/salamander scales pattern | 1989 |
| Tau Symbol | 2001 |
| Tau – Oval vents | 2001 |
| Tau – X marking on power/ammo packs | 2001 |
| Tau – circle with a diagonal line through it | 2001 |
| Tau – geometric groves | 2001 |
| Roman numerals (combined with) arrows | 1991 |
| X crosses and inverted V | 1995 |
| Cog | 1995 |
| Iron hands icon – gauntleted left hand shown palm downwards | 1987 |
| Overlapping/banded armour | 1991 |
| Wolf fur | 1989 |
| Wolf skulls | 1989 |
| Wolf tails | 1989 |
| Raven wings with blood drop in center | 1987 |

| I symbol (for Inquisition) | 1987 |
|---|---|
| Scarab beetles | 2004 |
| Spirit stones | 1991 |
| Eldar iconography/symbols (seer icons, etc.) | 1991 |
| Eldar – Spirit Stones | 1991 |
| Eldar – decorative gems on weapons | 1991 |

Dated: March 9, 2012                 Respectfully submitted,


By:   /s/ Jonathan E. Moskin_____
         Jonathan E. Moskin

Aaron J. Weinzierl (Ill. Bar No. 6294055)
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654
Telephone: (312) 832-4500
Facsimile: (312) 832-4700
Email: aweinzierl@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

*Attorneys for Games Workshop Limited*

## CERTIFICATE OF SERVICE

I, Jason J. Keener, an attorney, hereby certify that on March 9, 2012, I caused a

copy of the foregoing GAMES WORKSHOP LIMITED'S SECOND SUPPLEMENTAL

RESPONSE TO INTERROGATORIES SET FOUR to be served on the interested parties by

causing copies of this document to be served on the following *via* email to the following:

Jennifer A. Golinveaux, Esq.
Thomas J. Kearney, Esq.
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
jgolinveaux@winston.com
tkearney@winston.com
jcdonaldson@winston.com

Eric J. Mersmann, Esq.
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
cdiggins@winston.com
emersmann@winston.com

/s/ Jason J. Keener
Jason J. Keener

Exhibit 67

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GAMES WORKSHOP LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:10-cv-08103 |
| v. | ) | |
| | ) | |
| CHAPTERHOUSE STUDIOS LLC and JON | ) | |
| PAULSON d/b/a PAULSON GAMES, | ) | |
| | ) | Judge Matthew F. Kennelly |
| Defendants. | ) | |

**DEFENDANT CHAPTERHOUSE STUDIOS LLC'S REQUEST FOR
PRODUCTION OF DOCUMENTS TO GAMES WORKSHOP LIMITED SET SEVEN**

PROPOUNDING PARTY:  DEFENDANT CHAPTERHOUSE STUDIOS LLC

RESPONDING PARTY:  PLAINTIFF GAMES WORKSHOP LIMITED

SET:  SEVEN

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Chapterhouse Studios

LLC requests that you produce for inspection and copying the documents and things listed below

thirty days from service of this request to the offices of Winston & Strawn LLP, 101 California

Street, Suite 3900, San Francisco, CA 94111-5894, or at another location mutually agreed upon

by both parties.

For the purpose of this request for production of documents and things, the following

instructions shall apply and the following terms will have the meaning indicated:

**INSTRUCTIONS**

1.  If you contend that any information, document, or thing otherwise called for by

any request is excluded from production or discovery, answer so much of the discovery request

as is not subject to the claimed objection and, for each document or thing:

a.  State whether the item shall not be produced because:

1)  It is claimed to be privileged; or

2)  It once existed but can no longer be located; or

3)  It has been lost; or

4)  It has been destroyed; and

b.  For any information that is withheld on claim of privilege or other legal protection, state the basis for the claim, and without revealing information itself privileged or protected, describe the nature of the information sufficiently to enable Chapterhouse to assess the applicability of the claim. Include the identity of each person whom you believe has knowledge of such information.

2.  In producing these documents and things, identify and produce for inspection and copying not only those documents and things in your custody, but all documents and things in the custody of your attorneys, consultants, agents, other representatives, and other persons or entities subject to your control.

3.  Complete production is to be made on the date and at the time indicated above. The inspection and copying will begin at that time and will continue from day to day thereafter until completed.

4.  Produce the original and all copies of each requested document and thing, as well as the file in which they are kept, including all copies which bear any additional file stamps, marginal notes, or other additional markings or writings that do not appear on the original.

5.  Produce electronically stored information in TIFF format, with a load file indicating document breaks and document families such as emails and their attachments, and with metadata. Metadata here includes original filename, filetype, name of author, date created,

2

and date last modified, for all documents for which such data is available. In addition, for email files, metadata includes the date and time of sending and/or receiving, the subject line of the email, the names of the author and all recipients in the to, from, cc, and bcc fields, to the extent known, and indications of the filenames and file-sizes of any attachments. When TIFF format would not be reasonably usable to Chapterhouse, Chapterhouse may insist on production of native form.

6.    Affix a Bates number to each thing produced and to each document page produced, whether the page is in paper, TIFF, or other format.

7.    You have a duty to supplement your response from now until the time of hearing or trial, as provided by Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

45.    The terms "YOU" or "YOUR" refer to Plaintiff Games Workshop Limited and include any persons controlled by or acting on behalf of that entity, including without limitation all past and present officers, directors, agents, employees, contractors, agents, licensees, attorneys, predecessors, subsidiaries, parent companies (including without limitation Games Workshop Group PLC), sister companies, or affiliated companies, persons or entities acting in joint venture or partnership relationships with You and any others acting on their behalf and/or pursuant to their authority or control.

46.    The term "Chapterhouse" refers to Defendant Chapterhouse Studios LLC as well as any officers, directors, employees, and authorized representatives.

3

47.     The term "copyright registration" means, without limitation, a U.S. copyright registration, foreign copyright registration, or other registration or proof of deposit with any private registry that purports to provide evidence of copyright status.

48.     The term "document" is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34 and its interpretation by the courts, including originals, copies, drafts or other productions of any written, graphic or otherwise recorded matter, however produced or reproduced, whether inscribed by hand, by computer or by mechanical, electronic, or photographic means.

49.     The term "concerning" means relating to, referring to, describing, reflecting, evidencing, constituting, or comprising.

50.     The terms "any," "all," and "each" shall be construed to include any, all, and each.

51.     The term "and" shall be construed to include "or" and vice versa and shall be the logical equivalent of "and/or."

52.     The use of the singular form of any word also includes the plural and vice versa.

53.     The terms "YOUR WORK" or "YOUR WORKS" refer to literary, pictorial, graphic, sculptural, or other works, as well as characters, in which YOU claim copyright.

54.     The term "Second Amended Complaint" means the Second Amended Complaint filed by YOU in this action.

55.     The term "THIS ACTION" means this lawsuit, Games Workshop Limited v. Chapterhouse Studios LLC, Case No. 1:10-cv-08103, N.D. IL.

56.     The term Chapterhouse Website means the website with the URL www.chapterhousestudios.com.

4

57.     The term "EXHIBIT A" means the operative Exhibit A to Response No. 1 to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories.

58.     The term "ALLEGEDLY INFRINGED WORKS" means YOUR WORKS that you contend that Chapterhouse infringed.

59.     The term "RFA NO. 337 PRODUCT" means the product that was created by a third party as YOU admitted in YOUR response to Request for Admission No. 337.

## REQUEST FOR PRODUCTION

62.     Documents, including without limitation payroll records, payroll tax records, and human resource records, sufficient to demonstrate that each and every natural person who created any part of the ALLEGEDLY INFRINGED WORKS was YOUR employee at the time when that person created each such work.

