**EXHIBIT 46**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GAMES WORKSHOP LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:10-cv-08103 |
| v. | ) | |
| | ) | |
| CHAPTERHOUSE STUDIOS LLC and JON | ) | |
| PAULSON d/b/a PAULSON GAMES, | ) | |
| | ) | Judge Matthew F. Kennelly |
| Defendants. | ) | |
| | **)** | |

<u>**CONTAINS CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION
PURSUANT TO PROTECTIVE ORDER**</u>

**DEFENDANT CHAPTERHOUSE STUDIOS LLC'S SECOND SUPPLEMENTAL
RESPONSE TO GAMES WORKSHOP LTD.'S SECOND SET OF INTERROGATORIES
TO CHAPTERHOUSE STUDIOS LLC (NOS. 3-13)**

PROPOUNDING PARTY:      PLAINTIFF GAMES WORKSHOP LIMITED

RESPONDING PARTY:      DEFENDANT CHAPTERHOUSE STUDIOS LLC

SET:      TWO

Pursuant to Federal Rule of Civil Procedure 33, Defendant Chapterhouse Studios LLC

("Chapterhouse") hereby supplements its responses to the second set of Interrogatories from

Plaintiff Games Workshop Limited ("Games Workshop"), as follows:

<u>**GENERAL OBJECTIONS:**</u>

Chapterhouse incorporates the following General Objections as if set forth fully in

response to each interrogatory in Games Workshop's Second Set of Interrogatories.

1.    These responses are made solely for the purposes of this litigation. Chapterhouse

has not completed its investigation into the facts of this case. The responses are based solely on

the documents and information presently available and specifically known to Chapterhouse. Chapterhouse therefore responds without prejudice to its right to supplement its responses.

2.      Chapterhouse objects to each interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other doctrine. Any inadvertent disclosure of such information will not be deemed a waiver of the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity.

3.      Chapterhouse objects to each interrogatory to the extent that it purports to require Chapterhouse to disclose highly sensitive, confidential, or trade secret information of competitive and strategic significance.

4.      Chapterhouse objects to Games Workshop's Second Set of Interrogatories in their entirety as overbroad, burdensome, oppressive, and vague.

5.      Chapterhouse objects to each interrogatory to the extent that it seeks information not reasonably related to the claims or defenses in this matter.

6.      Chapterhouse objects to each interrogatory to the extent that it purports to impose any requirement or discovery obligation on Chapterhouse other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court.

7.      Chapterhouse objects to the definition of "Chapterhouse" as overbroad to the extent it seeks information that is outside of Chapterhouse's possession, custody or control.

8.      Chapterhouse objects to the definition of "Defendants" as overbroad to the extent it seeks information from other entities that is outside of Chapterhouse's possession, custody or control.

9.      Chapterhouse objects to the definition of "Amended Complaint" as overbroad and impermissibly vague to the extent it purports to incorporate amendments Games Workshop has not yet filed.

10.     Chapterhouse objects to the definition of "Accused Works" as vague and ambiguous and overbroad and unduly burdensome the to the extent that it purports to encompass claims Games Workshop has not yet brought.

11.     Chapterhouse objects to the definition of "Identify" as overbroad and unduly burdensome and to the extent that it seeks information outside of Chapterhouse's possession, custody or control. Chapterhouse further objects to the definition of "Identify" as vague and ambiguous to the extent it purports to require a "description" of things.

12.     Chapterhouse specifically objects to paragraph 7 of Games Workshop's definitions and instructions as overbroad and oppressive to the extent it purports to impose any requirement or discovery obligation on Chapterhouse other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court.

## RESPONSES:

## INTERROGATORY REQUEST NO. 3:

Identify by name and last known address (including email address and phone) all natural or corporate persons who have worked with or for Chapterhouse in creating or designing any of the Accused Works; set forth the works for which each such person was involved in the design process, set forth the role played by each such person and state the period of time each such person worked with or for Chapterhouse.

