# Exhibit 158

**THIS AGREEMENT** is made on 04 September 2002

BETWEEN:

    (1)    Sabertooth Games, Inc of 6211 East Holmes Rd Suite 102, Memphis TN 38141 USA ("Sabertooth")

          and

    (2)    Ralph Horsley    ("Artist")    of    18 Brooklyn Terrace Leeds, Armley, W. Yorkshire LS12 2BX

**1.**    **DEFINITIONS**

1.1    In this Agreement

    **"Confidential Information"** means all secret or not generally known information, or all information not easily accessible by others or of a commercially sensitive nature concerning any aspect of the business of Sabertooth. By way of example but not by way of limitation, information should be treated as confidential if it includes any proprietary documentation, materials, flow charts, codes, software, computer instructions, techniques, models, information, diagrams, know-how, trade secrets, data, business records, or marketing information.

    **"the Commencement Date"** means the date hereof,

    **"Successful Completion"** means the date on which the Artist has completed the Works to the approval of Sabertooth, such approval to be in writing

    **"the Work"** means the work to be produced in accordance with this agreement as detailed in Exhibit A hereto

    **"the Works Schedule"** means the timetable that the Work is to be produced to in accordance with this agreement as detailed in Exhibit B hereto

**2.**    **COMMISSIONED WORK**

2.1    In consideration of the payment to the Artist of the sums set out below, the Artist agrees to produce the Work in accordance with the Works Schedule under the terms and conditions hereunder.

**3.**    **DURATION**

3.1    This Agreement shall commence on the Commencement Date and shall, unless terminated in any of the circumstances in clause 6 of this Agreement, continue in force until Successful Completion Date of the Stage Two Work as provided for in Annex B below.

**4.**    **QUALITY OF PRODUCTS**

4.1    The Artist undertakes that the Work shall be carried out in a manner consistent with high standards of materials used, workmanship and design

**5.**    **PAYMENT**

Highly Confidential - AEO

5.1  Sabertooth shall pay the Artist any sums due in accordance with the Works Schedule.

5.2  In the event that the Work is not completed in accordance with the Works Schedule, Sabertooth will pay the Artist as follows:

    5.2.1  For Work received 1-2 days after the Final Date: 90% of the Initial Payment
    5.2.2  For Work received 3-5 days after the Final Date: 70% of the Initial Payment
    5.2.3  For Work received 6 or more days after the Final Date: 0% of the Initial Payment

5.3  Notwithstanding clause 5.2, the Artist agrees that time is of the essence.

5.4  Sabertooth reserves the exclusive right, such right not however to be exercised unreasonably, to cancel in its sole discretion this Agreement in relation to any Work in progress, at which time the Artist shall deliver that part of the Work created at the time of said cancellation whereupon Sabertooth shall pay the Artist such monies as may, in Sabertooth's opinion, be reasonably proportionate to such of the Work as is completed.

## 6.  TERMINATION

6.1  Sabertooth may terminate this Agreement without prejudice to its other remedies forthwith by notice in writing to the Artist if the Artist commits a breach of this Agreement, provided that if the breach is capable of remedy the notice shall only be given if the Artist shall not have remedied the same within 5 days of having been given notice in writing specifying the breach and requiring it to be remedied.

6.2  Either party may terminate this Agreement without prejudice to its other remedies giving by two months notice in writing to the other party. For the avoidance of doubt, the parties' obligations under this Agreement will continue during the notice period.

6.3  The clauses in this Agreement which expressly or impliedly have effect after termination shall continue to be enforceable notwithstanding termination.

## 7.  ASSIGNMENT OF COPYRIGHT

7.1  The Artist hereby assigns and transfers to Sabertooth all rights, title and interest, throughout the world and in perpetuity, in all copyrights and goodwill and any other intellectual property rights vested or otherwise in the Work. For the avoidance of doubt this includes any moral rights or equivalent which the Artist may have in the Work.

7.2  The Artist agrees to execute any relevant documents at any future time at the behest of Sabertooth to fulfil the obligations contained in this clause 7.

7.3  Name credit shall be given to the Artist upon publication of the Work in the products in which it is used. Notwithstanding any other provision of this Agreement, Sabertooth shall have no obligation to market, sell or otherwise distribute the Work, either alone or in any Sabertooth product.

7.4  Subject to this Clause 7, the Work will be returned to the Artist within a reasonable time following Successful Completion. The Artist shall not under any circumstance reproduce, copy, manufacture, alter or amend the Work following Successful Completion.

Highly Confidential - AEO

7.4 Without prejudice to the generality of the foregoing, the Artist shall have the right, upon the receipt of written approval from Sabertooth, such permission not to be unreasonably withheld, to use the Work (s) in connection with his/her portfolio, personal website and all or any non-commercial instruments of personal publicity that the Artist characteristically and reasonably uses to promote his/her artwork. Each instrument shall identify Sabertooth or its designee as the owner of all trademarks and copyrights associated with said Work(s). The Artist shall comply with all reasonable requirements that Sabertooth may communicate from time to time in relation to this Clause 7.5.

## 8.     CONFIDENTIALITY

8.1 The Artist agrees to keep confidential and use solely for the purposes of this Agreement all Confidential Information.

8.2 The obligation contained in clause 8.1 does not include information that has ceased to be secret without default on the recipient's part.

## 9.     INDEPENDENT CONTRACTOR

9.1 Artist shall be an independent contractor and not an employee of Sabertooth. Artist shall not be entitled to worker's compensation, retirement, insurance, or other benefits provided to employees of Sabertooth. Artist shall be responsible for the payment of all personal taxes, fees and other assessments arising from providing the services set forth herein and shall otherwise comply with applicable laws, ordinances, regulations and other governmental requirements related to said services. Artist has no power or authority to act for, represent, or bind Sabertooth or any company affiliated with Sabertooth in any manner, except as so authorized in writing by Sabertooth.

## 10.     ENTIRE AGREEMENT

10.1 This Agreement is the entire agreement between the parties with respect to the subject matter and supersedes any previous statements or agreements whether oral or written.

## 11.     VARIATION

11.1 No amendment or modification of this Agreement will be effective unless it is in writing and signed by both parties.

## 12.     WAIVER

12.1 The failure of either party to demand strict performance by the other party of any of this Agreement will not be a waiver or relinquishment of any rights under this Agreement.

13.    **SEVERABILITY**

13.1.   If any provision of this Agreement is held by a court of competent jurisdiction to be contrary to law, the remaining provisions of this Agreement will remain in full force and effect insofar as they are capable in light of the court's findings.

14.    **ASSIGNMENT**

14.1   The Artist may not assign this Agreement or any of the Artist's rights or obligations under this Agreement without the prior written consent of Sabertooth.

