**EXHIBIT**

**The Work: Warhammer WarCry, Set 2 (Winds of Magic)**

Artist Name and Address: Jim Brady Tiernahinch Near Roslea Road, Clones County Monaghan, Eire, Great Britain

**Description    Art number**                    1797    Battle Hardened
1710    Ork Shaman
1795    All for nothing                          **4 @ $275**
1796    Attack the Rear!

**EXHIBIT B**

**The Works Schedule**

The Artist will produce the Work in accordance with the following timetable:

A    A sketch of the Work must be completed and delivered to Sabertooth by        [End of Jan]
     ("Sketch Date")

B    The Work in final form must be completed and delivered to Sabertooth by
     [ Feb 19th] ("Final Date")

C    Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of
     same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following timetable:

[✓]    PAYMENT METHOD ONE

C    [    $550    ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D    [    $550    ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the
     following timetable:

[ ]    PAYMENT METHOD TWO

E    [    $990    ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

For office use only
Initial Check #    1896          Final Check #    2116
Initial Amount    550          Final Amount    550
Date    4/16/03          Date    3/3/03

Highly Confidential - AEO        GW0005992

# EXHIBIT

## The Work: Warhammer Fantasy, Set 3

Artist Name and Address:
Jim Brady Tiernahinch
Near
Roslea Road, Clones

County Monaghan, Eire
Great Britain

Name to appear on
published work:

_____

| Description | Art number | | |
|---|---|---|---|
| Natural leader | 1892 | | 3 @ $275 |
| Stout of Heart | 1894 | | |
| Break for Winter | 1906 | | |

## EXHIBIT B

### The Works Schedule

The Artist will produce the Work in accordance with the following timetable:

A    A sketch of the Work must be completed and delivered to Sabertooth by [Oct 21st, 2002] ("Sketch Date")

B    The Work in final form must be completed and delivered to Sabertooth by [Nov 25th, 2002] ("Final Date")
2 MAY 2002

C    Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following timetable:

✓    PAYMENT METHOD ONE

C    [$412.50          ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D    [$412.50          ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the following timetable:

☐    PAYMENT METHOD TWO

E    [$740          ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

For office use only
Initial Check #    2048
Initial Amount    412·50
Date    6/9/02

Final Check # _____
Final Amount _____
Date _____

Highly Confidential - AEO

## EXHIBIT

### The Work: Warhammer Fantasy, Set 3

Artist Name and Address:
Jim Brady Tiernahinch
Near
Roslea Road, Clones

County Monaghan, Eire
Great Britain

Name to appear on
published work:

_____

| Description | Art number |
|---|---|
| Natural leader | 1892 |
| Stout of Heart | 1894 |
| Break for Winter | 1906 |

3 @ $275

## EXHIBIT B

### The Works Schedule

The Artist will produce the Work in accordance with the following timetable:

A     A sketch of the Work must be completed and delivered to Sabertooth by [Oct 21st, 2002] ("Sketch Date")

B     The Work in final form must be completed and delivered to Sabertooth by [Nov 25th, 2002] ("Final Date")
2 MAY 2002

C     Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following timetable:

✓     PAYMENT METHOD ONE

C     [$412.50          ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D     [$412.50          ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the following timetable:

      PAYMENT METHOD TWO

E     [$740          ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

| For office use only | | | |
|---|---|---|---|
| Initial Check # | 2042 | Final Check # | 2335 |
| Initial Amount | 412.50 | Final Amount | 412.50 |
| Date | 6/9/03 | Date | 10/20/03 |

Highly Confidential - AEO

**THIS AGREEMENT** is made on 17 August 2003

BETWEEN:

    (1)    Sabertooth Games, Inc of 610 Industry Drive, Tukwila WA, 98188 USA ("Sabertooth")

        and

    (2)    Jim Brady        ("Artist")    of    Tiernahinch Near Roslea Road, Clones; County Monaghan, Eire; Great Britain

## 1.     DEFINITIONS

1.1    In this Agreement

**"Confidential Information"** means all secret or not generally known information, or all information not easily accessible by others or of a commercially sensitive nature concerning any aspect of the business of Sabertooth. By way of example but not by way of limitation, information should be treated as confidential if it includes any proprietary documentation, materials, flow charts, codes, software, computer instructions, techniques, models, information, diagrams, know-how, trade secrets, data, business records, or marketing information.

**"the Commencement Date"** means the date hereof,

**"Successful Completion"** means the date on which the Artist has completed the Works to the approval of Sabertooth, such approval to be in writing

**"the Work"** means the work to be produced in accordance with this agreement as detailed in Exhibit A hereto

**"the Works Schedule"** means the timetable that the Work is to be produced to in accordance with this agreement as detailed in Exhibit B hereto

## 2.     COMMISSIONED WORK

2.1    In consideration of the payment to the Artist of the sums set out below, the Artist agrees to produce the Work in accordance with the Works Schedule under the terms and conditions hereunder.

## 3.     DURATION

3.1    This Agreement shall commence on the Commencement Date and shall, unless terminated in any of the circumstances in clause 6 of this Agreement, continue in force until Successful Completion Date of the Stage Two Work as provided for in Annex B below.

## 4.     QUALITY OF PRODUCTS

4.1    The Artist undertakes that the Work shall be carried out in a manner consistent with high standards of materials used, workmanship and design

Highly Confidential - AEO

## 5.    PAYMENT

5.1    Sabertooth shall pay the Artist any sums due in accordance with the Works Schedule.

5.2    In the event that the Work is not completed in accordance with the Works Schedule, Sabertooth will pay the Artist as follows:

     5.2.1    For Work received 1-2 days after the Final Date: 90% of the Initial Payment
     5.2.2    For Work received 3-5 days after the Final Date:70% of the Initial Payment
     5.2.3    For Work received 6 or more days after the Final Date:0% of the Initial Payment

5.3    Notwithstanding clause 5.2, the Artist agrees that time is of the essence.

5.4    Sabertooth reserves the exclusive right, such right not however to be exercised unreasonably, to cancel in its sole discretion this Agreement in relation to any Work in progress, at which time the Artist shall deliver that part of the Work created at the time of said cancellation whereupon Sabertooth shall pay the Artist such monies as may, in Sabertooth's opinion, be reasonably proportionate to such of the Work as is completed.

