*Ealing*
*London*
*W13 9SS*
*GREAT BRITAIN*

**EXHIBIT**

**The Work: Warhammer Fantasy, Set 3**
Great Britain

Artist Name and Address:
Kenson Low Ground Floor
Flat. 80 Fordhook Avenue
Ealing London W5 3LR

Name to appear on
published work:

*KENSON LOW*

| **Description** | **Art number** | |
|---|---|---|
| Out Think | 1867 | |
| Hasten Defeat | 1897 | 2 @ $275 |

**EXHIBIT B**

**The Works Schedule**

The Artist will produce the Work in accordance with the following timetable:

A  A sketch of the Work must be completed and delivered to Sabertooth by
[Oct 21st, 2002] ("Sketch Date")

B  The Work in final form must be completed and delivered to Sabertooth by
[Nov 25th, 2002] ("Final Date")

C  Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of
same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following
timetable:

☐  **PAYMENT METHOD ONE**

C  [$275      ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D  [$275      ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the
following timetable:

☑  **PAYMENT METHOD TWO**

E  [$495      ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

**For office use only**
Initial Check #   *2045*
Initial Amount   *495*
Date   *6/9/03*

Final Check #
Final Amount
Date

# INVOICE

**Artwork, Design & Production**

## KENSON LOW

**81 NORTHCROFT ROAD
EALING
LONDON
W13 9SS
GREAT BRITAIN**

**TO:** Sabertooth Games
610 Industry Drive
Tukwila
WA 98188
USA

**DATE:**
15/July/2003

**INVOICE NO.**
89

**FOR:** 3 pieces of Commercial Artwork

| | £ $ | p c |
|---|---|---|
| 2013 Low Assault Squad 1 | $275—00 | |
| 2117 Low Command Squad 2 | $275—00 | |
| 2134 Low Terminators 3 | $275—00 | |
| For | | |
| Horus Heresy Set 1 | | |

| **TOTAL** | $825—00 |
|---|---|

Highly Confidential - AEO

**EXHIBIT**

**The Work: Warhammer Fantasy, Set 4 (Dogs of War)**

| Artist Name and Address:<br>Kenson Low 81 Northcroft<br>Road | Ealing<br>London W13 9SS<br>Great Britain | Name to appear on<br>published work:<br>*KENSON LOW* |
| --- | --- | --- |

**Description    Art number**

| Leopold's Leopard Company | 2223 | 2 @ $275 |
| Surprise Attack | 2260 | |

**EXHIBIT B**

**The Works Schedule**

The Artist will produce the Work in accordance with the following timetable:

A       A sketch of the Work must be completed and delivered to Sabertooth by [August 15th, 2003] ("Sketch Date")

B       The Work in final form must be completed and delivered to Sabertooth by [Sept 12th, 2003] ("Final Date")

C       Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following timetable:

☐       **PAYMENT METHOD ONE**

C       [$    275    ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D       [$    275    ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the following timetable:

☑       **PAYMENT METHOD TWO**

E       [$    495    ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

| For office use only | | Final Check # _____ |
| Initial Check #  2390 | | Final Amount _____ |
| Initial Amount  495 | | Date _____ |
| Date  11/7/03 | | |

Highly Confidential - AEO                                          GW0006148

## EXHIBIT

### The Work: Warhammer Fantasy, Set 4 (Dogs of War)

| Artist Name and Address: | Ealing | Name to appear on |
|---|---|---|
| Kenson Low 81 Northcroft Road | London W13 9SS Great Britain | published work: *KENSON LOW* |

**Description   Art number**

| Leopold's Leopard Company | 2223 | 2 @ $275 |
|---|---|---|
| Surprise Attack | 2260 | |

## EXHIBIT B

### The Works Schedule

The Artist will produce the Work in accordance with the following timetable:

A    A sketch of the Work must be completed and delivered to Sabertooth by [August 15th, 2003] ("Sketch Date")

B    The Work in final form must be completed and delivered to Sabertooth by [Sept 12th, 2003] ("Final Date")

C    Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following timetable:

☐    PAYMENT METHOD ONE

C    [$    275    ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D    [$    275    ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the following timetable:

☑    PAYMENT METHOD TWO

E    [$    495    ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.



| For office use only | | |
|---|---|---|
| Initial Check # 2390 | Final Check # |
| Initial Amount 495 | Final Amount |
| Date 11/7/03 | Date |

Highly Confidential - AEO

**THIS AGREEMENT** is made on 17 August 2003

BETWEEN:

    (1)    Sabertooth Games, Inc of 610 Industry Drive, Tukwila WA, 98188 USA ("Sabertooth")

    and

    (2)    Kenson Low        ("Artist")    of    81 Northcroft Road Ealing; London W13 9SS; Great Britain

## 1. DEFINITIONS

1.1    In this Agreement

**"Confidential Information"** means all secret or not generally known information, or all information not easily accessible by others or of a commercially sensitive nature concerning any aspect of the business of Sabertooth. By way of example but not by way of limitation, information should be treated as confidential if it includes any proprietary documentation, materials, flow charts, codes, software, computer instructions, techniques, models, information, diagrams, know-how, trade secrets, data, business records, or marketing information.

**"the Commencement Date"** means the date hereof,

**"Successful Completion"** means the date on which the Artist has completed the Works to the approval of Sabertooth, such approval to be in writing

**"the Work"** means the work to be produced in accordance with this agreement as detailed in Exhibit A hereto

**"the Works Schedule"** means the timetable that the Work is to be produced to in accordance with this agreement as detailed in Exhibit B hereto

## 2. COMMISSIONED WORK

2.1    In consideration of the payment to the Artist of the sums set out below, the Artist agrees to produce the Work in accordance with the Works Schedule under the terms and conditions hereunder.

## 3. DURATION

3.1    This Agreement shall commence on the Commencement Date and shall, unless terminated in any of the circumstances in clause 6 of this Agreement, continue in force until Successful Completion Date of the Stage Two Work as provided for in Annex B below.

## 4. QUALITY OF PRODUCTS

4.1    The Artist undertakes that the Work shall be carried out in a manner consistent with high standards of materials used, workmanship and design

Highly Confidential - AEO

**5.    PAYMENT**

5.1    Sabertooth shall pay the Artist any sums due in accordance with the Works Schedule.

5.2    In the event that the Work is not completed in accordance with the Works Schedule, Sabertooth will pay the Artist as follows:

    5.2.1   For Work received 1-2 days after the Final Date: 90% of the Initial Payment
    5.2.2   For Work received 3-5 days after the Final Date:70% of the Initial Payment
    5.2.3   For Work received 6 or more days after the Final Date:0% of the Initial Payment

5.3    Notwithstanding clause 5.2, the Artist agrees that time is of the essence.

5.4    Sabertooth reserves the exclusive right, such right not however to be exercised unreasonably, to cancel in its sole discretion this Agreement in relation to any Work in progress, at which time the Artist shall deliver that part of the Work created at the time of said cancellation whereupon Sabertooth shall pay the Artist such monies as may, in Sabertooth's opinion, be reasonably proportionate to such of the Work as is completed.

**6.    TERMINATION**

6.1    Sabertooth may terminate this Agreement without prejudice to its other remedies forthwith by notice in writing to the Artist if the Artist commits a breach of this Agreement, provided that if the breach is capable of remedy the notice shall only be given if the Artist shall not have remedied the same within 5 days of having been given notice in writing specifying the breach and requiring it to be remedied.

6.2    Either party may terminate this Agreement without prejudice to its other remedies giving by two months notice in writing to the other party. For the avoidance of doubt, the parties' obligations under this Agreement will continue during the notice period.

