## 13.    SEVERABILITY

13.1.    If any provision of this Agreement is held by a court of competent jurisdiction to be contrary to law, the remaining provisions of this Agreement will remain in full force and effect insofar as they are capable in light of the court's findings.

## 14.    ASSIGNMENT

14.1    The Artist may not assign this Agreement or any of the Artist's rights or obligations under this Agreement without the prior written consent of Sabertooth.

## 15.    JURISDICTION

15.1    This Agreement will be governed by the laws of the State of Washington and subject to the exclusive jurisdiction of the United States District Court for the Western District of Washington.

SIGNED FOR AND ON BEHALF                    SIGNED FOR AND ON BEHALF
OF SABERTOOTH INC.                          OF THE ARTIST

Name.....................................    Name.....................................

Date.....6/18/03....................         Date.....10/6/2005....................

Highly Confidential - AEO                              GW0006436

## EXHIBIT A

*GUARDIAN SQUAD    1198*
*SKETCH KILL FEE    $60*

### The Work

| | | | | |
|---|---|---|---|---|
| BA Terminator Assault Squad | 1115 | Wych Squad 6 | 1182 |
| Ghazghkull Thraka/Bodyguard | 1130 | Baal Predator | 1190 |
| Erebus Lt. and Bodyguard | 1149 | Word Bearer Terminators | 1317 |
| Erebus Lt. | 1150 | *BLOOD ANGELS LAND RAIDER* | *1191* |
| Emperor'e Children Squad 3 | 1167 | *10 @ $300 each* | |
| Wych Cult Reaver Jetbikes 3 | 1174 | | |

*# 1386*
*$960 =*
*10/9/02*

Franz Vohwinkel
Schillerstr. 30
Ottobrunn 85521
Germany

## EXHIBIT B

### The Works Schedule

The Artist will produce the Work in accordance with the following timetable:

A    A sketch of the Work must be completed and delivered to Sabertooth by [          ] ("Sketch Date")

B    The Work in final form must be completed and delivered to Sabertooth by [          ] ("Final Date")

C    Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following timetable:

☒    PAYMENT METHOD ONE

*$1560 ⊗*

C    [ $1350 ] "Initial Payment" to be paid within [30 days] of the Successful Completion

*900 =*    *$1500 ⊗*

D    [ $1350 ] "Final Payment" to be paid within [45 days] of the Product Release

*900 =*

Alternatively, the Artist shall receive payment in the following sums and in accordance with the following timetable:

☐    PAYMENT METHOD TWO

E    [ $2250 ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

**For office use only**

| | | | |
|---|---|---|---|
| Initial Check # | | Final Check # | |
| Initial Amount | $1560 | Final Amount | $1500 |
| Date | | Date | |

Highly Confidential - AEO

**EXHIBIT**

**The Work: Warhammer Fantasy, Set 1 (Demo Deck)**

Artist Name and Address:
Franz Vohwinkel
Schillerstr. 30
Ottobrunn 85521
Germany

Social Security Number (if applicable):
_____

Name to appear on published work:
*FRANZ VOH WINKEL*

| Description | Art number |
|---|---|
| Battle Omens | 1499 |
| Crushing Blow | 1509 |

(KILL FEE $60)

**2 @ $300**

**EXHIBIT B**

**The Works Schedule**

The Artist will produce the Work in accordance with the following timetable:

A    A sketch of the Work must be completed and delivered to Sabertooth by  ("Sketch Date")

B    The Work in final form must be completed and delivered to Sabertooth by
[Oct 15th, 2002] ("Final Date")

C    Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of
same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following
timetable:

PAYMENT METHOD

D    [    $600    ]  "Final Payment" to be paid within [30 days] of Successful Completion
(PLUS )

| For office use only | |
|---|---|
| Final Check # _____ | Date _____ |
| Final Amount _____ | |

PAY $660

#1480
$660
11/27/02

Highly Confidential - AEO

**EXHIBIT**

**The Work: Warhammer Fantasy, Set 1 (Marketing and Card borders)**

| Artist Name and Address: | | Name to appear on |
|---|---|---|
| Franz Vohwinkel | Social Security Number (if | published work: |
| Schillerstr. 30 | applicable): | *FRANZ VOHWINKEL* |
| Ottobrunn 85521 | | |
| Germany | _____ | |

| **Description** | **Art number** | 1 @ $5,000 |
|---|---|---|
| Marketing Painting and Card Borders | | |

**EXHIBIT B**

**The Works Schedule**

The Artist will produce the Work in accordance with the following timetable:

A    A sketch of the Work must be completed and delivered to Sabertooth by  ("Sketch Date")

B    The Work in final form must be completed and delivered to Sabertooth by [Oct 15th, 2002 and Nov 25th, 2002] ("Final Date")

C    Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following timetable:

PAYMENT METHOD

D    [    $5,000 ] "Final Payment" to be paid within [30 days] of Successful Completion

For office use only
Final Check #    _____        Date    _____
Final Amount    *5,000*

*# 1552*
*5800*
*12/27*

Highly Confidential - AEO

GW0006439

**THIS AGREEMENT** is made on 07 January 2003

BETWEEN:

(1)     Sabertooth Games, Inc of 610 Industry Drive, Tukwila WA, 98188 USA ("Sabertooth")

and

(2)     Franz Vohwinkel of   Schillerstr. 30 Ottobrunn 85521 Germany ("Artist")

## 1.     DEFINITIONS

1.1     In this Agreement

**"Confidential Information"** means all secret or not generally known information, or all information not easily accessible by others or of a commercially sensitive nature concerning any aspect of the business of Sabertooth. By way of example but not by way of limitation, information should be treated as confidential if it includes any proprietary documentation, materials, flow charts, codes, software, computer instructions, techniques, models, information, diagrams, know-how, trade secrets, data, business records, or marketing information.

