# Exhibit 164

# SABERTOOTH GAMES, INC.

## ARTWORK AGREEMENT

This agreement, effective June 6, 2001, is entered into and between Sabertooth Games, Inc. ("Sabertooth") 814 Industry Drive, Tukwila WA, 98188 USA, and **Sam Wood** ("Artist"), residing at 1330 Boren Avenue #612, Seattle, WA 98101

Pursuant to the terms of this Agreement, Artist wishes to produce artistic works for Sabertooth.

1.    DELIVERY. Artist agrees to deliver to Sabertooth a sketch of the Illustration on or before the Sketch Date set forth on Exhibit A. Artist agrees to deliver the Illustration to the address set forth on Exhibit A on or before (a) the Final Illustration Date set forth in Exhibit A or (b) such later date as the parties mutually agree. If artist fails to deliver the final Illustration to Sabertooth on or before the Final Illustration Date, Sabertooth may, at its option, (1) reduce the Initial Fee as set forth in Exhibit A, or (2) reject the Illustration completely and have no payment obligation thereon and no right to use or own the Illustration. The term "Illustration" shall mean the two dimensional original works of visual art authored by Artist under the terms of this Agreement.

2.    ACCEPTANCE. Sabertooth shall have the right to cancel work in progress for any reason or without reason. In the event of such cancellation, Artist shall deliver to Sabertooth that part of the Illustration in existence and Artist shall be compensated according to the Kill Fee Schedule of Exhibit A.

3.    TRANSFER OF RIGHTS.

3.1  ASSIGNMENT. Artist hereby assigns and transfers to Sabertooth the ownership and all rights to the Illustration and any characters, items, or locations depicted therein, including, but not limited to all copyright, ownership rights (including physical ownership of the original illustration) and all trademark rights. This assignment shall include the right to prepare "Derivative Embodiments" of the Illustration with exclusive rights to authorize others to do the same; "Derivative Embodiments" means any translation (including translation into any electronic representation), modification, correction, addition, extension, improvement, abridgment or other form in which an existing work may be recast, transformed or adapted. Sabertooth shall further have the right to transfer, assign, or license to Games Workshop, Ltd., or any third party any or all of the foregoing rights and ownership.

3.2  ASSISTANCE. Artist shall execute and deliver such instruments and take such action as may be reasonably necessary and requested by Sabertooth to perfect and protect Sabertooth's rights in the Illustration and to carry out the assignments effected by Section 3.1, and, at Sabertooth's expense, assist Sabertooth and its nominees in every proper way to secure, maintain, protect and defend Sabertooth.

3.3  USE OF ILLUSTRATION. Name credit shall be given to the Artist upon publication of the Illustration in the products in which it is used. Notwithstanding any other provision of this Agreement, Sabertooth shall have no obligation to market, sell or otherwise distribute the Illustration, either alone or in any Sabertooth product. Nothing in this Agreement will be construed as restricting Sabertooth's ability to create, acquire, license, develop, publish, make, use, sell or distribute works similar to or derivative from the Illustration without further fee or obligation to Artist.

Highly Confidential - AEO

4.   PAYMENT.  Sabertooth hereby agrees to pay Artist an initial payment ("Initial Payment") in the amount set forth in Exhibit A and a final payment ("Final Payment") in the amount set forth in Exhibit A. The Initial Payment shall be paid within thirty (30) days of the later of acceptance of the Illustration(s) by Sabertooth or Sabertooth's receipt of this Agreement signed by the Artist. The Final Payment shall be paid forty five (45) days after the release of the product that the Illustration first appears.  Payments shall be made by check to Artist at the address set forth herein.

5.   ARTIST USE OF ILLUSTRATION.  Artist shall have the right to use Illustration(s) in connection with his/her portfolio, personal website and other non-commercial instruments (not for sale) that Artist uses to promote their artwork. Each instrument shall identify Sabertooth or its designee as the owner of all trademarks and copyrights associated with said Illustration(s).  Any use of Illustration(s) outside what has been outlined above will have to be approved in writing, from Sabertooth.

6.   RISK OF LOSS OR DAMAGE.  Artist shall bear the risk of loss of or damage to the Illustration until such time as the Illustration is received by Sabertooth.

7.   INDEPENDENT CONTRACTOR.  Artist shall be an independent contractor and not an employee of Sabertooth.  Artist shall not be entitled to worker's compensation, retirement, insurance, or other benefits provided to employees of Sabertooth.  Artist shall be responsible for the payment of all personal taxes, fees and other assessments arising from providing the services set forth herein and shall otherwise comply with applicable laws, ordinances, regulations and other governmental requirements related to said services.  Artist has no power or authority to act for, represent, or bind Sabertooth or any company affiliated with Sabertooth in any manner, except as so authorized in writing by Sabertooth.

8.   CONFIDENTIALITY.  In the course of performing the services set forth herein, the parties recognize that Artist may have access to information that Sabertooth may regard as proprietary and/or confidential.  This information may include, but is not limited to, (a) product release dates, possible product names, and game mechanics prior to the public sale of such game; (b) trade secrets relating to Sabertooth's marketing plans or financial information; (c) information received by Sabertooth that Sabertooth is obligated, contractually or otherwise, to keep confidential; and (d) other information or documents which Sabertooth designates as confidential or proprietary ("Confidential Information").  Confidential Information shall not include information that falls into the public domain through no fault of Artist.  Artist will not disclose to third parties Sabertooth's Confidential Information without Sabertooth's prior written consent.

9.   WARRANTY.  Artist warrants to Sabertooth that he/she is qualified, experienced and trained to create the Illustrations and perform the services set forth herein, and agrees to devote his best talents, efforts, and abilities to creating the Illustrations and to performance of said services.

10.   MISCELLANEOUS.
   10.1 INTEGRATION; AMENDMENT.  This Agreement constitutes the entire Agreement of the parties with regard to the subject matter of this Agreement, and replaces and supersedes all other agreements or understandings, whether written or oral.  No amendment of this Agreement shall be binding unless reduced to writing and signed by both parties.
   10.2 NOTICES.  Any notice or communication permitted or required by this Agreement shall be in writing and shall be deemed effective when personally delivered or deposited, postage prepaid, in the first class mail of the United States, addressed to the appropriate party at the address set forth below the party's signature on the signature page of this Agreement, or when delivered by facsimile and acknowledge received by return facsimile (or any address subsequently designated by a party by notice as set forth in this Section).
   10.3 DISPUTE RESOLUTION.  This Agreement will be governed by and interpreted in accordance with the local laws of the State of Washington.  The parties hereby irrevocably and unconditionally consent to submit to the exclusive jurisdiction of the United States District Court for the Western District of Washington or the Superior Court for Washington

Highly Confidential - AEO

for the County of King any actions, suits, or proceedings arising out of or relating to this Agreement and the transactions contemplated hereby (and agree not to commence any action, suit or proceeding relating thereto except in such courts), and further agree that service of any process, summons, notice, or document by U.S. registered mail to the address set forth herein shall be effective service of process for any action, suit, or proceeding brought against either party in any such court. The parties hereby irrevocably and unconditionally waive any objection to the laying of the venue of any action, suit, or proceeding arising out of this Agreement or the transactions contemplated hereby in the United States District Court for the Western District of Washington or the Superior Court for the State of Washington for the County of King and hereby further irrevocably and unconditionally waive and agreed not to plead or claim in any such court that any such action, suit, or proceeding brought in any such court has been brought in an inconvenient forum. The parties hereby irrevocably waive all rights to trial by jury in any action, proceeding or counterclaim (whether based on contract, tort or otherwise) arising out of or otherwise relating to this Agreement or the actions of such parties in the administration, performance and enforcement thereof.

Artist

Sabertooth Games, Inc.

_____

_____
Paul Timm, Creative Director

7/16/01
_____
Date of Signing

6/7/2001
Date of Signing

**PLEASE INDICATE BELOW HOW YOUR NAME SHOULD APPEAR ON ARTIST CREDITS:**

Sam Wood
_____

Highly Confidential - AEO

## SABERTOOTH GAMES, INC.
### ARTWORK AGREEMENT

### EXHIBIT A

Artist Name    Sam Wood       PRODUCT    Warhammer 40K Set One
Address

Soc. Sec. #      _____

| **Sketch Date** | **Final Illus. Date** | **Initial Payment** | **Final Payment** |
|---|---|---|---|
| 5/22/01 | 7/10/01 | $200.00 | $200.00 |

**Illustrations:**

| | | |
|---|---|---|
| Terminator Squad (2) | Librarian (1) | Guardian Jet Bike (4) |
| Karandras | Vulcha Boyz | Veteran Skarboyz |
| Chaos Biker Squad | Great Unclean One | |

**Kill Fee.** In the event that Sabertooth terminates this contract with respect to an Illustration as set forth in Section 3, Sabertooth shall pay the Artist as follows:

| | |
|---|---|
| For an approved Sketch: | 40% of the Initial Payment |
| For an approved Final | 75% of the Initial Payment |
| Final approved but initial project terminated | 100% of the Initial Payment |

**Late Submission Fee.** In the event that Artist tenders an acceptable Final Illustration after the Final Illustration Date as described in Section 2, the Creative Director shall have the authority to reduce the Initial Payment up to the amount set forth below:

| | |
|---|---|
| For 1-2 days after the Final Illustration Date: | 10% of the Initial Payment |
| For 3-5 days after the Final Illustration Date: | 30% of the Initial Payment |
| For 6 or more days after the Final Illustration Date: | 100% of the Initial Payment |

THE FOREGOING EXHIBIT A IS AGREED TO AND ACCEPTED BY THE PARTIES:

Artist                          Sabertooth Games, Inc.

By (sign)                        By (sign)

Instructions: If this Agreement is acceptable to you, please sign ALL copies, and return one copy to Paul Timm Sabertooth Games, Inc., 814 Industry Drive, Tukwila WA, 98188, USA. Please do not make any changes in the Agreement unless you have discussed them with the Creative Director to whom you offered the Illustrations and have obtained his acceptance of the proposed changes.

Highly Confidential - AEO       

# SABERTOOTH GAMES, INC.

## ARTWORK AGREEMENT

This agreement, effective October 1, 2001, is entered into and between Sabertooth Games, Inc. ("Sabertooth") 814 Industry Drive, Tukwila WA, 98188 USA, and **Sam Wood** ("Artist"), residing at 1330 Boren Avenue #612, Seattle, WA 98101

Pursuant to the terms of this Agreement, Artist wishes to produce artistic works for Sabertooth.

1.  DELIVERY. Artist agrees to deliver to Sabertooth a sketch of the Illustration on or before the Sketch Date set forth on Exhibit A. Artist agrees to deliver the Illustration to the address set forth on Exhibit A on or before (a) the Final Illustration Date set forth in Exhibit A or (b) such later date as the parties mutually agree. If artist fails to deliver the final Illustration to Sabertooth on or before the Final Illustration Date, Sabertooth may, at its option, (1) reduce the Initial Fee as set forth in Exhibit A, or (2) reject the Illustration completely and have no payment obligation thereon and no right to use or own the Illustration. The term "Illustration" shall mean the two dimensional original works of visual art authored by Artist under the terms of this Agreement.

