**EXHIBIT**

**The Work: Warhammer WarCry, Set 2 (Winds of Magic)**
Artist Name and Address: Sam Wood 11715 Palatine Ave N Seattle, WA 98133
Social Security Number (if applicable):

| Description | Art number | | |
|---|---|---|---|
| | | 1801 | Flank Charge |
| 1725 | Malekith, Witch King of Naggaroth | 1752 | Everqueen |
| 1743 | Reiksmarshall Captain Kurt Helborg | **5 @ $300** | |
| 1748 | Griffon (Elector Count) | | |

**EXHIBIT B**

**The Works Schedule**

The Artist will produce the Work in accordance with the following timetable:

A    A sketch of the Work must be completed and delivered to Sabertooth by          [End of Jan]
("Sketch Date")

B    The Work in final form must be completed and delivered to Sabertooth by
[ Feb 19th] ("Final Date")

C    Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of
same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following
timetable:

☒    PAYMENT METHOD ONE

C    [    $750   ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D    [    $750   ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the
following timetable:

☐    PAYMENT METHOD TWO

E    [    $1350  ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

For office use only
Initial Check #          1909          Final Check #    217
Initial Amount    750 (600/150)        Final Amount    750
Date    4/16/03                        Date    7/9/03

## EXHIBIT

**The Work: Warhammer WarCry, Set 2 (Winds of Magic)**
Artist Name and Address: Sam Wood 11715 Palatine Ave N Seattle, WA 98133
Social Security Number (if applicable):

| **Description** | **Art number** | | |
|---|---|---|---|
| | | 1801 | Flank Charge |
| 1725 | Malekith, Witch King of Naggaroth | 1752 | Everqueen |
| 1743 | Reiksmarshall Captain Kurt Helborg | 5 @ $300 | |
| 1748 | Griffon (Elector Count) | | |

SIEGE –

## EXHIBIT B

### The Works Schedule

The Artist will produce the Work in accordance with the following timetable:

A    A sketch of the Work must be completed and delivered to Sabertooth by    [End of Jan] ("Sketch Date")

B    The Work in final form must be completed and delivered to Sabertooth by [ Feb 19th] ("Final Date")

C    Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following timetable:

☒    PAYMENT METHOD ONE

C    [    $750    ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D    [    $750    ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the following timetable:

☐    PAYMENT METHOD TWO

E    [    $1350    ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

| For office use only | | |
|---|---|---|
| Initial Check # _1909_ | Final Check # _2117_ | |
| Initial Amount _750 (600/150)_ | Final Amount _750_ | |
| Date _4/16/03_ | Date _7/9/03_ | |

Highly Confidential - AEO

**THIS AGREEMENT** is made on 06 November 2003

BETWEEN:

    (1)    Sabertooth Games, Inc of 610 Industry Drive, Tukwila WA, 98188 USA ("Sabertooth")

           and

    (2)    Sam Wood of 11715 Palatine Ave N Seattle WA 98133 ("Artist")

## 1.    DEFINITIONS

1.1    In this Agreement

    **"Confidential Information"** means all secret or not generally known information, or all information not easily accessible by others or of a commercially sensitive nature concerning any aspect of the business of Sabertooth. By way of example but not by way of limitation, information should be treated as confidential if it includes any proprietary documentation, materials, flow charts, codes, software, computer instructions, techniques, models, information, diagrams, know-how, trade secrets, data, business records, or marketing information.

    **"the Commencement Date"** means the date hereof,

    **"Successful Completion"** means the date on which the Artist has completed the Works to the approval of Sabertooth, such approval to be in writing

    **"the Work"** means the work to be produced in accordance with this agreement as detailed in Exhibit A hereto

    **"the Works Schedule"** means the timetable that the Work is to be produced to in accordance with this agreement as detailed in Exhibit B hereto

## 2.    COMMISSIONED WORK

2.1    In consideration of the payment to the Artist of the sums set out below, the Artist agrees to produce the Work in accordance with the Works Schedule under the terms and conditions hereunder.

## 3.    DURATION

3.1    This Agreement shall commence on the Commencement Date and shall, unless terminated in any of the circumstances in clause 6 of this Agreement, continue in force until Successful Completion Date of the Stage Two Work as provided for in Annex B below.

Highly Confidential - AEO    

4.      **QUALITY OF PRODUCTS**

4.1     The Artist undertakes that the Work shall be carried out in a manner consistent with high standards of materials used, workmanship and design

5.      **PAYMENT**

5.1     Sabertooth shall pay the Artist any sums due in accordance with the Works Schedule.

5.2     In the event that the Work is not completed in accordance with the Works Schedule, Sabertooth will pay the Artist as follows:

   5.2.1   For Work received 1-2 days after the Final Date: 90% of the Initial Payment
   5.2.2   For Work received 3-5 days after the Final Date: 70% of the Initial Payment
   5.2.3   For Work received 6 or more days after the Final Date: 0% of the Initial Payment

5.3     Notwithstanding clause 5.2, the Artist agrees that time is of the essence.

5.4     Sabertooth reserves the exclusive right, such right not however to be exercised unreasonably, to cancel in its sole discretion this Agreement in relation to any Work in progress, at which time the Artist shall deliver that part of the Work created at the time of said cancellation whereupon Sabertooth shall pay the Artist such monies as may, in Sabertooth's opinion, be reasonably proportionate to such of the Work as is completed.

6.      **TERMINATION**

6.1     Sabertooth may terminate this Agreement without prejudice to its other remedies forthwith by notice in writing to the Artist if the Artist commits a breach of this Agreement, provided that if the breach is capable of remedy the notice shall only be given if the Artist shall not have remedied the same within 5 days of having been given notice in writing specifying the breach and requiring it to be remedied.

6.2     Either party may terminate this Agreement without prejudice to its other remedies giving by two months notice in writing to the other party. For the avoidance of doubt, the parties' obligations under this Agreement will continue during the notice period.

6.3     The clauses in this Agreement which expressly or impliedly have effect after termination shall continue to be enforceable notwithstanding termination.

7.      **ASSIGNMENT OF COPYRIGHT**

7.1     The Artist hereby assigns and transfers to Sabertooth all rights, title and interest, throughout the world and in perpetuity, in all copyrights and goodwill and any other intellectual property rights vested or otherwise in the Work. For the avoidance of doubt this includes any moral rights or equivalent which the Artist may have in the Work.

Highly Confidential - AEO

7.2    The Artist agrees to execute any relevant documents at any future time at the behest of Sabertooth to fulfil the obligations contained in this clause 7.

7.3    Name credit shall be given to the Artist upon publication of the Work in the products in which it is used.  Notwithstanding any other provision of this Agreement, Sabertooth shall have no obligation to market, sell or otherwise distribute the Work, either alone or in any Sabertooth product.

7.4    Subject to this Clause 7, the Work will be returned to the Artist within a reasonable time following Successful Completion. The Artist shall not under any circumstance reproduce, copy, manufacture, alter or amend the Work following Successful Completion.

7.4    Without prejudice to the generality of the foregoing, the Artist shall have the right, upon the receipt of written approval from Sabertooth, such permission not to be unreasonably withheld, to use the Work (s) in connection with his/her portfolio, personal website and all or any non-commercial instruments of personal publicity that the Artist characteristically and reasonably uses to promote his/her artwork.  Each instrument shall identify Sabertooth or its designee as the owner of all trademarks and copyrights associated with said Work(s).  The Artist shall comply with all reasonable requirements that Sabertooth may communicate from time to time in relation to this Clause 7.5.

## 8.    CONFIDENTIALITY

8.1    The Artist agrees to keep confidential and use solely for the purposes of this Agreement all Confidential Information.

8.2    The obligation contained in clause 8.1 does not include information that has ceased to be secret without default on the recipient's part.

## 9.    INDEPENDENT CONTRACTOR

9.1    Artist shall be an independent contractor and not an employee of Sabertooth.  Artist shall not be entitled to worker's compensation, retirement, insurance, or other benefits provided to employees of Sabertooth.  Artist shall be responsible for the payment of all personal taxes, fees and other assessments arising from providing the services set forth herein and shall otherwise comply with applicable laws, ordinances, regulations and other governmental requirements related to said services.  Artist has no power or authority to act for, represent, or bind Sabertooth or any company affiliated with Sabertooth in any manner, except as so authorized in writing by Sabertooth.

