## EXHIBIT

**The Work: Warhammer WarCry, Set 2 (Winds of Magic)**
Artist Name and Address: Chris Trevas 1434 Crimson Way Walled Lake, MI 48390
Social Security Number (if applicable):

| Description | Art number | | |
|---|---|---|---|
| | | 1789 | Wind of Fate |
| 1344 | Chaos Sorcerer | **4 @ $300** | |
| 1737 | Rangers | | |
| 1758 | Bane of Forged Steel | | |

## EXHIBIT B

### The Works Schedule

The Artist will produce the Work in accordance with the following timetable:

A     A sketch of the Work must be completed and delivered to Sabertooth by     [End of Jan] ("Sketch Date")

B     The Work in final form must be completed and delivered to Sabertooth by [ Feb 19th] ("Final Date")

C     Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following timetable:

 PAYMENT METHOD ONE

C     [   $600   ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D     [   $600   ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the following timetable:

☐ PAYMENT METHOD TWO

E     [   $1080  ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

| For office use only | | |
|---|---|---|
| Initial Check # _1887_ | Final Check # ~~300~~ _2105_ |
| Initial Amount _600_ | Final Amount _600_ |
| Date _4/16/03_ | Date _7/9/03_ |

Highly Confidential - AEO

GW0006369

## EXHIBIT

### The Work: Warhammer WarCry, Set 2 (Winds of Magic)

Artist Name and Address: Chris Trevas 1434 Crimson Way Walled Lake, MI 48390
Social Security Number (if applicable):

| Description | Art number |
|---|---|
| 1344 | Chaos Sorcerer |
| 1737 | Rangers |
| 1758 | Bane of Forged Steel |

1789  Wind of Fate
4 @ $300


## EXHIBIT B

### The Works Schedule

The Artist will produce the Work in accordance with the following timetable:

A   A sketch of the Work must be completed and delivered to Sabertooth by         [End of Jan]
    ("Sketch Date")

B   The Work in final form must be completed and delivered to Sabertooth by
    [ Feb 19th] ("Final Date")

C   Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of
    same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following
timetable:

[X]   **PAYMENT METHOD ONE**

C   [    $600    ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D   [    $600    ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the
    following timetable:

[ ]   **PAYMENT METHOD TWO**

E   [    $1080   ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

| For office use only | | | |
|---|---|---|---|
| Initial Check # | 1887 | Final Check # | 2105 |
| Initial Amount | 600 | Final Amount | 600 |
| Date | 4/16/03 | Date | 7/2/03 |



Highly Confidential - AEO          GW0006370

## EXHIBIT

### The Work: Warhammer Fantasy, Set 3

Artist Name and Address:
Chris Trevas 1434 Crimson
Way.  Walled Lake, MI
48390

Social Security Number (if
applicable):
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

Name to appear on
published work:
*Chris Trevas*

| Description | Art number | Haargoth's Marauders | 1924 |
|---|---|---|---|
| Chaos Vortex | 1875 | 3 @ $300 | |
| Tighten the Noose | 1889 | | |

### EXHIBIT B

### The Works Schedule

The Artist will produce the Work in accordance with the following timetable:

A    A sketch of the Work must be completed and delivered to Sabertooth by
[Oct 21st, 2002] ("Sketch Date") *CT*
APRIL 11TH, 2003

B    The Work in final form must be completed and delivered to Sabertooth by
[Nov 25th, 2002] ("Final Date")
MAY 9TH 2003    *CT*

C    Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of
same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following
timetable:

[X]    PAYMENT METHOD ONE

C    [$450        ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D    [$450        ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the
following timetable:

[ ]    PAYMENT METHOD TWO

E    [$810        ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

| For office use only | | | |
|---|---|---|---|
| Initial Check # | 2034 | Final Check # | 2329 |
| Initial Amount | 450 | Final Amount | 450 |
| Date | 6/9/03 | Date | 10/20/03 |

Highly Confidential - AEO

**EXHIBIT**

**The Work: Warhammer Fantasy, Set 3**

Artist Name and Address:
Chris Trevas 1434 Crimson
Way. Walled Lake, MI
48390

Social Security Number (if applicable): 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

Name to appear on published work: Chris Trevas

| Description | Art number | | |
|---|---|---|---|
| Chaos Vortex | 1875 | Haargoth's Marauders | 1924 |
| Tighten the Noose | 1889 | 3 @ $300 | |

**EXHIBIT B**

**The Works Schedule**

The Artist will produce the Work in accordance with the following timetable:

A    A sketch of the Work must be completed and delivered to Sabertooth by [Oct 21ˢᵗ, 2002] ("Sketch Date") CT APRIL 11TH, 2003

B    The Work in final form must be completed and delivered to Sabertooth by [Nov 25ᵗʰ, 2002] ("Final Date") CT MAY 9TH 2003 CT

C    Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following timetable:

☒    **PAYMENT METHOD ONE**

C    [$450      ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D    [$450      ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the following timetable:

☐    **PAYMENT METHOD TWO**

E    [$810      ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

**For office use only**
Initial Check #  2034
Initial Amount   450
Date             6/9/03

Final Check # _____
Final Amount _____
Date _____

Highly Confidential - AEO

GW0006372

**THIS AGREEMENT** is made on 17 August 2003

BETWEEN:

    (1)    Sabertooth Games, Inc of 610 Industry Drive, Tukwila WA, 98188 USA ("Sabertooth")

        and

    (2)    Chris Trevas        ("Artist")    of    1434 Crimson Way Walled Lake, MI 48390

## 1.    DEFINITIONS

1.1    In this Agreement

    **"Confidential Information"** means all secret or not generally known information, or all information not easily accessible by others or of a commercially sensitive nature concerning any aspect of the business of Sabertooth. By way of example but not by way of limitation, information should be treated as confidential if it includes any proprietary documentation, materials, flow charts, codes, software, computer instructions, techniques, models, information, diagrams, know-how, trade secrets, data, business records, or marketing information.

    **"the Commencement Date"** means the date hereof,

    **"Successful Completion"** means the date on which the Artist has completed the Works to the approval of Sabertooth, such approval to be in writing

    **"the Work"** means the work to be produced in accordance with this agreement as detailed in Exhibit A hereto

    **"the Works Schedule"** means the timetable that the Work is to be produced to in accordance with this agreement as detailed in Exhibit B hereto

## 2.    COMMISSIONED WORK

2.1    In consideration of the payment to the Artist of the sums set out below, the Artist agrees to produce the Work in accordance with the Works Schedule under the terms and conditions hereunder.

## 3.    DURATION

3.1    This Agreement shall commence on the Commencement Date and shall, unless terminated in any of the circumstances in clause 6 of this Agreement, continue in force until Successful Completion Date of the Stage Two Work as provided for in Annex B below.

## 4.    QUALITY OF PRODUCTS

4.1    The Artist undertakes that the Work shall be carried out in a manner consistent with high standards of materials used, workmanship and design

Highly Confidential - AEO

**5.      PAYMENT**

5.1      Sabertooth shall pay the Artist any sums due in accordance with the Works Schedule.

5.2      In the event that the Work is not completed in accordance with the Works Schedule, Sabertooth will pay the Artist as follows:

    5.2.1    For Work received 1-2 days after the Final Date: 90% of the Initial Payment
    5.2.2    For Work received 3-5 days after the Final Date: 70% of the Initial Payment
    5.2.3    For Work received 6 or more days after the Final Date: 0% of the Initial Payment

5.3      Notwithstanding clause 5.2, the Artist agrees that time is of the essence.

5.4      Sabertooth reserves the exclusive right, such right not however to be exercised unreasonably, to cancel in its sole discretion this Agreement in relation to any Work in progress, at which time the Artist shall deliver that part of the Work created at the time of said cancellation whereupon Sabertooth shall pay the Artist such monies as may, in Sabertooth's opinion, be reasonably proportionate to such of the Work as is completed.

