# Exhibit 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAMES WORKSHOP LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>CHAPTERHOUSE STUDIOS LLC and JON PAULSON d/b/a PAULSON GAMES<br><br>Defendants. | Civil Action No. 1:10-cv-8103<br><br>Hon. Matthew F. Kennelly<br>Hon. Jeffrey T. Gilbert |

### PLAINTIFF GAMES WORKSHOP LIMITED'S RESPONSE TO DEFENDANT CHAPTERHOUSE STUDIOS LLC'S REQUEST FOR PRODUCTION OF DOCUMENTS LIMITED SET SEVEN

Pursuant to Fed.R.Civ.P. Rules 26 and 34, Games Workshop responds as follows to the Seventh Request For Production of Documents of Defendant Chapterhouse Studios LLC.

### GENERAL OBJECTIONS

1. Games Workshop will produce electronically stored information in a format mutually agreed upon among counsel, or as otherwise appropriate.

2. Games Workshop objects that, individually and cumulatively, these requests are extraordinarily overbroad and unduly burdensome given the needs of the case. Games Workshop further objects that service 86 document requests is abusive, and that the requests seek information that is irrelevant or has already been provided. The requests thus are needlessly cumulative and repetitive of prior requests and appear to have been interposed vexatiously and for no reason other than to increase costs

3. Games Workshop further objects that Chapterhouse's own answers to discovery, even under Court order, confirm these requests are irrelevant and not likely to lead to the

discovery of admissible evidence.

4. Games Workshop further objects that these requests are irrelevant and not likely to lead to the discovery of admissible evidence insofar as it is undisputed that all of Games Workshop's works in issue are the property of Games Workshop insofar as they were all created by Games Workshop's employees or are derivative works based on works created by Games Workshop's employees.

5. These requests are further rendered irrelevant, vague and ambiguous, and needlessly burdensome and vexatious in failing to be limited to works actually in issue in the litigation or to any delineated or relevant time period, and in referring equivocally to the relevant time periods during which individuals may have performed services for Games Workshop.

## REQUEST FOR PRODUCTION

62. Documents, including without limitation payroll records, payroll tax records, and human resource records, sufficient to demonstrate that each and every natural person who created any part of the ALLEGEDLY INFRINGED WORKS was YOUR employee at the time when that person created each such work.

## RESPONSE:

Games Workshop objects that this request is overbroad and unduly burdensome and seeks documents that are irrelevant and not likely to lead to the discovery of admissible evidence. The request is needlessly cumulative and repetitive of prior requests and, without regard to relevance, seeks documents that are confidential.

63. All communications containing the terms independent contractor, independent contractors, freelancer, freelancers, freelance, freelanced, freelancing, free lancer, free lancers, free lance, free lanced, free lancing, free-lancer, free-lancers, free-lance, free-lanced, or free-lancing.

## RESPONSE:

Games Workshop objects that this request is vague and ambiguous, overbroad and

4829-2520-5774.1

2

unduly burdensome and seeks documents that are irrelevant and not likely to lead to the discovery of admissible evidence. Games Workshop does not know to what this request relates.

64. All documents concerning creators of YOUR WORKS, creation of YOUR WORKS, or YOUR WORKS, that contain the terms independent contractor, independent contractors, freelancer, freelancers, freelance, freelanced, freelancing, free lancer, free lancers, free lance, free lanced, free lancing, free-lancer, free-lancers, free-lance, free-lanced or free-lancing, including without limitation work requests, solicitations, agreements, proposals, and/or terms and conditions.

**RESPONSE:**

Games Workshop objects that this request is vague and ambiguous, overbroad and unduly burdensome and seeks documents that are irrelevant and not likely to lead to the discovery of admissible evidence.

65. Product release schedules, calendars, and plans concerning any of the ALLEGEDLY INFRINGED WORKS.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome and is also needlessly cumulative and repetitive of prior requests.

66. All licenses concerning the ALLEGEDLY INFRINGED WORKS.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome and seeks documents that are irrelevant and not likely to lead to the discovery of admissible evidence. The request is needlessly cumulative and repetitive of prior requests.

Without prejudice to or waiver of the foregoing objections, Games Workshop will produce additional documents, if any, responsive to this request relevant to the subject matter of this action.

67. All licenses for any work where YOU are the licensee.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome and seeks documents that are irrelevant and not likely to lead to the discovery of admissible evidence. The request is needlessly cumulative and repetitive of prior requests.

68. Specimens for each work where YOU are the licensee.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome and seeks documents that are irrelevant and not likely to lead to the discovery of admissible evidence. The request is needlessly cumulative and repetitive of prior requests.

69. All documents YOU relied upon to respond to Interrogatory No. 16.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome and is also needlessly cumulative and repetitive of prior requests

70. For each of the ALLEGEDLY INFRINGED WORKS, documents sufficient to identify the date that each such work was first sold in the U.S.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome and is needlessly cumulative and repetitive of prior requests.

