**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GAMES WORKSHOP LIMITED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:10-cv-08103 |
| v. | ) |
| | ) |
| CHAPTERHOUSE STUDIOS LLC and | ) |
| JON PAULSON d/b/a PAULSON GAMES, | ) Judge Matthew F. Kennelly |
| | ) |
| Defendants. | ) |

**DECLARATION OF GARY CHALK**

I, Gary Chalk, declare as follows:

1.      I have been a game designer and professional illustrator since about 1975.  I have worked primarily as a freelance artist since about 1985.

2.      I have worked as a freelance illustrator for many book publishers over the years, including Hachette, Random House, Templar, Dorling Kindersley, Games Workshop, and Greenwillow.

3.      I have also created illustrations, game components, and entire games, for games publishing companies such as Standard Games, MB Games, Rackham Miniatures and Games Workshop.

4.      In my experience, it is standard practice in the publishing industry that, unless there is a written agreement to the contrary, a publisher who commissions an illustration from a freelance artist owns only first publication rights for the artist's illustration.  After the first publication, the copyright, including subsequent publication rights, reverts to the artist.

5.      Between about 1986 and about 1989, I worked as a freelance artist for various companies, including Games Workshop.

6.      Games Workshop did not deduct income tax from the money it paid me as a freelance artist.

1

SF:337280.4

7. Games Workshop did not deduct pension payments from the money it paid me as a freelance artist.

8. I provided my own materials and supplies for the illustrations I created for Games Workshop as a freelance artist.

9. As a freelance artist, I did not work at Games Workshop's facilities.

10. I have never had any written agreement with Games Workshop concerning ownership of copyrights in any of the works I created as a freelance artist.

11. I have never assigned any of my copyrights to Games Workshop.

12. Exhibit A is a copy of an illustration that Games Workshop commissioned me to create in or about 1988. That illustration appeared in White Dwarf Magazine in or about 1988.

13. I was a freelance artist at the time I created the illustration depicted in Exhibit A.

14. I did not have a written contract, or any written agreement, with Games Workshop concerning the illustration depicted in Exhibit A.

15. I did not assign ownership of copyright for the illustration depicted in Exhibit A to Games Workshop.

16. In late July, 2012, a friend forwarded to me a letter from Alan Merrett of Games Workshop, which had been sent to my old address in England. Merrett's letter notified me that I would soon be receiving a letter from Games Workshop's legal department concerning works I created for Games Workshop as a freelancer. Exhibit B is a true and correct copy of that letter.

17. On August 6, 2012, I received an email from Gill Stevenson of Games Workshop's legal department, attaching a copy of the letter from Alan Merrett that I had previously received by post, and a "confirmatory assignment document". Exhibit C is a true and correct copy of that email and its attachments. Ms. Stevenson said in her email that the attachments "were previously sent to an old address that we have for you, but I see that you are now in France."

18. I have not agreed to assign any copyrights, or any other intellectual property rights, to Games Workshop.

19.     It is my understanding and belief, based on my more than 25 years of experience in the publishing industry, that I own the copyright for the illustration depicted in Exhibit A.

20.     Because Games Workshop has already exercised its right of first publication for the illustration depicted in Exhibit A, Games Workshop does not presently own any rights to that illustration.

21.     I did not authorize Games Workshop to sue Chapterhouse Studios for any alleged infringement of the images depicted in Exhibit A or Exhibit C.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and accurate.

Dated: September 19, 2012          By:     _____
                                            Gary Chalk

3

## <u>CERTIFICATE OF SERVICE</u>

I, Thomas J. Kearney, an attorney, hereby certify that on September 20, 2012, I caused to be filed electronically the foregoing

**DEFENDANT CHAPTERHOUSE STUDIOS LLC'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

**SUPPLEMENTAL DECLARATION OF THOMAS KEARNEY**

**DEFENDANT CHAPTERHOUSE STUDIOS LLC'S REPLY TO PLAINTIFF GAMES WORKSHOP'S RESPONSES TO CHAPTERHOUSE'S STATEMENT OF MATERIAL FACTS AND CHAPTERHOUSE'S RESPONSE TO GAMES WORKSHOP'S ADDITIONAL FACTS**

**DECLARATION OF GARY CHALK**

with the Clerk of the Court using the CM/ECF system, which will send an electronic copy of the foregoing to counsel of record and constitutes service under Federal Rule of Civil Procedure 5(b)(2)(D) pursuant to Local Rule 5.9 of the Northern District of Illinois.


_____/s/  Thomas J. Kearney_____