# EXHIBIT

# 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAMES WORKSHOP LIMITED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:10-cv-08103 |
| v. ) | |
| ) | |
| CHAPTERHOUSE STUDIOS LLC and JON ) | |
| PAULSON d/b/a PAULSON GAMES, ) | Judge Matthew F. Kennelly |
| ) | |
| Defendants. ) | |

**DEFENDANT CHAPTERHOUSE STUDIOS LLC'S RESPONSE TO GAMES WORKSHOP LTD.'S SECOND SET OF DOCUMENT REQUESTS TO CHAPTERHOUSE STUDIOS LLC (NOS. 3-28)**

PROPOUNDING PARTY:     PLAINTIFF GAMES WORKSHOP LIMITED

RESPONDING PARTY:     DEFENDANT CHAPTERHOUSE STUDIOS LLC

SET:     TWO

Pursuant to Federal Rule of Civil Procedure 34, Defendant Chapterhouse Studios LLC ("Chapterhouse") hereby responds to the second set of Requests for Production of Documents from Plaintiff Games Workshop Limited ("Games Workshop"), as follows:

**RESPONSES**

Chapterhouse incorporates the following General Objections as if set forth fully in response to each request for production of documents in Games Workshop's Second Set of Requests for Production of Documents.

1. These responses are made solely for the purposes of this litigation. Chapterhouse has not completed its investigation into the facts of this case. The responses are based solely on the documents that are presently available and specifically known to Chapterhouse. Chapterhouse therefore responds without prejudice to its right to produce any documents

## DOCUMENT REQUEST NO. 3:

Any and all documents or things in Chapterhouse's possession, custody or control, referring to Games Workshop.

## RESPONSE TO DOC. REQUEST NO. 3:

In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overbroad and unduly burdensome. Chapterhouse further objects to this request as seeking documents and things outside the scope of permissible discovery because it seeks documents and things that are not relevant to the subject matter of this action and are not reasonably calculated to lead to discovery of admissible evidence. Chapterhouse further objects to this request to the extent it seeks documents and things covered by the attorney-client privilege or the attorney work-product doctrine.

## DOCUMENT REQUEST NO. 4:

Any and all documents or things in Chapterhouse's possession, custody or control, referring to WARHAMMER or WARHAMMER 40,000.

## RESPONSE TO DOC. REQUEST NO. 4:

In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overbroad and unduly burdensome. Chapterhouse further objects to this request as seeking documents and things outside the scope of permissible discovery because it seeks documents and things that are not relevant to the subject matter of this action and are not reasonably calculated to lead to discovery of admissible evidence. Chapterhouse further objects to this request to the extent it seeks documents and things covered by the attorney-client privilege or the attorney work-product doctrine.

## DOCUMENT REQUEST NO. 5:

Any and all documents or things in Chapterhouse's possession, custody or control, setting forth or referring to any communications, contracts, or other dealings between or among Chapterhouse and any natural or corporate persons who have worked with or for Chapterhouse in creating or designing any of the Accused Works.

**RESPONSE TO DOC. REQUEST NO. 5:**

In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overbroad and unduly burdensome. Chapterhouse further objects to this request as seeking documents and things outside the scope of permissible discovery because it seeks documents and things that are not relevant to the subject matter of this action and are not reasonably calculated to lead to discovery of admissible evidence. Chapterhouse further objects to this request to the extent it seeks documents and things covered by the attorney-client privilege or the attorney work-product doctrine. Chapterhouse objects to the use of "Accused Works" as a defined term because that term is not defined in either Games Workshop's Second Set of Requests for Production of Documents, or in its First Set of Request for Production of Documents, which the Second Set purports to incorporate by reference. Chapterhouse will adopt, for the purposes of this response, the definition of Accused Works articulated in Games Workshop's First Set of Interrogatories. However, Games Workshop objects to that definition as vague and ambiguous and overbroad and unduly burdensome to the extent that it purports to encompass claims Games Workshop has not yet brought.

Notwithstanding, and subject to its general objections and its specific objections to this request, Chapterhouse responds that it will produce responsive, non-privileged documents within its possession, custody, or control that relate to the creation or design of the 106 products identified in Games Workshop's First Amended Complaint to the extent such can be found after a reasonable and diligent search.

5

In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overbroad and unduly burdensome. Chapterhouse further objects to this request as seeking documents and things outside the scope of permissible discovery because it seeks documents and things that are not relevant to the subject matter of this action and are not reasonably calculated to lead to discovery of admissible evidence. Chapterhouse further objects to this request to the extent it seeks documents and things covered by the attorney-client privilege or the attorney work-product doctrine.

