**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GAMES WORKSHOP LIMITED, | Civil Action No. 1:10-cv-08103 |
| Plaintiff, | |
| v. | Hon. Matthew F. Kennelly |
| CHAPTERHOUSE STUDIOS LLC, | Hon. Jeffrey T. Gilbert |
| Defendant. | |

**JOINT STATUS REPORT REGARDING PLAN FOR DISCOVERY**

Plaintiff Games Workshop Limited ("Games Workshop") and Defendant Chapterhouse Studios LLC ("Chapterhouse"), by and through their respective attorneys, pursuant to the Court's Order dated December 3, 2012, for their Joint Status Report, state as follows:

**I.     Proposal Regarding Discovery**

  **A.     The General Type of Discovery Needed:**

  **1. Games Workshop's Statement**: On November 16, 2012, Games Workshop provided a detailed claim chart concerning the new works, and on November 28, 2012, in anticipation of a motion for expedited discovery and with a request that Chapterhouse consider such a proposal for expediting discovery so as to permit completion of discovery within a two-to-three month period, Games Workshop served by email proposed interrogatories (Nos. 1-7) and document requests (Nos. 1-14).[1] As set forth in those discovery requests, Games Workshop anticipates that discovery

---

[1] Chapterhouse disputes that it was "served" written discovery requests such that its time to respond under FRCP 33 and/or 34 has already commenced. First, Games Workshop has not properly served these new requests in either this action or Case No. 12-cv-9086. On November 28, 2012, in response to Games Workshop's counsel's request to consolidate this case with Case No. 12-cv-9086, counsel for Chapterhouse asked Games Workshop to "advise what new discovery you anticipate so that we can assess

1

regarding the new works (including written discovery already served, some possible follow-up written discovery, and limited number of depositions) is needed concerning the following general categories:

- Creation of the new accused works, including the Games Workshop originals that Chapterhouse referenced in creating the new works;
- Marketing and promotion of the new accused works;
- Consumer responses to the accused works;
- Selection of product names;
- Chapterhouse's affirmative defenses (such as independent creation).

2.     **Chapterhouse's Statement:**  Chapterhouse anticipates that discovery regarding the new claims (including written discovery, some possible follow-up written discovery, and a limited number of depositions) is needed concerning the following general categories:[2]

- Design, creation, and/or authorship of the new allegedly infringed works;
- Ownership, assignments, licenses, employment agreements, and/or other transfers of rights related to the new allegedly infringed works;
- Copyright registration for the new allegedly infringed works;

---

whether it makes sense for the cases to be consolidated." Games Workshop replied, stating "We do not understand your position, but regardless, if it helps speed the matter along, here are the initial requests we have in mind," and attached two draft documents—a set of document requests and a set of interrogatories. Neither of these documents included a Certificate of Service and neither were served via U.S. Mail. There was never any agreement between the parties before and including November 28, 2012 that E-mail service suffices in lieu of service prescribed by the Federal Rules. Moreover, discovery requests, under FRCP 33 and 34, may not be served before the time specified in FRCP 26(d). According to FRCP 26(d), a party may not "seek discovery from any source before the parties have conferred as required by Rule 26(f)." The Rule 26(f) conference had not occurred for Case No. 12-cv-9086 as of November 28, 2012. Second, per the Court's December 3, 2012 minute order (ECF No. 260), Games Workshop amended its complaint in this case on December 10, 2012 (ECF No. 261). Games Workshop has not yet served the above-referenced or any other new discovery requests in this action. CHS proposes that both parties be held to the same deadline to serve written discovery and produce responsive documents, discussed *infra*.

[2] Chapterhouse identifies the anticipated general categories of discovery but reserves its right to supplement after it has discussed with and brought new co-counsel for the defense, Marshall, Gerstein & Borun LLP up to speed. Marshall Gerstein anticipates filing a notice of appearance this week and like Winston & Strawn will be representing Chapterhouse on a pro bono basis.

- Assertion or enforcement of rights in the new allegedly infringed works/marks against any party;
- The nature of the alleged trademark infringement regarding the newly alleged works;
- Any consumer confusion regarding the new accused works.

Chapterhouse anticipates, in light of the new products added to Games Workshop's "Second Amended Complaint,"[3] seeking the deposition of a limited number of additional fact witnesses. Chapterhouse will request Games Workshop to stipulate to the deposition of additional witnesses under FRCP 30 and will seek leave of the Court if Games Workshop does not agree.

