IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAMES WORKSHOP LIMITED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:10-cv-08103 |
| v. ) | |
| ) | |
| CHAPTERHOUSE STUDIOS LLC and ) | |
| JON PAULSON d/b/a PAULSON GAMES, ) | Judge Matthew F. Kennelly |
| ) | |
| Defendants. ) | |

DECLARATION OF JENNIFER A. GOLINVEAUX
IN SUPPORT OF CHAPTERHOUSE STUDIOS LLC'S MOTION FOR
RECONSIDERATION OF SUMMARY JUDGMENT ORDER AND SANCTIONS

I, Jennifer A. Golinveaux, declare as follows:

1. I am a partner with the law firm of Winston & Strawn LLP. I am a member in good standing of the Bar of this Court. I have personal knowledge of the facts set forth herein and if called to testify could and would do so competently.

2. Attached hereto as **Exhibit A** is a true and correct copy of Games Workshop Limited's ("GW") Second Revised Copyright Chart ("Second Rev. Claim Chart"), which it served on Chapterhouse Studios LLC ("CHS") on August 3, 2012.

3. Attached hereto as **Exhibit B** is a true and correct copy of GW's First Revised Copyright Chart ("First Rev. Claim Chart"), which it served on January 19, 2012.

4. Attached hereto as **Exhibit C** is a true and correct copy of CHS's Requests for Production Set Four, which it served on August 8, 2011.

5. Attached hereto as **Exhibit D** is a true and correct copy of GW's Response to CHS's Requests for Production Set Four, which it served on October 19, 2011.

6. Despite CHS's requests and GW's agreement to produce any correspondence with

1

the Copyright Office regarding any of GW's allegedly infringed works, GW failed to produce any correspondence with the Copyright Office before the close of discovery on March 15, 2012 (Dkt. No. 116).

7. On November 2, 2012 Bryce A. Cooper and I met and conferred by telephone with counsel for GW, Jonathan Moskin and Jason Keener. During the call, I raised the issue of GW's failure to produce correspondence with the Copyright Office during discovery. Moskin was reluctant to produce any documents related to the Copyright Office and gave the impression he was confused why CHS would seek such correspondence. He stated that GW had very "limited" correspondence with the Copyright Office and described it as "ministerial" and non-substantive in nature. Nevertheless, he agreed that GW would produce the correspondence if it was the subject of a properly-served Request for Production from CHS during discovery.

8. Later that day, I e-mailed counsel for GW and copied GW's Response to Request No. 37 from CHS's Requests for Production Set Four, served by GW on October 19, 2011. This Request sought "all correspondence with any government agency or private copyright registration service concerning that work." GW had agreed, without objection, to "produce documents, if any, responsive to this request." Attached hereto as **Exhibit E** is a true and correct copy of that November 2, 2012 e-mail.

9. On November 5, 2012, Moskin confirmed via e-mail that GW would produce the correspondence, stating, "I am assembling the correspondence with the Copyright Office for production . . . We will agree that you can use any such correspondence at trial." *See* Exhibit E.

10. To date, GW has failed to produce any correspondence with the Copyright Office.

11. In late October 2012, noting that certain of GW's new copyright applications were proceeding to registration while others filed at or near the same time were not, my team

2

decided to perform an independent investigation, at CHS's own expense of $1,039.00, by requesting on an expedited basis two Copyright Office correspondence files. CHS engaged a Washington, D.C. document retrieval service, which requested documents from the Copyright Office on or about November 7, 2012 (CHS had to engage a document retrieval service because Copyright Office files are not available electronically). Attached hereto as **Exhibit F** is a true and correct copy of the invoice for obtaining the Copyright Office records. Due to the cost of such a request (for documents that should have been produced by GW in the first instance), CHS requested just two files out of the scores of applications GW has submitted. The Copyright Office responded, and CHS received certified copies of the requested files on December 12, 2012, after the Court had entered its summary judgment order.

12. One request was for the GW work "Tactical Shoulder Pads." The file CHS received from the Copyright Office consisted only of an automated e-mail indicating that the application had been received and has not been otherwise acted upon.

13. CHS also requested the Copyright Office correspondence file for the GW work "Assault Squad Shoulder Pads," which is a shoulder pad with the "arrow cross" or "X" design, identified by product entries 46, 47, and 48 in the Second Rev. Claim Chart. Although GW has still not produced the specimens that were submitted with this application, and the specimens are not available as part of the file received by GW, this is a depiction of the Assault Squad Shoulder Pads from entries 46, 47, and 48 in the Second Rev. Claim Chart:



*See* GW0002323 (This appears to be the page referenced by URL at entry 46 of GW's First Rev.

Claim Chart).

14. A true and correct certified copy of the "Assault Squad Shoulder Pads" file from the Copyright Office is attached hereto as **Exhibit G**. This file contains several E-mails between GW's lead trial counsel, Jonathan Moskin, and the Copyright Office regarding GW's copyright application for that product. The Copyright Office responded to GW's "Assault Squad Shoulder Pads" copyright application on June 7, 2012—two months before summary judgment motions were filed in this case. In rejecting GW's application, the Copyright Office Registration Specialist referred to the general shape of the shoulder pad, stating, "[W]e cannot register the *sculpture portion* as it is *too minimal*." *Id.* at 3 (emphasis added).

I declare under the penalty of perjury that the foregoing is true and accurate.

Dated: December 27, 2012            By: /s Jennifer A. Golinveaux

## **CERTIFICATE OF SERVICE**

      I, Bryce A. Cooper, an attorney, hereby certify that on December 27, 2012, I caused to be filed electronically the foregoing DECLARATION OF JENNIFER A. GOLINVEAUX IN SUPPORT OF CHAPTERHOUSE STUDIOS LLC'S MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT ORDER AND SANCTIONS with the Clerk of the Court using the CM/ECF system, which will send an electronic copy of the foregoing to counsel of record and constitutes service under Federal Rule of Civil Procedure 5(b)(2)(D) pursuant to Local Rule 5.9 of the Northern District of Illinois.

                                                              /s/ Bryce A. Cooper