IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAMES WORKSHOP LIMITED,<br><br>                                        Plaintiff,<br><br>v.<br><br>CHAPTERHOUSE STUDIOS LLC and JON PAULSON d/b/a PAULSON GAMES<br><br>                                       Defendants. | Civil Action No. 1:10-cv-8103<br><br>Hon. Matthew F. Kennelly<br>Hon. Jeffrey T. Gilbert |

**DECLARATION OF JONATHAN MOSKIN IN OPPOSITION TO
DEFENDANT'S MOTION FOR SANCTIONS AND IN SUPPORT OF
<u>PLAINTIFF'S CROSS-MOTION TO STRIKE</u>**

I, Jonathan Moskin, hereby declare:

1. I am a partner with the firm, Foley & Lardner LLP, attorneys for Plaintiff Games Workshop Limited, and am admitted *pro hac vice* in this matter. I have personal knowledge of the matters set forth below.

2. Attached hereto as Exhibits A is my correspondence with the Copyright Office concerning the subject work Assault Squad Shoulder Pad. The Copyright Office has yet to address in any substantive way the copyrightability of the work. As shown by a December 27 email from a supervisor for the employee who initially responded, the supervisor has now taken over the matter but has expressed no opinion on the copyrightability of the work.

3. During the parties' telephonic meet and confer on November 2, 2012 as part of their discussion of potential motions in limine, counsel for Chapterhouse inquired into the status of any possible communications with the Copyright Office. Although I had no recollection of any such discovery request, I stated during the call that I had no objection in principal to

1

updating Games Workshop's prior responses. Moreover, a further reason Games Workshop was eager to produce the correspondence was that in exchange for allowing Chapterhouse to use the correspondence at trial, Chapterhouse had agreed not to require Games Workshop to incur the enormous expense of obtaining certified copies of the registrations. I do not understand the basis for statement in the Declaration of Jennifer Golinveau (¶7) that I or Games Workshop were reluctant to produce the materials. To the contrary, although I may have expressed some uncertainty whether there had ever been such a discovery request (given the passage of over a year since the request was served and the very large number of discovery requests served overall), given the obvious duty to supplement regardless of content, assuming there had been such a request, there was little downside to Games Workshop in allowing Chapterhouse to try to use the materials at trial (particularly given the likely irrelevance and inadmissibility of any such materials for reasons stated in the accompanying brief, of which Chapterhouse seems unaware) in exchange for Chapterhouse's agreement to spare Games Workshop the cost and burden (however unfair or unreasonable) of obtaining certified copies of all of its registrations.

4. Following the call, opposing counsel forwarded an excerpt from Chapterhouse's September 9, 2011 discovery requests (Request 37 of 86 total document requests served during fact discovery), confirming that Chapterhouse had made such a request.

5. Soon after the call and receipt of the prior discovery request, I began culling my records to gather such correspondence, none of which had existed at the time of the prior discovery. As I explained in my November 5 email to Ms. Golinveaux, I was also delayed in doing so as my office was closed for a week after Hurricane Sandy and I was then out of the office for part of the following week. In the process, I noticed that the Copyright Office had never responded to my June 26 email concerning the application for the Assault Squad Shoulder

pad. I thus telephoned the Copyright Office to speak with the employee who had first contacted me on June 7 regarding the matter. I left a message with one of her colleagues inquiring generally about the status of the matter, following which I received the November 7 email included in Exhibit A.

6. Although we were preparing to produce all of the correspondence as part of trial preparation (and eager to spare Games Workshop the burden of obtaining certified copies of all the copyright registrations), on November 15, the Court vacated the trial date and shortly thereafter rendered its decision on the summary judgment motions. Moreover, in the interim in discussions with Chapterhouse concerning the new complaint, filed November 12, Chapterhouse made very plain that it recognized no duty to supplement its own discovery responses, leading Games Workshop to seek to bring the issue to the attention of the Court. Games Workshop, to the contrary, consistently acknowledged its duties under Rule 26(e) and never purported to renege on its agreement to produce all correspondence with the Copyright Office.

7. Regarding the suggestion that Games Workshop deliberately concealed evidence from the Court, the reality is that, given the lack of any response from the Copyright Office following my June 26 email, I assumed the matter was resolved. It has been my experience in filing copyright applications that the examiners are very prompt in responding. The failure of the examiner in this case to respond at all for over four months together with the passage of so much time since Chapterhouse served its discovery did not present this as a live issue warranting attention. As noted, I did not review the status of the applications until Chapterhouse raised the issue in November.

8. I also note that attached to Games Workshop's Complaint in the second action (now the Second Amended Complaint in this action) is a list (Exhibit A) of all the applications

and registrations obtained by Games Workshop. Although Chapterhouse states that it picked two applications at random, it appears that they simply picked the first two listed sculptural works that remain pending.

9. Prior to receipt of Chapterhouse's motion (either before or after the Court confirmed on December 12 that the duty to supplement applied equally to both parties and set a deadline of January 31 to make such supplemental responses), we never received a telephone call, email or other inquiry from counsel for Chapterhouse asking about the status of the correspondence. Without awaiting the January 31 deadline to supplement we have now produced all of the correspondence previously assembled and will promptly supplement to include any new materials.

I hereby declare under penalty of perjury this 4th day of June, 2013 that the foregoing is true and correct.

/s/ Jonathan E. Moskin
Jonathan E. Moskin

5

## **CERTIFICATE OF SERVICE**

       I, Jason J. Keener, an attorney, hereby certify that on January 4, 2012, I caused to be filed electronically the foregoing DECLARATION OF JONATHAN MOSKIN with the Clerk of the Court using the CM/ECF system, which will send an electronic copy of the foregoing to counsel of record and constitutes service under Federal Rule of Civil Procedure 5(b)(2)(D) pursuant to Local Rule 5.9 of the Northern District of Illinois.

                                                /s/  Jason J. Keener
                                                  Jason J. Keener

4820-0715-2658.1