**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GAMES WORKSHOP LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:10-cv-08103 |
| v. | ) | |
| | ) | |
| CHAPTERHOUSE STUDIOS LLC and | ) | |
| JON PAULSON d/b/a PAULSON GAMES, | ) | Judge Matthew F. Kennelly |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CHAPTERHOUSE STUDIOS LLC'S
MOTION TO WITHDRAW MOTION FOR RECONSIDERATION
PENDING FINAL DETERMINATION ON REGISTRATION OR ABANDONMENT**

Defendant Chapterhouse Studios LLC ("CHS") respectfully requests leave to withdraw its Motion for Reconsideration of Summary Judgment Order and Sanctions (Dkt. No. 267), requesting leave to re-file in the event that the Supervisory Registration Specialist continues the refusal of the sculptural portion of the Assault Squad Shoulder Pad application, or if Games Workshop Limited ("GW") strategically allows that claim to become abandoned, and in support thereof states as follows:

1. On January 7, 2013, the parties appeared before the Court on CHS's Motion for Reconsideration of Summary Judgment Order and Sanctions (the "Motion"), which asked the Court to reconsider its summary judgment order and grant CHS summary judgment on three additional products, and to reconsider its finding that GW is "entitled to copyright protection as to the design of its shoulder pads" in light of newly-discovered correspondence between GW and the U.S. Copyright Office that was withheld by GW and sanction GW by awarding CHS costs for its independent investigation to uncover the evidence.

2. CHS's Motion argued that the newly discovered documents, in the possession of GW's lead trial counsel months before the summary judgment briefing but improperly withheld, show that the Copyright Office rejected registration of the sculptural portion of GW's shoulder pad as "too minimal" to be afforded protection. In its Motion, CHS did not classify this correspondence as a "final" rejection, but rather argued that the Court should have been given the opportunity to consider and weigh this evidence in light of its relevance to the copyrightability of GW's shoulder pads. At the January 7 hearing, the Court raised concerns about whether the correspondence at issue was a refusal to register the copyright in the sculptural portion of the shoulder pad at issue, and allowed CHS two days to file a reply to address this issue or to withdraw its Motion.

3. Under Copyright Office procedure, the Copyright Office will communicate with an applicant before registration only when the claim as a whole is not in substantial compliance with the practices of the Copyright Office as reflected in its Compendium. Copyright Compendium II § 109.01.[1]

4. Unlike the Patent and Trademark Office, the U.S. Copyright Office does not issue "Office Actions" when it raises issues about elements of an application. "Copyright Office communications that result from the examination of claims should be limited to questions concerning registration and related matters" and "avoid[] the expression of opinions." Copyright Compendium II § 109.03. An applicant is invited to respond to questions from the Copyright Office, but if the applicant does not submit a response within a specified amount of time, the case may be closed without further communication or any further correspondence from the Copyright Office. *See* Copyright Compendium II §605.04 ("In general, after the Copyright

---

[1] CHS notes that the Copyright Office is currently undergoing a major revision of the Copyright Compendium II with an anticipated publication date of October 2013.

Office has communicated with the applicant about an error or question, the applicant must respond within a reasonable time or the file will be closed."). For example, in response to GW's application to register the copyright in its Assault Squad Shoulder Pads, the Registration Specialist sent an email letter to counsel for GW in which she noted that "I am examining this text, photograph(s), 2-D artwork, sculpture claim for Games Workshop." Golinveaux Decl. Ex. A at GW0011426. She proceeded to ask several questions regarding the 2-D artwork claim, and separately stated with respect to the sculpture and text claim:

> Also, we cannot register the sculpture portion as it is too minimal. The text on this package appears to be the same as the Crimson fist shoulder pads and cannot be registered again. Please allow permission to remove sculpture and text from the application.
>
> **Please note that if we do not receive a response to this message within 20 days, we will close this case without processing your registration or notifying you further, and forward your deposit copy(ies) under the provision of the current copyright law. . . .**

*See id.* (emphasis added).

