IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAMES WORKSHOP LIMITED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:10-cv-08103 |
| v. | ) |
| | ) |
| CHAPTERHOUSE STUDIOS LLC | ) |
| | ) Judge Matthew F. Kennelly |
| Defendant. | ) |

**CHAPTERHOUSE STUDIOS RESPONSE TO GAMES WORKSHOP NOTICE OF FILING RE: U.S. COPYRIGHT OFFICE REFUSAL TO REGISTER ASSAULT SQUAD SHOULDER PAD DESIGN**

Chapterhouse Studios LLC ("Chapterhouse") writes to complete the record regarding a recent Games Workshop Limited ("GW") submission. On January 31, 2013, GW submitted a "Notice of Filing" (Dkt. No. 275) to inform the Court that it had filed a letter with the U.S. Copyright Office responding to a refusal to register its Assault Squad Shoulder Pad because it "lack[ed] the authorship necessary to support a copyright claim." Although GW attached its own letter to its Notice of Filing ("Games Workshop's January 31 Letter"), it omitted the Copyright Office's letter refusing registration ("Refusal Letter"), which is attached hereto as Exhibit A.

The Refusal Letter is dated January 4, 2013 and addressed to GW's trial counsel in this action, Jonathan Moskin. At the January 14, 2013 hearing on Chapterhouse's Motion for Reconsideration, Mr. Moskin represented that all correspondence with the Copyright Office had been produced, although ten days had passed since the Refusal Letter was sent. Moreover, although Chapterhouse's counsel requested that it immediately be provided with the refusal letter once GW's attorney received it, GW's counsel refused to provide it until, as he put it, GW decided how to respond, and it was withheld from Chapterhouse's counsel until January 31, 2013

when GW submitted its Notice of Filing. *See* Exhibit B (email correspondence from Mr. Moskin dated January 16, 2013 stating that he would produce the refusal "after we have had a chance to review it with our client and decide on how to respond.")

GW's January 31 Letter to the Copyright Office states that, although aware of its administrative remedies to appeal the refusal by the Copyright Office Supervisory Registration Specialist, it has decided not to pursue the matter further with the Copyright Office, believing it "more efficient to simply allow the Court to decide the matter." Having foregone its administrative right to appeal the refusal with the Copyright Office, the Copyright Office's Refusal Letter should be deemed final. 37 C.F.R. § 202.5.

In view of this new evidence, Chapterhouse intends to re-file its Motion for Reconsideration prior to the March 4, 2013 deadline to file dispositive motions, after confirming that the Copyright Office will not be taking further action such as by intervening in this litigation pursuant to 17 U.S.C. § 411(a).

Dated: February 11, 2013  Respectfully submitted,

/s/ Bryce A. Cooper

Jennifer Golinveaux (CA Bar No. 203056)
Dean A. Morehous (CA Bar No. 111841)
K. Joon Oh (CA Bar No. 246142)
Thomas J. Kearney (CA Bar No. 267087)
   WINSTON & STRAWN LLP
   101 California Street
   San Francisco, CA 94111-5802
   Phone: (415) 591-1000
   Fax: (415) 591-1400
   jgolinveaux@winston.com
   dmorehous@winston.com
   koh@winston.com
   tkearney@winston.com

Bryce A. Cooper (IL Bar No. 6296129)
　WINSTON & STRAWN LLP
　35 West Wacker Drive
　Chicago, IL 60601-1695
　Phone: (312) 558-5600
　Fax: (312) 558-5700
　bcooper@winston.com

Julianne M. Hartzell (IL Bar No. 6275093)
Sarah J. Kalemeris (IL Bar No. 6303644)
　MARSHALL, GERSTEIN & BORUN LLP
　233 S. Wacker Drive
　Willis Tower Suite 6300
　Chicago, IL 60606
　Phone: (312) 474-6300
　Fax: (312) 474-0448
　jhartzell@marshallip.com
　skalemeris@marshallip.com

## **CERTIFICATE OF SERVICE**

  I, Bryce A. Cooper, an attorney, hereby certify that on February 11, 2013, I caused to be filed electronically the foregoing CHAPTERHOUSE STUDIOS RESPONSE to GAMES WORKSHOP NOTICE OF FILING RE: U.S. COPYRIGHT OFFICE REFUSAL TO REGISTER ASSAULT SQUAD SHOULDER PAD DESIGN with the Clerk of the Court using the CM/ECF system, which will send an electronic copy of the foregoing to counsel of record and constitutes service under Federal Rule of Civil Procedure 5(b)(2)(D) pursuant to Local Rule 5.9 of the Northern District of Illinois.

        ____/s/ Bryce A. Cooper_____