# Exhibit

# 7

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GAMES WORKSHOP LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>CHAPTERHOUSE STUDIOS LLC and JON PAULSON d/b/a PAULSON GAMES,<br><br>Defendants. | ) | Case No. 1:10-cv-08103<br><br>Judge Matthew F. Kennelly |

**CONTAINS HIGHLY CONFIDENTIAL INFORMATION PURSUANT TO PROTECTIVE ORDER**

**DEFENDANT CHAPTERHOUSE STUDIOS LLC'S FIRST SUPPLEMENTAL RESPONSE TO GAMES WORKSHOP LTD.'S SECOND SET OF INTERROGATORIES TO CHAPTERHOUSE STUDIOS LLC (NOS. 3-13)**

PROPOUNDING PARTY: PLAINTIFF GAMES WORKSHOP LIMITED

RESPONDING PARTY: DEFENDANT CHAPTERHOUSE STUDIOS LLC

SET: TWO

Pursuant to Federal Rule of Civil Procedure 33, Defendant Chapterhouse Studios LLC ("Chapterhouse") hereby supplements its responses to the second set of Interrogatories from Plaintiff Games Workshop Limited ("Games Workshop"), as follows:

**GENERAL OBJECTIONS:**

Chapterhouse incorporates the following General Objections as if set forth fully in response to each interrogatory in Games Workshop's Second Set of Interrogatories.

1. These responses are made solely for the purposes of this litigation. Chapterhouse has not completed its investigation into the facts of this case. The responses are based solely on

**INTERROGATORY REQUEST NO. 8:**

Set forth the meaning and derivation of the name "Chapterhouse" and identify all sources consulted, used, reviewed or relied on by Chapterhouse in selecting the name.

**RESPONSE TO INTERROGATORY NO. 8**

In addition to its General Objections, Chapterhouse objects to this interrogatory as vague and ambiguous, particularly but not exclusively with respect to "meaning and derivation" and "sources consulted, used, reviewed or relied on."

Without waiving, and subject to, its General and specific objections, Chapterhouse responds that the Oxford English Dictionary defines "Chapterhouse" as "A building attached to a cathedral, monastery, etc., in which meetings of the chapter are held." The Oxford English Dictionary gives a date of first usage of 1122AD, a little less than nine hundred years ago. Chapterhouse responds additionally that Frank Herbert's novel Chapterhouse Dune was known to Chapterhouse when it selected its name.

**INTERROGATORY REQUEST NO. 9:**

Identify any and all websites or other businesses or venues (including trade shows) where any of the Accused Works has ever been offered for sale or sold.

**RESPONSE TO INTERROGATORY NO. 9**

In addition to its General Objections, Chapterhouse objects to this interrogatory as vague and ambiguous. Chapterhouse further objects to this interrogatory as overbroad, unduly burdensome, and seeking information outside the scope of permissible discovery. Chapterhouse objects to the use of "Accused Works" as a defined term because that term is not defined in either Games Workshop's Second Set of Interrogatories, or in its First Set of Document Requests, which the Second Set of Interrogatories purports to incorporate by reference. Chapterhouse will adopt, for the purposes of this response, the definition of Accused Works

articulated in Games Workshop's First Set of Interrogatories. However, Games Workshop objects to that definition as vague and ambiguous and overbroad and unduly burdensome to the extent that it purports to encompass claims Games Workshop has not yet brought.

Without waiving, and subject to its General Objections and these specific objections, Chapterhouse responds that it cannot know where its products might be offered for sale or sold in the secondary market. Upon the entry of an appropriate protective order, Chapterhouse will provide a list of websites and physical locations where Chapterhouse has sold the products GW claims infringe its copyrights.

**<u>SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9 (HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER):</u>**

In addition to its General Objections, Chapterhouse objects to this interrogatory as vague and ambiguous. Chapterhouse further objects to this interrogatory as overbroad, unduly burdensome, and seeking information outside the scope of permissible discovery. Chapterhouse objects to the use of "Accused Works" as a defined term because that term is not defined in either Games Workshop's Second Set of Interrogatories, or in its First Set of Document Requests, which the Second Set of Interrogatories purports to incorporate by reference. Chapterhouse will adopt, for the purposes of this response, the definition of Accused Works articulated in Games Workshop's First Set of Interrogatories. However, Chapterhouse objects to that definition as vague and ambiguous and overbroad and unduly burdensome to the extent that it purports to encompass claims Games Workshop has not yet brought.

Without waiving, and subject to its General Objections and these specific objections, Chapterhouse responds that it cannot know where its products might be offered for sale or sold in the secondary market. Chapterhouse supplies the following list of websites and physical locations where Chapterhouse has sold the products GW claims infringe its copyrights.

HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

**INTERROGATORY REQUEST NO. 10:**

Identify any and all websites, publications or other businesses or venues (including trade shows) where any of the Accused Works has ever been advertised or promoted.

**RESPONSE TO INTERROGATORY NO. 10**

In addition to its General Objections, Chapterhouse objects to this interrogatory as vague and ambiguous, particularly but not exclusively with respect to the word "promoted." Chapterhouse further objects to this interrogatory as overbroad, unduly burdensome, and seeking information outside the scope of permissible discovery. Chapterhouse objects to the use of "Accused Works" as a defined term because that term is not defined in either Games Workshop's Second Set of Interrogatories, or in its First Set of Document Requests, which the Second Set of Interrogatories purports to incorporate by reference. Chapterhouse will adopt, for the purposes of this response, the definition of Accused Works articulated in Games Workshop's First Set of Interrogatories. However, Games Workshop objects to that definition as vague and ambiguous and overbroad and unduly burdensome to the extent that it purports to encompass claims Games Workshop has not yet brought.

