# Exhibit

# 8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GAMES WORKSHOP LIMITED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:10-cv-08103 |
| v. | ) |
| | ) |
| CHAPTERHOUSE STUDIOS LLC and JON | ) |
| PAULSON d/b/a PAULSON GAMES, | ) Judge Matthew F. Kennelly |
| | ) |
| Defendants. | ) |

**DEFENDANT CHAPTERHOUSE STUDIOS LLC'S RESPONSE TO GAMES
WORKSHOP LTD.'S SECOND SET OF DOCUMENT REQUESTS
TO CHAPTERHOUSE STUDIOS LLC (NOS. 3-28)**

PROPOUNDING PARTY:      PLAINTIFF GAMES WORKSHOP LIMITED

RESPONDING PARTY:       DEFENDANT CHAPTERHOUSE STUDIOS LLC

SET:                   TWO

Pursuant to Federal Rule of Civil Procedure 34, Defendant Chapterhouse Studios LLC

("Chapterhouse") hereby responds to the second set of Requests for Production of Documents

from Plaintiff Games Workshop Limited ("Games Workshop"), as follows:

**<u>RESPONSES</u>**

Chapterhouse incorporates the following General Objections as if set forth fully in

response to each request for production of documents in Games Workshop's Second Set of

Requests for Production of Documents.

1.      These responses are made solely for the purposes of this litigation. Chapterhouse

has not completed its investigation into the facts of this case. The responses are based solely on

the documents that are presently available and specifically known to Chapterhouse.

Chapterhouse therefore responds without prejudice to its right to produce any documents

subsequently discovered, and Chapterhouse specifically reserves the right to supplement its responses.

2. Chapterhouse objects to each request to the extent that it seeks documents that are protected by the attorney-client privilege, the work-product doctrine, and/or any other doctrine. Any inadvertent disclosure of such documents will not be deemed a waiver of the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity.

3. Chapterhouse objects to each request to the extent that it purports to require Chapterhouse to disclose highly sensitive, confidential, or trade secret information of competitive and strategic significance.

4. Chapterhouse objects to Games Workshop's Second Set of Requests for Production in their entirety as overbroad, burdensome, oppressive, and vague.

5. Chapterhouse objects to each request to the extent that it seeks information or documents not reasonably related to the claims or defenses in this matter.

6. Chapterhouse objects to objects to each request to the extent that it purports to impose any requirement or discovery obligation on Chapterhouse other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court.

7. Chapterhouse objects to the definition of "Chapterhouse" as overbroad to the extent it seeks information or documents from other entities that is outside of Chapterhouse's possession, custody or control.

8. Chapterhouse objects to the definition of "Defendants" as overbroad to the extent it seeks information or documents from other entities that is outside of Chapterhouse's possession, custody or control.

9.     Chapterhouse objects to the definition of "Games Workshop's Interrogatories" as overbroad and impermissibly vague to the extent it purports to incorporate interrogatories Games Workshop has not yet served.

10.     Chapterhouse objects to the definition of "Amended Complaint" as overbroad and impermissibly vague to the extent it purports to incorporate amendments Games Workshop has not yet filed.

11.     Chapterhouse objects to the use of "Accused Works" as a defined term because that term is not defined in either Games Workshop's Second Set of Document Requests, or in its First Set of Document Requests, which the Second Set of Document Requests purports to incorporate by reference. Chapterhouse will adopt, for the purposes of its responses, the definition of Accused Works articulated in Games Workshop's First Set of Interrogatories. However, Games Workshop objects to that definition as vague and ambiguous and overbroad and unduly burdensome to the extent that it purports to encompass claims Games Workshop has not yet brought.

12.     Chapterhouse specifically objects to paragraph 8 of Games Workshop's definitions as overbroad and oppressive to the extent it purports to impose any requirement or discovery obligation on Chapterhouse other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court.

13.     Chapterhouse specifically objects to paragraph 9 of Games Workshop's definitions as overbroad and oppressive to the extent it purports to impose any requirement or discovery obligation on Chapterhouse other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court.

**RESPONSES**

3

**DOCUMENT REQUEST NO. 3:**

Any and all documents or things in Chapterhouse's possession, custody or control, referring to Games Workshop.

