# Exhibit

# 9

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAMES WORKSHOP LIMITED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:10-cv-08103 |
| v. ) | |
| ) | Honorable Matthew F. Kennelly |
| CHAPTERHOUSE STUDIOS LLC, ) | Honorable Jeffrey T. Gilbert |
| ) | |
| Defendant. ) | |

**DEFENDANT CHAPTERHOUSE STUDIOS LLC'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S SEVENTH SET OF INTERROGATORIES (NOS. 18-23)**

**CONTAINS CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION PURSUANT TO PROTECTIVE ORDER**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Chapterhouse Studios LLC (hereafter "Chapterhouse") hereby objects and responds to the document titled Plaintiff's First Set of Interrogatories (Nos. 1-7). Because Plaintiff has previously served six sets of interrogatories (Nos. 1-17), Chapterhouse will identify the set of interrogatories nos. 1-7 served on December 12, 2012 as Plaintiff's Seventh Set of Interrogatories Nos. 18-24.

**PRELIMINARY STATEMENT**

Chapterhouse has not completed its investigation of the facts, witnesses, or documents relating to this case, has not completed analysis of available data, and has not begun preparation for trial. All of the answers contained herein are based only upon such information and documents which are presently available to and specifically known to Chapterhouse.

These responses are made in a good-faith effort to respond to the extent of the factual information presently known to Chapterhouse, but in no way should be considered to prejudice Chapterhouse in relation to amending or supplementing such responses in view of further discovery of facts, documents, research, or analysis. Chapterhouse expressly reserves the right

1
**HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**



No painter was hired for those Accused Works for which no painter has been identified.

**INTERROGATORY NO. 4:** (*sic* 20)

Identify by name and last known address (including email address and phone) all natural or corporate persons who have worked with or for Chapterhouse in producing or manufacturing any of the Accused Works; set forth the works for which each such person was involved in the design process, set forth the role played by each such person and state the period of time each such person worked with or for Chapterhouse.

**ANSWER:**

Chapterhouse objects to this interrogatory as separately seeking substantive information on unrelated topics. Chapterhouse objects to this interrogatory as incomprehensible and ambiguous with respect to its reference to the design process. Chapterhouse objects to the sub-part directed to the time period in which each individual worked with or for Chapterhouse as unrelated to the remainder of the interrogatory, not relevant to the claim or defense of any party or likely to lead to relevant information, overly broad and unduly burdensome. Subject to this objection and its general objections, Chapterhouse states that the production and manufacture of all of the Accused Works were completed by either Nick Villacci or Valiant Enterprises Ltd. Contact information has been previously provided for both.

**INTERROGATORY NO. 5:** (*sic* 21)

Identify any and all websites or other businesses or venues (including trade shows) where any of the Accused Works has ever been marketed or promoted, offered for sale or sold.

**ANSWER:**

**HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

In addition to its general objections, Chapterhouse objects to this interrogatory to the extent that it seeks information that is outside the possession, custody, or control of Chapterhouse, particularly with respect to information regarding the secondary market for Chapterhouse products. Chapterhouse objects to this interrogatory as separately seeking substantive information on unrelated topics. Subject to these objections and its general objections, Chapterhouse incorporates by reference its initial and supplemental responses to Interrogatory Nos. 9 and 10.

**INTERROGATORY NO. 6:** (*sic* 22)

Set forth all sources on which Chapterhouse relied in connection with the selection of each of the product names, designations or identifying information for each of the Accused Works offered for sale by defendant.

**ANSWER:** In addition to its general objections, Chapterhouse objects to this interrogatory as vague and ambiguous. Chapterhouse further objects to this interrogatory as unduly burdensome, oppressive, and seeking information outside the scope of discovery. Chapterhouse objects to this interrogatory as separately seeking substantive information on unrelated topics. Subject to these objections and its general objections, Chapterhouse incorporates by reference the deposition testimony of Nicholas Villacci with respect to the selection of product names, designations, and identifying information each of the Accused Works.

**SUPPLEMENTAL ANSWER:**

In accordance with the legal defense of nominative fair use, when a defendant is using a plaintiff's trademark to refer to the plaintiff's goods or services, it should not be subject to liability under the Lanham Act, provided its use is not misleading or untruthful and confusion is not likely. A trademark owner is not entitled to forbid the use of its trademark where the trademark is used primarily in an informational sense. Accordingly, in naming and describing its

16
**HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

such as mortars, howitzers, guns, heavy machineguns, and recoilless rifles which are usually part of infantry equipment." Chapterhouse selected the name dark elves to refer to the generic type of creature recognized in Norse Mythology and elsewhere in the science fiction universe including within the Dungeons and Dragons universe.

