# Exhibit 10

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GAMES WORKSHOP LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:10-cv-08103 |
| v. | ) | |
| | ) | Honorable Matthew F. Kennelly |
| CHAPTERHOUSE STUDIOS LLC, | ) | Honorable Jeffrey T. Gilbert |
| | ) | |
| Defendant. | ) | |

## DEFENDANT CHAPTERHOUSE STUDIOS LLC'S RESPONSES TO PLAINTIFF'S FIRST [*SIC*] SET OF DOCUMENT REQUESTS (NOS. 1-14 [SIC])

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Chapterhouse Studios LLC (hereafter "Chapterhouse") hereby objects and responds to Plaintiff's First [NINTH] Set of Document Requests (Nos. 1-14 [39-52]). Chapterhouse notes that, although these document requests are identified as Plaintiff's First Set of Document Requests Nos. 1-14, Plaintiff has previously served eight sets of requests for the production of documents nos. 1-38. Accordingly, subsequent reference to the document requests served on December 12, 2012 shall identify the document as Plaintiff's Ninth Set of Document Requests (Nos. 39-52).

### PRELIMINARY STATEMENT

Chapterhouse has not completed its investigation of the facts, witnesses, or documents relating to this case and has not completed analysis of available data. All of the answers contained herein are based only upon such information and documents which are presently available to and specifically known to Chapterhouse.

These responses are made in a good-faith effort to respond to the extent of the factual information presently known to Chapterhouse, but in no way should be considered to prejudice Chapterhouse in relation to amending or supplementing such responses in view of further discovery of facts, documents, research, or analysis. Chapterhouse expressly reserves the right to

present additional facts, contentions, and/or documents which may come to its attention as this litigation proceeds.

Responses to these discovery requests are given without prejudice to Chapterhouse's right to provide facts, witnesses, or documents omitted from these responses by oversight, inadvertence, good-faith error or mistake. Chapterhouse has furnished the information as it is presently available, which may include hearsay and other forms of evidence which are neither reliable nor admissible.

## GENERAL OBJECTIONS

1. These general objections are hereby incorporated by reference into the responses made with respect to each separate discovery request. Neither the inclusion of any specific objection in response to a request, nor the failure to include any general or specific objection in response to a request shall in any way be deemed as a waiver of any general objection made herein or that may be asserted at another date. Chapterhouse incorporates by reference the

2. Chapterhouse will respond to each request based on the best of its present knowledge, information, and belief. Chapterhouse's agreement to produce documents is not to be construed as a statement that such documents exist or have existed, but only that such documents, to the extent that any exist and are located after a reasonable search, will be produced.

3. Chapterhouse's production of any documents or things or identification of information in response to any request is not intended to waive, and does not constitute any waiver of, any objection which it may have to the admissibility, authenticity, competency, or relevance of the materials produced or information identified. For any and all materials produced or information identified in response to each request, Chapterhouse reserves all objections or

other questions regarding the competency, relevance, materiality, privilege, or admissibility of such documents or information as evidence in this suit or any other proceeding, action, or trial.

4. Chapterhouse objects to each request to the extent it calls for any documents or information protected by any applicable privilege or doctrine, including without limitation the attorney-client privilege, the work product doctrine and/or documents or information pertaining to Chapterhouse's counsel's mental impressions and/or trial preparation materials, and/or any other doctrine. Chapterhouse hereby asserts all such applicable privileges. Without waiving its objections, pursuant to Federal Rule of Civil Procedure 26(b)(5), Chapterhouse will produce a privilege log of responsive documents that are being withheld by reason of such privileges against disclosure. Chapterhouse objects to identifying privileged or work product documents created after the commencement of this lawsuit. Any inadvertent disclosure of such privileged documents will not be deemed a waiver of the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity.

5. Chapterhouse objects to all of Games Workshop's discovery requests to the extent that they call for the production of any documents or information disclosing confidential or proprietary information, and/or trade secrets of Chapterhouse, or documents or information restricted from dissemination pursuant to court order, statute, or regulation. Without waiving its objections, Chapterhouse will produce such documents and information that are reasonably responsive and non-privileged subject to the applicable protective order restrictions governing such confidential information and documents.

