# Exhibit 11

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GAMES WORKSHOP LIMITED, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHAPTERHOUSE STUDIOS LLC, )<br>)<br>Defendant. ) | Civil Action No. 1:10-cv-08103<br><br>Honorable Matthew F. Kennelly<br>Honorable Jeffrey T. Gilbert |

**DEFENDANT CHAPTERHOUSE STUDIOS LLC'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S EIGHTH SET OF INTERROGATORIES (NOS. 24 & 25)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant Chapterhouse Studios LLC ("Chapterhouse") responds as follows to the Interrogatories Labeled Second Set of Interrogatories Nos. 8 & 9. Because Plaintiff has previously served seven sets of interrogatories, Chapterhouse will refer to the interrogatory served at 7:30 p.m. Central time on December 12, 2012 as Plaintiff's Eighth Set of Interrogatories (Nos. 24 & 25).

This response is based on Chapterhouse's continuing investigation, and Chapterhouse reserves the right to amend or supplement these responses as more information becomes known. This response is not intended to be used as admissions or as evidence other than as required by the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

Chapterhouse incorporates by reference the preliminary statement and general objections set forth in Defendant Chapterhouse Studios LLC's Responses to Plaintiff's Seventh Set of Interrogatories (Nos. 18-23).

**RESPONSES**

**INTERROGATORY NO. 8:** (*sic* 24)

Set forth all facts or other grounds, if any, including the identification of any pertinent documents, on which Chapterhouse relies for each of the affirmative defenses asserted in its forthcoming Answer to the Second Amended Complaint herein.

**ANSWER:** In addition to its general objections, Chapterhouse objects that this is an untimely contention interrogatory. Chapterhouse further objects to this request as overbroad, unduly burdensome, and seeking information outside the scope of permissible discovery. Chapterhouse further objects to this request as improperly separately seeking substantive information on unrelated topics. Chapterhouse objects to this request as overly broad and unduly burdensome. Without waiving and subject to these objections and its general objections, Chapterhouse states that, in support of its affirmative defense that Plaintiff's claims are barred because its copyright and trademark registrations were obtained through fraud on the Copyright Office or the Patent and Trademark Office, Chapterhouse relies upon each piece of correspondence with the Copyright Office or the Patent and Trademark Office that Games Workshop has, withheld from production or failed to timely produce in this lawsuit (which includes all correspondence with each administrative office to the best of Chapterhouse's understanding). With respect to its challenge to the ownership of plaintiff's copyrights in the newly identified works, Chapterhouse states that documents have not been provided demonstrating the ownership of those works and Chapterhouse bases its defense upon that failure. In accordance with Fed. R. Civ. P. 33(d), Chapterhouse further states that it has produced or will produce business records from which the answer to this interrogatory with respect to each of its affirmative defenses can be derived.

**SUPPLEMENTAL ANSWER:**

In connection with the Newly Accused Works, Chapterhouse asserts the affirmative defense that Games Workshop has committed fraud on the copyright office by manipulating this court proceeding and the copyright office in order to withhold information material to the Copyright Office's determination of registrability with an intent to improperly influence the Copyright Office's determination. Games Workshop has filed copyright infringement claims

2

directed solely to the shape and size of certain shoulder pad products and shoulder pad products affixed with common elements. On August 8, 2011, during discovery in this litigation, Chapterhouse requested production of "all correspondence with any government agency or private copyright registration service concerning" each of the alleged works-in-suit. Games Workshop agreed on October 19, 2011 to produce responsive documents.

On June 7, 2012, Counsel in this litigation received correspondence from the Copyright Office refusing to register the sculptural portion of the "Assault Squad Shoulder Pads" because the sculpture portion is too minimal. Counsel did not produce this correspondence to Chapterhouse.

After the close of fact discovery, the parties filed summary judgment motions on, among other things, the issue of registrability of certain of the alleged works-at-issue, including "Assault Squad Shoulder Pads." The physical specimen of the "Assault Squad Shoulder Pads" was not submitted to nor considered by the district court which entered its decision on November 27, 2012. Despite the fact that the very issue of registrability of the "Assault Squad Shoulder Pads" and other similar shoulder pad designs was at issue in the Summary Judgment Briefing and that the Copyright Office's determination is entitled to deference from the Court, counsel for Games Workshop continued to withhold the relevant correspondence with the copyright office in which the copyright office refused copyright registration. During this very same period of time, counsel for Games Workshop continued to correspond with the Copyright Office while withholding each of its repeated communications.

