# Exhibit 16

**Subject:** Re: Games Workshop v. Chapterhouse Studios - Scheduling of Depositions
**Date:** Thursday, February 7, 2013 2:31:33 PM Central Standard Time
**From:** Keener, Jason J.
**To:** Cooper, Bryce A., Sarah Kalemeris
**CC:** Golinveaux, Jennifer A., Julianne M. Hartzell, Moskin, Jonathan

Bryce,

I appreciate the cooperation. We are somewhat surprised that there are only 15-20 items being produced, especially including various miniatures. To be clear, we are looking for anything referred to in our most recent claim chart (served 1/11/13) which identifies the following:

1. Imperial Guard miniatures (such as Cadian Heavy Weapons Squad, Cadian Shock Troops, Storm Trooper Squad)
2. Codex Imperial Guard
3. Space Marines in power armor miniatures (such as Tactical Squad, Devestator Squad, Sternguard Veteran Squad, Grey Knights, Armour through the Ages models)
4. Codex Space Marines
5. Forge World Phobos Boltgun miniature
6. Land Raider miniature (such as MkIIb Land Raider)
7. Epic 40,000 Rule Book
8. Stormraven Gunship miniature
9. Space Marine Razorback miniature
10. Forgeworld Lascannon Razorback conversion kit
11. Codex Grey Knights
12. Leman Russ Demolisher miniature
13. Space Marine Terminators miniature (such as Space Wolves Wolf Guard Terminators and Space Marine Terminator Close Combat Squad, Space Marine Terminators)
14. Forgeworld Space Marine Terminator Weapon set miniatures
15. Codex Blood Angels
16. Warhammer 40,000 Compilation
17. Codex Ultramarines
18. Horus Heresy books (including Horus Heresy: Collected Visions)
19. Space Marine bike miniatures
20. Space Marine attack bike miniatures
21. Tau XV8 Crisis Battlesuit miniatures
22. Tau Crisis Battlesuit Commander Upgrade Pack miniatures
23. Tau XV9-01 With Fusion Cascades miniatures
24. Tau Battlesuit Commander Shas'o R'alai with drones miniatures
25. Codex Tau Empire
26. Imperial Armour Volume 9 The Badab War Part 1
27. Lizardmen Kroxigor miniatures
28. Warhammer Armies: Lizardmen
29. Lizardmen Saurus Warrior Regiment miniatures
30. Insignium Astartes
31. The Art of Clint Langley
32. How to Paint Space Marines
33. Tactical Shoulder Pads miniatures
34. Index Astartes III
35. Tryanid Warrior Wings Conversion Kit miniatures
36. Urien Rakarth miniature
37. Codex Dark Eldar
38. Haemonculi miniatures
39. Cyclone missile launcher miniature

Thanks,

Jason J. Keener
Foley & Lardner LLP
321 North Clark Street, Suite 2800, Chicago, IL 60610-4764
(312) 832-5109 (direct) / (312) 832-4700 (fax)

**Subject:** GW v. CHS: GW's Discovery Requests
**Date:** Monday, February 4, 2013 5:03:04 PM Central Standard Time
**From:** Keener, Jason J.
**To:** Julianne M. Hartzell
**CC:** Sarah Kalemeris, JGolinveaux@winston.com, BCooper@winston.com, TKearney@winston.com, Moskin, Jonathan

Counsel,

Below are some discovery deficiencies that still appear to remain in CHS's discovery responses. Please let us know where CHS stands on each of these issues:

