IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAMES WORKSHOP LIMITED, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHAPTERHOUSE STUDIOS LLC, )<br>)<br>Defendant. )<br>) | Civil Action No. 1:10-cv-08103<br><br>Honorable Matthew F. Kennelly<br>Honorable Jeffrey T. Gilbert |

**DEFENDANT CHAPTERHOUSE STUDIOS LLC'S OPPOSITION TO GAMES WORKSHOP'S MOTION TO ENFORCE PRIOR DISCOVERY ORDERS**

In its motion to enforce the Court's prior discovery orders, Games Workshop makes wide-ranging allegations regarding Chapterhouse's document production to date. Because Chapterhouse's document collection and production are in compliance with the Court's orders, Games Workshop's motion should be denied.

**A.     Attorney-client Privilege Dispute**

Games Workshop argues abstractly that Chapterhouse has improperly claimed an attorney-client privilege or the application of the work product doctrine in connection with any communications with third party designers. There are two categories of claims of privilege made by Chapterhouse. Chapterhouse identifies below the basis for which each category of privilege has been claimed.

First, Games Workshop recently issued subpoenas to designers Richard Stinson, Sean MacKirdy, Sean Bullough, and Robert Lippman. As a result of oral communications with certain of these individuals, Counsel for Chapterhouse agreed to represent MacKirdy, Bullough, and Lippman. Chapterhouse provided privilege logs for each individual reflecting documents withheld from production on the basis that they reflect counsel's work product in gathering

1

documents for legal review from each individual and to the extent that they reflect attorney-client communications regarding requests for legal advice in connection with responding to the issued subpoenas. Ex. A – Third Party Privilege Logs. Such communications are properly withheld pursuant to both the attorney-client privilege and the work product doctrine. *Muro v. Target Corp.*, 250 FRD 350, 360 (N.D. Ill. 2007) Additionally, Plaintiff has not identified any particular document that it contends should not have been withheld and further identifies no claim or defense of any party for which the discovery of such documents is reasonably calculated to lead to the discovery or admissible evidence.

Second, Chapterhouse redacted two sentences from an email exchange between third party Stephen Smith and Chapterhouse. Chapterhouse asserts that the redacted communications are privileged based upon application of the common interest doctrine, not on the basis that Mr. Smith was directly engaged in an attorney-client relationship with an attorney for Chapterhouse or that he was under Chapterhouse's control. The common interest doctrine extends the attorney-client privilege to otherwise non-confidential communications in limited circumstances. *U.S. v. BDO Seidman, LLP,* 492 F.3d 806, 815-816 (7th Cir. 2007). The common interest doctrine applies where the parties undertake a joint effort with respect to a common legal interest and applied to those communications made to further an ongoing enterprise. *Id.* Applying the common interest doctrine to the full range of communications otherwise protected by the attorney-client privilege encourages parties with a shared legal interest to seek legal assistance in order to meet legal requirements. *Id.* at 816. This serves the public interest by advancing compliance with the law, "facilitating the administration of justice" and averting litigation. *Id.* The Seventh Circuit recognizes that joint ventures benefit from planning their activities based upon sound legal advice predicated upon open communication. *Id.* The doctrine applies broadly

to civil litigation and includes situations where clients share a common legal interest, but are represented by separate attorneys. *Pampered Chef v. Alexanian*, 737 F.supp.2d 958, 965 (N.D. Ill. 2010).

