# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GAMES WORKSHOP LIMITED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:10-cv-08103 |
| v. | ) |
| | ) Honorable Matthew F. Kennelly |
| CHAPTERHOUSE STUDIOS LLC, | ) Honorable Jeffrey T. Gilbert |
| | ) |
| Defendant. | ) |

**DECLARATION OF NICHOLAS VILLACCI**

I, Nicholas Villacci, hereby declare:

1. I am an owner of Chapterhouse Studios LLC.

2. My communications with third party designers relating to work conducted on behalf of Chapterhouse takes place over email. The most reliable contact information that I have for these individuals is generally their email address.

3. In December, soon after the Complaint in this case was amended to include allegations of infringement against a select number of newly accused products, I contacted by email each designers for the newly accused products and asked that they provide to my attorneys all of the documents, including emails, in their possession regarding the products first accused of infringement in late 2012.

4. The majority of the designers that I contacted agreed to provide their materials and documents responsive Games Workshop's discovery requests (subject to Chapterhouse's objections) were produced to Games Workshop or identified that they did not possess any responsive documents. These designers included Jae Lee, Michael Lawler, Ashton Holbrook, Sean Bullough, Roberto Cirillo, Sean MacKirdy, and Robert Lippman.

1

5. Although I contacted each of the remaining designers using the same method that I previously communicated with each and at the same email addresses that I used previously, I did not receive any response at all from Stephen Smith, and Richard Stinson. I did not have any contact information for third party Edward Fisher because I previously contacted him through a website for the company where he worked at the time. It is my understanding that he no longer works for that company so I do not have current contact information for him. An example of the communication that I sent to each is attached to Games Workshop's motion as Exhibit 15. For each designer, I identified by name the newly accused product that the individual designer worked on to assist in the identification of responsive documents.

6. I also provided all of my documents and emails reflecting communications with each of the third party designers regarding the design of the newly accused products.

7. Because I am an avid player of miniature war games in my personal life, I have a large collection of war gaming miniatures and related items. These items are usually stored in my home, for my own personal use in gaming. Over the course of the last year, I have undergone a divorce and moved in to a new home. After my move, I was unable to locate four books that I had previously made available to Games Workshop earlier in the case. I do not dispute that I have had access to those books in the past.

8. During the period of time that I worked with Stephen Smith regarding the purchase of products by Chapterhouse, I communicated with Mr. Smith by email. I understood my communications with Mr. Smith regarding our potential business relationship and products that we might pursue jointly to be confidential. I also understood that we both shared a common legal interest with respect to allegations of intellectual property infringement from Games Workshop. As a result of my understanding, I shared with Mr. Smith a single communication

from my attorney regarding a potential product under consideration by Chapterhouse and Mr. Smith.

9.     After the conclusion of our business dealings, Mr. Smith and I are no longer in communication. The last time that Mr. Smith responded to an email communication from me was in approximately June of 2012.

10.     The Chapterhouse website is the main location where I provide marketing and advertising materials regarding Chapterhouse products. In response to Games Workshop's requests for advertising and marketing materials, I provided both draft and final versions of the product advertisements prepared for the Chapterhouse website, a copy of the Chapterhouse website, and email communications with the co-owner of Chapterhouse regarding the draft and final product advertisements.

11.     While I do have a Facebook page for Chapterhouse, I do not use it frequently and I forgot to include it in the identification of websites where Chapterhouse advertises. To the best of my understanding, all postings on the Facebook page are publicly available. I have never deleted a message sent to me by a customer via Facebook and will produce the handful of private messages sent to me by customers.

12.     While I do have active listings on eBay, none of the current listings are for the newly accused products.

13.      I have also posted forum posts at a number of online locations. When I create a post, I do not draft a copy in advance. Instead, I type the information into the appropriate internet web page and submit it for publication. To the best of my knowledge and understanding, this process does not save my posting anywhere on my computer. Instead, it remains publicly available on the Internet where the posting was made, each of which is word searchable to the

best of my knowledge. In the course of conducting my business, I have never saved those postings or created a list of such postings. In response to Games Workshop's interrogatories, I have identified to the best of my recollection and based upon my review of those websites, all of the websites that I have used to advertise Chapterhouse product information and a post by post listing of the forums that I used to advertise Chapterhouse products.

I declare that the foregoing is true and accurate to the best of my current knowledge.

_____

Nicholas Villacci      2/13/13

4