IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAMES WORKSHOP LIMITED,<br><br>                                          Plaintiff,<br><br>v.<br><br>CHAPTERHOUSE STUDIOS LLC,<br><br>                                          Defendant. | Civil Action No. 1:10-cv-8103<br><br>Hon. Matthew F. Kennelly<br>Hon. Jeffrey T. Gilbert |

**DECLARATION OF JONATHAN MOSKIN IN OPPOSITION TO
DEFENDANT'S SECOND MOTION FOR RECONSIDERATION**

I, Jonathan Moskin, hereby declare:

1. I am a partner with the firm, Foley & Lardner LLP, attorneys for Plaintiff Games Workshop Limited, and am admitted *pro hac vice* in this matter. I have personal knowledge of the matters set forth below.

2. Attached as Exhibits A to my January 4 declaration opposing Chapterhouse's first motion for reconsideration were copies of my correspondence then-to-date with the Copyright Office concerning the subject work Assault Squad Shoulder Pad. Following that declaration, when I still had received no substantive communication from the Copyright Office (only a promise to respond to my June 26, 2012 email) I called the Copyright Office on January 10 (as reflected in an email back from the Copyright Office that day and sent the email attached hereto as Exhibit A on Friday, January 11. The email responses from the Copyright Office are also attached as part of Exhibit A hereto. As of the date of the date of the hearing on Monday, January 14 on the prior motion for reconsideration, I had not received the next piece of correspondence from the Copyright Office; however on my return to New York the next day,

1

January 15, I did receive the letter with the initial non-final rejection of the Assault Squad Shoulder pad design. I do not know if it arrived the Monday while I was in Chicago or that Tuesday, January 15. (The firm is not open to receive mail on Saturdays.) I do not recall if I ever saw the envelope in which it arrived but my secretary did not save it to be able to check the postmark. The January 4 notice from the Copyright Office is attached hereto as Exhibit B.

3. As set forth in my January 16 email to opposing counsel (Ex. C hereto), I confirmed the day after I had returned from Chicago that I had just received the initial refusal but needed time to assess how to respond. After considering the matter, Games Workshop decided (for reasons set forth in the accompanying brief opposing the second motion for reconsideration) that it would be most efficient to allow the Court to resolve the matter – both because it would ensure a decision in a timely way (to the extent any further decision beyond the Court's November 27, 2012 decision were required) and because it would allow a decision based on a thorough analysis of the facts and the law (whereas the Copyright Office had repeatedly told me it would not consider any facts or law outside a very limited purview). Once that decision was made, Games Workshop produced the notice to Chapterhouse and filed its notice with the Court on January 31. However, although there may be no realistic need to seek review by the Copyright Office on or before the April 4 deadline to do so, I am not aware that I or anyone else on behalf of Games Workshop ever elected to foreclose review by the Copyright Office.

4. During the parties' telephonic meet and confer on November 2, 2012 as part of their discussion of potential motions in limine prior to the first trial date, counsel for Chapterhouse inquired into the status of any possible communications with the Copyright Office. Although I had no recollection of any such discovery request, I indicated during the call that I had no objection in principle to updating Games Workshop's prior responses. Moreover, a

2

further reason Games Workshop was eager to produce the correspondence was that in exchange for allowing Chapterhouse to use the correspondence at trial, Chapterhouse had agreed not to require Games Workshop to incur the enormous expense of obtaining certified copies of the registrations. Although, in my experience, this is usually a routine courtesy, in this instance, Chapterhouse refused to agree without some quid pro quo.

5. As previously noted in my January 4 declaration, I dispute any suggestion that I or Games Workshop were reluctant to produce the materials. To the contrary, although I may have expressed some uncertainty whether there had ever been such a discovery request (given the passage of over a year since the request was served and the very large number of discovery requests served overall), given the obvious duty to supplement regardless of content, assuming there had been such a request, there was little downside to Games Workshop in allowing Chapterhouse to try to use the materials at trial in exchange for Chapterhouse's agreement to spare Games Workshop the needless cost and burden of obtaining certified copies of all of its applications and registrations.

6. Following the call, opposing counsel forwarded an excerpt from Chapterhouse's September 9, 2011 discovery requests (Request 37 of 86 total document requests served during fact discovery), confirming that Chapterhouse had made such a request.

