**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GAMES WORKSHOP LIMITED,<br><br>                                  Plaintiff,<br><br>        v.<br><br>CHAPTERHOUSE STUDIOS LLC,<br><br><br>                               Defendant. | Civil Action No. 1:10-cv-8103<br><br>Hon. Matthew F. Kennelly<br>Hon. Jeffrey T. Gilbert |

**DECLARATION OF JONATHAN MOSKIN IN OPPOSITION TO
DEFENDANT'S SECOND MOTION FOR RECONSIDERATION**

I, Jonathan Moskin, hereby declare:

1. I am a partner with the firm, Foley & Lardner LLP, attorneys for Plaintiff Games Workshop Limited, and am admitted *pro hac vice* in this matter. I have personal knowledge of the matters set forth below.

2. Attached as Exhibit 1 is a true and correct copy of portions of Exhibit B to the Expert Report of Carl Grindley.

3. Attached as Exhibit 2 is a true and correct copy of portions of the deposition transcript for Carl Grindley.

4. Attached as Exhibit 3 is a true and correct copy of portions of the deposition transcript for Robert Naismith. Without any prior notice to Games Workshop, Chapterhouse contacted Mr. Naismith and convinced him to appear voluntarily for a deposition in this case regarding his work in designing the original shoulder pad.

5. Attached as Exhibits A to my January 4 declaration opposing Chapterhouse's first motion for reconsideration were copies of my correspondence then-to-date with the Copyright

4825-0783-1827.1

Office concerning the subject work Assault Squad Shoulder Pad.  Following that declaration, when I still had received no substantive communication from the Copyright Office (only a promise to respond to my June 26, 2012 email) I called the Copyright Office on January 10 (as reflected in an email back from the Copyright Office that day and sent the email attached hereto as Exhibit 4 on Friday, January 11.  The email responses from the Copyright Office are also attached as part of Exhibit 4 hereto.  As of the date of the date of the hearing on Monday, January 14 on the prior motion for reconsideration, I had not received the next piece of correspondence from the Copyright Office; however on my return to New York the next day, January 15, I did receive the letter with the initial non-final rejection of the Assault Squad Shoulder pad design.  I do not know if it arrived the Monday while I was in Chicago or that Tuesday, January 15.  (The firm is not open to receive mail on Saturdays.)  I do not recall if I ever saw the envelope in which it arrived but my secretary did not save it to be able to check the postmark.  The January 4 notice from the Copyright Office is attached hereto as Exhibit 5.

6.      As set forth in my January 16 email to opposing counsel (Ex. 7 hereto), I confirmed the day after I had returned from Chicago that I had just received the initial refusal but needed time to assess how to respond.  After considering the matter, Games Workshop decided (for reasons set forth in the accompanying brief opposing the second motion for reconsideration) that it would be most efficient to allow the Court to resolve the matter – both because it would ensure a decision in a timely way (to the extent any further decision beyond the Court's November 27, 2012 decision were required) and because it would allow a decision based on a thorough analysis of the facts and the law (whereas the Copyright Office had repeatedly told me it would not consider any facts or law outside a very limited purview).  Once that decision was made, Games Workshop produced the notice to Chapterhouse and filed its notice with the Court

4825-0783-1827.1

on January 31.   However, although there may be no realistic need to seek review by the Copyright Office on or before the April 4 deadline to do so, I am not aware that I or anyone else on behalf of Games Workshop ever elected to foreclose review by the Copyright Office.

7.      Attached as Exhibit 8 is a true and correct copy of the August 14, 2012 Declaration of Alan Merrett that was submitted in support of Games Workshop's Motion for Summary Judgement (Dkt. 213) filed on August 14, 2012.  The exhibits cited therein refer to the exhibits submitted with this prior summary judgment briefing.

8.      Attached as Exhibit 9 is a true and correct copy of portions of the deposition transcript of Alan Merrett.

9.      Attached as Exhibit 10 is a true and correct copy of portions of Games Workshop's copyright claim chart from the first phase of the case.

10.      Attached as Exhibit 11 is a true and correct copy of portions of Games Workshop's copyright claim chart from the second phase of the case covering the new Chapterhouse products.

11.      Attached as Exhibit 12 is a true and correct copy of portions of the deposition transcript of William F. Brewster.

12.      Regarding the suggestion that Games Workshop deliberately failed to produce documents in discovery, the fact is (as I explained in open court on January 14) this was simply one of 86 document requests from 8 months earlier and although all correspondence with the Copyright Office from that time and earlier had been produced, in the intervening months I did not remember the earlier request   Regarding the suggestion we concealed evidence from the Court, I no more concealed this piece of correspondence than I did the actual registration of the Flesh Tearer Shoulder Pad.  Although that design differs from the Assault Squad shoulder pad in

surface ornamentation only, the application passed to registration without objection. A true and correct copy of the registration certificate is attached hereto as Exhibit 13.

13.     Attached as Exhibit 14 is a true and correct of a photograph of the back side of the physical sample Chapterhouse produced at CHS0017417. The physical sample as well as the photograph were shown to Mr. Villacci at his deposition where he confirmed that the picture was of Chapterhouse's Tactical Shoulder Pad for Space Marines with Number VI (Product 62). (*See* Dkt. 243-1, GW's Reply To CHS's Additional Material Fact #18 at 6-7).

14.     Attached as Exhibit 15 is a true and correct copy of portions of the deposition testimony of Nicholas Villacci.

15.     Attached as Exhibit 16 is a true and correct copy of Chapterhouse's webpage selling its shoulder pads produced at CHS00000177-80.


I hereby declare under penalty of perjury this 14th day of March, 2013 that the foregoing is true and correct.

/s/ Jonathan E. Moskin
Jonathan E. Moskin

4825-0783-1827.1

5

## CERTIFICATE OF SERVICE

I, Jason J. Keener, an attorney, hereby certify that on March 14, 2013, I caused to be filed electronically the foregoing DECLARATION OF JONATHAN MOSKIN with the Clerk of the Court using the CM/ECF system, which will send an electronic copy of the foregoing to counsel of record and constitutes service under Federal Rule of Civil Procedure 5(b)(2)(D) pursuant to Local Rule 5.9 of the Northern District of Illinois.

/s/ Jason J. Keener
Jason J. Keener

5

4825-0783-1827.1