# EXHIBIT

# 6



**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW
90 PARK AVENUE
NEW YORK, NY 10016-1314
212.682.7474 TEL
212.687.2329 FAX
foley.com

January 31, 2013

WRITER'S DIRECT LINE
212.338.3572
jmoskin@foley.com EMAIL

CLIENT/MATTER NUMBER
099251-0101

<u>VIA REGULAR MAIL AND EMAIL</u>

Office of the General Counsel
Copyright GC/I.&R.
U.S. Copyright Office
P.O. Box 70400
Washington, D.C. 20024

    Re:    Games Workshop Limited v. Chapterhouse Studios, LLC
            <u>10-cv-08103 (N.D.Ill.) (MFK)</u>

Dear Sir/Madam:

    On behalf of Games Workshop, pursuant to 17 USC § 411(a), I am attaching a copy of the Second Amended Complaint in the above-titled action.

    One of the more than 100 works at issue in this action is the subject of a pending application, Serial No 1-732432166, entitled Assault Squad Shoulder Pad. The Copyright Office has initially declined registration for a stated lack of sufficient copyrightable subject matter for the shape of the design.

    Curiously, the Copyright Office has granted registration to a similar design, VA-1-824-668 (Flesh Tearer Shoulder Pad), having the identical shape. The only difference is the surface design, yet the very brief initial refusal to register the Assault Squad Shoulder Pad makes no mention of the surface design or other details of the design.[1] (While admittedly not elaborate, the shape is not simply a semi-circle, as the examiner stated, nor did the initial refusal to register provide any analysis of the shape, of the surface design or of other sculptural features of the work.) I also asked the examiner to consider numerous facts relating to the design choices involved in creating the subject design, and the fact that the Court in the above-titled action had already entered a ruling on the issue, finding the basic shape of the design to be copyrightable. That decision was based on extensive briefing as well as expert testimony of the adverse party. However, the examiner repeatedly declined to speak with me and advised in a January 10, 2013 email that she deemed outside her purview any facts other than those immediately perceptible to her from the deposit materials or "any legal matters" (by which I believe she meant the decision of the District Court for the Northern District of Illinois).

    We are well aware that that we can challenge the initial finding of the Copyright Office, which is simply an initial action, by multiple layers of additional administrative review. We are also aware that such a process need not begin for three months and may take considerably longer

---

    [1] The Copyright Office has also registered another shoulder pad design, Salamanders Terminator Shoulder Pads, VA-1-824-496. However, we acknowledge this design is slightly different.

BOSTON
BRUSSELS
CHICAGO
DETROIT

JACKSONVILLE
LOS ANGELES
MADISON
MIAMI

MILWAUKEE
NEW YORK
ORLANDO
SACRAMENTO

SAN DIEGO
SAN DIEGO/DEL MAR
SAN FRANCISCO
SHANGHAI

SILICON VALLEY
TALLAHASSEE
TAMPA
TOKYO
WASHINGTON, D.C.

4817-1573-1986.1

GW0016846



**FOLEY & LARDNER LLP**

Office of the General Counsel/I.&R.
U.S. Copyright Office
January 31, 2013
Page 2

to resolve. Hence, by this letter, I wish to advise you that we believe it is more efficient simply to allow the Court to decide the matter, as it has at its disposal a full range of facts, including arguments presented by an adversary represented by capable counsel and supported by its own expert witnesses.

Very truly yours,

Jonathan E. Moskin

JEM:se

cc.:  Hon. Matthew F. Kennelly
Tanya M. Sandros, Esq.
Deputy General Counsel United States Copyright Office (via email)
Attorney General, Director of Intellectual Property Staff
Jennifer Golinveaux, Esq., Winston & Strawn LLP
Julianne M. Hartzell, Esq., Marshall, Gerstein & Borun LLP