# EXHIBIT

# F

# REDACTED VERSION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| GAMES WORKSHOP LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:10-cv-08103 |
| v. | ) | |
| | ) | |
| CHAPTERHOUSE STUDIOS LLC and JON | ) | |
| PAULSON d/b/a PAULSON GAMES, | ) | |
| | ) | Judge Matthew F. Kennelly |
| Defendants. | ) | |
| | ) | |

### CONTAINS HIGHLY CONFIDENTIAL INFORMATION PURSUANT TO PROTECTIVE ORDER

### DEFENDANT CHAPTERHOUSE STUDIOS LLC'S FIRST SUPPLEMENTAL RESPONSE TO GAMES WORKSHOP LTD.'S SECOND SET OF INTERROGATORIES TO CHAPTERHOUSE STUDIOS LLC (NOS. 3-13)

PROPOUNDING PARTY:        PLAINTIFF GAMES WORKSHOP LIMITED

RESPONDING PARTY:         DEFENDANT CHAPTERHOUSE STUDIOS LLC

SET:                      TWO

Pursuant to Federal Rule of Civil Procedure 33, Defendant Chapterhouse Studios LLC ("Chapterhouse") hereby supplements its responses to the second set of Interrogatories from Plaintiff Games Workshop Limited ("Games Workshop"), as follows:

### GENERAL OBJECTIONS:

Chapterhouse incorporates the following General Objections as if set forth fully in response to each interrogatory in Games Workshop's Second Set of Interrogatories.

1.      These responses are made solely for the purposes of this litigation. Chapterhouse has not completed its investigation into the facts of this case. The responses are based solely on



## INTERROGATORY REQUEST NO. 5:

Set forth the methods, processes or business plans employed by Chapterhouse in selecting new products for development or inclusion in its product lines, including without limitation the persons involved in such process and their respective responsibilities.

## RESPONSE TO INTERROGATORY NO. 5

In addition to its General Objections, Chapterhouse objects to this interrogatory as vague and ambiguous. Chapterhouse further objects to this interrogatory as overbroad, unduly burdensome, and seeking information outside the scope of permissible discovery.

Without waiving, and subject to its General Objections and these specific objections, Chapterhouse responds that it does not have formal methods, processes, or business plans for selecting new products for development or inclusion in its product lines.

## INTERROGATORY REQUEST NO. 6:

Identify by name, last known address (including email address and phone), title and responsibilities all current or past employees, agents or independent contractors who have worked for Chapterhouse.

9

HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

## RESPONSE TO INTERROGATORY NO. 6

In addition to its General Objections, Chapterhouse objects to this interrogatory as vague and ambiguous. Chapterhouse further objects to this interrogatory as overbroad, unduly burdensome, and seeking information outside the scope of permissible discovery.

Without waiving, and subject to its General Objections and these specific objections, Chapterhouse incorporates its answers to Interrogatories 3 and 4.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6 (HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER):

In addition to its General Objections, Chapterhouse objects to this interrogatory as vague and ambiguous. Chapterhouse further objects to this interrogatory as overbroad, unduly burdensome, and seeking information outside the scope of permissible discovery.

Without waiving, and subject to its General Objections and these specific objections, Chapterhouse responds as follows:



HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER



11

HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER



12

HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER



Separately for each of the Accused Works, identify any sources consulted, used, reviewed or relied on by Chapterhouse other than works of Games Workshop in creating each of the said Accused Works.

## RESPONSE TO INTERROGATORY NO. 7

In addition to its General Objections, Chapterhouse objects that this interrogatory seeks information duplicative of that sought in Games Workshop's Interrogatory No. 1. Chapterhouse objects to this interrogatory as vague and ambiguous. Chapterhouse further objects to this interrogatory as unduly burdensome, oppressive, and seeking information outside the scope of discovery. Chapterhouse objects to the use of "Accused Works" as a defined term because that term is not defined in either Games Workshop's Second Set of Interrogatories, or in its First Set of Document Requests, which the Second Set of Interrogatories purports to incorporate by reference. Chapterhouse will adopt, for the purposes of this response, the definition of Accused Works articulated in Games Workshop's First Set of Interrogatories. However, Games Workshop objects to that definition as vague and ambiguous and overbroad and unduly

