# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GAMES WORKSHOP LIMITED,<br><br>        Plaintiff,<br><br>  v.<br><br>CHAPTERHOUSE STUDIOS LLC and JON PAULSON d/b/a PAULSON GAMES<br><br>        Defendants. | Civil Action No. 1:10-cv-8103<br><br>Hon. Matthew F. Kennelly<br>Hon. Jeffrey T. Gilbert |

**CHAPTERHOUSE PROPOSED PRELIMINARY JURY INSTRUCTIONS**

As set forth in the Parties' Pretrial Order, the parties dispute the inclusion of Chapterhouse's Proposed Preliminary Jury Instructions in the Pretrial Order. Chapterhouse submits its Proposed Preliminary Jury Instructions herein.

**Preliminary instructions to the jury**

The plaintiff in this case is Games Workshop Limited.

The defendant in this case is Chapterhouse Studios LLC.

Games Workshop claims that Chapterhouse infringed many of its copyrights from books and miniatures by creating and selling miniatures for use in table top war games. Games Workshop also claims that in the advertisements used to sell Chapterhouse's products, Chapterhouse infringed Games Workshop's trademarks.

Chapterhouse denies the allegations, contending that its miniatures do not infringe the protectable expression of Games Workshop's copyrighted works and that, to the extent that it uses any valid Games Workshop trademarks, that use constitutes a legal use called nominative fair use.

In these instructions, I will describe the issues in the case and what each party is required to prove.

It is possible that my instructions at the end of the case may differ in some ways from the instructions that I am giving you now. If so, then the instructions given at the end of the case are the ones that you should follow.

## General background regarding copyright law

I will first give you some basic background information about copyright law.

The copyright law is a federal law that gives protection to authors and creators of certain types of creative works, including illustrations and sculptures.

The owner of a copyright has the exclusive right to do certain things with the copyrighted work. This includes the right to copy the work and the right to make derivative works based upon the copyrighted work. Because the copyright owner has these exclusive rights, no one else may copy the work or create a derivative work based on the copyrighted work without first getting the copyright owner's permission.

**What Games Workshop is required to prove - copying of its copyrighted works**

Games Workshop claims that Chapterhouse infringed its copyright in a variety of its books and miniatures by creating and selling new miniatures that were copies of Games Workshop's copyrighted works.

To succeed on this claim, Games Workshop must prove two things by a preponderance of the evidence as to each accused work:

1) Games Workshop owns a valid copyright in the copyrighted work..

2) That Chapterhouse copied protected elements of Games Workshop's copyrighted work. I will define what I mean by "protected elements" and "copying" in the following instructions.

## Definition of "protected expression"

A copyright does not protect an idea; rather, it protects only the author or creator's original expression of an idea.

Copyright protects only the elements of the creator's work that are original. "Protected expression" means expression in Plaintiff's work that was created independently, meaning that it was not itself copied from another work, and involving some creativity.

A copyright does not protect settings, poses, or characters that are standard in the depiction of a particular subject or scene.

**Substantial Similarity**

To prove that Chapterhouse has infringed Plaintiff's copyright in any of Plaintiff's individual works, Plaintiff must show that the accused work is so similar to the Plaintiff's work that an ordinary reasonable person would conclude that the Chapterhouse unlawfully appropriated the plaintiff's protectable expression by taking material of substance and value.

You can determine if Chapterhouse 's product is similar to Plaintiff's work by comparing them side-by-side. However, only the protectable elements of Plaintiff's work are relevant to such a comparison. Similarity to elements of Plaintiff's work that are in the public domain, or that were derived from works created by others, does not by itself make the works substantially similar.

**Copyright Defenses**

In the event that you find that there has been copying of Games Workshop's protected expression, Chapterhouse contends that it has not infringed Plaintiff's copyright because the defenses of de minimis copying, fair use, or because certain of its uses were licensed by Games Workshop.

