**■FOLEY**

**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW

321 NORTH CLARK STREET, SUITE 2800
CHICAGO, IL 60654-5313
312.832.4500 TEL
312.832.4700 FAX
foley.com

WRITER'S DIRECT LINE
312.832.5109
jkeener@foley.com EMAIL

CLIENT/MATTER NUMBER
099251-0101

April 8, 2013

**VIA ECF FILING**

Hon. Matthew F. Kennelly
United States District Judge
Everett McKinley Dirksen Courthouse
219 S. Dearborn Street, Chambers Room 2188
Chicago, IL 60601

    Re:   *Games Workshop Ltd. v. Chapterhouse Studios LLC et al.*
           Case No. 10-cv-08103

The Honorable Matthew F. Kennelly:

    Games Workshop makes the following disclosures related to the Final Pretrial Conference scheduled for April 10, 2013.

- Games Workshop's anticipated witness sequence and timing for its case-in-chief is as follows:

    1. Alan Merrett – 7-9 hours

    2. Robert Naismith (via deposition) – 45 minutes – 1 hour

    3. Gill Stevenson – 30 minutes

    4. Tom Nanson – 30 minutes

    5. Dan Brown – 15 minutes

    6. Nicholas Villacci – 7-9 hours

    7. Tomas Fiertek (via deposition or live) – 2-4 hours

    8. Robert Lippman (via deposition or live)[1] – 45 minutes – 1 hour

    9. Wyatt Traina (via deposition) – 45 minutes – 1 hour

    10. John Blanche/Jes Goodwin – 1 hour

---

[1] It is Games Workshop's understanding that Mr. Lippman is the witness who can only be available April 22. If so, he will be the first witness called.

BOSTON JACKSONVILLE MILWAUKEE SAN DIEGO SILICON VALLEY
BRUSSELS LOS ANGELES NEW YORK SAN DIEGO/DEL MAR TALLAHASSEE
CHICAGO MADISON ORLANDO SAN FRANCISCO TAMPA
DETROIT MIAMI SACRAMENTO SHANGHAI TOKYO
                                                                                                WASHINGTON, D.C.

4837-1384-8851.4


FOLEY & LARDNER LLP

Hon. Matthew F. Kennelly
April 8, 2013
Page 2

    11. Andy Jones – 2 hours

- Games Workshop believes that the Court's ruling on a few discrete issues, would further assist in streamlining the case:

1. Exhibits: Based on the Court's rulings on summary judgment, the parties are in the process of narrowing their deposition designations and exhibits. However, to streamline the case, Games Workshop believes that the Court can address two categories of Games Workshop's objections to Chapterhouse's exhibits. The categories are:

    A.    Hearsay for internal Chapterhouse emails – Chapterhouse has designated on its exhibit list a large number of internal emails either between Mr. Villacci and Mr. Fiertek, or between one of them and one of Chapterhouse's designers, discussing the creation of the accused works. However, Chapterhouse has also objected on hearsay grounds to Games Workshop's reliance on precisely such emails to the extent they evince possible copying. Although Games Workshop believes there are various grounds to *include* such statements against interest by Chapterhouse and its agents or employees acting within the scope of that relationship or simply to demonstrate the lack of any response by Chapterhouse to statements indicative of copying, it is unclear on what basis Chapterhouse believes the emails are admissible for any purpose by it. Regardless, these sorts of objections can be resolved en masse.

    B.    Various images of alleged prior works – Chapterhouse has designated a large number of Wikipedia pages, Google image searches and other various pictures of allegedly prior works. There has been no authentication of any of these documents. Moreover, Games Workshop believes they are irrelevant as there is no suggestion that either Games Workshop or Chapterhouse used any of these images in designing the works at issue. Moreover, it would be confusing and prejudicial to allow Chapterhouse to use this small number exhibits out of the entire universe of science fiction literature as evidence of elements that are required or indispensible for a scenes a faire defense, where there is no evidence that any witness has endeavored to conduct a systematic survey according to any acceptable research methodology. Alternately, Games Workshop would request at trial the opportunity to engage in voire dire to establish if there is a basis to admit these images.

2. To help streamline the case and accommodate Chapterhouse's concerns over what trademarks are in issue; and to save time having Games Workshop's witnesses try to recollect all 125 or so trademarks, Games Workshop proposes having the witnesses simply refer to plaintiff's interrogatory answer (or a list based on that answer). Such a listing could be used anyway to refresh the witnesses' recollections, but it might make more sense to do this is a more straightforward way. Such a list can then be used to indicate to the jury for which marks the Court has ruled on the issue of prior use in commerce and for which it has not.



**FOLEY & LARDNER LLP**

Hon. Matthew F. Kennelly
April 8, 2013
Page 3

3. To further streamline the case, Games Workshop believes that the Court should dispense with extensive foundational questions as to materials the *authenticity* of which is not disputed – in particular pages from the parties' websites; publications and so forth. The parties are free to object to relevance of these items (as Chapterhouse has done in moving in limine to exclude color images – which Games Workshop contends is improper), but there is no dispute the images are what they are. For instance, Games Workshop believes it can compress the direct examination of its own witnesses by presenting them with groups of exhibits together showing GW's own works and the accused works of Chapterhouse, rather than separately introducing each one.

4. Games Workshop further confirms that it elected not to pursue an administrative appeal in the Copyright Office of the initial rejection of its Assault Squad Space Marine Shoulder pad as it believes the issue has been resolved by the Court's April 1 decision.

5. Games Workshop further confirms that it does not mean to include in any of its state law causes of action any claims based on mere copying of its original designs. To the extent any such claims might be so-interpreted, Games Workshop expressly withdraws any such claims to avoid any possible issue of preemption under the Copyright Act.

6. Finally, Games workshop must raise two issues that have crystallized only after the deadline for filing of motions in limine.

> A. First, Chapterhouse has sought to "claw back" certain documents it produced and which were the subject of extensive deposition testimony during Mr. Fiertek's deposition on February 28. After Chapterhouse waited until late March to attempt to "claw back" these documents, we asked for an explanation of the basis for the claim of privilege, but it has not been forthcoming. Three of these documents are present on Games Workshop's Trial Exhibit list. We have sequestered the documents and are able to provide them to the Court at the pretrial conference in order to resolve the claim of alleged privilege prior to trial.

> B. Second, on March 29, days after Games Workshop filed its motion to enforce the Court's prior discovery orders (including the testimony of Tomas Fiertek, the 49% owner of Chapterhouse, admitting that he deliberately destroyed digital copies of Games Workshop's materials on his computer during the pendency of this action and could not remember how many such files he had deleted), Chapterhouse served an errata sheet to the Fiertek deposition in which it completely rewrote this testimony to change his answer from repeatedly and clearly admitting the destruction of relevant documents to denying that he destroyed any relevant documents. Games Workshop believes such materials fall within the scope of the very first discovery order in this case, requiring Chapterhouse to produce all copies of Games Workshop's materials by July 29, 2011, as well as the Court's March 6, 2012 order requiring production of design materials from the designers. Games Workshop noted its objection to Chapterhouse on March 29, explaining that if



Hon. Matthew F. Kennelly
April 8, 2013
Page 4

Mr. Fiertek wished to change his testimony, he could come to trial and appear to be cross-examined about the change, but that he couldn't simply rewrite his testimony after the fact. On April 5, Chapterhouse indicated that Mr. Fiertek would not likely be a trial witness. Hence some ruling is needed.

We appreciate Your Honor's attention to this matter.

    Respectfully submitted,

    /Jason J. Keener/

    Jason J. Keener

4837-1384-8851.4