**■FOLEY**

**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW
321 NORTH CLARK STREET, SUITE 2800
CHICAGO, IL 60654-5313
312.832.4500 TEL
312.832.4700 FAX
foley.com

April 8, 2013

WRITER'S DIRECT LINE
312.832.5109
jkeener@foley.com EMAIL

CLIENT/MATTER NUMBER
099251-0101

**VIA HAND DELIVERY**

Hon. Matthew F. Kennelly
United States District Judge
Everett McKinley Dirksen Courthouse
219 S. Dearborn Street, Chambers Room 2188
Chicago, IL 60601

      Re:    *Games Workshop Ltd. v. Chapterhouse Studios LLC et al.*
            Case No. 10-cv-08103

The Honorable Matthew F. Kennelly:

      Games Workshop responds as follows to Chapterhouse's letter to the Court Regarding Trial Witnesses and Exhibits (Dkt. 348):

**Witness Disclosure**

      As Games Workshop informed Chapterhouse before it submitted its letter to the Court, Games Workshop does not oppose Chapterhouse's request to recall Mr. Villacci during its case in chief. However, the Court had previously instructed the parties on April 1 that all testimony of each witness (other than rebuttal testimony) would be done at one time. Games Workshop is thus prepared to address all of his testimony when he is called by Games Workshop adversely.

**Exhibit List**

      1.    Copyright Applications: As Games Workshop informed Chapterhouse prior to the filing of its letter, Games Workshop is in the process of removing a number of exhibits from its exhibit list. In this vein, Games Workshop had already agreed to remove those copyright applications for which Games Workshop has an issued copyright registration. However, Games Workshop opposes removing from its Exhibit List those copyright applications that are still pending with the Copyright Office. Alternately, because the parties have stipulated that the Copyright Office exhibits are all authentic, we could simply stipulate that Games Workshop has either registered or applied to register all of the individual works at issue in the case, allowing Games Workshop to remove even more exhibits from its exhibit list. An appropriate instruction could be give to the jury or this fact could otherwise be noted on the record.

      2.    Claim Charts: As Games Workshop informed Chapterhouse prior to the filing of its letter, for purposes of simplifying the case, which includes over 100 various products, summary charts are needed. Without such summaries, the jury is going to be needlessly confused with a large

| | | | | |
|---|---|---|---|---|
| BOSTON | JACKSONVILLE | MILWAUKEE | SAN DIEGO | SILICON VALLEY |
| BRUSSELS | LOS ANGELES | NEW YORK | SAN DIEGO/DEL MAR | TALLAHASSEE |
| CHICAGO | MADISON | ORLANDO | SAN FRANCISCO | TAMPA |
| DETROIT | MIAMI | SACRAMENTO | SHANGHAI | TOKYO |
| | | | | WASHINGTON, D.C. |

4818-8015-4387.1



**FOLEY & LARDNER LLP**

Hon. Matthew F. Kennelly
April 8, 2013
Page 2

series of images shown sequentially instead of putting the Games Workshop images next to the Chapterhouse products Games Workshop contends are infringing. We believe the summaries comply with F.R.E. Rule 1006, as they summarize content from Chapterhouse's website and Games Workshop's primary reference materials.

      Moreover, the claim charts are necessary exhibits to make various deposition testimony understandable. For example, it is our understanding the Mr. Fiertek will not likely appear at trial. Much of his deposition testimony discusses the Chapterhouse products vis-a-vis the Games Workshop products by stepping through the claim chart for the products designed by Chapterhouse. Without this exhibit, much of his testimony would be needlessly confusing to the jury. Similarly, other witnesses deposed both by Chapterhouse and Games Workshop tied their testimony to the comparisons in the claim charts. Should Chapterhouse be concerned about any particular statements made in the claim charts, Games Workshop is willing to redact those statements that are not simply factual excerpts from Chapterhouse's own website or other noncontroversial evidentiary sources. In an effort to further simplify the case, Games Workshop has prepared additional summaries (which it has disclosed to Chapterhouse) where the charts are greatly simplified, reorganized by subject matter, and grouped into like products.

      3.    Unproduced Exhibits: The exhibits Chapterhouse identifies (PEX 871, 873, 875, 880, 882, 886, 889-92, and 894) are some of the forum posts identified by Mr. Villacci (from memory) in Chapterhouse's Interrogatory Response. Games Workshop has raised issues regarding Chapterhouse's failure to preserve or produce these and other forum posts. Although it is difficult for us to conceive that Chapterhouse has never seen the specific posts identified by Mr. Villacci, Games Workshop has separately identified on its exhibit list those forum posts it has been able to locate on which it intends to rely at trial. We specifically advised Chapterhouse prior to the filing of its letter that Games Workshop agreed to remove from its exhibit list the particular exhibits cited in its letter. Thus, there should be no issue as to these specific forum posts.

      We appreciate Your Honor's attention to this matter.

      Respectfully submitted,

      /Jason J. Keener/

      Jason J. Keener