MARSHALL GERSTEIN BORUN LLP

233 South Wacker Drive, 6300 Willis Tower, Chicago, IL 60606-6357 USA
T 312.474.6300   F 312.474.0448   marshallip.com

Julianne M. Hartzell
(312) 474-6625
jhartzell@marshallip.com

April 9, 2013

*Via ECF Filing*

Hon. Matthew F. Kennelly
Courtroom 2103
U.S. District Court
  for the Northern District of Illinois
Dirksen Building
230 S. Dearborn St.
Chicago, IL  60604

Re:   *Games Workshop Limited v. Chapterhouse Studios LLC*
      Case No. 1:10-cv-08103

Dear Judge Kennelly:

Chapterhouse writes in response to the Games Workshop letter filed with the court April 8, 2013 (Dkt. 347).  We write, in particular, to address Games Workshop's statement that Chapterhouse has not provided a basis for its claim of privilege with respect to the Fiertek documents.  Games Workshop stated to the Court, incorrectly, that "we asked for an explanation of the basis for the claim of privilege, but it has not been forthcoming."

During Mr. Fiertek's deposition on February 28, 2013, counsel for Games Workshop attempted to question Mr. Fiertek about three privileged communications.  Mr. Fiertek identified these statements as privileged communications through which he was seeking or receiving legal advice from attorneys subject to a common legal interest with Mr. Villacci.[1]

Counsel for Chapterhouse immediately advised Mr. Fiertek not to answer any questions about these particular statements, to the extent they represented privileged communications.

---

[1] *See e.g.*, Fiertek Deposition Tr., February 28, 2013, page 109, lines 2-7 ("Q: Do you know which one you're referring to when you said 'I guess this would be illegal to sell'? A: I think that comment referred to details previously given to Mr. Villacci by his legal counsel.  So that's, I guess, privileged stuff."); *see also* Fiertek Deposition Tr., February 28, 2013, page 207, line 2 – page 209, line 14; Fiertek Deposition Tr., February 28, 2013, page 227 line 24 – page 229, line 6.

Hon. Matthew F. Kennelly
April 9, 2013
Page 2

After conferring with Mr. Fiertek to confirm the privileged nature of the communications at issue, counsel for Chapterhouse emailed counsel for Games Workshop on March 20 to invoke Section 5 of the Agreed Protective Order (Dkt. 71), FRE 502, and FRCP 26(b)(5)(B) with respect to the inadvertently produced privileged documents that were used at the deposition. (Email communication from S. Kalemeris to J. Keener, March 20, 2013, Ex. A). In that email, Chapterhouse pointed out that Mr. Fiertek had followed instruction of counsel and refused to answer questions about those communications to the extent they represented privileged communications.

Furthermore, Chapterhouse specifically asserted in that email the following bases for privilege and/or work product protection. All of these explanations were expressly provided to counsel for Games Workshop in the March 20 email (Ex. A), which Games Workshop did not challenge:

- Fiertek Exhibit 6 is subject to attorney-client privilege on the basis that the communication reflected both legal advice from an attorney from Winston & Strawn communication to Mr. Fiertek via his business partner and a subsequent request for clarification of that legal advice. Fiertek Exhibit 6 is also subject to work product protection in that it reflects the mental impressions of an attorney from Winston & Strawn.

- Fiertek Exhibit 11 is subject to attorney-client privilege on the basis that Mr. Fiertek was requesting legal advice from an attorney at Winston & Strawn together with Mr. Villacci. Fiertek Exhibit 11 is also subject to work product protection in that it reflects the mental impressions of an attorney from Winston & Strawn.

- Fiertek Exhibit 15 is subject to attorney-client privilege on the basis that Mr. Fiertek was requesting legal advice from an attorney at Winston & Strawn together with Mr. Villacci.

Hon. Matthew F. Kennelly
April 9, 2013
Page 3

  Therefore, contrary to the assertions of Games Workshop, Chapterhouse laid out the bases for its assertions of privilege and/or work product protection with respect to the documents at issue via its March 20, 2013 email.

              Respectfully submitted,

              *Julianne Hartzell*

              Julianne M. Hartzell

JMH/SJK/jd

cc: Jonathan Moskin (via e-mail)
   Jason Keener (via e-mail)