**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **GAMES WORKSHOP LIMITED,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 10 C 8103** |
| | ) | |
| **CHAPTERHOUSE STUDIOS, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER REGARDING MOTIONS IN LIMINE

MATTHEW F. KENNELLY, District Judge:

The following briefly memorializes the Court's rulings on motions *in limine* made at the pretrial conference held on April 10, 2013:

### Defendant's motions

1.     *Third party website postings (etc.).*  The Court requested a further submission from the parties.  *See* Tr. 12-13, 51.

2.     *Images from defendant's website.*  Defendant's motion is denied.  *See* Tr. 22.

3.     *Fact witnesses giving "expert" testimony.*  Defendant's motion is denied. *See* Tr. 30-31.

4.     *"Icon" marks.*  The Court requested a further submission from the parties. *See* Tr. 41-42, 51-52.

5.     *Spoliation / unproduced evidence.*  The Court directed plaintiff to make further disclosures to defendant regarding access to certain materials.  *See* Tr. 48-51.

<u>Plaintiff's motions</u>

1.     *English law.*  The motion is moot.  *See* Tr. 52.

2, 3 & 4.       *Untimely expert opinions / shoulder pads / evidence of prior similar works.*  Motion 2 is denied as to witness Brewster, subject to renewal during his testimony at trial.  *See* Tr. 53-54.  Motions 2, 3 & 4 are denied with regard to witness Grindley, but plaintiff may take a further deposition of Grindley regarding his supplemental report.

5.     *Dropped claims.*  Evidence that plaintiff, during the litigation, abandoned certain claims is excluded.  It is, however, appropriate for defendant to point out that there is no copyright and/or trademark claim regarding certain products or images.  *See* Tr. 73-77.

6.     *Pretrial rulings / disputes.*  Evidence or argument regarding pretrial rulings by the court is excluded.  *See* Tr. 77.

7.     *Plaintiff's enforcement vis-à-vis third parties.*  Evidence regarding the Paulson lawsuit and its disposition is excluded.  *See* Tr. 78.  The remainder of the motion is deferred; the other evidence covered by the motion may be admissible if plaintiff opens the door at trial.  *See* Tr. 79-81.

8.     *Michael Moorcock license.*  The second July 8, 2008 e-mail by Moorcock identified at the pretrial conference is excluded.  *See* Tr. 85.  The admissibility of the first July 8, 2008 e-mail by Moorcock identified at the pretrial conference will depend on laying the necessary predicate or foundation.  *See* Tr. 88.

9.     *Plaintiff's IP policies.*  Because defendant contends this evidence would be used only to impeach or rebut, ruling is deferred until defendant determines whether to offer the evidence.  *See* Tr. 88-89.

10.     *Pro bono status of defendant's attorneys.*  Evidence or argument regarding this topic is excluded.  *See* Tr. 89.

11.     *Amended / withdrawn pleadings and claims.*   The Court did not make a definitive ruling.  *See* Tr. 90.

12.     *Questions that would invoke a claim of privilege.*  The motion is granted to the extent described at the pretrial conference.  *See* Tr. 91.

<u>Motion to enforce prior discovery orders</u>

1.     The motion is denied with regard to the Villacci books, with the possible exception noted at the pretrial conference.  *See* Tr. 93.

2.     Evidence regarding preservation of Fiertek's research and source materials is admissible.  The Court will determine at the appropriate time, if asked, whether the evidence provides a sufficient basis for an adverse inference instruction.  *See* Tr. 101-02.

3.     Evidence regarding Fiertek's deletion of material from his computer and his post-deposition amendments to his testimony is admissible.  The Court declines to exclude Fiertek's "errata" sheets from his deposition.  The Court will determine at the appropriate time, if asked, whether the evidence provides a sufficient basis for an adverse inference instruction.  *See* Tr. 106-07.

4.     The Court is unpersuaded that Villacci's failure to preserve forum postings warrants an adverse inference.  *See* Tr. 121-22.  Regarding his failure to preserve eBay postings / activity, the Court requested a further submission.  *See* Tr. 122.

_____
    MATTHEW F. KENNELLY
    United States District Judge

Date:  April 25, 2013