**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GAMES WORKSHOP LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 10 C 8103 |
| ) | |
| CHAPTERHOUSE STUDIOS LLC, ) | |
| ) | |
| Defendant. ) | |

### ORDER REGARDING ALLOCATION OF TRIAL TIME

MATTHEW F. KENNELLY, District Judge:

In the final pretrial order in this case, the parties provided the following estimate of the time it would take to try the case:

> **6. Type and Length of Trial**
>
> This is a jury trial that Games Workshop expects to take 7 trial days, dependent on the Court's availability. Chapterhouse expects the trial to take 7-10 days, dependent on the Court's availability. The parties agree that the length of trial may be dependent upon whether and how certain issues and claims are narrowed in connection with the parties' pending summary judgment motions and forthcoming motions in limine.

The Court's summary judgment ruling narrowed the issues to some extent. Thus one would expect the parties' current estimate of trial time to be lower as indicated in their statement in the final pretrial order.

The Court advised the parties that it was considering setting limits on the amount of time to be allocated to the trial in this case. The Court directed each party to submit a witness-by-witness estimate of the amount of time it proposes to spend presenting, on direct examination, the testimony of each witness it plans to call.

Games Workshop stated that it will take 22.5 hours to present the direct examination of the witnesses it plans to call in its case, including some adverse witnesses. If one assumes an equal time for cross examination – a reasonable assumption in the Court's experience – that would bring the total to 45 hours. Chapterhouse stated that it will take 14.75 hours to present the direct examination of the witnesses it plans to call in its case, including some adverse witnesses. Doubling this to account for cross examination brings the total to 29.5 hours.

The total of the two sides' submissions, once each is doubled to account for cross examination, is about 75 hours. This may overstate the actual time predicted, because there is overlap between the two sides' witness lists. For discussion purposes, the Court assumes that the total predicted witness time, including reasonable time for cross examination, is 70 hours. This does not include time for opening and closing arguments. If one adds one hour per side for opening statements and one and one-half hours per side for closing arguments – a reasonable assumption – this would bring the total to about 76 hours.

If one assumes a trial day of five and one-half hours, a relatively generous assumption, this would indicate a trial of about 14 full days. This does not include the time needed for jury selection. If one adds a half day for that, it would mean the trial would require all or part of 15 days. The Court note that this exceeds, by a significant amount, each side's estimate of the length of the trial that was included in the final pretrial order (as indicated earlier, Games Workshop said 7 days, and Chapterhouse said 7 to 10 days).

The Court has a good handle on the issues in this case given its consideration of two rounds of cross motions for summary judgment and extensive briefing and argument on numerous motions *in limine*. If the parties are reasonably efficient, the trial should not take anywhere near as much time as the parties' witness-length estimates suggest. The Court believes that a trial length within the range proposed by the parties in the final pretrial order is more than sufficient.

The Court sets aside the following dates for trial in this case: June 3, 2013 (a.m. session - jury selection; p.m. session - trial), June 4-7, 2013, June 10-11, 2013, and, if needed for closing arguments, the morning of June 12, 2013. The trial day typically will extend from 9:45 a.m. to 12:30 p.m. and from 1:30 or 1:45 p.m. to 5:00 p.m., with morning and afternoon breaks. The Court notes that this is longer than its typical trial day. The Court reserves the right to extend any given trial day to 5:30 if warranted in order to complete the trial within the dates set aside.

The Court allocates a total of forty hours to the trial. The Court allocates half of this time to plaintiff and half to defendant – twenty hours per side. The Court believes this to be a fair and equitable calculation and distribution given its understanding of the evidence and the fact that the case involves both claims that Games Workshop must prove and affirmative defenses that Chapterhouse must prove.

Time will count against a side's allocation whenever it is questioning a witness, arguing an objection, making an opening statement or closing argument, or otherwise presenting its case. The Court has not yet determined whether or how to allocate time needed for questions by jurors.

The Court also notes that it appears that each party intends to designate deposition testimony to be read or played at trial and assumes this will entail the need for the Court to rule on objections to designated testimony. The reading of deposition testimony will, of course, constitute trial time. Time will count against a side's allocation for all testimony that side has designated to be read. The parties are directed to confer prior to the presentation of any deposition testimony to attempt to agree upon how the time spent reading the deposition should be allocated. In this regard, the Court encourages the parties to do their best to pare down deposition testimony to significant and non-repetitive matters. In addition, the time the Court spends considering each party's objections to deposition testimony is time that would be spent in court were the witnesses being presented live. That time will count against the side making the objection, unless and to the extent that the Court determines that the party designating the objected-to testimony has designated testimony of limited probative value or that is otherwise unduly repetitive or cumulative.

The Court reserves the right to adjust the total time and each side's allocation upward or downward for good cause. Good cause to adjust an allocation downward may include, among other things, presenting unduly cumulative testimony or evidence, unduly presenting evidence of minimal probative value, or making unwarranted objections to testimony or exhibits. With regard to exhibits, the Court directs the parties to confer prior to the start of the trial to attempt to pare down their exhibit lists, resolve foundational objections to exhibits by stipulation or otherwise, and attempt to narrow objections to exhibits to the extent reasonably possible.

In addition, the Court notes that Games Workshop has identified a large number of trademarks and copyrights that it contends Chapterhouse has infringed, as well as a large number of allegedly infringing products. To minimize jury confusion and avoid unnecessary waste of time, the Court expects the parties agree upon some reasonably simple way of making reference to particular trademarks / copyrights and infringing items throughout the trial. Games Workshop has proposed to use the "claim charts" that it provided during the discovery process. Chapterhouse objects to this because the charts include allegedly extraneous or argumentative information. The Court directs the parties to confer promptly and to attempt diligently, in good faith, to agree upon a system for identifying the intellectual property rights and allegedly infringing products that are at issue. A party's failure to comply with this directive may result in a decrease in its allocation of time. The parties are to submit a status report regarding this issue by no later than May 7, 2013.

Further particulars of the rules for time allocation may be addressed at or before the trial.

As the Court stated during the pretrial conference, it is exercising its authority pursuant to Federal Rule of Evidence 611 to require that each witness will be called only once and will not be recalled later in the case, except to rebut evidence offered later that the party wishing to recall the witness could not reasonably have anticipated. Consistent with this directive, there will be no restriction on the scope of cross-examination.

The Court also advises that to minimize interruptions in the jury's receipt of evidence, it intends to keep sidebar conferences at a minimum. If a party anticipates

that a matter may come up during a witness's testimony that will require discussion outside the jury's presence, the party should raise the matter beforehand at a break. Where this does not occur, and discussion outside the jury's presence is requested or is necessary, the Court may require the testimony to proceed while holding the issue to be discussed until the following break.

Finally, the Court reminds the parties that it expects and directs counsel for both sides to advise witnesses in advance of their testimony of *in limine* rulings that may impact the witness's testimony – in particular, rulings that preclude or limit admission of evidence about which the witness might otherwise testify.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: April 29, 2013