**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GAMES WORKSHOP LIMITED, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHAPTERHOUSE STUDIOS LLC, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 1:10-cv-08103 <br><br> Honorable Matthew F. Kennelly <br> Honorable Jeffrey T. Gilbert |

**JOINT STATUS REPORT REGARDING PRIORITY OF USE**

At the continued pretrial conference on April 25, 2013, the Court asked that the parties submit this joint status report regarding the Court's April 1, 2013 Order granting Games Workshop summary judgment on the issue of prior use in commerce of the trademarks at issue in the case.

**Defendants' Statement**

We believe we have resolved the prior use issue, consistent with the Court's instruction to not spend too much time on the dates of use, and write to summarize our position and highlight the remaining area of dispute regarding "use in commerce."

In its April 1, 2013 Order, the Court granted to Games Workshop summary judgment that GW "has established prior use in commerce" as to a number of asserted unregistered trademarks as set forth in Games Workshop's Third Supplemental Response to Interrogatory No. 18. (Dkt. 333 at 15). In reaching this decision, the Court relied upon "a detailed spreadsheet containing the names of each product bearing the marks at issue and listing the annual amount of U.S. sales for the product from 2004 until the present." *Id.* CHS believes that this statement is in reference to Exhibit 145 to GW's Opposition to Chapterhouse's Motion for Summary Judgment. Dkt. 232 (filed under seal). As previously noted, the spreadsheet of record in the Summary Judgment

1

briefing does not include at least twenty of the unregistered marks it asserts against CHS, including many that were first identified in the Third Supplemental Interrogatory Responses to Interrogatory No. 18 served on January 31, 2013 (the "Unlisted Marks").[1] Games Workshop agrees that certain marks were not at issue in the Summary Judgment briefing and thus, priority of use must still be proven at trial, including (1) Assault Cannon, (2) Heavy Flamer, (3) Iconoclast, (4) Lascannon, and (5) Powerclaw. *See* (Email from J. Keener to J. Hartzell dated Apr. 8, 2013; April 25, 2013 Tr. at 46).

Separately, CHS has also argued during this lawsuit that GW has not shown that it used the asserted words or symbols as a trademark. This is a different issue than the priority of use of the word or symbol. That issue, however, was not addressed in summary judgment. The spreadsheet submitted by GW to support its summary judgment as to priority of use related only to whether there were U.S. sales of a product that used the word or symbol in some way, but did not provide the factual evidence necessary to determine how each mark was used. GW had not identified either the identity of or the ways in which GW had used the alleged icon marks until April 19, 2013. GW has admitted that certain of its marks have NOT been used in a trademark manner. Dkt. 357 at p. 35 (acknowledging that its basis for liability for certain of the asserted marks was based only on analogous use and unfair competition). Accordingly, there is no basis for GW to contend that the Court's Summary Judgment ruling expands beyond the question of whether or not GW used the words and symbols at issue in interstate commerce. The issue that CHS be-

---

[1] The "Unlisted Marks" include: (1) Assault Cannon (2) Assault Space Marine, (3) Gaunt, (4) Heavy Flamer, (5) Iconoclast, (6) Lascannon, (7) Powerclaw, (8) Tyranid, (9) Ymgarl, (10) Black Templars Icon, (11) Blood Angels Icon, (12) Flesh Tearers Icon, (13) Imperial Fists Icon, (14) Legion of The Damned Icon, (15) Salamanders Icon, (16) Tau Empire Icon, (17) Space Marine Tactical Squad Icon, (18) Space Marine Devastator Squad Icon, (19) Ultramarine Icon, (20) Adeptus Mechanicus Cog Icon, (21) Iron Hands Icon, (22) Space Wolves Icon, (23) Thousand Sons Icon, and (24) Mantis Warrior Icon.

lieves remains to be proven to the jury is the nature of GW's use of each asserted mark. As described more fully below, because we understand the Court's ruling regarding "priority of use" is limited to the date of use, i.e. a finding that GW used each word or symbol listed in the Third Supplemental Interrogatory Response to Int. No. 18 **before** CHS used that word or symbol, CHS withdraws its objection regarding the priority of use for the remaining Unlisted Marks.

