**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GAMES WORKSHOP LIMITED, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHAPTERHOUSE STUDIOS LLC, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 1:10-cv-08103 <br><br> Honorable Matthew F. Kennelly <br> Honorable Jeffrey T. Gilbert |

**JOINT STATUS REPORT REGARDING PRIORITY OF USE**

Pursuant to the Court's April 29, 2013 Order, the parties hereby submit this joint status report regarding a system for "making reference to the particular trademarks/copyrights and infringing items throughout trial." (Order at 5).

The parties have agreed that in general that they will use various charts to refer the particular trademarks/copyrights and allegedly infringing products at trial. The parties have further largely agreed to the content of these charts with the exception of a limited number of issues that the parties are still negotiating and hope to resolve (with the exception of the items noted below) without further Court involvement.

For the trademark icons at issue, the parties have agreed to the use of a chart based on the chart Games Workshop provided Chapterhouse on May 2, 2013, which identifies by name and picture the Games Workshop trademark icons and by word and picture the allegedly infringing Chapterhouse products.

The parties have further agreed to the use of a series of simplified side-by-side comparison demonstratives based on the demonstratives Games Workshop provided Chapterhouse on April 2, 2013 which re-order and group many of the pictures of the various products at issue.

1

The parties have the following open issues for the Court:

**1) Use of Prior Claim Charts**

**GW Position –** Games Workshop proposes to use the claim charts (January 11, 2013 and April 8, 2013) under FRE 1006. These claim charts are needed as they provide in summary form the detail underlying Games Workshop's copyright allegations identifying the accused products and the Games Workshop works at issue; identify the various trademark allegations at issue, and are necessary to understand a large percentage of the deposition testimony that was taken by both sides with explicit reference to these charts. Games Workshop agrees to remove from the chart matters not covered by this rule, such as the statements Chapterhouse believes are overly argumentative.

Games Workshop opposes Chapterhouse's suggestion to preclude use of these charts in favor of a new chart focused solely on the trademark issues for two reasons. First, simplified side-by-side demonstratives, while certainly helpful do not give the fully depth of Games Workshop's copyright claims as detailed in these fuller charts. Nor do the connect the trademark and copyright claims for the products and works in issue in one place. The simplified side-by-side demonstratives solely contain a subset of pictures and no text (which was taken from the Chapterhouse website and puts the products in context). Thus, they are not duplicative. Second, the parties intend to submit deposition testimony which would makes numerous references to pages and specific portions of these charts which would be unnecessarily confusing without reference to these charts. Substituting the re-organized, re-grouped, and simplified side-by-side demonstratives would make much of the deposition testimony confusing and inaccurate. For example, deposition testimony refers to the text in the claim chart (such as the text Chapterhouse uses to explain its products). Such text does not appear in the simplified side-by-side

demonstratives. Additionally, deposition testimony refers to products on different pages of the chart which are now grouped together differently for purposes of the side-by-side simplified demonstratives.

**CHS Position** – Chapterhouse objects to the use of the claim charts—which are Games Workshop's contention interrogatory responses from discovery—because they are duplicative and argumentative. The claim charts are duplicative because, as noted above, the parties have agreed to use summary charts listing Games Workshops trademark claims and "side-by-side demonstratives" listing its copyright claims. Those new demonstratives are already Rule 1006 summaries, so there is no need for more. And to address Games Workshop's concern that the interrogatory responses were used during depositions, Chapterhouse has proposed that the parties could use the new demonstratives as if they were the same document discussed at the deposition.

The claim charts are also argumentative, because they contain GW's contentions. For example, even Row 1 of the April 8 claim chart states that "it is easier to see from the image below the similarity of Chapterhouse's hammers to GW's." Indeed, Games Workshop previously produced the new side-by-side demonstratives precisely to address Chapterhouse's objections, writing in an e-mail that "[w]e have also removed much of the language, perhaps curing your objection to the claim charts." There is no need for this one-sided commentary within the demonstratives.

Finally Games Workshop also asks for Chapterhouse's product text descriptions to appear on the copyright chart. But there is no allegation of copyright infringement as to any product text descriptions; there are only trademark infringement allegations. Thus, to avoid juror confusion between copyright allegations and trademark allegations, and because Chapterhouse text is only relevant to trademark infringement, that text be on the trademark chart. Having these

two charts now will also make it easier for the parties to submit a proposed Verdict Form, which shows the comparisons the jury is supposed to make, but Games Workshop did not want to discuss a verdict form at this time.

