IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GAMES WORKSHOP LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:10-cv-08103 |
| v. | ) | |
| | ) | |
| CHAPTERHOUSE STUDIOS LLC | ) | |
| | ) | Judge Matthew F. Kennelly |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION TO EXCLUDE EXPERT OPINIONS OF DR. GRINDLEY**

Games Workshop Limited's ("GW") new motion to exclude Dr. Carl Grindley's expert testimony reads like a standard cross-examination outline. GW is free to pursue any of its critiques at trial. But those critiques—which have already been addressed and denied by the Court in GW's first round of motions *in limine*—relate only to the weight of Dr. Grindley's proposed testimony, and not its admissibility. Accordingly, the testimony should not be excluded.

**I.     GW's Motion is Improper Reargument**

GW's motion is almost exclusively re-hashed argument from its previously-denied motion *in limine*. For example, GW argues that Dr. Grindley "fails to understand or apply the correct definition of 'originality' under copyright law" (Mot. at 7). But that is the same thing GW argued before, that Dr. Grindley "is confused as to the originality standard for copyrightability." (Dkt. 317, GW Original MIL at 9-10.) GW obviously misunderstood the nature of the second expert deposition allowed by the Court. It was not to retread old ground, but to address Dr. Grindley's ***supplemental*** expert report. As the Court ruled, "I'm going to

permit the plaintiff to go back and depose Grindley *on his supplemental report*." Cooper Decl. Ex. 1, 4/10/13 Tr. at 123:5-7; *see also* Dkt. 359, Order at 2 ("Motions 2, 3 & 4 are denied with regard to witness Grindley, but plaintiff may take a further deposition of Grindley *regarding his supplemental report*").

Dr. Grindley's supplemental report made limited additions to his original report. Specifically, Dr. Grindley added:

> With the benefit of Mr. Merrett's deposition, I now can and have identified a number of design differences between Games Workshop's and Chapterhouse's products that Games Workshop appears to believe are non-significant, and for which I disagree. I have amended my chart at Exhibit B to this report to specifically identify some of these design elements.

Cooper Decl. Ex. 2, ¶ 60.[1] Rather than question Dr. Grindley on these supplements, GW spent the vast majority of Dr. Grindley's second deposition once again exploring the opinions and images he included in his *original* report. GW freely admits it took "a further deposition of Dr. Grindley on these issues," referring to the Court's denial of GW's old motions *in limine*. Mot. at 2. GW's new motion does not even cite Dr. Grindley's supplemental report, much less make any arguments that apply to his supplemental opinions. In fact, GW specifically states in a footnote that it is not taking issue with the opinions Dr. Grindley added in his supplemental report. Mot. at 2, n.2.[2]

Because GW concedes that it already filed three motions *in limine* on Dr. Grindley's opinions expressed in his original report, including his methodology to reach those opinions

---

[1] The "supplemented" portions of Dr. Grindley's report are at ¶¶ 2 and 59-63, and the text in Exhibit B under "Examples of Differences between CHS and GW Works." *See* Cooper Decl. Ex. 2. The remaining paragraphs and images were in the original submission.

[2] GW states: "Dr. Grindley identifies minute differences between the products in his supplemental report . . . Games Workshop is not seeking to preclude Dr. Grindley from testifying about the similarities and differences between the Chapterhouse and Games Workshop products identified in his report."

2

(Mot. at 1), and the Court has already denied them, GW's new motion is both moot and tardy. GW is not entitled to a second bite at the apple.

**II.     Dr. Grindley's Expert Opinions are Proper to Aid the Jury in Deciding the Ultimate Issues in Dispute**

Whether intentionally or not, GW's motion confuses two different issues: offering a legal conclusion versus offering opinions that aid the jury in making a finding. True, Dr. Grindley does not offer any legal conclusions about "originality" or "copyrightability" using those words. Those are ultimate questions for the jury to decide, and Dr. Grindley is not a copyright lawyer—but that is no reason to take pot shots at him, as GW does (criticizing him because he "simply teaches English at a community college"). Mot. at 7. Dr. Grindley is more than qualified to opine about the "degree of creativity" in GW's works and other *scenes a faire* and fair use factors.[3] Dr. Grindley's testimony is relevant to show fair use, and the Court already ruled upon this issue on several occasions.

