IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **GAMES WORKSHOP LIMITED,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10 C 8103 |
| | ) |
| **CHAPTERHOUSE STUDIOS, LLC,** | ) |
| | ) |
| Defendant. | ) |

**ORDER ON PLAINTIFF'S MOTION TO EXCLUDE**
**EXPERT OPINIONS OF DR. GRINDLEY**

For the reasons stated below, the Court grants in part Games Workshop's motion to exclude expert opinions of Chapterhouse's expert Dr. Carl Grindley and denies the motion in part.

Dr. Grindley says in his supplemental report that he has "been asked to opine on whether elements of the Games Workshop New Allegedly Infringed Works can be found in or are derived from pre-existing works from historical, medieval, cinematic, or science fiction sources." Def.'s Resp. to Pl.'s Mot. to Exclude, Ex. 2 ¶¶ 1 & 31. This is identical to the way in which Dr. Grindley described in his original report the topic on which he has been asked to opine. *See* Def.'s Resp. to Pl.'s Mot. In Limine, Ex. 3 ¶ 1.

1. Dr. Grindley may testify regarding prior expression that is similar to Games Workshop's works or elements of those works. The Court also notes that Games Workshop has expressly disavowed any request to preclude Dr. Grindley from rendering opinions regarding similarities and differences between Chapterhouse's products and Games Workshop's products. *See* Pl.'s Mot. to Exclude Expert Ops. of Dr. Grindley at 2 n.2. Testimony on these points is relevant regarding (perhaps among other things) the issues of whether Chapterhouse copied protected expression and the defense of fair use.

2. Dr. Grindley may not appropriately testify, however, that Games

Workshop's works, or aspects of them, are "derived from" or are "derivative of" prior expression or that they "do not … depart from pre-existing sources." He uses the term "derivative" in a manner arguably inconsistent with its usage in the law of copyright. Even were that not the case, testimony along these lines would pose an undue potential for confusing the jury that far outweighs the testimony's probative value. Such testimony also could be understood as an opinion or conclusion regarding how Games Workshop and its designers went about creating the allegedly infringed works and their various elements, a topic on which expert opinion would be inappropriate and on which Dr. Grindley has no appropriate evidentiary basis to testify.

     3.    To the extent it has not previously been made clear, Dr. Grindley may not render an opinion on the issue of copyrightability or the ultimate issue of infringement. Nor may he render an opinion or conclusion regarding the question of originality. In this regard, the Court agrees with Games Workshop's contention that the definition of originality that Dr. Grindley has applied is sufficiently dissimilar to the usage of that term in copyright law that his testimony on these points would unduly confuse the jury and unfairly prejudice Games Workshop. As indicated earlier, however, this does not mean that Dr. Grindley may not testify regarding similarities between Games Workshop's works and other images or products that Dr. Grindley has collected from sources that predate the creation of Games Workshop's works. The Court is unpersuaded that this is an inappropriate topic for expert testimony or that Dr. Grindley has insufficient expertise, an insufficient basis, or improper methodology for such testimony. In questioning Dr. Grindley, however, Chapterhouse will have to draw a line between testimony regarding such similarities and testimony that amounts to an opinion or conclusion that Games Workshop's products or elements of them are not original.

     4.    Dr. Grindley may not render an opinion or conclusion regarding the issue of whether Chapterhouse did or did not copy Games Workshop's works or elements of them. He has no appropriate basis in the evidence to render an opinion regarding events (development of Chapterhouse's works) regarding which he has no direct knowledge.

     5.    The Court is unpersuaded by Games Workshop's argument that Dr. Grindley has an insufficient basis or inappropriate methodology on which to opine that

2

certain features are common, either singly or together, in expression that predated Games Workshop's works. The arguments that Games Workshop makes in this regard are appropriate topics for cross examination, and they may have a significant bearing on the weight to be given to Dr. Grindley's testimony on these points, but they are not a basis for exclusion of the testimony.

      6.     The Court precludes, however, testimony by Dr. Grindley on the question of how "creative" Games Workshop's works were. The Court acknowledges that degree of creativity is a factor regarding fair use, but it sees no basis to find that Dr. Grindley has any greater ability to assess "creativity" than the jurors. Thus his testimony on this point will not assist the trier of fact. *See* Fed. R. Evid. 702. Chapterhouse may, via Dr. Grindley, introduce evidence regarding similarities in prior expression as the Court has already stated, but it may not elicit from him conclusions or opinions regarding how those similarities bear on the question of degree of creativity.

                                                  _____
                                                    MATTHEW F. KENNELLY
                                                    United States District Judge

Date: June 1, 2013