**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **GAMES WORKSHOP LIMITED,** | ) |
| | ) |
|        **Plaintiff,** | ) |
| | ) |
|        vs. | )   Case No. 10 C 8103 |
| | ) |
| **CHAPTERHOUSE STUDIOS, LLC,** | ) |
| | ) |
|        **Defendant.** | ) |

**ORDER CONCERNING JOINT STATUS REPORT
<u>REGARDING PRIORITY OF USE ISSUE</u>**

      A plaintiff in a trademark infringement case must prove that it owns the trademark; the mark is valid; the defendant used the mark in interstate commerce; and the defendant did so in a manner likely to cause confusion regarding the source, origin, sponsorship, or approval of defendant's product. *See* 7th Cir. Pattern Civil Jury Instr. 13.1.2. To establish ownership of an unregistered trademark, the plaintiff must prove that it used the symbol or term in commerce in a manner that allowed consumers to identify it with plaintiff or its product before defendant began to use the symbol or term on its product. *See id.* 13.1.2.1; *see, e.g., Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.*, 188 F.3d 427, 433-34 (7th Cir. 1999).

      Plaintiff Games Workshop previously moved for partial summary judgment on various points, including the question of its prior use in commerce of the majority of its claimed trademarks. Games Workshop's motion said that it sought a finding that "Games Workshop has made prior use in commerce of its trademarks." Dkt. No. 291 at 1. The Court granted Games Workshop's motion as to all but 25 of the 107 trademarks that the Court understood to be at issue in the case. *See Games Workshop Ltd. v. Chapterhouse Studios LLC*, No. 10 C 8103, 2013 WL 1340559, at *7-8 (N.D. Ill. Apr. 1, 2013).

There was further discussion of the priority of use issue at the continued final pretrial conference held on April 25, 2013.  As a result of that discussion, the Court directed the parties to confer and to submit a joint status report setting forth their positions.  The parties have done so.  *See* Dkt. No. 363.

In its section of the status report, Chapterhouse contends that Games Workshop "has not shown that it used the asserted words or symbols *as a trademark*." Dkt. No. 363 at 2 (emphasis added).  It says that "[t]his is a different issue than the priority of use of the word or symbol" and that it "was not addressed in summary judgment." *Id.* Chapterhouse says that the Court's ruling "is limited to the date of use, i.e. a finding that [Games Workshop] used each word or symbol . . . *before* [Chapterhouse] used that word or symbol." *Id.* at 3.  Chapterhouse says that it still disputes Games Workshop's prior use *as a trademark* and that the Court's ruling does not cover this.

Chapterhouse is wrong; the Court's ruling does cover this point.  As indicated earlier, Games Workshop's motion made it crystal clear that it was seeking a finding that it had "made prior use in commerce *of its trademarks*." Dkt. No. 291 at 1 (emphasis added).  In other words, Games Workshop specifically sought a finding that it had made usage of the terms *as trademarks* before Chapterhouse used them.  The motion would have been a largely pointless exercise without this.  A bare finding of the date of usage of a term, without a corresponding finding that it was used as a trademark, would not have saved Games Workshop any time or effort at all at trial, as it would have left Games Workshop with the obligation to prove the nature of its usage on the particular date in question.

Chapterhouse could not reasonably have believed – and, to be blunt, the Court does not think that it actually *did* believe – that Games Workshop was seeking via its motion only a date-of-usage finding, as opposed to a date-of-usage-as-trademark finding.  The motion sought the latter.  If Chapterhouse wanted to raise an issue regarding the nature of Games Workshop's usage of some or all of the marks at issue, the time to do so was in its response to Games Workshop's motion.  That response was silent on this point.  In short, Chapterhouse forfeited the point by failing to raise it in response to Games Workshop's motion for partial summary judgment.

Chapterhouse's stated position, as Games Workshop accurately interprets it, amounts to a request for a do-over of the partial summary judgment motion. That request comes too late in the day. The purpose of a motion for reconsideration is to correct errors the Court has made or bring to the Court's attention matters that it overlooked, not to patch holes in the moving party's prior submissions.

In sum, the Court's partial summary judgment ruling established that Games Workshop made prior usage in commerce, as a trademark, of each of the marks covered by the ruling. The only remaining issue is exactly what marks are *not* covered by the ruling. It appears to the Court that the parties have agreed on this point, but the status report is not completely clear. By no later than the time trial starts tomorrow morning, the parties are to make a joint written submission, not to exceed three pages, listing the following: (a) each mark at issue in the trial that is *not* covered by the Court's partial summary judgment ruling regarding priority of use; (b) any mark contained in list (a) as to which Chapterhouse does not dispute Games Workshop's priority of use as a trademark.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: June 2, 2013