IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAMES WORKSHOP LIMITED,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHAPTERHOUSE STUDIOS LLC and JON PAULSON d/b/a PAULSON GAMES<br><br>　　　　　Defendants. | Civil Action No. 1:10-cv-8103<br><br>Hon. Matthew F. Kennelly |

**JOINT STATUS REPORT FOR ENTRY OF JUDGMENT**

The parties respectfully submit the following joint status report in connection with the Court's request that the parties settle a judgment herein to reflect the jury verdict – prior to entry of final judgment with injunctive relief. Games Workshop submits that the Court should enter the judgment attached as Exhibit A. Chapterhouse submits that the Court should enter the judgment attached as Exhibit B.

　　　1.　　**Games Workshop's Statement:**

Games Workshop believes there are three substantive differences between the parties' proposed judgments, (i) interim Court orders Chapterhouse seeks to include in paragraphs 2 and 12 of its proposed judgment; (ii) prior consent judgments voluntarily made by Games Workshop in paragraphs 10 and 11 of Chapterhouse's proposed judgment and (iii) whether Chapterhouse has any basis to move for costs (as it requests leave to do in Paragraph 13 of its proposed judgment).

　　　a.　　<u>Interim Court Orders</u> Games Workshop objects to inclusion in the judgment of Chapterhouse's paragraph 2. The interim order in Paragraphs 2, the Court's order is a matter of public record, and there seems no more reason to include this discovery order than any other discovery order. It has nothing to do with the substantive outcome of the case.

1

.

Finally, if an interim order such as that set forth in paragraph 2 of Chapterhouse's proposed judgment is to be listed, Games Workshop would request the addition of the following paragraphs addressing other interim orders:

- "The Court has previously found that Games Workshop is the proper owner of all of the copyrights asserted in the case."

- "The Court has previously found that the Games Workshop's Space Marine Shoulder Pad is copyrightable due to the size, shape, and proportion of the shoulder pad."

- "The Court has previously found that Games Workshop has established prior use in commerce as a trademark for the following unregistered trademarks:

    Adeptus Mechanicus; Assault Space Marine; Alpha Legion; Black Templars; Blood Angels; Carnifex; Chaos Space Marines; Chimera; Crimson Fists; Death Watch; Devastator Space Marine; Dreadnought; Drop Pod; Eldar Farseer; Eldar Jet Bike; Eldar Warlock; Flesh Tearers; Gaunt; Genestealer; Heavy Bolter; Heresy Armour; High Elf; Hive Tyrant; Horus Heresy; Howling Griffons; Imperial Fists; Imperial Guard; Inquisition; Iron Hands; Land Raider; Land Speeder; Legion of the Damned; Librarian; Mk V Armour; Predator; Rhino; Salamander; Striking Scorpion; Soul Drinker; Space Wolves; Stormraven; Storm Shield; Tactical Space Marine; Techmarine; Termagants; Terminator; Thousand Sons; Thunder Hammer; Tyrant; Tyranid; Tyranid Warrior; Blood Angels Icon; Flesh Tearers Icon; Imperial Fists Icon; Legion of the Damned Icon; Tau Empire Icon; Space Marine Tactical Squad Icon; Space Marine Devastator Squad Icon; Iron Hands Icon; Space Wolves Icon; Salamanders Icon; Space Marine Assault Squad Icon

- "The Court has previously dismissed Chapterhouse's affirmative defenses 2-3, 5-6, 8-17, and 19-24."

There would be equal justification to include such statements regarding interim orders as there would be to include Chapterhouse's proposed paragraph 2. However, Games Workshop did not initially propose to include these statements for the same reason it does not believe Chapterhouse's proposed paragraph 2 is needed: namely, they add to the length and complexity of

2

the judgment; they have already been addressed in prior Court orders, and donot add anything of substance not already set forth in the Court's prior orders.

  b  <u>Prior Consent Judgments</u>. Games Workshop wrote its proposed judgment simply to reflect the jury findings. There is no need to complicate this judgment by again repeating issues decided by this Court in prior consent judgments.

