**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GAMES WORKSHOP LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:10-cv-08103 |
| v. | ) | |
| | ) | |
| CHAPTERHOUSE STUDIOS LLC, | ) | |
| | ) | Judge Matthew F. Kennelly |
| Defendant. | ) | |

**DECLARATION OF BRYCE A. COOPER**

I, Bryce A. Cooper, being duly sworn on oath, depose and state:

1.       I am an associate with the law firm of Winston & Strawn LLP and am one of the attorneys of record for Defendant, Chapterhouse Studios LLC ("Chapterhouse"), in the above-captioned matter. I am a member in good standing of the Bar of this Court.

2.       I have personal knowledge of the Bill of Costs which is filed with this Declaration.

3.       The costs contained and summarized in the Bill of Costs are correct, were reasonably and necessarily incurred in the case, and the services for which fees were charged were actually and necessarily performed.

4.       The list of costs does not include all expenses incurred by Chapterhouse in litigating this action.  Rather, Chapterhouse claims only those items that are taxable and for which expenses could be ascertained with reasonable certainty.

5.       Exhibit A to the Bill of Costs lists the fees for printed or electronically recorded transcripts necessarily obtained for use in this case.  Pursuant to Local Rule 54.1(b), these costs are properly taxable as costs against the adverse party.  The costs listed are for that of obtaining

transcripts for the Pre-Trial Hearing on April 10, 2013, and for the transcripts at trial. All of these charges fall within the allowed rates for transcript preparation published by the Court on January 26, 2012. The amount in the Bill of Costs reflects only the portion paid by Chapterhouse.

6.      Exhibit  B to the Bill of Costs lists the fees for printed or electronically recorded transcripts necessarily obtained for use in this case. Pursuant to Local Rule 54.1(b), these costs are properly taxable as costs against the adverse party. The amount requested consists of the costs for the Deposition of Jon Blanche, video of which was played at trial. $1,330.00 reflects costs of videotaping the deposition, a taxable expense pursuant to 28 U.S.C. § 1920(2). Similarly, $195.00 is for court reporter attendance, also taxable pursuant to § 1920(2).[1]  $854.90 of this expense is for the costs of obtaining a transcript, which has been reduced to comport with the Court's published rate for a fourteen day transcript with one additional copy. Finally, $23.65 reflects the cost of scanning and printing the exhibits used in this deposition, a taxable expense under § 1920(4).

7.      Exhibit C to the Bill of Costs lists the fees for printed or electronically recorded transcripts necessarily obtained for use in this case. Pursuant to Local Rule 54.1(b), these costs are properly taxable as costs against the adverse party. The costs listed are that of the Deposition of Neil Hodgson, video of which was played at trial. This expense reflects the costs of videotaping the deposition, a taxable cost under 28 U.S.C. § 1920(2).

8.      Exhibit D to the Bill of Costs lists the fees for printed or electronically recorded transcripts necessarily obtained for use in this case. Pursuant to Local Rule 54.1(b), these costs are properly taxable as costs against the adverse party. The costs listed are that of the Deposition of Robert Naismith, video of which was played at trial. This expense reflects the costs of

videotaping the deposition, a taxable cost under 28 U.S.C. § 1920(2).

9.      Exhibit E to the Bill of Costs lists the fees and disbursements incurred in making copies that were necessarily obtained for use in the case.  These costs are properly taxable to the Plaintiff pursuant to  28 U.S.C. § 1920(4).  These costs reflect the printing expenses of Winston & Strawn LLP in preparation for the defense of this matter.

10.     Exhibit F to the Bill of Costs lists the costs of lodging for William Brewster, an expert witness who testified live at trial.  These costs are properly taxable pursuant to 28 U.S.C. § 1821(d)(1).  This reservation was made after a thorough search of competitive rates for Chicago hotels, and chosen because it was fairly priced.  Because of the delayed trial date and heavy bookings due to conferences in Chicago at the time, the hotel rates reflected the best prices that could be obtained.

11.     Exhibit G to the Bill of Costs lists the costs of lodging and airfare for Carl Grindley, an expert witness who testified live at trial.  These costs are properly taxable pursuant to 28 U.S.C. § 1821(c)(1), (d)(1). This reservation was made after a thorough search of competitive rates for Chicago hotels, and chosen because it was fairly priced. Because of the delayed trial date, the hotel rates reflected the best prices that could be obtained.

12.     Exhibit H to the Bill of Costs lists the costs of lodging and travel for Jeff Nagy, a witness who testified live at trial.  These costs are properly taxable pursuant to 28 U.S.C. § 1821(c)(1), (d)(1). This reservation was made after a thorough search of competitive rates for Chicago hotels, and chosen because it was fairly priced. Because of the delayed trial date, the hotel rates reflected the best prices that could be obtained.

13.     Exhibit I to the Bill of Costs lists the costs of airfare for Nick Vilacci, a witness who testified live at trial.  These costs are properly taxable pursuant to 28 U.S.C. § 1821(c)(1).

---

[1] *See Olivarius v. Tharaldson Property Mgmt., Inc.*, 2012 WL 1117468 at *2 (N.D.Ill Apr. 3, 2012).

I declare under the penalty of perjury that the foregoing is true and accurate.

Dated:  July 17, 2013                                    By: /s Bryce A. Cooper

## <u>CERTIFICATE OF SERVICE</u>

I, Bryce A. Cooper, an attorney, hereby certify that on July 17, 2013, I caused to be filed electronically the foregoing DECLARATION OF BRYCE A. COOPER IN SUPPORT OF CHAPTERHOUSE STUDIOS LLC'S BILL OF COSTS with the Clerk of the Court using the CM/ECF system, which will send an electronic copy of the foregoing to counsel of record and constitutes service under Federal Rule of Civil Procedure 5(b)(2)(D) pursuant to Local Rule 5.9 of the Northern District of Illinois.

/s/ Bryce A. Cooper_____