**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GAMES WORKSHOP LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>CHAPTERHOUSE STUDIOS LLC and JON PAULSON d/b/a PAULSON GAMES<br><br>Defendants. | Civil Action No. 1:10-cv-8103<br><br>Hon. Matthew F. Kennelly |

**GAMES WORKSHOP'S MEMORANDUM IN SUPPORT FOR PETITION FOR COSTS UNDER FED. R. CIV. P. 54(D)(1) AND 26(B)(4)(E)**

Plaintiff Games Workshop Limited ("Game Workshop") submits this memorandum in support for its petition for costs under Federal Rule of Civil Procedure 54(D)(1) and for the costs of its expert, Michael Bloch, under Federal Rule of Civil Procedure 26(b)(4)(E).

1. **Games Workshop Is Entitled To Costs as the Prevailing Party.**
    *a. Rule 54(D)(1) Provides Costs to The Prevailing Party.*

Federal Rule of Civil Procedure 54(d)(1) provides that "unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Precedent makes clear that to be a prevailing party, the plaintiff needs only obtain "substantial relief." *Slane v. Mariah Boats, Inc.*, 164 F.3d 1065, 1068 (7th Cir. 1999) (when one party gets substantial relief it "prevails" even if it does not win on every claim; thus, plaintiff who receives $225,000 award from jury on two of four claims is prevailing party, even though defendant wins on plaintiff's two other claims). *Accord*, *United States Fid. & Guar. Co. v. Shorenstein Realty Servs., L.P.*, 803 F. Supp. 2d 920, 923 (N.D. Ill. 2011) (National Union deemed the prevailing party despite a "mixed judgment" because it was awarded substantial relief).

1

Even in a case of a "mixed judgment", there can only be one "prevailing party." *See Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010) ("Rule 54(d) has no special rule or exception for mixed judgment cases, where both parties have some claims decided in their favor, as occurred here. Thus, even in mixed judgment cases, punting is not an option; Rule 54 does not allow every party that won on some claims to be deemed a "prevailing party." For the purposes of costs and fees, there can be only one winner. A court must choose one, and only one, "prevailing party" to receive any costs award."). Thus, the plaintiff is the prevailing party if it won substantial relief.

For this reason (among others), although Games Workshop has not formally opposed Chapterhouse's request for costs pending entry of a briefing schedule thereon and resolution of the Court's pending order directing the parties' to mediation, Chapterhouse's request must be denied.

### b. *Games Workshop is the Prevailing Party as it Won Substantial Relief.*

Here, there is no question that Games Workshop won substantial relief under a multitude of calculations.

### 1. *The jury found that a majority of Chapterhouse's products infringed either copyright or trademark or both.*

The jury found that a majority of Chapterhouse's products infringed either copyright or trademark or both. The jury found that 49 Chapterhouse products infringed Games Workshop's copyrights. This included almost every shoulder pad with a Games Workshop designed chapter marking, almost every shoulder pad with Games Workshop's squad markings, the basic Games Workshop shoulder pads, various accessories (such as the Heresey Era Jump Pack, Power Claws, Gun Halberd, etc.), most of the full figure models produced by Chapterhouse (Doomseer, Armana'serq Scorpion Princess, TRU Scale Knights Praetorius, Dark Elf Torturous), as well as others. While a number of Chapterhouse products were not found to infringe Games Workshop's copyrights, a large portion of these were shoulder pads which Games Workshop did not allege contained a Games Workshop surface design, as well as many of the minor weapons or vehicle

2

conversion kits. Moreover, even where the jury found a number of shoulder pad products did not infringe copyright, it did find the products separately infringed trademark.

Indeed, the jury found Chapterhouse to infringe 38 Games Workshop Trademarks. Importantly, these trademarks are found on an even larger number of Chapterhouse products, including many of those products that were found not to infringe Games Workshop's copyrights. For example, although the jury found copyright fair use for Chapterhouse's plain shoulder pads with the assault, devastator, and tactical markings, the jury found these same products to infringe Games Workshop's icon trademarks. Similarly, while the jury found no copyright infringement (or fair use) for a number of Chapterhouse products containing the salamander icon or the space wolf icon (*e.g.,* Salamander shoulder pad, Salamander power fist, Salamander head, Salamander dragon hammer, multiple Salamander Door Kits, and Storm Combat Space Tech Shield). However, the jury found these products to be infringing Games Workshop's icon trademarks for the Salamander icon and the Space Wolf icon. Further, multiple Chapterhouse products all sold as "Thunder Hammers" were found to infringe Games Workshop's "Thunder Hammer" trademark. The list goes on. Thus, even though only 38 of the asserted trademarks were found by the jury to be infringed, they cover a large swath of Chapterhouse's products including many of those found not to infringe Games Workshop's copyrights.

Together, the jury awarded Games Workshop substantial relief in finding that the vast majority of Chapterhouse's products were found to infringe either or both of Games Workshop's copyrights and trademarks.

