```
 1                IN THE UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF ILLINOIS
 2                           EASTERN DIVISION

 3

 4   GAMES WORKSHOP LIMITED,          )
                                      )
 5                  Plaintiff,        )   Docket No. 10 C 8103
                                      )
 6             vs.                    )
                                      )
 7   CHAPTERHOUSE STUDIOS, LLC,       )   Chicago, Illinois
     et al.,                          )   June 14, 2013
 8                                    )   11:45 a.m.
                    Defendants.       )
 9
                                VOLUME 10
10                       TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE MATTHEW F. KENNELLY AND A JURY
11

12
     APPEARANCES:
13

14   For the Plaintiff:       FOLEY & LARDNER, LLP
                              BY:  MR. JASON J. KEENER
15                            321 North Clark Street
                              Suite 2800
16                            Chicago, Illinois   60610

17

18   For the Defendant:       WINSTON & STRAWN, LLP
                              BY:  MR. IMRON T. ALY
19                            35 West Wacker Drive
                              Chicago, Illinois   60601
20

21                            MARSHALL, GERSTEIN & BORUN
                              BY:  MS. JULIANNE M. HARTZELL
22                            233 South Wacker Drive
                              Willis Tower #6300
23                            Chicago, Illinois   60606

24
     Also Present:            MS. GILLIAN STEVENSON
25
```

LAURA M. BRENNAN - Official Court Reporter
219 South Dearborn Street - Room 2102
Chicago, Illinois 60604
(312) 435-5785

1   (The following proceedings were had out of the presence
2   and hearing of the jury:)
3       THE COURT: Why don't you take a couple of minutes to
4   look at it.
5       (Brief interruption.)
6       THE COURT: So can I get the note back?
7       It's 10 C 8103, Games Workshop v. Chapterhouse
8   Studios.
9       Can I get the lawyers' names, please?
10      MR. KEENER: Jason Keener from Foley & Lardner for
11  plaintiff.
12      MS. HARTZELL: Julianne Hartzell of Marshall,
13  Gerstein & Borun on behalf of defendant Chapterhouse.
14      MR. ALY: And Imron Aly from Winston & Strawn.
15      THE COURT: Okay. So let me read the note into the
16  record. It has three items on it. The first one says:
17      "As far as a trademark, how exact should the match
18  be? e.g. Is Death Watch, two words, the same as Deathwatch,
19  one word?"
20      The second item says:
21      "Is item 45, page 12, on the verdict sheet spelled
22  Termagant, T-e-r-m-a-g-a-n-t, or Termagaunt, Termagaunt?"
23      The last item says:
24      "There are other similar examples of the one-word
25  versus two-word versions."

1    Okay. So let me hear your thoughts.
2    MR. KEENER: Your Honor, for plaintiff, I think the
3 response should incorporate two elements.
4    One element is an instruction that there is no
5 requirement for trademark infringement that the marks be used
6 identically.
7    And the second is that for a finding of trademark
8 infringement, there only needs to be a showing of likelihood
9 of consumer confusion taken into account with all the other
10 factors in the jury instructions.
11   MS. HARTZELL: For the defendant, we would object to
12 the first portion of the plaintiff's proposed instruction as a
13 new instruction, and we would prefer to refer the jury to the
14 likelihood of confusion factors, which include a factor
15 regarding the similarity of the marks, and instruct them that
16 they should consider those factors to determine if there is a
17 likelihood of confusion.
18   THE COURT: Give me just a second here so I can write
19 something. I'm going to tell you why I'm doing this and then
20 get your thoughts on the language. Give me a second.
21   (Brief interruption.)
22   THE COURT: So, first of all, I don't think it's
23 appropriate to kind of single out a particular factor on
24 likelihood of confusion. Obviously, they have to consider all
25 of them, but in terms of what I tell them, I don't think it's

Case: 1:10-cv-08103 Document #: 429 Filed: 08/23/13 Page 5 of 20 PageID #:24816
1880

