**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

GAMES WORKSHOP LIMITED,

      Plaintiff,

      v.

CHAPTERHOUSE STUDIOS LLC and JON
PAULSON d/b/a PAULSON GAMES

      Defendants.

Civil Action No. 1:10-cv-8103

Hon. Matthew F. Kennelly

## SUPPLEMENTAL JOINT STATUS REPORT FOR ENTRY OF PERMANENT INJUNCTION

The parties respectfully submit the following joint status report supplementing the prior July 12, 2013 joint status report in connection with the Court's request that the parties propose language to be used in a permanent injunction against Chapterhouse for the Games Workshop copyrights and trademarks found to be infringed.

Games Workshop sought to submit this supplemental report to clarify one of the four issues raised in the parties' July 12 status report, namely whether Chapterhouse should be enjoined from using Games Workshop's trademarks other than as product names.[1] This will not require altering the proposed forms of injunction submitted as Exhibit A (by Games Workshop) and Exhibit B (by Chapterhouse).

      a.    Games Workshop Position

To briefly summarize, Games Workshop's proposed language did not distinguish among the types of trademarks used by Chapterhouse, instead simply enjoining Chapterhouse from

---

[1] The other three issues were: (a) whether entry of this permanent injunction constitutes final judgment in this case; (b) whether Chapterhouse should be enjoined from preparing derivative works of products found to be infringing Games Workshop's copyrights;; and (d) whether Chapterhouse should be required to turn over to counsel for Games Workshop its inventory, molds, and other means of making the infringing products.

"using any of the [infringed trademarks] to name or identify its products, or in any other manner that is likely to cause confusion, to cause mistake, or to deceive."  This would include certain trademarks consisting of icons sculpted on various Chapterhouse's products. (See e.g. PEX 1020 at Product 17 – "Iron Snakes Icon").  By contrast, Chapterhouse's proposed language would only prohibit the use of the infringed trademarks in the names of Chapterhouse's products. Citing the example of the Nike "Swoosh" design, Games Workshop noted that trademark infringement does not require the infringed trademark to be used in a product name but rather, broadly protects against any use of a trademark that is likely to cause confusion. 15 U.S.C. § 1114, 1116, 1125. The Apple logo is another famous icon mark, but one might also cite examples such as the Superman or Batman logos, which are perhaps more akin to the Space Marine chapter icons at issue here.  As Games Workshop also explained, Chapterhouse's position seems to be in disregard of the *actual evidence* presented at trial and is a new theory that it never previously articulated to the Court or the jury. As noted, the parties had *agreed* on a summary exhibit (PX 1019) setting forth in pictures only (without names) all of the Games Workshop icon marks and the accused marks – the Games Workshop icon marks in one column (without any names) and the Chapterhouse accused copies of these icons in another column. These are the icon trademarks the jury found to infringe.

(i) <u>Chapterhouse's Original Position</u>.  As Games Workshop understood Chapterhouse's original position it was that because the verdict form incorporated verbal descriptions of the icon marks (*e.g.*, "Iron Snakes Icon"), the jury verdict should be deemed limited to uses of the actual icons together with the specific descriptive phrases given for the icon on the verdict form.  However, these descriptions are not trademarks (for instance Iron Snakes Icon or Space Marine Assault Squad Icon are not claimed as word marks by plaintiff); they are simply

2

descriptions of the accompanying pictures. As Games Workshop understood Chapterhouse's rationale, the jury only found infringement where the picture of the pictorial icon (the undulating snake) was used in combination with the specific descriptive phrase ("Iron Snakes Icon" or "Space Marine Assault Squad Icon"). There was, of course, no evidence the icon marks have ever been used as such, combined with the specific words on the verdict form, and Games Workshop has never contended that its icon marks are anything other than icons. Chapterhouse's theory appears entirely at odds with the evidence (in particular PX 1019), which presented the icons alone (with no such descriptive phrases) as well as the Court's prior ruling on summary judgment (Dkt No. 333) that 11 of the 17 icon marks (without any descriptive phrases) were valid trademarks. Chapterhouse at no point raised any such view during the charging conference when the Court largely adopted Games Workshop's proposed verdict form.

