IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAMES WORKSHOP LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>CHAPTERHOUSE STUDIOS LLC and JON PAULSON d/b/a PAULSON GAMES<br><br>Defendants. | Civil Action No. 1:10-cv-8103<br><br>Hon. Matthew F. Kennelly |

**GAMES WORKSHOP'S OPPOSITION TO CHAPTERHOUSE'S BILL OF COSTS**

Plaintiff Games Workshop Limited ("Game Workshop") submits this opposition to Defendant Chapterhouse Studios LLC's ("Chapterhouses'") Bill of Costs.

**1.    Games Workshop, not Chapterhouse, is the "Prevailing Party," and Therefore Only Games Workshop is Entitled to Costs.**

Chapterhouse is not the "prevailing party" in this case and therefore is not entitled to costs. Chapterhouse's submission of costs should therefore be denied. Instead, Games Workshop is clearly the prevailing party and should be awarded its costs. Games Workshop's position is detailed at length in Games Workshop's Petition for Costs (Dkt. 416 at 1-5).

In short, Rule 54(d)(1) provides costs to the "prevailing party" who wins substantial relief, even if it does not win on every claim. Even in a case of "mixed judgment", there can only be one "prevailing party." Games Workshop's position as the prevailing party is shown by: (1) the jury found that a majority of Chapterhouse's products infringed either copyright or trademark or both; (2) the jury awarded precisely the amount in damages requested by Games Workshop; (3) the jury found Chapterhouse's most important products infringing either Games Workshop's copyrights or trademarks; (4) Chapterhouse's, not Games Workshop's, behavior will be changed after trial – Chapterhouse will be subject to a permanent injunction against further infringement of Games

Workshop's intellectual property; and (5) Chapterhouse did not obtain substantial relief – Chapterhouse asserted no counterclaims and almost all of its affirmative defenses were dismissed on summary judgment before trial. (Dkt. 416 at 1-5).

2. **Chapterhouse Also Seeks Costs That Are Not Permitted.**

While Chapterhouse is not entitled to any costs, many of the costs it seeks are also impermissible.

First, Chapterhouse should be denied the $112,416.66 costs it seeks for fees and disbursements for printing, which represent the overwhelming majority of the costs sought by Chapterhouse ($112,416 out of the $139,005 sought). The entire support for this item is paragraph 9 of Mr. Cooper's declaration, which states:

> Exhibit E to the Bill of Costs lists the fees and disbursements incurred in making copies that were necessarily obtained for use in the case. These costs are properly taxable to the Plaintiff pursuant to 28 U.S.C. § 1920(4). These costs reflect the printing expenses of Winston & Strawn LLP in preparation for the defense of this matter.

Chapterhouse then attaches Exhibit E, which is a forty page listing of some subset (or perhaps all) printing done by Chapterhouse in the case from March 2011 until June 2013. These costs should be denied in their entirety because (1) Chapterhouse makes no effort to identify the purpose of any of these hundreds of copying and printing fees (the "narrative" section of the listing is either blank or provides meaningless information such as "print" or "color_print"); (2) Chapterhouse does not identify anywhere the per page price it is seeking for copying or printing either black and white or color pages; and (3) Chapterhouse does not identify or distinguish whether any of the costs sought are for making multiple, redundant copies of the same documents to accommodate the large number of lawyers, from two separate law firms, representing Chapterhouse.

Second, Chapterhouse should be denied the $9,446.39 costs it seeks for fees for witness lodging for witnesses that live in the Chicagoland area or for which Chapterhouse has improperly

sought reimbursement at a rate for lodging higher than permitted by 28 U.S.C. § 1821(c)(1). For June, 2013 (which takes into account the higher summer hotel rates), the permissible lodging rate for Chicago was $171 per night. The costs associated with Mr. Brewster exemplify the problems with Chapterhouse's costs. Mr. Brewster works in Wheaton, IL, a Chicago suburb less than 30 miles away. Nevertheless, Chapterhouse is seeking reimbursement for Mr. Brewster's lodging on June 6 and June 10 (CHS. Ex. F). Not only is it unreasonable to seek the hotel costs for a local witness, Chapterhouse is also seeking reimbursement of almost six times the allowable per diem rate. Mr. Brewster is seeking recovery of $382 (Embassy Suites) for June 6 and $625 (Omni Hotel) for June 10. (CHS. Ex. F). If Mr. Brewster was entitled to any lodging reimbursement, which he is not, it would be capped at $171 for each night. Depending on the choice of hotel, a room may often cost in excess of the recoverable, per diem rate. Games Workshop's witnesses certainly paid more for their lodging than the per diem rate and more than the rate sought by Games Workshop in its Bill of Costs; however, it is the duty of Chapterhouse when submitting its Bill of Costs to only seek recovery for the costs permitted by statute. Chapterhouse has similarly sought reimbursement for lodging vastly in excess of the per diem rate for Mr. Grindley (8 nights at Waldorf Astoria for $485 per night, plus taxes, CHS Ex. G); and Jeffry Nagy (2 nights at Trump International for $395 per night, plus taxes, and 1 night at Trump International $695 plus taxes). It is also unclear from Chapterhouse's submission whether it is seeking recover for various hotel charges (such as honor bar (CHS Ex. F), mini-bar (CHS Ex. H), laundry (CHS Ex. H), car rental and valet parking (CHS Ex. H).

      Consequently, most of Chapterhouse's proposed costs are impermissible. But again, the Court actually should not even look at such details because Chapterhouse is not entitled to any costs because it is not the "prevailing party."

### 3. Chapterhouse Cannot Seek Costs for Which it Suggests Are Unpermitted

Chapterhouse has not yet filed its opposition to Games Workshop's Bill of Costs, but has suggested that many of the costs sought by Games Workshop are not subject to recovery. To the extent that Chapterhouse argues that any types of costs are not recoverable by Games Workshop, Chapterhouse should be estopped from itself seeking recovery of those types of costs.

### 4. Conclusion

For all the reasons set forth above, Games Workshop respectfully requests that the Court award costs to Games Workshop because Games Workshop is the prevailing party in this action and does not award costs submitted by Chapterhouse because Chapterhouse is not the prevailing party and its submitted costs are inappropriate.

Dated: October 24, 2013

Respectfully submitted,
/s/ Jason J. Keener

Jason J. Keener (Ill. Bar No. 6280337)
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: 312.832.4500
Facsimile: 312.832.4700
Email: jkeener@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

*Attorneys for Plaintiff*
*Games Workshop Limited*

## **CERTIFICATE OF SERVICE**

      I, Jason J. Keener, an attorney, hereby certify that on October 24, 2013, I caused to be filed electronically the foregoing GAMES WORKHOP'S OPPOSITION TO CHAPTERHOUSE'S BILL OF COSTS with the Clerk of the Court using the CM/ECF system, which will send an electronic copy of the foregoing to counsel of record and constitutes service under Federal Rule of Civil Procedure 5(b)(2)(D) pursuant to Local Rule 5.9 of the Northern District of Illinois.

                                         /s/ Jason J. Keener
                                         Jason J. Keener