IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAMES WORKSHOP LIMITED,<br><br>    Plaintiff,<br><br>    v.<br><br>CHAPTERHOUSE STUDIOS LLC and JON PAULSON d/b/a PAULSON GAMES<br><br>    Defendants. | Civil Action No. 1:10-cv-8103<br><br>Hon. Matthew F. Kennelly |

## SECOND SUPPLEMENTAL JOINT STATUS REPORT FOR ENTRY OF PERMANENT INJUNCTION

The parties respectfully submit the following joint status report supplementing the prior July 12, 2013 and October 22, 2013 joint status reports in response to the Court's request at the November 7, 2013 status conference that the parties clarify the language in the proposed injunction submitted on July 12 concerning development by Chapterhouse of derivative works. Attached as Exhibit A, the parties have added agreed language at the end of paragraph 1(b) that resolves the potential ambiguity raised by the Court.

    a.   Games Workshop Statement

At the November 7, 2013 status hearing, the Court requested clarification of one issue regarding the language of the injunction submitted on July 12. The parties disputed the phrasing of the July 12 proposed injunction as it applies to derivative works. As summarized by the Court, the parties agree that Chapterhouse can not make derivative works of Games Workshop works but could make derivative works of Chapterhouse's own products (even those products subject to the injunction) if, and only if, those new products are not derivative of any of Games

Workshop's copyrighted works. The attached revised injunction includes additional language clarifying the scope of the injunction to remove this potential ambiguity.

A further practical effect of the clarified injunctive language concerns the potential situation where Chapterhouse wishes to remake a product that was found infringing. Under the proposed language, if Chapterhouse changes the design so that the product is no longer derivative of any Games Workshop intellectual property, the new product would be permitted insofar as it does not infringe any Games Workshop intellectual property. Alternatively, if such a product is still derivative of Games Workshop intellectual property, it would be enjoined.

Chapterhouse has now raised two new issues not addressed at the November 7 hearing. First, Chapterhouse proposes adding to the injunction an additional phrase preserving all possible defenses. Although Games Workshop does not believe this language is necessary and wishes to note that the inclusion of this language should not serve to revive defenses that have been rejected, it otherwise has no objection to this additional language.

Chapterhouse has also raised a second new issue in its statement below that was not raised at the November 7 hearing. Chapterhouse now argues belatedly that there is some special uncertainty it faces in creating derivative works of filtering out unprotectable elements from the Games Workshop copyrights it is enjoined from infringing. However, it has identified no basis for such special concerns regarding derivative works. Nor has it identified any grounds for its phantom fears of future frivolous claims by Games Workshop. Other than the derivative works language, the parties have never disagreed on the basic language from Games Workshop's proposed injunction submitted on July 12 forbidding Chapterhouse from "[r]eproducing, distributing, displaying, preparing derivative works, selling or otherwise infringing any of Games Workshop's copyrights with respect to the below Chapterhouse products …" Yet, as Games

Workshop explained in the July 12 status report, the right to prepare derivative works is simply one of the essential rights of a copyright owner under 17 U.S.C.§ 106. The injunction is narrowly tailored simply to limit Chapterhouse from further infringing the works it has already been found to infringe, whether by making reproductions or derivative works. Chapterhouse has never objected to the language ""[r]eproducing, distributing, displaying … selling or otherwise infringing any of Games Workshop's copyrights" and faces no greater burden avoiding future infringements by creating derivative works than creating reproductions. Nor has it articulated any reason to believe that Games Workshop would in the future seek to hold Chapterhouse in contempt for copyright infringement simply for using random public domain materials such as an "X" on a flag, with nothing more. Despite Chapterhouse's efforts throughout this litigation to deconstruct Games Workshop's works into disconnected elements, the reality is Games Workshop has never made any such arguments. Chapterhouse's new and belated objection that there is some special uncertainty to preparing derivative works are purely phantom fears to try to create ambiguity where there is none. Chapterhouse's stated concerns are, withal, entirely unworkable. The suggestion that the parties and the Court must now anticipate every possible combination of original elements from every Games Workshop work that Chapterhouse might or might not wish to use someday could not possibly be rendered in present injunctive language. Just as there is no reason to reconsider whether there is any basis for an injunction at all (as Chapterhouse sought to raise for the first time at the November 7 hearing) there is no reason now to try to undertake the likely impossible task of recrafting the injunction to anticipate all possible future variations of conduct by Chapterhouse – particularly as Chapterhouse has articulated no reason to fear that Games Workshop intends to seek rights in random such elements.

b. Chapterhouse Statement

The attached revised injunction addresses one concern discussed in the prior status report, in that it makes clear that Chapterhouse may create derivative works of its own products. However, Chapterhouse is concerned that by enjoining Chapterhouse from "infringing," the injunction could be read to strip Chapterhouse of *any* defense in a subsequent content proceeding. After all, a fair use is simply an infringing use that is fair and does not engender liability. To that end, the parties agreed on language to address what Games Workshop calls a "new" issue. However, this issue is not "new" but simply a clarification of the law—and Games Workshop agrees, as it states that the additional language is not necessary.

