# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GAMES WORKSHOP LIMITED, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 10 C 8103 |
| CHAPTERHOUSE STUDIOS, LLC, | ) ) ) |
| Defendant. | ) ) |

## ORDER ON POST-TRIAL MOTIONS

Games Workshop Ltd. (GW) sued Chapterhouse Studios LLC (CHS) for trademark and copyright infringement. The case was tried to a jury, which returned a mixed verdict that reflected a great deal of care and discernment.

GW pursued copyright infringement claims on 116 CHS products. The jury found that 73 of these products infringed copyrights that GW owned and that 43 did not infringe GW's copyrights. Of the 73 infringing products, however, the jury found that 24 represented fair use. The jury awarded GW $25,000 in damages on the copyright claims, the amount its attorney sought in closing argument. See Trial Tr. 1766.

GW pursued trademark infringement claims as to 92 trademarks. The jury found that CHS had infringed 64 of them and had not infringed the other 28. With regard to the infringed marks, however, the jury sustained CHS's fair use defense as to 26 of them. GW did not ask the jury to award damages on the trademark claims.

The following chart summarizes the breakdown of the verdict:

| Claim | Infringement; no fair use | Infringement but fair use | No infringement |
|---|---|---|---|
| Copyright | 49 | 24 | 43 |
| Trademark | 38 | 26 | 28 |

Both GW and CHS have moved for entry of judgment as a matter of law on some or all of the claims on which they lost. CHS has made an alternative motion for a new trial.

A court may grant judgment as a matter of law (JMOL) when "a reasonable jury would not have a legally sufficient evidentiary basis to find for the [nonmoving] party." Fed. R. Civ. P. 50(a)(1); *see Thomas v. Cook County Sheriff's Dep't*, 604 F.3d 293, 300–01 (7th Cir.2010). In considering a JMOL motion, a court "do[es] not weigh evidence or assess the credibility of witnesses. Instead, [it] draw [s] all reasonable inferences in favor of the nonmoving party." *Thomas*, 604 F.3d at 300–01 (citations omitted).

**1. Games Workshop's motion**

a. GW contends that there was no basis for the jury to find that CHS had not infringed GW's copyrights as to 17 shoulder pad designs. The Court agrees with CHS that there was evidence sufficient to permit a reasonable jury to find that its designs were independently created and thus not infringing. *See* CHS Response Brief at 1-2. Thus the Court need not address CHS's remaining arguments on this point.

b. The Court overrules GW's challenge to the "foundation" for the testimony of CHS's expert witnesses, Carl Grindley and William Brewster. GW's attack on Grindley's testimony is forfeited because it did not make a contemporaneous objection

at trial. *See, e.g., United States v. Blanding*, 53 F.3d 773, 777 (7th Cir. 1995). The Court notes that GW did not address CHS's forfeiture argument in its reply brief and thus conceded the point. The Court further notes that Grindley's testimony was relevant regarding the scènes à faire issue raised by CHS. To the extent that GW argues – as it seems to – that Grindley's testimony was insufficient to establish a scènes à faire defense, the short answer is that the defense was based on more than his testimony.

The Court also overrules GW's challenge to the Court's admission of Brewster's testimony. His testimony was relevant on the issues of scènes à faire and fair use.

      c.      CHS's fair use defense on the copyright claims was debatable, but the jury reasonably could find in its favor on that point. Fair use is a highly fact-specific inquiry; "'no generally applicable definition is possible, and each case raising the question must be decided on its own facts.'" *See Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 529, 588 (1985) (quoting H.R. Rep. No. 94-1476 at 65 (1976)). The jury was correctly instructed on the applicable factors. As to each of the products in question, there was at least some evidence of transformative use (altering GW's product with new expression); GW's copyrighted works were derived at least to some extent from real-world military items; CHS did not slavishly copy GW's works; and there was only minimal evidence that CHS's products supplanted demand for GW's products. The jury reasonably could conclude as to each of the products on which it found fair use that CHS had met its burden.

      d.      On the trademark claims, the jury reasonably could find that it was fair use – "nominative" fair use, in trademark lingo – for CHS to market certain of its products as compatible with or to be used with GW's game and products. *See, e.g., Ford Motor Co.*

*v. O.E. Wheel Distribs., LLC*, 868 F. Supp. 2d 1350, 1368 (M.D. Fla. 2012). Unlike in the case upon which GW places primary reliance, *Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93, 102 (2d Cir. 2010), CHS was not selling counterfeit products that were being passed off as GW's products.

**2.    Chapterhouse's motion**

Chapterhouse has submitted a laundry-list post-trial motion that attacks virtually every element of GW's claims. Presumably some of CHS's arguments are better than others, but throwing everything including the kitchen sink at the decision maker tends to cause the better points to become buried. This is not the best way to try to persuade a court.

