```
         IN THE UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION

GAMES WORKSHOP LIMITED,       )
                              ) Docket No. 10 C 8103
          Plaintiff,          )
                              ) Chicago, Illinois
     v                        ) August 23, 2011
                              ) 9:30 a.m.
CHAPTERHOUSE STUDIOS LLC,     )
                              )
          Defendant           )


                 TRANSCRIPT OF PROCEEDINGS
           BEFORE THE HONORABLE JEFFREY T. GILBERT


PRESENT:

For the Plaintiff:        SCOTT R. KASPAR
                          Foley & Lardner LLP
                          321 North Clark Street
                          Suite 2800
                          Chicago, Illinois 60610


For Defendant
   Chapterhouse:          ERIC J. MERSMANN
                          Winston & Strawn
                          35 West Wacker Drive
                          Chicago, Illinois 60601



(TRANSCRIBED FROM DIGITAL RECORDING.
 PLEASE PROVIDE CORRECT SPEAKER IDENTIFICATION)



Court Reporter:           Lois A. LaCorte
                          219 South Dearborn  Room 1918
                          Chicago, Illinois 60604
                          (312) 435-5558
```

```
 1        THE CLERK:  10 C 8103, Games Workshop Limited v
 2   Chapterhouse Studios LLC.
 3        MR. MERSMANN:  Good morning, your Honor, Eric Mersmann
 4   for Defendant Chapterhouse Studios.
 5        MR. KASPAR:  Good morning, your Honor, Scott Kaspar for
 6   Plaintiff Games Workshop Limited.
 7        THE COURT:  Okay.  Since you were last here, I did what
 8   I said I would do, okay?  I went through the entire docket,
 9   read everything, some things more carefully than others, but I
10   have a much better sense from rereading your status report
11   filed on, I think it was the 29th, the motion practice, the
12   motion to compel practice, the motion for sanctions, the
13   motion to extend time, motions to dismiss, where you have been
14   and where you are now, and I know that in front of me right
15   now is the motion to extend the -- to maintain a Highly
16   Confidential designation on the documents.  I'm prepared to
17   rule on that right now.
18        I have been looking at all of that with a mind toward
19   Judge Kennelly's referral, which is how can I be helpful in
20   settling the case or resolving it.  I want to talk about that
21   with you today and some ideas I have in that regard, okay?
22        But I'm also going to ask you to do one thing now that
23   you're in front of me, and I don't know that you're capable of
24   doing this, based on what I'm reading, because you are
25   throwing bombs at each other at every step in this, and I know
```

1  that there is some litigation that is conducted that way, but
2  it's not the way I like parties to conduct litigation in my
3  courtroom.
4       I will not hear another -- if it comes to me on an
5  expanded referral with respect to discovery matters and so
6  forth, I'll tell you both right now, I will not hear another
7  motion that you haven't talked either in person, and if not in
8  person by phone, like a discovery motion or something that's
9  asking for something, before you come in here, okay?
10      I saw it in -- actually, I think in this motion here
11 that because Chapterhouse refused to respond to an August 1st
12 e-mail or explain the basis for the designations of Highly
13 Confidential and then after two weeks of silence brought this
14 motion, Games Workshop really didn't want to have a telephone
15 call about the motion on the Highly Confidential to try and
16 talk this out at all, and you're probably right, you probably
17 couldn't have worked this out given the way you work together
18 or fail to work together on this.  But you know, you're
19 costing your client, who I now know is a company that has a
20 lot of sales in this product so you're talking about millions
21 and millions of dollars on your side, and your client, who is
22 not paying, is pro se, but in time and effort and aggravation
23 you're costing both your clients a lot that doesn't need to be
24 cost here.
25      So what I'm telling you is if the referral gets expanded

1  beyond just settlement and if I'm just dealing in settlement,
2  I'm going to look for you guys to step it up in terms of your
3  civil behavior with each other and your clients' civil
4  behavior.  It may be that your clients don't like each other,
5  but that shouldn't translate down to the lawyers.
6      And I don't think it's -- it's just not excusable not to
7  set up a phone call or not to respond to something and then
8  file multi-page documents that you want a court to resolve.
9      At some point, and I'm not there yet, and you're probably
10 lucky in your choices of judicial officers here, but at some
11 point some judicial officer is going to look at this and say a
12 pox on both your houses, okay?  And you don't want to get
13 there, all right?
14     Let me first deal with the motion that you're here for.
15 And I'm going to grant it without prejudice to it being
16 re-raised at another time, okay.  There -- I'll tell you a
17 couple of reasons supporting why I would grant this motion and
18 I'm going to put them -- I'll put them in writing as well so
19 you don't have to get this transcript written because we are
20 going to do a lot of other things on this transcript.
21     So in no particular order, number one, it's a motion
22 relating to discovery and the documents that -- the filings
23 that I have in front of me show that there was no 37.2
24 conference really focused on this, and from what I can tell,
25 at least in this particular instance, I would put the blame

