```
               IN THE UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION


GAMES WORKSHOP LIMITED,          )
                                 )
                    Plaintiff,   )   Docket No. 10 C 8103
                                 )
            vs.                  )
                                 )
CHAPTERHOUSE STUDIOS, LLC,       )   Chicago, Illinois
et al.,                          )   December 10, 2013
                                 )   9:30 a.m.
                    Defendants.  )


                   TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE MATTHEW F. KENNELLY

APPEARANCES:

For the Plaintiff:      FOLEY & LARDNER, LLP
                        BY:  MR. JASON J. KEENER
                        321 North Clark Street
                        Suite 2800
                        Chicago, Illinois   60610


For the Defendant:      WINSTON & STRAWN, LLP
                        BY:  MR. TYLER G. JOHANNES
                        35 West Wacker Drive
                        Chicago, Illinois   60601




            LAURA M. BRENNAN - Official Court Reporter
              219 South Dearborn Street - Room 2102
                     Chicago, Illinois   60604
                         (312) 435-5785
```

```
                     (The following proceedings were had in open court:)
                     THE CLERK:  Case 10 C 8103, Games Workshop Limited v.
     Chapterhouse.
                     MR. KEENER:  Good morning, your Honor; Jason Keener
     for plaintiff Games Workshop.
                     MR. JOHANNES:  Tyler Johannes for Chapterhouse.
                     THE COURT:  Mr. Keener, what is your position on the
     motion?
                     MR. KEENER:  Our position was as stated in the joint
     status report earlier.  We think the order should have the
     final relief contemplated, which is Games Workshop ultimately
     gets the materials for destruction.
                     We have offered separately to allow counsel for
     Chapterhouse to certify that they have them all pending
     appeals.  We have also drafted a stipulation and sent it to
     Chapterhouse that we would file stating that.  They rejected
     both of those and want the injunction itself changed.  We
     don't see a need to do that.
                     THE COURT:  Okay, so back up a second.
                     So what you're saying is don't change the injunction,
     but you separately proposed a stipulation under which
     Chapterhouse would essentially get to do what they're
     proposing in here except just not as part of the injunction.
                     MR. KEENER:  Pretty much.
                     THE COURT:  Am I right?
```

|   |   |
|---|---|
| 1 | MR. KEENER: Pretty close. |
| 2 | They have not given us any language exactly what |
| 3 | they're proposing. I don't think they gave you a proposed |
| 4 | order. |
| 5 | THE COURT: They didn't give me one either. |
| 6 | MR. KEENER: And we sent them language for a |
| 7 | stipulation. We have not seen any markup back, but I can hand |
| 8 | it to you. |
| 9 | THE COURT: Let me see it. |
| 10 | (Brief interruption.) |
| 11 | THE COURT: Mr. Johannes, have you seen this? |
| 12 | MR. JOHANNES: Yes, we received this last Friday, and |
| 13 | we -- |
| 14 | What's proposed here, if this was actually in the |
| 15 | injunction, we would agree to that. That's essentially we |
| 16 | agree on what Chapterhouse has to do. |
| 17 | THE COURT: Okay. |
| 18 | MR. JOHANNES: Our issue is that this stipulation is |
| 19 | notwithstanding the terms of the final injunction and -- |
| 20 | THE COURT: So what is -- |
| 21 | MR. JOHANNES: -- it needs to be in the injunction. |
| 22 | THE COURT: From a practical standpoint, what is the |
| 23 | difference? |
| 24 | MR. JOHANNES: It's an abundance of caution on our |
| 25 | part. We are concerned if the injunction imposes its own |

1  MR. KEENER: Pretty close.
2  They have not given us any language exactly what
3  they're proposing. I don't think they gave you a proposed
4  order.
5  THE COURT: They didn't give me one either.
6  MR. KEENER: And we sent them language for a
7  stipulation. We have not seen any markup back, but I can hand
8  it to you.
9  THE COURT: Let me see it.
10  (Brief interruption.)
11  THE COURT: Mr. Johannes, have you seen this?
12  MR. JOHANNES: Yes, we received this last Friday, and
13  we --
14  What's proposed here, if this was actually in the
15  injunction, we would agree to that. That's essentially we
16  agree on what Chapterhouse has to do.
17  THE COURT: Okay.
18  MR. JOHANNES: Our issue is that this stipulation is
19  notwithstanding the terms of the final injunction and --
20  THE COURT: So what is --
21  MR. JOHANNES: -- it needs to be in the injunction.
22  THE COURT: From a practical standpoint, what is the
23  difference?
24  MR. JOHANNES: It's an abundance of caution on our
25  part. We are concerned if the injunction imposes its own

```
 1    obligations, and we want to be sure that we're in full
 2    compliance.
 3              THE COURT: Yes. But just sort of playing the string
 4    out here, I mean, the only way that an issue of noncompliance
 5    would get in front of me is that if Games Workshop brought it
 6    in front of me. And if they're stipulating or proposing to
 7    stipulate that Chapterhouse's lawyers can keep the materials
 8    pending an appeal, then they wouldn't be able to come in front
 9    of me. They would be estopped, you know, by the stipulation.
10              I think the stipulation is good enough. I don't
11    really think there is any need to modify the injunction. I
12    recognize what I said before, you know, in a discussion at a
13    status hearing. I essentially relied on the status reports
14    when I issued the injunction. So I don't really see any need
15    to change it so long as there is a stipulation, you know, with
16    appropriate language like this.
17              So what I am going to do is I'm going to continue the
18    motion for a week to the 17th, but I'm going to expect that
19    you are not going to come back in because if a stipulation is
20    executed before that, then somebody should just let my clerk
21    know and we'll take it off the call.
22              That doesn't mean, however, just refuse to enter into
23    a stipulation because you're going to lose the motion
24    probably. So get the right language in place and then get it
25    done. Okay.
```

5

1             You can give this back to Mr. Keener.  Thanks.
2             MR. KEENER:  Thank you, your Honor.
3
4    (Which were all the proceedings had in the above-entitled
5    cause on the day and date aforesaid.)
6
7
8                        C E R T I F I C A T E
9
10        I hereby certify that the foregoing is a true and
11   correct transcript of the above-entitled matter.
12
13
14   */s/ Laura M. Brennan*                      January 21, 2014
15
16   _____      _____
17   Laura M. Brennan
     Official Court Reporter                        Date
     Northern District of Illinois
18
19
20
21
22
23
24
25