1    IN THE UNITED STATES DISTRICT COURT
     NORTHERN DISTRICT OF ILLINOIS
2    EASTERN DIVISION

3

4  GAMES WORKSHOP LIMITED,            )

5                    Plaintiff,       )    Docket No. 10 C 8103
                                      )
6             vs.                     )
                                      )
7  CHAPTERHOUSE STUDIOS, LLC,         )    Chicago, Illinois
   et al.,                           )    February 23, 2012
8                                     )    10:30 a.m.
                    Defendants.       )
9

10                 TRANSCRIPT OF PROCEEDINGS
        BEFORE THE HONORABLE MATTHEW F. KENNELLY
11

12 APPEARANCES:

13
   For the Plaintiff:     FOLEY & LARDNER, LLP
14                        BY:  MR. SCOTT R. KASPAR
                          321 North Clark Street, Suite 2800
15                        Chicago, Illinois  60610

16
   For the Defendant:     WINSTON & STRAWN, LLP
17                        BY:  MR. JONATHON C. RAFFENSPERGER
                          35 West Wacker Drive
18                        Chicago, Illinois  60601

19

20

21

22

23

24        LAURA M. BRENNAN - Official Court Reporter
          219 South Dearborn Street - Room 2102
25             Chicago, Illinois  60604
                    (312) 435-5785

1    (The following proceedings were had in open court:)

2         THE CLERK:  10 C 8103, Games Workshop v.

3    Chapterhouse.

4         THE COURT:  So you're another group that are on my

5    "once a week whether I really want to or not" schedule.  How

6    are you doing today?  Give your names.

7         MR. KASPAR:  Good morning, your Honor; Scott Kaspar

8    for plaintiff Games Workshop.

9         MR. RAFFENSPERGER:  Good morning, your Honor; John

10   Raffensperger on behalf of Chapterhouse Studios.

11        THE COURT:  Okay.  So I've looked at all of this

12   stuff, and so I'm going to sort of hold onto my chair and say:

13   Is there anything that anybody wants to tell me that you

14   haven't already said in writing?

15        MR. RAFFENSPERGER:  I don't believe so.

16        THE COURT:  Okay.  So one of the problems with -- one

17   of the problems in this case -- and it's not exclusive to this

18   case; it happens in cases where there are lots of discovery

19   disputes -- is you get a motion and it's got sort of a defined

20   finite set of issues, and then as it gets briefed, other

21   issues come in.  And I will just say this is not helpful.

22        In the motion there were, depending upon how you

23   subdivided it -- this is the defendants' crossmotion to

24   compel -- there were four issues raised, the first being

25   interrogatory 17 which sought employment and contact

1    information for each author of the alleged works.

2         The second issue had to do with -- it was sort of a

3    generalized issue that there wasn't any or wasn't sufficient,

4    apparently sufficient, production of internal e-mails and

5    communications.

6         The third issue had to do with the withholding or

7    redaction of documents pursuant to something called the

8    European Data Protection Act because the plaintiff is a

9    British -- is a U.K. company.

10        And the fourth was interrogatory 18, which had to do

11   with the dates of the first use in U.S. commerce.

12        And so on each one of those, the response by the

13   plaintiff is basically we did this already or we did it

14   shortly after the motion got filed and it was already in the

15   pipeline before the motion got filed.

16        So I need to ask a couple of questions.  So the

17   e-mails on what I've identified as issue three that were

18   redacted initially, have the unredacted versions of those now

19   been produced?

20        MR. RAFFENSPERGER:  Yes.

21        THE COURT:  Okay, so issue three is off the table.

22        So interrogatories 17 and 18, 17 being the one that

23   asks for employment and contact information for the authors,

24   and 18 being the interrogatory that asks for dates of first

25   use in commerce, the way I get what's been done here is that

1  the plaintiff has said we're responding to those by producing

2  documents, you can get all these answers from documents.

3           Is that basically right?

4           MR. KASPAR:  Generally, yes.

5           THE COURT:  Okay.  And what I'm getting from the

6  defendant is, wait a second, we can't figure it out from the

7  documents, or it's incomplete.  Maybe we can figure out some

8  of it but not all of it.

9           Is that basically right, too?

10          MR. RAFFENSPERGER:  That's basically correct.

11          THE COURT:  And I don't have the documents.  That's

12 not a request to give me the documents, just to be clear.  So

13 it's difficult for me to say whether the production of

14 documents is sufficient to provide the information.  It's just

15 difficult for me to say, you know, one way or the other.

16          And I guess my view of this is that if the

17 plaintiff's position is that the information is in the

18 documents, then it shouldn't be all that difficult for the

19 plaintiff to provide an answer to the interrogatories that

20 says, okay, for this work, you know, this is our date of use

21 in commerce.  In other words, it's easier for you to pull it

22 off the documents than it is for the defendants to do.  And as

23 far as the identifying information on the authors are

24 concerned, I think the same thing.