63.     All communications containing the terms independent contractor, independent contractors, freelancer, freelancers, freelance, freelanced, freelancing, free lancer, free lancers, free lance, free lanced, free lancing, free-lancer, free-lancers, free-lance, free-lanced, or free-lancing.

64.     All documents concerning creators of YOUR WORKS, creation of YOUR WORKS, or YOUR WORKS, that contain the terms independent contractor, independent contractors, freelancer, freelancers, freelance, freelanced, freelancing, free lancer, free lancers, free lance, free lanced, free lancing, free-lancer, free-lancers, free-lance, free-lanced or free-lancing, including without limitation work requests, solicitations, agreements, proposals, andor terms and conditions.

5

65. Product release schedules, calendars, and plans concerning any of the ALLEGEDLY INFRINGED WORKS.

66. All licenses concerning the ALLEGEDLY INFRINGED WORKS.

67. All licenses for any work where YOU are the licensee.

68. Specimens for each work where YOU are the licensee.

69. All documents YOU relied upon to respond to Interrogatory No. 16.

70. For each of the ALLEGEDLY INFRINGED WORKS, documents sufficient to identify the date that each such work was first sold in the U.S.

71. For each of the ALLEGEDLY INFRINGED WORKS, documents sufficient to identify the date that each such work was first offered for sale to the public the U.S.

72. For each of the registered trademarks YOU claim in THIS ACTION, a specimen of use in U.S. commerce for each registered good or service.

73. For each of the registered trademarks YOU claim in THIS ACTION, a product upon which YOU utilize such mark in U.S. commerce.

74. For each of the registered trademarks YOU claim in THIS ACTION, a product package upon which YOU utilize such mark in U.S. commerce.

75. For each of the registered service marks, an advertisement upon which YOU utilize such mark in U.S. commerce.

76.     For each of the unregistered trademarks YOU claim in THIS ACTION, a specimen of use in U.S. commerce for such mark for each good or service that YOU provide in the U.S.

77.     For each of the unregistered trademarks YOU claim in THIS ACTION, a product upon which YOU utilize such mark in U.S. commerce, either directly or through a license.

78.     For each of the unregistered trademarks YOU claim in THIS ACTION, a product package upon which YOU utilize such mark in U.S. commerce, either directly or through a license.

79.     For each of the allegedly infringed unregistered trademarks YOU claim in THIS ACTION, an advertisement upon which YOU utilize such mark in U.S. commerce either directly or through a license.

80.     For each of the unregistered trademarks YOU claim in THIS ACTION, documents sufficient to identify each and every geographic region in the U.S. where YOU contend to possess common-law trademark rights for such mark.

81.     For each of the unregistered trademarks YOU claim in THIS ACTION, documents sufficient to identify YOUR sales, revenues, and profits in each and every geographic region in the U.S. where YOU contend to possess common-law trademark rights for that mark.

82.     All documents concerning assignment, ownership, transfer, or allocation of copyrights, including without limitation documents concerning the scope of employment or employment agreements.

83.    All documents that YOU rely upon in response to Interrogatory No. 1, which includes without limitation YOUR response as incorporated in Exhibit A.

84.    All documents that YOU rely upon to respond to Interrogatory No. 18.

85.    All documents that YOU rely upon to respond to Interrogatory No. 19.

86.    All documents that YOU rely upon to respond to Interrogatory No. 20.

Dated: February 10, 2012                    Respectfully submitted,

                                            CHAPTERHOUSE STUDIOS LLC


                                            By:    /s/ Thomas J. Kearney
                                                   Jennifer Golinveaux (CA Bar No. 203056)
                                                   Thomas J. Kearney (CA Bar No. 267087)
                                                   WINSTON & STRAWN LLP
                                                   101 California Street
                                                   San Francisco, CA  94111-5802
                                                   Phone: (415) 591-1000
                                                   Fax: (415) 591-1400
                                                   jgolinveaux@winston.com
                                                   tkearney@winston.com

                                                   Eric Mersmann (IL Bar No. 6286859)
                                                   Catherine B. Diggins (IL Bar No. 6296237)
                                                   WINSTON & STRAWN LLP
                                                   35 West Wacker Drive
                                                   Chicago, IL 60601-1695
                                                   Phone: (312) 558-5600
                                                   Fax: (312) 558-5700
                                                   emersmann@winston.com
                                                   cdiggins@winston.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2012, I provided service of

**DEFENDANT CHAPTERHOUSE STUDIOS LLC'S REQUEST FOR PRODUCTION OF DOCUMENTS TO GAMES WORKSHOP LIMITED SET SEVEN**

to the person or persons listed below by the following means: FIRST CLASS MAIL

Scott R. Kaspar
Aaron J. Weinzierl
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: 312.832.4500
Facsimile: 312.832.4700
Email: skaspar@foley.com;
aweinzierl@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

Signature: _Lisa Schult_       Date: February 10, 2012

Name _LISA SCHULT_

SF:328059.3

9

# Exhibit 68

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GAMES WORKSHOP LIMITED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:10-cv-08103 |
| v. ) | |
| ) | |
| CHAPTERHOUSE STUDIOS LLC and JON ) | |
| PAULSON d/b/a PAULSON GAMES, ) | |
| ) | Judge Matthew F. Kennelly |
| Defendants. ) | |

**DEFENDANT CHAPTERHOUSE STUDIOS LLC'S
INTERROGATORIES TO GAMES WORKSHOP LIMITED SET FIVE**

PROPOUNDING PARTY:          DEFENDANT CHAPTERHOUSE STUDIOS LLC

RESPONDING PARTY:          PLAINTIFF GAMES WORKSHOP LIMITED

SET:          FIVE

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Chapterhouse Studios LLC requests that Plaintiff Games Workshop Limited respond to the interrogatories below, within thirty (30) days of the date of service.

## INSTRUCTIONS

1.     In answering these interrogatories, furnish all information, including information contained in or on any document, that is known or available to you, including all information in the possession of your attorneys or other persons acting on your behalf or under your attorneys' employment or direction.

2.     For any information that is withheld on claim of privilege or other legal protection, state the basis for the claim, and without revealing information itself privileged or protected, describe the nature of the information sufficiently to enable Chapterhouse to assess the applicability of the claim. Include the identity of each person whom you believe has knowledge of such information.

3.      If you cannot answer the interrogatory fully and completely after exercising due diligence to make inquiries and secure information necessary to do so, so state, and answer the interrogatory to the full extent you deem possible, specify the portion of the interrogatory that you claim you are unable to answer fully and completely; and state what knowledge, information and belief you have concerning the unanswered portion of the interrogatory.

4.      The obligation to respond to this interrogatory is continuing and requires further answer and amendment from now until the time of hearing or trial, as provided by Federal Rule of Civil Procedure 26(e).

## DEFINITIONS

1.      The terms "YOU" or "YOUR" refer to Plaintiff Games Workshop Limited and includes any persons controlled by or acting on behalf of that entity, including without limitation all past and present officers, directors, agents, employees, contractors, agents, licensees, attorneys, predecessors, subsidiaries, parent companies (including without limitation Games Workshop Group PLC), sister companies, or affiliated companies, persons or entities acting in joint venture or partnership relationships with YOU and any others acting on their behalf and/or pursuant to their authority or control.

2.      The terms "YOUR WORK" or "YOUR WORKS" refer to literary, pictorial, graphic, sculptural, or other works, as well as characters, in which YOU claim copyright.

3.      The term "Chapterhouse" refers to Defendant Chapterhouse Studios LLC as well as any officers, directors, employees, and authorized representatives.