## RESPONSE TO INTERROGATORY NO. 3

In addition to its General Objections, Chapterhouse objects to this interrogatory as vague and ambiguous, particularly, though not exclusively, with respect to the phrase 'worked with or

for." Chapterhouse further objects to this interrogatory as compound, overbroad, unduly burdensome, and seeking information outside the scope of permissible discovery. Chapterhouse objects to the use of "Accused Works" as a defined term because that term is not defined in either Games Workshop's Second Set of Interrogatories, or in its First Set of Document Requests, which the Second Set of Interrogatories purports to incorporate by reference. Chapterhouse will adopt, for the purposes of this response, the definition of Accused Works articulated in Games Workshop's First Set of Interrogatories. However, Games Workshop objects to that definition as vague and ambiguous and overbroad and unduly burdensome to the extent that it purports to encompass claims Games Workshop has not yet brought.

Without waiving, and subject to its General Objections and these specific objections, Chapterhouse responds as follows. Chapterhouse will provide this information upon entry of an appropriate protective order.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3 (CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER):**

4



5

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER



CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3**
**(CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER):**

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**



8

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**



**INTERROGATORY REQUEST NO. 4:**

Identify by name and last known address (including email address and phone) all natural or corporate persons who have worked with or for Chapterhouse in producing or manufacturing any of the Accused Works; set forth the works for which each such person was involved in the

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

design process, set forth the role played by each such person and state the period of time each such person worked with or for Chapterhouse.

## RESPONSE TO INTERROGATORY NO. 4

In addition to its General Objections, Chapterhouse objects to this interrogatory as vague and ambiguous, particularly, though not exclusively, with respect to the phrase 'worked with or for" and the phrase "in producing or manufacturing." Chapterhouse further objects to this interrogatory as compound, overbroad, unduly burdensome, and seeking information outside the scope of permissible discovery. Chapterhouse objects to the use of "Accused Works" as a defined term because that term is not defined in either Games Workshop's Second Set of Interrogatories, or in its First Set of Document Requests, which the Second Set of Interrogatories purports to incorporate by reference. Chapterhouse will adopt, for the purposes of this response, the definition of Accused Works articulated in Games Workshop's First Set of Interrogatories. However, Games Workshop objects to that definition as vague and ambiguous and overbroad and unduly burdensome to the extent that it purports to encompass claims Games Workshop has not yet brought.

Without waiving, and subject to its General Objections and these specific objections, Chapterhouse responds as follows. Chapterhouse will provide this information upon entry of an appropriate protective order.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4 (HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER):

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER



11

**HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**



## INTERROGATORY REQUEST NO. 5:

Set forth the methods, processes or business plans employed by Chapterhouse in selecting new products for development or inclusion in its product lines, including without limitation the persons involved in such process and their respective responsibilities.

## RESPONSE TO INTERROGATORY NO. 5

In addition to its General Objections, Chapterhouse objects to this interrogatory as vague and ambiguous. Chapterhouse further objects to this interrogatory as overbroad, unduly burdensome, and seeking information outside the scope of permissible discovery.

Without waiving, and subject to its General Objections and these specific objections, Chapterhouse responds that it does not have formal methods, processes, or business plans for selecting new products for development or inclusion in its product lines.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5 (HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER):

**HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**



### INTERROGATORY REQUEST NO. 6:

Identify by name, last known address (including email address and phone), title and responsibilities all current or past employees, agents or independent contractors who have worked for Chapterhouse.

### RESPONSE TO INTERROGATORY NO. 6

In addition to its General Objections, Chapterhouse objects to this interrogatory as vague and ambiguous. Chapterhouse further objects to this interrogatory as overbroad, unduly burdensome, and seeking information outside the scope of permissible discovery.

Without waiving, and subject to its General Objections and these specific objections, Chapterhouse incorporates its answers to Interrogatories 3 and 4.

### SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6 (HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER):

**HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**



HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER



15

HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER



**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6 (HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER):**

**HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**



**HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**



**HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**



19
HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

**INTERROGATORY REQUEST NO. 7:**

Separately for each of the Accused Works, identify any sources consulted, used, reviewed or relied on by Chapterhouse other than works of Games Workshop in creating each of the said Accused Works.