15.    **JURISDICTION**

15.1   This Agreement will be governed by the laws of the State of Washington and subject to the exclusive jurisdiction of the United States District Court for the Western District of Washington.

SIGNED FOR AND ON BEHALF          SIGNED FOR AND ON BEHALF
OF SABERTOOTH INC.                OF THE ARTIST

Name..................................          Name..................................

Date....July on 2004          Date........30/7/04...........

Highly Confidential - AEO                    GW0006049

**THIS AGREEMENT** is made on 04 September 2002

BETWEEN:

    (1)    Sabertooth Games, Inc of 6211 East Holmes Rd Suite 102, Memphis TN 38141 USA ("Sabertooth")

        and

    (2)    Ralph Horsley    ("Artist")    of    18 Brooklyn Terrace Leeds, Armley, W. Yorkshire LS12 2BX

## 1.    DEFINITIONS

1.1    In this Agreement

**"Confidential Information"** means all secret or not generally known information, or all information not easily accessible by others or of a commercially sensitive nature concerning any aspect of the business of Sabertooth. By way of example but not by way of limitation, information should be treated as confidential if it includes any proprietary documentation, materials, flow charts, codes, software, computer instructions, techniques, models, information, diagrams, know-how, trade secrets, data, business records, or marketing information.

**"the Commencement Date"** means the date hereof,

**"Successful Completion"** means the date on which the Artist has completed the Works to the approval of Sabertooth, such approval to be in writing

**"the Work"** means the work to be produced in accordance with this agreement as detailed in Exhibit A hereto

**"the Works Schedule"** means the timetable that the Work is to be produced to in accordance with this agreement as detailed in Exhibit B hereto

## 2.    COMMISSIONED WORK

2.1    In consideration of the payment to the Artist of the sums set out below, the Artist agrees to produce the Work in accordance with the Works Schedule under the terms and conditions hereunder.

## 3.    DURATION

3.1    This Agreement shall commence on the Commencement Date and shall, unless terminated in any of the circumstances in clause 6 of this Agreement, continue in force until Successful Completion Date of the Stage Two Work as provided for in Annex B below.

## 4.    QUALITY OF PRODUCTS

4.1    The Artist undertakes that the Work shall be carried out in a manner consistent with high standards of materials used, workmanship and design

## 5.    PAYMENT

Highly Confidential - AEO

5.1     Sabertooth shall pay the Artist any sums due in accordance with the Works Schedule.

5.2     In the event that the Work is not completed in accordance with the Works Schedule, Sabertooth will pay the Artist as follows:

     5.2.1   For Work received 1-2 days after the Final Date: 90% of the Initial Payment
     5.2.2   For Work received 3-5 days after the Final Date:70% of the Initial Payment
     5.2.3   For Work received 6 or more days after the Final Date:0% of the Initial Payment

5.3     Notwithstanding clause 5.2, the Artist agrees that time is of the essence.

5.4     Sabertooth reserves the exclusive right, such right not however to be exercised unreasonably, to cancel in its sole discretion this Agreement in relation to any Work in progress, at which time the Artist shall deliver that part of the Work created at the time of said cancellation whereupon Sabertooth shall pay the Artist such monies as may, in Sabertooth's opinion, be reasonably proportionate to such of the Work as is completed.

## 6.      TERMINATION

6.1     Sabertooth may terminate this Agreement without prejudice to its other remedies forthwith by notice in writing to the Artist if the Artist commits a breach of this Agreement, provided that if the breach is capable of remedy the notice shall only be given if the Artist shall not have remedied the same within 5 days of having been given notice in writing specifying the breach and requiring it to be remedied.

6.2     Either party may terminate this Agreement without prejudice to its other remedies giving by two months notice in writing to the other party. For the avoidance of doubt, the parties' obligations under this Agreement will continue during the notice period.

6.3     The clauses in this Agreement which expressly or impliedly have effect after termination shall continue to be enforceable notwithstanding termination.

## 7.      ASSIGNMENT OF COPYRIGHT

7.1     The Artist hereby assigns and transfers to Sabertooth all rights, title and interest, throughout the world and in perpetuity, in all copyrights and goodwill and any other intellectual property rights vested or otherwise in the Work. For the avoidance of doubt this includes any moral rights or equivalent which the Artist may have in the Work.

7.2     The Artist agrees to execute any relevant documents at any future time at the behest of Sabertooth to fulfil the obligations contained in this clause 7.

7.3     Name credit shall be given to the Artist upon publication of the Work in the products in which it is used. Notwithstanding any other provision of this Agreement, Sabertooth shall have no obligation to market, sell or otherwise distribute the Work, either alone or in any Sabertooth product.

7.4     Subject to this Clause 7, the Work will be returned to the Artist within a reasonable time following Successful Completion. The Artist shall not under any circumstance reproduce, copy, manufacture, alter or amend the Work following Successful Completion.

7.4 Without prejudice to the generality of the foregoing, the Artist shall have the right, upon the receipt of written approval from Sabertooth, such permission not to be unreasonably withheld, to use the Work (s) in connection with his/her portfolio, personal website and all or any non-commercial instruments of personal publicity that the Artist characteristically and reasonably uses to promote his/her artwork. Each instrument shall identify Sabertooth or its designee as the owner of all trademarks and copyrights associated with said Work(s). The Artist shall comply with all reasonable requirements that Sabertooth may communicate from time to time in relation to this Clause 7.5.

## 8. CONFIDENTIALITY

8.1 The Artist agrees to keep confidential and use solely for the purposes of this Agreement all Confidential Information.

8.2 The obligation contained in clause 8.1 does not include information that has ceased to be secret without default on the recipient's part.

## 9. INDEPENDENT CONTRACTOR

9.1 Artist shall be an independent contractor and not an employee of Sabertooth. Artist shall not be entitled to worker's compensation, retirement, insurance, or other benefits provided to employees of Sabertooth. Artist shall be responsible for the payment of all personal taxes, fees and other assessments arising from providing the services set forth herein and shall otherwise comply with applicable laws, ordinances, regulations and other governmental requirements related to said services. Artist has no power or authority to act for, represent, or bind Sabertooth or any company affiliated with Sabertooth in any manner, except as so authorized in writing by Sabertooth.

## 10. ENTIRE AGREEMENT

10.1 This Agreement is the entire agreement between the parties with respect to the subject matter and supersedes any previous statements or agreements whether oral or written.

## 11. VARIATION

11.1 No amendment or modification of this Agreement will be effective unless it is in writing and signed by both parties.

## 12. WAIVER

12.1 The failure of either party to demand strict performance by the other party of any of this Agreement will not be a waiver or relinquishment of any rights under this Agreement.