## 6.    TERMINATION

6.1    Sabertooth may terminate this Agreement without prejudice to its other remedies forthwith by notice in writing to the Artist if the Artist commits a breach of this Agreement, provided that if the breach is capable of remedy the notice shall only be given if the Artist shall not have remedied the same within 5 days of having been given notice in writing specifying the breach and requiring it to be remedied.

6.2    Either party may terminate this Agreement without prejudice to its other remedies giving by two months notice in writing to the other party. For the avoidance of doubt, the parties' obligations under this Agreement will continue during the notice period.

6.3    The clauses in this Agreement which expressly or impliedly have effect after termination shall continue to be enforceable notwithstanding termination.

## 7.    ASSIGNMENT OF COPYRIGHT

7.1    The Artist hereby assigns and transfers to Sabertooth all rights, title and interest, throughout the world and in perpetuity, in all copyrights and goodwill and any other intellectual property rights vested or otherwise in the Work. For the avoidance of doubt this includes any moral rights or equivalent which the Artist may have in the Work.

7.2    The Artist agrees to execute any relevant documents at any future time at the behest of Sabertooth to fulfil the obligations contained in this clause 7.

7.3    Name credit shall be given to the Artist upon publication of the Work in the products in which it is used.  Notwithstanding any other provision of this Agreement, Sabertooth shall have no obligation to market, sell or otherwise distribute the Work, either alone or in any Sabertooth product.

7.4    Subject to this Clause 7, the Work will be returned to the Artist within a reasonable time following Successful Completion. The Artist shall not under any circumstance reproduce, copy, manufacture, alter or amend the Work following Successful Completion.

7.4    Without prejudice to the generality of the foregoing, the Artist shall have the right, upon the receipt of written approval from Sabertooth, such permission not to be unreasonably withheld, to use the Work (s) in connection with his/her portfolio, personal website and all or any non-commercial instruments of personal publicity that the Artist characteristically and reasonably uses to promote his/her artwork. Each instrument shall identify Sabertooth or its designee as the owner of all trademarks and copyrights associated with said Work(s). The Artist shall comply with all reasonable requirements that Sabertooth may communicate from time to time in relation to this Clause 7.5.

## 8.    CONFIDENTIALITY

8.1    The Artist agrees to keep confidential and use solely for the purposes of this Agreement all Confidential Information.

8.2    The obligation contained in clause 8.1 does not include information that has ceased to be secret without default on the recipient's part.

## 9.    INDEPENDENT CONTRACTOR

9.1    Artist shall be an independent contractor and not an employee of Sabertooth. Artist shall not be entitled to worker's compensation, retirement, insurance, or other benefits provided to employees of Sabertooth. Artist shall be responsible for the payment of all personal taxes, fees and other assessments arising from providing the services set forth herein and shall otherwise comply with applicable laws, ordinances, regulations and other governmental requirements related to said services. Artist has no power or authority to act for, represent, or bind Sabertooth or any company affiliated with Sabertooth in any manner, except as so authorized in writing by Sabertooth.

## 10.    ENTIRE AGREEMENT

10.1    This Agreement is the entire agreement between the parties with respect to the subject matter and supersedes any previous statements or agreements whether oral or written.

## 11.    VARIATION

11.1    No amendment or modification of this Agreement will be effective unless it is in writing and signed by both parties.

## 12.    WAIVER

12.1    The failure of either party to demand strict performance by the other party of any of this Agreement will not be a waiver or relinquishment of any rights under this Agreement.

Highly Confidential - AEO

**13.    SEVERABILITY**

13.1.   If any provision of this Agreement is held by a court of competent jurisdiction to be contrary to law, the remaining provisions of this Agreement will remain in full force and effect insofar as they are capable in light of the court's findings.

**14.    ASSIGNMENT**

14.1    The Artist may not assign this Agreement or any of the Artist's rights or obligations under this Agreement without the prior written consent of Sabertooth.

**15.    JURISDICTION**

15.1    This Agreement will be governed by the laws of the State of Washington and subject to the exclusive jurisdiction of the United States District Court for the Western District of Washington.

SIGNED FOR AND ON BEHALF                     SIGNED FOR AND ON BEHALF
OF SABERTOOTH INC.                           OF THE ARTIST

Name..................................       Name..................................

Date........6/18/03........                   Date......15 / 7 / 03......

Highly Confidential - AEO                                    GW0005998

**THIS AGREEMENT** is made on 17 August 2003

BETWEEN:

  (1)   Sabertooth Games, Inc of 610 Industry Drive, Tukwila WA, 98188 USA ("Sabertooth")

          and

  (2)   Jim Brady             ("Artist")      of      Tiernahinch Near Roslea Road, Clones; County Monaghan, Eire; Great Britain

## 1.     DEFINITIONS

1.1    In this Agreement

"**Confidential Information**" means all secret or not generally known information, or all information not easily accessible by others or of a commercially sensitive nature concerning any aspect of the business of Sabertooth. By way of example but not by way of limitation, information should be treated as confidential if it includes any proprietary documentation, materials, flow charts, codes, software, computer instructions, techniques, models, information, diagrams, know-how, trade secrets, data, business records, or marketing information.

"**the Commencement Date**" means the date hereof,

"**Successful Completion**" means the date on which the Artist has completed the Works to the approval of Sabertooth, such approval to be in writing

"**the Work**" means the work to be produced in accordance with this agreement as detailed in Exhibit A hereto

"**the Works Schedule**" means the timetable that the Work is to be produced to in accordance with this agreement as detailed in Exhibit B hereto

## 2.     COMMISSIONED WORK

2.1    In consideration of the payment to the Artist of the sums set out below, the Artist agrees to produce the Work in accordance with the Works Schedule under the terms and conditions hereunder.

## 3.     DURATION

3.1    This Agreement shall commence on the Commencement Date and shall, unless terminated in any of the circumstances in clause 6 of this Agreement, continue in force until Successful Completion Date of the Stage Two Work as provided for in Annex B below.