6.3    The clauses in this Agreement which expressly or impliedly have effect after termination shall continue to be enforceable notwithstanding termination.

**7.    ASSIGNMENT OF COPYRIGHT**

7.1    The Artist hereby assigns and transfers to Sabertooth all rights, title and interest, throughout the world and in perpetuity, in all copyrights and goodwill and any other intellectual property rights vested or otherwise in the Work. For the avoidance of doubt this includes any moral rights or equivalent which the Artist may have in the Work.

7.2    The Artist agrees to execute any relevant documents at any future time at the behest of Sabertooth to fulfil the obligations contained in this clause 7.

7.3    Name credit shall be given to the Artist upon publication of the Work in the products in which it is used.  Notwithstanding any other provision of this Agreement, Sabertooth shall have no obligation to market, sell or otherwise distribute the Work, either alone or in any Sabertooth product.

7.4    Subject to this Clause 7, the Work will be returned to the Artist within a reasonable time following Successful Completion. The Artist shall not under any circumstance reproduce, copy, manufacture, alter or amend the Work following Successful Completion.

7.4     Without prejudice to the generality of the foregoing, the Artist shall have the right, upon the receipt of written approval from Sabertooth, such permission not to be unreasonably withheld, to use the Work (s) in connection with his/her portfolio, personal website and all or any non-commercial instruments of personal publicity that the Artist characteristically and reasonably uses to promote his/her artwork. Each instrument shall identify Sabertooth or its designee as the owner of all trademarks and copyrights associated with said Work(s). The Artist shall comply with all reasonable requirements that Sabertooth may communicate from time to time in relation to this Clause 7.5.

## 8.      CONFIDENTIALITY

8.1     The Artist agrees to keep confidential and use solely for the purposes of this Agreement all Confidential Information.

8.2     The obligation contained in clause 8.1 does not include information that has ceased to be secret without default on the recipient's part.

## 9.      INDEPENDENT CONTRACTOR

9.1     Artist shall be an independent contractor and not an employee of Sabertooth. Artist shall not be entitled to worker's compensation, retirement, insurance, or other benefits provided to employees of Sabertooth. Artist shall be responsible for the payment of all personal taxes, fees and other assessments arising from providing the services set forth herein and shall otherwise comply with applicable laws, ordinances, regulations and other governmental requirements related to said services. Artist has no power or authority to act for, represent, or bind Sabertooth or any company affiliated with Sabertooth in any manner, except as so authorized in writing by Sabertooth.

## 10.     ENTIRE AGREEMENT

10.1    This Agreement is the entire agreement between the parties with respect to the subject matter and supersedes any previous statements or agreements whether oral or written.

## 11.     VARIATION

11.1    No amendment or modification of this Agreement will be effective unless it is in writing and signed by both parties.

## 12.     WAIVER

12.1    The failure of either party to demand strict performance by the other party of any of this Agreement will not be a waiver or relinquishment of any rights under this Agreement.

## 13.   SEVERABILITY

13.1.   If any provision of this Agreement is held by a court of competent jurisdiction to be contrary to law, the remaining provisions of this Agreement will remain in full force and effect insofar as they are capable in light of the court's findings.

## 14.   ASSIGNMENT

14.1   The Artist may not assign this Agreement or any of the Artist's rights or obligations under this Agreement without the prior written consent of Sabertooth.

## 15.   JURISDICTION

15.1   This Agreement will be governed by the laws of the State of Washington and subject to the exclusive jurisdiction of the United States District Court for the Western District of Washington.

SIGNED FOR AND ON BEHALF
OF SABERTOOTH INC.

Name...........................................

Date.........6/8/03.........

SIGNED FOR AND ON BEHALF
OF THE ARTIST

Name.............................................

Date...5th July 2003..........

Highly Confidential - AEO

## EXHIBIT

### The Work: Warhammer Horus Heresy Set 1

| | | |
|---|---|---|
| Artist Name and Address: Kenson Low 81 Northcroft | Road; Ealing; London W13 9SS Great Britain | Name to appear on published work: *KENSON LOW.* |

**Description   Art number**
Assault Squad 1    2013
Command Squad 2    2117
Terminators 3    2134

                              3 @ $275

### EXHIBIT B

### The Works Schedule

The Artist will produce the Work in accordance with the following timetable:

A    A sketch of the Work must be completed and delivered to Sabertooth by [June 20, 2003] ("Sketch Date")

B    The Work in final form must be completed and delivered to Sabertooth by [July 11th, 2003] ("Final Date")

C    Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following timetable:

[✓]    PAYMENT METHOD ONE

C    [$    412.5    ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D    [$    412.5    ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the following timetable:

[ ]    PAYMENT METHOD TWO

E    [$    745    ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

**For office use only**

| | | | |
|---|---|---|---|
| Initial Check # | 2214 | Final Check # | _____ |
| Initial Amount | 412.50 | Final Amount | _____ |
| Date | 8/18/02 | Date | _____ |

Highly Confidential - AEO

# EXHIBIT

## The Work: Warhammer Horus Heresy Set 1

Artist Name and Address:
Kenson Low 81 Northcroft

Road; Ealing; London W13
9SS
Great Britain

Name to appear on
published work:

*KENSON LOW.*

**Description    Art number**
Assault Squad 1    2013                    3 @ $275
Command Squad 2   2117
Terminators 3     2134

## EXHIBIT B

### The Works Schedule

The Artist will produce the Work in accordance with the following timetable:

A    A sketch of the Work must be completed and delivered to Sabertooth by [June 20, 2003] ("Sketch Date")

B    The Work in final form must be completed and delivered to Sabertooth by [July 11th, 2003] ("Final Date")

C    Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following timetable:

[✓]    PAYMENT METHOD ONE

C    [$    412.5    ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D    [$    412.5    ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the following timetable:

[ ]    PAYMENT METHOD TWO

E    [$    745    ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

| For office use only | | | |
|---|---|---|---|
| Initial Check # | 224 | Final Check # | DIRECT |
| Initial Amount | 412.50 | Final Amount | 412.50 |
| Date | 8/18/0? | Date | 1/8/04 |

Highly Confidential - AEO

# INVOICE

Artwork, Design & Production

## KENSON LOW

**81 NORTHCROFT ROAD**
**EALING**
**LONDON**
**W13 9SS**
**GREAT BRITAIN**

Tel: 020 8579 0567
kenson@dinnertable.fsnet.co.uk

**TO:** Sabertooth Games Inc
610 Industry Drive
Tukwila
WA
98188 USA

**DATE:**
19/Sept/03

**INVOICE NO.**
91

**FOR:** 2 Pieces of artwork

Low 2223 Leopolds Leopard Company
Low 2260 Surprise Attack

for Set 4 (Dogs of War) Gaming Cards

| | £ $ | P C |
|---|---|---|
| | 495—00 | |
| | | |
| **TOTAL** | $495—00 | |

Highly Confidential - AEO

GW0006156

**THIS AGREEMENT** is made on 19 December 2003

BETWEEN:

    (1)    Sabertooth Games, Inc of 610 Industry Drive, Tukwila WA, 98188 USA ("Sabertooth")

            and

    (2)    Kenson Low of 81 Northcroft Road Ealing London  W13 9SS  ("Artist")

## 1.    DEFINITIONS

1.1    In this Agreement

    **"Confidential Information"** means all secret or not generally known information, or all information not easily accessible by others or of a commercially sensitive nature concerning any aspect of the business of Sabertooth. By way of example but not by way of limitation, information should be treated as confidential if it includes any proprietary documentation, materials, flow charts, codes, software, computer instructions, techniques, models, information, diagrams, know-how, trade secrets, data, business records, or marketing information.