**"the Commencement Date"** means the date hereof,

**"Successful Completion"** means the date on which the Artist has completed the Works to the approval of Sabertooth, such approval to be in writing

**"the Work"** means the work to be produced in accordance with this agreement as detailed in Exhibit A hereto

**"the Works Schedule"** means the timetable that the Work is to be produced to in accordance with this agreement as detailed in Exhibit B hereto

## 2.     COMMISSIONED WORK

2.1     In consideration of the payment to the Artist of the sums set out below, the Artist agrees to produce the Work in accordance with the Works Schedule under the terms and conditions hereunder.

## 3.     DURATION

3.1     This Agreement shall commence on the Commencement Date and shall, unless terminated in any of the circumstances in clause 6 of this Agreement, continue in force until Successful Completion Date of the Stage Two Work as provided for in Annex B below.

## 4.     QUALITY OF PRODUCTS

4.1     The Artist undertakes that the Work shall be carried out in a manner consistent with high standards of materials used, workmanship and design

Highly Confidential - AEO

**5. PAYMENT**

5.1    Sabertooth shall pay the Artist any sums due in accordance with the Works Schedule.

5.2    In the event that the Work is not completed in accordance with the Works Schedule, Sabertooth will pay the Artist as follows:

      5.2.1    For Work received 1-2 days after the Final Date: 90% of the Initial Payment

      5.2.2    For Work received 3-5 days after the Final Date: 70% of the Initial Payment

      5.2.3    For Work received 6 or more days after the Final Date: 0% of the Initial Payment

5.3    Notwithstanding clause 5.2, the Artist agrees that time is of the essence.

5.4    Sabertooth reserves the exclusive right, such right not however to be exercised unreasonably, to cancel in its sole discretion this Agreement in relation to any Work in progress, at which time the Artist shall deliver that part of the Work created at the time of said cancellation whereupon Sabertooth shall pay the Artist such monies as may, in Sabertooth's opinion, be reasonably proportionate to such of the Work as is completed.

**6. TERMINATION**

6.1    Sabertooth may terminate this Agreement without prejudice to its other remedies forthwith by notice in writing to the Artist if the Artist commits a breach of this Agreement, provided that if the breach is capable of remedy the notice shall only be given if the Artist shall not have remedied the same within 5 days of having been given notice in writing specifying the breach and requiring it to be remedied.

6.2    Either party may terminate this Agreement without prejudice to its other remedies giving by two months notice in writing to the other party. For the avoidance of doubt, the parties' obligations under this Agreement will continue during the notice period.

6.3    The clauses in this Agreement which expressly or impliedly have effect after termination shall continue to be enforceable notwithstanding termination.

**7. ASSIGNMENT OF COPYRIGHT**

7.1    The Artist hereby assigns and transfers to Sabertooth all rights, title and interest, throughout the world and in perpetuity, in all copyrights and goodwill and any other intellectual property rights vested or otherwise in the Work. For the avoidance of doubt this includes any moral rights or equivalent which the Artist may have in the Work.

7.2    The Artist agrees to execute any relevant documents at any future time at the behest of Sabertooth to fulfil the obligations contained in this clause 7.

7.3    Name credit shall be given to the Artist upon publication of the Work in the products in which it is used. Notwithstanding any other provision of this Agreement, Sabertooth shall have no obligation to market, sell or otherwise distribute the Work, either alone or in any Sabertooth product.

Highly Confidential - AEO

7.4     Subject to this Clause 7, the Work will be returned to the Artist within a reasonable time following Successful Completion. The Artist shall not under any circumstance reproduce, copy, manufacture, alter or amend the Work following Successful Completion.

7.4     Without prejudice to the generality of the foregoing, the Artist shall have the right, upon the receipt of written approval from Sabertooth, such permission not to be unreasonably withheld, to use the Work (s) in connection with his/her portfolio, personal website and all or any non-commercial instruments of personal publicity that the Artist characteristically and reasonably uses to promote his/her artwork. Each instrument shall identify Sabertooth or its designee as the owner of all trademarks and copyrights associated with said Work(s). The Artist shall comply with all reasonable requirements that Sabertooth may communicate from time to time in relation to this Clause 7.5.

## 8.     CONFIDENTIALITY

8.1     The Artist agrees to keep confidential and use solely for the purposes of this Agreement all Confidential Information.

8.2     The obligation contained in clause 8.1 does not include information that has ceased to be secret without default on the recipient's part.

## 9.     INDEPENDENT CONTRACTOR

9.1     Artist shall be an independent contractor and not an employee of Sabertooth. Artist shall not be entitled to worker's compensation, retirement, insurance, or other benefits provided to employees of Sabertooth. Artist shall be responsible for the payment of all personal taxes, fees and other assessments arising from providing the services set forth herein and shall otherwise comply with applicable laws, ordinances, regulations and other governmental requirements related to said services. Artist has no power or authority to act for, represent, or bind Sabertooth or any company affiliated with Sabertooth in any manner, except as so authorized in writing by Sabertooth.

## 10.     ENTIRE AGREEMENT

10.1     This Agreement is the entire agreement between the parties with respect to the subject matter and supersedes any previous statements or agreements whether oral or written.

## 11.     VARIATION

11.1     No amendment or modification of this Agreement will be effective unless it is in writing and signed by both parties.

## 12.     WAIVER

12.1     The failure of either party to demand strict performance by the other party of any of this Agreement will not be a waiver or relinquishment of any rights under this Agreement.

**13.**     **SEVERABILITY**

13.1.    If any provision of this Agreement is held by a court of competent jurisdiction to be contrary to law, the remaining provisions of this Agreement will remain in full force and effect insofar as they are capable in light of the court's findings.

**14.**     **ASSIGNMENT**

14.1    The Artist may not assign this Agreement or any of the Artist's rights or obligations under this Agreement without the prior written consent of Sabertooth.