2.  ACCEPTANCE. Sabertooth shall have the right to cancel work in progress for any reason or without reason. In the event of such cancellation, Artist shall deliver to Sabertooth that part of the Illustration in existence and Artist shall be compensated according to the Kill Fee Schedule of Exhibit A.

3.  TRANSFER OF RIGHTS.
    3.1 ASSIGNMENT. Artist hereby assigns and transfers to Sabertooth the ownership and all rights to the Illustration and any characters, items, or locations depicted therein, including, but not limited to all copyright, ownership rights (including physical ownership of the original illustration) and all trademark rights. This assignment shall include the right to prepare "Derivative Embodiments" of the Illustration with exclusive rights to authorize others to do the same; "Derivative Embodiments" means any translation (including translation into any electronic representation), modification, correction, addition, extension, improvement, abridgment or other form in which an existing work may be recast, transformed or adapted. Sabertooth shall further have the right to transfer, assign, or license to Games Workshop, Ltd., or any third party any or all of the foregoing rights and ownership.
    3.2 ASSISTANCE. Artist shall execute and deliver such instruments and take such action as may be reasonably necessary and requested by Sabertooth to perfect and protect Sabertooth's rights in the Illustration and to carry out the assignments effected by Section 3.1, and, at Sabertooth's expense, assist Sabertooth and its nominees in every proper way to secure, maintain, protect and defend Sabertooth.
    3.3 USE OF ILLUSTRATION. Name credit shall be given to the Artist upon publication of the Illustration in the products in which it is used. Notwithstanding any other provision of this Agreement, Sabertooth shall have no obligation to market, sell or otherwise distribute the Illustration, either alone or in any Sabertooth product. Nothing in this Agreement will be construed as restricting Sabertooth's ability to create, acquire, license, develop, publish, make, use, sell or distribute works similar to or derivative from the Illustration without further fee or obligation to Artist.

Highly Confidential - AEO

4. PAYMENT. Sabertooth hereby agrees to pay Artist an initial payment ("Initial Payment") in the amount set forth in Exhibit A and a final payment ("Final Payment") in the amount set forth in Exhibit A. The Initial Payment shall be paid within thirty (30) days of the later of acceptance of the Illustration(s) by Sabertooth or Sabertooth's receipt of this Agreement signed by the Artist. The Final Payment shall be paid forty five (45) days after the release of the product that the Illustration first appears. Payments shall be made by check to Artist at the address set forth herein.

5. ARTIST USE OF ILLUSTRATION. Artist shall have the right to use Illustration(s) in connection with his/her portfolio, personal website and other non-commercial instruments (not for sale) that Artist uses to promote their artwork. Each instrument shall identify Sabertooth or its designee as the owner of all trademarks and copyrights associated with said Illustration(s). Any use of Illustration(s) outside what has been outlined above will have to be approved in writing, from Sabertooth.

6. RISK OF LOSS OR DAMAGE. Artist shall bear the risk of loss of or damage to the Illustration until such time as the Illustration is received by Sabertooth.

7. INDEPENDENT CONTRACTOR. Artist shall be an independent contractor and not an employee of Sabertooth. Artist shall not be entitled to worker's compensation, retirement, insurance, or other benefits provided to employees of Sabertooth. Artist shall be responsible for the payment of all personal taxes, fees and other assessments arising from providing the services set forth herein and shall otherwise comply with applicable laws, ordinances, regulations and other governmental requirements related to said services. Artist has no power or authority to act for, represent, or bind Sabertooth or any company affiliated with Sabertooth in any manner, except as so authorized in writing by Sabertooth.

8. CONFIDENTIALITY. In the course of performing the services set forth herein, the parties recognize that Artist may have access to information that Sabertooth may regard as proprietary and/or confidential. This information may include, but is not limited to, (a) product release dates, possible product names, and game mechanics prior to the public sale of such game; (b) trade secrets relating to Sabertooth's marketing plans or financial information; (c) information received by Sabertooth that Sabertooth is obligated, contractually or otherwise, to keep confidential; and (d) other information or documents which Sabertooth designates as confidential or proprietary ("Confidential Information"). Confidential Information shall not include information that falls into the public domain through no fault of Artist. Artist will not disclose to third parties Sabertooth's Confidential Information without Sabertooth's prior written consent.

9. WARRANTY. Artist warrants to Sabertooth that he/she is qualified, experienced and trained to create the Illustrations and perform the services set forth herein, and agrees to devote his best talents, efforts, and abilities to creating the Illustrations and to performance of said services.

10. MISCELLANEOUS.
10.1 INTEGRATION; AMENDMENT. This Agreement constitutes the entire Agreement of the parties with regard to the subject matter of this Agreement, and replaces and supersedes all other agreements or understandings, whether written or oral. No amendment of this Agreement shall be binding unless reduced to writing and signed by both parties.
10.2 NOTICES. Any notice or communication permitted or required by this Agreement shall be in writing and shall be deemed effective when personally delivered or deposited, postage prepaid, in the first class mail of the United States, addressed to the appropriate party at the address set forth below the party's signature on the signature page of this Agreement, or when delivered by facsimile and acknowledge received by return facsimile (or any address subsequently designated by a party by notice as set forth in this Section).
10.3 DISPUTE RESOLUTION. This Agreement will be governed by and interpreted in accordance with the local laws of the State of Washington. The parties hereby irrevocably and unconditionally consent to submit to the exclusive jurisdiction of the United States District Court for the Western District of Washington or the Superior Court for Washington

Highly Confidential - AEO

for the County of King any actions, suits, or proceedings arising out of or relating to this Agreement and the transactions contemplated hereby (and agree not to commence any action, suit or proceeding relating thereto except in such courts), and further agree that service of any process, summons, notice, or document by U.S. registered mail to the address set forth herein shall be effective service of process for any action, suit, or proceeding brought against either party in any such court. The parties hereby irrevocably and unconditionally waive any objection to the laying of the venue of any action, suit, or proceeding arising out of this Agreement or the transactions contemplated hereby in the United States District Court for the Western District of Washington or the Superior Court for the State of Washington for the County of King and hereby further irrevocably and unconditionally waive and agreed not to plead or claim in any such court that any such action, suit, or proceeding brought in any such court has been brought in an inconvenient forum. The parties hereby irrevocably waive all rights to trial by jury in any action, proceeding or counterclaim (whether based on contract, tort or otherwise) arising out of or otherwise relating to this Agreement or the actions of such parties in the administration, performance and enforcement thereof.

**Artist**                                              **Sabertooth Games, Inc.**

_____                                  _____

_____                                  Paul Timm, Creative Director
11/2/01                                                  10/29
Date of Signing                                          10/27/2001
                                                         Date of Signing

**PLEASE INDICATE BELOW HOW YOUR NAME SHOULD APPEAR ON ARTIST CREDITS:**

Sam Wood
_____

Highly Confidential - AEO

# SABERTOOTH GAMES, INC.
## ARTWORK AGREEMENT

### EXHIBIT A

Artist Name **Sam Wood**     PRODUCT     **Warhammer 40K** *Set Two*
Address     1715 Palatine Ave N
Seattle WA 98133

Soc. Sec. #     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

| Illustration | Sketch Date | Final Illus. Date | Initial Payment | Final Payment |
|---|---|---|---|---|
| 363.Creature 3 | 10/07/01 | 11/20/01 | $200.00 | $200.00 |
| 364.Creature 4 | 10/07/01 | 11/20/01 | $200.00 | $200.00 |
| 365.Creature 5 | 10/07/01 | 11/20/01 | $200.00 | $200.00 |
| 366.Creature 6 | 10/07/01 | 11/20/01 | $200.00 | $200.00 |
| 367.Creature 7 | 10/07/01 | 11/20/01 | $200.00 | $200.00 |
| 368.Creature 8 | 10/07/01 | 11/20/01 | $200.00 | $200.00 |
| 369.Creature 9 | 10/07/01 | 11/20/01 | $200.00 | $200.00 |
| 501.Seraphim Squad | 10/07/01 | 11/20/01 | $200.00 | $200.00 |
| 517.Chaos Demagogue | 10/07/01 | 11/20/01 | $200.00 | $200.00 |
| 562.Ravenwing Bike Squad | 10/07/01 | 11/20/01 | $200.00 | $200.00 |
| Nurgling Swarm | 10/07/01 | 11/20/01 | $200.00 | $200.00 |

**Kill Fee.** In the event that Sabertooth terminates this contract with respect to an Illustration as set forth in Section 3, Sabertooth shall pay the Artist as follows:

| | |
|---|---|
| For an approved Sketch: | 40% of the Initial Payment |
| For an approved Final | 75% of the Initial Payment |
| Final approved but initial project terminated | 100% of the Initial Payment |

**Late Submission Fee.** In the event that Artist tenders an acceptable Final Illustration after the Final Illustration Date as described in Section 2, or ammended in writing by the Creative Director, the Creative Director shall have the authority to reduce the Initial Payment up to the amount set forth below:

| | |
|---|---|
| For 1-2 days after the Final Illustration Date: | 10% of the Initial Payment |
| For 3-5 days after the Final Illustration Date: | 30% of the Initial Payment |
| For 6 or more days after the Final Illustration Date: | 100% of the Initial Payment |

THE FOREGOING EXHIBIT A IS AGREED TO AND ACCEPTED BY THE PARTIES:

**Artist**

By (sign)

Sabertooth Games, Inc.

By (sign)

Instructions: If this Agreement is acceptable to you, please sign ALL copies, and return one copy to
Paul Allen Timm
Sabertooth Games, Inc.
814 Industry Drive
Tukwila WA, 98188, USA.
Please do not make any changes in the Agreement unless you have discussed them with the Creative Director to whom you offered the Illustrations and have obtained his acceptance of the proposed changes.

GW0006496

# SABERTOOTH GAMES, INC.

## ARTWORK AGREEMENT

This agreement, effective <u>Tuesday, February 05, 2002</u>, is entered into and between Sabertooth Games, Inc. ("Sabertooth") 814 Industry Drive, Tukwila WA, 98188 USA, and <u>Sam Wood</u> ("Artist"), residing at

11715 Palatine Ave N
Seattle, WA 98133

Pursuant to the terms of this Agreement, Artist wishes to produce artistic works for Sabertooth.