## 10.    ENTIRE AGREEMENT

10.1    This Agreement is the entire agreement between the parties with respect to the subject matter and supersedes any previous statements or agreements whether oral or written.

## 11.    VARIATION

11.1    No amendment or modification of this Agreement will be effective unless it is in writing and signed by both parties.

## 12.    WAIVER

12.1    The failure of either party to demand strict performance by the other party of any of this Agreement will not be a waiver or relinquishment of any rights under this Agreement.

## 13.    SEVERABILITY

13.1.    If any provision of this Agreement is held by a court of competent jurisdiction to be contrary to law, the remaining provisions of this Agreement will remain in full force and effect insofar as they are capable in light of the court's findings.

## 14.    ASSIGNMENT

14.1    The Artist may not assign this Agreement or any of the Artist's rights or obligations under this Agreement without the prior written consent of Sabertooth.

## 15.    JURISDICTION

15.1    This Agreement will be governed by the laws of the State of Washington and subject to the exclusive jurisdiction of the United States District Court for the Western District of Washington.

SIGNED FOR AND ON BEHALF                    SIGNED FOR AND ON BEHALF
OF SABERTOOTH INC.                          OF THE ARTIST

Name.........................                Name.........................

Date.......11/6/03..........                Date.....11/12/03........

Highly Confidential - AEO

**EXHIBIT**

**The Work: Warhammer Horus Heresy Set 2 (Sedition's Gate)**
Artist Name and Address: Sam Wood; 11715 Palatine Ave N; Seattle, WA 98133
Social Security Number (if applicable): 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

| Art num | Description | | |
|---------|-------------|------|------------------------|
| 2339 | Sorcerer 1 + Bodyguard | 2366 | Thousand Sons Character 1 |
| 2343 | Khorne Berzerkers 1.1 | 2395 | SoS Tac Squad 4.1 |
| 2362 | Fabius Bile | | |

5 @ $300

**EXHIBIT B**

**The Works Schedule**

The Artist will produce the Work in accordance with the following timetable:

A       A sketch of the Work must be completed and delivered to Sabertooth by       [End of Sept]
        ("Sketch Date")

B       The Work in final form must be completed and delivered to Sabertooth by
        [ Oct 17th] ("Final Date")

C       Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of
        same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following
timetable:

☒       PAYMENT METHOD ONE

C       [$750      ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D       [$750      ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the
following timetable:

☐       PAYMENT METHOD TWO

E       [$1350     ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

| For office use only | | | |
|---|---|---|---|
| Initial Check # | 2427 | Final Check # | 1012 |
| Initial Amount | ₩ Set 2   750 | Final Amount | ₩ Set - 750 |
| Date | 11/7/03 | Date | 3/8/04 |

Highly Confidential - AEO

## EXHIBIT

**The Work: Warhammer Horus Heresy Set 2 (Sedition's Gate)**
Artist Name and Address: Sam Wood; 11715 Palatine Ave N; Seattle, WA 98133
Social Security Number (if applicable): 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

| Art num | Description | | |
|---|---|---|---|
| 2339 | Sorcerer 1 + Bodyguard | 2366 | Thousand Sons Character 1 |
| 2343 | Khorne Berzerkers 1.1 | 2395 | SoS Tac Squad 4.1 |
| 2362 | Fabius Bile | | |

5 @ $300

## EXHIBIT B

### The Works Schedule

The Artist will produce the Work in accordance with the following timetable:

A   A sketch of the Work must be completed and delivered to Sabertooth by        [End of Sept]
("Sketch Date")

B   The Work in final form must be completed and delivered to Sabertooth by
[ Oct 17th] ("Final Date")

C   Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of
same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following
timetable:

☒   PAYMENT METHOD ONE

C   [$750        ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D   [$750        ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the
following timetable:

☐   PAYMENT METHOD TWO

E   [$1350        ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

For office use only
Initial Check # 2437
Initial Amount tth set 2    750
Date   11/7/03

Final Check #
Final Amount
Date



Highly Confidential - AEO                                    GW0006535

**EXHIBIT**

**The Work: Warhammer Horus Heresy Set 1**

Artist Name and Address:
Sam Wood 11715 Palatine
Ave N
Seattle, WA 98133

Social Security Number (if applicable):
574-58-818ス

Name to appear on published work:
_____

**Description    Art number**
Tac Squad    2118

**1 @ $300**

**EXHIBIT B**

**The Works Schedule**

The Artist will produce the Work in accordance with the following timetable:

A    A sketch of the Work must be completed and delivered to Sabertooth by [June 20, 2003] ("Sketch Date")

B    The Work in final form must be completed and delivered to Sabertooth by [July 11th, 2003] ("Final Date")

C    Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following timetable:

☒    PAYMENT METHOD ONE

C    [$    150    ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D    [$    150    ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the following timetable:

☐    PAYMENT METHOD TWO

E    [$    270    ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

| For office use only | |
|---|---|
| Initial Check #  2341 | Final Check # |
| Initial Amount  $300 | Final Amount |
| Date  10/20/03 | Date |



Highly Confidential - AEO

**THIS AGREEMENT** is made on 9-3-2004

BETWEEN:

(1)     Sabertooth Games, Inc of 6211 East Holmes Rd Suite 102, Memphis TN 38141
("Sabertooth")

and

(2)     Sam Wood      ("Artist")  11715 Palatine Ave N, Seattle, WA 98133

## 1.     DEFINITIONS

1.1     In this Agreement

**"Confidential Information"** means all secret or not generally known information or all information not easily accessible by others or of a commercially sensitive nature concerning any aspect of the business of Sabertooth. By way of example but not by way of limitation, information should be treated as confidential if it includes any proprietary documentation, materials, flow charts, codes, software, computer instructions, techniques, models, information, diagrams, know-how, trade secrets, data, business records, or marketing information.

**"the Commencement Date"** means the date hereof,

**"Successful Completion"** means the date on which the Artist has completed the Works to the approval of Sabertooth, such approval to be in writing

**"the Work"** means the work to be produced in accordance with this agreement as detailed in Exhibit A hereto

**"the Works Schedule"** means the timetable that the Work is to be produced to in accordance with this agreement as detailed in Exhibit B hereto

## 2.     COMMISSIONED WORK

2.1     In consideration of the payment to the Artist of the sums set out below, the Artist agrees to produce the Work in accordance with the Works Schedule under the terms and conditions hereunder.

## 3.     DURATION

3.1     This Agreement shall commence on the Commencement Date and shall, unless terminated in any of the circumstances in clause 6 of this Agreement, continue in force until Successful Completion Date of the Stage Two Work as provided for in Annex B below.

## 4.     QUALITY OF PRODUCTS

Highly Confidential - AEO

4.1   The Artist undertakes that the Work shall be carried out in a manner consistent with high standards of materials used, workmanship and design

## 5.   PAYMENT

5.1   Sabertooth shall pay the Artist any sums due in accordance with the Works Schedule.

5.2   In the event that the Work is not completed in accordance with the Works Schedule, Sabertooth will pay the Artist as follows:

     5.2.1   For Work received 1-2 days after the Final Date: 90% of the Initial Payment
     5.2.2   For Work received 3-5 days after the Final Date:70% of the Initial Payment
     5.2.3   For Work received 6 or more days after the Final Date:0% of the Initial Payment

5.3   Notwithstanding clause 5.2, the Artist agrees that time is of the essence.

5.4   Sabertooth reserves the exclusive right, such right not however to be exercised unreasonably, to cancel in its sole discretion this Agreement in relation to any Work in progress, at which time the Artist shall deliver that part of the Work created at the time of said cancellation whereupon Sabertooth shall pay the Artist such monies as may, in Sabertooth's opinion, be reasonably proportionate to such of the Work as is completed.

## 6.   TERMINATION

6.1   Sabertooth may terminate this Agreement without prejudice to its other remedies forthwith by notice in writing to the Artist if the Artist commits a breach of this Agreement, provided that if the breach is capable of remedy the notice shall only be given if the Artist shall not have remedied the same within 5 days of having been given notice in writing specifying the breach and requiring it to be remedied.

6.2   Either party may terminate this Agreement without prejudice to its other remedies giving by two months notice in writing to the other party. For the avoidance of doubt, the parties' obligations under this Agreement will continue during the notice period.