**6.      TERMINATION**

6.1      Sabertooth may terminate this Agreement without prejudice to its other remedies forthwith by notice in writing to the Artist if the Artist commits a breach of this Agreement, provided that if the breach is capable of remedy the notice shall only be given if the Artist shall not have remedied the same within 5 days of having been given notice in writing specifying the breach and requiring it to be remedied.

6.2      Either party may terminate this Agreement without prejudice to its other remedies giving by two months notice in writing to the other party. For the avoidance of doubt, the parties' obligations under this Agreement will continue during the notice period.

6.3      The clauses in this Agreement which expressly or impliedly have effect after termination shall continue to be enforceable notwithstanding termination.

**7.      ASSIGNMENT OF COPYRIGHT**

7.1      The Artist hereby assigns and transfers to Sabertooth all rights, title and interest, throughout the world and in perpetuity, in all copyrights and goodwill and any other intellectual property rights vested or otherwise in the Work. For the avoidance of doubt this includes any moral rights or equivalent which the Artist may have in the Work.

7.2      The Artist agrees to execute any relevant documents at any future time at the behest of Sabertooth to fulfil the obligations contained in this clause 7.

7.3      Name credit shall be given to the Artist upon publication of the Work in the products in which it is used. Notwithstanding any other provision of this Agreement, Sabertooth shall have no obligation to market, sell or otherwise distribute the Work, either alone or in any Sabertooth product.

7.4      Subject to this Clause 7, the Work will be returned to the Artist within a reasonable time following Successful Completion. The Artist shall not under any circumstance reproduce, copy, manufacture, alter or amend the Work following Successful Completion.

Highly Confidential - AEO

7.4     Without prejudice to the generality of the foregoing, the Artist shall have the right, upon the receipt of written approval from Sabertooth, such permission not to be unreasonably withheld, to use the Work (s) in connection with his/her portfolio, personal website and all or any non-commercial instruments of personal publicity that the Artist characteristically and reasonably uses to promote his/her artwork. Each instrument shall identify Sabertooth or its designee as the owner of all trademarks and copyrights associated with said Work(s). The Artist shall comply with all reasonable requirements that Sabertooth may communicate from time to time in relation to this Clause 7.5.

## 8.    CONFIDENTIALITY

8.1     The Artist agrees to keep confidential and use solely for the purposes of this Agreement all Confidential Information.

8.2     The obligation contained in clause 8.1 does not include information that has ceased to be secret without default on the recipient's part.

## 9.    INDEPENDENT CONTRACTOR

9.1     Artist shall be an independent contractor and not an employee of Sabertooth. Artist shall not be entitled to worker's compensation, retirement, insurance, or other benefits provided to employees of Sabertooth. Artist shall be responsible for the payment of all personal taxes, fees and other assessments arising from providing the services set forth herein and shall otherwise comply with applicable laws, ordinances, regulations and other governmental requirements related to said services. Artist has no power or authority to act for, represent, or bind Sabertooth or any company affiliated with Sabertooth in any manner, except as so authorized in writing by Sabertooth.

## 10.    ENTIRE AGREEMENT

10.1     This Agreement is the entire agreement between the parties with respect to the subject matter and supersedes any previous statements or agreements whether oral or written.

## 11.    VARIATION

11.1     No amendment or modification of this Agreement will be effective unless it is in writing and signed by both parties.

## 12.    WAIVER

12.1     The failure of either party to demand strict performance by the other party of any of this Agreement will not be a waiver or relinquishment of any rights under this Agreement.

## 13.    SEVERABILITY

13.1.    If any provision of this Agreement is held by a court of competent jurisdiction to be contrary to law, the remaining provisions of this Agreement will remain in full force and effect insofar as they are capable in light of the court's findings.

## 14.    ASSIGNMENT

14.1    The Artist may not assign this Agreement or any of the Artist's rights or obligations under this Agreement without the prior written consent of Sabertooth.

## 15.    JURISDICTION

15.1    This Agreement will be governed by the laws of the State of Washington and subject to the exclusive jurisdiction of the United States District Court for the Western District of Washington.

SIGNED FOR AND ON BEHALF           SIGNED FOR AND ON BEHALF
OF SABERTOOTH INC.                 OF THE ARTIST

Name...............................    Name...............................

Date......6/18/03......             Date......6/23/03......

Highly Confidential - AEO                                   GW0006376

**EXHIBIT**

**The Work: Warhammer Horus Heresy Set 1**

Artist Name and Address:
Chris Trevas 1434 Crimson Way
Walled Lake, MI 48390

Social Security Number (if applicable):
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

Name to appear on published work:
*Chris Trevas*

| Description | Art number |
|---|---|
| Veterans 1 | 2027 |
| Outflank | 2095 |
| Tactical Squad 1 | 2128 |
| Command Rhino | 2143 |

Heavy Support Squad 1   2155

5 @ $300

**EXHIBIT B**

**The Works Schedule**

The Artist will produce the Work in accordance with the following timetable:

A   A sketch of the Work must be completed and delivered to Sabertooth by [June 20, 2003] ("Sketch Date")

B   The Work in final form must be completed and delivered to Sabertooth by [July 11th, 2003] ("Final Date")

C   Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following timetable:

⊠   PAYMENT METHOD ONE

C   [$   750   ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D   [$   750   ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the following timetable:

☐   PAYMENT METHOD TWO

E   [$   1350   ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

| For office use only | | | |
|---|---|---|---|
| Initial Check # | 2205 | Final Check # | 2555 |
| Initial Amount | 750 | Final Amount | 750 |
| Date | 8/18/03 | Date | 1/16/04 |

Highly Confidential - AEO     GW0006377

**EXHIBIT**

**The Work: Warhammer Horus Heresy Set 1**

Artist Name and Address:
Chris Trevas 1434 Crimson
Way
Walled Lake, MI 48390

Social Security Number (if
applicable):
378 - 72 - 7437

Name to appear on
published work:
Chris Trevas

| Description | Art number |
|---|---|
| Veterans 1 | 2027 |
| Outflank | 2095 |
| Tactical Squad 1 | 2128 |
| Command Rhino | 2143 |

Heavy Support Squad 1    2155

5 @ $300

**EXHIBIT B**

**The Works Schedule**

The Artist will produce the Work in accordance with the following timetable:

A    A sketch of the Work must be completed and delivered to Sabertooth by
[June 20, 2003] ("Sketch Date")

B    The Work in final form must be completed and delivered to Sabertooth by
[July 11th, 2003] ("Final Date")

C    Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of
same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following
timetable:

☒    PAYMENT METHOD ONE

C    [$    750    ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D    [$    750    ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the
following timetable:

☐    PAYMENT METHOD TWO

E    [$    1350    ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

**For office use only**
| | | | |
|---|---|---|---|
| Initial Check # | 2205 | Final Check # | _____ |
| Initial Amount | 750 | Final Amount | _____ |
| Date | 8(18(03 | Date | _____ |

Highly Confidential - AEO

**THIS AGREEMENT** is made on 06 November 2003

BETWEEN:

    (1)    Sabertooth Games, Inc of 610 Industry Drive, Tukwila WA, 98188 USA ("Sabertooth")

            and

    (2)    Chris Trevas of 1434 Crimson Way Walled Lake MI 48390 ("Artist")

## 1.    DEFINITIONS

1.1    In this Agreement

    **"Confidential Information"** means all secret or not generally known information, or all information not easily accessible by others or of a commercially sensitive nature concerning any aspect of the business of Sabertooth. By way of example but not by way of limitation, information should be treated as confidential if it includes any proprietary documentation, materials, flow charts, codes, software, computer instructions, techniques, models, information, diagrams, know-how, trade secrets, data, business records, or marketing information.