71. For each of the ALLEGEDLY INFRINGED WORKS, documents sufficient to identify the date that each such work was first offered for sale to the public the U.S.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome and is needlessly cumulative and repetitive of prior requests.

72. For each of the registered trademarks YOU claim in THIS ACTION, a specimen of use in U.S. commerce for each registered good or service.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome and is needlessly cumulative and repetitive of prior requests.

73. For each of the registered trademarks YOU claim in THIS ACTION, a product upon which YOU utilize such mark in U.S. commerce.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome and is needlessly cumulative and repetitive of prior requests.

74. For each of the registered trademarks YOU claim in THIS ACTION, a product package upon which YOU utilize such mark in U.S. commerce.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome and is needlessly cumulative and repetitive of prior requests.

75. For each of the registered service marks, an advertisement upon which YOU utilize such mark in U.S. commerce.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome and is needlessly cumulative and repetitive of prior requests.

76. For each of the unregistered trademarks YOU claim in THIS ACTION, a specimen of use in U.S. commerce for such mark for each good or service that YOU provide in the U.S.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome and is needlessly cumulative and repetitive of prior requests.

77. For each of the unregistered trademarks YOU claim in THIS ACTION, a product upon which YOU utilize such mark in U.S. commerce, either directly or through a license.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome and is needlessly cumulative and repetitive of prior requests.

78. For each of the unregistered trademarks YOU claim in THIS ACTION, a product package upon which YOU utilize such mark in U.S. commerce, either directly or through a license.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome and is needlessly cumulative and repetitive of prior requests.

79. For each of the allegedly infringed unregistered trademarks YOU claim in TRIS ACTION, an advertisement upon which YOU utilize such mark in U.S. commerce either directly or through a license.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome and is needlessly cumulative and repetitive of prior requests.

80. For each of the unregistered trademarks YOU claim in THIS ACTION, documents sufficient to identify each and every geographic region in the U.S. where YOU contend to possess common-law trademark rights for such mark.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome and is needlessly cumulative and repetitive of prior requests.

81. For each of the unregistered trademarks YOU claim in THIS ACTION, documents sufficient to identify YOUR sales, revenues, and profits in each and every geographic region in the U.S. where YOU contend to possess common-law trademark rights for that mark.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome and is needlessly cumulative and repetitive of prior requests.

82. All documents concerning assignment, ownership, transfer, or allocation of copyrights, including without limitation documents concerning the scope of employment or employment agreements.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome and seeks documents that are irrelevant and not likely to lead to the discovery of admissible evidence. The request is also needlessly cumulative and repetitive of prior requests.

83. All documents that YOU rely upon in response to Interrogatory No. 1, which includes without limitation YOUR response as incorporated in Exhibit A.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome and is also needlessly cumulative and repetitive of prior requests.

84. All documents that YOU rely upon to respond to Interrogatory No. 18.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome and is also needlessly cumulative and repetitive of prior requests.

85. All documents that YOU rely upon to respond to Interrogatory No. 19.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome and is also needlessly cumulative and repetitive of prior requests.

86. All documents that YOU rely upon to respond to Interrogatory No. 20.

**RESPONSE:**

Games Workshop objects that this request is overbroad and unduly burdensome and is also needlessly cumulative and repetitive of prior requests.

Dated: March 12, 2012                    Respectfully submitted,

By:    /s/ Jonathan E. Moskin
       Jonathan E. Moskin

Scott R. Kaspar (Ill. Bar No. 6284921)
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654
Telephone: (312) 832-4500
Facsimile: (312) 832-4700
Email: skaspar@foley.com; aweinzierl@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

*Attorneys for Games Workshop Limited*

## CERTIFICATE OF SERVICE

I, Jonathan E. Moskin, an attorney, hereby certify that on March 12, 2012, I caused a copy of the foregoing GAMES WORKSHOP LIMITED'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS LIMITED SET SIX to be served on the interested parties by causing copies of this document to be served on the following *via* U.S. Mail in a sealed envelope with the postage prepaid to the following:

>Jennifer A. Golinveaux, Esq.
>Thomas J. Kearney, Esq.
>J. Caleb Donaldson, Esq.
>WINSTON & STRAWN LLP
>101 California Street
>San Francisco, CA 94111
>jgolinveaux@winston.com
>tkearney@winston.com
>jcdonaldson@winston.com
>
>Catherine B. Diggins, Esq.
>Eric J. Mersmann, Esq.
>WINSTON & STRAWN LLP
>35 West Wacker Drive
>Chicago, IL 60601
>cdiggins@winston.com
>emersmann@winston.com
>
>and
>
>Ronald H. Spuhler
>Ronald A. DiCerbo
>Thomas J. Campbell Jr.
>MCANDREWS, HELD & MALLOY LTD.
>500 W. Madison Street – 34th Floor
>Chicago, IL 60061

>/s/ Jonathan E. Moskin
>Jonathan E. Moskin