Notwithstanding, and subject to its general objections and its specific objections to this request, Chapterhouse responds that it will produce responsive, relevant, non-privileged documents within its possession, custody, or control to the extent such can be found after a reasonable and diligent search, organized as they are maintained in the usual course of business or organized to respond to the categories in the request.

**DOCUMENT REQUEST NO. 10:**

Separately for each of the Accused Works, any and all documents or things in Chapterhouse's possession, custody or control, setting forth or reflecting any mock-ups, drafts, drawing briefs or the like concerning the conception, development or creation of each of the said Accused Works.

**RESPONSE TO DOC. REQUEST NO. 10:**

In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overbroad and unduly burdensome. Chapterhouse further objects to this request as seeking documents and things outside the scope of permissible discovery because it seeks documents and things that are not relevant to the subject matter of this action and are not reasonably calculated to lead to discovery of admissible evidence. Chapterhouse further objects

9

to this request to the extent it seeks documents and things covered by the attorney-client privilege or the attorney work-product doctrine.

Notwithstanding, and subject to its general objections and its specific objections to this request, Chapterhouse responds that it will produce responsive, non-privileged documents (and make available for inspection responsive tangible things) within its possession, custody, or control to the extent such can be found after a reasonable and diligent search, organized as they are maintained in the usual course of business or organized to respond to the categories in the request.

### DOCUMENT REQUEST NO. 11:

Any and all documents or things in Chapterhouse's possession, custody or control, setting forth or referring to the methods, processes or business plans employed in selecting new products for development or inclusion in its product lines.

### RESPONSE TO DOC. REQUEST NO. 11:

In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overbroad and unduly burdensome. Chapterhouse further objects to this request as seeking documents and things outside the scope of permissible discovery because it seeks documents and things that are not relevant to the subject matter of this action and are not reasonably calculated to lead to discovery of admissible evidence. Chapterhouse further objects to this request to the extent it seeks documents and things covered by the attorney-client privilege or the attorney work-product doctrine.

Notwithstanding, and subject to its general objections and its specific objections to this request, Chapterhouse responds that it will produce responsive, non-privileged documents within its possession, custody, or control to the extent such can be found after a reasonable and diligent search.

In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overbroad and unduly burdensome. Chapterhouse further objects to this request as seeking documents and things outside the scope of permissible discovery because it seeks documents and things that are not relevant to the subject matter of this action and are not reasonably calculated to lead to discovery of admissible evidence. Chapterhouse further objects to this request to the extent it seeks documents and things covered by the attorney-client privilege or the attorney work-product doctrine.

**DOCUMENT REQUEST NO. 16:**

Any and all documents or things in Chapterhouse's possession, custody or control, showing any advertising or promotion of any or all of the Accused Works.

**RESPONSE TO DOC. REQUEST NO. 16:**

In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overbroad and unduly burdensome. Chapterhouse further objects to this request as seeking documents and things outside the scope of permissible discovery because it seeks documents and things that are not relevant to the subject matter of this action and are not reasonably calculated to lead to discovery of admissible evidence. Chapterhouse further objects to this request to the extent it seeks documents and things covered by the attorney-client privilege or the attorney work-product doctrine. Chapterhouse objects to the use of "Accused Works" as a defined term because that term is not defined in either Games Workshop's Second Set of Requests for Production of Documents, or in its First Set of Request for Production of Documents, which the Second Set purports to incorporate by reference. Chapterhouse will adopt, for the purposes of this response, the definition of Accused Works articulated in Games Workshop's First Set of Interrogatories. However, Games Workshop objects to that definition as

vague and ambiguous and overbroad and unduly burdensome to the extent that it purports to encompass claims Games Workshop has not yet brought.

Notwithstanding, and subject to its general objections and its specific objections to this request, Chapterhouse responds that it will produce responsive, non-privileged documents constituting representative samples of paid advertising or promotion of the 106 products identified in Games Workshop's First Amended Complaint, to the extent such documents can be found in Chapterhouse's possession, custody or control after a reasonable and diligent search.

**DOCUMENT REQUEST NO. 17:**

Documents sufficient to identify any and all websites or other businesses or venues where any of the Accused Works has ever been advertised or promoted.

**RESPONSE TO DOC. REQUEST NO. 17:**

In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overbroad and unduly burdensome. Chapterhouse further objects to this request as seeking documents and things outside the scope of permissible discovery because it seeks documents and things that are not relevant to the subject matter of this action and are not reasonably calculated to lead to discovery of admissible evidence. Chapterhouse further objects to this request to the extent it seeks documents and things covered by the attorney-client privilege or the attorney work-product doctrine. Chapterhouse further objects that this request seeks information duplicative of information sought in Games Workshop's Interrogatory Number 10. Chapterhouse objects to the use of "Accused Works" as a defined term because that term is not defined in either Games Workshop's Second Set of Requests for Production of Documents, or in its First Set of Request for Production of Documents, which the Second Set purports to incorporate by reference. Chapterhouse will adopt, for the purposes of this response, the definition of Accused Works articulated in Games Workshop's First Set of Interrogatories.