**B.     Timeline for Discovery:**

**1. Games Workshop's Statement**:

Games Workshop proposes that responses to initial written discovery (already served as a courtesy on November 28, 2012) be served by Chapterhouse by December 28, 2012 (30 days from informal service as noted above) and that all responsive documents be produced by January 8, 2013.

Both parties should be allowed to serve additional written discovery requests via email. Responses to such additional written discovery requests should be due 25 calendar days from the date of service by email (without the additional of three days for the method of service). Responsive documents to such additional written discovery requests should be due 40 days from the date of service by email (without the additional three days for the method of service).

Any supplementation to prior discovery (including as to new products) should be done on or before January 31, 2013. As Games Workshop explained during the parties' meet and confer, the parties have a duty under Rule 26(f) to supplement prior discovery responses from the first phase of the litigation (including, for instance, regarding sales data as well as other areas specified

---

[3] Though captioned as the "Second Amended Complaint," the amended complaint filed on December 10, 2012 is in fact the Third Amended Complaint.

3

for which Chapterhouse produced no documents in the first phase of the litigation). The need to supplement will be heightened given the passage of over four months from the original trial date to the scheduled new trial date. Contrary to Chapterhouse's statement below, Games Workshop believes it fully complied with its discovery obligations in the first phase of the litigation but nonetheless believes both parties have an obligation to supplement prior responses.

Any expert discovery (limited to the new products) should be conducted contemporaneously with fact discovery. Any expert reports beyond those already provided to be produced by the party bearing the burden of proof on January 25, 2013; any rebuttal reports to be produced on February 13, 2013, and any depositions to be completed by the close of discovery.

Discovery (including all depositions) to close on February 22, 2013.

Motions in limine due 14 days prior to the Final Pretrial Conference; Responses due 7 days prior to the Final Pretrial Conference.

Final Pretrial Order by March 29, 2013.

Final Pretrial Conference will be held on April __, 2013

**2. Chapterhouse's Statement**:

Chapterhouse disputes that Games Workshop served written discovery in this action on November 28, 2012. *See supra* at 1 n.1. Chapterhouse proposes that each party may serve written discovery related to the newly accused products and the works and marks Plaintiff claims they infringe. The parties' responses to the written discovery shall be served by within 25 days from service of any such discovery and that all responsive documents be produced no later than 40 days from service of such discovery.

With respect to Games Workshop's proposal that prior discovery responses be updated on or before January 11, 2013, Chapterhouse is concerned that Games Workshop will use this

4

deadline to supplement the record with materials and evidence that were requested, should have been produced, and were withheld by Games Workshop during the first round of discovery in this action. Chapterhouse intends to separately address the preclusion of Games Workshop's late-produced documents in a Rule 37 Motion. Chapterhouse believes that discovery here should be limited to new discovery directed at the newly alleged works and marks.

Chapterhouse agrees with Games Workshop that fact discovery (including all depositions) will close on February 22, 2013. Chapterhouse agrees that any expert discovery (limited to the new products) be largely conducted contemporaneously with fact discovery. However, in order to accommodate the production of relevant documents and depositions of pertinent fact witnesses, Chapterhouse proposes March 1, 2013 as the close of expert discovery (including all depositions). Any expert reports beyond those already provided to be produced by the party bearing the burden of proof would be due on February 8, 2013; any rebuttal reports to be produced on February 22, 2013.

Chapterhouse proposes March 8, 2013 as the deadline for filing summary judgment motions on the new products identified in Games Workshop's amended complaint. Response briefs to summary judgment motions would be due March 18, 2013; replies due March 25, 2012.

Chapterhouse agrees motions in limine should be due 14 days prior to the Final Pretrial Conference; Responses due 7 days prior to the Final Pretrial Conference. Chapterhouse agrees the Final Pretrial Order should be filed March 29, 2013.

Final Pretrial Conference will be held on April __, 2013

Trial begins on April 15, 2013, 9:15 a.m.