5.   On January 4, 2013, *after* GW filed its Opposition to the present Motion, GW produced for the first time additional correspondence between GW counsel Jonathan Moskin and the Copyright Office dating back to May 2012 (Bates labeled GW0011391-438 and attached hereto as Golinveaux Decl. Ex. A).[2] A review of the newly-produced correspondence reveals GW's apparent practice of simply letting a copyright application become abandoned when the Copyright Office raises issues about certain claims, such that the application may be closed

---

[2] GW has been vague about whether it has now compiled and produced *all* of its correspondence with the Copyright Office. Dkt. No. 270 at 3-4 ("Games Workshop has now produced all of the correspondence with the Copyright Office that it had assembled at or about the time the Court vacated the trial date on November 15"). After the Court appearance on January 7, 2013 counsel for CHS asked counsel for GW, Jason Keener, to confirm whether all correspondence had been produced. Keener responded that he would have to confer with lead trial counsel, Jonathan Moskin. GW has not further responded to CHS's request to confirm it has now produced all correspondence with the Copyright Office regarding the works-in-suit. Golinveaux Decl. ¶ 3.

without processing the registration and without triggering the formal appeal process set forth in Copyright Compendium II §606.04 (entitled "Refusal to Register: Request for Reexamination).

6. For example, it appears from the new correspondence that GW may have allowed its application for the work "Warhammer 40,000 Compilation" (also currently claimed in this case) to go abandoned without comment (and therefore without triggering the procedure set forth in Copyright Compendium II §606.04).[3] When GW applied for a copyright for "Warhammer 40,000 Compilation," the Registration Specialist responded by email by pointing out that copyright in a compilation "must be limited to the new copyrightable authorship created for the book . . . [such as] the selection and arrangement of articles." Golinveaux Decl. Ex. A at GW0011394. She requested GW's authorization to "amend the registration record," and reminded it that "the case file may be closed without further notice" if GW failed to respond within 45 days, i.e. by November 10, 2012. *Id.* There is no indication that GW ever responded, and it thus appears likely that the Copyright Office may already have closed the case file without further comment. Therefore, the work "Warhammer 40,000 Compilation" may never register based upon GW's failure to respond to the Registration Specialist's email pursuant to Copyright Compendium II §605.04, despite no further "refusals" from the Copyright Office and without ever triggering the reexamination process set forth in Copyright Compendium II §606.04.

7. The Copyright Compendium II §606.04 reexamination process may likewise never be triggered for the sculptural elements of the GW work Assault Squad Shoulder Pads. In its Opposition to CHS's Motion, GW misrepresents its correspondence with the Copyright Office for this work by stating that one of the "various issues" raised by the Registration

---

[3] The work "Warhammer 40,000 Compilation" is listed as an allegedly infringed work in the Second Rev. Claim Chart (attached hereto as Golinveaux Decl. Ex. C) at entries 1, 73, 78, and 123 and in the Claim Chart for the recently amended newly infringed works (attached hereto as Golinveaux Decl. Ex. D) at entries 132 and 133.

4

Specialist was "the extent of copyrightable elements in the sculptural design." Dkt. No. 270 at 4. To the contrary, a plain reading of the e-mails reveals that the Registration Specialist flatly refused application for the size and shape of the shoulder pad design, stating "we cannot register the sculpture portion as it is too minimal." Golinveaux Decl. Ex. B at 3 (Email from Copyright Office to Moskin, June 7, 2012). Although GW "propose[d] speaking with" the Specialist about the sculptural elements, she responded and again reiterated unequivocally, "The email stated that the 'sculpture' was to [sic] minimal (it is basically an "X") and could not be registered" and explained that "[t]his claim in 'text, photos, 2d artwork, sculpture' was delayed as I had not received permission to remove certain aspects of authorship from the appl. [sic]" *Id.* at 4, 7. She focuses Moskin again on the question she raised in the first instance: "In regards to the '2d artwork', there was no clarification from my previous email . . . Please confirm they are artwork and not photos." *Id.* at 7 (Email from Copyright Office to Moskin, November 7, 2012.). Moskin again responds by email explaining that this Court has "ruled that the basic shape of the Games Workshop shoulder pad is copyrightable (even without surface ornamentation). I would be happy to get you a copy of the decision." *Id.* at 10 (December 7, 2012 Email from Moskin to Copyright Office). For a third time, the Registration Specialist responds "this particular shoulder pad submitted is not copyrightable. it [sic] is simply circular, with an x or plus sign on it." Golinveaux Decl. Ex. A at GW0011427-28 (Email from Copyright Office to Moskin, December 11, 2012.)