Without waiving, and subject to its General Objections and these specific objections, Chapterhouse responds as follows. Chapterhouse will provide this information upon entry of an appropriate protective order.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10 (HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER):**

In addition to its General Objections, Chapterhouse objects to this interrogatory as vague and ambiguous, particularly but not exclusively with respect to the word "promoted." Chapterhouse further objects to this interrogatory as overbroad, unduly burdensome, and seeking information outside the scope of permissible discovery. Chapterhouse objects to the use of "Accused Works" as a defined term because that term is not defined in either Games

Workshop's Second Set of Interrogatories, or in its First Set of Document Requests, which the Second Set of Interrogatories purports to incorporate by reference. Chapterhouse will adopt, for the purposes of this response, the definition of Accused Works articulated in Games Workshop's First Set of Interrogatories. However, Chapterhouse objects to that definition as vague and ambiguous and overbroad and unduly burdensome to the extent that it purports to encompass claims Games Workshop has not yet brought.

Without waiving, and subject to its General Objections and these specific objections, Chapterhouse responds as follows:

**INTERROGATORY REQUEST NO. 11:**

Set forth all sources in which Chapterhouse relied in connection with the selection of each of the product names, designations or identifying information for each of the Accused Works offered for sale by defendant.

**RESPONSE TO INTERROGATORY NO. 11**

In addition to its General Objections, Chapterhouse objects to this interrogatory as vague and ambiguous. Chapterhouse further objects to this interrogatory as overbroad, unduly burdensome, and seeking information outside the scope of permissible discovery. Chapterhouse

HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

objects to the use of "Accused Works" as a defined term because that term is not defined in either Games Workshop's Second Set of Interrogatories, or in its First Set of Document Requests, which the Second Set of Interrogatories purports to incorporate by reference. Chapterhouse will adopt, for the purposes of this response, the definition of Accused Works articulated in Games Workshop's First Set of Interrogatories. However, Games Workshop objects to that definition as vague and ambiguous and overbroad and unduly burdensome to the extent that it purports to encompass claims Games Workshop has not yet brought.

**INTERROGATORY REQUEST NO. 12:**

Identify any instances in which any consumer or potential consumer of any of Chapterhouse's products has mentioned or referred to Games Workshop, WARHAMMER or WARHAMMER 40,000 or expressed any confusion or question as to the association or affiliation between Chapterhouse or its products and Games Workshop and its products, including, without limitation by specifying the persons involved, date and substance of anything said.

**RESPONSE TO INTERROGATORY NO. 12**

In addition to its General Objections, Chapterhouse objects to this interrogatory as vague and ambiguous. Chapterhouse further objects to this interrogatory as massively overbroad, unduly burdensome, and seeking information outside the scope of permissible discovery.

Without waiving, and subject to its General Objections and these specific objections, Chapterhouse responds pursuant to Federal Rule of Civil Procedure 33(d) that it will produce documents in response to Request for Production No. 26, as detailed in the response, and subject to the objections provided, thereto.

**INTERROGATORY REQUEST NO. 13:**

Set forth all facts or other grounds, if any, on which Chapterhouse relied for each of the affirmative defenses asserted in its Answer to the Amended Complaint herein.

**RESPONSE TO INTERROGATORY NO. 13**

In addition to its General Objections, Chapterhouse objects that this is an untimely contention interrogatory. Chapterhouse further objects to this interrogatory as vague and ambiguous. Chapterhouse further objects to this interrogatory as massively overbroad, unduly burdensome, and seeking information outside the scope of permissible discovery.

Dated: July 29, 2011

Respectfully submitted,

CHAPTERHOUSE STUDIOS LLC

By: [signature]

Jennifer Golinveaux (CA Bar No. 203056)
J. Caleb Donaldson (CA Bar No. 257271)
Thomas J. Kearney (CA Bar No. 267087)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5802
Phone: (415) 591-1000
Fax: (415) 591-1400
jgolinveaux@winston.com
jcdonaldson@winston.com
tkearney@winston.com

Eric Mersmann (IL Bar No. 6286859)
Catherine B. Diggins (IL Bar No. 6296237)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-1695
Phone: (312) 558-5600
Fax: (312) 558-5700
emersmann@winston.com
cdiggins@winston.com

## VERIFICATION

I, Nicholas Villacci, declare:

I am authorized to make this verification for and on behalf of Defendant Chapterhouse Studio LLC, and I make this verification for that reason. I have read the foregoing DEFENDANT CHAPTERHOUSE STUDIOS LLC'S FIRST SUPPLEMENTAL RESPONSE TO GAMES WORKSHOP LTD.'S SECOND SET OF INTERROGATORIES TO CHAPTERHOUSE STUDIOS LLC (NOS. 3-13) and know the contents thereof. On information and belief, the matters herein are true.

I declare under penalty of perjury that the foregoing is true and correct.

July 29, 2011

Nicholas Villacci

CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2011, I provided service to the person or persons listed below by the following means: First Class Mail.

Scott R. Kaspar
Aaron J. Weinzierl
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: 312.832.4500
Facsimile: 312.832.4700
Email: skaspar@foley.com
aweinzierl@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

Signature: ______________________________ Date: July 29, 2011
Name Lisa Schuh

SF:314695.6