**RESPONSE TO DOC. REQUEST NO. 3:**

In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overbroad and unduly burdensome. Chapterhouse further objects to this request as seeking documents and things outside the scope of permissible discovery because it seeks documents and things that are not relevant to the subject matter of this action and are not reasonably calculated to lead to discovery of admissible evidence. Chapterhouse further objects to this request to the extent it seeks documents and things covered by the attorney-client privilege or the attorney work-product doctrine.

**DOCUMENT REQUEST NO. 4:**

Any and all documents or things in Chapterhouse's possession, custody or control, referring to WARHAMMER or WARHAMMER 40,000.

**RESPONSE TO DOC. REQUEST NO. 4:**

In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overbroad and unduly burdensome. Chapterhouse further objects to this request as seeking documents and things outside the scope of permissible discovery because it seeks documents and things that are not relevant to the subject matter of this action and are not reasonably calculated to lead to discovery of admissible evidence. Chapterhouse further objects to this request to the extent it seeks documents and things covered by the attorney-client privilege or the attorney work-product doctrine.

**DOCUMENT REQUEST NO. 5:**

Any and all documents or things in Chapterhouse's possession, custody or control, setting forth or referring to any communications, contracts, or other dealings between or among Chapterhouse and any natural or corporate persons who have worked with or for Chapterhouse in creating or designing any of the Accused Works.

## RESPONSE TO DOC. REQUEST NO. 5:

In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overbroad and unduly burdensome. Chapterhouse further objects to this request as seeking documents and things outside the scope of permissible discovery because it seeks documents and things that are not relevant to the subject matter of this action and are not reasonably calculated to lead to discovery of admissible evidence. Chapterhouse further objects to this request to the extent it seeks documents and things covered by the attorney-client privilege or the attorney work-product doctrine. Chapterhouse objects to the use of "Accused Works" as a defined term because that term is not defined in either Games Workshop's Second Set of Requests for Production of Documents, or in its First Set of Request for Production of Documents, which the Second Set purports to incorporate by reference. Chapterhouse will adopt, for the purposes of this response, the definition of Accused Works articulated in Games Workshop's First Set of Interrogatories. However, Games Workshop objects to that definition as vague and ambiguous and overbroad and unduly burdensome to the extent that it purports to encompass claims Games Workshop has not yet brought.

Notwithstanding, and subject to its general objections and its specific objections to this request, Chapterhouse responds that it will produce responsive, non-privileged documents within its possession, custody, or control that relate to the creation or design of the 106 products identified in Games Workshop's First Amended Complaint to the extent such can be found after a reasonable and diligent search.

5

## DOCUMENT REQUEST NO. 6:

Any and all documents or things in Chapterhouse's possession, custody or control, setting forth or referring to any communications, contracts, or other dealings between or among Chapterhouse and any natural or corporate persons who have worked with or for Chapterhouse in producing or manufacturing any of the Accused Works.

## RESPONSE TO DOC. REQUEST NO. 6:

In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overbroad and unduly burdensome. Chapterhouse further objects to this request as seeking documents and things outside the scope of permissible discovery because it seeks documents and things that are not relevant to the subject matter of this action and are not reasonably calculated to lead to discovery of admissible evidence. Chapterhouse further objects to this request to the extent it seeks documents and things covered by the attorney-client privilege or the attorney work-product doctrine. Chapterhouse objects to the use of "Accused Works" as a defined term because that term is not defined in either Games Workshop's Second Set of Requests for Production of Documents, or in its First Set of Request for Production of Documents, which the Second Set purports to incorporate by reference. Chapterhouse will adopt, for the purposes of this response, the definition of Accused Works articulated in Games Workshop's First Set of Interrogatories. However, Games Workshop objects to that definition as vague and ambiguous and overbroad and unduly burdensome to the extent that it purports to encompass claims Games Workshop has not yet brought.

Notwithstanding, and subject to its general objections and its specific objections to this request, Chapterhouse responds that it will produce responsive, non-privileged documents within its possession, custody, or control that relate to the production or manufacture of the 106

6

products identified in Games Workshop's First Amended Complaint to the extent such can be found after a reasonable and diligent search.