Chapterhouse selected the name plasma cannon to refer to the generic descriptor of cannon which shoots a plasma discharge. Chapterhouse selected the name assault cannon to refer to the generic type of cannon that is automated similar to those included in science fiction such as in the Star Wars universe. Chapterhouse selected the name lascannon to refer to a generic descriptor of cannon which shoots a laser. Chapterhouse selected the name power claw to describe the generic type of claw pictured. To the extent that Chapterhouse has used the descriptors lightning claws, and melta gun, such use was selected to identify the generic descriptor for the type of products embodied by the Chapterhouse products.

Examples of many of the generic terms referenced above are incorporated by reference from the expert report served by Chapterhouse on February 1, 2013.

**INTERROGATORY NO. 7:** (*sic* 23)

Identify any instances in which any consumer or potential consumer of any of Chapterhouse's Accused Works has mentioned or referred to Games Workshop, WARHAMMER or WARHAMMER 40,000 or has expressed any confusion or question as to the association or affiliation between Chapterhouse or its Accused Works and Games Workshop and its products, including, without limitation by specifying the persons involved, date and substance of anything said.

**ANSWER:**

Chapterhouse objects to this interrogatory as separately seeking substantive information on unrelated topics. Subject to this objection and its general objections, Chapterhouse responds that it is unaware of any instances of "confusion or question as to the association or affiliation

19
**HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

between Chapterhouse or its products and Games Workshop and its products." Chapterhouse further responds pursuant to Federal Rule of Civil Procedure 33(d) that it will produce documents in response to Request for Production Nos. 26 and 50 as detailed in the response to each request and subject to the objections set forth therein.

**SUPPLEMENTAL RESPONSE:**

Subject to its prior objections and the limitations agreed by the parties during their meet and confer telephone conferences on Friday January 25, 2013 and Monday January 28, 2013, Chapterhouse further responds that it is unaware of any instances of "confusion or question as to the association or affiliation between Chapterhouse or its products and Games Workshop and its products" occurring with any consumer or potential consumer and that it has produced documents reflecting its correspondence with actual or potential consumers relating to the Newly Accused Works in which the actual or potential consumer also mentioned Games Workshop, WARHAMMER or WARHAMMER 40,000. Chapterhouse has no record or recollection of oral communications with actual or potential consumers in which such consumers also discussed Games Workshop, WARHAMMER or WARHAMMER 40,000.

Dated: February 1, 2013

By: /s/ *Julianne M. Hartzell*
Julianne M. Hartzell
Sarah J. Kalemeris
Marshall, Gerstein & Borun LLP
6300 Willis Tower
233 S. Wacker Dr.
Chicago, IL 60606
T: 312.474.6300
F: 312.474.0448
E: jhartzell@marshallip.com
E: skalemeris@marshallip.com

Jennifer Golinveaux (CA Bar No. 203056)
Dean A. Morehous (CA Bar No. 111841)
K. Joon Oh (CA Bar No. 246142)

20
**HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

Thomas J. Kearney (CA Bar No. 267087)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5802
Phone: (415) 591-1000
Fax: (415) 591-1400
jgolinveaux@winston.com
dmorehous@winston.com
koh@winston.com
tkearney@winston.com

Bryce A. Cooper (IL Bar No. 6296129)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-1695
Phone: (312) 558-5600
Fax: (312) 558-5700
bcooper@winston.com

*Attorneys for Defendant Chapterhouse Studios LLC*

## VERIFICATION

I, Nicholas Villacci, declare:

I am authorized to make this verification for and on behalf of Defendant Chapterhouse Studio LLC, and I make this verification for that reason. I have read the foregoing DEFENDANT CHAPTERHOUSE STUDIOS LLC'S RESPONSE TO GAMES WORKSHOP LTD.'S SEVENTH SET OF INTERROGATORIES TO CHAPTERHOUSE STUDIOS LLC (NOS. 18-23) and know the contents thereof. On information and belief, the matters herein are true.

I declare under penalty of perjury that the foregoing is true and correct.

February 1, 2013

**NICHOLAS VILLACCI**

22

**HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

## CERTIFICATE OF SERVICE

    I, Julianne M. Hartzell, hereby certify that I caused a copy of the foregoing DEFENDANT CHAPTERHOUSE STUDIOS LLC'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S SEVENTH SET OF INTERROGATORIES (NOS. 18-23) to be served on the interested parties by causing copies of this document to be served on February 1, 2013 via email on:

> Jason J. Keener
> Foley & Lardner LLP
> 321 North Clark Street
> Suite 2800
> Chicago, Illinois 60654
>
> Jonathan E. Moskin
> Foley & Lardner LLP
> 90 Park Avenue
> New York, New York 10016

                                                  */s/ Julianne M. Hartzell*
                                                  Julianne M. Hartzell

**HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**