6. Chapterhouse objects to all of Games Workshop's discovery requests to the extent that they call for the production of any documents or information restricted from dissemination because of third-party confidentiality commitments. To the extent such responsive third-party

documents are identified, Chapterhouse will make efforts to notify the respective third-parties and, to the extent they object to the production of documents containing confidential information, will ask them to raise the issue with the Court.

7. Chapterhouse objects to all of Games Workshop's discovery requests to the extent that they call for the identification of "all" documents as unnecessarily burdensome. Chapterhouse intends to produce documents so as to avoid redundancy and duplication. In those instances when summary tables or spreadsheets containing the requested information are available, Chapterhouse intends to produce such compilations in the first instance, and will entertain a further request for underlying data if necessary.

8. Chapterhouse objects to each discovery request to the extent it seeks disclosure of any information and documents not reasonably related to the subject matter of this action, not relevant to the claims or defenses asserted in this action, and not reasonably calculated to lead to the discovery of admissible evidence, and/or to the extent that the requests seek to impose discovery obligations beyond those imposed by or permitted under the Federal Rules of Civil Procedure.

9. Any non-privileged and responsive documents to be produced will be produced at a reasonable time and place to be agreed upon between the parties. Any agreement by Chapterhouse to produce documents is not an admission or assertion that such documents exist; rather, Chapterhouse will produce whatever non-privileged and responsive documents, if any, Chapterhouse locates within its possession, custody, or control after conducting a reasonable search.

10. Chapterhouse objects to Games Workshop's Ninth Set of Requests for the Production of Documents and Things in their entirety as overbroad, burdensome, oppressive, and vague.

11. Chapterhouse objects to the definitions of "Chapterhouse" and "Defendant" as overbroad to the extent it seeks information or documents from other entities that is outside of Chapterhouse's possession, custody or control. In its responses, Chapterhouse shall be defined to include only Chapterhouse Studios, LLC; its employees; and its members.

12. These responses are made solely for the purposes of this litigation.

13. Because fact discovery in this matter closed on March 15, 2012, pursuant to the Court's November 22, 2011 Order, Dkt. 116, Chapterhouse objects to each request for production contained in the Games Workshop's Ninth Set of Requests for Production of Documents as untimely and not reasonably related to the claims and defenses in this matter to the extent that they seek documents relating to any product or claim other than those newly added in the Third Amended Complaint filed on December 10, 2012.

14. Chapterhouse objects to the definition of "Complaint" as the Complaint filed by or on behalf of Games Workshop on or about November 12, 2012 has been dismissed by the Court.

15. Chapterhouse objects to the definition of "Identify" as overbroad and unduly burdensome to the extent that it seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure.

16. Chapterhouse objects to the definition of "concerning" as overbroad and unduly burdensome to the extent that it seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure.

17. Chapterhouse objects to definition and instruction nos. 9 and 10 as overbroad and unduly burdensome to the extent that it seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure.

14. With respect to the term "Accused Works," Chapterhouse defines those works as the specific products listed as accused works in the claim chart attached as Exhibit A to the set of document requests served by Games Workshop on December 12, 2012, excluding entries 125 and 127 for which no allegations of infringement have been identified.

15. Chapterhouse objects to any document request to the extent that it is directed to entries 125 or 127 of Exhibit A to the Plaintiff's Ninth Set of Requests for the Production of Documents and Things as no claim of intellectual property infringement has been identified with respect to the products listed in those chart entries. Accordingly, Chapterhouse objects to any discovery request directed to those entries as not relevant or likely to lead to the discovery of relevant evidence.

## RESPONSES

**REQUEST FOR PRODUCTION NO. 1:** [*sic* No. 39]

Any and all documents or things in Chapterhouse's possession, custody or control (including from any natural or corporate persons who have worked with or for Chapterhouse in developing, creating, designing or painting any of the Accused Works) setting forth or referring to any of the Games Workshop works or characters identified in the accompanying claim chart (Exh. A hereto), including without limitation any Games Workshop book, magazine, newsletter computer game, motion picture or other publication, and/or any Games Workshop miniatures and/or gaming accessories.

**RESPONSE:** In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overly broad, and unduly burdensome to the extent that it seeks documents that are within the possession, custody, or control of any natural or corporate persons who are not employees of Chapterhouse and to the extent that it is directed to any Games Workshop works or characters other than those specifically identified in Exh. A to the Ninth Set of Document

Requests. Chapterhouse further objects to this request to the extent that it seeks documents and things protected by the attorney-client privilege, the work-product doctrine and/or any other applicable doctrine.