After withholding the copyright office's initial determination from both Chapterhouse and the district court, Games Workshop then sought to leverage the district court's decision (improperly made without benefit of the Copyright Office's refusal to register) by providing a

3

copy of the Court's order to the Copyright Office on December 7, 2012 without noting that counsel withheld evidence from the Court's consideration in reaching its determination.

Upon independently learning of the copyright office correspondence, Chapterhouse filed a motion for reconsideration of summary judgment on December 27, 2012. The court held hearings on the motion on January 8 and January 14, 2012. On January 4, the Copyright Office sent a letter again refusing to register the sculptural elements of the "Assault Squad Shoulder Pads." At the hearings on January 8 and January 14 and in concurrent correspondence with counsel for Chapterhouse, Games Workshop repeatedly stated that it had not yet received the Copyright Office's letter dated January 4. On January 16, Counsel for Games Workshop noted that it had in its possession the Copyright Office's January 4 correspondence. However, Counsel for Games Workshop again withheld production of the Copyright Office correspondence until January 31, 2013, the same date that Counsel for Games Workshop contacted the Copyright Office to abandon its request for registration. In support of this defense, Chapterhouse may rely upon each of the communications between Games Workshop and the Copyright Office regarding any of its pending registrations.

Chapterhouse asserts the legal defense of copyright fair use because, to the extent that Chapterhouse has used any protectable elements of Games Workshop's copyrights, the amount of the protectable elements used is minimal in scope, the use is transformative, and the Chapterhouse products are generally supplements to products offered for sale by Games Workshop so enhance potential sales by Games Workshop rather than harming the value of the protected work. In support of this claim, Chapterhouse relies upon the alleged protected works, the accused works, and documents regarding the creation of the accused works.

Chapterhouse asserts the legal defense of nominative fair use, when a defendant is using a plaintiff's trademark to refer to the plaintiff's goods or services, it should not be subject to liability under the Lanham Act, provided its use is not misleading or untruthful and confusion is not likely. A trademark owner is not entitled to forbid the use of its trademark where the trademark is used primarily in an informational sense. Accordingly, in naming and describing its products, Chapterhouse has used only that portion of the Games Workshop trademarks at issue as are necessary to identify Games Workshop products for which the Accused Chapterhouse products are compatible in size, an identification that is necessary for consumers to identify one possible use for Chapterhouse's products. Chapterhouse has done nothing to suggest sponsorship or endorsement by Games Workshop and has instead included a disclaimer on its website noting Games Workshop's trademark rights and separate affiliation.

Chapterhouse asserts that Games Workshop's state law claims are preempted by federal law to the extent that the facts supporting the state law claims merely parrot the federal law.

Chapterhouse further asserts that Games Workshop's trademark claims with respect in particular to the alleged trademarks lasgun, jet bike, heavy weapon, plasma cannon, assault cannon, lascannon, power claws, lightning claws, and melta gun because the trademarks are generic or merely descriptive of the products at issue.

**INTERROGATORY NO. 9:** (*sic* 25)

Identify by name and last known address (including email address and phone) all individuals who have responded to any Chapterhouse advertisements, promotions or other postings for the Accused Works on forums or otherwise, where such response has referred to Games Workshop or any Games Workshop's products. Such identification should include the date and content of the individual's response. If Chapterhouse does not know the individual's name and last known address, identify the individual's screen name and any other contact information known to Chapterhouse.

5

**ANSWER:**

Chapterhouse objects to this interrogatory to the extent that it seeks information outside of Chapterhouse's possession, custody, or control, including information regarding the motivations or prompt which led individuals to contact Chapterhouse and responsive postings on website forums copies of which are not maintained by Chapterhouse in the ordinary course of its business. Chapterhouse objects to the interrogatory as overly broad and unduly burdensome to the extent that it seeks from Chapterhouse publicly available information the cost to obtain such information is as easily borne by plaintiff and to the extent that it seeks correspondence the subject matter of which is unrelated to the claims or defenses of any party or to the newly identified Accused Works. Without waiving and subject to these objections and its general objections, Chapterhouse responds that, to the extent any such communications exist that make clear on their face that individuals are responding to an advertisement related to one of the Accused Works in which such response also includes a reference to Games Workshop and were located as the result of a reasonable search within the business records that are in the possession, custody and control of Chapterhouse, they have been or will be produced responsive to this request pursuant to Fed. R. Civ. P 33(d).