1. As we mentioned in prior emails (including today), while CHS claims that it was not directly involved in the design of at least some of the products created by Mr. Smith, it is striking that CHS did not produce documents regarding CHS' introduction, negotiation, and purchasing of the various products designed by Mr. Smith. Please produce all documents now (emails, instant messaging, etc . as well as any agreements) concerning Mr. Smith or confirm that there are none.
2. ==Please let us know when CHS will make available for inspection all GW material in the possession of CHS (presumably Villacci, Fiertek, and CHS' independent designers). As stated on the phone this morning, we need to complete this inspection this week in preparation of depositions starting next week.==
3. We have received no emails from Tomas Fiertek for the second part of the case. For the first part of the case, he produced over 8,000 pages of documents. Please confirm when we will receive all responsive documents from Fiertek.
4. In addition to the failure to produce more than a handful of emails with Mr. Smith, we have not received any emails from Jae Lee, Cirillo, or MacKirdy, and only a very limited number from Bullough. Please produce those now or explain why we have received no responsive emails or other documents. This is in contrast to Mr. Lippman who, (while only responsible for 2 works at issue) produced hundreds of emails as well a number of responsive forum posts from a large variety of forums and is in contrast to those designers we were able to subpoena in the first phase of the case.
5. Please confirm whether CHS is contending that none of the following individuals are within CHS's control – Holbrook, Fisher, Stinson, Reed, Justesen, Thomas, Lawler, or Smith - and provide an explanation why their status differs from those (such as Lippman, Lee, etc.) whom CHS contends are within its control.
6. It has come to our attention that CHS maintains a Facebook page for purposes of advertising and promoting its products. This concerns us as it is not listed in CHS' current response to Interrogatory No. 10, nor have any of the documents from the website been produced in the first or second part of the case, even though it appears that CHS started making various postings as of September 15, 2009. Please explain CHS's failure to produce any of this highly relevant information. Also, please confirm immediately that CHS will produce the entirety of the Facebook page including all of CHS' announcements, all comments to those announcements, and all entries under the "Recent Posts by Others on Chapterhouse Studios" section.
7. In its answer to Interrogatory 10, CHS identified numerous forums where it advertises and promotes its products other than the four forums for which it has now provided links in its supplemental response to Interrogatory 25. Please explain why no information has been provided regarding promotional activities on these other forums.
8. From CHS' recent document production, it has come to our attention that CHS and its agents were aware that a number of its forum posts were removed from forums by the moderators. While CHS has now identified some currently existing forum posts in its supplemental response to interrogatory 9(sic 25), please confirm whether CHS or its agents took any steps to preserve copies of any forum posts that were removed from the forum. If not, please confirm the same.
9. From CHS' recent document production, its has come to our attention that CHS and its agents posted relevant advertising on Forums that are not identified by CHS on either its response to Interrogatory No. 10 or Interrogatory No. 9 (sic 25). For example, Mr. Lippman has produced documents showing CHS/CHS agent advertising on at least the following forums: minisculpture.co.uk; The_UnderEmpire; Facebook; Lustria-Online.com; warhammer.org.uk; Troll Forged Miniatures. Please update your interrogatory responses accordingly and confirm that CHS's answers correctly identify all of the forum posts for which CHS or its agents are aware of.
10. Please also confirm that CHS is refusing to update its response to Interrogatory 7 (sic 23) to identify instances where consumers or potential consumers made reference to GW or its products on the forums.
11. From CHS' recent document production, it has come to our attention that Mr. Villacci received email notices from various internet sites (such as Facebook and Heresy-Online, among others) when someone posted a reply to a post made by Chapterhouse. However, we have only received one such notice with respect to Heresy-Online and two such notices with respect to Facebook. Please confirm that CHS no longer has any of the notices that were sent from Facebook, Heresy-Online, or any other internet website. If so, please explain why these notices were not retained by Chapterhouse.
12. From CHS' recent document production, it has come to our attention that Mr. Villacci's hard drive containing CHS documents crashed on or around March 28, 2011, when he may have lost over eight months of emails. This time period covers the design period of a number of products in both the first and second phase of the case. As CHS never made GW aware of this issue, please confirm what steps CHS has made to restore the information from the hard drive; whether the hard drive was preserved, and whether it has been searched for responsive materials .
13. Now that CHS has identified the relevant CHS agents involved in the painting of the Newly Accused Works, please explain why no documents have been collected from these individuals.