The two sentences that have been withheld in correspondence between Mr. Villacci and Mr. Smith should be found to fall within the common legal interest exception for the very same reasons that the doctrine was created. The email communications occurred on March 15, 2011 and were logged on Chapterhouse's privilege log. Ex. B – Chapterhouse Privilege Log. According to both Smith and Villacci, at that time, Chapterhouse and Smith were negotiating a business arrangement for Chapterhouse to offer products designed by Smith for sale. Smith Dec. at ¶ 2; Ex. C - Villacci Dec. at ¶8. Both parties shared a common legal interest with respect to efforts to comply with intellectual property laws in connection with Games Workshop's alleged intellectual property rights with respect to the products created by Smith and under consideration to be offered for sale by Chapterhouse. Ex. C - Villacci Dec. at ¶8. In the course of the email string, the parties discussed financial terms of the transaction and which products should be offered. In fact, Chapterhouse has been accused of infringement based upon sales of many of the products purchased from Mr. Smith and Mr. Smith separately received cease and desist correspondence from Games Workshop regarding the very same products discussed in the email correspondence. Ex. D – sealed correspondence between Games Workshop and Stephen Smith. In the course of the communication, Mr. Villacci and Mr. Smith made two comments that disclose the substance of an attorney-client communication between Mr. Villacci and his litigation counsel. Mr. Villacci understood the negotiations to be confidential.

Chapterhouse is confident that the Court will agree that the underlying, redacted communication reflects the substance of advice rendered by Mr. Villacci's counsel in response to

a request for legal advice. It is undisputed that Chapterhouse and Mr. Villacci were jointly involved in a business relationship related to the sale by Chapterhouse of products designed by Mr. Smith. Smith Dec. at ¶ 2; Ex. C - Villacci Dec. at ¶8. Both shared a common interest in complying with intellectual property laws. The Court should encourage these two parties to seek and share legal assistance, in this instance obtained by Chapterhouse regarding their shared legal interest in an effort to comply with legal requirements.

For these reasons, each of the claims of privilege asserted by Chapterhouse in connection to communications with third party designers properly fall within the exclusions from production recognized by the Seventh Circuit.

**B.     Collection From Third Party Designers**

Plaintiff filed its Third Amended Complaint on December 10, 2012 adding a list of newly accused products. Dkt. at 261. As part of its document collection in this matter, upon learning of the newly accused products, Chapterhouse first identified each of the third party designers that were involved in the creation of the newly accused products and attempted to contact each of the third party designers seeking the production of any responsive materials in their possession. Chapterhouse sent emails (the primary form of communication with each of the designers) to Jae Lee, Michael Lawler, Stephen Smith, Ashton Holbrook, Sean Bullough, Roberto Cirillo, Sean MacKirdy, Robert Lippman, and Richard Stinson. Ex. C - Villacci Dec. at ¶2-6. Chapterhouse was unable to contact one designer, Edward Fisher, for whom Chapterhouse does not have valid, current contact information[1]. *Id.* at ¶5. In addition, Chapterhouse produced responsive email

---

[1] Similarly, while Games Workshop has refused to even identify the individuals from whom it obtained responsive documents, it has also listed certain former employees or third party designers for whom it has no contact information available. Chapterhouse assumes based on the alleged unavailability of contact information that Games Workshop has not obtained or produced any responsive documents from these individuals. Further, even for those individuals currently employed by Games Workshop, at least one such employee has testified that he provided not a single responsive document to counsel in connection with this lawsuit. Games Workshop has also acknowledged that it allowed its employees to conduct their own email search, resulting in a paucity of produced emails.

communications in Mr. Villacci's possession with each of the third party designers. *Id.* at ¶ 6. In response to its collection efforts, Chapterhouse either produced responsive documents provided by the designers or were advised by the designers that they had no responsive documents for the designers including Jae Lee, Robert Lippman, Sean Bullough, Sean MacKirdy, and Roberto Cirillo. *Id.* at ¶ 4. Chapterhouse did not receive a response from Mr. Smith or Mr. Stinson. Chapterhouse's counsel also contacted Mr. Smith in March, 2012, at which time he stated that he did not have any responsive documents. Hartzell Dec. at ¶ 7. Accordingly, although these individuals are not employees of Chapterhouse, Chapterhouse contacted the third party designers within days of learning of the new infringement allegations and made a good faith effort to comply with its responsibility to gather responsive materials from the third party designers.