7. Soon after the call and receipt of the prior discovery request, I began culling my records to gather such correspondence, none of which had existed at the time of the prior discovery 14 months earlier. As I explained in my November 5 email to Ms. Golinveaux, I was also delayed in doing so as my office was closed for a week after Hurricane Sandy and I was then out of the office for part of the following week. In the process, I noticed that the Copyright Office had never responded to my June 26 email concerning the application for the Assault

Squad Shoulder pad. I thus telephoned the Copyright Office to speak with the employee who had first contacted me on June 7 regarding the matter. I left a message with one of her colleagues inquiring generally about the status of the matter, following which I received the November 7 email included in Exhibit to my January 4 declaration.

8. Although we were preparing to produce all of the correspondence as part of trial preparation (and thus also spare Games Workshop the burden of obtaining certified copies of all the copyright applications and registrations), the Court notified the parties *the very next day*, on November 6, 2012, that it would be vacating the trial date (Dkt. No. 253) and then formally vacated the trial date and pretrial conference date on November 15 (Dkt. No. 256). Soon thereafter, the Court rendered its decision on the summary judgment motions. Moreover, in the interim, in discussions with Chapterhouse concerning the new complaint, filed November 12, Chapterhouse made very plain that it recognized no duty to supplement its own discovery responses, leading Games Workshop to seek to bring the issue to the attention of the Court. Games Workshop, to the contrary, consistently acknowledged its duties under Rule 26(e) and never purported to renege on its agreement to produce all correspondence with the Copyright Office.

9. Regarding the suggestion that Games Workshop deliberately failed to produce documents in discovery, the fact is (as I explained in open court on January 14) this was simply one of 86 document requests from 8 months earlier and although all correspondence with the Copyright Office from that time and earlier had been produced, in the intervening months I did not remember the earlier request  Regarding the suggestion we concealed evidence from the Court, I no more concealed this piece of correspondence than I did the actual registration of the Flesh Tearer Shoulder Pad. Although that design differs from the Assault Squad shoulder pad in

4815-6476-4947.1

surface ornamentation only, the application passed to registration without objection. The registration certificate is attached hereto as Exhibit D.

10. Moreover, given the lack of any response from the Copyright Office following my June 26 email, I assumed the matter was resolved. It has been my experience in filing copyright applications that the examiners are very prompt in responding. The failure of the examiner in this case to respond at all for over four months together with the passage of so much time since Chapterhouse served its discovery did not present this as a live issue warranting attention. As noted, I did not review the status of the applications until Chapterhouse raised the issue in November. Even then I did not immediately notice that the Flesh Tearer shoulder pad design had registered and hence did not include it in either Games Workshop's original summary judgment motion papers or in opposition to Chapterhouse's first motion for reconsideration.

11. Moreover, as this case itself has shown, the Copyright Office has been more than a little careless in its own operations. Not only did it entirely drop the ball for almost five months on Games Workshop application to register the Assault Squad Shoulder Pad, it has also failed to provide any response to 11 other applications for miniatures and other works of visual art filed in March 2012 and August 2102 (as summarized in my email to the Copyright Office attached as Exhibits E and F, the latter of which acknowledges receipt of the inquiry and notes that the registration of the Crimson Fists Shoulder Pad design is awaiting only a technical clarification). Moreover, it has failed to provide any response regarding applications for two video games filed on January 19, 2012 and three literary works filed in March 2012. As the Copyright Office notified Games Workshop on February 4, 2013 it has misplaced the deposit materials filed in support of 5 applications for literary works.

5

12. Attached hereto as Exhibit G are copies of excerpts from the deposition of Clark Grindley.

13. Attached hereto as Exhibit H are copies of excerpts from the deposition of Robert Naismith.

I hereby declare under penalty of perjury this 13th day of March, 2013 that the foregoing is true and correct.

/s/ Jonathan E. Moskin
Jonathan E. Moskin

4815-6476-4947.1

## **CERTIFICATE OF SERVICE**

       I, Jason J. Keener, an attorney, hereby certify that on March 13, 2013, I caused to be filed electronically the foregoing DECLARATION OF JONATHAN MOSKIN with the Clerk of the Court using the CM/ECF system, which will send an electronic copy of the foregoing to counsel of record and constitutes service under Federal Rule of Civil Procedure 5(b)(2)(D) pursuant to Local Rule 5.9 of the Northern District of Illinois.

                                           /s/ Jason J. Keener
                                              Jason J. Keener