13

HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| GAMES WORKSHOP LIMITED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:10-cv-08103 |
| v. | ) |
| | ) |
| CHAPTERHOUSE STUDIOS LLC and JON | ) |
| PAULSON d/b/a PAULSON GAMES, | ) Judge Matthew F. Kennelly |
| | ) |
| Defendants. | ) |

## DEFENDANT CHAPTERHOUSE STUDIOS LLC'S RESPONSE TO GAMES WORKSHOP LTD.'S SECOND SET OF DOCUMENT REQUESTS TO CHAPTERHOUSE STUDIOS LLC (NOS. 3-28)

PROPOUNDING PARTY:  PLAINTIFF GAMES WORKSHOP LIMITED

RESPONDING PARTY:  DEFENDANT CHAPTERHOUSE STUDIOS LLC

SET:  TWO

Pursuant to Federal Rule of Civil Procedure 34, Defendant Chapterhouse Studios LLC ("Chapterhouse") hereby responds to the second set of Requests for Production of Documents from Plaintiff Games Workshop Limited ("Games Workshop"), as follows:

## RESPONSES

Chapterhouse incorporates the following General Objections as if set forth fully in response to each request for production of documents in Games Workshop's Second Set of Requests for Production of Documents.

1.    These responses are made solely for the purposes of this litigation. Chapterhouse has not completed its investigation into the facts of this case. The responses are based solely on the documents that are presently available and specifically known to Chapterhouse. Chapterhouse therefore responds without prejudice to its right to produce any documents

**DOCUMENT REQUEST NO. 3:**

Any and all documents or things in Chapterhouse's possession, custody or control, referring to Games Workshop.

**RESPONSE TO DOC. REQUEST NO. 3:**

In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overbroad and unduly burdensome. Chapterhouse further objects to this request as seeking documents and things outside the scope of permissible discovery because it seeks documents and things that are not relevant to the subject matter of this action and are not reasonably calculated to lead to discovery of admissible evidence. Chapterhouse further objects to this request to the extent it seeks documents and things covered by the attorney-client privilege or the attorney work-product doctrine.

**DOCUMENT REQUEST NO. 4:**

Any and all documents or things in Chapterhouse's possession, custody or control, referring to WARHAMMER or WARHAMMER 40,000.

**RESPONSE TO DOC. REQUEST NO. 4:**

In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overbroad and unduly burdensome. Chapterhouse further objects to this request as seeking documents and things outside the scope of permissible discovery because it seeks documents and things that are not relevant to the subject matter of this action and are not reasonably calculated to lead to discovery of admissible evidence. Chapterhouse further objects to this request to the extent it seeks documents and things covered by the attorney-client privilege or the attorney work-product doctrine.

**DOCUMENT REQUEST NO. 5:**

4

Any and all documents or things in Chapterhouse's possession, custody or control, setting forth or referring to any communications, contracts, or other dealings between or among Chapterhouse and any natural or corporate persons who have worked with or for Chapterhouse in creating or designing any of the Accused Works.

**RESPONSE TO DOC. REQUEST NO. 5:**

In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overbroad and unduly burdensome. Chapterhouse further objects to this request as seeking documents and things outside the scope of permissible discovery because it seeks documents and things that are not relevant to the subject matter of this action and are not reasonably calculated to lead to discovery of admissible evidence. Chapterhouse further objects to this request to the extent it seeks documents and things covered by the attorney-client privilege or the attorney work-product doctrine. Chapterhouse objects to the use of "Accused Works" as a defined term because that term is not defined in either Games Workshop's Second Set of Requests for Production of Documents, or in its First Set of Request for Production of Documents, which the Second Set purports to incorporate by reference. Chapterhouse will adopt, for the purposes of this response, the definition of Accused Works articulated in Games Workshop's First Set of Interrogatories. However, Games Workshop objects to that definition as vague and ambiguous and overbroad and unduly burdensome to the extent that it purports to encompass claims Games Workshop has not yet brought.

Notwithstanding, and subject to its general objections and its specific objections to this request, Chapterhouse responds that it will produce responsive, non-privileged documents within its possession, custody, or control that relate to the creation or design of the 106 products identified in Games Workshop's First Amended Complaint to the extent such can be found after a reasonable and diligent search.