Even if you find there is some copying, that fact does not by itself mean that Chapterhouse has infringed Games Workshop's copyright. Some copying is permitted. Games workshop must show that the copying, if any, has been done to an unfair extent. Copying of a small and insignificant amount of one of Games Workshop's works does not infringe Games Workshop's copyright. If the average audience would not recognize the appropriation then copying is *de minimis* and not infringing.

Chapterhouse also contends that, even if it copied protected expression in Plaintiff's work, that copying is allowed under what the law calls "fair use." To succeed on this defense, Chapterhouse must prove that it made fair use of certain aspects of Plaintiff's work for the purpose[s] of compatibility and/or fit of Chapterhouse's new creative game pieces with existing Warhammer 40,000 pieces.

In deciding this, you should consider the following:

- the purpose and character of Chapterhouse's use, including whether Chapterhouse's use is of a commercial nature or transforms Plaintiff's work into something of a different character;

- the degree of creativity involved in Plaintiff's work;

- the amount of Plaintiff's work that Chapterhouse copied, and the significance of the portion copied in relation to Plaintiff's work as a whole; and

- how Chapterhouse's use affected the value of or potential market for Plaintiff's

work;

It is up to you to decide how much weight to give each factor.

Additionally, Chapterhouse is not liable to Games Workshop if it proves by a preponderance of the evidence that Games Workshop has given a license or its consent to Chapterhouse's use of Games Workshop's works or trademarks. This license may be given in writing or through the conduct of the parties.

**Trademark claims**

I will now give you some background regarding trademark law. A trademark is different than a copyright and trademark infringement is different than copyright infringement.

A trademark is a word, symbol, or combination of words or symbols used by a person to identify his product, to distinguish his product from those manufactured or sold by others, and to indicate the source of his product.

The purpose of trademark law is to prevent confusion among consumers about the source of products and to permit trademark owners to show ownership of their products and control their product's reputation. Plaintiff claims that Chapterhouse infringed Plaintiff's trademarks for Plaintiff's line of miniatures and books by using those trademarks without the authorization or consent of Plaintiff on and in connection with Chapterhouse's products.

Chapterhouse denies that Plaintiff owns U.S. trademark rights in each of the asserted terms and symbols; denies that each of the asserted terms and symbols is a valid trademark; denies that Chapterhouse has used each of asserted terms and symbols as trademarks; and denies that any use of Plaintiff's claimed trademarks has caused a likelihood of confusion. Chapterhouse also asserts that any use of terms and symbols in which Plaintiff does own U.S. trademark rights, if any, is a non-infringing fair use.

**Trademark - Validity**

A valid trademark is a symbol or term that is "distinctive," which means that the symbol or term is capable of distinguishing Plaintiff's product from the products of others. A trademark is valid if it is inherently distinctive or if it has acquired distinctiveness. I will explain these terms to you.

**Trademark – Inherently Distinctive – Fanciful, Arbitrary, and Suggestive Marks**

An inherently distinctive trademark is one that almost automatically tells a consumer that it refers to a brand or a source for a product. A trademark is inherently distinctive if it is a "fanciful"; "arbitrary"; or "suggestive" symbol or term.

> A "fanciful" symbol or term is a newly created word or parts of common words that are used in a fictitious, unfamiliar, or fanciful way. For example, "Exxon" for gasoline is a fanciful mark.
>
> An "arbitrary" symbol or term is a common symbol or term used in an unfamiliar way. For example, "Apple" for computers is an arbitrary mark.
>
> A "suggestive" symbol or term implies some characteristic or quality of the product. If the consumer must use imagination, reflection, or additional reasoning to understand the meaning of the mark as used with the product, then the mark is suggestive. For example, "Coppertone" for suntan lotion is a suggestive mark because it is suggestive of suntanned skin.

### Validity – Descriptive Trademark – Acquired Distinctiveness

Another type of valid trademark is a "descriptive" symbol or term that has "acquired distinctiveness."