To succeed on its trademark claims, Plaintiff bears the burden of demonstrating that it owns a valid, protectable mark for each asserted mark. A mark is protectable by the "party who first appropriates the mark through use, and for whom the mark serves as a designation of source." *Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.*, 188 F. 3d 427, 434 (7th Cir. 1999). "[A] plaintiff must show that it has actually used the designation at issue as a trademark;" *i.e.*, to "perform[ ] the trademark function of identifying the source of the merchandise to the customers." *MicroStrategy Inc. v. Motorola,* 245 F.3d 335, 341 (4th Cir.2001) (*quoting Rock & Roll Hall of Fame & Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir.1998)) (quotation marks omitted) (original emphasis). The plaintiff must demonstrate both that it used the mark in commerce and that the mark was used as a designation of source in order to meet this burden. *See Edsal Mfr. Co., Inc. v. Vault Brands, Inc.*, Case No. 11C9287, 2012 WL 5558849 at *7 (Nov. 15, 2012 N.D. Ill.); 7th Cir. Civil Pattern Jury Instruction at 13.1.2.1. Thus, even though CHS has withdrawn its objection to GW's date-based priority of use of the words and symbols addressed in the April 1 Order, CHS still challenges the substantive nature of GW's use of the asserted marks. GW must still prove at trial with respect to all of its asserted marks that its use of the words or pictures alleged to be unregistered trademarks constitutes actual trademark use of the mark (*i.e.*, use as a source identifier to identify GW as the maker and seller of its products, rather than a non-distinctive image or descriptor). The jury instruction proposed by CHS as

quoted by Plaintiff *infra* includes both elements of the required proof for trademark ownership: "Plaintiff owns a symbol or term as a trademark if (1) Plaintiff used in interstate commerce the symbol or term (2) in a manner that allowed consumers to identify the symbol or term with Plaintiff or its product before Defendant began to use the symbol or term on its product." (Final Pretrial Order at 40) (identification of each subpart added).

Contrary to the argument raised in the Plaintiff's Statement, the Court's Summary Judgment Order did not address the issue of actual trademark use, a factual issue to be determined on a case by case basis. *See Edsal Mfr. Co., Inc. v. Vault Brands, Inc.*, Case No. 11C9287, 2012 WL 5558849 at *7 (Nov. 15, 2012 N.D. Ill.). In fact, no evidence of the method by which the words or symbols, particularly the icon symbols that have only recently been identified by plaintiff, were submitted in the summary judgment briefing. Therefore, as set out above, CHS does seek an amendment from the Court on this issue, but merely outlined as requested by the Court the issues that remain for trial relating to ownership/priority of use.

The issue of GW's inconsistent and non-trademark usage (including use on the back of a book or use as a single image on a page containing a multitude of other images) of many of the alleged icon marks (for example the black templars and the space wolves) and their inability to serve as a trademark identifier was raised by CHS within one business day of finally receiving the identification of how GW used such symbols in the April 22nd status report. Dkt. 357 at 43-44. This inconsistent usage is similar to that addressed by the *Edsal* court as insufficient to establish trademark use. GW's use of certain of the alleged marks also raises similar descriptiveness issues as those discussed in *Edsal*, along with other genericness issues not raised in that case. It remains to be proven at trial, consistent with GW's burden, that GW used the marks in a

4

manner that commercially identifies GW rather than, for example, as a mere word on a page somewhere within a book or as a generic term or descriptor.

**Plaintiff's Statement**

The issue repeatedly raised by Chapterhouse during the two pretrial conferences related solely to the issue of whether the Court's April 1, 2013 Order (Dkt. 333) properly granted Games Workshop Summary Judgment on the issue of priority of use in commerce as to all of the trademarks at issue inasmuch as certain of the trademarks at issue were not on the sales spreadsheet from the first part of the case that was referenced by the Court in its Order. Games Workshop agreed that five marks were not at issue in the Summary Judgment briefing and thus, priority of use must still be proven at trial, including (1) Assault Cannon, (2) Heavy Flamer, (3) Iconoclast, (4) Lascannon, and (5) Powerclaw. Chapterhouse contended that a larger list of marks was still at issue as they were not present on the early sales chart referred to by the Court; however, they were identified in later sales charts that were produced to Chapterhouse as part of the second phase of the case. This dispute is now resolved as Chapterhouse has now withdrawn its objection to the Court's Summary Judgment ruling regarding priority of use in commerce for all of the trademarks at issue (including even for the five to which Games Workshop agreed the Court's order may not apply). (*supra 2*). Thus, for the sole issue raised by Chapterhouse, and for which the Court requested a status update, there is no issue for the Court to resolve or amend its summary judgment opinion.