2) **Use of Chapterhouse pictures that are painted and assembled**

**GW Position** – For the reasons stated in the briefing on Chapterhouse's Motion in Limine Number 2 and consistent with this Court's ruling denying Chapterhouse's motion in limine number 2 in full, Games Workshop intends to refer to Chapterhouse's products through use of Chapterhouse pictures from its website that show the products in painted and assembled form. Chapterhouse is simply incorrect in stating that Games Workshop's claims do not include the painted and assembled versions; indeed, the fact that Games Workshop has included the painted and assembled versions in the claim charts for the entirety of the case (including depositions and summary judgment briefing in both phases) demonstrate the factual incorrectness of Chapterhouse's position. Chapterhouse will be able at trial to introduce evidence that while the products are marketed in assembled/painted form, it sells and ships unpainted and unassembled pieces. Moreover, for those products which are conversion kits, Chapterhouse will be able to introduce evidence about exactly which portions of the picture represent the conversion kit pieces sold by Chapterhouse.

**CHS Position – As to painted products:** Chapterhouse concedes that the Court has already ruled that images of painted products are relevant to prove copyright infringement for the unpainted products that Chapterhouse sells (the Court referred to a model airplane box as an example). But Games Workshop now asks to extend that ruling and let it expand its copyright infringement claims, which were previously only about the goods that Chapterhouse sells (unpainted), to now include the website images that are on Chapterhouse's website (often shown

4

painted). Games Workshop should not be allowed to double the number of its claims overnight, when throughout this case it only identified Chapterhouse's sold products as infringing.

**As to assembled products:** Many of the accused Chapterhouse products are add-ons that can be attached to or work with Games Workshop products. For example, there is a conversion kit that Chapterhouse sells, consisting of armor plates, which can be added to an existing Games Workshop figure. The problem is that Games Workshop's claim charts show a fully assembled figure (a GW figure with CHS armor plates), but without saying that only the Chapterhouse armor plates infringe. Chapterhouse is not saying Games Workshop can never use the pictures of the assembled products. But any time the picture of an assembled product is used, the actual accused components on that picture should be highlighted or designated with arrows. Otherwise, the jury will be confused into assuming that Chapterhouse must sell the fully assembled figure as-is, and make a copyright infringement comparison on that basis.

### 3) Inclusion of Multiple Images Per Chapterhouse Product

**GW Position** – For various Chapterhouse products Games Workshop has included multiple pictures of models or illustrations as the basis for its copyright allegation. For example, Games Workshop alleges that Chapterhouse's "Eagle Thunder Hammer" infringes Games Workshop's copyrights for its Space Marine Thunder Hammer. As Games Workshop cannot know which pictures (among the thousands made by Games Workshop showing thunder hammers) that Chapterhouse actually used in development (due to their failure to retain these records), Games Workshop included a sampling of Games Workshop thunder hammers as shown on models, pictures, and illustrations. It is Games Workshop's position that such a comparison is appropriate and most effectively allows the jury to answer the question on whether the Chapterhouse product infringes Games Workshop's copyrights. Moreover, because

5

Chapterhouse has not saved records of the product development (often by semi-independent developers) it has not disputed and cannot dispute access to all of these images cited by Games Workshp. Hence there is no reason to limit arbitrarily the presentation of relevant evidence.

Games Workshop opposes Chapterhouse's suggestion to make the claim charts orders of magnitude longer by inserting separate additional rows, where each row has only one Chapterhouse product and one Games Workshop image. Such added complexity will make the issues more, not less, complex and would only add length to the trial and needlessly confuse the jury.

**CHS Position** – Games Workshop's copyright infringement claim charts often identify several of its own drawings and product images in one column, and Chapterhouse's accused product in another column. The jury cannot know what comparison they are supposed to make, and Chapterhouse therefore asked for some clarification. If Games Workshop alleges that Chapterhouse copied portions of each of the several images, then that should be pointed out with an identification of which portion of which image is alleged to have been copied. On the other hand, if Games Workshop alleges that Chapterhouse separately copied all five images, then that should be noted. Otherwise, the risk is that the jury will assume that just because the charts show multiple Games Workshop images (the thunder hammer allegation shows five different hammers, for example), then Chapterhouse must infringe just by selling a thunder hammer, which would not be correct. As to Games Workshop's argument about having access to products, that is a red herring, since Games Workshop has to prove access as one of its claim elements regardless of which items are included on the copyright infringement demonstrative. The copyright infringement demonstrative is supposed to reflect Games Workshop's allegations for the jury to consider, and right now they do not make clear what those allegations are.