In previously denying GW's motion for summary judgment on CHS's affirmative defense of fair use, the Court noted that:

> [C]haracters that GW has created undoubtedly share many of their traits with other fictional characters in science-fiction and fantasy genres, and the Space Marines include traits and armor similar to those worn by real soldiers throughout history. Thus although Warhammer 40K is undeniably fictional, many components of GW's products bear substantial similarly to items found throughout history.

---

[3] GW has not provided *any* record citation, including deposition testimony for which GW had ample opportunity to explore Dr. Grindley's qualifications, to support any claim that Dr. Grindley is unqualified to provide a comparative analysis of the design and artistic elements present in the GW and CHS products and the science fiction genre. To the contrary, his extensive background, which includes Masters and Doctorate degrees and extensive scholarship and teaching (not only at the largest community college in the country, which GW derides, but also at Yale University, the University of Victoria, the University of British Columbia, and the City University of New York ("CUNY")) on the contemporary world's appropriation of historical images, and the fields of medievalism, popular culture, and science fiction literature and film, qualify him as an expert in this case. *See* Cooper Decl. Ex. 2 at ¶¶ 4-12, Ex. 3.

Dkt. 333 at 19. This is one of several factors that must be "explored, and the results weighed together, in light of the purposes of copyright." *Id.* at 18 (citing *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 577–78 (1994)). Such a "fact-intensive inquiry" should preclude exclusion of this evidence before trial even begins. *Id.*

The Court also noted at the hearing on GW's first motion *in limine*, that even though it held that GW's shoulder pads had copyrightable elements, CHS could still argue "there's a bazillion and one shoulder pads out there" so "the defense of fair use might be, well, [it] isn't all that copyrightable." Cooper Decl. Ex. 1, 4/10/13 Tr. at 61:4-13. GW's second bite at the apple on this identical issue should be denied.

Even if the Court were to reach the other merits of GW's arguments, it is clear that they address only the weight of Dr. Grindley's testimony and not its admissibility. Not surprisingly, GW and Dr. Grindley disagree about how they view the facts. GW believes that there are "vast differences" between its various futuristic soldiers, whereas Dr. Grindley "sees both of these as simply examples of 'future soldiers'" with many common design elements. Mot. at 6. GW then goes on to catalog its perceived differences between its Space Marines and several images. Mot. at 7, Keener Decl. Ex. C. These are not reasons to exclude expert testimony. They are quintessential disputes of fact for the jury to hear and evaluate.

### III. Dr. Grindley's Opinions are Properly Disclosed and His Methodology is Sufficient and Subject to Cross Examination

Finally, GW complains that Dr. Grindley did not provide enough detail in his expert report—again referring back to his original report (not his supplement)—and again re-hashing an argument GW already made (*see* Dkt. 317, GW Original MIL at 4-5) and the Court ruled upon (*see* Dkt. 359, Order at 2). GW says that Dr. Grindley's claim chart is insufficient, because it has pictures but not enough words comparing each common design element. But the pictures are

4

worth a thousand words. A visual comparison of what Dr. Grindley was talking about makes this point clear. A couple of examples are excerpted below:



Cooper Decl. Ex. 2 at Ex. B, p. 63, 126. As the Court previously ruled, this type of comparison is sufficient under the circumstances:

> See, I've got to tell you, Mr. Keener, when you tell me that all Grindley says is, well, anybody looking at this chart could figure out what I was going to say about it, I think I could have. I'm not sure I'm anybody, but when I see this what I'm looking at here, it's pretty obvious that what he's going to say is that, you know, the stuff that they're saying that was infringed here, it's out there. There's a lot of things like this.

Cooper Decl. Ex. 1, 4/10/13 Tr. at 70:6-13. And GW knows full well what the comparisons are that Dr. Grindley made, and has now had the opportunity of two full days of depositions to explore them. *See* Dkt. 336, CHS Resp. to GW Original MIL, at 2-4. Nothing has changed, and there is no reason to revisit this ruling.

Recognizing that the Court might "find that Dr. Grindley properly disclosed some sort of opinions," having done so once already, GW concludes by arguing that Dr. Grindley used an inappropriate methodology. Dr. Grindley's expert opinion is that GW's products contain various features that are common design elements in the field, and found evidence supporting his opinion. GW apparently wanted much more, but (a) does not explain what more was required, (b) cites *no law* in support of its request, and (c) ignores case law finding *scenes a faire* based upon only very simple evidence. GW does not explain what more Dr. Grindley was supposed to have done. But it suggests, both through its motion and deposition questions, that Dr. Grindley should have undertaken a worldwide survey of every use of shoulder pads (for example), before sharing his opinion that GW's shoulder pads have very common and standard features. But there is no basis for this type of request, which Dr. Grindley estimated "would be almost like between an MA and Ph.D type project" for each of hundreds of design elements common to the science fiction genre utilized by GW and at issue in this case. Keener Decl. Ex. A at 304:15-17. The law simply requires evidence that elements "are as a practical matter indispensable, or at least

6

standard, in the treatment of a given topic." *Gentieu v. Tony Stone Images Chicago, Inc.*, 255 F.Supp.2d 838, 851 (N.D. Ill. 2003) (citation omitted).[4] Dr. Grindley's testimony meets this standard.