  Regarding the products listed in paragraphs 9, 10, and 11 of Chapterhouse's proposed judgment, as to which Games Workshop *voluntarily* withdrew its claims (for numerous reasons, including business considerations and a desire to simplify and shorten the case) if these products are to be listed in a judgment, the judgment should also accurately reflect that, even though the claims were withdrawn, they were withdrawn *voluntarily*. One of them (Item 110 on the claim charts) was withdrawn without prejudice. However, as these products are already identified in previous consent judgments already entered by the Court, there is no reason to include them again in this Judgment and needlessly complicate it. If they are listed, separate provision should be made to clarify that Item 110 was withdrawn without prejudice and that all of the products were withdrawn voluntarily (as explained in the Court's prior orders and grant of summary judgment.

  c.  <u>Recovery of costs</u>. Fed.R.Civ.P. Rule 54(d)(1) provides that "unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Precedent makes clear that to be a prevailing party, the plaintiff needs only obtain "substantial relief" <u>Slane v. Mariah Boats, Inc.</u>, 164 F.3d 1065, 1068 (7th Cir. 1999) (when one party gets substantial relief it "prevails" even if it does not win on every claim; thus, plaintiff who receives $225,000 award from jury on two of four claims is prevailing party, even though defendant wins on plaintiff's two other claims). *Accord*, <u>United States Fid. & Guar. Co. v. Shorenstein Realty Servs., L.P.</u>, 803 F. Supp. 2d 920, 923 (N.D. Ill. 2011) (National Union deemed the prevailing party despite a "mixed judgment" because it was awarded substantial relief).

Here, there is no question that Games Workshop won substantial relief, and Chapterhouse nowhere challenges that conclusion but instead simply argues that the court has discretion to limit awards and obscures the issue by citing the various products on which Games Workshop did not prevail. In effect, it simply uses the term prevailing party equivocally while conceding the actual legal issue that Games Workshop unquestionably won substantial relief. The jury found that a majority of Chapterhouse's products infringed either copyright or trademark or both. The jury also awarded precisely the amount of damages Games Workshop requested. Chapterhouse asserted no counterclaims and won no relief from Games Workshop. Indeed, almost all of its affirmative defenses were dismissed before trial.

Chapterhouse wrongly claims that the jury's award of the full $25,000 sought by Games Workshop suggests Chapterhouse was the prevailing party. First, contrary to Chapterhouse's assertion, Games Workshop did not seek $400,000; Games Workshop merely presented Chapterhouse's gross sales of the accused products and claimed it was entitled to Chapterhouse's profits on those sales. After Chapterhouse presented evidence of its costs and set-offs from gross sales, Games Workshop requested $25,000. Second, even a nominal award of damages supports a finding that the plaintiff was the prevailing party. *See Rice v. Sunrise Express, Inc.*, 237 F. Supp. 2d 962, 969 (N.D. Ind. 2002) (awarding costs to plaintiff as it won substantial relief even though prevailed on only a few of the asserted claims and was awarded damages only in the amount of $720)

Chapterhouse further wrongly claims that the Court can find both Games Workshop and Chapterhouse as "prevailing parties" under Rule 54 and award both parties costs. This is contrary to the language of Rule 54 applying to **the** prevailing **party**. It is also contrary to the case law. *See Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010) ("Rule 54(d) has no special rule or exception for mixed judgment cases, where both parties have some claims decided in their favor, as

4

occurred here. Thus, even in mixed judgment cases, punting is not an option; Rule 54 does not allow every party that won on some claims to be deemed a "prevailing party." For the purposes of costs and fees, there can be only one winner. A court must choose one, and only one, "prevailing party" to receive any costs award.")

Chapterhouse does not dispute that Games Workshop won "substantial relief" and in none of the cases cited by Chapterhouse did the plaintiffs win substantial relief. In *Gavoni v. Dobbs House, Inc.*, 164 F.3d 1071 (7th Cir. 1999), plaintiffs were not deemed the prevailing parties where the jury awarded each plaintiff less than 1% of what she requested, *id.* at 1076, and the court clearly treated plaintiffs' claims as bordering on frivolous. *First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007 (7th Cir. 1985), did not even arise under Rule 54 as such, but rather allocated attorneys' fees pursuant to the parties' agreement simply by loose analogy to Rule 54. Where plaintiff won only one of seven claims in suit, the court nonetheless did uphold the attorneys' fee award to plaintiff, which award had been limited based on its very limited success in the case. *Testa v. Village of Mundelein, Ill.*, 89 F.3d 443, 447 (7th Cir. 1996), is also inapposite as the jury there awarded only $1,500 but granted no relief for the principal civil rights claims. Finally, in the Maine district court case, *Nat'l Organization for Marriage v. McKee*, --- F. Supp. 2d ---, Civil No. 09-538-B-H, 2013 WL 140620, at *4-5 (D. Me. Jan. 11, 2013), the defendant was deemed the prevailing party under Rule 54 where it won all but one minor issue. However, as it was a civil rights case, the Court was compelled under 42 U.S.C. § 1998 to award attorneys fees and costs to the plaintiff for that one minor issue won by the plaintiff. *Id.* Furthermore, in *McKee*, neither the plaintiff nor the defendant contested the awarding of costs to the other party, only the amount of those awards. *Id.*