> ### 2. *The jury awarded precisely the amount of damages Games Workshop requested.*

Games Workshop obtained substantial relief as the jury awarded Games Workshop precisely the amount of damages Games Workshop requested. The testimony was that during the course of its existence Chapterhouse made gross sales of between $400,000-$500,000, with about a 10-15%

3

profit margin. Thus, the entire profit made by Chapterhouse for all of its products (even those that were not accused of infringing any of Games Workshop's intellectual property) was between $40,000 to $75,000. At trial, Games Workshop only sought damages for copyright infringement and asked for exactly $25,000 in damages. Thus, for copyright infringement alone, the jury awarded Games Workshop more than half of Chapterhouse's entire profit from all of its products. The fact that the award was only for $25,000 does not detract from a finding that Games Workshop was the prevailing party. Even a nominal award of damages supports a finding that the plaintiff was the prevailing party. *See* Rice v. Sunrise Express, Inc., 237 F. Supp. 2d 962, 969 (N.D. Ind. 2002) (awarding costs to plaintiff as it won substantial relief even though prevailed on only a few of the asserted claims and was awarded damages only in the amount of $720)

### 3. *The Jury Found Chapterhouse's Most Important Products Infringing.*

Games Workshop obtained substantial relief as the jury found Chapterhouse's most important products infringing either Games Workshop's copyrights or trademarks. According to Chapterhouse's sales information shown at trial (PEX 437) not all of Chapterhouse's products are equal. The below chart illustrates that of Chapterhouse's top twenty products (in alphabetical order), thirteen of which were found to infringe Game Workshop's copyrights and/or trademarks.

| CHS Product | Copyright Infringement | Trademark Infringement |
|---|---|---|
| Amana'serq | YES | |
| Combi-weapons | | |
| Conversion beamer | YES | |
| Doomseer | YES | |
| Farseer Jetbike | | |
| Heavy Walker | | |
| Heresy Jump Packs | YES | YES |
| Iconoclast Land Raider Kit | | YES |
| Javeloin Jetbike | | |
| Knights Praetorius | YES | |
| Mk 1 Rhino Kit | | YES |
| Mycetic Spore | | YES |
| Razorback Turret | | |

4

| | | |
|---|---|---|
| Salamander Land Raider Kit | | YES |
| Salamander Rhino Kit | | YES |
| Storm Raven TRU-Scale Kit | | YES |
| Tervigon Conversion Kit | YES | YES |
| Warlock Jetbike | | |
| Wheeled Kit for Chimera | | |
| Ymgarl Heads | | YES |

*4. Chapterhouse did not Obtain Substantial Relief*

Chapterhouse did not obtain substantial relief from the jury. Not only were the majority of Chapterhouse's products found to infringe Games Workshop's intellectual property (including Chapterhouse's most valuable products), Chapterhouse will be subject to a permanent injunction against further infringement of Games Workshop's intellectual property. In contrast, Chapterhouse asserted no counterclaims against Games Workshop and won no relief from Games Workshop. Indeed, almost all of its affirmative defenses were dismissed on summary judgment before trial. Throughout the case and even at trial Chapterhouse made numerous attempts to either invalidate Games Workshop's copyrights and trademarks or establish that Games Workshop was not the proper owner of the intellectual property. Each of these attacks, while costly for Games Workshop to litigate, proved futile. Hence, by any measure, Games Workshop should be deemed the prevailing party and should be awarded its costs under Rule 54.

2. **Games Workshop Is Entitled To Expert Costs for Michael Bloch under Federal Rule 26(b)(4)(E).**

Under Federal Rule of Civil Procedure 26(b)(4)(E), "Unless manifest injustice would result, the court must require that the party seeking discovery (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(B)(4)(A) or (D)." Attached as Exhibit I are the invoices for the time spent by Michael Bloch. The vast majority of these costs were incurred after the filing of the Export Report of Mr. Bloch, in response to Chapterhouse's belated argument by its expert, Mr. Bor, that Games Workshop's products were not copyrightable under English law. Not only was this opinion not a rebuttal to anything opined on by Mr. Bloch, but it was further

5

summarily dismissed by the Court. Thus, under Rule 26, Games Workshop is entitled to a recovery of $78,360 for Mr. Bloch's time spent responding to discovery.

Dated: July 29, 2013

Respectfully submitted,
/s/ Jason J. Keener

Jason J. Keener (Ill. Bar No. 6280337)
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: 312.832.4500
Facsimile: 312.832.4700
Email: jkeener@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

*Attorneys for Plaintiff*
*Games Workshop Limited*

**CERTIFICATE OF SERVICE**

I, Jason J. Keener, an attorney, hereby certify that on July 29, 2013, I caused to be filed electronically the foregoing GAMES WORKHOP'S MEMORANDUM IN SUPPORT FOR PETITION FOR COSTS UNDER FED. R. CIV. P. 54(D0(1) with the Clerk of the Court using the CM/ECF system, which will send an electronic copy of the foregoing to counsel of record and constitutes service under Federal Rule of Civil Procedure 5(b)(2)(D) pursuant to Local Rule 5.9 of the Northern District of Illinois.

                                                 /s/ Jason J. Keener
                                                 Jason J. Keener

4817-5314-5364.3