1 appropriate to single one out. So I agree with the defendants
2 on this.
3 What I would propose to tell them is, as I've --
4 I'm not ready to send it to print yet.
5 (Brief interruption.)
6 THE COURT: As I have instructed you, one of the
7 elements that Games Workshop must prove on its trademark
8 claims is that Chapterhouse used a particular symbol or term
9 in a manner that is likely to cause confusion about the
10 source, origin, sponsorship or approval of Chapterhouse's
11 products (page 15.) The factors that you are to consider in
12 determining likelihood of confusion are listed at pages 19 and
13 20 of the instructions. I can give you no further
14 instructions beyond that.
15 So that's what I propose to tell them. So given that
16 I have rejected the proposal to give a more particularized or
17 pointed response, does either side have a problem with that
18 language?
19 MR. KEENER: A slight issue.
20 THE COURT: Go ahead.
21 MR. KEENER: When you say "the term," I think the
22 jury is going to be confused. Are they talking about a term
23 used by Chapterhouse or a term used by Games Workshop?
24 THE COURT: I mean, I literally lifted that right out
25 of the elements instruction. Chapterhouse used a symbol or

1   term in a manner that is likely to cause confusion.  I mean, I
2   could just kind of skip over that.  I can just say, as I have
3   instructed you, the factors that you're to consider in
4   determining likelihood of confusion on the trademark claims
5   are listed on pages 19 and 20.
6           MS. HARTZELL:  I think we prefer the inclusion of the
7   first sentence that makes clear how the likelihood of
8   confusion factors are related to the trademark infringement
9   analysis.
10          THE COURT:  Yes.  I've changed my mind on this.  I
11  think that actually makes it more confusing.  It just puts too
12  much in there.  So I'm changing it to say:
13          As I have instructed you, the factors that you are to
14  consider in determining likelihood of confusion on the
15  trademark claims are listed at pages 19 and 20 of the
16  instructions.  I can give you no further instructions beyond
17  that.
18          So what about this Termagant thing?  So the way I
19  have page 12, item 45 is called Termagants,
20  T-e-r-m-a-g-a-n-t-s.  And their question was about Termagaunt,
21  so I'm wondering there they have seen something that has a "u"
22  in it.
23          MS. HARTZELL:  Yes.  The defendants' use that is
24  accused uses a "u."
25          MR. KEENER:  Right.  He misspells it on his website

1    or spells it slightly differently.
2            THE COURT:  So how the heck do I answer that?
3            MS. HARTZELL:  I think that falls within the same
4    instruction.
5            THE COURT:  Well, so the thing that is listed over
6    here is listed under a heading that says "Games Workshop
7    Trademark."
8            MR. KEENER:  Right.
9            MS. HARTZELL:  And that is what they have alleged is
10   their trademark.
11           MR. KEENER:  So one potential response would be the
12   item listed in the verdict form is Games Workshop's asserted
13   trademark.
14           MS. HARTZELL:  Alleged trademark.
15           MR. ALY:  With the "u," is that right?
16           MS. HARTZELL:  Without.
17           MR. KEENER:  Without the "u."
18           THE COURT:  Hang on a second.  I'm just writing
19   something and then I will read it to you.
20       (Brief interruption.)
21           THE COURT:  With regard to your other question, the
22   term "Termagants" without the "u," as listed on page 12 of the
23   verdict form, item 45, is the way in which Games Workshop uses
24   the term.
25           Would that be --