(ii) Chapterhouse's Actual Position. Chapterhouse has now made clear that it is not seeking to limit the injunction based on some purely formalistic reading of the verdict form to use of the specific descriptive phrases (e.g. "Iron Snakes Icon" or "Space Marine Assault Squad Icon") together with the logo placed in issue by the jointly *agreed* evidence (PX 1019) or the Court's prior ruling on the validity of 11 of the icon trademarks. Rather, it argues that because the jury declined to find copyright infringement for certain of the icons, or found that certain such uses were a fair use under copyright even if they did infringe, it would, hence, be somehow inconsistent to enjoin use of these same icons under trademark law. Hence, ignoring the actual descriptive phrases used on the verdict (which are *not* Games Workshop's word marks, which appear separately on the verdict form and are worded differently, but merely descriptions of the icons), Chapterhouse instead wishes to create a fiction that the verdict form required a finding

3

that both the icon (e.g. the Space Marine Assault Squad icon – Verdict Form entry 62) and the word mark (e.g. Assault Space Marine – *id*, entry 2) were infringed together to reconcile some supposed inconsistency between copyright and trademark law.  The very premise of Chapterhouse's argument – that the verdict form "lists icons in combination with trademarked names" is simply false, because the verdict form did not list Games Workshops word marks alongside the icons, it listed descriptions of the icons.

The argument is also premised on the false argument that, unlike the Nike Swoosh icon, Games Workshops icon trademarks are not worthy of protection.  However, the Court granted summary judgment that 11 of the 17 icon marks (without any descriptive phrases) are valid trademarks.  (It made no ruling as to the other 6.)

Moreover, there is no inconsistency between copyright and trademark law.  Copyright provides an effective monopoly in the relevant subject matter, regardless of competition, that comes into being as soon as any original subject matter is fixed in a tangible medium of expression.  By contrast, trademark rights are limited to uses that are likely to cause confusion (principally by competitors); and although one need not prove *originality* of trademarks, rights are limited to the extent the subject matter has become *associated* with the source of the goods. For instance, even though the Batman logo (a bat in an oval) is undoubtedly copyrightable, one could imagine a finding that the Batman logo is too simple to warrant copyright protection, and hence allow use of a similar logo on unrelated goods such as baseball bats or cricket bats, or a finding that such ironic use is some form of copyright fair use, yet conclude that the logo is sufficiently associated with DC Comics that it could not be used on related goods such as Halloween costumes or action figures.  In just the same way, there is no inconsistency in a jury finding that certain of the Space Marine chapter icons do not warrant the broader monopoly

Error! Unknown document property name.

afforded by copyright protection or that Chapterhouse proved copyright fair use, with a finding of trademark infringement on directly competing shoulder pads or conversion kits for Warhammer 40,000 vehicles. So too, there is no inconsistency with the jury's finding that the word mark Assault Space Marine was infringed (but a fair use) whereas the Space Marine Assault Squad Icon (presented to the jury by itself *by the parties' stipulation* without any descriptive wording (PX 1019)) was infringed but not a fair use. Indeed, this is one of the icon marks the court ruled on summary judgment was a valid mark. Similarly, there is no inconsistency in the jury finding that the word mark Imperial Fists was infringed but a fair use whereas the icon mark was infringed but not a fair use. There is no need to create a fiction the jury was making a two-step analysis of the icon marks (based on words that do not even appear in the verdict form) that is inconsistent with the substantive evidence, (PX 1019).

The further inconsistency raised by Chapterhouse's position is that it renders redundant almost all of the verdict form concerning the icon marks. If an icon mark can not infringe without an accompanying word mark, there would have been no reason to litigate any of the icon marks where there is a corresponding word mark in issue, and indeed no reason to litigate the icon marks at all. Nor would there have been any reason for the parties to have stipulated to the evidence of the icon marks. For instance, although the jury found infringing certain word marks (e.g. "Salamander") there would be no additional benefit to Games Workshop from the fact that the jury also found the Salamander Icon was infringed, as under Chapterhouse's position, the second finding would only matter if the work mark was used in conjunction with the icon. Thus, Chapterhouse's position thus is not supported by law or logic.

Finally, the reason the verbal descriptions of the icon marks (*e.g.*, "Iron Snakes Icon") was included on the verdict form was for reference purposes, not to make the jury decide some

Error! Unknown document property name.

sort of combination infringement theory never argued or instructed to the jury. When the jury was deliberating about a picture of an undulating snake icon, having a verbal description ("Iron Snakes icon") allowed the jurors to correlate the picture with any witness testimony or attorney argument about the Iron Snakes icon. Words are needed to be able to discuss and communicate effectively about pictures. Similarly, neither the form of injunction proposed by Games Workshop nor Chapterhouse has any pictures in it. Instead, both versions use these same verbal descriptions to identify the icon marks, making it clear which icons are being enjoined. If Chapterhouse was consistent with its position, then its form of injunction would have similarly included a large number of pictures as only then would the combination of the picture and verbal description be enjoined.