That said, Chapterhouse had identified a second concern in the previously-filed July 12, 2013 status report. In particular, Chapterhouse noted that the "derivative works" reference is too general and vague, because the injunction nowhere makes clear precisely *which elements* of Games Workshop's designs are protected. For instance, the jury found a shoulder pad with an X on it to be infringing. If Chapterhouse creates a flag with an X on it, Games Workshop may claim that to be a derivative work. Or it may not. Chapterhouse simply has no way of knowing.

If Games Workshop wishes to enjoin Chapterhouse from making derivative works, Games Workshop should specify the protected elements that Chapterhouse may not use. Absent such clarification, there is no telling what Games Workshop might claim in a later contempt proceeding.

The Court did not address this issue at the November 7 status conference, and did not ask that the parties address it. Instead, the Court pressed Games Workshop's counsel on Chapterhouse's right to create derivative works of its own products. The Court then turned to a

4

trademark issue and asked to hear from both parties. This issue has been before the Court since the July 12 status report (Dkt. No. 407 at 5), which speaks for itself.,

In fact, it is Games Workshop, not Chapterhouse, that raises new arguments. In the July 12 status report, Games Workshop ignored this issue. Instead, it devoted its entire position statement to whether Chapterhouse can make derivatives of its own works. Only now does it take the opportunity to explain its position—it devotes *one and a half pages to the issue*. By contrast, Chapterhouse initially devoted half a page to the issue in the July 12 report, and a half a page restating the issue now. In response to Games Workshop's statement, Chapterhouse emphasizes that it seeks to make its future obligations clear. Games Workshop has taken a step in the right direction by indicating that an "X" would *not* be on any list of protected elements. Chapterhouse simply requests a complete list of protected elements, so that there is more clarity for all concerned. After all, the Court will have to sort through this issue if there is a contempt proceeding. The injunction on derivative works should therefore be clear to avoid any such proceeding.

Accordingly, Chapterhouse requests that the injunction be narrowly tailored to specific elements, or that the injunction be made clear to show that only derivative works of the asserted GW products are to be enjoined (rather than individual unstated elements).

Dated: November 14, 2013      Respectfully submitted,

  /s/ Jason J. Keener
Jason J. Keener (Ill. Bar No. 6280337)
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: 312.832.4500
Facsimile: 312.832.4700
Email: jkeener@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP 90 Park Avenue
New York, New York 10016 Telephone: (212) 682-7474 Facsimile: (212) 687-3229
Email: jmoskin@foley.com

*Attorneys for Plaintiff Games Workshop Limited*


  /s/ Tyler G. Johannes
Jennifer A. Golinveaux (CA Bar No. 203056) Thomas J. Kearney (CA Bar No. 267087) WINSTON & STRAWN LLP 101 California Street
San Francisco, CA 94111-5802 Phone: (415) 591-1000
Fax: (415) 591-1400
jgolinveaux@winston.com
tkearney@winston.com

Imron T. Aly (IL Bar No. 6269322)
Bryce A. Cooper (IL Bar No. 6296129)
Tyler G. Johannes
WINSTON & STRAWN LLP
35 West Wacker Drive Drive Chicago, IL 60601-1695 Phone: (312) 558-5600 Fax: (312) 558-5700
ialy@winston.com
bcooper@winston.com

                                          Julianne M. Hartzell (IL Bar No. 6275093)
Sarah J. Kalemeris (IL Bar No. 6303644)
MARSHALL, GERSTEIN & BORUN LLP 233 S. Wacker Drive Willis Tower Suite 6300
Chicago, IL 60606 Phone: (312) 474-6300
Fax: (312) 474-0448
jhartzell@marshallip.com
skalemeris@marshallip.com

**CERTIFICATE OF SERVICE**

      I, Jason J. Keener, an attorney, hereby certify that on November 14, 2013, I caused to be filed electronically the foregoing SECOND SUPPLEMENTAL JOINT STATUS REPORT FOR ENTRY OF PERMANENT INJUNCTION with the Clerk of the Court using the CM/ECF system, which will send an electronic copy of the foregoing to counsel of record and constitutes service under Federal Rule of Civil Procedure 5(b)(2)(D) pursuant to Local Rule 5.9 of the Northern District of Illinois.

      /s/ Jason J. Keener
      Jason J. Keener