The Court also notes that CHS's motion presents points that it did not assert in its JMOL motion made before the case went to the jury. These points are forfeited. A post-trial JMOL motion "is only a renewal of the preverdict motion, [and] can be granted only on grounds advanced in the preverdict motion." *Wallace v. McGlothan*, 606 F.3d 410, 418 (7th Cir. 2010) (internal quotation marks omitted). *Laborers' Pension Fund v. A & C Envtl., Inc.,* 301 F.3d 768 (7th Cir. 2002), cited by CHS, does not say otherwise; in that case, the non-moving party "was made well aware of the bases" of its opponent's motion during the trial. *Id.* at 777.

The point of requiring a pre-verdict JMOL motion "is to afford the opposing party an opportunity to cure any defect in its case before the jury retires." *Id.* at 775. It would defeat this purpose to allow a party to assert post-trial deficiencies in the sufficiency of its opponent's evidence on key issues that it did not address, during trial, prior to the start of the jury's deliberations. The fact that CHS may have asserted certain points on

4

summary judgment is an insufficient basis to preserve those challenges for the purpose of a post-trial motion that attacks the sufficiency of the evidence that was actually introduced at trial.

    a.    In its pre-verdict JMOL motion, CHS identified 13 marks as to which it contended GW had failed to prove use in commerce. CHS has forfeited any such challenge to marks other than those 13. As to the non-forfeited points, GW offered sufficient evidence of its use of each of the designations as trademarks prior to CHS. Proof of actual sales by GW is not required. *See, e.g., Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.*, 188 F.3d 427, 433-34 (7th Cir. 1999). Among other things, there was sufficient evidence of GW's use of each of the marks in association with a particular character or device.

    b.    On its trademark claims, GW's evidence of likelihood of confusion was sufficient for a reasonable jury to find it had established that point by a preponderance of the evidence. Among other things, CHS used the marks on products related to those of GW; there was some evidence of actual confusion; some of the marks used by CHS were identical or quite similar to GW's marks; and there was a good deal of evidence of an intent to trade on GW's name recognition for its marks. CHS's use of a disclaimer is a factor, which the jury appropriately considered, but it does not save the day for CHS. *See, e.g., Au-Tomotive Gold, Inc. v. Volkswagen of Am., Inc.*, 457 F.3d 1062, 1077 (9th Cir. 2006).

    c.    CHS has forfeited its argument that GW failed to prove originality as to its copyright claims, because CHS did not make the argument in its pre-verdict JMOL motion. That aside, GW introduced sufficient evidence on this point. The threshold for

5

originality in copyright law is relatively low – it requires only independent creation and "at least some minimal degree of creativity," *see, e.g., Schrock v. Learning Curve Int'l, Inc.*, 586 F.3d 513, 519 (7th Cir. 2009); *see generally Feist Publ'ns, Inc. v. Rural Telephone Serv. Co.*, 499 U.S. 340, 345 (1991) – and there was plenty of evidence of originality in (among other things) the way that GW combined elements found elsewhere and added design features that it created itself.

        d.       CHS has also forfeited its argument that GW failed to prove at trial that its copyrighted works consist of anything other than unprotectable ideas or concepts and utilitarian considerations, because it did not make that argument in its pre-verdict JMOL motion. In any event, GW's evidence, which included the marks themselves and how they are used, was sufficient to permit a reasonable jury to find in its favor on this point.

        e.       CHS likewise did not assert nominative fair use as to the trademark claims as a basis for relief in its pre-verdict JMOL motion, and it has therefore forfeited this point for purposes of the post-verdict motion. That aside, though CHS's fair use defense was certainly one that the jury could have accepted, a reasonable jury could have rejected it, as this jury did with regard to certain of the marks in question. In this regard, the Court adopts the arguments made in GW's response to CHS's motion on pages 13-14 (except for its contention that the jury could not reasonably find fair use as to *any* of GW's marks).

The jury was particularly careful in its consideration of the fair use issue, finding fair use on about 40 percent of the trademark claims where it had found infringement but not on the other 60 percent. The Court has no basis to say that no reasonable jury could draw the line where this jury drew it.

    f. CHS likewise failed to attack in its pre-verdict JMOL motion the sufficiency of GW's evidence on the issue of trademark validity, and it has therefore forfeited this point for purposes of its post-verdict motion. Even if this were not the case, the jury reasonably could find that none of the marks was generic and that those that were arguably descriptive had acquired secondary meaning.

    g. Finally, none of CHS's arguments presents a basis for ordering a new trial on the ground that the verdict was against the manifest weight of the evidence.

## Conclusion

  For the reasons stated above, the Court denies plaintiff's motion for judgment as a matter of law and defendant's motion for judgment as a matter of law or in the alternative for a new trial.

                    _____
                       MATTHEW F. KENNELLY
                       United States District Judge

Date: December 5, 2013