1  for that on Games Workshop as opposed to Chapterhouse because
2  I think that Games Workshop's position that it requested first
3  the courtesy of a substantive explanation of Chapterhouse's
4  position as a basis for further discussion, my understanding
5  is that Chapterhouse had tried to schedule a phone call about
6  this, is that correct?
7      MR. MERSMANN:  That's correct, your Honor.
8      THE COURT:  And --
9      MR. KASPAR:  Your Honor, this comes on the heels of them
10 filing a motion for sanctions without a 37.2 Meet and Confer
11 either.  It seems to be a pattern where they just run to the
12 courthouse instead of having substantive conversations, and at
13 this point, you know, perhaps this -- hindsight being what it
14 is, maybe we would have tried a little harder, but having just
15 dealt with them filing this motion for sanctions that we saw
16 as completely baseless without even giving us a heads up, you
17 know, it seemed that they weren't willing to cooperate on any
18 level.
19     THE COURT:  Yes, but you guys didn't talk about it, and
20 I can even amend what I'm saying to say that even if both
21 parties failed to comply with Rule 37.2 with respect to this
22 motion relating to discovery, then the status quo should
23 maintain and the status quo is they have produced documents
24 and marked them Highly Confidential.  That's the status quo.
25     So if both parties refuse to comply with our Meet and

```
 1   Confer requirements, then the status quo maintains and that's
 2   that the documents are marked as Highly Confidential.
 3   Whatever happened in the motion to compel or sanctions, that's
 4   yesterday's news.  We're dealing with a motion here, okay?
 5        So number one, the parties' failure to comply with 37.2
 6   results in maintenance of the status quo, which is Highly
 7   Confidential documents, okay?
 8        Number two, I don't see any prejudice to Games Workshop
 9   right now from maintaining the Highly Confidential designation
10   on the documents that have been produced.  Games Workshop's
11   counsel has this information now.  Games Workshop has not
12   explained in its papers with any specificity why it needs to
13   discuss the contents of these confidential documents, either
14   the website addresses or names or addresses or contact
15   information for designers with its client other than Games
16   Workshop wants to.
17        The only substantive explanation that's given in
18   opposition to the Highly Confidential designation is the clock
19   is ticking on amending the complaint and Games Workshop thinks
20   for some reason that it needs to or may need to expand the
21   number of parties in this case by adding more defendants to
22   this case, going fishing in discovery to identify additional
23   people who the plaintiff wants to sue is not a proper purpose
24   for discovery in this case about whether plaintiff owns -- has
25   ownership interest in the materials that are alleged
```

1    infringing or whether the defendant is infringing them.
2         And I'll refer you to a case that is called Well Made Toy
3    Manufacturing Company or Corporation v Lotus Onda Industrial,
4    which is 2002 WL 72930 out of the Southern District of New
5    York in 2002 at page -- I think it's at page star 4 of the
6    Westlaw.
7         And it's a motion to compel further discovery in this
8    case and the court found that plaintiff was not entitled to
9    the discovery it was seeking because it was seeking to learn
10   about other U.S. companies it could sue.
11        And the court quotes another Southern District of New
12   York case, Liz Claiborne v Mademoiselle Knitwear for the
13   proposition that when the purpose of a discovery request is to
14   gather information and proceeding other than the pending suit,
15   discovery should be denied.
16        I understand in this case that one of purposes that Games
17   Workshop has to lift the Highly Confidential designation is to
18   be able to talk about this information with his client, but it
19   also says in its papers that it may want to expand this
20   lawsuit and add additional parties and that's not a proper
21   purpose of discovery.
22        I understand you have got an August 31st deadline to add
23   parties.  I saw in other papers talk about adding potentially
24   Chapterhouse people individually, but I didn't see lifting the
25   Highly Confidential designation as important to that endeavor.

1   I think not only has Games Workshop not shown any tangible
2   harm from keeping the Highly Confidential designation as it
3   is, but Chapterhouse has at least articulated some basis as to
4   why at least the designer and supplier names should be treated
5   confidentially.
6         I have got an affidavit from Mr. Villacci here that says
7   he is the only person who has access to this material, they're
8   kept under lock and key with a password -- not lock and key,
9   it's kept on a computer that's password protected, and he has
10  articulated on oath some fear of possible reprisal.
11        Given the relatively minimal showing that Games Workshop
12  has made for lifting the confidentiality designation, I have
13  sufficient to keep us at a status quo for these purposes.
14  Thereafter, I'm going to grant the motion to allow the Highly
15  Confidential designation to remain.  I'm going to specifically
16  say it's without prejudice to further challenge by Games
17  Workshop should it be able to show that its pursuit of the
18  litigation is being unduly hampered by this.  I just -- I do
19  not see that.
20        Okay.  Now, let's move on to the main subject of the
21  referral, which is is there a way to get this case moved to
22  the posture of resolution short of nuclear war, and because
23  this is in the nature of settlement, I'm content to come off
24  the bench and I think I have a little bit of time to talk to
25  you a little bit, unless you desire for all this to be on the

1   record.

2        MR. KASPAR:    I'm fine.

3        MR. MERSMANN:    That will be fine with us as well, your

4   Honor.

5        THE COURT:    Let's go off the record for a second to see

6   whether we can make some progress.

7        THE CLERK:  Going off the record.

8             *                    *                    *

9

10        I certify that the above was transcribed was

11        digital recording to the best of my ability.

12        /s/ Lois A. LaCorte

13       _____          _____

14           Lois A. LaCorte                  Date

15

16

17

18

19

20

21

22

23

24

25