25          So what I'm going to direct is that the plaintiff

1  needs to provide an answer to those interrogatories and not a

2  33(d), or whatever it is now, a 33(d) incorporation of

3  documents.

4        All right.  And then that leaves us with this issue

5  regarding e-mails getting produced or how much of a search has

6  been done and whatnot.  And what I'm about to say now is going

7  to apply to both sides.  So I don't recall as I sit here -- I

8  guess I could look it up --  what our deadline is for the

9  completion of fact discovery.  Is it the end of March or the

10 end of April, or what is it?

11       MR. KASPAR:  I believe it's like March 22nd or 23rd.

12       THE COURT:  All right, it's toward the end of March.

13       I think, because there's been issues on both sides in

14 this case raised at least about the completeness of the other

15 side's production, the thoroughness of the searches and things

16 like that, it seems to me that the, maybe not the only way,

17 but the best way to deal with those issues is to say by a date

18 certain, which I'm going to ask you for your input on and I'm

19 going to set it, that each side has to provide a sworn

20 verification from the person that I referred to at the last

21 hearing as the top dog, in other words, the lead trial

22 counsel, saying, you know, we have done, whatever the lingo

23 is, a reasonably thorough search in response to these document

24 requests and we have produced everything we have.

25       And the reason, just so -- and, I mean, if it wasn't

1    clear the last time -- and I looked back at the transcript.

2    If it's not clear why it is that I am sort of putting all of

3    this at the person at the top of the chain is that it's not a

4    slight on anybody else.  It just gives me an added level of

5    assurance that that person is going to make sure that a

6    thorough job is done before he or she -- I guess in one case

7    it's he, in one case it's she -- signs the declaration under

8    the pains and penalties of perjury that the document

9    production is complete.  So I think that needs to be done on

10   both sides in this case.

11          I don't know -- I'm not saying that the plaintiff has

12   not done a thorough search and hasn't produced e-mails.  It's

13   pretty clear that some e-mails have been produced.  But I just

14   think on both sides there needs to be some sort of certainty

15   at a finite period of time that document production is done.

16          And then the other issue which was raised in the

17   response has to do with the 30(b)(6) deposition.  Okay.  So I

18   just want to talk this through with you and, first of all,

19   make sure I have a handle on it.  So what was discussed at the

20   last court hearing, which was February the 14th, something

21   like that, towards the end, was that the defendant basically

22   said, look, it's one person, one person is going to be

23   designated as the person to speak on all of the 30(b)(6)

24   topics.  We did not -- at least as I read the transcript, we

25   didn't separately -- although it was raised -- we didn't

1  separately discuss this issue of the record custodian aspect

2  of it.

3  So as I'm getting what the plaintiff is saying in the

4  response to the crossmotion here, the plaintiff is saying,

5  look, what we don't want -- and you may not be saying it quite

6  this way.  But what we don't want to have happen is we don't

7  want to go down there for one big, old 30(b)(6) deposition and

8  do the record custodian part and then find out at that

9  deposition that something less than a complete search has been

10  done or they haven't done this or the person doesn't know and

11  then we can't really do the rest of the 30(b)(6) deposition

12  and we have to go back and do it again.

13  Basically right?

14  MR. KASPAR:  Correct.

15  THE COURT:  Yes.  That doesn't seem to me to be a

16  particularly illegitimate concern given some of the

17  difficulties that there have been on all sides in the document

18  production in this case.  And, you know, time counts on these

19  things, and the time should count on that as well, but I don't

20  think it's a bad idea to have a brief phone -- which is what

21  is being proposed -- phone deposition of this person

22  exclusively for the record custodian aspect of the deposition

23  before you do the rest of it.  I don't think that that really

24  imposes any undue burden on the person involved or on the

25  defendant in the case because it's time that is going to get

1  carved out of the rest of it.  It's time that would be spent

2  anyway, and I do think there's a legitimate reason for doing

3  it first because otherwise, I think, given the history in the

4  case, that there is a reasonably good chance that what will

5  happen is that you would go down there, do the whole 30(b)(6)

6  deposition, you would find out that there's stuff missing, and

7  somebody would be back in front of me screaming bloody murder

8  and saying, no, we have got to do all this stuff over again.

9  And I don't want to have that happen, and so that's what I am

10  going to direct.

11        So you're going to need to make arrangements to do a

12  brief, and I will leave it to you to define what brief is, you

13  know, record custodian deposition which comes out of the time

14  for the 30(b)(6), you know, before you go down to Texas or

15  wherever it is to do the rest of it, okay.