4.      The words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of the interrogatory.

5.      The words "any," "all," and "each," shall be construed to include any, all, and each.

6.      The term "Second Amended Complaint" means the Second Amended Complaint filed by YOU in this action.

2

7.  As used herein, the term "identify" requires the following information:

    (a)  With respect to a natural person, provide: full name; any aliases; present or last known business address, telephone number, and email address; occupation and business position or title held; present or last known U.S. residence address, telephone number, and email address (or, if not a U.S. resident, present foreign residence address, telephone number, and email address and last known U.S. residence address).

    (b)  With respect to an entity (corporation, company, partnership, joint venture or other entity which is not a natural person), provide: full name; place of incorporation or organization (if any); street address of principal place of business; and principal telephone number.

    (c)  With respect to a copyright, identify the work and specify whether it is textual, graphical, sculptural, a character or other; the author; the date of creation; the current owner; any current exclusive licensee; the U.S. copyright registration or application number if any; and if the work is multi-pages, the specific page of the work alleged to be infringed.

    (d)  With respect to a trademark, specify the mark and any United States state or federal application or registration; provide the date of its first use in commerce in the United States and abroad; state the description of the goods or services over which YOU claim rights to the mark; and provide the Bates-number range of an example of the use of the mark in commerce as called for in Chapterhouse's Request for Production No. 7.

    (e)  With respect to a litigation, identify the full case name; the case number; all parties to the litigation; the country, court, state, and district in which the case was filed; whether the case is pending or concluded, and if concluded, how it was concluded (e.g. settlement, pretrial motion, trial).'

3

(f) With respect to a location, identify the street address if any; the city; the state, if any; and the country.

(g) With respect to an advertising medium, identify the medium, including without limitation whether such distribution channel is a retail store or stores, a magazine or other publication, a catalogue, a mailing, email, or the Internet; the name; and the business address. If the advertising medium is a print publication, identify the name and business address of the publisher. If the advertising medium is a website or other Internet publication, state the URL or other unique identifying information of such website or Internet publication.

8. The term Chapterhouse Website means the website with the URL www.chapterhousestudios.com.

9. The term "EXHIBIT A" means the operative Exhibit A to Response No. 1 to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories.

10. The term "ALLEGEDLY INFRINGED WORKs" means YOUR WORKS that you contend that Chapterhouse infringed.

11. The term "RFA NO. 337 PRODUCT" means the product that was created by a third party as YOU admitted in YOUR response to Request for Admission No. 337.


**INTERROGATORIES**

**INTERROGATORY NO. 23:**

Describe the nature of each employment agreement with the individual/s who created any part of each of the ALLEGEDLY INFRINGED WORKS, including without limitation, the identities of all parties to the agreement; the terms and conditions of the agreement; execution date; effective date and duration; allocation of any intellectual property rights; payment terms, including without limitation commissions, royalties, and payment schedules; payment of taxes;

obligations, duties, and responsibilities for taxes; manner of execution; nature of memorialization, and the Bates numbers for each employment agreement.

**INTERROGATORY NO. 24:**

For each of the ALLEGEDLY INFRINGED WORKS, identify the earliest recorded date that each such work was sold (a) in the United Kingdom and (b) in the United States; offered for sale (c) in the United Kingdom and (d) in the United States; and for each ALLEGEDLY INFRINGED WORK, identify the Bates Numbers for the documents YOU rely upon for those dates.

**INTERROGATORY NO. 25:**

For each natural person who created any part of the ALLEGEDLY INFRINGED WORKS, Jes Goodwin, Ed Spettigue, and Dave Thomas identify (a) for which individuals YOU paid payroll taxes, (b) which years YOU paid payroll taxes for those individuals, and (c) the Bates Numbers for the documents YOU relied upon to respond to this interrogatory.

Dated: February 10, 2012
Respectfully submitted,
CHAPTERHOUSE STUDIOS LLC

By:      /s/ Thomas J. Kearney
Jennifer Golinveaux (CA Bar No. 203056)
Thomas J. Kearney (CA Bar No. 267087)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5802
Phone: (415) 591-1000
Fax: (415) 591-1400
jgolinveaux@winston.com
tkearney@winston.com

Eric Mersmann (IL Bar No. 6286859)
Catherine B. Diggins (IL Bar No. 6296237)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-1695
Phone: (312) 558-5600
Fax: (312) 558-5700
emersmann@winston.com
cdiggins@winston.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2012, I provided service of

DEFENDANT CHAPTERHOUSE STUDIOS LLC'S INTERROGATORIES TO

GAMES WORKSHOP LIMITED SET FIVE

to the person or persons listed below by the following means: U.S. Mail.

Scott R. Kaspar
Aaron J. Weinzierl
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: 312.832.4500
Facsimile: 312.832.4700
Email: skaspar@foley.com;
aweinzierl@foley.com

Jonathan E. Moskin (VIA U.S. MAIL)
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

Signature: _____          Date: February 10, 2012

Name _____
LISA SCHUH

SF:328060.3

# Exhibit 69

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GAMES WORKSHOP LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:10-cv-08103 |
| v. | ) | |
| | ) | |
| CHAPTERHOUSE STUDIOS LLC and | ) | |
| JON PAULSON d/b/a PAULSON GAMES, | ) | Judge Matthew F. Kennelly |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CHAPTERHOUSE STUDIOS LLC'S
FOURTH SET OF REQUESTS FOR ADMISSION**

PROPOUNDING PARTY:     DEFENDANT CHAPTERHOUSE STUDIOS LLC

RESPONDING PARTY:        PLAINTIFF GAMES WORKSHOP LIMITED

SET NUMBER:                    FOUR

Pursuant to Federal Rules of Civil Procedure 26 and 36, Defendant Chapterhouse Studios LLC ("Chapterhouse") requests that you admit or deny the truth of the facts set forth herein, and serve your answers on the undersigned counsel within thirty days of service.

**DEFINITIONS**

1.    The terms "YOU" or "YOUR" refer to Plaintiff Games Workshop Limited and includes any persons controlled by or acting on behalf of that entity, including without limitation all past and present officers, directors, agents, employees, contractors, agents, licensees, attorneys, predecessors, subsidiaries, parent companies (including without limitation Games Workshop Group PLC), sister companies, or affiliated companies, persons or entities acting in joint venture or partnership relationships with YOU and any others acting on their behalf and/or pursuant to their authority or control.

1

2.     The terms "YOUR WORK" or "YOUR WORKS" refer to literary, pictorial, graphic, sculptural, or other works, as well as characters, in which YOU claim copyright.

3.     The term "Chapterhouse" refers to Defendant Chapterhouse Studios LLC as well as any officers, directors, employees, and authorized representatives.

4.     The words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of the interrogatory.

5.     The words "any," "all," and "each," shall be construed to include any, all, and each.

6.     The term "Second Amended Complaint" means the Second Amended Complaint filed by YOU in this action.

7.     The term Chapterhouse Website means the website with the URL www.chapterhousestudios.com.

8.     The term "EXHIBIT A" means the operative Exhibit A to Response No. 1 to Plaintiff's Responses to Chapterhouse Studios' First Set of Interrogatories.

9.     The term "ALLEGEDLY INFRINGED WORKS" means YOUR WORKS that you contend that Chapterhouse infringed.

10.     The term "RFA NO. 337 PRODUCT" means the product that was created by a third party as YOU admitted in YOUR response to Request for Admission No. 337.

## REQUESTS FOR ADMISSION

468.     You contend that Chapterhouse infringed YOUR copyrights for each of YOUR WORKS in YOUR Exhibit A.

469.     Exhibit A indentifies each and every one of YOUR WORKS that you contend that Chapterhouse infringed.

2

470.   For each of the ALLEGEDLY INFRINGED WORKS, EXHIBIT A identifies each and every natural person who created that work.