**RESPONSE TO INTERROGATORY NO. 7**

In addition to its General Objections, Chapterhouse objects that this interrogatory seeks information duplicative of that sought in Games Workshop's Interrogatory No. 1. Chapterhouse objects to this interrogatory as vague and ambiguous. Chapterhouse further objects to this interrogatory as unduly burdensome, oppressive, and seeking information outside the scope of discovery. Chapterhouse objects to the use of "Accused Works" as a defined term because that term is not defined in either Games Workshop's Second Set of Interrogatories, or in its First Set of Document Requests, which the Second Set of Interrogatories purports to incorporate by reference. Chapterhouse will adopt, for the purposes of this response, the definition of Accused Works articulated in Games Workshop's First Set of Interrogatories. However, Games Workshop objects to that definition as vague and ambiguous and overbroad and unduly burdensome to the extent that it purports to encompass claims Games Workshop has not yet brought. Chapterhouse further objects to the string of participles "consulted, used, reviewed, or relied on" as vague and ambiguous, and overbroad and unduly burdensome. This interrogatory appears to call for a comprehensive list of Chapterhouse's influences, but creative inspiration is not amenable to easy dissection.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

In addition to its General Objections, Chapterhouse objects to this interrogatory as vague and ambiguous. Chapterhouse further objects to this interrogatory as unduly burdensome, oppressive, and seeking information outside the scope of discovery. Chapterhouse further objects

to this interrogatory as unduly burdensome, oppressive, and seeking information outside the scope of discovery. Chapterhouse objects to the use of "Accused Works" as a defined term because that term is not defined in either Games Workshop's Second Set of Interrogatories, or in its First Set of Document Requests, which the Second Set of Interrogatories purports to incorporate by reference. Chapterhouse will adopt, for the purposes of this response, the definition of Accused Works articulated in Games Workshop's First Set of Interrogatories. However, Chapterhouse objects to that definition as vague and ambiguous and overbroad and unduly burdensome to the extent that it purports to encompass claims Games Workshop has not yet brought. Chapterhouse further objects to the string of participles "consulted, used, reviewed, or relied on" as vague and ambiguous, and overbroad and unduly burdensome. This interrogatory appears to call for a comprehensive list of Chapterhouse's influences, but creative inspiration is not amenable to easy dissection. Chapterhouse further objects that this interrogatory is duplicative of Games Workshop's Interrogatory No. 2.

**INTERROGATORY REQUEST NO. 8:**

Set forth the meaning and derivation of the name "Chapterhouse" and identify all sources consulted, used, reviewed or relied on by Chapterhouse in selecting the name.

**RESPONSE TO INTERROGATORY NO. 8**

In addition to its General Objections, Chapterhouse objects to this interrogatory as vague and ambiguous, particularly but not exclusively with respect to "meaning and derivation" and "sources consulted, used, reviewed or relied on."

Without waiving, and subject to, its General and specific objections, Chapterhouse responds that the Oxford English Dictionary defines "Chapterhouse" as "A building attached to a cathedral, monastery, etc., in which meetings of the chapter are held." The Oxford English Dictionary gives a date of first usage of 1122AD, a little less than nine hundred years ago.

Chapterhouse responds additionally that Frank Herbert's novel Chapterhouse Dune was known to Chapterhouse when it selected its name.

## INTERROGATORY REQUEST NO. 9:

Identify any and all websites or other businesses or venues (including trade shows) where any of the Accused Works has ever been offered for sale or sold.

## RESPONSE TO INTERROGATORY NO. 9

In addition to its General Objections, Chapterhouse objects to this interrogatory as vague and ambiguous. Chapterhouse further objects to this interrogatory as overbroad, unduly burdensome, and seeking information outside the scope of permissible discovery. Chapterhouse objects to the use of "Accused Works" as a defined term because that term is not defined in either Games Workshop's Second Set of Interrogatories, or in its First Set of Document Requests, which the Second Set of Interrogatories purports to incorporate by reference. Chapterhouse will adopt, for the purposes of this response, the definition of Accused Works articulated in Games Workshop's First Set of Interrogatories. However, Games Workshop objects to that definition as vague and ambiguous and overbroad and unduly burdensome to the extent that it purports to encompass claims Games Workshop has not yet brought.

Without waiving, and subject to its General Objections and these specific objections, Chapterhouse responds that it cannot know where its products might be offered for sale or sold in the secondary market. Upon the entry of an appropriate protective order, Chapterhouse will provide a list of websites and physical locations where Chapterhouse has sold the products GW claims infringe its copyrights.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9 (HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER):

22

**HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**



**HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**



**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9**

**(HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER)**:

**HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**



HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER



**INTERROGATORY REQUEST NO. 10:**

Identify any and all websites, publications or other businesses or venues (including trade shows) where any of the Accused Works has ever been advertised or promoted.