### 13. SEVERABILITY

13.1. If any provision of this Agreement is held by a court of competent jurisdiction to be contrary to law, the remaining provisions of this Agreement will remain in full force and effect insofar as they are capable in light of the court's findings.

### 14. ASSIGNMENT

14.1 The Artist may not assign this Agreement or any of the Artist's rights or obligations under this Agreement without the prior written consent of Sabertooth.

### 15. JURISDICTION

15.1 This Agreement will be governed by the laws of the State of Washington and subject to the exclusive jurisdiction of the United States District Court for the Western District of Washington.

SIGNED FOR AND ON BEHALF
OF SABERTOOTH INC.

SIGNED FOR AND ON BEHALF
OF THE ARTIST

Name...........................................

Name...........................................

Date...........................................

Date...........................................

Highly Confidential - AEO

## EXHIBIT

**The Work: Warhammer Fantasy, Harbingers of War/Death and Honour**

| Artist Name and Address: | Social Security Number (if applicable): | Name to appear on published work: |
|---|---|---|
| Ralph Horsley | | |
| 18 Brooklyn Terrace | | |
| Leeds, Armley, W. | | |
| Yorkshire LS12 2BX | | |

**Description   Art number**                     **All @ 115 GBP**
3344  3346  3377  3380

## EXHIBIT B

### The Works Schedule

The Artist will produce the Work in accordance with the following timetable:

A      A sketch of the Work must be completed and delivered to Sabertooth by [June 16th, 2004] ("Sketch Date")

B      The Work in final form must be completed and delivered to Sabertooth by [July 21st, 2004] ("Final Date")

C      Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of same (Successful Completion)

The Artist shall receive payment in the following sums and in accordance with the following timetable:

☐      PAYMENT METHOD ONE

C      [$           ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D      [$           ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the following timetable:

☐      PAYMENT METHOD TWO

E      [$     460.GBP] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

| For office use only | | | |
|---|---|---|---|
| Initial Check # | _____ | Final Check # | _____ |
| Initial Amount | _____ | Final Amount | _____ |
| Date | _____ | Date | _____ |

Highly Confidential - AEO

**THIS AGREEMENT** is made on 07 January 2003

BETWEEN:

(1)  Sabertooth Games, Inc of 610 Industry Drive, Tukwila WA, 98188 USA ("Sabertooth")

and

(2)  Ralph Horsley of 18 Brooklyn Terrace Leeds, Armley, W. Yorkshire LS12 2BX United Kingdom ("Artist")

## 1. DEFINITIONS

1.1  In this Agreement

**"Confidential Information"** means all secret or not generally known information, or all information not easily accessible by others or of a commercially sensitive nature concerning any aspect of the business of Sabertooth. By way of example but not by way of limitation, information should be treated as confidential if it includes any proprietary documentation, materials, flow charts, codes, software, computer instructions, techniques, models, information, diagrams, know-how, trade secrets, data, business records, or marketing information.

**"the Commencement Date"** means the date hereof,

**"Successful Completion"** means the date on which the Artist has completed the Works to the approval of Sabertooth, such approval to be in writing

**"the Work"** means the work to be produced in accordance with this agreement as detailed in Exhibit A hereto

**"the Works Schedule"** means the timetable that the Work is to be produced to in accordance with this agreement as detailed in Exhibit B hereto

## 2. COMMISSIONED WORK

2.1  In consideration of the payment to the Artist of the sums set out below, the Artist agrees to produce the Work in accordance with the Works Schedule under the terms and conditions hereunder.

## 3. DURATION

3.1  This Agreement shall commence on the Commencement Date and shall, unless terminated in any of the circumstances in clause 6 of this Agreement, continue in force until Successful Completion Date of the Stage Two Work as provided for in Annex B below.

## 4. QUALITY OF PRODUCTS

4.1     The Artist undertakes that the Work shall be carried out in a manner consistent with high standards of materials used, workmanship and design

## 5.     PAYMENT

5.1     Sabertooth shall pay the Artist any sums due in accordance with the Works Schedule.

5.2     In the event that the Work is not completed in accordance with the Works Schedule, Sabertooth will pay the Artist as follows:

5.2.1   For Work received 1-2 days after the Final Date: 90% of the Initial Payment
5.2.2   For Work received 3-5 days after the Final Date:70% of the Initial Payment
5.2.3   For Work received 6 or more days after the Final Date:0% of the Initial Payment

5.3     Notwithstanding clause 5.2, the Artist agrees that time is of the essence.

5.4     Sabertooth reserves the exclusive right, such right not however to be exercised unreasonably, to cancel in its sole discretion this Agreement in relation to any Work in progress, at which time the Artist shall deliver that part of the Work created at the time of said cancellation whereupon Sabertooth shall pay the Artist such monies as may, in Sabertooth's opinion, be reasonably proportionate to such of the Work as is completed.

## 6.     TERMINATION

6.1     Sabertooth may terminate this Agreement without prejudice to its other remedies forthwith by notice in writing to the Artist if the Artist commits a breach of this Agreement, provided that if the breach is capable of remedy the notice shall only be given if the Artist shall not have remedied the same within 5 days of having been given notice in writing specifying the breach and requiring it to be remedied.

6.2     Either party may terminate this Agreement without prejudice to its other remedies giving by two months notice in writing to the other party. For the avoidance of doubt, the parties' obligations under this Agreement will continue during the notice period.

6.3     The clauses in this Agreement which expressly or impliedly have effect after termination shall continue to be enforceable notwithstanding termination.

## 7.     ASSIGNMENT OF COPYRIGHT

7.1     The Artist hereby assigns and transfers to Sabertooth all rights, title and interest, throughout the world and in perpetuity, in all copyrights and goodwill and any other intellectual property rights vested or otherwise in the Work. For the avoidance of doubt this includes any moral rights or equivalent which the Artist may have in the Work.

7.2     The Artist agrees to execute any relevant documents at any future time at the behest of Sabertooth to fulfil the obligations contained in this clause 7.

7.3     Name credit shall be given to the Artist upon publication of the Work in the products in which it is used.  Notwithstanding any other provision of this Agreement, Sabertooth shall have no obligation to market, sell or otherwise distribute the Work, either alone or in any Sabertooth product.

Highly Confidential - AEO

7.4 Subject to this Clause 7, the Work will be returned to the Artist within a reasonable time following Successful Completion. The Artist shall not under any circumstance reproduce, copy, manufacture, alter or amend the Work following Successful Completion.

7.4 Without prejudice to the generality of the foregoing, the Artist shall have the right, upon the receipt of written approval from Sabertooth, such permission not to be unreasonably withheld, to use the Work (s) in connection with his/her portfolio, personal website and all or any non-commercial instruments of personal publicity that the Artist characteristically and reasonably uses to promote his/her artwork. Each instrument shall identify Sabertooth or its designee as the owner of all trademarks and copyrights associated with said Work(s). The Artist shall comply with all reasonable requirements that Sabertooth may communicate from time to time in relation to this Clause 7.5.