## 4.     QUALITY OF PRODUCTS

4.1    The Artist undertakes that the Work shall be carried out in a manner consistent with  high standards  of materials used, workmanship and design

Highly Confidential - AEO

## 5.    PAYMENT

5.1    Sabertooth shall pay the Artist any sums due in accordance with the Works Schedule.

5.2    In the event that the Work is not completed in accordance with the Works Schedule, Sabertooth will pay the Artist as follows:

    5.2.1    For Work received 1-2 days after the Final Date: 90% of the Initial Payment
    5.2.2    For Work received 3-5 days after the Final Date:70% of the Initial Payment
    5.2.3    For Work received 6 or more days after the Final Date:0% of the Initial Payment

5.3    Notwithstanding clause 5.2, the Artist agrees that time is of the essence.

5.4    Sabertooth reserves the exclusive right, such right not however to be exercised unreasonably, to cancel in its sole discretion this Agreement in relation to any Work in progress, at which time the Artist shall deliver that part of the Work created at the time of said cancellation whereupon Sabertooth shall pay the Artist such monies as may, in Sabertooth's opinion, be reasonably proportionate to such of the Work as is completed.

## 6.    TERMINATION

6.1    Sabertooth may terminate this Agreement without prejudice to its other remedies forthwith by notice in writing to the Artist if the Artist commits a breach of this Agreement, provided that if the breach is capable of remedy the notice shall only be given if the Artist shall not have remedied the same within 5 days of having been given notice in writing specifying the breach and requiring it to be remedied.

6.2    Either party may terminate this Agreement without prejudice to its other remedies giving by two months notice in writing to the other party. For the avoidance of doubt, the parties' obligations under this Agreement will continue during the notice period.

6.3    The clauses in this Agreement which expressly or impliedly have effect after termination shall continue to be enforceable notwithstanding termination.

## 7.    ASSIGNMENT OF COPYRIGHT

7.1    The Artist hereby assigns and transfers to Sabertooth all rights, title and interest, throughout the world and in perpetuity, in all copyrights and goodwill and any other intellectual property rights vested or otherwise in the Work. For the avoidance of doubt this includes any moral rights or equivalent which the Artist may have in the Work.

7.2    The Artist agrees to execute any relevant documents at any future time at the behest of Sabertooth to fulfil the obligations contained in this clause 7.

7.3    Name credit shall be given to the Artist upon publication of the Work in the products in which it is used.  Notwithstanding any other provision of this Agreement, Sabertooth shall have no obligation to market, sell or otherwise distribute the Work, either alone or in any Sabertooth product.

7.4    Subject to this Clause 7, the Work will be returned to the Artist within a reasonable time following Successful Completion. The Artist shall not under any circumstance reproduce, copy, manufacture, alter or amend the Work following Successful Completion.

Highly Confidential - AEO    GW0006000

7.4     Without prejudice to the generality of the foregoing, the Artist shall have the right, upon the receipt of written approval from Sabertooth, such permission not to be unreasonably withheld, to use the Work (s) in connection with his/her portfolio, personal website and all or any non-commercial instruments of personal publicity that the Artist characteristically and reasonably uses to promote his/her artwork. Each instrument shall identify Sabertooth or its designee as the owner of all trademarks and copyrights associated with said Work(s). The Artist shall comply with all reasonable requirements that Sabertooth may communicate from time to time in relation to this Clause 7.5.

## 8.     CONFIDENTIALITY

8.1     The Artist agrees to keep confidential and use solely for the purposes of this Agreement all Confidential Information.

8.2     The obligation contained in clause 8.1 does not include information that has ceased to be secret without default on the recipient's part.

## 9.     INDEPENDENT CONTRACTOR

9.1     Artist shall be an independent contractor and not an employee of Sabertooth. Artist shall not be entitled to worker's compensation, retirement, insurance, or other benefits provided to employees of Sabertooth. Artist shall be responsible for the payment of all personal taxes, fees and other assessments arising from providing the services set forth herein and shall otherwise comply with applicable laws, ordinances, regulations and other governmental requirements related to said services. Artist has no power or authority to act for, represent, or bind Sabertooth or any company affiliated with Sabertooth in any manner, except as so authorized in writing by Sabertooth.

## 10.     ENTIRE AGREEMENT

10.1    This Agreement is the entire agreement between the parties with respect to the subject matter and supersedes any previous statements or agreements whether oral or written.

## 11.     VARIATION

11.1    No amendment or modification of this Agreement will be effective unless it is in writing and signed by both parties.

## 12.     WAIVER

12.1    The failure of either party to demand strict performance by the other party of any of this Agreement will not be a waiver or relinquishment of any rights under this Agreement.

Highly Confidential - AEO

## 13.    SEVERABILITY

13.1.    If any provision of this Agreement is held by a court of competent jurisdiction to be contrary to law, the remaining provisions of this Agreement will remain in full force and effect insofar as they are capable in light of the court's findings.

## 14.    ASSIGNMENT

14.1    The Artist may not assign this Agreement or any of the Artist's rights or obligations under this Agreement without the prior written consent of Sabertooth.

## 15.    JURISDICTION

15.1    This Agreement will be governed by the laws of the State of Washington and subject to the exclusive jurisdiction of the United States District Court for the Western District of Washington.

SIGNED FOR AND ON BEHALF              SIGNED FOR AND ON BEHALF
OF SABERTOOTH INC.                    OF THE ARTIST

Name.........................          Name..........................

Date........ 6/8/05 ........           Date...... 15/7/03 ......