    **"the Commencement Date"** means the date hereof,

    **"Successful Completion"** means the date on which the Artist has completed the Works to the approval of Sabertooth, such approval to be in writing

    **"the Work"** means the work to be produced in accordance with this agreement as detailed in Exhibit A hereto

    **"the Works Schedule"** means the timetable that the Work is to be produced to in accordance with this agreement as detailed in Exhibit B hereto

## 2.    COMMISSIONED WORK

2.1    In consideration of the payment to the Artist of the sums set out below, the Artist agrees to produce the Work in accordance with the Works Schedule under the terms and conditions hereunder.

## 3.    DURATION

3.1    This Agreement shall commence on the Commencement Date and shall, unless terminated in any of the circumstances in clause 6 of this Agreement, continue in force until Successful Completion Date of the Stage Two Work as provided for in Annex B below.

Highly Confidential - AEO           

4. **QUALITY OF PRODUCTS**

4.1     The Artist undertakes that the Work shall be carried out in a manner consistent with high standards of materials used, workmanship and design

5. **PAYMENT**

5.1     Sabertooth shall pay the Artist any sums due in accordance with the Works Schedule.

5.2     In the event that the Work is not completed in accordance with the Works Schedule, Sabertooth will pay the Artist as follows:

        5.2.1   For Work received 1-2 days after the Final Date: 90% of the Initial Payment
        5.2.2   For Work received 3-5 days after the Final Date:70% of the Initial Payment
        5.2.3   For Work received 6 or more days after the Final Date:0% of the Initial Payment

5.3     Notwithstanding clause 5.2, the Artist agrees that time is of the essence.

5.4     Sabertooth reserves the exclusive right, such right not however to be exercised unreasonably, to cancel in its sole discretion this Agreement in relation to any Work in progress, at which time the Artist shall deliver that part of the Work created at the time of said cancellation whereupon Sabertooth shall pay the Artist such monies as may, in Sabertooth's opinion, be reasonably proportionate to such of the Work as is completed.

6. **TERMINATION**

6.1     Sabertooth may terminate this Agreement without prejudice to its other remedies forthwith by notice in writing to the Artist if the Artist commits a breach of this Agreement, provided that if the breach is capable of remedy the notice shall only be given if the Artist shall not have remedied the same within 5 days of having been given notice in writing specifying the breach and requiring it to be remedied.

6.2     Either party may terminate this Agreement without prejudice to its other remedies giving by two months notice in writing to the other party. For the avoidance of doubt, the parties' obligations under this Agreement will continue during the notice period.

6.3     The clauses in this Agreement which expressly or impliedly have effect after termination shall continue to be enforceable notwithstanding termination.

7. **ASSIGNMENT OF COPYRIGHT**

7.1     The Artist hereby assigns and transfers to Sabertooth all rights, title and interest, throughout the world and in perpetuity, in all copyrights and goodwill and any other intellectual property rights vested or otherwise in the Work. For the avoidance of doubt this includes any moral rights or equivalent which the Artist may have in the Work.

7.2     The Artist agrees to execute any relevant documents at any future time at the behest of Sabertooth to fulfil the obligations contained in this clause 7.

7.3     Name credit shall be given to the Artist upon publication of the Work in the products in which it is used.  Notwithstanding any other provision of this Agreement, Sabertooth shall have no obligation to market, sell or otherwise distribute the Work, either alone or in any Sabertooth product.

7.4     Subject to this Clause 7, the Work will be returned to the Artist within a reasonable time following Successful Completion. The Artist shall not under any circumstance reproduce, copy, manufacture, alter or amend the Work following Successful Completion.

7.4     Without prejudice to the generality of the foregoing, the Artist shall have the right, upon the receipt of written approval from Sabertooth, such permission not to be unreasonably withheld, to use the Work (s) in connection with his/her portfolio, personal website and all or any non-commercial instruments of personal publicity that the Artist characteristically and reasonably uses to promote his/her artwork.  Each instrument shall identify Sabertooth or its designee as the owner of all trademarks and copyrights associated with said Work(s).  The Artist shall comply with all reasonable requirements that Sabertooth may communicate from time to time in relation to this Clause 7.5.

**8.     CONFIDENTIALITY**

8.1     The Artist agrees to keep confidential and use solely for the purposes of this Agreement all Confidential Information.

8.2     The obligation contained in clause 8.1 does not include information that has ceased to be secret without default on the recipient's part.

**9.     INDEPENDENT CONTRACTOR**

9.1     Artist shall be an independent contractor and not an employee of Sabertooth.  Artist shall not be entitled to worker's compensation, retirement, insurance, or other benefits provided to employees of Sabertooth.  Artist shall be responsible for the payment of all personal taxes, fees and other assessments arising from providing the services set forth herein and shall otherwise comply with applicable laws, ordinances, regulations and other governmental requirements related to said services.  Artist has no power or authority to act for, represent, or bind Sabertooth or any company affiliated with Sabertooth in any manner, except as so authorized in writing by Sabertooth.

**10.    ENTIRE AGREEMENT**

10.1    This Agreement is the entire agreement between the parties with respect to the subject matter and supersedes any previous statements or agreements whether oral or written.

Highly Confidential - AEO

## 11. VARIATION

11.1 No amendment or modification of this Agreement will be effective unless it is in writing and signed by both parties.

## 12. WAIVER

12.1 The failure of either party to demand strict performance by the other party of any of this Agreement will not be a waiver or relinquishment of any rights under this Agreement.

## 13. SEVERABILITY

13.1. If any provision of this Agreement is held by a court of competent jurisdiction to be contrary to law, the remaining provisions of this Agreement will remain in full force and effect insofar as they are capable in light of the court's findings.

## 14. ASSIGNMENT

14.1 The Artist may not assign this Agreement or any of the Artist's rights or obligations under this Agreement without the prior written consent of Sabertooth.

## 15. JURISDICTION

15.1 This Agreement will be governed by the laws of the State of Washington and subject to the exclusive jurisdiction of the United States District Court for the Western District of Washington.

SIGNED FOR AND ON BEHALF         SIGNED FOR AND ON BEHALF
OF SABERTOOTH INC                OF THE ARTIST

Name..........................   Name............................

Date...........12/19/03........  Date....30th Jan '04............

Highly Confidential - AEO

GW0006160

# INVOICE

Artwork, Design & Production

## KENSON LOW

**81 NORTHCROFT ROAD
EALING
LONDON
W13 9SS
GREAT BRITAIN**

Tel: 020 8579 0567
kenson@dinnertable.fsnet.co.uk



**TO:** Sabertooth Games
610 Industry Drive
Tukwila
USA

**DATE:**
30/i/04

**INVOICE NO.**
93.

**FOR:**

2 pieces of commercial artwork
for Horus Heresy:
2608 UM Recon Squad 2
and 2695 BA Tactical Squad 1

| | £ $ | P C |
|---|---|---|
| | 275—00 | |
| | 275—00 | |
| **TOTAL** | $550—00 | |

Highly Confidential - AEO

**THIS AGREEMENT** is made on 13 February 2004

BETWEEN:

(1)    Sabertooth Games, Inc of 610 Industry Drive, Tukwila WA, 98188 USA ("Sabertooth")

and

(2)    Kenson Low of 81 Northcroft Road, Ealing London  W13 9SS  ("Artist")

## 1.    DEFINITIONS

1.1    In this Agreement

**"Confidential Information"** means all secret or not generally known information, or all information not easily accessible by others or of a commercially sensitive nature concerning any aspect of the business of Sabertooth. By way of example but not by way of limitation, information should be treated as confidential if it includes any proprietary documentation, materials, flow charts, codes, software, computer instructions, techniques, models, information, diagrams, know-how, trade secrets, data, business records, or marketing information.