**15.**     **JURISDICTION**

15.1    This Agreement will be governed by the laws of the State of Washington and subject to the exclusive jurisdiction of the United States District Court for the Western District of Washington.

SIGNED FOR AND ON BEHALF
OF SABERTOOTH INC.

Name.........................................

Date.................... 1/14/03

SIGNED FOR AND ON BEHALF
OF THE ARTIST

Name......................................

Date........ 1/23/03

Highly Confidential - AEO

**THIS AGREEMENT** is made on 12 March 2003

BETWEEN:

(1)     Sabertooth Games, Inc of 610 Industry Drive, Tukwila WA, 98188 USA ("Sabertooth")

and

(2)     Franz Vohwinkel        ("Artist")     of     Schillerstr. 30 Ottobrunn 85521 Germany

## 1.     DEFINITIONS

1.1     In this Agreement

**"Confidential Information"** means all secret or not generally known information, or all information not easily accessible by others or of a commercially sensitive nature concerning any aspect of the business of Sabertooth. By way of example but not by way of limitation, information should be treated as confidential if it includes any proprietary documentation, materials, flow charts, codes, software, computer instructions, techniques, models, information, diagrams, know-how, trade secrets, data, business records, or marketing information.

**"the Commencement Date"** means the date hereof,

**"Successful Completion"** means the date on which the Artist has completed the Works to the approval of Sabertooth, such approval to be in writing

**"the Work"** means the work to be produced in accordance with this agreement as detailed in Exhibit A hereto

**"the Works Schedule"** means the timetable that the Work is to be produced to in accordance with this agreement as detailed in Exhibit B hereto

## 2.     COMMISSIONED WORK

2.1     In consideration of the payment to the Artist of the sums set out below, the Artist agrees to produce the Work in accordance with the Works Schedule under the terms and conditions hereunder.

## 3.     DURATION

3.1     This Agreement shall commence on the Commencement Date and shall, unless terminated in any of the circumstances in clause 6 of this Agreement, continue in force until Successful Completion Date of the Stage Two Work as provided for in Annex B below.

## 4.     QUALITY OF PRODUCTS

4.1     The Artist undertakes that the Work shall be carried out in a manner consistent with high standards of materials used, workmanship and design

**5.**     **PAYMENT**

5.1     Sabertooth shall pay the Artist any sums due in accordance with the Works Schedule.

5.2     In the event that the Work is not completed in accordance with the Works Schedule, Sabertooth will pay the Artist as follows:

        5.2.1   For Work received 1-2 days after the Final Date: 90% of the Initial Payment
        5.2.2   For Work received 3-5 days after the Final Date: 70% of the Initial Payment
        5.2.3   For Work received 6 or more days after the Final Date: 0% of the Initial Payment

5.3     Notwithstanding clause 5.2, the Artist agrees that time is of the essence.

5.4     Sabertooth reserves the exclusive right, such right not however to be exercised unreasonably, to cancel in its sole discretion this Agreement in relation to any Work in progress, at which time the Artist shall deliver that part of the Work created at the time of said cancellation whereupon Sabertooth shall pay the Artist such monies as may, in Sabertooth's opinion, be reasonably proportionate to such of the Work as is completed.

**6.**     **TERMINATION**

6.1     Sabertooth may terminate this Agreement without prejudice to its other remedies forthwith by notice in writing to the Artist if the Artist commits a breach of this Agreement, provided that if the breach is capable of remedy the notice shall only be given if the Artist shall not have remedied the same within 5 days of having been given notice in writing specifying the breach and requiring it to be remedied.

6.2     Either party may terminate this Agreement without prejudice to its other remedies giving by two months notice in writing to the other party. For the avoidance of doubt, the parties' obligations under this Agreement will continue during the notice period.

6.3     The clauses in this Agreement which expressly or impliedly have effect after termination shall continue to be enforceable notwithstanding termination.

**7.**     **ASSIGNMENT OF COPYRIGHT**

7.1     The Artist hereby assigns and transfers to Sabertooth all rights, title and interest, throughout the world and in perpetuity, in all copyrights and goodwill and any other intellectual property rights vested or otherwise in the Work. For the avoidance of doubt this includes any moral rights or equivalent which the Artist may have in the Work.

7.2     The Artist agrees to execute any relevant documents at any future time at the behest of Sabertooth to fulfil the obligations contained in this clause 7.

7.3     Name credit shall be given to the Artist upon publication of the Work in the products in which it is used. Notwithstanding any other provision of this Agreement, Sabertooth shall have no obligation to market, sell or otherwise distribute the Work, either alone or in any Sabertooth product.

7.4     Subject to this Clause 7, the Work will be returned to the Artist within a reasonable time following Successful Completion. The Artist shall not under any circumstance reproduce, copy, manufacture, alter or amend the Work following Successful Completion.

Highly Confidential - AEO

7.4 Without prejudice to the generality of the foregoing, the Artist shall have the right, upon the receipt of written approval from Sabertooth, such permission not to be unreasonably withheld, to use the Work (s) in connection with his/her portfolio, personal website and all or any non-commercial instruments of personal publicity that the Artist characteristically and reasonably uses to promote his/her artwork. Each instrument shall identify Sabertooth or its designee as the owner of all trademarks and copyrights associated with said Work(s). The Artist shall comply with all reasonable requirements that Sabertooth may communicate from time to time in relation to this Clause 7.5.

## 8.     CONFIDENTIALITY

8.1 The Artist agrees to keep confidential and use solely for the purposes of this Agreement all Confidential Information.

8.2 The obligation contained in clause 8.1 does not include information that has ceased to be secret without default on the recipient's part.