1.  DELIVERY.  Artist agrees to deliver to Sabertooth a sketch of the Illustration on or before the Sketch Date set forth on Exhibit A.  Artist agrees to deliver the Illustration to the address set forth on Exhibit A on or before (a) the Final Illustration Date set forth in Exhibit A or (b) such later date as the parties mutually agree.  If artist fails to deliver the final Illustration to Sabertooth on or before the Final Illustration Date, Sabertooth may, at its option, (1) reduce the Initial Fee as set forth in Exhibit A, or (2) reject the Illustration completely and have no payment obligation thereon and no right to use or own the Illustration.  The term "Illustration" shall mean the two dimensional original works of visual art authored by Artist under the terms of this Agreement.

2.  ACCEPTANCE.  Sabertooth shall have the right to cancel work in progress for any reason or without reason.  In the event of such cancellation, Artist shall deliver to Sabertooth that part of the Illustration in existence and Artist shall be compensated according to the Kill Fee Schedule of Exhibit A.

3.  TRANSFER OF RIGHTS.
    3.1 ASSIGNMENT.  Artist hereby assigns and transfers to Sabertooth the ownership and all rights to the Illustration and any characters, items, or locations depicted therein, including, but not limited to all copyright, ownership rights (including physical ownership of the original illustration) and all trademark rights.  This assignment shall include the right to prepare "Derivative Embodiments" of the Illustration with exclusive rights to authorize others to do the same; "Derivative Embodiments" means any translation (including translation into any electronic representation), modification, correction, addition, extension, improvement, abridgment or other form in which an existing work may be recast, transformed or adapted.  Sabertooth shall further have the right to transfer, assign, or license to Games Workshop, Ltd., or any third party any or all of the foregoing rights and ownership.
    3.2 ASSISTANCE.  Artist shall execute and deliver such instruments and take such action as may be reasonably necessary and requested by Sabertooth to perfect and protect Sabertooth's rights in the Illustration and to carry out the assignments effected by Section 3.1, and, at Sabertooth's expense, assist Sabertooth and its nominees in every proper way to secure, maintain, protect and defend Sabertooth.
    3.3 USE OF ILLUSTRATION.  Name credit shall be given to the Artist upon publication of the Illustration in the products in which it is used.  Notwithstanding any other provision of this Agreement, Sabertooth shall have no obligation to market, sell or otherwise distribute the Illustration, either alone or in any Sabertooth product.  Nothing in this Agreement will be construed as restricting Sabertooth's ability to create, acquire, license, develop, publish, make, use, sell or distribute works similar to or derivative from the Illustration without further fee or obligation to Artist.

Highly Confidential - AEO

4.   PAYMENT.  Sabertooth hereby agrees to pay Artist an initial payment ("Initial Payment") in the amount set forth in Exhibit A and a final payment ("Final Payment") in the amount set forth in Exhibit A. The Initial Payment shall be paid within thirty (30) days of the later of acceptance of the Illustration(s) by Sabertooth or Sabertooth's receipt of this Agreement signed by the Artist. The Final Payment shall be paid forty five (45) days after the release of the product that the Illustration first appears.  Payments shall be made by check to Artist at the address set forth herein.

5.   ARTIST USE OF ILLUSTRATION.  Artist shall have the right to use Illustration(s) in connection with his/her portfolio, personal website and other non-commercial instruments (not for sale) that Artist uses to promote their artwork.  Each instrument shall identify Sabertooth or its designee as the owner of all trademarks and copyrights associated with said Illustration(s).  Any use of Illustration(s) outside what has been outlined above will have to be approved in writing, from Sabertooth.

6.   RISK OF LOSS OR DAMAGE.  Artist shall bear the risk of loss of or damage to the Illustration until such time as the Illustration is received by Sabertooth.

7.   INDEPENDENT CONTRACTOR.  Artist shall be an independent contractor and not an employee of Sabertooth.  Artist shall not be entitled to worker's compensation, retirement, insurance, or other benefits provided to employees of Sabertooth.  Artist shall be responsible for the payment of all personal taxes, fees and other assessments arising from providing the services set forth herein and shall otherwise comply with applicable laws, ordinances, regulations and other governmental requirements related to said services.  Artist has no power or authority to act for, represent, or bind Sabertooth or any company affiliated with Sabertooth in any manner, except as so authorized in writing by Sabertooth.

8.   CONFIDENTIALITY.  In the course of performing the services set forth herein, the parties recognize that Artist may have access to information that Sabertooth may regard as proprietary and/or confidential.  This information may include, but is not limited to, (a) product release dates, possible product names, and game mechanics prior to the public sale of such game; (b) trade secrets relating to Sabertooth's marketing plans or financial information; (c) information received by Sabertooth that Sabertooth is obligated, contractually or otherwise, to keep confidential; and (d) other information or documents which Sabertooth designates as confidential or proprietary ("Confidential Information").  Confidential Information shall not include information that falls into the public domain through no fault of Artist.  Artist will not disclose to third parties Sabertooth's Confidential Information without Sabertooth's prior written consent.

9.   WARRANTY.  Artist warrants to Sabertooth that he/she is qualified, experienced and trained to create the Illustrations and perform the services set forth herein, and agrees to devote his best talents, efforts, and abilities to creating the Illustrations and to performance of said services.

10.  MISCELLANEOUS.
     10.1 INTEGRATION; AMENDMENT.  This Agreement constitutes the entire Agreement of the parties with regard to the subject matter of this Agreement, and replaces and supersedes all other agreements or understandings, whether written or oral.  No amendment of this Agreement shall be binding unless reduced to writing and signed by both parties.
     10.2 NOTICES.  Any notice or communication permitted or required by this Agreement shall be in writing and shall be deemed effective when personally delivered or deposited, postage prepaid, in the first class mail of the United States, addressed to the appropriate party at the address set forth below the party's signature on the signature page of this Agreement, or when delivered by facsimile and acknowledge received by return facsimile (or any address subsequently designated by a party by notice as set forth in this Section).

Highly Confidential - AEO

10.3 DISPUTE RESOLUTION. This Agreement will be governed by and interpreted in accordance with the local laws of the State of Washington. The parties hereby irrevocably and unconditionally consent to submit to the exclusive jurisdiction of the United States District Court for the Western District of Washington or the Superior Court for Washington for the County of King any actions, suits, or proceedings arising out of or relating to this Agreement and the transactions contemplated hereby (and agree not to commence any action, suit or proceeding relating thereto except in such courts), and further agree that service of any process, summons, notice, or document by U.S. registered mail to the address set forth herein shall be effective service of process for any action, suit, or proceeding brought against either party in any such court. The parties hereby irrevocably and unconditionally waive any objection to the laying of the venue of any action, suit, or proceeding arising out of this Agreement or the transactions contemplated hereby in the United States District Court for the Western District of Washington or the Superior Court for the State of Washington for the County of King and hereby further irrevocably and unconditionally waive and agreed not to plead or claim in any such court that any such action, suit, or proceeding brought in any such court has been brought in an inconvenient forum. The parties hereby irrevocably waive all rights to trial by jury in any action, proceeding or counterclaim (whether based on contract, tort or otherwise) arising out of or otherwise relating to this Agreement or the actions of such parties in the administration, performance and enforcement thereof.

Artist

_____

Sabertooth Games, Inc.

_____
Daniel Kaufman, Creative Director

2/11/02

2/6/02

Date of Signing

Date of Signing

**PLEASE INDICATE BELOW HOW YOUR NAME SHOULD APPEAR ON ARTIST CREDITS:**

Sam Wood
_____

Highly Confidential - AEO

# SABERTOOTH GAMES, INC.

## ARTWORK AGREEMENT

This agreement, effective April 16, 2002, is entered into and between Sabertooth Games, Inc. ("Sabertooth") 814 Industry Drive, Tukwila WA, 98188 USA, and Sam Wood ("Artist"), residing at

11715 Palatine Ave N
Seattle, WA 98133

Pursuant to the terms of this Agreement, Artist wishes to produce artistic works for Sabertooth.

1.  DELIVERY. Artist agrees to deliver to Sabertooth a sketch of the Illustration on or before the Sketch Date set forth on Exhibit A. Artist agrees to deliver the Illustration to the address set forth on Exhibit A on or before (a) the Final Illustration Date set forth in Exhibit A or (b) such later date as the parties mutually agree. If artist fails to deliver the final Illustration to Sabertooth on or before the Final Illustration Date, Sabertooth may, at its option, (1) reduce the Initial Fee as set forth in Exhibit A, or (2) reject the Illustration completely and have no payment obligation thereon and no right to use or own the Illustration. The term "Illustration" shall mean the two dimensional original works of visual art authored by Artist under the terms of this Agreement.

2.  ACCEPTANCE. Sabertooth shall have the right to cancel work in progress for any reason or without reason. In the event of such cancellation, Artist shall deliver to Sabertooth that part of the Illustration in existence and Artist shall be compensated according to the Kill Fee Schedule of Exhibit A.

3.  TRANSFER OF RIGHTS.
    3.1  ASSIGNMENT. Artist hereby assigns and transfers to Sabertooth the ownership and all rights to the Illustration and any characters, items, or locations depicted therein, including, but not limited to all copyright, ownership rights (including physical ownership of the original illustration) and all trademark rights. This assignment shall include the right to prepare "Derivative Embodiments" of the Illustration with exclusive rights to authorize others to do the same; "Derivative Embodiments" means any translation (including translation into any electronic representation), modification, correction, addition, extension, improvement, abridgment or other form in which an existing work may be recast, transformed or adapted. Sabertooth shall further have the right to transfer, assign, or license to Games Workshop, Ltd., or any third party any or all of the foregoing rights and ownership.
    3.2  ASSISTANCE. Artist shall execute and deliver such instruments and take such action as may be reasonably necessary and requested by Sabertooth to perfect and protect Sabertooth's rights in the Illustration and to carry out the assignments effected by Section 3.1, and, at Sabertooth's expense, assist Sabertooth and its nominees in every proper way to secure, maintain, protect and defend Sabertooth.
    3.3  USE OF ILLUSTRATION. Name credit shall be given to the Artist upon publication of the Illustration in the products in which it is used. Notwithstanding any other provision of this Agreement, Sabertooth shall have no obligation to market, sell or otherwise distribute the Illustration, either alone or in any Sabertooth product. Nothing in this Agreement will be construed as restricting Sabertooth's ability to create, acquire, license, develop, publish, make, use, sell or distribute works similar to or derivative from the Illustration without further fee or obligation to Artist.

Highly Confidential - AEO

4. PAYMENT. Sabertooth hereby agrees to pay Artist an initial payment ("Initial Payment") in the amount set forth in Exhibit A and a final payment ("Final Payment") in the amount set forth in Exhibit A. The Initial Payment shall be paid within thirty (30) days of the later of acceptance of the Illustration(s) by Sabertooth or Sabertooth's receipt of this Agreement signed by the Artist. The Final Payment shall be paid forty five (45) days after the release of the product that the Illustration first appears. Payments shall be made by check to Artist at the address set forth herein.