6.3   The clauses in this Agreement which expressly or impliedly have effect after termination shall continue to be enforceable notwithstanding termination.

## 7.   ASSIGNMENT OF COPYRIGHT

7.1   The Artist hereby assigns and transfers to Sabertooth all rights, title and interest, throughout the world and in perpetuity, in all copyrights and goodwill and any other intellectual property rights vested or otherwise in the Work. For the avoidance of doubt this includes any moral rights or equivalent which the Artist may have in the Work.

7.2   The Artist agrees to execute any relevant documents at any future time at the behest of Sabertooth to fulfil the obligations contained in this clause 7.

7.3   Name credit shall be given to the Artist upon publication of the Work in the products in which it is used. Notwithstanding any other provision of this Agreement, Sabertooth shall have no obligation to market, sell or otherwise distribute the Work, either alone or in any Sabertooth product.

GW0006538

7.4     Subject to this Clause 7, the Work will be returned to the Artist within a reasonable time following Successful Completion. The Artist shall not under any circumstance reproduce, copy, manufacture, alter or amend the Work following Successful Completion.

7.4     Without prejudice to the generality of the foregoing, the Artist shall have the right, upon the receipt of written approval from Sabertooth, such permission not to be unreasonably withheld, to use the Work (s) in connection with his/her portfolio, personal website and all or any non-commercial instruments of personal publicity that the Artist characteristically and reasonably uses to promote his/her artwork. Each instrument shall identify Sabertooth or its designee as the owner of all trademarks and copyrights associated with said Work(s). The Artist shall comply with all reasonable requirements that Sabertooth may communicate from time to time in relation to this Clause 7.5.

**8.      CONFIDENTIALITY**

8.1     The Artist agrees to keep confidential and use solely for the purposes of this Agreement all Confidential Information.

8.2     The obligation contained in clause 8.1 does not include information that has ceased to be secret without default on the recipient's part.

**9.      INDEPENDENT CONTRACTOR**

9.1     Artist shall be an independent contractor and not an employee of Sabertooth. Artist shall not be entitled to worker's compensation, retirement, insurance, or other benefits provided to employees of Sabertooth. Artist shall be responsible for the payment of all personal taxes, fees and other assessments arising from providing the services set forth herein and shall otherwise comply with applicable laws, ordinances, regulations and other governmental requirements related to said services. Artist has no power or authority to act for, represent, or bind Sabertooth or any company affiliated with Sabertooth in any manner, except as so authorized in writing by Sabertooth.

**10.     ENTIRE AGREEMENT**

10.1    This Agreement is the entire agreement between the parties with respect to the subject matter and supersedes any previous statements or agreements whether oral or written.

**11.     VARIATION**

11.1    No amendment or modification of this Agreement will be effective unless it is in writing and signed by both parties.

**12.     WAIVER**

12.1    The failure of either party to demand strict performance by the other party of any of this Agreement will not be a waiver or relinquishment of any rights under this Agreement.

Highly Confidential - AEO

**13.**     **SEVERABILITY**

13.1.    If any provision of this Agreement is held by a court of competent jurisdiction to be contrary to law, the remaining provisions of this Agreement will remain in full force and effect insofar as they are capable in light of the court's findings.

**14.**     **ASSIGNMENT**

14.1     The Artist may not assign this Agreement or any of the Artist's rights or obligations under this Agreement without the prior written consent of Sabertooth.

**15.**     **JURISDICTION**

15.1     This Agreement will be governed by the laws of the State of Washington and subject to the exclusive jurisdiction of the United States District Court for the Western District of Washington.

SIGNED FOR AND ON BEHALF      SIGNED FOR AND ON BEHALF
OF SABERTOOTH INC           OF THE ARTIST

Name: .......................................    Name: .......................................

Date: ............9- 3. 04        Date: ........10/19/04

**THIS AGREEMENT** is made on 16 April 2004

BETWEEN:

(1)     Sabertooth Games, Inc of 610 Industry Drive, Tukwila WA, 98188 USA ("Sabertooth")

and

(2)     Sam Wood of 11715 Palatine Ave N Seattle WA 98133  ("Artist")

## 1.     DEFINITIONS

1.1     In this Agreement

**"Confidential Information"** means all secret or not generally known information, or all information not easily accessible by others or of a commercially sensitive nature concerning any aspect of the business of Sabertooth. By way of example but not by way of limitation, information should be treated as confidential if it includes any proprietary documentation, materials, flow charts, codes, software, computer instructions, techniques, models, information, diagrams, know-how, trade secrets, data, business records, or marketing information.

**"the Commencement Date"** means the date hereof,

**"Successful Completion"** means the date on which the Artist has completed the Works to the approval of Sabertooth, such approval to be in writing

**"the Work"** means the work to be produced in accordance with this agreement as detailed in Exhibit A hereto

**"the Works Schedule"** means the timetable that the Work is to be produced to in accordance with this agreement as detailed in Exhibit B hereto

## 2.     COMMISSIONED WORK

2.1     In consideration of the payment to the Artist of the sums set out below, the Artist agrees to produce the Work in accordance with the Works Schedule under the terms and conditions hereunder.

## 3.     DURATION

3.1     This Agreement shall commence on the Commencement Date and shall, unless terminated in any of the circumstances in clause 6 of this Agreement, continue in force until Successful Completion Date of the Stage Two Work as provided for in Annex B below.

**4.**     **QUALITY OF PRODUCTS**

4.1     The Artist undertakes that the Work shall be carried out in a manner consistent with high standards of materials used, workmanship and design

**5.**     **PAYMENT**

5.1     Sabertooth shall pay the Artist any sums due in accordance with the Works Schedule.

5.2     In the event that the Work is not completed in accordance with the Works Schedule, Sabertooth will pay the Artist as follows:

      5.2.1   For Work received 1-2 days after the Final Date: 90% of the Initial Payment
      5.2.2   For Work received 3-5 days after the Final Date:70% of the Initial Payment
      5.2.3   For Work received 6 or more days after the Final Date:0% of the Initial Payment

5.3     Notwithstanding clause 5.2, the Artist agrees that time is of the essence.

5.4     Sabertooth reserves the exclusive right, such right not however to be exercised unreasonably, to cancel in its sole discretion this Agreement in relation to any Work in progress, at which time the Artist shall deliver that part of the Work created at the time of said cancellation whereupon Sabertooth shall pay the Artist such monies as may, in Sabertooth's opinion, be reasonably proportionate to such of the Work as is completed.

**6.**     **TERMINATION**

6.1     Sabertooth may terminate this Agreement without prejudice to its other remedies forthwith by notice in writing to the Artist if the Artist commits a breach of this Agreement, provided that if the breach is capable of remedy the notice shall only be given if the Artist shall not have remedied the same within 5 days of having been given notice in writing specifying the breach and requiring it to be remedied.

6.2     Either party may terminate this Agreement without prejudice to its other remedies giving by two months notice in writing to the other party. For the avoidance of doubt, the parties' obligations under this Agreement will continue during the notice period.

6.3     The clauses in this Agreement which expressly or impliedly have effect after termination shall continue to be enforceable notwithstanding termination.

**7.**     **ASSIGNMENT OF COPYRIGHT**

7.1     The Artist hereby assigns and transfers to Sabertooth all rights, title and interest, throughout the world and in perpetuity, in all copyrights and goodwill and any other intellectual property rights vested or otherwise in the Work. For the avoidance of doubt this includes any moral rights or equivalent which the Artist may have in the Work.

                                                                  GW0006542

7.2     The Artist agrees to execute any relevant documents at any future time at the behest of Sabertooth to fulfil the obligations contained in this clause 7.

7.3     Name credit shall be given to the Artist upon publication of the Work in the products in which it is used.  Notwithstanding any other provision of this Agreement, Sabertooth shall have no obligation to market, sell or otherwise distribute the Work, either alone or in any Sabertooth product.

7.4     Subject to this Clause 7, the Work will be returned to the Artist within a reasonable time following Successful Completion. The Artist shall not under any circumstance reproduce, copy, manufacture, alter or amend the Work following Successful Completion.