    **"the Commencement Date"** means the date hereof,

    **"Successful Completion"** means the date on which the Artist has completed the Works to the approval of Sabertooth, such approval to be in writing

    **"the Work"** means the work to be produced in accordance with this agreement as detailed in Exhibit A hereto

    **"the Works Schedule"** means the timetable that the Work is to be produced to in accordance with this agreement as detailed in Exhibit B hereto

## 2.    COMMISSIONED WORK

2.1    In consideration of the payment to the Artist of the sums set out below, the Artist agrees to produce the Work in accordance with the Works Schedule under the terms and conditions hereunder.

## 3.    DURATION

3.1    This Agreement shall commence on the Commencement Date and shall, unless terminated in any of the circumstances in clause 6 of this Agreement, continue in force until Successful Completion Date of the Stage Two Work as provided for in Annex B below.

Highly Confidential - AEO                    

**4.    QUALITY OF PRODUCTS**

4.1    The Artist undertakes that the Work shall be carried out in a manner consistent with high standards of materials used, workmanship and design

**5.    PAYMENT**

5.1    Sabertooth shall pay the Artist any sums due in accordance with the Works Schedule.

5.2    In the event that the Work is not completed in accordance with the Works Schedule, Sabertooth will pay the Artist as follows:

5.2.1    For Work received 1-2 days after the Final Date: 90% of the Initial Payment
5.2.2    For Work received 3-5 days after the Final Date: 70% of the Initial Payment
5.2.3    For Work received 6 or more days after the Final Date: 0% of the Initial Payment

5.3    Notwithstanding clause 5.2, the Artist agrees that time is of the essence.

5.4    Sabertooth reserves the exclusive right, such right not however to be exercised unreasonably, to cancel in its sole discretion this Agreement in relation to any Work in progress, at which time the Artist shall deliver that part of the Work created at the time of said cancellation whereupon Sabertooth shall pay the Artist such monies as may, in Sabertooth's opinion, be reasonably proportionate to such of the Work as is completed.

**6.    TERMINATION**

6.1    Sabertooth may terminate this Agreement without prejudice to its other remedies forthwith by notice in writing to the Artist if the Artist commits a breach of this Agreement, provided that if the breach is capable of remedy the notice shall only be given if the Artist shall not have remedied the same within 5 days of having been given notice in writing specifying the breach and requiring it to be remedied.

6.2    Either party may terminate this Agreement without prejudice to its other remedies giving by two months notice in writing to the other party. For the avoidance of doubt, the parties' obligations under this Agreement will continue during the notice period.

6.3    The clauses in this Agreement which expressly or impliedly have effect after termination shall continue to be enforceable notwithstanding termination.

**7.    ASSIGNMENT OF COPYRIGHT**

7.1    The Artist hereby assigns and transfers to Sabertooth all rights, title and interest, throughout the world and in perpetuity, in all copyrights and goodwill and any other intellectual property rights vested or otherwise in the Work. For the avoidance of doubt this includes any moral rights or equivalent which the Artist may have in the Work.

7.2     The Artist agrees to execute any relevant documents at any future time at the behest of Sabertooth to fulfil the obligations contained in this clause 7.

7.3     Name credit shall be given to the Artist upon publication of the Work in the products in which it is used.  Notwithstanding any other provision of this Agreement, Sabertooth shall have no obligation to market, sell or otherwise distribute the Work, either alone or in any Sabertooth product.

7.4     Subject to this Clause 7, the Work will be returned to the Artist within a reasonable time following Successful Completion. The Artist shall not under any circumstance reproduce, copy, manufacture, alter or amend the Work following Successful Completion.

7.4     Without prejudice to the generality of the foregoing, the Artist shall have the right, upon the receipt of written approval from Sabertooth, such permission not to be unreasonably withheld, to use the Work (s) in connection with his/her portfolio, personal website and all or any non-commercial instruments of personal publicity that the Artist characteristically and reasonably uses to promote his/her artwork.  Each instrument shall identify Sabertooth or its designee as the owner of all trademarks and copyrights associated with said Work(s).  The Artist shall comply with all reasonable requirements that Sabertooth may communicate from time to time in relation to this Clause 7.5.

## 8.     CONFIDENTIALITY

8.1     The Artist agrees to keep confidential and use solely for the purposes of this Agreement all Confidential Information.

8.2     The obligation contained in clause 8.1 does not include information that has ceased to be secret without default on the recipient's part.

## 9.     INDEPENDENT CONTRACTOR

9.1     Artist shall be an independent contractor and not an employee of Sabertooth.  Artist shall not be entitled to worker's compensation, retirement, insurance, or other benefits provided to employees of Sabertooth.  Artist shall be responsible for the payment of all personal taxes, fees and other assessments arising from providing the services set forth herein and shall otherwise comply with applicable laws, ordinances, regulations and other governmental requirements related to said services.  Artist has no power or authority to act for, represent, or bind Sabertooth or any company affiliated with Sabertooth in any manner, except as so authorized in writing by Sabertooth.

## 10.     ENTIRE AGREEMENT

10.1     This Agreement is the entire agreement between the parties with respect to the subject matter and supersedes any previous statements or agreements whether oral or written.

## 11.    VARIATION

11.1    No amendment or modification of this Agreement will be effective unless it is in writing and signed by both parties.

## 12.    WAIVER

12.1    The failure of either party to demand strict performance by the other party of any of this Agreement will not be a waiver or relinquishment of any rights under this Agreement.

## 13.    SEVERABILITY

13.1.    If any provision of this Agreement is held by a court of competent jurisdiction to be contrary to law, the remaining provisions of this Agreement will remain in full force and effect insofar as they are capable in light of the court's findings.

## 14.    ASSIGNMENT

14.1    The Artist may not assign this Agreement or any of the Artist's rights or obligations under this Agreement without the prior written consent of Sabertooth.

## 15.    JURISDICTION

15.1    This Agreement will be governed by the laws of the State of Washington and subject to the exclusive jurisdiction of the United States District Court for the Western District of Washington.

SIGNED FOR AND ON BEHALF OF SABERTOOTH INC.

Name.............................................

Date.........4/6/03..........................

SIGNED FOR AND ON BEHALF OF THE ARTIST

Name............................................

Date........11/10/03........................