15

seeking documents and things outside the scope of permissible discovery because it seeks documents and things that are not relevant to the subject matter of this action and are not reasonably calculated to lead to discovery of admissible evidence. Chapterhouse further objects to this request to the extent it seeks documents and things covered by the attorney-client privilege or the attorney work-product doctrine.

Notwithstanding, and subject to its general objections and its specific objections to this request, Chapterhouse responds that it will produce responsive, non-privileged documents in Chapterhouse's possession, custody or control, to the extent such documents can be found after a reasonable and diligent search.

**DOCUMENT REQUEST NO. 25:**

Any and all documents or things in Chapterhouse's possession, custody or control, concerning consumer perceptions of Chapterhouse or any of its products.

**RESPONSE TO DOC. REQUEST NO. 25:**

In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overbroad and unduly burdensome. Chapterhouse specifically objects to the phrase "concerning consumer perceptions" as irretrievably vague and ambiguous. Chapterhouse further objects to this request as seeking documents and things outside the scope of permissible discovery because it seeks documents and things that are not relevant to the subject matter of this action and are not reasonably calculated to lead to discovery of admissible evidence. Chapterhouse further objects to this request to the extent it seeks documents and things covered by the attorney-client privilege or the attorney work-product doctrine.

**DOCUMENT REQUEST NO. 26:**

Any and all documents or things in Chapterhouse's possession, custody or control, concerning any instances in which any consumer or potential consumer of any of Chapterhouse's

products has mentioned or referred to Games Workshop, WARHAMMER or WARHAMMER 40,000 or expressed any confusion or question as to the association or affiliation between Chapterhouse or its products and Games Workshop and its products.

**RESPONSE TO DOC. REQUEST NO. 26:**

In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overbroad and unduly burdensome. Chapterhouse further objects to this request as seeking documents and things outside the scope of permissible discovery because it seeks documents and things that are not relevant to the subject matter of this action and are not reasonably calculated to lead to discovery of admissible evidence. Chapterhouse notes that none of the allegations in this case relate to Games Workshop's Warhammer game. Chapterhouse further objects to this request to the extent it seeks documents and things covered by the attorney-client privilege or the attorney work-product doctrine.

Notwithstanding, and subject to its general objections and its specific objections to this request, Chapterhouse responds that it will produce responsive, non-privileged documents in Chapterhouse's possession, custody or control, that concern any instances in which any customer or potential customer of any of Chapterhouse's products has expressed any confusion or question as to the association or affiliation between Chapterhouse or its products and Games Workshop and its products, to the extent such documents can be found after a reasonable and diligent search.

**DOCUMENT REQUEST NO. 27:**

Any and all documents or things on which Chapterhouse consulted or relied in alleging each of the affirmative defenses asserted in its Answer to the Amended Complaint herein.

**RESPONSE TO DOC. REQUEST NO. 27:**

22

Dated: June 29, 2011　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　CHAPTERHOUSE STUDIOS LLC

By: _____
Jennifer Golinveaux (CA Bar No. 203056)
J. Caleb Donaldson (CA Bar No. 257271)
Thomas J. Kearney (CA Bar No. 267087)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5802
Phone: (415) 591-1000
Fax: (415) 591-1400
jgolinveaux@winston.com
jcdonaldson@winston.com
tkearney@winston.com

Eric Mersmann (IL Bar No. 6286859)
Catherine B. Diggins (IL Bar No. 6296237)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-1695
Phone: (312) 558-5600
Fax: (312) 558-5700
emersmann@winston.com
cdiggins@winston.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 29 2011, I provided service to the person or persons listed below by the following means: First Class Mail.

Scott R. Kaspar
Aaron J. Weinzierl
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: 312.832.4500
Facsimile: 312.832.4700
Email: skaspar@foley.com
aweinzierl@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

Ronald H. Spuhler
Ronald A. DiCerbo
Thomas J. Campbell Jr.
MCANDREWS, HELD & MALLOY LTD.
500 W. Madison Street – 34th Floor
Chicago, IL 60061
Telephone: (312) 775-8000
Facsimile: (312) 775-8100
Email: RSPUHLER@mcandrews-ip.com
rdicerbo@mhmlaw.com
tcampbell@mcandrews-ip.com

Signature: _____
Name          Carleen Chea

Date: June 29, 2011

SF:311749.4