Accordingly, the dates proposed by the parties are as follows:

| Deadline | Games Workshop Proposal | Chapterhouse Proposal |
|---|---|---|
| CHS' Response to GW's Initial Discovery Requests | Dec. 28, 2012 | N/A |
| GW will serve amended version of the claim chart (*see* fn. 5, *infra*) | N/A | Jan. 7, 2013 |
| CHS' Production of Documents Responding to GW's Initial Discovery Requests | Jan. 8, 2013 | N/A |
| Last Day to Serve Responses to Written Discovery | 25 days from date of service (no additional 3 days for method of service) | 25 days from date of service (no additional 3 days for method of service) |
| Last Day to Produce Responsive Documents | 40 days from date of service (no additional 3 days for method of service) | 40 days from date of service (no additional 3 days for method of service) |
| Last Day to Update Any Prior Discovery Responses | Jan. 11, 2013 | N/A |
| Expert Reports Due | Jan. 25, 2013 | Feb. 8, 2013 |
| Rebuttal Expert Reports Due | Feb. 13, 2013 | Feb. 22, 2013 |
| Fact Discovery Close | Feb. 22, 2013 | Feb. 22, 2013 |
| Expert Discovery Close | Feb. 22, 2013 | March 1, 2013[4] |
| Summary Judgment on New Products in Amended Complaint Due | N/A[5] | March 8, 2013 |
| Summary Judgment Response Briefs Due | N/A | March 18, 2013 |

---

[4] Although largely conducted contemporaneously, Chapterhouse believes expert discovery should close one week after fact discovery to allow any potential experts a few days to review any documents produced near the end of fact discovery.

[5] **Games Workshop Statement:** Chapterhouse has indicated an interest in moving for summary judgment based on an assumption that Games Workshop deemed in issue all of the trademarks raised by the first phase of litigation. Games Workshop has sought to clarify that only specific trademarks and logos are implicated by the new products and has proposed as an alternative to summary judgment to serve within a reasonable time (approximately January 7, 2013) an amended version of the claim chart referenced in Section 1(A)(1) above identifying for each product the specific trademarks at issue.

**Chapterhouse Statement:** Chapterhouse agrees that Games Workshop should supplement its claim chart to reflect which specific trademarks and logos are implicated by the new products. As explained during the meet and confer between the parties, Chapterhouse requests summary judgment deadlines, in the event it moves for summary judgment on certain issues related to Games Workshop's claims against the new products. Chapterhouse has never indicated that any such motion would only address trademarks.

6

| | | |
|---|---|---|
| Summary Judgment Reply Briefs Due | N/A | March 25, 2013 |
| Last Day to File and Serve Motions in Limine | 14 days prior to Pretrial Conference | 14 days prior to Pretrial Conference |
| Last Day to File and Serve Motions in Limine Response Briefs | 7 days prior to Pretrial Conference | 7 days prior to Pretrial Conference |
| Last Day to File Pre-Trial Order | March 29, 2013 | March 29, 2013 |
| Pretrial Conference | TBD | TBD |
| Trial Begins | April 15, 2013 | April 15, 2013 |

Dated: December 11, 2012                                  Respectfully submitted,

/s/ Jason Keener
Jason Keener (Ill. Bar No. 06280337)
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654
Telephone: (312) 832-4500
Facsimile: (312) 832-4700
skaspar@foley.com
aweinzierl@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
jmoskin@foley.com

Attorneys for Plaintiff
GAMES WORKSHOP LIMITED

/s/ Bryce A. Cooper
Jennifer A. Golinveaux (CA Bar No. 203056)
Dean A. Morehous (CA Bar No. 111841)
K. Joon Oh (CA Bar No. 246142)
Thomas J. Kearney (CA Bar No. 267087)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5802
Phone: (415) 591-1000
Fax: (415) 591-1400
jgolinveaux@winston.com
dmorehous@winston.com
koh@winston.com
tkearney@winston.com

Bryce A. Cooper (IL Bar No. 6296129)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-1695
Phone: (312) 558-5600
Fax: (312) 558-5700
bcooper@winston.com

Attorneys for Defendant
CHAPTERHOUSE STUDIOS LLC

**CERTIFICATE OF SERVICE**

I, Jason Keener, an attorney, hereby certify that on December 11, 2012, I caused to be filed electronically the foregoing JOINT STATUS REPORT REGARDING PLAN FOR DISCOVERY with the Clerk of the Court using the CM/ECF system, which will send an electronic copy of the foregoing to counsel of record and constitutes service under Federal Rule of Civil Procedure 5(b)(2)(D) pursuant to Local Rule 5.9 of the Northern District of Illinois.

      /s/ Jason J. Keener
      Jason J. Keener