8. In correspondence produced for the first time *after* CHS filed its Motion for Reconsideration, it appears that the first Registration Specialist is now on leave, and that the Copyright Office has transferred the Assault Squad Shoulder Pads application at issue to another Supervisory Registration Specialist, who has stated that she "will examine the materials

5

submitted with this claim (Assault Squad Shoulder Pads) and will make a determination shortly." Golinveaux Decl. Ex. A at GW0011427 (Email from Copyright Office to Moskin, December 27, 2012). It is unclear whether the Supervisory Specialist will re-evaluate the previous Specialist's finding that the sculptural portion is "too minimal" to be afforded copyright protection or whether she will again press GW for permission to delete that claim from the application, in which case GW would be allotted a reasonable time to respond pursuant to Copyright Compendium II §605.04 or the file may be closed.

9. Although CHS believes that the Copyright Office Registration Specialist's repeated rejection of the sculptural element of the Assault Squad Shoulder Pads was highly relevant to the Court's summary judgment ruling—and wrongfully withheld from consideration by GW—in light of the Court's concerns about relying on potentially non-final rejections by the Copyright Office, CHS requests to withdraw its Motion and will seek to re-file it if and only if the Copyright Office Supervisory Specialist rejects the sculptural claim of the application, or if GW strategically allows that claim to become abandoned.

10. CHS's Motion also asked the Court to reconsider its decision to decline to address the products identified in entries 111-125 on GW's Second Rev. Claim Chart and requested that the Court grant CHS summary judgment on Count 1 with regard to products 115, 116, and 122. In light of GW's representation that it has "no opposition to dismissing, with prejudice, its copyright claims against these three products" (Dkt. No. 270 at 15), CHS will prepare a joint stipulation with GW.

Dated: January 10, 2013 Respectfully submitted,

/s/ Bryce A. Cooper

Jennifer Golinveaux (CA Bar No. 203056)
Dean A. Morehous (CA Bar No. 111841)
K. Joon Oh (CA Bar No. 246142)
Thomas J. Kearney (CA Bar No. 267087)
 WINSTON & STRAWN LLP
 101 California Street
 San Francisco, CA 94111-5802
 Phone: (415) 591-1000
 Fax: (415) 591-1400
 jgolinveaux@winston.com
 dmorehous@winston.com
 koh@winston.com
 tkearney@winston.com

Bryce A. Cooper (IL Bar No. 6296129)
 WINSTON & STRAWN LLP
 35 West Wacker Drive
 Chicago, IL 60601-1695
 Phone: (312) 558-5600
 Fax: (312) 558-5700
 bcooper@winston.com

Julianne M. Hartzell (IL Bar No. 6275093)
Sarah J. Kalemeris (IL Bar No. 6303644)
 MARSHALL, GERSTEIN & BORUN LLP
 233 S. Wacker Drive
 Willis Tower Suite 6300
 Chicago, IL 60606
 Phone: (312) 474-6300
 Fax: (312) 474-0448
 jhartzell@marshallip.com
 skalemeris@marshallip.com

**CERTIFICATE OF SERVICE**

      I, Bryce A. Cooper, an attorney, hereby certify that on January 10, 2013, I caused to be filed electronically the foregoing DEFENDANT CHAPTERHOUSE STUDIOS LLC'S MOTION TO WITHDRAW MOTION FOR RECONSIDERATION PENDING FINAL DETERMINATION ON REGISTRATION OR ABANDONMENT with the Clerk of the Court using the CM/ECF system, which will send an electronic copy of the foregoing to counsel of record and constitutes service under Federal Rule of Civil Procedure 5(b)(2)(D) pursuant to Local Rule 5.9 of the Northern District of Illinois.

          /s/ Bryce A. Cooper