**DOCUMENT REQUEST NO. 7:**

Any and all documents or things in Chapterhouse's possession, custody or control, setting forth or referring to any communications, contracts, or other dealings between Chapterhouse and defendant Jon Paulson.

**RESPONSE TO DOC. REQUEST NO. 7:**

In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overbroad and unduly burdensome. Chapterhouse further objects to this request as seeking documents and things outside the scope of permissible discovery because it seeks documents and things that are not relevant to the subject matter of this action and are not reasonably calculated to lead to discovery of admissible evidence. Chapterhouse further objects to this request to the extent it seeks documents and things covered by the attorney-client privilege or the attorney work-product doctrine.

Notwithstanding, and subject to its general objections and its specific objections to this request, Chapterhouse responds that it will produce responsive, relevant, non-privileged documents within its possession, custody, or control to the extent such can be found after a reasonable and diligent search.

**DOCUMENT REQUEST NO. 8:**

Any and all documents or things in Chapterhouse's possession, custody or control, setting forth any quality control standards used or employed by Chapterhouse or any natural or corporate persons who have worked with or for Chapterhouse in producing or manufacturing any of the Accused Works.

**RESPONSE TO DOC. REQUEST NO. 8:**

In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overbroad and unduly burdensome. Chapterhouse further objects to this request as seeking documents and things outside the scope of permissible discovery because it seeks documents and things that are not relevant to the subject matter of this action and are not reasonably calculated to lead to discovery of admissible evidence. Chapterhouse further objects to this request to the extent it seeks documents and things covered by the attorney-client privilege or the attorney work-product doctrine. Chapterhouse objects to the use of "Accused Works" as a defined term because that term is not defined in either Games Workshop's Second Set of Requests for Production of Documents, or in its First Set of Request for Production of Documents, which the Second Set purports to incorporate by reference. Chapterhouse will adopt, for the purposes of this response, the definition of Accused Works articulated in Games Workshop's First Set of Interrogatories. However, Games Workshop objects to that definition as vague and ambiguous and overbroad and unduly burdensome to the extent that it purports to encompass claims Games Workshop has not yet brought.

Notwithstanding, and subject to its general objections and its specific objections to this request, Chapterhouse responds that it will produce responsive, relevant, non-privileged documents within its possession, custody, or control to the extent such can be found after a reasonable and diligent search.

## DOCUMENT REQUEST NO. 9:

Separately for each of the Accused Works, any and all documents or things in Chapterhouse's possession, custody or control, setting forth or referring to any sources consulted, used, reviewed or relied on by Chapterhouse *other than* works of Games Workshop in creating each of the said Accused Works.

## RESPONSE TO DOC. REQUEST NO. 9:

8

In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overbroad and unduly burdensome. Chapterhouse further objects to this request as seeking documents and things outside the scope of permissible discovery because it seeks documents and things that are not relevant to the subject matter of this action and are not reasonably calculated to lead to discovery of admissible evidence. Chapterhouse further objects to this request to the extent it seeks documents and things covered by the attorney-client privilege or the attorney work-product doctrine.

Notwithstanding, and subject to its general objections and its specific objections to this request, Chapterhouse responds that it will produce responsive, relevant, non-privileged documents within its possession, custody, or control to the extent such can be found after a reasonable and diligent search, organized as they are maintained in the usual course of business or organized to respond to the categories in the request.

**DOCUMENT REQUEST NO. 10:**

Separately for each of the Accused Works, any and all documents or things in Chapterhouse's possession, custody or control, setting forth or reflecting any mock-ups, drafts, drawing briefs or the like concerning the conception, development or creation of each of the said Accused Works.

**RESPONSE TO DOC. REQUEST NO. 10:**

In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overbroad and unduly burdensome. Chapterhouse further objects to this request as seeking documents and things outside the scope of permissible discovery because it seeks documents and things that are not relevant to the subject matter of this action and are not reasonably calculated to lead to discovery of admissible evidence. Chapterhouse further objects

9

to this request to the extent it seeks documents and things covered by the attorney-client privilege or the attorney work-product doctrine.