Subject to these objections and its general objections, Chapterhouse responds that it has already made available for inspection each of the specimens of Games Workshop products within its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 2:** [*sic* No. 40]

Any and all documents or things in Chapterhouse's possession, custody or control, referring to or concerning the creation, development or design of the Accused Works, including without limitation documents in the possession of any natural or corporate persons who have worked with or for Chapterhouse in developing, creating, designing or painting any of the Accused Works.

**RESPONSE:** In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overly broad, and unduly burdensome to the extent that it seeks documents that are within the possession, custody, or control of any natural or corporate persons who are not employees of Chapterhouse and to the extent that it is directed to any Games Workshop works or characters other than those specifically identified in Exh. A to the Ninth Set of Document Requests. Chapterhouse further objects to this request to the extent that it seeks documents and things protected by the attorney-client privilege, the work-product doctrine and/or any other applicable doctrine.

Subject to these objections and its general objections, Chapterhouse responds that it will produce responsive, non-privileged documents that are within the possession, custody, or control of Chapterhouse constituting or referencing the creation, development, or design of the Accused Works identified in the claim chart identified as Exhibit A to the Ninth Set of Document Requests, to the extent that such documents are found after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 3:** [*sic* No. 41]

Any and all documents or things in Chapterhouse's possession, custody or control, setting forth or referring to any communications, contracts, or other dealings between or among Chapterhouse and any natural or corporate persons who have worked with or for Chapterhouse in developing, creating, designing or painting any of the Accused Works.

**RESPONSE:** In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overly broad, and unduly burdensome to the extent that it seeks documents that are within the possession, custody, or control of any natural or corporate persons who are not employees of Chapterhouse and to the extent that it is directed to any Games Workshop works or characters other than those specifically identified in Exh. A to the Ninth Set of Document Requests. Chapterhouse further objects to this request to the extent that it seeks documents and things protected by the attorney-client privilege, the work-product doctrine and/or any other applicable doctrine.

Subject to these objections and its general objections, Chapterhouse responds that it will produce responsive, non-privileged documents that are within the possession, custody, or control of Chapterhouse constituting or referencing communications with the individuals that performed or requested the creation, development, or design of the Accused Works identified in the claim chart identified as Exhibit A to the Ninth Set of Document Requests in which the creation, development or design of the Accused Works is discussed, to the extent that such documents are found after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 4:** [*sic* No. 42]

Any and all documents or things in Chapterhouse's possession, custody or control (including from any natural or corporate persons who have worked with or for Chapterhouse in developing, creating, designing or painting any of the Accused Works), setting forth or referring to any communications, contracts, or other dealings between or among Chapterhouse and any natural or corporate persons who have worked with or for Chapterhouse in producing or manufacturing any of the Accused Works.

**RESPONSE:** In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overly broad, and unduly burdensome to the extent that it seeks documents that are

within the possession, custody, or control of any natural or corporate persons who are not employees of Chapterhouse and to the extent that it is directed to any Games Workshop works or characters other than those specifically identified in Exh. A to the Ninth Set of Document Requests. Chapterhouse objects to this request as vague, ambiguous, overbroad, unduly burdensome, irrelevant and not likely to lead to the discovery of relevant information to the extent that the subject matter of the documents sought is not limited in anyway. Chapterhouse further objects to this request to the extent that it seeks documents and things protected by the attorney-client privilege, the work-product doctrine and/or any other applicable doctrine.

Subject to these objections and its general objections, Chapterhouse responds that it will produce responsive, non-privileged documents that are within the possession, custody, or control of Chapterhouse constituting communications referencing the Accused Works with the individuals that produced or manufactured any of the Accused Works, to the extent that such documents are found after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 5:** [*sic* No. 43]

Any and all documents or things in Chapterhouse's possession, custody or control (including from any natural or corporate persons who have worked with or for Chapterhouse in developing, creating, designing or painting any of the Accused Works), setting forth any quality control standards used or employed by Chapterhouse or any natural or corporate persons who have worked with or for Chapterhouse in producing or manufacturing any of the Accused Works.