**SUPPLEMENTAL RESPONSE:**

Subject to its prior objections and the limitations agreed by the parties during their meet and confer telephone conferences on Friday January 25, 2013 and Monday January 28, 2013, Chapterhouse further responds that representatives of Chapterhouse posted comments regarding the Accused Works at the following forum threads:

http://www.dakkadakka.com/dakkaforum/posts/list/488042.page

http://www.dakkadakka.com/dakkaforum/posts/list/470169.page

http://www.lounge.belloflostsouls.net/showthread.php?26256

http://www.lounge.belloflostsouls.net/showthread.php?26255

http://www.lounge.belloflostsouls.net/showthread.php?24059

http://www.dakkadakka.com/dakkaforum/posts/list/474743.page

http://www.dakkadakka.com/dakkaforum/posts/list/452381.page

http://www.lounge.belloflostsouls.net/showthread.php?22168

http://www.heresy-online.net/forums/showthread.php?t=106213

http://www.dakkadakka.com/dakkaforum/posts/list/431763.page

http://www.lounge.belloflostsouls.net/showthread.php?21772

http://www.dakkadakka.com/dakkaforum/posts/list/452381.page

http://www.dakkadakka.com/dakkaforum/posts/list/431763.page

http://www.dakkadakka.com/dakkaforum/posts/list/404536.page

http://www.lounge.belloflostsouls.net/showthread.php?19144

http://www.lounge.belloflostsouls.net/showthread.php?17953

http://www.dakkadakka.com/dakkaforum/posts/list/404536.page

http://www.dakkadakka.com/dakkaforum/posts/list/347567.page

http://www.dakkadakka.com/dakkaforum/posts/list/393576.page

http://www.heresy-online.net/forums/showthread.php?t=93600

http://www.dakkadakka.com/dakkaforum/posts/list/325641.page

http://www.dakkadakka.com/dakkaforum/posts/list/306635.page

http://www.lounge.belloflostsouls.net/showthread.php?24559

http://www.lounge.belloflostsouls.net/showthread.php?21559

http://www.warseer.com/forums/showthread.php?273199

The dates of each post and the identifying information made available on the forum for each poster can be accessed via the provided web addresses. While Chapterhouse acknowledges that at least one representative of Chapterhouse posted in each forum identified above, Chapterhouse neither contends that it has read every post in the string nor does it adopt the views and positions stated by individuals who are not representatives of Chapterhouse.

| | |
|---|---|
| Dated: February 1, 2013 | By: /s/ Julianne M. Hartzell<br>Julianne M. Hartzell<br>Sarah J. Kalemeris<br>Marshall, Gerstein & Borun LLP<br>6300 Willis Tower<br>233 S. Wacker Dr.<br>Chicago, IL 60606<br>T: 312.474.6300<br>F: 312.474.0448<br>E: jhartzell@marshallip.com<br>E: skalemeris@marshallip.com<br><br>Jennifer Golinveaux (CA Bar No. 203056)<br>Thomas J. Kearney (CA Bar No. 267087)<br>WINSTON & STRAWN LLP<br>101 California Street<br>San Francisco, CA 94111-5802<br>Phone: (415) 591-1000<br>Fax: (415) 591-1400<br>jgolinveaux@winston.com<br>dmorehous@winston.com<br>koh@winston.com<br>tkearney@winston.com<br><br>Bryce A. Cooper (IL Bar No. 6296129)<br>WINSTON & STRAWN LLP<br>35 West Wacker Drive<br>Chicago, IL 60601-1695<br>Phone: (312) 558-5600<br>Fax: (312) 558-5700<br>bcooper@winston.com<br><br>*Attorneys for Defendant Chapterhouse Studios LLC* |

## VERIFICATION

I, Nicholas Villacci, declare:

I am authorized to make this verification for and on behalf of Defendant Chapterhouse Studio LLC, and I make this verification for that reason. I have read the foregoing DEFENDANT CHAPTERHOUSE STUDIOS LLC'S SUPPLEMENTAL RESPONSE TO GAMES WORKSHOP LTD. 'S EIGHTH SET OF INTERROGATORIES TO CHAPTERHOUSE STUDIOS LLC (NOS. 24-25) and know the contents thereof. On information and belief, the matters herein are true.

I declare under penalty of perjury that the foregoing is true and correct.

February 1, 2013

**NICHOLAS VILLACCI**

**CERTIFICATE OF SERVICE**

      I, Julianne Hartzell, hereby certify that I caused a copy of the foregoing DEFENDANT CHAPTERHOUSE STUDIOS LLC'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S EIGHTH SET OF INTERROGATORIES (NOS. 24 & 25) to be served on the interested parties by causing copies of this document to be served on February 1, 2013 via electronic mail on:

      Jason J. Keener
      Foley & Lardner LLP
      321 North Clark Street
      Suite 2800
      Chicago, Illinois 60654

      Jonathan E. Moskin
      Foley & Lardner LLP
      90 Park Avenue
      New York, New York 10016

      */s/ Julianne M. Hartzell*
      Julianne M. Hartzell