14. CHS has produced emails for Stinson and Smith. Per our call this morning, it is our understanding that despite the fact that these documents bear Stinson and Smith bates numbers, they were not collected by them but instead produced by CHS. Moreover, please explain why CHS has not produced similar emails seeking documents for any of the other designers/painters. If CHS is refusing to produce similar correspondence with respect to other designers/painters, please indicate what portion of the email contains alleged attorney-advice to support CHS' claim of privilege.
15. CHS had previously indicated that it would be amendable to withdrawing its privilege objection for its communications with third party designers if GW likewise produced its communications with former employees. Despite the fact that GW has now produced these documents, please confirm whether CHS is still maintaining its assertion of privilege over its correspondence with its third party designers.
16. During the parties meet and confer, CHS had agreed to reconsider its position on the production of documents related to CHS products that it has created but not yet begun selling. As we have not seen any further production on this issue, please confirm that CHS is refusing to produce these documents.
17. Related to point 16, CHS has produced no documents from or concerning the designer Craig Clark. Mr. Villacci stated at his deposition that he was at the time working with Mr. Clark on new products.

Regards,

Jason J. Keener
Foley & Lardner LLP
321 North Clark Street, Suite 2800, Chicago, IL 60610-4764
(312) 832-5109 (direct) / (312) 832-4700 (fax)

| | |
|---|---|
| **Subject:** | GW / CHS Meet and Confer - GW's Discovery Requests |
| **Date:** | Monday, January 28, 2013 5:21:52 PM Central Standard Time |
| **From:** | Keener, Jason J. |
| **To:** | Cooper, Bryce A. |
| **CC:** | Golinveaux, Jennifer A., Sarah Kalemeris, Julianne M. Hartzell, Moskin, Jonathan |

Counsel,

The below summarizes the parties' meet and confer efforts on Friday, January 25 and Monday, January 28 directed to Games Workshop's Discovery Requests. A separate email will confirm the parties efforts regarding Chapterhouse's discovery requests.

We begin by noting generally that none of the documents include custodial information in the metadata as you had mentioned. Although you mentioned you had colllected documents from at least some of the thrid party designers and Mr Fiertek, we are unable to determine from whose files any of the documents were produced. At least one email chain (CHS 00023777-78) also raises questions whether the documents from individual designers have in fact been produced (even assuming they were collected) This email chain thus shows that on July 7, 2011 Fiertek received a responsive email from tjdonna@aol.com, but we only know that because this email was later attached to a message that copied Mr. Villacci. The separate email chain between Fiertek and __ has not been produced. In fact, our review shows that every email that was produced has Mr. Villacci (or one of his CHS email addresses) in the to, from, or cc field, indicating that no emails were produced from any custodian that was not sent from or to Mr. Villacci.

**GW Discovery Requests:**

- *Keener January 23, 2013 Letter*
    - Response to Interrogatory 1/sic 18 –
        - Chapterhouse agreed to contact its designers and supplement, on a product by product basis, all sources consulted, used, reviewed or relied upon by Chapterhouse itself or the individual designer in creating any of the Newly Accused Works.
        - Chapterhouse agreed to provide this supplementation by no later than Friday, February 2.
    - Response to Interrogatory No. 2/sic 19 –
        - Chapterhouse agreed to confirm the contact information it provided for Mr. Stinson and either confirm its accuracy or supplement its response.
        - Chapterhouse further agreed that its list of "designers" included all individuals who had any role in developing, creating, or designing any of the Newly Accused Products or consulting or otherwise participating in the design process.
        - Chapterhouse further agreed to identify those individuals responsible for painting the Newly Accused Products as they appear/have appeared on Chapterhouse's website.
        - Chapterhouse further agreed to provide the start and end dates for creation for each of the Newly Accused Works.
    - Response to Interrogatory No. 6/sic 22 –
        - Chapterhouse agreed to talk to its client and confirm by Tuesday, January 29 whether or not Chapterhouse will agree to supplement its response to identify all sources Chapterhouse/its designers relied upon in selecting its product names, designations, and identifying information for each of the Newly Accused Products.
    - Response to Interrogatory Nos. 7 and 9/sic 23 and 25 –
        - Chapterhouse agreed to supplement its response to provide responsive information to actual or potential consumers, not just actual consumers.
        - Chapterhouse has refused to provide responsive information regarding instances where a actual/potential consumer of a Newly Accused Product mentions or refers to a Games Workshop product, unless that actual/potential consumer expressed confusion. Chapterhouse bases this refusal on relevance, scope, and breadth grounds. Games Workshop believes such information is discoverable as it may lead to information relevant to Chapterhouse's intent and to who Chapterhouse's actual/potential consumers view Chapterhouse's products in relation to Games Workshop's products. Such information, even if not expressing confusion, may be highly relevant to whether the Chapterhouse products and Games Workshop products perceived to be substantially similar. You also confirmed that Chapterhouse has not retained copies of its own forum posts or responses to its forum posts that might be responsive to this request.
        - Chapterhouse agreed to talk to its client and confirm by Tuesday, January 29 whether or not Chapterhouse will agree to supplement its response and identify all forum posts (or responses) which Chapterhouse or its agents are aware of that refer to both a Newly Accused Product on the one hand and Games Workshop or any Games Workshop product on the other hand.
        - Chapterhouse agreed to supplement its response by Friday, February 2, to confirm that there are no responsive oral communications or to provide the responsive information regarding such communications.
        - Chapterhouse agreed to supplement its response by Friday, February 2, to make it clear that the responsive communications are not just those that refer on their face to Games Workshop but any communications