**C.      Stephen Smith**

Games Workshop noticed a deposition of Mr. Smith, a resident of the United Kingdom and an individual who is not and has never been an employee of Chapterhouse, using a Rule 30 notice, rather than pursuant to a Rule 45 subpoena. A subpoena is necessary to compel someone who is neither a party nor a party representative for deposition. For a non-willing, non-party witness such as Mr. Smith located in the United Kingdom, the Hague convention must generally be followed to compel testimony. Based on its current lack of relationship with Mr. Smith who last responded to communication with Chapterhouse in approximately June, 2012 and its practical inability to compel Mr. Smith to attend, Chapterhouse advised Games Workshop that it was unauthorized to agree to provide Mr. Smith as a witness. Ex. C – Villacci Dec. at ¶ 9.

**D.      Online Postings**

In its December 23, 2011 ruling on the parties' cross motions to compel, the Court ordered Chapterhouse to produce documents responsive to Chapterhouse's request for advertising of the accused works. In response to the similar document request served by Games

5

Workshop with respect to the newly accused products, Chapterhouse produced copies of all documents saved on its computers or as hard copies that constituted advertising of the newly accused products. Chapterhouse's website is the main location where Chapterhouse provides marketing and advertising material for its products. Ex. C – Villacci Dec. at ¶10. Accordingly, Chapterhouse provided both draft and final versions of each of the product advertisements prepared for its websites, a copy of the Chapterhouse website, and email communications with the co-owner of Chapterhouse regarding the draft and final product advertisements. *Id.* Chapterhouse further identified in response to Games Workshop's interrogatories the websites where it posts copies of these same product advertisements on internet forums and every individual forum string where Chapterhouse recalls having posted those product advertisements. *Id.* at ¶ 13.

When posting to an online forum, Mr. Villacci does not create a draft in advance. Rather, he types the communication into an internet web page and submits it for publication. *Id.* at ¶ 13. To the best of his knowledge, no copy of the posting is saved anywhere on his computer. *Id.* All such postings are publicly available via the internet and each forum is word searchable to the best of Chapterhouse's knowledge. *Id.*

Nothing in the Court's order regarding Document Request No. 16 relating to the production of advertising materials requires the creation a log of all internet posts or to print out hard copies of those postings when made. Similarly, if for example, the Court's order had required production of communications with customers, Chapterhouse would not understand that order to require that all telephone calls from customers must be recorded. Because Chapterhouse has produced all electronic and hard copy marketing and advertising materials related to the

newly accused product in its possession, Chapterhouse believes that it is in compliance with the Court's order. [2]

### E.  Inspection of Games Workshop Materials in Possession of Villacci

During the first stage of discovery, Games Workshop was provided an opportunity to and did in fact review all Games Workshop products in Mr. Villacci's possession. Because Mr. Villacci is an avid player of miniature war games, his collection is extensive and is maintained in his home for his personal use when gaming. Ex. C – Villacci Dec. at ¶ 7. During the second stage of discovery, Games Workshop requested an opportunity to examine all of the newly identified infringed works in Mr. Villacci's possession. Chapterhouse complied. Chapterhouse also provided a list of relevant materials in the possession of Mr. Fiertek, as transportation of those materials from Sweden would be burdensome. In the intervening time between the initial inspection and the second stage inspection, Mr. Villacci went through a divorce and moved into a new house. *Id.* at ¶ 7. After the move, he was unable to locate four books, published by Games Workshop and easily replaced, that had been previously made available. *Id.* Chapterhouse does not dispute that Mr. Villacci had access to those four books. Accordingly, to the extent that the Court believes a sanction is necessary for Mr. Villacci's misplacement of the books, Chapterhouse believes the only appropriate sanction would be a stipulation that Chapterhouse had access to those works.