**DOCUMENT REQUEST NO. 6:**

Any and all documents or things in Chapterhouse's possession, custody or control, setting forth or referring to any communications, contracts, or other dealings between or among Chapterhouse and any natural or corporate persons who have worked with or for Chapterhouse in producing or manufacturing any of the Accused Works.

**RESPONSE TO DOC. REQUEST NO. 6:**

In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overbroad and unduly burdensome. Chapterhouse further objects to this request as seeking documents and things outside the scope of permissible discovery because it seeks documents and things that are not relevant to the subject matter of this action and are not reasonably calculated to lead to discovery of admissible evidence. Chapterhouse further objects to this request to the extent it seeks documents and things covered by the attorney-client privilege or the attorney work-product doctrine. Chapterhouse objects to the use of "Accused Works" as a defined term because that term is not defined in either Games Workshop's Second Set of Requests for Production of Documents, or in its First Set of Request for Production of Documents, which the Second Set purports to incorporate by reference. Chapterhouse will adopt, for the purposes of this response, the definition of Accused Works articulated in Games Workshop's First Set of Interrogatories. However, Games Workshop objects to that definition as vague and ambiguous and overbroad and unduly burdensome to the extent that it purports to encompass claims Games Workshop has not yet brought.

Notwithstanding, and subject to its general objections and its specific objections to this request, Chapterhouse responds that it will produce responsive, non-privileged documents within its possession, custody, or control that relate to the production or manufacture of the 106

6

products identified in Games Workshop's First Amended Complaint to the extent such can be found after a reasonable and diligent search.

**DOCUMENT REQUEST NO. 7:**

Any and all documents or things in Chapterhouse's possession, custody or control, setting forth or referring to any communications, contracts, or other dealings between Chapterhouse and defendant Jon Paulson.

**RESPONSE TO DOC. REQUEST NO. 7:**

In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overbroad and unduly burdensome. Chapterhouse further objects to this request as seeking documents and things outside the scope of permissible discovery because it seeks documents and things that are not relevant to the subject matter of this action and are not reasonably calculated to lead to discovery of admissible evidence. Chapterhouse further objects to this request to the extent it seeks documents and things covered by the attorney-client privilege or the attorney work-product doctrine.

Notwithstanding, and subject to its general objections and its specific objections to this request, Chapterhouse responds that it will produce responsive, relevant, non-privileged documents within its possession, custody, or control to the extent such can be found after a reasonable and diligent search.

**DOCUMENT REQUEST NO. 8:**

Any and all documents or things in Chapterhouse's possession, custody or control, setting forth any quality control standards used or employed by Chapterhouse or any natural or corporate persons who have worked with or for Chapterhouse in producing or manufacturing any of the Accused Works.

**RESPONSE TO DOC. REQUEST NO. 8:**

7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| GAMES WORKSHOP LIMITED, )<br><br>Plaintiff, )<br>)<br>v. )<br>)<br>CHAPTERHOUSE STUDIOS LLC, )<br>)<br>Defendant. ) | Civil Action No. 1:10-cv-08103<br><br>Honorable Matthew F. Kennelly<br>Honorable Jeffrey T. Gilbert |

## DEFENDANT CHAPTERHOUSE STUDIOS LLC'S RESPONSES TO
## PLAINTIFF'S FIRST [*SIC*] SET OF DOCUMENT REQUESTS (NOS. 1-14 [SIC])

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Chapterhouse Studios LLC (hereafter "Chapterhouse") hereby objects and responds to Plaintiff's First [NINTH] Set of Document Requests (Nos. 1-14 [39-52]). Chapterhouse notes that, although these document requests are identified as Plaintiff's First Set of Document Requests Nos. 1-14, Plaintiff has previously served eight sets of requests for the production of documents nos. 1-38. Accordingly, subsequent reference to the document requests served on December 12, 2012 shall identify the document as Plaintiff's Ninth Set of Document Requests (Nos. 39-52).

## PRELIMINARY STATEMENT

Chapterhouse has not completed its investigation of the facts, witnesses, or documents relating to this case and has not completed analysis of available data. All of the answers contained herein are based only upon such information and documents which are presently available to and specifically known to Chapterhouse.

These responses are made in a good-faith effort to respond to the extent of the factual information presently known to Chapterhouse, but in no way should be considered to prejudice Chapterhouse in relation to amending or supplementing such responses in view of further discovery of facts, documents, research, or analysis. Chapterhouse expressly reserves the right to

Requests. Chapterhouse further objects to this request to the extent that it seeks documents and things protected by the attorney-client privilege, the work-product doctrine and/or any other applicable doctrine.