A "descriptive" symbol or term directly identifies or describes some characteristic or quality of the product in a straightforward way that requires no imagination or reasoning to understand the meaning of the trademark. For example, "All Bran" for cereal is a descriptive trademark because it describes a characteristic of the cereal.

A descriptive trademark can be valid only if it has "acquired distinctiveness." A book title is never considered inherently distinctive and requires a showing of acquired distinctiveness to be protectable.

To show that descriptive term has "acquired distinctiveness," Plaintiff must prove:

1. A substantial portion of the consuming public identifies Plaintiff's symbol or term with a particular source, whether or not consumers know who or what that source is. The consuming public consists of people who may buy or use, or consider buying or using, the product or similar products; and

2. Plaintiff's symbol or term acquired distinctiveness before Chapterhouse first began to use Chapterhouse 's symbol or term.

To decide whether Plaintiff's symbol or term has "acquired distinctiveness," you may consider the following:

- the amount and manner of advertising, promotion, and other publicity of Plaintiff's product using Plaintiff's symbol or term;

- the sales volume of Plaintiff's product using Plaintiff's symbol or term;

- the length and manner of use of Plaintiff's symbol or term;

- consumer testimony; and

- consumer surveys.

**Affirmative Defenses – Nominative Fair Use**

Chapterhouse claims that its use of Plaintiff's trademark is permitted because Chapterhouse made fair use of the trademark.

To succeed on this defense, Chapterhouse must prove the following three things by a preponderance of the evidence:

1. Chapterhouse used the trademark to refer to a product of Plaintiff that cannot be easily identified without using the trademark;

2. Chapterhouse used the trademark only as much as was reasonably necessary to identify the product; and

3. Chapterhouse did not do anything in connection with using the trademark to suggest that Plaintiff sponsored or endorsed Chapterhouse or its product.

A product cannot be easily identified without using the trademark if there are no equally informative words to identify the product, or there is no other effective way to compare, criticize, refer to or identify it without using the trademark.

A reasonably necessary use of a trademark occurs when the trademark is used no more prominently than is needed to identify the product and enable consumers to understand the reference.

Chapterhouse's use of the Plaintiff's trademark to compete with Plaintiff, or to make a profit, does not by itself prevent Chapterhouse from proving fair use.


March 29, 2013                                  Respectfully Submitted

                                            __/s/ Julianne M. Hartzell_____

                                            Jennifer A. Golinveaux (CA Bar No. 203056)
                                            Thomas J. Kearney (CA Bar No. 267087)
                                                 WINSTON & STRAWN LLP
                                                 101 California Street
                                                 San Francisco, CA 94111-5802
                                                 Phone: (415) 591-1000
                                                 Fax: (415) 591-1400
                                                 jgolinveaux@winston.com
                                                 tkearney@winston.com

                                            Imron T. Aly (IL Bar No. 6269322)
                                            Bryce A. Cooper (IL Bar No. 6296129)

        WINSTON & STRAWN LLP
        35 West Wacker Drive
        Chicago, IL 60601-1695
        Phone: (312) 558-5600
        Fax: (312) 558-5700
        ialy@winston.com
        bcooper@winston.com

Julianne M. Hartzell (IL Bar No. 6275093)
Sarah J. Kalemeris (IL Bar No. 6303644)
        MARSHALL, GERSTEIN & BORUN LLP
        233 S. Wacker Drive
        Willis Tower Suite 6300
        Chicago, IL 60606
        Phone: (312) 474-6300
        Fax: (312) 474-0448
        jhartzell@marshallip.com
        skalemeris@marshallip.com
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I, Julianne M. Hartzell, hereby certify that the foregoing Chapterhouse Proposed Preliminary Jury Instructions were served on all counsel of record via the Court's ecf system on March 29, 2013.

*/s/ Julianne M. Hartzell*

Julianne M. Hartzell