Despite Chapterhouse's acknowledgement the issue it raised before the Court is now moot, and contrary to the Court's moratorium on any new motions, Chapterhouse has included in the status report a new argument it wishes to raise as a basis for the Court to reconsider its Order granting Games Workshop's motion for summary judgment as to priority of use in commerce of

5

all of the trademarks at issue. Chapterhouse now argues that certain, unspecified marks, were not "used in commerce" as trademarks (*supra 2*). The Court should reject this new argument for four reasons.

First, this new argument was never raised by Chapterhouse in the summary judgment briefing. When a party moves for summary judgment as to liability on a claim, the defendant is on notice that any arguments against liability must be raised or the defendant will risk losing the claim and waiving the defenses. *See Pantry, Inc. v. Stop-N-Go Foods, Inc.*, 796 F. Supp. 1164, 1167 (S.D. Ind. 1992). When a plaintiff moves for summary judgment as to the question of liability, it need not also move for the court to reject all defenses-that is implied by the motion. *See id.* ("A summary judgment on the issue of liability encompasses all affirmative defenses and implicitly challenges the non-movant to establish a basis for finding that the defenses are both applicable and supported by the sufficient facts."). If the defendant fails to raise affirmative defenses in response to a motion for summary judgment, those defenses are waived. *See id.*; *Diversey Lever, Inc. v. Ecolab, Inc.*, 191 F.3d 1350, 1353 (Fed. Cir. 1999) ("[A]n affirmative defense must be raised in response to a summary judgment motion, or it is waived."). Games Workshop moved for summary judgment that Games Workshop "made prior use in commerce of all the trademarks at issue in the case." (4/1/13 Order at 13). Thus, Chapterhouse was put on notice and was obligated to raise in opposition any defenses it had to this motion, whether it took issue with "priority of use" or "use in commerce" as a trademark. The fact that Chapterhouse consciously choose only to contest the issue of "priority of use" in responding to Games Workshop's motion for summary judgment does not give it a basis to now take a second bite at the apple with additional arguments it failed to raise previously. Chapterhouse concedes its summary judgment briefing did not raise the new argument. (*supra* 2). Thus, that argument is

6

waived and the Court need not, on the eve of trial, reconsider its prior summary judgment ruling based on a new argument Chapterhouse now wants to raise, without separately justifying its belated request for reconsideration (for example, based on a change in the law or newly discovered evidence).

Second, Chapterhouse has never previously raised the issue in this case and (as such) has not presented any jury instructions on this issue; thus the jury will have no basis to consider the argument. Chapterhouse's proposed instruction number 28 simply states, "Plaintiff owns a symbol or term as a trademark if Plaintiff used in interstate commerce the symbol or term in a manner that allowed consumers to identify the symbol or term with Plaintiff or its product before Defendant began to use the symbol or term on its product." (Final Pretrial Order at 40). This failure by Chapterhouse to include any jury instructions on the nuance of the issue it is now raising reveals the belated and untimely effort to raise a new issue in an attempt to have the Court reverse its summary judgment opinion as to "priority of use in commerce of all of the trademarks at issue."

Third, Chapterhouse has identified no facts to support its argument. As the Court noted in its summary judgment opinion, in support of Games Workshop's motion for summary judgment Games Workshop "produced a detailed spreadsheet containing the names of each product bearing the marks at issue and listing the annual amount of U.S. sales for the product from 2004 to the present." (4/1/13 Order at 15). In opposition, "the only evidence that Chapterhouse has submitted to rebut that evidence is Villacci's testimony at his deposition" that for twenty-five of the asserted marks Chapterhouse disputed Games Workshop's prior use. *Id.* However, despite arguing for the first time now that certain Games Workshop marks were not used as trademarks, Chapterhouse points to absolutely no evidence in support of this claim. Chapterhouse has not