4) **Chapterhouse Product Naming**

**GW Position** – Games Workshop does not believe the parties need the Court's guidance on this issue at this time. During the past week, Chapterhouse identified one name for which it requested a change ("Eagle Thunder Hammer for Space Marines") for which Games Workshop tentatively agreed. After 5:00pm today, Chapterhouse provided Games Workshop with a list of twenty product names for which Chapterhouse requested Games Workshop modify the names. Games Workshop agreed to modify the names to the extent they did not reflect a name Chapterhouse had itself to market its products. Games Workshop asked Chapterhouse if it disputed that it had used the names Games Workshop used, but Chapterhouse refused to respond. As a number of the pictures for the side-by-side comparison were taken from a more recent version of the Chapterhouse website, those exhibits reflect updated product names that remove some of the allegedly infringing trademark usage. However, Games Workshop does not belive that should stop it from asserting in the summary charts infringement based on the actual names that Chapterhouse has used throughout the case.

**CHS Position** – This issue may yet be resolved before the status hearing. In its claim charts, Games Workshop gives certain incorrect names to several of Chapterhouse's products. These are names that Games Workshop alleges that Chapterhouse might have used at one time, but for which Games Workshop does not have any exhibits or deposition testimony that would warrant using that name on a trial demonstrative. Chapterhouse made this objection last week, and Games Workshop did not agree to wwithdraw the names. Chapterhouse today followed up its earlier emails with a chart listing all such occurrences it has found so far (see attached Exhibit A). For example, Chapterhouse sells a product called "Eagle Thunder Hammer," but Games Workshop's chart identifies that product as "Thunder Hammers for Space

7

Marines (Eagle & Salamander)" (emphasis added). Games Workshop agreed to re-list that particular product as "Eagle Thunder Hammer," but has not yet agreed to use the appropriate names as shown on Exhibit A for all other products. To the contrary, Games Workshop asked Chapterhouse to prove a negative, and prove which names Chapterhouse had not previously used. At bottom, the claim charts should use the same name that the document cited in the claim chart used, because it is that document upon which Games Workshop's current alleged claim is based.

Dated: May 7, 2013

By: */s/* Imron T. Aly
  Julianne M. Hartzell
  Sarah J. Kalemeris
  Marshall, Gerstein & Borun LLP
  6300 Willis Tower
  233 S. Wacker Dr.
  Chicago, IL 60606
  T: 312.474.6300
  F: 312.474.0448
  E: jhartzell@marshallip.com
  E: skalemeris@marshallip.com

  Jennifer Golinveaux (CA Bar No. 203056)
  Dean A. Morehous (CA Bar No. 111841)
  K. Joon Oh (CA Bar No. 246142)
  Thomas J. Kearney (CA Bar No. 267087)
  WINSTON & STRAWN LLP
  101 California Street
  San Francisco, CA 94111-5802
  Phone: (415) 591-1000
  Fax: (415) 591-1400
  jgolinveaux@winston.com
  dmorehous@winston.com
  koh@winston.com
  tkearney@winston.com

  Bryce A. Cooper (IL Bar No. 6296129)
  WINSTON & STRAWN LLP
  35 West Wacker Drive

Chicago, IL 60601-1695
Phone: (312) 558-5600
Fax: (312) 558-5700
bcooper@winston.com

*Attorneys for Defendant Chapterhouse Studios LLC*


By: */s/* Jason J. Keener
Jason J. Keener (Ill. Bar No. 6280337)
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: 312.832.4500
Facsimile: 312.832.4700
Email: jkeener@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

*Attorneys for Plaintiff Games Workshop Limited*


**CERTIFICATE OF SERVICE**

I, Jason J. Keener, an attorney, hereby certify that on May 7, 2013, I caused to be filed electronically the foregoing Joint Status Report with the Clerk of the Court using the CM/ECF system, which will send an electronic copy of the foregoing to counsel of record and constitutes service under Federal Rule of Civil Procedure 5(b)(2)(D) pursuant to Local Rule 5.9 of the Northern District of Illinois.

s/ Jason J. Keener
Jason J. Keener

9