GW's brief then concludes with yet another example of classic cross examination material. Although Dr. Grindley explained why certain design elements in GW's products are common to the science fiction genre, GW argues that the "combination" of features—such as using "legs with various foot, shin, thigh, and groin armor" in combination with "a torso with belt, chest armor, and neck" (among other things)—should have been separately addressed. Mot. at 14-15. There is no such requirement. And, notably, GW could have presented its own expert advancing this opinion or rebutting Dr. Grindley's. It chose not to.

GW also cites to the *Atari* case, as somehow helping it (Mot. at 15), but that case only helps CHS. According to GW, Dr. Grindley had to separately address each "combination" of features in GW's products to establish its *scenes a faire* defense. (*Id.*) But *Atari* does not say that. To the contrary, the *Atari* court looked to the PAC-MAN game and found that several game elements were common *scenes a faire* elements, such as "the maze and scoring table," "wrap around" tunnel exits, and the "use of dots." *Atari, Inc. v. N. Am. Phillips Consumer Elec. Corp.*, 672 F.2d 607, 617 (7th Cir. 1982). There was no requirement nor indication that these features were found *in combination* in any prior game, yet it was clear that because each of them is common somewhere, these features were protected by the *scenes a faire* doctrine. The same is true here, and there is no basis to exclude Dr. Grindley's opinions.

---

[4] *See also Bucklew v. Hawkins, Ash, Baptie & Co.,LLP,* 329 F.3d 923, 929 (7th Cir. 2003) ("a copyright owner can't prove infringement by pointing to features of his work that are found in the defendant's work as well but that are so *rudimentary, commonplace, standard, or unavoidable* that they do not serve to distinguish one work within a class of works from another."); *Incredible Techs., Inc. v. Virtual Techs., Inc.*, 284 F.Supp.2d 1069, 1080 (N.D. Ill. 2003) (Kennelly, J.) ("Although these elements are protected at least in their 'shapes, sizes, colors, sequence, and arrangements' . . . they are to be treated as scenes a faire, and are afforded protection only from virtually identical copying.").

Dated: May 29, 2013  Respectfully submitted,

/s/ Bryce A. Cooper

Jennifer A. Golinveaux (CA Bar No. 203056)
Thomas J. Kearney (CA Bar No. 267087)
   WINSTON & STRAWN LLP
   101 California Street
   San Francisco, CA 94111-5802
   Phone: (415) 591-1000
   Fax: (415) 591-1400
   jgolinveaux@winston.com
   tkearney@winston.com

Imron T. Aly (IL Bar No. 6269322)
Bryce A. Cooper (IL Bar No. 6296129)
   WINSTON & STRAWN LLP
   35 West Wacker Drive
   Chicago, IL 60601-1695
   Phone: (312) 558-5600
   Fax: (312) 558-5700
   ialy@winston.com
   bcooper@winston.com

Julianne M. Hartzell (IL Bar No. 6275093)
Sarah J. Kalemeris (IL Bar No. 6303644)
   MARSHALL, GERSTEIN & BORUN LLP
   233 S. Wacker Drive
   Willis Tower Suite 6300
   Chicago, IL 60606
   Phone: (312) 474-6300
   Fax: (312) 474-0448
   jhartzell@marshallip.com
   skalemeris@marshallip.com

**CERTIFICATE OF SERVICE**

    I, Bryce A. Cooper, an attorney, hereby certify that on May 29, 2013, I caused to be filed electronically the foregoing DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE EXPERT OPINIONS OF DR. GRINDLEY with the Clerk of the Court using the CM/ECF system, which will send an electronic copy of the foregoing to counsel of record and constitutes service under Federal Rule of Civil Procedure 5(b)(2)(D) pursuant to Local Rule 5.9 of the Northern District of Illinois.

                                              ____/s/  Bryce A. Cooper_____