Consistent with this definition of "prevailing party" under Rule 54(d)(1), and the fact that Games Workshop unquestionably won "substantial relief" where the jury found that a majority of

5

Chapterhouse's products infringed either copyright or trademark or both and further awarded damages in the precise amount requested, Games Workshop's proposed judgment simply provides (in Paragraph 4) for it to move for costs. Games Workshop objects that there is no basis for Chapterhouse to move for costs, and hence there is no need to so-provide (as set forth in Chapterhouse's proposed Paragraph 14). Indeed, there should be no need for further briefing on the subject - although Chapterhouse would of course later be free to challenge the propriety of any specific charges on Games Workshop's bill of costs or renew its request for the Court to exercise its discretion to limit the award of costs.

Moreover, Games Workshop suspects that a reason for Chapterhouse's insistence on adding the numerous product listings and prior interim rulings address above in section a and b is to create the appearance of a numerical count in Chapterhouse's favor, irrespective of the actual test under Rule 54(d)(1) ("substantial relief") and irrespective of any actual independent need to recite such matters in the judgment.

    2.    **Defendant's Statement -**

Chapterhouse addresses each of the three substantive issues in turn here:

    a.    <u>"Interim" Orders To Be Included</u>: Games Workshop styles certain judgments adverse to it as "interim orders" and states they should not be included in the proposed judgment. The judgments in Chapterhouse's proposed paragraphs 2 and 12 are not "interim orders" and are final judgments as to various claims in the case and, even if they were interim orders, should be included in the judgment because that document will define the parties' obligations as a result of the litigation, govern any enforcement efforts, provide a basis for post-trial briefing, and define the scope of any collateral estoppel. Games Workshop's reason for not including all judgments in the document is that it would "add to the length and complexity of the judgment," which is outweighed by the other substantial considerations for including all judgments in the order. Chapterhouse does

6

not object to including the affirmative defenses which were dismissed by the Court.

      b.      <u>Products and trademarks identified in the judgment</u>. Games Workshop wants to limit the judgment to only the jury findings. But the Court's rulings are no less judgments, and should be included in this document. Finding that many of Chapterhouse's products did not infringe, either by summary judgment or consent judgment, are still final "judgments" and should be included. After all, it is this document that sets forth the judgments of the case, and will be converted into a final judgment. That is also what will define the scope of the final judgment, post-trial briefing, and potential appeals which should include a summary of all judgments in the case. While it may be possible for individuals who are already familiar with the complicated history of this litigation to locate those prior decisions, for subsequent proceedings, Chapterhouse believes it is important to have all judgments rendered in the case consolidated in one location. Again, Games Workshop's only objection is that it would "needlessly complicate" the judgment, which does not compare with the substantial reasons for including these rulings. As to product 110, the judgment may reflect that it was dismissed without prejudice.

      c.      <u>Recovery of costs</u>. Because the issue of costs will be briefed later pursuant to Rule 54, Chapterhouse suggests there is no need to address it at this time, and no need to include a provision regarding costs in the judgment. If it is included, the proposed provision only has to do with timing of the submissions, and both parties should have the opportunity to submit their requests for costs within the 30-day period provided by the Local Rules. If the Court wishes to consider the merits at this time, then Chapterhouse provides these further arguments:

In the 7th Circuit, Court have especially broad discretion to award or deny costs in mixed result cases. *See, e.g., Gavoni v. Dobbs House, Inc.*, 164 F.3d 1071, 1075 (7th Cir. 1999) This discretion is expressly granted in the language of Rule 54(d) providing that the award of costs should be allowed "unless a ….court order provides otherwise." Fed. R. Civ. P. 54(d); *Gavoni*, 164

7

F.3d at 1075.