1   MR. KEENER: That's correct.
2   THE COURT: And just period, end of discussion. Is
3 everybody okay with that?
4   MS. HARTZELL: Yes, your Honor.
5   THE COURT: All right. So just stick around for a
6 second. I'm going to print out enough copies of the letter
7 back to them and to have one for each of you, and I'm going to
8 have my courtroom deputy make copies of the note as well for
9 you. So just sit tight. Let me go sign that, and I will send
10 you off, and then I will deal with this other case.
11   (Recess taken.)
12
13
14
15
16
17
18
19
20
21
22
23
24
25

```
                IN THE UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION


GAMES WORKSHOP LIMITED,           )
                                  )
                Plaintiff,        )   Docket No. 10 C 8103
                                  )
           vs.                    )
                                  )
CHAPTERHOUSE STUDIOS, LLC,        )   Chicago, Illinois
et al.,                           )   June 14, 2013
                                  )   2:35 p.m.
                Defendants.       )


                            VOLUME 10
                     TRANSCRIPT OF PROCEEDINGS
         BEFORE THE HONORABLE MATTHEW F. KENNELLY AND A JURY


APPEARANCES:


For the Plaintiff:      FOLEY & LARDNER, LLP
                        BY:  MR. JASON J. KEENER
                        321 North Clark Street
                        Suite 2800
                        Chicago, Illinois   60610


For the Defendant:      WINSTON & STRAWN, LLP
                        BY:  MR. IMRON T. ALY
                             MR. BRYCE COOPER
                        35 West Wacker Drive
                        Chicago, Illinois   60601


                        MARSHALL, GERSTEIN & BORUN
                        BY:  MS. JULIANNE M. HARTZELL
                             MS. SARAH J. KALEMERIS
                        233 South Wacker Drive
                        Willis Tower #6300
                        Chicago, Illinois   60606
```

Also Present:         MS. GILLIAN STEVENSON

LAURA M. BRENNAN - Official Court Reporter
219 South Dearborn Street - Room 2102
Chicago, Illinois  60604
(312) 435-5785

1    (The following proceedings were had in open court in
2    the presence and hearing of the jury:)
3            THE COURT:  Okay.  You can all have a seat.
4            I understand the jury has reached a verdict, is that
5    correct?
6            A JUROR:  That's correct.
7            THE COURT:  Please hand it to the officer.
8        (Brief interruption.)
9            THE COURT:  Okay.  So, first of all, I want to tell
10   the lawyers that I will make copies for both sides.  You know,
11   there is this tradition, and I don't know if it's the rule or
12   not that the judge is supposed to -- that somebody is supposed
13   to read the verdict into the record.  This is going to take a
14   while.  So just be patient with me.
15           It says:
16           We, the jury, find as follows on the claims of
17   plaintiff Games Workshop Limited against defendant
18   Chapterhouse Studios, LLC.
19           So I'm just going to go through these.  I'm not going
20   to name the products; I'm just going to go by the number
21   that's in the left-hand column.  Starting off with the
22   copyright claims, if it's "yes" on copyright infringement, I
23   will go on and say whether it's "yes" or "no" on fair use.
24           If it's "no" on copyright infringement, you won't
25   hear me say anything about fair use because that box isn't

1 checked off.
2     Item number 1, the verdict is no.
3     Item number 2, it's no.
4     Item number 3, the verdict is yes. And on the
5 question of fair use, the answer is no.
6     Items number 4, 5, 6 and 7, the verdict is no on
7 copyright infringement.
8     Items number 10, 11 and 12, it's yes on copyright
9 infringement and no on fair use.
10     Item number 13, it's no on copyright infringement.
11     Item number 14, it's yes on copyright infringement
12 and yes on fair use.
13     17, 18, 19 and 20, it's yes on copyright infringement
14 and no on fair use.
15     21 and 22, it's no on copyright infringement.
16     23 and 24, it's yes on copyright infringement and no
17 on fair use.
18     27, 31, 34, 35 and 36, it's no on copyright
19 infringement.
20     On 37, it's yes on copyright infringement and no on
21 fair use.
22     On 43 and 45, it's no on copyright infringement.
23     On 46 and 47, it's yes on copyright infringement and
24 no on fair use.
25     I'm going to do some skipping around here and combine