Games Workshop fully agrees with "the rule requiring courts to tailor injunctive relief to the scope of the violation found." *e360 Insight v. Spamhaus Project*, 500 F.3d 594, 604-605 (7th Cir. 2007). However, it is Chapterhouse that now seeks to create a fiction the verdict form was limited in some way directly at odds with the actual evidence and based on words that do not even appear on the verdict form itself.

b.    <u>Chapterhouse Position</u>

These are not new issues, and Chapterhouse does not believe this separate supplement is needed to address a previously-addressed issue. Both the verdict form entry and the potential inconsistency were previously raised. (D.I. 407, at 9-10). There is no "original position" and "actual position," but rather two arguments that seek only to limit the scope of the injunction to the verdict form.

Error! Unknown document property name.

For the verdict form entry, as discussed in the last status report, certain "icon marks" are represented on the verdict form not only as icons, but as icons in combination with trademarked names. (D.I. 407, at 9.) Thus, Games Workshop is only entitled to an injunction consistent with the verdict form, and not anything in addition to that form. *See, e.g., e360 Insight v. Spamhaus Project*, 500 F.3d 594, 604-605 (7th Cir. 2007) (applying "the rule requiring courts to tailor injunctive relief to the scope of the violation found"). On the present record, there is no basis to prohibit Chapterhouse from selling products that contain only an icon (without the corresponding trademark name) when the verdict form required the ***combination*** of the icon and name.

While Games Workshop refers to the examples of a Nike Swoosh or Apple icon, those are not pertinent examples. That analogy would only be pertinent if the jury were presented with only an icon, and not the corresponding name, such as a Swoosh without the word "Nike." Nike may be identified with icons alone, but Games Workshop is not Nike, and there is no evidence that any Games Workshop icon was so famous or distinctive without the name. There is thus no basis to assume that Games Workshop's icons—such as an "X" mark by itself—has any meaning without being associated with the phrase "Space Marine Assault Icon" along with it. That is because it was the combination of the two, both the mark and the name, that was presented to the jury for the question of infringement. (See Verdict Form trademark entry 62, also shown in status report D.I. 407, at 9.)

And while Games Workshop accuses Chapterhouse of "creating a fiction" as to the verdict form and its reconciliation with the evidence (including PTX 1019), the facts can speak for themselves. Games Workshop's own Salamander example proves the point. Games Workshop separately presented to the jury the name by itself (and no icon) and separately

7

presented to the jury the name combined with the icon. In the case of the Salamander, the jury

found that both infringed (Verdict Form trademark entries 37 and 61), although finding just the

combination and not the name infringed was logically possible. Here is the verdict form entry

for the Salamander icon, listing both the name and the icon:

| Games Workshop Trademarks | Trademark Infringement | |
|---|---|---|
| | Yes | No |
| 61-Salamanders Icon | ✓ | |

And below is the corresponding "Accused Product" entry from PTX 1019, which again refers to

both the name and the icon. Note that the accused product is entitled, "Dragon or **Salamander**

Skull Shoulder Pad."

| | Icon | CHS - Accused Products | GW Icon |
|---|---|---|---|
| 9. | Salamanders Icon | Product 64 - Dragon or Salamander Skull Shoulder Pad - Tactical (PEX 435 at CHS00001439) (Product 65) Dragon or Salamander Skull Shoulder Pad - Terminator (PEX 435 at CHS00001447) | PX434-GW0002389 |

As the combination itself was accused of infringement, and the combination itself was depicted

on the verdict form, the combination itself should be a requirement of the injunction. What to

put on the verdict form, and what product to accuse, were Games Workshop's choices.

The further example of the "Imperial Fists" also demonstrates the problem with Games

Workshop's argument. The verdict form includes the name "Imperial Fists" by itself (and no

icons), and the jury found there had been fair use of that trademark, and thus no liability.

8

(Verdict Form, TM entry 26.)  For the ***combination*** of the name and the icon, the jury did find

infringement.  (*Id*. at entry 54.)  If Games Workshop wanted to present just the icon by itself to

the jury as yet a third possibility, they could have, but chose not to do so.

As to the second argument, about the potential inconsistency in the verdict form, that is

another reason to adopt Chapterhouse's proposal.  Again, this is further support for the main

verdict form argument already addressed in the last status report and not a new argument.  (D.I.

407, at 9-10.)  Games Workshop notes that trademark law and copyright law protect different

interests, and they are correct.  But that distinction helps Chapterhouse, not Games Workshop.