16        So I think I've dealt with everything in all the

17  papers that are in front of me.  Does anybody think there is

18  anything I haven't dealt with?

19              MR. KASPAR:  Your Honor, for the certification and --

20              THE COURT:  Oh, we need to set a date.

21              MR. KASPAR:  -- time frame.

22              THE COURT:  Give me a suggestion.  What should it be?

23  I mean, it's in everybody's interest to get that done at some

24  point before -- decently before the close of fact discovery.

25              MR. RAFFENSPERGER:  Well, your Honor, we're planning

1  to take depositions of Games Workshop witnesses starting a
2  week from Monday.

3      THE COURT:  A week from Monday?  So would it be
4  unreasonable to tell people that by the end of next week,
5  you've got to provide your verification of completeness?

6      MR. RAFFENSPERGER:  I don't think that would be
7  unreasonable.

8      THE COURT:  Do you think it would be unreasonable?

9      MR. KASPAR:  My only concern, your Honor -- I mean,
10 it's not unreasonable for the plaintiff, but my only concern
11 is we're just now getting a lot of third party discovery in,
12 and it seems to be raising more issues of gaps in the
13 defendants' production.

14      THE COURT:  Yes, but that's their problem.  I mean,
15 that's their verification.  That's not yours.  So from your
16 standpoint, in terms of your document production, is it
17 unreasonable to say that you're going to need to provide
18 written verification of completeness by then?  I mean, hey, if
19 they provide a sworn verification of completeness from --

20      It's Ms. Golinveaux, right?

21      MR. KASPAR:  Yes.

22      THE COURT:  -- and it turns out to be wrong, then I'm
23 going to get to see her, and she's actually going to be
24 sitting at a 90-degree angle to me, having raised her right
25 hand, and explaining why she gave me an incorrect declaration

1  under oath.  So that's an issue for another day.

2          Can you get your --

3          MR. KASPAR:  Yes.

4          THE COURT:  Okay.  So the order for today is going to

5  say the crossmotion to compel is granted in part and denied in

6  part as stated in open court.

7          The plaintiff is to answer interrogatories 17 and 18

8  by -- I think the end of next week is a reasonable time for

9  that, too, so by the 2nd of March.

10          Both sides are to provide sworn verifications of the

11  completeness of document production by that same date,

12  March 2nd.  I'm not going to put it in the order, but I'm

13  telling you that needs to come from lead trial counsel.

14          And plaintiff may take a -- we'll call it a

15  preliminary 30(b)(6) deposition regarding record custodian

16  issues.  That's shorthand for what we talked about.

17          Okay.  Do we have another status in the case?

18          MR. KASPAR:  We do not right now.

19          THE COURT:  We don't, okay.  So let's make it for

20  early April, Augie, so, in other words, after the close of

21  fact discovery.

22          MR. KASPAR:  I take that back, your Honor.  There is

23  one for March.

24          THE COURT:  You know what, we have got one on

25  March 15th.

1          MR. KASPAR:  March 15th?

2          THE COURT:  I don't need to see you then.  Let's make

3 it early April.  The March 15th status is vacated and it's

4 reset to --

5          THE CLERK:  April 4th.

6          THE COURT:  -- April 4th at 9:30.

7          Actually, let's do it this way so I don't -- because

8 I do want to have -- let me just check something.  I think I'm

9 going to make it 9:00 o'clock and do it by phone.  Yes, we're

10 going to make it 9:00 o'clock on April 4th and it will be by

11 telephone.  So what I'm going to need you to do is one side

12 get the other side on the phone and then call in.

13          Now, the lead person rule applies to that.  You can

14 have as many other people on the phone as you want.  You can

15 broadcast it, you know, from State and Madison, for all I

16 care, but I need to have the lead people on the phone just to

17 talk about the status of the case.  It's going to be a phone

18 call.  It's before my call starts, so it won't be on the

19 record, and so nobody can be expecting that you're going to be

20 able to bring up contested issues then.  Okay.

21          So what we're going to talk about is did you get the

22 discovery done, how are things coming.  And I'm also going to

23 raise again with you at that point the issue of settlement

24 because you will be done presumably with fact discovery by

25 then.

1          Okay, I will talk to you then.  Thanks.

2          MR. KASPAR:  Thank you, your Honor.

3          MR. RAFFENSPERGER:  Thank you, your Honor.

4

5      (Which were all the proceedings had in the above-entitled

6  cause on the day and date aforesaid.)

7                    C E R T I F I C A T E

8

9          I hereby certify that the foregoing is a true and

10  correct transcript of the above-entitled matter.

11

12

13  */s/ Laura M. Brennan*                    February 29, 2012

14

15  _____        _____

    Laura M. Brennan
16  Official Court Reporter                        Date
    Northern District of Illinois
17

18

19

20

21

22

23

24

25