471.   The RFA NO. 337 PRODUCT is Dawn of War from entry no. 4 to EXHIBIT A.

472.   The RFA NO. 337 PRODUCT is *Soul Drinker* from entry no. 23 to EXHIBIT A.

473.   The RFA NO. 337 PRODUCT is *Brothers of the Snake*.

474.   YOU have records, including without limitation employment records, payroll records, and tax records, demonstrating that each and every natural person who created each of the ALLEGEDLY INFRINGED WORKS, except for the RFA NO. 337 PRODUCT, was YOUR employee at the time when that ALLEGEDLY INFRINGED WORK was created.

475.   Excluding the RFA NO. 337 PRODUCT, YOU have records sufficient to identify each and every natural person who created each of the ALLEGEDLY INFRINGED WORKS.

476.   For each and every natural person who created the ALLEGEDLY INFRINGED WORKS, YOU have produced all documents constituting, evidencing, or relating to any written or oral contract, memorandum of understanding, employment agreement, work-for-hire agreement, or other statement of terms and conditions regarding the authorship, creation, or design of such work, for all periods of time which such person was engaged in the authorship, creation, or design of such work.

477.   For each of the ALLEGEDLY INFRINGED WORKS, excluding the RFA NO. 337 PRODUCT, each and every natural person who created the ALLEGEDLY INFRINGED WORK was YOUR employee at the time that such work was created.

478.   YOU have employment agreements with each and every natural person who created each of the ALLEGEDLY INFRINGED WORKS, excluding the creators of the RFA NO. 337 PRODUCT.

479. With respect to documents in YOUR possession, custody, or control YOU have produced all employment agreements .

480. YOUR employees use email to communicate at work.

481. YOU have used email to communicate with natural persons who created the ALLEGEDLY INFRINGED WORKS.

482. YOU have used email to communicate with natural persons who created the ALLEGEDLY INFRINGED WORKS about the nature of their employment agreement.

483. YOU do not contend that YOUR employees include any freelancer.

484. YOU do not contend that YOUR employees include any independent contractor.

485. YOU do not contend that YOUR employees include any commissioned artist or author.

486. YOU have records concerning the dates of employments for each and every natural person who created each ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT.

487. "[A]ll of Games Workshop's works (with the exception of Dawn of War) were first published in the United Kingdom."

488. None of the ALLEGEDLY INFRINGED WORKS (with the exception of Dawn of War) was published in the U.S. within 30 days of its first publication in the United Kingdom.

489. None of the ALLEGEDLY INFRINGED WORKS (with the exception of Dawn of War) was published in the U.S. within 30 days of its first publication.

490. None of the ALLEGEDLY INFRINGED WORKS (with the exception of Dawn of War) was published simultaneously in the U.S. and the United Kingdom.

491. None of the ALLEGEDLY INFRINGED WORKS (with the exception of Dawn of War) was published simultaneously in the U.S. and another country.

492.     YOU do not contend that YOUR ALLEGEDLY INFRINGED WORKS infringe copyrights to Judge Dredd.

493.     YOU do not contend that YOUR ALLEGEDLY INFRINGED WORKS are subject to licenses concerning Judge Dredd.

494.     Ralph Horsley created an ALLEGEDLY INFRINGED WORK with an eight-sided pointed stars.

495.     Ralph Horsley had no access to Michael Moorcock's novel "Stormbringer" before creating an ALLEGEDLY INFRINGED WORK with an eight-sided pointed stars.

496.     Ralph Horsley had no access to Michael Moorcock's novel "Stormbringer" while creating an ALLEGEDLY INFRINGED WORK with an eight-sided pointed stars

497.     YOU do not own a copyright to Michael Moorcock's novel "Stormbringer".

498.     YOU do not contend that YOUR WORKS infringe copyrights concerning Michael Moorcock's novel "Stormbringer".

499.     All of the illustrations that appear in the works YOU identify in the Second Amended Complaint at Paragraph 13 were created in the United Kingdom.

500.     All of the illustrations that appear in the works YOU identify in the Second Amended Complaint at Paragraph 13 were first published in United Kingdom.

501.     For all the ALLEGEDLY INFRINGED WORKS, "these are all made by employees of Games Workshop."

502.     YOU pay payroll taxes with respect to YOUR employees.

503.     YOU do not require any of YOUR employees to pay their own payroll taxes.

504.     YOU pay payroll taxes with respect to all YOUR employees.

505.     YOU pay payroll taxes with respect to Jes Goodwin.

5

506. Jes Goodwin has provided services for YOU only as YOUR employee.

507. Jes Goodwin has created copyrightable materials for YOU only as YOUR employee.

508. For every year during which Jes Goodwin created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Jes Goodwin.

509. YOU have an employment agreement with Jes Goodwin.

510. YOU pay payroll taxes with respect to Dave Thomas

511. Dave Thomas has provided services for YOU only as YOUR employee.

512. Dave Thomas has created copyrightable materials for YOU only as YOUR employee.

513. For every year during which Dave Thomas created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Dave Thomas.

514. YOU have an employment agreement with Dave Thomas.

515. YOU pay payroll taxes with respect to Ed Spettigue.

516. Ed Spettigue has provided services for YOU only as YOUR employee.

517. Ed Spettigue has created copyrightable materials for YOU only as YOUR employee.

518. For every year during which Ed Spettigue created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Ed Spettigue.

519. YOU have an employment agreement with Ed Spettigue.

520. YOU pay payroll taxes with respect to Tim Adcock.

521. Tim Adcock has provided services for YOU only as YOUR employee.

522. Tim Adcock has created copyrightable materials for YOU only as YOUR employee.

523.     For every year during which Tim Adcock created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Tim Adcock.

524.     YOU have an employment agreement with Tim Adcock.

525.     YOU pay payroll taxes with respect to Dave Andrews.

526.     Dave Andrews has provided services for YOU only as YOUR employee.

527.     Dave Andrews has created copyrightable materials for YOU only as YOUR employee.

528.     For every year during which Dave Andrews created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Dave Andrews.

529.     YOU have an employment agreement with Dave Andrews.

530.     YOU pay payroll taxes with respect to Mark Bedford.

531.     Mark Bedford has provided services for YOU only as YOUR employee.

532.     Mark Bedford has created copyrightable materials for YOU only as YOUR employee.

533.     For every year during which Mark Bedford created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Mark Bedford.

534.     YOU have an employment agreement with Mark Bedford.

535.     YOU pay payroll taxes with respect to Alex Boyd.

536.     Alex Boyd has provided services for YOU only as YOUR employee.

537.     Alex Boyd has created copyrightable materials for YOU only as YOUR employee.

538.     For every year during which Alex Boyd created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Alex Boyd.

539.    YOU have an employment agreement with Alex Boyd.

540.    YOU pay payroll taxes with respect to James Brady.

541.    James Brady has provided services for YOU only as YOUR employee.

542.    James Brady has created copyrightable materials for YOU only as YOUR employee.

543.    For every year during which James Brady created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to James Brady.

544.    YOU have an employment agreement with James Brady.

545.    YOU pay payroll taxes with respect to Gary Chalk.

546.    Gary Chalk has provided services for YOU only as YOUR employee.

547.    Gary Chalk has created copyrightable materials for YOU only as YOUR employee.

548.    For every year during which Gary Chalk created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Gary Chalk.

549.    YOU have an employment agreement with Gary Chalk.

550.    YOU pay payroll taxes with respect to Adam Clarke.

551.    Adam Clarke has provided services for YOU only as YOUR employee.

552.    Adam Clarke has created copyrightable materials for YOU only as YOUR employee.

553.    For every year during which Adam Clarke created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Adam Clarke.

554.    YOU have an employment agreement with Adam Clarke.

555.    YOU pay payroll taxes with respect to Paul Dainton.

556.    Paul Dainton has provided services for YOU only as YOUR employee.

8

557.    Paul Dainton has created copyrightable materials for YOU only as YOUR employee.

558.    For every year during which Paul Dainton created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Paul Dainton.