**RESPONSE TO INTERROGATORY NO. 10**

In addition to its General Objections, Chapterhouse objects to this interrogatory as vague and ambiguous, particularly but not exclusively with respect to the word "promoted." Chapterhouse further objects to this interrogatory as overbroad, unduly burdensome, and seeking information outside the scope of permissible discovery.  Chapterhouse objects to the use of "Accused Works" as a defined term because that term is not defined in either Games Workshop's Second Set of Interrogatories, or in its First Set of Document Requests, which the Second Set of Interrogatories purports to incorporate by reference. Chapterhouse will adopt, for the purposes of this response, the definition of Accused Works articulated in Games Workshop's First Set of Interrogatories. However, Games Workshop objects to that definition as vague and ambiguous and overbroad and unduly burdensome to the extent that it purports to encompass claims Games Workshop has not yet brought.

**HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

Without waiving, and subject to its General Objections and these specific objections, Chapterhouse responds as follows. Chapterhouse will provide this information upon entry of an appropriate protective order.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10 (HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER):**

27

**INTERROGATORY REQUEST NO. 11:**

Set forth all sources in which Chapterhouse relied in connection with the selection of each of the product names, designations or identifying information for each of the Accused Works offered for sale by defendant.

**RESPONSE TO INTERROGATORY NO. 11**

In addition to its General Objections, Chapterhouse objects to this interrogatory as vague and ambiguous. Chapterhouse further objects to this interrogatory as overbroad, unduly burdensome, and seeking information outside the scope of permissible discovery. Chapterhouse objects to the use of "Accused Works" as a defined term because that term is not defined in either Games Workshop's Second Set of Interrogatories, or in its First Set of Document Requests, which the Second Set of Interrogatories purports to incorporate by reference. Chapterhouse will adopt, for the purposes of this response, the definition of Accused Works articulated in Games Workshop's First Set of Interrogatories. However, Games Workshop objects to that definition as vague and ambiguous and overbroad and unduly burdensome to the extent that it purports to encompass claims Games Workshop has not yet brought.

**INTERROGATORY REQUEST NO. 12:**

Identify any instances in which any consumer or potential consumer of any of Chapterhouse's products has mentioned or referred to Games Workshop, WARHAMMER or WARHAMMER 40,000 or expressed any confusion or question as to the association or affiliation between Chapterhouse or its products and Games Workshop and its products, including, without limitation by specifying the persons involved, date and substance of anything said.

**HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

**RESPONSE TO INTERROGATORY NO. 12**

In addition to its General Objections, Chapterhouse objects to this interrogatory as vague and ambiguous. Chapterhouse further objects to this interrogatory as massively overbroad, unduly burdensome, and seeking information outside the scope of permissible discovery.

Without waiving, and subject to its General Objections and these specific objections, Chapterhouse responds pursuant to Federal Rule of Civil Procedure 33(d) that it will produce documents in response to Request for Production No. 26, as detailed in the response, and subject to the objections provided, thereto.

**INTERROGATORY REQUEST NO. 13:**

Set forth all facts or other grounds, if any, on which Chapterhouse relied for each of the affirmative defenses asserted in its Answer to the Amended Complaint herein.

**RESPONSE TO INTERROGATORY NO. 13**

In addition to its General Objections, Chapterhouse objects that this is an untimely contention interrogatory. Chapterhouse further objects to this interrogatory as vague and ambiguous. Chapterhouse further objects to this interrogatory as massively overbroad, unduly burdensome, and seeking information outside the scope of permissible discovery.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13:**

In addition to its General Objections, Chapterhouse objects that this is an untimely contention interrogatory. Chapterhouse further objects to this interrogatory as vague and ambiguous. Chapterhouse further objects to this interrogatory as massively overbroad, unduly burdensome, and seeking information outside the scope of permissible discovery. Finally, Chapterhouse specifically objects that Chapterhouse has not received discovery in response to many of its document requests and interrogatories; such documents, uniquely in possession of Plaintiff, are key to many of the affirmative defenses in the Answer to the Amended Complaint.