## 8. CONFIDENTIALITY

8.1 The Artist agrees to keep confidential and use solely for the purposes of this Agreement all Confidential Information.

8.2 The obligation contained in clause 8.1 does not include information that has ceased to be secret without default on the recipient's part.

## 9. INDEPENDENT CONTRACTOR

9.1 Artist shall be an independent contractor and not an employee of Sabertooth. Artist shall not be entitled to worker's compensation, retirement, insurance, or other benefits provided to employees of Sabertooth. Artist shall be responsible for the payment of all personal taxes, fees and other assessments arising from providing the services set forth herein and shall otherwise comply with applicable laws, ordinances, regulations and other governmental requirements related to said services. Artist has no power or authority to act for, represent, or bind Sabertooth or any company affiliated with Sabertooth in any manner, except as so authorized in writing by Sabertooth.

## 10. ENTIRE AGREEMENT

10.1 This Agreement is the entire agreement between the parties with respect to the subject matter and supersedes any previous statements or agreements whether oral or written.

## 11. VARIATION

11.1 No amendment or modification of this Agreement will be effective unless it is in writing and signed by both parties.

## 12. WAIVER

12.1 The failure of either party to demand strict performance by the other party of any of this Agreement will not be a waiver or relinquishment of any rights under this Agreement.

Highly Confidential - AEO

## 13.    SEVERABILITY

13.1.    If any provision of this Agreement is held by a court of competent jurisdiction to be contrary to law, the remaining provisions of this Agreement will remain in full force and effect insofar as they are capable in light of the court's findings.

## 14.    ASSIGNMENT

14.1    The Artist may not assign this Agreement or any of the Artist's rights or obligations under this Agreement without the prior written consent of Sabertooth.

## 15.    JURISDICTION

15.1    This Agreement will be governed by the laws of the State of Washington and subject to the exclusive jurisdiction of the United States District Court for the Western District of Washington.

SIGNED FOR AND ON BEHALF                    SIGNED FOR AND ON BEHALF
OF SABERTOOTH INC.                          OF THE ARTIST

Name.............................           Name...............................

Date................ 1/14/03                Date............ 22/2/03

# Ralph Horsley

**18 Brooklyn Terrace, Armley, Leeds. W.Yorks. LS12 2BX. UK.**
**Email: email@ralphhorsley.co.uk**
**Tel: 0113 2798848**

**Date: 24/2/03**
**Invoice No:  SG.1**
**To:**
Sabertooth Games, 610 industry Drive, Tukwila, WA 98188. USA.

| Description | Subtotal | Total |
|---|---|---|
| Card artwork<br><br>1740 Ungrim Ironfist<br>1823 Empire Wizard<br>1837 siege of Darkness | | $540.00 |
| **Total Due** | | **$540.00** |

**THIS AGREEMENT** is made on 12 March 2003

BETWEEN:

    (1)    Sabertooth Games, Inc of 610 Industry Drive, Tukwila WA, 98188 USA ("Sabertooth")

          and

    (2)    Ralph Horsley      ("Artist")    of    18 Brooklyn Terrace, Leeds, Armley, W. Yorkshire LS12 2BX. United Kingdom

## 1.    DEFINITIONS

1.1    In this Agreement

"**Confidential Information**" means all secret or not generally known information, or all information not easily accessible by others or of a commercially sensitive nature concerning any aspect of the business of Sabertooth. By way of example but not by way of limitation, information should be treated as confidential if it includes any proprietary documentation, materials, flow charts, codes, software, computer instructions, techniques, models, information, diagrams, know-how, trade secrets, data, business records, or marketing information.

"**the Commencement Date**" means the date hereof,

"**Successful Completion**" means the date on which the Artist has completed the Works to the approval of Sabertooth, such approval to be in writing

"**the Work**" means the work to be produced in accordance with this agreement as detailed in Exhibit A hereto

"**the Works Schedule**" means the timetable that the Work is to be produced to in accordance with this agreement as detailed in Exhibit B hereto

## 2.    COMMISSIONED WORK

2.1    In consideration of the payment to the Artist of the sums set out below, the Artist agrees to produce the Work in accordance with the Works Schedule under the terms and conditions hereunder.

## 3.    DURATION

3.1    This Agreement shall commence on the Commencement Date and shall, unless terminated in any of the circumstances in clause 6 of this Agreement, continue in force until Successful Completion Date of the Stage Two Work as provided for in Annex B below.

## 4.    QUALITY OF PRODUCTS

4.1    The Artist undertakes that the Work shall be carried out in a manner consistent with high standards of materials used, workmanship and design

Highly Confidential - AEO

## 5.     PAYMENT

5.1     Sabertooth shall pay the Artist any sums due in accordance with the Works Schedule.

5.2     In the event that the Work is not completed in accordance with the Works Schedule, Sabertooth will pay the Artist as follows:

    5.2.1    For Work received 1-2 days after the Final Date: 90% of the Initial Payment
    5.2.2    For Work received 3-5 days after the Final Date:70% of the Initial Payment
    5.2.3    For Work received 6 or more days after the Final Date:0% of the Initial Payment

5.3     Notwithstanding clause 5.2, the Artist agrees that time is of the essence.

5.4     Sabertooth reserves the exclusive right, such right not however to be exercised unreasonably, to cancel in its sole discretion this Agreement in relation to any Work in progress, at which time the Artist shall deliver that part of the Work created at the time of said cancellation whereupon Sabertooth shall pay the Artist such monies as may, in Sabertooth's opinion, be reasonably proportionate to such of the Work as is completed.

## 6.     TERMINATION

6.1     Sabertooth may terminate this Agreement without prejudice to its other remedies forthwith by notice in writing to the Artist if the Artist commits a breach of this Agreement, provided that if the breach is capable of remedy the notice shall only be given if the Artist shall not have remedied the same within 5 days of having been given notice in writing specifying the breach and requiring it to be remedied.

6.2     Either party may terminate this Agreement without prejudice to its other remedies giving by two months notice in writing to the other party. For the avoidance of doubt, the parties' obligations under this Agreement will continue during the notice period.

6.3     The clauses in this Agreement which expressly or impliedly have effect after termination shall continue to be enforceable notwithstanding termination.

## 7.     ASSIGNMENT OF COPYRIGHT

7.1     The Artist hereby assigns and transfers to Sabertooth all rights, title and interest, throughout the world and in perpetuity, in all copyrights and goodwill and any other intellectual property rights vested or otherwise in the Work. For the avoidance of doubt this includes any moral rights or equivalent which the Artist may have in the Work.