Highly Confidential - AEO                    GW0006002

**EXHIBIT**

**The Work: Warhammer Horus Heresy Set 1**

Artist Name and Address:    Great Britain
Jim Brady Tiernahinch
Near                              Name to appear on
Roslea Road, Clones      Social Security Number (if   published work:
County Monaghan, Eire   applicable):

| Description | Art number | | |
|---|---|---|---|
| Veterans 3 | 1991 | Frontal Assault | 2092 |
| Tac Squad 3 | 2024 | Assault Squad 3 | 2121 |
| Tac Support Squad | 2080 | **5 @ $275** | |

**EXHIBIT B**

**The Works Schedule**

The Artist will produce the Work in accordance with the following timetable:

A      A sketch of the Work must be completed and delivered to Sabertooth by [June 20, 2003] ("Sketch Date")

B      The Work in final form must be completed and delivered to Sabertooth by [July 11th, 2003] ("Final Date")

C      Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following timetable:

[ ]      PAYMENT METHOD ONE

C      [$   687.50 ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D      [$   687.50 ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the following timetable:

[✓]      PAYMENT METHOD TWO

E      [$   1240   ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

| For office use only | | | |
|---|---|---|---|
| Initial Check # | 2216 | Final Check # | |
| Initial Amount | 1240 | Final Amount | |
| Date | 8/8/03 | Date | |

## EXHIBIT

**The Work: Warhammer Horus Heresy Set 1**

Artist Name and Address:     Great Britain
Jim Brady Tiernahinch
Near                                                                      Name to appear on
Roslea Road, Clones              Social Security Number (if         published work:
County Monaghan, Eire            applicable):                       _____

                                 _____

| Description   | Art number |
|---------------|------------|
| Veterans 3    | 1991       |
| Tac Squad 3   | 2024       |
| Tac Support Squad | 2080   |

Frontal Assault     2092
Assault Squad 3     2121
**5 @ $275**

## EXHIBIT B

### The Works Schedule

The Artist will produce the Work in accordance with the following timetable:

A        A sketch of the Work must be completed and delivered to Sabertooth by
[June 20, 2003] ("Sketch Date")

B        The Work in final form must be completed and delivered to Sabertooth by
[July 11th, 2003] ("Final Date")

C        Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of
same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following
timetable:

☐        **PAYMENT METHOD ONE**

C        [$      687.50 ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D        [$      687.50 ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the
following timetable:

☑        **PAYMENT METHOD TWO**

E        [$      1240   ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

**For office use only**
Initial Check #    2216          Final Check # _____
Initial Amount     1240          Final Amount _____
Date               8/18/03       Date          _____

Highly Confidential - AEO                                        GW0006004

**THIS AGREEMENT** is made on 06 November 2003

BETWEEN:

      (1)    Sabertooth Games, Inc of 610 Industry Drive, Tukwila WA, 98188 USA ("Sabertooth")

           and

      (2)    Jim Brady of Tiernahinch Near Roslea Road, Clones County Monaghan Eire  ("Artist")

**1.**      **DEFINITIONS**

1.1    In this Agreement

    **"Confidential Information"** means all secret or not generally known information, or all information not easily accessible by others or of a commercially sensitive nature concerning any aspect of the business of Sabertooth. By way of example but not by way of limitation, information should be treated as confidential if it includes any proprietary documentation, materials, flow charts, codes, software, computer instructions, techniques, models, information, diagrams, know-how, trade secrets, data, business records, or marketing information.

    **"the Commencement Date"** means the date hereof,

    **"Successful Completion"** means the date on which the Artist has completed the Works to the approval of Sabertooth, such approval to be in writing

    **"the Work"** means the work to be produced in accordance with this agreement as detailed in Exhibit A hereto

    **"the Works Schedule"** means the timetable that the Work is to be produced to in accordance with this agreement as detailed in Exhibit B hereto

**2.**      **COMMISSIONED WORK**

2.1    In consideration of the payment to the Artist of the sums set out below, the Artist agrees to produce the Work in accordance with the Works Schedule under the terms and conditions hereunder.

**3.**      **DURATION**

3.1    This Agreement shall commence on the Commencement Date and shall, unless terminated in any of the circumstances in clause 6 of this Agreement, continue in force until Successful Completion Date of the Stage Two Work as provided for in Annex B below.

Highly Confidential - AEO

**4.    QUALITY OF PRODUCTS**

4.1    The Artist undertakes that the Work shall be carried out in a manner consistent with high standards of materials used, workmanship and design

**5.    PAYMENT**

5.1    Sabertooth shall pay the Artist any sums due in accordance with the Works Schedule.

5.2    In the event that the Work is not completed in accordance with the Works Schedule, Sabertooth will pay the Artist as follows:

5.2.1    For Work received 1-2 days after the Final Date: 90% of the Initial Payment
5.2.2    For Work received 3-5 days after the Final Date:70% of the Initial Payment
5.2.3    For Work received 6 or more days after the Final Date:0% of the Initial Payment

5.3    Notwithstanding clause 5.2, the Artist agrees that time is of the essence.

5.4    Sabertooth reserves the exclusive right, such right not however to be exercised unreasonably, to cancel in its sole discretion this Agreement in relation to any Work in progress, at which time the Artist shall deliver that part of the Work created at the time of said cancellation whereupon Sabertooth shall pay the Artist such monies as may, in Sabertooth's opinion, be reasonably proportionate to such of the Work as is completed.

**6.    TERMINATION**

6.1    Sabertooth may terminate this Agreement without prejudice to its other remedies forthwith by notice in writing to the Artist if the Artist commits a breach of this Agreement, provided that if the breach is capable of remedy the notice shall only be given if the Artist shall not have remedied the same within 5 days of having been given notice in writing specifying the breach and requiring it to be remedied.

6.2    Either party may terminate this Agreement without prejudice to its other remedies giving by two months notice in writing to the other party. For the avoidance of doubt, the parties' obligations under this Agreement will continue during the notice period.

6.3    The clauses in this Agreement which expressly or impliedly have effect after termination shall continue to be enforceable notwithstanding termination.

**7.    ASSIGNMENT OF COPYRIGHT**

7.1    The Artist hereby assigns and transfers to Sabertooth all rights, title and interest, throughout the world and in perpetuity, in all copyrights and goodwill and any other intellectual property rights vested or otherwise in the Work. For the avoidance of doubt this includes any moral rights or equivalent which the Artist may have in the Work.

7.2     The Artist agrees to execute any relevant documents at any future time at the behest of Sabertooth to fulfil the obligations contained in this clause 7.