**"the Commencement Date"** means the date hereof,

**"Successful Completion"** means the date on which the Artist has completed the Works to the approval of Sabertooth, such approval to be in writing

**"the Work"** means the work to be produced in accordance with this agreement as detailed in Exhibit A hereto

**"the Works Schedule"** means the timetable that the Work is to be produced to in accordance with this agreement as detailed in Exhibit B hereto

## 2.    COMMISSIONED WORK

2.1    In consideration of the payment to the Artist of the sums set out below, the Artist agrees to produce the Work in accordance with the Works Schedule under the terms and conditions hereunder.

## 3.    DURATION

3.1    This Agreement shall commence on the Commencement Date and shall, unless terminated in any of the circumstances in clause 6 of this Agreement, continue in force until Successful Completion Date of the Stage Two Work as provided for in Annex B below.

Highly Confidential - AEO

4.     **QUALITY OF PRODUCTS**

4.1     The Artist undertakes that the Work shall be carried out in a manner consistent with high standards of materials used, workmanship and design

5.     **PAYMENT**

5.1     Sabertooth shall pay the Artist any sums due in accordance with the Works Schedule.

5.2     In the event that the Work is not completed in accordance with the Works Schedule, Sabertooth will pay the Artist as follows:

       5.2.1    For Work received 1-2 days after the Final Date: 90% of the Initial Payment
       5.2.2    For Work received 3-5 days after the Final Date:70% of the Initial Payment
       5.2.3    For Work received 6 or more days after the Final Date:0% of the Initial Payment

5.3     Notwithstanding clause 5.2, the Artist agrees that time is of the essence.

5.4     Sabertooth reserves the exclusive right, such right not however to be exercised unreasonably, to cancel in its sole discretion this Agreement in relation to any Work in progress, at which time the Artist shall deliver that part of the Work created at the time of said cancellation whereupon Sabertooth shall pay the Artist such monies as may, in Sabertooth's opinion, be reasonably proportionate to such of the Work as is completed.

6.     **TERMINATION**

6.1     Sabertooth may terminate this Agreement without prejudice to its other remedies forthwith by notice in writing to the Artist if the Artist commits a breach of this Agreement, provided that if the breach is capable of remedy the notice shall only be given if the Artist shall not have remedied the same within 5 days of having been given notice in writing specifying the breach and requiring it to be remedied.

6.2     Either party may terminate this Agreement without prejudice to its other remedies giving by two months notice in writing to the other party. For the avoidance of doubt, the parties' obligations under this Agreement will continue during the notice period.

6.3     The clauses in this Agreement which expressly or impliedly have effect after termination shall continue to be enforceable notwithstanding termination.

7.     **ASSIGNMENT OF COPYRIGHT**

7.1     The Artist hereby assigns and transfers to Sabertooth all rights, title and interest, throughout the world and in perpetuity, in all copyrights and goodwill and any other intellectual property rights vested or otherwise in the Work. For the avoidance of doubt this includes any moral rights or equivalent which the Artist may have in the Work.

Highly Confidential - AEO       

7.2     The Artist agrees to execute any relevant documents at any future time at the behest of Sabertooth to fulfil the obligations contained in this clause 7.

7.3     Name credit shall be given to the Artist upon publication of the Work in the products in which it is used.  Notwithstanding any other provision of this Agreement, Sabertooth shall have no obligation to market, sell or otherwise distribute the Work, either alone or in any Sabertooth product.

7.4     Subject to this Clause 7, the Work will be returned to the Artist within a reasonable time following Successful Completion. The Artist shall not under any circumstance reproduce, copy, manufacture, alter or amend the Work following Successful Completion.

7.4     Without prejudice to the generality of the foregoing, the Artist shall have the right, upon the receipt of written approval from Sabertooth, such permission not to be unreasonably withheld, to use the Work (s) in connection with his/her portfolio, personal website and all or any non-commercial instruments of personal publicity that the Artist characteristically and reasonably uses to promote his/her artwork.  Each instrument shall identify Sabertooth or its designee as the owner of all trademarks and copyrights associated with said Work(s).  The Artist shall comply with all reasonable requirements that Sabertooth may communicate from time to time in relation to this Clause 7.5.

## 8.     CONFIDENTIALITY

8.1     The Artist agrees to keep confidential and use solely for the purposes of this Agreement all Confidential Information.

8.2     The obligation contained in clause 8.1 does not include information that has ceased to be secret without default on the recipient's part.

## 9.     INDEPENDENT CONTRACTOR

9.1     Artist shall be an independent contractor and not an employee of Sabertooth.  Artist shall not be entitled to worker's compensation, retirement, insurance, or other benefits provided to employees of Sabertooth.  Artist shall be responsible for the payment of all personal taxes, fees and other assessments arising from providing the services set forth herein and shall otherwise comply with applicable laws, ordinances, regulations and other governmental requirements related to said services.  Artist has no power or authority to act for, represent, or bind Sabertooth or any company affiliated with Sabertooth in any manner, except as so authorized in writing by Sabertooth.

## 10.    ENTIRE AGREEMENT

10.1    This Agreement is the entire agreement between the parties with respect to the subject matter and supersedes any previous statements or agreements whether oral or written.

Highly Confidential - AEO

**11.    VARIATION**

11.1    No amendment or modification of this Agreement will be effective unless it is in writing and signed by both parties.

**12.    WAIVER**

12.1    The failure of either party to demand strict performance by the other party of any of this Agreement will not be a waiver or relinquishment of any rights under this Agreement.

**13.    SEVERABILITY**

13.1.    If any provision of this Agreement is held by a court of competent jurisdiction to be contrary to law, the remaining provisions of this Agreement will remain in full force and effect insofar as they are capable in light of the court's findings.

**14.    ASSIGNMENT**

14.1    The Artist may not assign this Agreement or any of the Artist's rights or obligations under this Agreement without the prior written consent of Sabertooth.

**15.    JURISDICTION**

15.1    This Agreement will be governed by the laws of the State of Washington and subject to the exclusive jurisdiction of the United States District Court for the Western District of Washington.

SIGNED FOR AND ON BEHALF          SIGNED FOR AND ON BEHALF
OF SABERTOOTH INC.                OF THE ARTIST·

Name.................              Name.....................

Date    2/13/2004                 Date..27./02./04........