## 9.     INDEPENDENT CONTRACTOR

9.1 Artist shall be an independent contractor and not an employee of Sabertooth. Artist shall not be entitled to worker's compensation, retirement, insurance, or other benefits provided to employees of Sabertooth. Artist shall be responsible for the payment of all personal taxes, fees and other assessments arising from providing the services set forth herein and shall otherwise comply with applicable laws, ordinances, regulations and other governmental requirements related to said services. Artist has no power or authority to act for, represent, or bind Sabertooth or any company affiliated with Sabertooth in any manner, except as so authorized in writing by Sabertooth.

## 10.     ENTIRE AGREEMENT

10.1 This Agreement is the entire agreement between the parties with respect to the subject matter and supersedes any previous statements or agreements whether oral or written.

## 11.     VARIATION

11.1 No amendment or modification of this Agreement will be effective unless it is in writing and signed by both parties.

## 12.     WAIVER

12.1 The failure of either party to demand strict performance by the other party of any of this Agreement will not be a waiver or relinquishment of any rights under this Agreement.

## 13.  SEVERABILITY

13.1.  If any provision of this Agreement is held by a court of competent jurisdiction to be contrary to law, the remaining provisions of this Agreement will remain in full force and effect insofar as they are capable in light of the court's findings.

## 14.  ASSIGNMENT

14.1  The Artist may not assign this Agreement or any of the Artist's rights or obligations under this Agreement without the prior written consent of Sabertooth.

## 15.  JURISDICTION

15.1  This Agreement will be governed by the laws of the State of Washington and subject to the exclusive jurisdiction of the United States District Court for the Western District of Washington.

SIGNED FOR AND ON BEHALF
OF SABERTOOTH INC.

Name...................................................

Date.......9/14/07......................

SIGNED FOR AND ON BEHALF
OF THE ARTIST

Name.......................................................

Date.......4/4/2003.............................

Highly Confidential - AEO

GW0006447

# EXHIBIT A

*handwritten:* GUARDIAN SQUAD 1198
SKETCH KILL FEE $60

## The Work

| | | | |
|---|---|---|---|
| BA Terminator Assault Squad | 1115 | Wych Squad 6 | 1182 |
| Ghazghkull Thraka/Bodyguard | 1130 | Baal Predator | 1190 |
| Brebus Lt. and Bodyguard | 1149 | Word Bearer Terminators | 1317 |
| Brebus Lt. | 1150 | BLOOD ANGELS LAND RAIDER | 1191 |
| Emperor's Children Squad 3 | 1167 | | |
| Wych Cult Reaver Jetbikes 3 | 1174 | | |

*handwritten:* 10 @ $300 each

*handwritten:*
Franz Vohwinkel
Schillerstr. 30
Ottobrunn 85521
Germany

*handwritten (circled):* $1395
$600 10/10/02

# EXHIBIT B

## The Works Schedule

The Artist will produce the Work in accordance with the following timetable:

A    A sketch of the Work must be completed and delivered to Sabertooth by ("Sketch Date")    [        ]

B    The Work in final form must be completed and delivered to Sabertooth by [        ] ("Final Date")

C    Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following timetable:

[X]    PAYMENT METHOD ONE

C    [ ~~$1500~~ 1600 ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D    [ 600 ~~$1500~~ ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the following timetable:

[ ]    PAYMENT METHOD TWO

E    [ $2250 ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

For office use only
Initial Check #
Initial Amount          $1560
Date

*handwritten:* SEE 6
Final Check #    1778
Final Amount    ~~$2250~~ $600
Date    3/26/03

GW0006448

## EXHIBIT

### The Work: Warhammer WarCry, Set 2 (Winds of Magic)

Artist Name and Address: Franz Vohwinkel Schillerstr. 30 Ottobrunn 85521 Germany

| Description | Art number | | |
|---|---|---|---|
| 1739 | Slayers | 1791 | Rune of Adamant |
| 1776 | Nygel's Fog of War | | 4 @ $300 |
| 1784 | The Crow's Feast | | |

*si24E*

## EXHIBIT B

### The Works Schedule

The Artist will produce the Work in accordance with the following timetable:

A    A sketch of the Work must be completed and delivered to Sabertooth by    [End of Jan] ("Sketch Date")

B    The Work in final form must be completed and delivered to Sabertooth by [ Feb 19th] ("Final Date")

C    Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following timetable:

### ☒ PAYMENT METHOD ONE

C    [    $600    ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D    [    $600    ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the following timetable:

### ☐ PAYMENT METHOD TWO

E    [    $1080    ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

| For office use only | | |
|---|---|---|
| Initial Check #   *1894* | Final Check #   *2109* | |
| Initial Amount   *600 (450/150)* | Final Amount   *600* | |
| Date   *4/16/03* | Date   *7/9/03* | |

Highly Confidential - AEO

**EXHIBIT**

**The Work: Warhammer WarCry, Set 2 (Winds of Magic)**
Artist Name and Address: Franz Vohwinkel Schillerstr. 30 Ottobrunn 85521 Germany

**Description    Art number**                    1791    Rune of Adamant
SIR4E    1739    Slayers                          **4 @ $300**
        1776    Nygel's Fog of War
        1784    The Crow's Feast


**EXHIBIT B**

**The Works Schedule**

The Artist will produce the Work in accordance with the following timetable:

A      A sketch of the Work must be completed and delivered to Sabertooth by         [End of Jan]
       ("Sketch Date")

B      The Work in final form must be completed and delivered to Sabertooth by
       [ Feb 19th] ("Final Date")

C      Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of
       same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following
timetable:

☒     PAYMENT METHOD ONE

C    [    $600   ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D    [    $600   ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the
following timetable:

☐     PAYMENT METHOD TWO

E    [    $1080   ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

For office use only.
Initial Check #        1894               Final Check #        2107
Initial Amount    600/450/150             Final Amount        600
Date              4/6/05                  Date                7/9/05



Highly Confidential - AEO                                                          GW0006450

# EXHIBIT

## The Work: Warhammer Fantasy, Set 1

Artist Name and Address:
Franz Vohwinkel
Schillerstr. 30
Ottobrunn 85521
Germany

Social Security Number (if applicable):