5. ARTIST USE OF ILLUSTRATION. Artist shall have the right to use Illustration(s) in connection with his/her portfolio, personal website and other non-commercial instruments (not for sale) that Artist uses to promote their artwork. Each instrument shall identify Sabertooth or its designee as the owner of all trademarks and copyrights associated with said Illustration(s). Any use of Illustration(s) outside what has been outlined above will have to be approved in writing, from Sabertooth.

6. RISK OF LOSS OR DAMAGE. Artist shall bear the risk of loss of or damage to the Illustration until such time as the Illustration is received by Sabertooth.

7. INDEPENDENT CONTRACTOR. Artist shall be an independent contractor and not an employee of Sabertooth. Artist shall not be entitled to worker's compensation, retirement, insurance, or other benefits provided to employees of Sabertooth. Artist shall be responsible for the payment of all personal taxes, fees and other assessments arising from providing the services set forth herein and shall otherwise comply with applicable laws, ordinances, regulations and other governmental requirements related to said services. Artist has no power or authority to act for, represent, or bind Sabertooth or any company affiliated with Sabertooth in any manner, except as so authorized in writing by Sabertooth.

8. CONFIDENTIALITY. In the course of performing the services set forth herein, the parties recognize that Artist may have access to information that Sabertooth may regard as proprietary and/or confidential. This information may include, but is not limited to, (a) product release dates, possible product names, and game mechanics prior to the public sale of such game; (b) trade secrets relating to Sabertooth's marketing plans or financial information; (c) information received by Sabertooth that Sabertooth is obligated, contractually or otherwise, to keep confidential; and (d) other information or documents which Sabertooth designates as confidential or proprietary ("Confidential Information"). Confidential Information shall not include information that falls into the public domain through no fault of Artist. Artist will not disclose to third parties Sabertooth's Confidential Information without Sabertooth's prior written consent.

9. WARRANTY. Artist warrants to Sabertooth that he/she is qualified, experienced and trained to create the Illustrations and perform the services set forth herein, and agrees to devote his best talents, efforts, and abilities to creating the Illustrations and to performance of said services.

10. MISCELLANEOUS.
   10.1 INTEGRATION; AMENDMENT. This Agreement constitutes the entire Agreement of the parties with regard to the subject matter of this Agreement, and replaces and supersedes all other agreements or understandings, whether written or oral. No amendment of this Agreement shall be binding unless reduced to writing and signed by both parties.
   10.2 NOTICES. Any notice or communication permitted or required by this Agreement shall be in writing and shall be deemed effective when personally delivered or deposited, postage prepaid, in the first class mail of the United States, addressed to the appropriate party at the address set forth below the party's signature on the signature page of this Agreement, or when delivered by facsimile and acknowledge received by return facsimile (or any address subsequently designated by a party by notice as set forth in this Section).

GW0006501

10.3 DISPUTE RESOLUTION. This Agreement will be governed by and interpreted in accordance with the local laws of the State of Washington. The parties hereby irrevocably and unconditionally consent to submit to the exclusive jurisdiction of the United States District Court for the Western District of Washington or the Superior Court for Washington for the County of King any actions, suits, or proceedings arising out of or relating to this Agreement and the transactions contemplated hereby (and agree not to commence any action, suit or proceeding relating thereto except in such courts), and further agree that service of any process, summons, notice, or document by U.S. registered mail to the address set forth herein shall be effective service of process for any action, suit, or proceeding brought against either party in any such court. The parties hereby irrevocably and unconditionally waive any objection to the laying of the venue of any action, suit, or proceeding arising out of this Agreement or the transactions contemplated hereby in the United States District Court for the Western District of Washington or the Superior Court for the State of Washington for the County of King and hereby further irrevocably and unconditionally waive and agreed not to plead or claim in any such court that any such action, suit, or proceeding brought in any such court has been brought in an inconvenient forum. The parties hereby irrevocably waive all rights to trial by jury in any action, proceeding or counterclaim (whether based on contract, tort or otherwise) arising out of or otherwise relating to this Agreement or the actions of such parties in the administration, performance and enforcement thereof.

Artist                                    Sabertooth Games, Inc.

_____                   _____
                                          Daniel Kaufman, Creative Director
5/21/02                                   5-15-02
_____                   _____
Date of Signing                           Date of Signing

**PLEASE INDICATE BELOW HOW YOUR NAME SHOULD APPEAR ON ARTIST CREDITS:**

Sam Wood
_____

Highly Confidential - AEO

# SABERTOOTH GAMES, INC.

## ARTWORK AGREEMENT

This agreement, effective April 16, 2002, is entered into and between Sabertooth Games, Inc.
("Sabertooth") 814 Industry Drive, Tukwila WA, 98188 USA, and Sam Wood ("Artist"), residing at

11715 Palatine Ave N
Seattle, WA 98133

Pursuant to the terms of this Agreement, Artist wishes to produce artistic works for Sabertooth.

1.     DELIVERY. Artist agrees to deliver to Sabertooth a sketch of the Illustration on or before the Sketch Date set forth on Exhibit A. Artist agrees to deliver the Illustration to the address set forth on Exhibit A on or before (a) the Final Illustration Date set forth in Exhibit A or (b) such later date as the parties mutually agree. If artist fails to deliver the final Illustration to Sabertooth on or before the Final Illustration Date, Sabertooth may, at its option, (1) reduce the Initial Fee as set forth in Exhibit A, or (2) reject the Illustration completely and have no payment obligation thereon and no right to use or own the Illustration. The term "Illustration" shall mean the two dimensional original works of visual art authored by Artist under the terms of this Agreement.

2.     ACCEPTANCE. Sabertooth shall have the right to cancel work in progress for any reason or without reason. In the event of such cancellation, Artist shall deliver to Sabertooth that part of the Illustration in existence and Artist shall be compensated according to the Kill Fee Schedule of Exhibit A.

3.     TRANSFER OF RIGHTS.
    3.1 ASSIGNMENT. Artist hereby assigns and transfers to Sabertooth the ownership and all rights to the Illustration and any characters, items, or locations depicted therein, including, but not limited to all copyright, ownership rights (including physical ownership of the original illustration) and all trademark rights. This assignment shall include the right to prepare "Derivative Embodiments" of the Illustration with exclusive rights to authorize others to do the same; "Derivative Embodiments" means any translation (including translation into any electronic representation), modification, correction, addition, extension, improvement, abridgment or other form in which an existing work may be recast, transformed or adapted. Sabertooth shall further have the right to transfer, assign, or license to Games Workshop, Ltd., or any third party any or all of the foregoing rights and ownership.
    3.2 ASSISTANCE. Artist shall execute and deliver such instruments and take such action as may be reasonably necessary and requested by Sabertooth to perfect and protect Sabertooth's rights in the Illustration and to carry out the assignments effected by Section 3.1, and, at Sabertooth's expense, assist Sabertooth and its nominees in every proper way to secure, maintain, protect and defend Sabertooth.
    3.3 USE OF ILLUSTRATION. Name credit shall be given to the Artist upon publication of the Illustration in the products in which it is used. Notwithstanding any other provision of this Agreement, Sabertooth shall have no obligation to market, sell or otherwise distribute the Illustration, either alone or in any Sabertooth product. Nothing in this Agreement will be construed as restricting Sabertooth's ability to create, acquire, license, develop, publish, make, use, sell or distribute works similar to or derivative from the Illustration without further fee or obligation to Artist.

Highly Confidential - AEO

4.     PAYMENT. Sabertooth hereby agrees to pay Artist an initial payment ("Initial Payment") in the amount set forth in Exhibit A and a final payment ("Final Payment") in the amount set forth in Exhibit A. The Initial Payment shall be paid within thirty (30) days of the later of acceptance of the Illustration(s) by Sabertooth or Sabertooth's receipt of this Agreement signed by the Artist. The Final Payment shall be paid forty five (45) days after the release of the product that the Illustration first appears. Payments shall be made by check to Artist at the address set forth herein.

5.     ARTIST USE OF ILLUSTRATION. Artist shall have the right to use Illustration(s) in connection with his/her portfolio, personal website and other non-commercial instruments (not for sale) that Artist uses to promote their artwork. Each instrument shall identify Sabertooth or its designee as the owner of all trademarks and copyrights associated with said Illustration(s). Any use of Illustration(s) outside what has been outlined above will have to be approved in writing, from Sabertooth.

6.     RISK OF LOSS OR DAMAGE. Artist shall bear the risk of loss of or damage to the Illustration until such time as the Illustration is received by Sabertooth.

7.     INDEPENDENT CONTRACTOR. Artist shall be an independent contractor and not an employee of Sabertooth. Artist shall not be entitled to worker's compensation, retirement, insurance, or other benefits provided to employees of Sabertooth. Artist shall be responsible for the payment of all personal taxes, fees and other assessments arising from providing the services set forth herein and shall otherwise comply with applicable laws, ordinances, regulations and other governmental requirements related to said services. Artist has no power or authority to act for, represent, or bind Sabertooth or any company affiliated with Sabertooth in any manner, except as so authorized in writing by Sabertooth.

8.     CONFIDENTIALITY. In the course of performing the services set forth herein, the parties recognize that Artist may have access to information that Sabertooth may regard as proprietary and/or confidential. This information may include, but is not limited to, (a) product release dates, possible product names, and game mechanics prior to the public sale of such game; (b) trade secrets relating to Sabertooth's marketing plans or financial information; (c) information received by Sabertooth that Sabertooth is obligated, contractually or otherwise, to keep confidential; and (d) other information or documents which Sabertooth designates as confidential or proprietary ("Confidential Information"). Confidential Information shall not include information that falls into the public domain through no fault of Artist. Artist will not disclose to third parties Sabertooth's Confidential Information without Sabertooth's prior written consent.

9.     WARRANTY. Artist warrants to Sabertooth that he/she is qualified, experienced and trained to create the Illustrations and perform the services set forth herein, and agrees to devote his best talents, efforts, and abilities to creating the Illustrations and to performance of said services.

10.     MISCELLANEOUS.
       10.1 INTEGRATION; AMENDMENT. This Agreement constitutes the entire Agreement of the parties with regard to the subject matter of this Agreement, and replaces and supersedes all other agreements or understandings, whether written or oral. No amendment of this Agreement shall be binding unless reduced to writing and signed by both parties.
       10.2 NOTICES. Any notice or communication permitted or required by this Agreement shall be in writing and shall be deemed effective when personally delivered or deposited, postage prepaid, in the first class mail of the United States, addressed to the appropriate party at the address set forth below the party's signature on the signature page of this Agreement, or when delivered by facsimile and acknowledge received by return facsimile (or any address subsequently designated by a party by notice as set forth in this Section).