7.4     Without prejudice to the generality of the foregoing, the Artist shall have the right, upon the receipt of written approval from Sabertooth, such permission not to be unreasonably withheld, to use the Work (s) in connection with his/her portfolio, personal website and all or any non-commercial instruments of personal publicity that the Artist characteristically and reasonably uses to promote his/her artwork.  Each instrument shall identify Sabertooth or its designee as the owner of all trademarks and copyrights associated with said Work(s).  The Artist shall comply with all reasonable requirements that Sabertooth may communicate from time to time in relation to this Clause 7.5.

## 8.     CONFIDENTIALITY

8.1     The Artist agrees to keep confidential and use solely for the purposes of this Agreement all Confidential Information.

8.2     The obligation contained in clause 8.1 does not include information that has ceased to be secret without default on the recipient's part.

## 9.     INDEPENDENT CONTRACTOR

9.1     Artist shall be an independent contractor and not an employee of Sabertooth.  Artist shall not be entitled to worker's compensation, retirement, insurance, or other benefits provided to employees of Sabertooth.  Artist shall be responsible for the payment of all personal taxes, fees and other assessments arising from providing the services set forth herein and shall otherwise comply with applicable laws, ordinances, regulations and other governmental requirements related to said services.  Artist has no power or authority to act for, represent, or bind Sabertooth or any company affiliated with Sabertooth in any manner, except as so authorized in writing by Sabertooth.

## 10.    ENTIRE AGREEMENT

10.1    This Agreement is the entire agreement between the parties with respect to the subject matter and supersedes any previous statements or agreements whether oral or written.

## 11.  VARIATION

11.1  No amendment or modification of this Agreement will be effective unless it is in writing and signed by both parties.

## 12.  WAIVER

12.1  The failure of either party to demand strict performance by the other party of any of this Agreement will not be a waiver or relinquishment of any rights under this Agreement.

## 13.  SEVERABILITY

13.1.  If any provision of this Agreement is held by a court of competent jurisdiction to be contrary to law, the remaining provisions of this Agreement will remain in full force and effect insofar as they are capable in light of the court's findings.

## 14.  ASSIGNMENT

14.1  The Artist may not assign this Agreement or any of the Artist's rights or obligations under this Agreement without the prior written consent of Sabertooth.

## 15.  JURISDICTION

15.1  This Agreement will be governed by the laws of the State of Washington and subject to the exclusive jurisdiction of the United States District Court for the Western District of Washington.


SIGNED FOR AND ON BEHALF             SIGNED FOR AND ON BEHALF
OF SABERTOOTH INC.                   OF THE ARTIST

Name.................................          Name.................................

Date    4/16/2004                    Date  4/27/04

Highly Confidential - AEO

**THIS AGREEMENT** is made on 19 May 2004

BETWEEN:

(1)     Sabertooth Games, Inc of 6211 East Holmes Road, Suite 102, Memphis TN 38141 ("Sabertooth")

        And

(2)     Sam Wood          ("Artist")      of

11715 Palatine Ave N
Seattle, WA 98133
United States of America

## 1.     DEFINITIONS

1.1     In this Agreement

**"Confidential Information"** means all secret or not generally known information or all information not easily accessible by others or of a commercially sensitive nature concerning any aspect of the business of Sabertooth. By way of example but not by way of limitation, information should be treated as confidential if it includes any proprietary documentation, materials, flow charts, codes, software, computer instructions, techniques, models, information, diagrams, know-how, trade secrets, data, business records, or marketing information.

**"the Commencement Date"** means the date hereof,

**"Successful Completion"** means the date on which the Artist has completed the Works to the approval of Sabertooth, such approval to be in writing

**"the Work"** means the work to be produced in accordance with this agreement as detailed in Exhibit A hereto

**"the Works Schedule"** means the timetable that the Work is to be produced to in accordance with this agreement as detailed in Exhibit B hereto

## 2.     COMMISSIONED WORK

2.1     In consideration of the payment to the Artist of the sums set out below, the Artist agrees to produce the Work in accordance with the Works Schedule under the terms and conditions hereunder.

## 3.     DURATION

3.1     This Agreement shall commence on the Commencement Date and shall, unless terminated in any of the circumstances in clause 6 of this Agreement, continue in force until Successful Completion Date of the Stage Two Work as provided for in Annex B below.

## 4.     QUALITY OF PRODUCTS

Highly Confidential - AEO

4.1     The Artist undertakes that the Work shall be carried out in a manner consistent with high standards of materials used, workmanship and design

## 5.     PAYMENT

5.1     Sabertooth shall pay the Artist any sums due in accordance with the Works Schedule.

5.2     In the event that the Work is not completed in accordance with the Works Schedule, Sabertooth will pay the Artist as follows:

> 5.2.1   For Work received 1-2 days after the Final Date: 90% of the Initial Payment
> 5.2.2   For Work received 3-5 days after the Final Date: 70% of the Initial Payment
> 5.2.3   For Work received 6 or more days after the Final Date: 0% of the Initial Payment

5.3     Notwithstanding clause 5.2, the Artist agrees that time is of the essence.

5.4     Sabertooth reserves the exclusive right, such right not however to be exercised unreasonably, to cancel in its sole discretion this Agreement in relation to any Work in progress, at which time the Artist shall deliver that part of the Work created at the time of said cancellation whereupon Sabertooth shall pay the Artist such monies as may, in Sabertooth's opinion, be reasonably proportionate to such of the Work as is completed.

## 6.     TERMINATION

6.1     Sabertooth may terminate this Agreement without prejudice to its other remedies forthwith by notice in writing to the Artist if the Artist commits a breach of this Agreement, provided that if the breach is capable of remedy the notice shall only be given if the Artist shall not have remedied the same within 5 days of having been given notice in writing specifying the breach and requiring it to be remedied.

6.2     Either party may terminate this Agreement without prejudice to its other remedies giving by two months notice in writing to the other party. For the avoidance of doubt, the parties' obligations under this Agreement will continue during the notice period.

6.3     The clauses in this Agreement which expressly or impliedly have effect after termination shall continue to be enforceable notwithstanding termination.

## 7.     ASSIGNMENT OF COPYRIGHT

7.1     The Artist hereby assigns and transfers to Sabertooth all rights, title and interest, throughout the world and in perpetuity, in all copyrights and goodwill and any other intellectual property rights vested or otherwise in the Work. For the avoidance of doubt this includes any moral rights or equivalent which the Artist may have in the Work.

7.2     The Artist agrees to execute any relevant documents at any future time at the behest of Sabertooth to fulfil the obligations contained in this clause 7.

7.3     Name credit shall be given to the Artist upon publication of the Work in the products in which it is used. Notwithstanding any other provision of this Agreement, Sabertooth shall have no obligation to market, sell or otherwise distribute the Work, either alone or in any Sabertooth product.

Highly Confidential - AEO

7.4 Subject to this Clause 7, the Work will be returned to the Artist within a reasonable time following Successful Completion. The Artist shall not under any circumstance reproduce, copy, manufacture, alter or amend the Work following Successful Completion.

7.4 Without prejudice to the generality of the foregoing, the Artist shall have the right, upon the receipt of written approval from Sabertooth, such permission not to be unreasonably withheld, to use the Work (s) in connection with his/her portfolio, personal website and all or any non-commercial instruments of personal publicity that the Artist characteristically and reasonably uses to promote his/her artwork. Each instrument shall identify Sabertooth or its designee as the owner of all trademarks and copyrights associated with said Work(s). The Artist shall comply with all reasonable requirements that Sabertooth may communicate from time to time in relation to this Clause 7.5.

## 8. CONFIDENTIALITY

8.1 The Artist agrees to keep confidential and use solely for the purposes of this Agreement all Confidential Information.

8.2 The obligation contained in clause 8.1 does not include information that has ceased to be secret without default on the recipient's part.

## 9. INDEPENDENT CONTRACTOR

9.1 Artist shall be an independent contractor and not an employee of Sabertooth. Artist shall not be entitled to worker's compensation, retirement, insurance, or other benefits provided to employees of Sabertooth. Artist shall be responsible for the payment of all personal taxes, fees and other assessments arising from providing the services set forth herein and shall otherwise comply with applicable laws, ordinances, regulations and other governmental requirements related to said services. Artist has no power or authority to act for, represent, or bind Sabertooth or any company affiliated with Sabertooth in any manner, except as so authorized in writing by Sabertooth.

## 10. ENTIRE AGREEMENT

10.1 This Agreement is the entire agreement between the parties with respect to the subject matter and supersedes any previous statements or agreements whether oral or written.