Highly Confidential - AEO

**EXHIBIT**

**The Work: Warhammer Fantasy, Set 4 (Dogs of War)**

Artist Name and Address:
Chris Trevas 1434 Crimson Way
Walled Lake, MI 48390

Social Security Number (if applicable): 378 - 72 - 7437

Name to appear on published work: *Chris Trevas*    SET 5

| Description | Art number | | |
|---|---|---|---|
| Hamstring | 2173 | Gawain | 2300 |
| When you need it most | 2174 | | |
| Ostland Elector Count | 2182 | 4 @ $300 | |

**EXHIBIT B**

**The Works Schedule**

The Artist will produce the Work in accordance with the following timetable:

A    A sketch of the Work must be completed and delivered to Sabertooth by [August 15th, 2003] ("Sketch Date")

B    The Work in final form must be completed and delivered to Sabertooth by [Sept 12th, 2003] ("Final Date")

C    Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following timetable:

⊠    PAYMENT METHOD ONE

C    [$    600    ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D    [$    600    ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the following timetable:

☐    PAYMENT METHOD TWO

E    [$    1080    ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

| For office use only | | | |
|---|---|---|---|
| Initial Check # | 23376 | Final Check # | 1002 f |
| Initial Amount | $600 | Final Amount | 600  DOGS: 450 |
| Date | 11/7/03 | Date | 2/5/04  GGN PACK: 150 |

Highly Confidential - AEO

GW0006383

**EXHIBIT**

**The Work: Warhammer Horus Heresy Set 2 (Sedition's Gate)**
Artist Name and Address: Chris Trevas; 1434 Crimson Way; Walled Lake, MI 48390
Social Security Number (if applicable):

| Art num | Description | |
|---------|-------------|---|
| 2374 | TS Tactical Squad 3.1 | 2441  Angels verus Chaos |
| 2380 | EC Heavy Support Squad 2.1 | 4 @ $300 |
| 2402 | EC Hvy Sup Squad 3.1 | |

**EXHIBIT B**

**The Works Schedule**

The Artist will produce the Work in accordance with the following timetable:

A    A sketch of the Work must be completed and delivered to Sabertooth by        [End of Sept]
("Sketch Date")

B    The Work in final form must be completed and delivered to Sabertooth by
[ Oct 17th] ("Final Date")

C    Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of
same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following
timetable:

⊠    PAYMENT METHOD ONE

C    [$600        ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D    [$600        ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the
following timetable:

☐    PAYMENT METHOD TWO

E    [$1080       ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

| **For office use only** | | |
|---|---|---|
| Initial Check # | 2407 | Final Check #  1(100 |
| Initial Amount  HH SET 2  ~~600~~ 450 | | Final Amount  HH SET 2  450 |
| Date  HH SET 3  150 | | Date  HH SET 3  150 |
| 11/7/03 | | 3/8/04 |

Highly Confidential - AEO

## EXHIBIT

**The Work: Warhammer Horus Heresy Set 2 (Sedition's Gate)**
Artist Name and Address: Chris Trevas; 1434 Crimson Way; Walled Lake, MI 48390
Social Security Number (if applicable):

| Art num | Description | | |
|---|---|---|---|
| | | 2441 | Angels verus Chaos |
| 2374 | TS Tactical Squad 3.1 | 4 @ $300 | |
| 2380 | EC Heavy Support Squad 2.1 | | |
| 2402 | EC Hvy Sup Squad 3.1 | | |

## EXHIBIT B

### The Works Schedule

The Artist will produce the Work in accordance with the following timetable:

A      A sketch of the Work must be completed and delivered to Sabertooth by      [End of Sept]
("Sketch Date")

B      The Work in final form must be completed and delivered to Sabertooth by
[ Oct 17th] ("Final Date")

C      Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of
same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following timetable:

    &#9587;    **PAYMENT METHOD ONE**

C    [$600    ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D    [$600    ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the
following timetable:

    ☐    **PAYMENT METHOD TWO**

E    [$1080    ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

For office use only
Initial Check # _2407_          Final Check #
Initial Amount _~~302~~ ~~1000~~ 450_    Final Amount
Date _~~12-03~~ 150_          Date

_11/7/03_



Highly Confidential - AEO          GW0006385

**THIS AGREEMENT** is made on 19 December 2003

BETWEEN:

    (1)    Sabertooth Games, Inc of 610 Industry Drive, Tukwila WA, 98188 USA ("Sabertooth")

           and

    (2)    Chris Trevas of 1434 Crimson Way Walled Lake MI 48390 ("Artist")

## 1.    DEFINITIONS

1.1    In this Agreement

    **"Confidential Information"** means all secret or not generally known information, or all information not easily accessible by others or of a commercially sensitive nature concerning any aspect of the business of Sabertooth. By way of example but not by way of limitation, information should be treated as confidential if it includes any proprietary documentation, materials, flow charts, codes, software, computer instructions, techniques, models, information, diagrams, know-how, trade secrets, data, business records, or marketing information.

    **"the Commencement Date"** means the date hereof,

    **"Successful Completion"** means the date on which the Artist has completed the Works to the approval of Sabertooth, such approval to be in writing

    **"the Work"** means the work to be produced in accordance with this agreement as detailed in Exhibit A hereto

    **"the Works Schedule"** means the timetable that the Work is to be produced to in accordance with this agreement as detailed in Exhibit B hereto

## 2.    COMMISSIONED WORK

2.1    In consideration of the payment to the Artist of the sums set out below, the Artist agrees to produce the Work in accordance with the Works Schedule under the terms and conditions hereunder.

## 3.    DURATION

3.1    This Agreement shall commence on the Commencement Date and shall, unless terminated in any of the circumstances in clause 6 of this Agreement, continue in force until Successful Completion Date of the Stage Two Work as provided for in Annex B below.

Highly Confidential - AEO           

## 4.  QUALITY OF PRODUCTS

4.1  The Artist undertakes that the Work shall be carried out in a manner consistent with high standards of materials used, workmanship and design

## 5.  PAYMENT

5.1  Sabertooth shall pay the Artist any sums due in accordance with the Works Schedule.

5.2  In the event that the Work is not completed in accordance with the Works Schedule, Sabertooth will pay the Artist as follows:

5.2.1  For Work received 1-2 days after the Final Date: 90% of the Initial Payment
5.2.2  For Work received 3-5 days after the Final Date:70% of the Initial Payment
5.2.3  For Work received 6 or more days after the Final Date:0% of the Initial Payment

5.3  Notwithstanding clause 5.2, the Artist agrees that time is of the essence.

5.4  Sabertooth reserves the exclusive right, such right not however to be exercised unreasonably, to cancel in its sole discretion this Agreement in relation to any Work in progress, at which time the Artist shall deliver that part of the Work created at the time of said cancellation whereupon Sabertooth shall pay the Artist such monies as may, in Sabertooth's opinion, be reasonably proportionate to such of the Work as is completed.

## 6.  TERMINATION

6.1  Sabertooth may terminate this Agreement without prejudice to its other remedies forthwith by notice in writing to the Artist if the Artist commits a breach of this Agreement, provided that if the breach is capable of remedy the notice shall only be given if the Artist shall not have remedied the same within 5 days of having been given notice in writing specifying the breach and requiring it to be remedied.

6.2  Either party may terminate this Agreement without prejudice to its other remedies giving by two months notice in writing to the other party. For the avoidance of doubt, the parties' obligations under this Agreement will continue during the notice period.

6.3  The clauses in this Agreement which expressly or impliedly have effect after termination shall continue to be enforceable notwithstanding termination.

## 7.  ASSIGNMENT OF COPYRIGHT

7.1  The Artist hereby assigns and transfers to Sabertooth all rights, title and interest, throughout the world and in perpetuity, in all copyrights and goodwill and any other intellectual property rights vested or otherwise in the Work. For the avoidance of doubt this includes any moral rights or equivalent which the Artist may have in the Work.

7.2     The Artist agrees to execute any relevant documents at any future time at the behest of Sabertooth to fulfil the obligations contained in this clause 7.

7.3     Name credit shall be given to the Artist upon publication of the Work in the products in which it is used.  Notwithstanding any other provision of this Agreement, Sabertooth shall have no obligation to market, sell or otherwise distribute the Work, either alone or in any Sabertooth product.

7.4     Subject to this Clause 7, the Work will be returned to the Artist within a reasonable time following Successful Completion. The Artist shall not under any circumstance reproduce, copy, manufacture, alter or amend the Work following Successful Completion.