Notwithstanding, and subject to its general objections and its specific objections to this request, Chapterhouse responds that it will produce responsive, non-privileged documents (and make available for inspection responsive tangible things) within its possession, custody, or control to the extent such can be found after a reasonable and diligent search, organized as they are maintained in the usual course of business or organized to respond to the categories in the request.

## DOCUMENT REQUEST NO. 11:

Any and all documents or things in Chapterhouse's possession, custody or control, setting forth or referring to the methods, processes or business plans employed in selecting new products for development or inclusion in its product lines.

## RESPONSE TO DOC. REQUEST NO. 11:

In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overbroad and unduly burdensome. Chapterhouse further objects to this request as seeking documents and things outside the scope of permissible discovery because it seeks documents and things that are not relevant to the subject matter of this action and are not reasonably calculated to lead to discovery of admissible evidence. Chapterhouse further objects to this request to the extent it seeks documents and things covered by the attorney-client privilege or the attorney work-product doctrine.

Notwithstanding, and subject to its general objections and its specific objections to this request, Chapterhouse responds that it will produce responsive, non-privileged documents within its possession, custody, or control to the extent such can be found after a reasonable and diligent search.

**DOCUMENT REQUEST NO. 12:**

Any and all documents or things in Chapterhouse's possession, custody or control, setting forth or referring to any communications, contracts, or other dealings between Chapterhouse and Zac Soden or any natural or corporate person affiliated with him.

**RESPONSE TO DOC. REQUEST NO. 12:**

In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overbroad and unduly burdensome. Chapterhouse further objects to this request as seeking documents and things outside the scope of permissible discovery because it seeks documents and things that are not relevant to the subject matter of this action and are not reasonably calculated to lead to discovery of admissible evidence. Chapterhouse further objects to this request to the extent it seeks documents and things covered by the attorney-client privilege or the attorney work-product doctrine.

Notwithstanding, and subject to its general objections and its specific objections to this request, Chapterhouse responds that it will produce responsive, non-privileged documents within its possession, custody, or control that relate to the creation or design of the 106 products identified in Games Workshop's First Amended Complaint to the extent such can be found after a reasonable and diligent search.

**DOCUMENT REQUEST NO. 13:**

Documents sufficient to demonstrate all of Chapterhouse's sales of each of the Accused Works from the date of first sale to the present.

**RESPONSE TO DOC. REQUEST NO. 13:**

In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overbroad and unduly burdensome. Chapterhouse particularly objects to the verb "demonstrates" as vague and ambiguous. Chapterhouse further objects to this request as seeking

documents and things outside the scope of permissible discovery because it seeks documents and things that are not relevant to the subject matter of this action and are not reasonably calculated to lead to discovery of admissible evidence. Chapterhouse further objects to this request to the extent it seeks documents and things covered by the attorney-client privilege or the attorney work-product doctrine. Chapterhouse objects to the use of "Accused Works" as a defined term because that term is not defined in either Games Workshop's Second Set of Requests for Production of Documents, or in its First Set of Request for Production of Documents, which the Second Set purports to incorporate by reference. Chapterhouse will adopt, for the purposes of this responses, the definition of Accused Works articulated in Games Workshop's First Set of Interrogatories. However, Games Workshop objects to that definition as vague and ambiguous and overbroad and unduly burdensome to the extent that it purports to encompass claims Games Workshop has not yet brought.

Notwithstanding, and subject to its general objections and its specific objections to this request, Chapterhouse responds that it will produce non-privileged documents sufficient to show the number sold of each of the 106 products identified in Games Workshop's First Amended Complaint to the extent such can be found in Chapterhouse's possession, custody or control after a reasonable and diligent search.

**DOCUMENT REQUEST NO. 14:**

Documents sufficient to identify any and all websites or other businesses or venues where any of the Accused Works has ever been offered for sale or sold.