**RESPONSE:** In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overly broad, and unduly burdensome to the extent that it seeks documents that are within the possession, custody, or control of any natural or corporate persons who are not employees of Chapterhouse. Chapterhouse further objects to this request to the extent that it

seeks documents and things protected by the attorney-client privilege, the work-product doctrine and/or any other applicable doctrine.

Subject to these objections and its general objections, Chapterhouse responds that it will produce responsive, non-privileged documents that are within the possession, custody, or control of Chapterhouse setting forth quality control standards used by Chapterhouse in producing or manufacturing the Accused Works, to the extent that such documents are found after a reasonable and diligent search.

### REQUEST FOR PRODUCTION NO. 6: [*sic* No. 44]

Separately for each of the Accused Works, any and all documents or things in Chapterhouse's possession, custody or control (including from any natural or corporate persons who have worked with or for Chapterhouse in developing, creating, designing or painting any of the Accused Works), setting forth or referring to any sources consulted, used, reviewed or relied on by Chapterhouse, including without limitation works other than those of Games Workshop in creating each of the said Accused Works.

**RESPONSE:** In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overly broad, and unduly burdensome to the extent that it seeks documents that are within the possession, custody, or control of any natural or corporate persons who are not employees of Chapterhouse. Chapterhouse further objects to this request to the extent that it seeks documents and things protected by the attorney-client privilege, the work-product doctrine and/or any other applicable doctrine.

Subject to these objections and its general objections, Chapterhouse responds that it will produce responsive, non-privileged documents that are within the possession, custody, or control of Chapterhouse referencing sources consulted, used, reviewed, or relied on in creating the Accused Works, to the extent that such documents are found after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 7:** [*sic* No. 45]

Separately for each of the Accused Works (including from any natural or corporate persons who have worked with or for Chapterhouse in developing, creating, designing or painting any of the Accused Works), any and all documents or things in Chapterhouse's possession, custody or control, setting forth or reflecting any mock-ups, drafts, drawing briefs or the like concerning the conception, development or creation of each of the said Accused Works.

**RESPONSE:** In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overly broad, and unduly burdensome to the extent that it seeks documents that are within the possession, custody, or control of any natural or corporate persons who are not employees of Chapterhouse. Chapterhouse further objects to this request to the extent that it seeks documents and things protected by the attorney-client privilege, the work-product doctrine and/or any other applicable doctrine.

Subject to these objections and its general objections, Chapterhouse responds that it will produce responsive, non-privileged documents that are within the possession, custody, or control of Chapterhouse constituting mock-ups or drafts of the Accused Works, to the extent that such documents are found after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 8:** [*sic* No. 46]

Documents sufficient to demonstrate all of Chapterhouse's sales of each of the Accused Works from the date of first sale to the present.

**RESPONSE:** Subject to its General Objections, Chapterhouse will produce documents sufficient to demonstrate all of Chapterhouse's sales of each of the Accused Works from the date of first sale to the present.

**REQUEST FOR PRODUCTION NO. 9:** [*sic* No. 47]

Any and all documents concerning any sales or offers to sell any of the Accused Products on any and all websites or other businesses or venues other than Chapterhousestudios.com.

**RESPONSE:** Chapterhouse objects to Request for Production No. 9 as overly broad and unduly burdensome to the extent that it seeks the production of documents that are outside the custody or control of Chapterhouse and to the extent that it seeks all documents "concerning" sales or offers to sell. Subject to this objection and its General Objections, Chapterhouse responds that it will produce responsive, non-privileged documents that are within the possession, custody, or control of Chapterhouse constituting offers to sell the Accused Products identified in Exhibit A to the Ninth Requests for Production of Documents and Things via business venues other than Chapterhousestudios.com, to the extent that such documents are found after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 10:** [*sic* No. 48]

Any and all documents or things in Chapterhouse's possession, custody or control, showing any advertising or promotion of any or all of the Accused Works, including without limitation any such advertising or promotion on internet forums or third party websites.

**RESPONSE:** Subject to its General Objections, Chapterhouse responds that it will produce responsive, non-privileged documents that are within the possession, custody, or control of Chapterhouse constituting advertising or promotion of the Accused Works, to the extent that such documents are found after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 11:** [*sic* No. 49]

Any and all documents or things in Chapterhouse's possession, custody or control, concerning the selection of the product names, designations or identifying information for each of the Accused Works offered for sale by defendant.