regarding a Newly Accused Product that refer to Games Workshop or any Games Workshop product.
- **Keener January 17, 2013 Letter**
    - Blurry Photos -
        - Chapterhouse explained that the blurry photographs contained in its production were received by Chapterhouse in that format.
        - Chapterhouse agreed to confirm with the designers whether clearer photographs existed, and to produce them.
    - Redacted Emails -
        - Chapterhouse explained that the various redactions contained in its production were due to 1) attorney/client privilege or 2) relevance (based on containing information solely directed to either allegedly non-accused products or personal information not related to the case).
        - Chapterhouse agreed to provide a privilege log identifying the information to support privilege for the relevant redacted documents as well as for a number of documents that were not produced. Chapterhouse agreed to provide by Wednesday, January 30 a date certain for the production of the privilege log.
        - Chapterhouse stated that it is claiming attorney-client privilege for any of its designers who have responded to Chapterhouse's request for documents by either producing documents or by stating that they do not have any responsive documents. Chapterhouse stated it is not claiming privilege for any designers who have either refused to produce documents to Chapterhouse or have failed to respond to Chapterhouse. We asked you to identify the factual basis on which Chapterhouse purports to claim privilege in any of these communications with designers it has separately contended are third parties. You pointed simly to Chapterhouse's contractual relationship with the designers pursuant to its non-disclosure agreements. Games Workshop's position is that all of the designers are under the same contractual agreements with Chapterhouse and the determination where an attorney-client relationship can not be assessed after the fact in response to document requests . Thus, Chapterhouse cannot take the position that some of those individuals are covered by the attorney client privilege and others are not.
        - Chapterhouse agreed to provide by Friday, February 2, copies of all correspondence with designers it is is not claiming privilege with , including any documents concerning the duty to maintain or produce records .
        - Chapterhouse agreed to reconsider its position on its partial redactions of documents due to relevance and confirm its position to Games Workshop.
        - Although Chapterhouse agreed to provide a privilege log that will disclose at least some of the designers whom it claims are within the attorney client privilege, it refused to provide a list of all of the designers that Chapterhouse contends are protected by the privilege (for instance, designers who said they have no documents).
    - Missing Images -
        - Chapterhouse stated that CHS00021991 was produced in error and contains no relevant information.
    - Documents from Custodians other than Villacci
        - Chapterhouse confirmed that it has collected and produced documents from custodians other than Mr. Villacci, including Mr. Fiertek and some of the other designers.
        - Chapterhouse stated that the individuals its collected documents from are identified by the "custodian" metadata field. As noted at the outset, no such custodial metadata is in the documents we receive. While you are correcting this error, can you please let us know tomorrow by bates ranges the documents from each of the separate custodians. Thanks
        - Chapterhouse also stated that it just received additional documents from two more designers that it will be producing by Friday, February 2.
        - Chapterhouse agreed to consider withdrawing its privilege objection for its communications with third party designers if Games Workshop likewise produced Games Workshop's communications with its third party designers. Chapterhouse stated that it will confirm its position on this issue by Wednesday, January 30.
    - Forum Posts
        - Chapterhouse stated that it did not believe it had any duty to preserve any of the advertising related forum posts created by Chapterhouse or its agents (or any responses to the forum posts by potential consumers) and thus, it does not have any of these posts or responses in its possession, custody, or control to produce.
        - Chapterhouse stated that regardless of the Court's December 23, 2011 Order directing Chapterhouse to produce all such promotional materials pursuant to Games Workshop's May, 2011 document requests, it has chosen not to keep such information in its regular course of business.
        - Chapterhouse confirmed that every forum post was drafted contemporaneously on the website and no draft versions of such posts exist.
    - Reference Materials
        - Chapterhouse agreed to confirm that its designers do not have any reference materials (Games Workshop's or otherwise) related to the Newly Accused Products
        - ==Chapterhouse stated that Mr. Villacci and Mr. Fiertek have not acquired (purchased or otherwise) any Games Workshop books, literature, miniatures, or electronic materials since Games Workshop's inspection of Chapterhouse's materials.==
    - Chapterhouse Website
        - Chapterhouse agreed to produce by Friday, February 2 all Chapterhouse website pages related to the Newly Accused Products.