---

[2] With respect to Chapterhouse's Facebook page, when the issue was first raised by Games Workshop counsel on February 4, Chapterhouse immediately agreed to supplement its interrogatory response to include identification of the Facebook page. Mr. Villacci acknowledged that, because he so rarely uses the Facebook page, he forgot to identify it in his interrogatory response. Ex. C – Villacci Dec. at 11. All postings on the Facebook page are publicly available and in fact Chpaterhouse's facebook page has already been selectively produced by Games Workshop. Ex. E – GW0011688. Chapterhouse further agrees to produce any private communications with customers or potential customers made via the Facebook page. Ex. C – Villaci Dec. at 11. With respect to the eBay listings, Interrogatory No. 25 for which Chapterhouse agreed to and did provide specific online posting threads is limited to the newly accused works. None of the currently active Chapterhouse eBay listings relates to a newly accused work. In its Supplemental Response to Interrogatory No. 10 seeking the identification of websites where Chapterhouse advertised the products accused of infringement in the first stage of discovery, Chapterhouse properly identified eBay.

**F.      Tomas Fiertek**

Based upon communications with counsel for Games Workshop on February 13, 2013, Chapterhouse believes that all disputes currently before the Court, with the exception of the preservation of online postings previously addressed, regarding documents obtained from Tomas Fiertek have been resolved pending Chapterhouse's agreed production of Mr. Fiertek's emails.

**G.      Conclusion**

Because Chapterhouse has complied in good faith with the Court's prior discovery orders, Chapterhouse requests that Games Workshop's Motion to Enforce Prior Discovery Orders be denied as moot.

Dated: February 13, 2013                         By: */s/ Julianne M. Hartzell*
                                                                 Julianne M. Hartzell
                                                                 Sarah J. Kalemeris
                                                                 Marshall, Gerstein & Borun LLP
                                                                 6300 Willis Tower
                                                                 233 S. Wacker Dr.
                                                                 Chicago, IL 60606
                                                                 T: 312.474.6300
                                                                 F: 312.474.0448
                                                                 E: jhartzell@marshallip.com
                                                                 E: skalemeris@marshallip.com

                                                                 Jennifer Golinveaux (CA Bar No. 203056)
                                                                 Dean A. Morehous (CA Bar No. 111841)
                                                                 K. Joon Oh (CA Bar No. 246142)
                                                                 Thomas J. Kearney (CA Bar No. 267087)
                                                                 WINSTON & STRAWN LLP
                                                                 101 California Street
                                                                 San Francisco, CA 94111-5802
                                                                 Phone: (415) 591-1000
                                                                 Fax: (415) 591-1400
                                                                 jgolinveaux@winston.com
                                                                 dmorehous@winston.com
                                                                 koh@winston.com
                                                                 tkearney@winston.com

                                                                 Bryce A. Cooper (IL Bar No. 6296129)
                                                                 WINSTON & STRAWN LLP
                                                                 35 West Wacker Drive

Chicago, IL 60601-1695
Phone: (312) 558-5600
Fax: (312) 558-5700
bcooper@winston.com

Attorneys for Defendant Chapterhouse Studios LLC

## **CERTIFICATE OF SERVICE**

I, Julianne M. Hartzell, hereby certify that I caused a copy of the foregoing DEFENDANT CHAPTERHOUSE STUDIOS LLC'S OPPOSITION TO GAMES WORKSHOP'S MOTION TO ENFORCE PRIOR DISCOVERY ORDERS to be served on the following parties via the Court's ECF system on February 13, 2013:

>Jason J. Keener
>Foley & Lardner LLP
>321 North Clark Street
>Suite 2800
>Chicago, IL  60654
>
>Jonathan E. Moskin
>Foley & Lardner LLP
>90 Park Avenue
>New York, NY  10016
>
>*Attorneys for Plaintiff Games Workshop Limited*

>*/s/ Julianne M. Hartzell*
>Julianne M. Hartzell