Subject to these objections and its general objections, Chapterhouse responds that it has already made available for inspection each of the specimens of Games Workshop products within its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 2:** [*sic* No. 40]

Any and all documents or things in Chapterhouse's possession, custody or control, referring to or concerning the creation, development or design of the Accused Works, including without limitation documents in the possession of any natural or corporate persons who have worked with or for Chapterhouse in developing, creating, designing or painting any of the Accused Works.

**RESPONSE:** In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overly broad, and unduly burdensome to the extent that it seeks documents that are within the possession, custody, or control of any natural or corporate persons who are not employees of Chapterhouse and to the extent that it is directed to any Games Workshop works or characters other than those specifically identified in Exh. A to the Ninth Set of Document Requests. Chapterhouse further objects to this request to the extent that it seeks documents and things protected by the attorney-client privilege, the work-product doctrine and/or any other applicable doctrine.

Subject to these objections and its general objections, Chapterhouse responds that it will produce responsive, non-privileged documents that are within the possession, custody, or control of Chapterhouse constituting or referencing the creation, development, or design of the Accused Works identified in the claim chart identified as Exhibit A to the Ninth Set of Document Requests, to the extent that such documents are found after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 3:** [*sic* No. 41]

Any and all documents or things in Chapterhouse's possession, custody or control, setting forth or referring to any communications, contracts, or other dealings between or among Chapterhouse and any natural or corporate persons who have worked with or for Chapterhouse in developing, creating, designing or painting any of the Accused Works.

**RESPONSE:** In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overly broad, and unduly burdensome to the extent that it seeks documents that are within the possession, custody, or control of any natural or corporate persons who are not employees of Chapterhouse and to the extent that it is directed to any Games Workshop works or characters other than those specifically identified in Exh. A to the Ninth Set of Document Requests. Chapterhouse further objects to this request to the extent that it seeks documents and things protected by the attorney-client privilege, the work-product doctrine and/or any other applicable doctrine.

Subject to these objections and its general objections, Chapterhouse responds that it will produce responsive, non-privileged documents that are within the possession, custody, or control of Chapterhouse constituting or referencing communications with the individuals that performed or requested the creation, development, or design of the Accused Works identified in the claim chart identified as Exhibit A to the Ninth Set of Document Requests in which the creation, development or design of the Accused Works is discussed, to the extent that such documents are found after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 4:** [*sic* No. 42]

Any and all documents or things in Chapterhouse's possession, custody or control (including from any natural or corporate persons who have worked with or for Chapterhouse in developing, creating, designing or painting any of the Accused Works), setting forth or referring to any communications, contracts, or other dealings between or among Chapterhouse and any natural or corporate persons who have worked with or for Chapterhouse in producing or manufacturing any of the Accused Works.

**RESPONSE:** In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overly broad, and unduly burdensome to the extent that it seeks documents that are

within the possession, custody, or control of any natural or corporate persons who are not

employees of Chapterhouse and to the extent that it is directed to any Games Workshop works or

characters other than those specifically identified in Exh. A to the Ninth Set of Document

Requests.  Chapterhouse objects to this request as vague, ambiguous, overbroad, unduly

burdensome, irrelevant and not likely to lead to the discovery of relevant information to the

extent that the subject matter of the documents sought is not limited in anyway. Chapterhouse

further objects to this request to the extent that it seeks documents and things protected by the

attorney-client privilege, the work-product doctrine and/or any other applicable doctrine.

Subject to these objections and its general objections, Chapterhouse responds that it will

produce responsive, non-privileged documents that are within the possession, custody, or control

of Chapterhouse constituting communications referencing the Accused Works with the

individuals that produced or manufactured any of the Accused Works, to the extent that such

documents are found after a reasonable and diligent search.


**REQUEST FOR PRODUCTION NO. 5:** [*sic* No. 43]

Any and all documents or things in Chapterhouse's possession, custody or control
(including from any natural or corporate persons who have worked with or for Chapterhouse in
developing, creating, designing or painting any of the Accused Works), setting forth any quality
control standards used or employed by Chapterhouse or any natural or corporate persons who
have worked with or for Chapterhouse in producing or manufacturing any of the Accused
Works.