identified the marks, if any, to which it believes its new argument might apply, nor has it identified any facts to support such an argument. The only two marks identified by Chapterhouse, *supra* at 4, are the Black Templars icon and the Space Wolves icon. For the Black Templars icon, Chapterhouse fails to inform the Court that Games Workshop has informed Chapterhouse that it is not accusing any current Chapterhouse products of infringing this trademark icon. Thus, the issue is irrelevant. As for the Space Wolves Icon, Games Workshop identified two icons which appear repeatedly on Games Workshop's website, on the boxes of its products, on the painted pictures of its products, and in its books all used to indicate that these are Space Wolves related products. Thus, these Space Wolves icons are clearly being used in commerce in a manner that allows consumers to identify the icon with Games Workshop and its products. In addition, the statement by Chapterhouse that there is "no evidence of the method by which the words or symbols, particularly the icon symbols" have been used is simply incorrect, as Games Workshop has produced in discovery extensive packaging and images from its website as well as product catalogs showing use of the names and icons. (Chapterhouse uses the names and marks in precisely the same manner in its own marketing efforts on its website, on eBay, on the forums and in internal product-development emails to identify and refer to the Games Workshop products and characters to which its own products correlate.) Games Workshop cannot be expected to respond to Chapterhouse's motion for reconsideration without understanding which marks Chapterhouse is now contending were not used as trademarks or why.

Fourth, the cases cited by Chapterhouse do not support its argument. In *Johnny Blastoff, Inc.*, the Court held that priority of use in commerce need not require actual sales if there was a public association of the mark with the plaintiff. *Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.*, 188 F.3d 427, 434 (7th Cir. 1999) (Los Angeles Rams had prior and superior rights

8

in the name St Louis Rams even though it had not made any actual sales, but had simply announced and advertised that the franchise was moving from LA to St Louis - based on the additional fact that there was public association of the name with the defendant based simply on the press release and some advertising of the move.). In *Micro Strategy*, the plaintiff used the phrase "intelligence everywhere" in a random way, buried deep in text, and not to identify any particular product or service. Here, by contrast, Games Workshop has provided proof of sales of actual products bearing the names (and icons) at issue, or in a few instances has identified specific references to the names or icons as designating specific, discrete characters associated with Warhammer 40,000. *MicroStrategy Inc. v. Motorola,* 245 F.3d 335, 341 (4th Cir.2001) In each such instance where plaintiff alleges infringement, defendant has used the same names and icons to refer to the same characters.

Dated: May 6, 2013

By: /s/ Julianne M. Hartzell
Julianne M. Hartzell
Sarah J. Kalemeris
Marshall, Gerstein & Borun LLP
6300 Willis Tower
233 S. Wacker Dr.
Chicago, IL 60606
T: 312.474.6300
F: 312.474.0448
E: jhartzell@marshallip.com
E: skalemeris@marshallip.com

Jennifer Golinveaux (CA Bar No. 203056)
Dean A. Morehous (CA Bar No. 111841)
K. Joon Oh (CA Bar No. 246142)
Thomas J. Kearney (CA Bar No. 267087)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5802
Phone: (415) 591-1000
Fax: (415) 591-1400

jgolinveaux@winston.com
dmorehous@winston.com
koh@winston.com
tkearney@winston.com

Bryce A. Cooper (IL Bar No. 6296129)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-1695
Phone: (312) 558-5600
Fax: (312) 558-5700
bcooper@winston.com

*Attorneys for Defendant Chapterhouse Studios LLC*

By: */s/* Jason J. Keener
Jason J. Keener (Ill. Bar No. 6280337)
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: 312.832.4500
Facsimile: 312.832.4700
Email: jkeener@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

*Attorneys for Plaintiff*
*Games Workshop Limited*

## CERTIFICATE OF SERVICE

I, Jason J. Keener, an attorney, hereby certify that on May 6, 2013, I caused to be filed electronically the foregoing Joint Status Report with the Clerk of the Court using the CM/ECF system, which will send an electronic copy of the foregoing to counsel of record and constitutes service under Federal Rule of Civil Procedure 5(b)(2)(D) pursuant to Local Rule 5.9 of the Northern District of Illinois.

s/ Jason J. Keener
Jason J. Keener