Although Chapterhouse agrees that costs may be awarded under Rule 54(d) to the prevailing party, Chapterhouse disputes that Games Workshop is the "prevailing party" in this case or that Games Workshop obtained more "substantial relief" than Chapterhouse. Games Workshop brought 160 copyright claims against Chapterhouse and alleged trademark infringement of 125 alleged trademarks. After extensive litigation, Chapterhouse had prevailed on many of Games Workshop's claims even before trial began. Under Rule 54(d), "[w]here there is a dismissal of an action, even where such dismissal is voluntary and without prejudice, the defendant is the prevailing party." *First Commodity Traders, Inc. v. Heinold Comoddities, Inc.*, 766 F.2d 1007, 1015 (7th Cir. 1985) *quoting* 6 J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice ¶ 54.70[4] (2d ed. 1985). At trial, Chapterhouse won on the majority of claims. And although the jury awarded $25,000 to Games Workshop, that was a tiny fraction of the hundreds of thousands of dollars Games Workshop had initially sought. Far from showing it prevailed, the fact that Games Workshop was forced to make a demand for that small amount after years of litigation confirms it did not prevail. If it were otherwise, any plaintiff could simply change its damages request to an arbitrary small amount at trial just to call themselves a prevailing party.

There are thus three remaining possibilities: Chapterhouse is a prevailing party, both Games Workshop and Chapterhouse are prevailing parties, or neither party is a prevailing party. Chapterhouse believes it is a prevailing party, at least as to the claims on which it succeeded. Courts in mixed-judgment cases are permitted to award costs to both the Plaintiff and the Defendant. Here, Games Workshop accused Chapterhouse of infringing hundreds of copyrights and trademarks, but prevailed on only a small fraction. Because Chapterhouse, more so than Games Workshop, won substantial relief, it should also be entitled to costs. *See, e.g., First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1015 (7th Cir. 1985) (applying Rule 54

8

standards to award costs to both parties in proportion to their success); *Nat'l Organization for Marriage v. McKee*, --- F. Supp. 2d ---, Civil No. 09-538-B-H, 2013 WL 140620, at *4-5 (D. Me. Jan. 11, 2013) (awarding costs to both parties). Contrary to Plaintiff's contention, the Court also has discretion to determine that neither party is entitled to costs. *Testa v. Village of Mundelein, Ill.*, 89 F.3d 443, 447 (7th Cir. 1996).

Accordingly, Chapterhouse requests that this Court allow the parties to submit full briefing on the matter of costs.

4817-5314-5364.3

Dated: June 26, 2013

Respectfully submitted,
/s/ Jason J. Keener
Jason J. Keener (Ill. Bar No. 6280337)
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: 312.832.4500
Facsimile: 312.832.4700
Email: jkeener@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

*Attorneys for Plaintiff Games Workshop Limited*

By: */s/ Julianne M. Hartzell*
Julianne M. Hartzell
Sarah J. Kalemeris
Marshall, Gerstein & Borun LLP
6300 Willis Tower
233 S. Wacker Dr.
Chicago, IL 60606
T: 312.474.6300
F: 312.474.0448
E: jhartzell@marshallip.com
E: skalemeris@marshallip.com

Jennifer Golinveaux (CA Bar No. 203056)
Thomas J. Kearney (CA Bar No. 267087)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5802
Phone: (415) 591-1000
jgolinveaux@winston.com
tkearney@winston.com

Imron T. Aly (IL Bar No. 6269322)
Bryce A. Cooper (IL Bar No. 6296129)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-1695
Phone: (312) 558-5600
Fax: (312) 558-5700
ialy@winston.com
bcooper@winston.com

*Attorneys for Defendant Chapterhouse Studios*

10

4817-5314-5364.3

**CERTIFICATE OF SERVICE**

      I, Jason J. Keener, an attorney, hereby certify that on June 26, 2013, I caused to be filed electronically the foregoing JOINT STATUS REPORT FOR ENTRY OF JUDGMENT with the Clerk of the Court using the CM/ECF system, which will send an electronic copy of the foregoing to counsel of record and constitutes service under Federal Rule of Civil Procedure 5(b)(2)(D) pursuant to Local Rule 5.9 of the Northern District of Illinois.

      /s/ Jason J. Keener
      Jason J. Keener