1  things.  On 48, 50, 53 and 56, it's yes on copyright
2  infringement and yes on fair use.
3          And on 49, 51, 52, 54 and 55, it's yes on copyright
4  infringement and no on fair use.
5          And that is also true of 57 through 62 inclusive, yes
6  on copyright infringement and no on fair use.
7          63, 64 and 65, it's no on copyright infringement.
8          On 66 and 69, yes on copyright infringement and yes
9  on fair use.
10         67, no on copyright infringement.
11         68, yes on copyright infringement, no on fair use.
12         And that is also the verdict on 73, 74, 75, 76, 78,
13 79, 80 and 82, yes on copyright infringement and no on fair
14 use.
15         On 83, 87 and 90, it's no on copyright infringement.
16         On the following five products, it's yes on copyright
17 infringement and yes on fair use.  That's 94, 97, 98, 99 and
18 100.
19         On 95, 101 and 102, it was no on copyright
20 infringement.
21         On 103, it's yes on copyright and infringement and
22 yes on fair use.
23         On the next three, it's yes on copyright infringement
24 and no on fair use:  104, 106 and 108.
25         On 111, it's no on copyright infringement.

1             On 112 and 113, it's yes on copyright infringement
2    and no on fair use.
3             On 114, 117 and 121, as well as 128, 129 and 130,
4    it's no on copyright infringement.
5             On 123, it's yes on copyright infringement, no on
6    fair use.
7             131, yes on copyright infringement, yes on fair use.
8             132 and 133, yes on copyright infringement, no on
9    fair use.
10            134, 135 and 136, no on copyright infringement.
11            137, 138 and 139, yes on copyright infringement, no
12   on fair use.
13            On 140, 141, skipping to 144, 145, 146 and 147, it's
14   no on copyright infringement.
15            On 142 and 143, as well as 149, 150, 153 and 154,
16   it's yes on copyright infringement and no on fair use.
17            On the following, it's yes on copyright infringement
18   and yes on fair use.  That's 148, 151, 152, 156 -- excuse
19   me -- 155, 156 and 157.
20            On 158, it's no on copyright infringement.
21            159 and 160, it's yes on copyright infringement and
22   no on fair use.
23            And on 163, it's yes on copyright infringement and
24   yes on fair use.
25            And the damages awarded on copyright infringement is

1 $25,000.

2 On the trademark claims, I'm going to do it the same
3 way basically. So there's a 1 through 9, and on the first 1
4 through 9, numbers 1, 3, 4, 5, 6, 7 and 8 are yes on trademark
5 infringement and yes on fair use.

6 2 and 9 are no on trademark infringement.

7 Then there's 1 through whatever. On 1 and 2 -- or on
8 number 1, yes on trademark infringement, no on fair use.

9 On 2, yes on trademark infringement, yes on fair use.

10 On the following ten products, it's no on trademark
11 infringement. That would be 3, 6, 7, 8, 10, 11, 12, 14, 15
12 and 16.

13 On the following four, it's yes on trademark
14 infringement but yes on fair use. That would be 4, 5, 9 and
15 13.

16 On the following two, it's yes on trademark
17 infringement and no on fair use. That's 17 and 19.

18 On 18 and 20, it's yes on trademark infringement and
19 yes on fair use.

20 On 21 and 22, it's no on trademark infringement. I'm
21 closing in on the end here.

22 On 23, it's yes on trademark infringement and yes on
23 fair use.

24 24 is no on trademark infringement.

25 Number 25, 27, 29 and 30, it's yes on trademark

1  infringement and no on fair use.
2          On 26 and 28, it's yes on trademark infringement and
3  yes on fair use.
4          On 31, 34 and 38, it's no on trademark infringement.
5          On 32 and 33, 40 and 43, it's yes on trademark
6  infringement and yes on fair use.
7          On the following seven products, 35 -- excuse me --
8  following seven trademarks, 35, 36, 37, 39, I guess it's --
9  right -- 41, 42 and 44, it's yes on trademark infringement and
10 no on fair use.
11         If I didn't do 40 and 43, on both of those it was yes
12 on trademark infringement and yes on fair use.
13         45 is no on trademark infringement.
14         46 and 51 are yes on trademark infringement and yes
15 on fair use.
16         47, 48, 49 and 50, as well as 53 and 54, are yes on
17 trademark infringement and no on fair use.
18         52 is no on trademark infringement.
19         The following products are yes on trademark
20 infringement and no on fair use.  That would be 55, 57, 58,
21 59, 60, 61 and 62.
22         And then on 56, it's no on trademark infringement.
23         And now we're to the last category, which are the --
24 and this is pages 14, 15 and 16.  Okay.  So it looks like
25 there's seven on which there's a finding of no on trademark