A trademark protects only the use of a mark as designation of source to avoid customer

confusion (15 U.S.C. § 1114(1)), whereas copyright law protects decorations and other artistic

expression.  So in this case, the jury concluded that Chapterhouse could use "icons" without

infringing any copyrights, so long as it did not use Games Workshop's trademark name to

describe those products.  For example, when shown a shoulder pad with an "X" on it, the jury

found no copyright infringement.  (D.I. 407, at 9.)  But when combined with the "Space Marine

Assault Squad Icon" name, the jury found that would infringe Games Workshop's trademark.

And again, it was not the X by itself but the name/icon combination that the jury saw, as shown

here:

Error! Unknown document property name.



Therefore, Chapterhouse's injunction proposal takes into account that the injunction should be limited to the scope of the jury verdict, and not extended to include other possible options not presented to the jury. Otherwise, Games Workshop would essentially be turning a trial loss (such as a pad with an "X" on it) into a trial win. Without a verdict form to support such an injunction, Games Workshop should not be allowed to expand its remedy. *See Allan Block Corp. v. County Materials Corp.*, 512 F.3d 912, 919 (7th Cir. 2008) ("To allow a plaintiff to base a claim for an injunction on an adverse jury verdict would be topsy-turvy.").

Finally, there is another practical reason to keep the scope of the injunction matched with the verdict form. That is because, as even Games Workshop's proposed injunction language makes clear, Chapterhouse can continue to sell any underlying products themselves, so long as it does so in a way that is not "likely to cause confusion." For example, in order to avoid confusion, Chapterhouse might choose to continue to sell shoulder pads with an "X" on them, since there was no copyright infringement for those products. And now Chapterhouse could change their name to "Chapterhouse pads with an X on them" or the like. In other words, by not using the name "Space Marine Assault Pad," and affirmatively using its own Chapterhouse

10

company name to define the product on its own website, Chapterhouse would avoid confusion. Yet under Games Workshop's proposed injunction, this name/icon distinction is not clear, and will create issues when and if Games Workshop seeks to enforce the injunction as to what is "likely to cause confusion."

In sum, Chapterhouse's proposed injunction fairly does not allow it to use "any of the following trademarks to name its products," consistent with the jury's verdict. Games Workshop suggests that may be clearer by referencing the verdict form, and would make Chapterhouse's argument more consistent. Chapterhouse has no objection to that, and can also propose that it should not be able to use "any of the following trademarks to name its products, as shown on the verdict form."

Error! Unknown document property name.

Dated: October 22, 2013                    Respectfully submitted,

/s/ Jason J. Keener
Jason J. Keener (Ill. Bar No. 6280337)
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: 312.832.4500
Facsimile: 312.832.4700
Email: jkeener@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP 90 Park Avenue
New York, New York 10016 Telephone:
(212) 682-7474 Facsimile: (212) 687-3229
Email: jmoskin@foley.com

*Attorneys for Plaintiff Games Workshop
Limited*

/s/ Imron Aly
Jennifer A. Golinveaux (CA Bar No.
203056) Thomas J. Kearney (CA Bar No.
267087) WINSTON & STRAWN LLP 101
California Street
San Francisco, CA 94111-5802 Phone: (415)
591-1000
Fax: (415) 591-1400
jgolinveaux@winston.com
tkearney@winston.com

Imron T. Aly (IL Bar No. 6269322)
Bryce A. Cooper (IL Bar No. 6296129)
WINSTON & STRAWN LLP
35 West Wacker Drive Drive Chicago, IL
60601-1695 Phone:  (312) 558-5600 Fax:
(312) 558-5700 ialy@winston.com
bcooper@winston.com
jhartzell@marshallip.com
skalemeris@marshallip.com

Error! Unknown document property name.

Julianne M. Hartzell (IL Bar No. 6275093)
Sarah J. Kalemeris (IL Bar No. 6303644)
MARSHALL, GERSTEIN & BORUN
LLP 233 S. Wacker Drive Willis Tower
Suite 6300
Chicago, IL 60606 Phone: (312) 474-6300
Fax: (312) 474-0448
jhartzell@marshallip.com
skalemeris@marshallip.com

Error! Unknown document property name.

## <u>CERTIFICATE OF SERVICE</u>

I, Jason J. Keener, an attorney, hereby certify that on October 22, 2013, I caused to be filed electronically the foregoing SUPPLEMENTAL JOINT STATUS REPORT FOR ENTRY OF PERMANENT INJUNCTION with the Clerk of the Court using the CM/ECF system, which will send an electronic copy of the foregoing to counsel of record and constitutes service under Federal Rule of Civil Procedure 5(b)(2)(D) pursuant to Local Rule 5.9 of the Northern District of Illinois.

 /s/ Jason J. Keener
Jason J. Keener