559.    YOU have an employment agreement with Paul Dainton.

560.    YOU pay payroll taxes with respect to Simon Egan.

561.    Simon Egan has provided services for YOU only as YOUR employee.

562.    Simon Egan has created copyrightable materials for YOU only as YOUR employee.

563.    For every year during which Simon Egan created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Simon Egan.

564.    YOU have an employment agreement with Simon Egan.

565.    YOU pay payroll taxes with respect to Wayne England.

566.    Wayne England has provided services for YOU only as YOUR employee.

567.    Wayne England has created copyrightable materials for YOU only as YOUR employee.

568.    For every year during which Wayne England created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Wayne England.

569.    YOU have an employment agreement with Wayne England.

570.    YOU pay payroll taxes with respect to Tomas Fiertek.

571.    Tomas Fiertek has provided services for YOU only as YOUR employee.

572.    Tomas Fiertek has created copyrightable materials for YOU only as YOUR employee.

573.    For every year during which Tomas Fiertek created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Tomas Fiertek.

574.    YOU have an employment agreement with Tomas Fiertek.

575.    YOU pay payroll taxes with respect to Martin Footit.

576.    Martin Footit has provided services for YOU only as YOUR employee.

577.    Martin Footit has created copyrightable materials for YOU only as YOUR employee.

578.    For every year during which Martin Footit created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Martin Footit.

579.    YOU have an employment agreement with Martin Footit.

580.    YOU pay payroll taxes with respect to Dave Gallagher.

581.    Dave Gallagher has provided services for YOU only as YOUR employee.

582.    Dave Gallagher has created copyrightable materials for YOU only as YOUR employee.

583.    For every year during which Dave Gallagher created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Dave Gallagher.

584.    YOU have an employment agreement with Dave Gallagher.

585.    YOU pay payroll taxes with respect to Des Hanley.

586.    Des Hanley has provided services for YOU only as YOUR employee.

587.    Des Hanley has created copyrightable materials for YOU only as YOUR employee.

588.    For every year during which Des Hanley created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Des Hanley.

10

589.    YOU have an employment agreement with Des Hanley.

590.    YOU pay payroll taxes with respect to Mark Harrison.

591.    Mark Harrison has provided services for YOU only as YOUR employee.

592.    Mark Harrison has created copyrightable materials for YOU only as YOUR employee.

593.    For every year during which Mark Harrison created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Mark Harrison.

594.    YOU have an employment agreement with Mark Harrison.

595.    YOU pay payroll taxes with respect to Will Hayes.

596.    Will Hayes has provided services for YOU only as YOUR employee.

597.    Will Hayes has created copyrightable materials for YOU only as YOUR employee.

598.    For every year during which Will Hayes created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Will Hayes.

599.    YOU have an employment agreement with Will Hayes.

600.    YOU pay payroll taxes with respect to Neil Hodgson.

601.    Neil Hodgson has provided services for YOU only as YOUR employee.

602.    Neil Hodgson has created copyrightable materials for YOU only as YOUR employee.

603.    For every year during which Neil Hodgson created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Neil Hodgson.

604.    YOU have an employment agreement with Neil Hodgson.

605.    YOU pay payroll taxes with respect to Ralph Horsley.

606.    Ralph Horsley has provided services for YOU only as YOUR employee.

11

607. Ralph Horsley has created copyrightable materials for YOU only as YOUR employee.

608. For every year during which Ralph Horsley created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Ralph Horsley.

609. YOU have an employment agreement with Ralph Horsley.

610. YOU pay payroll taxes with respect to Nuala Kinrade.

611. Nuala Kinrade has provided services for YOU only as YOUR employee.

612. Nuala Kinrade has created copyrightable materials for YOU only as YOUR employee.

613. For every year during which Nuala Kinrade created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Nuala Kinrade.

614. YOU have an employment agreement with Nuala Kinrade.

615. YOU pay payroll taxes with respect to Karl Kopinski.

616. Karl Kopinski has provided services for YOU only as YOUR employee.

617. Karl Kopinski has created copyrightable materials for YOU only as YOUR employee.

618. For every year during which Karl Kopinski created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Karl Kopinski.

619. YOU have an employment agreement with Karl Kopinski.

620. YOU pay payroll taxes with respect to Clint Langley.

621. Clint Langley has provided services for YOU only as YOUR employee.

622. Clint Langley has created copyrightable materials for YOU only as YOUR employee.

623. For every year during which Clint Langley created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Clint Langley.

624. YOU have an employment agreement with Clint Langley.

625. YOU pay payroll taxes with respect to Kenson Low.

626. Kenson Low has provided services for YOU only as YOUR employee.

627. Kenson Low has created copyrightable materials for YOU only as YOUR employee.

628. For every year during which Kenson Low created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Kenson Low.

629. YOU have an employment agreement with Kenson Low.

630. YOU pay payroll taxes with respect to Mike McVey.

631. Mike McVey has provided services for YOU only as YOUR employee.

632. Mike McVey has created copyrightable materials for YOU only as YOUR employee.

633. For every year during which Mike McVey created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Mike McVey.

634. YOU have an employment agreement with Mike McVey.

635. YOU pay payroll taxes with respect to Aly Morrison.

636. Aly Morrison has provided services for YOU only as YOUR employee.

637. Aly Morrison has created copyrightable materials for YOU only as YOUR employee.

638. For every year during which Aly Morrison created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Aly Morrison.

639. YOU have an employment agreement with Aly Morrison.

640. YOU pay payroll taxes with respect to Bob Naismith.

641. Bob Naismith has provided services for YOU only as YOUR employee.

642. Bob Naismith has created copyrightable materials for YOU only as YOUR employee.

643. For every year during which Bob Naismith created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Bob Naismith.

644. YOU have an employment agreement with Bob Naismith.

645. YOU pay payroll taxes with respect to Brian Nelson.

646. Brian Nelson has provided services for YOU only as YOUR employee.

647. Brian Nelson has created copyrightable materials for YOU only as YOUR employee.

648. For every year during which Brian Nelson created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Brian Nelson.

649. YOU have an employment agreement with Brian Nelson.

650. YOU pay payroll taxes with respect to Justin Norman.

651. Justin Norman has provided services for YOU only as YOUR employee.

652. Justin Norman has created copyrightable materials for YOU only as YOUR employee.

653. For every year during which Justin Norman created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Justin Norman.

654. YOU have an employment agreement with Justin Norman.

655. YOU pay payroll taxes with respect to Juan Diaz Ramos.

14

656. Juan Diaz Ramos has provided services for YOU only as YOUR employee.

657. Juan Diaz Ramos has created copyrightable materials for YOU only as YOUR employee.

658. For every year during which Juan Diaz Ramos created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Juan Diaz Ramos.