Without waiving, and subject to its General Objections and these specific objections, and subject to its continuing right and obligation to supplement this response further as new facts and information come to light, Chapterhouse responds as follows.

To the extent Games Workshop alleges that Chapterhouse infringed Games Workshop's copyrights in works that were first published in the United States, Games Workshop must have, or have applied for United States copyright registrations in order to maintain the copyright claims. To the extent Games Workshop does not own the copyrights for works it claims in this action, it lacks standing to bring its copyright infringement claim.

Chapterhouse denies copying any protected expression from Games Workshop, but to the extent that the Court finds otherwise, Chapterhouse maintains that any such use was a fair use: Chapterhouse's use, if any, is transformative because its works are different from Games Workshop's, because it did not use a substantial portion of any Games Workshop work, and because there is no adverse impact on the market for Games Workshop's works. To the extent this Court finds that Chapterhouse did copy a portion of one or more Games Workshop works to make its works, Chapterhouse maintains that such portion is so small as to be de minimis.

Chapterhouse maintains that its designers refer to many sources when creating works, including but not limited to the natural world, military history, heraldry, and other science fiction and fantasy worlds. Chapterhouse's designers routinely refer to images found on Internet search engines and other sources. Chapterhouse also refers to its response to Games Workshop's Interrogatory No. 2.

Chapterhouse bases its affirmative defenses of waiver, acquiescence and license on the fact that Games Workshop encourages fans of Warhammer 40,000 to create their own works for

use in its games, as well as encouraging the alteration and adaptation of its own works by those fans.

Games Workshop uses what legitimate intellectual property rights it does have to impede creativity and commerce by linking those rights to broad prohibitions on fair uses of its works as well as prohibitions on creating and selling works that are compatible with or fit into the world of Games Workshop's works.

Chapterhouse bases its defense of nominative fair use on its website and product descriptions, which use Games Workshop's alleged marks to describe compatibility with or make comparisons to Games Workshop's products.

Chapterhouse further responds pursuant to Federal Rule of Civil Procedure 33(d) that it has also produced documents responsive to this interrogatory.


Dated: February 3, 2012          Respectfully submitted,

CHAPTERHOUSE STUDIOS LLC

By:     /s/ Thomas J. Kearney
         Jennifer Golinveaux (CA Bar No. 203056)
         Dean A. Morehous (CA Bar No. 111841)
         Thomas J. Kearney (CA Bar No. 267087)
         WINSTON & STRAWN LLP
         101 California Street
         San Francisco, CA  94111-5802
         Phone: (415) 591-1000
         Fax: (415) 591-1400
         jgolinveaux@winston.com
         dmorehous@winston.com
         tkearney@winston.com

Eric Mersmann (IL Bar No. 6286859)
Jon Raffensperger (IL Bar No. 6302802)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-1695
Phone: (312) 558-5600
Fax: (312) 558-5700
emersmann@winston.com
jraffensperger@winston.com

# VERIFICATION

I, Nicholas Villacci, declare:

I am authorized to make this verification for and on behalf of Defendant Chapterhouse Studio LLC, and I make this verification for that reason. I have read the foregoing DEFENDANT CHAPTERHOUSE STUDIOS LLC'S SECOND SUPPLEMENTAL RESPONSE TO GAMES WORKSHOP LTD.'S SECOND SET OF INTERROGATORIES TO CHAPTERHOUSE STUDIOS LLC (NOS. 3-13) and know the contents thereof. On information and belief, the matters herein are true.

I declare under penalty of perjury that the foregoing is true and correct.

February 3, 2012

_____
Nicholas Villacci

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2012, I provided service of

**DEFENDANT CHAPTERHOUSE STUDIOS LLC'S SECOND SUPPLEMENTAL RESPONSE TO GAMES WORKSHOP LTD.'S SECOND SET OF INTERROGATORIES TO CHAPTERHOUSE STUDIOS LLC (NOS. 3-13)**

to the person or persons listed below by the following means: First Class Mail.

Scott R. Kaspar
Aaron J. Weinzierl
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: 312.832.4500
Facsimile: 312.832.4700
Email: skaspar@foley.com
aweinzierl@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

Signature: _____     Date: February 3, 2012

Name:     Thomas J. Kearney

SF:327608.1