7.2     The Artist agrees to execute any relevant documents at any future time at the behest of Sabertooth to fulfil the obligations contained in this clause 7.

7.3     Name credit shall be given to the Artist upon publication of the Work in the products in which it is used.  Notwithstanding any other provision of this Agreement, Sabertooth shall have no obligation to market, sell or otherwise distribute the Work, either alone or in any Sabertooth product.

7.4     Subject to this Clause 7, the Work will be returned to the Artist within a reasonable time following Successful Completion. The Artist shall not under any circumstance reproduce, copy, manufacture, alter or amend the Work following Successful Completion.

Highly Confidential - AEO

7.4  Without prejudice to the generality of the foregoing, the Artist shall have the right, upon the receipt of written approval from Sabertooth, such permission not to be unreasonably withheld, to use the Work (s) in connection with his/her portfolio, personal website and all or any non-commercial instruments of personal publicity that the Artist characteristically and reasonably uses to promote his/her artwork. Each instrument shall identify Sabertooth or its designee as the owner of all trademarks and copyrights associated with said Work(s). The Artist shall comply with all reasonable requirements that Sabertooth may communicate from time to time in relation to this Clause 7.5.

## 8.   CONFIDENTIALITY

8.1  The Artist agrees to keep confidential and use solely for the purposes of this Agreement all Confidential Information.

8.2  The obligation contained in clause 8.1 does not include information that has ceased to be secret without default on the recipient's part.

## 9.   INDEPENDENT CONTRACTOR

9.1  Artist shall be an independent contractor and not an employee of Sabertooth. Artist shall not be entitled to worker's compensation, retirement, insurance, or other benefits provided to employees of Sabertooth. Artist shall be responsible for the payment of all personal taxes, fees and other assessments arising from providing the services set forth herein and shall otherwise comply with applicable laws, ordinances, regulations and other governmental requirements related to said services. Artist has no power or authority to act for, represent, or bind Sabertooth or any company affiliated with Sabertooth in any manner, except as so authorized in writing by Sabertooth.

## 10.   ENTIRE AGREEMENT

10.1  This Agreement is the entire agreement between the parties with respect to the subject matter and supersedes any previous statements or agreements whether oral or written.

## 11.   VARIATION

11.1  No amendment or modification of this Agreement will be effective unless it is in writing and signed by both parties.

## 12.   WAIVER

12.1  The failure of either party to demand strict performance by the other party of any of this Agreement will not be a waiver or relinquishment of any rights under this Agreement.

Highly Confidential - AEO

## 13.    SEVERABILITY

13.1.   If any provision of this Agreement is held by a court of competent jurisdiction to be contrary to law, the remaining provisions of this Agreement will remain in full force and effect insofar as they are capable in light of the court's findings.

## 14.    ASSIGNMENT

14.1    The Artist may not assign this Agreement or any of the Artist's rights or obligations under this Agreement without the prior written consent of Sabertooth.

## 15.    JURISDICTION

15.1    This Agreement will be governed by the laws of the State of Washington and subject to the exclusive jurisdiction of the United States District Court for the Western District of Washington.

SIGNED FOR AND ON BEHALF
OF SABERTOOTH INC.

Name.....................................

Date.......3/1/03...............

SIGNED FOR AND ON BEHALF
OF THE ARTIST

Name......................................

Date...13/5/05.........................

Highly Confidential - AEO

# Ralph Horsley

**18 Brooklyn Terrace, Armley, Leeds. W.Yorks. LS12 2BX. UK.**
**Email: email@ralphhorsley.co.uk**
**Tel: 0113 2798848**

**Date: 15/3/03**
**Invoice No:  SG.2**
**To:**
Sabertooth Games, 610 industry Drive, Tukwila, WA 98188. USA.

| Description | Subtotal | Total |
|---|---|---|
| Card artwork. War Cry set 3<br><br>Horsley 1872 Aura of futility<br>Horsley 1893 Increased supplies<br>Horsley 1899 replenish<br>Horsley 1901 Misdirection | | $720.00 |
| **Total Due** | | **$720.00** |

Highly Confidential - AEO

GW0006064

## EXHIBIT

### The Work: Warhammer WarCry, Set 2 (Winds of Magic)
Artist Name and Address: Ralph Horsley 18 Brooklyn Terrace Leeds, Armley, W. Yorkshire LS12 2BX United Kingdom

| Description | Art number |
|---|---|
| SIEGE – 1740 | Ungrim Ironfist |
| 1823 | Empire Wizard |

SIEGE – 1837 Siege of Darkness

3 @ $200

## EXHIBIT B

### The Works Schedule

The Artist will produce the Work in accordance with the following timetable:

A    A sketch of the Work must be completed and delivered to Sabertooth by    [End of Jan] ("Sketch Date")

B    The Work in final form must be completed and delivered to Sabertooth by [ Feb 19th] ("Final Date")

C    Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following timetable:

☐    PAYMENT METHOD ONE

C    [    $300    ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D    [    $300    ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the following timetable:

☑    PAYMENT METHOD TWO

E    [    $540    ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

| For office use only | | | |
|---|---|---|---|
| Initial Check # | 1907 | Final Check # | |
| Initial Amount | 540 (360/180) | Final Amount | |
| Date | 4/16/07 | Date | |

Highly Confidential - AEO    GW0006065

# EXHIBIT

**The Work: Warhammer Fantasy, Set 3**

Artist Name and Address: ~~Armley~~ Leeds, ~~Armley~~, W.
Ralph Horsley 18 Brooklyn        Yorkshire LS12 2BX      Name to appear on
Terrace                         United Kingdom          published work:
                                                         *RALPH HORSLEY.*

| Description | Art number | | |
|---|---|---|---|
| | | Replenish | 1899 |
| Aura of Futility | 1872 | Misdirection | 1901 |
| Increased Supplies | 1893 | 4 @ $200 | |

# EXHIBIT B

## The Works Schedule

The Artist will produce the Work in accordance with the following timetable:

A    A sketch of the Work must be completed and delivered to Sabertooth by
[Oct 21st, 2002] ("Sketch Date")

B    The Work in final form must be completed and delivered to Sabertooth by
[Nov 25th, 2002] ("Final Date")

C    Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of
same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following
timetable:

☐    PAYMENT METHOD ONE

C    [$400        ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D    [$400        ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the
following timetable:

☑    PAYMENT METHOD TWO

E    [$720        ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

| For office use only | | |
|---|---|---|
| Initial Check # | 2048 | Final Check # |
| Initial Amount | 720 | Final Amount |
| Date | 6/9/03 | Date |