7.3     Name credit shall be given to the Artist upon publication of the Work in the products in which it is used.  Notwithstanding any other provision of this Agreement, Sabertooth shall have no obligation to market, sell or otherwise distribute the Work, either alone or in any Sabertooth product.

7.4     Subject to this Clause 7, the Work will be returned to the Artist within a reasonable time following Successful Completion. The Artist shall not under any circumstance reproduce, copy, manufacture, alter or amend the Work following Successful Completion.

7.4     Without prejudice to the generality of the foregoing, the Artist shall have the right, upon the receipt of written approval from Sabertooth, such permission not to be unreasonably withheld, to use the Work (s) in connection with his/her portfolio, personal website and all or any non-commercial instruments of personal publicity that the Artist characteristically and reasonably uses to promote his/her artwork.  Each instrument shall identify Sabertooth or its designee as the owner of all trademarks and copyrights associated with said Work(s).  The Artist shall comply with all reasonable requirements that Sabertooth may communicate from time to time in relation to this Clause 7.5.

## 8.     CONFIDENTIALITY

8.1     The Artist agrees to keep confidential and use solely for the purposes of this Agreement all Confidential Information.

8.2     The obligation contained in clause 8.1 does not include information that has ceased to be secret without default on the recipient's part.

## 9.     INDEPENDENT CONTRACTOR

9.1     Artist shall be an independent contractor and not an employee of Sabertooth.  Artist shall not be entitled to worker's compensation, retirement, insurance, or other benefits provided to employees of Sabertooth.  Artist shall be responsible for the payment of all personal taxes, fees and other assessments arising from providing the services set forth herein and shall otherwise comply with applicable laws, ordinances, regulations and other governmental requirements related to said services.  Artist has no power or authority to act for, represent, or bind Sabertooth or any company affiliated with Sabertooth in any manner, except as so authorized in writing by Sabertooth.

## 10.    ENTIRE AGREEMENT

10.1    This Agreement is the entire agreement between the parties with respect to the subject matter and supersedes any previous statements or agreements whether oral or written.

Highly Confidential - AEO                                                           GW0006007

## 11. VARIATION

11.1   No amendment or modification of this Agreement will be effective unless it is in writing and signed by both parties.

## 12. WAIVER

12.1   The failure of either party to demand strict performance by the other party of any of this Agreement will not be a waiver or relinquishment of any rights under this Agreement.

## 13. SEVERABILITY

13.1.   If any provision of this Agreement is held by a court of competent jurisdiction to be contrary to law, the remaining provisions of this Agreement will remain in full force and effect insofar as they are capable in light of the court's findings.

## 14. ASSIGNMENT

14.1   The Artist may not assign this Agreement or any of the Artist's rights or obligations under this Agreement without the prior written consent of Sabertooth.

## 15. JURISDICTION

15.1   This Agreement will be governed by the laws of the State of Washington and subject to the exclusive jurisdiction of the United States District Court for the Western District of Washington.

SIGNED FOR AND ON BEHALF                SIGNED FOR AND ON BEHALF
OF SABERTOOTH INC.                      OF THE ARTIST

Name.........................           Name.........................

Date........1/6/03.........              Date....18/12/03.........

Highly Confidential - AEO

## EXHIBIT

### The Work: Warhammer Fantasy, Set 4 (Dogs of War)

Artist Name and Address:
Jim Brady Tiernahinch
Near; Roslea Road, Clones

County Monaghan, Eire
Great Britain

Name to appear on
published work:

**Description  Art number**
Black Fire Bandits    2222
Kislevite Dogs of War  2233
Recruitment 2235
Stock Pile  2274

Beastmen Lord      2277
Barak Grimjaw w/ Unit   2294    ET S

6 @ $275

## EXHIBIT B

### The Works Schedule

The Artist will produce the Work in accordance with the following timetable:

A      A sketch of the Work must be completed and delivered to Sabertooth by
[August 15th, 2003] ("Sketch Date")

B      The Work in final form must be completed and delivered to Sabertooth by
[Sept 12th, 2003] ("Final Date")

C      Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of
same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following
timetable:

☐        PAYMENT METHOD ONE

C      [$      825    ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D      [$      825    ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the
following timetable:

☑        PAYMENT METHOD TWO

E      [$      1485   ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

| For office use only | | | |
|---|---|---|---|
| Initial Check # | 2385 | Final Check # | |
| Initial Amount | 1485 | Final Amount | |
| Date | 11/2/03 | Date | |

## EXHIBIT

### The Work: Warhammer Fantasy, Set 4 (Dogs of War)

Artist Name and Address:
Jim Brady Tiernahinch
Near; Roslea Road, Clones

County Monaghan, Eire
Great Britain

Name to appear on
published work:

_____

| Description | Art number | | |
|---|---|---|---|
| Black Fire Bandits | 2222 | Beastmen Lord | 2277 |
| Kislevite Dogs of War | 2233 | Barak Grimjaw w/ Unit | 2294 |
| Recruitment | 2235 | | |
| Stock Pile | 2274 | 6 @ $275 | |

SET 5

### EXHIBIT B

### The Works Schedule

The Artist will produce the Work in accordance with the following timetable:

A    A sketch of the Work must be completed and delivered to Sabertooth by
[August 15th, 2003] ("Sketch Date")

B    The Work in final form must be completed and delivered to Sabertooth by
[Sept 12th, 2003] ("Final Date")

C    Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of
same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following
timetable:

[   ]    PAYMENT METHOD ONE

C    [$      825      ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D    [$      825      ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the
following timetable:

[✓]    PAYMENT METHOD TWO

E    [$      1485      ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

For office use only
Initial Check #          2385
Initial Amount           1485
Date                     16/03

Final Check #
Final Amount
Date

Highly Confidential - AEO

**THIS AGREEMENT** is made on 19 December 2003

BETWEEN:

(1)    Sabertooth Games, Inc of 610 Industry Drive, Tukwila WA, 98188 USA ("Sabertooth")

and

(2)    Jim Brady of Tiernahinch Near Roslea Road, Clones County Monaghan Eire   ("Artist")

## 1.    DEFINITIONS

1.1    In this Agreement

"**Confidential Information**" means all secret or not generally known information, or all information not easily accessible by others or of a commercially sensitive nature concerning any aspect of the business of Sabertooth. By way of example but not by way of limitation, information should be treated as confidential if it includes any proprietary documentation, materials, flow charts, codes, software, computer instructions, techniques, models, information, diagrams, know-how, trade secrets, data, business records, or marketing information.