Highly Confidential - AEO

**EXHIBIT A: Contract Number KLHH3**

**The Work: Warhammer Horus Heresy (Traitor's Gambit)**
Artist Name and Address: Kenson Low 81 Northcroft Road Ealing London  W13 9SS

**Art num        Description**
2608   UM Recon Sqd 2
2695   BA Tac Sqd 1
**2 @ $275**

## EXHIBIT B
### The Works Schedule

The Artist will produce the Work in accordance with the following timetable:

A      A sketch of the Work must be completed and delivered to Sabertooth by [Dec 19th] ("Sketch
       Date")

B      The Work in final form must be completed and delivered to Sabertooth by  [Jan 30th] ("Final
       Date")

C      Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of same
       (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following timetable:

[✓]        PAYMENT METHOD ONE

C      [ $275      ] "Initial Payment" to be paid within [30 days] of the Successful Completion
D      [ $275      ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the
following timetable:

[  ]        PAYMENT METHOD TWO

E      [ $495      ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

| For office use only | | |
|---|---|---|
| Initial Check #  *100588* | Final Check # | |
| Gambit Initial Amount  *275* | Gambit Final Amount | |
| Date  *2/20/04* | Date | |

Highly Confidential - AEO

# INVOICE



Artwork, Design & Production

**KENSON LOW**

**94 CONNELL CRESCENT**
**EALING**
**LONDON**
**W5 3BP**
**GREAT BRITAIN**

Tel: 020 8932 6482
Mob: 07752 723 851
kenson_low@hotmail.com

**TO:** Sabertooth Games
610 Industry Drive
Tukwila
WA 98188
USA.

**DATE:** 29/2/04

**INVOICE NO.** 95

**FOR:** 2 Pieces of Artwork for
War Cry (Storm of Chaos) cards.
Low 2764 Middenland Battalion
Low 2775 Archers.

| | £ | P |
|---|---|---|
| | $550—00 | |
| **TOTAL** | $550—00 | |

Highly Confidential - AEO

GW0006167

### EXHIBIT A: Contract Number KLWC6

### The Work: Warhammer War Cry (Storm of Chaos)
Artist Name and Address: Kenson Low 81 Northcroft Road, Ealing London  W13 9SS

**Art num     Description**
2764   Middenland Battalion
2775   Archers

**2 @ $275 (direct)**

### EXHIBIT B
### The Works Schedule
The Artist will produce the Work in accordance with the following timetable:

A     A sketch of the Work must be completed and delivered to Sabertooth by [Dec 19th] ("Sketch Date")

B     The Work in final form must be completed and delivered to Sabertooth by  [Jan 30th] ("Final Date")

C     Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following timetable:

✓   PAYMENT METHOD ONE

C     [ $      275     ] "Initial Payment" to be paid within [30 days] of the Successful Completion
D     [ $      275     ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the following timetable:

☐   PAYMENT METHOD TWO

E     [ $      495     ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

| For office use only | |
|---|---|
| Initial Check # _DIRECT_ | Final Check # _____ |
| Storm Initial Amount _$275_ | Storm Final Amount |
| Date _3/4/04_ | Date _____ |

Highly Confidential - AEO

**THIS AGREEMENT** is made on 16 April 2004

BETWEEN:

(1)     Sabertooth Games, Inc of 610 Industry Drive, Tukwila WA, 98188 USA ("Sabertooth")

and

(2)     Kenson Low of 94 Connell Crescent; Ealing London  W5 3BP  ("Artist")

## 1.     DEFINITIONS

1.1     In this Agreement

**"Confidential Information"** means all secret or not generally known information, or all information not easily accessible by others or of a commercially sensitive nature concerning any aspect of the business of Sabertooth. By way of example but not by way of limitation, information should be treated as confidential if it includes any proprietary documentation, materials, flow charts, codes, software, computer instructions, techniques, models, information, diagrams, know-how, trade secrets, data, business records, or marketing information.

**"the Commencement Date"** means the date hereof,

**"Successful Completion"** means the date on which the Artist has completed the Works to the approval of Sabertooth, such approval to be in writing

**"the Work"** means the work to be produced in accordance with this agreement as detailed in Exhibit A hereto

**"the Works Schedule"** means the timetable that the Work is to be produced to in accordance with this agreement as detailed in Exhibit B hereto

## 2.     COMMISSIONED WORK

2.1     In consideration of the payment to the Artist of the sums set out below, the Artist agrees to produce the Work in accordance with the Works Schedule under the terms and conditions hereunder.

## 3.     DURATION

3.1     This Agreement shall commence on the Commencement Date and shall, unless terminated in any of the circumstances in clause 6 of this Agreement, continue in force until Successful Completion Date of the Stage Two Work as provided for in Annex B below.

Highly Confidential - AEO

4.     **QUALITY OF PRODUCTS**

4.1     The Artist undertakes that the Work shall be carried out in a manner consistent with high standards of materials used, workmanship and design

5.     **PAYMENT**

5.1     Sabertooth shall pay the Artist any sums due in accordance with the Works Schedule.

5.2     In the event that the Work is not completed in accordance with the Works Schedule, Sabertooth will pay the Artist as follows:

    5.2.1   For Work received 1-2 days after the Final Date: 90% of the Initial Payment
    5.2.2   For Work received 3-5 days after the Final Date:70% of the Initial Payment
    5.2.3   For Work received 6 or more days after the Final Date:0% of the Initial Payment

5.3     Notwithstanding clause 5.2, the Artist agrees that time is of the essence.

5.4     Sabertooth reserves the exclusive right, such right not however to be exercised unreasonably, to cancel in its sole discretion this Agreement in relation to any Work in progress, at which time the Artist shall deliver that part of the Work created at the time of said cancellation whereupon Sabertooth shall pay the Artist such monies as may, in Sabertooth's opinion, be reasonably proportionate to such of the Work as is completed.

6.     **TERMINATION**

6.1     Sabertooth may terminate this Agreement without prejudice to its other remedies forthwith by notice in writing to the Artist if the Artist commits a breach of this Agreement, provided that if the breach is capable of remedy the notice shall only be given if the Artist shall not have remedied the same within 5 days of having been given notice in writing specifying the breach and requiring it to be remedied.

6.2     Either party may terminate this Agreement without prejudice to its other remedies giving by two months notice in writing to the other party. For the avoidance of doubt, the parties' obligations under this Agreement will continue during the notice period.

6.3     The clauses in this Agreement which expressly or impliedly have effect after termination shall continue to be enforceable notwithstanding termination.

7.     **ASSIGNMENT OF COPYRIGHT**

7.1     The Artist hereby assigns and transfers to Sabertooth all rights, title and interest, throughout the world and in perpetuity, in all copyrights and goodwill and any other intellectual property rights vested or otherwise in the Work. For the avoidance of doubt this includes any moral rights or equivalent which the Artist may have in the Work.

Highly Confidential - AEO      GW0006170

7.2     The Artist agrees to execute any relevant documents at any future time at the behest of Sabertooth to fulfil the obligations contained in this clause 7.

7.3     Name credit shall be given to the Artist upon publication of the Work in the products in which it is used.  Notwithstanding any other provision of this Agreement, Sabertooth shall have no obligation to market, sell or otherwise distribute the Work, either alone or in any Sabertooth product.

7.4     Subject to this Clause 7, the Work will be returned to the Artist within a reasonable time following Successful Completion. The Artist shall not under any circumstance reproduce, copy, manufacture, alter or amend the Work following Successful Completion.

7.4     Without prejudice to the generality of the foregoing, the Artist shall have the right, upon the receipt of written approval from Sabertooth, such permission not to be unreasonably withheld, to use the Work (s) in connection with his/her portfolio, personal website and all or any non-commercial instruments of personal publicity that the Artist characteristically and reasonably uses to promote his/her artwork.  Each instrument shall identify Sabertooth or its designee as the owner of all trademarks and copyrights associated with said Work(s).  The Artist shall comply with all reasonable requirements that Sabertooth may communicate from time to time in relation to this Clause 7.5.

**8.      CONFIDENTIALITY**

8.1     The Artist agrees to keep confidential and use solely for the purposes of this Agreement all Confidential Information.

8.2     The obligation contained in clause 8.1 does not include information that has ceased to be secret without default on the recipient's part.

**9.      INDEPENDENT CONTRACTOR**

9.1     Artist shall be an independent contractor and not an employee of Sabertooth.  Artist shall not be entitled to worker's compensation, retirement, insurance, or other benefits provided to employees of Sabertooth.  Artist shall be responsible for the payment of all personal taxes, fees and other assessments arising from providing the services set forth herein and shall otherwise comply with applicable laws, ordinances, regulations and other governmental requirements related to said services.  Artist has no power or authority to act for, represent, or bind Sabertooth or any company affiliated with Sabertooth in any manner, except as so authorized in writing by Sabertooth.