Name to appear on published work:

| Description | Art number | | |
|---|---|---|---|
| Divine Guidance | 1871 | Save the best for last | 1891 |
| Lamentations of the Women | 1877 | Blitz | 1907 |
| Retreat! | 1888 | Dwarf Engineer Lord | 1938 |
| | | 6 @ $300 | |

*HORUS HERESY LOGO $300,-*

## EXHIBIT B

### The Works Schedule

The Artist will produce the Work in accordance with the following timetable:

A    A sketch of the Work must be completed and delivered to Sabertooth by [Oct 21st, 2002] ("Sketch Date") *APRIL 11th, 2003*

B    The Work in final form must be completed and delivered to Sabertooth by [Nov 25th, 2002] ("Final Date") *MAY 9th, 2003*

C    Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following timetable:

☒    PAYMENT METHOD ONE

C    [$900 *1200*] "Initial Payment" to be paid within [30 days] of the Successful Completion

D    [$900    ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the following timetable:

☐    PAYMENT METHOD TWO

E    [$1620    ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

| For office use only | | |
|---|---|---|
| Initial Check # | *2039 6/9/03* | Date |
| Initial Amount | *$900 1200* | Final Check # *2333* |
| | | *AMOUT $900 $900* |
| | | *10/20/03* |

# EXHIBIT

## The Work: Warhammer Fantasy, Set 3

Artist Name and Address:
Franz Vohwinkel
Schillerstr. 30
Ottobrunn 85521
Germany

Social Security Number (if applicable):
_____

Name to appear on published work:
_____

| Description | Art number |
|---|---|
| Divine Guidance | 1871 |
| Lamentations of the Women | 1877 |
| Retreat! | 1888 |

| | |
|---|---|
| Save the best for last | 1891 |
| Blitz | 1907 |
| Dwarf Engineer Lord | 1938 |
| 6 @ $300 | |

*HORUS HERESY LOGO $300,-*

## EXHIBIT B

### The Works Schedule

The Artist will produce the Work in accordance with the following timetable:

A    A sketch of the Work must be completed and delivered to Sabertooth by [Oct 21st, 2002] ("Sketch Date")  *APRIL 11th, 2003*

B    The Work in final form must be completed and delivered to Sabertooth by [Nov 25th, 2002] ("Final Date")  *MAY 9th, 2003*

C    Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following timetable:

☒    PAYMENT METHOD ONE

C    [$~~900~~ *1200*  ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D    [$900    ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the following timetable:

☐    PAYMENT METHOD TWO

E    [$1620    ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

**For office use only**  *2039*
Initial Check #    *6/9/03*
Initial Amount    ~~900~~ *1200*

Date _____
Final Check # _____

**THIS AGREEMENT** is made on 17 August 2003

BETWEEN:

(1)     Sabertooth Games, Inc of 610 Industry Drive, Tukwila WA, 98188 USA ("Sabertooth")

        and

(2)     Franz Vohwinkel          ("Artist")     of     Schillerstr. 30 Ottobrunn 85521; Germany


## 1.     DEFINITIONS

1.1     In this Agreement

**"Confidential Information"** means all secret or not generally known information, or all information not easily accessible by others or of a commercially sensitive nature concerning any aspect of the business of Sabertooth. By way of example but not by way of limitation, information should be treated as confidential if it includes any proprietary documentation, materials, flow charts, codes, software, computer instructions, techniques, models, information, diagrams, know-how, trade secrets, data, business records, or marketing information.

**"the Commencement Date"** means the date hereof,

**"Successful Completion"** means the date on which the Artist has completed the Works to the approval of Sabertooth, such approval to be in writing

**"the Work"** means the work to be produced in accordance with this agreement as detailed in Exhibit A hereto

**"the Works Schedule"** means the timetable that the Work is to be produced to in accordance with this agreement as detailed in Exhibit B hereto


## 2.     COMMISSIONED WORK

2.1     In consideration of the payment to the Artist of the sums set out below, the Artist agrees to produce the Work in accordance with the Works Schedule under the terms and conditions hereunder.


## 3.     DURATION

3.1     This Agreement shall commence on the Commencement Date and shall, unless terminated in any of the circumstances in clause 6 of this Agreement, continue in force until Successful Completion Date of the Stage Two Work as provided for in Annex B below.


## 4.     QUALITY OF PRODUCTS

4.1     The Artist undertakes that the Work shall be carried out in a manner consistent with high standards of materials used, workmanship and design

Highly Confidential - AEO

**5.      PAYMENT**

5.1      Sabertooth shall pay the Artist any sums due in accordance with the Works Schedule.

5.2      In the event that the Work is not completed in accordance with the Works Schedule, Sabertooth will pay the Artist as follows:

     5.2.1    For Work received 1-2 days after the Final Date: 90% of the Initial Payment
     5.2.2    For Work received 3-5 days after the Final Date:70% of the Initial Payment
     5.2.3    For Work received 6 or more days after the Final Date:0% of the Initial Payment

5.3      Notwithstanding clause 5.2, the Artist agrees that time is of the essence.

5.4      Sabertooth reserves the exclusive right, such right not however to be exercised unreasonably, to cancel in its sole discretion this Agreement in relation to any Work in progress, at which time the Artist shall deliver that part of the Work created at the time of said cancellation whereupon Sabertooth shall pay the Artist such monies as may, in Sabertooth's opinion, be reasonably proportionate to such of the Work as is completed.

**6.      TERMINATION**

6.1      Sabertooth may terminate this Agreement without prejudice to its other remedies forthwith by notice in writing to the Artist if the Artist commits a breach of this Agreement, provided that if the breach is capable of remedy the notice shall only be given if the Artist shall not have remedied the same within 5 days of having been given notice in writing specifying the breach and requiring it to be remedied.