10.3 DISPUTE RESOLUTION. This Agreement will be governed by and interpreted in accordance with the local laws of the State of Washington. The parties hereby irrevocably and unconditionally consent to submit to the exclusive jurisdiction of the United States District Court for the Western District of Washington or the Superior Court for Washington for the County of King any actions, suits, or proceedings arising out of or relating to this Agreement and the transactions contemplated hereby (and agree not to commence any action, suit or proceeding relating thereto except in such courts), and further agree that service of any process, summons, notice, or document by U.S. registered mail to the address set forth herein shall be effective service of process for any action, suit, or proceeding brought against either party in any such court. The parties hereby irrevocably and unconditionally waive any objection to the laying of the venue of any action, suit, or proceeding arising out of this Agreement or the transactions contemplated hereby in the United States District Court for the Western District of Washington or the Superior Court for the State of Washington for the County of King and hereby further irrevocably and unconditionally waive and agreed not to plead or claim in any such court that any such action, suit, or proceeding brought in any such court has been brought in an inconvenient forum. The parties hereby irrevocably waive all rights to trial by jury in any action, proceeding or counterclaim (whether based on contract, tort or otherwise) arising out of or otherwise relating to this Agreement or the actions of such parties in the administration, performance and enforcement thereof.

Artist

Sabertooth Games, Inc.

_____

_____
Daniel Kaufman, Creative Director

9/3/02
_____
Date of Signing

5-15-02
_____
Date of Signing

**PLEASE INDICATE BELOW HOW YOUR NAME SHOULD APPEAR ON ARTIST CREDITS:**

Sam Wood
_____

# SABERTOOTH GAMES, INC.
## ARTWORK AGREEMENT

### EXHIBIT A

| | | | |
|---|---|---|---|
| **Artist Name** | Sam Wood | PRODUCT | **Warhammer 40K** *Set Four* |
| **Address** | | | **Warhammer 40K** *Binder Set* |
| 11715 Palatine Ave N | | | **Warhammer 40K** *Boxed Set* |
| Seattle, WA 98133 | Soc. Sec. # | 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 | |

Please Clearly Mark Payment Method preferred:

## ☑ Method One (two payments as outlined in Contract)

| Illustration | | Sketch Date | Final Date | Initial Payment | Final Payment |
|---|---|---|---|---|---|
| 948 | Emperor's Children Lord | 5/06/02 | 6/24/02 | $200 | $200 |
| 953 | Cultists of Khorne | 5/06/02 | 6/24/02 | $200 | $200 |
| 977 | Wyches 1 | 5/06/02 | 6/24/02 | $200 | $200 |
| 1013 | Female Inquisitor | 5/06/02 | 6/24/02 | $200 | $200 |
| 1026 | Kroot Carnivore Mercs | 5/06/02 | 6/24/02 | $200 | $200 |
| 1094 | Commander Azrael | 5/06/02 | 6/24/02 | $200 | $200 |
| 1099 | Rocket Girl | 5/06/02 | 6/24/02 | $200 | $200 |
| 1110 | Abadon's Standard Bearer | 5/06/02 | 6/24/02 | $200 | $200 |

## O Method Two (one payment make within 30 days of Approval)

| Illustration | | Sketch Date | Final Date | Single Payment |
|---|---|---|---|---|
| 948 | Emperor's Children Lord | 5/06/02 | 6/24/02 | $350 |
| 953 | Cultists of Khorne | 5/06/02 | 6/24/02 | $350 |
| 977 | Wyches 1 | 5/06/02 | 6/24/02 | $350 |
| 1013 | Female Inquisitor | 5/06/02 | 6/24/02 | $350 |
| 1026 | Kroot Carnivore Mercs | 5/06/02 | 6/24/02 | $350 |
| 1094 | Commander Azrael | 5/06/02 | 6/24/02 | $350 |
| 1099 | Rocket Girl | 5/06/02 | 6/24/02 | $350 |
| 1110 | Abadon's Standard Bearer | 5/06/02 | 6/24/02 | $350 |

**Kill Fee.** In the event that Sabertooth terminates this contract with respect to an Illustration as set forth in Section 3, Sabertooth shall pay the Artist as follows:

| | |
|---|---|
| For an approved Sketch: | 40% of the Initial Payment |
| For an approved Final | 75% of the Initial Payment |
| Final approved but initial project terminated | 100% of the Initial Payment |

**Late Submission Fee.** In the event that Artist tenders an acceptable Final Illustration after the Final Illustration Date as described in Section 2, or ammended in writing by the Creative Director, the Creative Director shall have the authority to reduce the Initial Payment up to the amount set forth below:

| | |
|---|---|
| For 1-2 days after the Final Illustration Date: | 10% of the Initial Payment |
| For 3-5 days after the Final Illustration Date: | 30% of the Initial Payment |
| For 6 or more days after the Final Illustration Date: | 100% of the Initial Payment |

THE FOREGOING EXHIBIT A IS AGREED TO AND ACCEPTED BY THE PARTIES:

**Artist**                                **Sabertooth Games, Inc.**

By (sign)                                 By (sign)

Instructions:  If this Agreement is acceptable to you, please sign ALL copies, and return one copy to

Daniel Kaufman
Sabertooth Games, Inc.
814 Industry Drive
Tukwila WA, 98188, USA.
Please do not make any changes in the Agreement unless you have discussed them with the Creative Director to whom you offered the Illustrations and have obtained his acceptance of the proposed changes.

Highly Confidential - AEO

# SABERTOOTH GAMES, INC.
## ARTWORK AGREEMENT

### EXHIBIT A

Artist Name   **Sam Wood**
Address                                    PRODUCT · **Warhammer 40K** *Set Three*
11715 Palatine Ave N
Seattle, WA 98133

Soc. Sec. #    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

| Illustration | | Sketch Date | Final Date | Initial Payment | Final Payment |
|---|---|---|---|---|---|
| Lelith Hesperax | 895 | 2/11/2002 | 3/20/2002 | $200.00 | $200.00 |
| Rune Priest Njal Stormcaller | 896 | 2/11/2002 | 3/20/2002 | $200.00 | $200.00 |
| Attack Squigs | 897 | 2/11/2002 | 3/20/2002 | $200.00 | $200.00 |
| Howling Banshees 2 | 898 | 2/11/2002 | 3/20/2002 | $200.00 | $200.00 |
| Jetbikes Squad 2 | 899 | 2/11/2002 | 3/20/2002 | $200.00 | $200.00 |
| WYCH DE ATER | 684 | | | 200- | 200 r |
| GARUAN WREAK | 687 | | | 200- | 200 r |
| THOUSAND SONS | 673 | | | | 400- |

**Kill Fee.** In the event that Sabertooth terminates this contract with respect to an Illustration as set forth in Section 3, Sabertooth shall pay the Artist as follows:

| | |
|---|---|
| For an approved Sketch: | 40% of the Initial Payment |
| For an approved Final | 75% of the Initial Payment |
| Final approved but initial project terminated | 100% of the Initial Payment |

**Late Submission Fee.** In the event that Artist tenders an acceptable Final Illustration after the Final Illustration Date as described in Section 2, or ammended in writing by the Creative Director, the Creative Director shall have the authority to reduce the Initial Payment up to the amount set forth below:

| | |
|---|---|
| For 1-2 days after the Final Illustration Date: | 10% of the Initial Payment |
| For 3-5 days after the Final Illustration Date: | 30% of the Initial Payment |
| For 6 or more days after the Final Illustration Date: | 100% of the Initial Payment |

THE FOREGOING EXHIBIT A IS AGREED TO AND ACCEPTED BY THE PARTIES:

Artist                                         Sabertooth Games, Inc.

By (sign)                                      By (sign)

Instructions: If this Agreement is acceptable to you, please sign ALL copies, and return one copy to
Daniel Kaufman
Sabertooth Games, Inc.
814 Industry Drive
Tukwila WA, 98188, USA.
Please do not make any changes in the Agreement unless you have discussed them with the Creative
Director to whom you ... obtained his acceptance of the proposed changes.

*(handwritten annotations:)*
#1556 1400 ?
BBO MAKE SURE
#1556 WAS FOR
1400 IF SO THEN PAY
AS INDICATED - IF IT
WAS FOR 1600, THEN
PAY 1600.
#1308 5400 9/18/02
170
9/18/0
#1260 $ 1,400 8/26/02
OWE SAM $400 8/29/02

Highly Confidential - AEO

## SABERTOOTH GAMES, INC.
## ARTWORK AGREEMENT

### EXHIBIT A

| Artist Name | Sam Wood | | PRODUCT | Warhammer 40K *Set Four* |
|---|---|---|---|---|
| Address | | | | Warhammer 40K *Binder Set* |

11715 Palatine Ave N
Seattle, WA 98133          Soc. Sec. #   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

— *SET 6?* (handwritten)

Please Clearly Mark Payment Method preferred:

### ☒ Method One (two payments as outlined in Contract)

| Illustration | | Sketch Date | Final Date | Initial Payment | Final Payment |
|---|---|---|---|---|---|
| 948 | Emperor's Children Lord | 5/06/02 | 6/24/02 | $200 | $200 |
| 953 | Cultists of Khorne | 5/06/02 | 6/24/02 | $200 | $200 |
| 977 | Wyches 1 | 5/06/02 | 6/24/02 | $200 | $200 |
| 1013 | Female Inquisitor | 5/06/02 | 6/24/02 | $200 | $200 |
| 1026 | Kroot Carnivore Mercs | 5/06/02 | 6/24/02 | $200 | $200 |
| 1094 | Commander Aznael | 5/06/02 | 6/24/02 | $200 | $200 |
| 1099 | Rocket Girl | 5/06/02 | 6/24/02 | $200 | $200 |

*(handwritten: #4  1200, B.C.)*

### ☐ Method Two (one payment make within 30 days of Approval)

| Illustration | | Sketch Date | Final Date | Single Payment |
|---|---|---|---|---|
| 948 | Emperor's Children Lord | 5/06/02 | 6/24/02 | $350 |
| 953 | Cultists of Khorne | 5/06/02 | 6/24/02 | $350 |
| 977 | Wyches 1 | 5/06/02 | 6/24/02 | $350 |
| 1013 | Female Inquisitor | 5/06/02 | 6/24/02 | $350 |
| 1026 | Kroot Carnivore Mercs | 5/06/02 | 6/24/02 | $350 |
| 1094 | Commander Aznael | 5/06/02 | 6/24/02 | $350 |
| 1099 | Rocket Girl | 5/06/02 | 6/24/02 | $350 |

*(handwritten: 1400 - #6)*

**Kill Fee.** In the event that Sabertooth terminates this contract with respect to an Illustration as set forth in Section 3, Sabertooth shall pay the Artist as follows:

| For an approved Sketch: | 40% of the Initial Payment |
|---|---|
| For an approved Final | 75% of the Initial Payment |
| Final approved but initial project terminated | 100% of the Initial Payment |

**Late Submission Fee.** In the event that Artist tenders an acceptable Final Illustration after the Final Illustration Date as described in Section 2, or ammended in writing by the Creative Director, the Creative Director shall have the authority to reduce the Initial Payment up to the amount set forth below:

| For 1-2 days after the Final Illustration Date: | 10% of the Initial Payment |
|---|---|
| For 3-5 days after the Final Illustration Date: | 30% of the Initial Payment |
| For 6 or more days after the Final Illustration Date: | 100% of the Initial Payment |

THE FOREGOING EXHIBIT A IS AGREED TO AND ACCEPTED BY THE PARTIES:

**Artist**                                             **Sabertooth Games, Inc.**

*(signature)*                                          *(signature)*

By (sign)                                              By (sign)

*(handwritten circled notes: #1307  138  $1600  9/18/ ... 9/18/02 ... #1549  2650  12/27 ... VERSION #2  PAY $1,600)*

Instructions: If this Agreement is acceptable to you, please sign ALL copies, and return one copy to

Daniel Kaufman
Sabertooth Games, Inc.
814 Industry Drive
Tukwila WA, 98188, USA.