## 11. VARIATION

11.1 No amendment or modification of this Agreement will be effective unless it is in writing and signed by both parties.

## 12. WAIVER

12.1 The failure of either party to demand strict performance by the other party of any of this Agreement will not be a waiver or relinquishment of any rights under this Agreement.

GW0006547

## 13.     SEVERABILITY

13.1.   If any provision of this Agreement is held by a court of competent jurisdiction to be contrary to law, the remaining provisions of this Agreement will remain in full force and effect insofar as they are capable in light of the court's findings.

## 14.     ASSIGNMENT

14.1    The Artist may not assign this Agreement or any of the Artist's rights or obligations under this Agreement without the prior written consent of Sabertooth.

## 15.     JURISDICTION

15.1    This Agreement will be governed by the laws of the State of Washington and subject to the exclusive jurisdiction of the United States District Court for the Western District of Washington.

SIGNED FOR AND ON BEHALF
OF SABERTOOTH INC.

Name....................................

Date.....9, 2004....

SIGNED FOR AND ON BEHALF
OF THE ARTIST

Name........................................

Date........7/19/04...........

Highly Confidential - AEO

**THIS AGREEMENT** is made on 19 May 2004

BETWEEN:

(1)    Sabertooth Games, Inc of 6211 East Holmes Road, Suite 102, Memphis TN 38141 ("Sabertooth")

And

(2)    Sam Wood        ("Artist")    of

11715 Palatine Ave N
Seattle, WA 98133
United States of America

## 1.    DEFINITIONS

1.1    In this Agreement

**"Confidential Information"** means all secret or not generally known information or all information not easily accessible by others or of a commercially sensitive nature concerning any aspect of the business of Sabertooth. By way of example but not by way of limitation, information should be treated as confidential if it includes any proprietary documentation, materials, flow charts, codes, software, computer instructions, techniques, models, information, diagrams, know-how, trade secrets, data, business records, or marketing information.

**"the Commencement Date"** means the date hereof,

**"Successful Completion"** means the date on which the Artist has completed the Works to the approval of Sabertooth, such approval to be in writing

**"the Work"** means the work to be produced in accordance with this agreement as detailed in Exhibit A hereto

**"the Works Schedule"** means the timetable that the Work is to be produced to in accordance with this agreement as detailed in Exhibit B hereto

## 2.    COMMISSIONED WORK

2.1    In consideration of the payment to the Artist of the sums set out below, the Artist agrees to produce the Work in accordance with the Works Schedule under the terms and conditions hereunder.

## 3.    DURATION

3.1    This Agreement shall commence on the Commencement Date and shall, unless terminated in any of the circumstances in clause 6 of this Agreement, continue in force until Successful Completion Date of the Stage Two Work as provided for in Annex B below.

## 4.    QUALITY OF PRODUCTS

4.1 The Artist undertakes that the Work shall be carried out in a manner consistent with high standards of materials used, workmanship and design

**5. PAYMENT**

5.1 Sabertooth shall pay the Artist any sums due in accordance with the Works Schedule.

5.2 In the event that the Work is not completed in accordance with the Works Schedule, Sabertooth will pay the Artist as follows:

5.2.1 For Work received 1-2 days after the Final Date: 90% of the Initial Payment
5.2.2 For Work received 3-5 days after the Final Date: 70% of the Initial Payment
5.2.3 For Work received 6 or more days after the Final Date: 0% of the Initial Payment

5.3 Notwithstanding clause 5.2, the Artist agrees that time is of the essence.

5.4 Sabertooth reserves the exclusive right, such right not however to be exercised unreasonably, to cancel in its sole discretion this Agreement in relation to any Work in progress, at which time the Artist shall deliver that part of the Work created at the time of said cancellation whereupon Sabertooth shall pay the Artist such monies as may, in Sabertooth's opinion, be reasonably proportionate to such of the Work as is completed.

**6. TERMINATION**

6.1 Sabertooth may terminate this Agreement without prejudice to its other remedies forthwith by notice in writing to the Artist if the Artist commits a breach of this Agreement, provided that if the breach is capable of remedy the notice shall only be given if the Artist shall not have remedied the same within 5 days of having been given notice in writing specifying the breach and requiring it to be remedied.

6.2 Either party may terminate this Agreement without prejudice to its other remedies giving by two months notice in writing to the other party. For the avoidance of doubt, the parties' obligations under this Agreement will continue during the notice period.

6.3 The clauses in this Agreement which expressly or impliedly have effect after termination shall continue to be enforceable notwithstanding termination.

**7. ASSIGNMENT OF COPYRIGHT**

7.1 The Artist hereby assigns and transfers to Sabertooth all rights, title and interest, throughout the world and in perpetuity, in all copyrights and goodwill and any other intellectual property rights vested or otherwise in the Work. For the avoidance of doubt this includes any moral rights or equivalent which the Artist may have in the Work.

7.2 The Artist agrees to execute any relevant documents at any future time at the behest of Sabertooth to fulfil the obligations contained in this clause 7.

7.3 Name credit shall be given to the Artist upon publication of the Work in the products in which it is used. Notwithstanding any other provision of this Agreement, Sabertooth shall have no obligation to market, sell or otherwise distribute the Work, either alone or in any Sabertooth product.

Highly Confidential - AEO

7.4     Subject to this Clause 7, the Work will be returned to the Artist within a reasonable time following Successful Completion. The Artist shall not under any circumstance reproduce, copy, manufacture, alter or amend the Work following Successful Completion.

7.4     Without prejudice to the generality of the foregoing, the Artist shall have the right, upon the receipt of written approval from Sabertooth, such permission not to be unreasonably withheld, to use the Work (s) in connection with his/her portfolio, personal website and all or any non-commercial instruments of personal publicity that the Artist characteristically and reasonably uses to promote his/her artwork. Each instrument shall identify Sabertooth or its designee as the owner of all trademarks and copyrights associated with said Work(s). The Artist shall comply with all reasonable requirements that Sabertooth may communicate from time to time in relation to this Clause 7.5.

## 8.     CONFIDENTIALITY

8.1     The Artist agrees to keep confidential and use solely for the purposes of this Agreement all Confidential Information.

8.2     The obligation contained in clause 8.1 does not include information that has ceased to be secret without default on the recipient's part.

## 9.     INDEPENDENT CONTRACTOR

9.1     Artist shall be an independent contractor and not an employee of Sabertooth. Artist shall not be entitled to worker's compensation, retirement, insurance, or other benefits provided to employees of Sabertooth. Artist shall be responsible for the payment of all personal taxes, fees and other assessments arising from providing the services set forth herein and shall otherwise comply with applicable laws, ordinances, regulations and other governmental requirements related to said services. Artist has no power or authority to act for, represent, or bind Sabertooth or any company affiliated with Sabertooth in any manner, except as so authorized in writing by Sabertooth.

## 10.     ENTIRE AGREEMENT

10.1     This Agreement is the entire agreement between the parties with respect to the subject matter and supersedes any previous statements or agreements whether oral or written.

## 11.     VARIATION

11.1     No amendment or modification of this Agreement will be effective unless it is in writing and signed by both parties.

## 12.     WAIVER

12.1     The failure of either party to demand strict performance by the other party of any of this Agreement will not be a waiver or relinquishment of any rights under this Agreement.

Highly Confidential - AEO     GW0006551

13.     **SEVERABILITY**

13.1.   If any provision of this Agreement is held by a court of competent jurisdiction to be
        contrary to law, the remaining provisions of this Agreement will remain in full force and
        effect insofar as they are capable in light of the court's findings.

14.     **ASSIGNMENT**

14.1    The Artist may not assign this Agreement or any of the Artist's rights or obligations under
        this Agreement without the prior written consent of Sabertooth.

15.     **JURISDICTION**

15.1    This Agreement will be governed by the laws of the State of Washington and subject to the
        exclusive jurisdiction of the United States District Court for the Western District of
        Washington.

SIGNED FOR AND ON BEHALF          SIGNED FOR AND ON BEHALF
OF SABERTOOTH INC.                OF THE ARTIST

Name.............................  Name.............................

Date....Jan 9, 2005......         Date...7/19/04......