7.4     Without prejudice to the generality of the foregoing, the Artist shall have the right, upon the receipt of written approval from Sabertooth, such permission not to be unreasonably withheld, to use the Work (s) in connection with his/her portfolio, personal website and all or any non-commercial instruments of personal publicity that the Artist characteristically and reasonably uses to promote his/her artwork.  Each instrument shall identify Sabertooth or its designee as the owner of all trademarks and copyrights associated with said Work(s).  The Artist shall comply with all reasonable requirements that Sabertooth may communicate from time to time in relation to this Clause 7.5.

**8.     CONFIDENTIALITY**

8.1     The Artist agrees to keep confidential and use solely for the purposes of this Agreement all Confidential Information.

8.2     The obligation contained in clause 8.1 does not include information that has ceased to be secret without default on the recipient's part.

**9.     INDEPENDENT CONTRACTOR**

9.1     Artist shall be an independent contractor and not an employee of Sabertooth.  Artist shall not be entitled to worker's compensation, retirement, insurance, or other benefits provided to employees of Sabertooth.  Artist shall be responsible for the payment of all personal taxes, fees and other assessments arising from providing the services set forth herein and shall otherwise comply with applicable laws, ordinances, regulations and other governmental requirements related to said services.  Artist has no power or authority to act for, represent, or bind Sabertooth or any company affiliated with Sabertooth in any manner, except as so authorized in writing by Sabertooth.

**10.     ENTIRE AGREEMENT**

10.1     This Agreement is the entire agreement between the parties with respect to the subject matter and supersedes any previous statements or agreements whether oral or written.

Highly Confidential - AEO

## 11.   VARIATION

11.1   No amendment or modification of this Agreement will be effective unless it is in writing and signed by both parties.

## 12.   WAIVER

12.1   The failure of either party to demand strict performance by the other party of any of this Agreement will not be a waiver or relinquishment of any rights under this Agreement.

## 13.   SEVERABILITY

13.1.   If any provision of this Agreement is held by a court of competent jurisdiction to be contrary to law, the remaining provisions of this Agreement will remain in full force and effect insofar as they are capable in light of the court's findings.

## 14.   ASSIGNMENT

14.1   The Artist may not assign this Agreement or any of the Artist's rights or obligations under this Agreement without the prior written consent of Sabertooth.

## 15.   JURISDICTION

15.1   This Agreement will be governed by the laws of the State of Washington and subject to the exclusive jurisdiction of the United States District Court for the Western District of Washington.

SIGNED FOR AND ON BEHALF                SIGNED FOR AND ON BEHALF
OF SABERTOOTH INC.                      OF THE ARTIST

Name.................................   Name.................................

Date....... 12/19/03 .................  Date........ 12/26/03 ...............

Highly Confidential - AEO                                                   GW0006389

**THIS AGREEMENT** is made on 13 February 2004

BETWEEN:

    (1)    Sabertooth Games, Inc of 610 Industry Drive, Tukwila WA, 98188 USA ("Sabertooth")

          and

    (2)    Chris Trevas of 1434 Crimson Way Walled Lake MI 48390 ("Artist")

## 1.    DEFINITIONS

1.1    In this Agreement

**"Confidential Information"** means all secret or not generally known information, or all information not easily accessible by others or of a commercially sensitive nature concerning any aspect of the business of Sabertooth. By way of example but not by way of limitation, information should be treated as confidential if it includes any proprietary documentation, materials, flow charts, codes, software, computer instructions, techniques, models, information, diagrams, know-how, trade secrets, data, business records, or marketing information.

**"the Commencement Date"** means the date hereof,

**"Successful Completion"** means the date on which the Artist has completed the Works to the approval of Sabertooth, such approval to be in writing

**"the Work"** means the work to be produced in accordance with this agreement as detailed in Exhibit A hereto

**"the Works Schedule"** means the timetable that the Work is to be produced to in accordance with this agreement as detailed in Exhibit B hereto

## 2.    COMMISSIONED WORK

2.1    In consideration of the payment to the Artist of the sums set out below, the Artist agrees to produce the Work in accordance with the Works Schedule under the terms and conditions hereunder.

## 3.    DURATION

3.1    This Agreement shall commence on the Commencement Date and shall, unless terminated in any of the circumstances in clause 6 of this Agreement, continue in force until Successful Completion Date of the Stage Two Work as provided for in Annex B below.

Highly Confidential - AEO          

4.     **QUALITY OF PRODUCTS**

4.1     The Artist undertakes that the Work shall be carried out in a manner consistent with high standards of materials used, workmanship and design

5.     **PAYMENT**

5.1     Sabertooth shall pay the Artist any sums due in accordance with the Works Schedule.

5.2     In the event that the Work is not completed in accordance with the Works Schedule, Sabertooth will pay the Artist as follows:

    5.2.1   For Work received 1-2 days after the Final Date: 90% of the Initial Payment
    5.2.2   For Work received 3-5 days after the Final Date:70% of the Initial Payment
    5.2.3   For Work received 6 or more days after the Final Date:0% of the Initial Payment

5.3     Notwithstanding clause 5.2, the Artist agrees that time is of the essence.

5.4     Sabertooth reserves the exclusive right, such right not however to be exercised unreasonably, to cancel in its sole discretion this Agreement in relation to any Work in progress, at which time the Artist shall deliver that part of the Work created at the time of said cancellation whereupon Sabertooth shall pay the Artist such monies as may, in Sabertooth's opinion, be reasonably proportionate to such of the Work as is completed.

6.     **TERMINATION**

6.1     Sabertooth may terminate this Agreement without prejudice to its other remedies forthwith by notice in writing to the Artist if the Artist commits a breach of this Agreement, provided that if the breach is capable of remedy the notice shall only be given if the Artist shall not have remedied the same within 5 days of having been given notice in writing specifying the breach and requiring it to be remedied.

6.2     Either party may terminate this Agreement without prejudice to its other remedies giving by two months notice in writing to the other party. For the avoidance of doubt, the parties' obligations under this Agreement will continue during the notice period.

6.3     The clauses in this Agreement which expressly or impliedly have effect after termination shall continue to be enforceable notwithstanding termination.

7.     **ASSIGNMENT OF COPYRIGHT**

7.1     The Artist hereby assigns and transfers to Sabertooth all rights, title and interest, throughout the world and in perpetuity, in all copyrights and goodwill and any other intellectual property rights vested or otherwise in the Work. For the avoidance of doubt this includes any moral rights or equivalent which the Artist may have in the Work.

7.2 The Artist agrees to execute any relevant documents at any future time at the behest of Sabertooth to fulfil the obligations contained in this clause 7.

7.3 Name credit shall be given to the Artist upon publication of the Work in the products in which it is used. Notwithstanding any other provision of this Agreement, Sabertooth shall have no obligation to market, sell or otherwise distribute the Work, either alone or in any Sabertooth product.

7.4 Subject to this Clause 7, the Work will be returned to the Artist within a reasonable time following Successful Completion. The Artist shall not under any circumstance reproduce, copy, manufacture, alter or amend the Work following Successful Completion.

7.4 Without prejudice to the generality of the foregoing, the Artist shall have the right, upon the receipt of written approval from Sabertooth, such permission not to be unreasonably withheld, to use the Work (s) in connection with his/her portfolio, personal website and all or any non-commercial instruments of personal publicity that the Artist characteristically and reasonably uses to promote his/her artwork. Each instrument shall identify Sabertooth or its designee as the owner of all trademarks and copyrights associated with said Work(s). The Artist shall comply with all reasonable requirements that Sabertooth may communicate from time to time in relation to this Clause 7.5.

## 8. CONFIDENTIALITY

8.1 The Artist agrees to keep confidential and use solely for the purposes of this Agreement all Confidential Information.