**RESPONSE TO DOC. REQUEST NO. 14:**

In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overbroad and unduly burdensome. Chapterhouse further objects to this request as seeking documents and things outside the scope of permissible discovery because it seeks

documents and things that are not relevant to the subject matter of this action and are not reasonably calculated to lead to discovery of admissible evidence. Chapterhouse further objects to this request to the extent it seeks documents and things covered by the attorney-client privilege or the attorney work-product doctrine. Chapterhouse further objects that this request seeks information duplicative of information sought in Games Workshop's Interrogatory Number 9. Chapterhouse objects to the use of "Accused Works" as a defined term because that term is not defined in either Games Workshop's Second Set of Requests for Production of Documents, or in its First Set of Request for Production of Documents, which the Second Set purports to incorporate by reference. Chapterhouse will adopt, for the purposes of this response, the definition of Accused Works articulated in Games Workshop's First Set of Interrogatories. However, Games Workshop objects to that definition as vague and ambiguous and overbroad and unduly burdensome to the extent that it purports to encompass claims Games Workshop has not yet brought.

Notwithstanding, and subject to its general objections and its specific objections to this request, Chapterhouse responds that it will produce responsive, non-privileged documents sufficient to identify any and all websites or other businesses or venues where any of the 106 products identified in Games Workshop's First Amended Complaint have ever been offered for sale or sold, to the extent such documents can be found in Chapterhouse's possession, custody or control after a reasonable and diligent search.

## DOCUMENT REQUEST NO. 15:

Any and all documents or things in Chapterhouse's possession, custody or control, concerning any sales of Chapterhouse's products on eBay or in any other secondary market.

## RESPONSE TO DOC. REQUEST NO. 15:

In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overbroad and unduly burdensome. Chapterhouse further objects to this request as seeking documents and things outside the scope of permissible discovery because it seeks documents and things that are not relevant to the subject matter of this action and are not reasonably calculated to lead to discovery of admissible evidence. Chapterhouse further objects to this request to the extent it seeks documents and things covered by the attorney-client privilege or the attorney work-product doctrine.

## DOCUMENT REQUEST NO. 16:

Any and all documents or things in Chapterhouse's possession, custody or control, showing any advertising or promotion of any or all of the Accused Works.

## RESPONSE TO DOC. REQUEST NO. 16:

In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overbroad and unduly burdensome. Chapterhouse further objects to this request as seeking documents and things outside the scope of permissible discovery because it seeks documents and things that are not relevant to the subject matter of this action and are not reasonably calculated to lead to discovery of admissible evidence. Chapterhouse further objects to this request to the extent it seeks documents and things covered by the attorney-client privilege or the attorney work-product doctrine. Chapterhouse objects to the use of "Accused Works" as a defined term because that term is not defined in either Games Workshop's Second Set of Requests for Production of Documents, or in its First Set of Request for Production of Documents, which the Second Set purports to incorporate by reference. Chapterhouse will adopt, for the purposes of this response, the definition of Accused Works articulated in Games Workshop's First Set of Interrogatories. However, Games Workshop objects to that definition as

14

vague and ambiguous and overbroad and unduly burdensome to the extent that it purports to encompass claims Games Workshop has not yet brought.

Notwithstanding, and subject to its general objections and its specific objections to this request, Chapterhouse responds that it will produce responsive, non-privileged documents constituting representative samples of paid advertising or promotion of the 106 products identified in Games Workshop's First Amended Complaint, to the extent such documents can be found in Chapterhouse's possession, custody or control after a reasonable and diligent search.

**DOCUMENT REQUEST NO. 17:**

Documents sufficient to identify any and all websites or other businesses or venues where any of the Accused Works has ever been advertised or promoted.

**RESPONSE TO DOC. REQUEST NO. 17:**

In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overbroad and unduly burdensome. Chapterhouse further objects to this request as seeking documents and things outside the scope of permissible discovery because it seeks documents and things that are not relevant to the subject matter of this action and are not reasonably calculated to lead to discovery of admissible evidence. Chapterhouse further objects to this request to the extent it seeks documents and things covered by the attorney-client privilege or the attorney work-product doctrine. Chapterhouse further objects that this request seeks information duplicative of information sought in Games Workshop's Interrogatory Number 10. Chapterhouse objects to the use of "Accused Works" as a defined term because that term is not defined in either Games Workshop's Second Set of Requests for Production of Documents, or in its First Set of Request for Production of Documents, which the Second Set purports to incorporate by reference. Chapterhouse will adopt, for the purposes of this response, the definition of Accused Works articulated in Games Workshop's First Set of Interrogatories.