**RESPONSE:** Subject to its General Objections, Chapterhouse responds that it will produce responsive, non-privileged documents that are within the possession, custody, or control of Chapterhouse referencing the selection of the product names, designations, or identifying information for each of the Accused Works, to the extent that such documents are found after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 12:** [*sic* No. 50]

Any and all documents or things in Chapterhouse's possession, custody or control, concerning any instances in which any consumer or potential consumer of any of Chapterhouse's Accused Works has mentioned or referred to Games Workshop, WARHAMMER or WARHAMMER 40,000 or expressed any confusion or question as to the association or affiliation between Chapterhouse or its products and Games Workshop and its products.

**RESPONSE:** In addition to its general objections, Chapterhouse objects to Request No. 12 as vague and ambiguous with respect to the meaning of "potential consumer." Subject to this objections and its general objections, Chapterhouse states that it will produce responsive, non-privileged documents that are within the possession, custody, or control of Chapterhouse in which a consumer of Chapterhouse's Accused works expressed any confusion regarding the association or affiliation between Chapterhouse and Games Workshop, to the extent that such documents exist and are found after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 13:** [*sic* No. 51]

Any and all documents or things on which Chapterhouse consulted or relied in alleging each of the affirmative defenses asserted in its Answer to the Second Amended Complaint herein.

**RESPONSE:** Subject to its general objections, Chapterhouse states that it will produce responsive, non-privileged documents that are within the possession, custody, or control of Chapterhouse upon which it intends to rely in support of each of the affirmative defenses asserted in the Answer to the Second Amended Complaint in this litigation.

**REQUEST FOR PRODUCTION NO. 14:** [*sic* No. 52]

Any and all documents or things in Chapterhouse's possession, custody or control (including from any natural or corporate persons who have worked with or for Chapterhouse in developing, creating, designing or painting any of the Accused Works), concerning any contemplated new products currently in development.

**RESPONSE:** In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overly broad, and unduly burdensome to the extent that it seeks documents that are

within the possession, custody, or control of any natural or corporate persons who are not employees of Chapterhouse. Chapterhouse further objects to this request to the extent that it seeks documents and things protected by the attorney-client privilege, the work-product doctrine and/or any other applicable doctrine. Chapterhouse additionally objects to this request as overbroad, unduly burdensome, and not relevant or likely to lead to the discovery of relevant evidence as no claim or defense of any party is directed to products currently in development.

Dated: January 7, 2013

By: /s/ *Julianne M. Hartzell*
Julianne M. Hartzell
Sarah J. Kalemeris
Marshall, Gerstein & Borun LLP
6300 Willis Tower
233 S. Wacker Dr.
Chicago, IL 60606
T: 312.474.6300
F: 312.474.0448
E: jhartzell@marshallip.com
E: skalemeris@marshallip.com

Jennifer Golinveaux (CA Bar No. 203056)
Dean A. Morehous (CA Bar No. 111841)
K. Joon Oh (CA Bar No. 246142)
Thomas J. Kearney (CA Bar No. 267087)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5802
Phone: (415) 591-1000
Fax: (415) 591-1400
jgolinveaux@winston.com
dmorehous@winston.com
koh@winston.com
tkearney@winston.com

Bryce A. Cooper (IL Bar No. 6296129)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-1695
Phone: (312) 558-5600
Fax: (312) 558-5700
bcooper@winston.com

*Attorneys for Defendant Chapterhouse Studios LLC*

## CERTIFICATE OF SERVICE

I, Julianne Hartzell, hereby certify that I caused a copy of the foregoing DEFENDANT CHAPTERHOUSE STUDIOS LLC'S RESPONSES TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS (NOS. 1-14) to be served on the interested parties by causing copies of this document to be served on January 7, 2013 via U.S. Mail to:

> Jason J. Keener
> FOLEY & LARDNER LLP
> 321 North Clark Street
> Suite 2800
> Chicago, Illinois 60654
>
> Jonathan E. Moskin
> FOLEY & LARDNER LLP
> 90 Park Avenue
> New York, New York 10016

> /s/ *Julianne M. Hartzell*
> Julianne M. Hartzell