**Page 2 of 3**

- - Possession of Games Workshop Materials
    - ==Chapterhouse agreed to make available for inspection the Games Workshop original materials (books and miniatures) in Chapterhouse's possession custody or control (for instance, Chapterhouse's or Mr. Villacci's copy or copies of The Horus Heresy). This will confirm that we want to inspect all such copies of the Games Workshop works identified in Games Workshop's claim chart==
- **Moskin January 27, 2013 email**
  - Response to Interrogatory No. 9/sic 25
    - Chapterhouse agreed to supplement its response by Friday, February 2 to provided further detail about the basis for its affirmative defenses, including its claim of fraud.
  - Response to Document Request 14
    - Chapterhouse agreed to reconsider its position on the production of documents related to Chapterhouse products that it has created but not yet begun selling.
- **Depositions**
  - Games Workshop has noticed the depositions of Mr. Villacci and Mr. Fiertek.
  - Games Workshop has further subpoenaed for deposition Mr. Lippman and Mr. Bullough. Chapterhouse stated that it was representing Mr. Lippman but did not know whether it was representing Mr. Bullough.

Regards,

*Jason J. Keener*
*Foley & Lardner LLP*
*321 North Clark Street, Suite 2800, Chicago, IL 60610-4764*
*(312) 832-5109 (direct) / (312) 832-4700 (fax)*

- - Possession of Games Workshop Materials
    - ==Chapterhouse agreed to make available for inspection the Games Workshop original materials (books and miniatures) in Chapterhouse's possession custody or control (for instance, Chapterhouse's or Mr. Villacci's copy or copies of The Horus Heresy). This will confirm that we want to inspect all such copies of the Games Workshop works identified in Games Workshop's claim chart==
- **Moskin January 27, 2013 email**
  - Response to Interrogatory No. 9/sic 25
    - Chapterhouse agreed to supplement its response by Friday, February 2 to provided further detail about the basis for its affirmative defenses, including its claim of fraud.
  - Response to Document Request 14
    - Chapterhouse agreed to reconsider its position on the production of documents related to Chapterhouse products that it has created but not yet begun selling.
- **Depositions**
  - Games Workshop has noticed the depositions of Mr. Villacci and Mr. Fiertek.
  - Games Workshop has further subpoenaed for deposition Mr. Lippman and Mr. Bullough. Chapterhouse stated that it was representing Mr. Lippman but did not know whether it was representing Mr. Bullough.

Regards,

*Jason J. Keener*
*Foley & Lardner LLP*
*321 North Clark Street, Suite 2800, Chicago, IL 60610-4764*
*(312) 832-5109 (direct) / (312) 832-4700 (fax)*