**RESPONSE:** In addition to its general objections, Chapterhouse objects to this request as vague,

ambiguous, overly broad, and unduly burdensome to the extent that it seeks documents that are

within the possession, custody, or control of any natural or corporate persons who are not

employees of Chapterhouse.  Chapterhouse further objects to this request to the extent that it

seeks documents and things protected by the attorney-client privilege, the work-product doctrine and/or any other applicable doctrine.

Subject to these objections and its general objections, Chapterhouse responds that it will produce responsive, non-privileged documents that are within the possession, custody, or control of Chapterhouse setting forth quality control standards used by Chapterhouse in producing or manufacturing the Accused Works, to the extent that such documents are found after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 6:** [*sic* No. 44]

Separately for each of the Accused Works, any and all documents or things in Chapterhouse's possession, custody or control (including from any natural or corporate persons who have worked with or for Chapterhouse in developing, creating, designing or painting any of the Accused Works), setting forth or referring to any sources consulted, used, reviewed or relied on by Chapterhouse, including without limitation works other than those of Games Workshop in creating each of the said Accused Works.

**RESPONSE:** In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overly broad, and unduly burdensome to the extent that it seeks documents that are within the possession, custody, or control of any natural or corporate persons who are not employees of Chapterhouse. Chapterhouse further objects to this request to the extent that it seeks documents and things protected by the attorney-client privilege, the work-product doctrine and/or any other applicable doctrine.

Subject to these objections and its general objections, Chapterhouse responds that it will produce responsive, non-privileged documents that are within the possession, custody, or control of Chapterhouse referencing sources consulted, used, reviewed, or relied on in creating the Accused Works, to the extent that such documents are found after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 7:** [*sic* No. 45]

Separately for each of the Accused Works (including from any natural or corporate persons who have worked with or for Chapterhouse in developing, creating, designing or painting any of the Accused Works), any and all documents or things in Chapterhouse's possession, custody or control, setting forth or reflecting any mock-ups, drafts, drawing briefs or the like concerning the conception, development or creation of each of the said Accused Works.

**RESPONSE:** In addition to its general objections, Chapterhouse objects to this request as vague, ambiguous, overly broad, and unduly burdensome to the extent that it seeks documents that are within the possession, custody, or control of any natural or corporate persons who are not employees of Chapterhouse. Chapterhouse further objects to this request to the extent that it seeks documents and things protected by the attorney-client privilege, the work-product doctrine and/or any other applicable doctrine.

Subject to these objections and its general objections, Chapterhouse responds that it will produce responsive, non-privileged documents that are within the possession, custody, or control of Chapterhouse constituting mock-ups or drafts of the Accused Works, to the extent that such documents are found after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 8:** [*sic* No. 46]

Documents sufficient to demonstrate all of Chapterhouse's sales of each of the Accused Works from the date of first sale to the present.

**RESPONSE:** Subject to its General Objections, Chapterhouse will produce documents sufficient to demonstrate all of Chapterhouse's sales of each of the Accused Works from the date of first sale to the present.

**REQUEST FOR PRODUCTION NO. 9:** [*sic* No. 47]

Any and all documents concerning any sales or offers to sell any of the Accused Products on any and all websites or other businesses or venues other than Chapterhousestudios.com.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GAMES WORKSHOP LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:10-cv-08103 |
| v. | ) | |
| | ) | Honorable Matthew F. Kennelly |
| CHAPTERHOUSE STUDIOS LLC, | ) | Honorable Jeffrey T. Gilbert |
| | ) | |
| Defendant. | ) | |

**DEFENDANT CHAPTERHOUSE STUDIOS LLC'S SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S SEVENTH SET OF INTERROGATORIES (NOS. 18-23)**

**CONTAINS CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION
PURSUANT TO PROTECTIVE ORDER**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Chapterhouse
Studios LLC (hereafter "Chapterhouse") hereby objects and responds to the document titled
Plaintiff's First Set of Interrogatories (Nos. 1-7). Because Plaintiff has previously served six sets
of interrogatories (Nos. 1-17), Chapterhouse will identify the set of interrogatories nos. 1-7
served on December 12, 2012 as Plaintiff's Seventh Set of Interrogatories Nos. 18-24.