1  infringement.  That would be 1, 3, 5, 8, 13, 14 and 17.
2         There are three products on which there's a finding
3  of yes on trademark infringement and yes on fair use.  That's
4  2, 4 and 10.
5         And then on the rest of them, there's a finding of
6  yes on trademark infringement and no on fair use.  That's 6,
7  7, 9, 11, 12, 15, 16, 18, 19, 20 and 21.
8         I've reached the end.  The verdict form is signed by
9  all 12 jurors.  It will be made a part of the record.  We'll
10 talk about the entry of judgment.  We're not going to need to
11 do it right away.  It's complicated, obviously.
12        So that completes your service in this case.  I know
13 it was difficult.  If anybody has any doubt about that, it's
14 shown by me just reading that verdict form.  You had a lot of
15 work to do.  I very much appreciate all of the time and effort
16 you put into this.  It was two full weeks of your time.
17 That's a lot of time.
18        As I said at the beginning of the case, and I really
19 mean it, the system doesn't work unless people are willing to
20 step up to the plate and serve, and you did, and I appreciate
21 it, as does -- and I speak on behalf of our whole Court and
22 I'm sure on behalf of the parties as well.
23        You're excused from further service.  You're done
24 with your two weeks.  You don't have to worry about calling in
25 anymore.  I have to spend literally a couple minutes with the

1  lawyers.  I know it's getting close to 3:00 in the afternoon.
2  If anybody needs to leave, just go.  I'd like to come back and
3  talk to you and answer any questions you might have and thank
4  you personally and find out if there is anything we can do to
5  improve the service other than fixing that darned door, which
6  is going to be fixed for the fourth time over the weekend.
7          But you're excused at this time, and I thank you for
8  your service.
9          THE MARSHAL:  All rise.
10     (Jury excused.)
11         THE COURT:  I know there's going to be some
12  injunctive relief claims, and we need to figure out how to
13  deal with that.  So you guys are going to get a copy of this
14  verdict form before you leave here now.  I'm going to have you
15  come in for a status next --
16         Just a second.  I've just got to check a date here
17  before I do something stupid.  Yes, I'm going to have you come
18  in at 9:30 on Thursday.  That's the 20th.  You will decide
19  whether it's the local person or the out-of-town person, Mr.
20  Keener.  It's fine with me.  You will figure out how to do it.
21         I want you to confer before that so that you can
22  present to me either an agreed upon process or your competing
23  or your respective views on how we deal with the injunctive
24  relief claims, okay, in terms of, you know, is there more
25  evidence that I'm going to have to hear of one kind or

1 another, are you going to make written submissions, did you
2 want to make oral arguments. You just sort of figure out how
3 you want to do it, and then I'll look at that or I'll think
4 about that and decide it, okay.
5     All right, thanks a lot.
6     Oh, the one other thing I'm going to say, though,
7 here is this. And this is because you know the time under
8 Rule -- the time under Rule 50 and 59 for filing posttrial
9 motions technically speaking runs from the date of the
10 judgment. It's going to be a while before a judgment is
11 entered in here. So I'm directing that any motions relating
12 to the jury verdict, any Rule 50 or Rule 59 motions relating
13 to the jury verdict, are due 28 days from Monday, Monday being
14 the 17th. So they would be due by the 15th of July.
15     I don't know how long it's going to take to deal with
16 the injunction, and I really -- you know, it was a long trial,
17 and I don't want to be worrying about this six months from now
18 after everybody has forgotten what was said.
19     Okay, I will see you on Thursday. Thanks.
20  (Which were all the proceedings had in the above-entitled
21 cause on the days and dates aforesaid.)

C E R T I F I C A T E

I hereby certify that the foregoing is a true and correct transcript of the above-entitled matter.

/s/ Laura M. Brennan       June 14, 2013

Laura M. Brennan
Official Court Reporter                Date
Northern District of Illinois