659. YOU have an employment agreement with Juan Diaz Ramos.

660. YOU pay payroll taxes with respect to Eric Ren.

661. Eric Ren has provided services for YOU only as YOUR employee.

662. Eric Ren has created copyrightable materials for YOU only as YOUR employee.

663. For every year during which Eric Ren created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Eric Ren.

664. YOU have an employment agreement with Eric Ren.

665. YOU pay payroll taxes with respect to Adrian Smith.

666. Adrian Smith has provided services for YOU only as YOUR employee.

667. Adrian Smith has created copyrightable materials for YOU only as YOUR employee.

668. For every year during which Adrian Smith created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Adrian Smith.

669. YOU have an employment agreement with Adrian Smith.

670. YOU pay payroll taxes with respect to Dale Stringer.

671. Dale Stringer has provided services for YOU only as YOUR employee.

15

672.    Dale Stringer has created copyrightable materials for YOU only as YOUR employee.

673.    For every year during which Dale Stringer created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Dale Stringer.

674.    YOU have an employment agreement with Dale Stringer.

675.    YOU pay payroll taxes with respect to Phil Stutcinskas.

676.    Phil Stutcinskas has provided services for YOU only as YOUR employee.

677.    Phil Stutcinskas has created copyrightable materials for YOU only as YOUR employee.

678.    For every year during which Phil Stutcinskas created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Phil Stutcinskas.

679.    YOU have an employment agreement with Phil Stutcinskas.

680.    YOU pay payroll taxes with respect to Chris Trevas.

681.    Chris Trevas has provided services for YOU only as YOUR employee.

682.    Chris Trevas has created copyrightable materials for YOU only as YOUR employee.

683.    For every year during which Chris Trevas created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Chris Trevas.

684.    YOU have an employment agreement with Chris Trevas.

685.    YOU pay payroll taxes with respect to Tom Watton.

686.    Tom Watton has provided services for YOU only as YOUR employee.

687.    Tom Watton has created copyrightable materials for YOU only as YOUR employee.

688.     For every year during which Tom Watton created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Tom Watton.

689.     YOU have an employment agreement with Tom Watton.

690.     YOU pay payroll taxes with respect to Adrian Wild.

691.     Adrian Wild has provided services for YOU only as YOUR employee.

692.     Adrian Wild has created copyrightable materials for YOU only as YOUR employee.

693.     For every year during which Adrian Wild created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Adrian Wild.

694.     YOU have an employment agreement with Adrian Wild.

695.     YOU pay payroll taxes with respect to Sam Wood.

696.     Sam Wood has provided services for YOU only as YOUR employee.

697.     Sam Wood has created copyrightable materials for YOU only as YOUR employee.

698.     For every year during which Sam Wood created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Sam Wood.

699.     YOU have an employment agreement with Sam Wood.

700.     YOU pay payroll taxes with respect to Franz Vohwinkel.

701.     Franz Vohwinkel has provided services for YOU only as YOUR employee.

702.     Franz Vohwinkel has created copyrightable materials for YOU only as YOUR employee.

703.    For every year during which Franz Vohwinkel created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Franz Vohwinkel.

704.    YOU have an employment agreement with Franz Vohwinkel.

705.    YOU pay payroll taxes with respect to John Blanche.

706.    John Blanche has provided services for YOU only as YOUR employee.

707.    John Blanche has created copyrightable materials for YOU only as YOUR employee.

708.    For every year during which John Blanche created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to John Blanche.

709.    YOU have an employment agreement with John Blanche.

710.    YOU pay payroll taxes with respect to Andy Chambers.

711.    Andy Chambers has provided services for YOU only as YOUR employee.

712.    Andy Chambers has created copyrightable materials for YOU only as YOUR employee.

713.    For every year during which Andy Chambers created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Andy Chambers.

714.    YOU have an employment agreement with Andy Chambers.

715.    YOU pay payroll taxes with respect to Roberto Cirillo.

716.    Roberto Cirillo has provided services for YOU only as YOUR employee.

717.    Roberto Cirillo has created copyrightable materials for YOU only as YOUR employee.

718.    For every year during which Roberto Cirillo created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Roberto Cirillo.

719.   YOU have an employment agreement with Roberto Cirillo.

720.   YOU pay payroll taxes with respect to Alan Merrett.

721.   Alan Merrett has provided services for YOU only as YOUR employee.

722.   Alan Merrett has created copyrightable materials for YOU only as YOUR employee.

723.   For every year during which Alan Merrett created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Alan Merrett.

724.   YOU have an employment agreement with Alan Merrett.

725.   YOU pay payroll taxes with respect to Rick Priestley.

726.   Rick Priestley has provided services for YOU only as YOUR employee.

727.   Rick Priestley has created copyrightable materials for YOU only as YOUR employee.

728.   For every year during which Rick Priestley created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to Rick Priestley.

729.   YOU have an employment agreement with Rick Priestley.

730.   YOU pay payroll taxes with respect to John Sibbick.

731.   John Sibbick has provided services for YOU only as YOUR employee.

732.   John Sibbick has created copyrightable materials for YOU only as YOUR employee.

733.   For every year during which John Sibbick created an ALLEGEDLY INFRINGED WORK, excluding the RFA NO. 337 PRODUCT, YOU paid payroll taxes with respect to John Sibbick.

734.   YOU have an employment agreement with John Sibbick.

Dated: February 10, 2012              Respectfully submitted,
CHAPTERHOUSE STUDIOS LLC


By:    /s/ Thomas J. Kearney
        Jennifer Golinveaux (CA Bar No. 203056)
        Thomas J. Kearney (CA Bar No. 267087)
        WINSTON & STRAWN LLP
        101 California Street
        San Francisco, CA 94111-5802
        Phone: (415) 591-1000
        Fax: (415) 591-1400
        jgolinveaux@winston.com
        tkearney@winston.com

        Eric Mersmann (IL Bar No. 6286859)
        Catherine B. Diggins (IL Bar No. 6296237)
        WINSTON & STRAWN LLP
        35 West Wacker Drive
        Chicago, IL 60601-1695
        Phone: (312) 558-5600
        Fax: (312) 558-5700
        emersmann@winston.com
        cdiggins@winston.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2012, I provided service of

**DEFENDANT CHAPTERHOUSE STUDIOS LLC'S**
**FOURTH SET OF REQUESTS FOR ADMISSION**

to the person or persons listed below by the following means: FIRST CLASS MAIL

Scott R. Kaspar
Aaron J. Weinzierl
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: 312.832.4500
Facsimile: 312.832.4700
Email: skaspar@foley.com;
aweinzierl@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

Signature: _Lisa Schuh_                    Date:  February 10, 2012
LISA SCHUH

21

SF:328057.3

Exhibit 70

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GAMES WORKSHOP LIMITED, <br><br> Plaintiff, <br><br> v. <br><br> CHAPTERHOUSE STUDIOS LLC and JON PAULSON d/b/a PAULSON GAMES <br><br> Defendants. | Civil Action No. 1:10-cv-08103 <br><br> Hon. Matthew F. Kennelly <br> Hon. Jeffrey T. Gilbert |

**PLAINTIFF GAMES WORKSHOP STUDIOS LLC'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS TO GAMES WORKSHOP LIMITED SET TWO**

Pursuant to Fed.R.Civ.P. Rules 26 and 34, Games Workshop responds as follows to the First Request For Production of Documents of Defendant Chapterhouse Studios LLC.

**GENERAL OBJECTIONS**

Games Workshop will produce electronically stored information in a format mutually agreed upon among counsel, or as otherwise appropriate.

**REQUESTS FOR PRODUCTION**

2. All documents concerning the design, creation, or authorship of the copyrighted works You claim in this action.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome given the needs of the case, given that Games Workshop is the owner of each of the copyrighted works at issue in the case and no issue has been raised as to its ownership or creation of any given work.

3. For each person identified in Your response to Interrogatory No. 5, all documents constituting, evidencing, or relating to any employment agreement, contract, memorandum of understanding, or other statement of terms and conditions, for all periods of time during which such person was engaged in the authorship, creation, or design of any work for which You claim copyright protection.