Highly Confidential - AEO

## EXHIBIT

### The Work: Warhammer Fantasy, Set 3

Artist Name and Address:
Ralph Horsley 18 Brooklyn
Terrace

~~Ramsey~~, Leeds, ~~Armley~~, W.
Yorkshire LS12 2BX
United Kingdom

Name to appear on
published work:
_RALPH HORSLEY._

| Description | Art number | Replenish | 1899 |
|---|---|---|---|
| Aura of Futility | 1872 | Misdirection | 1901 |
| Increased Supplies | 1893 | 4 @ $200 | |

## EXHIBIT B

### The Works Schedule

The Artist will produce the Work in accordance with the following timetable:

A    A sketch of the Work must be completed and delivered to Sabertooth by [Oct 21st, 2002] ("Sketch Date")

B    The Work in final form must be completed and delivered to Sabertooth by [Nov 25th, 2002] ("Final Date")

C    Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following timetable:

☐    **PAYMENT METHOD ONE**

C    [$400    ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D    [$400    ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the following timetable:

☑    **PAYMENT METHOD TWO**

E    [$720    ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

**For office use only**
Initial Check #   _2048_
Initial Amount   _720_
Date   _6/7/__

Final Check #
Final Amount
Date

Highly Confidential - AEO    GW0006067

# Ralph Horsley

**18 Brooklyn Terrace, Armley, Leeds. W.Yorks. LS12 2BX. UK.**
**Email: email@ralphhorsley.co.uk**
**Tel: 0113 2798848**

**Date: 15/7/03**
**Invoice No: SG.3**
**To:**
Sabertooth Games, 610 industry Drive, Tukwila, WA 98188. USA.

| Description | Subtotal | Total |
|---|---|---|
| Card artwork; Horus Heresy set 1<br><br>Horsley 2011 Terminators<br>Horsley 2030 Bike Squad<br>Horsley 2076 Commander<br>Horsley 2086 Assault Squad2<br>Horsley 2096 Seek and Destroy<br>Horsley 2107 Devastators<br>Horsley 2137 Veterans 3<br>Horsley 2139 Attack Bike squad | | $1440.00 |
| **Total Due** | | **$1440.00** |

Highly Confidential - AEO

# Ralph Horsley

**18 Brooklyn Terrace, Armley, Leeds. W.Yorks. LS12 2BX. UK.**
**Email: email@ralphhorsley.co.uk**
**Tel: 0113 2798848**

**Date:** 7/8//03
**Invoice No:** SG.4
**To:**
Sabertooth Games, 610 industry Drive, Tukwila, WA 98188. USA.

| Description | Subtotal | Total |
|---|---|---|
| Card artwork; Horus Heresy set 1 | | |
| Horsley 2325 Ultramarines Dreadnought | | $200 |
| **Total Due** | | **$200.00** |

Highly Confidential - AEO

GW0006069

**Ralph Horsley**

| | |
|---|---|
| **From:** | Cheryl Banu [F65215C@emc.fedex.com] |
| **Sent:** | 24 February 2003 09:25 |
| **To:** | email@ralphhorsley.co.uk |
| **Subject:** | COMMERCIAL INVOICE |

To : email@ralphhorsley.co.uk
From : BANU/CHERYL@EMC2
Subject : COMMERCIAL INVOICE
–

RECIPIENT :


COMMERCIAL INVOICE

| !Ultimate Destination | !No. of Pkgs. | |
|---|---|---|
| USA WA 98188 | 1 | |
| !Date of Exportation | !Airway bill No. | |
| 7/8/03 | | |

| !Shipper/Exporter | !Consignee | !Importer (if applicable) |
|---|---|---|
| RALPH HORSLEY | | SABERTOOTH GAMES |
| 18 BROOKLYN TERRACE | | 610 INDUSTRY DRIVE |
| LEEDS | | TUKWILA |
| LS12 2BX | | WA 98188 |
| U.K. | | USA |

| !Shippers ref | !Customs ID/EIN No. | !Customs ID/EIN NO. | |
|---|---|---|---|
| RCSA 570 | | | |

| !Country of Manufacture | !Decsription of Goods | !Weight (KGS) | !Qty. Value | !Unit Value | !Commodity |
|---|---|---|---|---|---|
| UK | 5 pieces Original artwork | | | US $ 1000 | |

| | | !Total Wgt | !Sale Terms | !Total Value US $ 1000 |
|---|---|---|---|---|
| | | | FOB ____ | |
| | | | CIF ____ | |
| | | | C&F ____ | |

| !Declared Currency | !Total Invoice Value |
|---|---|
| US $ | US $ 1000 |

!SIGNATURE OF SHIPPER/EXPORTER:

!I declare that all the information contained in this invoice is true and
!correct.

!Title MR          Signed _____

RALPH .C. HORSLEY        7/8/03        1

**THIS AGREEMENT** is made on 17 August 2003

BETWEEN:

(1)     Sabertooth Games, Inc of 610 Industry Drive, Tukwila WA, 98188 USA
        ("Sabertooth")

        and

(2)     Ralph Horsley        ("Artist")      of      18 Brooklyn Terrace
Leeds, Armley, W. Yorkshire LS12 2BX; United Kingdom

## 1.     DEFINITIONS

1.1     In this Agreement

**"Confidential Information"** means all secret or not generally known information, or all information not easily accessible by others or of a commercially sensitive nature concerning any aspect of the business of Sabertooth. By way of example but not by way of limitation, information should be treated as confidential if it includes any proprietary documentation, materials, flow charts, codes, software, computer instructions, techniques, models, information, diagrams, know-how, trade secrets, data, business records, or marketing information.

**"the Commencement Date"** means the date hereof,

**"Successful Completion"** means the date on which the Artist has completed the Works to the approval of Sabertooth, such approval to be in writing

**"the Work"** means the work to be produced in accordance with this agreement as detailed in Exhibit A hereto

**"the Works Schedule"** means the timetable that the Work is to be produced to in accordance with this agreement as detailed in Exhibit B hereto

## 2.     COMMISSIONED WORK

2.1     In consideration of the payment to the Artist of the sums set out below, the Artist agrees to produce the Work in accordance with the Works Schedule under the terms and conditions hereunder.

## 3.     DURATION

3.1     This Agreement shall commence on the Commencement Date and shall, unless terminated in any of the circumstances in clause 6 of this Agreement, continue in force until Successful Completion Date of the Stage Two Work as provided for in Annex B below.