"**the Commencement Date**" means the date hereof,

"**Successful Completion**" means the date on which the Artist has completed the Works to the approval of Sabertooth, such approval to be in writing

"**the Work**" means the work to be produced in accordance with this agreement as detailed in Exhibit A hereto

"**the Works Schedule**" means the timetable that the Work is to be produced to in accordance with this agreement as detailed in Exhibit B hereto

## 2.    COMMISSIONED WORK

2.1    In consideration of the payment to the Artist of the sums set out below, the Artist agrees to produce the Work in accordance with the Works Schedule under the terms and conditions hereunder.

## 3.    DURATION

3.1    This Agreement shall commence on the Commencement Date and shall, unless terminated in any of the circumstances in clause 6 of this Agreement, continue in force until Successful Completion Date of the Stage Two Work as provided for in Annex B below.

**4.** **QUALITY OF PRODUCTS**

4.1    The Artist undertakes that the Work shall be carried out in a manner consistent with  high
standards  of materials used, workmanship and design

**5.** **PAYMENT**

5.1    Sabertooth shall pay the Artist any sums due in accordance with the Works Schedule.

5.2    In the event that the Work is not completed in accordance with the Works Schedule, Sabertooth
will pay the Artist as follows:

5.2.1    For Work received 1-2 days after the Final Date: 90% of the Initial Payment
5.2.2    For Work received 3-5 days after the Final Date:70% of the Initial Payment
5.2.3    For Work received 6 or more days after the Final Date:0% of the Initial Payment

5.3    Notwithstanding clause 5.2, the Artist agrees that time is of the essence.

5.4    Sabertooth reserves the exclusive right, such right not however to be exercised unreasonably, to
cancel in its sole discretion this Agreement in relation to any Work in progress, at which time
the Artist shall deliver that part of the Work created at the time of said cancellation whereupon
Sabertooth shall pay the Artist such monies as may, in Sabertooth's opinion, be reasonably
proportionate to such of the Work as is completed.

**6.** **TERMINATION**

6.1    Sabertooth may terminate this Agreement without prejudice to its other remedies forthwith by
notice in writing to the Artist if the Artist commits a breach of this Agreement, provided that if
the breach is capable of remedy the notice shall only be given if the Artist shall not have
remedied the same within 5 days of having been given notice in writing specifying the breach
and requiring it to be remedied.

6.2    Either party may terminate this Agreement without prejudice to its other remedies giving by
two months notice in writing to the other party. For the avoidance of doubt, the parties'
obligations under this Agreement will continue during the notice period.

6.3    The clauses in this Agreement which expressly or impliedly have effect after termination shall
continue to be enforceable notwithstanding termination.

**7.** **ASSIGNMENT OF COPYRIGHT**

7.1    The Artist hereby assigns and transfers to Sabertooth all rights, title and interest, throughout the
world and in perpetuity, in all copyrights and goodwill and any other intellectual property
rights vested or otherwise in the Work. For the avoidance of doubt this includes any moral
rights or equivalent which the Artist may have in the Work.

Highly Confidential - AEO

7.2　The Artist agrees to execute any relevant documents at any future time at the behest of Sabertooth to fulfil the obligations contained in this clause 7.

7.3　Name credit shall be given to the Artist upon publication of the Work in the products in which it is used. Notwithstanding any other provision of this Agreement, Sabertooth shall have no obligation to market, sell or otherwise distribute the Work, either alone or in any Sabertooth product.

7.4　Subject to this Clause 7, the Work will be returned to the Artist within a reasonable time following Successful Completion. The Artist shall not under any circumstance reproduce, copy, manufacture, alter or amend the Work following Successful Completion.

7.4　Without prejudice to the generality of the foregoing, the Artist shall have the right, upon the receipt of written approval from Sabertooth, such permission not to be unreasonably withheld, to use the Work (s) in connection with his/her portfolio, personal website and all or any non-commercial instruments of personal publicity that the Artist characteristically and reasonably uses to promote his/her artwork. Each instrument shall identify Sabertooth or its designee as the owner of all trademarks and copyrights associated with said Work(s). The Artist shall comply with all reasonable requirements that Sabertooth may communicate from time to time in relation to this Clause 7.5.

**8.　CONFIDENTIALITY**

8.1　The Artist agrees to keep confidential and use solely for the purposes of this Agreement all Confidential Information.

8.2　The obligation contained in clause 8.1 does not include information that has ceased to be secret without default on the recipient's part.

**9.　INDEPENDENT CONTRACTOR**

9.1　Artist shall be an independent contractor and not an employee of Sabertooth. Artist shall not be entitled to worker's compensation, retirement, insurance, or other benefits provided to employees of Sabertooth. Artist shall be responsible for the payment of all personal taxes, fees and other assessments arising from providing the services set forth herein and shall otherwise comply with applicable laws, ordinances, regulations and other governmental requirements related to said services. Artist has no power or authority to act for, represent, or bind Sabertooth or any company affiliated with Sabertooth in any manner, except as so authorized in writing by Sabertooth.

**10.　ENTIRE AGREEMENT**

10.1　This Agreement is the entire agreement between the parties with respect to the subject matter and supersedes any previous statements or agreements whether oral or written.

**11.    VARIATION**

11.1    No amendment or modification of this Agreement will be effective unless it is in writing and signed by both parties.

**12.    WAIVER**

12.1    The failure of either party to demand strict performance by the other party of any of this Agreement will not be a waiver or relinquishment of any rights under this Agreement.

**13.    SEVERABILITY**

13.1.    If any provision of this Agreement is held by a court of competent jurisdiction to be contrary to law, the remaining provisions of this Agreement will remain in full force and effect insofar as they are capable in light of the court's findings.