**10.    ENTIRE AGREEMENT**

10.1    This Agreement is the entire agreement between the parties with respect to the subject matter and supersedes any previous statements or agreements whether oral or written.

## 11.    VARIATION

11.1    No amendment or modification of this Agreement will be effective unless it is in writing and signed by both parties.

## 12.    WAIVER

12.1    The failure of either party to demand strict performance by the other party of any of this Agreement will not be a waiver or relinquishment of any rights under this Agreement.

## 13.    SEVERABILITY

13.1.    If any provision of this Agreement is held by a court of competent jurisdiction to be contrary to law, the remaining provisions of this Agreement will remain in full force and effect insofar as they are capable in light of the court's findings.

## 14.    ASSIGNMENT

14.1    The Artist may not assign this Agreement or any of the Artist's rights or obligations under this Agreement without the prior written consent of Sabertooth.

## 15.    JURISDICTION

15.1    This Agreement will be governed by the laws of the State of Washington and subject to the exclusive jurisdiction of the United States District Court for the Western District of Washington.


SIGNED FOR AND ON BEHALF            SIGNED FOR AND ON BEHALF
OF SABERTOOTH INC.                  OF THE ARTIST

Name...................              Name...Kenso Low...............

Date    4/16/2004                   Date...8th May 2004...............

Highly Confidential - AEO                                    GW0006172

# INVOICE



Artwork,Design & Production

## KENSON LOW

**94 CONNELL CRESCENT**
**EALING**
**LONDON**
**W5 3BP**
**GREAT BRITAIN**

Tel: 020 8932 6482
Mob: 07752 723 851
kenson_low@hotmail.com

**TO:**
Sabertooth Games
610 Industry Drive
Tukwila
WA 98188
USA

**DATE:**
8th May 2004

**INVOICE NO.**
96

**FOR:** 2 Pieces of Artwork for
"Horus Heresy" gaming cards

| | £ $ | p c |
|---|---|---|
| low 2924 DG Tac Squad | 275 — 00 | |
| low 3054 Soft Bodyguard. | 275 — 00 | |
| **TOTAL** | **$550 — 00** | |

GW0006173

**EXHIBIT A: Contract Number KLMEM**
**The Work: Warhammer Horus Heresy (Demon's Fire)**
Artist Name and Address: Kenson Low 94 Connell Crescent; Ealing London W5 3BP

**Art num      Description**
2924   DG Tac Sqd
3054   SoH Bodyguard
**2 @ $275 (direct)**

**EXHIBIT B**
**The Works Schedule**

The Artist will produce the Work in accordance with the following timetable:

A      A sketch of the Work must be completed and delivered to Sabertooth by [April 16th] ("Sketch Date")

B      The Work in final form must be completed and delivered to Sabertooth by [May 3rd] ("Final Date")

C      Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following timetable:

☑      PAYMENT METHOD ONE

C      [ $    275    ] "Initial Payment" to be paid within [30 days] of the Successful Completion
D      [ $    275    ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the following timetable:

☐      PAYMENT METHOD TWO

E      [ $    495    ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

| For office use only | | |
|---|---|---|
| Initial Check # _DIRECT_ | Final Check # |
| DemonFire Initial Amount _275_ | DemonFire Final Amount |
| Date _5/14/04_ | Date |

Highly Confidential - AEO

**THIS AGREEMENT** is made on 19 May 2004

BETWEEN:

(1) Sabertooth Games, Inc of 6211 East Holmes Road, Suite 102, Memphis TN 38141 ("Sabertooth")

And

(2) Kenson Low        ("Artist")        of

94 Connell Crescent
Ealing
London W5 3BP
Great Britain

## 1.  DEFINITIONS

1.1   In this Agreement

**"Confidential Information"** means all secret or not generally known information or all information not easily accessible by others or of a commercially sensitive nature concerning any aspect of the business of Sabertooth. By way of example but not by way of limitation, information should be treated as confidential if it includes any proprietary documentation, materials, flow charts, codes, software, computer instructions, techniques, models, information, diagrams, know-how, trade secrets, data, business records, or marketing information.

**"the Commencement Date"** means the date hereof,

**"Successful Completion"** means the date on which the Artist has completed the Works to the approval of Sabertooth, such approval to be in writing

**"the Work"** means the work to be produced in accordance with this agreement as detailed in Exhibit A hereto

**"the Works Schedule"** means the timetable that the Work is to be produced to in accordance with this agreement as detailed in Exhibit B hereto

## 2.  COMMISSIONED WORK

2.1   In consideration of the payment to the Artist of the sums set out below, the Artist agrees to produce the Work in accordance with the Works Schedule under the terms and conditions hereunder.

## 3.  DURATION

3.1   This Agreement shall commence on the Commencement Date and shall, unless terminated in any of the circumstances in clause 6 of this Agreement, continue in force until Successful Completion Date of the Stage Two Work as provided for in Annex B below.

## 4.  QUALITY OF PRODUCTS

4.1    The Artist undertakes that the Work shall be carried out in a manner consistent with high standards of materials used, workmanship and design

**5.    PAYMENT**

5.1    Sabertooth shall pay the Artist any sums due in accordance with the Works Schedule.

5.2    In the event that the Work is not completed in accordance with the Works Schedule, Sabertooth will pay the Artist as follows:

        5.2.1    For Work received 1-2 days after the Final Date: 90% of the Initial Payment
        5.2.2    For Work received 3-5 days after the Final Date: 70% of the Initial Payment
        5.2.3    For Work received 6 or more days after the Final Date: 0% of the Initial Payment

5.3    Notwithstanding clause 5.2, the Artist agrees that time is of the essence.

5.4    Sabertooth reserves the exclusive right, such right not however to be exercised unreasonably, to cancel in its sole discretion this Agreement in relation to any Work in progress, at which time the Artist shall deliver that part of the Work created at the time of said cancellation whereupon Sabertooth shall pay the Artist such monies as may, in Sabertooth's opinion, be reasonably proportionate to such of the Work as is completed.

**6.    TERMINATION**

6.1    Sabertooth may terminate this Agreement without prejudice to its other remedies forthwith by notice in writing to the Artist if the Artist commits a breach of this Agreement, provided that if the breach is capable of remedy the notice shall only be given if the Artist shall not have remedied the same within 5 days of having been given notice in writing specifying the breach and requiring it to be remedied.

6.2    Either party may terminate this Agreement without prejudice to its other remedies giving by two months notice in writing to the other party. For the avoidance of doubt, the parties' obligations under this Agreement will continue during the notice period.

6.3    The clauses in this Agreement which expressly or impliedly have effect after termination shall continue to be enforceable notwithstanding termination.

**7.    ASSIGNMENT OF COPYRIGHT**

7.1    The Artist hereby assigns and transfers to Sabertooth all rights, title and interest, throughout the world and in perpetuity, in all copyrights and goodwill and any other intellectual property rights vested or otherwise in the Work. For the avoidance of doubt this includes any moral rights or equivalent which the Artist may have in the Work.

7.2    The Artist agrees to execute any relevant documents at any future time at the behest of Sabertooth to fulfil the obligations contained in this clause 7.

7.3    Name credit shall be given to the Artist upon publication of the Work in the products in which it is used. Notwithstanding any other provision of this Agreement, Sabertooth shall have no obligation to market, sell or otherwise distribute the Work, either alone or in any Sabertooth product.