6.2      Either party may terminate this Agreement without prejudice to its other remedies giving by two months notice in writing to the other party. For the avoidance of doubt, the parties' obligations under this Agreement will continue during the notice period.

6.3      The clauses in this Agreement which expressly or impliedly have effect after termination shall continue to be enforceable notwithstanding termination.

**7.      ASSIGNMENT OF COPYRIGHT**

7.1      The Artist hereby assigns and transfers to Sabertooth all rights, title and interest, throughout the world and in perpetuity, in all copyrights and goodwill and any other intellectual property rights vested or otherwise in the Work. For the avoidance of doubt this includes any moral rights or equivalent which the Artist may have in the Work.

7.2      The Artist agrees to execute any relevant documents at any future time at the behest of Sabertooth to fulfil the obligations contained in this clause 7.

7.3      Name credit shall be given to the Artist upon publication of the Work in the products in which it is used. Notwithstanding any other provision of this Agreement, Sabertooth shall have no obligation to market, sell or otherwise distribute the Work, either alone or in any Sabertooth product.

7.4      Subject to this Clause 7, the Work will be returned to the Artist within a reasonable time following Successful Completion. The Artist shall not under any circumstance reproduce, copy, manufacture, alter or amend the Work following Successful Completion.

GW0006454

7.4    Without prejudice to the generality of the foregoing, the Artist shall have the right, upon the receipt of written approval from Sabertooth, such permission not to be unreasonably withheld, to use the Work (s) in connection with his/her portfolio, personal website and all or any non-commercial instruments of personal publicity that the Artist characteristically and reasonably uses to promote his/her artwork. Each instrument shall identify Sabertooth or its designee as the owner of all trademarks and copyrights associated with said Work(s). The Artist shall comply with all reasonable requirements that Sabertooth may communicate from time to time in relation to this Clause 7.5.

## 8.    CONFIDENTIALITY

8.1    The Artist agrees to keep confidential and use solely for the purposes of this Agreement all Confidential Information.

8.2    The obligation contained in clause 8.1 does not include information that has ceased to be secret without default on the recipient's part.

## 9.    INDEPENDENT CONTRACTOR

9.1    Artist shall be an independent contractor and not an employee of Sabertooth. Artist shall not be entitled to worker's compensation, retirement, insurance, or other benefits provided to employees of Sabertooth. Artist shall be responsible for the payment of all personal taxes, fees and other assessments arising from providing the services set forth herein and shall otherwise comply with applicable laws, ordinances, regulations and other governmental requirements related to said services. Artist has no power or authority to act for, represent, or bind Sabertooth or any company affiliated with Sabertooth in any manner, except as so authorized in writing by Sabertooth.

## 10.    ENTIRE AGREEMENT

10.1    This Agreement is the entire agreement between the parties with respect to the subject matter and supersedes any previous statements or agreements whether oral or written.

## 11.    VARIATION

11.1    No amendment or modification of this Agreement will be effective unless it is in writing and signed by both parties.

## 12.    WAIVER

12.1    The failure of either party to demand strict performance by the other party of any of this Agreement will not be a waiver or relinquishment of any rights under this Agreement.

Highly Confidential - AEO

**13.      SEVERABILITY**

13.1.    If any provision of this Agreement is held by a court of competent jurisdiction to be contrary to law, the remaining provisions of this Agreement will remain in full force and effect insofar as they are capable in light of the court's findings.

**14.      ASSIGNMENT**

14.1    The Artist may not assign this Agreement or any of the Artist's rights or obligations under this Agreement without the prior written consent of Sabertooth.

**15.      JURISDICTION**

15.1    This Agreement will be governed by the laws of the State of Washington and subject to the exclusive jurisdiction of the United States District Court for the Western District of Washington.

SIGNED FOR AND ON BEHALF               SIGNED FOR AND ON BEHALF
OF SABERTOOTH INC                      OF THE ARTIST

Name                                   Name

Date   6/18/03                         Date   6/27/03

Highly Confidential - AEO                              GW0006456

**EXHIBIT**

**The Work: Warhammer Horus Heresy Set 1**

| Artist Name and Address: | Ottobrunn 85521 | Name to appear on |
| Franz Vohwinkel | Germany | published work: |
| Schillerstr. 30 | | _____ |

**Description   Art number**

| Loyal Dreadnought 1992 | Terminators 1 | 2132 |
| Terminators 1    2025 | Land Raider 1 | 2146 |
| Abbaddon    2075 | Sons of Horus Tac    2333 |
| Devastator Squad 2    2127 | **7 @ $300** |

**EXHIBIT B**

**The Works Schedule**

The Artist will produce the Work in accordance with the following timetable:

A    A sketch of the Work must be completed and delivered to Sabertooth by [June 20, 2003] ("Sketch Date")

B    The Work in final form must be completed and delivered to Sabertooth by [July 11th, 2003] ("Final Date")

C    Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following timetable:

 ☒    PAYMENT METHOD ONE

C    [$    1050    ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D    [$    1050    ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the following timetable:

☐    PAYMENT METHOD TWO

E    [$    1890    ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

| **For office use only** | | |
| Initial Check # | _2213_ | Final Check # | _2564_ |
| Initial Amount | _1050_ | Final Amount | _1050_ |
| Date | _8/18/03_ | Date | _1/16/04_ |

Highly Confidential - AEO    GW0006457

## EXHIBIT

### The Work: Warhammer Horus Heresy Set 1

Artist Name and Address:    Ottobrunn 85521       Name to appear on
Franz Vohwinkel             Germany              published work:
Schillerstr. 30

| Description | Art number | | | |
|---|---|---|---|---|
| Loyal Dreadnought | 1992 | Terminators 1 | 2132 | |
| Terminators 1 | 2025 | Land Raider 1 | 2146 | |
| Abbadon | 2075 | Sons of Horus Tac | | 2333 |
| Devastator Squad 2 | 2127 | 7 @ $300 | | |