Please do not make any changes in the Agreement unless you have discussed them with the Creative Director to whom you offered the Illustrations and have obtained his acceptance of the proposed changes.

*(handwritten: B  $1600)*

**THIS AGREEMENT** is made on 04 September 2002

BETWEEN:

(1)   Sabertooth Games, Inc of 610 Industry Drive, Tukwila WA, 98188 USA ("Sabertooth")

and

(2)   Sam Wood          ("Artist")     of     11715 Palatine Ave N
                                               Seattle, WA 98133

## 1.   DEFINITIONS

1.1   In this Agreement

**"Confidential Information"** means all secret or not generally known information, or all information not easily accessible by others or of a commercially sensitive nature concerning any aspect of the business of Sabertooth. By way of example but not by way of limitation, information should be treated as confidential if it includes any proprietary documentation, materials, flow charts, codes, software, computer instructions, techniques, models, information, diagrams, know-how, trade secrets, data, business records, or marketing information.

**"the Commencement Date"** means the date hereof,

**"Successful Completion"** means the date on which the Artist has completed the Works to the approval of Sabertooth, such approval to be in writing

**"the Work"** means the work to be produced in accordance with this agreement as detailed in Exhibit A hereto

**"the Works Schedule"** means the timetable that the Work is to be produced to in accordance with this agreement as detailed in Exhibit B hereto

## 2.   COMMISSIONED WORK

2.1   In consideration of the payment to the Artist of the sums set out below, the Artist agrees to produce the Work in accordance with the Works Schedule under the terms and conditions hereunder.

## 3.   DURATION

3.1   This Agreement shall commence on the Commencement Date and shall, unless terminated in any of the circumstances in clause 6 of this Agreement, continue in force until Successful Completion Date of the Stage Two Work as provided for in Annex B below.

## 4.   QUALITY OF PRODUCTS

4.1   The Artist undertakes that the Work shall be carried out in a manner consistent with high standards of materials used, workmanship and design

Highly Confidential - AEO

## 5.     PAYMENT

5.1     Sabertooth shall pay the Artist any sums due in accordance with the Works Schedule.

5.2     In the event that the Work is not completed in accordance with the Works Schedule, Sabertooth will pay the Artist as follows:

     5.2.1   For Work received 1-2 days after the Final Date: 90% of the Initial Payment
     5.2.2   For Work received 3-5 days after the Final Date:70% of the Initial Payment
     5.2.3   For Work received 6 or more days after the Final Date:0% of the Initial Payment

5.3     Notwithstanding clause 5.2, the Artist agrees that time is of the essence.

5.4     Sabertooth reserves the exclusive right, such right not however to be exercised unreasonably, to cancel in its sole discretion this Agreement in relation to any Work in progress, at which time the Artist shall deliver that part of the Work created at the time of said cancellation whereupon Sabertooth shall pay the Artist such monies as may, in Sabertooth's opinion, be reasonably proportionate to such of the Work as is completed.

## 6.     TERMINATION

6.1     Sabertooth may terminate this Agreement without prejudice to its other remedies forthwith by notice in writing to the Artist if the Artist commits a breach of this Agreement, provided that if the breach is capable of remedy the notice shall only be given if the Artist shall not have remedied the same within 5 days of having been given notice in writing specifying the breach and requiring it to be remedied.

6.2     Either party may terminate this Agreement without prejudice to its other remedies giving by two months notice in writing to the other party. For the avoidance of doubt, the parties' obligations under this Agreement will continue during the notice period.

6.3     The clauses in this Agreement which expressly or impliedly have effect after termination shall continue to be enforceable notwithstanding termination.

## 7.     ASSIGNMENT OF COPYRIGHT

7.1     The Artist hereby assigns and transfers to Sabertooth all rights, title and interest, throughout the world and in perpetuity, in all copyrights and goodwill and any other intellectual property rights vested or otherwise in the Work. For the avoidance of doubt this includes any moral rights or equivalent which the Artist may have in the Work.

7.2     The Artist agrees to execute any relevant documents at any future time at the behest of Sabertooth to fulfil the obligations contained in this clause 7.

7.3     Name credit shall be given to the Artist upon publication of the Work in the products in which it is used.  Notwithstanding any other provision of this Agreement, Sabertooth shall have no obligation to market, sell or otherwise distribute the Work, either alone or in any Sabertooth product.

7.4     Subject to this Clause 7, the Work will be returned to the Artist within a reasonable time following Successful Completion. The Artist shall not under any circumstance reproduce, copy, manufacture, alter or amend the Work following Successful Completion.

Highly Confidential - AEO

7.4    Without prejudice to the generality of the foregoing, the Artist shall have the right, upon the receipt of written approval from Sabertooth, such permission not to be unreasonably withheld, to use the Work (s) in connection with his/her portfolio, personal website and all or any non-commercial instruments of personal publicity that the Artist characteristically and reasonably uses to promote his/her artwork. Each instrument shall identify Sabertooth or its designee as the owner of all trademarks and copyrights associated with said Work(s). The Artist shall comply with all reasonable requirements that Sabertooth may communicate from time to time in relation to this Clause 7.5.

## 8.    CONFIDENTIALITY

8.1    The Artist agrees to keep confidential and use solely for the purposes of this Agreement all Confidential Information.

8.2    The obligation contained in clause 8.1 does not include information that has ceased to be secret without default on the recipient's part.

## 9.    INDEPENDENT CONTRACTOR

9.1    Artist shall be an independent contractor and not an employee of Sabertooth. Artist shall not be entitled to worker's compensation, retirement, insurance, or other benefits provided to employees of Sabertooth. Artist shall be responsible for the payment of all personal taxes, fees and other assessments arising from providing the services set forth herein and shall otherwise comply with applicable laws, ordinances, regulations and other governmental requirements related to said services. Artist has no power or authority to act for, represent, or bind Sabertooth or any company affiliated with Sabertooth in any manner, except as so authorized in writing by Sabertooth.

## 10.    ENTIRE AGREEMENT

10.1    This Agreement is the entire agreement between the parties with respect to the subject matter and supersedes any previous statements or agreements whether oral or written.

## 11.    VARIATION

11.1    No amendment or modification of this Agreement will be effective unless it is in writing and signed by both parties.

## 12.    WAIVER

12.1    The failure of either party to demand strict performance by the other party of any of this Agreement will not be a waiver or relinquishment of any rights under this Agreement.

Highly Confidential - AEO                                                    GW0006511

## 13.  SEVERABILITY

13.1.  If any provision of this Agreement is held by a court of competent jurisdiction to be contrary to law, the remaining provisions of this Agreement will remain in full force and effect insofar as they are capable in light of the court's findings.

## 14.  ASSIGNMENT

14.1  The Artist may not assign this Agreement or any of the Artist's rights or obligations under this Agreement without the prior written consent of Sabertooth.

## 15.  JURISDICTION

15.1  This Agreement will be governed by the laws of the State of Washington and subject to the exclusive jurisdiction of the United States District Court for the Western District of Washington.

SIGNED FOR AND ON BEHALF
OF SABERTOOTH INC.

Name.......................................

Date......10/4/02...............

SIGNED FOR AND ON BEHALF
OF THE ARTIST

Name.......................................

Date......10/31/02...............

Highly Confidential - AEO

**THIS AGREEMENT** is made on 04 September 2002

BETWEEN:

(1)   Sabertooth Games, Inc of 810 Industry Drive, Tukwila WA, 98188 USA ("Sabertooth")

and

(2)   Sam Wood of 11715 Palatine Ave N Seattle, WA 98133   ("Artist")

**1.   DEFINITIONS**

1.1   In this Agreement

**"Confidential Information"** means all secret or not generally known information, or all information not easily accessible by others or of a commercially sensitive nature concerning any aspect of the business of Sabertooth. By way of example but not by way of limitation, information should be treated as confidential if it includes any proprietary documentation, materials, flow charts, codes, software, computer instructions, techniques, models, information, diagrams, know-how, trade secrets, data, business records, or marketing information.

**"the Commencement Date"** means the date hereof,

**"Successful Completion"** means the date on which the Artist has completed the Works to the approval of Sabertooth, such approval to be in writing

**"the Work"** means the work to be produced in accordance with this agreement as detailed in Exhibit A hereto

**"the Works Schedule"** means the timetable that the Work is to be produced to in accordance with this agreement as detailed in Exhibit B hereto

**2.   COMMISSIONED WORK**

2.1   In consideration of the payment to the Artist of the sums set out below, the Artist agrees to produce the Work in accordance with the Works Schedule under the terms and conditions hereunder.

**3.   DURATION**

3.1   This Agreement shall commence on the Commencement Date and shall, unless terminated in any of the circumstances in clause 6 of this Agreement, continue in force until Successful Completion Date of the Stage Two Work as provided for in Annex B below.

**4.   QUALITY OF PRODUCTS**

4.1   The Artist undertakes that the Work shall be carried out in a manner consistent with high standards of materials used, workmanship and design

Highly Confidential - AEO

**5.    PAYMENT**

5.1    Sabertooth shall pay the Artist any sums due in accordance with the Works Schedule.

5.2    In the event that the Work is not completed in accordance with the Works Schedule, Sabertooth will pay the Artist as follows:

     5.2.1    For Work received 1-2 days after the Final Date: 90% of the Initial Payment
     5.2.2    For Work received 3-5 days after the Final Date:70% of the Initial Payment
     5.2.3    For Work received 6 or more days after the Final Date:0% of the Initial Payment

5.3    Notwithstanding clause 5.2, the Artist agrees that time is of the essence.

5.4    Sabertooth reserves the exclusive right, such right not however to be exercised unreasonably, to cancel in its sole discretion this Agreement in relation to any Work in progress, at which time the Artist shall deliver that part of the Work created at the time of said cancellation whereupon Sabertooth shall pay the Artist such monies as may, in Sabertooth's opinion, be reasonably proportionate to such of the Work as is completed.