Highly Confidential - AEO

**THIS AGREEMENT** is made on 19 May 2004

BETWEEN:

    (1)    Sabertooth Games, Inc of 6211 East Holmes Road, Suite 102, Memphis TN 38141 ("Sabertooth")

          And

    (2)    Sam Wood        ("Artist")    of

11715 Palatine Ave N
Seattle, WA 98133
United States of America

## 1. DEFINITIONS

1.1    In this Agreement

**"Confidential Information"** means all secret or not generally known information or all information not easily accessible by others or of a commercially sensitive nature concerning any aspect of the business of Sabertooth. By way of example but not by way of limitation, information should be treated as confidential if it includes any proprietary documentation, materials, flow charts, codes, software, computer instructions, techniques, models, information, diagrams, know-how, trade secrets, data, business records, or marketing information.

**"the Commencement Date"** means the date hereof,

**"Successful Completion"** means the date on which the Artist has completed the Works to the approval of Sabertooth, such approval to be in writing

**"the Work"** means the work to be produced in accordance with this agreement as detailed in Exhibit A hereto

**"the Works Schedule"** means the timetable that the Work is to be produced to in accordance with this agreement as detailed in Exhibit B hereto

## 2. COMMISSIONED WORK

2.1    In consideration of the payment to the Artist of the sums set out below, the Artist agrees to produce the Work in accordance with the Works Schedule under the terms and conditions hereunder.

## 3. DURATION

3.1    This Agreement shall commence on the Commencement Date and shall, unless terminated in any of the circumstances in clause 6 of this Agreement, continue in force until Successful Completion Date of the Stage Two Work as provided for in Annex B below.

## 4. QUALITY OF PRODUCTS

4.1 The Artist undertakes that the Work shall be carried out in a manner consistent with high standards of materials used, workmanship and design

**5.    PAYMENT**

5.1 Sabertooth shall pay the Artist any sums due in accordance with the Works Schedule.

5.2 In the event that the Work is not completed in accordance with the Works Schedule, Sabertooth will pay the Artist as follows:

5.2.1 For Work received 1-2 days after the Final Date: 90% of the Initial Payment
5.2.2 For Work received 3-5 days after the Final Date: 70% of the Initial Payment
5.2.3 For Work received 6 or more days after the Final Date: 0% of the Initial Payment

5.3 Notwithstanding clause 5.2, the Artist agrees that time is of the essence.

5.4 Sabertooth reserves the exclusive right, such right not however to be exercised unreasonably, to cancel in its sole discretion this Agreement in relation to any Work in progress, at which time the Artist shall deliver that part of the Work created at the time of said cancellation whereupon Sabertooth shall pay the Artist such monies as may, in Sabertooth's opinion, be reasonably proportionate to such of the Work as is completed.

**6.    TERMINATION**

6.1 Sabertooth may terminate this Agreement without prejudice to its other remedies forthwith by notice in writing to the Artist if the Artist commits a breach of this Agreement, provided that if the breach is capable of remedy the notice shall only be given if the Artist shall not have remedied the same within 5 days of having been given notice in writing specifying the breach and requiring it to be remedied.

6.2 Either party may terminate this Agreement without prejudice to its other remedies giving by two months notice in writing to the other party. For the avoidance of doubt, the parties' obligations under this Agreement will continue during the notice period.

6.3 The clauses in this Agreement which expressly or impliedly have effect after termination shall continue to be enforceable notwithstanding termination.

**7.    ASSIGNMENT OF COPYRIGHT**

7.1 The Artist hereby assigns and transfers to Sabertooth all rights, title and interest, throughout the world and in perpetuity, in all copyrights and goodwill and any other intellectual property rights vested or otherwise in the Work. For the avoidance of doubt this includes any moral rights or equivalent which the Artist may have in the Work.

7.2 The Artist agrees to execute any relevant documents at any future time at the behest of Sabertooth to fulfil the obligations contained in this clause 7.

7.3 Name credit shall be given to the Artist upon publication of the Work in the products in which it is used. Notwithstanding any other provision of this Agreement, Sabertooth shall have no obligation to market, sell or otherwise distribute the Work, either alone or in any Sabertooth product.

Highly Confidential - AEO

7.4     Subject to this Clause 7, the Work will be returned to the Artist within a reasonable time following Successful Completion. The Artist shall not under any circumstance reproduce, copy, manufacture, alter or amend the Work following Successful Completion.

7.4     Without prejudice to the generality of the foregoing, the Artist shall have the right, upon the receipt of written approval from Sabertooth, such permission not to be unreasonably withheld, to use the Work (s) in connection with his/her portfolio, personal website and all or any non-commercial instruments of personal publicity that the Artist characteristically and reasonably uses to promote his/her artwork. Each instrument shall identify Sabertooth or its designee as the owner of all trademarks and copyrights associated with said Work(s). The Artist shall comply with all reasonable requirements that Sabertooth may communicate from time to time in relation to this Clause 7.5.

## 8.     CONFIDENTIALITY

8.1     The Artist agrees to keep confidential and use solely for the purposes of this Agreement all Confidential Information.

8.2     The obligation contained in clause 8.1 does not include information that has ceased to be secret without default on the recipient's part.

## 9.     INDEPENDENT CONTRACTOR

9.1     Artist shall be an independent contractor and not an employee of Sabertooth. Artist shall not be entitled to worker's compensation, retirement, insurance, or other benefits provided to employees of Sabertooth. Artist shall be responsible for the payment of all personal taxes, fees and other assessments arising from providing the services set forth herein and shall otherwise comply with applicable laws, ordinances, regulations and other governmental requirements related to said services. Artist has no power or authority to act for, represent, or bind Sabertooth or any company affiliated with Sabertooth in any manner, except as so authorized in writing by Sabertooth.

## 10.     ENTIRE AGREEMENT

10.1     This Agreement is the entire agreement between the parties with respect to the subject matter and supersedes any previous statements or agreements whether oral or written.

## 11.     VARIATION

11.1     No amendment or modification of this Agreement will be effective unless it is in writing and signed by both parties.

## 12.     WAIVER

12.1     The failure of either party to demand strict performance by the other party of any of this Agreement will not be a waiver or relinquishment of any rights under this Agreement.

Highly Confidential - AEO     GW0006555

## 13.    SEVERABILITY

13.1.    If any provision of this Agreement is held by a court of competent jurisdiction to be contrary to law, the remaining provisions of this Agreement will remain in full force and effect insofar as they are capable in light of the court's findings.

## 14.    ASSIGNMENT

14.1    The Artist may not assign this Agreement or any of the Artist's rights or obligations under this Agreement without the prior written consent of Sabertooth.

## 15.    JURISDICTION

15.1    This Agreement will be governed by the laws of the State of Washington and subject to the exclusive jurisdiction of the United States District Court for the Western District of Washington.

SIGNED FOR AND ON BEHALF      SIGNED FOR AND ON BEHALF
OF SABERTOOTH INC.           OF THE ARTIST

Name...........................................      Name...........................................

Date...........................................      Date...........................................

**EXHIBIT A**

**The Work:**

**Warhammer Fantasy, Harbingers of War/Death and Honour**

**Contract Number:**

Artist Name and Address:
Sam Wood
11715 Palatine Ave N
Seattle, WA 98133
United States of America

Social Security Number (if applicable):
_____

Name to appear on published work:
_____

**Description and Art number**
3259 Anelia   3308 Gassuer's Vets  3309 Gausser
3@ $300.00

**EXHIBIT B: the Works Schedule**

The Artist will produce the Work in accordance with the following timetable:

A    A sketch of the Work must be completed and delivered to Sabertooth by [June 16th, 2004] ("Sketch Date")

B    The Work in final form must be completed and delivered to Sabertooth by [July 21st, 2004] ("Final Date")

C    Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of same (Successful Completion)

The Artist shall receive payment in the following sums and in accordance with the following timetable:

☐    PAYMENT METHOD ONE

C    [$           ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D    [$           ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the following timetable:

☐    PAYMENT METHOD TWO

E    [$    900.00] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

**For office use only**

| | | |
|---|---|---|
| Initial Check # | _____ | Final Check # _____ |
| Initial Amount | _____ | Final Amount _____ |
| Date | _____ | Date _____ |

Highly Confidential - AEO

**THIS AGREEMENT** is made on 19 May 2004

BETWEEN:

    (1)    Sabertooth Games, Inc of 6211 East Holmes Road, Suite 102, Memphis TN 38141 ("Sabertooth")

           And

    (2)    Sam Wood        ("Artist")    of

11715 Palatine Ave N
Seattle, WA 98133
United States of America

## 1. DEFINITIONS

1.1    In this Agreement

**"Confidential Information"** means all secret or not generally known information or all information not easily accessible by others or of a commercially sensitive nature concerning any aspect of the business of Sabertooth. By way of example but not by way of limitation, information should be treated as confidential if it includes any proprietary documentation, materials, flow charts, codes, software, computer instructions, techniques, models, information, diagrams, know-how, trade secrets, data, business records, or marketing information.