8.2 The obligation contained in clause 8.1 does not include information that has ceased to be secret without default on the recipient's part.

## 9. INDEPENDENT CONTRACTOR

9.1 Artist shall be an independent contractor and not an employee of Sabertooth. Artist shall not be entitled to worker's compensation, retirement, insurance, or other benefits provided to employees of Sabertooth. Artist shall be responsible for the payment of all personal taxes, fees and other assessments arising from providing the services set forth herein and shall otherwise comply with applicable laws, ordinances, regulations and other governmental requirements related to said services. Artist has no power or authority to act for, represent, or bind Sabertooth or any company affiliated with Sabertooth in any manner, except as so authorized in writing by Sabertooth.

## 10. ENTIRE AGREEMENT

10.1 This Agreement is the entire agreement between the parties with respect to the subject matter and supersedes any previous statements or agreements whether oral or written.

Highly Confidential - AEO

## 11.    VARIATION

11.1    No amendment or modification of this Agreement will be effective unless it is in writing and signed by both parties.

## 12.    WAIVER

12.1    The failure of either party to demand strict performance by the other party of any of this Agreement will not be a waiver or relinquishment of any rights under this Agreement.

## 13.    SEVERABILITY

13.1.    If any provision of this Agreement is held by a court of competent jurisdiction to be contrary to law, the remaining provisions of this Agreement will remain in full force and effect insofar as they are capable in light of the court's findings.

## 14.    ASSIGNMENT

14.1    The Artist may not assign this Agreement or any of the Artist's rights or obligations under this Agreement without the prior written consent of Sabertooth.

## 15.    JURISDICTION

15.1    This Agreement will be governed by the laws of the State of Washington and subject to the exclusive jurisdiction of the United States District Court for the Western District of Washington.

SIGNED FOR AND ON BEHALF
OF SABERTOOTH INC.

Name.................................................

Date    2/13/2004

SIGNED FOR AND ON BEHALF
OF THE ARTIST

Name...............................................

Date.............2/23/04............

Highly Confidential - AEO

**THIS AGREEMENT** is made on 16 April 2004

BETWEEN:

(1)    Sabertooth Games, Inc of 610 Industry Drive, Tukwila WA, 98188 USA ("Sabertooth")

and

(2)    Chris Trevas of 1434 Crimson Way Walled Lake MI 48390  ("Artist")

## 1.    DEFINITIONS

1.1    In this Agreement

**"Confidential Information"** means all secret or not generally known information, or all information not easily accessible by others or of a commercially sensitive nature concerning any aspect of the business of Sabertooth. By way of example but not by way of limitation, information should be treated as confidential if it includes any proprietary documentation, materials, flow charts, codes, software, computer instructions, techniques, models, information, diagrams, know-how, trade secrets, data, business records, or marketing information.

**"the Commencement Date"** means the date hereof,

**"Successful Completion"** means the date on which the Artist has completed the Works to the approval of Sabertooth, such approval to be in writing

**"the Work"** means the work to be produced in accordance with this agreement as detailed in Exhibit A hereto

**"the Works Schedule"** means the timetable that the Work is to be produced to in accordance with this agreement as detailed in Exhibit B hereto

## 2.    COMMISSIONED WORK

2.1    In consideration of the payment to the Artist of the sums set out below, the Artist agrees to produce the Work in accordance with the Works Schedule under the terms and conditions hereunder.

## 3.    DURATION

3.1    This Agreement shall commence on the Commencement Date and shall, unless terminated in any of the circumstances in clause 6 of this Agreement, continue in force until Successful Completion Date of the Stage Two Work as provided for in Annex B below.

Highly Confidential - AEO

4.      **QUALITY OF PRODUCTS**

4.1     The Artist undertakes that the Work shall be carried out in a manner consistent with high standards of materials used, workmanship and design

5.      **PAYMENT**

5.1     Sabertooth shall pay the Artist any sums due in accordance with the Works Schedule.

5.2     In the event that the Work is not completed in accordance with the Works Schedule, Sabertooth will pay the Artist as follows:

      5.2.1    For Work received 1-2 days after the Final Date: 90% of the Initial Payment
      5.2.2    For Work received 3-5 days after the Final Date: 70% of the Initial Payment
      5.2.3    For Work received 6 or more days after the Final Date: 0% of the Initial Payment

5.3     Notwithstanding clause 5.2, the Artist agrees that time is of the essence.

5.4     Sabertooth reserves the exclusive right, such right not however to be exercised unreasonably, to cancel in its sole discretion this Agreement in relation to any Work in progress, at which time the Artist shall deliver that part of the Work created at the time of said cancellation whereupon Sabertooth shall pay the Artist such monies as may, in Sabertooth's opinion, be reasonably proportionate to such of the Work as is completed.

6.      **TERMINATION**

6.1     Sabertooth may terminate this Agreement without prejudice to its other remedies forthwith by notice in writing to the Artist if the Artist commits a breach of this Agreement, provided that if the breach is capable of remedy the notice shall only be given if the Artist shall not have remedied the same within 5 days of having been given notice in writing specifying the breach and requiring it to be remedied.

6.2     Either party may terminate this Agreement without prejudice to its other remedies giving by two months notice in writing to the other party. For the avoidance of doubt, the parties' obligations under this Agreement will continue during the notice period.

6.3     The clauses in this Agreement which expressly or impliedly have effect after termination shall continue to be enforceable notwithstanding termination.

7.      **ASSIGNMENT OF COPYRIGHT**

7.1     The Artist hereby assigns and transfers to Sabertooth all rights, title and interest, throughout the world and in perpetuity, in all copyrights and goodwill and any other intellectual property rights vested or otherwise in the Work. For the avoidance of doubt this includes any moral rights or equivalent which the Artist may have in the Work.

7.2 The Artist agrees to execute any relevant documents at any future time at the behest of Sabertooth to fulfil the obligations contained in this clause 7.

7.3 Name credit shall be given to the Artist upon publication of the Work in the products in which it is used. Notwithstanding any other provision of this Agreement, Sabertooth shall have no obligation to market, sell or otherwise distribute the Work, either alone or in any Sabertooth product.

7.4 Subject to this Clause 7, the Work will be returned to the Artist within a reasonable time following Successful Completion. The Artist shall not under any circumstance reproduce, copy, manufacture, alter or amend the Work following Successful Completion.

7.4 Without prejudice to the generality of the foregoing, the Artist shall have the right, upon the receipt of written approval from Sabertooth, such permission not to be unreasonably withheld, to use the Work (s) in connection with his/her portfolio, personal website and all or any non-commercial instruments of personal publicity that the Artist characteristically and reasonably uses to promote his/her artwork. Each instrument shall identify Sabertooth or its designee as the owner of all trademarks and copyrights associated with said Work(s). The Artist shall comply with all reasonable requirements that Sabertooth may communicate from time to time in relation to this Clause 7.5.

## 8. CONFIDENTIALITY

8.1 The Artist agrees to keep confidential and use solely for the purposes of this Agreement all Confidential Information.

8.2 The obligation contained in clause 8.1 does not include information that has ceased to be secret without default on the recipient's part.

## 9. INDEPENDENT CONTRACTOR

9.1 Artist shall be an independent contractor and not an employee of Sabertooth. Artist shall not be entitled to worker's compensation, retirement, insurance, or other benefits provided to employees of Sabertooth. Artist shall be responsible for the payment of all personal taxes, fees and other assessments arising from providing the services set forth herein and shall otherwise comply with applicable laws, ordinances, regulations and other governmental requirements related to said services. Artist has no power or authority to act for, represent, or bind Sabertooth or any company affiliated with Sabertooth in any manner, except as so authorized in writing by Sabertooth.