15

However, Games Workshop objects to that definition as vague and ambiguous and overbroad and unduly burdensome to the extent that it purports to encompass claims Games Workshop has not yet brought.

Notwithstanding, and subject to its general objections and its specific objections to this request, Chapterhouse responds that it will produce responsive, non-privileged documents sufficient to identify any and all websites or other businesses or venues where any of the 106 products identified in Games Workshop's First Amended Complaint has ever been advertised, to the extent such documents can be found in Chapterhouse's possession, custody or control after a reasonable and diligent search.

**DOCUMENT REQUEST NO. 18:**

Any and all documents or things in Chapterhouse's possession, custody or control, concerning the creation of the disclaimer of affiliation with Games Workshop that now appears at the bottom of the web pages at www.chapterhousestudios.com, including without limitation any changes thereto since the creation of the website and including without limitation any opinions of counsel concerning the same.

**RESPONSE TO DOC. REQUEST NO. 18:**

In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overbroad and unduly burdensome. Chapterhouse further objects to this request as seeking documents and things outside the scope of permissible discovery because it seeks documents and things that are not relevant to the subject matter of this action and are not reasonably calculated to lead to discovery of admissible evidence. Chapterhouse further objects to this request to the extent it seeks documents and things covered by the attorney-client privilege or the attorney work-product doctrine.

Notwithstanding, and subject to its general objections and its specific objections to this request, Chapterhouse responds that it will produce responsive, relevant, non-privileged documents within its possession, custody, or control to the extent such can be found after a reasonable and diligent search.

**DOCUMENT REQUEST NO. 19:**

Any and all documents or things in Chapterhouse's possession, custody or control, concerning the creation of the banner that now appears at the top of the web pages at www.chapterhousestudios.com (reading "Chapterhouse Studios — Specializing in Custom Sculpts and Bits for Warhammer 40,000 and Fantasy"), including without limitation any earlier versions or drafts thereof or changes thereto since the creation of the website and including without limitation any opinions of counsel concerning the same.

**RESPONSE TO DOC. REQUEST NO. 19:**

In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overbroad and unduly burdensome. Chapterhouse further objects to this request as seeking documents and things outside the scope of permissible discovery because it seeks documents and things that are not relevant to the subject matter of this action and are not reasonably calculated to lead to discovery of admissible evidence. Chapterhouse further objects to this request to the extent it seeks documents and things covered by the attorney-client privilege or the attorney work-product doctrine.

Notwithstanding, and subject to its general objections and its specific objections to this request, Chapterhouse responds that it will produce responsive, relevant, non-privileged documents within its possession, custody, or control to the extent such can be found after a reasonable and diligent search.

**DOCUMENT REQUEST NO. 20:**

17

Any and all documents or things in Chapterhouse's possession, custody or control, concerning any changes to defendant's website appearing at www.chapterhousestudios.com on or after December 22, 2010, including without limitations documents sufficient to show the changes, any draft versions thereof, instructions or considerations regarding the same and any opinions of counsel concerning the same.

**RESPONSE TO DOC. REQUEST NO. 20:**

In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overbroad and unduly burdensome. Chapterhouse further objects to this request as seeking documents and things outside the scope of permissible discovery because it seeks documents and things that are not relevant to the subject matter of this action and are not reasonably calculated to lead to discovery of admissible evidence. Chapterhouse further objects to this request to the extent it seeks documents and things covered by the attorney-client privilege or the attorney work-product doctrine.

**DOCUMENT REQUEST NO. 21:**

Any and all documents concerning metrics for defendant's website www.chapterhousestudios.com, including but not limited to numbers of visits to the pages, numbers of unique visitors to the pages, referring URL's from the date of first use of the website to the present.

**RESPONSE TO DOC. REQUEST NO. 21:**

In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overbroad and unduly burdensome. Chapterhouse further objects to this request as seeking documents and things outside the scope of permissible discovery because it seeks documents and things that are not relevant to the subject matter of this action and are not reasonably calculated to lead to discovery of admissible evidence. Chapterhouse further objects

to this request to the extent it seeks documents and things covered by the attorney-client privilege or the attorney work-product doctrine.