**PRELIMINARY STATEMENT**

Chapterhouse has not completed its investigation of the facts, witnesses, or documents
relating to this case, has not completed analysis of available data, and has not begun preparation
for trial. All of the answers contained herein are based only upon such information and
documents which are presently available to and specifically known to Chapterhouse.

These responses are made in a good-faith effort to respond to the extent of the factual
information presently known to Chapterhouse, but in no way should be considered to prejudice
Chapterhouse in relation to amending or supplementing such responses in view of further
discovery of facts, documents, research, or analysis. Chapterhouse expressly reserves the right

1

**HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

broad and unduly burdensome. Subject to these objections and its general objections, Chapterhouse responds as follows:

| CHS Products | GW Claim Chart Numbers | CHS Product Designers |
|---|---|---|
| Abbithan Banshees Guardswoman 28mm figures | 124 | |
| TRU-Scale Knight Praetorius Conversion Kit – 6 | 126 | |
| Hotshot Lasgun Pack | 128 | |
| Iconoclast Conversion kit for Space Marine Land Raider | 129 | |
| Magnetic Turret Kit for the Storm Raven | 130 | |
| Magnetic Turret Kit for the Razorback | 131 | |
| Open-Fisted Power Claws compatible with Games Workshop Space Marine model | 132 | |
| Close-Fisted Power Claws compatible with Games Workshop Space Marine model | 133 | |
| Pilum Imperial Attack Jet Bike | 134 | |
| Alternative Heads for Tau Crisis Suits - Set #1 | 135 | |
| Alternative Heads for Tau Crisis Suits - Set #2 | 136 | |
| Heresy-Era Shoulder Pads for Terminators Type E - 2 pads | 137 | |
| Heresy-Era Shoulder Pads for Terminators Type D - 2 pads | 138 | |
| Heresy-Era Shoulder Pads for Terminators Type B - 2 pads | 139 | |
| Heresy-Era Shoulder Pads for Terminators | 140 | |

**HIGHLY CONFIDENTIAL PURS**

| | |
|---|---|
| **Type C - 2 pads** | |
| **Heresy-Era Shoulder Pads for Terminators Type A - 2 pads** | 141 |
| **TRU-Scale Knight Praetorius "Order of the Empress's Tears" Conversion Kit - 6** | 142 |
| **TRU-Scale Knight Praetorius Conversion Kit -6** | 143 same as 126 |
| **Werecroc 1** | 144 |
| **Werecroc 2** | 145 |
| **Iron Hand Nut Power Armor Pad** | 146 |
| **Iron Hand Nut Terminator Pad** | 147 |
| **Winged Skull Power Armor Pad** | 148 |
| **CHS Product Name Not Identified on Claim Chart: Appears to Be Shoulder Pad with Fist Logo** | 149 |
| **Hammer of Dorn Terminator Pad** | 150 |
| **V Power Armor Pad** | 151 |
| **V Terminator Pad** | 152 |
| **Power Armor Shoulder Pad for Scythes of the Emperor** | 153 |
| **Scythes of the Emperor Terminator Shoulder Pad** | 154 |
| **Scaled Rimless Power Armor Pad** | 155 |
| **Scaled Tactical Power Armor Pad** | 156 |
| **Scaled with Rim Power Armor Shoulder Pad** | 157 |
| **Hot Shot Lasgun Pack** | 158 |
| **Shrike Conversion Kit for Tyranid Warrior** | 159 |

**HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

| Models | | |
|---|---|---|
| **Dark Elf Arch Torturess** | 160 | |

## SUPPLEMENTAL RESPONSE:

Subject to its prior objections and the limitations agreed by the parties during their meet and confer telephone conferences on Friday January 25, 2013 and Monday January 28, 2013, Chapterhouse further responds as follows:

| CHS Products | GW Claim Chart Numbers | Painted By | CHS Product Design Time |
|---|---|---|---|
| **Abbithan Banshees Guardswoman 28mm figures** | 124 | A | – |
| **TRU-Scale Knight Praetorius Conversion Kit – 6** | 126 | S | ed ed ed es |
| **Hotshot Lasgun Pack** | 128 | J i J A 3 S 3 | ed ed ed es |
| **Iconoclast Conversion kit for Space Marine Land Raider** | 129 | | 1 |
| **Magnetic Turret Kit for the Storm Raven** | 130 | J | |
| **Magnetic Turret Kit for the Razorback** | 131 | J | |
| **Open-Fisted Power Claws compatible with Games Workshop Space Marine model** | 132 | | m , |
| **Close-Fisted Power** | 133 | | |