**RESPONSE:**

Games Workshop incorporates by reference its objections to Interrogatory No. 5 that this request is overbroad and unduly burdensome given the needs of the case, given that Games Workshop is the owner of each of the copyrighted works at issue in the case and no issue has been raised as to its ownership or creation of any given work.

4. All documents constituting the chain of title for all copyrights You claim in this action.

**RESPONSE:**

Games Workshop objects that this request vague and ambiguous, given that Games Workshop is the owner of each of the copyrighted works at issue in the case and no issue has been raised as to its ownership or creation of any given work.

Without prejudice to or waiver of the foregoing objections, Games Workshop is not aware of any documents responsive to this request.

5. All certificates of copyright registration for copyrighted works You claim in this action.

**RESPONSE:**

Games Workshop will produce documents responsive to this request.

6.      All documents concerning Chapterhouse or its products.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous, overbroad and unduly

burdensome given the needs of the case, and, without regard to relevance, seeks documents

protected by the attorney-client privilege and work-product immunity.

Without prejudice to or waiver of the foregoing objections, Games Workshop will

produce non-privileged non-work-product documents responsive to this request.

7.      One exemplar of the use in commerce in the United States of each of the marks

You claim in this action.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome given the

needs of the case, including Chapterhouse's admission that Games Workshop owns all of the

marks in issue.

Without prejudice to or waiver of the foregoing objections, Games Workshop will

produce documents responsive to this request.

8.      All documents concerning trademark availability research, investigation, and

searches relating to trademarks You claim in this action.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome given the

needs of the case, including Chapterhouse's admission that Games Workshop owns all of the

marks in issue and the length of time Games Workshop has been using the subject marks.

Without prejudice to or waiver of the foregoing objections, Games Workshop will produce documents, if any, responsive to this request.

9.     All surveys, studies, or other documents relating to market (or prospective market) impressions of, reactions to, or attitude by a consumer or consumers towards the trademarks You claim in this action.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous, overbroad and unduly burdensome given the needs of the case, insofar as it seeks "other documents" relating to market impressions, reactions, or attitudes.

Without prejudice to or waiver of the foregoing objections, Games Workshop is not aware of any documents responsive to this request.

10.     All documents reflecting or relating to communications concerning confusion about the source of Chapterhouse's products, or between You or any of Your products and Chapterhouse or any of its products.

**RESPONSE:**

Games Workshop objects that the phrase "communications concerning confusion" is vague and ambiguous, and that this request is overbroad and unduly burdensome given the needs of the case, and, without regard to relevance, seeks documents protected by the attorney-client privilege and work-product immunity.

Without prejudice to or waiver of the foregoing objections, Games Workshop will produce non-privileged non-work-product documents responsive to this request demonstrating consumer communications responsive to this request.

11.     Specimens of first use in U.S. commerce for each of the marks You claim in this action.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome, given the needs of the case, including the length of time Games Workshop has been using the subject marks, and seeks information that is not relevant and not likely to lead to the discovery of admissible evidence insofar as there is no issue in this case concerning Chapterhouse's alleged priority of use of any of the subject trademarks and given Chapterhouse's admission that Games Workshop owns all of the marks in issue.

12.     All documents concerning the use by others of any of the marks You claim in this action.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome, given the needs of the case, and seeks information that is not relevant and not likely to lead to the discovery of admissible evidence insofar as Chapterhouse does not claim any rights in or to any of the subject trademarks by or through any third parties and given Chapterhouse's admission that Games Workshop owns all of the marks in issue. The request is also vague and ambiguous insofar as the term "use" is not specified and would encompass all references to Games Workshop's products by third parties.

13.     All documents concerning measures You have taken to enforce trademark rights in any of the trademarks You claim in this action, including, without limitation, all communications with third parties regarding those rights.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome, given

the needs of the case, and seeks information that is not relevant and not likely to lead to the

discovery of admissible evidence insofar as Chapterhouse does not claim any rights in or to any

of the subject trademarks by or through any third parties and given Chapterhouse's admission

that Games Workshop owns all of the marks in issue.


14.     All documents concerning claims that any of the works in which You claim

copyright in this action infringes third party rights.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome, given

the needs of the case, and seeks information that is not relevant and not likely to lead to the

discovery of admissible evidence insofar as Chapterhouse does not claim any rights in or to any

of the subject works by or through any third parties.

Without prejudice to or waiver of the foregoing objections, Games Workshop is not

aware of any documents responsive to this request.

15.     All documents constituting, comprising, evidencing, or referring to assignments,

licenses, the "purchasing of rights," or other transfers of copyrights or trademarks You claim in

this action.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome given the

needs of the case, given that Games Workshop is the owner of each of the copyrighted works at

issue in the case and the trademarks used in connection therewith and no issue has been raised as

to its ownership or creation of any given work or title to any of the subject trademarks. The request is also needlessly cumulative and repetitive of Request 4 above.

Without prejudice to or waiver of the foregoing objections, Games Workshop is not aware of any documents responsive to this request.

16.    All documents evidencing or constituting the terms of Your agreements with distributors of Your products.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome, given the needs of the case, and seeks information that is not relevant and not likely to lead to the discovery of admissible evidence.

17.    All documents concerning Your assertion of any of the copyrights You claim in this action, against any party that designs, authors, manufactures, sells, or distributes material (such as gaming miniatures, models, add-on parts or accessories for same, as well as written matter such as rulebooks or codexes) for use with Your Warhammer 40,000 game.

**RESPONSE:**

Games Workshop objects that this request seeks information that is not relevant and not likely to lead to the discovery of admissible evidence insofar as Chapterhouse does not claim any rights in or to any of the subject copyrights by or through any third parties. Games Workshop further objects that the term "assertion of rights" is vague and ambiguous.

Without prejudice to or waiver of the foregoing objections, Games Workshop is not aware of any documents responsive to this request.

18.    All documents concerning allegations that You have falsely claimed copyright rights or exclusivity of copyright rights.

**RESPONSE:**

Games Workshop objects that this request seeks information that is not relevant and not likely to lead to the discovery of admissible evidence insofar as Chapterhouse does not claim any rights in or to any of the subject copyrights by or through any third parties, and because bare allegations, if there had been any, are not pertinent.

Without prejudice to or waiver of the foregoing objections, Games Workshop is not aware of any documents responsive to this request.

19.     All documents concerning allegations that You have falsely claimed trademark rights or exclusivity of trademark rights.

**RESPONSE:**

Games Workshop objects that this request seeks information that is not relevant and not likely to lead to the discovery of admissible evidence insofar as Chapterhouse does not claim any rights in or to any of the subject trademarks by or through any third parties, and because bare allegations, if there had been any, are not pertinent.

Without prejudice to or waiver of the foregoing objections, Games Workshop is not aware of any documents responsive to this request.

20.     All documents concerning Your rules or policies, including but not limited to legal policies appearing on Your websites, regarding use of Your copyrights or trademarks by third parties.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous, overbroad and unduly burdensome given the needs of the case, and, without regard to relevance, seeks documents protected by the attorney-client privilege and work-product immunity.

Without prejudice to or waiver of the foregoing objections, Games Workshop will produce copies of any such policies appearing on its website.

21.    All documents constituting organization charts of Games Workshop Limited, including without limitation its officers, directors, employees, subsidiaries, parent companies (including without limitation Games Workshop Group PLC), sister companies, and affiliated companies.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome, given the needs of the case, and seeks information that is not relevant and not likely to lead to the discovery of admissible evidence

Without prejudice to or waiver of the foregoing objections, Games Workshop will produce a representative organizational chart, if any.