## 4.     QUALITY OF PRODUCTS

4.1     The Artist undertakes that the Work shall be carried out in a manner consistent with high standards of materials used, workmanship and design

Highly Confidential - AEO

## 5.    PAYMENT

5.1    Sabertooth shall pay the Artist any sums due in accordance with the Works Schedule.

5.2    In the event that the Work is not completed in accordance with the Works Schedule, Sabertooth will pay the Artist as follows:

5.2.1    For Work received 1-2 days after the Final Date: 90% of the Initial Payment
5.2.2    For Work received 3-5 days after the Final Date: 70% of the Initial Payment
5.2.3    For Work received 6 or more days after the Final Date: 0% of the Initial Payment

5.3    Notwithstanding clause 5.2, the Artist agrees that time is of the essence.

5.4    Sabertooth reserves the exclusive right, such right not however to be exercised unreasonably, to cancel in its sole discretion this Agreement in relation to any Work in progress, at which time the Artist shall deliver that part of the Work created at the time of said cancellation whereupon Sabertooth shall pay the Artist such monies as may, in Sabertooth's opinion, be reasonably proportionate to such of the Work as is completed.

## 6.    TERMINATION

6.1    Sabertooth may terminate this Agreement without prejudice to its other remedies forthwith by notice in writing to the Artist if the Artist commits a breach of this Agreement, provided that if the breach is capable of remedy the notice shall only be given if the Artist shall not have remedied the same within 5 days of having been given notice in writing specifying the breach and requiring it to be remedied.

6.2    Either party may terminate this Agreement without prejudice to its other remedies giving by two months notice in writing to the other party. For the avoidance of doubt, the parties' obligations under this Agreement will continue during the notice period.

6.3    The clauses in this Agreement which expressly or impliedly have effect after termination shall continue to be enforceable notwithstanding termination.

## 7.    ASSIGNMENT OF COPYRIGHT

7.1    The Artist hereby assigns and transfers to Sabertooth all rights, title and interest, throughout the world and in perpetuity, in all copyrights and goodwill and any other intellectual property rights vested or otherwise in the Work. For the avoidance of doubt this includes any moral rights or equivalent which the Artist may have in the Work.

7.2    The Artist agrees to execute any relevant documents at any future time at the behest of Sabertooth to fulfil the obligations contained in this clause 7.

7.3    Name credit shall be given to the Artist upon publication of the Work in the products in which it is used. Notwithstanding any other provision of this Agreement, Sabertooth shall have no obligation to market, sell or otherwise distribute the Work, either alone or in any Sabertooth product.

7.4    Subject to this Clause 7, the Work will be returned to the Artist within a reasonable time following Successful Completion. The Artist shall not under any circumstance reproduce, copy, manufacture, alter or amend the Work following Successful Completion.

Highly Confidential - AEO

7.4    Without prejudice to the generality of the foregoing, the Artist shall have the right, upon the receipt of written approval from Sabertooth, such permission not to be unreasonably withheld, to use the Work (s) in connection with his/her portfolio, personal website and all or any non-commercial instruments of personal publicity that the Artist characteristics and reasonably uses to promote his/her artwork. Each instrument shall identify Sabertooth or its designee as the owner of all trademarks and copyrights associated with said Work(s). The Artist shall comply with all reasonable requirements that Sabertooth may communicate from time to time in relation to this Clause 7.5.

## 8.      CONFIDENTIALITY

8.1    The Artist agrees to keep confidential and use solely for the purposes of this Agreement all Confidential Information.

8.2    The obligation contained in clause 8.1 does not include information that has ceased to be secret without default on the recipient's part.

## 9.      INDEPENDENT CONTRACTOR

9.1    Artist shall be an independent contractor and not an employee of Sabertooth. Artist shall not be entitled to worker's compensation, retirement, insurance, or other benefits provided to employees of Sabertooth. Artist shall be responsible for the payment of all personal taxes, fees and other assessments arising from providing the services set forth herein and shall otherwise comply with applicable laws, ordinances, regulations and other governmental requirements related to said services. Artist has no power or authority to act for, represent, or bind Sabertooth or any company affiliated with Sabertooth in any manner, except as so authorized in writing by Sabertooth.

## 10.     ENTIRE AGREEMENT

10.1   This Agreement is the entire agreement between the parties with respect to the subject matter and supersedes any previous statements or agreements whether oral or written.

## 11.     VARIATION

11.1   No amendment or modification of this Agreement will be effective unless it is in writing and signed by both parties.

## 12.     WAIVER

12.1   The failure of either party to demand strict performance by the other party of any of this Agreement will not be a waiver or relinquishment of any rights under this Agreement.

Highly Confidential - AEO

## 13.    SEVERABILITY

13.1.   If any provision of this Agreement is held by a court of competent jurisdiction to be contrary to law, the remaining provisions of this Agreement will remain in full force and effect insofar as they are capable in light of the court's findings.

## 14.    ASSIGNMENT

14.1    The Artist may not assign this Agreement or any of the Artist's rights or obligations under this Agreement without the prior written consent of Sabertooth.

## 15.    JURISDICTION

15.1    This Agreement will be governed by the laws of the State of Washington and subject to the exclusive jurisdiction of the United States District Court for the Western District of Washington.

SIGNED FOR AND ON BEHALF        SIGNED FOR AND ON BEHALF
OF SABERTOOTH INC.              OF THE ARTIST

Name.............................    Name.............................

Date..........6/18/03.........    Date..........15/7/03.........

Highly Confidential - AEO

GW0006074

**THIS AGREEMENT** is made on 17 August 2003

BETWEEN:

      (1)     Sabertooth Games, Inc of 610 Industry Drive, Tukwila WA, 98188 USA ("Sabertooth")

             and

      (2)     Ralph Horsley     ("Artist")     of     18 Brooklyn Terrace Leeds, Armley, W. Yorkshire LS12 2BX; United Kingdom

## 1.    DEFINITIONS

1.1    In this Agreement

    **"Confidential Information"** means all secret or not generally known information, or all information not easily accessible by others or of a commercially sensitive nature concerning any aspect of the business of Sabertooth. By way of example but not by way of limitation, information should be treated as confidential if it includes any proprietary documentation, materials, flow charts, codes, software, computer instructions, techniques, models, information, diagrams, know-how, trade secrets, data, business records, or marketing information.

    **"the Commencement Date"** means the date hereof,

    **"Successful Completion"** means the date on which the Artist has completed the Works to the approval of Sabertooth, such approval to be in writing

    **"the Work"** means the work to be produced in accordance with this agreement as detailed in Exhibit A hereto

    **"the Works Schedule"** means the timetable that the Work is to be produced to in accordance with this agreement as detailed in Exhibit B hereto

## 2.    COMMISSIONED WORK

2.1    In consideration of the payment to the Artist of the sums set out below, the Artist agrees to produce the Work in accordance with the Works Schedule under the terms and conditions hereunder.

## 3.    DURATION

3.1    This Agreement shall commence on the Commencement Date and shall, unless terminated in any of the circumstances in clause 6 of this Agreement, continue in force until Successful Completion Date of the Stage Two Work as provided for in Annex B below.