**14.    ASSIGNMENT**

14.1    The Artist may not assign this Agreement or any of the Artist's rights or obligations under this Agreement without the prior written consent of Sabertooth.

**15.    JURISDICTION**

15.1    This Agreement will be governed by the laws of the State of Washington and subject to the exclusive jurisdiction of the United States District Court for the Western District of Washington.

SIGNED FOR AND ON BEHALF          SIGNED FOR AND ON BEHALF
OF SABERTOOTH INC.                OF THE ARTIST

Name............................          Name............................

Date.......12/19/03...........          Date.......12/2/04...........

Highly Confidential - AEO

## EXHIBIT A: Contract Number JBWC5

### The Work: Warhammer War Cry (Path of Glory and Chivalry and Deceit)
Artist Name and Address: Jim Brady Tiernahinch Near Roslea Road, Clones County Monaghan Eire

**Art num    Description**
2454  Hymn to Ian Chivalry and Deceit
2522  Cantrip Tactic Screw Card      Path of Glory
2523  Terrifying Attachments  Path of Glory

**3 @ $275**

### EXHIBIT B
### The Works Schedule
The Artist will produce the Work in accordance with the following timetable:

A    A sketch of the Work must be completed and delivered to Sabertooth by Nov 21st ("Sketch Date")

B    The Work in final form must be completed and delivered to Sabertooth by [ Dec 12th] ("Final Date")

C    Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following timetable:

☐    PAYMENT METHOD ONE

C    [ $    412.50 ] "Initial Payment" to be paid within [30 days] of the Successful Completion
D    [ $    412.50 ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the following timetable:

☑    PAYMENT METHOD TWO

E    [ $    745    ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

**For office use only**
Initial Check #          2567
Path Initial Amount            496
Chivalry Initial Amount     249

Date          1/16/04

Final Check #
Path Final Amount
Chivalry Final Amount

Date

**EXHIBIT A: Contract Number JBHH3**

**The Work: Warhammer Horus Heresy (Traitor's Gambit)**
Artist Name and Address: Jim Brady Tiernahinch Near Roslea Road, Clones County Monaghan Eire

| Art num | Description |
|---|---|
| 2642 | Spittle's Mercs |
| 2673 | EC, Melta Bikes |
| 2676 | IG Heavy Weapon Team |

**3 @ $275**

**EXHIBIT B**
**The Works Schedule**

The Artist will produce the Work in accordance with the following timetable:

A    A sketch of the Work must be completed and delivered to Sabertooth by [Dec 19th] ("Sketch Date")

B    The Work in final form must be completed and delivered to Sabertooth by [Jan 30th] ("Final Date")

C    Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following timetable:

☐    PAYMENT METHOD ONE

C    [ $425    ] "Initial Payment" to be paid within [30 days] of the Successful Completion
D    [ $400    ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the following timetable:

☑    PAYMENT METHOD TWO

E    [ $743    ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

| For office use only | |
|---|---|
| Initial Check # _10083_ | Final Check # _____ |
| Gambit Initial Amount _743_ | Gambit Final Amount _____ |
| Date _2/26/04_ | Date _____ |

# Sabertooth Games
## Art Commission Form

**Commission Number**

JBBOD1

**Artist Name:** James Brady
**Address:** Tiernahinch Near
Roslea Road, Clones
County Monaghan
Eire
Great Britain
**Commission Date** 9-3-04
**Requested Payment Method** UK Direct

| Piece: | Description | Set | Amount | Receipt Date |
|---|---|---|---|---|
| 1 | 3468 Engineers | BOD | | 157 GBP |
| 2 | 3469 Copter | BOD | | 157 GBP |
| 3 | 3470 Iron Breakers | BOD | | 157 GBP |
| 4 | 3474 Thane | BOD | | 157 GBP |
| 5 | | | | |
| 6 | | | | |
| 7 | | | | |
| 8 | | | | |
| 9 | | | | |
| 10 | | | | |
| 11 | | | | |
| 12 | | | | |
| 13 | | | | |
| 14 | | | | |
| 15 | | | | |
| 16 | | | | |
| 17 | | | | |
| 18 | | | | |
| 19 | | | | |
| 20 | | | | |

**Commission Approval**

Steve Horvath _____ Date _____

**Receipt Approval**

Steve Horvath _____ Date _____

Jim Callahan _____ Date _____

**Receipt by Accounting**

**Payment Method** _____
**Payment Date** _____
**Payment No.** _____
**Payment Amount** _____

Highly Confidential - AEO

GW0006017

## Sabertooth Games
### Art Commission Form

Commission Number

JB Sor 1

**Artist Name:** Jim Brady
**Address:** Tiernahinch Near
Roslea Road, Clones
County Monaghan
Eire
Great Britain

**Requested Payment Method** UK Direct

| Piece: | Description | Set | Amount | Receipt Date |
|---|---|---|---|---|
| 1 | Maruaders | Swords of Retribution | 200 | 1/10/2004 |
| 2 | Chaos Warriors | Swords of Retribution | 200 | 1/10/2004 |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |
| 6 | | | | |
| 7 | | | | |
| 8 | | | | |
| 9 | | | | |
| 10 | | | | |
| 11 | | | | |
| 12 | | | | |
| 13 | | | | |
| 14 | | | | |
| 15 | | | | |
| 16 | | | | |
| 17 | | | | |
| 18 | | | | |
| 19 | | | | |
| 20 | | | | |

## Commission Approval

Steve Horvath                                    Date

## Receipt Approval

Steve Horvath                                    Date

Jim Callahan                              Date   1-10-2004

**Receipt by Accounting**

Payment Method
Payment Date
Payment No.
Payment Amount

Highly Confidential - AEO                                    GW0006018

**THIS AGREEMENT** is made on 19 May 2004

BETWEEN:

    (1)    Sabertooth Games, Inc of 6211 East Holmes Road, Suite 102, Memphis TN 38141 ("Sabertooth")

           And

    (2)    Jim Brady        ("Artist")    of

Tiernahinch Near
Roslea Road, Clones
County Monaghan, Eire
Great Britain

## 1.    DEFINITIONS

1.1    In this Agreement

**"Confidential Information"** means all secret or not generally known information or all information not easily accessible by others or of a commercially sensitive nature concerning any aspect of the business of Sabertooth. By way of example but not by way of limitation, information should be treated as confidential if it includes any proprietary documentation, materials, flow charts, codes, software, computer instructions, techniques, models, information, diagrams, know-how, trade secrets, data, business records, or marketing information.