7.4     Subject to this Clause 7, the Work will be returned to the Artist within a reasonable time following Successful Completion. The Artist shall not under any circumstance reproduce, copy, manufacture, alter or amend the Work following Successful Completion.

7.4     Without prejudice to the generality of the foregoing, the Artist shall have the right, upon the receipt of written approval from Sabertooth, such permission not to be unreasonably withheld, to use the Work (s) in connection with his/her portfolio, personal website and all or any non-commercial instruments of personal publicity that the Artist characteristically and reasonably uses to promote his/her artwork.  Each instrument shall identify Sabertooth or its designee as the owner of all trademarks and copyrights associated with said Work(s). The Artist shall comply with all reasonable requirements that Sabertooth may communicate from time to time in relation to this Clause 7.5.

## 8.    CONFIDENTIALITY

8.1     The Artist agrees to keep confidential and use solely for the purposes of this Agreement all Confidential Information.

8.2     The obligation contained in clause 8.1 does not include information that has ceased to be secret without default on the recipient's part.

## 9.    INDEPENDENT CONTRACTOR

9.1     Artist shall be an independent contractor and not an employee of Sabertooth.  Artist shall not be entitled to worker's compensation, retirement, insurance, or other benefits provided to employees of Sabertooth.  Artist shall be responsible for the payment of all personal taxes, fees and other assessments arising from providing the services set forth herein and shall otherwise comply with applicable laws, ordinances, regulations and other governmental requirements related to said services.  Artist has no power or authority to act for, represent, or bind Sabertooth or any company affiliated with Sabertooth in any manner, except as so authorized in writing by Sabertooth.

## 10.   ENTIRE AGREEMENT

10.1    This Agreement is the entire agreement between the parties with respect to the subject matter and supersedes any previous statements or agreements whether oral or written.

## 11.   VARIATION

11.1    No amendment or modification of this Agreement will be effective unless it is in writing and signed by both parties.

## 12.   WAIVER

12.1    The failure of either party to demand strict performance by the other party of any of this Agreement will not be a waiver or relinquishment of any rights under this Agreement.

Highly Confidential - AEO

## 13. SEVERABILITY

13.1. If any provision of this Agreement is held by a court of competent jurisdiction to be contrary to law, the remaining provisions of this Agreement will remain in full force and effect insofar as they are capable in light of the court's findings.

## 14. ASSIGNMENT

14.1 The Artist may not assign this Agreement or any of the Artist's rights or obligations under this Agreement without the prior written consent of Sabertooth.

## 15. JURISDICTION

15.1 This Agreement will be governed by the laws of the State of Washington and subject to the exclusive jurisdiction of the United States District Court for the Western District of Washington.

SIGNED FOR AND ON BEHALF
OF SABERTOOTH INC.

SIGNED FOR AND ON BEHALF
OF THE ARTIST

Name...........................................

Name...........................................

Date...........................................

Date...........................................

Highly Confidential - AEO

**EXHIBIT A**

### The Work:
### Warhammer Fantasy, Harbingers of War/Death and Honour

**Contract Number:**

| | |
|---|---|
| Artist Name and Address: | Great Britain |
| Kenson Low | |
| 94 Connell Crescent | Social Security Number (if |
| Ealing | applicable): |
| London W5 3BP | _____ |

Name to appear on
published work:

_____

**Description and Art number**
**3250 Watch the Fire   3353 Zealots   3354 Vampire Hunters**
3 cards @ $158. GBP ea

### EXHIBIT B: the Works Schedule

The Artist will produce the Work in accordance with the following timetable:

A    A sketch of the Work must be completed and delivered to Sabertooth by [June 16th, 2004] ("Sketch Date")

B    The Work in final form must be completed and delivered to Sabertooth by [July 21st, 2004] ("Final Date")

C    Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of same (Successful Completion)

The Artist shall receive payment in the following sums and in accordance with the following timetable:

☐    PAYMENT METHOD ONE

C    [$         ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D    [$         ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the following timetable:

☐    PAYMENT METHOD TWO

E    [$    474.. GBP] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

| For office use only | | | |
|---|---|---|---|
| Initial Check # | _____ | Final Check # | _____ |
| Initial Amount | _____ | Final Amount | _____ |
| Date | _____ | Date | _____ |

**THIS AGREEMENT** is made on 19 May 2004

BETWEEN:

(1) Sabertooth Games, Inc of 6211 East Holmes Road, Suite 102, Memphis TN 38141 ("Sabertooth")

And

(2) Kenson Low ("Artist") of

94 Connell Crescent
Ealing
London W5 3BP
Great Britain

## 1. DEFINITIONS

1.1 In this Agreement

**"Confidential Information"** means all secret or not generally known information or all information not easily accessible by others or of a commercially sensitive nature concerning any aspect of the business of Sabertooth. By way of example but not by way of limitation, information should be treated as confidential if it includes any proprietary documentation, materials, flow charts, codes, software, computer instructions, techniques, models, information, diagrams, know-how, trade secrets, data, business records, or marketing information.

**"the Commencement Date"** means the date hereof,

**"Successful Completion"** means the date on which the Artist has completed the Works to the approval of Sabertooth, such approval to be in writing

**"the Work"** means the work to be produced in accordance with this agreement as detailed in Exhibit A hereto

**"the Works Schedule"** means the timetable that the Work is to be produced to in accordance with this agreement as detailed in Exhibit B hereto

## 2. COMMISSIONED WORK

2.1 In consideration of the payment to the Artist of the sums set out below, the Artist agrees to produce the Work in accordance with the Works Schedule under the terms and conditions hereunder.

## 3. DURATION

3.1 This Agreement shall commence on the Commencement Date and shall, unless terminated in any of the circumstances in clause 6 of this Agreement, continue in force until Successful Completion Date of the Stage Two Work as provided for in Annex B below.

## 4. QUALITY OF PRODUCTS

4.1 The Artist undertakes that the Work shall be carried out in a manner consistent with high standards of materials used, workmanship and design

## 5. PAYMENT

5.1 Sabertooth shall pay the Artist any sums due in accordance with the Works Schedule.

5.2 In the event that the Work is not completed in accordance with the Works Schedule, Sabertooth will pay the Artist as follows:

    5.2.1 For Work received 1-2 days after the Final Date: 90% of the Initial Payment
    5.2.2 For Work received 3-5 days after the Final Date: 70% of the Initial Payment
    5.2.3 For Work received 6 or more days after the Final Date: 0% of the Initial Payment

5.3 Notwithstanding clause 5.2, the Artist agrees that time is of the essence.

5.4 Sabertooth reserves the exclusive right, such right not however to be exercised unreasonably, to cancel in its sole discretion this Agreement in relation to any Work in progress, at which time the Artist shall deliver that part of the Work created at the time of said cancellation whereupon Sabertooth shall pay the Artist such monies as may, in Sabertooth's opinion, be reasonably proportionate to such of the Work as is completed.

## 6. TERMINATION

6.1 Sabertooth may terminate this Agreement without prejudice to its other remedies forthwith by notice in writing to the Artist if the Artist commits a breach of this Agreement, provided that if the breach is capable of remedy the notice shall only be given if the Artist shall not have remedied the same within 5 days of having been given notice in writing specifying the breach and requiring it to be remedied.

6.2 Either party may terminate this Agreement without prejudice to its other remedies giving by two months notice in writing to the other party. For the avoidance of doubt, the parties' obligations under this Agreement will continue during the notice period.

6.3 The clauses in this Agreement which expressly or impliedly have effect after termination shall continue to be enforceable notwithstanding termination.