### EXHIBIT B

### The Works Schedule

The Artist will produce the Work in accordance with the following timetable:

A      A sketch of the Work must be completed and delivered to Sabertooth by [June 20, 2003] ("Sketch Date")

B      The Work in final form must be completed and delivered to Sabertooth by [July 11th, 2003] ("Final Date")

C      Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following timetable:

☒    PAYMENT METHOD ONE

C    [$   1050   ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D    [$   1050   ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the following timetable:

☐    PAYMENT METHOD TWO

E    [$   1890   ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

**For office use only**

| Initial Check # | 2213 | Final Check # | |
|---|---|---|---|
| Initial Amount | 1050 | Final Amount | |
| Date | 8/18/03 | Date | |

**THIS AGREEMENT** is made on 06 November 2003

BETWEEN:

     (1)    Sabertooth Games, Inc of 610 Industry Drive, Tukwila WA, 98188 USA ("Sabertooth")

     and

     (2)    Franz Vohwinkel of Schillerstr. 30 Ottobrunn 85521 ("Artist")

## 1.    DEFINITIONS

1.1    In this Agreement

**"Confidential Information"** means all secret or not generally known information, or all information not easily accessible by others or of a commercially sensitive nature concerning any aspect of the business of Sabertooth. By way of example but not by way of limitation, information should be treated as confidential if it includes any proprietary documentation, materials, flow charts, codes, software, computer instructions, techniques, models, information, diagrams, know-how, trade secrets, data, business records, or marketing information.

**"the Commencement Date"** means the date hereof,

**"Successful Completion"** means the date on which the Artist has completed the Works to the approval of Sabertooth, such approval to be in writing

**"the Work"** means the work to be produced in accordance with this agreement as detailed in Exhibit A hereto

**"the Works Schedule"** means the timetable that the Work is to be produced to in accordance with this agreement as detailed in Exhibit B hereto

## 2.    COMMISSIONED WORK

2.1    In consideration of the payment to the Artist of the sums set out below, the Artist agrees to produce the Work in accordance with the Works Schedule under the terms and conditions hereunder.

## 3.    DURATION

3.1    This Agreement shall commence on the Commencement Date and shall, unless terminated in any of the circumstances in clause 6 of this Agreement, continue in force until Successful Completion Date of the Stage Two Work as provided for in Annex B below.

Highly Confidential - AEO

## 4.    QUALITY OF PRODUCTS

4.1    The Artist undertakes that the Work shall be carried out in a manner consistent with high standards of materials used, workmanship and design

## 5.    PAYMENT

5.1    Sabertooth shall pay the Artist any sums due in accordance with the Works Schedule.

5.2    In the event that the Work is not completed in accordance with the Works Schedule, Sabertooth will pay the Artist as follows:

5.2.1    For Work received 1-2 days after the Final Date: 90% of the Initial Payment
5.2.2    For Work received 3-5 days after the Final Date:70% of the Initial Payment
5.2.3    For Work received 6 or more days after the Final Date:0% of the Initial Payment

5.3    Notwithstanding clause 5.2, the Artist agrees that time is of the essence.

5.4    Sabertooth reserves the exclusive right, such right not however to be exercised unreasonably, to cancel in its sole discretion this Agreement in relation to any Work in progress, at which time the Artist shall deliver that part of the Work created at the time of said cancellation whereupon Sabertooth shall pay the Artist such monies as may, in Sabertooth's opinion, be reasonably proportionate to such of the Work as is completed.

## 6.    TERMINATION

6.1    Sabertooth may terminate this Agreement without prejudice to its other remedies forthwith by notice in writing to the Artist if the Artist commits a breach of this Agreement, provided that if the breach is capable of remedy the notice shall only be given if the Artist shall not have remedied the same within 5 days of having been given notice in writing specifying the breach and requiring it to be remedied.

6.2    Either party may terminate this Agreement without prejudice to its other remedies giving by two months notice in writing to the other party. For the avoidance of doubt, the parties' obligations under this Agreement will continue during the notice period.

6.3    The clauses in this Agreement which expressly or impliedly have effect after termination shall continue to be enforceable notwithstanding termination.

## 7.    ASSIGNMENT OF COPYRIGHT

7.1    The Artist hereby assigns and transfers to Sabertooth all rights, title and interest, throughout the world and in perpetuity, in all copyrights and goodwill and any other intellectual property rights vested or otherwise in the Work. For the avoidance of doubt this includes any moral rights or equivalent which the Artist may have in the Work.

GW0006460

7.2    The Artist agrees to execute any relevant documents at any future time at the behest of Sabertooth to fulfil the obligations contained in this clause 7.

7.3    Name credit shall be given to the Artist upon publication of the Work in the products in which it is used. Notwithstanding any other provision of this Agreement, Sabertooth shall have no obligation to market, sell or otherwise distribute the Work, either alone or in any Sabertooth product.

7.4    Subject to this Clause 7, the Work will be returned to the Artist within a reasonable time following Successful Completion. The Artist shall not under any circumstance reproduce, copy, manufacture, alter or amend the Work following Successful Completion.

7.4    Without prejudice to the generality of the foregoing, the Artist shall have the right, upon the receipt of written approval from Sabertooth, such permission not to be unreasonably withheld, to use the Work (s) in connection with his/her portfolio, personal website and all or any non-commercial instruments of personal publicity that the Artist characteristically and reasonably uses to promote his/her artwork. Each instrument shall identify Sabertooth or its designee as the owner of all trademarks and copyrights associated with said Work(s). The Artist shall comply with all reasonable requirements that Sabertooth may communicate from time to time in relation to this Clause 7.5.

## 8.    CONFIDENTIALITY

8.1    The Artist agrees to keep confidential and use solely for the purposes of this Agreement all Confidential Information.

8.2    The obligation contained in clause 8.1 does not include information that has ceased to be secret without default on the recipient's part.