**6.    TERMINATION**

6.1    Sabertooth may terminate this Agreement without prejudice to its other remedies forthwith by notice in writing to the Artist if the Artist commits a breach of this Agreement, provided that if the breach is capable of remedy the notice shall only be given if the Artist shall not have remedied the same within 5 days of having been given notice in writing specifying the breach and requiring it to be remedied.

6.2    Either party may terminate this Agreement without prejudice to its other remedies giving by two months notice in writing to the other party. For the avoidance of doubt, the parties' obligations under this Agreement will continue during the notice period.

6.3    The clauses in this Agreement which expressly or impliedly have effect after termination shall continue to be enforceable notwithstanding termination.

**7.    ASSIGNMENT OF COPYRIGHT**

7.1    The Artist hereby assigns and transfers to Sabertooth all rights, title and interest, throughout the world and in perpetuity, in all copyrights and goodwill and any other intellectual property rights vested or otherwise in the Work. For the avoidance of doubt this includes any moral rights or equivalent which the Artist may have in the Work.

7.2    The Artist agrees to execute any relevant documents at any future time at the behest of Sabertooth to fulfil the obligations contained in this clause 7.

7.3    Name credit shall be given to the Artist upon publication of the Work in the products in which it is used.  Notwithstanding any other provision of this Agreement, Sabertooth shall have no obligation to market, sell or otherwise distribute the Work, either alone or in any Sabertooth product.

7.4 Subject to this Clause 7, the Work will be returned to the Artist within a reasonable time following Successful Completion. The Artist shall not under any circumstance reproduce, copy, manufacture, alter or amend the Work following Successful Completion.

7.4 Without prejudice to the generality of the foregoing, the Artist shall have the right, upon the receipt of written approval from Sabertooth, such permission not to be unreasonably withheld, to use the Work (s) in connection with his/her portfolio, personal website and all or any non-commercial instruments of personal publicity that the Artist characteristically and reasonably uses to promote his/her artwork. Each instrument shall identify Sabertooth or its designee as the owner of all trademarks and copyrights associated with said Work(s). The Artist shall comply with all reasonable requirements that Sabertooth may communicate from time to time in relation to this Clause 7.5.

## 8.    CONFIDENTIALITY

8.1 The Artist agrees to keep confidential and use solely for the purposes of this Agreement all Confidential Information.

8.2 The obligation contained in clause 8.1 does not include information that has ceased to be secret without default on the recipient's part.

## 9.    INDEPENDENT CONTRACTOR

9.1 Artist shall be an independent contractor and not an employee of Sabertooth. Artist shall not be entitled to worker's compensation, retirement, insurance, or other benefits provided to employees of Sabertooth. Artist shall be responsible for the payment of all personal taxes, fees and other assessments arising from providing the services set forth herein and shall otherwise comply with applicable laws, ordinances, regulations and other governmental requirements related to said services. Artist has no power or authority to act for, represent, or bind Sabertooth or any company affiliated with Sabertooth in any manner, except as so authorized in writing by Sabertooth.

## 10.    ENTIRE AGREEMENT

10.1 This Agreement is the entire agreement between the parties with respect to the subject matter and supersedes any previous statements or agreements whether oral or written.

## 11.    VARIATION

11.1 No amendment or modification of this Agreement will be effective unless it is in writing and signed by both parties.

## 12.    WAIVER

12.1 The failure of either party to demand strict performance by the other party of any of this Agreement will not be a waiver or relinquishment of any rights under this Agreement.

GW0006515

**13.    SEVERABILITY**

13.1.    If any provision of this Agreement is held by a court of competent jurisdiction to be contrary to law, the remaining provisions of this Agreement will remain in full force and effect insofar as they are capable in light of the court's findings.

**14.    ASSIGNMENT**

14.1    The Artist may not assign this Agreement or any of the Artist's rights or obligations under this Agreement without the prior written consent of Sabertooth.

**15.    JURISDICTION**

15.1    This Agreement will be governed by the laws of the State of Washington and subject to the exclusive jurisdiction of the United States District Court for the Western District of Washington.

SIGNED FOR AND ON BEHALF          SIGNED FOR AND ON BEHALF
OF SABERTOOTH INC                  OF THE ARTIST

Name...............................          Name...............................

Date..............9-6·02..........          Date.........9/7/02...........

Highly Confidential - AEO                                          GW0006516

**THIS AGREEMENT** is made on 04 September 2002

BETWEEN:

(1)    Sabertooth Games, Inc of 610 Industry Drive, Tukwila WA, 98188 USA ("Sabertooth")

and

(2)    Sam Wood of      11715 Palatine Ave N. Seattle, WA 98133 ("Artist")

## 1.    DEFINITIONS

1.1    In this Agreement

**"Confidential Information"** means all secret or not generally known information, or all information not easily accessible by others or of a commercially sensitive nature concerning any aspect of the business of Sabertooth. By way of example but not by way of limitation, information should be treated as confidential if it includes any proprietary documentation, materials, flow charts, codes, software, computer instructions, techniques, models, information, diagrams, know-how, trade secrets, data, business records, or marketing information.

**"the Commencement Date"** means the date hereof,

**"Successful Completion"** means the date on which the Artist has completed the Works to the approval of Sabertooth, such approval to be in writing

**"the Work"** means the work to be produced in accordance with this agreement as detailed in Exhibit A hereto

**"the Works Schedule"** means the timetable that the Work is to be produced to in accordance with this agreement as detailed in Exhibit B hereto

## 2.    COMMISSIONED WORK

2.1    In consideration of the payment to the Artist of the sums set out below, the Artist agrees to produce the Work in accordance with the Works Schedule under the terms and conditions hereunder.

## 3.    DURATION

3.1    This Agreement shall commence on the Commencement Date and shall, unless terminated in any of the circumstances in clause 6 of this Agreement, continue in force until Successful Completion Date of the Stage Two Work as provided for in Annex B below.

## 4.    QUALITY OF PRODUCTS

4.1    The Artist undertakes that the Work shall be carried out in a manner consistent with high standards of materials used, workmanship and design

Highly Confidential - AEO

**5.      PAYMENT**

5.1      Sabertooth shall pay the Artist any sums due in accordance with the Works Schedule.

5.2      In the event that the Work is not completed in accordance with the Works Schedule, Sabertooth will pay the Artist as follows:

     5.2.1    For Work received 1-2 days after the Final Date: 90% of the Initial Payment
     5.2.2    For Work received 3-5 days after the Final Date: 70% of the Initial Payment
     5.2.3    For Work received 6 or more days after the Final Date: 0% of the Initial Payment

5.3      Notwithstanding clause 5.2, the Artist agrees that time is of the essence.

5.4      Sabertooth reserves the exclusive right, such right not however to be exercised unreasonably, to cancel in its sole discretion this Agreement in relation to any Work in progress, at which time the Artist shall deliver that part of the Work created at the time of said cancellation whereupon Sabertooth shall pay the Artist such monies as may, in Sabertooth's opinion, be reasonably proportionate to such of the Work as is completed.

**6.      TERMINATION**

6.1      Sabertooth may terminate this Agreement without prejudice to its other remedies forthwith by notice in writing to the Artist if the Artist commits a breach of this Agreement, provided that if the breach is capable of remedy the notice shall only be given if the Artist shall not have remedied the same within 5 days of having been given notice in writing specifying the breach and requiring it to be remedied.

6.2      Either party may terminate this Agreement without prejudice to its other remedies giving by two months notice in writing to the other party. For the avoidance of doubt, the parties' obligations under this Agreement will continue during the notice period.

6.3      The clauses in this Agreement which expressly or impliedly have effect after termination shall continue to be enforceable notwithstanding termination.

**7.      ASSIGNMENT OF COPYRIGHT**

7.1      The Artist hereby assigns and transfers to Sabertooth all rights, title and interest, throughout the world and in perpetuity, in all copyrights and goodwill and any other intellectual property rights vested or otherwise in the Work. For the avoidance of doubt this includes any moral rights or equivalent which the Artist may have in the Work.

7.2      The Artist agrees to execute any relevant documents at any future time at the behest of Sabertooth to fulfil the obligations contained in this clause 7.

7.3      Name credit shall be given to the Artist upon publication of the Work in the products in which it is used.  Notwithstanding any other provision of this Agreement, Sabertooth shall have no obligation to market, sell or otherwise distribute the Work, either alone or in any Sabertooth product.

          GW0006518

7.4   Subject to this Clause 7, the Work will be returned to the Artist within a reasonable time following Successful Completion. The Artist shall not under any circumstance reproduce, copy, manufacture, alter or amend the Work following Successful Completion.

7.4   Without prejudice to the generality of the foregoing, the Artist shall have the right, upon the receipt of written approval from Sabertooth, such permission not to be unreasonably withheld, to use the Work (s) in connection with his/her portfolio, personal website and all or any non-commercial instruments of personal publicity that the Artist characteristically and reasonably uses to promote his/her artwork. Each instrument shall identify Sabertooth or its designee as the owner of all trademarks and copyrights associated with said Work(s). The Artist shall comply with all reasonable requirements that Sabertooth may communicate from time to time in relation to this Clause 7.5.

## 8.   CONFIDENTIALITY

8.1   The Artist agrees to keep confidential and use solely for the purposes of this Agreement all Confidential Information.

8.2   The obligation contained in clause 8.1 does not include information that has ceased to be secret without default on the recipient's part.

## 9.   INDEPENDENT CONTRACTOR

9.1   Artist shall be an independent contractor and not an employee of Sabertooth. Artist shall not be entitled to worker's compensation, retirement, insurance, or other benefits provided to employees of Sabertooth. Artist shall be responsible for the payment of all personal taxes, fees and other assessments arising from providing the services set forth herein and shall otherwise comply with applicable laws, ordinances, regulations and other governmental requirements related to said services. Artist has no power or authority to act for, represent, or bind Sabertooth or any company affiliated with Sabertooth in any manner, except as so authorized in writing by Sabertooth.

## 10.   ENTIRE AGREEMENT

10.1   This Agreement is the entire agreement between the parties with respect to the subject matter and supersedes any previous statements or agreements whether oral or written.

## 11.   VARIATION

11.1   No amendment or modification of this Agreement will be effective unless it is in writing and signed by both parties.

## 12.   WAIVER

12.1   The failure of either party to demand strict performance by the other party of any of this Agreement will not be a waiver or relinquishment of any rights under this Agreement.

Highly Confidential - AEO

## 13.   SEVERABILITY

13.1.   If any provision of this Agreement is held by a court of competent jurisdiction to be contrary to law, the remaining provisions of this Agreement will remain in full force and effect insofar as they are capable in light of the court's findings.

## 14.   ASSIGNMENT

14.1   The Artist may not assign this Agreement or any of the Artist's rights or obligations under this Agreement without the prior written consent of Sabertooth.