**"the Commencement Date"** means the date hereof,

**"Successful Completion"** means the date on which the Artist has completed the Works to the approval of Sabertooth, such approval to be in writing

**"the Work"** means the work to be produced in accordance with this agreement as detailed in Exhibit A hereto

**"the Works Schedule"** means the timetable that the Work is to be produced to in accordance with this agreement as detailed in Exhibit B hereto

## 2. COMMISSIONED WORK

2.1    In consideration of the payment to the Artist of the sums set out below, the Artist agrees to produce the Work in accordance with the Works Schedule under the terms and conditions hereunder.

## 3. DURATION

3.1    This Agreement shall commence on the Commencement Date and shall, unless terminated in any of the circumstances in clause 6 of this Agreement, continue in force until Successful Completion Date of the Stage Two Work as provided for in Annex B below.

## 4. QUALITY OF PRODUCTS

Highly Confidential - AEO

4.1    The Artist undertakes that the Work shall be carried out in a manner consistent with high standards of materials used, workmanship and design

**5.    PAYMENT**

5.1    Sabertooth shall pay the Artist any sums due in accordance with the Works Schedule.

5.2    In the event that the Work is not completed in accordance with the Works Schedule, Sabertooth will pay the Artist as follows:

   5.2.1   For Work received 1-2 days after the Final Date: 90% of the Initial Payment
   5.2.2   For Work received 3-5 days after the Final Date: 70% of the Initial Payment
   5.2.3   For Work received 6 or more days after the Final Date: 0% of the Initial Payment

5.3    Notwithstanding clause 5.2, the Artist agrees that time is of the essence.

5.4    Sabertooth reserves the exclusive right, such right not however to be exercised unreasonably, to cancel in its sole discretion this Agreement in relation to any Work in progress, at which time the Artist shall deliver that part of the Work created at the time of said cancellation whereupon Sabertooth shall pay the Artist such monies as may, in Sabertooth's opinion, be reasonably proportionate to such of the Work as is completed.

**6.    TERMINATION**

6.1    Sabertooth may terminate this Agreement without prejudice to its other remedies forthwith by notice in writing to the Artist if the Artist commits a breach of this Agreement, provided that if the breach is capable of remedy the notice shall only be given if the Artist shall not have remedied the same within 5 days of having been given notice in writing specifying the breach and requiring it to be remedied.

6.2    Either party may terminate this Agreement without prejudice to its other remedies giving by two months notice in writing to the other party. For the avoidance of doubt, the parties' obligations under this Agreement will continue during the notice period.

6.3    The clauses in this Agreement which expressly or impliedly have effect after termination shall continue to be enforceable notwithstanding termination.

**7.    ASSIGNMENT OF COPYRIGHT**

7.1    The Artist hereby assigns and transfers to Sabertooth all rights, title and interest, throughout the world and in perpetuity, in all copyrights and goodwill and any other intellectual property rights vested or otherwise in the Work. For the avoidance of doubt this includes any moral rights or equivalent which the Artist may have in the Work.

7.2    The Artist agrees to execute any relevant documents at any future time at the behest of Sabertooth to fulfil the obligations contained in this clause 7.

7.3    Name credit shall be given to the Artist upon publication of the Work in the products in which it is used.  Notwithstanding any other provision of this Agreement, Sabertooth shall have no obligation to market, sell or otherwise distribute the Work, either alone or in any Sabertooth product.

7.4 Subject to this Clause 7, the Work will be returned to the Artist within a reasonable time following Successful Completion. The Artist shall not under any circumstance reproduce, copy, manufacture, alter or amend the Work following Successful Completion.

7.4 Without prejudice to the generality of the foregoing, the Artist shall have the right, upon the receipt of written approval from Sabertooth, such permission not to be unreasonably withheld, to use the Work (s) in connection with his/her portfolio, personal website and all or any non-commercial instruments of personal publicity that the Artist characteristically and reasonably uses to promote his/her artwork. Each instrument shall identify Sabertooth or its designee as the owner of all trademarks and copyrights associated with said Work(s). The Artist shall comply with all reasonable requirements that Sabertooth may communicate from time to time in relation to this Clause 7.5.

## 8. CONFIDENTIALITY

8.1 The Artist agrees to keep confidential and use solely for the purposes of this Agreement all Confidential Information.

8.2 The obligation contained in clause 8.1 does not include information that has ceased to be secret without default on the recipient's part.

## 9. INDEPENDENT CONTRACTOR

9.1 Artist shall be an independent contractor and not an employee of Sabertooth. Artist shall not be entitled to worker's compensation, retirement, insurance, or other benefits provided to employees of Sabertooth. Artist shall be responsible for the payment of all personal taxes, fees and other assessments arising from providing the services set forth herein and shall otherwise comply with applicable laws, ordinances, regulations and other governmental requirements related to said services. Artist has no power or authority to act for, represent, or bind Sabertooth or any company affiliated with Sabertooth in any manner, except as so authorized in writing by Sabertooth.

## 10. ENTIRE AGREEMENT

10.1 This Agreement is the entire agreement between the parties with respect to the subject matter and supersedes any previous statements or agreements whether oral or written.

## 11. VARIATION

11.1 No amendment or modification of this Agreement will be effective unless it is in writing and signed by both parties.

## 12. WAIVER

12.1 The failure of either party to demand strict performance by the other party of any of this Agreement will not be a waiver or relinquishment of any rights under this Agreement.

Highly Confidential - AEO

**13.**    **SEVERABILITY**

13.1.   If any provision of this Agreement is held by a court of competent jurisdiction to be contrary to law, the remaining provisions of this Agreement will remain in full force and effect insofar as they are capable in light of the court's findings.

**14.**    **ASSIGNMENT**

14.1   The Artist may not assign this Agreement or any of the Artist's rights or obligations under this Agreement without the prior written consent of Sabertooth.

**15.**    **JURISDICTION**

15.1   This Agreement will be governed by the laws of the State of Washington and subject to the exclusive jurisdiction of the United States District Court for the Western District of Washington.

SIGNED FOR AND ON BEHALF       SIGNED FOR AND ON BEHALF
OF SABERTOOTH INC.                OF THE ARTIST

Name...........................................     Name..........................................

Date...........................................      Date..........................................

Highly Confidential - AEO
GW0006561

**EXHIBIT A**

**The Work:**
**Horus Hersey/Hand of the Emperor**

**Contract Number:**

Artist Name and Address:
Sam Wood
11715 Palatine Ave N
Seattle, WA 98133
United States of America

Social Security Number (if applicable):
_____

Name to appear on published work:
_____

**Description and Art number**
9 cards @ $300.00

**EXHIBIT B The Works Schedule**

The Artist will produce the Work in accordance with the following timetable:

A    A sketch of the Work must be completed and delivered to Sabertooth by [June 16th, 2004] ("Sketch Date")

B    The Work in final form must be completed and delivered to Sabertooth by [July 21st, 2004] ("Final Date")

C    Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of same (Successful Completion)

The Artist shall receive payment in the following sums and in accordance with the following timetable:

☐    PAYMENT METHOD ONE

C    [$    ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D    [$    ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the following timetable:

☐    PAYMENT METHOD TWO

E    [$  2700.00  ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

**For office use only**

| | | | |
|---|---|---|---|
| Initial Check # | _____ | Final Check # | _____ |
| Initial Amount | _____ | Final Amount | _____ |
| Date | _____ | Date | _____ |

Highly Confidential - AEO

## EXHIBIT A: Contract Number SWWC5

**The Work: Warhammer War Cry (Path of Glory and Chivalry and Deceit)**

Artist Name and Address: Sam Wood 11715 Palatine Ave N Seattle WA 98133

Social Security Number:

| Art num | Description | |
|---------|-------------|---|
| 2487 | Leader's Might | Path of Glory |
| 2508 | Not Death of Heroes | Path of Glory |
| 2525 | Everwatch Technique | Path of Glory |
| 2580 | Everqueen's Maidens | Path of Glory |