## 10. ENTIRE AGREEMENT

10.1 This Agreement is the entire agreement between the parties with respect to the subject matter and supersedes any previous statements or agreements whether oral or written.

## 11.   VARIATION

11.1   No amendment or modification of this Agreement will be effective unless it is in writing and signed by both parties.

## 12.   WAIVER

12.1   The failure of either party to demand strict performance by the other party of any of this Agreement will not be a waiver or relinquishment of any rights under this Agreement.

## 13.   SEVERABILITY

13.1.   If any provision of this Agreement is held by a court of competent jurisdiction to be contrary to law, the remaining provisions of this Agreement will remain in full force and effect insofar as they are capable in light of the court's findings.

## 14.   ASSIGNMENT

14.1   The Artist may not assign this Agreement or any of the Artist's rights or obligations under this Agreement without the prior written consent of Sabertooth.

## 15.   JURISDICTION

15.1   This Agreement will be governed by the laws of the State of Washington and subject to the exclusive jurisdiction of the United States District Court for the Western District of Washington.

SIGNED FOR AND ON BEHALF
OF SABERTOOTH INC.

Name..........................

Date   4/16/2004

SIGNED FOR AND ON BEHALF
OF THE ARTIST

Name...................................

Date.............4/27/04...............

Highly Confidential - AEO

**THIS AGREEMENT** is made on 19 May 2004

BETWEEN:

    (1)    Sabertooth Games, Inc of 6211 East Holmes Road, Suite 102, Memphis TN 38141 ("Sabertooth")

           And

    (2)    Chris Trevas        ("Artist")    of

1434 Crimson Way
Walled Lake, MI 48390
United States of America

## 1.    DEFINITIONS

1.1    In this Agreement

**"Confidential Information"** means all secret or not generally known information or all information not easily accessible by others or of a commercially sensitive nature concerning any aspect of the business of Sabertooth. By way of example but not by way of limitation, information should be treated as confidential if it includes any proprietary documentation, materials, flow charts, codes, software, computer instructions, techniques, models, information, diagrams, know-how, trade secrets, data, business records, or marketing information.

**"the Commencement Date"** means the date hereof,

**"Successful Completion"** means the date on which the Artist has completed the Works to the approval of Sabertooth, such approval to be in writing

**"the Work"** means the work to be produced in accordance with this agreement as detailed in Exhibit A hereto

**"the Works Schedule"** means the timetable that the Work is to be produced to in accordance with this agreement as detailed in Exhibit B hereto

## 2.    COMMISSIONED WORK

2.1    In consideration of the payment to the Artist of the sums set out below, the Artist agrees to produce the Work in accordance with the Works Schedule under the terms and conditions hereunder.

## 3.    DURATION

3.1    This Agreement shall commence on the Commencement Date and shall, unless terminated in any of the circumstances in clause 6 of this Agreement, continue in force until Successful Completion Date of the Stage Two Work as provided for in Annex B below.

## 4.    QUALITY OF PRODUCTS

4.1   The Artist undertakes that the Work shall be carried out in a manner consistent with high standards of materials used, workmanship and design

**5.      PAYMENT**

5.1   Sabertooth shall pay the Artist any sums due in accordance with the Works Schedule.

5.2   In the event that the Work is not completed in accordance with the Works Schedule, Sabertooth will pay the Artist as follows:

    5.2.1   For Work received 1-2 days after the Final Date: 90% of the Initial Payment
    5.2.2   For Work received 3-5 days after the Final Date: 70% of the Initial Payment
    5.2.3   For Work received 6 or more days after the Final Date: 0% of the Initial Payment

5.3   Notwithstanding clause 5.2, the Artist agrees that time is of the essence.

5.4   Sabertooth reserves the exclusive right, such right not however to be exercised unreasonably, to cancel in its sole discretion this Agreement in relation to any Work in progress, at which time the Artist shall deliver that part of the Work created at the time of said cancellation whereupon Sabertooth shall pay the Artist such monies as may, in Sabertooth's opinion, be reasonably proportionate to such of the Work as is completed.

**6.      TERMINATION**

6.1   Sabertooth may terminate this Agreement without prejudice to its other remedies forthwith by notice in writing to the Artist if the Artist commits a breach of this Agreement, provided that if the breach is capable of remedy the notice shall only be given if the Artist shall not have remedied the same within 5 days of having been given notice in writing specifying the breach and requiring it to be remedied.

6.2   Either party may terminate this Agreement without prejudice to its other remedies giving by two months notice in writing to the other party. For the avoidance of doubt, the parties' obligations under this Agreement will continue during the notice period.

6.3   The clauses in this Agreement which expressly or impliedly have effect after termination shall continue to be enforceable notwithstanding termination.

**7.      ASSIGNMENT OF COPYRIGHT**

7.1   The Artist hereby assigns and transfers to Sabertooth all rights, title and interest, throughout the world and in perpetuity, in all copyrights and goodwill and any other intellectual property rights vested or otherwise in the Work. For the avoidance of doubt this includes any moral rights or equivalent which the Artist may have in the Work.

7.2   The Artist agrees to execute any relevant documents at any future time at the behest of Sabertooth to fulfil the obligations contained in this clause 7.

7.3   Name credit shall be given to the Artist upon publication of the Work in the products in which it is used.  Notwithstanding any other provision of this Agreement, Sabertooth shall have no obligation to market, sell or otherwise distribute the Work, either alone or in any Sabertooth product.

7.4     Subject to this Clause 7, the Work will be returned to the Artist within a reasonable time following Successful Completion. The Artist shall not under any circumstance reproduce, copy, manufacture, alter or amend the Work following Successful Completion.

7.4     Without prejudice to the generality of the foregoing, the Artist shall have the right, upon the receipt of written approval from Sabertooth, such permission not to be unreasonably withheld, to use the Work (s) in connection with his/her portfolio, personal website and all or any non-commercial instruments of personal publicity that the Artist characteristically and reasonably uses to promote his/her artwork. Each instrument shall identify Sabertooth or its designee as the owner of all trademarks and copyrights associated with said Work(s). The Artist shall comply with all reasonable requirements that Sabertooth may communicate from time to time in relation to this Clause 7.5.

## 8.     CONFIDENTIALITY

8.1     The Artist agrees to keep confidential and use solely for the purposes of this Agreement all Confidential Information.

8.2     The obligation contained in clause 8.1 does not include information that has ceased to be secret without default on the recipient's part.

## 9.     INDEPENDENT CONTRACTOR

9.1     Artist shall be an independent contractor and not an employee of Sabertooth. Artist shall not be entitled to worker's compensation, retirement, insurance, or other benefits provided to employees of Sabertooth. Artist shall be responsible for the payment of all personal taxes, fees and other assessments arising from providing the services set forth herein and shall otherwise comply with applicable laws, ordinances, regulations and other governmental requirements related to said services. Artist has no power or authority to act for, represent, or bind Sabertooth or any company affiliated with Sabertooth in any manner, except as so authorized in writing by Sabertooth.

## 10.     ENTIRE AGREEMENT

10.1     This Agreement is the entire agreement between the parties with respect to the subject matter and supersedes any previous statements or agreements whether oral or written.

## 11.     VARIATION

11.1     No amendment or modification of this Agreement will be effective unless it is in writing and signed by both parties.

## 12.     WAIVER

12.1     The failure of either party to demand strict performance by the other party of any of this Agreement will not be a waiver or relinquishment of any rights under this Agreement.