## DOCUMENT REQUEST NO. 22:

Any and all documents or things in Chapterhouse's possession, custody or control, concerning the selection of the product names, designations or identifying information for each of the Accused Works offered for sale by defendant.

## RESPONSE TO DOC. REQUEST NO. 22:

In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overbroad and unduly burdensome. Chapterhouse further objects to this request as seeking documents and things outside the scope of permissible discovery because it seeks documents and things that are not relevant to the subject matter of this action and are not reasonably calculated to lead to discovery of admissible evidence. Chapterhouse further objects to this request to the extent it seeks documents and things covered by the attorney-client privilege or the attorney work-product doctrine. Chapterhouse objects to the use of "Accused Works" as a defined term because that term is not defined in either Games Workshop's Second Set of Requests for Production of Documents, or in its First Set of Request for Production of Documents, which the Second Set purports to incorporate by reference. Chapterhouse will adopt, for the purposes of this responses, the definition of Accused Works articulated in Games Workshop's First Set of Interrogatories. However, Games Workshop objects to that definition as vague and ambiguous and overbroad and unduly burdensome to the extent that it purports to encompass claims Games Workshop has not yet brought.

Notwithstanding, and subject to its general objections and its specific objections to this request, Chapterhouse responds that it will produce responsive, non-privileged documents in

19

Chapterhouse's possession, custody or control, to the extent such documents can be found after a reasonable and diligent search.

## DOCUMENT REQUEST NO. 23:

Any and all documents or things in Chapterhouse's possession, custody or control, concerning the selection of the name Chapterhouse.

## RESPONSE TO DOC. REQUEST NO. 23:

In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overbroad and unduly burdensome. Chapterhouse further objects to this request as seeking documents and things outside the scope of permissible discovery because it seeks documents and things that are not relevant to the subject matter of this action and are not reasonably calculated to lead to discovery of admissible evidence. Chapterhouse further objects to this request to the extent it seeks documents and things covered by the attorney-client privilege or the attorney work-product doctrine.

Notwithstanding, and subject to its general objections and its specific objections to this request, Chapterhouse responds that it will produce responsive, relevant, non-privileged documents within its possession, custody, or control to the extent such can be found after a reasonable and diligent search.

## DOCUMENT REQUEST NO. 24:

Any and all documents or things in Chapterhouse's possession, custody or control, concerning the nature of defendants customer base, including without limitation, age, income, sex, geographic distribution and the like).

## RESPONSE TO DOC. REQUEST NO. 24:

In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overbroad and unduly burdensome. Chapterhouse further objects to this request as

seeking documents and things outside the scope of permissible discovery because it seeks documents and things that are not relevant to the subject matter of this action and are not reasonably calculated to lead to discovery of admissible evidence. Chapterhouse further objects to this request to the extent it seeks documents and things covered by the attorney-client privilege or the attorney work-product doctrine.

Notwithstanding, and subject to its general objections and its specific objections to this request, Chapterhouse responds that it will produce responsive, non-privileged documents in Chapterhouse's possession, custody or control, to the extent such documents can be found after a reasonable and diligent search.

## DOCUMENT REQUEST NO. 25:

Any and all documents or things in Chapterhouse's possession, custody or control, concerning consumer perceptions of Chapterhouse or any of its products.

## RESPONSE TO DOC. REQUEST NO. 25:

In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overbroad and unduly burdensome. Chapterhouse specifically objects to the phrase "concerning consumer perceptions" as irretrievably vague and ambiguous. Chapterhouse further objects to this request as seeking documents and things outside the scope of permissible discovery because it seeks documents and things that are not relevant to the subject matter of this action and are not reasonably calculated to lead to discovery of admissible evidence. Chapterhouse further objects to this request to the extent it seeks documents and things covered by the attorney-client privilege or the attorney work-product doctrine.