**HIGHLY CONFIDENTIAL P**

| | | | |
|---|---|---|---|
| **Claws compatible with Games Workshop Space Marine model** | | | was bought from the 3d designer, no dates on design |
| **Pilum Imperial Attack Jet Bike** | 134 | | - 11 |
| **Alternative Heads for Tau Crisis Suits - Set #1** | 135 | | 1- 1 |
| **Alternative Heads for Tau Crisis Suits - Set #2** | 136 | | 1- 1 |
| **Heresy-Era Shoulder Pads for Terminators Type E - 2 pads** | 137 | | - |
| **Heresy-Era Shoulder Pads for Terminators Type D - 2 pads** | 138 | | - |
| **Heresy-Era Shoulder Pads for Terminators Type B - 2 pads** | 139 | | - |
| **Heresy-Era Shoulder Pads for Terminators** Roberto Cirillo, Tomas Fiertek, Nick Villacci **Type C - 2 pads** | 140 | | - |
| **Heresy-Era Shoulder Pads for Terminators Type A - 2 pads** | 141 | | - |
| **TRU-Scale Knight Praetorius "Order of the Empress's Tears" Conversion Kit - 6** | 142 | | Designed designed en urchased ed pieces /2010 |

**HIGHLY CONFIDENTIA**

| | | | |
|---|---|---|---|
| **TRU-Scale Knight Praetorius Conversion Kit -6** | 143 same as 126 | | igned<br>signed<br><br>hased<br>ieces<br>10 |
| **Werecroc 1** | 144 | | 1-<br>2 |
| **Werecroc 2** | 145 | | 1-<br>2 |
| **Iron Hand Nut Power Armor Pad** | 146 | | |
| **Iron Hand Nut Terminator Pad** | 147 | | |
| **Winged Skull Power Armor Pad** | 148 | | 11-<br>2011 |
| **CHS Product Name Not Identified on Claim Chart: Appears to Be Shoulder Pad with Fist Logo** | 149 | | |
| **Hammer of Dorn Terminator Pad** | 150 | | |
| **V Power Armor Pad** | 151 | | |
| **V Terminator Pad** | 152 | | |
| **Power Armor Shoulder Pad for Scythes of the Emperor** | 153 | | |
| **Scythes of the Emperor Terminator Shoulder Pad** | 154 | | |
| **Scaled Rimless Power Armor Pad** | 155 | | |
| **Scaled Tactical Power Armor Pad** | 156 | | |
| **Scaled with Rim Power Armor Shoulder Pad** | 157 | | |
| **Hot Shot Lasgun Pack** | 158 Same as 128 | | |

**HIGHLY CONFIDENTIA**

| Shrike Conversion Kit for Tyranid Warrior Models | 159 | |
| Dark Elf Arch Torturess | 160 | |

No painter was hired for those Accused W

**INTERROGATORY NO. 4:** (*sic* 20)

Identify by name and last known address (including email address and phone) all natural or corporate persons who have worked with or for Chapterhouse in producing or manufacturing any of the Accused Works; set forth the works for which each such person was involved in the design process, set forth the role played by each such person and state the period of time each such person worked with or for Chapterhouse.

**ANSWER:**

Chapterhouse objects to  this interrogatory as separately seeking substantive information on unrelated topics. Chapterhouse objects to this interrogatory as incomprehensible and ambiguous with respect to its reference to the design process. Chapterhouse objects to the sub-part directed to the time period in which each individual worked with or for Chapterhouse as unrelated to the remainder of the interrogatory, not relevant to the claim or defense of any party or likely to lead to relevant information, overly broad and unduly burdensome.  Subject to this objection and its general objections, Chapterhouse states that the production and manufacture of all of the Accused Works were completed by either Nick Villacci or Valiant Enterprises Ltd. Contact information has been previously provided for both.

**INTERROGATORY NO. 5:** (*sic* 21)

Identify any and all websites or other businesses or venues (including trade shows) where any of the Accused Works has ever been marketed or promoted, offered for sale or sold.

**ANSWER:**

15

**HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**