22.    All documents supporting Your allegations in the First Amended Complaint that the product You refer to as "Super Heavy Assault Walker," "Super-Heavy Assault Walker," and "TAU Super-Heavy Assault Walker," was "designed and licensed for Chapterhouse by Paulson Games" (First Amended Complaint 28), or that it was "designed at least in part by Paulson Games" (First Amended Complaint TR 30, 31)

**RESPONSE:**

Games Workshop objects that this is a contention request, best deferred until the close of discovery and calls for documents in the possession of third parties, including Chapterhouse and defendant Paulson.

Without prejudice to or waiver of the foregoing objections, Games Workshop will produce documents responsive to this request.

23.　　All documents concerning Your plans to market copyrighted works claimed by You in this action, including without limitation any and all products that are derivative works of such copyrighted works, whether such products are currently existing or planned for the future.

**RESPONSE:**

Games Workshop objects that this request seeks confidential information that is irrelevant and not likely to lead to the discovery of admissible evidence.

24.　　All documents that evidence, refer to, or discuss any damages or harm, including without limitation monetary damage, You claim to have suffered, or to be likely to suffer, as a result of Chapterhouse's alleged infringements and violations as set forth in Your First Amended Complaint.

**RESPONSE:**

Games Workshop objects that this is a contention request best deferred to the close of discovery, including receipt of discovery from Chapterhouse regarding its sales.

25.　　Documents sufficient to identify Your total annual profits, related to each copyrighted work claimed by You in this action, for each of the past ten (10) years.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous, overbroad and unduly burdensome given the needs of the case. The request also seeks information that is confidential. The request is also a contention request best deferred until Games Workshop elects whether or not to pursue lost profits in this case.

Without prejudice to or waiver of the foregoing objections, subject to entry of a protective order, Games Workshop, will produce documents responsive to this request to support a claim of

lost profits to the extent it elects to pursue a claim for such lost profits.

26.     Documents sufficient to identify Your total annual revenues related to each copyrighted work claimed by You in this action, for each of the past ten (10) years.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous, overbroad and unduly burdensome given the needs of the case. The request also seeks information that is confidential. The request is also a contention request best deferred until Games Workshop elects whether or not to pursue lost profits in this case.

Without prejudice to or waiver of the foregoing objections, subject to entry of a protective order, Games Workshop, will produce documents responsive to this request to support a claim of lost profits to the extent it elects to pursue a claim for such lost profits.

27.     Documents sufficient to identify Your total annual expenses related to each copyrighted work claimed by You in this action, for each of the past ten (10) years.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous, overbroad and unduly burdensome given the needs of the case. The request also seeks information that is confidential. The request is also a contention request best deferred until Games Workshop elects whether or not to pursue lost profits in this case.

Without prejudice to or waiver of the foregoing objections, subject to entry of a protective order, Games Workshop, will produce documents responsive to this request to support a claim of lost profits to the extent it elects to pursue a claim for such lost profits.

28.     All documents concerning allegations of copyright infringement asserted against You.

**RESPONSE:**

Games Workshop objects that this request is overbroad, given the needs of the case, and seeks information that is not relevant and not likely to lead to the discovery of admissible evidence insofar as Chapterhouse does not claim any rights in or to any of the subject copyrights by or through any third parties.

Without prejudice to or waiver of the foregoing objections, Games Workshop is not aware of any documents responsive to this request.

29.     All documents concerning allegations of trademark infringement asserted against You.

**RESPONSE:**

Games Workshop objects that this request is overbroad, given the needs of the case, and seeks information that is not relevant and not likely to lead to the discovery of admissible evidence insofar as Chapterhouse does not claim any rights in or to any of the subject trademarks by or through any third parties.

Without prejudice to or waiver of the foregoing objections, Games Workshop is not aware of any documents responsive to this request.

30.     All documents concerning the Star Fox Space Marine Chapter referenced in Exhibit A to Your Response to Chapterhouse's Interrogatory No. 1.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous and seeks documents that are not relevant and not likely to lead to the discovery of admissible evidence.

31.     All documents evidencing, referring or relating to any and all statements by Chapterhouse that are allegedly false and misleading, as set forth in paragraphs 78 through 80 of

the First Amended Complaint.

**RESPONSE:**

Games Workshop objects that this is a contention request, best deferred until the close of discovery and calls for documents in the possession of third parties, including Chapterhouse itself.

Without prejudice to or waiver of the foregoing objections, Games Workshop will produce documents responsive to this request.

32.     All documents evidencing, referring or relating to any and all business practices of Chapterhouse that are allegedly unfair and deceptive, as set forth in paragraphs 86 through 89 of the First Amended Complaint.

**RESPONSE:**

Games Workshop objects that this is a contention request, best deferred until the close of discovery and calls for documents in the possession of third parties, including Chapterhouse itself.

Without prejudice to or waiver of the foregoing objections, Games Workshop will produce documents responsive to this request.

33.     All documents evidencing, referring or relating to any and all representations of material fact by Chapterhouse that are allegedly false and deceptive, as set forth in paragraphs 87 through 89 of the First Amended Complaint.

**RESPONSE:**

Games Workshop objects that this is a contention request, best deferred until the close of discovery and calls for documents in the possession of third parties, including Chapterhouse itself.

Without prejudice to or waiver of the foregoing objections, Games Workshop will produce documents responsive to this request.

Dated: July 5, 2011                    Respectfully submitted,

                                       By: _____
                                              Jonathan E. Moskin

                                       Scott R. Kaspar (Ill. Bar No. 6284921)
                                       Aaron J. Weinzierl (Ill. Bar No. 6294055)
                                       FOLEY & LARDNER LLP
                                       321 North Clark Street, Suite 2800
                                       Chicago, IL 60654
                                       Telephone: (312) 832-4500
                                       Facsimile: (312) 832-4700
                                       Email: skaspar@foley.com; aweinzierl@foley.com

                                       Jonathan E. Moskin
                                       FOLEY & LARDNER LLP
                                       90 Park Avenue
                                       New York, NY 10016
                                       Telephone: (212) 682-7474
                                       Facsimile: (212) 687-3229
                                       Email: jmoskin@foley.com

                                       *Attorneys for Plaintiff Games Workshop Limited*

**CERTIFICATE OF SERVICE**

I, Jonathan E. Moskin, an attorney, hereby certify that on July 5, 2011, I caused a

copy of the foregoing **PLAINTIFF GAMES WORKSHOP STUDIOS LLC'S RESPONSE**

**TO REQUEST FOR PRODUCTION OF DOCUMENTS TO GAMES WORKSHOP**

**LIMITED SET TWO** to be served on the interested parties by causing copies of this document

to be served on the following *via* United States Mail in a sealed envelope with the postage

prepaid and *via* electronic mail to the following:

> Jennifer A. Golinveaux, Esq.
> Thomas J. Kearney, Esq.
> J. Caleb Donaldson, Esq.
> WINSTON & STRAWN LLP
> 101 California Street
> San Francisco, CA 94111
> jgolinveaux@winston.com
> tkearney@winston.com
> jcdonaldson@winston.com
>
> Catherine B. Diggins, Esq.
> Eric J. Mersmann, Esq.
> WINSTON & STRAWN LLP
> 35 West Wacker Drive
> Chicago, IL 60601
> cdiggins@winston.com
> emersmann@winston.com
>
>      and
>
> Ronald H. Spuhler
> Ronald A. DiCerbo
> Thomas J. Campbell Jr.
> MCANDREWS, HELD & MALLOY LTD.
> 500 W. Madison Street – 34th Floor
> Chicago, IL 60061

Jonathan E. Moskin