## 4.    QUALITY OF PRODUCTS

4.1    The Artist undertakes that the Work shall be carried out in a manner consistent with high standards of materials used, workmanship and design

**5.**     **PAYMENT**

5.1     Sabertooth shall pay the Artist any sums due in accordance with the Works Schedule.

5.2     In the event that the Work is not completed in accordance with the Works Schedule, Sabertooth will pay the Artist as follows:

        5.2.1   For Work received 1-2 days after the Final Date: 90% of the Initial Payment
        5.2.2   For Work received 3-5 days after the Final Date:70% of the Initial Payment
        5.2.3   For Work received 6 or more days after the Final Date:0% of the Initial Payment

5.3     Notwithstanding clause 5.2, the Artist agrees that time is of the essence.

5.4     Sabertooth reserves the exclusive right, such right not however to be exercised unreasonably, to cancel in its sole discretion this Agreement in relation to any Work in progress, at which time the Artist shall deliver that part of the Work created at the time of said cancellation whereupon Sabertooth shall pay the Artist such monies as may, in Sabertooth's opinion, be reasonably proportionate to such of the Work as is completed.

**6.**     **TERMINATION**

6.1     Sabertooth may terminate this Agreement without prejudice to its other remedies forthwith by notice in writing to the Artist if the Artist commits a breach of this Agreement, provided that if the breach is capable of remedy the notice shall only be given if the Artist shall not have remedied the same within 5 days of having been given notice in writing specifying the breach and requiring it to be remedied.

6.2     Either party may terminate this Agreement without prejudice to its other remedies giving by two months notice in writing to the other party. For the avoidance of doubt, the parties' obligations under this Agreement will continue during the notice period.

6.3     The clauses in this Agreement which expressly or impliedly have effect after termination shall continue to be enforceable notwithstanding termination.

**7.**     **ASSIGNMENT OF COPYRIGHT**

7.1     The Artist hereby assigns and transfers to Sabertooth all rights, title and interest, throughout the world and in perpetuity, in all copyrights and goodwill and any other intellectual property rights vested or otherwise in the Work. For the avoidance of doubt this includes any moral rights or equivalent which the Artist may have in the Work.

7.2     The Artist agrees to execute any relevant documents at any future time at the behest of Sabertooth to fulfil the obligations contained in this clause 7.

7.3     Name credit shall be given to the Artist upon publication of the Work in the products in which it is used. Notwithstanding any other provision of this Agreement, Sabertooth shall have no obligation to market, sell or otherwise distribute the Work, either alone or in any Sabertooth product.

7.4     Subject to this Clause 7, the Work will be returned to the Artist within a reasonable time following Successful Completion. The Artist shall not under any circumstance reproduce, copy, manufacture, alter or amend the Work following Successful Completion.

Highly Confidential - AEO       

7.4     Without prejudice to the generality of the foregoing, the Artist shall have the right, upon the receipt of written approval from Sabertooth, such permission not to be unreasonably withheld, to use the Work (s) in connection with his/her portfolio, personal website and all or any non-commercial instruments of personal publicity that the Artist characteristically and reasonably uses to promote his/her artwork. Each instrument shall identify Sabertooth or its designee as the owner of all trademarks and copyrights associated with said Work(s). The Artist shall comply with all reasonable requirements that Sabertooth may communicate from time to time in relation to this Clause 7.5.

## 8.    CONFIDENTIALITY

8.1     The Artist agrees to keep confidential and use solely for the purposes of this Agreement all Confidential Information.

8.2     The obligation contained in clause 8.1 does not include information that has ceased to be secret without default on the recipient's part.

## 9.    INDEPENDENT CONTRACTOR

9.1     Artist shall be an independent contractor and not an employee of Sabertooth. Artist shall not be entitled to worker's compensation, retirement, insurance, or other benefits provided to employees of Sabertooth. Artist shall be responsible for the payment of all personal taxes, fees and other assessments arising from providing the services set forth herein and shall otherwise comply with applicable laws, ordinances, regulations and other governmental requirements related to said services. Artist has no power or authority to act for, represent, or bind Sabertooth or any company affiliated with Sabertooth in any manner, except as so authorized in writing by Sabertooth.

## 10.    ENTIRE AGREEMENT

10.1    This Agreement is the entire agreement between the parties with respect to the subject matter and supersedes any previous statements or agreements whether oral or written.

## 11.    VARIATION

11.1    No amendment or modification of this Agreement will be effective unless it is in writing and signed by both parties.

## 12.    WAIVER

12.1    The failure of either party to demand strict performance by the other party of any of this Agreement will not be a waiver or relinquishment of any rights under this Agreement.

Highly Confidential - AEO      GW0006077

**13.     SEVERABILITY**

13.1.   If any provision of this Agreement is held by a court of competent jurisdiction to be contrary to law, the remaining provisions of this Agreement will remain in full force and effect insofar as they are capable in light of the court's findings.

**14.     ASSIGNMENT**

14.1    The Artist may not assign this Agreement or any of the Artist's rights or obligations under this Agreement without the prior written consent of Sabertooth.

**15.     JURISDICTION**

15.1    This Agreement will be governed by the laws of the State of Washington and subject to the exclusive jurisdiction of the United States District Court for the Western District of Washington.

SIGNED FOR AND ON BEHALF          SIGNED FOR AND ON BEHALF
OF SABERTOOTH INC.                          OF THE ARTIST

Name...................................          Name...................................

Date............6/18/03..........          Date........13th December 2003.........

Highly Confidential - AEO

**EXHIBIT**

**The Work: Warhammer Horus Heresy Set 1**

Artist Name and Address:          Leeds, Armley, W.                    Name to appear on
Ralph Horsley 18 Brooklyn         Yorkshire LS12 2BX                   published work:
Terrace                           United Kingdom                       *RALPH HORSLEY*

**Description   Art number**
Terminators  2011                                      Devastators 1      2107
Bike Squad   2030                                      Veterans 3   2137
Commander    2076                                      Attack Bike Squad 2139
Assault Squad 2   2086
Seek and Destroy  2096                                 **8 @ $200**

*+ UM DREADNOUGHT*

**EXHIBIT B**

**The Works Schedule**

The Artist will produce the Work in accordance with the following timetable:

A        A sketch of the Work must be completed and delivered to Sabertooth by
         [June 20, 2003] ("Sketch Date")

B        The Work in final form must be completed and delivered to Sabertooth by
         [July 11th, 2003] ("Final Date")

C        Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of
same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following
timetable:

☐        PAYMENT METHOD ONE

C        [$    800    ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D        [$    800    ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the
         following timetable:

*+200*   ☑        PAYMENT METHOD TWO

E        [$    1440   ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

| For office use only | | Final Check # | |
|---|---|---|---|
| Initial Check # | *2225* | Final Check # | |
| Initial Amount | *1640* | Final Amount | |
| Date | *8/8/02* | Date | |

Highly Confidential - AEO