**"the Commencement Date"** means the date hereof,

**"Successful Completion"** means the date on which the Artist has completed the Works to the approval of Sabertooth, such approval to be in writing

**"the Work"** means the work to be produced in accordance with this agreement as detailed in Exhibit A hereto

**"the Works Schedule"** means the timetable that the Work is to be produced to in accordance with this agreement as detailed in Exhibit B hereto

## 2.    COMMISSIONED WORK

2.1    In consideration of the payment to the Artist of the sums set out below, the Artist agrees to produce the Work in accordance with the Works Schedule under the terms and conditions hereunder.

## 3.    DURATION

3.1    This Agreement shall commence on the Commencement Date and shall, unless terminated in any of the circumstances in clause 6 of this Agreement, continue in force until Successful Completion Date of the Stage Two Work as provided for in Annex B below.

## 4.    QUALITY OF PRODUCTS

Highly Confidential - AEO    GW0006019

4.1     The Artist undertakes that the Work shall be carried out in a manner consistent with high standards of materials used, workmanship and design

**5.     PAYMENT**

5.1     Sabertooth shall pay the Artist any sums due in accordance with the Works Schedule.

5.2     In the event that the Work is not completed in accordance with the Works Schedule, Sabertooth will pay the Artist as follows:

       5.2.1    For Work received 1-2 days after the Final Date: 90% of the Initial Payment
       5.2.2    For Work received 3-5 days after the Final Date: 70% of the Initial Payment
       5.2.3    For Work received 6 or more days after the Final Date: 0% of the Initial Payment

5.3     Notwithstanding clause 5.2, the Artist agrees that time is of the essence.

5.4     Sabertooth reserves the exclusive right, such right not however to be exercised unreasonably, to cancel in its sole discretion this Agreement in relation to any Work in progress, at which time the Artist shall deliver that part of the Work created at the time of said cancellation whereupon Sabertooth shall pay the Artist such monies as may, in Sabertooth's opinion, be reasonably proportionate to such of the Work as is completed.

**6.     TERMINATION**

6.1     Sabertooth may terminate this Agreement without prejudice to its other remedies forthwith by notice in writing to the Artist if the Artist commits a breach of this Agreement, provided that if the breach is capable of remedy the notice shall only be given if the Artist shall not have remedied the same within 5 days of having been given notice in writing specifying the breach and requiring it to be remedied.

6.2     Either party may terminate this Agreement without prejudice to its other remedies giving by two months notice in writing to the other party. For the avoidance of doubt, the parties' obligations under this Agreement will continue during the notice period.

6.3     The clauses in this Agreement which expressly or impliedly have effect after termination shall continue to be enforceable notwithstanding termination.

**7.     ASSIGNMENT OF COPYRIGHT**

7.1     The Artist hereby assigns and transfers to Sabertooth all rights, title and interest, throughout the world and in perpetuity, in all copyrights and goodwill and any other intellectual property rights vested or otherwise in the Work. For the avoidance of doubt this includes any moral rights or equivalent which the Artist may have in the Work.

7.2     The Artist agrees to execute any relevant documents at any future time at the behest of Sabertooth to fulfil the obligations contained in this clause 7.

7.3     Name credit shall be given to the Artist upon publication of the Work in the products in which it is used. Notwithstanding any other provision of this Agreement, Sabertooth shall have no obligation to market, sell or otherwise distribute the Work, either alone or in any Sabertooth product.

Highly Confidential - AEO          GW0006020

7.4   Subject to this Clause 7, the Work will be returned to the Artist within a reasonable time following Successful Completion. The Artist shall not under any circumstance reproduce, copy, manufacture, alter or amend the Work following Successful Completion.

7.4   Without prejudice to the generality of the foregoing, the Artist shall have the right, upon the receipt of written approval from Sabertooth, such permission not to be unreasonably withheld, to use the Work (s) in connection with his/her portfolio, personal website and all or any non-commercial instruments of personal publicity that the Artist characteristically and reasonably uses to promote his/her artwork. Each instrument shall identify Sabertooth or its designee as the owner of all trademarks and copyrights associated with said Work(s). The Artist shall comply with all reasonable requirements that Sabertooth may communicate from time to time in relation to this Clause 7.5.

## 8.   CONFIDENTIALITY

8.1   The Artist agrees to keep confidential and use solely for the purposes of this Agreement all Confidential Information.

8.2   The obligation contained in clause 8.1 does not include information that has ceased to be secret without default on the recipient's part.

## 9.   INDEPENDENT CONTRACTOR

9.1   Artist shall be an independent contractor and not an employee of Sabertooth.  Artist shall not be entitled to worker's compensation, retirement, insurance, or other benefits provided to employees of Sabertooth.  Artist shall be responsible for the payment of all personal taxes, fees and other assessments arising from providing the services set forth herein and shall otherwise comply with applicable laws, ordinances, regulations and other governmental requirements related to said services.  Artist has no power or authority to act for, represent, or bind Sabertooth or any company affiliated with Sabertooth in any manner, except as so authorized in writing by Sabertooth.

## 10.   ENTIRE AGREEMENT

10.1   This Agreement is the entire agreement between the parties with respect to the subject matter and supersedes any previous statements or agreements whether oral or written.

## 11.   VARIATION

11.1   No amendment or modification of this Agreement will be effective unless it is in writing and signed by both parties.

## 12.   WAIVER

12.1   The failure of either party to demand strict performance by the other party of any of this Agreement will not be a waiver or relinquishment of any rights under this Agreement.

Highly Confidential - AEO