## 7. ASSIGNMENT OF COPYRIGHT

7.1 The Artist hereby assigns and transfers to Sabertooth all rights, title and interest, throughout the world and in perpetuity, in all copyrights and goodwill and any other intellectual property rights vested or otherwise in the Work. For the avoidance of doubt this includes any moral rights or equivalent which the Artist may have in the Work.

7.2 The Artist agrees to execute any relevant documents at any future time at the behest of Sabertooth to fulfil the obligations contained in this clause 7.

7.3 Name credit shall be given to the Artist upon publication of the Work in the products in which it is used. Notwithstanding any other provision of this Agreement, Sabertooth shall have no obligation to market, sell or otherwise distribute the Work, either alone or in any Sabertooth product.

7.4 Subject to this Clause 7, the Work will be returned to the Artist within a reasonable time following Successful Completion. The Artist shall not under any circumstance reproduce, copy, manufacture, alter or amend the Work following Successful Completion.

7.4 Without prejudice to the generality of the foregoing, the Artist shall have the right, upon the receipt of written approval from Sabertooth, such permission not to be unreasonably withheld, to use the Work (s) in connection with his/her portfolio, personal website and all or any non-commercial instruments of personal publicity that the Artist characteristically and reasonably uses to promote his/her artwork. Each instrument shall identify Sabertooth or its designee as the owner of all trademarks and copyrights associated with said Work(s). The Artist shall comply with all reasonable requirements that Sabertooth may communicate from time to time in relation to this Clause 7.5.

## 8. CONFIDENTIALITY

8.1 The Artist agrees to keep confidential and use solely for the purposes of this Agreement all Confidential Information.

8.2 The obligation contained in clause 8.1 does not include information that has ceased to be secret without default on the recipient's part.

## 9. INDEPENDENT CONTRACTOR

9.1 Artist shall be an independent contractor and not an employee of Sabertooth. Artist shall not be entitled to worker's compensation, retirement, insurance, or other benefits provided to employees of Sabertooth. Artist shall be responsible for the payment of all personal taxes, fees and other assessments arising from providing the services set forth herein and shall otherwise comply with applicable laws, ordinances, regulations and other governmental requirements related to said services. Artist has no power or authority to act for, represent, or bind Sabertooth or any company affiliated with Sabertooth in any manner, except as so authorized in writing by Sabertooth.

## 10. ENTIRE AGREEMENT

10.1 This Agreement is the entire agreement between the parties with respect to the subject matter and supersedes any previous statements or agreements whether oral or written.

## 11. VARIATION

11.1 No amendment or modification of this Agreement will be effective unless it is in writing and signed by both parties.

## 12. WAIVER

12.1 The failure of either party to demand strict performance by the other party of any of this Agreement will not be a waiver or relinquishment of any rights under this Agreement.

13.    **SEVERABILITY**

13.1.    If any provision of this Agreement is held by a court of competent jurisdiction to be contrary to law, the remaining provisions of this Agreement will remain in full force and effect insofar as they are capable in light of the court's findings.

14.    **ASSIGNMENT**

14.1    The Artist may not assign this Agreement or any of the Artist's rights or obligations under this Agreement without the prior written consent of Sabertooth.

15.    **JURISDICTION**

15.1    This Agreement will be governed by the laws of the State of Washington and subject to the exclusive jurisdiction of the United States District Court for the Western District of Washington.

SIGNED FOR AND ON BEHALF                SIGNED FOR AND ON BEHALF
OF SABERTOOTH INC.                      OF THE ARTIST

Name.........................................     Name.........................................

Date... July 9 2004                              Date... 29th July 2004

Highly Confidential - AEO

29th July 2004



**Artwork, Illustration & Design**

**KENSON LOW**

94 Connel Crescent
Ealing
London
W5 3BP

Tel:   020 8932 6482
Mob:  07752 723 851

kenson_low@hotmail.com

Attn. Finance

R.E. This invoice no. 98.

Please ignore my previous invoice no. 97 which was sent before recieving enclosed contract. The attatched invoice has the correct rates of payment for the same work.

Yours sincerely

Kenson Low

Highly Confidential - AEO                    GW0006184

# INVOICE

Artwork, Design & Production

## KENSON LOW

**94 CONNELL CRESCENT
EALING
LONDON
W5 3BP
GREAT BRITAIN**

Tel: 020 8932 6482
Mob: 07752 723 851
kenson_low@hotmail.com

**TO:** Sabertooth Games
6211 East Holmes Rd
Suite 102
Memphis
TN 38141
USA

**DATE:** 29th July 04

**INVOICE NO.** 98

| FOR: | £ | P |
|---|---|---|
| 3 Pieces of Artwork | | |
| War Cry (Harbingers of War) | | |
| 3250 Watch the fire | 158 | — |
| 3353 Zealots (formerly 3608 Flagellents) | 158 | — |
| 3354 Vampire Hunters (formerly 3609) | 158 | — |
| **TOTAL** | £474 | 00 |

Highly Confidential - AEO

GW0006185

## Sabertooth Games
### Art Commission Form

Commission Number _____

Artist Name: Kenson Low
Address: 94 Connell Crescent
Ealing
London
W5 3BP
Great Britain
Commission Date 11/5/2004
Requested Payment Method UK Direct

| Piece: | Description | Set | Amount | Receipt Date |
|---|---|---|---|---|
| 1 | Flankers | Drop Site Massacre | 142 GBP | 12 - 09 - 04 |
| 2 | Reinforcements | Drop Site Massacre | 142 GBP | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |
| 6 | | | | |
| 7 | | | | |
| 8 | | | | |
| 9 | | | | |
| 10 | | | | |
| 11 | | | | |
| 12 | | | | |
| 13 | | | | |
| 14 | | | | |
| 15 | | | | |
| 16 | | | | |
| 17 | | | | |
| 18 | | | | |
| 19 | | | | |
| 20 | | | | |

## Commission Approval

Steve Horvath _____ Date _____

## Receipt Approval

Steve Horvath _____ Date _____

Jim Callahan _____ Date 12 - 09 - 04

Receipt by Accounting _____

Payment Method
Payment Date
Payment No.
Payment Amount

Highly Confidential - AEO

# Sabertooth Games    Art Commission Form

**Commission Number**
KL DM 01

*Artist Name:* Kenson Low
*Address:* 94 Connell Crescent
Ealing
London
W5 3BP
Great Britain

*Commission Date*
*Requested Payment Method* UK check

| Piece: | Description | Set | Amount | Receipt Date |
|---|---|---|---|---|
| 1 | 4352 Karnak | Dark Millennium | 156 GBP | |
| 2 | 4355 Warboss Vorgnot | Dark Millennium | 156 GBP | |
| 3 | 4367 Nazdreg | Dark Millennium | 156 GBP | |
| 4 | | | | |
| 5 | | | | |
| 6 | | | | |
| 7 | | | | |
| 8 | | | | |
| 9 | | | | |
| 10 | | | | |
| 11 | | | | |
| 12 | | | | |
| 13 | | | | |
| 14 | | | | |
| 15 | | | | |
| 16 | | | | |
| 17 | | | | |
| 18 | | | | |
| 19 | | | | |
| 20 | | | | |

**Payment Authorization**

Date

**Commission Approval**

Erik Yaple                               Date   6/28/05

**Receipt Approval**

Erik Yaple                               Date   6/28/05

Jim Callahan                             Date   6-27-05

**Receipt by Accounting**

Payment Method
Payment Date
Payment No.
Payment Amount

Highly Confidential - AEO