## 9.    INDEPENDENT CONTRACTOR

9.1    Artist shall be an independent contractor and not an employee of Sabertooth. Artist shall not be entitled to worker's compensation, retirement, insurance, or other benefits provided to employees of Sabertooth. Artist shall be responsible for the payment of all personal taxes, fees and other assessments arising from providing the services set forth herein and shall otherwise comply with applicable laws, ordinances, regulations and other governmental requirements related to said services. Artist has no power or authority to act for, represent, or bind Sabertooth or any company affiliated with Sabertooth in any manner, except as so authorized in writing by Sabertooth.

## 10.    ENTIRE AGREEMENT

10.1    This Agreement is the entire agreement between the parties with respect to the subject matter and supersedes any previous statements or agreements whether oral or written.

## 11.   VARIATION

11.1   No amendment or modification of this Agreement will be effective unless it is in writing and signed by both parties.

## 12.   WAIVER

12.1   The failure of either party to demand strict performance by the other party of any of this Agreement will not be a waiver or relinquishment of any rights under this Agreement.

## 13.   SEVERABILITY

13.1.   If any provision of this Agreement is held by a court of competent jurisdiction to be contrary to law, the remaining provisions of this Agreement will remain in full force and effect insofar as they are capable in light of the court's findings.

## 14.   ASSIGNMENT

14.1   The Artist may not assign this Agreement or any of the Artist's rights or obligations under this Agreement without the prior written consent of Sabertooth.

## 15.   JURISDICTION

15.1   This Agreement will be governed by the laws of the State of Washington and subject to the exclusive jurisdiction of the United States District Court for the Western District of Washington.

SIGNED FOR AND ON BEHALF
OF SABERTOOTH INC.

Name....................................

Date............11/10/05............

SIGNED FOR AND ON BEHALF
OF THE ARTIST

Name....................................

Date....11/12/2003....................

Highly Confidential - AEO

## EXHIBIT

**The Work: Warhammer Horus Heresy Set 2 (Sedition's Gate)**
Artist Name and Address: Franz Vohwinkel; Schillerstr. 30; Ottobrunn 85521; Germany

| Art num | Description | | |
|---------|-------------|------|--------------|
| 2381 | Robot 2.1 | 2410 | SW Terminators 1.1 |
| 2390 | DG Unaligned Character 2 | 2412 | SW Terminators 3.1 |
| 2403 | SW Rhino (Fenris) | | |
| 2409 | Mech Robot 2.1 | **6 @ $300** | |

## EXHIBIT B

### The Works Schedule

The Artist will produce the Work in accordance with the following timetable:

A    A sketch of the Work must be completed and delivered to Sabertooth by    [End of Sept]
     ("Sketch Date")

B    The Work in final form must be completed and delivered to Sabertooth by
     [ Oct 17th] ("Final Date")

C    Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of
     same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following
timetable:

☒    PAYMENT METHOD ONE

C    [$900        ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D    [$900        ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the
following timetable:

☐    PAYMENT METHOD TWO

E    [$1620       ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

| For office use only | |
|---|---|
| Initial Check # _2417_ | Final Check # _10/07_ |
| Initial Amount _HH SET2 $900_ | Final Amount _HH SET2 -$900_ |
| Date _11/7/03_ | Date _3/8/04_ |

Highly Confidential - AEO    GW0006463

**EXHIBIT**

**The Work: Warhammer Horus Heresy Set 2 (Sedition's Gate)**
Artist Name and Address: Franz Vohwinkel; Schillerstr. 30; Ottobrunn 85521; Germany

| Art num | Description | | | |
|---------|-------------|---|---|---|
| 2381 | Robot 2.1 | | 2410 | SW Terminators 1.1 |
| 2390 | DG Unaligned Character 2 | | 2412 | SW Terminators 3.1 |
| 2403 | SW Rhino (Fenris) | | | |
| 2409 | Mech Robot 2.1 | | 6 @ $300 | |

**EXHIBIT B**

**The Works Schedule**

The Artist will produce the Work in accordance with the following timetable:

A    A sketch of the Work must be completed and delivered to Sabertooth by    [End of Sept]
("Sketch Date")

B    The Work in final form must be completed and delivered to Sabertooth by
[ Oct 17th] ("Final Date")

C    Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of
same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following
timetable:

☒    PAYMENT METHOD ONE

C    [$900    ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D    [$900    ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the
following timetable:

☐    PAYMENT METHOD TWO

E    [$1620    ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

For office use only
Initial Check #
Initial Amount
Date

Final Check #
Final Amount
Date



Highly Confidential - AEO    GW0006464

**EXHIBIT**

**The Work: Warhammer Fantasy, Set 4 (Dogs of War)**

Artist Name and Address:
Franz Vohwinkel;

Schillerstr. 30; Ottobrunn
85521; Germany

Name to appear on
published work:

_____

**Description   Art number**
Shaman on Giant Spider   2191
The Crowmaster   2228
Strategic Planning   2261



Summon Storm   2268
Armed to the teeth   2269
Warp Lightning Cannon   2308
6 @ $300

SET S

**EXHIBIT B**

**The Works Schedule**

The Artist will produce the Work in accordance with the following timetable:

A    A sketch of the Work must be completed and delivered to Sabertooth by
[August 15th, 2003] ("Sketch Date")

B    The Work in final form must be completed and delivered to Sabertooth by
[Sept 12th, 2003] ("Final Date")

C    Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of
same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following
timetable:

[X]    PAYMENT METHOD ONE

C    [$    900    ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D    [$    900    ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the
following timetable:

[ ]    PAYMENT METHOD TWO

E    [$    1620    ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

| For office use only | | |
| --- | --- | --- |
| Initial Check # | 2383 | Final Check # | 10036 |
| Initial Amount | $900 | Final Amount | 900.00 DOGS: 750 |
| Date | 11-7-03 | Date | 2/5/04 PATH: 150 |

Highly Confidential - AEO