## 15.   JURISDICTION

15.1   This Agreement will be governed by the laws of the State of Washington and subject to the exclusive jurisdiction of the United States District Court for the Western District of Washington.

SIGNED FOR AND ON BEHALF OF SABERTOOTH INC.

Name.....................................

Date..........9/12/03..........

SIGNED FOR AND ON BEHALF OF THE ARTIST

Name.....................................

Date..........10/6/03..........

Highly Confidential - AEO

**THIS AGREEMENT** is made on 07 January 2003

BETWEEN:

    (1)    Sabertooth Games, Inc of 610 Industry Drive, Tukwila WA, 98188 USA ("Sabertooth")

        and

    (2)    Sam Wood of 11715 Palatine Ave N Seattle, WA 98133 ("Artist")

## 1.    DEFINITIONS

1.1    In this Agreement

    **"Confidential Information"** means all secret or not generally known information, or all information not easily accessible by others or of a commercially sensitive nature concerning any aspect of the business of Sabertooth. By way of example but not by way of limitation, information should be treated as confidential if it includes any proprietary documentation, materials, flow charts, codes, software, computer instructions, techniques, models, information, diagrams, know-how, trade secrets, data, business records, or marketing information.

    **"the Commencement Date"** means the date hereof,

    **"Successful Completion"** means the date on which the Artist has completed the Works to the approval of Sabertooth, such approval to be in writing

    **"the Work"** means the work to be produced in accordance with this agreement as detailed in Exhibit A hereto

    **"the Works Schedule"** means the timetable that the Work is to be produced to in accordance with this agreement as detailed in Exhibit B hereto

## 2.    COMMISSIONED WORK

2.1    In consideration of the payment to the Artist of the sums set out below, the Artist agrees to produce the Work in accordance with the Works Schedule under the terms and conditions hereunder.

## 3.    DURATION

3.1    This Agreement shall commence on the Commencement Date and shall, unless terminated in any of the circumstances in clause 6 of this Agreement, continue in force until Successful Completion Date of the Stage Two Work as provided for in Annex B below.

## 4.    QUALITY OF PRODUCTS

4.1    The Artist undertakes that the Work shall be carried out in a manner consistent with high standards of materials used, workmanship and design

Highly Confidential - AEO

**5.      PAYMENT**

5.1      Sabertooth shall pay the Artist any sums due in accordance with the Works Schedule.

5.2      In the event that the Work is not completed in accordance with the Works Schedule, Sabertooth will pay the Artist as follows:

     5.2.1   For Work received 1-2 days after the Final Date: 90% of the Initial Payment
     5.2.2   For Work received 3-5 days after the Final Date:70% of the Initial Payment
     5.2.3   For Work received 6 or more days after the Final Date:0% of the Initial Payment

5.3      Notwithstanding clause 5.2, the Artist agrees that time is of the essence.

5.4      Sabertooth reserves the exclusive right, such right not however to be exercised unreasonably, to cancel in its sole discretion this Agreement in relation to any Work in progress, at which time the Artist shall deliver that part of the Work created at the time of said cancellation whereupon Sabertooth shall pay the Artist such monies as may, in Sabertooth's opinion, be reasonably proportionate to such of the Work as is completed.

**6.      TERMINATION**

6.1      Sabertooth may terminate this Agreement without prejudice to its other remedies forthwith by notice in writing to the Artist if the Artist commits a breach of this Agreement, provided that if the breach is capable of remedy the notice shall only be given if the Artist shall not have remedied the same within 5 days of having been given notice in writing specifying the breach and requiring it to be remedied.

6.2      Either party may terminate this Agreement without prejudice to its other remedies giving by two months notice in writing to the other party. For the avoidance of doubt, the parties' obligations under this Agreement will continue during the notice period.

6.3      The clauses in this Agreement which expressly or impliedly have effect after termination shall continue to be enforceable notwithstanding termination.

**7.      ASSIGNMENT OF COPYRIGHT**

7.1      The Artist hereby assigns and transfers to Sabertooth all rights, title and interest, throughout the world and in perpetuity, in all copyrights and goodwill and any other intellectual property rights vested or otherwise in the Work. For the avoidance of doubt this includes any moral rights or equivalent which the Artist may have in the Work.

7.2      The Artist agrees to execute any relevant documents at any future time at the behest of Sabertooth to fulfil the obligations contained in this clause 7.

7.3      Name credit shall be given to the Artist upon publication of the Work in the products in which it is used.  Notwithstanding any other provision of this Agreement, Sabertooth shall have no obligation to market, sell or otherwise distribute the Work, either alone or in any Sabertooth product.

7.4     Subject to this Clause 7, the Work will be returned to the Artist within a reasonable time following Successful Completion. The Artist shall not under any circumstance reproduce, copy, manufacture, alter or amend the Work following Successful Completion.

7.4     Without prejudice to the generality of the foregoing, the Artist shall have the right, upon the receipt of written approval from Sabertooth, such permission not to be unreasonably withheld, to use the Work (s) in connection with his/her portfolio, personal website and all or any non-commercial instruments of personal publicity that the Artist characteristically and reasonably uses to promote his/her artwork. Each instrument shall identify Sabertooth or its designee as the owner of all trademarks and copyrights associated with said Work(s). The Artist shall comply with all reasonable requirements that Sabertooth may communicate from time to time in relation to this Clause 7.5.

## 8.     CONFIDENTIALITY

8.1     The Artist agrees to keep confidential and use solely for the purposes of this Agreement all Confidential Information.

8.2     The obligation contained in clause 8.1 does not include information that has ceased to be secret without default on the recipient's part.

## 9.     INDEPENDENT CONTRACTOR

9.1     Artist shall be an independent contractor and not an employee of Sabertooth. Artist shall not be entitled to worker's compensation, retirement, insurance, or other benefits provided to employees of Sabertooth. Artist shall be responsible for the payment of all personal taxes, fees and other assessments arising from providing the services set forth herein and shall otherwise comply with applicable laws, ordinances, regulations and other governmental requirements related to said services. Artist has no power or authority to act for, represent, or bind Sabertooth or any company affiliated with Sabertooth in any manner, except as so authorized in writing by Sabertooth.

## 10.     ENTIRE AGREEMENT

10.1    This Agreement is the entire agreement between the parties with respect to the subject matter and supersedes any previous statements or agreements whether oral or written.

## 11.     VARIATION

11.1    No amendment or modification of this Agreement will be effective unless it is in writing and signed by both parties.

## 12.     WAIVER

12.1    The failure of either party to demand strict performance by the other party of any of this Agreement will not be a waiver or relinquishment of any rights under this Agreement.

Highly Confidential - AEO

## 13.   SEVERABILITY

13.1.   If any provision of this Agreement is held by a court of competent jurisdiction to be contrary to law, the remaining provisions of this Agreement will remain in full force and effect insofar as they are capable in light of the court's findings.

## 14.   ASSIGNMENT

14.1   The Artist may not assign this Agreement or any of the Artist's rights or obligations under this Agreement without the prior written consent of Sabertooth.

## 15.   JURISDICTION

15.1   This Agreement will be governed by the laws of the State of Washington and subject to the exclusive jurisdiction of the United States District Court for the Western District of Washington.

SIGNED FOR AND ON BEHALF
OF SABERTOOTH INC.

Name.....................................

Date..............1/17/03...............

SIGNED FOR AND ON BEHALF
OF THE ARTIST

Name.....................................

Date..............1/17/03...............

Highly Confidential - AEO

**EXHIBIT**

**The Work: Warhammer Fantasy, Set 1**

Artist Name and Address:
Sam Wood 11715 Palatine
Ave N
Seattle, WA 98133

Social Security Number (if applicable): 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

Name to appear on published work: Sam Wood

| Description | Art number | | |
|---|---|---|---|
| Markus Darkblade | 1353 | Husk Knights | 1390 |
| Blood Thirster | 1379 | Swarm Attack | 1557 |
| | | 7 @ $300 | |

Morathi
Teclis
1MARK

'08
2000

**EXHIBIT B**

**The Works Schedule**

The Artist will produce the Work in accordance with the following timetable:

A    A sketch of the Work must be completed and delivered to Sabertooth by    [        ]
(Oct 21st, 2002) ("Sketch Date")

B    The Work in final form must be completed and delivered to Sabertooth by
[Nov 25th, 2002] ("Final Date")

C    Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of
same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following
timetable:

☐    PAYMENT METHOD ONE

C    [ $600 1050 ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D    [ $600 1050 ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the
following timetable:

#1549
2650
12/27

☐    PAYMENT METHOD TWO

E    [$1,000    ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

For office use only
Initial Check #
Initial Amount    $ 1050
Date

Final Check #    1521
Final Amount    $1050
Date    3/26/05

Highly Confidential - AEO

**EXHIBIT A**

**The Work**

```
Death Guard Tac Squad        1224        Nurgle Chaos Champion        1318
Hag Queen (ugly)             1227        4 @ $300
Hag Queen (pretty)           1228
```

Sam Wood
11715 Palatine Ave N
Seattle, WA 98133
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

**EXHIBIT B**

#1383
$459
10/9/02

**The Works Schedule**

The Artist will produce the Work in accordance with the following timetable:

A    A sketch of the Work must be completed and delivered to Sabertooth by        [        ]
("Sketch Date")

B    The Work in final form must be completed and delivered to Sabertooth by
[            ] ("Final Date")

C    Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of
same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following
timetable:

[X]    PAYMENT METHOD ONE

C    [ 450  $600   ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D    [ 450  $600   ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the
following timetable:

[ ]    PAYMENT METHOD TWO

E    [      $1000  ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

| For office use only | | |
|---|---|---|
| Initial Check # | Final Check # | 1768  MALOGRIM |
| Initial Amount    $600 | Final Amount   450 | |
| Date | Date   3/26/07 | |

Highly Confidential - AEO

**EXHIBIT A**

**The Work**

Death Guard Tac Squad          1224          Nurgle Chaos Champion          1318
Hag Queen (ugly)                1227          **4 @ $300**
Hag Queen (pretty)              1228

#1391                                         Sam Wood
$150=                                         11715 Palatine Ave N
10/10/02          **EXHIBIT B**              Seattle, WA 98133
                                              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

**The Works Schedule**

The Artist will produce the Work in accordance with the following timetable:

A     A sketch of the Work must be completed and delivered to Sabertooth by     [          ]
      ("Sketch Date")

B     The Work in final form must be completed and delivered to Sabertooth by
      [          ] ("Final Date")

C     Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of
same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following
timetable:

[X]     PAYMENT METHOD ONE

C     [ 150  $600   ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D     [ 150  $600   ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the
following timetable:

[ ]     PAYMENT METHOD TWO

E     [     $1000  ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

For office use only
Initial Check #                              Final Check #   set 6  1765
Initial Amount   $600                        Final Amount    $600  150
Date                                         Date            3/26/07

Highly Confidential - AEO                                          GW0006527