**4 @ $300**

## EXHIBIT B
### The Works Schedule

The Artist will produce the Work in accordance with the following timetable:

A    A sketch of the Work must be completed and delivered to Sabertooth by Nov 21st ("Sketch Date")

B    The Work in final form must be completed and delivered to Sabertooth by [ Dec 12th] ("Final Date")

C    Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following timetable:

☒    PAYMENT METHOD ONE

C    [ $   600   ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D    [ $   600   ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the following timetable:

☐    PAYMENT METHOD TWO

E    [ $   1080   ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

| For office use only | | |
|---|---|---|
| Initial Check # _2576_ | Final Check # _10225_ |
| Path Initial Amount _600_ | Path Final Amount _600_ |
| Date _1/16/04_ | Date _5/27/04_ |

**EXHIBIT**

**The Work: Warhammer Fantasy, Set 4 (Dogs of War)**

| Artist Name and Address: | Social Security Number (if applicable): | Name to appear on published work: |
|---|---|---|
| Sam Wood 11715 Palatine Ave N.; Seattle, WA 98133 | 5 74-58-8188 | |

**Description    Art number**
Globadier    2297
Warplock Jezzails 2298

SET 5 - GREY SOER    2307
SET 3 - IRONFIST    1852

4
6 @ $600

**EXHIBIT B**

**The Works Schedule**

The Artist will produce the Work in accordance with the following timetable:

A        A sketch of the Work must be completed and delivered to Sabertooth by [August 15th, 2003] ("Sketch Date")

B        The Work in final form must be completed and delivered to Sabertooth by [Sept 12th, 2003] ("Final Date")

C        Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following timetable:

☒        PAYMENT METHOD ONE

C    [$ 600 ~~300~~    ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D    [$ 600 ~~300~~    ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the following timetable:

☐        PAYMENT METHOD TWO

E    [$    1500    ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

| For office use only | | |
|---|---|---|
| Initial Check # 2342 | Final Check # 10226 | |
| Initial Amount $600 | Final Amount (600) | |
| Date 10/20/03 | Date 5/27/04 | |

Siege    150.00        SEIGE 150
Dogs    300.00        DOGS 300
Set 5    150.00        SET5 150

Highly Confidential - AEO

## EXHIBIT A: Contract Number SWMEM
### The Work: Warhammer Horus Heresy (Lion's Heart)
Artist Name and Address: Sam Wood 11715 Palatine Ave N Seattle WA 98133
Social Security Number:

| Art num | Description | | |
|---------|-------------|---|---|
| 2885 | Brother Captain Ventanus | 3060 | Chapter Master Astelan |
| 2886 | Mysander | 2874 | Lucius |
| 3057 | Luther | 2936 | Lucius' Bodyguard |
| 3058 | Mantle of the Champion | | |
| 7 @ $300 | | | |

## EXHIBIT B
### The Works Schedule

The Artist will produce the Work in accordance with the following timetable:

A    A sketch of the Work must be completed and delivered to Sabertooth by [April 16th] ("Sketch Date")

B    The Work in final form must be completed and delivered to Sabertooth by [May 3rd] ("Final Date")

C    Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following timetable:

☒    PAYMENT METHOD ONE

C    [ $    1050    ] "Initial Payment" to be paid within [30 days] of the Successful Completion
D    [ $    1050    ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the following timetable:

☐    PAYMENT METHOD TWO

E    [ $    1890    ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

**For office use only**

| | | | |
|---|---|---|---|
| Initial Check # | 10274 | Final Check # | _____ |
| Lion Amount | 1050 | Lion Final Amount | _____ |
| Date | 7/7/04 | Date | _____ |

*Paid via next Day check*

Highly Confidential - AEO

**EXHIBIT A**

**The Work:**
**Horus Hersey/Hand of the Emperor**

**Contract Number:**

Artist Name and Address:
Sam Wood
11715 Palatine Ave N
Seattle, WA 98133
United States of America

Social Security Number (if applicable):
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

Name to appear on published work:
Sam Wood

**Description and Art number**
9 cards @ $300.00

## EXHIBIT B The Works Schedule

The Artist will produce the Work in accordance with the following timetable:

A    A sketch of the Work must be completed and delivered to Sabertooth by [June 16th, 2004] ("Sketch Date")

B    The Work in final form must be completed and delivered to Sabertooth by [July 21st, 2004] ("Final Date")

C    Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of same (Successful Completion)

The Artist shall receive payment in the following sums and in accordance with the following timetable:

      **PAYMENT METHOD ONE**

C    [$    ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D    [$    ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the following timetable:

      **PAYMENT METHOD TWO**

E    [$  2700.00  ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

**For office use only**

| | | | |
|---|---|---|---|
| Initial Check # | 10384 | Final Check # | |
| Initial Amount | $2700.00 | Final Amount | |
| Date | 9-6-04 | Date | |

Emperors Hand

Highly Confidential - AEO

**EXHIBIT A**

**The Work:**

**Warhammer Fantasy, Harbingers of War/Death and Honour**

**Contract Number:**

Artist Name and Address:
Sam Wood
11715 Palatine Ave N
Seattle, WA 98133
United States of America

Social Security Number (if applicable): 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

Name to appear on published work: Sam Wood

**Description and Art number**
3259 Anelia   3308 Gassuer's Vets   3309 Gausser
3@ $300.00

**EXHIBIT B: the Works Schedule**

The Artist will produce the Work in accordance with the following timetable:

A    A sketch of the Work must be completed and delivered to Sabertooth by [June 16th, 2004] ("Sketch Date")

B    The Work in final form must be completed and delivered to Sabertooth by [July 21st, 2004] ("Final Date")

C    Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of same (Successful Completion)

The Artist shall receive payment in the following sums and in accordance with the following timetable:

☐    **PAYMENT METHOD ONE**

C    [$          ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D    [$          ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the following timetable:

☒    **PAYMENT METHOD TWO**

E    [$     900.00] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

| For office use only | | | |
|---|---|---|---|
| Initial Check # | 10383 | Final Check # | |
| Initial Amount | 900.00 | Final Amount | |
| Date | Aug 6 2004 | Date | |

Harbingers of War

Highly Confidential - AEO

**EXHIBIT A**

**The Work: Warhammer Horus Heresy (Blades of Traitor)**

Artist Name and Address:   Sam Wood: US

**Art numbers  Description     @ $ 300 ea**

9 cards

**EXHIBIT B**

**The Works Schedule**

The Artist will produce the Work in accordance with the following timetable:

A      A sketch of the Work must be completed and delivered to Sabertooth by
       [9-3-04] ("Sketch Date")

B      The Work in final form must be completed and delivered to Sabertooth by
       [ 10-8-04] ("Final Date")

C      Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of
       same (Successful Completion)

The Artist shall receive payment in the following sums and in accordance with the following
timetable:

PAYMENT METHOD

D      [$ 2700.00] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

**For office use only**
Initial Check #        _____
Initial Amount         _____
Date                   _____
Final Check # _____
Final Amount  _____
Date          _____

# Sabertooth Games
## Art Commission Form

**Commission Number**

SWBoT 1

**Artist Name:** Sam Wood
**Address:** 11715 Palatine Ave N
Seattle, WA 98133

**Commission Date** 9-3-04
**Requested Payment Method** Check

| Piece: | Description | Set | Amount | Receipt Date |
|---|---|---|---|---|
| 1 | 9 pieces | BoT | 300 ea | Oct 4 2004 |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |
| 6 | | | | |
| 7 | | | | |
| 8 | | | | |
| 9 | | | | |
| 10 | | | | |
| 11 | | | | |
| 12 | | | | |
| 13 | | | | |
| 14 | | | | |
| 15 | | | | |
| 16 | | | | |
| 17 | | | | |
| 18 | | | | |
| 19 | | | | |
| 20 | | | 2700 total | |

## Commission Approval

Steve Horvath                    Date

## Receipt Approval

Steve Horvath                    Date

Jim Callahan                     Date  10-4-04

**Receipt by Accounting**

Payment Method
Payment Date
Payment No.
Payment Amount

Highly Confidential - AEO                                      GW0006569