**13.**    **SEVERABILITY**

13.1.    If any provision of this Agreement is held by a court of competent jurisdiction to be contrary to law, the remaining provisions of this Agreement will remain in full force and effect insofar as they are capable in light of the court's findings.

**14.**    **ASSIGNMENT**

14.1    The Artist may not assign this Agreement or any of the Artist's rights or obligations under this Agreement without the prior written consent of Sabertooth.

**15.**    **JURISDICTION**

15.1    This Agreement will be governed by the laws of the State of Washington and subject to the exclusive jurisdiction of the United States District Court for the Western District of Washington.

SIGNED FOR AND ON BEHALF                SIGNED FOR AND ON BEHALF
OF SABERTOOTH INC.                      OF THE ARTIST

Name...........................................        Name...........................................

Date...........................................        Date...........................................

Highly Confidential - AEO

**EXHIBIT A**

**The Work:**

**Warhammer Fantasy, Harbingers of War/Death and Honour**

**Contract Number:**

Artist Name and Address:

Chris Trevas

1434 Crimson Way

Walled Lake, MI 48390

United States of America

Social Security Number (if applicable):

_____

Name to appear on published work:

_____

**Description and Art number**

**3234 Rally Up        3235 Replace Beams with Pillars**

2 cards @ $300.00 ea

**EXHIBIT B: the Works Schedule**

The Artist will produce the Work in accordance with the following timetable:

A       A sketch of the Work must be completed and delivered to Sabertooth by [June 16th, 2004] ("Sketch Date")

B       The Work in final form must be completed and delivered to Sabertooth by [July 21st, 2004] ("Final Date")

C       Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of same (Successful Completion)

The Artist shall receive payment in the following sums and in accordance with the following timetable:

☐       PAYMENT METHOD ONE

C       [$          ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D       [$          ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the following timetable:

☐       PAYMENT METHOD TWO

E       [$     $600.00     ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

For office use only

Initial Check # _____        Final Check # _____

Initial Amount _____        Final Amount _____

Date _____        Date _____

Highly Confidential - AEO

**EXHIBIT A: Contract Number CTWC5**

**The Work: Warhammer War Cry (Path of Glory and Chivalry and Deceit)**

Artist Name and Address: Chris Trevas 1434 Crimson Way Walled Lake MI 48390

Social Security Number:

| Art num | Description |
| --- | --- |
| 2473 | Knights Errant    Chivalry and Deceit |
| 2474 | Knights of the Realm    Chivalry and Deceit |
| 2478 | Questing Knights  Chivalry and Deceit |

**3 @ $300**

**EXHIBIT B**
**The Works Schedule**

The Artist will produce the Work in accordance with the following timetable:

A    A sketch of the Work must be completed and delivered to Sabertooth by Nov 21st ("Sketch Date")

B    The Work in final form must be completed and delivered to Sabertooth by [ Dec 12th] ("Final Date")

C    Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following timetable:

☒    PAYMENT METHOD ONE

C    [ $    450    ] "Initial Payment" to be paid within [30 days] of the Successful Completion

D    [ $    450    ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the following timetable:

☐    PAYMENT METHOD TWO

E    [ $    810    ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

| For office use only | | |
| --- | --- | --- |
| Initial Check # 2558 | Final Check # 10213 |
| Chivalry Initial Amount 450 | Chivalry Final Amount 450 |
| Date 1/16/04 | Date 5/27/04 |

## EXHIBIT A: Contract Number CTHH3

### The Work: Warhammer Horus Heresy (Traitor's Gambit)

Artist Name and Address: Chris Trevas 1434 Crimson Way Walled Lake MI 48390

Social Security Number:

**Art num    Description**
2605   UM Tac Sqd 1
2623   UM Tac Sqd 3
**2 @ $300**

## EXHIBIT B
### The Works Schedule

The Artist will produce the Work in accordance with the following timetable:

A    A sketch of the Work must be completed and delivered to Sabertooth by [Dec 19th] ("Sketch Date")

B    The Work in final form must be completed and delivered to Sabertooth by [Jan 30th] ("Final Date")

C    Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following timetable:

[X]    PAYMENT METHOD ONE

C    [ $300      ] "Initial Payment" to be paid within [30 days] of the Successful Completion
D    [ $300      ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the following timetable:

[ ]    PAYMENT METHOD TWO

E    [ $540      ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

| For office use only | | |
|---|---|---|
| Initial Check # 2/100-76 | | Final Check # _____ |
| Gambit Initial Amount 300 | | Gambit Final Amount |
| Date 2/26/04 | | Date _____ |

**EXHIBIT A: Contract Number CTWC6**

**The Work: Warhammer War Cry (Storm of Chaos)**

Artist Name and Address: Chris Trevas 1434 Crimson Way Walled Lake MI 48390
Social Security Number:

**Art num    Description**
2757  Engineer Guildmaster Burlock Damminson
2769  Gryphon Legion

**2 @ $300**

**EXHIBIT B**
**The Works Schedule**

The Artist will produce the Work in accordance with the following timetable:

A       A sketch of the Work must be completed and delivered to Sabertooth by [Dec 19th] ("Sketch
         Date")

B       The Work in final form must be completed and delivered to Sabertooth by [Jan 30th] ("Final
         Date")

C       Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of same
         (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following timetable:

        PAYMENT METHOD ONE

C       [ $      300     ] "Initial Payment" to be paid within [30 days] of the Successful Completion
D       [ $      300     ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the
following timetable:

☐       PAYMENT METHOD TWO

E       [ $      540     ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

**For office use only**

| | |
|---|---|
| Initial Check #    6/0150 | Final Check # |
| Storm Initial Amount    $300 | Storm Final Amount |
| Date    3/31/04 | Date |

Highly Confidential - AEO

**EXHIBIT A: Contract Number CTMEM**
**The Work: Warhammer Horus Heresy (Prospero Boxed) and/or Warhammer Fantasy (Siege of Middenheim)**
Artist Name and Address: Chris Trevas 1434 Crimson Way Walled Lake MI 48390
Social Security Number:

| Art num | Description | | | |
|---------|-------------|---|---|---|
| **Siege:** | | | **Prospero:** | |
| 3018 | Drong's Slayer Pirates | | 3070 | Tac Squad 1 |
| 3033 | Warriors of Ulric | | 3071 | Tac Squad 2 |

**4 @ $300**

**EXHIBIT B**
**The Works Schedule**

The Artist will produce the Work in accordance with the following timetable:

A     A sketch of the Work must be completed and delivered to Sabertooth by [April 16th] ("Sketch Date")

B     The Work in final form must be completed and delivered to Sabertooth by [May 3rd] ("Final Date")

C     Upon approval of the Work in final form, Sabertooth will notify the Artist in writing of same (Successful Completion )

The Artist shall receive payment in the following sums and in accordance with the following timetable:

☒     PAYMENT METHOD ONE

C     [ $    600    ] "Initial Payment" to be paid within [30 days] of the Successful Completion
D     [ $    600    ] "Final Payment" to be paid within [45 days] of the Product Release

Alternatively, the Artist shall receive payment in the following sums and in accordance with the following timetable:

☐     PAYMENT METHOD TWO

E     [ $    1080    ] "Final Payment" to be paid within [30 days] of Successful Completion

The Artist shall clearly mark which Payment Method he or she wishes to utilise.

| For office use only | | | |
|---------------------|---|---|---|
| Initial Check # | 10300 | Final Check # | |
| Prospero Initial Amount | 300 $600.00 | Prospero Initial Amount | |
| Middenheim Amount | 300 | Middenheim Amount | |
| Date | 7/7/04 | Date | |