## DOCUMENT REQUEST NO. 26:

Any and all documents or things in Chapterhouse's possession, custody or control, concerning any instances in which any consumer or potential consumer of any of Chapterhouse's

products has mentioned or referred to Games Workshop, WARHAMMER or WARHAMMER 40,000 or expressed any confusion or question as to the association or affiliation between Chapterhouse or its products and Games Workshop and its products.

**RESPONSE TO DOC. REQUEST NO. 26:**

In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overbroad and unduly burdensome. Chapterhouse further objects to this request as seeking documents and things outside the scope of permissible discovery because it seeks documents and things that are not relevant to the subject matter of this action and are not reasonably calculated to lead to discovery of admissible evidence. Chapterhouse notes that none of the allegations in this case relate to Games Workshop's Warhammer game. Chapterhouse further objects to this request to the extent it seeks documents and things covered by the attorney-client privilege or the attorney work-product doctrine.

Notwithstanding, and subject to its general objections and its specific objections to this request, Chapterhouse responds that it will produce responsive, non-privileged documents in Chapterhouse's possession, custody or control, that concern any instances in which any customer or potential customer of any of Chapterhouse's products has expressed any confusion or question as to the association or affiliation between Chapterhouse or its products and Games Workshop and its products, to the extent such documents can be found after a reasonable and diligent search.

**DOCUMENT REQUEST NO. 27:**

Any and all documents or things on which Chapterhouse consulted or relied in alleging each of the affirmative defenses asserted in its Answer to the Amended Complaint herein.

**RESPONSE TO DOC. REQUEST NO. 27:**

In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overbroad and unduly burdensome. Chapterhouse further objects to this request as seeking documents and things outside the scope of permissible discovery because it seeks documents and things that are not relevant to the subject matter of this action and are not reasonably calculated to lead to discovery of admissible evidence. Chapterhouse further objects to this request to the extent it seeks documents and things covered by the attorney-client privilege or the attorney work-product doctrine.

**DOCUMENT REQUEST NO. 28:**

Any and all documents or things setting forth any Chapterhouse document retention policy.

**RESPONSE TO DOC. REQUEST NO. 28:**

In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overbroad and unduly burdensome. Chapterhouse further objects to this request as seeking documents and things outside the scope of permissible discovery because it seeks documents and things that are not relevant to the subject matter of this action and are not reasonably calculated to lead to discovery of admissible evidence. Chapterhouse further objects to this request to the extent it seeks documents and things covered by the attorney-client privilege or the attorney work-product doctrine.

Notwithstanding, and subject to its general objections and its specific objections to this request, Chapterhouse responds that it will produce responsive, non-privileged documents in Chapterhouse's possession, custody or control, to the extent such documents can be found after a reasonable and diligent search.

Dated: June 29, 2011          Respectfully submitted,

CHAPTERHOUSE STUDIOS LLC

By:

Jennifer Golinveaux (CA Bar No. 203056)
J. Caleb Donaldson (CA Bar No. 257271)
Thomas J. Kearney (CA Bar No. 267087)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5802
Phone: (415) 591-1000
Fax: (415) 591-1400
jgolinveaux@winston.com
jcdonaldson@winston.com
tkearney@winston.com

Eric Mersmann (IL Bar No. 6286859)
Catherine B. Diggins (IL Bar No. 6296237)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-1695
Phone: (312) 558-5600
Fax: (312) 558-5700
emersmann@winston.com
cdiggins@winston.com

24

## CERTIFICATE OF SERVICE

I hereby certify that on June 2*9* 2011, I provided service to the person or persons listed below by the following means: First Class Mail.

Scott R. Kaspar
Aaron J. Weinzierl
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: 312.832.4500
Facsimile: 312.832.4700
Email: skaspar@foley.com
aweinzierl@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

Ronald H. Spuhler
Ronald A. DiCerbo
Thomas J. Campbell Jr.
MCANDREWS, HELD & MALLOY LTD.
500 W. Madison Street – 34th Floor
Chicago, IL 60061
Telephone: (312) 775-8000
Facsimile: (312) 775-8100
Email: RSPUHLER@mcandrews-ip.com
rdicerbo@mhmlaw.com
tcampbell@mcandrews-ip.com

Signature: _____        Date: June 2*9*, 2011
Name            Carleen Chea

SF:311749.4